# Exhibit E



**U.S. Department of Justice**

***Andrew E. Lelling***
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 14, 2020

Miles Ehrlich, Esq.
Katharine Kates, Esq.
Ramey & Ehrlich LLP
803 Hearst Avenue
Berkeley, California 94710

Adam J. Bookbinder, Esq.
Holland & Knight
10 St. James Avenue
Boston, Massachusetts 02116

      Re:    <u>United States v. Stephanie Popp</u>
                Criminal No. 20-

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Stephanie Popp ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

Defendant will waive Indictment and plead guilty to an Information charging her with conspiracy to commit cyberstalking, in violation of 18 U.S.C. § 371 (Count 1), and conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count 2). Defendant admits that she committed the crimes specified in the Information and is in fact guilty of these crimes.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

1

3.   Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 24.

The parties agree that Count 1 (for cyberstalking conspiracy) and Count 2 (for obstruction conspiracy) group as closely related counts. U.S.S.G. §§ 3C1.1, Application Note 8 and 3D1.2(c).

The parties further agree that, because Defendant's cyberstalking conspiracy involved two victims, Victim 1 and Victim 2, the grouped count is divided into two Groups for sentencing purposes. U.S.S.G. § 3D1.2, Application Note. 8.

Victim 1 Group

    a)   Defendant's base offense level is 18 (USSG §§ 2X1.1, 2A6.2(a));

    b)   Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 1 (USSG § 2A6.2(b)(1));

    c)   Defendant's offense level is increased by 2 levels, because Defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG § 3C1.1); and

    d)   Defendant's offense level is increased by 3 levels, because Defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive (USSG § 3B1.1(b)).

The offense level applicable to Victim 1 Group is 25 (USSG §3D1.3).

Victim 2 Group

    a)   Defendant's base offense level is 18 (USSG §§ 2X1.1, 2A6.2(a));

    b)   Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 2 (USSG § 2A6.2(b)(1));

    c)   Defendant's offense level is increased by 2 levels, because the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG § 3C1.1); and

   d) Defendant's offense level is increased by 3 levels, because Defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive (USSG § 3B1.1(b)).

The offense level applicable to Victim 2 Group is 25 (USSG §3D1.3).

   The combined offense level for the Victim 1 Group and the Victim 2 Group is 27. (USSG § 3D1.4)

   Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

   Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw her guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

   Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (herself or through counsel) indicates that she does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which she is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

   If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

   Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

   4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) Incarceration for 41 months;

   b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 12 months of supervised release;

   d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) restitution in an amount to be determined at sentencing.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) She will not challenge any prison sentence of 63 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 51 months or more.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence</u> (to the extent set forth in subparagraph (b), above), <u>regardless of whether she later changes his mind or finds new information that would have led her not to agree to give up these rights in the first place.</u>

Defendant acknowledges that she is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. <u>Breach of Plea Agreement</u>

Defendant understands that if she breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw her guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*       \*       \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Amy Harman Burkart and Kosto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
AMY HARMAN BURKART
Chief, Cybercrime Unit

_____
SETH B. KOSTO
DAVID J. D'ADDIO
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of these offenses. I believe this Agreement is in my best interest.

_____
Stephanie Popp

Date: April 27, 2020

6

I certify that Stephanie Popp has read this Agreement and that we have discussed what it means. I believe Stephanie Popp understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

*Adam Bookbinder*
_____
Miles Ehrlich, Esq.
Katharine Kates, Esq.
Adam J. Bookbinder, Esq.
Attorneys for Defendant

Date: 04/27/2020



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 14, 2020

Gail Shifman, Esq.
Shifman Group
2431 Filmore Street
San Francisco, California 94115

      Re:   <u>United States v. Stephanie Stockwell</u>
             Criminal No. 20-

Dear Ms. Shifman:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Stephanie Stockwell ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

Defendant will waive Indictment and plead guilty to an Information charging her with conspiracy to commit cyberstalking, in violation of 18 U.S.C. § 371 (Count 1), and conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count 2). Defendant admits that she committed the crimes specified in the Information and is in fact guilty of these crimes.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties on each count: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

    3.    <u>Sentencing Guidelines</u>

The U.S. Attorney will take the position, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 19.

1

The parties agree that Count 1 (for cyberstalking conspiracy) and Count 2 (for obstruction conspiracy) group as closely related counts. U.S.S.G. §§ 3C1.1, Application Note 8 and 3D1.2(c).

The parties further agree that, because Defendant's cyberstalking conspiracy involved two victims, Victim 1 and Victim 2, the grouped count is divided into two Groups for sentencing purposes. U.S.S.G. § 3D1.2, Application Note. 8.

The U.S. Attorney will take the position that the following calculations are appropriate as to each group:

Victim 1 Group

    a) The Defendant's base offense level is 18 (USSG §§ 2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 1 (USSG § 2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because Defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG § 3C1.1); and

    d) Defendant's offense level is decreased by 2 levels, because Defendant was a minor participant in the charged criminal activity (USSG § 3B1.2(b).

The offense level applicable to Victim 1 Group is 20 (USSG § 3D1.3).

Victim 2 Group

    a) Defendant's base offense level is 18 (USSG §§ 2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 2 (USSG § 2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG § 3C1.1); and

    d) Defendant's offense level is decreased by 2 levels, because Defendant was a minor participant in the charged criminal activity.

The offense level applicable to Victim 2 Group is 20 (USSG § 3D1.3).

2

The combined offense level for the Victim 1 Group and the Victim 2 Group is 22. (USSG § 3D1.4).

Defendant agrees with the above calculations, except that Defendant reserves the right to argue that neither the Victim 1 Group nor the Victim 2 Group should receive an enhancement for a pattern of activity involving threatening and harassing.

Defendant's offense level is decreased by 3 levels, to 19, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw her guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (herself or through counsel) indicates that she does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which she is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.     Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) Incarceration for not more than 24 months;

   b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 12 months of supervised release;

   d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

   e) restitution in an amount to be determined at sentencing.

5.  **Waiver of Appellate Rights and Challenges to Conviction or Sentence**

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

        a)  She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

        b)  She will not challenge any prison sentence of 37 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 24 months or more.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence</u> (to the extent set forth in subparagraph (b), above), <u>regardless of whether she later changes his mind or finds new information that would have led her not to agree to give up these rights in the first place.</u>

Defendant acknowledges that she is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

6.  **Civil Liability**

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7.   Breach of Plea Agreement

Defendant understands that if she breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw her guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8.   Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9.   Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*     *     *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Amy Harman Burkart and Kosto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By:

AMY HARMAN BURKART
Chief, Cybercrime Unit

SETH B. KOSTO
DAVID J. D'ADDIO
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of these offenses. I believe this Agreement is in my best interest.

Stephanie Stockwell

Date: 5/20/20

6

I certify that Stephanie Stockwell has read this Agreement and that we have discussed what it means. I believe Stephanie Stockwell understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Gail Shifman, Esq.
Attorney for Defendant

Date: 5/20/20

7



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 14, 2020

Frank R. Ubhaus, Esq.
Berliner Cohen LLP
10 Almaden Boulevard, 11th Floor
San Jose, California 95113

Re:   United States v. Veronica Zea
      Criminal No. 20-

Dear Mr. Ubhaus:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Veronica Zea ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.      Change of Plea

Defendant will waive Indictment and plead guilty to an Information charging her with conspiracy to commit cyberstalking, in violation of 18 U.S.C. § 371 (Count 1), and conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count 2). Defendant admits that she committed the crimes specified in the Information and is in fact guilty of these crimes.

2.      Penalties

Defendant faces the following maximum penalties for Counts 1 and 2: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3.      Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 19.

1

The parties agree that Counts 1 and 2 group as closely related counts. U.S.S.G. §§ 3C1.1, Application Note 8 and 3D1.2(c).

The parties further agree that, because Defendant's cyberstalking conspiracy involved two victims, Victim 1 and Victim 2, the grouped conspiracy counts are divided into two Groups for sentencing purposes. U.S.S.G. § 3D1.2, Application Note. 8.

Victim 1 Group

    a) Defendant's base offense level is 18 (USSG §§ 2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 1 (USSG § 2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because Defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG § 3C1.1); and

    d) Defendant's offense level is decreased by 2 levels, because Defendant was a minor participant in the charged criminal activity.

The offense level applicable to the Victim 1 Group is 20 (USSG § 3D1.3).

Victim 2 Group

    a) Defendant's base offense level is 18 (USSG §§ 2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 2 (USSG § 2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG § 3C1.1); and

    d) Defendant's offense level is decreased by 2 levels, because Defendant was a minor participant in the charged criminal activity (USSG § 3B1.2(b)).

The offense level applicable to the Victim 2 Group is 20 (USSG §3D1.3).

The combined offense level for the Victim 1 Group and the Victim 2 Group is 22 (USSG § 3D1.4).

Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw her guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (herself or through counsel) indicates that she does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which she is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a)  Incarceration for 30 months;

    b)  a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c)  12 months of supervised release;

    d)  a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e)  restitution in an amount to be determined at sentencing.

5.    Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and

3

that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

  a) She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

  b) She will not challenge any prison sentence of 37 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 30 months or more.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence</u> (to the extent set forth in subparagraph (b), above), <u>regardless of whether she later changes his mind or finds new information that would have led her not to agree to give up these rights in the first place.</u>

Defendant acknowledges that she is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

  6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

  7. <u>Breach of Plea Agreement</u>

Defendant understands that if she breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw her guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8.  Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9.  Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*       *       *

5

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Amy Harman Burkart and Kosto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
AMY HARMAN BURKART
Chief, Cybercrime Unit

_____
SETH B. KOSTO
DAVID J. D'ADDIO
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of these offenses. I believe this Agreement is in my best interest.

_____
Veronica Zea

Date: 4/24/20

6

I certify that Veronica Zea has read this Agreement and that we have discussed what it means. I believe Veronica Zea understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____

Frank R. Ubhaus, Esq.
Attorney for Defendant

Date: 4/13/20

7



**U.S. Department of Justice**

**Andrew E. Lelling**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                         *1 Courthouse Way*
                                         *Suite 9200*
                                         *Boston, Massachusetts 02210*

April 14, 2020

Miranda Kane, Esq.
Julia Breyer, Esq.
Kane + Kimball LLP
803 Hearst Avenue
Berkeley, California 94710

> Re:   <u>United States v. Brian Gilbert</u>
>        Criminal No. 20-

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Brian Gilbert ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.   <u>Change of Plea</u>

Defendant will waive Indictment and plead guilty to an Information charging him with conspiracy to commit cyberstalking, in violation of U.S.C. § 371 (Count 1), and conspiracy to tamper with a witness, in violation of 18 U.S.C. § 371 (Count 2). Defendant admits that he committed the crimes specified in the Information and is in fact guilty of these crimes.

2.   <u>Penalties</u>

Defendant faces the following maximum penalties on each count: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3.   <u>Sentencing Guidelines</u>

The U.S. Attorney will take the position, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 21.

1

The parties agree that Count 1 (for cyberstalking conspiracy) and Count 2 (for obstruction conspiracy) group as closely related counts. U.S.S.G. §§3C1.1, Application Note 8 and 3D1.2(c).

The parties agree that, because Defendant's cyberstalking conspiracy involved two victims, Victim 1 and Victim 2, the grouped count is divided into two Groups for sentencing purposes. U.S.S.G. §3D1.2, Application Note. 8.

The U.S. Attorney will take the position that the following calculations are appropriate as to each group:

Victim 1 Group

    a) Defendant's base offense level is 18 (USSG §§2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 1 (USSG §2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because Defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG §3C1.1); and

The offense level application to the Victim 1 Group is 22 (USSG §3D1.3).

Victim 2 Group

    a) Defendant's base offense level is 18 (USSG §§2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 2 (USSG §2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG §3C1.1); and

The offense level applicable to the Victim 2 Group is 22 (USSG § 3D1.3).

The combined offense level for the Victim 1 Group and the Victim 2 Group is 24. (USSG § 3D1.4).

Defendant agrees with the above calculations, except that Defendant reserves the right to

argue that neither the Victim 1 Group nor the Victim 2 Group should receive an enhancement for a pattern of activity involving threatening and harassing.

The parties agree that Defendant's combined offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a)   Incarceration for 37 months, or incarceration for 30 months if the Court does not apply an enhancement under USSG § 2A6.2(b)(1);

    b)   a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c)   12 months of supervised release;

    d)   a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e)   restitution in an amount to be determined at sentencing.

Defendant reserves the right to argue for any departure from the Guidelines that is not inconsistent with the agreed upon Guidelines calculation above, or for a variance, and the U.S. Attorney reserves the right to oppose such arguments.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b) He will not challenge any prison sentence of 46 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 30 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence</u> (to the extent set forth in subparagraph (b), above), <u>regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

### 7.   Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

### 8.   Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

### 9.   Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*          *          *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Amy Harman Burkart and Kosto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
AMY HARMAN BURKART
Chief, Cybercrime Unit

_____
SETH B. KOSTO
DAVID J. D'ADDIO
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of these offenses. I believe this Agreement is in my best interest.

_____
Brian Gilbert

Date: _____

6

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Amy Harman Burkart and Kosto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By:

AMY HARMAN BURKART
Chief, Cybercrime Unit

SETH B. KOSTO
DAVID J. D'ADDIO
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of these offenses. I believe this Agreement is in my best interest.

Brian Gilbert

Date:

6

I certify that Brian Gilbert has read this Agreement and that we have discussed what it means. I believe Brian Gilbert understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Miranda Kane, Esq.
Julia Breyer, Esq.
Attorneys for Defendant

Date: May 18, 2020

7



**U.S. Department of Justice**

**Andrew E. Lelling**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 30, 2020

Susan G. Winkler, Esq.
Winkler Law, LLC
120 Holmes Street, Unit 313
Quincy, Massachusetts 02171

Re:     United States v. Philip Cooke
            Criminal No. 20-

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Philip Cooke ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.     <u>Change of Plea</u>

Defendant will waive Indictment and plead guilty to an Information charging him with conspiracy to commit cyberstalking, in violation of 18 U.S.C. § 371 (Count 1), and conspiracy to commit witness tampering, in violation of 18 U.S.C. § 371 (Count 2). Defendant admits that he committed the crimes specified in the Information and is in fact guilty of these crimes.

2.     <u>Penalties</u>

Defendant faces the following maximum penalties on each count: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3.     <u>Sentencing Guidelines</u>

The U.S. Attorney will take the position, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 21.

The parties agree that Count 1 (for cyberstalking conspiracy) and Count 2 (for obstruction conspiracy) group as closely related counts. USSG §§3C1.1, Application Note 8 and 3D1.2(c).

The parties agree that, because Count 1's cyberstalking conspiracy involved two victims, Victim 1 and Victim 2, the grouped count is divided into two Groups for sentencing purposes. USSG §3D1.2, Application Note 8.

The U.S. Attorney will take the position that the following calculations are appropriate as to each group:

Victim 1 Group

    a) Defendant's base offense level is 18 (USSG §§2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 1 (USSG §2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because Defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG §3C1.1); and

The offense level applicable to the Victim 1 Group is 22 (USSG §3D1.3).

Victim 2 Group

    a) Defendant's base offense level is 18 (USSG §§2X1.1, 2A6.2(a));

    b) Defendant's offense level is increased by 2 levels, because the offense involved a pattern of activity involving threatening and harassing Victim 2 (USSG §2A6.2(b)(1));

    c) Defendant's offense level is increased by 2 levels, because the defendant willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice with respect to the investigation of the cyberstalking conspiracy (USSG §3C1.1); and

The offense level applicable to the Victim 2 Group is 22 (USSG §3D1.3).

The combined offense level for the Victim 1 Group and the Victim 2 Group is 24. (USSG §3D1.4).

Defendant agrees with the above calculations, except that Defendant reserves the right to argue that neither the Victim 1 Group nor the Victim 2 Group should receive an enhancement for

a pattern of activity involving threatening and harassing.

The parties agree that Defendant's combined offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crimes (USSG §3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for 30 months, or, if the Court adopts a Guidelines calculation resulting in a lower total offense level than that posed by the U.S. Attorney, at the low end of the Guidelines sentencing range as calculated by the Court;

b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 12 months of supervised release;

d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) restitution in an amount to be determined at sentencing.

Defendant reserves the right to argue for any departure from the Guidelines that is not inconsistent with the agreed upon Guidelines calculation above, or for a variance, and the U.S. Attorney reserves the right to oppose such arguments.

5.   Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence.  Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

  a)  He will not challenge his conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

  b)  He will not challenge any prison sentence of 46 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 30 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6.   Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

4

7.    Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9.    Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*          *          *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys David D'Addio and Seth Kosto.

Sincerely,

ANDREW E. LELLING
United States Attorney

By:

STEPHEN E. FRANK
Chief, Securities, Financial & Cyber Fraud Unit

SETH B. KOSTO
DAVID J. D'ADDIO
Assistant U.S. Attorneys

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of these offenses. I believe this Agreement is in my best interest.

_____
Philip Cooke

Date: 7/6/2020

I certify that Philip Cooke has read this Agreement and that we have discussed what it means. I believe Philip Cooke understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Susan G. Winkler, Esq.
Attorney for Defendant

Date: 7/6/2020

7