

William W. Fick
TEL: 857-321-8360
FAX: 857-321-8361
WFICK@FICKMARX.COM

June 29, 2021

**By E-Mail**
Seth Kosto, Esq.
United States Attorney's Office
One Courthouse Way
Boston, MA 02210
[ *seth.kosto@usdoj.gov* ]

      RE:    *United States v. Baugh and Harville*, No. 20-cr-10263-PBS

Dear Seth:

      I write to request the following discovery pursuant to Rule 116.3. I expect that counsel for Mr. Harville, copied below, may wish to join in these requests and that any subsequent production would be provided to them as well, with the exception of materials responsive to requests 6-8.

1. Documents concerning or comprising any investigation of the "Fidomaster" Twitter account, including without limitation efforts to identify the person or persons in control of that account.

2. Documents concerning or comprising any investigation of Victim 1 or Victim 2.

3. Documents concerning or comprising any investigation of communications or other links between or among Victim 1 or Victim 2, on one hand, and the person(s) in control of the "Fidomaster" Twitter account, on the other hand.

4. Documents concerning or comprising any investigation of communications or other links between or among Victim 1 or Victim 2, on one hand, and Elliott Management, its agents, or employees, on the other hand.

5. Documents concerning or comprising any investigation of criminal conduct by Executive 1 (Devin Wenig), Executive 2 (Steve Wymer), and/or any other eBay executives.

6. Documents sufficient to identify activities performed by Mr. Baugh authorized by or in support of U.S. government intelligence or law enforcement agencies or operations from 2014 to 2018.

Seth Kosto, Esq.
June 29, 2021
Page 2 of 3

7. Documents concerning or comprising any agreements between Mr. Baugh and U.S. government agencies relating to the activities referenced in the previous request.

8. Documents concerning or comprising written instructions or warnings provided to Mr. Baugh relating to the activities referenced in the previous two requests.

9. Documents concerning or comprising any communications between the Natick PD and the FBI.

10. Documents concerning or comprising any communications between the Natick PD and eBay.

11. Documents concerning or comprising the internal investigation by Morgan Lewis and/or other outside counsel of the events at issue in the indictment.

12. Documents concerning or comprising the internal investigation by eBay of the events at issue in the indictment.

13. Please clarify whether the government is withholding materials responsive to the previous three requests, and/or materials responsive to Mr. Harville's request no. 1 for documents provided to the government by eBay, on the grounds that they constitute witness statements, or on any other basis.

14. The files listed in attachment 1 are "empty" (they consist of a single kilobyte with no content). Please provide replacements with content.

15. Documents concerning or comprising the allegations contained in the complaint and/or warrant affidavits as set forth in attachment 2.

16. The search warrant(s), subpoena(s), request(s), or consent(s) pursuant to which the materials listed in attachment 3 were provided to the government.

17. Specific requests related to the Bates ranges listed in attachment 4.

18. With regard to FBI-302s and other documents which may contain witness statements that qualify as *Jencks* material, I would ask that you reconsider your declination to produce those materials at this time, set forth in your June 22, 2021, response to the discovery letter from Mr. Harville's counsel.

    While it may be true that the government is not required to produce "early *Jencks*," it has long been the custom in this District to produce FBI-302s with automatic discovery and to withhold only grand jury transcripts until 21 days before trial. This sensible practice contributes to efficient trial preparation and informed, early resolution of cases. In addition, the 302s and other non-grand jury materials often contain exculpatory

information that the government may not yet recognize as such but, nevertheless, is obliged to produce. As the Editorial Board of *Massachusetts Lawyers Weekly* noted more than seven years ago:

> [I]n many ways the debate about whether the materials contain exculpatory evidence is beside the point. In the absence of some legitimate reason for prosecutors to have waited until the eve of trial to produce critical information to individuals it seeks to deprive of their liberty, this is sheer gamesmanship. And it's the type of "gotcha" justice that should be eliminated
>
> . . .
>
> Even if prosecutors are permitted to wait until just before trial to share certain types of information with the defense, why would they choose to exercise that right when a defendant's liberty, and the public's perception of the system's fairness, is on the line?

Editorial, U.S. *Attorney should stop 'gotcha' litigation tactics*, MASSACHUSETTS LAWYERS WEEKLY, Jan. 16, 2014, available at http://masslawyersweekly.com/2014/01/16/u-s-attorneyshould-stop-gotcha-litigation-tactics/.

Since there is a protective order in place and no conceivable threat to witness security, it is difficult to understand the basis for the government's decision to withhold this material other than perceived strategic advantage.

Please feel free to contact me with any questions. We will be happy clarify our requests and make efforts to narrow potential areas of disagreement.

Thank you.

Sincerely,

William W. Fick

cc: Clerk, U.S.D.C. (by ECF)
Daniel K. Gelb, Esq. (by email)
Jonathan D. McDougall, Esq. (by email)
Daniel N. Marx, Esq. (by email)