# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>         Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.<br><br>         Defendants. | Case No. 1:21-cv-11181-DPW |

## MOTION TO DISMISS BY DEFENDANT STEPHANIE STOCKWELL

  Defendant Stephanie Stockwell, Pro Se, moves this Court to dismiss ten of the twelve claims brought against her by Ina and David Steiner, and Steiner Associates, LLC (collectively, "Plaintiffs"). These ten claims—Count Two (stalking); Count Three (civil RICO); Count Four (Massachusetts Civil Rights Act); Count Five (defamation); Count Six (trespassing); Count Seven (false imprisonment); Count Eight (vandalism); Count Nine: Civil Conspiracy ;Count Ten (M.G.L. Ch. 93A, § 11); Count Eleven (tortious interference with business relations); and Count Twelve (ratification)—all fail as a matter of law as pled against Stockwell and must be dismissed pursuant to Rule 12(b)(6).

  As a general matter, the Complaint indiscriminately brings all twelve claims against "all Defendants," despite a dearth of allegations concerning Stockwell's role in most of the claims alleged. The Complaint's shotgun approach to pleading fails to put Stockwell on notice as to how she—as opposed to her co-defendants—is purportedly liable under each cause of action, and therefore fails to satisfy the basic requirement of notice pleading under Rule 8(a). With respect to the specific acts alleged to have been committed by Stockwell, the Complaint fails to establish the elements of nearly all the claims Plaintiffs

have asserted against her. In support of this Motion, Stockwell relies on her Memorandum of Law filed concurrently herewith.

WHEREFORE, because Plaintiffs have failed to state a claim as a matter of law against Stockwell on ten of their twelve causes of action, Defendant Stockwell requests that the Court dismiss those claims against her with prejudice pursuant to Rule 12(b)(6).

Dated: November 28, 2021						Respectfully submitted,


							/s/ *Stephanie Stockwell*
							Stephanie Stockwell, Pro Se
							850 Front St.
							P.O. Box # 8010
							Santa Cruz, CA 95601
							Telephone: 831/607-9543
							Email: stockwellstephanie21@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2021, a true and correct copy of the foregoing pleading was ECF filed with the Clerk of Court and served upon all attorneys of record as of this date, via the Court's ECF system.


							/s/ *Gail Shifman*
							Gail Shifman

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.<br><br>Defendants. | Case No. 1:21-cv-11181-DPW |

**DEFENDANT STEPHANIE STOCKWELL'S
<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant Stephanie Stockwell, Pro Se, respectfully submits this memorandum in support of her Motion to Dismiss. Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must dismiss the Complaint [D.E. #1] as far as it "fail[s] to state a claim upon which relief can be granted."

**I.    Legal Standard**

Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendant Brian Gilbert [D.E. #88-1 at 4-6.]

**II.   Count Two: Stalking**

**A. The Complaint fails to state a California law "stalking" claim**

Plaintiffs' stalking claim under California Code of Civil Procedure Section 1708.7 must be dismissed because the Complaint fails to allege "stalking" conduct in California and, in any event, Massachusetts law applies and does not recognize a civil stalking claim. Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendants Devin Wenig [D.E. #79-1 at 26-27], Steve Wymer [D.E. #84 at 11], Brian Gilbert [D.E. #88-1 at 6-7], and eBay [D.E. #90 at 28-30], which apply in equal measure to

her.

### III. Count Three: Civil RICO

#### A. The Complaint fails to state a civil RICO claim

##### 1. Plaintiffs lack standing to assert a RICO claim.

Plaintiffs fail to allege an injury to "business or property" within the meaning of 18 U.S.C. § 1962(c). Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendants Gilbert [D.E.# 88-1 at 8-9] and Wenig [D.E #79-1 at 8-9] which apply in equal measure to her.

##### 2. The Complaint fails to establish the alleged predicate acts.

Plaintiffs' claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") suffers from numerous defects. Ms. Stockwell joins and endorses the arguments made by other Defendants about Plaintiffs' failure to allege predicate offenses with adequate specificity under Rule 9(b) and the lack of an actual "enterprise." *See, e.g.*, D.E. # 79-1 at 10-15, D.E. #94 at 2-8, and D.E. #84 at 27.

##### 3. RICO's "Pattern" Requirement

Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") suffers a defect requiring dismissal in that RICO's pattern requirement is not met and dismissal is required. Ms. Stockwell joins and endorses the arguments made by other Defendants about this issue which applies in equal measure to her. *See, e.g.,* Defendants Wenig [D.E. #79-1 at 15-20], Wymer [D.E. #84 at 29-33], Gilbert [D.E. #88-1 at 9-14] and eBay [D.E. #90 at 8-19].

### IV. Count Four: Massachusetts Civil Rights Act

Plaintiffs' claim under the Massachusetts Civil Rights Act ("MCRA") is subject to dismissal because it does not allege—as to any of the Defendants, let alone as to Ms. Stockwell specifically—that Defendants' conduct involved "*an actual or potential physical confrontation* accompanied by a threat of harm," which is "an element of MCRA claims." *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 473 (1994) (emphasis added). Ms. Stockwell adopts and incorporates by reference the arguments adopts

2

and incorporates by reference the arguments and authorities of Defendant Gilbert [D.E. #88-1 at 14-16], which apply in equal measure to her.

## V. Count Five: Defamation

Ms. Stockwell adopts and incorporates by reference the arguments adopts and incorporates by reference the arguments and authorities of Defendant Gilbert [D.E. #88-1 at 17-19], which apply in equal measure to her.

## VI. Count Six: Trespassing

Ms. Stockwell adopts and incorporates by reference the arguments adopts and incorporates by reference the arguments and authorities of Defendant Gilbert [D.E. #88-1 at 19], which apply in equal measure to her.

## VII. Count Seven: False Imprisonment

Ms. Stockwell adopts and incorporates by reference the arguments adopts and incorporates by reference the arguments and authorities of Defendants Wenig [D.E. #79-1 at 29], Wymer [D.E. #84 at 13-14], Gilbert [D.E. #88-1 at 20-21], and eBay [D.E. #90 at 22-23], which apply in equal measure to her.

## VIII. Count Eight: Vandalism

Plaintiffs' "vandalism" claim must be dismissed because it is not a cognizable cause of action under Massachusetts law. Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendants Wenig [D.E. #79-1 at 29-30], Wymer [D.E. #84 at 14], Gilbert [D.E. #88-1 at 21],and eBay [D.E. #90 at 21], which apply in equal measure to her.

## IX. Count Nine: Civil Conspiracy

The Plaintiffs' civil conspiracy claim must be dismissed under the intra-corporate conspiracy doctrine. Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendant Wymer [D.E. #84 at 17-19], which apply in equal measure to her.

## X. Count Ten: Violation of M.G.L. Ch. 93A, § 11

The Plaintiffs' c. 93A claim must be dismissed because they fail to allege a business

relationship with Ms. Stockwell or any cognizable loss of money or property. Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendants Wenig [D.E. #79-1 at 30-31], Gilbert [D.E. #88-1 at 21-24], and eBay [D.E. #90 at 23-26], which apply in equal measure to her.

**XI. Count Eleven: Tortious Interference with Business Relations**

The Plaintiffs' claim for tortious interference with business relations must be dismissed because they fail to allege how Ms. Stockwell's conduct interfered with any specific business relationship. Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendants Wenig [D.E. #79-1 at 31-32], Wymer [D.E. #84 at 15], Gilbert [D.E. #88-1 at 24-25], and eBay [D.E. #90 at 26-27], which apply in equal measure to her.

**XII. Count Twelve: Ratification**

On its face, the Complaint alleges only that eBay, Wymer, and Wenig "ratified" the conduct of Ms. Stockwell and others. It does not purport to make any ratification claim against Ms. Stockwell. Even if it did, this claim must be dismissed, and Ms. Stockwell adopts and incorporates by reference the arguments and authorities of Defendant Gilbert [D.E. #88-1 at 26].

**XIII. CONCLUSION**

For the reasons set forth above, Ms. Stockwell respectfully requests that Court enter an order, pursuant to Rule 12(b)(6), dismissing Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve, which do not adequately state a claim against her.

Dated: November 28, 2021     Respectfully submitted,

/s/ *Stephanie Stockwell*
Stephanie Stockwell, Pro Ser
850 Front St.
P.O. Box # 8010
Santa Cruz, CA 95601
Telephone: 831/607-9543
Email: stockwellstephanie21@gmail.com