UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:21-cv-11181-DPW

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>EBAY, INC., PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC, DAVID WENIG, STEVE WYMER, JAMES BAUGH, DAVID HARVILLE, BRIAN GILBERT, STEPHANIE POPP, STEPHANIE STOCKWELL, VERONICA ZEA, PHILIP COOKE, and JOHN AND JANE DOE<br><br>    Defendants. | |

**DEFENDANT STEPHANIE POPP'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

Defendant Stephanie Popp ("Ms. Popp") submits this memorandum in support of her Motion to Dismiss Counts II-XII of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As explained in greater detail below and in the legal memoranda Ms. Popp adopts and incorporates by reference herein,[1] Plaintiffs have failed to state claims upon which relief may be granted.

---

[1] Ms. Popp is presently involved in parallel criminal proceedings (*United States v. Gilbert et al.*, 1:20-cr-10098-WGY). In order to conserve resources, Ms. Popp relies on the fulsome memoranda of law already submitted by other defendants in this case, all of which ably set forth the legal principles applicable to each count Ms. Popp now moves to dismiss.

**Argument**

As a general matter, the Complaint purports to bring each claim against "all Defendants," but does not specify Ms. Popp's role in most of the claims alleged. The Complaint thus fails to put Ms. Popp on notice as to how she is allegedly liable under each cause of action. *See* Fed. R. Civ. P. 8(a). With respect to each specific count, the Complaint fails to establish the necessary elements and, in some cases, asserts claims that do not exist under Massachusetts law. For these reasons, Plaintiffs have failed to state a claim as a matter of law against Ms. Popp as to Counts II-XII.

### I. Legal Standard

Ms. Popp adopts and incorporates by reference the authorities of Defendant Brian Gilbert. (Docket No. 88-1 at 4-6.)

### II. Counts II-XII Must be Dismissed for Failure to State a Claim

*Count II: Stalking*

Plaintiffs' stalking claim under California Code of Civil Procedure Section 1708.7 must be dismissed because the Complaint fails to allege "stalking" conduct in California because the Plaintiffs were not in California while they were allegedly stalked, and California's stalking law does not protect Massachusetts residents. Furthermore, even if California's Code applied to Massachusetts residents, Massachusetts law governs and does not recognize a civil stalking claim. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Devin Wenig (Docket No. 79-1 at 26-27), Steve Wymer (Docket No. 84 at 11), Gilbert (Docket No. 88-1 at 6-7), and eBay (Docket No. 90 at 28-30), which are equally applicable to Ms. Popp.

*Count III: Civil Racketeering Act*

For the reasons set forth in the arguments and authorities of Defendants Wenig (Docket No. 79-1 at 10-24), Philip Cooke (Docket No. 82, 15-20), Gilbert (Docket No. 88-1, 7-14), and eBay (Docket No. 90, 7-20) – which Ms. Popp incorporates by reference and which are equally applicable to her – Plaintiffs' civil RICO claim must be dismissed because the Complaint, *inter alia*, fails to establish standing to bring a RICO claim; fails to allege predicate offenses with adequate specificity; fails to allege the existence of an actual "enterprise"; and fails to adequately plead a "pattern" of racketeering activity.[2]

*Count IV: Massachusetts Civil Rights Act ("MCRA")*

Plaintiffs' MCRA claim must be dismissed it does not allege that Ms. Popp's conduct involved an "actual or potential physical confrontation accompanied by threat of harm," a necessary element of MCRA claims, and because the statute does not properly apply to interference with free speech by private actors. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendant Gilbert (Docket No. 88-1 at 14-16), which are equally applicable to Ms. Popp.

*Count V: Defamation*

Plaintiffs' defamation claim must be dismissed because the only activity in which Ms. Popp was allegedly involved – drafting Tweets, sending direct messages to Plaintiffs via Twitter, and creating "fake 'Person of Interest'" files on the Plaintiffs (*see* Compl. ¶¶ 78-80, 141, 142,

---

[2] Plaintiffs allege that Ms. Popp's role in the conspiracy "was to commit wire fraud, by creating fraudulent avatars through Twitter, in order to harass, stalk, intimidate and threaten the Steiners," as well as "to travel to Natick to engage in threats, intimidation, surveillance and stalking of the Steiners." (Compl. ¶ 257.) Notably, these latter allegations are at odds with allegations elsewhere in the Complaint, in which Plaintiffs aver that Ms. Popp "remained in California" while *other* defendants traveled to Natick. (Compl. ¶¶ 7, 105.)

153-161, 186) – is not sufficient to state a cause of action for defamation against her. Neither the direct messages nor the "Person of Interest" files constitute defamation because they were not published to any third party,[3] and the Tweets concerning Ina Steiner's "biased and negative reporting on eBay" (Compl. ¶ 299) were not defamatory, but rather, opinion. Further, each defamation claim independently fails because Plaintiffs do not sufficiently allege economic loss. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Cooke (Docket No. 82 at 14-15) and Gilbert (Docket No. 88-1 at 17-19), which are equally applicable to Ms. Popp.

### Count VII: Trespassing

Plaintiffs' trespassing claim must be dismissed because the Complaint fails to allege an intentional or illegal entry onto Plaintiffs' property by Ms. Popp, who, as asserted in the Complaint, "remained in California" while other Defendants allegedly went to Massachusetts to "attach a GPS device to [Plaintiffs'] vehicle. (Compl. ¶¶ 7, 99, 100, 102-105, 313.) Further, even if the Complaint could fairly be read to allege a separate count of aiding and abetting trespass (a related, standalone tort with specific elements that must also be pled with specificity), the Complaint fails to allege that Ms. Popp "actively participated in or substantially assisted in the commission of" the trespassing activities of the other Defendants. *See Massachusetts Port Authority v. Turo, Inc.*, 487 Mass. 235, 243-344 (2021) (citations omitted). Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendant Gilbert (Docket No. 88-1 at 19), which are equally applicable to Ms. Popp.

---

[3] The Complaint alleges only that Popp and other Defendants "*intended* to share the fabricated dossiers" (Compl. ¶ 161, emphasis added); it does not allege that they actually did so.

### Count VII: False Imprisonment

Plaintiffs' false imprisonment claim must be dismissed because the Complaint fails to allege that Plaintiffs were actually confined, and fails to allege that Ms. Popp acted with any intent to confine them, let alone with the specific intent required by law. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Wenig (Docket No. 79-1 at 29), Cooke (Docket No. 82 at 5-6), Wymer (Docket No. 84 at 13-14), Gilbert (Docket No. 88-1 at 20-21), and eBay (Docket No. 90 at 22-23), which are equally applicable to Ms. Popp

### Count VIII: Vandalism

Plaintiffs' "vandalism" claim must be dismissed because it is not a cognizable cause of action under Massachusetts law. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Wenig (Docket No. 79-1 at 29-30), Wymer (Docket No. 84 at 14), Gilbert (Docket No. 88-1 at 21), and eBay (Docket No. 90 at 21), which are equally applicable to Ms. Popp. Moreover, even if "vandalism" were a valid cause of action, the Complaint is devoid of any allegations that Ms. Popp was aware of or involved in any way in the defacement of Plaintiffs' property.

### Count IX: Civil Conspiracy

The Plaintiffs' civil conspiracy claim must be dismissed under the intra-corporate conspiracy doctrine. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendant Wymer (Docket No. 84 at 17-19), which are equally applicable to Ms. Popp.

### Count X: G.L. c. 93A, § 11

The Plaintiffs' c. 93A claim must be dismissed because the Complaint fails to allege a business relationship with Ms. Popp or any cognizable loss of money or property. Ms. Popp

adopts and incorporates by reference the arguments and authorities of Defendants Wenig (Docket No. 79-1 at 30-31), Gilbert (Docket No. 88-1 at 21-24), and eBay (Docket No. 90 at 23-26), which are equally applicable to Ms. Popp.

### *Count XI: Tortious Interference*

The Plaintiffs' claim for tortious interference with business relations must be dismissed because the Complaint fails to allege how Ms. Popp's conduct interfered with any specific business relationship. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Wenig (Docket No. 79-1 at 31-32), Wymer (Docket No. 84 at 15), Gilbert (Docket No. 88-1 at 24-25), and eBay (Docket No. 90 at 26-27), which are equally applicable to Ms. Popp.

### *Count XII: Ratification*

Plaintiffs' "ratification" claim must be dismissed because it is not a standalone cause of action under Massachusetts law. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendant Gilbert (Docket No. 88-1 at 26), which are equally applicable to Ms. Popp. Further, the Complaint alleges only that eBay, Wymer, and Wenig "ratified" the conduct of Ms. Popp and others; it does not purport to make any ratification claim against Ms. Popp.

### **Conclusion**

For the reasons set forth above and in the legal memoranda adopted and incorporated by reference herein, this Court should dismiss Counts II-XII of Plaintiffs' Complaint.

Respectfully submitted,

STEPHANIE POPP,

By her attorney,

_____
Alexandra H. Deal (BBO #660645)
Paik, Brewington & Deal, LLP
6 Beacon Street, Suite 305
Boston, MA 02108
(617) 439-0150
adeal@pbdlaw.com

Dated: November 29, 2021

7