UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER,<br>DAVID STEINER,<br>STEINER ASSOCIATES, LLC,<br>    *(Publisher of EcommerceBytes)*<br>        Plaintiffs<br><br>Vs.<br><br>EBAY, INC.,<br>PROGRESSIVE F.O.R.C.E.CONCEPTS, LLC<br>DEVIN WENIG,<br>STEVE WYMER,<br>JAMES BAUGH,<br>DAVID HARVILLE,<br>BRIAN GILBERT,<br>STEPHANIE POPP,<br>STEPHANIE STOCKWELL,<br>VERONICA ZEA,<br>PHILIP COOKE,<br>JOHN AND JANE DOE,<br><br>        Defendants | No. 1:21-CV-11181 |

### DEFENDANT VERONICA ZEA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendant Veronica Zea submits this memorandum in support of her Motion to Dismiss Counts II – XII of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth herein and, more fully, in the memoranda submitted by Defendant Zea's co-defendants which Defendant adopts and incorporates herein by reference, Plaintiffs have failed to state claims against Veronica Zea on which relief may be granted.[1]

---

[1] As set forth in the complaint, Veronica Zea is currently involved in a related criminal case (*United States v Gilbert et. al.*, 1:20-CR-10098WGY) involving many of the same defendants as are named in the instant civil proceeding. In support of her Motion to Dismiss, Veronica Zea adopts and relies on the Memoranda of Points and

**ARGUMENT**

As a general matter, the Complaint purports to bring each claim against "all Defendants," but fails to specify Veronica Zea's role in most of the claims alleged. Accordingly, the Complaint fails to put Ms. Zea on notice as how she is liable under each count of the Complaint. With respect to the specific counts, the Complaint fails to establish the necessary elements of the count and, in some instances, asserts claims that do not exist under Massachusetts law. For these reasons, Plaintiffs have failed to state a claim as a matter of law against Ms. Zea as to Counts II – XII.

I. **Legal Standard**

Ms. Zea adopts and incorporates herein by reference the authorities cited by Brian Gilbert in support of his Motion to Dismiss (Docket No. 88 at 4-6).

II. **Counts II – XII Fail to State a Claim**

a. Count II: Stalking

Plaintiffs' stalking claim under California Civil Code Section 1708.7 is deficient because the Complaint fails to allege any "stalking" conduct in California for the simple fact that Plaintiffs were never in California when they were allegedly stalked. Moreover, California's stalking law does not protect Massachusetts residents. In addition, Massachusetts law governs the Plaintiffs' claims and Massachusetts does not recognize a civil stalking claim. In support, Ms. Zea adopts and incorporates herein by reference the arguments and authorities of Defendants Devin Wenig (Docket No. 79-1 at 26-27), Steve Wymer (Docket No. 84 at 11), Brad Gilbert (Docket No. 88-1 at 6-7) and eBay (Docket No. 90 at 28-30).

b. Count III: Civil Racketeering Act

---

Authorities submitted by the other defendants in this case which set forth in detail the legal principles applicable to each count Ms. Zea now moves to dismiss.

Defendant Zea adopts and incorporates by reference the arguments and authorities of Defendant Wenig (Docket No. 79-1 at 10-24, Philip Cook (Docket No. 82 at 15-20), Gilbert (Docket No. 88-1 at 7-14) and eBay (Docket No. 90 at 7-20). Plaintiffs' civil RICO claim must be dismissed because, among other deficiencies, the Complaint fails to establish standing to bring a RICO claim, fails to allege predicate offenses with adequate specificity, fails to allege the existence of an actual "enterprise" and fails to adequately plead a "pattern" of racketeering activity.

    c.   Count IV: Massachusetts Civil Rights Act ("MCRA")

Plaintiffs' MCRA claim must be dismissed because it fails to allege that Veronica Zea's conduct involved an "actual or potential physical confrontation accompanied by a threat of harm," a necessary element of a MCRA claim. The claim must also be dismissed because the statute does not apply to interference with free speech by private actors. Ms. Zea adopts and incorporates by reference the arguments and authorities cited and relied on by Defendant Gilbert (Docket No. 88-1 at 14-16).

    d.   Count V: Defamation

Plaintiffs' defamation claim against Veronica Zea must be dismissed because there is not activity alleged by Ms. Zea that involved publishing anything regarding the Plaintiffs whether to third parties or even within eBay. Further, each defamation claim fails because Plaintiffs do not sufficiently allege economic loss. Ms. Zea adopts and incorporates by reference the arguments and authorities cited and relied on by Defendants Cooke (Docket No. 82 at 14-15) and Gilbert (Docket No. 88-1 at 17-19).

    e.   Count VII: Trespassing

Plaintiffs' trespassing claim must be dismissed because the Complaint fails to allege an intentional or illegal entry onto Plaintiffs' property by Ms. Zea. Ms. Zea adopts and incorporates herein by reference the arguments and authorities cited and relied on by Defendant Gilbert (Docket No. 88-1 at 19).

//

f. Count VII: False Imprisonment

Plaintiffs' false imprisonment claim must be dismissed because the Complaint fails to allege that Plaintiffs were actually confined and fails to allege that Veronica Zea acted with any intent to confine them, let alone with the specific intent required to state such a claim. Ms. Zea adopts and incorporates herein by reference the arguments and authorities of Defendants Wenig (Docket No. 79-1 at 29), Cooke (Docket No. 82 at 5-6), Wymer (Docket No. 84 at 13-14), Gilbert (Docket No. 88-1 at 20-21) and eBay (Docket No. 90 at 22-23).

g. Count VIII: Vandalism

Plaintiffs' "vandalism" claim must be dismissed because it is not a cognizable cause o of action under Massachusetts law. Moreover, even if "vandalism" were a valid cause of action, the Complaint lacks any allegation that Ms. Zea was aware of or in any way involved in the defacement of Plaintiffs' property. Ms. Zea adopts and incorporates herein by reference the arguments and authorities cited and relied on by Defendant Wenig (Docket No. 79-1 at 29-30), Wymer (Docket No. 84 at 14), Gilbert (Docket No. 88-1 at 21) and eBay (Docket No. 90 at 21).

h. Count IX: Civil Conspiracy

The Plaintiffs' civil conspiracy claim must be dismissed under the intra-corporate conspiracy doctrine. Ms. Zea adopts and incorporates by reference the arguments and authorities cited and relied on by Defendant Wymer (Docket No. 84 at 17-19).

i. Count X: General Law c. 93A Section 11

The Plaintiffs' chapter 93A claim must be dismissed because the Complaint fails to allege a business relationship between Plaintiffs and Veronica Zea and fails to allege any cognizable loss of money or property. Ms. Zea adopts and incorporates by reference the arguments and authorities of Defendants Wenig (Docket No. 79-1 at 30-31), Gilbert (Docket No. 88-1 at 21-24) and eBay (Docket No. 90 at 23-26).

//

j. <u>Count XI: Tortious Interference</u>

The Plaintiffs' claim for tortious interference with business relations must be dismissed because the Complaint fails to allege how anything Ms. Zea is alleged to have done interfered with any specific business relationship. Ms. Zea adopts and incorporates by this reference the arguments and authorities cited and relied upon by Defendants Wenig (Docket No. 79-1 at 31-32), Wymer (Docket No. 84 at 15), Gilbert (Docket No. 88-1 at 24-25), and eBay (Docket No. 90 at 26-27).

k. <u>Count XII: Ratification</u>

The Plaintiffs' claim for "ratification" must be dismissed because it is not a standalone cause of action under Massachusetts law. Moreover, the "ratification" alleged in the Complaint was that of defendants eBay, Wymer and Wenig, not that of Veroinica Zea. As the Complaint makes amply clear, Ms. Zea was not in a position to ratify anyone else's actions. Ms. Zea adopts and incorporates by reference the arguments and authorities cited and relied upon by Defendant Gilbert (Docket No. 88-1 at 26).

**CONCLUSION**

Based on the foregoing, it is respectfully submitted that Counts II – XII of the Complaint on file herein should be dismissed.

/s/ Frank R. Ubhaus

Frank R. Ubhaus, Esq.
BERLINER COHEN, LLP
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
Tel: (408) 286-5800
Fax: (408) 998-5388
Email: frank.ubhaus@berliner.com