**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
TABLE OF CONTENTS PUBLIC DOCUMENT APPENDIX**

| DOCUMENT NAME | PAGE |
|---|---|
| U.S. v Jim Baugh, et al Document 194-1 eBay PowerPoint Presentation on "Federal Corporate Principles" to the Office of the U.S. Attorney for Massachusetts Concerning the  August 2019 Crimes Committed by Former eBay Employees Against the Natick Couple dated March 16, 2021 | R1 |
| U.S. v Jim Baugh, et al Privilege Log Documents: | R37 |
| 1.   Document 182 with Exhibits A and B:<br>• Exhibit A - Morgan Lewis's Initial Privilege Log served on defendant on November 8, 2021<br>• Exhibit B – Morgan Lewis's Supplemental Privilege Log, served on defendant on December 16, 2021 | R42<br><br>R55 |
| 2.   Document 183 with exhibits 1, 2 and 3:<br>• Exhibit 1 – eBay's Initial Privilege Log that eBay produced to Baugh on November 8, 2021<br>• Exhibit 2 – eBay's Supplemental Privilege Log that eBay produced to Baugh on November 15, 2021<br>• Exhibit 3 – eBay's Second Supplemental Privilege Log that eBay produced  to Baugh on December 16, 2021 | R61<br><br>R121<br><br>R209 |
| 3.   Document 186 with Attachments A and B:<br>• Attachment A – Supplemental Declaration of Andrew C. Phelan, Esq.<br>• Attachment B – Supplemental Declaration of Jack W. Pirozzolo, Esq. with Exhibit 1 Condensed Log contains entries from all logs produced to Baugh containing those interview notes/memoranda, emails and documents, additional drafts of witness statements and notes of communications with certain witnesses | R215<br><br>R225 |
| 4.   Document 189 with Exhibit A<br>• Morgan Lewis's corrected initial privilege log served on all parties on February 28, 2022 correcting dates of interviews with Harville and Gilbert | R244 |
| U.S. v Jim Baugh, et al James Baugh Plea Hearing Transcript April 25, 2022 | R260 |
| U.S. v Philip Cooke Philip Cooke Sentencing Hearing Transcript July 27, 2021 | R297 |

| | |
|---|---|
| <u>U.S. v Jim Baugh, et al</u> Affidavit of FBI Special Agent Mark Wilson in dated June 11, 2020 | R355 |
| <u>U.S. v Jim Baugh, et al</u> Indictment of James Baugh and David Harville in dated November 3, 2020 | R407 |
| <u>U.S. v Baugh, et al</u> email thread document 79-3 filed August 24, 2021 | R437 |
| <u>U.S. v Baugh, et al</u> - Jim Baugh's Motion for Rule 17 document 79 August 24, 2021 | R440 |
| <u>U.S. v Baugh, et al</u> Subpoena document 79-1 filed August 24, 2021 | R452 |
| <u>U.S. v Baugh, et al</u> Declaration of Andrew C. Phelan, Esq document 139 filed December 17, 2021 | R456 |
| <u>U.S. v Baugh, et al</u> Motion Hearing Transcript excerpt dated January 28, 2022 | R464 |
| <u>U.S. v Philip Cooke</u> Philip Cooke Plea Hearing Transcript dated October 20, 2020 | R467 |
| <u>U.S. v Philip Cooke</u> Philip Cooke Sentencing Memorandum | R504 |
| <u>U.S. v Baugh, et al</u> Motion to Compel Discovery | R532 |
| Email excerpt regarding Baugh discovery requests | R544 |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | Criminal No. 20-CR-10263-PBS |
| JIM BAUGH, et al., | |
| Defendants. | |

## INTERVENOR EBAY INC.'S RESPONSE
## TO THE COURT'S MARCH 9, 2022 ORDER

Intervenor eBay Inc. ("eBay") hereby files this response to the Court's March 9, 2022

Order (Dkt. 191) (the "Order"). Attached at Exhibit 1 is a copy of the PowerPoint deck that was

used during the presentation to the government on March 16, 2021.

Dated: March 16, 2022

Respectfully submitted,

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State St., 36th Floor
Boston, MA 02109
Tel. (617) 223-0300
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California St. Suite 2000
San Francisco, CA 94104
Tel. (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

**R1**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2022, this document, filed through the CM/ECF system,

will be sent electronically to the registered participants as identified on the Notice of Electronic

Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo

# EXHIBIT 1

eBay Presentation on "Federal Corporate Principles" to the Office of the U.S. Attorney for Massachusetts Concerning the  August 2019 Crimes Committed by Former eBay Employees Against the Natick Couple

March 16, 2021



**R4**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Introduction

- The government has charged 7 individual defendants for crimes committed against Ina and David Steiner.

- eBay realizes that, under the facts and legal principles (e.g., *respondeat superior*), DOJ could take enforcement action against the company. You have broad discretion in this determination under the 11 Principles of Federal Prosecution.

- Purpose of this presentation:

  - Explain why we believe that the Principles and facts here support a decision not to take enforcement action against eBay.

  - That decision is in the interest of justice, the victims, and the public.

**R5**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Executive Summary

**Five  main points:**

1. eBay acknowledges the seriousness of the misconduct and the company's responsibility. The conduct of the seven defendants was clearly criminal, and eBay is troubled by the role here of its former-CEO and former-Chief Communications Officer in particular. We hope the government agrees that their actions do not warrant criminal charges against the company.

2. All the wrongdoers deliberately hid their misconduct from eBay because they knew the company would not condone it. They even said explicitly <u>before</u> the crimes that eBay would fire them if it found out.

3. eBay had a robust compliance program before the Natick events and has taken significant steps to buttress that program and revamp the Safety & Security unit to prevent anything like this from happening again.

4. eBay's cooperation with the government has been voluntary, swift, proactive, unconditional, and complete.

5. In the end, we hope to persuade you that, eBay – <u>the company</u> -- acted in a manner that the government would want other companies to model and that a decision not to take enforcement action against eBay is in the interests of justice, the victims, and the public.

**R6**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Presentation Roadmap: The 11 Principles
## (we will address all 11, not all in numerical order)

1. Nature of offenses

2. **Pervasiveness of wrongdoing**

3. Company history of similar misconduct

4. **Company's willingness to cooperate**

5. **Adequacy of compliance at time of wrongdoing and charging decision**

6. **Company's timely and voluntary disclosure**

7. **Company's remedial actions**

8. Collateral consequences

9. Adequacy of other remedies

10. Adequacy of prosecution of responsible individuals

11. **Interests of the Victims**

**R7**

4

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 1
# Seriousness of Offenses

*Nature and seriousness of the offense, including risk of harm to the public, and applicable policies and priorities, if any, governing the prosecution of corporations for particular categories of crime* (**JM 9-28.400**)

1. The wrongdoers committed serious crimes against the two victims.

2. The crimes did not risk broader harm to the public.

3. The crimes were very unusual: the government does not have applicable policies or priorities for them.

**R8**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 3
# No History of Similar Misconduct

*Company's history of similar misconduct, including prior criminal, civil, and regulatory enforcement actions against it (JM 9-28.600)*

1. eBay has been in business 25 years.

2. eBay has <u>no history</u> of similar misconduct.

3. eBay has <u>no history</u> of <u>any</u> criminal misconduct.

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

**R9**

6

# Principle 2
# Pervasiveness of Wrongdoing

*Pervasiveness of wrongdoing within company, including management complicity in, or condoning of, the wrongdoing (JM 9-28.500)*

We will address pervasiveness on three different levels:

1. Overall at the company
2. Specific to the Safety & Security team
3. The responsibility of the former-CEO and former-Chief Communications Officer

--------------------------------------------------------------------------------

**1.   Companywide, overall, the conduct was not pervasive or condoned.**

eBay is an international company with **30,000** employees and contractors in **54 offices** across **31 countries**. These crimes were committed by **7** members in **1 unit** from **1 office**.

**R10**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

7

# Principle 2, cont.
# Pervasiveness

**2.  Safety & Security Team: the wrongdoing was pervasive in Baugh's hand-picked group, but not more broadly among the 100+ members of Safety & Security unit.**

- Baugh was Senior Director of the Safety & Security unit. He hand-picked people he thought he could control from different teams within the unit

  - Intel (Popp, Zea, Stockwell), Resilience (Harville), Physical Security (Gilbert and Cooke)

- He deliberately excluded and concealed his plans from managers who would stop him.

  -  e.g. Dan Cory, Alicia-Maria Domingos

- Two junior Safety & Security members he recruited refused to participate (Alford and Mount).

- The hand-picked group knew eBay would not condone – and would severely punish the misconduct.

**R11**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

8

# Principle 2, cont.
# Not Pervasive/Condoned by eBay

- They showed by their <u>words and actions</u> that they knew eBay did not condone their wrongdoing and would punish it severely:

    - On August 11 on WhatsApp Baugh wrote, <u>before</u> the crimes were committed: "**Once you read it delete this entire thread and don't save to your phone or we will all get fired**."

    - Throughout, they tried to hide <u>all</u> their misconduct from eBay:

        - Booked travel "off the grid"

        - Lied to coworkers (and even family)

        - Created false covers and documents, doctored records

        - Communicated over WhatsApp so eBay could not trace

        - Deleted records and messages

        - Used burner devices and non-company cash cards

        - Conspired to lie extensively, and did lie extensively, to eBay investigators

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

**R12**

# Principle 2, cont.
# Pervasiveness

**3. Wenig/Wymer set an improper tone between themselves that was critical of Ms. Steiner and her website.**

- In 2019, Wenig & Wymer exchanged texts criticizing her and her website (i.e., "hate her" "take her down").

- We found no evidence that they sent these texts to other executives or ELT members. Their improper tone was not pervasive among other executives.  Only these two were preoccupied with Ina Steiner and eCommercebytes.

- eBay recognizes that their improper tone contributed significantly to the crimes in Natick.

- Wenig's tone was improper and unacceptable. But we did not find evidence that he directed or knew that criminal acts would occur.

- Wymer's tone was <u>much</u> worse. Inexcusable from any employee, much less an ELT member.

  - We did not find evidence he actually directed or knew that criminal acts would follow.

  - <u>But</u>: his words were extremely reckless and irresponsible AND eBay fired him <u>for cause</u>.

  - <u>Significant</u>: Wymer hid his August 1 Baugh texts from everyone – General Counsel; Chief of Litigation; and apparently even Wenig.

    - Why?  Because he knew they were wrong and would not be condoned by anyone else at eBay.

    - August 7 Wymer email: "Utterly vexed…Whatever. It. Takes."

  - Wymer: January 2019 hire: too green/inexperienced to push back on CEO tone, sought to curry favor.

**R13**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 2, cont.
# Not Condoned by eBay

**4. The Corporate response upon learning of the crimes also demonstrates that eBay did not condone the wrongdoing.**

- eBay General Counsel, Chief People Officer, and Chief Compliance Officer took decisive action.

    - They <u>immediately</u> launched/pursued a thorough investigation, with unhindered scope and access.

    - Chief Compliance Officer (Molly Finn) rejected Baugh's effort to obstruct.

- Investigators determined the facts and roles, regardless of position or title.

    - Marshalled records.

    - Cut through coordinated lies and false documents with numerous interviews.

- eBay terminated all those responsible.

- ELT/Board of Directors immediately directed: full report to and assist government.

- eBay reported all facts to the government, including roles of CEO and Chief Communications Officer.

**R14**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principles 4 & 6
# Immediate Disclosure and Cooperation

*4. Company willingness to cooperate, including as to potential wrongdoing by its agents (JM 9-28.700)*

*6. Company's timely and voluntary disclosure of wrongdoing (JM 9-28.900)*

- DOJ Manual seeks:
  - "early voluntary disclosure"
  - "timeliness of the cooperation"
  - "diligence, thoroughness and speed of the internal investigation"
  - "proactive nature of the cooperation"

- eBay met all parts of these criteria

- Speed: 32 Days from Notice to full eBay report to USAO
  - Aug. 22: eBay learned of inquiry, launched investigation, contacted NPD.
  - Aug. 23-Sep. 23: documents, interviews, devices, forensics, etc.
  - Sep. 11-20: eBay contacted NPD, FBI, AUSAs.
    - eBay will voluntarily report
    - No subpoenas needed
  - Sep. 24: eBay disclosed all facts and persons to USAO

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

**R15**

12

# Principles 4 & 6, cont.
# Cooperation: Extensive, Thorough, Continuing

1. Continuous: September 2019 through the present

2. Produced in response to <u>every</u> government request (no request denied)

3. Made further proactive disclosures/productions (witnesses, phones, et al.)

4. 12 main productions, +12,000 pages

5. Devices and images

6. Forensic results/reports

7. Additional company network searches run as requested

8. Appendix 1: Cooperation – Partial Chronology next slides:

**R16**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

13

# Appendix 1
# Cooperation: Partial Chronology

*This chronology is only partial: it does not capture numerous eBay/AUSA calls and emails where eBay provided other assistance.
*The cooperation continues through the present.

## 2019

| | |
|---|---|
| **Aug. 22** | eBay received NPD inquiry, launched investigation, called NPD detective |
| **Sep. 11-20** | eBay called FBI, spoke with AUSAs Kosto and Burkart: explained status, requested meeting to fully report investigation facts, no subpoenas needed |
| **Sep. 24** | Full eBay report to AUSAs Burkart, Kosto |
| **Oct. 9** | eBay production #1, up to Bates # E_000468. Key docs, including org chart, expense records, electronic records, device review facts/information, imagings, forensic results/reviews, texts, emails, email review summaries, and witness-specific records. |
| **Oct. 18** | eBay production #2, up to E_000656. Native docs, internet search reports, web history reports, expense reimbursements.<br><br>eBay identified M. Alford, newly-discovered witness with relevant information |
| **Oct. 25** | eBay production #3 up to E_000819. Expense and travel reports, native emails. |
| **Oct. 29** | eBay produced results of network searches for specific data regarding IP addresses and domain names searched during misconduct by requested persons. |
| **Nov. 1** | eBay production #4, up to E_000830. Phone call logs, installed-apps reports for employee phones, status of IP address and domain name searches. |
| **Nov. 4** | eBay produced M. Alford for USAO interview. |
| **Nov. 15** | eBay production #5, up to E_000831. Report of web browsing activity from eBay networked devices for 8 requested people and contact information for contract employee's company. |
| **Nov. 21** | eBay production #6, up to E_001090. Date and time of every travel reservation booked for six requested former employees, reports of web browsing activity of 8 requested people, natives of emails from eBay's production #1. |
| **Nov. 29** | eBay produced R. Moore for USAO interview. |
| **Dec. 11** | eBay production #7, up to E_001097. Forensics from Cooke's ebay cell phone. |
| **Dec. 17** | eBay produced P. Cooke for USAO interview. |
| **Dec. 27** | eBay production #8, up to E_010127. Outlook calendars for 8 requested people. |

**R17**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Appendix 1, cont.
# Cooperation: Partial Chronology

## 2020

| | |
|---|---|
| Feb. 19 | eBay production #9, up to E_010142. Responses regarding defendants' work phones, 3 additional phones, and Popp notebook |
| | Delivery to government of Harville eBay phone. |
| June 15 | USAO announcement of charges against 6 defendants |
| Oct. 13 | eBay fact proffer re: eBay investigator's three August 2019 Harville interviews. |
| Oct. 13 | eBay fact proffer re: eBay investigator's several August 2019 Baugh interviews. |
| Oct. 16 | eBay fact proffer re: eBay investigator's regarding two late-August Wymer interviews |
| Nov. 6 | eBay production #10, up to E_010194. Badge access records for requested defendants, data on receipt and dissemination of Natick Police Department's August 2019 communications to eBay. |
| Nov. 3 | Grand jury indicts Baugh and Harville on additional charges. |
| Nov. 24 | eBay provided requested bank acct info re: Baugh |
| Dec. 4 | eBay sent Wymer's eBay phone image to the government, with chain of custody. |
| | eBay also provided search consents for work phones. |
| Dec. 5 | eBay Production #11, up to E_010196. Floor plans/schematics of requested eBay office space and locations of access-card readers. |
| Dec. 14 | eBay provided salary information for requested defendants |
| Dec. 29 | eBay Production #12, up to E_012340. All Wymer emails as requested for 8/23/19 to 9/1/19. |

## 2021

| | |
|---|---|
| Feb. 23 | eBay produced for interview eBay investigator who interviewed Baugh and Harville several times each in late August 2019. |
| March 12 | eBay produced Harville's original system record and the forged record (up to E_012347) Harville sent to the eBay investigator in August 2019. |

**R18**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principles 4 & 6, cont.
# Cooperation: Full & Thorough

- eBay cooperation was without any preconditions.

- eBay disclosed <u>all</u> relevant facts, including potential agent wrongdoing.

- Government confirmed accuracy of all facts.

- eBay did not omit, conceal, minimize any fact or actor, including then-CEO and Chief Communications Officer.

**R19**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 5
# Company's Compliance Program

*Adequacy and effectiveness of company's compliance program at times of the offense and charging decisions. (__JM 9-28.800__)*

- DOJ Manual: **"Compliance programs should be designed to detect the particular types of misconduct most likely to occur in a particular corporation's line of business."**

  - The misconduct here was <u>not</u> "likely to occur" in eBay's line of business

  - eBay never experienced this kind of conduct.

  - We do not believe any company has experienced this -- ever.

  - And: there was no "gap" in eBay's compliance program that missed this.

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

**R20**

# Principle 5, cont.
## Company's Compliance Program

- eBay already had a robust compliance program as of August 2019, with a long-established and well-developed Code of Business Conduct & Ethics:



**R21**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 5, cont.
# Company's Compliance Program

## Verbatim from Section 1 of eBay's August 2019 Code of Business Conduct & Ethics:

**Following the Law**

-We are accountable for our actions, and we honor our commitments. Our success as a company is driven by our shared goals of honest and ethical action.

-We are committed to ==ensuring that every action we take is in full compliance with the law== — and in keeping with our high ethical standards.

-==Report suspected violations of the Code, eBay policies, or the law to your manager, a Business Ethics Officer or other resource available for assistance. You can email== askethics@ebay.com; or submit an anonymous inquiry, by calling eBay's Integrity Helpline at 800.461.9330.

**Making Ethical Decisions**

-When you face difficult decisions at eBay, take the time to think and consider the ethical and legal consequences. Don't give in to pressure and rush your decision. Carefully consider the implications of your actions.

-==Always Ask:== Is it honest and fair? Is it consistent with the law and the Code? Is it consistent with our values? ==Does it make you feel good about yourself and the Company? Would you feel comfortable reading about your action in the news?==

-If you answered yes to all of these questions, chances are that you're probably okay to proceed. If you hesitated in answering "yes" to even one of these questions, then it's best to get a second opinion from your manager or a Business Ethics Officer.

-==**Most importantly, ask for help when you need it.**==

**Understanding the Importance of Speaking Up**

-A culture that encourages us to voice our opinions and concerns will help keep eBay a great place to work. If something does not feel right, each of us should feel empowered to take action.

-==**When you see or suspect misconduct, speak up promptly.**== Doing so will ==allow the Company an opportunity to deal with the issue and correct it, ideally before it becomes a violation of law== or a risk to health, security or the Company's reputation.

**R22**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

19

# Principle 5, cont.
# Adequacy of Compliance

- eBay constantly emphasized the importance of the Code, via:
  - Periodic Trainings
  - Surveys on Ethics
  - Annual Compliance Trainings
  - Posters around campus
  - eBay's Intranet Home Page (Hub)
  - Regular Ethics & Compliance reminder emails.  E.g.
- eBay also reports quarterly on Ethics to Board/Audit Committee

**From:** 'eBay Business Ethics and Compliance' <EthicsandCompliance@ebay.com>
**Date:** Monday, April 15, 2019 at 3:08 PM
**To:**
**Subject:** Complete eBay's 2019 Ethics Survey by April 26

Take a minute to share your feedback about ethics at eBay.

## Our Company

Global team,

Our Code of Business Conduct and Ethics guides how we conduct business every day. Your feedback about how we're doing on eBay's 2019 Ethics Survey is critically important and helps ensure we stay aligned with our values.

Earlier today you received an invitation from Glint (survey@glintinc.com) with your unique survey link. **If you can't find the message, look in your "Clutter" or "Junk" folders.** The survey will be open through 11:59 p.m. Pacific on April 26, and takes just a minute on your computer or mobile device. Your responses are confidential and reported in aggregate, unless you identify yourself in your comments.

If you spot something which doesn't seem right, you can make an anonymous report through the Integrity Helpline — the link is at the bottom of every page on the Hub. And, if you ever have questions, you can always contact askethics@ebay.com.

Thank you for participating in this important survey,

eBay Business Ethics and Compliance
Distribution: Global Employees

**R23**

20

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 5, cont.
# Specific/Recency of Compliance Training

- In June/July 2019, <u>just before these events</u>, the defendants <u>all</u> completed their 2019 Annual Compliance Training, including attesting to the Code and methods of reporting:

  - Jim Baugh – 7/5/2019
  - David Harville – 7/7/2019

  - Stephanie Popp – 6/21/2019
  - Stephanie Stockwell – 6/27/2019

  - Brian Gilbert – 7/8/2019
  - Veronica Zea – 6/26/2019

  - Phil Cooke – Completed 2018/2019 *New Hire Compliance Training* on 7/8/2019

- Eighty-eight percent (15 of 17) of Baugh's team had also completed the April 2019 Ethics Survey, and made no negative or concerning comments.

- Steve Wymer completed 2018/2019 New Hire Compliance Training on 4/9/2019

- Devin Wenig completed 2019 direct/in-person 2019 Annual Compliance Training on 4/30/2019

**R24**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 5, cont.
# Adequacy of Compliance

**eBay had robust reporting channels for the misconduct that occurred here.**

- Here, all that was required was for <u>1 person</u> to report. "**If you see something, say something**"

- Many channels to report.

  - eBay hotlines (including anonymous):   - Phone      - Intranet    - Email    - Internet

  - eBay/PFC supervisors

  - Any legal or compliance employee, including Business Ethics Officers (BEOs)

  - Any People Team member (HR)

- **But no one reported**.

  - Intimidation – the investigation uncovered new information about Baugh's unsuitability as a manager

  - eBay reviewed Baugh's hiring/personnel file <u>and</u> S&S team review and 3x/year survey files: no red flags

  - Baugh "spun" to the defendants Wymer's August texts and email

  - Self-interest?

**R25**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

22

# Principle 7
# Remedial Actions

*Company's remedial actions, including efforts to implement an adequate and effective compliance program or improve existing one, replace responsible management, discipline or terminate wrongdoers, or pay restitution. (JM 9-28.1000)*

**1. Additional eBay reviews (in addition to independent investigation)**

- Reviewed all 2019 Wenig and Wymer emails, used search terms specific to Natick. (Vonsover, Macauley, eDiscovery, Phelan)

- Interviewed remaining Safety & Security members. (Finn, Vonsover, Macauley, Phelan)

- Metrics (all reviews combined):
  - Interviews: 98
  - Witnesses: 63
  - Records searched/reviewed: excess of 1,200,000

**R26**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

23

# Principle 7, cont.
# Remedial Actions

**2. Management Changes and 10 Terminations due to Natick events**:

    a.  Wymer
    b.  Baugh
    c.  Harville
    d.  Popp
    e.  Gilbert
    f.  Stockwell
    g.  Zea
    h.  Fitzgerald
    i.  Cooke
    j.  Barrett

**R27**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 7, cont.
# Remedial Actions

**3. Safety and Security Team: Specific Changes**

a.   Safety & Security unit moved to the Legal Department from Global Operations division.

-    Reports to eBay Legal VP, Chief of Litigation (who is liaison with law enforcement to prevent fraud on eBay's platform)

b.   New Safety & Security Senior Director: Dan Cory. Well regarded, favorably vetted by independent security firm in 2020 (post-Natick).

c.   New Hire: Senior Manager, Americas Region (32-years Scotland Yard).

d.   Michelle Alford re-hired as full-time employee after eBay learned of termination.

e.   End-to-end review by Independent security firm of Safety & Security (policies & procedures, vendor management, hiring/talent acquisition, financial oversight).

f.   The role of the Safety & Security team has been made very clear:  it is limited now to address <u>only</u> physical security.

g.   Independent security firm working to develop Security Management Plan: policies/procedures per professional standards of the American Society for Industrial Security (ASIS).

h.   eBay outsourced POI (Person of Interest) work to third party security vendor with monthly cross-functional reviews (Legal, Compliance, Investor Relations, Safety & Security).

**R28**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 7, cont.
# Remedial Efforts

**4. Other Structural/Policy Improvements**

a.  Reframed 5 Core Beliefs of eBay to include: "Act with Integrity."

b.  Broad expansion of Business Ethics Officers (BEOs). Now in every office, business line, and across seniority levels.

c.  <u>More</u> training on duty to report <u>and</u> accessibility of reporting channels (e.g. BEOs, ethics hotlines, periodic reminders, etc.).

d.  Tone From The Top Initiative

   - Enhanced program to require leaders to talk on compliance topics quarterly.

   - e.g. include larger group of leaders to give ethics talks, track completion, and include ELT accountability

e.  Vendor identifying improvements to Alternative Work Force (i.e. non-employees) procedures/controls and  training.

   - e.g., closed AWF expensing loophole discovered in Natick matter.

f.  Vendor RFPs and Master Service Agreements: will be required to comply with, and certify to, ethics requirements.

**R29**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 7, cont.
# Remedial Efforts

**5. Multiple uses of Natick facts for training/discussion.**

- eBay-wide "Fireside Chat" with CEO, GC, Chief Compliance Officer, ethics expert

- Multiple trainings for leaders (Directors and above) with ethics expert and ELT members

- Multiple business unit all-hands meetings (e.g., Americas, Information Security, Legal, Safety & Security)

- Multiple written communications

**R30**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

27

# Principle 11
# Interests of Victims

***The interests of the victims (JM 9-28.1400)***

Since September 2019, eBay has sought to address the harm caused to the victims.

- eBay raised this in first government meeting and <u>several</u> times after. The Government asked eBay to wait given the ongoing investigation. eBay complied.

- Immediately after public charges announced, eBay publicly apologized and eBay's new CEO sent an apology letter to the Steiners.

- Counsel sought contact through the government. Victims' counsel responded that they did not currently wish to communicate with eBay.

- eBay remains ready to address restitution with the victims

**R31**

28

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 8
# Collateral Consequences

*Collateral consequences, including whether there is disproportionate harm to shareholders, pension holders, employees, and others not proven personally culpable, and impact on public arising from prosecution (<u>JM 9-28.1100</u>)*

- eBay is a good company.

  - Vast majority of employees act ethically.

  - eBay is a company that: enables millions of people to earn or supplement their living; promotes and supports American small businesses; has donated over $1 billion to charity.

- The misconduct and crimes here <u>by a handful of wrongdoers</u> has caused eBay significant reputational harm.

  - This reputational harm was warranted given the facts.

- But, eBay submits that, what is not warranted is additional harm from criminal charges/enforcement.

  - eBay – the company – did all the right things – discussed in the Principles above – before and when it learned of the crimes and misconduct.

- **eBay's conduct throughout is the type of corporate conduct to reinforce by not bringing enforcement action.**

**R32**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# Principle 9
# Adequacy of Other Remedies

*Adequacy of remedies such as civil or regulatory enforcement actions, including remedies resulting from the corporation's cooperation with relevant government agencies (JM 9-28.1200)*

- The remedies resulting from eBay's cooperation are extensive.

  a. eBay facilitated the government's ability to quickly charge the 7 culpable defendants

  b. 5 already pled guilty; eBay will continue to assist with regard to any trial of the other defendants.

  c. eBay gave the government all the evidence eBay had collected to assist the government in determining whether Wymer or Wenig also were criminally responsible.

  d. The evidence eBay provided in its cooperation will also help the victims recover to the extent they pursue available civil remedies:

    -against the 7 defendants

    -against Wymer and Wenig, if warranted

    -against eBay, if not mutually resolved

**R33**

30

# Principle 10
# Prosecution of Culpable Individuals

***Adequacy of the prosecution of individuals responsible for the corporation's malfeasance (JM 9-28.1300)***

- The 7 defendants went to great lengths to hide their misconduct from eBay.

  - This shows that they <u>knew</u> the company did not condone that conduct.

  - By all their concealments, they <u>prevented</u> eBay from stopping them ahead of time.

- eBay's voluntary and extensive cooperation helped the government quickly bring the culpable ones to justice.

- eBay has made clear its intention to provide restitution.

- DOJ Manual 9-28.100: "**prosecutors should be mindful of the common cause we share with responsible corporate leaders who seek to promote trust and confidence.**"

  - The responsible corporate leaders at eBay demonstrated here the "common cause" that should be shared with prosecutors

**R34**

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

31

# Conclusion / Questions / Follow-Up

- eBay had a robust compliance program before the events.

- Consistent with that program, eBay then:

  1. investigated and reported immediately;

  2. assisted the government in bringing those responsible to account;

  3. changed management;

  4. fired the wrongdoers;

  5. buttressed its compliance program;

  6. made structural changes to, and overhauled, the Safety & Security team; and

  7. sought to provide restitution to the victims.

- eBay respectfully suggests that the government should <u>want</u> other companies to model eBay conduct here.

# Appendix 2
# Wenig/Wymer Table

| Wenig | Wymer |
|---|---|
| Texts with Wymer about Steiner/ECB were bad/improper | Same (Wymer texts with Wenig) |
| No apparent texts with Baugh about Steiner/ECB<br><br>1 text with Baugh about Unsuckebay – substance ok<br>-on some parts of Unsuckebay email chain with GC, SW, JB - substance ok | -Multiple texts with Baugh about Steiner/ECB, inflammatory and can support inference to take bad action (sin, ashes, whatever it takes, etc.)<br>-Concealed his Baugh texts before Natick<br>-Concealed his Baugh texts after Natick |
| Did not delete texts about Steiner/ECB with Wymer | Deleted all texts about Steiners/ECB |
| No apparent communications with Baugh or Wymer post-Natick | Monitored events with Baugh post-Natick |
| Apparent cooperation in investigation.<br>-No apparent withholding of knowledge/comms<br>-No deletion of August texts with Wymer<br>-No deletion of Baugh Unsuckebay text | Non-cooperation in investigation.<br>-Failed to report for 7 days <u>after</u> knew of NPD/eBay investigations<br>-Withheld knowledge/evidence 1st interview (Aug. 27)<br>-Admitted Baugh texts only when confronted in 2nd interview (Aug. 28).<br>-Deleted all Wenig texts<br>-Deleted all Baugh texts, incl. Aug. 24 detailed "Op" text<br>-Deleted forensics of 2 calls with Baugh Aug. 22 & 24 (+10 min.) |

**R36**

33

Rule 6(e) Materials – Confidential Treatment Requested by eBay.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

JIM BAUGH, et al,

Defendants.

Criminal No. 20-CR-10263-PBS

## INTERVENOR MORGAN, LEWIS & BOCKIUS LLP'S RESPONSE TO THE COURT'S JANUARY 20, 2022 ORDER

Pursuant to the Court's January 20, 2022 Order [D.E. 160], Intervenor Morgan, Lewis & Bockius LLP ("Morgan Lewis") files the attached, unredacted Initial Privilege Log and Supplemental Privilege Log, served on Defendant Jim Baugh ("Defendant") on November 8, 2021 and December 16, 2021 respectively. These Privilege Logs are unredacted as they contain no information within the scope of the redactions permitted under the Court's January 20, 2022 Order.

Dated: February 10, 2022

/s/ Nathan J. Andrisani
Nathan J. Andrisani (*pro hac vice*)
nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

Jonathan M. Albano (BBO #013850)
jonathan.albano@morganlewis.com
Emma D. Hall (BBO #687947)
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Phone: 617-951-8000
Fax: 617-951-8736
*Counsel for Morgan, Lewis & Bockius LLP*

1

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, this document and attachments, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Nathan J. Andrisani
Nathan J. Andrisani

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>JIM BAUGH, et al,<br><br>   Defendants. | Criminal No. 20-CR-10263-PBS |

## <u>DECLARATION OF NATHAN J. ANDRISANI</u>

I, Nathan J. Andrisani, hereby declare as follows:

1. I am an attorney licensed to practice law in Pennsylvania and New Jersey.  I am admitted to practice before this Court *pro hac vice*.  I am a partner at the law firm Morgan, Lewis & Bockius LLP ("Morgan Lewis") and I represent Morgan Lewis in connection with the subpoena Defendant Jim Baugh ("Defendant") issued to Morgan Lewis in this matter.

2. I submit this declaration in response to the Court's January 20, 2022 Order, instructing Morgan Lewis to file copies of its privilege logs with "email addresses and confidential personal contact information" redacted "on the public docket within 15 business days."  [D.E. 160].

3. Morgan Lewis's privilege logs contain no information within the scope of the redactions permitted under the Court's January 20, 2022 Order.

4. Exhibit A to this Declaration is a true and accurate copy of Morgan Lewis's Initial Privilege Log, served on Defendant on November 8, 2021.

5. Exhibit B to this Declaration is a true and accurate copy of Morgan Lewis's Supplemental Privilege Log, served on Defendant on December 16, 2021.

I declare under the penalty of perjury that the foregoing is true and correct.

1

**R39**

Dated: February 10, 2022                    _/s/ Nathan J. Andrisani_____
                                             Nathan J. Andrisani

**R40**

# EXHIBIT A

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Standalone | 09/25/19 | Phelan, Andrew C. | Special Committee, eBay Board of Directors | | | | 052094-02__107451934v1_ACP Memo to Special Committee 9_25_19.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding Board/Committee evaluations and/or determinations related to executive employment matters; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 2 | Standalone | 11/18/19 | Phelan, Andrew C. | Special Committee, eBay Board of Directors | | | | 052094-02__109967407v1_eBay 11_18_19 Project Lewis update to Special Committee.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; and regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 3 | Standalone | 11/26/19 | Phelan, Andrew C. | Special Committee, eBay Board of Directors | | | | 052094-02__110136207v2_eBay 11_26_19 Project Lewis update to Special Committee.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; and regarding employment/personnel matters and/or actions after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 4 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 3:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 5 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 4:50 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 6 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 7:58 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 7 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 10:17 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY REGARDING PRIVILEGE LOGS

MLB_BAUGHPRIV_0001

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Josh Bentley on 9/12/2019 at 3:19 PM attended by Andrew Phelan reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 9 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Josh Bentley on 9/12/2019 at 10:50 AM attended by Andy Phelan and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 10 | Standalone | 8/28/2019 22:29 | Macauley, Shannon | | | | | 2019.08.27 Jim Baugh_3.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/27/2019 at 7:58 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 11 | Standalone | 8/28/2019 22:22 | Macauley, Shannon | | | | | 2019.08.23 Jim Baugh_2.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 4:50 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 12 | Standalone | 8/28/2019 22:20 | Macauley, Shannon | | | | | 2019.08.23 Jim Baugh.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 3:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 13 | Standalone | 8/28/2019 22:35 | Macauley, Shannon | | | | | 2019.08.28 Jim Baugh_4.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/28/2019 at 10:17 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 14 | Standalone | 8/28/2019 22:32 | Macauley, Shannon | | | | | 2019.08.27 Steve Wymer.docx | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/27/2019 at 10:35 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 15 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 8/30/2019 attended by Andrew Phelan and Jordan Mundell reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

Case 1:20-cr-10263-PBS   Document 118-11   Filed 05/23/22   Page 46 of 547
INITIAL PRIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 16 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 8/30/2019 at 9:00 AM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information and annotations by counsel or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 17 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes in preparation of confidential interview of Wendy Jones on 9/6/2019 reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 18 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes in preparation of confidential interview of Wendy Jones on 9/6/2019 reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 19 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 9/6/2019 attended by Andrew Phelan, Colin West, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 20 | Standalone | 8/28/2019 22:18 | Macauley, Shannon | | | | | 2019.08.23 Dave Harville.docx | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/23/2019 at 12:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 21 | Standalone | 9/20/19 12:36 PM | eBay Legal | | | | | Shepard.pdf | Attorney Client;Work Product | Notes of confidential interview of Tony Shepard on 8/23/2019 at 12:45 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 22 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/27/2019 at 10:35 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

Case 1:20-cv-10163-PBS   Document 118-11   Filed 05/23/22   Page 47 of 547
INITIAL PRIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 23 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/28/2019 at 1:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 24 | Standalone Document | 9/20/19 12:55 PM | Mundell, Jordan | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/30/2019 attended by Andrew Phelan and Jordan Mundell reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 25 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/30/2019 at 3:30 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 26 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Josh Bentley on 9/12/2019 at 3:19 PM attended by Andrew Phelan reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 27 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 9/9/2019 attended by Shannon Macauley, Andy Phelan and Colin West reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 28 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 9/9/2019 attended by Shannon Macauley, Andy Phelan and Colin West reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 29 | Standalone | 8/28/2019 22:26 | Macauley, Shannon | | | | | 2019.08.26 Dave Harville_2.docx | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/26/2019 at 10:22 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY REGARDING PRIVILEGE LOGS

**R45**

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

Case 1:20-cv-11263-DPW   Document 117-1   Filed 05/23/22   Page 48 of 547
INITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 30 | Standalone Document | 9/7/19 9:46 AM | Phelan, Andrew C. | | | | | Popp.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/23/2019 at 8:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 31 | Standalone Document | 9/7/19 9:46 AM | eBay Legal / Morgan Lewis | | | | | Popp.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/26/2019 at 9:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 32 | Standalone Document | 9/7/19 9:46 AM | eBay Legal / Morgan Lewis | | | | | Popp.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/27/2019 at 11:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 33 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/23/2019 at 10:00 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 34 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/30/2019 attended by Andrew Phelan reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 35 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes in preparation of confidential interview of Brian Gilbert on 9/3/2019 reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 36 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/30/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**UNITED STAES V. BAUGH, ET AL.**
**20-CR-10263**

INITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 37 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 9/2/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, Colin West, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 38 | Standalone | 9/16/2019 10:06 | eBay Legal / Morgan Lewis | | | | | 2019.09.13 Julianne Whitelaw Interview.docx | Attorney Client;Work Product | Notes of confidential interview of Julianne Whitelaw on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 39 | Standalone | 9/20/19 12:48 PM | eBay Legal / Morgan Lewis | | | | | Whitelaw.pdf | Attorney Client;Work Product | Notes of confidential interview of Julianne Whitelaw on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 40 | Standalone | 8/28/2019 22:25 | Macauley, Shannon | | | | | 2019.08.23 Veronica Zea_2.docx | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 12:00 PM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 41 | Standalone Document | 9/20/19 12:44 PM | eBay Legal / Morgan Lewis | | | | | Wenig.pdf | Attorney Client;Work Product | Notes in preparation for a confidential interview of Devin Wenig for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 42 | Standalone Document | 9/20/19 12:44 PM | eBay Legal / Morgan Lewis | | | | | Wenig.pdf | Attorney Client;Work Product | Notes of confidential interview of Devin Wenig on 9/10/2019 attended by Andrew Phelan and Colin West reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 43 | Standalone | 9/10/2019 9:25 | Macauley, Shannon | | | | | 2019.09.09 Steve Wymer Interview Notes ebay acp-combined CWest and SMacauley summary.docx | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 9/9/2019 attended by Andrew Phelan, Colin West, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 44 | Standalone | 8/28/2019 22:26 | Macauley, Shannon | | | | | 2019.08.26 Stephanie Popp_2.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/26/2019 at 9:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 45 | Standalone | 8/28/2019 22:31 | Macauley, Shannon | | | | | 2019.08.27 Stephanie Popp_3.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/27/2019 at 11:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 46 | Standalone | 8/28/2019 22:36 | Macauley, Shannon | | | | | 2019.08.28 Steve Wymer _2.docx | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/28/2019 at 1:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 47 | Standalone | 9/4/2019 20:32 | Connor, Bryan M. | Project Lewis - File | | | | 2019.08.30 Project Lewis - Scott Fitzgerald August 30th Interview Memo.DOCX | Attorney Client;Work Product | Memorandum of confidential interview of Scott Fitzgerald on 8/30/2019 by Colin West, Bryan Connor, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 48 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/23/2019 at 12:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 49 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/23/2019 at 10:22 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 50 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/23/2019 at 4:35 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 51 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 9/13/2019 at 3:00 PM attended by Andy Phelan, Colin West, Amir Vonsover, and Evan Nelson reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 52 | Standalone | 8/28/2019 22:25 | Macauley, Shannon | | | | | 2019.08.23 Veronica Zea.docx | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 9:00 AM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 53 | Standalone | 9/13/2019 17:31 | Vonsover, Amir | | | | | 2019.09.13 Harville Attorney Meeting Notes.docx | Attorney Client;Work Product | Notes of confidential interview of David Harville on 9/13/2019 at 3:00 PM attended by Andrew Phelan, Colin West, Amir Vonsover, and Evan Nelson reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 54 | Standalone | 9/17/2019 18:39 | Connor, Bryan M. | | | | | 2019.09.17 Jose Gordon Interview.docx | Attorney Client;Work Product | Notes of confidential interview of Jose Gordon on 9/17/2019 at 2:35 PM attended by Andrew Phelan reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 55 | Standalone | 9/20/19 12:24 PM | eBay Legal / Morgan Lewis | | | | | Moore.pdf | Attorney Client;Work Product | Notes of confidential interview of Ryan Moore on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 56 | Standalone | 8/30/2019 17:47 | Connor, Bryan M. | West, Colin C. | | | August 30th Meeting with Scott Fitzgerald | August 30th Meeting with Scott Fitzgerald | Attorney Client;Work Product | Email between counsel providing and discussing legal advice and prepared in anticipation of litigation regarding eBay internal investigation after Natick events. |
| 57 | Standalone | 9/16/2019 10:06 | eBay Legal / Morgan Lewis | | | | | 2019.09.13 Ryan Moore Interview.docx | Attorney Client;Work Product | Notes of confidential interview of Ryan Moore on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 58 | Standalone Document | 9/20/19 1:00 PM | eBay Legal / Morgan Lewis | | | | | Zea.pdf | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 9:00 AM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 59 | Standalone Document | 9/20/19 1:00 PM | eBay Legal / Morgan Lewis | | | | | Zea.pdf | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 12:00 PM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 60 | Standalone Document | 9/20/19 1:00 PM | eBay Legal / Morgan Lewis | | | | | Zea.pdf | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/26/2019 at 12:30 PM attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Ellen Sherman reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 61 | Standalone | 8/28/2019 22:37 | Macauley, Shannon | | | | | 2019.08.27 Dave Harville_3.docx | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/27/2019 at 4:35 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 62 | Standalone | 9/12/2019 12:36 | Macauley, Shannon | | | | | 2019.09.05 Scott Fitzgerald (ML).docx | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/5/2019 attended by Colin West, Andrew Phelan, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 63 | Standalone | 9/20/19 12:38 PM | eBay Legal | | | | | Stockwell.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Stockwell on 8/26/2019 at 2:16 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 64 | Standalone | 10/15/2019 23:47 | Vonsover, Amir | | | | | Michelle Interview Oct 15 2019 Project Lewis.docx | Attorney Client;Work Product | Notes of confidential interview of Michelle (last name unknown) on 10/15/2019 at 4:30 PM attended by Molly Finn and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 65 | Standalone | 8/28/2019 22:24 | Macauley, Shannon | | | | | 2019.08.23 Stephanie Popp.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/23/2019 at 8:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 66 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/23/2019 at 10:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 67 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/3/2019 at 5:50 PM reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 68 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes in preparation for confidential interview of Scott Fitzgerald on 9/5/2019 at 2:30 PM reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 69 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/30/2019 at 3:00 PM attended by Colin West, Bryan Connor, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 70 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/3/2019 at 3:43 PM attended by Colin West, Jordan Mundell, Andrew Phelan, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 71 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/5/2019 attended by Colin West, Andrew Phelan, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 72 | Standalone Document | 8/28/2019 22:17 | Macauley, Shannon | | | | | 2019.08.23 Brian Gilbert.docx | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/23/2019 at 10:00 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 73 | Standalone Document | 8/30/19 | Mundell, Jordan | File | | | | Memorandum of Interview with eBay Employees.DOCX | Attorney Client;Work Product | Memorandum of confidential interviews of Wendy Jones, Brian Gilbert, and Steve Wymer on 8/30/2019 attended by Andrew Phelan, Colin West, Bryan Connor, and Jordan Mundell reflecting the collection of information in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP*

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 74 | Standalone Document | 8/28/2019 22:27 | Macauley, Shannon | | | | | 2019.08.26 Stephanie Stockwell.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Stockwell on 8/26/2019 at 2:16 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 75 | Standalone Document | 8/28/2019 22:23 | Macauley, Shannon | | | | | 2019.08.23 Scott Fitzgerald.docx | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/23/2019 at 10:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 76 | Standalone Document | 8/28/2019 22:29 | Macauley, Shannon | | | | | 2019.08.26 Veronica Zea_3.docx | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/26/2019 at 12:30 PM attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Ellen Sherman reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 77 | Standalone Document | 9/12/2019 12:34 | Macauley, Shannon | | | | | 2019.08.30 Steve Wymer (ML)_107862029_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/30/2019 at 3:30 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 78 | Standalone Document | 9/12/2019 12:35 | Macauley, Shannon | | | | | 2019.08.30 Wendy Jones (ML)_107862030_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 8/30/2019 at 9:00 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 79 | Standalone Document | 9/12/2019 12:35 | Macauley, Shannon | | | | | 2019.09.03 Scott Fitzgerald (ML)_107862032_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/3/2019 at 3:34 PM attended by Colin West, Jordan Mundel, Andrew Phelan, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 80 | Standalone Document | 9/12/2019 12:37 | Macauley, Shannon | | | | | 2019.09.06 Wendy Jones (ML)_107862035_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 9/6/2019 at 11:00 AM attended by Andrew Phelan, Colin West, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 81 | Standalone Document | 9/12/2019 12:09 | Macauley, Shannon | | | | | 2019.09.03 Brian Gilbert (ML)_107862040_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 9/3/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, Colin West, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 82 | Standalone Document | 9/12/2019 12:15 | Macauley, Shannon | | | | | 2019.08.23 Tony Shepard_107862008_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Tony Shepard on 8/23/2019 at 12:45 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 83 | Standalone Document | 9/12/2019 12:33 | Macauley, Shannon | | | | | 2019.08.30 Scott Fitzgerald (ML)_107862028_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/30/2019 at 3:00 PM attended by Colin West, Bryan Connor, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 84 | Standalone Document | 9/12/2019 12:32 | Macauley, Shannon | | | | | 2019.08.30 Brian Gilbert (ML)_107862027_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/30/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 85 | Standalone Document | 9/12/2019 12:08 | Macauley, Shannon | | | | | 2019.08.22 Sutherland Convo_107862041_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Detective Jason Sutherland on 8/22/2019 at 4:00 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 86 | Parent Document | 10/23/19 3:44 PM | Phelan, Andrew C. | Huber, Marie; Finn, Molly | Vonsover, Amir; Connor, Bryan M. | | Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | Attorney Client;Work Product | Email between counsel and company employees and prepared in anticipation of litigation regarding eBay internal investigation after Natick events. |
| 87 | Standalone Document | 11/7/2019 | Andrew C. Phelan | Special Committee, eBay Board of Directors | | | | 052094-02__100777006v1_eBay ACP Memo to Special Committee 11_7_19.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

* Morgan Lewis & Bockius LLP produces this privilege log without waiver of, and expressly preserves, any and all objections and challenges to the Fed. R. Crim. P. 17(c) subpoena issued to it, and reserves all rights to file a motion to quash the subpoena or to seek other protections, on all available grounds. The provision of this privilege log, or any purported failure to list a document or information within the privilege log, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding and shall not limit the right of eBay or Morgan Lewis & Bockius LLP to assert privilege or work product protection over material or information in connection with this or any other proceeding. Further, Morgan Lewis & Bockius LLP notes that certain of the documents logged within this privilege log may reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. Morgan Lewis & Bockius LLP has not undertaken to review all nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege/protection. Morgan Lewis & Bockius LLP reserves the right to supplement and/or amend this privilege log.

# EXHIBIT B

| Log Number | Parent/Attachment/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 88 | Standalone | 09/11/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client; Work Product | Notes of confidential interview of Devin Wenig on 9/11/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 89 | Standalone | 09/12/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client; Work Product | Notes of confidential conversation with Devin Wenig on 9/12/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 89 | Standalone | 09/13/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client; Work Product | Notes of confidential conversation with Devin Wenig on 9/13/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 90 | Standalone | 09/17/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client; Work Product | Notes of confidential interview of Julieann Whitelaw on 9/17/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 91 | Standalone | 11/01/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client; Work Product | Notes of confidential interview of Michelle Alford (Echevarria) on 11/1/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 92 | Standalone | 11/22/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client; Work Product | Notes of confidential interview of Phil Cooke on 11/22/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 93 | Standalone | 11/25/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client; Work Product | Notes of confidential interview of Phil Cooke on 11/25/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent/Attachment/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 94 | Standalone | 11/26/19 | Phelan, Andrew C. | | | | | 2021.12.03 HW interviews DW, JW, MA, PC.pdf | Attorney Client;Work Product | Notes of confidential interview of Phil Cooke on 11/26/2019 attended by Andrew Phelan, reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 95 | Parent | 10/17/19 7:39 PM | Connor, Bryan M. | Phelan, Andrew C. | Vonsover, Amir; Finn, Molly | | | Project ILewis - Call with Michelle Echevarria.msg | Attorney Client;Work Product | Email between counsel providing and discussing legal advice and prepared in anticipation of litigation regarding eBay internal investigation after Natick events. |
| 96 | Attachment | 10/17/19 | Connor, Bryan M. | Memo to File | | | | 052094-02_10819332v1_Project Lewis - Michelle Echeverria Call Memo to File (10.17.2019).DOCX | Attorney Client;Work Product | Notes of confidential interview of Michelle Echevarria on 10/17/2019 at 6:51 PM attended by Byan Connor, Andrew Phelan, Amir Vonsover and Molly Finn reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

* Morgan Lewis & Bockius LLP produces this privilege log without waiver of, and expressly preserves, any and all objections and challenges to the Fed. R. Crim. P. 17(c) subpoena issued to it, and reserves all rights to file a motion to quash the subpoena or to seek other protections, on all available grounds.  The provision of this privilege log, or any purported failure to list a document or information within the privilege log, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding and shall not limit the right of eBay or Morgan Lewis & Bockius LLP to assert privilege or work product protection over material or information in connection with this or any other proceeding.  Further, Morgan Lewis & Bockius LLP notes that certain of the documents logged within this privilege log may reflect potentially attorney-client privileged and/or work product protected information concerning matters not responsive to the subpoena.  Morgan Lewis & Bockius LLP has not undertaken to review all nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege/protection.  Morgan Lewis & Bockius LLP reserves the right to supplement and/or amend this privilege log.

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY REGARDING PRIVILEGE LOGS

**R56**

MLB_BAUGHPRIV_0002

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | Criminal No. 20-CR-10263-PBS |
| JIM BAUGH, et al., | Leave to file Redacted Exhibits Granted on January 20, 2022 |
| Defendants. | |

### SUPPLEMENTAL DECLARATION OF JACK W. PIROZZOLO, ESQ.

I, Jack W. Pirozzolo, hereby depose and say as follows:

1.      I submit this supplemental declaration in accordance with the Court's January 20, 2022 Order requiring the public filing of redacted versions of eBay Inc.'s ("eBay's") privilege logs (the "Order") (Dkt. 160) and in further support of the motions of eBay and Morgan, Lewis & Bockius LLP ("Morgan Lewis") to partially quash the Rule 17(c) Subpoenas served on them by defendant Jim Baugh ("Baugh") (Dkts. 137, 141). Unless otherwise noted, the statements set forth herein are based on my own personal knowledge. They are also true to the best of my knowledge, information and belief as of the date I signed this declaration.

2.      I am a partner with the law firm of Sidley Austin LLP and counsel of record for eBay in the above-captioned matter.

3.      Attached hereto as Exhibit 1 is a true and accurate copy of eBay's Initial Privilege Log that eBay produced to Baugh on November 8, 2021. Redactions are applied to the publicly-filed version of the Initial Privilege Log in accordance with the Order. eBay's Initial Privilege Log was previously filed with the Court under seal as Exhibit 7 to the Declaration of Jack W. Pirozzolo ("Pirozzolo Declaration") (Dkt. 140, Ex. 7).

4.     Attached hereto as Exhibit 2 is a true and accurate copy of eBay's Supplemental Privilege Log that eBay produced to Baugh on November 15, 2021.  Redactions are applied to the publicly-filed version of the Supplemental Privilege Log in accordance with the Order. eBay's Supplemental Privilege Log was previously filed with the Court under seal as Exhibit 9 to the Pirozzolo Declaration.  (Dkt. 140, Ex. 9).

5.     Attached hereto as Exhibit 3 is a true and accurate copy of eBay's Second Supplemental Privilege Log that eBay produced to Baugh on December 16, 2021.  Redactions are applied to the publicly-filed version of the Second Supplemental Privilege Log in accordance with the Order.  eBay's Second Supplemental Privilege Log was previously filed with the Court under seal as Exhibit 19 to the Pirozzolo Declaration. (Dkt. 140, Ex. 19).

I declare, under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed, February 10, 2022, in the Commonwealth of Massachusetts, United States of America.

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants. A copy of the unredacted exhibits is being filed with the Court and being served on counsel of record via email.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo

# EXHIBIT 1

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00001 | Standalone Document | 9/28/2020 | Request 1 | eBay Legal | | | | | | Lewis Exec Summary.pptx | Attorney Client Privileged; Work Product Protected | Report prepared by counsel containing legal advice regarding eBay internal investigation and remedial actions after Natick events, prepared in anticipation of litigation and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00002 | Standalone Document | 9/26/2020 | Request 1 | eBay Legal | | | | | | Lewis Summary 9.24.2020 [Autosaved].pptx | Attorney Client Privileged; Work Product Protected | Report prepared by counsel containing legal advice regarding eBay internal investigation and remedial actions after Natick events, prepared in anticipation of litigation and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00003 | Parent | 9/25/2019 | Request 2 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] Bates, Anthony [REDACTED] ; Swan, Bob [REDACTED] ; Hammer, Bonnie [REDACTED] ; Farrell, Diana [REDACTED] ; Anderson, Fred [REDACTED] ; Cohn, Jesse [REDACTED] ; Mitic, Katie [REDACTED] ; Green, Logan [REDACTED] ; Murphy, Matt [REDACTED] ; Pressler, Paul [REDACTED] ; Traquina, Perry [REDACTED] ; Omidyar, Pierre [REDACTED] ; Tierney, Thomas [REDACTED] | Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] ; Cring, Andy [REDACTED] >; Billante, Joe [REDACTED] ; Rome, Mark [REDACTED] ; Huber, Marie [REDACTED] | | FYI - CEO change 8-K; media coverage | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00004 | Attachment | 9/25/2019 | Request 2 | Sergio de la Calle | | | | | | Media EOD summary 20190925.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation |
| Log00005 | Attachment | 9/25/2019 | Request 2 | | | | | | | 806459A.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from counsel to company representative(s) providing information to allow for the rendering of legal advice |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00006 | Parent | 3/15/2020 | Request 2 | Billante, Joe | Billante, Joe [REDACTED] | Thomas Tierney [REDACTED] ; Adriane Brown [REDACTED] ; Diana Farrell [REDACTED] ; Bob Swan [REDACTED] ; Perry Traquina [REDACTED] | Schenkel, Scott [REDACTED] ; Huber, Marie [REDACTED] ; Yetto, Kristin [REDACTED] ; Cring, Andy [REDACTED] ; Finn, Molly [REDACTED] ; Andrew Phelan [REDACTED] ; Rome, Marc [REDACTED] | | Project Lewis Draft Communications - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email between company representatives reflecting legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00007 | Attachment | 3/15/2020 | Request 2 | Joele Frank | | | | | | DRAFT Project Lewis Indictment Scenario Press Release 20200313.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00008 | Parent | 6/10/2020 | Request 2 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Bates, Anthony [REDACTED] ; Swan, Bob [REDACTED] ; Hammer, Bonnie [REDACTED] ; Farrell, Diana [REDACTED] ; Anderson, Fred [REDACTED] ; Cohn, Jesse [REDACTED] ; Mitic, Katie [REDACTED] ; Green, Logan [REDACTED]; Murphy, Matt [REDACTED] ; Pressler, Paul [REDACTED] ; Traquina, Perry [REDACTED] ; Omidyar, Pierre [REDACTED] ; Tierney, Thomas [REDACTED] | Billante, Joe [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Iannone, Jamie [REDACTED] ; Yetto, Kristin [REDACTED] | | Lewis Update - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00009 | Attachment | 6/10/2020 | Request 2 | Sergio de la Calle | | | | | | DRAFT Project Lewis Press Release only.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00010 | Parent | 6/9/2020 | Request 2 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Billante, Joe [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Iannone, Jamie [REDACTED] ; Pressler, Paul [REDACTED] ; Yetto, Kristin [REDACTED] | | Lewis Update - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00011 | Attachment | 6/9/2020 | Request 2 | Sergio de la Calle | | | | | | DRAFT Project Lewis Press Release only.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00012 | Parent | 6/23/2020 | Request 2 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Cohn, Jesse [REDACTED] ; Pressler, Paul [REDACTED] ; Traquina, Perry [REDACTED] | Billante, Joe [REDACTED] ; Bonnett, Erica E. [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Iannone, Jamie [REDACTED] ; Meli, Graham W. [REDACTED] ; Neff, Daniel A. [REDACTED] ; Rome, Marc [REDACTED] ; Savitt, William D. [REDACTED] ; Yetto, Kristin [REDACTED] | | Lewis Committee 6.24.20, 1 pm PT/4 pm ET - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and prepared in anticipation of litigation. |
| Log00013 | Attachment | 6/23/2020 | Request 2 | | | | | | | Lewis Special Committee - Clawback Analysis [WLRK Draft 6.24.20].PPTX | Attorney Client Privileged; Work Product Protected | Presentation prepared by counsel providing and discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and prepared in anticipation of litigation. |
| Log00014 | Parent | 6/20/2020 | Request 2 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Cohn, Jesse [REDACTED] ; Pressler, Paul [REDACTED] ; Traquina, Perry [REDACTED] | Billante, Joe [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Iannone, Jamie [REDACTED] ; Rome, Marc [REDACTED] ; Yetto, Kristin [REDACTED] | | For the Lewis mtg 6.20.20 - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R63**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00015 | Attachment | 6/20/2020 | Request 2 | JF | | | | | | DRAFT Project Lewis - pros and cons list.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00016 | Parent | 6/25/2020 | Request 2 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED]; Bates, Anthony [REDACTED]; Swan, Bob [REDACTED]; Hammer, Bonnie [REDACTED]; Farrell, Diana [REDACTED]; Anderson, Fred [REDACTED]; Iannone, Jamie [REDACTED]; Cohn, Jesse [REDACTED]; Mitic, Katie [REDACTED]; Green, Logan [REDACTED]; Murphy, Matt [REDACTED]; Pressler, Paul [REDACTED]; Traquina, Perry [REDACTED]; Omidyar, Pierre [REDACTED]; Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] | | Summary of 6.24.20 Lewis Committee Mtg - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00017 | Attachment | 6/25/2020 | Request 2 | Huber, Marie | | | | | | Lewis Special Committee - Clawback Analysis WLRK Draft 6.23.20 (004).pptx | Attorney Client Privileged; Work Product Protected | Presentation prepared by counsel providing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and prepared in anticipation of litigation. |
| Log00018 | Attachment | 6/25/2020 | Request 2 | Sergio de la Calle | | | | | | DRAFT Project Lewis Director Bridging Phrases (004).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

**R64**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00019 | Parent | 1/6/2020 | Request 2 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Billante, Joe [REDACTED] ; Cring, Andy [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | Project Lewis Draft Communications - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00020 | Attachment | 1/6/2020 | Request 2 | Sergio de la Calle | | | | | | DRAFT Project Lewis Leak Scenario Press Release.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00021 | Attachment | 1/6/2020 | Request 2 | Sergio de la Calle | | | | | | DRAFT Project Lewis Leak Scenario Plan Employee Letter.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00022 | Attachment | 1/6/2020 | Request 2 | Sergio de la Calle | | | | | | DRAFT Project Lewis Indictment Scenario Press Release.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00023 | Attachment | 1/6/2020 | Request 2 | Sergio de la Calle | | | | | | DRAFT Project Lewis Indictment Scenario Employee Letter.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00024 | Parent | 1/7/2020 | Request 2 | Colman, Robin | Colman, Robin [REDACTED] | Paul Pressler [REDACTED] ; Thomas Tierney [REDACTED] ; Bonnie Hammer [REDACTED] ; Tony Bates [REDACTED] ; Katie Mitic [REDACTED] | Pilson,David [REDACTED] | | SVP Severance Plan Appeal | SVP Severance Plan Appeal.msg | Attorney Client Privileged; Work Product Protected | Email between company representatives providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and prepared in anticipation of litigation. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R65**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00025 | Attachment | 1/7/2020 | Request 2 | Finn, Molly | | | | | | SVP Severance Plan Appeal Comp Committee Summary 1.7.2020.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and prepared in anticipation of litigation. |
| Log00026 | Attachment | 1/7/2020 | Request 2 | Administrator | | | | | | Wymer Appendix .pdf | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication from counsel to company representative(s) providing information to allow the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00027 | Attachment | 1/7/2020 | Request 2 | | | | | | | eBay Restated SVP and Above Standard Severance Plan-Final Jan 1 2016.pdf | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication from counsel to company representative(s) providing information to allow the rendering of legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and prepared in anticipation of litigation. |

**R66**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00028 | Standalone Document | 4/16/2020 | Request 2 | Mehta, Elna(AWF) | | | | | | CompensationCommitteeMinutes20200108FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Compensation Committee on January 8, 2020, containing legal advice provided by internal counsel regarding Board/Committee evaluations and/or determinations related to executive employment matters, including claims, prepared in anticipation of litigation and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. Minutes also reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. eBay has not undertaken to review this nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege and/or protection. |
| Log00029 | Standalone Document | 4/16/2020 | Request 2 | Rome, Marc | | | | | | BoardMinutes20200107FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Board of Directors on January 7-8, 2020 reflecting potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. eBay has not undertaken to review this nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege and/or protection. |
| Log00030 | Standalone Document | 1/9/2020 | Request 2 | | | | | | | BODMinutes20190917FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Board of Directors on September 17-18, 2019 reflecting potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. eBay has not undertaken to review this nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege and/or protection. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00031 | Standalone Document | 1/17/2021 | Request 2 | Rome, Marc | | | | | | BODMinutes20200317-18FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Board of Directors on March 17-18, 2020 reflecting potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena.  eBay has not undertaken to review this nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege and/or protection. |
| Log00032 | Standalone Document | 1/17/2021 | Request 2 | Nitzen, Leana | | | | | | BODMinutes20200616-17FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Board of Directors on June 16-17, 2020, containing legal advice provided by internal counsel regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding potential litigation; and regarding employment/personnel matters and/or actions after Natick events, prepared in anticipation of litigation and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents.  Minutes also reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena.  eBay has not undertaken to review this nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege and/or protection. |
| Log00033 | Standalone Document | 1/17/2021 | Request 2 | Nitzen, Leana | | | | | | ProjectLewisMinutes20200107FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Special Committee on January 7, 2020, containing legal advice provided by outside counsel regarding law enforcement investigations after Natick events; and regarding employment/personnel matters and/or actions after Natick events, prepared in anticipation of litigation and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

EBAY_BAUGHPRIV_0001

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00034 | Standalone Document | 1/17/2021 | Request 2 | Hall, Kathryn | | | | | | ProjectLewisMinutes20200624FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Special Committee on June 24, 2020, containing legal advice provided by outside counsel regarding Board/Committee evaluations and/or determinations related to executive employment matters, prepared in anticipation of litigation and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00035 | Parent | 10/3/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Bates, Anthony [REDACTED] ; Swan, Bob [REDACTED] ; Hammer, Bonnie [REDACTED] ; Farrell, Diana [REDACTED] ; Anderson, Fred [REDACTED] ; Cohn, Jesse [REDACTED] ; Mitic, Katie [REDACTED] ; Green, Logan [REDACTED] ; Murphy, Matt [REDACTED] ; Pressler, Paul [REDACTED] ; Traquina, Perry [REDACTED] ; Omidyar, Pierre [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Billante, Joe [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | 10.3.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R69**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00036 | Attachment | 10/3/2019 | Request 2; Request 6 | | | | | | | 052094-02__10745193 4v1_ACP Memo to Special Committee 9_25_19.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding Board/Committee evaluations and/or determinations related to executive employment matters; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00037 | Attachment | 10/3/2019 | Request 2; Request 6 | | | | | | | DRAFT Project Lewis Release (01130683xA2 6CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00038 | Parent | 9/26/2019 | Request 2; Request 6 | Huber, Marie [REDACTED] | Huber, Marie [REDACTED] | Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Mitic, Katie [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Billante, Joe [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00039 | Attachment | 9/26/2019 | Request 2; Request 6 | | | | | | | 052094-02__10745193 4v1_ACP Memo to Special Committee 9_25_19.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding Board/Committee evaluations and/or determinations related to executive employment matters; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00040 | Attachment | 9/26/2019 | Request 2; Request 6 | Eric Brielmann | | | | | | DRAFT Project Lewis Release (01129369-8xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00041 | Parent | 10/30/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Billante, Joe [REDACTED] ; Cring, Andy [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | Project Lewis - Reddit posting and revised statement - Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00042 | Attachment | 10/30/2019 | Request 2; Request 6 | bgolden | | | | | | Draft Project Lewis Release (5 pm).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

R71

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00043 | Parent | 10/23/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | FW: Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00044 | Attachment | 10/23/2019 | Request 2; Request 6 | | | | | | | 2019.10.18 - Production Letter 2 to USAO.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication prepared by counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events. |
| Log00045 | Parent | 11/8/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Billante, Joe [REDACTED] ; Cring, Andy [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Yetto, Kristin [REDACTED] >; Schenkel, Scott [REDACTED] | | eBay: Andy Phelan Memo to Lewis Special Committee - Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00046 | Attachment | 11/8/2019 | Request 2; Request 6 | | | | | | | 052094-02__109777006v1_eBay ACP Memo to Special Committee 11_7_19.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00047 | Parent | 11/26/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] >; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Billante, Joe [REDACTED] ; Cring, Andy [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | Project Lewis update to Special Committee 11.26.19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00048 | Attachment | 11/26/2019 | Request 2; Request 6 | | | | | | | 052094-02__11013620 7v2_eBay 11_26_19 Project Lewis update to Special Committee.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; and regarding employment/personnel matters and/or actions after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00049 | Parent | 9/27/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Mitic, Katie [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Cring, Andy [REDACTED] ; Huber, Marie [REDACTED] ; Billante, Joe [REDACTED] ; Finn, Molly [REDACTED] ; Neff, Daniel A. [REDACTED] ; Phelan, Andrew C. [REDACTED] ; Rome, Marc [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | Sept 27: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00050 | Attachment | 9/27/2019 | Request 2; Request 6 | Eric Brielmann | | | | | | DRAFT Project Lewis Release (01130683xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

**R73**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00051 | Parent | 11/18/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] ; Swan, Bob [REDACTED] ; Farrell, Diana [REDACTED] ; Traquina, Perry [REDACTED] ; Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] ; Billante, Joe [REDACTED] ; Cring, Andy [REDACTED] ; Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Schenkel, Scott [REDACTED] ; Yetto, Kristin [REDACTED] | | Project Lewis Special Committee Update 11.18.19 - Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00052 | Attachment | 11/18/2019 | Request 2; Request 6 | | | | | | | 052094-02__109967407v1_eBay 11_18_19 Project Lewis update to Special Committee.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00053 | Standalone Document | 8/10/2021 | Request 3 | Macauley, Shannon | | | | | | 2019.08.23 Jim Baugh.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jim Baugh on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Jim Baugh reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R74**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00054 | Standalone Document | 9/12/2019 | Request 3 | Macauley, Shannon | | | | | | 2019.08.23 Jim Baugh_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jim Baugh on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Jim Baugh reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00055 | Standalone Document | 9/12/2019 | Request 3 | Macauley, Shannon | | | | | | 2019.08.27 Jim Baugh_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jim Baugh on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and Jim Baugh reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00056 | Standalone Document | 2/23/2021 | Request 3 | Macauley, Shannon | | | | | | 2019.08.28 Jim Baugh_4.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jim Baugh on August 28, 2019, attended by Shannon Macauley, Amir Vonsover, and Jim Baugh reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00057 | Standalone Document | 11/5/2021 | Request 4 | | | | | | | 2019.09.12 Baugh Counsel.docx | Attorney Client Privileged; Work Product Protected | Notes of conversations between Andy Phelan and Josh Bentley on September 12, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00058 | Standalone Document | 9/12/2019 | Request 4 | Vonsover, Amir | | | | | | Phelan Bentley call 9.12.2019 AJV.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Andy Phelan, Amir Vonsover, and Josh Bentley on September 12, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00059 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Brian Gilbert.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Brian Gilbert on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Brian Gilbert reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, and prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00060 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Dave Harville.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00061 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Scott Fitzgerald.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00062 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Stephanie Popp.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00063 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Tony Shepard.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Shannon Macauley, Amir Vonsover and Tony Shepard on August 23, 2019, in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00064 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Veronica Zea.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00065 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Veronica Zea_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00066 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Dave Harville_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00067 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Stephanie Popp_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R78**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00068 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Stephanie Stockwell.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Stockwell on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Stockwell reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00069 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Veronica Zea_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, Ellen Sherman, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00070 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Dave Harville_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R79**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00071 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Stephanie Popp_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00072 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Steve Wymer.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00073 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.28 Steve Wymer_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 28, 2019, attended by Shannon Macauley, Amir Vonsover, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

R80

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00074 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Brian Gilbert (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Brian Gilbert on August 30, 2019, attended by Andy Phelan, Jordan Mundell, Shannon Macauley, and Brian Gilbert reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00075 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Scott Fitzgerald (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on August 30, 2019, attended by Colin West, Bryan Connor, Shannon Macauley, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00076 | Standalone Document | 2/3/2020 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Steve Wymer (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 30, 2019, attended by Andy Phelan, Jordan Mundell, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00077 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Wendy Jones (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Wendy Jones on August 30, 2019, attended by Andy Phelan, Jordan Mundell, Shannon Macauley, and Wendy Jones reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00078 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.03 Brian Gilbert (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Brian Gilbert on September 3, 2019, attended by Andy Phelan, Jordan Mundell, Colin West, Shannon Macauley, and Brian Gilbert reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00079 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.03 Scott Fitzgerald (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on September 3, 2019, attended by Colin West, Jordan Mundell, Andy Phelan, Shannon Macauley, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00080 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.05 Scott Fitzgerald (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on September 5, 2019, attended by Colin West, Andy Phelan, Shannon Macauley, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00081 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.06 Wendy Jones (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Wendy Jones on September 6, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Wendy Jones reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00082 | Standalone Document | 2/3/2020 | Request 4 | Macauley, Shannon | | | | | | 2019.09.09 Steve Wymer (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on September 9, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00083 | Standalone Document | 11/2/2021 | Request 4 | | | | | | | 2019.09.13 Julianne Whitelaw Interview (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Julianne Whitelaw on September 13, 2019, attended by Andy Phelan, Colin West, Amir Vonsover, and Julianne Whitelaw reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00084 | Standalone Document | 10/15/2019 | Request 4 | Vonsover, Amir | | | | | | 2019.10.15 Michelle Echevaria.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Echevaria on October 15, 2019, attended by Molly Finn, Amir Vonsover, and Michelle Echevaria reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00085 | Standalone Document | 7/2/2020 | Request 4 | Kimberley Phelan | | | | | | 2020.03.06 Meagan Barret Interview (ML).docx | Attorney Client Privileged; Work Product Protected | Memorandum of confidential interview of Meaghan Barrett on March 6, 2020, attended by Andy Phelan and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R84**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00086 | Standalone Document | 7/1/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.06.23 Matt Drazba Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Matt Drazba on June 23, 2020, attended by Shannon Macauley, Amir Vonsover, and Matt Drazba reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00087 | Standalone Document | 6/24/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.06.24 Dan Cory Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Dan Cory on June 23, 2020, attended by Shannon Macauley, Amir Vonsover, and Dan Cory reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00088 | Standalone Document | 7/1/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.06.25 Gurneet Jandir Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on June 25, 2020, attended by Shannon Macauley, Amir Vonsover, and Gurneet Jandir reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00089 | Standalone Document | 7/1/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.06.25 Karl Barnhart Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Karl Barnhart on June 25, 2020, attended by Shannon Macauley, Amir Vonsover, and Karl Barnhart reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00090 | Standalone Document | 7/7/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.06.30 Michelle Alford Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Alford on June 30, 2020, attended by Shannon Macauley, Amir Vonsover, and Michelle Alford reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00091 | Standalone Document | 6/22/2021 | Request 4 | Macauley, Shannon | | | | | | 2020.07.01 Meagan Barret Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Meagan Barret on July 1, 2020, attended by Shannon Macauley, Amir Vonsover, and Meagan Barret reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00092 | Standalone Document | 7/9/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.06 Greg Crandall Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gregg Crandall on July 6, 2020, attended by Shannon Macauley, Molly Finn, and Greg Crandall reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00093 | Standalone Document | 7/7/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.06 Neil Lynch Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Neil Lynch on July 6, 2020, attended by Shannon Macauley, Molly Finn, and Neil Lynch reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00094 | Standalone Document | 7/9/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.07 Alicia Maria Domingos Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Alicia Maria Domingos on July 7, 2020, attended by Shannon Macauley, Molly Finn, and Alicia Maria Domingos reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00095 | Standalone Document | 7/9/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.07 Jason Holly Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jason Holly on July 7, 2020, attended by Shannon Macauley, Molly Finn, and Jason Holly reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00096 | Standalone Document | 7/10/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.07 Stephano Lee Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephano Lee on July 6, 2020, attended by Shannon Macauley, Molly Finn, and Stephano Lee reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00097 | Standalone Document | 7/6/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.07 Tinel Bedford Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Tinel Bedford on July 6, 2020, attended by Shannon Macauley, Molly Finn, and Tinel Bedford reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00098 | Standalone Document | 7/9/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.08 Bernadette King Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Bernadette King on July 8, 2020, attended by Shannon Macauley, Molly Finn, and Bernadette King reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00099 | Standalone Document | 9/9/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.08 Gurneet Jandir Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on July 8, 2020, attended by Shannon Macauley, Molly Finn, and Gurneet Jandir reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00100 | Standalone Document | 7/9/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.08 Matt Drazba Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Matt Drazba on July 8, 2020, attended by Shannon Macauley, Molly Finn, and Matt Drazba reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00101 | Standalone Document | 7/9/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.09 Alicia Maria Domingos Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Alicia Maria Domingos on July 9, 2020, attended by Shannon Macauley, Molly Finn, and Alicia Maria Domingos reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00102 | Standalone Document | 10/2/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.09 Jason Holly Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jason Holly on July 9, 2020, attended by Shannon Macauley, Molly Finn, and Jason Holly reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00103 | Standalone Document | 2/1/2021 | Request 4 | Macauley, Shannon | | | | | | 2020.07.09 Meagan Barret Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Meagan Barret on July 9, 2020, attended by Shannon Macauley, Andy Phelan, and Meagan Barrett reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00104 | Standalone Document | 11/1/2021 | Request 4 | Macauley, Shannon | | | | | | 2020.07.13 Sai Dinesh Mokkapati.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Sia Dinesh Mokkapati on July 13, 2020, attended by Shannon Macauley, Molly Finn, and Sia Dinesh Mokkapati reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00105 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.15 Ken Ton Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Ken Ton on July 15, 2020, attended by Shannon Macauley, David Wolfe, and Ken Ton reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00106 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.15 Mario Bravo Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Mario Bravo on July 15, 2020, attended by Shannon Macauley, Mario Bravo, Samantha Volpenhein, and David Wolfe reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00107 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Daniela Lomeli Interview .docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Daniela Lomeli on July 16, 2020, attended by Shannon Macauley, David Wolfe, Daniela Lomeli, and Samantha Volpenhein reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00108 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Frank Yu Interview .docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Frank Yu on July 16, 2020, attended by Shannon Macauley, David Wolfe, Kristy Chin, and Frank Yu reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00109 | Standalone Document | 7/16/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Jeffrey Vonasek Interview .docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jeffrey Vonasek on July 16, 2020, attended by Shannon Macauley, David Wolfe, Jeffrey Vonasek, and Samantha Volpenhein reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

EBAY_BAUGHPRIV_0001

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00110 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Jim Koepf Interview .docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Jim Koepf on July 16, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Jim Koepf reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00111 | Standalone Document | 7/16/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Kevin Padilla Interview .docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Kevin Padilla on July 16, 2020, attended by Shannon Macauley, David Wolfe, Kevin Padilla, and Samantha Volpenhein reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00112 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Kevin Wren Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Kevin Wren on July 16, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Kevin Wren reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00113 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Mark Dulay Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Mark Dulay on July 16, 2020, attended by Shannon Macauley, David Wolfe, Mark Dulay, and Samantha Volpenhein reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00114 | Standalone Document | 7/16/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Stacie McGrady Interview .docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stacie McGrady on July 16, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Stacie McGrady reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00115 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.16 Victor Castillo Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Victor Castillo on July 16, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Victor Castillo reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

EBAY_BAUGHPRIV_0001

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00116 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.17 Carmen Castro Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Carmen Castro on July 17, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Carmen Castro reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00117 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.17 Geoff Quares Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Geoff Quares on July 17, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Geoff Quares reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00118 | Standalone Document | 7/17/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.17 Ray Romero Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Ray Romero on July 17, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Ray Romero reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00119 | Standalone Document | 7/28/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.27 Miguel Mercado Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Miguel Mercado on July 27, 2020, attended by Shannon Macauley, David Wolfe, Miguel Mercado, and Samantha Volpenhein reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00120 | Standalone Document | 7/28/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.27 Pete Scanlan Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Pete Scanlan on July 27, 2020, attended by Shannon Macauley, David Wolfe, Pete Scanlan, and Samantha Volpenhein reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00121 | Standalone Document | 7/30/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.07.28 Richard Howard Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Richard Howard on July 28, 2020, attended by Shannon Macauley, David Wolfe, Samantha Volpenhein, and Richard Howard reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00122 | Standalone Document | 8/5/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.08.05 Lizette Martinez Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Lizette Martinez on August 5, 2020, attended by Shannon Macauley, David Wolfe, Lizette Martinez, and Samantha Volpenhein reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00123 | Standalone Document | 9/15/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.08.13 Gurneet Jandir Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on August 13, 2020, attended by Shannon Macauley, Amir Vonsover, and Gurneet Jandir reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00124 | Standalone Document | 9/11/2020 | Request 4 | Macauley, Shannon | | | | | | 2020.09.09 Gurneet Jandir Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on September 9, 2020, attended by Shannon Macauley, Amir Vonsover, and Gurneet Jandir reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00125 | Attachment | 9/10/2019 | Request 4 | | | | | | | Notes from Wenig.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Devin Wenig on September 10, 2019, attended by Andrew Phelan, Colin West, and Devin Wenig, reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00126 | Attachment | 9/13/2019 | Request 4; Request 6 | Vonsover, Amir | | | | | | Harville Attorney meeting 9.13.2019 AJV.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on September 13, 2019, attended by Andy Phelan, Colin West, Amir Vonsover, David Harville, and Evan Nelson reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00127 | Standalone Document | 7/10/2019 | Request 6 | Wenig, Devin | Wenig, Devin [REDACTED] | Huber, Marie [REDACTED] ; Wymer, Steve [REDACTED] | | | Fwd: eBay Imposter Twitter account | 000110893.msg | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00128 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Wenig, Devin [REDACTED] ; Wymer, Steve [REDACTED] | Baugh, Jim [REDACTED] ; Huber, Marie [REDACTED] ; Johnson, Aaron [REDACTED] | | FW: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00129 | Standalone Document | 7/10/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | OOTP [REDACTED] | Johnson, Aaron [REDACTED] ; Wymer, Steve [REDACTED] | | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00130 | Standalone Document | 7/15/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Hadlock, Kameron [REDACTED] ; Johnson, Aaron [REDACTED] ; Leavitt, Amber [REDACTED] ; Wymer, Steve [REDACTED] | | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

**R98**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00131 | Standalone Document | 3/23/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Popp, Stephanie [REDACTED] | Jones, Wendy [REDACTED] | | FW: FidoMaster1 Tweets (3/23) | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00132 | Standalone Document | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] | Popp, Stephanie [REDACTED] | | Re: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement  #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting information to render legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |
| Log00133 | Standalone Document | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] | | Popp, Stephanie [REDACTED] | FW: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement  #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00134 | Standalone Document | 4/9/2019 | Request 6 | Jones, Wendy | Jones, Wendy [REDACTED] | Popp, Stephanie [REDACTED] | Baugh, Jim [REDACTED] | | Re: Fidomaster1 Tweet (4/9) | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00135 | Standalone Document | 3/23/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] ; Popp, Stephanie [REDACTED] ; Rome, Marc [REDACTED] | Baugh, Jim [REDACTED] | | Re: FidoMaster1 Tweets (3/23) | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00136 | Standalone Document | 3/21/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Baugh, Jim [REDACTED] | Rome, Marc [REDACTED] | | RE: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting information to render legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00137 | Standalone Document | 3/21/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Baugh, Jim [REDACTED] | Rome, Marc [REDACTED] | | RE: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement  #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting information to render legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |
| Log00138 | Standalone Document | 3/21/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Baugh, Jim [REDACTED] ; Finn, Molly [REDACTED] ; Rome, Marc [REDACTED] | Billante, Joe [REDACTED] ; Freiha, Selim [REDACTED] | | RE: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement  #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting information to render legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00139 | Standalone Document | 3/22/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Baugh, Jim [REDACTED] | | | Re: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting information to render legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |
| Log00140 | Standalone Document | 5/22/2019 | Request 6 | Jones, Wendy | Jones, Wendy [REDACTED] | Phimister, Russell [REDACTED] | Baugh, Jim [REDACTED] ; Wymer, Steve [REDACTED] | | Re: Ina Steiner - Walker's West | | Attorney Client Privileged | Email between company employees reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00141 | Standalone Document | 5/23/2019 | Request 6 | Phimister, Russell | Phimister, Russell [REDACTED] | Baugh, Jim [REDACTED] | Edwards, Tom [REDACTED] | | Fwd: Ina Steiner - Walker's West | | Attorney Client Privileged | Email between company employees reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00142 | Standalone Document | 5/22/2019 | Request 6 | Jones, Wendy | Jones, Wendy [REDACTED] | Phimister, Russell [REDACTED] | Baugh, Jim [REDACTED] ; Wymer, Steve [REDACTED] | | Re: Ina Steiner - Walker's West | | Attorney Client Privileged | Email between company employees reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00143 | Standalone Document | 5/23/2019 | Request 6 | Jones, Wendy | Jones, Wendy [REDACTED] | Phimister, Russell [REDACTED] | Baugh, Jim [REDACTED] | | Re: Ina Steiner - Walker's West | | Attorney Client Privileged | Email between company employees reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00144 | Standalone Document | 7/15/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Baugh, Jim [REDACTED] | | | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00145 | Standalone Document | 7/10/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Baugh, Jim [REDACTED] | | | Fwd: eBay Imposter Twitter account | | Attorney Client Privileged | Email between company employees reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00146 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | Baugh, Jim [REDACTED] | FW: Ina Steiner - Walker's West | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00147 | Parent | 8/26/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] | | Baugh, Jim [REDACTED] | CONFIDENTIAL \| Ecommerce Threat | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00148 | Attachment | 8/26/2019 | Request 6 | | | | | | | Screen Shot 2019-08-26 at 8.53.17 PM.png | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00149 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | Baugh, Jim [REDACTED] | FW: FidoMaster Hillhouse | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00150 | Parent | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | Baugh, Jim [REDACTED] | Wymer screenshots | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00151 | Attachment | 8/27/2019 | Request 6 | | | | | | | IMG_8244.jpeg | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00152 | Attachment | 8/27/2019 | Request 6 | | | | | | | IMG_8391.jpeg | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |

**R103**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00153 | Parent | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | Baugh, Jim [REDACTED] | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00154 | Attachment | 8/27/2019 | Request 6 | | | | | | | Screenshot_20 190806-071052_Twitter.jpg | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00155 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | Baugh, Jim [REDACTED] | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00156 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | Baugh, Jim [REDACTED] | FW: Suspicious Comments | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00157 | Parent | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | Baugh, Jim [REDACTED] | CindyW screenshot | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00158 | Attachment | 8/27/2019 | Request 6 | | | | | | | IMG_8600.JPG | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00159 | Standalone Document | 8/6/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Wenig, Devin [REDACTED] | Huber, Marie [REDACTED] ; Wymer, Steve [REDACTED] | Baugh, Jim [REDACTED] | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00160 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Baugh, Jim [REDACTED] ; Wenig, Devin [REDACTED] | Wymer, Steve [REDACTED] | | RE: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00161 | Standalone Document | 8/6/2019 | Request 6 | Wenig, Devin | Wenig, Devin [REDACTED] | Baugh, Jim [REDACTED] | Huber, Marie [REDACTED] ; Wymer, Steve [REDACTED] | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00162 | Standalone Document | 8/7/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Wymer, Steve [REDACTED] | Baugh, Jim [REDACTED] ; Huber, Marie [REDACTED] | | RE: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00163 | Parent | 8/6/2019 | Request 6 | Wenig, Devin | Wenig, Devin [REDACTED] | Baugh, Jim [REDACTED] ; Huber, Marie [REDACTED] ; Wymer, Steve [REDACTED] | | | Fwd: eBay Imposter Twitter account | | Attorney Client Privileged | Email from company employee to counsel requesting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00164 | Attachment | 8/6/2019 | Request 6 | | | | | | | Screenshot_20190806-071052_Twitter.jpg | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00165 | Standalone Document | 7/10/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Wymer, Steve [REDACTED] | | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between company employees reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00166 | Standalone Document | 8/26/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Baugh, Jim [REDACTED] | | | Re: CONFIDENTIAL | Ecommerce Threat | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00167 | Standalone Document | 7/15/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Wymer, Steve [REDACTED] | | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00168 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | | FW: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00169 | Standalone Document | 5/23/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Jones, Wendy [REDACTED] ; Phimister, Russell [REDACTED] | | | Re: Ina Steiner - Walker's West | | Attorney Client Privileged | Email between company employees requesting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00170 | Standalone Document | 5/5/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] | | | Fwd: Elliott - Enhancing eBay | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00171 | Parent | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | | Ecommerce threat history | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00172 | Attachment | 8/27/2019 | Request 6 | | | | | | | 2018[1].pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00173 | Attachment | 8/27/2019 | Request 6 | Akdeniz, Meli(AWF) | | | | | | 2017[1].pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00174 | Attachment | 8/27/2019 | Request 6 | Stockwell, Stephanie | | | | | | 2019[2][1].pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00175 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | | FW: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |

**R106**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00176 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00177 | Standalone Document | 8/27/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Vonsover, Amir [REDACTED] | | | FW: FidoMaster Hillhouse | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00178 | Standalone Document | 8/6/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Jones, Wendy [REDACTED] | | | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00179 | Standalone Document | 8/26/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] | | | Re: CONFIDENTIAL \| Ecommerce Threat | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00180 | Standalone Document | 8/6/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Jones, Wendy [REDACTED] | | | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00181 | Standalone Document | 7/15/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Hadlock, Kameron [REDACTED] ; Huber, Marie [REDACTED] ; Johnson, Aaron [REDACTED] ; Leavitt, Amber [REDACTED] | | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00182 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | RE: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00183 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | RE: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00184 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | RE: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00185 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] ; Leavitt, Amber [REDACTED] | | | Fwd: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00186 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | Re: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding unrelated litigation/legal matters. |
| Log00187 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | RE: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding unrelated litigation/legal matters. |
| Log00188 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | FW: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00189 | Standalone Document | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | FW: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00190 | Standalone Document | 7/10/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Huber, Marie [REDACTED] ; Johnson, Aaron [REDACTED] ; Leavitt, Amber [REDACTED] ; OOTP [REDACTED] | | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00191 | Parent | 8/22/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] | Vonsover, Amir [REDACTED] | | Natick Mass. Police | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00192 | Attachment | 8/22/2019 | Request 6 | | | | | | | 20190821 - case 01778103.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events. |

**R108**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00193 | Attachment | 8/22/2019 | Request 6 | Jones, Spencer | Jones, Spencer [REDACTED] | Baugh, Jim [REDACTED] | | | FW: eBay/StubHub - Case 01777906 [ ref:_00D1I1Uk RS._5001INn5Jj :ref ] | | Attorney Client Privileged | Email from in-house counsel requesting information to render legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events. |
| Log00194 | Standalone Document | 7/10/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Huber, Marie [REDACTED] ; OOTP [REDACTED] | Johnson, Aaron [REDACTED] | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain from company employee to counsel requesting legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00195 | Standalone Document | 8/22/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] ; Johnson, Aaron [REDACTED] | | | Re: Natick Mass. Police - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00196 | Standalone Document | 8/22/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] ; Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED] ; Ricupero, Kara [REDACTED] | | Natick, MA Incident (privileged) | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00197 | Parent | 8/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Leavitt, Amber [REDACTED] | Johnson, Aaron [REDACTED] | | Fwd: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting information to render legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00198 | Attachment | 8/6/2019 | Request 6 | | | | | | | Screenshot_20 190806-071052_Twitte r.jpg | Attorney Client Privileged | Attachment to Privileged/Protected Communication from in-house counsel requesting information to render legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00199 | Standalone Document | 7/10/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Hadlock, Kameron [REDACTED] ; Huber, Marie [REDACTED] ; Johnson, Aaron [REDACTED] ; Leavitt, Amber [REDACTED] | | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting a request for legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00200 | Standalone Document | 8/22/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Johnson, Aaron [REDACTED] | | | Re: Talk | | Attorney Client Privileged | Email chain between counsel and company employee(s) requesting information to render legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00201 | Parent | 8/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] ; Johnson, Aaron [REDACTED] | | | FW: Natick Mass. Police - Privileged | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00202 | Attachment | 8/22/2019 | Request 6 | | | | | | | 20190821 - case 01778103.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events. |
| Log00203 | Attachment | 8/22/2019 | Request 6 | Jones, Spencer | Jones, Spencer [REDACTED] | Baugh, Jim [REDACTED] | | | FW: eBay/StubHub - Case 01777906 [ ref:_00D1I1UkRS._5001lNn5Jj :ref ] | | Attorney Client Privileged | Email from in-house counsel requesting information to render legal advice regarding eBay response to law enforcement investigations after Natick events. |
| Log00204 | Standalone Document | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] | Billante, Joe [REDACTED] ; Freiha, Selim [REDACTED] | | Re: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00205 | Standalone Document | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] | | | Fwd: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00206 | Parent | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] ; Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] | Billante, Joe [REDACTED] ; Freiha, Selim [REDACTED] | | Re: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

**R111**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00207 | Attachment | 3/21/2019 | Request 6 | Alford, Michelle(AWF) | | | | | | FidoMaster1 - POI Report[1].pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00208 | Standalone Document | 5/2/2019 | Request 6 | Jones, Wendy | Jones, Wendy [REDACTED] | Hanson, Jay [REDACTED] ; Wenig, Devin [REDACTED] | Subramanyan, Sankar [REDACTED] ; Temkin, Harry [REDACTED] | | Re: Launch Day: Seller Update 19.1 - Seller Reaction Check-in 2 of 2 | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00209 | Standalone Document | 8/29/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Fwd: Privileged discussion - MLB and M. Huber | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00210 | Standalone Document | 8/29/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Cerveny, Laurie A. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Huber, Marie [REDACTED] ; Phelan, Andrew C. [REDACTED] | | Re: Privileged discussion - MLB and M. Huber | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00211 | Standalone Document | 8/6/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Huber, Marie [REDACTED] | | | Re: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00212 | Standalone Document | 8/6/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Huber, Marie [REDACTED] ; Leavitt, Amber [REDACTED] | | | RE: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00213 | Standalone Document | 8/6/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Huber, Marie [REDACTED] | | | RE: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00214 | Standalone Document | 8/6/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Huber, Marie [REDACTED] | | | RE: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding unrelated litigation/legal matters. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00215 | Standalone Document | 8/6/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Huber, Marie [REDACTED] | | | RE: eBay Imposter Twitter account - Privileged | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing and discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00216 | Standalone Document | 8/29/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Macauley, Shannon [REDACTED] ; Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] | | Re: Atty/Client Privilege - Interesting Doc | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00217 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] ; Macauley, Shannon [REDACTED] ; Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | FW: David Harville | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00218 | Parent | 8/28/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] ; Macauley, Shannon [REDACTED] | | | Fwd: eBay Imposter Twitter account | | Attorney Client Privileged | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00219 | Attachment | 8/28/2019 | Request 6 | | | | | | | IMG_8387.jpeg | Attorney Client Privileged | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00220 | Attachment | 8/28/2019 | Request 6 | | | | | | | 500fbdfe-b1f6-48d3-a49b-9be0a74178a3.JPG | Attorney Client Privileged | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |

**R113**

EBAY_BAUGHPRIV_0001

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00221 | Standalone Document | 2/15/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Coppo, Alessandro [REDACTED] ; Fisher, Steve [REDACTED] ; Huber, Marie [REDACTED] ; Jones, Wendy [REDACTED] ; Lee, Jay [REDACTED] ; Miller, Kris [REDACTED] ; Schenkel, Scott [REDACTED] ; Singh Cassidy, Sukhinder [REDACTED] ; Wenig, Devin [REDACTED] ; Yetto, Kristin [REDACTED] | | | UPDATED MEDIA COVERAGE: EBAY EVOLVES REGIONAL MARKET ORGANIZATION - February 15, 2019 as of 9:30 AM PT / 12:30 PM EST | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |
| Log00222 | Standalone Document | 7/28/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Schenkel, Scott [REDACTED] | | | Re: eBay Open 2019 Coverage Snapshot - Day 2 | | Attorney Client Privileged | Email chain between company employees discussing legal advice regarding general corporate matters. |
| Log00223 | Standalone Document | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Finn, Molly [REDACTED] | | | Fwd: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

**R114**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00224 | Standalone Document | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Huber, Marie [REDACTED] | Rome, Marc [REDACTED] | | Re: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |
| Log00225 | Standalone Document | 3/21/2019 | Request 6 | Baugh, Jim | Baugh, Jim [REDACTED] | Huber, Marie [REDACTED] | Rome, Marc [REDACTED] | | Re: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00226 | Standalone Document | 3/21/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] | | | Re: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00227 | Standalone Document | 3/21/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] ; Rome, Marc [REDACTED] | | | Fwd: In a bizarre Tweet, struggling #eBay CEO Devin "Misexecution" Wenig announced payout of $EBAY's first dividend saying he's "delighted to share (eBay's) ongoing success..." As if it were his idea and not a forced hand by #ElliottManagement #En... | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding evaluation of media reports, articles, or posts concerning eBay. |

**R116**

EBAY_BAUGHPRIV_0001

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00228 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] ; Phelan, Andrew C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00229 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] ; Phelan, Andrew C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00230 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] ; Phelan, Andrew C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00231 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] ; Phelan, Andrew C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00232 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Phelan, Andrew C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

**R117**

EBAY_BAUGHPRIV_0001

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00233 | Standalone Document | 8/30/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Shaulson, Samuel S. [REDACTED] ; Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00234 | Standalone Document | 8/30/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Shaulson, Samuel S. [REDACTED] ; Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00235 | Standalone Document | 8/29/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] ; Phelan, Andrew C. [REDACTED] ; Ricupero, Kara [REDACTED] | | Re: Privileged: accessing personal electronic data | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00236 | Standalone Document | 8/29/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] ; Macauley, Shannon [REDACTED] | | Re: Privileged: Interview Schedule tomorrow | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00237 | Standalone Document | 8/29/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] ; Macauley, Shannon [REDACTED] | | Re: Privileged: Interview Schedule tomorrow | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

* eBay produces this privilege log without waiver of, and expressly preserves, any and all objections and challenges to the Fed. R. Crim. P. 17(c) subpoenas issued to eBay Inc. and Morgan Lewis Bockius LLP, and reserves all rights to file a motion to quash the subpoenas or to seek other protections, on all available grounds. The provision of this privilege log, or any purported failure to list a document or information within the privilege log, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding and shall not limit eBay's right to assert privilege or work product protection over material or information in connection with this or any other proceeding. Further, eBay notes that certain of the documents logged within this privilege log may reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. eBay has not undertaken to review all nonresponsive content for attorney client privilege or work product protection, but expressly preserves and does not waive all claims of privilege/protection. eBay reserves the right to supplement and/or amend this privilege log.

**R118**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

INITIAL PRIVILEGE LOG OF EBAY INC.*

| Attorneys and Legal Support Personnel | Email Address |
|---|---|
| Bonnett, Erica | [REDACTED] |
| Cerveny, Laurie | [REDACTED] |
| Connor, Bryan | [REDACTED] |
| Finn, Molly | [REDACTED] |
| Huber, Marie | [REDACTED] |
| Johnson, Aaron | [REDACTED] |
| Jones, Spencer | [REDACTED] |
| Macauley, Shannon (Legal Employee Relations Manager/Paralegal) | [REDACTED] |
| Meli, Graham | [REDACTED] |
| Neff, Daniel | [REDACTED] |
| Phelan, Andrew | [REDACTED] |
| Pilson, David | [REDACTED] |
| Ricpupero, Kara | [REDACTED] |
| Rome, Marc | [REDACTED] |
| Savitt, William | [REDACTED] |
| Shaulson, Samuel | [REDACTED] |
| Tronnes, Bob | [REDACTED] |
| Vonsover, Amir | [REDACTED] |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER
OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R119**

EBAY_BAUGHPRIV_0001

# EXHIBIT 2

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00238 | Standalone Document | 9/9/2020 | Request 1 | Lyons, Leslie | | | | | | eBay - GSR Review 09.09.2020.pdf | Attorney Client Privileged; Work Product Protected | Report prepared by Guidepost Solutions at the direction of counsel providing information to allow for the rendering of legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared in anticipation of litigation and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00239 | Standalone Document | 11/8/2021 | Request 2 | Nitzen, Leana | | | | | | BODMinutes202 00915-16FINAL.pdf | Attorney Client Privileged; Work Product Protected | Minutes of meeting of Board of Directors on September 15-16, 2020 reflecting potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. eBay has not undertaken to review this nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege and/or protection. |
| Log00240 | Standalone Document | 9/9/2019 | Request 4 | Macauley, Shannon | | | | | | 2019 09.09 Steve Wymer (ML) (1).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on September 9, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00241 | Standalone Document | 9/11/2019 | Request 4 | Macauley, Shannon | | | | | | 2019 09.09 Steve Wymer (ML) (1) (003).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on September 9, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of and by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| Log00242 | Standalone Document | 8/13/2020 | Request 4 | Douglas, Stephanie | | | | | | Dan Cory.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Dan Cory on August 12, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00243 | Standalone Document | 8/14/2020 | Request 4 | Douglas, Stephanie | | | | | | Phelan Outline.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Andrew Phelan on August 11, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00244 | Standalone Document | 8/21/2020 | Request 4 | Douglas, Stephanie | | | | | | GSR Interview Questions eBay August 21, 2020 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interviews of Lou Pezzola, Karl Barnhart, and Michelle Alford on August 21, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00245 | Standalone Document | 8/27/2020 | Request 4 | Osborne, Angela | | | | | | Questions for eBay Interview Jandir, Gurneet.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on August 27, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00246 | Standalone Document | 8/27/2020 | Request 4 | Osborne, Angela | | | | | | gurneet docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on August 27, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00247 | Standalone Document | 8/27/2020 | Request 4 | Douglas, Stephanie | | | | | | Aaron Johnson docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Aaron Johnson on August 25, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00248 | Standalone Document | 8/28/2020 | Request 4 | Douglas, Stephanie | | | | | | Alicia Maria Domingues.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Alicia-Maria Domingues on August 20, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00249 | Standalone Document | 8/28/2020 | Request 4 | Douglas, Stephanie | | | | | | Anagha Apte.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Anagha Apte on August 26, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00250 | Standalone Document | 8/28/2020 | Request 4 | Douglas, Stephanie | | | | | | COntracts Interviews.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Vince Castro and Brian Ross on August 25, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00251 | Standalone Document | 8/28/2020 | Request 4 | Douglas, Stephanie | | | | | | HR Interviews .docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Carmen Orr, Jennifer Correa and Merav Bar on August 27, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00252 | Standalone Document | 8/28/2020 | Request 4 | Douglas, Stephanie | | | | | | Karl Barnhardt 2020 08.21 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Karl Barnhardt on August 21, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00253 | Standalone Document | 8/28/2020 | Request 4 | Douglas, Stephanie | | | | | | Michelle Alford.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Alford on August 21, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00254 | Standalone Document | 8/28/2020 | Request 4 | Douglas, Stephanie | | | | | | Shannon and Amir Outline.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Amir Vonsover and Shannon Macauley on August 20, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00255 | Standalone Document | 8/30/2020 | Request 4 | Douglas, Stephanie | | | | | | Aaron Johnson Interview August 25, 2020 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Aaron Johnson on August 25, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R126**

EBAY_BAUGHPRIV_0002

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00256 | Standalone Document | 8/30/2020 | Request 4 | Douglas, Stephanie | | | | | | Aaron Johnson Interview.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Aaron Johnson on August 25, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00257 | Standalone Document | 8/30/2020 | Request 4 | Douglas, Stephanie | | | | | | Anagha Apte Interview August 26, 2020 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Anagha Apte on August 26, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00258 | Standalone Document | 8/30/2020 | Request 4 | Douglas, Stephanie | | | | | | Dan Cory Interview August 12, 2020 400 PM EST.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Dan Cory on August 12, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00259 | Standalone Document | 8/31/2020 | Request 4 | Douglas, Stephanie | | | | | | Dan 2 08.31.2020 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Dan Cory on September 1, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00260 | Standalone Document | 9/2/2020 | Request 4 | Douglas, Stephanie | | | | | | Interview with A. Phelan August 11, 2020 eBay docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Andrew Phelan on August 11, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00261 | Standalone Document | 9/2/2020 | Request 4 | Douglas, Stephanie | | | | | | Interview with Dan Cory (Part 2) 09.01.2020 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Dan Cory on September 1, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R128**

EBAY_BAUGHPRIV_0002

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00262 | Standalone Document | 9/2/2020 | Request 4 | Douglas, Stephanie | | | | | | Interview with Dan Cory (Part 2)09.01.2020.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Dan Cory on September 1, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00263 | Standalone Document | 9/2/2020 | Request 4 | Osborne, Angela | | | | | | Interview Gurneet Jandir docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on August 27, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00264 | Standalone Document | 9/2/2020 | Request 4 | Osborne, Angela | | | | | | Interview Gurneet Jandir August 27, 2020 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Gurneet Jandir on August 27, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R129**

EBAY_BAUGHPRIV_0002

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00265 | Standalone Document | 9/2/2020 | Request 4 | Douglas, Stephanie | | | | | | Interview Michelle Alford eBay August 21, 2020 docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Alford on August 21, 2020, reflecting the collection of information for the purpose of rendering legal advice in connection with assessment of policies, procedures, and organization of Global Security & Resiliency, prepared by Guidepost Solutions at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00266 | Standalone Document | 11/2/2021 | Request 4 | | | | | | | 2019 09.13 Ryan Moore Interview (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Ryan Moore on September 13, 2019, attended by Andy Phelan, Colin West, Amir Vonsover, and Ryan Moore reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's. |
| Log00267 | Standalone Document | 2/15/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Wenig, Devin [REDACTED] ; Lee, Jay [REDACTED] Fisher, Steve [REDACTED] ; Yetto, Kristin[REDACTED] ; Miller, Kris [REDACTED] ; Coppo, Alessandro [REDACTED] ; Singh Cassidy, Sukhinder [REDACTED] ; Schenkel, Scott [REDACTED] ; Huber, Marie [REDACTED] Jones, Wendy [REDACTED] | | | UPDATED MEDIA COVERAGE: EBAY EVOLVES REGIONAL MARKET ORGANIZATION - February 15, 2019 as of 9:30 AM PT / 12:30 PM EST | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding evaluation of media reports, articles, or posts concerning eBay and regarding shareholder activism matters. |
| Log00268 | Standalone Document | 7/29/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Wymer, Steve [REDACTED] | | | RE: eBay Open 2019 Coverage Snapshot - Day 2 | | Attorney Client Privileged | Email chain between company employees discussing legal advice regarding general corporate matters. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00269 | Standalone Document | 8/28/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Draft email | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00270 | Standalone Document | 8/29/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Re: Draft email | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00271 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Finn, Molly [REDACTED] | | FW: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00272 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | FW: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00273 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00274 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00275 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00276 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | FW: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00277 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] West, Colin C. [REDACTED] | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00278 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | Fwd: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00279 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00280 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | | | FW: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00281 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] West, Colin C. [REDACTED] | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00282 | Standalone Document | 8/30/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] Phelan, Andrew C. [REDACTED]; Macauley, Shannon [REDACTED] Shaulson, Samuel S. [REDACTED] | West, Colin C. [REDACTED] Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00283 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED]; Shaulson, Samuel S. [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] West, Colin C. [REDACTED] | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00284 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED]; Shaulson, Samuel S. [REDACTED] | | | Fwd: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00285 | Standalone Document | 9/1/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED]; Shaulson, Samuel S. [REDACTED] | | | Privileged: Next Steps on Project Lewis | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00286 | Standalone Document | 9/1/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | | Re: Privileged: Next Steps on Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00287 | Standalone Document | 9/1/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] | Macauley, Shannon [REDACTED] | | Re: Privileged: Next Steps on Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00288 | Standalone Document | 9/1/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED]          Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | | Re: Privileged: Next Steps on Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00289 | Parent | 9/2/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED]          Phelan, Andrew C. [REDACTED] ; Shaulson, Samuel S. [REDACTED] Vonsover, Amir [REDACTED] | | | Project Lewis - holding statement | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment communications after Natick events and prepared in anticipation of litigation. |
| Log00290 | Attachment | 9/2/2019 | Request 6 | | | | | | | DRAFT Lewis Leak Scenario Holding Statement (01121521-8xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00291 | Standalone Document | 9/2/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | Draft message to DW | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel reflecting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00292 | Standalone Document | 9/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | FW: Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel reflecting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00293 | Standalone Document | 9/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | RE: Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00294 | Standalone Document | 9/2/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Vonsover, Amir [REDACTED] | | | Re: Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00295 | Standalone Document | 9/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | Re: Risk Committee Meeting Agenda - September 17 | | Attorney Client Privileged | Email chain between counsel and company representative(s) requesting legal advice regarding eBay internal investigation after Natick events and regarding general corporate matters. |
| Log00296 | Standalone Document | 9/3/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Risk Committee Meeting Agenda - September 17 | | Attorney Client Privileged | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding general corporate matters. |
| Log00297 | Standalone Document | 9/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | Re: Risk Committee Meeting Agenda - September 17 | | Attorney Client Privileged | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding general corporate matters. |
| Log00298 | Standalone Document | 9/3/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Risk Committee Meeting Agenda - September 17 | | Attorney Client Privileged | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding general corporate matters. |
| Log00299 | Standalone Document | 9/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | Re: Risk Committee Meeting Agenda - September 17 | | Attorney Client Privileged | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding general corporate matters. |
| Log00300 | Standalone Document | 9/3/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Risk Committee Meeting Agenda - September 17 | | Attorney Client Privileged | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding general corporate matters. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00301 | Parent | 9/3/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | FW: Project Lewis - holding statement | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00302 | Attachment | 9/3/2019 | Request 6 | | | | | | | DRAFT Lewis Leak Scenario Holding Statement (01121521-8xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00303 | Standalone Document | 9/4/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED]   Phelan, Andrew C. [REDACTED]   Shaulson, Samuel S. [REDACTED] | Connor, Bryan M. [REDACTED]   Mundell, Jordan [REDACTED]   Vonsover, Amir [REDACTED]   West, Colin c. [REDACTED] | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00304 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Macauley, Shannon [REDACTED]   Phelan, Andrew C. [REDACTED]   Shaulson, Samuel S. [REDACTED] | Connor, Bryan M. [REDACTED]   Finn, Molly [REDACTED]   Mundell, Jordan [REDACTED]   West, Colin C. [REDACTED] | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00305 | Standalone Document | 9/4/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED]   Phelan, Andrew C. [REDACTED]   Shaulson, Samuel S. [REDACTED]   Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED]   Mundell, Jordan [REDACTED]   West, Colin C. [REDACTED] | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00306 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED]   Macauley, Shannon [REDACTED]   Phelan, Andrew C. [REDACTED]   Shaulson, Samuel S. [REDACTED] | Connor, Bryan M. [REDACTED]   Mundell, Jordan [REDACTED]   West, Colin C. [REDACTED] | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00307 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] West, Colin C. [REDACTED] | | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00308 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Ricupero, Kara [REDACTED] | Finn, Molly [REDACTED] | | Fwd: CONFIDENTIAL Cell Phone Check | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00309 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] Macauley, Shannon [REDACTED] Mundell, Jordan [REDACTED] ; Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | Finn, Molly [REDACTED] | | Re: CONFIDENTIAL Cell Phone Check | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00310 | Standalone Document | 9/4/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Ricupero, Kara [REDACTED] Vonsover, Amir [REDACTED] | | | Re: CONFIDENTIAL Cell Phone Check | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00311 | Standalone Document | 9/5/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] | | | Re: project lewis (privileged) | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00312 | Standalone Document | 9/5/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] ; Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] | | Privileged - Risk Exposure Memo | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00313 | Parent | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | FW: Atty/Client Privilege - Popp Phone | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00314 | Attachment | 9/5/2019 | Request 6 | | | | | | | Popp Call Log.xlsx | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared at the direction of counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00315 | Attachment | 9/5/2019 | Request 6 | | | | | | | Popp Chats.xlsx | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared at the direction of counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00316 | Attachment | 9/5/2019 | Request 6 | | | | | | | Internet Search Report.xlsx | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared at the direction of counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00317 | Attachment | 9/5/2019 | Request 6 | | | | | | | Web History Report.xlsx | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared at the direction of counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00318 | Attachment | 9/5/2019 | Request 6 | | | | | | | Contacts Report.xlsx | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared at the direction of counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00319 | Attachment | 9/5/2019 | Request 6 | | | | | | | Text Report.docx | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared at the direction of counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00320 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED]  Phelan, Andrew C. [REDACTED]  Vonsover, Amir [REDACTED]  West, Colin C. [REDACTED] | | | Attorney/Client Privilege - Draft Talking points for Devin's phone | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel reflecting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00321 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED] Ricupero, Kara [REDACTED] | Vonsover, Amir [REDACTED] | | RE: Project Lewis SP Sites | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00322 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | FW: Attorney/Client Privilege - Draft Talking points for Devin's phone v.3 | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel reflecting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00323 | Parent | 9/6/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED] Mundell, Jordan [REDACTED] ; Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED]  West, Colin C. [REDACTED] | Shaulson, Samuel S. [REDACTED] | | Security Share Point List | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00324 | Attachment | 9/6/2019 | Request 6 | Finn, Molly | | | | | | Security Shared Drive Excel.xlsx | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00325 | Attachment | 9/6/2019 | Request 6 | Alford, Michelle(AWF) | | | | | | FidoMaster1 - POI Report.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00326 | Attachment | 9/6/2019 | Request 6 | Echeveria, Michelle(AWF) | | | | | | Work.docx | Attorney Client Privileged | Attachment to Privileged/Protected Communication between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00327 | Standalone Document | 9/6/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Shaulson, Samuel S. [REDACTED] | Macauley, Shannon [REDACTED] Mundell, Jordan [REDACTED] Phelan, Andrew C. [REDACTED] West, Colin C. [REDACTED] | | Re: Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00328 | Standalone Document | 9/6/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Shaulson, Samuel S. [REDACTED] | | Re: Local Counsel - Conference Call | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00329 | Standalone Document | 9/6/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] Phelan, Andrew C. [REDACTED] | Shaulson, Samuel S. [REDACTED] | | Re: Local Counsel - Conference Call | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00330 | Standalone Document | 9/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] Vonsover, Amir [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | RE: Project Lewis - holding statement | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00331 | Parent | 9/6/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Rome, Marc [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] | | FW: Project Lewis - holding statement | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00332 | Attachment | 9/6/2019 | Request 6 | | | | | | | DRAFT Lewis Leak Scenario Holding Statement (01121521-8xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00333 | Standalone Document | 9/7/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | | Re: Atty/Client Privilege - Interesting Doc | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00334 | Standalone Document | 9/8/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] Mundell, Jordan [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | | Re: Atty/Client Privilege - Interesting Doc | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00335 | Parent | 9/8/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] | | Fwd: Privileged and Confidential FW: Timeline | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00336 | Attachment | 9/8/2019 | Request 6 | | | | | | | Project Lewis - Key Wenig and Wymer Texts for Client - 09.08.2019.docx | Attorney Client Privileged; Work Product Protected | Memorandum prepared by counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

**R141**

EBAY_BAUGHPRIV_0002

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00337 | Standalone Document | 9/9/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | Draft note to Tom - Privilged | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel requesting information to render legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00338 | Standalone Document | 9/9/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Draft note to Tom - Privilged | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00339 | Parent | 9/9/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] Macauley, Shannon [REDACTED]   Phelan, Andrew C. [REDACTED] West, Colin C. [REDACTED] | Finn, Molly [REDACTED] | | A/C Privilege - Share Point Docs | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00340 | Attachment | 9/9/2019 | Request 6 | Ticknor-Squires, Lauryn(AWF) | | | | | | 2018 eBay Open BOLOs_7.19.2018.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00341 | Attachment | 9/9/2019 | Request 6 | Alford, Michelle(AWF) | | | | | | FidoMaster1 - POI Report.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00342 | Attachment | 9/9/2019 | Request 6 | Zea, Veronica(AWF) | | | | | | Social Media_eBay Open POIs.docx | Attorney Client Privileged | Attachment to Privileged/Protected Communication between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |

**R142**

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00343 | Standalone Document | 9/9/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] West, Colin C. [REDACTED] | | | FW: Follow-up Interview | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00344 | Standalone Document | 9/9/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | | | FW: Follow-up Interview | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00345 | Standalone Document | 9/9/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | FW: Project Lewis Readout | | Attorney Client Privileged | Email from in-house counsel requesting information to render legal advice regarding eBay internal investigation after Natick events. |
| Log00346 | Standalone Document | 9/10/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] West, Colin C. [REDACTED] | | | FW: David Harville | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00347 | Standalone Document | 9/10/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Wymer, Steve [REDACTED] | | | Update | | Attorney Client Privileged | Email from counsel to company employee(s) requesting information to render legal advice regarding employment/personnel matters and/or actions after Natick events. |
| Log00348 | Standalone Document | 9/10/2019 | Request 6 | Wymer, Steve | Wymer, Steve [REDACTED] | Finn, Molly [REDACTED] | | | Re: Update | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events. |
| Log00349 | Standalone Document | 9/10/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Wymer, Steve [REDACTED] | | | Re: Update | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00350 | Standalone Document | 9/11/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] | Vonsover, Amir [REDACTED] | | Re: ebay matter | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel reflecting legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00351 | Parent | 9/12/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED]        Phelan, Andrew C. [REDACTED]        Shaulson, Samuel S. [REDACTED] | | | Andy interview w Josh Bentley | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00352 | Attachment | 9/12/2019 | Request 6 | Vonsover, Amir | | | | | | Phelan Bentley call 9.12.2019 AJV.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Andy Phelan, Amir Vonsover, and Josh Bentley on September 12, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00353 | Parent | 9/12/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Macauley, Shannon [REDACTED]        Phelan, Andrew C. [REDACTED]        Shaulson, Samuel S. [REDACTED] | | | Re: Andy interview w Josh Bentley | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00354 | Attachment | 9/12/2019 | Request 6 | Vonsover, Amir | | | | | | Phelan Bentley call 9.12.2019 AJV.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Andy Phelan, Amir Vonsover, and Josh Bentley on September 12, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00355 | Standalone Document | 9/12/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Macauley, Shannon [REDACTED] Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] Vonsover, Amir [REDACTED] | | | Re: Andy interview w Josh Bentley | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00356 | Standalone Document | 9/12/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] | | | Harville's lawyer - A/C Priv | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00357 | Standalone Document | 9/12/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] | | | Re: Harville's lawyer - A/C Priv | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00358 | Standalone Document | 9/12/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Phelan, Andrew C. [REDACTED] | | | Article | | Attorney Client Privileged | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |

**R145**

EBAY_BAUGHPRIV_0002

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00359 | Standalone Document | 9/13/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] Bates, Anthony [REDACTED]; Swan, Bob [REDACTED] Hammer, Bonnie [REDACTED] Farrell, Diana [REDACTED] Anderson, Fred [REDACTED] Cohn, Jesse [REDACTED] Mitic, Katie [REDACTED] Green, Logan [REDACTED] Murphy, Matt [REDACTED] Pressler, Paul [REDACTED] Traquina, Perry [REDACTED] Omidyar, Pierre [REDACTED] Tierney, Thomas [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | | Update - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00360 | Standalone Document | 9/13/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | FW: Update - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00361 | Standalone Document | 9/13/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Update - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00362 | Parent | 9/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Wymer draft | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00363 | Attachment | 9/15/2019 | Request 6 | | | | | | | Termination Letter - Wymer - AJV 9.14.2019.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00364 | Standalone Document | 9/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Re: Concerning Tweets | | Attorney Client Privileged | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay. |
| Log00365 | Standalone Document | 9/15/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] | | | Re: Concerning Tweets | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay and prepared in anticipation of litigation. |
| Log00366 | Standalone Document | 9/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Re: Concerning Tweets | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay and prepared in anticipation of litigation. |
| Log00367 | Standalone Document | 9/15/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] | | | Re: Concerning Tweets | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding evaluation of media reports, articles, or posts concerning eBay and prepared in anticipation of litigation. |
| Log00368 | Standalone Document | 9/15/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Finn, Molly [REDACTED] | | FW: Counsel | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting information to render legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00369 | Standalone Document | 9/15/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Finn, Molly [REDACTED] | | RE: Counsel | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00370 | Standalone Document | 9/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Shaulson, Samuel S. [REDACTED] Hill, Melissa D. [REDACTED] Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] West, Colin C. [REDACTED] | | Re: Privileged: are you available now to speak? | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00371 | Standalone Document | 9/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Hill, Melissa D. [REDACTED] Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] | West, Colin C. [REDACTED] | | Re: Privileged: are you available now to speak? | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00372 | Standalone Document | 9/15/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Hill, Melissa D. [REDACTED] Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] Vonsover, Amir [REDACTED] | West, Colin C. [REDACTED] | | Re: Privileged: are you available now to speak? | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00373 | Parent | 9/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Huber, Marie [REDACTED]    Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] Shaulson, Samuel S. [REDACTED] | | Re: SW next steps - Privileged | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00374 | Attachment | 9/15/2019 | Request 6 | | | | | | | Termination Letter - Wymer - AJV 9.14.2019.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00375 | Parent | 9/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] | | SW Termination Letter - Privileged | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00376 | Attachment | 9/15/2019 | Request 6 | | | | | | | Termination Letter - Wymer - AJV 9.14.2019.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00377 | Parent | 9/16/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | A/C Priv - SW letter | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00378 | Attachment | 9/16/2019 | Request 6 | | | | | | | Termination Letter - Wymer - AJV 9.14.2019.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00379 | Standalone Document | 9/16/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Hill, Melissa D. [REDACTED] Macauley, Shannon [REDACTED] Shaulson, Samuel S. [REDACTED] | Phelan, Andrew C. [REDACTED] | | FW: Re your client Stephanie Popp | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00380 | Standalone Document | 9/16/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Hill, Melissa D. [REDACTED] Macauley, Shannon [REDACTED] Shaulson, Samuel S. [REDACTED] | Phelan, Andrew C. [REDACTED] | | Re: Privileged: RE: Re your client Stephanie Popp | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00381 | Standalone Document | 9/18/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED] Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | | | Re: Draft Statements (PRIVILEGED & CONFIDENTIAL | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding corporate communications after Natick events. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00382 | Standalone Document | 9/18/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Phelan, Andrew C. [REDACTED] | | | Fwd: Draft Statements (PRIVILEGED & CONFIDENTIAL ) | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00383 | Standalone Document | 9/19/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED]  Phelan, Andrew C. [REDACTED] | | | Re: Draft Statements (PRIVILEGED & CONFIDENTIAL ) | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00384 | Standalone Document | 9/19/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED]  Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Golden, Barrett B. [REDACTED] Phelan, Andrew C. [REDACTED] | Project Lewis JF [REDACTED] | | Re: Reconvene later today 4:15 pm PT? | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00385 | Standalone Document | 9/19/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED]  Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Golden, Barrett B. [REDACTED] Phelan, Andrew C. [REDACTED] | Project Lewis JF [REDACTED] | | Re: Reconvene later today 4:15 pm PT? | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00386 | Standalone Document | 9/19/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED]  Brielmann, Eric [REDACTED] Huber, Marie [REDACTED]  Phelan, Andrew C. [REDACTED] | Project Lewis JF [REDACTED] | | Re: Reconvene later today 4:15 pm PT? | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing information to allow for the rendering of legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00387 | Parent | 9/19/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] | | Fwd: DRAFT Project Lewis Memo with Statements | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00388 | Attachment | 9/19/2019 | Request 6 | | | | | | | DRAFT Project Lewis Memo w. Statements (01128387-3xA26CA) docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00389 | Standalone Document | 9/19/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | FW: Draft message to Special Committee that will accompany the Joele Frank revised memo/statements on Friday 9/20: | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00390 | Standalone Document | 9/19/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Draft message to Special Committee that will accompany the Joele Frank revised memo/statements on Friday 9/20: | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00391 | Standalone Document | 9/19/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED] Finn, Molly [REDACTED] Goldman, Rachel [REDACTED] Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] Yetto, Kristin [REDACTED] | Huber, Marie [REDACTED] Project Lewis JF [REDACTED] | | RE: Updated DRAFT Project Lewis Memo with Statement | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00392 | Parent | 9/19/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Yetto, Kristin [REDACTED] | Finn, Molly [REDACTED] | | FW: Updated DRAFT Project Lewis Memo with Statement | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00393 | Attachment | 9/19/2019 | Request 6 | | | | | | | DRAFT Project Lewis Memo w. Statement (01128387-7xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00394 | Standalone Document | 9/19/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | Huber, Marie [REDACTED] | | FW: Draft message to Special Committee that will accompany the Joele Frank revised memo/statements on Friday 9/20: | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00395 | Standalone Document | 9/20/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | Re: Draft message to Special Committee that will accompany the Joele Frank revised memo/statements on Friday 9/20: | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00396 | Parent | 9/21/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Farrell, Diana [REDACTED] Mitic, Katie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | Memo, Release + Emp Letter, QA, Toolkit - Privileged - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00397 | Attachment | 9/21/2019 | Request 6 | | | | | | | DRAFT Project Lewis Memo w. Statement (01128387-8xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00398 | Attachment | 9/21/2019 | Request 6 | | | | | | | DRAFT Project Lewis Employee Letter (01121522-19xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00399 | Attachment | 9/21/2019 | Request 6 | | | | | | | DRAFT Project Lewis VP Toolkit (01128847-4xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00400 | Attachment | 9/21/2019 | Request 6 | Billante, Joe | | | | | | DRAFT Project Lewis Internal QA (01121640-17xA26CA).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00401 | Standalone Document | 9/21/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED] | Finn, Molly [REDACTED] | | RE: Lewis question | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00402 | Standalone Document | 9/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Rome, Marc [REDACTED] Niles, Sabastian [REDACTED] | Huber, Marie [REDACTED] Narayan, Raaj S. [REDACTED] Neff, Daniel A. [REDACTED] | | Re: privileged -- Lewis release | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

EBAY_BAUGHPRIV_0002

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00403 | Standalone Document | 9/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] Swan, Bob [REDACTED]  Hammer, Bonnie [REDACTED] Farrell, Diana [REDACTED] Anderson, Fred [REDACTED]  Cohn, Jesse [REDACTED] Mitic, Katie [REDACTED]  Green, Logan [REDACTED]  Murphy, Matt [REDACTED] Pressler, Paul [REDACTED]  Traquina, Perry [REDACTED] Omidyar, Pierre [REDACTED]  Tierney, Thomas [REDACTED] ; Bates, Anthony [REDACTED] ; Wenig, Devin [REDACTED] | Huber, Marie [REDACTED] | | eBay Notice of Monday (9/23) Special Board Meeting - Privileged | | Attorney Client Privileged | Email from counsel to company representative(s) providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters. |
| Log00404 | Standalone Document | 9/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Wenig, Devin [REDACTED] | Huber, Marie [REDACTED] Mitic, Katie [REDACTED] Tierney, Thomas [REDACTED] | | FW: eBay Notice of Monday (9/23) Special Board Meeting - Privileged | | Attorney Client Privileged | Email chain between counsel and company representative(s) providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters. |
| Log00405 | Standalone Document | 9/23/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | FW: Andy/USAO | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00406 | Standalone Document | 9/23/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Andy/USAO | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00407 | Standalone Document | 9/24/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | | | Re: Tue | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00408 | Standalone Document | 9/24/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Tue | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00409 | Standalone Document | 9/24/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | Re: Tue | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00410 | Standalone Document | 9/24/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Rome, Marc [REDACTED] Vonsover, Amir [REDACTED] Yetto, Kristin [REDACTED] | | | USAO Debrief | | Attorney Client Privileged | Email from in-house counsel requesting information to render legal advice regarding eBay response to law enforcement investigations after Natick events. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00411 | Standalone Document | 9/24/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | Re: Tue | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00412 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED]      Cring, Andy [REDACTED] Schenkel, Scott [REDACTED]      Yetto, Kristin [REDACTED] | | | Fwd: Privileged and Confidential | | Attorney Client Privileged | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding corporate communications after Natick events. |
| Log00413 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED]      Cring, Andy [REDACTED] Schenkel, Scott [REDACTED]      Yetto, Kristin [REDACTED] | | | FW: Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing information to allow for the rendering of legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00414 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Swan, Bob [REDACTED] Anderson, Fred [REDACTED]      Mitic, Katie [REDACTED] Pressler, Paul [REDACTED]      Tierney, Thomas [REDACTED] | Cring, Andy [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED]      Schenkel, Scott [REDACTED] | | FW: Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing information to allow for the rendering of legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00415 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | Project Lewis update and readiness | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting information to render legal advice regarding eBay internal investigation after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00416 | Parent | 9/25/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Fwd: ACP Memo to Special Committee 9_25_19.DOCX | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00417 | Attachment | 9/25/2019 | Request 6 | | | | | | | 052094-02__107451934v1_ACP Memo to Special Committee 9_25_19.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding Board/Committee evaluations and/or determinations related to executive employment matters; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00418 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | Fwd: ebay - bloomberg | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00419 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | FW: Privileged and Confidential | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding corporate communications after Natick events. |

**R157**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00420 | Parent | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Neff, Daniel A. [REDACTED] Narayan, Raaj S. [REDACTED] Niles, Sebastian [REDACTED] Wahlquist, Andrea K. [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | DRAFT Lewis Statement - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00421 | Attachment | 9/25/2019 | Request 6 | Eric Brielmann | | | | | | DRAFT Project Lewis Release - With Paragraph.DOCX | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00422 | Parent | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Narayan, Raaj S. [REDACTED] Niles, Sabastian [REDACTED] Wahlquist, Andrea K. [REDACTED] | Neff, Daniel A. [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | FW: DRAFT Project Lewis Release - With Paragraph - Revised | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00423 | Attachment | 9/25/2019 | Request 6 | Eric Brielmann | | | | | | DRAFT Project Lewis Release - With Paragraph.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00424 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Neff, Daniel A. [REDACTED] | Finn, Molly [REDACTED] Narayan, Raaj S. [REDACTED] Rome, Marc [REDACTED] Niles, Sabastian [REDACTED] Wahlquist, Andrea K. [REDACTED] | | RE: DRAFT Project Lewis Release - With Paragraph - Revised | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00425 | Standalone Document | 9/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] Whitelaw, Julianne [REDACTED] | Neff, Daniel A. [REDACTED] Huber, Marie [REDACTED] Narayan, Raaj S. [REDACTED] Niles, Sabastian [REDACTED] Wahlquist, Andrea K. [REDACTED] | | RE: DRAFT Project Lewis Release - With Paragraph - Revised Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00426 | Standalone Document | 9/26/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] | Billante, Joe [REDACTED] | | Re: DRAFT Project Lewis Release - With Paragraph - Revised Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

**R158**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00427 | Standalone Document | 9/26/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Finn, Molly [REDACTED] | | RE: DRAFT Project Lewis Release - With Paragraph - Revised Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00428 | Standalone Document | 9/26/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED] | Finn, Molly [REDACTED] Schenkel, Scott [REDACTED]   Yetto, Kristin [REDACTED] | | RE: Project Lewis comms update | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00429 | Standalone Document | 9/26/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Neff, Daniel A. [REDACTED]  Narayan, Raaj S. [REDACTED] Rome, Marc [REDACTED]  Niles, Sabastian [REDACTED] | Huber, Marie [REDACTED] | | FW: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house and outside counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00430 | Standalone Document | 9/26/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Swan, Bob [REDACTED]  Farrell, Diana [REDACTED] Mitic, Katie [REDACTED] Traquina, Perry [REDACTED] Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] Schenkel, Scott [REDACTED]   Yetto, Kristin [REDACTED] | | Re: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00431 | Standalone Document | 9/27/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED]  Finn, Molly [REDACTED]  Johnson, Aaron [REDACTED] Neff, Daniel A. [REDACTED]  Narayan, Raaj S. [REDACTED] Rome, Marc [REDACTED]  Niles, Sabastian [REDACTED] Yetto, Kristin [REDACTED] | | | FW: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00432 | Standalone Document | 9/27/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED]  Neff, Daniel A. [REDACTED] O'Neill, Katherine A. [REDACTED]  Narayan, Raaj S. [REDACTED] Rome, Marc [REDACTED]  Niles, Sabastian [REDACTED] Wahlquist, Andrea K. [REDACTED] | Huber, Marie [REDACTED] | | FW: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00433 | Standalone Document | 9/27/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED]  Neff, Daniel A. [REDACTED] O'Neill, Katherine A. [REDACTED]  Narayan, Raaj S. [REDACTED] Rome, Marc [REDACTED]  Niles, Sabastian [REDACTED] Wahlquist, Andrea K. [REDACTED] | | | RE: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00434 | Standalone Document | 9/27/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED]  Johnson, Aaron [REDACTED] Neff, Daniel A. [REDACTED]  O'Neill, Katherine A. [REDACTED]  Narayan, Raaj S. [REDACTED] Rome, Marc [REDACTED]  Niles, Sabastian [REDACTED] Wahlquist, Andrea K. [REDACTED] | | | Re: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00435 | Standalone Document | 9/27/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Re: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00436 | Standalone Document | 9/27/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Yetto, Kristin [REDACTED] | Finn, Molly [REDACTED] | | FW: Project Lewis Special Committee Briefing and Draft Comms - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00437 | Standalone Document | 9/27/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | Project [REDACTED] - Draft Talking Points (privileged) | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00438 | Parent | 9/27/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED] | | | A/C Priv Confidential | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00439 | Attachment | 9/27/2019 | Request 6 | | | | | | | Project Lewis - Key Wenig and Wymer Texts for Client - 09.08.2019 docx | Attorney Client Privileged; Work Product Protected | Memorandum prepared by counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00440 | Parent | 9/28/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Neff, Daniel A. [REDACTED] Rome, Marc [REDACTED] | White, John W. [REDACTED] Johnson, Aaron [REDACTED] Stuart, David [REDACTED] | | [REDACTED] Talking Points (attorney-client privilege / attorney work product) | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |

**R161**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00441 | Attachment | 9/28/2019 | Request 6 | | | | | | | Document1 (003).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00442 | Parent | 9/29/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] Neff, Daniel A. [REDACTED] Rome, Marc [REDACTED] | Huber, Marie [REDACTED] | | [REDACTED] 9-30-19 - Privileged and confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00443 | Attachment | 9/29/2019 | Request 6 | Huber, Marie | | | | | [REDACTED] 9-30-19 docx | | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00444 | Standalone Document | 9/29/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Sands, Penny [REDACTED] | Doerger, Brian [REDACTED] Finn, Molly [REDACTED] | | Project Lewis | | Attorney Client Privileged | Email from in-house counsel requesting information to render legal advice regarding eBay internal investigation after Natick events. |
| Log00445 | Parent | 9/29/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Neff, Daniel A. [REDACTED] Rome, Marc [REDACTED] | Johnson, Aaron [REDACTED] White, John W. [REDACTED] FitzGerald, Kate [REDACTED] Stuart, David [REDACTED] | | Project Lewis/Project [REDACTED] Talking Points | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00446 | Attachment | 9/29/2019 | Request 6 | | | | | | | Sept. 30 [REDACTED] Call Talking Points UPDATED DRAFT 2019 09.29 850pm.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00447 | Parent | 9/29/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Neff, Daniel A. [REDACTED] Rome, Marc [REDACTED] | White, John W. [REDACTED] Johnson, Aaron [REDACTED] Stuart, David [REDACTED] Ryan, Victoria [REDACTED] | | [REDACTED] Talking Points (privileged) | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00448 | Attachment | 9/29/2019 | Request 6 | | | | | | | Sept. 30 [REDACTED] Call Talking Points UPDATED DRAFT 2019 09.29 850pm.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00449 | Parent | 9/29/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] Neff, Daniel A. [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Rome, Marc [REDACTED] Stuart, David [REDACTED] Ryan, Victoria [REDACTED] White, John W. [REDACTED] | | RE: [REDACTED] Talking Points (privileged) | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00450 | Attachment | 9/29/2019 | Request 6 | Huber, Marie | | | | | | Sept. 30 [REDACTED] Call Talking Points UPDATED DRAFT 2019 09.29 945 pm PT.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00451 | Parent | 9/29/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] Johnson, Aaron [REDACTED] Neff, Daniel A. [REDACTED] | | [REDACTED] Talking Points - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00452 | Attachment | 9/29/2019 | Request 6 | Huber, Marie | | | | | | Sept. 30 [REDACTED] Call Talking Points UPDATED DRAFT 2019 09.29 10 pm PT.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00453 | Parent | 9/30/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Stuart, David [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | Fwd: [REDACTED] Talking Points - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |

**R164**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00454 | Attachment | 9/30/2019 | Request 6 | Huber, Marie | | | | | | Sept. 30 [REDACTED] Call Talking Points UPDATED DRAFT 2019 09.29 10 pm PT.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00455 | Parent | 9/30/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED]    Neff, Daniel A. [REDACTED] Rome, Marc [REDACTED] | FitzGerald, Kate [REDACTED]    Stuart, David [REDACTED] | | Project Lewis / Project [REDACTED] - [REDACTED] Talking Points | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00456 | Attachment | 9/30/2019 | Request 6 | | | | | | | Sept. 30 [REDACTED] Call Talking Points (9-30-19 1020Pacific).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00457 | Parent | 9/30/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Huber, Marie [REDACTED] | | | [REDACTED] talking points | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00458 | Attachment | 9/30/2019 | Request 6 | | | | | | | Sept. 30 [REDACTED] Call Talking Points (9-30-19 1020Pacific).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00459 | Parent | 9/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | | | FW: [REDACTED] Talking Points - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00460 | Attachment | 9/30/2019 | Request 6 | Huber, Marie | | | | | | Sept. 30 [REDACTED] Call Talking Points UPDATED DRAFT 2019 09.29 10 pm PT.docx | Attorney Client Privileged; Work Product Protected | Draft document prepared by counsel reflecting legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00461 | Standalone Document | 9/30/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Doerger, Brian [REDACTED] Johnson, Aaron [REDACTED] | | | Project Lewis Discussion | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employees(s) providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00462 | Standalone Document | 9/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | | | FW: Project Lewis / Project [REDACTED] - [REDACTED] Talking Points | | Attorney Client Privileged; Work Product Protected | Email chain from counsel to company employee(s) providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00463 | Standalone Document | 9/30/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Doerger, Brian [REDACTED] Finn, Molly [REDACTED] | | | Re: Project Lewis Discussion | | Attorney Client Privileged | Email chain between counsel and company employee(s) reflecting a request for legal advice regarding eBay internal investigation after Natick events. |
| Log00464 | Standalone Document | 9/30/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | | Re: Comms check in | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00465 | Standalone Document | 9/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED] Finn, Molly [REDACTED] Yetto, Kristin [REDACTED] | | | RE: Comms check in | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00466 | Standalone Document | 10/1/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | FW: Comms check in | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00467 | Standalone Document | 10/1/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | | | Re: Comms check in | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00468 | Standalone Document | 10/1/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | Re: Comms check in | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00469 | Standalone Document | 10/1/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | | | Re: Comms check in | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00470 | Standalone Document | 10/1/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | Huber, Marie [REDACTED] | | Project Lewis committee change | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00471 | Standalone Document | 10/1/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | Huber, Marie [REDACTED] | | Re: Project Lewis committee change | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00472 | Standalone Document | 10/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | Re: Project Lewis committee change | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00473 | Standalone Document | 10/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] | Huber, Marie [REDACTED] Tamboura, Angela [REDACTED] | | Project Lewis Special Committee | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00474 | Standalone Document | 10/2/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Phelan, Andrew C. [REDACTED] Doerger, Brian [REDACTED] Narayan, Raaj S. [REDACTED] Rome, Marc [REDACTED] | Finn, Molly [REDACTED] Guy, Jennifer [REDACTED] Sands, Penny [REDACTED] Tamboura, Angela [REDACTED] | | RE: Project Lewis - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00475 | Standalone Document | 10/2/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED] | | Re: comms call recap | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

**R168**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00476 | Parent | 10/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED]       Finn, Molly [REDACTED] | | | FW: Sept 27: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00477 | Attachment | 10/2/2019 | Request 6 | Eric Brielmann | | | | | | DRAFT Project Lewis Release (01130683xA26 CA) docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00478 | Standalone Document | 10/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED]        Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | Huber, Marie [REDACTED] | | RE: Quick Update - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding general corporate matters and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00479 | Parent | 10/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED]       Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | 10 2.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00480 | Attachment | 10/2/2019 | Request 6 | Eric Brielmann | | | | | | DRAFT Project Lewis Release (01130683xA26 CA) docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00481 | Standalone Document | 10/2/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Brown, Adriane [REDACTED] Bates, Anthony [REDACTED] ; Swan, Bob [REDACTED] Hammer, Bonnie [REDACTED] Farrell, Diana [REDACTED] Anderson, Fred [REDACTED] Cohn, Jesse [REDACTED] Mitic, Katie [REDACTED] Green, Logan [REDACTED] Murphy, Matt [REDACTED] Pressler, Paul [REDACTED] Traquina, Perry [REDACTED] Omidyar, Pierre [REDACTED] Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] | | Quick Update | | Attorney Client Privileged | Email from company employee to counsel providing information to allow for the rendering of legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding general corporate matters and regarding unrelated litigation/legal matters. |
| Log00482 | Standalone Document | 10/3/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | Re: 10.2.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00483 | Standalone Document | 10/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | Re: 10.2.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00484 | Standalone Document | 10/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Rome, Marc [REDACTED] | | Re: 10.2.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00485 | Standalone Document | 10/3/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | Re: 10.2.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00486 | Parent | 10/3/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | Finn, Molly [REDACTED] | | A/C Priv- SW Indemnification | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00487 | Attachment | 10/3/2019 | Request 6 | Blanchard, Michael D. | | | | | | Wymer Undertaking to Repay 10.3.2019.DOCX | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared by counsel reflecting legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00488 | Standalone Document | 10/3/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED]      Rome, Marc [REDACTED] | Finn, Molly [REDACTED] | | Re: A/C Priv-SW Indemnification | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00489 | Standalone Document | 10/3/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED]      Rome, Marc [REDACTED] | Finn, Molly [REDACTED] | | Re: A/C Priv-SW Indemnification | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00490 | Standalone Document | 10/3/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED]      Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | RE: A/C Priv-SW Indemnification | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00491 | Standalone Document | 10/3/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED]      Rome, Marc [REDACTED] | Finn, Molly [REDACTED] | | Re: A/C Priv-SW Indemnification | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00492 | Standalone Document | 10/3/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED]      Rome, Marc [REDACTED] | Finn, Molly [REDACTED] | | Re: A/C Priv-SW Indemnification | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00493 | Standalone Document | 10/3/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED] Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | Re: A/C Priv - SW Indemnificatio n | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00494 | Parent | 10/3/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED]  Rome, Marc [REDACTED] | | A/C Priv - SW Indemnificatio n Response | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00495 | Attachment | 10/3/2019 | Request 6 | Blanchard, Michael D. | | | | | | Wymer Undertaking to Repay 10.3.2019.DOCX | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication prepared by counsel reflecting legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00496 | Standalone Document | 10/3/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED]  Rome, Marc [REDACTED] | | RE: A/C Priv - SW Indemnificatio n Response | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00497 | Standalone Document | 10/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED]  Rome, Marc [REDACTED] | | RE: A/C Priv - SW Indemnificatio n Response | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00498 | Standalone Document | 10/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Neff, Daniel A. [REDACTED]  Narayan, Raaj S. [REDACTED] Niles, Sebastian [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | FW: A/C Priv - SW Indemnificatio n Response - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

**R173**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00499 | Standalone Document | 10/4/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | Fwd: 10.3.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and and regarding employment/personnel matters and/or actions after Natick events regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00500 | Standalone Document | 10/4/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Macauley, Shannon [REDACTED] Ricupero, Kara [REDACTED] Vonsover, Amir [REDACTED] | | Re: Forensics/eBay - outbound to an ip address | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00501 | Standalone Document | 10/4/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | Re: 10.3.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and and regarding employment/personnel matters and/or actions after Natick events regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00502 | Standalone Document | 10/4/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | | Re: 10.3.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and and regarding employment/personnel matters and/or actions after Natick events regarding corporate communications after Natick events and prepared in anticipation of litigation. |

**R174**

EBAY_BAUGHPRIV_0002

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00503 | Standalone Document | 10/4/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | Re: 10.3.19: Project Lewis - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and and regarding employment/personnel matters and/or actions after Natick events regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00504 | Standalone Document | 10/7/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Ricupero, Kara [REDACTED] | Connor, Bryan M. [REDACTED] Delis, Michael [REDACTED] Macauley, Shannon [REDACTED] | | Re: Forensics/eBay - outbound to an ip address | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00505 | Standalone Document | 10/7/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Dwyer, Daniela [REDACTED] Huber, Marie [REDACTED] | | Re: Documents for the USAO | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00506 | Standalone Document | 10/7/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Dwyer, Daniela [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Huber, Marie [REDACTED] | | Re: Documents for the USAO | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00507 | Standalone Document | 10/7/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Johnson, Aaron [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | FW: MLB/ebay Project Lewis Document Discussion | | Attorney Client Privileged | Email from in-house counsel requesting information to render legal advice regarding eBay internal investigation after Natick events. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00508 | Standalone Document | 10/7/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Phelan, Andrew C. [REDACTED] Connor, Bryan M. [REDACTED] Dwyer, Daniela [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] Vonsover, Amir [REDACTED] | | | FW: MLB/ebay Project Lewis Document Discussion | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel requesting information to render legal advice regarding eBay internal investigation after Natick events. |
| Log00509 | Standalone Document | 10/8/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Re: Wymer - indemnification and advancement request | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00510 | Standalone Document | 10/8/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] | Phelan, Andrew C. [REDACTED] | | Re: Lewis (privileged) | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00511 | Parent | 10/8/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | Finn, Molly [REDACTED] | | FW: Wymer - indemnification and advancement request | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00512 | Attachment | 10/8/2019 | Request 6 | | | | | | | Wymer_Undertaking_10 07.19. pdf | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00513 | Attachment | 10/8/2019 | Request 6 | Blanchard, Michael D. | | | | | | Wymer Undertaking to Repay - Redline doc | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication from in-house counsel reflecting legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

**R176**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00514 | Standalone Document | 10/9/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] | | Re: USAO Update | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00515 | Standalone Document | 10/9/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Huber, Marie [REDACTED] Vonsover, Amir [REDACTED] | | RE: USAO Update | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00516 | Standalone Document | 10/10/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] | | Re: USAO Update | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00517 | Standalone Document | 10/10/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | | FW: USAO Update - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00518 | Standalone Document | 10/10/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | Finn, Molly [REDACTED] | | Re: Wymer - indemnification and advancement request | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00519 | Parent | 10/10/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED]  Rome, Marc [REDACTED] | | FW: Wymer - indemnification and advancement request | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00520 | Attachment | 10/10/2019 | Request 6 | | | | | | | Wymer_Undertaking_10 07.19.pdf | Attorney Client Privileged; Work Product Protected | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00521 | Standalone Document | 10/10/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] Swan, Bob [REDACTED]  Farrell, Diana [REDACTED] Traquina, Perry [REDACTED] Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Schenkel, Scott [REDACTED]  Yetto, Kristin [REDACTED] | | FW: USAO Update - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00522 | Standalone Document | 10/11/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Macaulay, Shannon [REDACTED] | | Re: IP address checks | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00523 | Standalone Document | 10/12/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] | Huber, Marie [REDACTED] Rome, Marc [REDACTED] | | For Monday | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00524 | Standalone Document | 10/12/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED]  Rome, Marc [REDACTED] | | | Re: For Monday | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

**R178**

EBAY_BAUGHPRIV_0002

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00525 | Standalone Document | 10/15/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED] | | Project Lewis [REDACTED] | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00526 | Standalone Document | 10/15/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED] | | Re: Project Lewis [REDACTED] | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00527 | Standalone Document | 10/15/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | | | Re: Project Lewis [REDACTED] | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00528 | Standalone Document | 10/15/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | | | Re: Project Lewis [REDACTED] | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00529 | Parent | 10/15/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | | | A/C Priv - Michelle draft notes | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00530 | Attachment | 10/15/2019 | Request 6 | Vonsover, Amir | | | | | | Michelle Interview Oct 15 2019 Project Lewis docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Echevaria on October 15, 2019, attended by Molly Finn, Amir Vonsover, and Michelle Echevaria reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| Log00531 | Standalone Document | 10/15/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] | | | Update on Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel reflecting a request for legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

**R179**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00532 | Standalone Document | 10/16/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Michelle LNU / Eleanor | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00533 | Standalone Document | 10/17/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Natick matter | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00534 | Standalone Document | 10/17/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Natick matter | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00535 | Standalone Document | 10/17/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Natick matter | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00536 | Standalone Document | 10/18/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Vonsover, Amir [REDACTED] | | | Update on Project Lewis? | | Attorney Client Privileged | Email from in-house counsel requesting legal advice regarding eBay internal investigation after Natick events. |
| Log00537 | Standalone Document | 10/18/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Vonsover, Amir [REDACTED] | | | Re: Update on Project Lewis? | | Attorney Client Privileged | Email from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| Log00538 | Standalone Document | 10/18/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Vonsover, Amir [REDACTED] | | | RE: Update on Project Lewis? | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

**R180**

EBAY_BAUGHPRIV_0002

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00539 | Standalone Document | 10/18/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Brown, Adriane [REDACTED] Bates, Anthony [REDACTED] ; Swan, Bob [REDACTED] Hammer, Bonnie [REDACTED] Farrell, Diana [REDACTED] Anderson, Fred [REDACTED] Cohn, Jesse [REDACTED] Mitic, Katie [REDACTED] Green, Logan [REDACTED] Murphy, Matt [REDACTED] Pressler, Paul [REDACTED] Traquina, Perry [REDACTED] Omidyar, Pierre [REDACTED] Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] | | RE: Quick Update | | Attorney Client Privileged | Email chain between company representatives discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding general corporate matters and regarding unrelated litigation/legal matters. |
| Log00540 | Standalone Document | 10/20/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | Project Lewis - Privileged & Confidential | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00541 | Parent | 10/23/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Tierney, Thomas [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] Schenkel, Scott [REDACTED] | | FW: Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00542 | Attachment | 10/23/2019 | Request 6 | | | | | | | 2019.10.18 - Production Letter 2 to USAO.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication prepared by counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events. |
| Log00543 | Standalone Document | 10/23/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] | | RE: Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00544 | Standalone Document | 10/23/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Tierney, Thomas [REDACTED] | Finn, Molly [REDACTED] Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | | RE: Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00545 | Standalone Document | 10/25/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Billante, Joe [REDACTED] [REDACTED] Finn, Molly de la Calle, Sergio [REDACTED] | Project Lewis JF [REDACTED] | | Re: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing information to allow for the rendering of legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00546 | Standalone Document | 10/27/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED] Yetto, Kristin [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) requesting information to render legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |

**R182**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00547 | Standalone Document | 10/27/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED]      Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | Huber, Marie [REDACTED] | | Re: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00548 | Parent | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED] | | FW: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing information to allow for the rendering of legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00549 | Attachment | 10/28/2019 | Request 6 | Golden, Barrett B. | | | | | | DRAFT Project Lewis Release (01130683-3xA26CA) docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00550 | Attachment | 10/28/2019 | Request 6 | Golden, Barrett B. | | | | | | DRAFT Project Lewis Release - TRACKED.pdf | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00551 | Parent | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] | Vonsover, Amir [REDACTED] | | FW: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00552 | Attachment | 10/28/2019 | Request 6 | Golden, Barrett B. | | | | | | DRAFT Project Lewis Release (01130683-3xA26CA) docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |
| Log00553 | Attachment | 10/28/2019 | Request 6 | Golden, Barrett B. | | | | | | DRAFT Project Lewis Release - TRACKED.pdf | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00554 | Standalone Document | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED] | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00555 | Standalone Document | 10/28/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] | Rome, Marc [REDACTED] | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00556 | Standalone Document | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] | Rome, Marc [REDACTED] | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00557 | Standalone Document | 10/28/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Finn, Molly [REDACTED] Rome, Marc [REDACTED] | | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00558 | Standalone Document | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Johnson, Aaron [REDACTED] Rome, Marc [REDACTED] | | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00559 | Standalone Document | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00560 | Standalone Document | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED]   de la Calle, Sergio [REDACTED] Vonsover, Amir [REDACTED] | Project Lewis JF [REDACTED] | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00561 | Standalone Document | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED]   Connor, Bryan M. [REDACTED] | Vonsover, Amir [REDACTED] | | Lewis update | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00562 | Standalone Document | 10/28/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Billante, Joe [REDACTED]   Finn, Molly [REDACTED]   Yetto, Kristin [REDACTED] | Huber, Marie [REDACTED] | | RE: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) requesting and providing legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00563 | Standalone Document | 10/28/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED]   Huber, Marie [REDACTED]   Yetto, Kristin [REDACTED] | Huber, Marie [REDACTED] | | Re: DRAFT Project Lewis Release | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employees requesting and providing legal advice regarding corporate communications after Natick events and regarding unrelated litigation/legal matters and prepared in anticipation of litigation. |
| Log00564 | Parent | 10/30/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED]   Golden, Barrett B. [REDACTED]   Billante, Joe [REDACTED]   Brielmann, Eric [REDACTED]   Huber, Marie [REDACTED]   Yetto, Kristin [REDACTED] | Vonsover, Amir [REDACTED] | | FW: eBay Weekly Open Source Report - October 30, 2019 | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

**R185**

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00565 | Attachment | 10/30/2019 | Request 6 | Lauren Hoy | | | | | | 20191030 eBay CEO Open Source Report .pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding corporate communications after Natick events. |
| Log00566 | Standalone Document | 10/30/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Golden, Barrett B. [REDACTED] Billante, Joe [REDACTED] Brielmann, Eric [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | Vonsover, Amir [REDACTED] | | Re: eBay Weekly Open Source Report - October 30, 2019 | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00567 | Standalone Document | 10/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Golden, Barrett B. [REDACTED] Billante, Joe [REDACTED] Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Yetto, Kristin [REDACTED] | Vonsover, Amir [REDACTED] | | Re: 5 pm ET Draft | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00568 | Standalone Document | 10/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Vonsover, Amir [REDACTED] Yetto, Kristin [REDACTED] | Huber, Marie [REDACTED] Project Lewis JF [REDACTED] | | RE: 5 pm ET Draft | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00569 | Standalone Document | 10/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | Project Lewis JF [REDACTED] | | Re: 5 pm ET Draft | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00570 | Standalone Document | 10/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Vonsover, Amir [REDACTED] Yetto, Kristin [REDACTED] | Project Lewis JF [REDACTED] | | RE: 5 pm ET Draft | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00571 | Standalone Document | 10/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Vonsover, Amir [REDACTED] Yetto, Kristin [REDACTED] | Project Lewis JF [REDACTED] | | RE: 5 pm ET Draft | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00572 | Standalone Document | 10/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Brielmann, Eric [REDACTED] Finn, Molly [REDACTED] Vonsover, Amir [REDACTED] Yetto, Kristin [REDACTED] | Project Lewis JF [REDACTED] | | RE: 5 pm ET Draft | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) requesting and providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00573 | Parent | 10/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | Billante, Joe [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | Project Lewis Reddit posting and draft release Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company employee(s) providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00574 | Attachment | 10/30/2019 | Request 6 | bgolden | | | | | | Draft Project Lewis Release (5 pm).docx | Attorney Client Privileged; Work Product Protected | Draft document prepared at the direction of counsel providing information to allow for the rendering of legal advice and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00575 | Standalone Document | 10/30/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Huber, Marie [REDACTED] | Billante, Joe [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | Re: Project Lewis Reddit posting and draft release Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00576 | Standalone Document | 10/30/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | | | RE: Project Lewis Reddit posting and draft release Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00577 | Standalone Document | 10/30/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Huber, Marie [REDACTED] | | | Re: Project Lewis Reddit posting and draft release Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00578 | Standalone Document | 10/31/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Yetto, Kristin [REDACTED] | Billante, Joe [REDACTED] | | FW: Project Lewis - Reddit posting and revised statement - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00579 | Standalone Document | 10/31/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | Billante, Joe [REDACTED] | | RE: Project Lewis - Reddit posting and revised statement - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00580 | Standalone Document | 10/31/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] Yetto, Kristin [REDACTED] | Billante, Joe [REDACTED] | | RE: Project Lewis - Reddit posting and revised statement - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00581 | Standalone Document | 10/31/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] Swan, Bob [REDACTED] Farrell, Diana [REDACTED] Traquina, Perry [REDACTED] Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Cring, Andy [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | | RE: Project Lewis - Reddit posting and revised statement - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00582 | Standalone Document | 10/31/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Brown, Adriane [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] | | RE: Project Lewis - Reddit posting and revised statement - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00583 | Standalone Document | 11/1/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Brown, Adriane [REDACTED] Bates, Anthony [REDACTED] ; Swan, Bob [REDACTED]  Hammer, Bonnie [REDACTED] Farrell, Diana [REDACTED] Anderson, Fred [REDACTED]  Cohn, Jesse [REDACTED] Mitic, Katie [REDACTED]  Green, Logan [REDACTED]  Murphy, Matt [REDACTED] Pressler, Paul [REDACTED]  Traquina, Perry [REDACTED] Omidyar, Pierre [REDACTED]  Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] | | Quick Update #3 | | Attorney Client Privileged | Email chain from company representative to counsel providing information to allow for the rendering of legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding general corporate matters and regarding unrelated litigation/legal matters. |
| Log00584 | Standalone Document | 11/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | | | RE: Quick Update #3 | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and regarding general corporate matters and regarding unrelated litigation/legal matters. |
| Log00585 | Standalone Document | 11/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED]  Macauley, Shannon [REDACTED] | Connor, Bryan M. [REDACTED] Finn, Molly [REDACTED] | | Re: 11/1 Telcon with the AUSA | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00586 | Standalone Document | 11/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Re: Demand for Defense and Indemnification - David Harville | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00587 | Standalone Document | 11/4/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] | | | RE: Demand for Defense and Indemnification - David Harville | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00588 | Standalone Document | 11/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Macauley, Shannon [REDACTED] | Connor, Bryan M. [REDACTED] Finn, Molly [REDACTED] | | Re: 11/1 Telcon with the AUSA | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00589 | Standalone Document | 11/5/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED] Macauley, Shannon [REDACTED] | | | FW: Re your client Jim Baugh | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00590 | Standalone Document | 11/5/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Finn, Molly [REDACTED] | | | Re: Demand for Defense and Indemnification - David Harville | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00591 | Standalone Document | 11/5/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Vonsover, Amir [REDACTED] | | | Re: Demand for Defense and Indemnification - David Harville | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00592 | Standalone Document | 11/5/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | | | RE: Privileged and Confidential -- RE: Update? | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00593 | Standalone Document | 11/5/2019 | Request 6 | Johnson, Aaron | Johnson, Aaron [REDACTED] | Vonsover, Amir [REDACTED] Macauley, Shannon [REDACTED] | | | RE: Re your client Jim Baugh | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00594 | Standalone Document | 11/5/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Johnson, Aaron [REDACTED] Macauley, Shannon [REDACTED] | | | Re: Re your client Jim Baugh | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00595 | Standalone Document | 11/5/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | Huber, Marie [REDACTED] | | Project Lewis - Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company employee(s) providing legal advice regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00596 | Standalone Document | 11/5/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Huber, Marie [REDACTED] | | | RE: Project Lewis - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00597 | Parent | 11/6/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Apte, Anagha [REDACTED] Vonsover, Amir [REDACTED] | | | | Fwd: [REDACTED] -- doj-evaluation-of-corporate-compliance-programs-april-2019-final (1).pdf | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00598 | Attachment | 11/6/2019 | Request 6 | Heron, Jolene | | | | | | doj-evaluation-of-corporate-compliance-programs-april-2019-final (1).pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events. |
| Log00599 | Parent | 11/6/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | Fwd: [REDACTED] -- doj-evaluation-of-corporate-compliance-programs-april-2019-final (1).pdf | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00600 | Attachment | 11/6/2019 | Request 6 | Heron, Jolene | | | | | | doj-evaluation-of-corporate-compliance-programs-april-2019-final (1).pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication from in-house counsel providing information to allow for the rendering of legal advice regarding employment/personnel matters and/or actions after Natick events. |
| Log00601 | Parent | 11/7/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Tierney, Thomas [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] Schenkel, Scott [REDACTED] [REDACTED]          Yetto, Kristin | | eBay - Andy Phelan Update to Project Lewis Special Committee - Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00602 | Attachment | 11/7/2019 | Request 6 | | | | | | | 052094-02__109777006 v1_eBay ACP Memo to Special Committee 11_6_19.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00603 | Standalone Document | 11/8/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] | Finn, Molly [REDACTED] Huber, Marie [REDACTED] | | Re: Brian Gilbert | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00604 | Standalone Document | 11/10/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Farrell, Diana [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] | | RE: eBay: Andy Phelan Memo to Lewis Special Committee - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00605 | Standalone Document | 11/14/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Macauley, Shannon [REDACTED] | Connor, Bryan M. [REDACTED] Finn, Molly [REDACTED] Ricupero, Kara [REDACTED] | | Re: Locker in Global Security office | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00606 | Standalone Document | 11/16/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Huber, Marie [REDACTED] Finn, Molly [REDACTED] | | Lewis update on Monday - Privileged | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel requesting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| Log00607 | Standalone Document | 11/16/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | | | RE: Wed BoD Update - Draft - missing anything? - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding general corporate matters and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00608 | Standalone Document | 11/17/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | | | Re: Lewis update on Monday - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00609 | Parent | 11/18/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | | Project Lewis Special Committee Update 11.18.19 - Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00610 | Attachment | 11/18/2019 | Request 6 | | | | | | | 052094-02__109967407 v1_eBay 11_18_19 Project Lewis update to Special Committee.DOCX | Attorney Client Privileged; Work Product Protected | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00611 | Standalone Document | 11/18/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Brown, Adriane [REDACTED] Bates, Anthony [REDACTED] ; Swan, Bob [REDACTED] Hammer, Bonnie [REDACTED] Farrell, Diana [REDACTED] Anderson, Fred [REDACTED] Cohn, Jesse [REDACTED] Mitic, Katie [REDACTED] Green, Logan [REDACTED] Murphy, Matt [REDACTED] Pressler, Paul [REDACTED] Traquina, Perry [REDACTED] Omidyar, Pierre [REDACTED] Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] | | Quick Update #4 | | Attorney Client Privileged | Email chain from company representative to counsel providing information to allow for the rendering of legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding general corporate matters and regarding unrelated litigation/legal matters. |
| Log00612 | Standalone Document | 11/18/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | | | RE: Quick Update #4 | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding eBay internal investigation after Natick events and regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding corporate communications after Natick events and regarding general corporate matters and regarding unrelated litigation/legal matters. |
| Log00613 | Standalone Document | 11/19/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Lam, Cindy [REDACTED] | | | Fwd: Quick Update #4 | | Attorney Client Privileged | Email chain from company employee(s) to counsel providing information to allow for the rendering of legal advice regarding Board/Committee evaluations and/or determinations related to executive employment matters and regarding general corporate matters and regarding unrelated litigation/legal matters. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00614 | Standalone Document | 11/22/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] Macauley, Shannon [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Emailing: Re MA - ebay phil cook | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00615 | Standalone Document | 11/22/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Andrew Phelan (External) [REDACTED] Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] Macauley, Shannon [REDACTED] | | | Re: Emailing: Re MA - ebay phil cook | | Attorney Client Privileged; Work Product Protected | Email chain between in-house and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00616 | Standalone Document | 11/22/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Andrew Phelan (External) [REDACTED] Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] Macauley, Shannon [REDACTED] | | | Re: Emailing: Re MA - ebay phil cook | | Attorney Client Privileged; Work Product Protected | Email chain between in-house and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00617 | Standalone Document | 11/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Finn, Molly [REDACTED] Whitelaw, Julianne [REDACTED] | Connor, Bryan M. [REDACTED] | | RE: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00618 | Standalone Document | 11/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Yetto, Kristin [REDACTED] | Finn, Molly [REDACTED] | | FW: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain from company representative to counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00619 | Standalone Document | 11/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Finn, Molly [REDACTED] Whitelaw, Julianne [REDACTED] | Connor, Bryan M. [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | RE: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00620 | Standalone Document | 11/22/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Huber, Marie [REDACTED] Whitelaw, Julianne [REDACTED] | Connor, Bryan M. [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | Re: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00621 | Standalone Document | 11/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Billante, Joe [REDACTED] Finn, Molly [REDACTED] Whitelaw, Julianne [REDACTED] | Connor, Bryan M. [REDACTED] Yetto, Kristin [REDACTED] | | RE: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00622 | Standalone Document | 11/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | RE: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00623 | Standalone Document | 11/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | | RE: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00624 | Standalone Document | 11/22/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Yetto, Kristin [REDACTED] | | RE: Privileged and Confidential - Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00625 | Standalone Document | 11/25/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | | | Re: Legal Agreement | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00626 | Standalone Document | 11/25/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Legal Agreement | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00627 | Standalone Document | 11/25/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] | | RE: Legal Agreement | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00628 | Standalone Document | 11/25/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Brown, Adriane [REDACTED] Bates, Anthony [REDACTED] Swan, Bob [REDACTED] Hammer, Bonnie [REDACTED] Farrell, Diana [REDACTED] Anderson, Fred [REDACTED] Cohn, Jesse [REDACTED] Mitic, Katie [REDACTED] Green, Logan [REDACTED] Murphy, Matt [REDACTED] Pressler, Paul [REDACTED] Traquina, Perry [REDACTED] Omidyar, Pierre [REDACTED] Tierney, Thomas [REDACTED] | Huber, Marie [REDACTED] | | Quick Update #5 | | Attorney Client Privileged | Email chain from company representative to counsel providing information to allow for the rendering of legal advice regarding general corporate matters. |
| Log00629 | Standalone Document | 11/25/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] | | RE: Legal Agreement | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding employment/personnel matters and/or actions after Natick events and prepared in anticipation of litigation. |
| Log00630 | Standalone Document | 11/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | RE: eBay 11_25_19 Project Lewis update to Special Committee.DOCX - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00631 | Standalone Document | 11/25/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Schenkel, Scott [REDACTED] | | | RE: Quick Update #5 | | Attorney Client Privileged | Email chain between counsel and company employee(s) discussing legal advice regarding general corporate matters. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00632 | Standalone Document | 11/26/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | RE: eBay 11_25_19 Project Lewis update to Special Committee.DOCX - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00633 | Standalone Document | 11/26/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Finn, Molly [REDACTED] | | Fwd: Project Lewis update to Special Committee 11 26.19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00634 | Standalone Document | 11/26/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Finn, Molly [REDACTED] | | RE: Project Lewis update to Special Committee 11 26.19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00635 | Standalone Document | 12/2/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | FW: Phil Cook | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00636 | Standalone Document | 12/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Connor, Bryan M. [REDACTED] | | RE: Privileged and Confidential -- 12/2 USAO interview of Ryan Moore; next scheduled eBay interview (Phil Cooke) is set for Dec. 16-17. | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00637 | Standalone Document | 12/3/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | RE: Privileged and Confidential -- 12/2 USAO interview of Ryan Moore; next scheduled eBay interview (Phil Cooke) is set for Dec. 16-17. | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00638 | Standalone Document | 12/5/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Atty/Client Privilege- Phil Cooke Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00639 | Standalone Document | 12/5/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Vonsover, Amir [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Atty/Client Privilege- Phil Cooke Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00640 | Standalone Document | 12/11/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] | | Re: Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00641 | Standalone Document | 12/11/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] | | Re: Project Lewis | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00642 | Standalone Document | 12/11/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] Vonsover, Amir [REDACTED] | | RE: Project Lewis - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00643 | Standalone Document | 12/13/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | | | Re: Google notice regarding eBay | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00644 | Standalone Document | 12/13/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] Vonsover, Amir [REDACTED] | | RE: Project Lewis - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00645 | Standalone Document | 12/13/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | Connor, Bryan M. [REDACTED] Rome, Marc [REDACTED] Vonsover, Amir [REDACTED] | | Re: Project Lewis - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R202**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00646 | Standalone Document | 12/13/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Finn, Molly [REDACTED] Rome, Marc [REDACTED] Vonsover, Amir [REDACTED] | | RE: Project Lewis - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00647 | Standalone Document | 12/13/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED] Whitelaw, Julianne [REDACTED] | Vonsover, Amir [REDACTED] | | Project Lewis Comms Plan | | Attorney Client Privileged; Work Product Protected | Email between counsel and company employee(s) providing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00648 | Standalone Document | 12/13/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Billante, Joe [REDACTED] Whitelaw, Julianne [REDACTED] | Vonsover, Amir [REDACTED] | | RE: Project Lewis Comms Plan | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00649 | Standalone Document | 12/13/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | RE: Google notice regarding eBay | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00650 | Standalone Document | 12/13/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | Connor, Bryan M. [REDACTED] | | Re: Google notice regarding eBay | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

R203

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00651 | Standalone Document | 12/18/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] Finn, Molly [REDACTED] | | | RE: ACP's draft agenda/talking points for eBay 1_7_20 Special Committee meeting | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00652 | Standalone Document | 12/18/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Finn, Molly [REDACTED] | | | RE: ACP's draft agenda/talking points for eBay 1_7_20 Special Committee meeting | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00653 | Standalone Document | 12/18/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Huber, Marie [REDACTED] | | | RE: ACP's draft agenda/talking points for eBay 1_7_20 Special Committee meeting | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00654 | Standalone Document | 12/18/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] Huber, Marie [REDACTED] | | | RE: ACP's draft agenda/talking points for eBay 1_7_20 Special Committee meeting | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00655 | Standalone Document | 12/19/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Phelan, Andrew C. [REDACTED] | Finn, Molly [REDACTED] | | RE: ACP's draft agenda/talking points for eBay 1_7_20 Special Committee meeting | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00656 | Parent | 12/20/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Cring, Andy [REDACTED] Yetto, Kristin [REDACTED] Schenkel, Scott [REDACTED] | Billante, Joe [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] | | Project Lewis 1.7.20 Agenda and Talking Points - Privileged | | Attorney Client Privileged; Work Product Protected | Email from counsel to company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00657 | Attachment | 12/20/2019 | Request 6 | | | | | | | 052094-02__110483204 v1_eBay 1_7_20 Special Committee_Agenda_Talking Points.DOCX | Attorney Client Privileged; Work Product Protected | Draft document between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and prepared in anticipation of litigation. |
| Log00658 | Standalone Document | 12/27/2019 | Request 6 | Schenkel, Scott | Schenkel, Scott [REDACTED] | Cring, Andy [REDACTED] Huber, Marie [REDACTED] Yetto, Kristin [REDACTED] | Billante, Joe [REDACTED] Finn, Molly [REDACTED] | | RE: Project Lewis 1.7.20 Agenda and Talking Points - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00659 | Standalone Document | 12/27/2019 | Request 6 | Huber, Marie | Huber, Marie [REDACTED] | Cring, Andy [REDACTED] Schenkel, Scott [REDACTED] Yetto, Kristin [REDACTED] | Billante, Joe [REDACTED] Finn, Molly [REDACTED] Huber, Marie [REDACTED] | | RE: Project Lewis 1.7.20 Agenda and Talking Points - Privileged | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company employee(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| Log00660 | Standalone Document | 12/27/2019 | Request 6 | Finn, Molly | Finn, Molly [REDACTED] | Phelan, Andrew C. [REDACTED] | Connor, Bryan M. [REDACTED] Vonsover, Amir [REDACTED] | | Re: Privileged and Confidential -- Project Lewis - phone/device assignments | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject** | Filename** | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| * eBay produces this privilege log without waiver of, and expressly preserves, any and all objections and challenges to the Fed. R. Crim. P. 17(c) subpoenas issued to eBay Inc. and Morgan Lewis Bockius LLP, and reserves all rights to file a motion to quash the subpoenas or to seek other protections, on all available grounds.  The provision of this privilege log, or any purported failure to list a document or information within the privilege log, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding and shall not limit eBay's right to assert privilege or work product protection over material or information in connection with this or any other proceeding.  Further, eBay notes that certain of the documents logged within this privilege log may reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena.  eBay has not undertaken to review all nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege/protection.  eBay reserves the right to supplement and/or amend this privilege log. | | | | | | | | | | | | |
| ** Certain content subject to claims of privilege/protection has been redacted with the notation [REDACTED]. | | | | | | | | | | | | |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R206**

EBAY_BAUGHPRIV_0002

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

FIRST SUPPLEMENTAL PRIVILEGE LOG OF EBAY INC.*

| Attorneys and Legal Personnel | Email Address | |
|---|---|---|
| Apte, Anagha | [REDACTED] | |
| Connor, Bryan | [REDACTED] | |
| Cordo, Andrew | [REDACTED] | |
| Delis, Michael (Legal Technology Manager) | [REDACTED] | |
| Dwyer, Daniela (Head of Legal Operations) | [REDACTED] | |
| Finn, Molly | [REDACTED] | |
| Fitzgerald, Kate | [REDACTED] | |
| Hill, Melissa | [REDACTED] | |
| Huber, Marie | [REDACTED] | |
| Johnson, Aaron | [REDACTED] | |
| Macauley, Shannon (Legal Employee Relations Manager/Paralegal) | [REDACTED] | |
| Mundell, Jordan | [REDACTED] | |
| Narayan, Raaj | [REDACTED] | |
| Neff, Daniel | [REDACTED] | |
| Niles, Sabastian | [REDACTED] | |
| O'Neill, Katherine | [REDACTED] | |
| Phelan, Andrew | [REDACTED] | |
| Ricpuero, Kara | [REDACTED] | |
| Rome, Marc | [REDACTED] | |
| Ryan, Victoria | [REDACTED] | |
| Sands, Penny | [REDACTED] | |
| Shaulson, Samuel | [REDACTED] | |
| Stuart, David | [REDACTED] | |
| Tamboura, Angela | [REDACTED] | |
| Vonsover, Amir | [REDACTED] | |
| Wahlquist, Andrea | [REDACTED] | |
| West, Colin | [REDACTED] | |
| White, John | [REDACTED] | |

# EXHIBIT 3

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

SECOND SUPPLEMENTAL
PRIVILEGE LOG OF EBAY INC.*

| Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Log00661 | Standalone Document | 10/17/2019 | Request 4 | Bryan Connor | | | | | | 052094-02__108919332v1_Project Lewis - Michelle Echevarria Call Memo to File (10.17.2019).DOCX | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Echevaria on October 17, 2019, attended by Bryan Connor, Andrew Phelan, Amir Vonsover and Molly Finn reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| | * eBay produces this privilege log without waiver of, and expressly preserves, any and all objections and challenges to the Fed. R. Crim. P. 17(c) subpoenas issued to eBay Inc. and Morgan Lewis Bockius LLP, and reserves all rights to file a motion to quash the subpoenas or to seek other protections, on all available grounds. The provision of this privilege log, or any purported failure to list a document or information within the privilege log, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding and shall not limit eBay's right to assert privilege or work product protection over material or information in connection with this or any other proceeding. Further, eBay notes that certain of the documents logged within this privilege log may reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. eBay has not undertaken to review all nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege/protection. eBay reserves the right to supplement and/or amend this privilege log. | | | | | | | | | | | |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R209**

EBAY_BAUGHPRIV_0019

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

SECOND SUPPLEMENTAL
PRIVILEGE LOG OF EBAY INC.*

| Attorneys and Legal Support Personnel | Email Address |
|---|---|
| Connor, Bryan | [REDACTED] |
| Finn, Molly | [REDACTED] |
| Phelan, Andrew | [REDACTED] |
| Vonsover, Amir | [REDACTED] |

EBAY_BAUGHPRIV_0019

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

vs.                                                                Criminal No. 20-CR-10263-PBS

JIM BAUGH, et al.,

      Defendants.

## INTERVENORS EBAY INC.'S AND MORGAN, LEWIS & BOCKIUS LLP'S JOINT RESPONSE TO THE COURT'S JANUARY 28, 2022 ORDER

      Intervenors eBay Inc. ("eBay") and Morgan, Lewis & Bockius LLP ("Morgan Lewis") hereby file their response to the Court's January 28, 2022 Order (Dkt. 170) (the "Order"), which requested a declaration regarding disclosures of witness statements to the government as well as a more condensed privileged log focusing on witness statements.  In accordance with the Order, eBay and Morgan Lewis attach two declarations: (1) Supplemental Declaration of Andrew C. Phelan, Esq. (Attachment A) and  (2) Supplemental Declaration of Jack. W. Pirozzolo, Esq. (Attachment B).

Dated: March 1, 2022                           Respectfully submitted,

                                     */s/ Jack W. Pirozzolo*
                                     Jack W. Pirozzolo (BBO #564879)
                                     Kathryn L. Alessi (BBO #651110)
                                     SIDLEY AUSTIN LLP
                                     60 State St., 36th Floor
                                     Boston, MA 02109
                                     Tel. (617) 223-0300
                                     jpirozzolo@sidley.com
                                     kalessi@sidley.com

                                     Scott T. Nonaka (*pro hac vice*)
                                     SIDLEY AUSTIN LLP
                                     555 California St. Suite 2000
                                     San Francisco, CA 94104
                                     Tel. (415) 772-1285

**R211**

snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*


*/s/ Nathan J. Andrisani*
Nathan J. Andrisani (pro hac vice)
nathan.andrisani@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: 215-963-5362
Fax: 215-963-5001

Jonathan M. Albano (BBO #013850)
jonathan.albano@morganlewis.com
Emma D. Hall (BBO #687947)
emma.hall@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110-1726
Phone: 617-951-8000
Fax: 617-951-8736

*Counsel for Morgan, Lewis & Bockius LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo

# ATTACHMENT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

vs.

JIM BAUGH, et al.,

Defendants.

Criminal No. 20-CR-10263-PBS

## SUPPLEMENTAL DECLARATION OF ANDREW C. PHELAN, ESQ.

I, Andrew C. Phelan, Esq., hereby depose and say as follows:

1.     I submit this supplemental declaration pursuant to the Court's January 28, 2022 order requiring eBay, Inc. ("eBay") and Morgan, Lewis & Bockius LLP ("Morgan Lewis") to produce a declaration to the Court regarding witness interviews and disclosures to the Government made during the course of the eBay and Morgan Lewis investigation into the conduct of Jim Baugh ("Baugh") and others.  (Dkt. 170).  In its Order, the Court requested to see "declarations from Morgan Lewis and eBay about exactly what was disclosed about the people whose statements [eBay] is withholding."  Dkt. 180 at 92-93.

2.     My original declaration in this case was filed December 17, 2021 (Dkt. 139) and contains facts about my role in the investigation concerning this matter.

3.     My statements here are based on my personal knowledge and are true to the best of my knowledge, information, and belief after the review I describe below and as of the date I sign this declaration.

4.     I was the principal lawyer for eBay who had substantive communications with the Government regarding its investigation beginning in September 2019. Three other lawyers also had direct contact about the investigation with the Government on behalf of eBay as follows.

1

**R215**

Bryan Connor, an associate at Morgan Lewis who worked with me, had communications with the Government between 2019 and August 2021, primarily by email.  I do not recall his communications ever involving the substance of witness statements. Amir Vonsover, an in-house eBay lawyer, was interviewed by the Government on February 23, 2021 about the substance of certain interviews he conducted during eBay's Internal Investigation. I was present for his interview by the Government.  eBay's Chief Compliance Officer, Molly Finn, participated in the March 16, 2021 presentation that I made to the Government on behalf of eBay but made no disclosures as to any witness statement.

5.      After the Court's January 28, 2022 hearing, I reviewed records to identify the communications I had with the Government, including notes and emails from the electronic searches that Morgan Lewis performed to identify email communications between the Government on the one hand and me and/or Bryan Connor on the other. In my review, I sought to identify all material communications with the Government and, from those, identify all instances in which I did disclose, or might have disclosed, any substance from witness interviews.

6.      For this review, and consistent with the Court's direction, I interpreted the term "substance" broadly to mean not just formal quotes or verbatim readouts, but any communication in which I did convey, or may have conveyed, the gist of what a witness said in an interview, in whole or in part.  I sought to identify instances "not limited to just whether there was a verbal download" but, more broadly, any instance in which I "told them in sum and substance what somebody said." *See* Dkt 180 at 93. This interpretation of "substance" is broader than in my earlier declaration, where I focused on the specific Government requests for the substance of eBay's interviews of defendants Baugh and Harville and of Steve Wymer and where I gave a

2

**R216**

verbal download directly from the written notes of their interviews. The disclosures captured by this broader scope are detailed below.

7.      I communicated with the Government about the investigation more than fifty times starting in September 2019, primarily by telephone and email, with one in-person meeting and several video calls. The volume of contacts reflected the extensiveness of eBay's cooperation with the Government, which began immediately upon eBay's learning from the Natick Police Department of defendants' actions against the Steiners. eBay's cooperation included providing the government with facts from its internal investigation, thousands of pages of documents, and responses to numerous Government requests for information. Most communications involved no discussion of witness substance. I identify below, to the best of my recollection those instances in which I disclosed, or even might have disclosed, the substance of what a witness said. Most frequently, these substantive disclosures concerned facts relevant to the defendants' concealing and destroying evidence, creating and altering documents, and attempting to mislead the eBay investigators and the Natick Police Department. I never provided copies of any memoranda or notes of any interview and only read to the Government from the written eBay witness statements of three individuals: Jim Baugh, Dave Harville, and Steve Wymer.

8.      **September 16, 2019 Telephone Call with the Government.**  This was my first contact with the Boston U.S. Attorney's office. I told AUSA Amy Burkart during this call that eBay was in the midst of an internal investigation into allegations first brought to their attention by an inquiry just a few weeks prior by the Natick Police Department. I recall mentioning Jim Baugh's name, that there were other eBay employees involved, that eBay was concerned that

3

some of them may have taken steps to mislead and interfere with the police investigation, and that eBay intended to voluntarily report to the Government on these matters within about a week.

9. **September 24, 2019 Meeting with the Government.** This was my first substantive meeting with the Government. Bryan Connor and I attended for eBay with AUSAs Burkart and Seth Kosto attending for the Government. This meeting was a voluntary report by eBay and came less than a month after eBay first learned of criminal acts by defendants Baugh, Harville, and others. The facts reported here closely tracked those in the detailed FBI affidavit that the Government filed about nine months later in its public announcement of charges against Baugh, Harville, and others. At this meeting, I reported facts learned in the investigation as to the roles of direct participants in the conduct, namely, Jim Baugh, David Harville, Stephanie Popp, Veronica Zea, and Stephanie Stockwell. I also reported the apparent roles of Brian Gilbert and Scott Fitzgerald and the concern that one or both had sought to obstruct or mislead the Natick Police Department. This information derived from travel records, texts, and emails as well as from interviews either conducted by Mr. Vonsover as part of eBay's initial investigation or by me as outside counsel from Morgan Lewis. I am not certain that I disclosed the substance of any statement made by any of them but believe that I did disclose that they all concealed their actions from eBay and lied to eBay before, during, and after the events in Natick. I also believe that I disclosed at this meeting the statements made to me by eBay's former-CEO Devin Wenig and former Chief Communications Officer Steve Wymer to the effect that they claimed to be shocked when they learned of the Natick events and denied that they directed or intended from any of their communications before the Natick events for anyone to engage in criminal conduct.

10. **October 18, and October 30, 2019 Telephone Calls with the Government.** On October 18, 2019, I informed AUSA Kosto about two additional potentially relevant

4

witnesses for his investigation, Michelle Alford (Echeveria) and Eleanor Mount. I had learned of their identities shortly before the October 18 call. Ms. Mount declined to be interviewed, so I could not have disclosed any substance as to her. I recall disclosing that Alford reported that she had resigned rather than participate in Baugh's scheme and that Baugh fired Mount for refusing to participate. I spoke again by phone with AUSA Kosto on October 30. I do not recall making any further disclosure about Alford or Mount to him or whether he made some disclosure to me resulting from a Government interview.

11. **November 1, 2019 Telephone Call with the Government.** In response to a question from AUSA Kosto, I told the Government that certain witnesses lied to or tried to mislead the company in their eBay interviews about their actions in Natick. I believe that I disclosed in this call Baugh's admission to Mr. Vonsover in his August 28, 2019 interview that he had lied to Mr. Vonsover in his earlier eBay interviews.

12. **March 12, 2020 Email to the Government.** I emailed AUSA Kosto on this date that Harville's lawyer invoked the Fifth Amendment for Harville for virtually all questions asked during my interview of him. I do not recall revealing the substance of anything that Harville said during that September 13, 2019 interview.

13. **August 12, 2020 Telephone Call with the Government.** In this call, I identified Meagan Barret to AUSAs Kosto and D'Addio as another potentially relevant witness that the Government might want to interview. I disclosed in this call information, likely from my and eBay's interviews with her, that she had been at an August 2019 planning meeting that Baugh had held for the Natick events, that she thereafter sought to avoid Baugh and involvement, that she denied other involvement, and that she only very recently reported any of this to eBay. This information was derived from interviews of her by eBay and me in March and July 2020.

5

14. **September 24, 2020 Telephone Call with the Government.** I disclosed to AUSA Kosto that Baugh and Harville had lied to Mr. Vonsover in their eBay interviews with him.

15. **October 2, 2020 Telephone Call with the Government.** I told AUSA Kosto that eBay would make Mr. Vonsover available for an interview with the Government regarding his interviews of Baugh and Harville as well as to facts that Mr. Vonsover could provide as a percipient witness to the interviews.

16. **October 13, 2020 Telephone Call with the Government.** During this call, I read to the Government, including AUSA Kosto and an FBI agent, directly from the typed notes of Mr. Vonsover's 2019 interviews of: (a) Jim Baugh on August 23 (2 interviews), August 27, and August 28; and (b) Dave Harville on August 23, August 26, and August 27.

17. **October 16, 2020 Telephone Call with the Government.** During this call, I read to AUSA Kosto and an FBI Agent directly from the typed notes of Mr. Vonsover's 2019 interviews of Steve Wymer on August 27 and 28.

18. **February 23, 2021 USAO Interview of Amir Vonsover.** I attended the Government interview of Mr. Vonsover by AUSA Kosto and an FBI agent. During that interview, Mr. Vonsover principally answered questions regarding his interviews of Baugh and Harville but also was asked, and answered, questions about some of the substance of his interviews of Brian Gilbert, Scott Fitzgerald, Stephanie Popp, Veronica Zea, and Stephanie Stockwell. My records do not reflect, and I do not recall, Mr. Vonsover providing the substance of any other witness statement.

19. **March 16, 2021 Presentation to the Government.** I and eBay's Chief Compliance Officer, Ms. Finn, met by videoconference with several AUSAs, including Mr.

6

Kosto. During that meeting, I presented a PowerPoint deck that focused on the Department of Justice's principles of federal prosecution applicable to corporations, including the factors set forth in the Department of Justice Manual applicable to consideration of corporate criminal liability. The PowerPoint included factual findings from the Internal Investigation. It also stated that the investigation had not uncovered evidence that either Wenig or Wymer had directed anyone to engage in the criminal actions in Natick or knew that those actions would occur.

20.     Following the March 16, 2021, presentation I do not recall any further communications with the Government in which I disclosed the substance of any witness interview.

21.     The communications referenced above indicate, to the best of my present recollection, all of the instances where I either did or might have disclosed the substance of witness interviews. If there is anything that might refresh my recollection as to any other such communications (if any), I will review them if brought to my attention.

22.     To summarize the paragraphs above, to the best of my present recollection and on behalf of eBay, I did disclose, or may have disclosed, to the Government substance from witness statements of the following: Michelle Alford (Echeveria); Meagan Barret; Jim Baugh; Scott Fitzgerald; Brian Gilbert; David Harville; Stephanie Popp; Stephanie Stockwell; Devin Wenig; Steve Wymer; and Veronica Zea.

23.     To the best of my present recollection, I did not disclose to the Government the substance of any witness statements from the following: Phil Cooke; Jose Gordon; Wendy Jones; Ryan Moore; and Julianne Whitelaw.

24.     I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed, March 1, 2022, in the Commonwealth of Massachusetts, United States of America.

/s/ Andrew C. Phelan
Andrew C. Phelan, Esq.

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo

# ATTACHMENT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

vs.

JIM BAUGH, et al.,

      Defendants.

Criminal No. 20-CR-10263-PBS

## SUPPLEMENTAL DECLARATION OF JACK W. PIROZZOLO, ESQ.

I, Jack W. Pirozzolo, hereby depose and say as follows:

1.      I am counsel of record for eBay in the above-captioned matter.  Unless otherwise noted, the statements set forth herein are based on my own personal knowledge.  They are also true to the best of my knowledge, information and belief as of the date I signed this declaration.

2.      I submit this supplemental declaration in accordance with the Court's instructions at the January 28, 2022 hearing in this matter for eBay Inc. ("eBay") to submit to the Court a "supplemental privilege log focusing on those categories" of documents most relevant to the Court's waiver analysis in light of the Court's direction that it would not review all documents on the privilege logs eBay supplied to defendant Jim Baugh ("Baugh") in response to his Rule 17 subpoena. Dkt. 180 at 29-30.

3.      Attached hereto as Exhibit 1 is the requested supplemental privilege log ("Condensed Log"). [1]   The Condensed Log contains entries from all logs produced to Baugh that are most germane to the Court's waiver analysis as articulated at the January 28, 2022 hearing. Specifically, the Condensed Log contains entries for those interview notes/memoranda that

---

[1] eBay has removed email addresses from the entries contained within the Condensed Log per the Court's January 20, 2022 order.  Dkt. 160.

remain within scope of Subpoena Request No. 4 and that eBay has not produced to Baugh. The Condensed Log also contains entries for those emails and documents that remain within the scope of Subpoena Request Nos. 2 and 6 and that, after a reasonably diligent review, eBay has identified as referencing or discussing statements of witnesses from the interviews that remain within the scope of Subpoena Request No. 4. The Condensed Log also contains nineteen additional documents that eBay identified after conducting an additional review. These consist of additional drafts of witness statements and notes of communications with certain witnesses, all of which may be responsive to the Court's interest in documents relating to witness statements.[2]

4.      As is the case with any curated set of documents, it is likely that there remain documents on the original logs that do not appear on the Condensed Log that may touch on statements of witnesses. Nevertheless, this Condensed Log represents a good faith effort to identify for the Court the documents on the original logs that the Court said during the January 28, 2022 hearing that it was most interested in, namely, memoranda of witness statements and emails or other communications referencing statements of witnesses.

5.      Attached hereto at Exhibit 2 is a table listing alphabetically the relevant witnesses interviewed during the course of eBay's internal investigation along with the dates of the interviews, whether the interviews were conducted by eBay counsel or Morgan Lewis and whether the substance of the interviews was provided to the government. Although the relevant documents already appear on the Condensed Log, I have attached this table for the convenience of the Court so that it can see in a more simplified format relevant information regarding witness

---

[2] eBay has included within the Condensed Log an entry for notes taken by an employee in eBay's legal counsel office of a conversation with Natick Police Detective Jason Sutherland on August 22, 2019 and a conversation with Tony Shepard of Progressive Force Concepts on August 23, 2019. Although the conversations themselves may not have been privileged, the notes and the accompanying emails transmitting them are work product and privileged.

interviews.  These also correspond to the witness interviews that Mr. Phelan addresses in his

Supplemental Declaration filed simultaneously with this declaration.

      6.      I declare, under the pains and penalties of perjury that the foregoing is true and

correct to the best of my knowledge, information and belief.

      Executed, March 1, 2022, in the Commonwealth of Massachusetts, United States of

America.

                         */s/ Jack W. Pirozzolo*
                         Jack W. Pirozzolo, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo

# EXHIBIT 1

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Log00085 | Standalone Document | 7/2/2020 | Request 4 | Kimberley Phelan | | | | | | 2020.03.06 Meagan Barret Interview (ML).docx | Attorney Client Privileged; Work Product Protected | Memorandum of confidential interview of Meaghan Barrett on March 6, 2020, attended by Andy Phelan and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 2 | Log00084 | Standalone Document | 10/15/2019 | Request 4 | Vonsover, Amir | | | | | | 2019.10.15 Michelle Echevaria.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Echevaria on October 15, 2019, attended by Molly Finn, Amir Vonsover, and Michelle Echevaria reflecting the collection of information for the purpose of rendering legal advice in connection eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 3 | Log00661 | Standalone Document | 10/17/2019 | Request 4 | Bryan Connor | | | | | | 052094-02__108919332v1_Project Lewis - Michelle Echevarria Call Memo to File (10.17.2019).DOCX | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Michelle Echevaria on October 17, 2019, attended by Bryan Connor, Andrew Phelan, Amir Vonsover and Molly Finn reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 4 | Log00061 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Scott Fitzgerald.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 5 | Log00773** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Scott Fitzgerald.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 6 | Log00075 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Scott Fitzgerald (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on August 30, 2019, attended by Colin West, Bryan Connor, Shannon Macauley, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 7 | Log00079 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.03 Scott Fitzgerald (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on September 3, 2019, attended by Colin West, Jordan Mundell, Andy Phelan, Shannon Macauley, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

CONDENSED PRIVILEGE LOG OF EBAY INC.*

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Log00080 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.05 Scott Fitzgerald (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Scott Fitzgerald on September 5, 2019, attended by Colin West, Andy Phelan, Shannon Macauley, and Scott Fitzgerald reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 9 | Log00059 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Brian Gilbert.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Brian Gilbert on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Brian Gilbert reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, and prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 10 | Log00774** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Brian Gilbert.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Brian Gilbert on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Brian Gilbert reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, and prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 11 | Log00074 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Brian Gilbert (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Brian Gilbert on August 30, 2019, attended by Andy Phelan, Jordan Mundell, Shannon Macauley, and Brian Gilbert reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 12 | Log00078 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.03 Brian Gilbert (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Brian Gilbert on September 3, 2019, attended by Andy Phelan, Jordan Mundell, Colin West, Shannon Macauley, and Brian Gilbert reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 13 | Log00060 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Dave Harville.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 14 | Log00775** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Dave Harville.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | Log00066 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Dave Harville_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 16 | Log00776** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Dave Harville_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 17 | Log00070 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Dave Harville_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 18 | Log00777** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Dave Harville_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and David Harville reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 19 | Log00126 | Attachment | 9/13/2019 | Request 4; Request 6 | Vonsover, Amir | | | | | | Harville Attorney meeting 9.13.2019 AJV.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of David Harville on September 13, 2019, attended by Andy Phelan, Colin West, Amir Vonsover, David Harville, and Evan Nelson reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 20 | Log00077 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Wendy Jones (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Wendy Jones on August 30, 2019, attended by Andy Phelan, Jordan Mundell, Shannon Macauley, and Wendy Jones reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 21 | Log00081 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.06 Wendy Jones (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Wendy Jones on September 6, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Wendy Jones reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | Log00266 | Standalone Document | 11/2/2021 | Request 4 | | | | | | | 2019.09.13 Ryan Moore Interview (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Ryan Moore on September 13, 2019, attended by Andy Phelan, Colin West, Amir Vonsover, and Ryan Moore reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's. |
| 23 | Log00062 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Stephanie Popp.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 24 | Log00778** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Stephanie Popp.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 25 | Log00067 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Stephanie Popp_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 26 | Log00779** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Stephanie Popp_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 27 | Log00071 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Stephanie Popp_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 28 | Log00780** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Stephanie Popp_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Popp on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Popp reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | Log00063 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Tony Shepard.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Shannon Macauley, Amir Vonsover and Tony Shepard on August 23, 2019, in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 30 | Log00781** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Tony Shepard.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Shannon Macauley, Amir Vonsover and Tony Shepard on August 23, 2019, in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 31 | Log00782** | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.22 Sutherland Convo.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Natick Police Detective Jason Sutherland, Shannon Macauley, and Amir Vonsover on August 22, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 32 | Log00783** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.22 Sutherland Convo.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Natick Police Detective Jason Sutherland, Shannon Macauley, and Amir Vonsover on August 22, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 33 | Log00068 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Stephanie Stockwell.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Stockwell on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Stockwell reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 34 | Log00784** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Stephanie Stockwell.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Stephanie Stockwell on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, and Stephanie Stockwell reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 35 | Log00125 | Attachment | 9/10/2019 | Request 4 | | | | | | | Notes from Wenig.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Devin Wenig on September 10, 2019, attended by Andrew Phelan, Colin West, and Devin Wenig, reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | Log00083 | Standalone Document | 11/2/2021 | Request 4 | | | | | | | 2019.09.13 Julianne Whitelaw Interview (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Julianne Whitelaw on September 13, 2019, attended by Andy Phelan, Colin West, Amir Vonsover, and Julianne Whitelaw reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 37 | Log00072 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Steve Wymer.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 38 | Log00785** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.27 Steve Wymer.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 27, 2019, attended by Shannon Macauley, Amir Vonsover, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 39 | Log00073 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.28 Steve Wymer _2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 28, 2019, attended by Shannon Macauley, Amir Vonsover, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 40 | Log00786** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.28 Steve Wymer _2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 28, 2019, attended by Shannon Macauley, Amir Vonsover, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 41 | Log00076 | Standalone Document | 2/3/2020 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Steve Wymer (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 30, 2019, attended by Andy Phelan, Jordan Mundell, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 42 | Log00787** | Standalone Document | 9/16/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.30 Steve Wymer (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on August 30, 2019, attended by Andy Phelan, Jordan Mundell, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 43 | Log00082 | Standalone Document | 2/3/2020 | Request 4 | Macauley, Shannon | | | | | | 2019.09.09 Steve Wymer (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on September 9, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 44 | Log00240 | Standalone Document | 9/9/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.09 Steve Wymer (ML) (1).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on September 9, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 45 | Log00241 | Standalone Document | 9/11/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.09 Steve Wymer (ML) (1) (003).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on September 9, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of and by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 46 | Log00788** | Standalone Document | 9/16/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.09.09 Steve Wymer (ML).docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Steve Wymer on September 9, 2019, attended by Andy Phelan, Colin West, Shannon Macauley, and Steve Wymer reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of and by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 47 | Log00064 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Veronica Zea.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 48 | Log00789** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Veronica Zea.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 49 | Log00065 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Veronica Zea_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

CONDENSED PRIVILEGE LOG OF EBAY INC.*

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 50 | Log00790** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.23 Veronica Zea_2.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 23, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 51 | Log00069 | Standalone Document | 9/12/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Veronica Zea_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, Ellen Sherman, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 52 | Log00791** | Standalone Document | 8/29/2019 | Request 4 | Macauley, Shannon | | | | | | 2019.08.26 Veronica Zea_3.docx | Attorney Client Privileged; Work Product Protected | Notes of confidential interview of Veronica Zea on August 26, 2019, attended by Shannon Macauley, Amir Vonsover, Tony Shepard, Ellen Sherman, and Veronica Zea reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared at the direction of counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 53 | Log00043 | Parent | 10/23/2019 | Request 2; Request 6 | Huber, Marie | Huber, Marie | Brown, Adriane; Swan, Bob; Farrell, Diana; Traquina, Perry; Tierney, Thomas | Phelan, Andrew C.; Finn, Molly; Huber, Marie; Schenkel, Scott; Yetto, Kristin | | FW: Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | | Attorney Client Privileged; Work Product Protected | Email chain between counsel and company representative(s) providing and discussing legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events and regarding employment/personnel matters and/or actions after Natick events and regarding corporate communications after Natick events and prepared in anticipation of litigation. |
| 54 | Log00044 | Attachment | 10/23/2019 | Request 2; Request 6 | | | | | | | 2019.10.18 - Production Letter 2 to USAO.pdf | Attorney Client Privileged | Attachment to Privileged/Protected Communication prepared by counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and regarding eBay response to law enforcement investigations after Natick events. |
| 55 | Log00216 | Standalone Document | 8/29/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | Finn, Molly | | Re: Atty/Client Privilege - Interesting Doc | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 56 | Log00272 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Phelan, Andrew C.; Shaulson, Samuel S. | | | FW: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| 57 | Log00273 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Phelan, Andrew C.; Shaulson, Samuel S. | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| 58 | Log00274 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Phelan, Andrew C.; Shaulson, Samuel S. | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| 59 | Log00275 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Phelan, Andrew C.; Shaulson, Samuel S. | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 60 | Log00278 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | | | Fwd: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| 61 | Log00279 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| 62 | Log00284 | Standalone Document | 8/30/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | | | Fwd: Confidential - Investigation Follow Up | | Attorney Client Privileged | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events. |
| 63 | Log00303 | Standalone Document | 9/4/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | Connor, Bryan M.; Mundell, Jordan; Vonsover, Amir; West, Colin C. | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 64 | Log00304 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | Connor, Bryan M.; Finn, Molly; Mundell, Jordan; West, Colin C. | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 65 | Log00305 | Standalone Document | 9/4/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S.; Vonsover, Amir | Connor, Bryan M.; Mundell, Jordan; West, Colin C. | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 66 | Log00306 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | Connor, Bryan M.; Mundell, Jordan; West, Colin C. | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 67 | Log00307 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Phelan, Andrew C.; West, Colin C. | | | Re: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 68 | Log00308 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Ricupero, Kara | Finn, Molly | | Fwd: CONFIDENTIAL Cell Phone Check | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 69 | Log00309 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Connor, Bryan M.; Macauley, Shannon; Mundell, Jordan; Phelan, Andrew C.; Shaulson, Samuel S.; West, Colin C. | Finn, Molly | | Re: CONFIDENTIAL Cell Phone Check | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 70 | Log00310 | Standalone Document | 9/4/2019 | Request 6 | Finn, Molly | Finn, Molly | Ricupero, Kara; Vonsover, Amir | | | Re: CONFIDENTIAL Cell Phone Check | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel requesting and providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 71 | Log00320 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; Vonsover, Amir; West, Colin C. | | | Attorney/Client Privilege - Draft Talking points for Devin's phone | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel reflecting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 72 | Log00321 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Ricupero, Kara | Vonsover, Amir | | RE: Project Lewis SP Sites | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 73 | Log00322 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly | Huber, Marie | | | FW: Attorney/Client Privilege - Draft Talking points for Devin's phone v.3 | | Attorney Client Privileged; Work Product Protected | Email chain from in-house counsel reflecting legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 74 | Log00333 | Standalone Document | 9/7/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; Vonsover, Amir | Connor, Bryan M.; Mundell, Jordan; Shaulson, Samuel S.; West, Colin C. | | Re: Atty/Client Privilege - Interesting Doc | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

CONDENSED PRIVILEGE LOG OF EBAY INC.*

| Doc. Number | Log Number | Parent Attachment | Date | Subpoena Request | Author | From | To | CC | BCC | Subject | Filename | Privilege Basis | Privilege Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 75 | Log00334 | Standalone Document | 9/8/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; Vonsover, Amir | Connor, Bryan M.; Mundell, Jordan; Shaulson, Samuel S.; West, Colin C. | | Re: Atty/Client Privilege - Interesting Doc | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 76 | Log00351 | Parent | 9/12/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | | | Andy interview w Josh Bentley | | Attorney Client Privileged; Work Product Protected | Email between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 77 | Log00352*** | Attachment | 9/12/2019 | Request 6 | Vonsover, Amir | | | | | | Phelan Bentley call 9.12.2019 AJV.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Andy Phelan, Amir Vonsover, and Josh Bentley on September 12, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 78 | Log00353 | Parent | 9/12/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Finn, Molly; Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S. | | | Re: Andy interview w Josh Bentley | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 79 | Log00354*** | Attachment | 9/12/2019 | Request 6 | Vonsover, Amir | | | | | | Phelan Bentley call 9.12.2019 AJV.docx | Attorney Client Privileged; Work Product Protected | Notes of conversation between Andy Phelan, Amir Vonsover, and Josh Bentley on September 12, 2019 reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 80 | Log00355 | Standalone Document | 9/12/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; Shaulson, Samuel S.; Vonsover, Amir | | | Re: Andy interview w Josh Bentley | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 81 | Log00685 | Standalone Document | 8/30/2019 | Request 6 | Finn, Molly | Finn, Molly | Shaulson, Samuel S.; Vonsover, Amir; Macauley, Shannon; Phelan, Andrew C. | | | Re: Confidential - Investigation Follow Up | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing information to allow for the rendering of legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 82 | Log00688 | Standalone Document | 9/1/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Phelan, Andrew C.; Finn, Molly | Shaulson, Samuel S. | | Re: Privileged and Confidential -- Project Lewis planning | | Attorney Client Privileged; Work Product Protected | Email chain between in-house and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 83 | Log00691 | Standalone Document | 9/4/2019 | Request 6 | Vonsover, Amir | Vonsover, Amir | Vonsover, Amir; West, Colin C.; Finn, Molly; Shaulson, Samuel S.; Macauley, Shannon; Phelan, Andrew C.; Mundell, Jordan; Connor, Bryan M. | | | RE: Atty/Client Privilege - Fitzgerald Phone | | Attorney Client Privileged; Work Product Protected | Email chain between in-house counsel and outside counsel providing and discussing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 84 | Log00698 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; West, Colin C.; Vonsover, Amir | | | RE: Attorney/Client Privilege - Draft Talking points for Devin's phone | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |
| 85 | Log00699 | Standalone Document | 9/5/2019 | Request 6 | Finn, Molly | Finn, Molly | Macauley, Shannon; Phelan, Andrew C.; West, Colin C.; Vonsover, Amir | | | RE: Attorney/Client Privilege - Draft Talking points for Devin's phone v.3 | | Attorney Client Privileged; Work Product Protected | Email from in-house counsel providing legal advice regarding eBay internal investigation after Natick events and prepared in anticipation of litigation. |

\* eBay produced its privilege logs without waiver of, and expressly preserving, any and all objections and challenges to the Fed. R. Crim. P. 17(c) subpoenas issued to eBay Inc. and Morgan Lewis Bockius LLP, and reserving all rights to file a motion to quash the subpoenas or to seek other protections, on all available grounds. The provision of eBay's privilege logs, or any purported failure to list a document or information within the privilege logs, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding and shall not limit eBay's right to assert privilege or work product protection over material or information in connection with this or any other proceeding. Further, eBay notes that certain of the documents logged within this privilege log may reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. eBay has not undertaken to review all nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege/protection. eBay reserves the right to supplement and/or amend this privilege log.

\*\* After conducting an additional review, eBay has determined that this document should be considered as part of its privilege logs.

\*\*\* A copy of this document was produced to Baugh on February 4, 2022.

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

**R239**

UNITED STATES V. BAUGH, ET AL.
20-CR-10263

CONDENSED PRIVILEGE LOG OF EBAY INC.*

| Attorneys and Legal Support Personnel |
|---|
| Connor, Bryan |
| Finn, Molly |
| Huber, Marie |
| Johnson, Aaron |
| FitzGerald, Kate |
| Macauley, Shannon (Legal Employee Relations Manager/Paralegal) |
| Mundell, Jordan |
| Neff, Daniel |
| Phelan, Andrew |
| Ricupero, Kara |
| Rome, Marc |
| Ryan, Victoria |
| Shaulson, Samuel |
| Stuart, David |
| Vonsover, Amir |
| West, Colin |
| White, John |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY CONCERNING PRIVILEGE LOGS

# EXHIBIT 2

| Witness (Alphabetical) | Interview (eBay or Morgan Lewis) | Disclosure of Certain Substance (Yes or No) |
|---|---|---|
| Michelle Alford (Echeveria) | eBay (10/15/2019)<br><br>Morgan Lewis (10/17/2019, 11/1/2019) | Yes |
| Meagan Barret | eBay and Andrew Phelan (3/6/2020) | Yes |
| Phil Cooke | Morgan Lewis (11/22/2019, 11/25/2019, 11/26/2019) | No |
| Scott Fitzgerald | eBay (8/23/2019)<br><br>Morgan Lewis (8/30/2019, 9/3/2019, 9/5/2019) | Yes |
| Brian Gilbert | eBay (8/23/2019)<br><br>Morgan Lewis (8/30/2019, 9/3/2019) | Yes |
| Jose Gordon | Morgan Lewis (9/17/2019) | No |
| David Harville | eBay (8/23/2019, 8/26/2019, 8/27/2019)<br><br>Morgan Lewis (9/13/2019) | Yes |
| Wendy Jones | Morgan Lewis (8/30/2019, 9/6/2019) | No |
| Ryan Moore | Morgan Lewis (9/13/2019) | No |
| Stephanie Popp | eBay (8/23/2019, 8/26/2019, 8/27/2019) | Yes |
| Stephanie Stockwell | eBay (8/26/2019) | Yes |
| Devin Wenig | Morgan Lewis Interviews (9/10/2019, 9/11/2019)<br><br>Morgan Lewis Conversations (9/12/2019, 9/13/2019) | Yes |

1

**R242**

| Witness (Alphabetical) | Interview (eBay or Morgan Lewis) | Disclosure of Certain Substance (Yes or No) |
|---|---|---|
| Julianne Whitelaw | Morgan Lewis (9/13/2019, 9/17/2019) | No |
| Steve Wymer | eBay (8/27/2019, 8/28/2019)<br><br>Morgan Lewis (8/30/2019, 9/9/2019) | Yes |
| Veronica Zea | eBay (8/23/2019 (2 interviews), 8/26/2019) | Yes |

**R243**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

v.

JIM BAUGH, et al,

Defendants.

Criminal No. 20-CR-10263-PBS

**DECLARATION OF NATHAN J. ANDRISANI**

I, Nathan J. Andrisani, hereby declare as follows:

1. I am an attorney licensed to practice law in Pennsylvania and New Jersey. I am admitted to practice before this Court *pro hac vice*. I am a partner at the law firm Morgan, Lewis & Bockius LLP ("Morgan Lewis") and I represent Morgan Lewis in connection with the subpoena Defendant Jim Baugh ("Defendant") issued to Morgan Lewis in this matter.

2. I submit this declaration to correct three typographical errors identified in Morgan Lewis's Initial Privilege Log, filed in response to the Court's January 20, 2022 Order, instructing Morgan Lewis to file copies of its privilege logs with "email addresses and confidential personal contact information" redacted "on the public docket within 15 business days." [D.E. 160; D.E. 182-1 (Ex. A)].

3. Exhibit A to this Declaration is a true and accurate copy of Morgan Lewis's Corrected Initial Privilege Log, served on all parties on February 28, 2022.

4. This Privilege Log makes the following corrections to Morgan Lewis's Initial Privilege Log, filed on the public docket on February 10, 2022 [D.E. 182-1 (Ex. A)]:

    a. The date of the interview of Brian Gilbert reflected in Log No. 37 is corrected to September 3, 2019 from September 2, 2019;

1

**R244**

b. The date of the interview of Dave Harville reflected in Log No. 49 is corrected to August 26, 2019 from August 23, 2019; and

c. The date of the interview of Dave Harville reflected in Log No. 50 is corrected to August 27, 2019 from August 23, 2019.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: March 4, 2022                    _/s/ Nathan J. Andrisani_____
                                         Nathan J. Andrisani

# EXHIBIT A

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INIITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP (Corrected)

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Standalone | 09/25/19 | Phelan, Andrew C. | Special Committee, eBay Board of Directors | | | | 052094-02__107451934v1_ACP Memo to Special Committee 9_25_19.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding Board/Committee evaluations and/or determinations related to executive employment matters; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 2 | Standalone | 11/18/19 | Phelan, Andrew C. | Special Committee, eBay Board of Directors | | | | 052094-02__109967407v1_eBay 11_18_19 Project Lewis update to Special Committee.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 3 | Standalone | 11/26/19 | Phelan, Andrew C. | Special Committee, eBay Board of Directors | | | | 052094-02__110136207v2_eBay 11_26_19 Project Lewis update to Special Committee.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; and regarding employment/personnel matters and/or actions after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 4 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 3:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 5 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 4:50 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 6 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 7:58 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 7 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 10:17 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY REGARDING PRIVILEGE LOGS

MLB_BAUGHPRIV_0001

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INIITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP (Corrected)

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Josh Bentley on 9/12/2019 at 3:19 PM reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 9 | Standalone Document | 8/30/19 10:28 AM | eBay Legal / Morgan Lewis | | | | | Baugh.pdf | Attorney Client;Work Product | Notes of confidential interview of Josh Bentley on 9/12/2019 at 10:50 AM attended by Andy Phelan and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 10 | Standalone | 8/28/2019 22:29 | Macauley, Shannon | | | | | 2019.08.27 Jim Baugh_3.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/27/2019 at 7:58 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions or/ legal theories of counsel and/or counsel's agents. |
| 11 | Standalone | 8/28/2019 22:22 | Macauley, Shannon | | | | | 2019.08.23 Jim Baugh_2.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 4:50 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 12 | Standalone | 8/28/2019 22:20 | Macauley, Shannon | | | | | 2019.08.23 Jim Baugh.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/23/2019 at 3:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 13 | Standalone | 8/28/2019 22:35 | Macauley, Shannon | | | | | 2019.08.28 Jim Baugh_4.docx | Attorney Client;Work Product | Notes of confidential interview of Jim Baugh on 8/28/2019 at 10:17 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 14 | Standalone | 8/28/2019 22:32 | Macauley, Shannon | | | | | 2019.08.27 Steve Wymer.docx | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/27/2019 at 10:35 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY REGARDING PRIVILEGE LOGS

MLB_BAUGHPRIV_0001

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 15 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 8/30/2019 attended by Andrew Phelan and Jordan Mundell reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 16 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 8/30/2019 at 9:00 AM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 17 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes in preparation of confidential interview of Wendy Jones on 9/6/2019 reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 18 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes in preparation of confidential interview of Wendy Jones on 9/6/2019 reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 19 | Standalone Document | 9/20/19 12:08 PM | eBay Legal / Morgan Lewis | | | | | Jones.pdf | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 9/6/2019 attended by Andrew Phelan, Colin West, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 20 | Standalone | 8/28/2019 22:18 | Macauley, Shannon | | | | | 2019.08.23 Dave Harville.docx | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/23/2019 at 12:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 21 | Standalone | 9/20/19 12:36 PM | eBay Legal | | | | | Shepard.pdf | Attorney Client;Work Product | Notes of confidential interview of Tony Shepard on 8/23/2019 at 12:45 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/27/2019 at 10:35 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 23 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/28/2019 at 1:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 24 | Standalone Document | 9/20/19 12:55 PM | Mundell, Jordan | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/30/2019 attended by Andrew Phelan and Jordan Mundell reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 25 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/30/2019 at 3:30 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 26 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Josh Bentley on 9/12/2019 at 3:19 PM attended by Andrew Phelan reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 27 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 9/9/2019 attended by Shannon Macauley, Andy Phelan and Colin West reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 28 | Standalone Document | 9/20/19 12:55 PM | eBay Legal / Morgan Lewis | | | | | Wymer.pdf | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 9/9/2019 attended by Shannon Macauley, Andy Phelan and Colin West reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 29 | Standalone | 8/28/2019 22:26 | Macauley, Shannon | | | | | 2019.08.26 Dave Harville_2.docx | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/26/2019 at 10:22 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 30 | Standalone Document | 9/7/19 9:46 AM | Phelan, Andrew C. | | | | | | Popp.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/23/2019 at 8:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 31 | Standalone Document | 9/7/19 9:46 AM | eBay Legal / Morgan Lewis | | | | | | Popp.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/26/2019 at 9:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 32 | Standalone Document | 9/7/19 9:46 AM | eBay Legal / Morgan Lewis | | | | | | Popp.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/27/2019 at 11:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 33 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/23/2019 at 10:00 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 34 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/30/2019 attended by Andrew Phelan reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 35 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes in preparation of confidential interview of Brian Gilbert on 9/3/2019 reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY REGARDING PRIVILEGE LOGS

MLB_BAUGHPRIV_0001

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

Case 1:20-cr-10263-PBS Document 179 Filed 05/24/22 Page 254 of 547
INIITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP (Corrected)

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 36 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/30/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 37 | Standalone Document | 9/4/19 11:42 AM | eBay Legal / Morgan Lewis | | | | | Gilbert.pdf | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 9/3/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, Colin West, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 38 | Standalone | 9/16/2019 10:06 | eBay Legal / Morgan Lewis | | | | | 2019.09.13 Julianne Whitelaw Interview.docx | Attorney Client;Work Product | Notes of confidential interview of Julianne Whitelaw on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 39 | Standalone | 9/20/19 12:48 PM | eBay Legal / Morgan Lewis | | | | | Whitelaw.pdf | Attorney Client;Work Product | Notes of confidential interview of Julianne Whitelaw on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 40 | Standalone | 8/28/2019 22:25 | Macauley, Shannon | | | | | 2019.08.23 Veronica Zea_2.docx | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 12:00 PM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 41 | Standalone Document | 9/20/19 12:44 PM | eBay Legal / Morgan Lewis | | | | | Wenig.pdf | Attorney Client;Work Product | Notes in preparation for a confidential interview of Devin Wenig for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 42 | Standalone Document | 9/20/19 12:44 PM | eBay Legal / Morgan Lewis | | | | | Wenig.pdf | Attorney Client;Work Product | Notes of confidential interview of Devin Wenig on 9/10/2019 attended by Andrew Phelan and Colin West reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

**INIITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP (Corrected)**

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 43 | Standalone | 9/10/2019 9:25 | Macauley, Shannon | | | | | 2019.09.09 Steve Wymer Interview Notes ebay acp-combined CWest and SMacauley summary.docx | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 9/9/2019 attended by Andrew Phelan, Colin West, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 44 | Standalone | 8/28/2019 22:26 | Macauley, Shannon | | | | | 2019.08.26 Stephanie Popp_2.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/26/2019 at 9:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 45 | Standalone | 8/28/2019 22:31 | Macauley, Shannon | | | | | 2019.08.27 Stephanie Popp_3.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/27/2019 at 11:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 46 | Standalone | 8/28/2019 22:36 | Macauley, Shannon | | | | | 2019.08.28 Steve Wymer _2.docx | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/28/2019 at 1:30 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 47 | Standalone | 9/4/2019 20:32 | Connor, Bryan M. | Project Lewis - File | | | | 2019.08.30 Project Lewis - Scott Fitzgerald August 30th Interview Memo.DOCX | Attorney Client;Work Product | Memorandum of confidential interview of Scott Fitzgerald on 8/30/2019 attended by Colin West, Bryan Connor, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 48 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/23/2019 at 12:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after rendering legal advice, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 49 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/26/2019 at 10:22 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after rendering legal advice, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

INIITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP (Corrected)

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 50 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/27/2019 at 4:35 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 51 | Standalone Document | 9/20/19 12:01 PM | eBay Legal / Morgan Lewis | | | | | Harville.pdf | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 9/13/2019 at 3:00 PM attended by Andy Phelan, Colin West, Amir Vonsover, and Evan Nelson reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 52 | Standalone | 8/28/2019 22:25 | Macauley, Shannon | | | | | | 2019.08.23 Veronica Zea.docx | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 9:00 AM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 53 | Standalone | 9/13/2019 17:31 | Vonsover, Amir | | | | | | 2019.09.13 Harville Attorney Meeting Notes.docx | Attorney Client;Work Product | Notes of confidential interview of David Harville on 9/13/2019 at 3:00 PM attended by Andrew Phelan, Colin West, Amir Vonsover, and Evan Nelson reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 54 | Standalone | 9/17/2019 18:39 | Connor, Bryan M. | | | | | | 2019.09.17 Jose Gordon Interview.docx | Attorney Client;Work Product | Notes of confidential interview of Jose Gordon on 9/17/2019 at 2:35 PM attended by Andrew Phelan reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 55 | Standalone | 9/20/19 12:24 PM | eBay Legal / Morgan Lewis | | | | | Moore.pdf | Attorney Client;Work Product | Notes of confidential interview of Ryan Moore on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 56 | Standalone | 8/30/2019 17:47 | Connor, Bryan M. | West, Colin C. | | | August 30th Meeting with Scott Fitzgerald | August 30th Meeting with Scott Fitzgerald | Attorney Client;Work Product | Email between counsel providing and discussing legal advice and prepared in anticipation of litigation regarding eBay internal investigation after Natick events. |
| 57 | Standalone | 9/16/2019 10:06 | eBay Legal / Morgan Lewis | | | | | 2019.09.13 Ryan Moore Interview.docx | Attorney Client;Work Product | Notes of confidential interview of Ryan Moore on 9/13/2019 attended by Andrew Phelan, Colin West, and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

**R254**

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 58 | Standalone Document | 9/20/19 1:00 PM | eBay Legal / Morgan Lewis | | | | | Zea.pdf | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 9:00 AM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 59 | Standalone Document | 9/20/19 1:00 PM | eBay Legal / Morgan Lewis | | | | | Zea.pdf | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/23/2019 at 12:00 PM attended by Shannon Macauley, Amir Vonsover, and Tony Shepard reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 60 | Standalone Document | 9/20/19 1:00 PM | eBay Legal / Morgan Lewis | | | | | Zea.pdf | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/26/2019 at 12:30 PM attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Ellen Sherman reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 61 | Standalone | 8/28/2019 22:37 | Macauley, Shannon | | | | | 2019.08.27 Dave Harville_3.docx | Attorney Client;Work Product | Notes of confidential interview of Dave Harville on 8/27/2019 at 4:35 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 62 | Standalone | 9/12/2019 12:36 | Macauley, Shannon | | | | | 2019.09.05 Scott Fitzgerald (ML).docx | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/5/2019 attended by Colin West, Andrew Phelan, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 63 | Standalone | 9/20/19 12:38 PM | eBay Legal | | | | | Stockwell.pdf | Attorney Client;Work Product | Notes of confidential interview of Stephanie Stockwell on 8/26/2019 at 2:16 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 64 | Standalone | 10/15/2019 23:47 | Vonsover, Amir | | | | | Michelle Interview Oct 15 2019 Project Lewis.docx | Attorney Client;Work Product | Notes of confidential interview of Michelle (last name unknown) on 10/15/2019 at 4:30 PM attended by Molly Finn and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 65 | Standalone | 8/28/2019 22:24 | Macauley, Shannon | | | | | 2019.08.23 Stephanie Popp.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Popp on 8/23/2019 at 8:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

**INIITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP (Corrected)**

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 66 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/23/2019 at 10:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 67 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/3/2019 at 5:50 PM reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 68 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes in preparation for confidential interview of Scott Fitzgerald on 9/5/2019 at 2:30 PM reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 69 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/30/2019 at 3:00 PM attended by Colin West, Bryan Connor, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 70 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/3/2019 at 3:43 PM attended by Colin West, Jordan Mundell, Andrew Phelan, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 71 | Standalone Document | 9/20/19 11:53 AM | eBay Legal / Morgan Lewis | | | | | Fitzgerald.pdf | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/5/2019 attended by Colin West, Andrew Phelan, and Shannon Macauley reflecting the collection of information and annotations by counsel and/or counsel's agents for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 72 | Standalone Document | 8/28/2019 22:17 | Macauley, Shannon | | | | | 2019.08.23 Brian Gilbert.docx | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/23/2019 at 10:00 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 73 | Standalone Document | 8/30/19 | Mundell, Jordan | File | | | | Memorandum of Interview with ebay Employees.DOCX | Attorney Client;Work Product | Memorandum of confidential interviews of Wendy Jones, Brian Gilbert, and Steve Wymer on 8/30/2019 attended by Andrew Phelan, Colin West, Bryan Connor, and Jordan Mundell reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |

CONFIDENTIAL - SUBJECT TO AGREED UPON ORDER OF CONFIDENTIALITY REGARDING PRIVILEGE LOGS

MLB_BAUGHPRIV_0001

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 74 | Standalone Document | 8/28/2019 22:27 | Macauley, Shannon | | | | | 2019.08.26 Stephanie Stockwell.docx | Attorney Client;Work Product | Notes of confidential interview of Stephanie Stockwell on 8/26/2019 at 2:16 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 75 | Standalone Document | 8/28/2019 22:23 | Macauley, Shannon | | | | | 2019.08.23 Scott Fitzgerald.docx | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/23/2019 at 10:30 AM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 76 | Standalone Document | 8/28/2019 22:29 | Macauley, Shannon | | | | | 2019.08.26 Veronica Zea_3.docx | Attorney Client;Work Product | Notes of confidential interview of Veronica Zea on 8/26/2019 at 12:30 PM attended by Shannon Macauley, Amir Vonsover, Tony Shepard, and Ellen Sherman reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 77 | Standalone Document | 9/12/2019 12:34 | Macauley, Shannon | | | | | 2019.08.30 Steve Wymer (ML)_107862029_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Steve Wymer on 8/30/2019 at 3:30 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 78 | Standalone Document | 9/12/2019 12:35 | Macauley, Shannon | | | | | 2019.08.30 Wendy Jones (ML)_107862030_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 8/30/2019 at 9:00 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 79 | Standalone Document | 9/12/2019 12:35 | Macauley, Shannon | | | | | 2019.09.03 Scott Fitzgerald (ML)_107862032_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 9/3/2019 at 3:34 PM attended by Colin West, Jordan Mundell, Andrew Phelan, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 80 | Standalone Document | 9/12/2019 12:37 | Macauley, Shannon | | | | | 2019.09.06 Wendy Jones (ML)_107862035_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Wendy Jones on 9/6/2019 at 11:00 AM attended by Andrew Phelan, Colin West, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |
| 81 | Standalone Document | 9/12/2019 12:09 | Macauley, Shannon | | | | | 2019.09.03 Brian Gilbert (ML)_107862040_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 9/3/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, Colin West, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel or counsel's agents. |

UNITED STAES V. BAUGH, ET AL.
20-CR-10263

**INIITIAL PRIIVLEGE LOG OF MORGAN, LEWIS AND BOCKIUS LLP (Corrected)**

| Log Number | Parent/Standalone | Family Date | Author/From | Recipient/To | Other Recipient(s)/CC | Other Recipient(s)/BCC | Email Subject | File Name | Privilege Basis | Document Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 82 | Standalone Document | 9/12/2019 12:15 | Macauley, Shannon | | | | | 2019.08.23 Tony Shepard_107862008_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Tony Shepard on 8/23/2019 at 12:45 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel's agents. |
| 83 | Standalone Document | 9/12/2019 12:33 | Macauley, Shannon | | | | | 2019.08.30 Scott Fitzgerald (ML)_107862028_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Scott Fitzgerald on 8/30/2019 at 3:00 PM attended by Colin West, Bryan Connor, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 84 | Standalone Document | 9/12/2019 12:32 | Macauley, Shannon | | | | | 2019.08.30 Brian Gilbert (ML)_107862027_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Brian Gilbert on 8/30/2019 at 2:00 PM attended by Andrew Phelan, Jordan Mundell, and Shannon Macauley reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 85 | Standalone Document | 9/12/2019 12:08 | Macauley, Shannon | | | | | 2019.08.22 Sutherland Convo_107862041_1.DOCX | Attorney Client;Work Product | Notes of confidential interview of Detective Jason Sutherland on 8/22/2019 at 4:00 PM attended by Shannon Macauley and Amir Vonsover reflecting the collection of information for the purpose of rendering legal advice in connection with eBay internal investigation after Natick events, prepared by counsel in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel and/or counsel's agents. |
| 86 | Parent Document | 10/23/19 3:44 PM | Phelan, Andrew C. | Huber, Marie; Finn, Molly | Vonsover, Amir; Connor, Bryan M. | | Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | Project Lewis -- USAO Update 10/23/19 - Privileged and Confidential | Attorney Client;Work Product | Email between counsel and company employees providing legal advice and prepared in anticipation of litigation regarding eBay internal investigation after Natick events. |
| 87 | Standalone Document | 11/7/2019 | Andrew C. Phelan | Special Committee, eBay Board of Directors | | | | 052094-02__109777006v1_eBay ACP Memo to Special Committee 11_7_19.DOCX | Attorney Client;Work Product | Memorandum from Andrew C. Phelan to Special Committee prepared by counsel providing legal advice regarding eBay internal investigation after Natick events; regarding eBay response to law enforcement investigations after Natick events; regarding employment/personnel matters and/or actions after Natick events; and regarding corporate communications after Natick events prepared in anticipation of litigation, and reflecting mental impressions, conclusions, opinions and/or legal theories of counsel's agents. |

* Morgan Lewis & Bockius LLP produces this privilege log without waiver of, and expressly preserves, any and all objections and challenges to the Fed. R. Crim. P. 17(c) subpoena issued to it, and reserves all rights to file a motion to quash the subpoena or to seek other protections, on all available grounds. The provision of this privilege log, or any purported failure to list a document or information within the privilege log, shall not constitute a waiver of the attorney client privilege, work product protections or other applicable protections in this case or in any other federal or state proceeding and shall not limit the right of eBay or Morgan Lewis & Bockius LLP to assert privilege or work product protection over material or information in connection with this or any other proceeding. Further, Morgan Lewis & Bockius LLP notes that certain of the documents logged within this privilege log may reflect potentially attorney client privileged and/or work product protected information concerning matters not responsive to the subpoena. Morgan Lewis & Bockius LLP has not undertaken to review all nonresponsive content for attorney client privilege and/or work product protection, but expressly preserves and does not waive all claims of privilege/protection. Morgan Lewis & Bockius LLP reserves the right to supplement and/or amend this privilege log.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Emma Diamond Hall*
Emma Diamond Hall

1

<pre>
 1                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
 2


 3


 4    United States of America,     )
                     Plaintiff,     )
 5                                  )
                                    )
 6    vs.                           )   Case No. 20-cr-10263-PBS
                                    )
 7                                  )
      Jim Baugh, also known as      )
 8    James Baugh,                  )
                     Defendant.     )
 9


10
      BEFORE:  The Honorable Patti B. Saris
11


12


13


14


15


16                       Remote Rule 11


17                       April 25, 2022


18


19


20


21


22
                     Marianne Kusa-Ryll, RDR, CRR
23                      Official Court Reporter
                     United States District Court
24                    595 Main Street, Room 514A
                  Worcester, Massachusetts 01608-2093
25                 508-929-3399 justicehill@aol.com
                 Mechanical Steno - Transcript by Computer
</pre>

2

1    APPEARANCES (REMOTELY):

2    United States Attorney's Office
     Seth B. Kosto, Assistant United States Attorney
3    1 Courthouse Way, Suite 9200
     Boston, Massachusetts 02210
4    on behalf of the Government

5    Fick & Marx LLP
     William W. Fick, Esquire
6    24 Federal Street
     4th Floor
7    Boston, Massachusetts 02110
     on behalf of the Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2              (The following proceedings were held remotely before

3      the Honorable Patti B. Saris, United States District Judge,

4      United States District Court, District of Massachusetts, on

5      April 25, 2022.)

6              THE CLERK:  The Court calls Criminal Action 20-10263,

7      United States versus Jim Baugh.

8              Would counsel please identify themselves.

9              MR. KOSTO:  Good morning, your Honor.  Seth Kosto for

10     the United States.

11             MR. FICK:  Good morning, your Honor.  William Fick for

12     Mr. Baugh.  He is here as well via video at our request.  He is

13     waiving his presence in the courtroom for this change of plea

14     hearing.

15             THE COURT:  Thank you.

16             May I ask, Miss Alice, who are you?

17             THE CLERK:  She's supposed to shut off -- Clary, can

18     you shut off her video, please.

19             THE COURT:  Okay.  All right.  All right.  So why are

20     we hear today, Mr. Fick?

21             MR. FICK:  We're here for a Rule 11 hearing for

22     Mr. Baugh to change his plea to the counts of the indictment

23     charging him.

24             THE COURT:  Mr. Baugh, can you -- it's Baugh or Baugh?

25             THE DEFENDANT:  It's Baugh.

4

1          THE COURT:  Baugh.  Mr. Baugh, can you hear me and see

2     me?

3          THE DEFENDANT:  I can.

4          THE COURT:  Okay.  Thank you.

5          Do you waive your right to be here in Massachusetts

6     in person in the courtroom?

7          THE DEFENDANT:  I do.

8          THE COURT:  Okay.  All right.  So do you want to put

9     him under oath and take the plea, Maryellen.

10         THE CLERK:  Yes, I will.

11         THE COURT:  Thank you.

12         THE CLERK:  Sir, can you raise your right hand.

13         Do you solemnly swear the answers you shall give to

14    this Court will be the truth, the whole truth, and nothing but

15    the truth, so help you God?

16         THE DEFENDANT:  I do.

17         THE CLERK:  Okay.  Thank you.

18         Count One:  Conspiracy to commit stalking through

19    interstate travel and through facilities of interstate commerce

20    all in violation of Title 18 U.S.C. Section 371.

21         How do you plead to Count One, guilty or not guilty?

22         THE DEFENDANT:  Guilty.

23         THE CLERK:  Okay.  Counts Two and Three:  Stalking

24    through interstate travel; aiding and abetting, all in

25    violation of Title 18 U.S.C. Section 2261A(1) and 2.

1              How to you plead to Counts Two and Three, guilty or

2    not guilty?

3              THE DEFENDANT:  Guilty.

4              THE CLERK:  Thank you.

5              As to Counts Six and Seven:  Stalking through

6    facilities of interstate commerce and aiding and abetting, all

7    in violation of Title 18 U.S.C. Section 2261A(2) and 2.

8              How to you plead to Counts Six and Seven, guilty or

9    not guilty?

10             THE DEFENDANT:  Guilty.

11             THE CLERK:  Thank you.

12             As to Counts Ten and Eleven:  Witness tampering and

13   aiding and abetting, all in violation of Title 18 U.S.C.

14   Section 1512(b)(3) and 2.

15             How do you plead to Counts Ten and Eleven, guilty or

16   not guilty?

17             THE DEFENDANT:  Guilty.

18             THE CLERK:  Okay.  And as to Counts Thirteen and

19   Fourteen:  Destruction, altercation, and falsification [sic] of

20   records in a federal investigation; and aiding and abetting,

21   all in violation of Title 18 U.S.C. Section 1519 and 2.

22             How do you plead to Counts Thirteen and Fourteen,

23   guilty or not guilty?

24             THE DEFENDANT:  Guilty.

25             THE CLERK:  Thank you.

6

1              That's it, Judge.

2              THE COURT:  Thank you.

3              Sir, do you understand that you are now under oath and

4    if you answer any of my questions falsely, your answers can

5    later be used against you in another prosecution for perjury or

6    making a false statement?

7              THE DEFENDANT:  I understand.

8              THE COURT:  What is your full name?

9              THE DEFENDANT:  Jim Lance Baugh.

10             THE COURT:  Do you go by any other names?

11             THE DEFENDANT:  I go by Jim.

12             THE COURT:  Jim?

13             THE DEFENDANT:  Yeah.

14             THE COURT:  No -- no false names or aliases?

15             THE DEFENDANT:  No.  No.

16             THE COURT:  All right.  Where were you born?

17             THE DEFENDANT:  I was born in Pine Bluff, Arkansas.

18             THE COURT:  And how far did you go in school?

19             THE DEFENDANT:  I completed graduate school.

20             THE COURT:  Where?

21             THE DEFENDANT:  University of Oklahoma.

22             THE COURT:  All right.  And what was the specialty?

23             THE DEFENDANT:  I have a master's of public

24   administration.

25             THE COURT:  Okay.  Thank you.

1     Did you -- how old are you?

2     THE DEFENDANT:  I'm 47.

3     THE COURT:  All right.  And have you ever been treated

4 for any mental health issues?

5     THE DEFENDANT:  I have not.

6     THE COURT:  Have you taken any unlawful drugs in the

7 last 48 hours?

8     THE DEFENDANT:  I have not.

9     THE COURT:  Have you had anything to drink in the last

10 48 hours?

11     THE DEFENDANT:  I have not.

12     THE COURT:  Yeah -- alcohol -- excuse me.

13     THE DEFENDANT:  No, no alcohol.

14     THE COURT:  All right.  And have you had enough -- I

15 know you worked a lot with Mr. Fick, and I'm sure people in his

16 office.

17     Do you feel as if you've had enough time to discuss

18 this plea with him?

19     THE DEFENDANT:  Yes.

20     THE COURT:  Do you understand that you're not -- that

21 you are pleading guilty, as I understand it, without a plea

22 agreement?

23     THE DEFENDANT:  I do.

24     THE COURT:  And do you feel in any way as if your

25 attorney has pressured you into pleading guilty?

1          THE DEFENDANT:  I do not.

2          THE COURT:  Has anyone pressured you into pleading

3     guilty?

4          THE DEFENDANT:  No.

5          THE COURT:  Has anyone threatened you in any way?

6          THE DEFENDANT:  No.

7          THE COURT:  Have there been any promises made to

8     you --

9          THE DEFENDANT:  No.

10         THE COURT:  -- to get you to induce this plea?

11         THE DEFENDANT:  No.

12         THE COURT:  Let me ask counsel, because sometimes

13    defendants aren't as aware.

14         Are there any representations or promises with respect

15    to sentencing or any other issue regarding this case?

16         MR. KOSTO:  The government has made none, your Honor.

17         THE COURT:  Excuse me.

18         MR. FICK:  No, your Honor.

19         THE COURT:  Okay.

20         MR. KOSTO:  The government has made no promises or

21    representations regarding sentencing.

22         THE COURT:  Okay.  Now, to the government at this

23    point, please state the penalties that could be imposed.

24         MR. KOSTO:  Yes, your Honor, on Count One, which is

25    the conspiracy count under 18 U.S.C. Section 371, that's a

1    maximum term of imprisonment of five years; a $250,000 fine; a

2    maximum of three years supervised release; and as to each of

3    these counts, your Honor, restitution and forfeiture are

4    applicable.

5            Counts Two and Three, which charge stalking through

6    interstate travel also carries a maximum term of five years per

7    count; a $250,000 fine; and three years of supervised release

8    maximum.

9            Counts Six and Seven, which are the stalking through

10   facilities of interstate commerce also for each count carries a

11   maximum term of five years imprisonment; a $250,000 fine; and

12   three years of supervised release per count, although the

13   supervised release years generally run concurrently.

14           Counts Ten and Eleven, which charge witness tampering

15   in violation of 18 U.S.C., Section 1512(b)(3), each carry a

16   potential maximum term of imprisonment of 20 years in prison; a

17   $250,000 fine; again three years maximum supervised release.

18           And Counts Thirteen and Fourteen, each of which

19   charges falsification of documents in violation of 18 U.S.C.

20   Section 1519 also carries a maximum term of 20 years

21   imprisonment per count; a $250,000 fine; and a maximum of three

22   years supervised release.

23           THE COURT:  So there are no mandatory minimums, right?

24           MR. KOSTO:  There are no mandatory minimums, your

25   Honor.

1          THE COURT:  I know this is preliminary, and we'll have

2    to wait for the probation department, but do you have a

3    preliminary calculation of the United States Sentencing

4    Commission guideline ranges?

5          MR. KOSTO:  Your Honor, we estimate the -- the low end

6    of the advisory guidelines range to be 57, and the high end to

7    be 71 months with a Criminal History Category of I, although we

8    have yet to go through the PSR process.

9          THE COURT:  Is that including acceptance of

10   responsibility?

11         MR. KOSTO:  That does include a -- that does include

12   three points for acceptance, your Honor.

13         THE COURT:  Thank you.

14         Mr. Fick, do you have a similar guideline range

15   calculation, although I'm sure you will be seeking, you know,

16   departures and variances.

17         MR. FICK:  Sure.  There's one sort of disputed

18   enhancement.  You know, there's several cases that have already

19   been -- several cases with a similar guideline basis have been

20   brought in this case, and the -- there is one in particular

21   enhancement application that has a two-point swing that is

22   disputed, and so we would -- I think are likely to contend the

23   range is 46 to 57, not 57 to 71.

24         I think -- I believe Judge Burroughs is the only

25   person who has addressed the issue, and I think she kind of

1    punted on it, because the sentence she gave was below the range

2    anyway.  Mr. Kosto can correct me if that's incorrect.  But in

3    any event that will be laid out in the PSR in the objections

4    and sentencing memos.

5              THE COURT:  All right.  So there is a bit of a dispute

6    of the appropriate guideline range, do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Okay.  And -- and do you understand though

9    that what will happen is I will send this to the probation

10   department, which will calculate a sentencing guideline range,

11   look at the offense conduct as well as information about you as

12   a human being and your personal history, and they'll calculate

13   a guideline range.

14             In a sentencing hearing, you, your lawyer, very

15   knowledgeable in these things, can object if he thinks the

16   guideline range is wrong.  The government's also quite

17   knowledgeable.  They can object if the government doesn't

18   believe in the guideline range, and at that point I will rule

19   on the objections.

20             Do you understand that?

21             THE DEFENDANT:  I do.

22             THE COURT:  And then at that point, both sides could

23   ask for a variance or a departure because you're pleading

24   without a plea agreement; do you understand that?

25             Both sides are free to ask for departures or variances

1    under the guidelines; do you understand that?

2            THE DEFENDANT:  I do.

3            THE COURT:  And at that point what I will do is I will

4    impose a sentence.  If you disagree with the sentence, you can

5    appeal the sentence, but you can't at that point withdraw your

6    guilty plea.

7            Do you understand that?

8            THE DEFENDANT:  I understand.

9            THE COURT:  Okay.  And do you understand that by

10   pleading guilty you're essentially -- your counsel, as well as

11   I guess together with the codefendant filed many, many motions,

12   which I've ruled on I think most of them; and at this point,

13   that means you're basically giving up your claims with respect

14   to those motions.

15           Do you understand that?

16           THE DEFENDANT:  I do.

17           MR. FICK:  Your Honor, if I could just interject.  The

18   one thing that I think we would argue is not moot is the

19   lingering issues under the subpoena motion to eBay, because

20   some of that information could be pertinent to sentencing.

21           THE COURT:  You know, I was going to ask you about

22   that.

23           MR. FICK:  So we're not --

24           THE COURT:  So I haven't yet --

25           MR. FICK:  Right.

1          THE COURT:  -- ruled on that, I believe, and I was

2     going to ask you precisely that question.

3          So let me just at least at this point say I've ruled

4     on the motion to dismiss for multiplicity, for failure to state

5     a claim; I've ruled on the motion to compel and the motion

6     involving venue.

7          The one outstanding thing is that motion to quash.  So

8     I'll -- can I get to that later?  I don't think that's critical

9     right now.

10          MR. FICK:  Of course, of course, we have plenty of

11     time until sentencing, your Honor.

12          THE COURT:  Okay.  Okay.

13          MR. FICK:  I just want to be clear we're not waiving

14     that today.

15          THE COURT:  I get that.  Thank you.

16          MR. FICK:  Thank you.

17          THE COURT:  Other than that one issue Mr. Fick just

18     raised do you understand that you're waiving all those issues

19     that were presented to me?

20          THE DEFENDANT:  I understand, yes.

21          THE COURT:  All right.  And I want to go through the

22     very important rights that you're giving up by pleading guilty,

23     and let me start since your Criminal History Category I, which

24     means you haven't got any -- probably don't have any felony

25     convictions on your record.

14

1            Do you understand you're giving up the right to a jury

2    trial -- excuse me -- that -- that a felony conviction will

3    deprive you of certain important rights, such as the right to

4    vote, the right to hold public office, the right to serve on

5    juries, and the right to possess a firearm and -- so many

6    collateral consequences, I couldn't outline them here now

7    having to do with licensing and that sort of thing.

8            Do you understand it will have that collateral

9    consequence?

10           THE DEFENDANT:  Yes.

11           THE COURT:  And similarly, do you understand that by

12   pleading guilty you're giving up some very important

13   constitutional rights; for example, you have a right to

14   representation by counsel at each and every stage of the

15   proceeding; do you understand that?

16           THE DEFENDANT:  Yes.

17           THE COURT:  If you could not afford Mr. Fick or

18   somebody else, I could appoint counsel for you.

19           Do you understand that?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Do you understand that you would be

22   entitled to a jury trial, which means 12 people chosen at

23   random from the community, 12 citizens would have to decide

24   you're guilty beyond a reasonable doubt before you could be

25   convicted?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that proof beyond a

3     reasonable doubt's a very high standard and the government

4     always bears it; do you understand that?

5          THE DEFENDANT:  I do.

6          THE COURT:  The one -- the one area that is a little

7     bit of a lower standard is venue, and that would be by a

8     preponderance, and you're giving up the right to force the

9     government to prove venue.

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Do you understand that the jury verdict

13     has to be unanimous?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand that you would have the

16     right to cross-examine the government's witnesses; and as you

17     just heard, your attorney's subpoenaed some people and has a

18     right to subpoena people; do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And you're giving up the right not only to

21     cross-examine the government's witnesses, but to present your

22     own; do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  And do you understand you have the

25     privilege against self-incrimination, which means you can't be

1    forced to testify against yourself?

2            THE DEFENDANT:  I understand.

3            THE COURT:  And -- but if you wanted to, you could

4    testify on your own behalf; do you understand that?

5            THE DEFENDANT:  I do.

6            THE COURT:  And present evidence which you have no

7    requirement to do so; do you understand that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  All right.  And understanding all these

10   very important rights do you still want to plead guilty?

11           THE DEFENDANT:  I do.

12           THE COURT:  Okay.  Now, I'm going to ask the

13   government to state the evidence that you would introduce at

14   trial.

15           Now, there's -- there's still a codefendant,

16   Mr. Harville, so to some extent some of these counts overlap

17   with his, but some don't.

18           So should we go count by count, and I should take the

19   plea, or are you going to do it all at once, Mr. Kosto?

20           What makes the most sense because it's a very long

21   indictment?

22           MR. KOSTO:  Your Honor, I'd propose to describe

23   the -- the facts that apply most generally to the conspiracy

24   Count One, and then pick up any remaining facts as to the

25   substantive counts in that single description.

1          THE COURT:  Thank you.

2          MR. KOSTO:  May I proceed?

3          THE COURT:  Yes.

4          MR. KOSTO:  And I apologize, your Honor, I forgot to

5   mention with respect to the statutory -- statutory maximums.

6   There would be a $900 special assessment that the Court is

7   inquire -- required to impose.  I apologize for leaving that

8   out.

9          THE COURT:  Thank you.

10          And while you're on it, that's a good comeback.  Has

11   there been any discussion of the amount of restitution to this?

12          MR. KOSTO:  We should have more to say about that at

13   sentencing, your Honor.

14          THE COURT:  So there has been no agreement -- that

15   might be -- in other words, that might take a longer time?

16          MR. KOSTO:  I don't believe it will -- it should

17   require any additional time.

18          THE COURT:  All right.  Well, it's not essential right

19   now, but right now we don't know what that number would look

20   like?

21          MR. KOSTO:  I think that's correct, your Honor.

22          THE COURT:  Have you talked that over, sir, Mr. Fick,

23   with Mr. Baugh?

24          MR. FICK:  I mean, we've talked about it in general

25   terms.  There's also a civil case by the -- the -- the -- the

1   affected parties out there against Mr. Baugh and others.  So

2   we've talked about these issues.  So he understands there's

3   uncertainty with regard to those issues.

4          THE COURT:  Okay.  Thank you very much.

5          All right.  I'm sorry to interrupt.  Go ahead, sir.

6          MR. KOSTO:  Thank you, your Honor.

7          Had the case proceeded to trial, the United States

8   would have proven beyond a reasonable doubt each of elements of

9   the five charged offenses, through and among other evidence,

10  witness testimony, including the testimony of witnesses

11  cooperating with the government's investigation; physical

12  evidence; electronic communications, including those to the

13  victims, between and among the coconspirators, and to and from

14  third parties, as well as the use of business records.

15         And what that evidence would show, the government

16  submits beyond a reasonable doubt, is that between

17  approximately August 5, 2019, and August 23, 2019, the

18  defendant, Mr. Baugh, and several coconspirators, all whom

19  worked at eBay, Inc., the multinational e-commerce company,

20  agreed to engage in a harassment campaign that targeted a

21  husband and wife who lived in Natick, Massachusetts.  They're

22  described in the indictment as Victim 1 and Victim 2.

23         The coconspirators included Mr. Baugh, who was then

24  eBay's senior director of safety and security --

25         THE COURT:  Can I step you right then --

1          MR. KOSTO:  Yes, your Honor.

2          THE COURT:  -- because it just occurred to me, I want

3     to make sure since this is a critical stage in the proceedings,

4     they've been -- I assume the two of them have been notified of

5     these proceedings?

6          MR. KOSTO:  And I have seen the -- I'm aware that the

7     victims both planned to attend, and I see at least a connection

8     from one of them on the Zoom, and I assume they're together.

9          THE COURT:  Okay.  I should have asked -- I should

10    have asked that earlier.  I'm sorry.  I interrupted.  Go ahead.

11         MR. KOSTO:  No, thank you for clarifying.  And, yes,

12    they are aware of the proceeding, and I believe they're both in

13    attendance today.

14         I mentioned Mr. Baugh, who was the senior director of

15    safety and security at eBay; Stephanie Popp, a coconspirator,

16    who was eBay's senior manager of global intelligence; David

17    Harville, Mr. Baugh's codefendant, who was eBay's director of

18    global resiliency; Brian Gilbert and Philip Cooke, two retired

19    San Jose, California, police captains, who worked on eBay's

20    global security team; Stephanie Stockwell, an eBay intelligence

21    analyst, who managed eBay's Global Intelligence Center, which I

22    may refer to as the GIC; and Veronica Zea, an eBay contractor

23    who was assigned to the GIC.

24         The campaign, your Honor, targeted Victims 1 and 2 for

25    their roles in publishing a newsletter that reported on issues

1    of interest to eBay sellers.  Senior executives at eBay were

2    frustrated with the newsletter's tone and content, and with the

3    tone and content of comments that appeared underneath the

4    newsletter's articles online.  The harassment campaign arose

5    from communications between those senior executives and

6    Mr. Baugh, who was at that time eBay's senior security

7    employee.

8            The campaign, which was intended to intimidate and

9    harass the victims, was, of course, a conduct that included,

10   first, sending threatening messages and communications to the

11   victims over Twitter, which was an instrumental --

12   instrumentality of interstate commerce.

13           Second, ordering unwarranted and disturbing deliveries

14   to the victims' home.

15           And third, Zea, Harville, Mr. Baugh, and Popps [sic]

16   traveled to Natick to surveil the victims in their home and

17   community.  The deliveries ordered to the victims's homes

18   included a book on surviving the death of a spouse, a bloody

19   pig mask, a fetal pig, a funeral wreath, and live insects.  The

20   harassment also featured Craigslist posts that invited the

21   public for sexual encounters or estate sales at the victims's

22   home.

23           The threatening Twitter messages were written to

24   Victim 1 and sometimes addressed to Victim 2 by name as if they

25   had been sent by eBay sellers who were unhappy with the

1   victims's coverage of eBay in the newsletter.  Some of these

2   messages posted the victims's addresses publicly on the

3   Internet, a concept known as doxing, and threatened to visit

4   the victims at their home.

5           An August 29th -- an August 22, 2019, message stated,

6   for example, At newsletter 20 years of lies and destroying

7   families.  Don't be proud of that you worthless bitch.  I will

8   destroy your family and business too.  See how you like it.

9           Another involved the author of one post asking another

10  when the two were going to visit Victim 1 in Natick.

11          Mr. Baugh intended for the harassment and intimidation

12  to distract the victims from publishing the newsletter, to

13  change the newsletter's coverage of eBay, and ultimately to

14  enable eBay to contact the victims to offer assistance with the

15  harassment, what the government has called a "White Knight

16  Strategy."  The White Knight Strategy would earn goodwill with

17  the victims such that they might help eBay learn the identity

18  of Phytomaster, an anonymous online persona who frequently

19  posted negative comments about eBay underneath the newsletter's

20  articles and thereby allow eBay to discredit both Phytomaster

21  and the victims.

22          Mr. Baugh, Harville, Zea, and -- and Ms. Zea also flew

23  to Boston and then drove immediately to Natick on August 15,

24  2019.  Mr. Baugh and Mr. Harville intended to install a GPS

25  tracking device on the victim's car, but it was safely locked

1    in their garage at the time.

2          The victims spotted the surveillance team on

3    August 16th, which led them to call the Natick Police

4    Department -- which I'll refer to as the NPD -- in fear.  Zea

5    and Mr. Baugh and Ms. Popp, who arrived to replace Mr. Harville

6    on August 17th, continued that surveillance even after having

7    been spotted by the victims.

8          The NPD which began investigating the deliveries, the

9    threats and the surveillance connected Ms. Zea and Mr. Harville

10   to two rented cars and then to eBay.  The NPD reached out to

11   the company for assistance; and when Mr. Baugh learned that the

12   NPD was making inquiries, he and his coconspirators took steps

13   to prevent the NPD from learning about eBay's involvement in

14   the harassment campaign.  This included sending Brian Gilbert,

15   one of the retired police captains, to a meeting with the NPD

16   at which Mr. Gilbert made false statements about Zea and

17   Harville's and eBay's involvement.

18         Mr. Baugh and several of his coconspirators also made

19   false statements to internal investigators at eBay who they

20   knew were attempting to respond to the NPD's request for

21   information and assistance.

22         Mr. Baugh and other coconspirators also deleted

23   digital evidence related to the cyberstalking campaign and

24   falsified records intended to throw the NPD off the trail.

25         As these events were unfolding, the NPD referred the

1    victims's harassment matter to the FBI for investigation in

2    late August of 2019.

3          On or about the dates below, Mr. Baugh took the

4    following additional steps in furtherance of the conspiracy

5    charged in Count One of the indictment or in an attempt to

6    obstruct the investigation into it.

7          And with respect to the Counts Two and Three, the

8    interstate travel in furtherance of stalking, the evidence

9    would show that on August 15, 2019, Mr. Baugh flew interstate

10   from California to Boston with Ms. Zea; and that upon arrival

11   at Logan Airport, the pair met up with Mr. Harville, rented

12   cars and drove out to the victims's residence in Natick in that

13   unsuccessful attempt to install a GPS device on the victim's

14   car.

15         With respect to Counts Six and Seven, the use of the

16   instrumentalities of interstate commerce in furtherance of

17   stalking, the evidence would show that on August 5, 2021,

18   Mr. Baugh convened a meeting at the GIC at eBay's corporate

19   headquarters with Stephanie Stockwell, Veronica Zea, Stephanie

20   Popp and others.  He directed them to brainstorm the harassing

21   packages that could be sent to the victims's residence.  This

22   meeting led to the delivery of the harassing packages that I

23   described a moment ago.

24         On or about August 6, 2019, Mr. Baugh convened a

25   second meeting among himself, Mr. Gilbert, Ms. Popp, and

1    Mr. Cooke.  In that meeting, Mr. Baugh and those in attendance

2    planned the online harassment that would lead to the White

3    Knight Strategy that I described a moment ago, and that led to

4    the delivery of those harassing and threatening communications

5    that I described a moment ago.

6           In Natick, during the course of surveilling Victim 1

7    and Victim 2, Mr. Baugh dialed into a telephone conference line

8    and used that facility of interstate commerce to communicate

9    with other members of the surveillance team in part to monitor

10   any police activity that might compromise the surveillance

11   team.

12          Mr. Baugh also used WhatsApp in a facility of

13   interstate commerce to communicate with his coconspirators

14   about the surveillance and about the content of the harassing

15   messages that would be sent to Victims 1 and 2.

16          As to Count Ten, the first of the witness tampering

17   counts, your Honor, on August 21, 2019, at approximately

18   9:34 a.m. at Boston's Ritz Carlton Hotel the evidence would

19   show that with the intent to prevent NPD Detective Jason

20   Sutherland from speaking with Ms. Zea, Mr. Baugh falsely told

21   the detective that Ms. Zea was his wife.  Mr. Baugh also stated

22   that Ms. Zea didn't want to speak with the detective; and

23   within 10 minutes Mr. Baugh took -- took Ms. Zea away from the

24   Ritz Carlton where the police were looking to speak with her to

25   another Boston area hotel.

1          As to Count Eleven, a second obstruction count, your

2     Honor.  By August 22, 2019, and thereafter, Mr. Baugh engaged

3     in misleading conduct, including making false statements and

4     statements that omitted certain material facts to eBay

5     investigators, including eBay corporate counsel, internal

6     counsel.

7          The statements which Mr. Baugh made to keep eBay and

8     the NPD from learning about eBay's role in the campaign

9     included that Mr. Baugh's team was not responsible for sending

10    harassing deliveries or messages to the victims; that his team

11    had been to Natick to investigate threats to the victims and

12    that Mr. Harville had gone to Boston to attend a conference.

13         As to Count Three, the first of the falsification

14    counts, your Honor, the evidence would show that on August 21,

15    2019, Mr. Baugh learned from Brian Gilbert, who had attended

16    the meeting with the NPD, that the NPD was looking into the use

17    of a prepaid debit card in the San Jose, California, area to

18    purchase one of the harassing deliveries.

19         Veronica Zea, one of the coconspirators, had, in fact,

20    made that purchase using that prepaid debit card, but Mr. Baugh

21    directed a subordinate, Stephanie Stockwell, to assemble a list

22    of eBay, quote, persons of interest in the Bay area that could

23    be used to throw the NPD off the trail of Ms. Zea as a suspect,

24    and that persons of interest list did not include Ms. Zea's

25    name.

1          As to Count Fourteen, a second falsification and

2    destruction count, your Honor, on or about August 26, 2019,

3    there was a meeting at eBay headquarters among Mr. Baugh and

4    his coconspirators, and during that meeting Mr. Baugh directed

5    the group to delete their WhatsApp and electronic messages

6    concerning the trip to Boston and the harassment of the

7    victims.

8          Together, your Honor, those facts, the government

9    respectfully submits, would provide the Court an adequate

10   factual basis to accept a plea as to each of the charged

11   offenses in the indictment, specifically Count One, Counts Two

12   and Three, Counts Six and Seven, Counts Ten and Eleven, and

13   Counts Thirteen and Fourteen.

14         THE COURT:  Thank you.

15         Mr. Baugh, do you disagree with any of those facts?

16         THE DEFENDANT:  I do not.

17         THE COURT:  So do you happen to have the indictment in

18   front of you?

19         THE DEFENDANT:  I have it on my computer.  I can pull

20   that up.

21         THE COURT:  Well -- well, here's the thing.  I'm not

22   going to read the entire indictment, we'd be here for the rest

23   of the day, but I am going to read the counts, and I didn't

24   know if you wanted, because I'm going to ask you to plead one

25   by one, and it's not essential that you have them, but

27

1    sometimes it's easier to read along rather than just listen,

2    so...

3            THE DEFENDANT:  I have it up now.

4            THE COURT:  Okay.  Great.  So I'm starting with Count

5    One, sir, which is conspiracy to commit stalking through travel

6    and through facilities of interstate commerce in violation of

7    18 U.S.C. Section 371 -- I think it's on page 14.

8            Do you have that up?

9            THE DEFENDANT:  I do.

10           THE COURT:  Okay.  So do you plead guilty knowingly,

11   freely, and voluntarily to Count One, that is, from on or about

12   August 5, 2019, through at least September 6, 2019, in the

13   District of Massachusetts and elsewhere that you, Jim Baugh,

14   together with David Harville, conspired with each other and

15   with others known and unknown to the grand jury, to commit

16   offenses against the United States, to wit:  a. stalking

17   through interstate travel, that is, to travel in interstate

18   commerce with the intent to harass, intimidate, and place under

19   surveillance with intent to harass and intimidate another

20   person, and in the course of, and as a result of, such travel,

21   engage in conduct that caused, attempted to cause, and would be

22   reasonably be expected to cause substantial emotional distress

23   to a person, that is Victims 1 and 2, in violation of 18 U.S.C.

24   Section 2261(A)(1)(B); and plead guilty to b. stalking through

25   facilities of interstate commerce, that is, with the intent to

28

1    harass, intimidate, and place under surveillance with intent to

2    harass and intimidate another person, use the mail, any

3    interactive computer service, electronic communication service,

4    electronic communication system of interstate commerce, and any

5    other facility of interstate and foreign commerce to engage in

6    a course of conduct that caused, attempted to cause, and would

7    be reasonably expected to cause substantial emotional distress

8    to a person, specifically, Victims 1 and 2, in violation of

9    18 U.S. Code Section 2261(A)(2)(B).  All in violation of

10   18 U.S.C. Section 371.

11            Do you plead guilty knowingly, freely, and voluntary

12   to Count One?

13            THE DEFENDANT:  I do.

14            THE COURT:  Count Two and Three, I suppose.  Yes,

15   because it involves the two separate victims.

16            From -- do you plead guilty to Counts Two and Three

17   that from on or about August 15, 2019, through on or about

18   August 23, 2019, in the District of Massachusetts and elsewhere

19   that you did travel in interstate commerce with intent to

20   harass, intimidate, and place under surveillance with intent to

21   harass and intimidate another person, and in the course of, and

22   as a result of, such travel engaged in conduct that caused,

23   attempted to cause, and would be reasonably expected to cause

24   substantial emotional distress to the persons described below:

25   Count Two, Victim 1; Count Three, Victim 2, in violation of

1    18 U.S.C. Section 2261A(1)(B) and 2.

2            Do you plead guilty knowingly, freely, and voluntarily

3    to Counts Two and Three?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Now, we're moving on to Counts, I believe,

6    Six and Seven.

7            Do you plead guilty -- and again it involves the two

8    victims.

9            Do you plead guilty from on or about August 5, 2019,

10   through on or about August 23, 2019, in the District of

11   Massachusetts and elsewhere that you did with intent to harass,

12   intimidate, and place under surveillance with the intent to

13   harass and intimidate another person, use the mail, an

14   interactive computer service, electronic communication service,

15   electronic communication system of interstate commerce, and

16   other facilities of interstate commerce to engage in a course

17   of conduct that caused, attempted to cause, and would be

18   reasonably expected to cause substantial emotional distress to

19   the persons described below:  Count Six, Victim 1; Count Seven,

20   Victim 2, in violation of 18 U.S.C. Section 2261A(2)(B) and 2.

21           Do you plead guilty knowingly, freely, and voluntarily

22   to Six and Seven?

23           THE DEFENDANT:  Yes.

24           THE COURT:  I guess we can go up to Counts Ten and

25   Eleven, the witness tampering and aiding and abetting.

1          Do you plead guilty from on or about August 20th

2     through on or about August 30, 2019, in the District of

3     Massachusetts and elsewhere that you, the defendant, did

4     knowingly engage in misleading conduct toward the persons

5     described below, with intent to hinder, delay, and prevent the

6     communication to a law enforcement officer of the United States

7     of information relating to the commission and possible

8     commission of a federal offense, that is, the conspiracy

9     described in Count One of the indictment; and that the object

10    of the misleading conduct in Count Ten was the Natick Police

11    Department detective; and with respect to Count Eleven was the

12    eBay internal investigator, all in violation of 18 U.S.C.

13    Section 1512(b)(3) and 2.

14          Do you plead guilty knowingly, freely, and

15    voluntarily?

16          THE DEFENDANT:  Yes.

17          THE COURT:  And, finally, with respect to Counts

18    Thirteen and Fourteen.  Do you plead guilty to on or about the

19    dates set forth below in the District of Massachusetts and

20    elsewhere that you did knowingly alter, destroy, conceal and

21    falsify the records, documents, and tangible objects below with

22    the intent to impede, obstruct, and influence the investigation

23    and proper administration of a matter within the jurisdiction

24    of any department and agency of the United States, that is, the

25    conspiracy charged in Count One of the indictment.  Count

1    Thirteen, the date was August 21, 2019, the Bay area -- POI is

2    persons of interest, I assume; is that right?  Do I have that

3    right?

4              THE DEFENDANT:  You do.

5              THE COURT:  Okay.  August 2019 docx; and Count

6    Fourteen, August 26th to the 30th, records on eBay issued-cell

7    phone, all in violation of 18 U.S.C. Section 1519 and 2, do you

8    plead guilty knowingly, freely, and voluntarily?

9              THE DEFENDANT:  Yes.

10             THE COURT:  All right.  I think that's it.  I'm about

11   to accept this plea.

12             Would you like to discuss anything with your attorney

13   or me first?

14             THE DEFENDANT:  Not at this time, no.

15             THE COURT:  Okay.  I find the plea is knowing and -- I

16   find you're competent and capable of entering into an informed

17   plea, and that the plea is knowing and voluntary concerning

18   each of the essential elements of the offense, and I accept it.

19             What is the date of sentencing?  Maryellen, have you

20   already worked that out?

21             THE CLERK:  I did, Judge, yes.  We gave them

22   September -- hold on.  I think it was the 29th.  29th at 2:30.

23   September 29th at 2:30; is that okay?

24             THE COURT:  Well, so far, yes.

25             MR. FICK:  Yes, your Honor, thank you.

1          THE COURT:  As I understand it, I heard from probation

2     that there are no problems with the meeting the conditions of

3     release; is that correct?

4          MR. FICK:  That's correct, your Honor.

5          MR. KOSTO:  That is, your Honor.

6          THE COURT:  So I just put you -- I just maintain those

7     same correct conditions and leave you out on bail until that

8     period of time.

9          Is there -- so now there are a few other things that I

10    think we need to talk about.

11         One is recently I've had a number of these hearings

12    where restitution is then put off for another 90 days, and that

13    sort of prolongs things.  So I would encourage you to either

14    discuss this beforehand, and we'll combine a restitution

15    hearing with a sentencing hearing, as you said, Mr. Fick, that

16    there may be one contest with respect to the guideline ranges,

17    but ideally speaking, you would together at your sentencing

18    memo put together a restitution memo if it's not agreed upon.

19    So that would be very helpful just to get this moving.

20         The second thing is, Mr. Fick, I brought up the one

21    question I had in mind, which is we were pretty close to

22    issuing an opinion, and we weren't sure whether or not it was

23    moot or not.  You are still looking for some of this

24    information, I take it, for the sentencing hearing; is that

25    correct?

1          MR. FICK:  That's correct, your Honor.

2          THE COURT:  All right.  So we will be issuing

3    something.

4          Do you know, Mr. Kosto, whether or not Mr. Harville

5    has -- oh, see, that's not such a big rush shall I say.  That's

6    easily -- I can get that out by then.  The concern I have is do

7    you know whether Mr. Harville -- we couldn't find whether for

8    sure he joined in on that or not.

9          MR. KOSTO:  Sorry, on the --

10         THE COURT:  It was Mr. -- it was Mr. Baugh's --

11   Baugh's motion.

12         MR. KOSTO:  The motion -- the motion for the Rule 7 --

13   the Rule 17 subpoenas or the motion for additional information

14   regarding Mr. -- Mr. Baugh's past --

15         THE COURT:  I've already ruled on the motion to

16   compel.  You've received that, but I'm worried --

17         MR. KOSTO:  Yes.

18         THE COURT:  -- right now about the 17(c) subpoena

19   because we still have a trial date.

20         When's Mr. Harville's trial?

21         MR. KOSTO:  May 31, your Honor.

22         THE COURT:  May 31, and that's still going forward,

23   right, as far as you know?

24         MR. KOSTO:  As far as I know, your Honor.

25         THE COURT:  Okay.  So I may have to get that out.  I

34

1    don't know whether he has joined in that so...

2         MR. KOSTO:  I believe he did join in Mr. Fick's

3    motion.

4         I see Mr. Gelb on camera now.  I'm sure he would be

5    happy to speak to it, your Honor.  He represents Mr. Harville.

6         THE COURT:  Hello, Mr. Gelb.

7         MR. GELB:  Good morning, your Honor.

8         THE COURT:  Good morning.

9         MR. GELB:  Good morning.  We -- we had joined in on it

10   orally, your Honor.

11        THE COURT:  Oh, you did orally.  Okay.  I just -- I

12   just wasn't sure where we were all left with that motion.  So

13   we will get something out with that.

14        And, Mr. Gelb, is that likely to be a trial at this

15   point?

16        MR. GELB:  Nothing is -- no status has changed as of

17   our position at this point, your Honor.

18        THE COURT:  Okay.  So, I just have a case backed up

19   behind you.  So I just want to let them know fairly what's

20   going on.  So, I'm sure we'll be in touch, but right now that

21   17(c) subpoena's still very much alive you're telling me?

22        MR. GELB:  We -- it is, your Honor, relative to --

23   we're not waiving that issue as well.

24        THE COURT:  Okay.  Was there anything else that needed

25   to be discussed at this point?

1          MR. KOSTO:  Not from the government, your Honor.

2    Thank you.

3          THE COURT:  All right.

4          MR. FICK:  I don't believe so, your Honor.  Thank you.

5          THE COURT:  All right.  Thank you.

6          So we have finished this hearing at this point, and

7    we'll see you in September.  I guess that's it right now.

8          THE CLERK:  Judge, Mr. -- Mr. Gelb's case,

9    Mr. Harville, they have a pretrial conference scheduled for

10   Thursday, May 19th, at 2:30.  That's --

11         THE COURT:  So that's really helpful.  I'm on trial in

12   the morning so it has to be in the afternoon, but -- so we'll

13   hold it then.  And I guess I did say -- I forgot one key thing,

14   do you want sentencing in person?

15         MR. FICK:  Yes, your Honor, I mean, our intention at

16   this time absent some dramatic change and circumstance would be

17   to do the sentencing in person.

18         THE COURT:  I -- I like that actually.  I prefer that.

19         MR. FICK:  Yes.

20         THE COURT:  I think -- so -- and also to make sure

21   that the victims know.  You say they're on the phone or some

22   are on the phone as to whether or not they want to say

23   anything.

24         MR. KOSTO:  The victims intend to speak at sentencing.

25   They prefer the sentencing to take place in person, and the

1    government does as well.

2          THE COURT:  Yes, I think we're all on the same page

3    there.  It's much easier.  This feels -- you know, I just see a

4    little tiny box with Mr. Baugh in it, so I prefer to -- it

5    feels more -- I feel like I'm more connected to what's going on

6    when we're all in person.  So unless somebody has a major COVID

7    outbreak, that's what I plan to do.

8          Thank you.

9          MR. FICK:  Thank you, your Honor.

10         THE COURT:  Okay.  Thank you.  And we'll be seeing you

11   soon, Mr. Gelb.

12         MR. GELB:  Thank you, your Honor.

13         MR. KOSTO:  Thank you, your Honor.

14         THE COURT:  All right.  We'll stand in recess.  Thank

15   you.

16         THE CLERK:  Thank you, everybody.

17         THE COURT:  And I accept the plea.  Thank you.

18         THE CLERK:  Thanks.

19         (At 11:21 a.m., court was adjourned.)

20

21

22

23

24

25

1                        C E R T I F I C A T E

2

3              I, Marianne Kusa-Ryll, RDR, CRR, do hereby

4     certify that the foregoing transcript is a true and accurate

5     transcription of my stenographic notes before the Honorable

6     Patti B. Saris, to the best of my skill, knowledge, and

7     ability.

8

9

10       /s/ Marianne Kusa-Ryll                       05-09-22__

11       Marianne Kusa-Ryll, RDR, CRR                 Date

12       Official Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    UNITED STATES DISTRICT COURT

 2                    DISTRICT OF MASSACHUSETTS

 3    _____

 4    UNITED STATES OF AMERICA,

 5                        Plaintiff,       Criminal Action
                                           No. 20-cr-10126-ADB-1
 6    v.
                                           July 27, 2021
 7    PHILIP COOKE,
                        Defendant.         Pages 1 to 58
 8    _____

 9

10

11

12              TRANSCRIPT OF SENTENCING HEARING
           BEFORE THE HONORABLE ALLISON D. BURROUGHS
13              UNITED STATES DISTRICT COURT
             JOHN J. MOAKLEY U.S. COURTHOUSE
14                  ONE COURTHOUSE WAY
             BOSTON, MASSACHUSETTS  02210
15

16

17

18

19

20                 JOAN M. DALY, RMR, CRR
                   Official Court Reporter
21            John J. Moakley U.S. Courthouse
              One Courthouse Way, Room 5507
22            Boston, Massachusetts  02210
                  joanmdaly62@gmail.com
23

24

25
```

1    APPEARANCES:

2

3    FOR THE GOVERNMENT:

4            SETH KOSTO
             Assistant U.S. Attorney
             U.S. Attorney's Office
5            John J. Moakley Courthouse
             Suite 920
6            One Courthouse Way
             Boston, Massachusetts 02210
7            617.748.3144
             seth.kosto@usdoj.gov
8

9
     FOR THE DEFENDANT:
10
             SUSAN WINKLER, ESQUIRE
11           Winkler Law LLC
             120 Holmes Street
12           Unit 313
             Quincy, MA 02171
13           617-642-6671
             Winkler.susan@gmail.com
14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  P R O C E E D I N G S
 2               (The following proceedings were held in open
 3     court before the Honorable Allison D. Burroughs, United
 4     States District Judge, United States District Court, District
 5     of Massachusetts, One Courthouse Way, Boston, Massachusetts,
 6     on July 27, 2021.
 7               The defendant, Philip Cooke, is present with
 8     counsel.  The Assistant U.S. Attorney is present.)
 9               THE CLERK:  Court is in session.  Please be seated.
10     This is criminal matter 20-10126.  United States versus
11     Philip Cooke.  Will counsel identify themselves for the
12     record.
13               MR. KOSTA:  Good morning, Your Honor.  Assistant
14     United States Attorney Seth Kosta on behalf of the
15     government.
16               MS. WINKLER:  Good morning, Your Honor.  Susan
17     Winkler for defendant Phil Cooke who is at counsel table with
18     me.
19               THE COURT:  Good to see you both, Mr. Cooke.  Just
20     a preliminary announcement or reminder.  If you're
21     vaccinated, you can be in here with no mask.  If you're not
22     vaccinated, you need to have a mask on.  If you are
23     vaccinated and you want to wear a mask anyway, that's fine.
24     I don't care.  But if you're not vaccinated, you need a mask.
25               We are here for Mr. Cooke's sentencing.  In
```

1    preparation for the sentencing, I have received and read the

2    following:  Presentence report revised on July 20; the

3    defendant's sentencing memorandum filed on July 20; the

4    government's sentencing memorandum filed on July 22.  There

5    are 11 letters on behalf of the defendant, two victim impact

6    statements, and I have the transcript from the Ogden

7    sentencing sentencing which I think was provided by the

8    government, but I'm not sure.  Does anybody think there's

9    anything else that I should have been considering?

10             THE PROBATION OFFICER:  Not from probation, Your

11   Honor.

12             MR. KOSTA:  No, Your Honor.  Both victims are here

13   today and they would like to speak to the Court at the

14   appropriate time.

15             THE COURT:  That's fine.  I've read their

16   statements.  If you want to additionally speak, that's fine

17   with me.

18             MS. WINKLER:  Nothing further, Your Honor.

19             THE COURT:  Ms. Winkler, as long as I have

20   probation, I take it nothing has about withheld from the

21   report?

22             THE PROBATION OFFICER:  No, Your Honor.

23             THE COURT:  Ms. Winkler, have you had an

24   opportunity to review the presentence report?

25             MS. WINKLER:  Yes, Your Honor.

 1            THE COURT:  Have you gone over it with your client?

 2            MS. WINKLER:  I have, Your Honor.

 3            THE COURT:  Mr. Cooke, have you had an opportunity

 4     to review the presentence report?

 5            MS. WINKLER:  Yes, Your Honor.

 6            THE COURT:  If you guys want to stand up and sit

 7     down, that's absolutely fine.  If you want to remain seated,

 8     that is also absolutely fine.  Mr. Cooke, have you had an

 9     opportunity to go over it with your counsel?

10            THE DEFENDANT:  Yes, Your Honor.

11            THE COURT:  There are no objections on the part of

12     the government.  There are 11 objections on the part of the

13     defendant, most of which I think don't need to be resolved.

14     So let me just run through them quickly.  The first one were

15     a series of corrections that have been made by probation.  2,

16     3, 4, and 5, 6, are all things that I have noted but they

17     don't actually change the calculation.  Let me just double

18     check that to see if one of them does.

19            MS. WINKLER:  Your Honor, I believe it's 2 through

20     8 that are for information for you only.

21            THE COURT:  2, 3, 4, 5, 6, 7, 8.  The 9th one is

22     the discussion about the pattern of activity enhancement;

23     that paragraph 10 reflects the changes that would come about

24     depending on how the pattern of activity enhancement

25     objection is handled.  And 11 is just a series of updates

1    which I understand.

2            It seems like the disputed issue is the pattern of

3    activity enhancement.  I have to say I've read the

4    guidelines.  I've read the case law.  I've read the

5    commentary.  It is extremely poorly drafted and hard to

6    understand.  What I would like -- I think I understand your

7    position on this, Ms. Winkler.  I'll give you a chance to

8    speak on it in a moment.

9            Mr. Kosta, can you describe for me the conviction

10   under the statute that would not bring the enhancement into

11   play?

12          MR. KOSTA:  A conviction under 2261A or a

13   conspiracy for it does have it as an element a course of

14   conduct which consists of two or more events.

15          THE COURT:  That's my problem.

16          MR. KOSTA:  And that's a problem that the First

17   Circuit has spoken to in *Fiume*.  Where the commission wants

18   to permit or not permit double counting, it's not shy about

19   saying so.  The fact that there are two other statutes that

20   are also referenced it 2A6.2 that do not include course of

21   conduct.  The fact that the commission goes about actually

22   speaking to other instances of double counting in the

23   commentary under 2A6.2 indicates as *Fiume* and basically holds

24   with respect to one of the other five aggravating factor.  I

25   think it was the court order factor.  Let's take it from the

1    court order factor in *Fiume*.  *Fiume* involved a conviction for

2    violating a court order that then went to apply a court order

3    enhancement two additional levels.  The court held that the

4    fact that the second, there's no situation in which a court

5    order could be violated under the statute in which it

6    couldn't be under the guidelines was immaterial because the

7    commission, one, would have spoken to it.  And they regularly

8    do.

9            And I'd point the Court to the commentary under

10   application note 4, which we're not dealing with particularly

11   today.  This deals with multiple counts and how they're

12   applied.  But the commission says that the grouping procedure

13   described in application of 4, I'm on page 81 of the red

14   book, Your Honor, avoids unwarranted double counting with the

15   enhancement in subsection B1E for multiple acts of stalking,

16   threatening, harassing or assaulting the same victim.

17           The idea here being the commission recognizes the

18   potential for double counting has expressly not applied with

19   respect to the pattern of activity.  And that's essentially

20   what the court in *Fiume* held and the fact that *Fiume* deals

21   with court order and this deals with pattern of activity

22   shouldn't be material to the reasoning.

23           THE COURT:  Ms. Winkler?

24           MS. WINKLER:  Your Honor, I think a close read of

25   the cases actually suggest the opposite to what Mr. Kosta is

1   suggesting.  In *Lee*, the case that is cited by probation, the
2   offensive conviction was interstate stalking.
3              THE COURT:  Yes.
4              MS. WINKLER:  It was the emails that were a
5   pattern.  So they were add-on.
6              THE COURT:  Right.
7              MS. WINKLER:  They were not the offense.  In *Fiume*,
8   the court actually notes, they say the commission may have
9   rationally intended upon or punish a stalking type offense
10  more seriously where it simultaneously involved the violation
11  of court order.  I think the First Circuit appreciates the
12  difference between a court order and use of email or
13  interstate communication.  There are different levels of
14  crimes set forth in the statute itself.
15             The other cases that are under -- that have
16  addressed this problem in the First Circuit similarly reflect
17  the offense conduct and the pattern are different or they
18  actually refer to like in *Sayer*, the First Circuit referred
19  to the long term pattern.  In *Robinson* there was a choking
20  and an assault conviction, but it was the letters that the
21  defendant sent when he was incarcerated that became part of
22  the of the pattern.  And I think that is --
23             So if you look a little deeper than just the
24  language the First Circuit uses in *Fiume*, I don't think *Fiume*
25  controls in this circumstance.  They're talking about --

1   they're not talking about this kind of situation.  Yes, in
2   the absence of an express prohibition, they're saying
3   generally the Sentencing Commission speaks to double
4   counting.  In this case the First Circuit has never
5   addressed, never taken head-on the question of course of
6   conduct and being two or more instances being the same as, in
7   this case, more than one electronic communication.  And that
8   then would slide us into the facts, if you want us to go
9   there yet.
10          THE COURT:  I know there are other judges that are
11   going to be sentencing other people in this case.  The
12   resolution of this issue I would rather leave to them.  I
13   don't think it's particularly material in this sentencing or
14   not, whether or not those two points are added.  The plus or
15   minus of those two points is not going to affect what I do
16   mainly because I'm focused on the conduct and not exactly
17   where we come out on the guideline number.
18          Particularly where my understanding from the
19   submissions that the government is going to recommend
20   something in the vicinity of 30 months, which is within the
21   guideline range, certainly under the calculation without the
22   extra two points.
23          So given my view that how this issue was resolved
24   is not going to affect where I ultimately come out on the
25   sentencing.  Does it need to be further resolved than that

1    because it is not going to affect my sentence.  My proposal

2    is I do the guideline calculation without it but without

3    actually ruling on the issue.  It's a plea.  It's a contested

4    sentencing but it's not a contested sentencing after a trial

5    where this has the potential to really factor in.  I

6    understand this is taking the easy way out of what I think is

7    a difficult call.  Mr. Kosta?

8             MR. KOSTA:  Your Honor, the government is going to

9    recommend 30 months incarceration regardless of how the Court

10   rules or does not rule.  I do think it's important that

11   factually as Ms. Winkler was saying that the Court recognize

12   the facts that there is harassing conduct here.  There is

13   threatening conduct here.  There is also stalking conduct in

14   relation to the surveillance that took place while Mr. Cooke

15   was abroad.  And we have an express adoption.

16             The short way of this is let's set aside *Lee* and

17   whether or not it controls.  What I think the government's

18   strongest argument is on the factual applicability of the

19   three different types of harassment is by the time that

20   WhatsApp threat sees the light of the world, Mr. Cooke is

21   advised of the fact that there are deliveries, the fact that

22   there's been surveillance, and the fact that the harassing

23   messages that he says he authorized in the August 6 meeting

24   became threatening messages.  So we have a --

25             THE COURT:  Let me interrupt you.  This is a

1    reading of the guideline that I don't agree with.  I don't

2    think that the guideline is contemplating -- you could have

3    charged him with all of those things and maybe dated back to

4    the language of the indictment.  It can't be that you charge

5    him with one of those things then all of this happened, that

6    that gives you the enhancement [technical issue] -- doesn't

7    apply.

8         MR. KOSTA:  We've charged him with conspiracy to do

9    those things.

10        THE COURT:  I think the guideline is focusing on a

11   pattern.  It's not focusing on whether they've done one, two,

12   or three of those things I don't think.

13        MR. KOSTA:  But that's where the application note

14   one, the example, is very telling.  It says a single instance

15   of stalking accompanied by a separate instance of

16   threatening.  It contemplates that these things take place

17   simultaneously.  It's not one big instance as long as the

18   objective was to harass the victims.  That doesn't make it

19   open season for any number of different kinds of stalking

20   without the pattern of activity applying.

21        THE COURT:  You're talking about a statute that

22   already requires a pattern.  You're not going to be here on

23   something where you have a single instance of stalking.

24        MR. KOSTA:  You could be here -- yes.  But that

25   takes us right back into the double counting argument which

1    *Fiume* has rejected.  I know the Court doesn't want to reach

2    that issue.

3              THE COURT:  I'm not sure *Fiume* has rejected that.

4    The cases like *Lee*, which is the one I spent the most time

5    with, she's right when she says there was the crossing the

6    state lines aspect of it and separate from the actual offense

7    itself.

8              MR. KOSTA:  The only facts that the court

9    considered in reaching that pattern of activity enhancement

10   in April of 2012, the Court in its footnote 3 says, We need

11   not reach whether the 2010 conduct was directly or

12   substantially related to the offense of conviction because we

13   find that the series of threatening emails suffices.

14             There was a lot going on in *Lee*, but the only thing

15   the First Circuit was concerned about was the spring of 2012

16   and the series emails that the defendant sent to the victim.

17   It wasn't even concerned with the phone calls that were made

18   to the mother.  It says the pattern of email suffices.  What

19   that says to the government at least is that two or more

20   emails suffices, constitutes in the language of the

21   application of two or more separate instances of stalking or

22   harassing or threatening.

23             THE COURT:  What's probation's view on this.

24   Pattern review on this?

25             THE PROBATION OFFICER:  With regard to the pattern

1    I rely on the Court.

2              THE COURT:  Great.

3              THE PROBATION OFFICER:  With regard to accepting or

4    not accepting that enhancement, I believe the statement of

5    reasons just says to have a total offense level.  And that's

6    where that may become an issue.

7              THE COURT:  What I would do is duck the issue and

8    just use the lower guideline calculation without actually

9    ruling on the objection.  I don't want to bind the courts

10   that come after me, as appealing as that may be, to the

11   government.  There are other people that will have reason to

12   think about this more deeply than I have reason to think

13   about it right now given what we're fighting over.

14             MR. KOSTA:  Candidly, the defendants as to who that

15   guideline will apply are or not apply stand in different

16   shoes than Mr. Cooke.  We'd be in a position asking for it

17   anyway.

18             THE COURT:  So as I say, it's not -- the resolution

19   of this issue is not going to affect the sentence.  I haven't

20   decided the sentence, but when I think about what goes into

21   coming up with a sentence in this case, it is the pattern of

22   activity.  It's not whether it actually changes the advisory

23   guideline range.  Are you interested in giving up the two

24   points voluntary in this case, Mr. Kosta?

25             MR. KOSTA:  No.  If the Court is not going to rule.

1           THE COURT:  Are you content with that?

2           MS. WINKLER:  We are content, Your Honor.

3           THE COURT:  I'll leave it at this for those that

4     come after me.  I don't know the answer to this question.  I

5     don't think it's an easy thing.  And I think that the

6     guidelines are poorly drafted on it.  It would lead to double

7     counting; that the application notes from the case law don't

8     make clear to me that it's what the guideline commission

9     contemplated, but I also accept and agree with Mr. Kosta that

10    there are aspects of the sentencing guidelines where double

11    counting is allowed and contemplated, but I'm just not sure

12    this is one of them, and I'm not going to come down with a

13    decision on that given how that issue is resolved is not

14    particularly material to the sentencing that we're going to

15    do today.  So that is a punt.

16           I am going to sentence him based on the following

17    advisory guideline sentencing range with the understanding

18    that my focus is on the conduct and not so much on the exact

19    place where the guidelines end up.  With the grouping and

20    where I come out with an adjusted base offense level of 19

21    which results in an advisory guideline sentencing range of 30

22    to 37 months given that he has zero criminal history points

23    and is in Criminal History Category I.  So again that's 30 to

24    37 months.  Supervised release range of one to three years.

25    Do those two points change the guideline?

```
 1              THE PROBATION OFFICER:  Yes, Your Honor.  10,000 to
 2    $100,000 is the new fine range.
 3              THE COURT:  10,000 to 100,000 under the guideline
 4    fine range.  250,000 under the statute.  There's been no
 5    request for restitution made to this point.  If you
 6    anticipate that, we can defer on that.
 7              MR. KOSTA:  I don't anticipate a restitution
 8    request, Your Honor.
 9              THE COURT:  No restitution request and a mandatory
10    special assessment of $200.  Are we all in agreement that
11    that's where we are at this moment in time?
12              THE PROBATION OFFICER:  Yes, Your Honor.
13              THE COURT:  Am I correct?
14              THE PROBATION OFFICER:  Yes.
15              THE COURT:  Mr. Kosta?
16              MR. KOSTA:  With the caveat that we think the
17    proper guidelines calculations is 37 to 46 months but we
18    understand the Court is not deciding that issue and it won't
19    impact the Court's sentence.
20              MS. WINKLER:  We agree, Your Honor.
21              THE COURT:  Mr. Kosta, I read your sentence
22    memoranda.  I'm happy to hear whatever position or argument
23    you want to make.
24              MR. KOSTA:  I thought I would not reargue my memo
25    to you.
```

1          THE COURT:  You're welcome to.  I have read it.

2          MR. KOSTA:  Before I begin, would the Court hear

3    from the victims?

4          THE COURT:  I am going to hear from the victims,

5    but I normally do it your recommendation, her recommendation,

6    then the victims, and then the defendant.  If you have some

7    reason that you want me to do it differently, I can.

8          MR. KOSTA:  I don't feel strongly about it, Your

9    Honor.  You've read their statements.

10         THE COURT:  Yes.

11         MR. KOSTA:  The memo speaks to the physical and

12   social and psychological impact that this offense had on the

13   victims and is continuing to have on the victims.  I'll note

14   that the victims have been very brave and patient through the

15   pandemic even though this conduct predated the pandemic to

16   getting to this point to be able to address you today.

17         As I was thinking about the sentence, though, I

18   realize that every cyberstalking case that I'm familiar with,

19   and I've handled a bunch in the district or supervised ones

20   that come down, has a victim that's grievously mistreated.

21   The Court had the Cardozo matter where a young woman wrote

22   off her experience being sexually assaulted as a 13-year-old.

23   Custus was a case where a woman was stalked by her then

24   boyfriend anonymously.  The Lynn case, probably the longest

25   cyberstalking sentence in the courthouse was a woman who

1    happened to move into the defendant's home in response to a

2    Craig's List post.  There are other cases.  But they all

3    involve blameless victims.

4         Usually there's a loan actor, someone who may have

5    significant issues of his or her own who is responsible for

6    the harassment, the ex-spouse, the ex-boyfriend, the roommate

7    in Lynn's case with serious issues.  And what happened to the

8    victims here is obviously serious and unspeakable.

9         But the fact that so many people came together to

10   accomplish this objective is one of the different and

11   significant facts about this case.  Sometimes people think of

12   a conspiracy charge almost as a junior varsity charge,

13   there's just an agreement, there's no completion of the act.

14   The government submits that the conspiracy charge here is

15   appropriate, and it underscores the seriousness of this

16   offense.

17         I think the Court knows that Mr. D'Addio and I

18   teach over at BU, and we taught this term of a Supreme Court

19   case called *Ionelli*.  It goes away back to 1975.  It's at 420

20   U.S. 770.  I never thought I'd cite it in an argument to the

21   Court, but it talks about partnership in crime and what it is

22   that makes conspiracy a very significant and different

23   offense from the substantive offenses themselves, and it

24   applies almost dead-on to what happened here.

25         The court held that the concerted action, that

1    partnership in crime, makes success more likely because

2    co-conspirators are less likely to walk away from a group.

3    And we have that in spades in this case.

4            We have this group of E-bay employees almost

5    unquestionably backing their bosses and accomplishing what

6    their view is of what the company wants.  We have friends

7    backing up friends.  Mr. Cooke when he finds out all of this

8    is happened says in his memo he wanted to back up his friend

9    from the police force, Mr. Gilbert.  People are less likely

10   to walk away from a conspiracy that's come together to

11   accomplice a person.  That conspiracy in this case allowed

12   for something else that *Ionelli* talks about which is

13   specialization and complexity.

14           We have this almost like MBA situation here where a

15   group of people come together and they have brainstorming

16   sessions separately about how the harassment is going to

17   work, how the surveillance is going to flow, what packages

18   should be sent to the victims' homes, participants bringing

19   different expertise.  Some knowledgeable about how to keep

20   from getting caught on the Internet; some knowledge about the

21   way Twitter and eBay work; some knowledge, as in Mr. Cooke's

22   case, about how law enforcement can be involved in this.

23           The image that keeps coming back to me is this

24   meeting that Mr. Cooke participated in on August 6 at which

25   they set forth the lines of a harassment of the victims in

1   this case with an intent to essentially soften her up and

2   soften her husband up so they could get help to identify

3   Fidomaster.  That's the most benign expression of it.  And

4   they left that meeting, a planning meeting, with the

5   conclusion that that conclusion was appropriate.  And I think

6   part of that comes from the fact of this specialization,

7   people bringing different roles to the conspiracy.

8          You have this group think problem where people get

9   together and start brainstorming, the ideas get better and

10  better, and what happened to the victims got worse and worse

11  than if it had just been a single individual sitting in a

12  basement fuming about the injustice of what happened in their

13  relationship.

14         The Supreme Court also said in *Ionelli* that the

15  combination in crime, that partnership in crime, makes more

16  likely the commission of crimes unrelated to the original

17  purpose for which the group was formed which is again even

18  crediting the idea that something more limited was talked

19  about on August 6, it became much much worse as a result of

20  the fact that it was so planned by group thinking.

21         And I think it also allows for a lot of what the

22  Court is hearing in this proceeding about sort of

23  compartmentalization, well, I knew about this, I wasn't aware

24  of that, I approved this kind of message, I had no idea this

25  kind of message would follow.  Whether or not the Court

1    credits those sort of after-the-fact limitations, that's one

2    thing that makes this crime difficult to investigate and to

3    gather around because it was divided into so many different

4    silos that it allowed a degree of deniability.

5         And so we're asking the Court to punish this

6    conspiracy with that significant sentence, that 31 sentence,

7    because while it was just an agreement, the conspiracy made

8    this offense worse than if it had just been even a single

9    disgruntled employee.  The fact that seven people got

10   together makes it more serious.

11        I'd also point the Court to the fact that there are

12   really two significant crimes here.  You've just mentioned

13   the cyberstalking.  Haven't even mentioned the obstruction

14   yet.  In the government's view, either would justify a

15   significant jail sentence.  The government isn't familiar

16   with a cyberstalking case that doesn't involve a significant

17   jail sentence.

18        The Court sentenced Mr. Cardozo on very serious

19   facts, Mr. Lynn with a whole variety of conduct involved, 17

20   years.  He's a bit of an outlier.  You don't see a lot of

21   noncustodial cases for cyberstalking alone in this district

22   and elsewhere the government would submit.

23        Combining them adds two points to the guidelines.

24   You have the obstruction object.

25        THE COURT:  Yes.

```
 1              MR. KOSTA:  You have the cyberstalking object.
 2    It's difficult to imagine how taking two serious crimes in
 3    their own right and combining them with a rather small amount
 4    of adjustment given these two crimes would justify the kind
 5    of sentence that Ms. Winkler has requested on Mr. Cooke's
 6    behalf.  I think that's particularly true where the defendant
 7    is a former law enforcement officer.  I've spoken about that
 8    in our memo.  In preparing today I've had the chance to read
 9    the letters and commendations that Ms. Winkler submitted on
10    behalf of Mr. Cooke.  And I think it's clear that his friends
11    and family see a great deal of good in him.  That's not
12    surprising even with the prosecutors, I think there are acts
13    of bravery and kindness and compassion reflected in those
14    letters.  But there's a big "but" there.  And for the
15    government it's this:  How does the man in those letters, how
16    does the retired captain in the police department in those
17    letters do this to those victims who will address the Court?
18              Mr. Cooke was in incident response, was a SWAT team
19    leader.  He was the hostage negotiator for the Santa Clara
20    Police Department.  He had 30 years of experience that led
21    him up to that moment where he sat down in a meeting and
22    planned to cyberstalk Victims 1 and 2 to degrees that I can't
23    comprehend.  And he had 30 years of experience to do the same
24    with respect to the police investigation that followed.  This
25    is an officer who investigated internal affairs matters.  He
```

**R317**

1  knew according to these letters how to investigate a cop that

2  bent the law or broke the rules.  He had all the experience

3  necessary to make the right decision when the Natick Police

4  Department came knocking.

5       It doesn't matter in the government's view if you

6  go to the FBI academy if you don't put to use what you've

7  learned there.  It doesn't matter in the government's view if

8  you are the best incident commander for Super Bowl 50 and

9  handled the incursions in the air space that gets you a

10 commendation from the general who's managing the safety at

11 the event.  To get it wrong for a powerless pair of victims

12 in Massachusetts.

13      It wasn't just not standing up.  We talk about

14 being an upstander in my household.  It wasn't just about not

15 standing up.  He piled onto them when it was apparent they

16 were rattled, when it was apparent they were disturbed.

17 Mr. Gilbert says, perfect, they're rattled, time for the next

18 phase.  And Mr. Cooke, somewhere else, somewhere in Asia,

19 yes, jumps right in.

20      And the idea that a retired law enforcement officer

21 in that series of letters or two of them would ask the Court

22 to impose a noncustodial sentence in this case is troubling.

23 I'd expect that from friends and family.  But that was a

24 little jarring for what the Court's going to do, which is

25 evaluate the totality of his conduct and its seriousness.

1          The place I'd end, Your Honor, is just the idea of

2     general deterrence.  The memo already speaks to the idea of

3     corporations not liking what's said about them in this unique

4     and absurd situation where negative comments on a website

5     about a corporation lead to an attack on a journalist who

6     posts a website where those comments are placed.

7          There is a different aspect of general deterrence

8     that the government submits is necessary in light of the

9     Lynn, Custus, and Cardozo-type cases that are here, and it's

10    the havoc that anyone can create with a keyboard.  People

11    write and the people in this case wrote criminal threats and

12    engaged in harassment over the Internet that from thousands

13    of miles away things that the government submits they

14    probably would not do if sitting down across a table in a

15    business meeting with Victim 1 and Victim 2.  And there is

16    something there that needs to be deterred.

17         Judge Young was the sentencing judge in the United

18    States versus Lynn, and I'm just going to close with

19    something he said in that sentencing which I think is

20    applicable here.  The result isn't the question.  Lynn was

21    just an outlier in every way and earned every day of those 17

22    years that he got.  Judge Young focused on how interconnected

23    we are as a community, and I think that's what this sentence

24    should reach to.  Because what this group of seven people

25    did, what Mr. Cooke did as part of that group was break a

1   duty that he owed, whatever his job was, the way that people

2   should treat each other.  Judge Young said, This conduct is

3   monstrous.  We live in a community, reading this entire

4   record, listening to the victims, listening to the Assistant

5   Attorneys, listening to your counsel who has done a superb

6   job on your behalf, not the least the negotiation of the plea

7   agreement.

8         He's right to point out all of these crimes

9   committed were with you sitting behind a commuter.  That

10  point is well taken.  Yet in today's world, that does not

11  diminish the crimes in any way.  In fact, it ought to bring

12  home to all of us how interconnected we are and what havoc

13  can be wreaked by the improper evil criminal conduct in which

14  you so gleefully engaged.  I'll grant that you may not have

15  fully appreciated the harm you did to your specific victims

16  and to the community as a whole.  In the eyes of this Court

17  that does not diminish the sentence which ought to be

18  imposed.

19        Respectfully, Your Honor, the Court should take

20  into account that breach of the interconnectedness that we

21  owe to each other, and that this group of defendants ran

22  roughshod over the course of this conspiracy.  Thank you.

23        THE COURT:  Ms. Winkler.

24        MS. WINKLER:  With regard to what Mr. Kosta says

25  about conspiracy.  There is no question a conspiracy

1   dangerous.  But in this sentencing we're looking at an

2   individual and his role in this particular set of activities.

3   This is an individual who did, while he did participate in

4   that August 6 meeting, he did not participate in the follow

5   up meeting that day about deliveries.

6          He did not participate in the August 14 meeting

7   about surveillance both of which are detailed in the

8   indictment against Jim Baugh but are not present in the

9   information here.  And so the question becomes what was

10  reasonably foreseeable to Mr. Cooke when he left that

11  August 6 meeting thinking that he had talked to his

12  co-conspirators out of surveillance and tracking and

13  threatening deliveries and threatening messages.

14         At least as of that day what was reasonably

15  foreseeable to him would be what a reasonable person who knew

16  everything he knew at that time would have been able to know

17  in advance with a fair degree of probability.  That comes

18  from U.S. v. Lacroix.  It's a First Circuit case from 1994.

19  Here is a situation where being a former police officer hurt

20  Mr. Cooke.  Imagine being in a meeting with people talking

21  about doing the kinds of things that Jim Baugh was tossing

22  out as options for harassment of these victims.  It's just

23  not logical.  None of it makes sense.

24         Supposedly, according to Mr. Baugh, this person

25  named Fidomaster, who he didn't know who he was, had

1    threatened Devon Wood and his family, which is of course what

2    the police officers in the room, Mr. Cooke and Mr. Gilbert,

3    needed to hear to think that they should be taking steps to

4    help the executives.  That's what they were there for.

5           That's the kind of lies that Jim Baugh seemed to

6    tell with a frequent -- whenever necessary for him.  For

7    example, he tells Ms. Popp according to Ms. Popp that

8    Mr. Gilbert and Mr. Cooke was there to approve the messages.

9    He never told that to Mr. Cooke or Mr. Popp who, yes, they

10   were there, yes, they saw some of the draft messages, but

11   they didn't understand they were proffers of these Twitter

12   messages.  They thought they were there to set some

13   guardrails.  You cannot threaten.  You have to stop when

14   someone says stop.  So there were guardrails they were

15   setting up.

16          They did agree to the harassment with the idea

17   under this white night strategy as the government calls it,

18   that it would soften the victims up so they would identify

19   Fidomaster and so the protection group could help protect,

20   better protect Devon and his family.  That was the idea.

21          Now, for him to believe that this group of people

22   who he liked, who he knew and liked as colleagues, and

23   particularly Brian Gilbert, who was his close friend for over

24   25 years, would engage in such dangerous, awful, illegal

25   conduct as they did, whether it was delivering pig heads and

1    funeral wreaths, surveillance, role play, sending people to

2    the door to suggest they had been called there for awful

3    reasons.  That was not something that he could foresee that

4    it would go so far off the rails, that these people would

5    engage in that kind of conduct.

6           So on August 7 Jim Baugh says, stay here, I don't

7    want you to take your trip overseas.  Mr. Cooke ignored that

8    directive.  He left.  He went overseas.  And while over

9    there, he starts to get some Twitter messages and there is a

10   stream -- or WhatsApp messages on August 20.  And the first

11   ones that come in are these where Brian Gilbert -- and they

12   are harassing messages.  Those are harassing messages.  And

13   they're going to take place over three accounts with the idea

14   that it's going to soften the victims up for that final call.

15   They all take place on August 20 and the call was placed on

16   August 21.

17          And that's the cyberstalking conspiracy as

18   Mr. Cooke then knew it.  He did not know that surveillance

19   had taken place at the time those messages came in.  He did

20   not know that they had broken in to try to put on a tracker.

21   He did not know that those deliveries had occurred or that

22   they had been signed up for all of these different magazines

23   and other websites that they had no interest in.

24          So from where he stood, yes, he did engage in a

25   cyberstalking conspiracy, which he pled guilty to and

1    accepted responsibility for, but it was on that day.  That

2    does not explain the witness tampering, the assistance and

3    creating the deception of the Natick Police.  And I think the

4    best thing is to let Mr. Cooke speak to that when he provides

5    a statement, Your Honor.  There is, frankly, that, yes, it's

6    an obstruction, it does add two points to the guideline

7    calculation.

8         There's nothing to be said except that he did not

9    make it worse when he dealt with the people at eBay.  For

10   them at least he did not lie.  He did not -- he's not even

11   mentioned in that part of the PSR because he was not involved

12   in that.  That was the other group.  He wasn't even in town

13   on August 26 when they got together and decided what they

14   were going to do.  He was still overseas.  He didn't get back

15   until early September.

16        So that was with regard to conspiracy and what he

17   knew and did.  And while -- let me turn now to the reason for

18   a variance, Your Honor.  I won't go back over all of the --

19   Although I will say, it is a pleasure to represent someone

20   who has had the career that Mr. Cooke has had.  And prior to

21   this horrible judgment, he had a wonderful, admirable,

22   exemplary career, pulling himself up from a neighborhood that

23   was tough, going through the Marine Reserves honorably, doing

24   his time at the Department of Corrections as a correctional

25   officer, and ultimately being a police officer and conducting

```
 1    hundreds of investigations.

 2              There is no question he had an outstanding career.

 3    He worked incredibly hard.  And as the letters attest, he is

 4    an incredibly kind, generous, giving man.  He sacrificed for

 5    his community, for his family, and his selflessness is

 6    apparent in the different letters that are attached to his

 7    sentencing memorandum.

 8              He retired on December 24, 2016, and in some ways

 9    this is a story of a failed retirement.  Mr. Cooke left a job

10    that was incredibly demanding and suddenly had no purpose, no

11    particular thing to do with his life.  He was bored.  He

12    didn't have his colleagues.  He didn't have the information,

13    the direction, if you will, that he needed at that point in

14    time.  And as his wife explained, he began to drink heavily.

15              Sometimes it was frustrating to her because he

16    wouldn't remember things or wouldn't understand what she was

17    saying.  Believing it would help him to go back to work, she

18    encouraged him to.  And he did.  He found a job as a

19    contractor with Progressive Force.  The Silicon Valleys were

20    looking to have people on campus to help in case of

21    emergencies.

22              He took a job with eBay eventually, which didn't

23    help at all because eBay had an on campus bar that opened at

24    3:00, and apparently there was a lot of heavy drinking that

25    went on starting in the midafternoon and carrying through
```

1    into the late evenings.  So there was a worsening of his

2    alcoholism, not a getting better in connection with what

3    happened at eBay.

4         Since being notified he was a target, Mr. Cooke has

5    dealt with that problem.  As part of court ordered therapy,

6    he saw a therapist.  He accepted his alcoholism problem.  He

7    has not been drunk since June 2020.  He has taken the time

8    and made the effort to become a counselor/facilitator for an

9    addict recovery program in California where he facilitates

10   meetings of addicts.  He goes to meetings himself, and he

11   facilitates meetings of friends and family.  All of which

12   he's done to make sure that his life has turned around as a

13   result of the horrible things that happened at eBay.

14        So in terms of the three factors, I leave the

15   overstating seriousness to the brief.  For specific

16   deterrence, this is not a man who will re-offend.

17        THE COURT:  I agree.

18        MS. WINKLER:  With regard to general deterrence,

19   there has been huge press in his area where the Fortune 500

20   Silicon Valley companies are located.  I take Mr. Kosta's

21   point people sometimes don't like what's written about them

22   in the press.  But between this case, which has received

23   substantial press and the significant civil RICO suit that

24   was filed last week on behalf of the victims complete with

25   press conference and was shown at least on nightly news here,

1   I don't know whether it made nightly news in Santa Clara or
2   the Silicon Valley, that is the kind of risk that teaches
3   companies they don't want to see anything like this happen
4   under their watch.  That's significant on both fronts.
5            If an incarcerative sentence is necessary, if the
6   Court believes that, I would suggest 30 months is way more
7   than necessary.  It is the fact of incarceration that deters,
8   not the amount.  So if there is a need for that kind of
9   sentence, a much lower amount will accomplish the same
10  purpose of sending a message that this is a serious crime
11  that could result in prison time.  And I think partly to
12  that, incarcerative sentences are much harsher in this time
13  of COVID.
14           And while certain things are opening up like this
15  courtroom, the prisons are still requiring segregation,
16  isolation for two weeks upon entry with that sometimes
17  extended if someone touches or comes in contact with somebody
18  else who has COVID.  And those incarceration times now, there
19  are less programs, less opportunities than there used to be
20  all because of COVID to try to protect the populations in the
21  prisons.
22           So that in terms of training and programs, I don't
23  think there's anything he can get in prison that he can't get
24  and hasn't done for himself outside, and home confinement
25  would allow him to continue that.

1          For the sentencing disparities, I'll just rely on

2     the briefs.  I think the important points are he was abroad.

3     He was not on the ground in Massachusetts.  He did not come

4     here and stalk anyone.  He was not involved in the delivery

5     of those threatening and scary packages.  All of which made

6     worse the electronic communications, the Twitter messages

7     that went to the victims.  But not knowing about those, he

8     couldn't appreciate the full scope of what was going on and

9     the effect it could have.  That's not an excuse.  That's just

10    a fact.  There was only so much that was foreseeable to him.

11         And for those reasons, Your Honor, we would request

12    that home confinement would accomplish the purposes of the

13    sentencing guidelines.  And that if you feel an incarcerative

14    sentence is necessary, we ask for a short one.  For example,

15    in Varsity Blues, we saw how significant even a short period

16    of incarceration can be for all kinds of individuals such

17    that that would accomplish the purposes that Mr. Kosta points

18    to in the 3553(a) factors.

19         THE COURT:  I'd rather hear the impact statements,

20    if the victims want to be further heard.

21         MR. KOSTA:  They would like to speak.  Will the

22    Court permit me one brief minute?

23         THE COURT:  Yes.

24         MR. KOSTA:  The granularity of the WhatsApp threat

25    that the government managed to find starting on August 20 and

1    continuing through August 23, most of the devices in this

2    case were deleted.  Pointed out to the Court that Mr. Cooke's

3    device came back to eBay with none of this on it.  The idea

4    that there is that degree of granularity between the 20th and

5    the 23rd that Mr. Cooke has to be responsible for because his

6    name is on it and he's participating in it, and he's

7    ha-ha-ha-ing all the way through the lies the idea that --

8              THE COURT:  You think he's responsible for what

9    happened during those days, or are you saying he was not

10   aware of it?

11             MR. KOSTA:  I'm saying that the idea -- on the 20th

12   to 23rd, he is fully aware of what's happening and he stays

13   involved.

14             THE COURT:  Yes.

15             MR. KOSTA:  But what the PSR says is there was a

16   series of WhatsApp messages that continued from the 7th all

17   the way to the 23rd.  We found the one from the 20th to the

18   23rd, and the idea because it's not in writing it didn't

19   happen and there wasn't this kind of information and

20   communication between the 7th and the 20th is not a factual

21   issue that the Court names to resolve seems awfully unlikely

22   that suddenly on August 20 Mr. Cooke is let into a small

23   portion of this conspiracy.  But I'll defer to the victim's

24   time.  I appreciate the Court giving me a minute.

25             We have Victim 1 and Victim 2.  Who would like to

1    speak first.  Victim 2, Your Honor.  Is it okay if he sits?

2              THE COURT:  Yes.

3              VICTIM 2:  Thank you, Your Honor.  My name is David

4    Steiner.  I am Victim 2 in this criminal complaint.  I want

5    you to know how important it was for us to be here to let the

6    defendant know that we were not faceless concepts at the end

7    of a tweet or an email; that we were flesh and blood human

8    beings that were deeply affected by his actions.  This has

9    been a difficult two years for Ina and myself.  The actions

10   of Philip Cooke, the other defendants and all involved in

11   these concepts.  Employees involved have done immeasurable

12   harm to us, physically, mentally, and emotionally.  Online

13   threats, disturbing deliveries at all hours of the day and

14   night and early morning, being tailed in our car were daily

15   occurrences in August of 2019.

16             It would take too long to detail all the ways that

17   defendant Cooke and eBay's aggressive acts affected our lives

18   and caused as much anxiety as it did when it happened to us

19   two years ago.  We had an endless parade of Natick Police

20   cruisers parking in front of our home.  We spent hours with

21   patrolmen filling out accomplice reports.  But one particular

22   date exemplified the date of siege we were under.  We were

23   exhausted from weeks of relentless attacks by assailants who

24   were at the time unknown to us.  We did not feel safe leaving

25   our home and spent this particularly stressful day barricaded

1   in our house with a friend's borrowed car blocking the head

2   of that driveway to scathe off unwanted deliveries.  A stack

3   of baking sheets was leaning against our back door so we

4   could hear anyone trying to break into our home.  That day we

5   only answered the door to the Natick Police and to explain to

6   visitors that we were not having a yard sale, and we weren't

7   selling off the contents of our home.  That day was our 31st

8   wedding anniversary.

9        Defendant Cooke was involved in the early planning

10  of the attack on us.  He approved threatening Twitter

11  messages that were sent to my wife, the listing of our home

12  address and the decision to mislead Natick Police Department

13  and obstruct their investigation.  Defendant Cooke spent 27

14  years as a member of the Santa Clara Police Department.  He

15  left as a captain.

16       This was the type of crime that he himself might

17  have investigated as a Santa Clara police officer.  But

18  instead he was willing to subvert attempts by local police to

19  identify persons of interest involved in our harassment by

20  using his experience and contacts within law enforcement to

21  keep the Natick Police off track.  After eBay claimed it

22  conduct their own investigation with the cyberstalking

23  campaign in September of 2019, six of the defendants were

24  terminated.

25       EBay promoted defendant Cooke from senior manager

1   of eBay's global security to director.  What does that say

2   about the thoroughness of eBay's thorough investigation?

3   This case is about the culture of a company that promote and

4   rewards employees that break the law.

5        Defendant Cooke's employment was not terminated by

6   eBay until the charging document was made public in mid June

7   of 2020.  The cumulative effect of this operation has been

8   devastating to us.  But the most painful of this aspect of

9   this nightmare was to witness the effect it had on my wife

10  Ina.  To say she is the most important thing in my life is

11  not fully expressing it.  I know her heart, her moral

12  compass, her ethics, and her compassion.  She is simply the

13  best person I know.  And to see her targeted, terrorized and

14  traumatized was excruciating.

15       In the defendant's Cooke's sentencing memorandum,

16  the word remorseful was used three times.  He was remorseful

17  for his bad choices.  He was remorseful for conduct that for

18  an offer of 25 years got Gilbert into trouble.  He was

19  remorseful for misleading the Natick Police.  Nowhere in the

20  memorandum was there remorse for the pain, terror, and brutal

21  punishment he and the other defendants inflicted upon his

22  victims, my wife, and myself.

23       This was defendant Cooke's opportunity to express

24  to the Court that he has changed as a person, and he left out

25  the most obvious reason to believe that.

**R332**

1          Being involved in a federal case is not easy for

2     any victim.  But as a journalist, it is an impossible

3     situation to be placed in.  Aside from the tremendous

4     physical, mental, and emotional damage that the defendant's

5     actions had on us personally, we also carry the burden of

6     maintaining the integrity of this investigation and not

7     influencing it with public comment.  But we understand that

8     this case extends far beyond Ina and myself.  It carries a

9     chilling message to journalists.

10          If corporations with limitless resources are

11    allowed to intimidate and threaten members of the media to

12    influence their reporting, it renders the First Amendment

13    virtually useless.  Defendant Cooke and his cohorts have also

14    done no favors to law enforcement.

15          In a particularly challenging time, the Natick

16    Police Department took our case seriously and made Ina and I

17    feel protected.  We were fortunate.  Defendant Cooke's

18    illegal contacts would shine a negative light on law

19    enforcement.  But these were his decisions, his acts done

20    with foresight, forethought and malice, and his sentence

21    should reflect that.  Thank you.

22          VICTIM 1:  Good afternoon, Your Honor.  My name is

23    Ina Steiner.  I'm Victim 1.  And thank you for letting us

24    speak.

25          THE COURT:  I want to remind you I have read your

1   victim impact statement.  I'm happy to hear anything you want

2   to add to that.  But --

3            VICTIM 1:  I'm sorry, Your Honor, but for two

4   years, we haven't been able to speak.

5            THE COURT:  Okay.  Your statement is longer than

6   your husband's, and I know he just read his.  Were you

7   intending on reading the whole statement?

8            VICTIM 1:  Yes, Your Honor.

9            THE COURT:  All right.  I have read it.  If that's

10  what you want to do, go ahead.

11           VICTIM 1:  Thank you, Your Honor.  When I learned

12  someone posing as my husband had ordered a pig fetus to be

13  delivered to my home, my heart sank.  It signaled that the

14  person who had been harassing me online was taking it to a

15  new, very disturbing level.  The profane, depraved threats

16  were disturbing and continued.

17           I began to be afraid that we would get swatted.  I

18  was distressed at having neighbors hand us packages they

19  received containing pornographic magazines sent to their

20  address in my husband's name.  How could one deeply disturbed

21  individual afford to send a $255 bereavement floral

22  arrangement.  This was not a run-of-the-mill Internet troll.

23  My feeling of dread intensified.

24           I froze my credit.  David bought additional

25  security cameras.  I grew watchful of strangers and began to

**R334**

1    fear being in public by myself.  Seeing a delivery van drive

2    into my yard one day when I was home alone made me fearful

3    that our stalker would trick other local businesses into

4    making unwanted deliveries.  What if he had a company drop

5    off gravel or manure and instructed them to place it in a

6    driveway in front of our garage so our car would be trapped.

7    That evening a friend dropped off a spare car to place at the

8    head of our driveway to thwart any such attacks.  But as

9    David went to take our friend home, my fear turned to

10   paralyzing terror.  It was a real life nightmare.

11           I had remained at home, and I was watching the live

12   video on the new camera we had installed that day.  I watched

13   David pull out of our driveway in our car, then watched with

14   horror as a black van with New York plates with its

15   headlights on slowly began to follow at a distance.  It was

16   the same black van we had spotted earlier in the day driving

17   by our house.  It had caught our attention because we were on

18   high alert, and it looked out of place on our quiet little

19   one-way street.

20           I was sure they were following David with plans to

21   physically assault him.  But David had spotted the van.  He

22   did everything right.  And our 81-year old friend in the car

23   with him was able to get the license plate number, but it was

24   off by one digit leaving the police unable to determine the

25   identity of the driver.  After the police left it was dusk,

1  and we sat in the living room in shock.  David looked ill.

2  He was sweating and nauseous.  I feared he was having a heart

3  attack.  Compounding my fear of a potentially life

4  threatening health emergency was the terror that our stalker

5  was outside watching the house and would see an ambulance

6  take him away.

7       As I talked to him and tried to assess what to do,

8  I told him at least if we died, we'd have died doing

9  something we loved and believed in.  I believe that even if

10  our stalker was caught, I would be afraid of him for the rest

11  of my life.  Someone so obsessed with destroying us would

12  never stop I believed.  No longer fearing we were being

13  surveilled but actually knowing it turned my fear to panic.

14       David stood guard all night and he watched in

15  horror as a car pulled up in front of our house at 4:30 a.m.

16  A man got out.  He reached into the back seat.  He removed a

17  leather case.  We had been primed for fear.  The attacks were

18  meant to scare us, and they did.  We were terrified.  During

19  this period I began to feel pressure when breathing.  I laid

20  in bed at night afraid someone was going to break in.  When I

21  did sleep, I had nightmares.

22       I woke up with pain in my chest.  I lost weight.

23  Fears that I would be doxed were realized.  I was greatly

24  concerned for the safety of family members.  We cancelled

25  social engagements.  We were afraid to leave the house not

```
 1    knowing what might be coming next out in the world or at our
 2    home.  I was afraid to leave my house.  But I didn't feel
 3    safe there either.
 4            Several friends invited us to stay with them, but I
 5    was horrified at the thought of putting their lives in
 6    danger.  I was certain the perpetrator would follow us
 7    wherever we went.  After the Natick Police traced the car
 8    used in another tailing incident to eBay, they reached out to
 9    the company.  But then in a cruel twist, eBay doxed me.
10    After weeks of torture, I was devastated and terrified.
11    Would the attacks ever stop?  Would I are ever be safe?
12            The Natick Police and the FBI did get the online
13    and real life attacks to stop, but I continued to dread going
14    to the grocery store even though accompanied by David.  I
15    eyed every shopper as a possible assailant.
16            One night as I was shutting off the lights before
17    going upstairs stairs to join David, I thought with a pain, I
18    don't know if I can ever be home alone at night again.  The
19    fear didn't stop.  I was an avid walker, but I was afraid of
20    cars coming up behind me and the people I encountered.  There
21    were days when I crawled back into bed in the middle of the
22    afternoon.  Some days I found myself crying.  Having to wait
23    until June 15, 2020, to get answers from the government about
24    who exactly was behind the attack was mental torture
25    compounded by having to keep silent to preserve the integrity
```

**R337**

1   of the criminal investigation, and later by the concerns that

2   the pandemic would hinder our search for answers and for

3   justice.

4           There's no way to mentally erase the trauma that we

5   sustained by having a cyberstalker and a real life stalker.

6   It's difficult to convey how life-changing the campaign of

7   terror sowed a deep distrust in me.  We continue to memorize

8   car license plates.  We keep the alarms on our doors.  I have

9   a golf club in my office to fend off any would-be attackers.

10  I still carry around pepper spray every single team I leave

11  the house.  There are days still when I feel an overwhelming

12  anxiety.

13          The attacks had an impact on my business.  The

14  government published some of the private messages exchanged

15  in 2019 between eBay's CEO Chief Communications Officer and

16  the head of eBay Safety and Security all referring to me.

17  Some of them were, "We're going to crush this lady; I'm not

18  f-ing around with her anymore; if you are ever going to take

19  her down, now is the time; I'll embrace managing any bad fall

20  out.  We need to stop her.  I want to see ashes as long as it

21  takes, whatever it takes."

22          A New York Times reporter profiled one of the

23  perpetrators in September of 2020 casting her as a victim and

24  making light of my continuing to do my job as a reporter

25  without recognizing the grit it requires me to keep going.

1   The Natick Police exposed Cooke's acts and his concealment of
2   them, but the outside world doesn't know how close our
3   stalkers came to succeeding.  I thought I would be physically
4   and emotionally incapable of sitting in front of my computer
5   or of communicating with anyone in the industry given the
6   level of distrust of the defendants, including the defendant
7   Cooke, sowed in my mind.
8           No matter who you are, there's one place that's
9   supposed to be safe -- home.  The people who attacked me took
10  that away from me.  Like everything else about this case, I
11  feel my life is laid bare, and I'll forever be linked to the
12  notoriety.  I am inextricably tied to eBay employees all the
13  way up to the CEO.  I worry that the perpetrators may profit
14  from their criminal acts against me and my husband, and I
15  hope the Court will take that into account when considering
16  conditions of probation and length of probation.
17          As a reporter I firmly believe in getting the story
18  out there.  But people who inserted such deep pain on my
19  husband and me should not profit from their crimes at our
20  expense.  Thank you, Your Honor.
21          THE COURT:  Thank you very much.  I know it's a
22  difficult thing to come here and make those kinds of
23  statements, and I appreciate it.  I appreciate it.
24  Mr. Cooke, your turn if you want to speak.
25          THE DEFENDANT:  Thank you, Your Honor.  Your Honor,

1    I know there's been some back and forth about legal points in

2    this case, and I very much appreciate all the help my

3    attorney has provided me.  But I don't think about this that

4    way any longer.  There's a simpler and more easy way to look

5    at this.  Something I completely failed to do back on

6    August 6.  And that is by asking a simple question about what

7    is right and what is wrong.

8           When looking at it from that simple ethical point

9    of view, it's crystal clear that this was all wrong from

10   start to fish.  I once heard a judge say there is no

11   acceptable level of violence.  He's 100 percent right.  In

12   this matter there is no acceptable level of violence or fear

13   that would be okay.  It was all simply wrong and nothing can

14   justify it.

15          The second question or another question is why.

16   And I simply took way too long to think about the victims.

17   And that's not an excuse, Your Honor.  It's a failure.  I

18   have thought about my CEO, my boss, my teammates.  I had

19   empathy for all the wrong people.

20          The crushing realization I ever felt when I was

21   talking to the lawyers about this case, I said something, it

22   wasn't a response to a question, it was just an awful

23   realization that nobody said something, nobody thought about

24   the Steiners.  I spent my whole adult life [technical issue]

25   one more time for them, I failed.  And I failed miserably.  I

1    let a twisted sense of loyalty to all the wrong people

2    override the needs of the only people that really mattered,

3    the victims.  For that I am truly sorry and disgusted with

4    myself.

5           I used to think this case was complicated and felt

6    for those that had to piece it all together.  It's not

7    complicated at all.  It's simple.  What happened is a group

8    of people got together and immorally and illegally

9    rationalized and justified horrific behavior in order to

10   please the boss.  That's disgusting.  That's not who I am.

11   But that's what I did.  And no words could ever make up for

12   that.

13          I bent all that I stood for because I did not have

14   the strength to do what was right.  The only right answer was

15   to throw a fit after the August 6 meeting and do everything

16   in my power to stop what ultimately occurred.  Instead I ran

17   away and abandoned my responsibility to be a good person, to

18   stick up for people in need.

19          That realization is again the most devastating

20   thing I've ever felt.  I know it's too late to change my

21   actions.  So I have nothing to say except I'm sorry.  I would

22   do anything to change my behavior if I could.  I hurt plenty

23   of others as well.  Before I address them, I need to make a

24   statement in regards to eBay.  EBay is actually a great

25   company filled with wonderful people who do good work

1    providing a way for small businesses to operate in a global

2    economy.  My failures hurt them very much as well and they

3    did not deserve that.

4           I am truly sorry for the grief I caused them and

5    wish I could go back in time.  But again I'm left with the

6    only thing I can do now and that is to say I'm sorry.

7           To the Santa Clara Police Department, an agency

8    filled with wonderful, dedicated people, I am so sorry.  Even

9    though I was retired, my obligation to live a good life for

10   them was a lifelong commitment, and I failed them miserably

11   as well.  I created horrible negative press that hurt them

12   badly, and they did not deserve that.

13          Like the victims they made me think about others

14   and act accordingly, something I simply did not do.  And I'm

15   very sorry.  To the Natick Police I put my own selfish

16   desires above you.  There is no excuse for that.  Again, I

17   failed you.  I know my words do not change the choices I made

18   and the grief I caused you.  There is no excuse for it.

19          I cared deeply for my friends and I didn't want

20   anyone to be in trouble.  That's pathetic and feeble.  I

21   should have known better and I do know better than to

22   selfishly place wrong over right, the same failure as I had

23   on August 6.  And for that I'm very sorry.  I also let down

24   and betrayed the good cops around the country who did not

25   need another stain on the profession.  I never thought I

1   would be that guy.  But I am and I did.  I'm so disgusted

2   with myself for it.  I'm very sorry for my conduct and awful

3   decisions.  I just wish there was more I could do except to

4   say I'm sorry.

5         To my family that always stood by me and still do.

6   You did not deserve the shame I brought to you.  I made it

7   through many years in life with your help.  I was safe now.

8   It was supposed to be the good times, not this.  I'm very

9   sorry for what I did to you and the pain I caused especially

10   to my wife, children, and mother.

11         Your Honor, I know my eBay friends are not victims.

12   I know that very clearly.  But I let them down, too.

13   Especially Ronnie Zea and Stephanie Stockwell.  I'm not

14   blaming the others for what I did and I hold myself

15   responsible for my own actions.  I look at those young people

16   differently.  They're young, wonderful women who trusted the

17   adults in their lives.  We had an obligation to safeguard

18   them.  And my failure to act appropriately on August 6 let

19   them down immensely.  For that I'm very sorry.

20         To the victims, the most important people of all of

21   this.  There are no words I can come up with to express how

22   sorry I am.  I have failed you and allowed you to be

23   victimized.  I spent years protecting people but failed to do

24   that for you.  I am so very sorry.  That is not who I am or

25   how I live my life.  But that is how I did.  I can't ask you

1    to forgive me.  That's inappropriate.  I can't ask you for

2    anything.  I just sincerely hope that everyone who played a

3    part in hurting you is held accountable and that you can put

4    this behind you and once again enjoy the peace in your home

5    that you deserve and that we took from you.  Doing that to

6    you will forever haunt me.  It's shameful.  It's awful.  I'm

7    very sorry that any of this happened to you.  I wish I could

8    change this for you.  I really do.  I'm just sorry that I

9    can't.

10          And lastly, I just need to thank the Court for the

11   counseling that was ordered when I pled guilty last year.  No

12   one deserves to benefit from criminal behavior, but that was

13   a gift, Your Honor.  Actually everyone I've dealt with

14   through this process from the Marshals to U.S. Probation to

15   the U.S. Attorney's Office was extremely professional, kind,

16   polite, patient.  And I did not deserve that.

17          It really highlights the guilt I feel for not only

18   betraying the victims on August 6 but for betraying the

19   criminal justice world I was once so proud to be a part of.

20   Thank you.

21          THE COURT:  All right.  I want to thank you all for

22   your participation in this proceeding.  I am sure it goes

23   without saying that this is not an easy decision to make.

24   There are real life victims in this case.  I need to take

25   into account what they have suffered through.  I also have a

1   defendant who has fundamentally led a very good life, who was

2   involved for reasons I will never understand in conduct that

3   is just nuts.  The idea of all of these grown people sitting

4   around a table coming up with this plan is almost

5   unfathomable to me.  I'm not sure if I saw it on television

6   if I would actually find it to be believable.

7            So the conduct, as Mr. Cooke certainly knows, was

8   not good.  And when I say not good, I mean extremely not

9   good.  And I am also cognizant of the fact that there's a lot

10  of defendants coming behind you, and I am the first one

11  taking a look at these facts.  I am aware of that as well.

12  It's a difficult situation.

13           I am thinking about this, and I've thought about it

14  long and hard.  I don't mean to set a precedent for the

15  defendants coming after.  I think Mr. Cooke is in a different

16  situation than many of the other people that are involved in

17  this.  I think the government is correct to recognize that

18  although he really didn't qualify for a role reduction under

19  the guidelines, that his role was different than that of many

20  other people in the case.  And the government's

21  recommendation in this case was certainly reasonable.

22           I also think about Mr. Cooke, and I've listened to

23  him here today, and I've read the letters on his behalf which

24  were in some ways very exceptional.  And I think about the

25  fact that again although he does not actually qualify under

1   the guidelines, I don't think that the behavior was aberrant.

2   He has health issues.  His rehabilitation has been admirable.

3   And I agree with a lot of things that Ms. Winkler said,

4   although not all of them.

5          I'm not buying into what was reasonably foreseeable

6   to him because it was reasonably foreseeable to him on day

7   one really doesn't inform what happened afterwards.  But that

8   being said, he left the first meeting early.  He didn't

9   attend the second meeting.  He removed himself from the

10  situation.  He says he ran away or he hid.  He certainly did

11  not withdraw from the conspiracy, but he did distance himself

12  from it in a way.  He didn't visit the victim's house.

13         I don't want to use alcoholism as an excuse, but

14  when somebody who is drunk sends a thumbs up sign, I'm not

15  really sure what that means.  Which is not to say that it is

16  acceptable or good conduct, but -- So anyway, in thinking

17  about the appropriate sentence, I have considered, as I need

18  to consider the advisory guideline sentencing range, the

19  nature and circumstances of the crimes at issue here, the

20  defendant's personal characteristics, his criminal history or

21  in this case lack thereof, and then the institutional

22  concerns which is the need for the sentence to reflect the

23  seriousness of the offense, promote respect for the law, just

24  punishment, and adequate general and specific deterrence and

25  all the other factors under 18 U.S.C. 3553(a).

1          I do agree with Ms. Winkler that specific

2    deterrence in this case are unnecessary.  I very much doubt

3    we will see this defendant here or involved in the criminal

4    justice system again.  There does need to be a strong general

5    deterrent message.

6          Ms. Winkler is right in many many respects what's

7    already happened has served as a deterrent message I'm sure.

8    There's obviously a civil case pending and that has a

9    potential to have some serious financial consequences which

10   will provide other deterrence especially for a corporation

11   where I think that money is very much the bottom line.

12         So I have wrestled with this.  I don't think it's

13   an easy situation.  As I say, the defendant is a

14   fundamentally good man who has participated in a horrible

15   offense that really victimized some very undeserving victims.

16   As is often the position from here, I am going to make nobody

17   happy.  And I hope that the making of no one happy suggests

18   that I have found some measure of the right place to be.

19         So pursuant to the Sentencing Reform Act of 1984

20   and having considered the sentencing factors enumerated at 18

21   U.S.C. 3553(a), it is the judgment of the Court that the

22   defendant Philip Cooke is hereby committed to the custody of

23   Bureau of Prisons to be in prison for a term of 18 months.

24   That is 18 months on each count to be served concurrently.  I

25   don't know that that's long enough for him to participate in

1    the RDAP program.  If it is, I would like him to participate

2    in that.  If he can get himself into that, that may allow him

3    to participate in the Bureau of Prisons alternative community

4    placement program which would let him transition to a

5    treatment setting as an alternative to residential re-entry

6    center.

7            I am going to place him on a term of supervised

8    release for three years.  That is three years on each count

9    to run concurrently.  Within 72 hours of release from

10   custody, the defendant shall report in person to the district

11   in which he is released.  There has been no request for

12   restitution, and I therefore am not going to order

13   restitution.

14           While under the probation office's supervision, the

15   defendant shall comply with the following terms and

16   conditions.  Some of these are mandatory.  The mandatory ones

17   include:  You must not commit another federal, state, or

18   local crime.  You must not possess a controlled substance.  I

19   am not going to impose drug testing conditions, but he will

20   have to cooperate in the collection of a DNA sample.  Plus

21   any other standard conditions that are adopted by the Court.

22           I am also going to impose the following special

23   conditions:  And there are a bunch of these, and some of them

24   I am making up as I go.  So you will correct me if I need to

25   temper them in any way.

1          You may not have any contact, direct or indirect,

2     with the victims unless it is initiated by them.  You are

3     prohibited from drinking alcohol to the point of

4     intoxication, which at this point is defined in Massachusetts

5     state law as .10 -- I think .08.

6               THE PROBATION OFFICER:  I think .08 is for driving.

7               THE COURT:  .10 alcohol level.  I'm not going set

8     you up for failure by prohibiting drinking, which I know is

9     what you've been doing.  That's fine.  I don't want you out

10    on the streets drunk.  As I tell everyone in your situation,

11    if you feel the need to get drunk, I suggest you do it alone

12    in your basement.  Participate in a mental health treatment

13    program as directed by the probation office, and you'll

14    contribute to the cost, evaluation, treatment, and

15    programming if you can afford it.  If you can't, that's all

16    right, too.

17         I'm going to impose the $15,000 fine requested by

18    the government.  No new credit charges or open additional

19    lines of credit without the approval of probation until that

20    fine is satisfied.  While that fine is pending, you'll

21    provide to the probation office any financial information

22    that they need.

23         I am also going to impose following 18 months of

24    incarceration as a special condition of your supervised

25    release that you spend 12 months on home confinement.  What I

1    mean by home confinement, I'm going to make it simple for

2    you.  You're not supposed to be doing anything fun.  You can

3    work.  You can volunteer.  You can go to your medical

4    appointments.  You can do your religious stuff.  But no

5    dinners, no vacations.  Nothing like that.

6            That Mr. Kosta adds up to the 30 months that you

7    asked for, although not quite in the form you asked for.  18

8    months incarceration, 12 months home confinement.

9            I imposed the $15,000 fine.  I am also going to

10   order 100 hours of community service which I think is

11   something you might be inclined to do anyway.  I'm going to

12   make that part of your sentence.  That's 100 hours.  I impose

13   three years of supervised release because I want him

14   supervised until the community service, the one year of home

15   confinement, and the fine are satisfied.  Once those things

16   are satisfied, and if he has been behaving himself and you

17   want to ask that that period of supervised release be

18   terminated early, I will be amenable to that.  But I want him

19   supervised while the obligations are pending in the case.

20           Lastly, a special assessment of $200 which shall be

21   due immediately.  You have your rights to appeal such as they

22   are.  And I'm sure Ms. Winkler will help you with that if you

23   want to appeal what I've done here today.  You can speak to

24   my Deputy Clerk Karen.  I suspect Ms. Winkler is going to ask

25   for a recommendation of incarceration close to where his

1    family is.  It's my experience that that and three dollars

2    will get you a cup of coffee.  I'll make the recommendation

3    that he be held as close to home as possible so that his

4    family can have access to him.  Be that California or

5    Massachusetts, wherever you decide your home is.  What have I

6    forgotten?

7            THE PROBATION OFFICER:  Your Honor, I would ask

8    that it be home detention as opposed to home confinement with

9    the need to leave for community service and things like that.

10   It would be easier.

11           THE COURT:  That's fine.  Done.  Mr. Kosta?

12           MR. KOSTA:  I owe a clarification to the Court.

13   The government's plea agreement committed to a recommendation

14   of 12 months supervised release based on the specific

15   deterrent factors.  I apologize to Ms. Winkler for not

16   raising it earlier.  The horse left the barn.  I just wanted

17   to be clear our recommendation was 12.

18           THE COURT:  I know what your recommendation was.

19   To tell you the truth, I would have given a higher fine

20   except that if I abided by your recommendation, I know

21   there's a civil suit pending.  I understand what your

22   recommendation is.  I thought about it independently.  I do

23   think that a year of supervised release is enough for him.  I

24   don't think there's a need for specific deterrence.  I want

25   him supervised until the fine is paid, the community service

1    is done, and the 12 months of home detention.  I would like

2    him supervised until that's over.  Once those things are

3    successfully completed, you or her or them can ask for it to

4    be terminated.  I just want to keep track of him while the

5    obligations are pending.  Anything else from you, Mr. Kosta?

6              MR. KOSTA:  No, Your Honor.  Thank you for your

7    time.

8              MS. WINKLER:  No, Your Honor.

9              THE COURT:  You're amenable to self reporting?

10             MR. KOSTA:  Yes, Your Honor.

11             THE COURT:  We'll come up with a date for that.

12   Mr. Cooke, I feel for the victims in this case.  I really

13   really do.  And I know that you do, too.  And what they were

14   put through was really unfathomable.  I heard your statement.

15   Some day it would be interesting to have a better

16   understanding of what exactly you could have been thinking

17   when you engaged in this.

18             All of that being said, I feel for you, too,

19   because you're so lucky in so many ways and you've led such a

20   good life in so many ways, people that love you and family

21   that supports you.  You will do your time on this and you

22   will be punished.  A police officer in prison is never an

23   easy situation.  I appreciate what you're about to go through

24   particularly during COVID.  You will come out and you will

25   get to the other side of this, and you will be okay.  A lot

1    of people I expect to see again on supervised release.  I

2    don't expect that you and I will ever cross paths again.  I'm

3    going to tell you now it is my fervent hope that you get

4    through this, get past it and get back to living the better

5    life that you are clearly capable of.  And again I think

6    you're lucky because there are so many people that love you

7    and support you and will help you make that happen.

8                 If there's nothing else, I'm going to recess the

9    case.  Anything?  Case is recessed.  Self report date.

10   Sorry.  What do you think?

11                THE PROBATION OFFICER:  I believe it's still been

12   six weeks, Your Honor.  I defer to counsel.

13                THE COURT:  Six weeks.

14                MR. KOSTA:  Yes.

15                MS. WINKLER:  Yes, that's fine.

16                THE COURT:  I'm intending for him to self report.

17   If there's not a designation within the six weeks, come back

18   and we will straighten that out.

19                THE CLERK:  September 7.

20                THE COURT:  September 7.  Thanks, everyone.  The

21   case is recessed.

22                (Court recessed at 12:20 p.m.)

23

24

25

1                    - - - - - - - - - - -

2                      CERTIFICATION

3

4          I certify that the foregoing is a correct

5    transcript of the record of proceedings in the above-entitled

6    matter to the best of my skill and ability.

7

8

9

10   /s/ Joan M. Daly                    August 18, 2021

11

12   _____        _____

13   Joan M. Daly, RMR, CRR              Date
     Official Court Reporter
14

15

16

17

18

19

20

21

22

23

24

25

## AFFIDAVIT

I, Mark Wilson, state:

*INTRODUCTION AND AGENT BACKGROUND*

1.    I make this affidavit in support of an application for a criminal complaint charging James Baugh ("BAUGH") and David Harville ("HARVILLE") with violations of federal criminal law, namely, conspiracy to commit cyberstalking, contrary to 18 U.S.C. § 2261A, and conspiracy to tamper with a witness, contrary to 18 U.S.C. § 1512(b)(3), each in violation of 18 U.S.C. § 371 (together, "the Target Offenses"), and for warrants to arrest BAUGH and HARVILLE.

2.    I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since approximately January 2019. Before becoming a Special Agent, I worked for five years as a Staff Operations Specialist in the FBI's Cleveland Division, providing analytic support for criminal and national security cyber investigations. I was also a member of the FBI's Child Abduction Rapid Deployment Team, which investigates child abductions nationwide by providing cyber analysis. I was also assigned to the Cleveland Police Department's Homicide Unit Task Force, where I implemented internet and technical analysis to investigate homicide cases. Beyond my work experience, I have also received twenty-one weeks' formal training in investigative techniques at the FBI Academy in Quantico, Virginia.

3.    I am currently assigned to the FBI Boston Division's Cyber Crimes Squad. I am responsible for investigations involving computer system intrusions, internet fraud, and cyberstalking. Based on my training and experience, I am familiar with the means by which individuals use computers and information networks to commit these and other crimes. I am a

1

law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I

am accordingly empowered by law to conduct investigations and to make arrests for federal

felony offenses.

   4.  Based on my training and experience and the facts set forth in this affidavit, there

is probable cause to believe that BAUGH, HARVILLE, Stephanie Popp, Brian Gilbert,

Stephanie Stockwell, Veronica Zea, and other persons known and unknown ("the Target

Subjects") have committed the Target Offenses.

   5.  The facts in this affidavit come from my observations and review of records, my

training and experience, information obtained from other law enforcement personnel, and

information obtained through legal process, court orders, interviews, and search warrants.  This

affidavit is intended to show merely that there is sufficient probable cause for the requested

complaint and does not set forth all of my knowledge about this matter.  Statements attributed to

individuals, unless otherwise indicated, are in substance and in part.

<em>THE STATUTES</em>

   6.  Title 18, United States Code, Section 2261A, the federal cyberstalking statute,

provides in pertinent part:

Whoever—…

(2) with the intent to kill, injure, harass, intimidate, or place under surveillance with
intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive
computer service or electronic communication service or electronic communication
system of interstate commerce, or any other facility of interstate or foreign commerce to
engage in a course of conduct that—

   (A) places that person in reasonable fear of the death of or serious bodily injury to
    [that] person, [an immediate family member of that person; or a spouse or
    intimate partner of that person]; or

2

**R356**

(B) causes, attempts to cause, or would be reasonably expected to cause
substantial emotional distress to [that person; an immediate family member of
that person; or a spouse or intimate partner of that person]

commits a felony punishable by five years in prison and a $250,000 fine.  18 U.S.C.

§ 2261(b)(5).

7.      Title 18, United States Code, Section 1512(b)(3), part of the federal witness

tampering statute, provides in pertinent part:

(b)     Whoever knowingly uses intimidation, threatens, or corruptly persuades another
person, or attempts to do so, or engages in misleading conduct toward another
person, with intent to—

(3)     hinder, delay, or prevent the communication to a law enforcement officer
or judge of the United States of information relating to the commission or
possible commission of a Federal offense …

commits a felony punishable by twenty years in prison and a $250,000 fine.

8.      Under Title 18, United States Code, Section 371, if two or more persons conspire

to commit any offense against the United States, including the two above, and one or more of

such persons do any act to effect the object of the conspiracy, each commits a felony punishable

by five years in prison and a $250,000 fine.

*PROBABLE CAUSE*

At all times relevant to this affidavit:

9.      Victim 1 lived in Natick, Massachusetts.  Victim 1 was a reporter and editor of an

online newsletter ("the Newsletter") that covered ecommerce companies, including eBay, Inc.

Victim 1 used a Twitter account in the Newsletter's name to promote her reporting.

10.     Victim 2 lived in Natick and was married to Victim 1.  He was the publisher of

the Newsletter.

3

11.     The investigation described below has revealed that in or about August 2019, BAUGH, HARVILLE, and the rest of the Target Subjects—all of whom were then officers, employees or contractors of eBay—engaged in an extensive harassment campaign that targeted and terrified Victims 1 and 2, causing them substantial emotional distress.  The campaign included:  sending anonymous, threatening communications to the Victims; ordering unwanted and disturbing deliveries to their home, including funeral wreaths and books on surviving the loss of a spouse; and BAUGH, HARVILLE, Zea, and Popp travelling to Natick to surveil the Victims at their home and in their community.

12.     After the Victims spotted one of the surveillance teams, the Natick Police Department ("NPD") investigated, connected HARVILLE and Zea to eBay, and reached out to eBay for assistance.

13.     When BAUGH, HARVILLE, Gilbert, Popp, Stockwell, Zea, and others learned that the NPD was making inquiries, they interfered with the investigation, either lying to the NPD about eBay's involvement while pretending to offer the company's assistance with the harassment, lying to eBay's lawyers about their own involvement, or both.  As the NPD and eBay's lawyers began to close in on the truth, the Target Subjects deleted evidence that showed their involvement, further obstructing what had by then become a federal investigation.

*eBay*

14.     According to *Fortune* magazine's most recent online listing, eBay's "multinational e-commerce platforms allow[] consumer-to-consumer and business-to-consumer transactions."  Founded in 1995 and headquartered in San Jose, California, eBay ranked 295th in the 2019 *Fortune* 500 with more than $10 billion in revenue and just over 13,000 employees

4

worldwide.

15.     In August 2019, according to written records obtained from eBay and witnesses interviewed in connection with the investigation:

a.     Executive 1 and Executive 2 were members of eBay's executive leadership team.

b.     BAUGH was eBay's Senior Director of Safety & Security.  He ran eBay's Global Security and Resiliency ("GSR") business, a company division responsible for, in general terms, the physical security of eBay's employees and facilities worldwide.

c.     HARVILLE, who reported directly to BAUGH, was eBay's Director of Global Resiliency, a unit focused on ensuring that eBay could continue to operate worldwide after business disruptions, such as security threats, political unrest, or natural disasters.  BAUGH recruited HARVILLE to eBay from a security consulting firm where the two had worked together.

d.     Popp, a Target Subject who is separately charged in the District of Massachusetts with committing both of the Target Offenses, was eBay's Senior Manager of Global Intelligence.  She served as BAUGH's de facto chief of staff.  Before May 2019, Popp managed eBay's Global Intelligence Center ("GIC"), an intelligence and analytics group within the GSR business that supported eBay's security operations.

e.     Stockwell, a Target Subject who is separately charged in the District of Massachusetts with committing both of the Target Offenses, was an intelligence analyst in the GIC who later became its manager when eBay reassigned Popp to work directly with BAUGH.

f.     Zea, a Target Subject who is separately charged in the District of

5

Massachusetts with committing both of the Target Offenses, was an eBay contractor who worked as an intelligence analyst in the GIC.

        g.    Gilbert, a Target Subject who is separately charged in the District of Massachusetts with committing both of the Target Offenses, was a Senior Manager of Special Operations for eBay's Global Security Team. A former police captain in Santa Clara, California, Gilbert was responsible for, among other things, executive protection, special events security, and safety at eBay's North American offices.

        h.    Supervisor 1 was a GSR employee responsible for, among other things, safety and security at eBay's offices outside of North America.

        i.    Analyst 1, Analyst 2, and Analyst 3 worked in the GIC.

*The Newsletter*

16.    Based on my review of the Newsletter's internet website, www.[Newsletter].com, the Newsletter devotes its coverage to online marketplaces, including eBay, Amazon, and Craigslist, among others. Victim 1 has focused much of her reporting on issues of interest to "sellers" (*i.e.*, people who sell merchandise online). Examples of articles include "*What is Behind Amazon Prime Shipping Delays?*" and "*Craigslist FINALLY Launches a Mobile App: Worth the Wait?*"

17.    Based on my review of text messages and emails provided by eBay and otherwise obtained during the course of the investigation, eBay executives, including Executives 1 and 2, followed the Newsletter with interest, often taking issue with the content of Victim 1's coverage of eBay.

18.    On April 10, 2019, for example, Executive 2 texted Executive 1, "We are going to

6

crush this lady," sending along a link to the Newsletter's coverage that day of Executive 1's compensation.

19.     On April 20, 2019, discussing the *Wall Street Journal*'s coverage of Executive 1, Executive 1 texted to Executive 2, "Fuck them.  The journal is next on the list after [Victim 1]."

20.     On May 31, 2019, commenting on the Newsletter's coverage of eBay that day, Executive 2 texted to Executive 1, "Shockingly reasonable..."  Executive 1 replied, "I couldn't care less what she says."  Seconds later, Executive 1 added, "Take her down."

21.     In or about June 2019, eBay (at Executive 2's direction) retained a consultancy that prepared a document entitled "Next Steps: Alternative Digital Methods for Reducing Impact of [Victim 1] and [Victim 2] and [Newsletter]."  The document included the recommendation, among others, that eBay promote company-friendly content that would drive the Newsletter's posts lower in search engine results.[1]


*The Parody Account*

22.     Like many news outlets, the Newsletter offered its readers the opportunity to comment underneath Victim 1's stories.  The anonymous comments were sometimes critical of eBay and its executive leadership team.  At other times, the comments amounted to name-calling.  For example, a May 2015 comment called eBay executives "liars" and "thugs" who should be jailed; a May 2017 comment called Executive 1 the devil; and an April 2018 comment stated that Executive 1 was "delusional."

---

[1]Documents do not indicate that the strategies were executed.

7

23.     One commenter in particular, who went by the online nicknames "FidoMaster,"

"FidoMaster1," "Dan Davis," or "UnsuckeBay" (collectively, "the Parody Account")—

expressed frequent and negative opinions regarding eBay.[2]  In addition to commenting below the

Newsletter's articles, the anonymous author(s) of the Parody Account sometimes posted opinions

critical of eBay in Twitter feeds, impersonated official eBay communications using a distorted

version of the company's logo, or sent messages that one eBay seller considered to be harassing.

24.     On May 21, 2019, for example, the Newsletter reported that eBay had built on its

campus an expensive replica of Walker's—a popular Manhattan bar—noting, "It's probably

news to sellers (and shareholders?) that eBay has a pub-like lounge on campus – especially one

built with what appears to be no-expenses spared."  FidoMaster1 tweeted a link to the article,

noting "@[Newsletter] posted about @eBay's beleagured [Executive 1's] self-indulgent vanity

project 'Walker's West' campus bar."  The tweet continued, "The bar, [Executive 1's] recreation

of iconic @WalkersBarNYC is a throwback to internet and gaming company CEO's lavish

overspending on 'legacy' facilities and landmarks."  FidoMaster1 also criticized Executive 1 for

undertaking the project while eBay was experiencing "cost reduction, layoffs, and scrutiny by

activist investors."

25.     In March 2019, in response to a request from Executive 2, the GIC prepared a

report for BAUGH summarizing the Parody Account's discussions of eBay over the last year.

The report noted that FidoMaster1/Dan Davis was an "anonymous [T]witter user that posts

negative content about eBay and its senior leadership."  Regarding Fidomaster1/Dan Davis'

---

[2] It appears that these account handles/nicknames were commonly controlled, but it is
possible that more than one individual used them.

8

R362

relationship with the Newsletter, the report noted "the owner of this account corresponds

regularly with [the Newsletter] editor [Victim 1] about issues pertaining to eBay. [Victim 1] and

[the Newsletter] are known for publishing negative content about eBay and its executives."

> *May to July 2019 – the Lead Up to the Harassment Campaign*

26.      In either April or May 2019, according to CW-1, CW-2, and CW-3[3], BAUGH

summoned Popp, Stockwell, Analyst 1, and Zea to an eBay conference room.  BAUGH stated

that the GIC would be writing an anonymous, threatening letter to Victim 1 to get her to stop

publishing articles critical of eBay.  The letter, which was to be handwritten and sent from

Austin, Texas so that it could not be connected to eBay, was never sent.

27.      On or about June 8, 2019, Gilbert scribbled the word "Fidomaster" on the fence in

front of the Victims' home.[4]

28.      In or about July 2019, according to CW-3, BAUGH directed Stockwell and later

---

[3] [redacted] None has
any criminal history that would bear on credibility, and each has provided facts generally
corroborated by the other records, documents, and interviews conducted in the investigation to
date and reflected elsewhere in this affidavit.  I accordingly believe each individual's information
to be reliable.

[4] Gilbert had flown to Boston using tickets that CW-2 purchased for him with CW-2's
credit card.  Gilbert rented a black Ford Explorer similar to one that appears in surveillance video
from the Victims' home security system that day.  In the video, the driver of the Explorer
approaches the Victims' fence before returning to the SUV.

Zea to monitor Victim 1's Newsletter posts, screenshot them, and forward them by WhatsApp[5]
on a real-time basis, day or night, any day of the week.

29.     In July and early August 2019, as described below, members of eBay's executive
leadership team and others increased pressure on BAUGH to address both the Newsletter and the
Parody Account.

30.     On July 10, 2019, Executive 1 received and shared with BAUGH and others an
email complaint from an eBay seller that the Parody Account @unsuckeBay was harassing the
seller on Twitter and answering customers' questions that had been posted to an official eBay
Twitter account.  The seller asked for Executive 1's help in addressing the problem.

31.     On or about July 18, 2019, Executive 1's spouse texted BAUGH privately about a
comment underneath a Newsletter article that called Executive 1 a "con artist and thief."
The spouse wrote: "I'm not exactly thrilled with this post on my favorite [Newsletter].  The
author gets people worked up with the way she skews her stories.  Don't tell [Executive 1] I sent
this I'm just letting you know about it.  Ok?"

32.     In mid-July 2019, according to CW-1, BAUGH tasked the GIC with identifying
the author of the Parody Account.  BAUGH stated that identifying Fidomaster was a top priority
coming from eBay's executive leadership, including Executive 1 and Executive 2.  In an email to
BAUGH and Zea, Stockwell laid out several theories, including that the author of the Parody
Account might have "made contact with or know" Victim 1.

33.     BAUGH directed the GIC to find evidence that the Victims and the Parody

---

[5]WhatsApp is an encrypted messaging and internet telephony application owned by
Facebook.

10

R364

Account were collaborating to publish negative content about eBay, including by using a fake social media account to attempt to trick Fidomaster into admitting a connection with Victim 1. The GIC never found such evidence. According to CW-1, however, BAUGH remained convinced that Victim 2, or possibly Victim 1, was Fidomaster.

34.     On August 1, 2019, the *New York Times* published an article reporting that eBay had accused Amazon in a lawsuit of unlawfully poaching eBay sellers to Amazon's online marketplace.

35.     That day, at approximately 1:46 p.m., Victim 1 posted an article on the Newsletter under the headline "eBay RICO Lawsuit Meant to Curb Seller Exodus to Amazon?" Victim 1's article reported on both Executive 1 and eBay's lawsuit: "[Executive 1] has been unable to stop a decline in market sales, but trying to dissuade sellers from turning to Amazon (and trying to get Amazon to stop recruiting sellers) may not be the best tactic."

36.     Just half an hour later, at 2:19 p.m., Executive 1 texted Executive 2: "[Victim 1] is out with a hot piece on the litigation. If you are ever going to take her down..now is the time."

37.     Executive 2 responded shortly afterward by text message: "On it."

38.     As set forth below, a series of text messages followed between Executive 2 and BAUGH, beginning with Executive 1's suggestion to Executive 2 that "we … take her down":

11

**R365**



39.     Executive 2 and BAUGH's August 1, 2019 conversation continued by text, with

Executive 2 committing to "embrace managing any bad fall out."

*August 2019 – Planning and Executing the Harassment Campaign*

40.     According to CW-1, CW-2, and CW-3, BAUGH convened several meetings that

included one or more of the following:  HARVILLE, Gilbert, Popp, Stockwell, Zea, Supervisor

1, and Analysts 1, 2, and 3, among others.

*Harassing and Threatening Deliveries*

41.     In the first of these meetings, BAUGH directed Popp, Stockwell, Zea, and

12

Analysts 1, 2, and 3 to anonymously harass Victims 1 and 2, with the goal of distracting Victim

1 and making her uncomfortable to the point where Victim 1 would stop writing negative articles

about eBay. BAUGH called the harassment a "distraction campaign" and suggested that scary

masks, live insects, or embarrassing items, such as pornography and strippers, be sent to the

Victims (and in some cases to their neighbors in the Victims' names).

42.     According to CW-2, BAUGH showed a clip from the 1988 movie *Johnny Be*

*Good*, in which two friends arranged for the delivery, to their football coach's home, of a series

of unwanted and distracting items and people, including $283 in pizzas, an elephant, a male

stripper, an exterminator, and Hare Krishna missionaries. BAUGH stated he wanted something

similar to happen to the Victims and tasked the GIC's members with brainstorming other things

that could be delivered to the Victims' home.

43.     BAUGH also directed that the deliveries not be traceable to eBay. At his

direction, Zea and other GIC analysts paid for the deliveries using prepaid debit cards, and made

online orders using anonymous email accounts, virtual private networks,[6] and cell phones and

computers specifically purchased for the harassment campaign.

44.     In these meetings, BAUGH referred to having executive support for these actions

and shared with one or more members of the group text messages that BAUGH claimed to have

received from executive management, including ones similar to the ones between BAUGH and

Executive 2 described above.

---

[6]I am aware based on my training and experience as a cybercrime investigator that virtual
private networks are leased Internet Protocol ("IP") addresses that would obfuscate the source of
the harassment.

13

45.     BAUGH nevertheless stressed that the harassment campaign must remain confidential. In one of these meetings, BAUGH displayed a photograph of what he said were members of a Samoan gang. BAUGH said, in substance, that if the distraction campaign didn't work, he would send the gang to the Victims' home, that they were not "good guys," and that whatever happened would be out of BAUGH's control.

*Threatening Messages*

46.     According to CW-2, in a separate meeting during the week of August 5, BAUGH gathered Popp, Gilbert, and Supervisor 1 to plan another way to harass the Victims.

47.     Specifically, Baugh, Popp, Gilbert, and Supervisor 1 planned to send a series of anonymous tweets and Twitter direct messages.[7] According to CW-2, the purpose of the anonymous messages was to create the impression that there were eBay sellers who disapproved of the Newsletter and its content. BAUGH, Gilbert, Popp, and Supervisor 1 discussed that the messages would gradually get more aggressive, culminating in the publication of the Victims' home address in Natick. Popp selected @Tui_Elei for the Twitter account's handle ("the Tui_Elei Account") and used a picture of a skull that BAUGH approved for the account profile to further intimidate the Victims.

48.     By design, according to CW-2 and others interviewed in connection with the investigation, these threatening messages would allow eBay—through Gilbert and another GSR employee—to approach the Victims in Natick with an offer of assistance to investigate and stop the threatening messages, thereby earning the Victims' trust, creating good will toward eBay,

---

[7]Twitter posts, or "tweets," are generally publicly displayed. Twitter "direct messages" are sent from one Twitter account to another and are generally not public.

and getting the Victims' cooperation in identifying the author of the Parody Account. (This will

be referred to in this affidavit as "the White Knight Strategy").

49.     BAUGH told Popp, Gilbert, and Supervisor 1 that eBay's leadership supported

these efforts. He later forwarded them the email below from Executive 2 in which Executive 2

complained about "Fidomaster" and "the [Newsletter] gal," and suggested that eBay should do

"Whatever. It. Takes" to address them:

I am utterly vexed by this! This twitter account dominates our social narrative with his CONSTANT obsession
with trolling us. It's more than annoying, it's very damaging. There are a few people (this guy and the
█NEWSLETTER█ gal) infatuated with eBay who have seemingly dedicated their lives to erroneously trashing us
as a way to build their own brand - or even build a business. It's genuinely unfair and causes tremendous
damage because we look bad fighting back in public and standing up for ourselves. If we could engage, I'd
welcome the fight and we have a lot of facts and truth to win with. But, instead we take shots broadside and sit
on our powder. This issue gives me ulcers, harms employee moral, and trickles into everything about our
brand. I genuinely believe these people are acting out of malice and ANYTHING we can do to solve it should
be explored. Somewhere, at some point, someone chose to let this slide. It has grown to a point that is
absolutely unacceptable. It's the "blind eye toward graffiti that turns into mayhem" syndrome and I'm sick about
it. Whatever. It. Takes.

50.     At or around the end of that week, BAUGH showed the Leonardo DiCaprio

movie, *Body of Lies,* to Zea. In the movie, DiCaprio's character creates a fake terrorist plot that

is intended to trick and draw an actual terrorist out of hiding. BAUGH stated that this was his

current thinking regarding the Victims, which I believe was a reference to the White Knight

Strategy (*i.e.*, tricking the Victims into helping eBay by creating and then eliminating the

harassment campaign).

*Surveillance Campaign*

51.     In a third set of planning meetings in early August 2019, BAUGH recruited

HARVILLE and Zea to travel to Boston to physically surveil Victims 1 and 2 at their home and

in their community. The purported purpose of the trip, according to CW-2 and CW-3, was to

15

find evidence that the Victims and the author of the Parody Account were collaborating to publish negative content about eBay, presumably for the purpose of discrediting both.

52.    On August 11, 2019, at approximately 3:15 p.m. (PT), BAUGH messaged HARVILLE: "you and I need to fly to east coast for op.  I'll book travel arrangements off the grid."  HARVILLE replied, "copy."

53.    BAUGH instructed HARVILLE not to tell an eBay coworker that "you are going anywhere."  HARVILLE messaged:  "No one knows shit," and BAUGH replied, "You need to lie to [HARVILLE's wife] too."

54.    BAUGH then messaged that he would be sending a screenshot to HARVILLE: "Once you read it delete this entire thread and DONT SAVE TO YOUR PHONE or we will all get fired."

55.    The following messages came next, including a copy of an earlier message that BAUGH had exchanged with Executive 2 about "neutralizing [Victim 1's] website" and Executive 2's response that he wanted to "see ashes":

16

R370



56.     From BAUGH's use of a message featuring Victim 1's name, I believe BAUGH

was referring to Victim 1 as one of the "2 targets."

57.     BAUGH next sent screenshots of several July 2019 emails regarding the

executive leadership team's concerns about UnsuckeBay (*i.e.*, the Parody Account).

HARVILLE replied, "Holy crap!"

58.     BAUGH then forwarded to HARVILLE a screenshot of Executive 2's August 6,

2019 email to BAUGH and others (described above in paragraph 49), complaining about both

the Parody Account's author and Victim 1 ("the [Newsletter] gal") and stating "I genuinely

believe these people are acting out of malice and ANYTHING we can do to solve it should be

explored."

59.     After sharing these screenshots, BAUGH messaged HARVILLE at 3:32 p.m.:

17

I won't send the bosses texts, but
I've been ordered to find and
destroy

60.     HARVILLE's reply message at 3:33 p.m.:

Copy. Totally black

I'm deleting this now.

61.     Interviews with CW-1, CW-2, and CW-3 and records obtained from Apple show
that BAUGH, HARVILLE, and others obtained and tested a GPS device to install on the
Victims' car in aid of the surveillance campaign.  BAUGH practiced installing the device on a
car in eBay's parking lot that matched the make and model that the Victims drove.

62.     On or about August 14, 2019, according to CW-2 and CW-3, BAUGH held a
meeting that included HARVILLE, Popp, Gilbert, and Zea.  During the meeting, BAUGH
displayed a map of Natick on the wall and discussed surveillance planning.  Gilbert advised the
group that the harassing deliveries, which were still underway to the Victims' home, would put
the Victims on alert, could result in the Victims paying closer attention to who was approaching
their home, and potentially compromise the surveillance team.  BAUGH directed Zea to try to
stop the package deliveries.

63.     According to CW-3, on August 14, 2019, BAUGH directed Zea to go to a Target
store to purchase permanent markers that could be used to write on the Victims' fence.  Zea
purchased these markers at approximately 8:10 p.m. that day (as reflected in a Target receipt
obtained by the FBI from eBay).

18

**R372**

64.     BAUGH, HARVILLE, and Zea also invented several false reasons for their trip.
According to CW-2 and CW-3, these included HARVILLE and Zea's registration for a software
development conference in Boston that happened to be occurring that week.[8]

65.     On or about August 15, 2019, BAUGH also directed Stockwell and Zea to create
a document that featured Victims 1 and 2 as eBay "Persons of Interest" (or "POIs"). While I am
aware from CW-1, CW-2, and CW-3 that the GIC did track as POIs customers and sellers who
threatened violence, this document falsely suggested that Victims 1 and 2 were the authors of the
Parody Account, and that Victims 1 and 2 had disparaged and threatened eBay executives,
including Executive 1. If police detected their surveillance and pulled them over, according to
CW-2 and CW-3, BAUGH and HARVILLE could use the documents to justify, falsely, why
they and Zea were in Boston—to investigate two people who had supposedly threatened eBay
and its executive personnel.

*The Target Subjects' Harassment Campaign*

66.     Beginning on August 7, 2019, as described below, the Victims began to
experience what BAUGH had directed: a stream of harassing, embarrassing, and disturbing
deliveries. Victim 1 similarly began to receive a torrent of tweets and direct messages directed
by BAUGH, drafted by Popp, and approved by Gilbert and Supervisor 1, in furtherance of the
White Knight Strategy.

67.     That day, Victim 1 received a Twitter private message from an account with a

_____

[8] Records obtained from eBay and Red Hat, the sponsor of the conference, indicate that
HARVILLE and Zea attempted to register for the DevConf conference on or about August 14,
2019, but also that none of the three ever attended the conference or claimed a spot off the
waiting list when it was offered to them.

19

**R373**

username and display name that she did not recognize, the Tui_Elei Account. The private message asked her what her problem was with eBay.

68.     When Victim 1 did not respond, the private messages from the Tui_Elei Account escalated, asking "HELLO!!!!!!"; "WTF … r u there??"; "im waiting… i don't like waiting"; "WTF whats it goin to take for u to answer me??"; and "I guess im goin to have to get ur attention another way bitch…"

69.     When Victim 1 continued not to respond, more private messages followed that included explicit language: "U dont have the balls to talk to me?? Stop hiding behind ur computer screen u fuckin cunt!!!"

70.     On or about August 8, 2019, at approximately 11:00 p.m. (ET), Victim 1's email inbox was flooded over the course of an hour with dozens of emails and newsletters that she had not signed up for (for example, emails with the subjects "the Communist Party"; "the Satanic Temple"; and "Cat Faeries").

71.     On or about August 10, 2019, Victims 1 and 2 began to receive a series of home deliveries that they had not ordered. The content of messages that followed from the Tui_Elei Account caused Victims 1 and 2 to believe the person controlling the Tui_Elei Account had sent (or at least knew of) these deliveries.

72.     For example, on August 10, 2019, Victim 2 received an email reporting that a "Preserved Fetal Pig" had been ordered online to be sent to the Victims' house.

73.     At approximately 4:00 p.m. that day, an Amazon.com package addressed to Victim 1 was delivered to the Victims' home. The package contained a Halloween mask featuring a bloody pig face:

20

**R374**



74.     At 4:14 p.m., Victim 1 received a message from the Tui_Elei Account asking

"DO I HAVE UR ATTENTION NOW????"

75.     On August 11, 2019, Victim 1 received a series of private messages from the

Tui_Elei Account.  The first message stated:  "Ur fat fuck pussy husband [Victim 2] needs to put

u in line cunt."  The next message stated:  "after he takes the plugs out of his asshole…fuckin

pussies!!!" and "U are sick motha fuckers..and every one will kno!  U fuckin cunt ass bitch!!"

76.     On August 12, 2019, Victim 2 received from Amazon the death-themed book

pictured below entitled "Grief Diaries:  Surviving the Loss of a Spouse":



21

77.     The Tui_Elei Account continued messaging Victim 1 that day, asking her what her problem was with eBay.

78.     On August 13, 2019, Victim 2 received a voicemail message in response to his purported interest in opening an Adam & Eve sex toys franchise. (Victims 1 and 2 reported to the NPD that Victim 2 had not expressed such interest).

79.     The Tui_Elei Account continued to tweet at Victim 1 on August 13, 2019, writing "R U THERE???", "y wont u answr me???", and "many familys includin mine make money 2 pay 4 food cloths and rent by selling on ebay... UR stupid idiot comments r pushin buyers away from ebay and hurtin familys!!  STOP IT NOW!!  #ebay #ebayseller."

80.     On August 14, 2019, Victims 1 and 2 received a package from Carolina Biological Supply in Burlington, North Carolina that, according to the company, contained fly larvae and live spiders.

81.     On August 14, 2019, Victims 1 and 2 also received a box of cockroaches sent from Dubia Roaches of Wichita, Kansas.

82.     That day, the Tui_Elei Account tweeted "[Victim 1] wen u hurt our bizness u hurt our familys... Ppl will do ANYTHING 2 protect family!!!!"

83.     In response to these deliveries and messages, Victims 1 and 2 added a security camera to their house, and the NPD—to whom the Victims had reported many of these incidents—committed to conduct extra checks near the Victims' house in the future.

84.     On August 15, 2019, pornography entitled "Hustler:  Barely Legal" arrived at the homes of two of the Victims' neighbors; the packages had Victim 2's name on them.  The contents of one of the packages is pictured below:

22



85.     On August 15, 2019, a Cambridge, Massachusetts florist delivered a "sympathy"
wreath to the Victims' home, another death-themed delivery. When an NPD officer called the
florist, the florist stated that the person who had ordered the wreath tried unsuccessfully to cancel
the order before completing the transaction. (This information is consistent with BAUGH's
instruction to Zea on August 14 that Zea should cancel outstanding deliveries in anticipation of
the surveillance campaign).

*Surveillance Begins and the Harassment Continues*[9]

86.     On August 15, 2019, BAUGH and Zea flew to Boston. HARVILLE also flew to
Boston, separately, the same day.

87.     Once in Boston, Zea rented a black Dodge Caravan, and HARVILLE rented a
blue Subaru Forester, both from Enterprise Rent-a-Car. BAUGH, HARVILLE, and Zea checked
into Boston's Ritz Carlton hotel.

88.     At approximately 8:30 p.m., according to records obtained from Apple, Stockwell

---

[9] First-hand observations of events taking place in Boston were reported to me by
CW-2, CW-3, or both.

23

sent a WhatsApp message to HARVILLE providing the make, model, and license plates of the
Victims' family cars, including their Toyota Rav4.

89.      On August 15, 2019, at 11:30 p.m., the day BAUGH, HARVILLE, and Zea had
arrived in Boston, the three drove the Dodge Caravan to Natick, where BAUGH and
HARVILLE approached the Victims' home on foot with the intention of installing the GPS
device on the Victims' car. Zea and Popp, who joined the surveillance by conference call from
San Jose, monitored the NPD dispatch over the internet to be able to warn of police presence.
(Records obtained from Apple show that one of HARVILLE's iPhones was used that morning to
visit the website "Natick Police and Fire Live Audio Feed" at m.broadcastify.com). Although
BAUGH and HARVILLE approached the Victims' home, they did not install the GPS that night
because the Toyota Rav4 was locked in the Victims' garage.

90.      Upon returning to the hotel, BAUGH, HARVILLE, and Zea ordered room
service. HARVILLE discussed breaking into the Victims' garage (using tape and either a paint
scraper or putty knife) in order to install the GPS tracker.

91.      The next day, Friday, August 16, 2019, at 3:48 p.m., according to records
obtained from a Boston-area hardware store and Apple, HARVILLE purchased: (1) a slotted
screwdriver; (2) a 6-in-1 painters' tool; (3) a two-ended catspaw/pry bar; and (4) nitrile (rubber)
gloves. I believe based on my training and experience that these were the tools that HARVILLE
intended to use to break into the Victims' garage.

92.      On the afternoon of Friday, August 16, 2019, HARVILLE, BAUGH, and Zea
returned to Natick to continue the surveillance. HARVILLE drove separately in the Subaru

24

**R378**

Forester.[10]

93.     On that same afternoon, one or both of the Victims drove by the Dodge Caravan. BAUGH started to follow the Victims. Monitoring the NPD dispatch, Zea heard the dispatcher call in the fact that the Victims were being followed. Zea and HARVILLE went back to the Ritz Carlton in the Subaru while BAUGH returned the Dodge Caravan to Enterprise.

94.     As Zea heard, Victims 1 and 2 reported to the NPD that a dark-colored minivan with New York plates had circled their neighborhood and followed Victim 2. But the license plate the Victims reported was off by one letter, so the NPD was not able to identify the surveillance team's Dodge Caravan.

95.     On the evening of August 16, 2019, BAUGH, HARVILLE, and Zea ate and drank at Boston's Oceannaire Restaurant. (A receipt from the restaurant shows an approximately $750 tab closed out at 10:41 p.m.). During the meal, BAUGH discussed with HARVILLE and Zea that they would need to start "spamming" the Victims again. HARVILLE proposed delivering chainsaws and human feces to the Victims; BAUGH suggested a dead rat.

96.     That evening, BAUGH asked Stockwell to send an emergency plumber to the Victims' home. (Internet records from Stockwell's eBay-issued iPhone show that it was used to look up a Boston-area emergency drain repair service on August 17, 2019 at 3:08 a.m. (ET)). Later on August 17, Stockwell also visited the website https://shamrockentertainment.net/featured-dancers ("New England's Finest Female & Male

---

[10]Records obtained from Apple show a saved photograph of the Victims' home on one of HARVILLE's iPhones at approximately 5:30 p.m. (ET) that day.

25

Exotic Dancers For Any Occasion from Mild to Wild").

97.    On Saturday, August 17, 2019, according to airline records, HARVILLE flew
back to California, and Popp flew to Boston.

98.    On Sunday, August 18, 2019, BAUGH, Zea, and Popp returned to Natick to
conduct more surveillance in a GMC SUV that Zea rented.  BAUGH again followed Victim 2 as
he drove the Toyota Rav4 around Natick, but BAUGH abandoned the surveillance when he saw
Victim 2 taking pictures of the GMC.  Victim 2 reported to the NPD that he had been followed
by a silver or gray GMC and had taken a photograph of its license plate.

99.    On Tuesday, August 20, 2019, BAUGH, Popp, and Zea returned to Natick for a
fourth surveillance.  They abandoned it when they saw a Jeep with tinted windows parked in
front of the Victims' home.  The three feared, correctly, that the NPD had sent an undercover
officer there.

100.    Meanwhile, as BAUGH had suggested at the Oceannaire Restaurant, the
harassment campaign had resumed.  On August 17, 2019, the NPD responded to the Victims'
house at 4:30 a.m. because a pizza delivery person had shown up from Boston seeking payment
for $70.00 worth of pizza that Victims 1 and 2 had not ordered.

101.    Later the next night, at approximately 11:30 p.m., a second pizza delivery arrived.
According to Victim 1, the telephone number used to place the order was (470) 472-9158, the
same number that had been used to place the "sympathy" wreath order with the florist.

102.    On August 18, 2019, at 12:58 a.m. (ET), Craigslist records reveal that the
following classified advertisement was posted on the company's website featuring the Victims'
home address:

26

**R380**

reply

## 8/17-8/26: BLOCK PARTY in Natick - Let's have some fun! (Natick, MA)

Hi, we are some fun locals hosting guests for an open house while the owners are out of town the next week :) We're looking for people who want to get to know others in the area and have a good time. Lots of open space for games but there are private rooms if the nights get crazy and you need somewhere to stay

BYOB is suggested but we will have plenty of free stuff for anyone who wants to come have a good time

Come knock on the door ring the doorbell anytime of day or night. block parties will start about 10 PM but will go late. Singles couples/swingers OK.

Address: ████████ Natick, MA 01760

Wellesley College students are welcome!!!!!

◦ do NOT contact me with unsolicited services or offers

103.    Later that day, at 1:53 p.m. (ET), the Tui_Elei Account publicly posted Victim 1's full name and the address of the Victims' house, asking "Dis UR address???"  I am aware based on my training and experience and my conversations with other agents involved in cyberstalking investigations that the public posting of a victim's home address or other personally identifiable information is known as "doxing," and that doxing is a typical method of online intimidation and harassment.

104.    Three minutes later, at 1:56 p.m., the Tui_Elei Account delivered a private message to Victim 1 asking "U get my gifts cunt!!??," confirming in Victim 1's mind that the same person was both threatening her and sending the unwanted deliveries.

105.    Two minutes later, at 1:58 p.m., Craigslist records show the posting of an "Everything must go!" estate sale featuring the Victims' address.

106.    A short time later, at 3:07 p.m., Craigslist records reveal another post featuring the Victims' home address:

27

| reply | prohibited [?] | Posted less than a minute ago |

**M/F couple seeking activity partner (Natick, MA)**

mature (50s) married couple seeking singles or other couples open to exploring threesomes, bdsm, cross dressing. we are professionals looking to have some fun at home. some free time here and there and we can travel to you. 420 friendly

email us your pics/stats for more info

- do NOT contact me with unsolicited services or offers

107.    In response to the doxing, either Victim 1, the NPD, or other Twitter users who know Victim 1 asked Twitter to take down the doxing posts and to suspend the Tui_Elei Account.

108.    On August 20, 2019, NPD officers responded to the Victims' house yet again. They learned from Victims 1 and 2 that people had been arriving at the Victims' home looking for a yard sale listed on yardsalesearch.com. The advertisement on the website reported a week-long tag sale and stated, "We are moving out of the country soon, and are trying to get rid of as many of our possessions as possible. … If we are not outside, feel free to knock on the door. Maybe we can make a deal if you see something you like."

109.    On August 20, 2019, more pornography was delivered to a third neighbor (addressed in Victim 2's name).

*Threatening Messages Resume*

110.    On August 21, 2019, NPD officers responded to the Victims' house again. They learned from Victims 1 and 2 that other Twitter accounts were now posting harassing messages.

111.    First, on August 21, 2019, a Twitter account with the username @Elei_Tui ("the Elei_Tui Account"), only slightly different than the Tui_Elei Account, was used to post "Nice try [Victim 1]… U cant shut me down!!!"

28

**R382**

112.    Two other Twitter accounts also responded to the Elei_Tui Account's August 21,

2019 harassment:

a.      A user named @[xxxxxxxx] ("the Mask Account")[11] wrote, "I agree!

[Victim 1] is hurting small businesses with all the negativity and pushing buyers to Amazon!"

This account featured an icon of an individual pointing a finger and wearing a sinister mask:



b.      Another account, @TopSeller13 ("the TopSeller13 Account"), also

responded, stating:  "[Victim 1] focuz on sumthin else and stop fuckin with our customers!!!  I

dunt wanna c unuther fuckin post bout #ebay… Leave our bizness alone!!!!!!  @Elei_Tui."  Like

the Mask Account, the TopSeller13 Account featured a menacing photograph, this one with a

disturbing image of a pig:

_____

[11] The investigation reveals that there is an active eBay seller who shares the first and last
name featured in the Mask Account.  It is deleted here to avoid any suggestion that this eBay
seller was the author of the threatening Tweets.  The author was Popp, as described below.

29

**R383**



**Top Seller**
@TopSeller13
📅 Joined August 2019

    c.    The TopSeller13 Account went on to threaten Victim 1 directly:

"WTF!!??? Hey, @Elei_Tui wats [Victim 1] adress again?? guest i hav to pay her a visit…" In

response, the Elei_Tui Account posted Victim 1's home address, just as the Tui_Elei Account

had days before.

    113.    As described below, records obtained from Apple reveal that BAUGH, Popp,

Gilbert, and Supervisor 1 agreed to have Popp direct these tweets at the Victims, in part to

execute the White Knight Strategy, and in part to mislead the NPD, which had just connected the

GMC that was surveilling Victim 2 to Zea.

    114.    Victims 1 and 2 have reported to law enforcement that the harassment caused

them distress during and after the harassment campaign. Both complained of lost sleep, physical

symptoms of anxiety, concern about what would happen to them next, and when in public, a fear

that they were being followed.

    *Obstruction and Witness Tampering*

    115.    As noted above, CW-2 and CW-3 have reported that BAUGH, HARVILLE,

Popp, and Zea were aware that the Victims had spotted their surveillance on August 16 and/or

August 18, which is consistent with the quick return to Enterprise Rent-a-Car of both the Dodge

30

**R384**

Caravan and GMC SUV on those dates.

116.    Records obtained from Apple reveal that BAUGH, Popp, Gilbert, Stockwell, and Supervisor 1 also began to attempt to obstruct the NPD's investigation as early as Tuesday, August 20, 2019.

117.    On that date, Popp sent a WhatsApp message to BAUGH, Gilbert, and Supervisor 1 with a link to an audio recording of an NPD dispatcher describing the ongoing harassment of the Victims and the August 16 surveillance. Popp commented to the group: "This is from Friday." In response, Gilbert asked, "They did not get the license plate?" Popp replied, "Doesn't sound like it - either way, we got rid of that car the same day." BAUGH continued: "We burned[12] another 2 days later, but again, there was no cause and and they can't prove anything. They are seeing ghosts now. Lol." I believe based on BAUGH's reference to "2 days" after Popp's reference to "Friday," BAUGH was referring to BAUGH, Popp, and Zea's surveillance on Sunday (August 18).

118.    BAUGH forwarded the same police recording to Stockwell and Analyst 3: "A little glimpse of what all your hard work is has led too. Lol. And stuff like this around the clock.."

119.    BAUGH then sent Stockwell and Analyst 3 a link to the 2003 movie *Old School* in which a character arrives at a home unannounced, stating: "I'm here for the gang bang."

120.    Knowing that the NPD was investigating the harassment of the Victims, Gilbert

---

[12] Based on my training and experience as a criminal investigator, I believe BAUGH's reference to "burning" references the return of the rental car after the Victims identified it to the NPD as having followed Victim 2.

stated to the group: "The more I thought about it I do think we should bring a dossiers on the [Victims] to the PD. Definitely want to make them look crazy." BAUGH replied, "I agree," and Popp relied, "Copy re dossiers."

121.    I believe from the context of these messages and the investigation to date that Gilbert, Popp, and BAUGH were referring to the August 15, 2019 "Person of Interest" ("POI") document that falsely reported that the Victims had threatened eBay and Executive 1, and that Gilbert would bring the POI document to the NPD to discredit the Victims' harassment complaints.

122.    At 9:48 p.m. (ET), BAUGH stated over WhatsApp, "Just sent poi doc with [Victims] included. I had GIC send this to me last week in case we got stopped..that way would at least have something to show to PD." A minute earlier, BAUGH emailed Gilbert the POI document that falsely reported that the Victims had threatened Executive 1, noting, "Brian - take a look at this. I think we need more details on them. Steph [Popp] is calling you. Let her know what you think." Gilbert acknowledged receiving the false POI document and stated he would speak with Popp.

123.    Meanwhile, BAUGH continued to discuss the harassment campaign, sending the *Old School* excerpt that he had sent to Stockwell and Analyst 3 to Popp, Gilbert, and Supervisor 1, commenting that "this has been the [Victims]' house for the past five nights."

*Awareness of the Victims' Emotional Distress*

124.    At 10:13 p.m., still on August 20, BAUGH messaged Stockwell and Analyst 3, "We've 'burned' 2 of our rental cars by following them..now they are seeing ghosts, think everyone is following them and they call the police every 10 minutes." This causes me to

32

believe that BAUGH was aware of both the NPD investigation and the emotional distress that

the conspiracy's actions were causing the Victims.

125.    Similarly, at 10:34 p.m., BAUGH messaged Stockwell and Analyst 3, tasking

Analyst 3 with conducting a background check on an "idiot prosecutor" in BAUGH's hometown

in Arkansas who was prosecuting BAUGH's father.  BAUGH asked Analyst 3 for "his office

and cell number. His email. Wife's name and cell/email. Kids names. Vehicle information etc.

I've done a quick osint [open source intelligence] search and I can see that likely having an affair

with at least one person."  Regarding the prosecutor, BAUGH messaged:  "This is a very small

town. If I gave him an ounce of what we've been giving the [Victims], it would be devastating to

him."

*Obstructing the NPD and Executing the White Knight Strategy*

126.    Just before midnight on August 21, 2019, Popp informed the group via WhatsApp

that BAUGH had authorized Gilbert to call Victim 1, but not to leave a voicemail.  "He says you

can call her a few times so you have a record on your phone to show cops."  Based on the earlier

meetings regarding the White Knight Strategy (as reported by CW-2), I believe the "call" was a

way to begin Gilbert's offer of assistance to help the Victims with the harassing

communications, even though BAUGH, Gilbert, Popp, and Supervisor 1 knew of the NPD

investigation (and the fact that they were the ones behind the harassment).

127.    The same WhatsApp group (BAUGH, Popp, Gilbert, and Supervisor 1) tracked

the interference with the NPD investigation within moments of its next significant development,

the August 21 arrival in the lobby of the Ritz Carlton of an NPD detective, who asked to speak

with Zea. (The NPD had in fact connected the GMC's license plate to Enterprise, Zea, and the

33

hotel).  A portion of the WhatsApp exchange, referring to Zea as "Ronnie," is depicted below:

Sources (1)

Sources (1)

128.    Over the WhatsApp chat, Gilbert asked whether Zea could be connected to eBay.
Popp noted to the group that Zea's LinkedIn profile connected her to eBay, and that Popp had
instructed Zea to "take it down in case they [*i.e.*, the NPD] do social media research."

129.    As BAUGH, Gilbert, and Popp discussed whose credit cards had been used to pay
for the room stays at the hotel and the travel to Boston, Popp reported that Zea had booked
BAUGH's room.  BAUGH replied, "Whatever - fuck them.  I'll get [Zea] on the plane and I'll
come back and deal with them."  BAUGH instructed Popp to stay in her room and not talk to
anyone.

130.    At 9:44 a.m. (ET), Gilbert proposed to the group a false explanation they could
provide to the NPD: "[Zea] was driving around looking for antiques.  Must have got lost and
they picked up her plate by accident.  Can they visually identify her?"  BAUGH replied that he
was in an Uber with Zea on the way to the airport and that the NPD could not identify her,
adding that the NPD detective had been "polite and clueless" when BAUGH spoke to him (*i.e.*,
when BAUGH impersonated Zea's husband).

131.    At 9:48 a.m., Gilbert replied, "Good.  This is fine.  The cops obviously have

34

**R388**

nothing else to do in Natick. We known the targets have been very impacted by this op. Perfect

time for next phase." By "next phase," I believe Gilbert was referring to executing the White

Knight Strategy by contacting the Victims and the NPD to offer help with the harassment and

surveillance, despite the Target Subjects being responsible for it.

132.    BAUGH replied, "Bring out bad boy out please; these people are wasting our

time. It's go time."

*Continuation of the Harassing Tweets*

133.    Popp messaged BAUGH, Gilbert, and Supervisor 1 that she had tried

unsuccessfully to purchase additional followers for her Twitter account and requested, "Am I

clear to start tweeting [Victim 1] even without followers?" At 11:22 a.m., Popp added, "Brian

[Gilbert] - you're running out of time so I'm going to go ahead and start the public tweets so you

can call her before your flight..." Gilbert agreed.

134.    At approximately 12:08 p.m., Popp shared a screenshot of tweets she had posted

moments earlier underneath one of the Newsletter's tweets:







135.    Based on the investigation to date, these public tweets were intended to continue

to harass the Victims in furtherance of the White Knight Strategy, and to deceive the NPD into

accepting Gilbert's help with the harassment campaign.  Gilbert replied to the group: "Good to

36

go.  Will make the calls."

136.    Minutes earlier, Popp sent the same screenshots from her eBay email account to
Gilbert, copying BAUGH.  Popp wrote: "Brian - FYI, she's really bringing out some angry
Twitter users."  I believe based on the fact that Popp, Gilbert, and BAUGH had discussed Popp
writing these very Tweets, that the email itself was intended for either the Victims or the NPD in
furtherance of the White Knight Strategy.  In other words, the email is intended to make it seem
like Popp discovered the tweets, not that she had written them at the direction of BAUGH and
Gilbert.  The use of their eBay email accounts itself is significant as well—the Target Subjects
took care to avoid discussing their harassment campaign and obstruction efforts over corporate
email; I believe the use of corporate email in this limited instance was intended to create false
documents that would support the White Knight Strategy.

137.    Approximately thirty minutes later, at 12:34 p.m. (ET), BAUGH forwarded
Popp's email of Popp's threatening tweets to HARVILLE, and separately to the GIC.

138.    At 1:03 p.m., Popp emailed BAUGH and Gilbert several documents:  (1) the false
POI document featuring the Victims as eBay's two top Persons of Interest along with selections
from the Newsletter's comments critical of or mocking eBay and Executive 1; (2) an eBay POI
list that did not include the Victims but did include a POI that the Victims had mentioned to the
NPD; (3) screenshots of the unsuckEbay Parody Account; and (4) a selection of the tweets that
Popp had written targeting the Victims.

139.    At 2:46 p.m., after speaking with the Victims, Gilbert wrote: "Just made phone
contact with [Victim 1] and [Victim 2].  They are totally rattled and immediately referred me to
Natick PD Detective [omitted].  [Victim 1] was a bitch, [Victim 2] wanted to talk to me and was

37

receptive. [Victim 1] said talk to the detective and then hung up the phone."

140.    At 4:04 p.m., BAUGH sent to Gilbert and Popp a copy of an August 15, 2019

email confirming that Zea was eligible to come off the waitlist for the DevConf.US 2019

conference in Boston. (As noted above, Red Hat records show that Zea never claimed this spot

or attended the conference). In the private group chat, BAUGH responded: "I'm looking at the

docs that Steph put together..there's good stuff there we can use, specifically the screenshot of

the Victims' address being posted." Gilbert replied, "Agreed. We just need to explain away

[Zea] and Dave's [HARVILLE's] activities. Adamantly deny any deliveries and put focus on

the POIs."

141.    At 4:10 p.m. (ET), Gilbert reported to the group that he had spoken to the NPD:

> "The detectives involved are [omitted] and [omitted]. I spoke to [omitted]
> and he [g]ave up everything. Initially the PD was disregarding the reports
> as Paranoia. But when they gave the an accurate license plate number the
> detectives tracked it back to Veronica Zea. They also identified the pizza
> delivery to coming from a gift card purchased in Santa Clara. They learned
> [Zea] lives in In Santa Clara. The rental car was turned into the ritz Carlton
> which led the detectives to the Ritz. Checking with hotel they learned Zea
> was currently staying there. PD also discovered that David Harville is
> staying at the Ritz. They contact someone at eBay and confirmed Zea is
> with the global intel center and Harville is with the global security resiliency
> unit. Now PD thinks there is a connection."

142.    Gilbert continued:

143.    Based on the investigation to date, several of Gilbert's statements to the detective

were false. Specifically, Gilbert falsely told the detective that: (1) he did not know Zea or

38

HARVILLE despite having met with both at eBay within the previous week; (2) that there was a legitimate investigation underway; and (3) that there had been an "accidental" order of pizzas for surveillance that was sent to the Victims' house.

144.    Gilbert also emailed the NPD with other false statements, specifically that he had planned travel in Toronto and New York City that he would change plans to be able to meet the NPD in Boston.  According to his flight itinerary, Gilbert was, in fact, on the plane to Boston as he wrote that he would try to move around other trips.



145.    In response to Gilbert's suggestion "to make sure none of the other deliveries can be tracked back to Zea and Santa Clara," Popp stated that the GIC had intended to order pizza COD (payable on delivery) so that the delivery person would ask the Victims for cash.  Gilbert directed Popp to confirm the use of a payment card: "The detective said the debit card used for the pizza was purchased at a Safeway in Santa Clara. [Zea's] drivers license comes back to an address in Santa Clara."

146.    Popp acknowledged that the GIC had in fact purchased a "bunch of gift cards" at a Safeway in Santa Clara (as video surveillance of Zea and Analyst 3 obtained by the NPD

39

showed).

147.    In response, BAUGH, Popp, Gilbert, and Stockwell set out to concoct an explanation for the gift card purchases that would lead the NPD away from the Target Subjects.

148.    Specifically, at 4:33 p.m. (ET), Gilbert proposed that the group "pin the deliveries to a POI in the San Jose or Santa Clara Area. Most of ebay employees live in San Jose or Santa Clara. So that's just a coincidence."

149.    At 4:40 p.m., BAUGH instructed Popp to "find a local POI." Popp acknowledged the request by stating that she had called Stockwell and asked for "all POIs in Bay Area since I don't have visibility to those anymore. She will email you and me a report. I didn't tell her why just said you would talk to her about it later."

150.    BAUGH later messaged Stockwell privately on WhatsApp: "Cops traced the gift card from the pizza delivery back to Safeway in Santa Clara." BAUGH then asked Stockwell if Popp had requested "Santa Clara poi's from [Stockwell]." Stockwell replied: "Yes, I'm still compiling the list." BAUGH stated: "We need to pin the Safeway card on one of them." Stockwell replied: "Copy. I figured as much."

151.    At 5:05 p.m. (ET), Gilbert proposed creating a "Samoan POI": "If needed we create a Samoan POI in Santa Clara. Then he becomes our primary suspect. This actually might help the entire op." I believe Gilbert was referring to an attempt to link the Santa Clara debit cards and the harassing deliveries to the harassing messages from Samoan-sounding Twitter accounts, @Tui_Elei and @Elei_Tui.

152.    At 5:10 p.m. (ET), picking up on Gilbert's suggestion, BAUGH instructed Popp to "create another Tui that's in San Jose." Popp acknowledged the request. BAUGH continued:

"Security had reason to believe they were in the area," referring to the Victims' harasser

(@Elei_Tui).  BAUGH also proposed that the group not forget about "Fidomaster and the

fence..prob a good angle to play there somewhere."  Gilbert replied that "they" (NPD) did not

know about the fence, and that Gilbert would have to wait for the NPD to raise the issue, because

Gilbert did not know whether or not the Victims had reported the Fidomaster fence vandalism.

*See* para. 27 & n.4 above.  BAUGH suggested that Gilbert could say eBay's GIC learned about

the fence on a random internet forum.

153.    BAUGH, Popp, and Gilbert continued to discuss what Gilbert would say to the

NPD at the meeting Gilbert had scheduled for the following morning.  Gilbert stated, "it's going

to be difficult not acknowledging [HARVILLE and Zea] were conducting an investigation.  I can

say their investigation was compartmentalized and not known to the rest of global security.  Then

we come up with why they were watching the [Victims]."

154.    BAUGH replied, telling Gilbert about the alibi that BAUGH, HARVILLE, and

Zea had selected: "defcon conference in Boston."  BAUGH continued: "I don't think we deny

we investigating, but we are not send omg pizzas to there house that would be silly."

155.    BAUGH also proposed that the "investigation is there to find Tui or chuck ███,

etc" (*i.e.*, to help the Victims with the harassment).  This was the White Knight Strategy.

156.    Gilbert, the former police captain, proposed blaming the Victims for the problems

that the Target Subjects had created: "All that I told the Det I was looking into POIs and

someone posting the [Victims'] home address.  We can say [Zea] and Harville were looking into

the Tui case.  That investigation is confidential and details weren't shared with Special Ops

[Gilbert's unit].  I'll give brief the cops on the [Victims'] background and make them look like

41

**R395**

the problem. The cops just want a logical legitimate reason for Ronnie [Zea] and Harville being here."

157.    BAUGH's reply summed up the White Knight Strategy for the NPD meeting: "Regardless, we are here to help."

158.    At 6:17 p.m. (ET), Gilbert proposed another story: "How does this sound for [Zea] and [HARVILLE]:

- they were in Boston for the conference (if we can prove it)

- they already were tracking Tui and were aware he was targeting the [Victims]

- Tui has not been identified but GIC and Resiliency was investigating

- Spec Ops became aware of home address post and other POIs today. I cold called the [Victims] for a welfare check."

159.    BAUGH replied, "I don't think we need to mention that Resiliency [i.e, HARVILLE's department] was investigating."

160.    Gilbert replied at 6:19 p.m., "I'm going to push the idea that ebay is a massive company and have no interest in the [Victims]. The idea we would send shit to their house is ridiculous." BAUGH replied, "I agree," but noted that HARVILLE knew "almost" nothing about the Victims or their history.

161.    At 6:39 p.m., BAUGH wrote to Gilbert and Popp and Supervisor 1: "And just remember, [Executive 2] said this has to stop even if there ebay takes on some risk (which we have). If I need to bring in and ebay attorney to talk to cops, I have that in my back pocket." BAUGH added that HARVILLE did not know that the NPD had his name, "but he will scream violation of his privacy..lol." At 6:46 p.m., BAUGH added that his "main thing" was that he did

42

not want Zea "talking to a detective."

162.    Gilbert responded: "Agreed. I hope to resolve it with they were doing a confidential proprietary info investigation. If we give the detectives enough info they will shut down. Most important we have to make sure there are no other connections to the deliveries."

163.    Separately, at 6:57 to 6:59 p.m., BAUGH messaged Stockwell and told her to make sure no one was "using those debit cards that were purchased."

164.    At 8:22 p.m., BAUGH added: "For [HARVILLE's] cover..since he is business continuity, we could just tell them we are reopening our Boston office - which is confidential. he was also registered for that conference too."

165.    Gilbert continued his suggestions: "How about this; [Zea] was at the conference with [HARVILLE] when she got instructions to check to see if the [Victims'] address was correct. She was told this is a confidential case and just asked to validate the address. [Zea] is not a trained investigator and that's why all the suspicious movements. [HARVILLE] was just there for the conference." BAUGH replied, "I think that is perfect."

166.    At approximately 9:30 p.m., POPP emailed Gilbert a Bay Area POI report so that Gilbert could attribute the pizza delivery to a POI unrelated to the GIC. Popp also messaged Gilbert the same information via WhatsApp. Popp continued over WhatsApp, "Let me know if you're good with the info on there or if you want more / less..."

167.    In reply to the WhatsApp chain, at 9:47 p.m. and 9:48 p.m., Supervisor 1 replied: "Copy all. Good plan and cover. Brian, important to be convincing so they don't start looking to find video of who purchased the gift cards. Don't think they would go that far but is a little concerning. If I was the Detective I would ask you for a local PD context to go get video. Might

43

**R397**

want to have a friendly in mind." Gilbert replied: "I was thinking the same thing. If they bring it up I might volunteer to assist with that.  Then we can control the local cop and maybe provide a video from a different Santa Clara Safeway."

168.    At 10:06 p.m., Supervisor 1 replied with two thumbs up, and at 10:15 p.m., BAUGH added: "They were in a bit of disguise when they bought them. Would be a lot of work and extremely hard to prove."  I believe based on my review of the video surveillance in the investigation, BAUGH is referring to Zea, who wore a baseball cap in that recording, and Analyst 3.

169.    At 11:52 p.m., having arrived in Boston, Gilbert asked the group: "If asked tomorrow who is [Zea's] supervisor?  Just in case they want to verify what I'm saying." BAUGH replied that Stockwell was Zea's eBay supervisor, but an individual at eBay's contractor was Zea's actual supervisor.  Gilbert clarified:  "I guess I should say who do we want it to be?  I'm leaning toward Popp being the person if the detectives want to verify my story about [Zea]."  BAUGH agreed to having a member of the conspiracy be Zea's supervisor if the detectives wanted to speak to one:  "Yep.  I agree.  Popp would have been the one requesting that she verify that the address posted online is a real address."  BAUGH added that Gilbert could also use him as a supervisor.

170.    Supervisor 1 added: "Agreed. Good idea. No mention of [Zea's actual manager] in my opinion and [Popp] can handle this well."

171.    At 12:15 a.m., BAUGH noted: "The [Victims] have a lot of enemies and they are also equally crazy."

172.    At 12:27 a.m., ending the discussion for the day, BAUGH asked, in an apparent

44

suggestion that the operation against the Victims continue, "Is there a chance in hell we are even gonna try to put this tracker on at this point?" Gilbert replied: "They couldn't be more on guard than right now. If we can calm them down and win them over maybe. Right now I would not risk an attempt."

173.    BAUGH added, referring to a post that Victim 1 had made that evening to the Newsletter: "[Victim 1] is such a cunt - that 20 year anniversary article about journalism and integrity came out of nowhere. I assume it's for the cops. These people are scum. I think we could still get [the tracker] on the car, bu[t] My concern with the tracker is that you guys patch things up and build a rapport with the local cops tomorrow then [either Victim 1 or Victim 2] finds it next month during an oil change and we lose credibility with PD."

*August 22, 2019 – Gilbert's Meeting with the NPD*

174.    On August 22, 2019, according to NPD representatives, Gilbert claimed that eBay had no role in the harassment of Victims 1 and 2. He falsely stated that HARVILLE and Zea had traveled to Boston to attend a conference and that Zea had gone to Natick on her own. Despite knowing that eBay employees and contractors were harassing the Victims, Gilbert offered eBay's assistance to the NPD in looking into the harassment.[13]

175.    Both immediately before and just after the meeting, NPD officials had contacted and briefed the FBI regarding the harassment targeting the Victims and the possible involvement of eBay personnel. Thereafter, after consulting with representatives of the U.S. Attorney's

_____

[13]Although Popp and BAUGH had equipped Gilbert with the documents described above, Gilbert did not show any of them to the NPD.

45

Office, the FBI opened an investigation into the commission of a federal criminal offense,

namely cyberstalking.

176.    Even while Gilbert was meeting with the NPD, at approximately 12:12 and

12:20 p.m. (ET), Popp, at BAUGH's direction, continued to taunt and threaten Victim 1 using

the TopSeller13 Account:



*August 23-26, 2019 – Further Obstruction*

177.    On Friday, August 23, 2019, at approximately 8:15 p.m. (ET), BAUGH sent the

following text message to Executive 2.

R400

178.    Over the weekend of August 24, 2019, and August 25, 2019, according to both CW-2 and CW-3, BAUGH directed Popp to take down any accounts that had been used to contact the Victims, including any accounts registered with the Newsletter.

179.    On the morning of August 26, 2019, BAUGH, HARVILLE, Popp, Gilbert, Zea, and others gathered in an eBay conference room.  According to CW-2 and CW-3, all present discussed that the NPD was investigating the criminal harassment and stalking of the Victims. They were also aware that eBay's legal department was attempting to investigate in response to the NPD's request for assistance.

180.    According to CW-2 and CW-3, HARVILLE was furious that both the Ritz Carlton and Enterprise had invaded his privacy by giving his information to the NPD.  He swore and screamed about suing the NPD for putting his name in the request to eBay for assistance.

181.    According to CW-3, BAUGH directed the group not to talk to anyone and to keep Executive 1 and Executive 2's names out of any conversations.

182.    During the August 26, 2019 meeting, according to CW-2 and CW-3, eBay's legal department interviewed HARVILLE.  HARVILLE, who left the call on speakerphone for the group to hear, falsely stated that he had attended the conference that Zea, HARVILLE, and

47

**R401**

BAUGH had earlier planned to use as an alibi with the police. HARVILLE also reviewed the conference schedule just prior to his call with counsel. HARVILLE also falsely told eBay's legal department that he had rented a car to be able to visit his sister, who lived in the area.

183.    Popp also had an interview with eBay's lawyers over speakerphone in front of the group in which she falsely stated that Zea had traveled to Boston at BAUGH's direction to go to the conference.

184.    According to both CW-2 and CW-3, BAUGH directed Popp to monitor Zea's and Stockwell's interviews with eBay's legal department. Popp listened to both interviews on speakerphone and gave prompts to Zea that helped her get the conference cover story out. Popp provided similar support to Stockwell.

185.    According to more than one participant in the meeting, BAUGH directed Popp, Gilbert, Zea, Stockwell, and HARVILLE to delete their WhatsApp communications and phone data. BAUGH also directed Popp to make sure that Gilbert's phone and the WhatsApp messages on them were deleted.

186.    Records obtained from Apple reveal that HARVILLE sent a message to Zea on or about August 26, 2019, at approximately 8:00 p.m. (PT) stating: "Hey - I'm not gonna let you speak to [inhouse counsel for eBay] anymore. He has had enough time with you. Let me know if he reaches out to you. If he does, I will brief [redacted] and he will represent you. Great work…you're awesome!" (BAUGH had similarly stated that the "main thing" was that Zea not speak to the NPD).

187.    On August 29, 2019, beginning at 8:27 p.m. (PT), BAUGH, HARVILLE, Popp and Gilbert exchanged WhatsApp messages regarding the NPD investigation and eBay's

48

corresponding investigation. The group discussed emails they received in which eBay lawyers had directed each of them to appear for an interview with eBay's outside lawyers the next day at eBay's headquarters. In sum and substance, the WhatsApp group chat included:

a.     BAUGH proposing that he, HARVILLE, Popp and Gilbert refuse to meet with counsel for eBay to send "a strong message that we are not fucking around."

b.     HARVILLE's statement that a meeting would permit eBay counsel to "form an opine and provide a recommendation for punitive action pending any additional information from PD and or negative media."

c.     Popp's statement that "we all have each other's back. That's all that matters. They are fucked." HARVILLE immediately replied: "Agree".

d.     HARVILLE's statement that "The paper trail leads no where   All their findings are speculative and they have to confer with police to get anything substantive which they probably would not be given."

e.     Popp's sharing with HARVILLE, BAUGH, and Gilbert her email to eBay legal acknowledging that there was an "active criminal investigation" in refusing to meet with eBay's outside lawyers without her own attorney.

f.     BAUGH's acknowledgement to an eBay lawyer's statement that "you have indicated that there is a possible ongoing criminal investigation, in which my colleagues have been named."

188.   On August 30, 2019, at 12:08 p.m. (PT), HARVILLE forwarded to the same WhatsApp group (including BAUGH) an email from an eBay lawyer requiring HARVILLE to turn in his eBay-issued cell phone:

49

**R403**

> In order to enable eBay to preserve all relevant
> information, please immediately- today- turn in
> your eBay-issued mobile telephone(s), without
> deleting or altering any information on it/them,
> to the Employee Assistance Center at B7.1,
> attention ▇▇▇▇▇▇▇▇  In addition, please
> advise us immediately if you used any personal
> device for any eBay work-related
> communications and be sure to preserve all of
> those unaltered.

189.    Immediately after sharing this email with BAUGH and the others, HARVILLE

asked the group:

> **Dave Harville**
> **Want me to wipe it**
> Read: 8/30/2019 7:44:29 PM(UTC+0)
> 8/30/2019 7:12:33 PM(UTC+0)

BAUGH's iPhone record indicates that BAUGH received and read the message at 12:44 p.m.

(PT) the same day.

190.    Popp instructed HARVILLE to "stand by" in response, and BAUGH stated,

"Don't do anything until we speak to an attorney" [but] "Don't turn phone in either"—requests

that HARVILLE acknowledged by stating, "Copy."  HARVILLE stated at 1:23 p.m. (PT), "I'm

just finished and will give them my eBay phone since they know I have it here."

191.    On August 30, 2019, eBay placed BAUGH, HARVILLE, and Popp on

administrative leave.

192.    In connection with the investigation, eBay collected HARVILLE's iPhone and

determined much of its data had been deleted.  The FBI later obtained the phone itself and

confirmed through forensic analysis that there had been deletions on HARVILLE's work-issued

50

**R404**

device, including, among other records: (1) all of the phone's iMessages from before August 29,

2019 at 12:47 p.m. (PT); (2) all of the phone's contacts; (3) web browsing activity related to both

"defcon boston"—the conference that was to serve as HARVILLE's alibi for the surveillance

campaign—and a website associated with "Natick Police and Fire Live Audio Feed."

193.    On August 30, 2019, at 9:08 p.m. (PT), BAUGH messaged Stockwell and stated,

"It's all good...you just need to stay clean and you and I never spoke."

## *CONCLUSION*

194.    Based on the information described above, there is probable cause to believe that

BAUGH and HARVILLE committed the Target Offenses.  The requested Complaint and

accompanying arrest warrants for both men should issue.

Respectfully submitted,

MARK WILSON
Special Agent
Federal Bureau of Investigation

Sworn to me telephonically on June 11, 2020

HON. MARIANNE B. BOWLER
United States Magistrate Judge

51

**R405**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 20cr10263 |
| v. | Violations: |
| JIM BAUGH and DAVID HARVILLE,  Defendants | **Count One:** Conspiracy To Commit Stalking Through Interstate Travel and Through Facilities of Interstate Commerce (18 U.S.C. § 371) |
| | **Counts Two - Five:** Stalking Through Interstate Travel; Aiding and Abetting (18 U.S.C. §§ 2261A(1) and 2) |
| | **Counts Six - Nine:** Stalking Through Facilities of Interstate Commerce; Aiding and Abetting (18 U.S.C. §§ 2261A(2) and 2) |
| | **Counts Ten - Twelve:** Tampering with a Witness; Aiding and Abetting (18 U.S.C. §§ 1512(b)(3) and 2) |
| | **Counts Thirteen - Fifteen:** Destruction, Alteration, and Fabrication of Records in a Federal Investigation; Aiding and Abetting (18 U.S.C. §§ 1519 and 2) |
| | **Forfeiture Allegations:** (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

**R407**

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.      Defendant JIM BAUGH ("BAUGH") lived in San Jose, California.  BAUGH was employed as Senior Director of Safety & Security at eBay, a multinational ecommerce business that operated marketplaces that connected online sellers and their customers.  BAUGH ran eBay's Global Security and Resiliency ("GSR") business, a company division responsible for, in general terms, the physical security of eBay's employees and facilities worldwide.

2.      Defendant DAVID HARVILLE ("HARVILLE") lived in Gilroy, California. HARVILLE, who reported to BAUGH, was eBay's Director of Global Resiliency, a unit focused on ensuring that eBay could continue to operate after business disruptions, such as security threats, political unrest, or natural disasters.

3.      Stephanie Popp ("Popp") lived in San Jose, California.  Popp was eBay's Senior Manager of Global Intelligence and served as BAUGH's de facto chief of staff.  Before May 2019, Popp managed eBay's Global Intelligence Center ("GIC"), an intelligence and analytics group within the GSR that supported eBay's security operations.

4.      Stephanie Stockwell ("Stockwell") lived in Redwood City, California.  Stockwell was an intelligence analyst in the GIC who became its manager in mid-2019, when eBay promoted Popp.

5.      Veronica Zea ("Zea") lived in Santa Clara, California.  Zea was an eBay contractor who worked as an intelligence analyst in the GIC.

2

**R408**

6. Brian Gilbert ("Gilbert") lived in San Jose, California. Gilbert was a Senior Manager of Special Operations for eBay's Global Security Team and previously worked as a police captain in Santa Clara, California. Gilbert was responsible for, among other things, executive protection, special events security, and safety at eBay's North American offices.

7. Philip Cooke lived in San Jose, California. Cooke supervised security operations at eBay's European and Asian offices and previously worked as a police captain in Santa Clara, California.

8. Victim 1 lived in Natick, Massachusetts. Victim 1 was a reporter and editor of an online newsletter ("the Newsletter") that covered ecommerce companies, including eBay. Victim 1 used a Twitter account in the Newsletter's name to promote her reporting.

9. Victim 2 lived in Natick and was married to Victim 1. Victim 2 was the publisher of the Newsletter.

<u>Background and Overview of the Conspiracy</u>

10. In or about 2019, defendants BAUGH, HARVILLE, and others at eBay were aware that members of eBay's senior leadership perceived the Newsletter as a threat to eBay's public image. These senior eBay executives disliked the Newsletter's content and comments that the Newsletter's readers posted underneath Victim 1's articles.

11. Accordingly, beginning on or about August 5, 2019 and continuing through at least September 6, 2019, BAUGH and HARVILLE conspired with Gilbert, Cooke, Popp, Stockwell, Zea, and others to harass and intimidate the Victims, and to place them under surveillance with the intent to harass and intimidate them, through repeated and hostile Twitter messages, deliveries of unwanted—and in some instances disturbing—items to the Victims' home, and travel to

3

Massachusetts to conduct physical surveillance. The defendants and their coconspirators' conduct caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to the Victims.

12. The purposes of the harassment campaign were, among other things, to distract the Victims from publishing the Newsletter, to alter the Newsletter's coverage of eBay, and to gather information that the defendants and their coconspirators could use to discredit the Victims and the Newsletter.

13. In addition, BAUGH, HARVILLE and their coconspirators took steps to conceal their harassment campaign from eBay investigators and state and federal authorities by, among other things, monitoring law enforcement communications, forging records, lying to investigators, and destroying evidence.

Objects and Purposes of the Conspiracy

14. The objects of the conspiracy were to commit stalking through interstate travel and through facilities of interstate commerce. The purposes of the conspiracy were to engage in a clandestine campaign to harass and intimidate the Victims, and thereby to interrupt and change the Newsletter's coverage, while avoiding law enforcement detection and prosecution.

Manner and Means of the Conspiracy

15. Among the manner and means by which defendants BAUGH and HARVILLE conspired with Gilbert, Cooke, Popp, Stockwell, Zea, and others to carry out the conspiracy were the following:

    a. Creating Twitter accounts in false names that featured ominous profile photos.

4

b.     Using these Twitter accounts to send threatening private direct messages ("DMs") to Victim 1 about her, Victim 2, and the Newsletter.

c.     Publicly posting the Victims' home address on Twitter, while suggesting in threatening messages that eBay sellers who were angry about the Newsletter's coverage were going to visit the Victims' home.

d.     Ordering unwanted and scary items and services to the Victims' home, and ordering items intended to embarrass the Victims to their neighbors' addresses.

e.     Posting online advertisements for fictitious events at the Victims' home, including sexual encounters, to encourage strangers to visit them there.

f.     Traveling to Natick to install a GPS device on the Victims' car, and to surveil the Victims in their home and in their community.

g.     Monitoring law enforcement communications to avoid detection.

h.     Establishing false cover stories for the surveillance trip, including that the coconspirators were investigating the Victims for threatening eBay's CEO.

i.     Continuing surveillance, even after the Victims had detected it, with the purpose of intimidating them.

j.     Disguising their roles in the conspiracy by harassing and intimidating the Victims using prepaid cell phones and laptops, VPN services, overseas email accounts, and prepaid debit cards purchased with cash.

k.     Offering the Victims assistance with the very harassment they were committing, to earn the Victims' good will ("the White Knight Strategy").

l.     Making false and misleading statements to NPD personnel who were investigating the threatening communications, harassing deliveries, and surveillance of the Victims.

m.     Communicating by WhatsApp regarding how to harass the victims and how to respond to the NPD investigation.

n.     Creating a "dossier" of their own threats to the Victims, which they planned to show to the NPD as proof that Zea and HARVILLE were in Massachusetts investigating the harassment of the Victims (purportedly by third parties).

5

o.   Exchanging ideas as to how best to thwart the NPD investigation, including creating false suspects, continuing the harassing deliveries, fabricating cover stories, and intervening with any San Jose area police that the NPD contacted to further its investigation.

p.   Lying to eBay investigators who were responding to NPD requests for eBay's assistance.

q.   Exchanging ideas as to how best to thwart eBay's internal investigation.

r.   Deleting the contents of computers, cell phones, and social media accounts that evidenced the harassment and intimidation campaign and the defendants' and their coconspirators' efforts to obstruct the NPD investigation.

<u>Overt Acts in Furtherance of the Conspiracy</u>

16.   From on or about August 5, 2019 through at least September 6, 2019, defendants BAUGH and HARVILLE, together with Gilbert, Cooke, Popp, Stockwell, and Zea, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.   On or about August 6, 2019, BAUGH, Gilbert, Cooke, and Popp met at eBay headquarters to plan the White Knight Strategy.

b.   On or about August 6, 2019, BAUGH, Popp, Stockwell, Zea, and other members of the GIC met at eBay headquarters to plan the delivery to the Victims' home of unwanted and disturbing items to distract the Victims from publishing the Newsletter.

c.   On or about August 6, 2019, Stockwell purchased a laptop computer at a Best Buy store in San Jose, California for use in the harassment and intimidation campaign.

d.   On or about August 6, 2019, Popp created a Twitter account in the name of "@Tui_Elei" that used a picture of a skeleton mask as a profile picture.

e.   On or about August 7, 2019, Popp sent the following DMs from the @Tui_Elei Twitter account to Victim 1's Twitter account:

6

- "[Victim 1's First Name]…whats your problem w/ebay?   You know that's how we pay rent."

- "HELLO!!!!!!!"

f.   On or about August 8, 2019, Zea and a GIC analyst purchased prepaid debit cards with cash at a Santa Clara, California supermarket for use in ordering harassing deliveries to be sent to Victims 1 and 2.

g.   On or about August 9, 2019, Popp sent the following DMs from the @Tui_Elei Twitter account to Victim 1's Twitter account:

- "WTF…whats it goin to take for u to answer me??"

- "I guess im goin to have to get ur attention another way bitch…"

- "U don't have the balls to talk to me?? Stop hiding behind ur computer screen u fuckin cunt!!!"

h.   On or about August 9, 2019, Stockwell used an anonymous email account to order live spiders and fly larvae for delivery to the Victims' home.

i.   On or about August 9, 2019, one or more members of the conspiracy ordered a subscription for pornographic magazines in the name of Victim 2 to be sent to the Victims' neighbors.

j.   On or about August 9, 2019, one or more members of the conspiracy attempted to order a pig fetus for delivery to the Victims' home.

k.   On or about August 10, 2019, one or more members of the conspiracy ordered a Halloween Pig Mask for delivery to the Victims' home.

l.   On or about August 10, 2019, Popp sent the following DM from the @Tui_Elei Twitter account to Victim 1's Twitter account:

- "DO I HAVE UR ATTENTION NOW????"

m.   On or about August 10, 2019, Popp sent the following DMs from the @Tui_Elei Twitter account to Victim 1's Twitter account:

- "Ur fat fuck pussy husband [Victim 2's first name] needs to put u in line cunt."

- "after he takes the plugs out of his asshole…fuckin pussies!!!"

7

**R413**

n.  On or about August 11, 2019, BAUGH directed HARVILLE to travel with him to Boston for an "op" targeting Victim 1 and her website (*i.e.*, the Newsletter).

o.  On or about August 11, 2019, BAUGH sent HARVILLE the following text message: "I won't send the bosses texts, but I've been ordered to find and destroy." HARVILLE replied, "Copy.  Totally black[.] I'm deleting this now."

p.  On or about August 12, 2019, BAUGH sent Popp, Stockwell, Zea, and other GIC analysts the following WhatsApp message:  "Starting now through Tuesday night double our effort on everything.  Spam, house deliveries, etc.  I don't want anything delivered on Thursday, so the cutoff should be Wednesday night – wake them up with a limo driver or something and then everything goes cold Thursday morning. … Take down all Craigslist posts late Wednesday night.  Stop spam late Wednesday night, etc."

q.  On or about August 12, 2019, one or more members of the conspiracy sent a book titled "Grief Diaries: Surviving Loss of a Spouse" to the Victims' home.

r.  On or about August 12, 2019, Popp used the "@Tui_Elei" Twitter account to post publicly to Victim 1's Twitter account:  "[Victim 1]…wats ur problem with ebay??"

s.  On or about August 12, 2019, Popp used the "Tui_Elei" Twitter account to post publicly to Victim 1's Twitter account: "many familys including mine make money 2 pay 4 food cloths and rent by selling on ebay…UR stupid idkiot comments r pushin buyers away from ebay and hurtin familys!!! STOP IT NOW!!"

t.  On or about August 13, 2019, one or more members of the conspiracy used a prepaid debit card to order a funeral wreath for delivery to the Victims' home.

u.  On or about August 14, 2019, one or more members of the conspiracy ordered live cockroaches for delivery to the Victims' home.

v.  On or about August 14, 2019, Popp used the @Tui Elei Twitter account to post a public message to Victim 1's Twitter account: "[First name of Victim 1] wen u hurt our bizness u hurt our familiys…Ppl will do ANYTHING 2 protect family!!!!"

w.  On or about August 14, 2019, BAUGH, HARVILLE, Zea, Gilbert, and Popp met to discuss a trip to Natick, Massachusetts to install a GPS tracking device on the Victims' car and to surveil the Victims.  At the meeting, BAUGH instructed Zea to stop harassing deliveries that would interfere with the surveillance operation.

x.    On or about August 14, 2019, Zea attempted to register herself and HARVILLE for a software development conference in Boston as false cover for the surveillance trip.

y.    On or about August 15, 2019, HARVILLE used his eBay-issued phone to visit a website that could be used to monitor the "Natick Police and Fire Live Audio Feed."

z.    On or about August 15, 2019, BAUGH, HARVILLE, and Zea flew from California to Boston, Massachusetts.

aa.    On or about August 15, 2019, Stockwell sent a text message to HARVILLE providing the license plate numbers for the Victims' cars.

bb.    On or about August 15, 2019, BAUGH, HARVILLE, and Zea drove to the Victims' home in Natick and attempted unsuccessfully to install a GPS tracking device on the Victims' car, which was locked in the Victims' garage.

cc.    On or about August 15, 2019, BAUGH, HARVILLE, Popp, and Zea dialed in to a conference line to communicate during the surveillance operation and to monitor the NPD dispatch.

dd.    On or about August 15, 2019, BAUGH directed Stockwell by WhatsApp message to prepare an eBay "Person of Interest" report ("POI Report") that listed the Victims as eBay's top POIs. BAUGH wrote, "In the narrative I need you to write that they have made direct threats to ebay, [eBay's CEO], and our employees (make it up)."

ee.    On or about August 16, 2019, HARVILLE purchased tools at a Boston hardware store for the purpose of breaking into the Victims' locked garage.

ff.    On or about August 16, 2019, BAUGH, HARVILLE, and Zea returned to Natick in a rented Dodge Caravan to surveil the Victims, and drove past their home repeatedly.

gg.    On or about August 16, 2019, HARVILLE dialed in to the surveillance team's conference line.

hh.    On or about August 16, 2019, BAUGH, HARVILLE, and Zea followed Victim 2 as he drove around Natick.

ii.    On or about August 16, 2019, believing that Victim 2 had spotted the surveillance, BAUGH returned the Dodge Caravan to the rental car agency.

jj.    On or about August 16, 2019, after the failed surveillance, BAUGH directed that harassing deliveries to the Victims resume.

9

kk. On or about August 17, 2019, at 3:08 a.m. (ET), Stockwell researched Boston-area 24-hour drain repair services on the internet for the purpose of sending a repairman to the Victims' home in the middle of the night.

ll. On or about August 17, 2019, one or more members of the conspiracy ordered pizza to be delivered to the Victims' home at 4:30 a.m., for payment upon delivery.

mm. On or about August 17, 2019, HARVILLE returned to California, and Popp traveled to Boston to replace him on the surveillance team.

nn. On or about August 18, 2019, Popp replied to a public tweet on Victim 1's Twitter account using the @Tui_Elei account and stated: "Dis ur address???" The message was followed by information about Victim 1, accurately stating her name, age, address, and telephone number.

oo. On or about August 18, 2019, Popp sent the following DM from the @Tui_Elei Twitter account to Victim 1's Twitter account: "U get my gifts cunt!!??"

pp. On or about August 18, 2019, one or more members of the conspiracy posted an advertisement on Craigslist claiming to be a married couple seeking a sexual partner or partners, and providing the Victims' home address.

qq. On or about August 18, 2019, BAUGH, Popp, and Zea followed Victim 2 as he drove in Natick, which enabled Victim 2 to take a photograph of the surveillance team's license plate.

rr. On or about August 20, 2019, BAUGH sent a text message to Popp, Gilbert, and Cooke that the conspiracy had "burned" two surveillance cars and that either the Victims or the NPD were "seeing ghosts right now."

ss. On or about August 20, 2019, BAUGH forwarded to Gilbert the POI Report falsely indicating that the Victims were security threats to eBay. In a WhatsApp message to Gilbert, Cooke, and Popp, BAUGH stated: "Just sent poi doc with [Victims] included. I had GIC send this to me last week in case we got stopped..that way would at least have something to show to PD."

tt. On or about August 20, 2019, after Twitter suspended the @Tui_Elei account for posting the Victims' home address, Popp created a new Twitter account, @Elei_Tui, for use in harassing the Victims.

uu. On or about August 20, 2019, Popp also created two other Twitter accounts, including one that used the name of a prominent eBay seller.

10

**R416**

vv.     On or about August 21, 2019, Zea and BAUGH made false statements to an NPD detective who came to the surveillance team's hotel to investigate Zea and HARVILLE's connection to the cyberstalking campaign.

ww.     On or about August 21, 2019, at approximately 9:36 a.m. (ET), BAUGH sent the following text message to Popp, Gilbert, and Cooke: "Natick detective is in lobby looking for [Zea]. I've taken her away from hotel headed to airport…Detective called her cell. I answered just now as her husband and played dumb."

xx.     On or about August 21, 2019, at approximately 9:39 a.m. (ET), Gilbert proposed to BAUGH, Cooke, and Popp bringing "dossiers" on the Victims to the NPD: "Definitely want to make them look crazy."

yy.     On or about August 21, 2019, between approximately 10:30 a.m. and 12:00 p.m. (ET), Popp sent more threatening tweets to and about Victim 1 and the Newsletter ("the Concerning Tweets"). Popp used the three Twitter accounts that she had created the night before to have a public "conversation" on Twitter, asking over one account what Victim 1's address was, and responding from the other "guest I hav to pay [Victim 1] a visit."

zz.     On or about August 21, 2019, minutes after writing the Concerning Tweets, Popp forwarded images of the Concerning Tweets to BAUGH and Gilbert, writing falsely that Victim 1 was "really bringing out some angry Twitter users."

aaa.     On or about August 21, 2019, at approximately 12:34 p.m. (ET), BAUGH forwarded the Concerning Tweets to HARVILLE.

bbb.     On or about August 21, 2019, at approximately 2:30 p.m. (ET), executing the White Knight Strategy, Gilbert called the Victims, identified himself as an eBay employee, and offered eBay's assistance.

ccc.     After the call, Gilbert messaged BAUGH, Popp, and Cooke that the Victims were "totally rattled."

ddd.     Thereafter, still on August 21, 2019, Gilbert spoke, text messaged, and emailed with an NPD detective who was handling the investigation into the harassment of the Victims. Gilbert falsely claimed not to know Zea or HARVILLE and falsely stated that he had to travel to Toronto and New York but would instead attempt to come to Boston to meet with the NPD.

eee.     On or about August 21, 2019, after learning that the NPD was investigating the use of a prepaid debit card to purchase pizzas for delivery to the Victims, BAUGH and Popp directed Stockwell to prepare a list of eBay "Persons of Interest" in the San

11

Francisco Bay Area that could be used (as part of Gilbert's "dossier") to deflect attention from Zea.

fff.     On or about August 21, 2019, Stockwell created the document that BAUGH requested—"Bay Area POIs_August 2019.docx"—and emailed it to Popp and BAUGH, who forwarded it to Gilbert for use in the NPD meeting.

ggg.    On or about August 22, 2019, Gilbert and another eBay employee met with three NPD officers at the NPD.   During the meeting, Gilbert falsely stated that:

- Zea and HARVILLE had come to Boston to attend a conference;

- Popp was Zea's supervisor; and

- Popp had assigned Zea to a Person of Interest investigation regarding the Victims, and that Zea had driven to Natick "on her own."

hhh.    On or about August 22, 2019, after the NPD meeting, Popp used one of the new Twitter accounts to post "@[Newsletter] 20 yrs of lies n distroin familys... dunt b proud of dat u wurthless BITCH!!! i wil distroy ur family n bizness 2... C how u like it...\n\n@Elei_Tui wen r we goin 2 visit her in natik???"

iii.     On or about August 23, 2019, HARVILLE falsely told eBay investigators that he had traveled to Boston to attend a conference, he had not been in Natick, and he had not had any interaction with the Victims or the NPD.

jjj.     On or about August 23, 2019, BAUGH falsely told eBay investigators his team was not responsible for harassing messages or deliveries and that his team had been in Natick to investigate threats to the Victims.

kkk.    On or about August 26, 2019, HARVILLE falsely told eBay investigators that he didn't know whether Zea had gone to Natick and that he had not worked on a matter involving the Victims.

lll.     On or after August 26, 2019, BAUGH, HARVILLE, Popp, Zea, Gilbert, and others deleted and attempted to delete data from their mobile phones that evidenced the conspiracy, including WhatsApp messages.

mmm. On or about August 27, 2019, HARVILLE falsely told eBay investigators that he had attended a conference in Boston with Zea.

12

nnn.   On or about August 28, 2019, BAUGH falsely told eBay investigators that his team was not responsible for the deliveries or harassing communications.

ooo.   On or about August 30, 2019, BAUGH directed an eBay employee to retrieve computers from the GIC and to bring them to his house.

ppp.   On or about August 30, 2019, after receiving an email from an eBay investigator directing him to preserve relevant information and to turn in his eBay-issued cell phone, HARVILLE messaged BAUGH, Gilbert, and Popp, "Want me to wipe it."

qqq.   On or about August 30, 2019, HARVILLE turned in his eBay-issued cell phone from which significant data related to his trip to Natick had been deleted.

rrr.   On or about September 6, 2019, Popp posted five new Tweets to one of the Twitter accounts that the defendants and their coconspirators had used to harass the Victims, to suggest that those responsible for harassing the Victims were still at large.

13

## COUNT ONE
Conspiracy To Commit Stalking Through Travel and Through Facilities of Interstate Commerce
(18 U.S.C. § 371)

The Grand Jury charges:

17.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

18.     From on or about August 5, 2019 through at least September 6, 2019, in the District of Massachusetts and elsewhere, the defendants,

JIM BAUGH and
DAVID HARVILLE,

conspired with each other and with others known and unknown to the Grand Jury to commit offenses against the United States, to wit:

a.      stalking through interstate travel, that is, to travel in interstate commerce with the intent to harass, intimidate, and place under surveillance with intent to harass and intimidate another person, and in the course of, and as a result of, such travel, engage in conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, specifically, Victims 1 and 2, in violation of 18 U.S.C. § 2261A(1)(B); and

b.      stalking through facilities of interstate commerce, that is, to – with the intent to harass, intimidate, and place under surveillance with intent to harass and intimidate another person – use the mail, any interactive computer service, electronic communication service, electronic communication system of interstate commerce, and any other facility of interstate and foreign

14

commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to a person, specifically, Victims 1 and 2, in violation of 18 U.S.C. § 2261A(2)(B).

All in violation of 18 U.S.C. § 371.

15

## COUNTS TWO - THREE
### Stalking Through Interstate Travel; Aiding and Abetting
### (18 U.S.C. §§ 2261A(1)(B) and 2)

The Grand Jury further charges:

19.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

20.    From on or about August 15, 2019 through on or about August 23, 2019, in the District of Massachusetts and elsewhere, the defendant,

### JIM BAUGH,

did travel in interstate commerce with the intent to harass, intimidate, and place under surveillance with intent to harass and intimidate another person, and in the course of, and as a result of, such travel engaged in conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the persons described below:

| COUNT | VICTIM |
|-------|--------|
| 2 | Victim 1 |
| 3 | Victim 2 |

All in violation of 18 U.S.C. §§ 2261A(1)(B) and 2.

16

**R422**

## COUNTS FOUR - FIVE
Stalking Through Interstate Travel; Aiding and Abetting
(18 U.S.C. §§ 2261A(1)(B) and 2)

The Grand Jury further charges:

21.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

22.     From on or about August 15, 2019 through on or about August 17, 2019, in the District of Massachusetts and elsewhere, the defendant,

### DAVID HARVILLE,

did travel in interstate commerce with the intent to harass, intimidate, and place under surveillance with intent to harass and intimidate another person, and in the course of, and as a result of, such travel engaged in conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the persons below:   :

| COUNT | VICTIM |
|-------|--------|
| 4 | Victim 1 |
| 5 | Victim 2 |

All in violation of 18 U.S.C. § 2261A(1)(B) and 2.

17

## COUNTS SIX - SEVEN
Stalking Through Facilities of Interstate Commerce; Aiding and Abetting
(18 U.S.C. §§ 2261A(2)(B) and 2)

The Grand Jury further charges:

23.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

24.    From on or about August 5, 2019 through on or about August 23, 2019, in the District of Massachusetts and elsewhere, the defendant,

JIM BAUGH,

did, with the intent to harass, intimidate, and place under surveillance with the intent to harass and intimidate another person, use the mail, an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the persons described below:

| COUNT | VICTIM |
|-------|--------|
| 6 | Victim 1 |
| 7 | Victim 2 |

All in violation of 18 U.S.C. §§ 2261A(2)(B) and 2.

18

**R424**

## COUNTS EIGHT - NINE
Stalking Through Facilities of Interstate Commerce; Aiding and Abetting
(18 U.S.C. §§ 2261A(2)(B) and 2)

The Grand Jury further charges:

25.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

26.     From on or about August 15, 2019 through on or about August 17, 2019, in the District of Massachusetts and elsewhere, the defendant,

DAVID HARVILLE,

did, with the intent to harass, intimidate, and place under surveillance with the intent to harass and intimidate another person, use the mail, an interactive computer service , electronic computer service, electronic communication system of interstate commerce, and other facilities of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the persons below:

| COUNT | VICTIM |
|-------|--------|
| 8 | Victim 1 |
| 9 | Victim 2 |

All in violation of 18 U.S.C. §§ 2261A(2)(B) and 2.

19

**R425**

Case 1:20-cr-11026-PBS Document 1 Filed 05/03/22 Page 20 of 547

COUNTS TEN - ELEVEN
Witness Tampering; Aiding and Abetting
(18 U.S.C. §§ 1512(b)(3) and 2)

The Grand Jury further charges:

27.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

28.    From on or about August 20, 2019 through on or about August 30, 2019, in the District of Massachusetts and elsewhere, the defendant,

JIM BAUGH,

did knowingly engage in misleading conduct toward the persons described below, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, that is, the conspiracy described in Count One of this Indictment.

| COUNT | OBJECT OF MISLEADING CONDUCT |
|---|---|
| 10 | NPD Detective |
| 11 | eBay Internal Investigator |

All in violation of 18 U.S.C. § 1512(b)(3) and 2.

20

**R426**

COUNT TWELVE
Witness Tampering; Aiding and Abetting
(18 U.S.C. §§ 1512(b)(3) and 2)

The Grand Jury further charges:

29.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

30.     From on or about August 21, 2019 through on or about August 30, 2019, in the District of Massachusetts and elsewhere, the defendant,

DAVID HARVILLE,

did knowingly engage in misleading conduct toward the person described below, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, that is, the conspiracy charged in Count One of this Indictment.

| COUNT | OBJECT OF MISLEADING CONDUCT |
|-------|------------------------------|
| 12    | eBay Internal Investigator   |

All in violation of 18 U.S.C. §§ 1512(b)(3) and 2.

21

**R427**

## COUNTS THIRTEEN - FOURTEEN
Destruction, Alteration and Falsification of Records in a Federal Investigation; Aiding and Abetting
(18 U.S.C. §§ 1519 and 2)

The Grand Jury further charges:

31.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

32.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

### JIM BAUGH,

did knowingly alter, destroy, conceal and falsify the records, documents, and tangible objects below with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of any department and agency of the United States, that is, the conspiracy charged in Count One of this Indictment.

| COUNT | DATE | Record Destroyed or Falsified |
|---|---|---|
| 13 | August 21, 2019 | Bay Area POIs_August 2019.docx |
| 14 | August 26 to August 30, 2019 | Records on eBay-issued Cell Phone |

All in violation of 18 U.S.C. §§ 1519 and 2.

22

**R428**

## COUNT FIFTEEN
Destruction, Alteration and Falsification of Records in a Federal Investigation; Aiding and Abetting
(18 U.S.C. §§ 1519 and 2)

The Grand Jury further charges:

33.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 16(rrr) of this Indictment.

34.     On or about August 30, 2019, in the District of Massachusetts and elsewhere, the defendant,

DAVID HARVILLE,

did knowingly alter, destroy, conceal, and falsify the records, documents, and tangible objects below with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of any department and agency of the United States, that is, the conspiracy charged in Count One of this Indictment.

| COUNT | DATE | Record Destroyed or Falsified |
|-------|------|-------------------------------|
| 15 | August 30, 2019 | Content of eBay-Issued Cell Phone |

All in violation of 18 U.S.C. §§ 1519 and 2.

23

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

35.    Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371, 1512(b)(3) or 2, set forth in Counts 1 and 10 through 12, the defendants,

JAMES BAUGH and
DAVID HARVILLE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

36.    If any of the property described in Paragraph 36, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 36 above.

24

**R430**

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

11/3/2020

SETH B. KOSTO
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

November 3rd

District of Massachusetts: ~~October~~ 3, 2020
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

11/3/2020 @ 2:05pm

25

**R431**

**Criminal Case Cover Sheet**                              **U.S. District Court - District of Massachusetts**

| | | | |
|---|---|---|---|
| **Place of Offense:** | | **Category No.** II | **Investigating Agency** FBI |

**City**    Natick

**County**    Middlesex                        **Related Case Information:**

Superseding Ind./ Inf. _____    Case No. _____
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number    20-MJ-2398-MBB
Search Warrant Case Number    _____
R 20/R 40 from District of    _____

**Defendant Information:**

Defendant Name    JIM BAUGH                          Juvenile:    ☐ Yes  ☑ No

Is this person an attorney and/or a member of any state/federal bar:    ☐ Yes  ☑ No

Alias Name    _____

Address    (City & State)  Little Rock, Arkansas

Birth date (Yr only): 1974   SSN (last4#): 6549   Sex M    Race: W    Nationality: USA

**Defense Counsel if known:**    William Fick, Esq.        Address  Fick & Marx LLP

**Bar Number**    _____

**U.S. Attorney Information:**

**AUSA**    Seth B. Kosto            Bar Number if applicable    _____

**Interpreter:**    ☐ Yes  ☑ No        List language and/or dialect: _____

**Victims:**    ☑ Yes ☐ No  If yes, are there multiple crime victims under 18 USC§3771(d)(2)    ☐ Yes  ☑ No

**Matter to be SEALED:**    ☐ Yes  ☑ No

☐ Warrant Requested        ☑ Regular Process        ☐ In Custody

**Location Status:**

**Arrest Date**    06/15/2020

☐ Already in Federal Custody as of _____ in _____ .
☐ Already in State Custody at _____ ☐ Serving Sentence  ☐ Awaiting Trial
☑ On Pretrial Release:    Ordered by:    NDCA        on    6/16/2020

**Charging Document:**    ☐ Complaint    ☐ Information    ☑ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☑ Felony    9

Continue on Page 2 for Entry of U.S.C. Citations

☑    **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

Date:    11/02/2020        Signature of AUSA:    _S.B.K._

**R432**

JS 45  (5/97)   (Revised U.S.D.C. MA 12/7/05) Page 2 of 2 or Reverse

**District Court Case Number**   (To be filled in by deputy clerk): _____

**Name of Defendant**   Jim Baugh _____

## U.S.C. Citations

| | <u>Index Key/Code</u> | <u>Description of Offense Charged</u> | <u>Count Numbers</u> |
|---|---|---|---|
| Set 1 | 18 USC 371 | Conspiracy to commit stalking through interstate travel and facilities of interstate commerce | 1 |
| Set 2 | 18 USC 2261A(1) | Stalking through interstate travel | 2-3 |
| Set 3 | 18 USC 2261A(2) | Stalking through facilities of interstate commerce | 6-7 |
| Set 4 | 18 USC 1512(b)(3) | witness tampering | 10-11 |
| Set 5 | 18 USC 1519 | fabrication and destruction of records in a federal investigation | 13-14 |
| Set 6 | 18 USC 981(a)(1)(c) | Asset Forfeiture | N/A |
| Set 7 | 28 USC 2461(c) | Asset Forfeiture | N/A |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:** _____

_____

_____

_____

**R433**

**Criminal Case Cover Sheet**            **U.S. District Court - District of Massachusetts**

| | | | |
|---|---|---|---|
| **Place of Offense:** | | **Category No.** II | **Investigating Agency** FBI |

**City**    Natick         **Related Case Information:**

**County**    Middlesex

Superseding Ind./ Inf. _____ Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number   20-MJ-2398-MBB
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   DAVID HARVILLE      Juvenile:   ☐ Yes ☑ No

Is this person an attorney and/or a member of any state/federal bar:   ☐ Yes ☑ No

Alias Name _____

Address    (City & State)   Las Vegas, NV

Birth date (Yr only): 1971   SSN (last4#): 5021   Sex M    Race: W    Nationality: USA

**Defense Counsel if known:**   Daniel Gelb      Address 900 Cummings Center, Suite 207-V

**Bar Number** _____      Beverly, MA 01915

**U.S. Attorney Information:**

**AUSA**   Seth B. Kosto      Bar Number if applicable _____

**Interpreter:**   ☐ Yes ☑ No      List language and/or dialect: _____

**Victims:**   ☑ Yes ☐ No   If yes, are there multiple crime victims under 18 USC§3771(d)(2)   ☐ Yes ☑ No

**Matter to be SEALED:**   ☐ Yes ☑ No

☐ Warrant Requested      ☑ Regular Process      ☐ In Custody

**Location Status:**

**Arrest Date**   06/15/2020

☐ Already in Federal Custody as of _____ in _____ .
☐ Already in State Custody at _____ ☐ Serving Sentence ☐ Awaiting Trial
☑ On Pretrial Release:   Ordered by:   Marianne B Bowler   on   6/15/2020

**Charging Document:**   ☐ Complaint ☐ Information ☑ Indictment

**Total # of Counts:**   ☐ Petty ___ ☐ Misdemeanor ___ ☑ Felony 7

Continue on Page 2 for Entry of U.S.C. Citations

☑   **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

Date:   11/02/2020      Signature of AUSA: _____

**R434**

JS 45 (5/97) (Revised U.S.D.C. MA 12/7/05) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    David Harville _____

**U.S.C. Citations**

| | **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|---|
| Set 1 | 18 USC 371 | Conspiracy to commit stalking through interstate travel and facilities of interstate commerce | 1 |
| Set 2 | 18 USC 2261A(1) | Stalking through interstate travel | 4-5 |
| Set 3 | 18 USC 2261A(2) | Stalking through facilities of interstate commerce | 8-9 |
| Set 4 | 18 USC 1512(b)(3) | witness tampering | 12 |
| Set 5 | 18 USC 1519 | fabrication and destruction of records in a federal investigation | 15 |
| Set 6 | 18 USC 981(a)(1)(c) | Asset Forfeiture | N/A |
| Set 7 | 28 USC 2461(c) | Asset Forfeiture | N/A |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:** _____

_____

_____

_____

USAMA *CRIM* - Criminal Case Cover Sheet.pdf   3/4/2013

**R435**

Exhibit C

**Subject:** Re: eBay Imposter Twitter account - Privileged
**Date:** Wednesday, August 7, 2019 at 3:43:05 PM Pacific Daylight Time
**From:** Wymer, Steve
**To:** Johnson, Aaron
**CC:** Baugh, Jim, Huber, Marie

I am utterly vexed by this! This twitter account dominates our social narrative with his CONSTANT obsession with trolling us. It's more than annoying, it's very damaging. There are a few people (this guy and the eComercebytes gal) infatuated with eBay who have seemingly dedicated their lives to erroneously trashing us as a way to build their own brand – or even build a business. It's genuinely unfair and causes tremendous damage because we look bad fighting back in public and standing up for ourselves. If we could engage, I'd welcome the fight and we have a lot of facts and truth to win with. But, instead we take shots broadside and sit on our powder. This issue gives me ulcers, harms employee moral, and trickles into everything about our brand. I genuinely believe these people are acting out of malice and ANYTHING we can do to solve it should be explored. Somewhere, at some point, someone chose to let this slide. It has grown to a point that is absolutely unacceptable. It's the "blind eye toward graffiti that turns into mayhem" syndrome and I'm sick about it. Whatever. It. Takes

**From:** Johnson, Aaron <aajohnson@ebay.com>
**Sent:** Wednesday, August 7, 2019 3:39:13 PM
**To:** Wymer, Steve <swymer@ebay.com>
**Cc:** Baugh, Jim <jbaugh@ebay.com>; Huber, Marie <mhuber@ebay.com>
**Subject:** RE: eBay Imposter Twitter account - Privileged

(-Devin)

Steve - What's your thinking on this from a comms perspective? We've escalated at Twitter, but as noted, the legal claim is weak and Twitter is notoriously slow to respond (~3 weeks) and rigid in their interpretation of the law and their policies. We can continue to press this, but to set expectations, I don't think they'll take action. The other avenue is to go after the Twitter directly with a cease & desist letter (if we can find him/her). That also has a low likelihood of success and potential backfire (low risk). Given the strength of the claims and the cost, I'd strongly recommend against suing.

Jim – any news/developments on your end?

Let me know if you want to discuss live.

Thanks,
aj

**R437**

**From:** Huber, Marie <mhuber@ebay.com>
**Sent:** Tuesday, August 6, 2019 10:00 AM
**To:** Wenig, Devin <devin@ebay.com>; Wymer, Steve <swymer@ebay.com>
**Cc:** Baugh, Jim <jbaugh@ebay.com>; Johnson, Aaron <aajohnson@ebay.com>; Huber, Marie
<mhuber@ebay.com>
**Subject:** FW: eBay Imposter Twitter account - Privileged

Oh man, ditto.  We have escalated through legal channels at Twitter and they've said that this doesn't violate
their policies.  (He also harasses me and others.)

Unfortunately, it does not violate copyright laws b/c someone can use a logo in parody, and that's not actionable
under the law.  Also, the user has a disclaimer saying that it isn't affiliated with eBay.

The next step could be a letter to Twitter and/or the Twitter user from our outside counsel.  Even tho' this is not
a strong legal claim, we can send a letter.   It gets closer to the line to the extent the user purports to give advice
on eBay policies;  it's still a tough claim.

If we send a letter, the user could tweet it and create more cycles.  Legally, we don't care about that, but don't
know Steve if you do.

Marie

---

**From:** Wymer, Steve <swymer@ebay.com>
**Sent:** Tuesday, August 6, 2019 6:35:31 AM
**To:** Wenig, Devin <devin@ebay.com>; Huber, Marie <mhuber@ebay.com>; Baugh, Jim <jbaugh@ebay.com>
**Subject:** Re: eBay Imposter Twitter account

Oh man... I've spent some cycles on this..  and discussed with Jim.

It's more complex than you might think (and he harasses me too). He officially follows all of Twitter's policies to
prevent being shut down - uses a similar, but actual version of our logo and clearly states in his bio description
that he is "not an official eBay account."

Continuing to explore options (and legal has pursued this as well) but we've already been all over this one and
unable to get it killed.

Will continue to try, but Twitter is a sea of garbage on these things...

---

**From:** Wenig, Devin <devin@ebay.com>
**Sent:** Tuesday, August 6, 2019 6:31:34 AM

**To:** Huber, Marie <mhuber@ebay.com>; Wymer, Steve <swymer@ebay.com>; Baugh, Jim <jbaugh@ebay.com>
**Subject:** Fwd: eBay Imposter Twitter account

First of all we should shut down the account. Second this user name keeps popping up causing all kinds of trouble.  Might be worth some research Jim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JIM BAUGH, *et al.*

No.  20-cr-10263-PBS

## DEFENDANT JIM  BAUGH'S MOTION FOR RULE 17(c) SUBPOENAS TO EBAY AND MORGAN LEWIS WITH INCORPORATED MEMORANDUM

Pursuant to Fed. R. Crim. P. 17(c), Defendant Jim Baugh respectfully moves for leave to issue pretrial document subpoenas to eBay Inc. (Exhibit A) and Morgan, Lewis & Bockius LLP (Exhibit B).[1]

## INTRODUCTION

The Indictment in this case alleges a bicoastal conspiracy that was planned from eBay's headquarters in San Jose, California, and unfolded around a private residence in Natick, Massachusetts. D.E. 33. It alleges that Mr. Baugh, along with other eBay employees and contractors, harassed and intimidated a couple ("Victims 1 and 2"), who published an online newsletter ("Newsletter") about eBay and other ecommerce companies.[2] It further alleges that Mr.

---

[1] While Mr. Baugh could have filed this motion *ex parte, see, e.g., United States v. Colburn*, No. 19-cr-10080-NMG, 2020 U.S. Dist. 209113, *7-*8 (D. Mass. Nov. 9, 2020), there would be little strategic advantage in doing so given the close cooperation between eBay and the prosecution. Notably, however, a party (here, the prosecution) has no standing to challenge a subpoena served upon non-parties. *See, e.g., Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506-ADB, 2020 U.S. Dist. LEXIS 112969, *26-*28 (D. Mass. Jun. 26, 2020) (collecting cases).

[2] This motion refers to the "Victims" and "Newsletter" as in the Indictment, but their identities are no secret. Indeed, they have filed a civil lawsuit and held at least one press conference. *See Steiner et al. v. eBay, Inc. et al.,* No. 21-cv-11181-DPW (D. Mass.); *see also* Aaron Pressman, "'It has to be known what was done to us': Natick couple harassed by eBay tell their story for the first time," THE BOSTON GLOBE (Jul. 31, 2021), available at https://tinyurl.com/3ydekuzz.

1

**R440**

Baugh and the others sought to obstruct an investigation of the charged conspiracy by lying to eBay investigators and local police and by destroying documents.

The alleged objectives of the charged conspiracy, according to the Indictment, were "to distract the Victims from publishing the Newsletter, to alter the Newsletter's coverage of eBay, and to gather information that the defendants and their co-conspirators could use to discredit the Victims and the Newsletter." *Id.* ¶ 12. But the broader purpose, the Indictment indicates, was to satisfy "eBay's senior leadership," who "perceived the Newsletter as a threat to eBay's public image." *Id.* ¶ 10 ("These senior eBay executives disliked the Newsletter's content and comments that the Newsletter's readers posed[.]").

Specifically, the fifteen-count Indictment charges that, in violation of 18 U.S.C. § 371, Mr. Baugh conspired (i) to travel in interstate commerce to stalk the Victims and (ii) to use the facilities of interstates commerce to cyber-stalk them (Count I). D.E. 33. It also charges the substantive offenses of stalking in violation of 18 U.S.C. § 2261(A)(1)(B) (Counts II and III) and cyber-stalking in violation of 18 U.S.C. § 2261(A)(2)(B) (Counts VI and VII). Further, the Indictment charges that, in violation of 18 U.S.C. § 1512(b)(3), Mr. Baugh committed witness tampering against a Natick Police Department ("NPD") detective (Count X) and eBay investigators (Count XI). Finally, it charges that, in violation of 18 U.S.C. § 1519, Mr. Baugh obstructed a federal investigation into the charged conspiracy by directing a colleague to falsify a document (Count XIII) and by destroying data on his cellphone (Count XIV).[3]

Although the Indictment does not identify the "eBay investigators" whom Mr. Baugh allegedly misled, published reports indicate that, to assist in-house counsel, in August 2019, eBay

---

[3] The Indictment includes parallel counts against co-Defendant David Harville for all but two of the substantive charges (Counts IV, V, VIII, IX, XII, and XV).

hired Morgan Lewis & Bockius LLP, a global law firm, to conduct "an internal probe of the scheme." Brian Dowling, "*Former EBay Execs Deny New Charges In Cyberstalking Case*," LAW360 (Nov. 19, 2020).[4] Based on that internal investigation, eBay "fired everyone involved, including then-Chief Communications Officer Steven Wymer." *Id.*

## BACKGROUND[5]

The criminal complaint recounts that former Chief Executive Officer Devin Wenig (identified as "Executive 1") and Wymer (identified as "Executive 2") closely followed the Newsletter, expressed extreme hostility toward the Victims, and were the primary drivers of the alleged efforts to harass and intimidate them. On April 10, 2019, Wymer texted Wenig, "We are going to crush this lady," referring to Victim 1. D.E. 3-2 at ¶ 18. On May 31, 2019, Wenig directed Wymer, "Take her down." *Id.* at ¶ 20. On July 18, 2019, Wenig's wife contacted Baugh about the Newsletter, expressing her concern that Victim 1 "gets people worked up with the way she skews her stories." *Id.* at ¶ 31.

Concerns that false, misleading, personal, and inflammatory content in the Newsletter could incite actual physical violence preoccupied eBay's executives—and, as a result, Mr. Baugh and his eBay security team, too. In the wake of the April 2018 mass shooting at YouTube headquarters, the large, open eBay "campus" comprised of multiple buildings in San Jose was viewed as particularly vulnerable. And the eBay "Open" conference, which draws a large, often-

---

[4] Available at https://tinyurl.com/yyn2rmzp. In addition, the prosecution has produced in discovery multiple cover letters from Morgan Lewis accompanying materials from its investigation that the firm selectively provided to federal law enforcement.

[5] This background narrative is for the purpose of this Motion only. It is substantially based on the charging documents and materials produced by the government in discovery. Mr. Baugh does not concede that any particular facts or allegations, many of which are outside his personal knowledge, are true or accurate.

fractious collection of eBay sellers to Las Vegas every year, was also viewed as high-risk. Indeed, the 2019 conference was held at the Mandalay Bay, the same site where one of the nation's worst mass shooting incidents had taken place in 2017.

On August 1, 2019, the Newsletter posted an article about a RICO lawsuit by eBay, in which Victim 1 criticized Wenig for his failure "to stop a decline in market sales" and the lawsuit as "not the best tactic" in an effort "to dissuade sellers from turning to Amazon." That same day, Wenig angrily texted Wymer: "If you are ever going to take [Victim 1] down . . . now is the time." *Id.* at ¶¶ 35-36. Wymer quickly responded: "On it." *Id.* at ¶ 37. Following his exchange with Wenig, Wymer contacted Mr. Baugh, calling Victim 1 a "biased troll" who "needs to get BURNED DOWN." *Id.* at ¶ 38. Critically, Wymer assured Mr. Baugh that eBay would "embrace managing any bad fall out," because the company "need[s] to STOP her." *Id.* ¶ 39. According to the criminal complaint, the charged conspiracy then moved into its planning and execution phases.

During the initial planning, Mr. Baugh allegedly told his co-conspirators, who all worked in eBay's corporate security operation, that they had "executive support for these actions," and he "shared with one or more members of the group" text messages from eBay's senior leadership. *Id.* at ¶ 44. Later, Mr. Baugh forwarded to others an email from Wymer, in which Wymer wrote that the Newsletter was "very damaging" to eBay and that the Victims were "acting out of malice." *Id.* at ¶ 49. In his email, Wymer exhorted Mr. Baugh:

> ANYTHING we can do to solve it should be explored. Somewhere, at some point, someone chose to let this slide. It has grown to a point that is absolutely unacceptable. It's the "blind eye toward graffiti that turns into mayhem" syndrome and I'm sick about it. *Whatever. It. Takes.*

*Id.* (emphasis added). In another message, sent a few days later, Wymer told Mr. Baugh:

> I want to see ashes. As long as it takes. *Whatever it takes.*

*Id.* at ¶ 56 (emphasis added).

Based on these consistent, unequivocal messages from eBay's senior leadership, Mr. Baugh allegedly advised his co-conspirators that he had been "ordered" by "the bosses" "to find and destroy" the Victims and their Newsletter. *Id.* at ¶ 59. Mr. Baugh allegedly emphasized that "[Wymer] said this has to stop even if . . . eBay takes on some risk," referring to potential legal liability, and that the company would provide any necessary legal support. *Id.* at ¶ 161 ("If I need to bring in an[] eBay attorney to talk to cops, I have that in my back pocket.").

The charged conspiracy failed to accomplish its alleged objectives. Rather than distract the Victims or change the content of their Newsletter, it prompted a local police investigation in Massachusetts. After a detective from the Natick Police Department followed several clues back to eBay's headquarters in California, Mr. Baugh and other eBay employees and contractors allegedly lied to "eBay investigators," destroyed records on "eBay-issued cellphones," and removed computers from eBay's offices. *Id.* at ¶¶ 13, 16jjj, 16lll, 16mmm, 16ooo.

These developments were a focus of extensive discussions at the highest levels of the company.

> The eBay board's audit committee learned of the investigation in late August [2019], and the broader board was briefed the following month during a five-hour call led by lawyers at Morgan Lewis & Bockius, according to people familiar with the matter.

Kristin Grind & Sebastian Herrera, "*'Crush This Lady.' Inside eBay's Bizarre Campaign Against a Blog Critic*," THE WALL STREET JOURNAL (June 24, 2020).[6] Although the board was reportedly told that Wenig had been unaware of the charged conspiracy, he promptly left eBay in September 2019 with an "exit package" reportedly worth $57 million. *See id.*; *see also* eBay, Inc. SEC Form 8-K (Sept. 25, 2019).[7] Wymer, on the other hand, was fired in September 2019. *See* Spencer Soper,

---

[6] Available at https://tinyurl.com/yzvd43tp.

[7] Available at https://sec.report/Document/0001193125-19-254832/.

"*EBay Former PR Chief Is 'Executive 2' in Indictment*," BLOOMBERG LAW (June 17, 2020).[8] Mr. Baugh and all his co-defendants were also fired.

## SUBPOENAS FOR DOCUMENTS

A defendant may request subpoenas *decus tecum* that are returnable prior to trial. *See* Fed. R. Crim. P. 17(c); *United States v. Kravetz*, 706 F.3d 47, 53 n.2 (1st Cir. 2013). To obtain a subpoena for documents, a criminal defendant must "clear three hurdles: (1) relevancy, (2) admissibility; and (3) specificity." *United States v. Henry*, 482 F.3d 27, 30 (1st Cir 2007) (citing *United States v. Nixon*, 418 U.S. 683, 698-700 (1974)) (explaining the "chief innovation" of Rule 17(c) was "to expedite . . . trial by providing a time and place before trial for the inspection of subpoenaed materials"). Because Rule 17(c) has "constitutional underpinnings," based on a defendant's rights to due process (Fifth Amendment) and compulsory process (Sixth Amendment), the courts have "the resultant obligation . . . to assist criminal defendants in exercising their rights." *United States v. Colburn*, No. 19-cr-10080-NMG-PK, 2020 U.S. Dist. LEXIS 209113, at *6-7 (D. Mass. Nov. 9, 2020).

The materials that Mr. Baugh seeks from eBay and Morgan Lewis are plainly relevant to the pending criminal charges; indeed, they concern eBay's internal investigation of the very same alleged conduct.

The requested materials also have evidentiary value, for several reasons. They will undoubtedly include direct evidence of the events that transpired (i) at eBay headquarters before the alleged "operation"; (ii) in Natick when the alleged harassment, intimidation, and surveillance later occurred; and (iii) again in San Jose during the alleged "cover-up." The records will also provide definitive proof that senior eBay executives, including in-house attorneys, knowingly

---

[8] Available at https://tinyurl.com/ys5s9pux.

participated in the charged conspiracy. Finally, internal documents from eBay and Morgan Lewis will offer support for a necessity defense, and show that at all times, Mr. Baugh acted in good-faith.

For example, it will be impossible for the prosecution to prove that Mr. Baugh misled eBay because, as the evidence from the company's investigation will show, Mr. Baugh acted at the direction of Wenig and Wymer and provided regular updates as events unfolded to Wenig and Wymer as well as Marie Huber, the General Counsel; Wendy Jones, the Chief Operating Officer (who was Mr. Baugh's boss); and other eBay executives. Moreover, the prosecution will not be able prove that Mr. Baugh acted "knowingly" and "intentionally" – that is, with a general awareness that his conduct was unlawful – because senior corporate leadership led Mr. Baugh to believe that the alleged actions the Victims were necessary to protect the security of eBay and its employees, and they promised to provide legal support to Mr. Baugh and the others.

The email that Wymer sent on August 7, 2019, which the criminal complaint quoted at length, *see* D.E. 3-2 at ¶ 49, was written in response to an earlier email that an in-house eBay attorney sent to Wymer, Huber, and Mr. Baugh, about the limited options for addressing disturbing tweets about eBay, which the company believed were connected to, or provoked by, the Newsletter. The full thread, attached as Exhibit C, makes clear that Huber and Aaron Johnson in eBay's legal department requested that Mr. Baugh regularly update the company's senior executives about "any news/developments on [his] end." Ex. C. That is exactly what happened. During a lengthy discussion by email about @unsuckebay (also known as "the Parody Account"), attached as Exhibit D, one of the accounts that sent many of the most troubling tweets and continuously harassed eBay executives, *see* D.E. 3-2 at ¶¶ 18, 57-58, Mr. Baugh reported to Wenig, Wymer, and Huber that the security department was working to gather "information regarding [the

7

poster's] identity and location" and stating that he would continue to "work with" Wenig and Huber "to determine the best course of action." Ex. D. In the same thread, Wymer mentioned corporate and legal efforts to "get [@unsuckebay] killed." *Id.*

Although eBay will likely assert attorney-client privilege over some of the requested materials, Mr. Baugh's constitutional rights to a fair trial trump any common-law interest that the company may have in the confidentiality of internal investigation. "Whether rooted" in the rights of due process, compulsory process, or confrontation, "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986); *see Taylor v. Illinois*, 484 U.S. 400, 409 (1988) (holding the Sixth Amendment guarantees "the right to present the defendant's version of the facts"); *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) (holding "criminal defendants have the right . . . to put before a jury evidence that might influence the determination of guilt"). As a result, "[e]ven the attorney-client privilege" should "yield in a particular case" if a defendant's constitutional rights "would be violated by enforcing the privilege." *United States v. Rainone*, 32 F.3d 1203, 1206 (7th Cir. 1994); *see United States v. W.R. Grace*, 439 F. Supp. 2d 1125 (D. Mont. 2006) (ruling "the attorney-client privilege could in certain circumstances yield to a defendant's Sixth Amendment rights") (citing *Murdoch v. Castro*, 365 F.3d 699 (9th Cir. 2004)).

Here, separately, given the materials that eBay has apparently provided to investigators and that the prosecution has quoted in its charging documents, eBay has likely waived any claim of attorney-client privilege through its voluntary disclosure to a third-party. *See In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003) ("[T]he attorney-client privilege may be waived . . . When otherwise privileged communications are disclosed to a third party, the disclosure destroys the confidentiality upon which the privilege

R447

is premised."); *see generally United States v. Mass. Inst. of Tech.*, 129 F.3d 681, 684-85 (1st Cir. 1997) (including under "waiver," "selective disclosure to some outsiders but not all," and explaining that such disclosure is inconsistent with confidentiality, "the search for truth," and "fairness" to all parties); *see also Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) ("Knowing disclosure to third-party almost invariably surrenders the privilege with respect to the world at large; selective disclosure is not an option."). To be sure, a party, like eBay, "cannot . . . engage in selective disclosure and waive the privilege only as to beneficial communications," *Mag Jewelry Co. v. Cherokee, Inc.*, No. 04-174T, 2005 U.S. Dist. LEXIS 53358, at *5 (D.R.I. Aug. 12, 2005), or as to cherry-picked information that it chooses to reveal to the prosecution for use against Baugh and other former employees.

Even if eBay has not already waived any privilege claim, courts have concluded that, when in conflict, a defendant's confidential rights take precedence over a corporation's common-law claim to confidentiality. In *United States v. W.R. Grace*, 439 F. Supp. 2d 1125 (D. Mont. 2006), the court allowed a motion by three defendants to use Grace's privileged documents in their defense at trial.

> Grace has asserted its legitimate interest in protecting its privileged communications unconditionally and in good faith. Still, the law requires that the privilege yield where its invocation is incompatible with a criminal defendant's Sixth Amendment rights.

*Id.* at 1145; *see id.* at 1142 (recognizing that privileged material may be "of such probative and exculpatory value as to compel admission of the evidence over Defendant Grace's objection as the attorney-client privilege holder" and ruling admissibility determinations would be "made on a document-by-document basis at trial"). Similarly, in *United States v. Mix*, Crim. No. 12-171 Section "K"(1), 2012 U.S. Dist. LEXIS 88044 (E.D. La. June 26, 2012), the court ordered BP to disclose its privileged materials to the defendant and stated that, if necessary at trial, it would

9

**R448**

establish a protocol to determine which documents are subject to the attorney-client privilege and whether any such documents should be admitted into evidence at trial," notwithstanding the privilege. *Id.* at \*8-\*9 (following *W.R. Grace*). In *United States v. Weisberg*, No. 08-CR-347 (NGG) (RML), 2011 U.S. Dist. LEXIS 37221 (E.D.N.Y. Apr. 5, 2011), the defendant sought a Rule 17(c) subpoena for documents from two law firms that asserted attorney-client privilege. Recognizing that such material may be "so important to the defense that its disclosure is constitutionally required," the court ruled that it would be "appropriate" to review *in camera* each privileged item. *Id.* at \*15.

Precedent exists in this District for a strategy of piercing a corporation's privilege to obtain evidence that may show a defendant's "good faith." In *United States v. Stryker Biotech*, No. 09-cr-10330 (D. Mass.), the former president of Stryker Biotech, Mark Philip, who had been indicted along with the company and three former sales executives, moved to sever his trial from the company's case so that he could present a good-faith defense based on his frequent communications with in-house and outside counsel who (according to Philip) had not raised any legal or compliance concerns. *See id.,* D.E. 264-65. Philip argued that his constitutional right to use exculpatory material was incompatible with the company's attorney-client privilege. Stryker Biotech acknowledged that privileged material was exculpatory to Philip because it tended to negate the prosecution's proof of specific intent, but the company objected to the admission of those materials, claiming they would prejudice the company's own right to a fair trial. *See id.,* D.E. 267 at 1-2. To protect Philip's right to present his defense and also to respect Stryker's interest in the privilege, on the eve of trial, the court allowed Philip's motion to sever, ordering a separate trial at which Philip could use Stryker's privileged materials to present his good-faith defense. *See* Electronic Clerk's Note (Jan. 9, 2019); *see also* Stephen G. Huggard and Hilary B. Dudley, "*The*

R449

*Sword, a Shield, and Severance: The Corporate Attorney-Client Privilege in White Collar Criminal Prosecutions*," BLOOMBERG LAW (Sept. 11, 2012).[9] Ultimately, before the separate trial, the prosecution dismissed all charges against Philip. *See Stryker, supra,* D.E. 309.

Finally, the requested subpoenas are narrowly tailored to serve Mr. Baugh's need to gather relevant, admissible evidence in advance of trial to prepare his defense. Mr. Baugh does not seek "any and all" documents in eBay's possession, custody, or control concerning the charged conspiracy or "any and all" documents concerning Morgan Lewis's internal investigation.  Rather Baugh seeks only the following specific, discrete categories of documents: (1) the final report (or reports) from eBay's internal investigation, (2) the presentation (or presentations) made by Morgan Lewis to the Audit Committee and the Board (along with the supporting materials that Morgan Lewis provided and any minutes of those meetings), (3) the memoranda or recordings of interviews with Mr. Baugh in which he allegedly lied to eBay investigators, (4) the memoranda or recordings of interviews with other eBay employees who spoke to investigators about Mr. Baugh's alleged involvement in the charged conspiracy, and (5) forensic analysis of Baugh's alleged falsification or destruction of evidence; and (6) (from eBay only) communications among specific eBay personnel concerning a limited range of key topics. It should not be difficult for eBay and/or Morgan Lewis to locate these materials or unduly burdensome to produce them to Mr. Baugh, especially in light of his constitutional rights to confront his accusers and present his defense.

## CONCLUSION

For the foregoing reasons, Defendant Jim Baugh respectfully requests that this Court allow the Motion and grant him leave to serve the proposed subpoena on eBay, Inc. and Morgan, Lewis & Bockius LLP.

---

[9] Available at https://tinyurl.com/3emccueb.

Respectfully submitted,

**JIM BAUGH**

by his attorneys,

_/s/ William Fick_
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
_wfick@fickmarx.com_
_dmarx@fickmarx.com_

### CERTIFICATE OF SERVICE

I caused the foregoing document to be served, by ECF filing August 24, 2021, on the parties registered for ECF notices in this case. A courtesy copy will also be served by e-mail on counsel for eBay.

_/s/ William Fick_

16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jim Baugh | ) | Case No. 20-cr-10263-PBS |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   eBay Inc.

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: | Date and Time: |
|---|---|
| Fick & Marx LLP, 24 Federal Street FL 4, Boston, MA 02116 | Within 21 days |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:   _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Jim Baugh
_____ , who requests this subpoena, are:

William Fick, Fick & Marx LLP, 24 Federal Street, FL 4, Boston, MA 02116
wfick@fickmarx.com
857-321-8360

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

'6) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

.e No.   20-cr-10263-PBS

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

   ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

   ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

   $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

'6)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

(1)  Final report(s) from the eBay and/or Morgan Lewis internal investigation(s) of Baugh and/or activities by Baugh and/or other eBay officers, employees, or agents in relation to EcommerceBytes and/or David and/or Ina Steiner;

(2)  Presentation(s) concerning Baugh and/or activities by Baugh and/or other eBay officers, employees, or agents in relation to EcommerceBytes and/or David and/or Ina Steiner made by eBay employees, in-house counsel, or Morgan Lewis to the Audit Committee or the Board (along with the supporting materials that eBay employees, in-house counsel, or Morgan Lewis provided and any minutes of those meetings);

(3)  Memoranda, recordings, and notes of interviews with Baugh conducted by eBay employees, in-house counsel, or Morgan Lewis;

(4)  Memoranda, recordings, and notes of interviews with individuals who spoke to eBay employees, in-house counsel, or Morgan Lewis about Baugh and/or activities by Baugh and/or other eBay officers, employees, or agents in relation to EcommerceBytes and/or David and/or Ina Steiner;

(5)  Forensic analyses of alleged falsification or destruction of evidence by Baugh and/or other eBay employees or contractors;

(6) Communications from 2017 through 2019 between or among any of Devin Wenig, Cyndy Lam, Scott Schenkel, Steve Wymer, Wendy Jones, Marie Huber, Molly Finn, Amir Vonsover, Aaron Johnson, Russell Phimister, and/or Baugh concerning any of the following:

EcommerceBytes

David Steiner

Ina Steiner

@FidoMaster1 Twitter account

@unsuckebay Twitter account

Elliott Management

Jessie Cohn

**R455**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

vs.                                                    Criminal No. 20-CR-10263-PBS

JIM BAUGH, et al.,                                     HEARING SCHEDULED FOR:
                                                       January 28, 2022
Defendants.

## DECLARATION OF ANDREW C. PHELAN, ESQ.

I, Andrew C. Phelan, Esq., hereby depose and say as follows:

1.      I submit this declaration in support of the motions of eBay, Inc. ("eBay") and

Morgan, Lewis & Bockius LLP ("Morgan Lewis") to partially quash the Rule 17  subpoenas

served on them by defendant Jim Baugh ("Baugh" or "Defendant") in the above-captioned

matter.  Unless otherwise noted, the statements set forth herein are based on my own personal

knowledge.  They are true to the best of my knowledge, information and belief as of the date I

signed this declaration.

2.      I am an attorney licensed to practice law in Massachusetts.  I am currently the

managing partner of Phelan Law, LLC, a position I have held since January 2020.  Prior to

January 2020, I was a partner for over fifteen years at the law firms of Morgan Lewis and

Bingham McCutchen LLP prior to its acquisition by Morgan Lewis.  Prior to joining Bingham

McCutchen, I was an Assistant United States Attorney in the District of Columbia and, before

that, a Trial Attorney at the U.S. Department of Justice.  For the past twenty years, my practice

has primarily focused on representing individuals and organizations in commercial litigation

matters and criminal and regulatory investigations and enforcement matters, including many

internal investigations.

1

3.      On or about August 28, 2019, eBay engaged Morgan Lewis to conduct an internal investigation in coordination with eBay's in-house legal team (the "Internal Investigation") of allegations that certain eBay employees and contractors were involved in the harassment of Ina and David Steiner (the "Steiners"), a couple living in Natick, Massachusetts.

4.      Around that same time, the United States Attorney's Office for the District of Massachusetts ("USAO"), in conjunction with the Natick Police Department, the FBI and other law enforcement agencies, initiated an investigation of the alleged harassment (the "USAO Investigation").  Morgan Lewis represented eBay in connection with the USAO Investigation.

5.      I was the partner at Morgan Lewis primarily responsible for representing eBay in both the Internal Investigation and the USAO Investigation.  I held that role through the date of my departure from Morgan Lewis.  Following my departure, I continued to represent eBay as its principal outside counsel responsible for both the Internal Investigation and the USAO Investigation.  Morgan Lewis also continued to represent eBay in connection with the USAO Investigation after my departure.  Morgan Lewis and I continuously acted as eBay's attorneys in connection with both the Internal Investigation and the USAO Investigation from August 28, 2019 through the present.

6.      The purpose of the Internal Investigation was to collect relevant facts regarding the alleged harassment of the Steiners in order to provide legal advice to eBay.  Documents and communications created during the course of the Internal Investigation were prepared to provide legal advice and in anticipation of potential litigation.

7.      The Internal Investigation was conducted in close coordination with eBay's in-house legal team.  That team includes attorneys who regularly conduct internal investigations, including investigations of potential misconduct by eBay employees.  Among the members of

2

**R457**

that team were Amir Vonsover, an attorney in eBay's legal department, who had principal

responsibility within eBay to investigate the alleged harassment, and Shannon Macauley, a

senior paralegal in eBay's legal department.

8.      Shortly before eBay engaged Morgan Lewis to conduct the Internal Investigation,

eBay attorneys had begun their own investigation of the allegations regarding the Steiners. The

Natick Police Department first contacted eBay about harassment of the Steiners on August 20

and 21, 2019, in response to which eBay immediately began an internal investigation. eBay's

investigation included rapidly collecting documents and conducting numerous interviews,

including of Baugh, the other co-conspirators identified in Baugh's indictment, then-Chief

Communications Officer Steven Wymer, and others.

9.      As part of the Internal Investigation, Morgan Lewis collected relevant documents

and conducted interviews.  Morgan Lewis also reviewed information that eBay's in-house legal

team had collected as part of their initial investigation.

10.      As is common in my experience, both the initial eBay in-house investigation and

the Internal Investigation were intended to be subject to eBay's attorney client privilege, as well

as work product protection applicable to documents created during the course of the

investigations by both eBay and Morgan Lewis.

11.      Beginning in September 2019 and continuing to the present, I communicated

multiple times with the USAO on behalf of eBay.  I provided to the USAO information that eBay

had learned during the course of the initial eBay in-house investigation and the Internal

Investigation.  I also provided information in response to specific requests for information the

USAO made of eBay.

**R458**

12.    The information I provided consisted of factual information collected during the course of the initial eBay in-house investigation and the Internal Investigation.  That information included documents collected during the investigations, for example, emails and text messages by and among Defendants in this matter and other eBay personnel.  I also provided information showing that certain individuals, including Defendants Baugh and Harville, had hidden their actions from eBay, including by destroying or otherwise deleting evidence of their harassment of the Steiners. The information included their communications and activities before, during, and after the harassment of the Steiners occurred. It also included, among other things, evidence of the Defendants' concealing and destroying evidence, inventing and coordinating a false "cover" story to tell eBay investigators, and falsifying a document to support that false cover story.  Much of the information appeared later in the June 2020 FBI affidavit filed with the original charging documents as well as in the November 3, 2020 indictment in this case against Defendants Baugh and Harville.

13.    I informed the government of statements certain individuals made to eBay attorneys, during eBay's initial investigation of the conduct.  These included statements made to eBay's in-house counsel Amir Vonsover and paralegal Shannon Macauley.  I did not provide copies of any memoranda or notes of those interviews.  Rather, on or about October 13 and 16, 2020, I provided oral reports of statements the following individuals gave to eBay in-house attorneys in August 2019:

      a.    Defendant Jim Baugh (October 13);

      b.    Defendant David Harville (October 13); and

      c.    Steven Wymer (October 16).

To the best of my recollection, I did not discuss with the government the substance of any other interviews conducted during the initial eBay investigation or the Internal Investigation.

14.     With regard to Defendant Baugh, I also told the government that Baugh's attorney had told me in substance in early September 2019 that Baugh had lied to Mr. Vonsover when he denied involvement in harassing the Steiners.  I told the government the attorney's statement that Baugh had confirmed to him that Devin Wenig had never told him to do anything illegal or improper with regard to the Steiners.

15.     On February 23, 2021, eBay made Mr. Vonsover available to the USAO for an interview via Zoom.  I attended that interview.  At the outset of the interview, the USAO said that it was not asking Mr. Vonsover or eBay to waive the attorney client privilege or work product protections and that it was not seeking information subject to those protections. The government said, both in requesting the interview and in the interview, that it was interested in the facts that came from persons interviewed, in particular, their statements about the Steiner harassment. During the interview, Mr. Vonsover related in detail statements that Baugh and Harville had made to him during his investigation in August 2019 as well as some statements made in telephonic interviews of other defendants on the same days as the Harville and Baugh interviews (Brian Gilbert, Scott Fitzgerald (not charged), Stephanie Popp, Veronica Zea, Stephanie Stockwell). The USAO did not ask about the statements made by these other witnesses in any detail. The government's focus was on Baugh and Harville, and the accounts they gave in late August 2019 of their August 2019 harassment of the Steiners. These facts included, for example, Baugh's and Harville's then-immediate efforts to coordinate the false cover story among all the defendants involved about the harassment actions and the steps they took to hide

their actions. To the best of my recollection, the USAO did not ask Mr. Vonsover about any statements by Devin Wenig, Steve Wymer, or Wendy Jones.

16.     In March 2021, I, along with a lawyer from eBay, met with the USAO to discuss the question of eBay's potential criminal liability.  During that meeting we discussed the Department of Justice's principles of federal prosecution applicable to corporations, including the factors set forth in the Department of Justice Manual applicable to consideration of corporate criminal liability.  I showed a PowerPoint deck during the meeting, which set forth information relevant to how the DOJ factors applied to eBay.  That PowerPoint presentation was not represented to be, nor was it intended to be, subject to either the attorney client privilege or work product doctrine.

17.     All information that I provided to the government was subject to the understanding that eBay was not waiving any applicable attorney-client privilege or work product protection.  The government attorneys responsible for the USAO Investigation said to me multiple times that the only information they sought were non-privileged facts regarding the harassment of the Steiners and that the government was not asking eBay to waive the attorney client privilege or work product protection.

18.     I have reviewed the Rule 17 subpoena request for a "final report" on the Internal Investigation. I did not prepare any document that I would characterize as a final report. I did not prepare any written report of the investigation.  I made oral reports to the company without any handouts, PowerPoints or other writings, and in certain instances, I prepared updates reporting the current status of the matter for the company, each of which was one or two pages long.  I did not at any time relay to the government any privileged communications outside or in-house counsel had with the eBay Board regarding the Internal Investigation.

6

I declare under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed, December 17, 2021, in the Commonwealth of Massachusetts, United States of America.

*/s/ Andrew C. Phelan*
Andrew C. Phelan, Esq.

**R462**

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*

Jack. W. Pirozzolo

**R463**

1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
2

3        UNITED STATES OF AMERICA,           )
                                             )
4                      Plaintiff             )
                                             )
5             -VS-                           )  Criminal No. 20-10263-PBS
                                             )  Pages 1 - 106
6        JIM BAUGH, also known as James      )
         Baugh, and DAVID HARVILLE,          )
7                                            )
                       Defendants            )
8                                            )
                       -AND-                 )
9                                            )
         eBAY INC. and                       )
10       MORGAN LEWIS & BOCKIUS LLP,         )
                                             )
11                     Intervenors           )

12
                        **MOTION HEARING BY VIDEO**
13

14              BEFORE THE HONORABLE PATTI B. SARIS
                     UNITED STATES DISTRICT JUDGE
15

16

17
                               United States District Court
18                             1 Courthouse Way
                               Boston, Massachusetts  02210
19                             January 28, 2022, 10:02 a.m.

20

21
                        LEE A. MARZILLI
22                   OFFICIAL COURT REPORTER
                  United States District Court
23               1 Courthouse Way, Room 7200
                      Boston, MA  02210
24                     leemarz@aol.com

25

**R464**

```
 1    orders.  That will happen.
 2         MR. FICK:  And that may well affect all of our
 3    assessments of how broad a waiver may be, because to the extent
 4    the pitch is based on what they learned in interviews, whether
 5    or not they quote somebody, you know, the underlying information,
 6    you can't sort of check their work unless there's access to the
 7    underlying information, right?  So they're using the sword,
 8    they're using the fruits of their investigation to make a pitch
 9    to avoid prosecution, throw Mr. Baugh under the bus; but they
10    as a company have no Rule 16 obligation, they have no Brady
11    obligation, so we're left as an employee, as Mr. Baugh's
12    counsel, with a potentially very incomplete picture.
13         Meanwhile, we also know they make presentations to the
14    Board that results in Wenig, Wymer, other executives getting
15    fired, which seems inconsistent with their apparent pitch to
16    the government that, "Well, those guys had nothing to do with
17    anything."  And, frankly, I find it astonishing for the
18    government to sit here in this hearing if they never asked
19    those pointed questions or asked for the fruits of those --
20         THE COURT:  And all of that's irrelevant.  I
21    understand the emotional appeal of that, but right now we're
22    dealing with particular charges against your clients and
23    whether or not eBay and Morgan Lewis need to turn over witness
24    statements, emails, and the like.  And so the issue is --
25    what's hard for you is, many of the things you're asking for,
```

1    not all but many of them might not be admissible in court.

2    They may or may not be, depending on what witnesses the

3    government chooses to call, but at least they're not

4    independently admissible; a witness interview, for example, or

5    a report to the Board.  But it's not a business record, and I

6    have to go through the *Nixon* -- I'm assuming specificity and

7    relevance, but I need to get through admissibility.  And your

8    argument on the evidence wasn't persuasive, so other than the

9    emails, which are arguably very much admissible, I don't know

10   that you get them or the waiver.

11        MR. FICK:  I think your Honor was right, though, to

12   say that the *LaRouche* case does suggest that things like

13   interview memos and reports and statements are admissible or

14   could be potentially admissible for impeachment.  Sort of the

15   holding of *LaRouche* was, it's very hard to make that

16   determination in the abstract, but, you know, we're not going

17   to reverse the District Court's order to produce the stuff.

18   And I think it would be wrong to limit access to witnesses the

19   government wants to call.  I mean whether or not the government

20   wants to call Wendy Jones, Devin Wenig, or Steve Wymer,

21   Mr. Baugh I think very likely would ask those people pointed

22   questions about, you know, why they believed the Steiners to be

23   such a threat, what they told Mr. Baugh, and not only what they

24   knew but what they didn't want to know and expressly said they

25   didn't want to know about what measures --

<pre>
 1                    UNITED STATES DISTRICT COURT

 2                     DISTRICT OF MASSACHUSETTS

 3    _____

 4    UNITED STATES OF AMERICA,

 5                        Plaintiff,        Criminal Action
                                            No. 20-cr-10126-ADB-1
 6    v.
                                            October 27, 2020
 7    PHILIP COOKE,
                        Defendant.          Pages 1 to 37
 8    _____

 9

10

11

12
                      TRANSCRIPT OF RULE 11 HEARING
13                    HELD VIA ZOOM VIDEOCONFERENCE
             BEFORE THE HONORABLE ALLISON D. BURROUGHS
14                    UNITED STATES DISTRICT COURT

15

16

17

18

19

20
                        JOAN M. DALY, RMR, CRR
21                      Official Court Reporter
                     John J. Moakley U.S. Courthouse
22                    One Courthouse Way, Room 5507
                      Boston, Massachusetts  02210
23                       joanmdaly62@gmail.com

24

25
</pre>

```
1    APPEARANCES:

2
     FOR THE GOVERNMENT:
3
              SETH KOSTO
4             Assistant U.S. Attorney
              U.S. Attorney's Office
5             John J. Moakley Courthouse
              Suite 920
6             One Courthouse Way
              Boston, Massachusetts 02210
7             617.748.3144
              seth.kosto@usdoj.gov
8

9
     FOR THE DEFENDANT:
10
              SUSAN WINKLER, ESQUIRE
11            Winkler Law LLC
              120 Holmes Street
12            Unit 313
              Quincy, MA 02171
13            617-642-6671
              Winkler.susan@gmail.com
14

15

16

17

18

19

20

21

22

23

24

25
```

**R468**

```
 1                        P R O C E E D I N G S
 2                    (The following proceedings were held in via Zoom
 3       videoconference before the Honorable Allison D. Burroughs,
 4       United States District Judge, United States District Court,
 5       District of Massachusetts, on October 27, 2020.
 6                    The defendant, Philip Cooke, is present with
 7       counsel.  The Assistant U.S. Attorney is present.)
 8                    THE CLERK:  This is criminal matter 20-10126,
 9       United States versus Philip Cooke.  Will counsel identify
10       themselves for the record.
11                    MR. KOSTO:  Good morning, Your Honor.  Seth Kosto
12       for the United States.
13                    MS. WINKLER:  Good morning, Your Honor.  Susan
14       Winkler for the defendant Phil Cooke who is also here.
15                    THE COURT:  I see him.  I got him.  All right.  My
16       understanding is that we're here for a change of plea.
17       There's a plea agreement, and he's pleading to an
18       information, correct.
19                    MR. KOSTO:  Yes, Your Honor.
20                    MS. WINKLER:  Yes, Your Honor.
21                    THE COURT:  Do you want to swear the defendant,
22       please, Karen.
23                    THE CLERK:  Sure.  Can you raise your right hand.
24                    (PHILIP COOKE, duly sworn by the Deputy Clerk.)
25                    THE COURT:  Mr. Cooke, before we get started, you
```

1    have a right to have this proceeding done in person.  And

2    because of COVID, Congress has seen fit to let us do these

3    proceedings remotely.  But I have to make sure that you

4    understand that you have the right to be here in person and

5    that you're willing to waive your right to be here in person.

6              Just a little bit of an explanation.  We've tried

7    to make this as much like the courtroom as possible.  As you

8    can see, proceedings are open to the public just like it

9    would be in the courtroom.  Joan, my court reporter, is here

10   just like in the courtroom.  She'll take down everything that

11   you say.  Your lawyer is here.  The government lawyer is

12   here.  If at any point you want to have a private

13   consultation with your lawyer during these proceedings, you

14   can just let us know and we'll have you go to a break-out

15   room so you two can talk.  We've done really what we can to

16   both replicate the courtroom experience but also keep

17   everybody safe during a pandemic.

18             Do you have any questions about that?

19             THE DEFENDANT:  No, Your Honor.

20             THE COURT:  And having had that explanation, do you

21   still want to proceed by video?

22             THE DEFENDANT:  Yes, I do.  Thank you.

23             THE COURT:  I'm going to make a finding then that

24   he has made a knowing and voluntary waiver of his right to be

25   present, and that the interest of justice would be impeded by

```
 1    delaying these proceedings until it's safer for us all to be
 2    together.
 3              Ms. Winkler or Mr. Kosto, do you want any findings
 4    beyond those for him?
 5              MR. KOSTO:  No, Your Honor.
 6              MS. WINKLER:  No, Your Honor.
 7              THE COURT:  If you want to talk to your lawyer at
 8    any point, you just let us know and we'll put you in a
 9    separate breakout room.  Okay?
10              THE DEFENDANT:  Yes.  Thank you.
11              THE COURT:  And also if you're having any trouble
12    understanding me, you don't understand the question, you want
13    me to repeat it, just go ahead and ask.  All right?
14              THE DEFENDANT:  Okay.  Thank you.
15              THE COURT:  Karen, my courtroom deputy, put you
16    under oath.  That means if you answer any of my questions
17    falsely, you can be subject to a later prosecution for false
18    statements or perjury.
19              Do you understand that?
20              THE DEFENDANT:  Yes, I do.
21              THE COURT:  And do you understand that you have the
22    right to consult with your counsel if that's what you want
23    do?
24              THE DEFENDANT:  Yes, I do.
25              THE COURT:  Your full name, please.
```

```
 1              THE DEFENDANT:  My full name is Philip Arthur
 2    Cooke.
 3              THE COURT:  How old are you, sir?
 4              THE DEFENDANT:  55.
 5              THE COURT:  How far did you go in school?
 6              THE DEFENDANT:  I have a bachelors degree in
 7    business administration.
 8              THE COURT:  I take it from the conversation that
 9    we're having that you speak and understand English.
10              THE DEFENDANT:  Yes, Your Honor.
11              THE COURT:  Are you a citizen of the United States?
12              THE DEFENDANT:  Yes, I am.
13              THE COURT:  Have you been recently treated for or
14    diagnosed with any sort of mental illness, psychiatric, or
15    psychological problem of any kind?
16              THE DEFENDANT:  No.  My general practitioner gave
17    me some medicine when I told him about all of this, but I
18    have not it, and I haven't been diagnosed with anything.
19              THE COURT:  You're not currently taking any
20    medication?
21              THE DEFENDANT:  Just a heart pill but nothing for
22    mental health reasons.
23              THE COURT:  What I'm trying to get at is are you
24    taking any kind of medication that's affecting your ability
25    to think clearly here today?
```

```
 1              THE DEFENDANT:  No, Your Honor.  Not at all.
 2              THE COURT:  Have you been recently treated or
 3      diagnosed with any drug addiction, drug problem, or alcohol
 4      problem of any kind?
 5              THE DEFENDANT:  No, Your Honor.  I self-diagnosed
 6      with an alcohol problem that I'm dealing with but not
 7      medically.
 8              THE COURT:  When was the last time you had a drink?
 9              THE DEFENDANT:  I had a little bit of wine two
10      nights ago, but that was it.
11              THE COURT:  But you're not currently under the
12      influence of any alcohol?
13              THE DEFENDANT:  No, Your Honor.
14              THE COURT:  Are you having any symptoms of
15      withdrawal or cravings or anything else, either medication or
16      alcohol that's affecting your ability to think clearly?
17              THE DEFENDANT:  No, Your Honor.
18              THE COURT:  Are you having any trouble
19      understanding my questions?
20              THE DEFENDANT:  Not at all.
21              THE COURT:  And you understand why we're here
22      today?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Mr. Kosto, Ms. Winkler, in terms of
25      competency, any reservations about going forward today?
```

```
 1              MS. WINKLER:  No, Your Honor.

 2              MR. KOSTO:  No, Your Honor.

 3              THE COURT:  Mr. Cooke, have you received a copy of

 4     the information, that is the written charges, pending against

 5     you?

 6              THE DEFENDANT:  Yes, I have, Your Honor.

 7              THE COURT:  And you know that you're charged with

 8     two counts.  Count 1 is conspiracy to commit cyberstalking,

 9     and Count 2 is conspiracy to tamper with a witness.

10              THE DEFENDANT:  Correct.

11              THE COURT:  Have you had a chance to fully discuss

12     those charges with Ms. Winkler?

13              THE DEFENDANT:  Yes, I have, Your Honor.

14              THE COURT:  And given the plea agreement and

15     information in this case, Ms. Winkler, I'm sure this is just

16     a formality, but have you communicated all formal plea offers

17     from the prosecution to your client?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  Are you fully satisfied with the

20     counsel and representation and advice that you've received

21     from Ms. Winkler?

22              THE DEFENDANT:  I'm sorry, Your Honor, I missed

23     that.

24              THE COURT:  Are you fully satisfied with the

25     counsel, representation, and advice that you received from
```

```
1    Ms. Winkler?

2              THE DEFENDANT:  Yes, I am.

3              THE COURT:  I'm sure you two have discussed this,

4    but you're entitled to be charged by a Grand Jury.  In other

5    words, you have the right to make the government proceed by

6    an indictment.  And in this case I have in front of me an

7    information.  And for them to proceed by information, you

8    have to waive your right to be indicted, and that is a right

9    that you can waive.  But before I let you waive it, I want to

10   make sure you fully understand what you're giving up.  Okay?

11             THE DEFENDANT:  Okay.

12             THE COURT:  You have a constitutional right to be

13   charged by an indictment returned by a Grand Jury, but you

14   can waive that right and consent to being charged by

15   information from the U.S. Attorney.  In this case instead of

16   an indictment, they have brought these two felony charges

17   against you by the filing of an information.

18             Do you understand all that?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Unless you waive indictment, you cannot

21   be charged with a felony unless a Grand Jury finds there's

22   probable cause to believe that a crime has been committed and

23   that you were the one that committed it.

24             Do you understand that?

25             THE DEFENDANT:  Yes, Your Honor.
```

1         THE COURT:  Do you understand that if you do not

2    waive your indictment, your right to indictment here today,

3    the government would have to present the case to a Grand Jury

4    and ask it to indict you for you to be charged.

5         THE DEFENDANT:  Yes, I understand.

6         THE COURT:  A Grand Jury would be composed of at

7    least 16 and not more than 23 people, and at least 12 of

8    those people would have to vote that there was probable cause

9    to believe that a crime was committed and that you were the

10   one that committed it.  Do you understand that?

11        THE DEFENDANT:  Yes, Your Honor.

12        THE COURT:  So because it's a vote of somewhere

13   between 16 and 23 people, the Grand Jury might or might not

14   indict you depending on how that vote comes out.  Do you

15   understand that?

16        THE DEFENDANT:  Yes, I do.

17        THE COURT:  If you waive indictment by Grand Jury,

18   the case will proceed against you on the U.S. Attorney's

19   Office's information just like you've been indicted but

20   without the Grand Jury process.

21        Do you understand that?

22        THE DEFENDANT:  Yes, I do.

23        THE COURT:  Do you have any questions about your

24   right to indictment by a Grand Jury?

25        THE DEFENDANT:  No, Your Honor.

1              THE COURT:  Have you discussed waiving your right

2    with Ms. Winkler?

3              THE DEFENDANT:  Yes, I have.

4              THE COURT:  Has anyone made you any threats or

5    promises to induce you to waive your right to indictment?

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  And now that we've had this

8    conversation, did you still want to waive your right to

9    indictment and proceed by information?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Ms. Winkler, Mr. Kosto, either one of

12   you have any reason why he should not waive indictment?

13             MS. WINKLER:  No, Your Honor.

14             MR. KOSTO:  No, Your Honor.

15             THE COURT:  I have seen a signed copy of the

16   waiver, Mr. Cooke?  Do you recall signing that waiver?

17             THE DEFENDANT:  Yes, I do.

18             THE COURT:  Ms. Winkler, can you verify that it was

19   your client that signed the waiver?

20             MS. WINKLER:  Yes, Your Honor.

21             THE COURT:  I find the defendant's waiver of

22   indictment is knowingly and voluntarily made by the defendant

23   and it is accepted by the Court.

24             All right, Mr. Cooke.  You've also entered into a

25   plea agreement with the U.S. Attorney's Office, and I've also

1    seen that plea agreement.  Did you sign it?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Did you have an opportunity to read the

4    agreement and discuss it with your lawyer before you signed

5    it?

6              THE DEFENDANT:  Yes, I did.

7              THE COURT:  Mr. Kosto, do you want to summarize the

8    plea agreement or do you want me to do it?

9              MR. KOSTO:  I'm happy to do it, Your Honor.  It's

10   dated June 30, 2020.  It has Mr. Cooke's signature,

11   Ms. Winkler's signature and a representative of my office's

12   signature.  In essence, Mr. Cooke is agreeing to plead guilty

13   to each of the two charges in the information.  In connection

14   with that agreement the parties have entered into a series of

15   agreements about the calculation of the advisory sentencing

16   guidelines range that binds the parties but doesn't bind the

17   Court.

18             Mr. Cooke has reserved the right to make certain

19   arguments about the applicability of certain enhancements.

20   The government has agreed for its part to make a sentencing

21   recommendation of 30 months which is below the anticipated

22   sentencing guidelines range.  Mr. Cooke has in exchange for

23   the consideration the government has provided agreed not to

24   appeal his conviction and the sentence that the Court imposes

25   so long as it is imposed in consultation of the guideline

1    sentencing range that's calculated by the parties.  And

2    Mr. Cooke has separately agreed in the agreement not to file

3    any post conviction challenge in the form of, for example, a

4    petition under 2255 or other form of post conviction civil

5    litigation.  He's given up that right as well.  Those are the

6    court elements of the plea agreement, Your Honor.

7              THE COURT:  All right.  Mr. Cooke, did you

8    understand everything that he said?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  And you understand that was only a

11   summary of the plea agreement, and you're bound by the things

12   he just discussed as well as everything else in the

13   agreement?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Do you have any questions about any of

16   the terms of the agreement that he did not just discuss?

17             THE DEFENDANT:  No, Your Honor.

18             THE COURT:  Do you understand that this plea

19   agreement is the only agreement that you have with the

20   government?

21             THE DEFENDANT:  Yes, I do.

22             THE COURT:  And do you think the government has

23   made you any other promises?

24             THE DEFENDANT:  No.

25             THE COURT:  Has anyone else made you any promises

1    for you to plead guilty here today?

2              THE DEFENDANT:  No, Your Honor.

3              THE COURT:  Do you understand that under the plea

4    agreement the government has agreed to recommend a particular

5    sentence?

6              THE DEFENDANT:  Yes, I do.

7              THE COURT:  Do you understand that's only a

8    recommendation which means that I could accept it or I could

9    reject it?

10             THE DEFENDANT:  Yes, I understand.

11             THE COURT:  And you understand that if I reject

12   that recommendation and sentence you to something different

13   than what you expect, you still will not be allowed to

14   withdraw your guilty plea?

15             THE DEFENDANT:  I understand, Your Honor.

16             THE COURT:  Anyone forcing you to plead guilty here

17   today?

18             THE DEFENDANT:  No, Your Honor.

19             THE COURT:  Are you pleading guilty of your own

20   free will and because you are, in fact, guilty?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Do you understand the offenses to which

23   you're pleading guilty are felonies?

24             THE DEFENDANT:  Yes, I do.

25             THE COURT:  Do you understand that if I accept your

```
 1   plea, you'll be judged guilty of those felonies?
 2            THE DEFENDANT:  Yes, I do.
 3            THE COURT:  Do you understand that once you're
 4   judged guilty of a felony, you can lose valuable civil
 5   rights.  That includes things like the right to vote, the
 6   right to hold public office, the right to serve on a jury and
 7   the right to possess a firearm?
 8            THE DEFENDANT:  I understand.
 9            THE COURT:  Any civil tax consequences, Mr. Kosto?
10            MR. KOSTO:  No, Your Honor.
11            THE COURT:  The maximum penalties for these
12   offenses, as I understand them, are five years incarceration,
13   three years supervised release, a fine of $250,000, special
14   assessment of $100, restitution, and forfeiture.
15            Do I have that right, Mr. Kosto?
16            MR. KOSTO:  Your Honor, yes, that's correct.  Five
17   years for each count.
18            THE COURT:  Mr. Cooke, do you understand that I'll
19   have the power to give you a term of imprisonment of up to
20   five years on each count?
21            THE DEFENDANT:  Yes, Your Honor.
22            THE COURT:  Do you understand that in addition to a
23   prison term I will have the power to give you a term of
24   supervised release of up to three years?
25            THE DEFENDANT:  Yes, Your Honor.
```

**R481**

```
1              THE COURT:  Do you understand that if you're placed
2     on supervised release and you violate the conditions of your
3     supervised release, you can get additional prison time?
4              THE DEFENDANT:  I understand.
5              THE COURT:  Do you understand I also have the power
6     to fine you up to $250,000 for each count?
7              THE DEFENDANT:  Yes, Your Honor.
8              THE COURT:  Do you understand by pleading guilty
9     there may be forfeiture consequences and you may be required
10    to forfeit certain property to the United States?
11             THE DEFENDANT:  Yes, Your Honor.
12             THE COURT:  Do you have anything specific in mind,
13    Mr. Kosto?
14             MR. KOSTO:  No.  Not as to forfeiture.  We do
15    anticipate seeking restitution at the time of sentencing.
16             THE COURT:  Mr. Cooke, do you understand that I may
17    also order you to pay restitution to any victim of your
18    offense?  In other words, to pay money to a victim to
19    compensate for the harm that you caused?
20             THE DEFENDANT:  Yes, Your Honor.
21             THE COURT:  Do you have a specific restitution
22    amount in mind at this point, Mr. Kosto?
23             MR. KOSTO:  No, Your Honor.  The parties will
24    discuss before sentencing and will submit it to the probation
25    office in connection with the presentence report.
```

1          THE COURT:  Okay.  They're going to ask for

2     restitution, Mr. Cooke, but they have yet to determine the

3     exact amount.  Do you understand that?

4          THE DEFENDANT:  Yes, Your Honor.

5          THE COURT:  Do you understand that in addition to

6     everything else that we just discussed, you'll be required to

7     pay a $100 special assessment on each count for a total of

8     $200?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  All the possible consequences of

11     pleading guilty here today:  Incarceration, supervised

12     release, a fine, special assessment, loss of civil rights,

13     restitution, possible forfeiture.

14          Do you have any questions about any of those?

15          THE DEFENDANT:  No, Your Honor.

16          THE COURT:  I am going to talk to you a little bit

17     about the sentencing guidelines and how they might affect

18     your sentence.  There's a fairly detailed calculation in your

19     plea agreement, so I assume that you and Ms. Winkler have

20     already discussed the sentencing guidelines, but I want to

21     talk to you about them as well to make sure we're all on the

22     same page.

23          The sentencing guidelines were initially issued by

24     the United States Sentencing Commission for judges to follow

25     when determining an appropriate sentence in a criminal case.

```
1    They are not mandatory.  They used to be mandatory.  They no

2    longer are.  So I don't have to follow them, but they're

3    still important because it's the starting point for my

4    analysis.

5              Do you understand that?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Have you and your lawyer talked about

8    the sentencing guidelines and how they might apply in your

9    case?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Do you understand that I will not be

12   able to determine your guideline sentencing it -- your

13   guideline sentence or your guideline sentencing range until

14   after the probation office has prepared a report?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Do you understand that that report,

17   which is called a presentence report, will contain

18   information about you, any criminal history and the crimes

19   that you're alleged to have committed in this information?

20             Do you want me to repeat that?

21             THE DEFENDANT:  I think my computer froze for a

22   second.  But I understood, Your Honor, yes.

23             THE COURT:  Just to make sure.  What I asked is

24   that you understand that the presentence report will contain

25   information about you, any criminal background, and your
```

1    involvement in this offense?

2            THE DEFENDANT:  Yes, I understand.

3            THE COURT:  Do you understand the report will also

4    contain a recommended application of the sentencing

5    guidelines?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  Do you understand that both you and the

8    government will have the opportunity to read the report first

9    in draft and then in final form.  And at both stages you'll

10   have the opportunity to challenge any facts and also to

11   challenge the application of the sentencing guidelines as

12   recommended by probation?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Do you understand that although I'm not

15   required to follow the sentencing guidelines, I have to

16   consider them in fashioning an appropriate sentence?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Do you understand that under the

19   guideline system, I have the authority to go above or below

20   the guideline range as long as my sentence is reasonable?

21           THE DEFENDANT:  Yes, Your Honor.

22           THE COURT:  And that means that I can give you a

23   sentence above or below the advisory guideline sentencing

24   range so long as I don't go above the statutory maximum?

25           Do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand that you will not be

3     permitted to withdraw your guilty plea if I sentence you to

4     something longer than you expect or if you're unhappy with my

5     sentence for any reason?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Do you understand that parole has been

8     abolished.  If you're sentenced to prison, you will not be

9     released early on parole.

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  Do you understand that any victim of

12    your offense will have the right to participate in the

13    sentencing proceeding either in writing or in person?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  Do you understand that under certain

16    circumstances you or the government or both would have the

17    right to appeal any sentence that I impose?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  You have an appellate waiver in your

20    plea agreement.  So that means that your rights to appeal are

21    very limited.  You can appeal if I go above, what is it,

22    about 46 months, Mr. Kosto?  You're muted.  Still muted.

23         MR. KOSTO:  Thank you, Your Honor.  Yes, that's

24    correct.

25         THE COURT:  And the government reserves the right

1    to appeal if I go below 30 months.  Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  The only other grounds that you'll

4    likely have for appeal are if you allege ineffective

5    assistance on the part of your counsel or prosecutorial

6    misconduct on the part of Mr. Kosto?

7              Do you understand that?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  So though there's generally an

10   appellate right, the appellate waiver in your plea agreement

11   really circumscribes that.  Do you understand?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  I'm sure you and Ms. Winkler have also

14   discussed this, but you don't have to plead guilty here

15   today.  You have the right to go to trial.  If you do decide

16   to plead guilty today, once we've finished this conversation,

17   your right to a trial will be gone as will all the rights

18   that go along with your right to a trial.  Again before I let

19   you give up those rights, I want to make sure you understand

20   what they are.  Okay?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  All right.  Do you understand you have

23   the right to plead not guilty to any crime charged against

24   you and go to trial?

25             THE DEFENDANT:  Yes, Your Honor.

```
 1            THE COURT:  Do you understand that you have the
 2    right to a trial by jury?
 3            THE DEFENDANT:  Yes, Your Honor.
 4            THE COURT:  Do you understand that at trial you'd
 5    be presumed to be innocent and the government would have to
 6    prove your guilt beyond a reasonable doubt.
 7            THE DEFENDANT:  Yes, Your Honor.
 8            THE COURT:  Do you understand that at trial you'd
 9    have the right to assistance of counsel, be it Ms. Winkler or
10    another employer?
11            THE DEFENDANT:  Yes, I understand.
12            THE COURT:  Do you understand that at trial you'd
13    have the right to see and hear all the witnesses against you
14    and have them cross-examined on your behalf?
15            THE DEFENDANT:  Yes, Your Honor.
16            THE COURT:  Do you understand that if you wanted
17    to, you could testify and put on evidence in your own
18    defense; and if you wanted to do that, we would give you
19    subpoena authorities to require people to come to court?
20            THE DEFENDANT:  Yes, Your Honor.
21            THE COURT:  Do you understand also that you would
22    likewise have the right to refuse to testify and refuse to
23    put on evidence if that's what you wanted to do.  And if you
24    did decide that, neither one of those things could be used
25    against you?
```

1            THE DEFENDANT:  Yes, Your Honor.

2            THE COURT:  And you understand that assuming you

3    still want to enter a plea of guilty here today and assuming

4    that I accept your plea, there will be no trial and all those

5    rights we've just discussed will be gone?

6            THE DEFENDANT:  Yes, Your Honor.

7            THE COURT:  I'm going to ask Mr. Kosto to do two

8    things.  The first thing he's going to do is go through the

9    elements of the offense.  This is what the government would

10   have to prove beyond a reasonable doubt for you to be

11   convicted at trial.  Okay?

12           Go ahead, Mr. Kosto, the elements of the offense,

13   please.

14           MR. KOSTO:  Thank you, Your Honor.  As to the

15   conspiracy offense there are three elements.  There needs to

16   be an existence of an agreement to violate each of the

17   statutes charged in the information here, cyberstalking and

18   witness tampering respectively for Counts 1 and 2.  Mr. Cooke

19   would have to knowingly join in the conspiracy and one or

20   more co-conspirators would have to commit one or more acts in

21   furtherance of each conspiracy.

22           The substantive elements of the cyberstalking

23   through instrumentalities of interstate commerce include the

24   defendant having the intent to harass, intimidate or place

25   under surveillance with intent to harass or intimidate

1    another person, the use of the mail, any interactive computer

2    service or electronic service or electronic communication

3    service of interstate commerce or any other facility of

4    interstate commerce, and the engaging in a course of conduct

5    that causes, attempts to cause, or would reasonably be

6    expected to cause substantial emotional distress to the

7    person who is the object of the harassment, intimidation or

8    their spouse, among others.

9             As to the witness tampering object of the

10   conspiracy, that involves, one, the corrupt persuasion of

11   another person or attempt to do so or engaging in misleading

12   conduct of another person; two, with intent to hinder, delay,

13   or prevent the communication to a law enforcement officer; of

14   three, information relating to the commission or possible

15   commission of a federal offense.  Those are the elements of

16   the offenses that the government would prove at trial.

17            THE COURT:  Mr. Cooke, that's what the government

18   would have to prove beyond a reasonable doubt.  Do you have

19   any questions about any of those, the elements of the

20   offenses of what the government would have to prove?

21            THE DEFENDANT:  No, Your Honor.

22            THE COURT:  I'm going to go back to Mr. Kosto and

23   I'm going to ask him to give the factual bases for the plea.

24   He's already told you what he has to prove.  Now he's going

25   to tell you how it would be proved at trial.  I'm going to

1    ask you to listen to this closely, because when he is done I

2    am going to ask if you disagree with anything that he said.

3    Okay?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Go ahead, Mr. Kosto.  The factual

6    basis, please.

7              MR. KOSTO:  Thank you, Your Honor.  Had the case

8    proceeded to trial, the United States would have proven

9    beyond a reasonable doubt each of the elements of the two

10   charged offenses through, among other evidence, witness

11   testimony including the testimony of witnesses cooperating

12   with the government's investigation, physical evidence,

13   electronic communications to the victims, between and among

14   the co-conspirators and to and from third parties and various

15   business records.

16              All of that would show between approximately

17   August 5, 2019, and August 23, 2019, Mr. Cooke along with

18   separately charged co-conspirators, Stephanie Popp, Stephanie

19   Stockwell, Veronica Zea, Brian Gilbert, Jim Baugh, and David

20   Harville, all then employees or contractors of eBay, Inc.,

21   the multinational e-commerce company, agreed to engage in a

22   stalking campaign targeting a husband and wife who lived in

23   Natick, Massachusetts.  They're identified here as Victim One

24   and Victim Two.  And to tamper with witnesses to the criminal

25   investigation that followed, a former police captain in Santa

1    Clara, California, at the time of the offenses, Mr. Cooke,

2    supervised security operations at eBay's European and Asian

3    offices.

4         The campaign, the evidence would show, targeted

5    Victim One and Victim Two for their roles in publishing a

6    newsletter that reported on issues of interest to eBay

7    sellers.  Senior executives at eBay were frustrated with the

8    newsletter's tone and content and with the tone and content

9    of comments underneath the newsletter's articles.

10        The stalking campaign arose from communications

11   between those executives and Jim Baugh who was an eBay senior

12   security officer.  The campaign which was intended to harass

13   and intimidate the victims was a course of conduct that

14   included first the sending of threatening communications to

15   the victims over Twitter, an instrumentality of interstate

16   commerce.

17        Second, the ordering of unwanted and disturbing

18   deliveries to the victims' home.  And, third, to Ms. Zea,

19   Mr. Harville, Mr. Baugh, and Ms. Popp traveled to Natick to

20   surveil the victims in their home and community.  The

21   deliveries ordered to the victims' home included a book on

22   surviving the death of a spouse, a bloody pig mask, a fetal

23   pig, a funeral wreath, and live insects.

24        The harassment also featured Craig's List posts

25   inviting the public for sexual encounters or estate sales at

the victim's home.  Threatening Twitter messages were written to Victim One and sometimes addressed to Victim Two as if they had been sent by eBay sellers who were unhappy with the victim's coverage in the newsletter.  Some of these messages posted the victim's address publicly on the Internet and threatened to visit the victims at their home.

On August 22, 2019, message stated, for example, "@ newsletter, 20 years of lives and destroying families, don't be proud of that, you worthless bitch.  I will destroy your family and business, too.  See how you like it \n\n@Elei_Tui, when are we going to visit her in Natick? ? ? ?"

Mr. Baugh intended for the harassment and intimidation to distract the victims from publishing the newsletter, to change the newsletters coverage of eBay and ultimately to enable eBay to contact the victims to offer assistance with the harassment, what's government has called the White Knight Strategy.  The White Night Strategy would earn good will with the victims such that they might help eBay learn the identity of and discredit Auto Master who was an anonymous online persona who frequently posted negative comments about eBay underneath the newsletter's articles.

Mr. Baugh, Mr. Harville, and Ms. Zea also traveled to Natick on August 15.  Mr. Baugh and Mr. Harville intended to install a GPS tracking device on the victim's car, but it

1    was safely locked in victim's garage.  The victims spotted

2    the surveillance team on August 16 which led them to call the

3    Natick Police Department in fear.

4         Ms. Zea and Mr. Baugh and Ms. Popp would arrive to

5    replace Mr. Harville on August 17, continued their

6    surveillance even after having been spotted by the victims.

7    The NPD, which was investigating the deliveries, the threats

8    and the surveillance connected Ms. Zea and Ms. Harville to

9    two rented cars and then to eBay, who they reached out to for

10   assistance.

11        When Mr. Cooke and the other co-conspirators

12   learned that the NPD was making inquiries, they agreed to

13   prevent the NPD from learning about the harassment campaign.

14   With support from Ms. Stockwell, Ms. Popp, Mr. Cooke,

15   Mr. Baugh, and others, Mr. Gilbert made false statements to

16   the NPD.  Many of the co-conspirators, although not

17   Mr. Cooke, made false statements to eBay's in-house lawyers

18   who were investigating in response to NPD's inquiries.

19        Many of the co-conspirators also either deleted

20   digital evidence related to the campaign or created records

21   intended to throw the NPD off the trail.  As these events

22   were unfolding, the NPD referred the victims' harassment

23   matter to the FBI.  Although not every co-conspirator was

24   aware of every act in furtherance of the cyberstalking

25   campaign, each agreed to harass and intimidate the victims

1    and to use the facilities of interstate commerce to engage in

2    a course of conduct.  And that conduct caused or would

3    reasonably be expected to cause substantial emotional

4    distress to Victims One and Two.

5          As to Mr. Cooke specifically, on or about the dates

6    below, he took the following steps in furtherance of the

7    conspiracies charged in Counts One and Two of the

8    information:  First, on August 6, 2019, Mr. Cooke attended a

9    meeting with Mr. Baugh, Ms. Popp, and Mr. Gilbert at which

10   the four of them agreed to what the government has called the

11   White Night Strategy, which included sending anonymous and

12   harassing Twitter messages to Victim One so that she would be

13   better receptive to eBay's offer of assistance with that very

14   same harassment.

15         On August 20, 2019, approximately two weeks after

16   the harassing messages had begun, in a WhatsApp group that

17   was created to vet the content of those anonymous messages to

18   Victim One, Mr. Gilbert proposed to Mr. Cooke, Ms. Popp and

19   Mr. Baugh the creation of more anonymous Twitter accounts in

20   support of "our cause".  And Mr. Gilbert proposed specific

21   communications criticizing the victims' newsletter to be sent

22   over those anonymous accounts.  Within 60 seconds of that

23   message being sent, Mr. Cooke send a thumbs up emoji in

24   response.

25         On August 20, 2019, at 9:43 p.m. Eastern in

1    response of Mr. Baugh's WhatsApp message to Mr. Cooke,

2    Mr. Baugh, Ms. Popp, and Mr. Gilbert, stating that the

3    surveillance team had "burned two cars", but there was "no

4    cause and they can't prove anything.  They are seeing ghosts

5    now.  LOL."  Mr. Cooke replied, "Perfect."

6            At 9:46 p.m. that same day in response to

7    Mr. Baugh's WhatsApp message to Mr. Cooke, Ms. Popp, and

8    Mr. Gilbert that a Natick investigator was polite and

9    clueless, Mr. Cooke then replied "Perfect".  At 9:40 p.m. in

10   response to Mr. Gilbert's WhatsApp message stating, "We have

11   known the targets have been very impacted by this op.

12   Perfect time for the next phase."  Mr. Cooke replied "Yes!"

13           On the 21st of August 2019, at 9:47 p.m. in

14   response to Mr. Gilbert's report that the Natick Police

15   Department was looking into the purchase of prepaid gift

16   cards at a Santa Clara Safeway.  Mr. Cooke messaged the

17   group, "If I was the detective, I would ask for a local

18   police department contact to go get video.  Might want to

19   have a friendly in mind."

20           In response Mr. Gilbert wrote, "I was thinking the

21   same thing.  I might volunteer to assist with that.  Then we

22   can control the local cop and maybe provide a video from a

23   different Santa Clara Safeway."

24           At 12:15 a.m. on the 22nd of August, the night

25   before Mr. Gilbert met with the Natick Police Department's

1     investigation in person about Ms. Zea and Mr. Harville's

2     connection to the harassment, Mr. Cooke agreed with the

3     group's recommendation to have Stephanie Popp pose as

4     Ms. Zea's supervisor and suggested to the group that there be

5     no mention to the Natick Police Department of the identity of

6     Ms. Zea's actual supervisor.

7          Finally at 12.29 a.m. that morning in a discussion

8     of whether or not the group should continue to attempt to

9     install a GPS tracker on the victim's car, after Mr. Gilbert

10    wrote, "They couldn't be more on guard right now.  If we can

11    calm them down and win them over, maybe.  Right now I would

12    not risk an attempt."  Mr. Cooke replied, "Agree with Brian,

13    was typing the same thing."

14         Your Honor, the United States respectfully submits

15    that at trial the facts and allegations the government has

16    laid out would be sufficient for the government to accept

17    that Mr. Cooke's plea of guilty to the two charges in the

18    information, that there would be an adequate factual basis

19    for the Court to do so.

20         THE COURT:  Mr. Cooke, do you disagree with

21    anything Mr. Kosto just said?

22         THE DEFENDANT:  No, Your Honor.

23         THE COURT:  I'm prepared then to take the change of

24    plea.  Do you still want to plead guilty here today,

25    Mr. Cooke, in light of our conversation?

```
1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  Mr. Kosto, Ms. Winkler, either one of

3    you know of any reason why the plea should not go forward?

4              MS. WINKLER:  No, Your Honor.

5              MR. KOSTO:  No, Your Honor.

6              THE COURT:  All right.  It is the finding of the

7    Court in the case of the United States versus Cooke that the

8    defendant is fully competent and capable of entering an

9    informed plea; that he is aware of the nature of the charges

10   and the consequences of plea; and that his plea of guilty

11   will be knowing and voluntary supported by an independent

12   basis in fact containing each of the essential elements of

13   the two offenses charged.

14             Karen, you can take the plea, please.

15             THE CLERK:  Mr. Cooke, in criminal matter 20-10126,

16   you are charged in a two-count information.  As to Count 1,

17   you are charged with conspiracy to commit cyberstalking in

18   violation of Title 18 United States Code Section 371.  As to

19   Count 2, you are charged with conspiracy to tamper with a

20   witness in violation of Title 18 United States Code Section

21   371.

22             How do you wish to plead to Counts 1 and 2, guilty

23   or not guilty?

24             THE DEFENDANT:  Guilty.

25             THE COURT:  The plea is accepted.  The defendant is
```

1    now judged guilty of the two offenses with which he's been

2    charged.  Mr. Cooke, as I told you, there will be a written

3    presentence report prepared by probation to assist me in

4    determining an appropriate sentence.  You'll be interviewed

5    for that report.  You have the right to have your counsel

6    present for that interview.  You don't have to have her

7    there.  That's between the two of you, but you do have the

8    right to have an attorney present.

9            Super important that the report be accurate.  It

10   can affect what sentence you receive.  It can also affect

11   what happens to you after you're sentenced.  For example,

12   what kind of institution you're designated to, what kind of

13   programming is available there.  So when you have a chance to

14   review the report in both draft and in final form, you should

15   review it carefully and make even minor corrections in

16   conjunction with your attorney.

17           As I said, you'll have the chance to make

18   objections to probation on the draft and then directly to me

19   at the final report.

20           Both you and your lawyer will have the opportunity

21   to speak on your behalf at sentencing.  I hope that you will

22   consider doing that and give some thought to what it is that

23   you might want to say.  In the meantime, I'm going to refer

24   you to probation for preparation of the report.

25           Karen, do you have a date for them, right?

```
 1              THE CLERK:  Yes.  For sentencing February 24 at 12
 2     p.m.
 3              THE COURT:  Acceptable?  Mr. Kosto?
 4              MR. KOSTO:  Yes, Your Honor.
 5              THE COURT:  Ms. Winkler?
 6              MS. WINKLER:  Yes, Your Honor.
 7              THE COURT:  February 24.  All right.  Mr. Cooke,
 8     I'm sure this goes without saying, but you should live a very
 9     clean life between now and the date of your sentencing.  All
10     right?  I have the presentence report in front of me in terms
11     of his release.  They've proposed seven conditions.  Have you
12     had a chance to review it, Ms. Winkler?
13              MS. WINKLER:  Yes, Your Honor.
14              THE COURT:  Mr. Kosto?
15              MR. KOSTO:  I have, Your Honor.
16              THE COURT:  Any objections to what probation has
17     proposed?
18              MS. WINKLER:  No, Your Honor, not for the defense.
19              MR. KOSTO:  No, Your Honor.  We'll provide the
20     defense counsel the names of the witnesses with whom
21     Mr. Cooke should have no contact and that will include
22     obviously the victims in the case.  That's a central concern
23     for the government.
24              THE COURT:  All right.  Mr. Cooke, I'm going to
25     release you between now and pending sentencing.  There's
```

**R500**

1    seven conditions.  Probation will go over those and your
2    counsel will go over them with you in more detail.  I'm going
3    to put them on the record.  You need to report to U.S.
4    Probation and Pretrial Services as directed.  You need to
5    avoid all contact direct or indirect with any person who is a
6    victim or potential witness in the investigation or
7    prosecution of this offense including the codefendants unless
8    you're in the presence of your counsel, and Mr. Kosto says he
9    will provide a list of who those people are.
10          You may not possess a firearm, destructive device
11   or other dangerous weapon.  You'll have to provide
12   verification of transfer of any firearms to the probation
13   officer within 48 hours.  I know there's already been a
14   verification prepared but make sure it gets to probation,
15   Ms. Winkler, Mr. Kosto, if it hasn't already.
16          Mr. Cooke, you'll need to participate in mental
17   health treatment program as directed by probation and comply
18   with all the rules of such a program.  Refrain from the
19   excessive use of alcohol, report any contact with law
20   enforcement within 24 hours to U.S. Probations.  That means
21   any contact.  Okay?  Jaywalking, speeding ticket.  If you
22   have any interaction with law enforcement, you need to report
23   that.  And then you'll need to obey all other statutory
24   conditions of release which probation will review with you
25   today or whenever you guys have set that up.

1             Do you have any questions about any of that,

2      Mr. Cooke?

3             THE DEFENDANT:  No, Your Honor.

4             THE COURT:  Anything else for today, Mr. Kosto?

5             MR. KOSTO:  Not for the United States, Your Honor.

6      Thank you.

7             THE COURT:  Ms. Winkler?

8             MS. WINKLER:  No, Your Honor.  Thank you.

9             THE COURT:  Ms. Patten, did I miss anything?

10             THE PROBATION OFFICER:  No, Your Honor.

11             THE COURT:  Thanks, everyone.  The case is

12      recessed.

13             (Court recessed at 9:38 a.m.)

14

15

16

17

18

19

20

21

22

23

24

25

**R502**

1                    - - - - - - - - - - -

2                         CERTIFICATION

3

4          I certify that the foregoing is a correct

5     transcript of the record of proceedings in the above-entitled

6     matter to the best of my skill and ability.

7

8

9

10    /s/ Joan M. Daly                    July 4, 2021

11

12    _____          _____

13    Joan M. Daly, RMR, CRR              Date
      Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25

STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
    )
v.    )    20-cr-10126-ADB
    )
PHILIP COOKE    )

**DEFENDANT PHILIP COOKE'S SENTENCING MEMORANDUM**
**(Motion for Leave to File Excess Pages Granted 7/14/2021, Docket #19)**

On October 27, 2020, Phil Cooke pled guilty to one count of conspiracy to commit cyberstalking (Count 1), and one count of conspiracy to commit witness tampering (Count 2) to an Information. No charges were filed before he reached an agreement to plead, and he was not arrested. He has been on release with no issues. Under the non-binding plea agreement, the parties agreed to an advisory U.S. Guidelines calculations that result in a Total Offense Level of 21 (37 to 46 months), except the defendant reserved the right to argue that he should not receive the two-level enhancement for pattern of activity under USSG § 2A6.2(b)(1) for either victim group, which, if the Court agreed, would result in a Total Offense Level of 19 (30-37 months). That argument is set forth below.

As a result of this prosecution, Mr. Cooke has endured extensive punishment already. He lost a job he enjoyed, was devastated by the disappointment he caused his family, and was humiliated in his community – a community he honorably and faithfully served for 30 years. He has accepted full responsibility for his misconduct, is very remorseful for his bad choices, and wants to do whatever it takes to put his life right. Since accepting responsibility, he has addressed his substance abuse issue, remained sober, and successfully trained to facilitate meetings in a substance abuse program in California for both other substance abusers and also for their friends and families. He understands that this Court has multiple considerations in imposing a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C.

1

**R504**

§ 3553(a). He hopes that as a result of the factors under § 3553(a), this Court will find that a period of home confinement will satisfy those considerations.

## I. THE PATTERN OF ACTIVITY ENHANCEMENT SHOULD NOT BE APPLIED IN MR. COOKE'S CASE.

The two-level enhancement for "pattern of activity" under USSG 2A6.2(b)(1)(E) should not be applied to Mr. Cooke with regards to either victim group. Application Note 1 defines "pattern of activity" as any combination of "two or more separate *instances* of . . . harassing. . . the same victim, whether or not such conduct resulted in conviction." Emphasis added.

The application notes do not define "instance." The government reads this enhancement to apply to Mr. Cooke because the offense conduct at issue here involved a number of different online threatening communications and harassing deliveries to the victims—in other words, that the offense conduct in and of itself constitutes a pattern and multiple instances. However, the First Circuit has interpreted the enhancement differently, applying it to defendants who have engaged in other instances of stalking (or other violative) conduct separate from the offense conduct, rather than multiple instances of stalking or threats forming the course of conduct itself. *See, e.g., United States v. Robinson*, 433 F.3d 31, 36-37 (1st Cir. 2005); *United States v. Lee*, 790 F.3d 12, 18-19 (1st Cir. 2015); *United States v. Walker*, 665 F.3d 212 (1st Cir. 2011) (applying the "pattern" enhancement where the defendant was convicted of multiple counts of cyberstalking, each count emanating from a particular communication, along with a years-long history of other stalking and threatening behavior); *United States v. Fiume*, 708 F.3d 59 (1st Cir. 2013) (applying the pattern where defendant assaulted his wife in 2010, which resulted in a protective order, then violated the protective order in 2015 by sending a series of threatening communications); *see also United States v. Sayer*, 748 F.3d 425, 431 (1st Cir. 2014) (noting that the two-point enhancement was for "*long-term pattern[s]*" of stalking, threatening, or harassing behavior) (emphasis added).

R505

The First Circuit's interpretation is logical because the statute itself requires a "course of conduct," 18 U.S.C. § 2261A, which is in turn defined as "a pattern of conduct comprised of 2 or more acts evidencing a continuity of purpose." 18 U.S.C. § 2266(2). Under the government's interpretation, the enhancement is no different than the "course of conduct" element of the crime and would result in the application of the enhancement in every cyberstalking case. That cannot be the purpose of an enhancement which implies an additional meaning or concern.

Here, the offense conduct was confined to a two-week time-period. Although there were multiple tweets and deliveries—all initiated by other members of the conspiracy—the entire episode is more fairly characterized as a single "pattern of conduct comprised of 2 or more acts evidencing continuity of purpose" rather than separate instances of activity or a long-term pattern. As for the part of the activity in which Mr. Cooke engaged, the white knight strategy, while multiple messages were involved, it was all part of a singular effort over a two-week period to obtain the victims cooperation to learn the identity of Fidomaster, who Baugh said was threatening CEO Devin Wenig and his family.

Application Note 3 provides that in determining whether (b)(1)(E) applies, the court shall consider "under the totality of the circumstances, any conduct that occurred prior to or during the offense; however, conduct that occurred prior to the offense must be substantially and directly connected to the offense." There was no "prior" conduct alleged. To determine whether or not the "during the offense" prong should be applied to Mr. Cooke, a closer look at his conduct is warranted. Because Mr. Cooke was not involved in the surveillance, role play, and threatening deliveries in which his co-conspirators engaged, and those acts were not reasonably foreseeable to him, that conduct should not be attributed to him personally as conduct that occurred "during the offense."

R506

### A.    Mr. Cooke's position at eBay

At the time of events in August 2019, Mr. Cooke was Senior Manager of Security Operations for eBay's Global Security Team where he earned an annual salary of approximately $185,000.  He was hired into that position by eBay in April 2019, and he was responsible for safety at eBay's buildings in Europe, the Middle East, and Asia, as well as the global operations center in Austin, which remotely monitors all of eBay's properties.  He was the same rank as Gilbert and Popp at the time of the offense.  He had three direct reports, none of which were involved in this investigation. He did not supervise or utilize the Global Intelligence Center in this position.  He reported to Dan Cory, Director of Security Operations, who reported to Jim Baugh.

By June 2020, following the termination of Jim Baugh and Brian Gilbert, he was promoted by eBay to Director of Security Operations.  He continued to report to Dan Cory, who had been promoted to Senior Director of Safety and Security; in this position, Mr. Cooke made an annual salary of approximately $205,000.  Ex. 1 (Mr. Cooke's eBay cards from before and after his promotion).

### B.    Mr. Cooke's involvement in the cyberstalking conspiracy.

On or about August 6, 2019, Baugh informed Mr. Cooke that Fidomaster had threatened Devin Wenig and his family.  Baugh believed victims 1 and 2 had information about the identity of Fidomaster, and Mr. Cooke understood that the purpose of sending harassing Twitter messages to the victims was to make them receptive to eBay's offer of assistance, such that the victims would provide eBay with Fidomaster's identity to help the security team protect Wenig and his family.

Mr. Cooke attended a meeting on August 6, 2019, with Baugh, Popp, and Gilbert, where a plan was discussed to send harassing and anonymous Twitter messages to victim 1 so she would be more receptive to eBay's assistance, and hopefully provide eBay with the identity of

4

**R507**

Fidomaster. 10/27/2020 Plea Transcript, at 29 (conduct that the government describes as the "white knight strategy"). The use of the @Tui Elei account was discussed. The group also discussed using a friendly persona, one that also had been created prior to the August 6th meeting, that the victims might respond to positively. Mr. Cooke suggested changes to a draft message that Popp showed him at the meeting to tone it down. As for the message ultimately sent on August 7, 2019, Mr. Cooke did not view that message as threatening. *See,* PSR Paragraph 27.

While Mr. Cooke agreed with the "white knight strategy," he did not "approve" the messages. *See,* PSR Paragraphs 14 and 27 at FN 3. None of the co-conspirators, including Popp, reported to him or were supervised by him. Whatever Baugh may have represented to Popp about Mr. Cooke's role, Mr. Cooke did not know or understand that he had any authority or responsibility whatsoever to "approve" any of the messages that were sent to the victims.[1]

With regard to the remainder of the activities discussed in that meeting, Mr. Cooke warned the group that they should not proceed, and agreed with Gilbert's warnings that the suggestions were ill-advised. More specifically, with regard to the publication of the victims' address, Mr. Cooke told the group that such a practice was illegal in California. He also told the group that in California, the messages could not be threatening, and if the victims said "stop," the messages had to stop. When surveillance was discussed, Mr. Cooke told the group it was dangerous and that

---

[1]According to her plea agreement, Popp was a "a manager or supervisor (but not an organizer or leader)" in the cyberstalking conspiracy. *U.S. v. Stephanie Popp*, et al. 20-cr-10098-WGY (Docket #30), p. 3. The government applied no such designation to Mr. Cooke. Baugh was the ultimate supervisor for all of the co-conspirators; he supervised Harville, and Popp directly; he supervised Gilbert and Mr. Cooke indirectly through Dan Cory; and he supervised Stockwell and Zea indirectly through Popp. Baugh directed and controlled all of the activities undertaken in the conspiracy (e.g. PSR Paragraphs 37, 39, 43-48, and 54); and he was the organizer and leader of all of the misconduct alleged by the government. *See*, Indictment in *U.S. v. Jim Baugh and David Harville*, et al. 20-cr-10263-PBS (Docket #33), *passim*. Popp was Baugh's de facto Chief of Staff. *Id.* at Para 3. Popp was at the same level employee at eBay as Cooke and Gilbert.

they should contact a Massachusetts private investigator, and not undertake surveillance themselves. Mr. Cooke supplied Mr. Baugh the name and contact information for a Massachusetts Private Investigator. When deliveries of unwanted items were discussed, Mr. Cooke told the group that while deliveries might seem funny, the Postal Inspectors would not look kindly on the misuse of the mails. He also explained that deliveries, like messages, could not be threatening. When role play was discussed, and Mr. Cooke told the group that it was unwise, that the victims would likely call the police. When use of a possible GPS tracking device was discussed, Mr. Cooke warned trackers were illegal in California and possibly illegal in Massachusetts and suggested contacting a Massachusetts private investigator to find out. By the end of the meeting, Mr. Cooke believed Baugh had accepted his advice not to send threatening messages, not to do their own surveillance, not to use a tracker without first finding out if it was legal, not to use role play, not to use the mails improperly, and not to send threatening deliveries. He also believed his long-time friend and colleague from the Santa Clara Police Department, Brian Gilbert, would keep Baugh in line.

At the time of the August 6 meeting, Mr. Cooke was scheduled to leave on August 9, 2019, for a long-planned trip to Asia, Europe and the Middle East, where he was expected to join his immediate boss, Dan Cory, to address eBay's security concerns with properties in those areas of the world. On August 7, 2019, Baugh instructed Mr. Cooke to cancel his overseas trip and stay to help with the "operation." Mr. Cooke defied the instruction from his boss's boss, and on August 8, 2019, left work mid-day to pack for his long-planned trip to Asia, Europe, and the Middle East.

While overseas where he was traveling alone, Mr. Cooke drank heavily. On August 20, 2019, while in India, Mr. Cooke's saw and responded to a draft Twitter message from Gilbert, to which he acquiesced with a "thumbs up emoji" and later assented to a plan to use multiple accounts

to send the message string with a "copy all." See, PSR Paragraphs 69 and 70. At the time he received the draft message set forth in PSR Paragraph 69, Mr. Cooke was unaware that his co-conspirators had attempted surveillance in Massachusetts (PSR Paragraphs 71 and 72); that Popp might have engaged in role play at the victims' house (PSR Paragraph 73); or that Baugh had directed creation of fake person-of-interest reports to conceal their activities (PSR Paragraph 74). As described in PSR Paragraph 39, Baugh directed that all deliveries, Craigslist posts, and spam was to stop Wednesday night (August 14, 2019), while Mr. Cooke was in China. According to the PSR, the last surveillance ended on August 16, 2019 (PSR Paragraph 59), also while he was in China. He was not involved in any of those activities himself, and he did not know they were being undertaken by others until after he responded to Gilbert's draft Twitter message.

Mr. Cooke often found the information he did receive incredible, not believing that Baugh would actually direct and that others participate in the activities described. Mr. Cooke regularly deleted messages from Baugh because so many of them were entirely inappropriate for the workplace and because he believed Baugh was "messing with him." In his few months at eBay, Mr. Cooke had received inappropriate and false messages from Baugh, and he had difficulty distinguishing which ones were serious.

### C. Application of facts to pattern of activity enhancement.

While Mr. Cooke joined the plan to engage in a "white knight strategy" to send harassing and anonymous Twitter messages to soften up the victims for eBay's security team's assistance, and viewed at least some draft messages in connection with that scheme, he was not personally involved in two or more separate "instances" of harassing the same victim. His involvement is more fairly described as a single "course of conduct" or "a pattern of conduct comprised of 2 or more acts evidencing a continuity of purpose pattern of activity." The conduct took place over a

two-week period between August 7 and August 21, 2019. While it is true that on August 21, 2019, Popp used three different Twitter accounts where one user asked for victim 1's address, and another user responded to that "guest [sic] I have to pay [victim 1] a visit," the series of messages was a single inclusive event designed to frighten the victims that an unhappy eBay seller intended to visit their home. The use of three accounts does not change the essential singular character of this harassment, which had one purpose of setting up Gilbert's "white knight" call (PSR Paragraph 88) with the hope of uncovering the identity of Fidomaster.

Further support for this interpretation of the enhancement is set forth in Application Note 3 which provides an example of where "a defendant engaged in several acts of stalking the same victim over a period of years…." Here, the time-period involved was limited, and all of the activities were directed to a singular purpose. Moreover, if the surveillance and threatening deliveries are the basis for finding multiple instances, such activities were not reasonably foreseeable to Mr. Cooke who believed his co-conspirators were talked out of such misconduct at the August 6 meeting. Because these activities were not reasonably foreseeable to him, they should not be considered conduct that occurred "prior to or during the offense" to be attributed personally to Mr. Cooke. Other than some of the Twitter messages that comprised the "White Knight strategy," Mr. Cooke did not engage in or know about acts of harassment of the victims until after he responded to Gilbert's draft Twitter message on August 20.

If the two-level enhancement for "pattern of activity" is not applied to Mr. Cooke as regards either victim group, the Adjusted Offense Levels in Paragraph 134 and 140 will be 20, the Combined Adjusted Offense Level will be 22, and the Total Offense Level will be 19 (30 – 37 months). If the Court follows the advisory USSG calculations of the parties, the Government agreed to recommend a six-month downward variance from the low end based on Mr. Cooke's

relative culpability, as Mr. Cooke understands it. Para. 4. If the Court's calculation of the advisory USSG range is lower than the parties, the government will recommend the same 30 months, despite the fact that Mr. Cooke's relative culpability does not change. Para 4. The defendant requests that this Court consider a downward variance from its ultimate calculation of the advisory USSG to more appropriately reflect a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing in connection with Mr. Cooke.

## II.   A DOWNWARD VARIANCE IS APPROPRIATE UNDER 18 USC §3553(a) FACTORS

### A.   History and Characteristics of Mr. Cooke

Prior to events in this case, Mr. Cooke led an exemplary life, one devoted to his family, friends, and community. For decades, he was a dedicated, decorated, and hard-working public servant who made his community a safer and better place to live. But for these crimes, Mr. Cooke has led a truly admirable life, as the many persons who speak on his behalf attest.

#### 1.   Mr. Cooke's History

Mr. Cooke is 56 years old, born in Stamford Connecticut to a first-generation immigrant Irish family, moving to Peabody Massachusetts a few years later. On the east coast, his family enjoyed close family and friends nearby, and in Peabody, the boys played hockey and baseball, and were in cub scouts. Exhibit 2 (Letter of Eileen Cooke) at 1. The family relocated to San Jose, California when he was 12 years old, and bought an affordable home in a neighborhood with – unbeknownst to them – significant drug and gang issues. Mr. Cooke's mother describes the move difficult because they "knew no one and no [one] knew us, so many mistakes, from Catholic to public schools, and the neighborhood was not the best."

Out of high school in 1984, Mr. Cooke joined the Marine reserves because he believed it was the best choice. *Id.* After six years of service, in 1990, he was honorably discharged as a

R512

Corporal. PSR Paragraph 177.  By leaving the neighborhood, Mr. Cooke worked with colleagues and made friends with individuals who had better life plans.  He followed their lead, applied for, and accepted a job as a correctional officer in the California Department of Corrections, where he served for two years, from 1987 to 1989.  Ex. 3 (Resume) at 2.  While working in the prison, in 1988, he was commended for stopping what could have been an inmate perpetrated homicide.  PSR Paragraph 184; Ex. 4 (DOC commendation letter).  In 1989, he received an AS degree in Administrative Justice from West Valley College in Saratoga, California.  Ex. 3, at 3.

In 1989, Mr. Cooke joined the Santa Clara Police Department, where he served honorably just under 28 years, ultimately retiring as a Captain.  PSR Paragraph 182.  He was a uniformed patrol officer from 1989 to 1994; an undercover narcotics detective from 1994 to 1997 (for two of the years in undercover narcotics, Gilbert was his partner); a property crimes detective from 1997 to 1998; a persons crime detective from 1998 to 2000; and a crisis and hostage negotiator from 1997 to 2000, which was a collateral assignment.  Ex. 3 at 2.

In 2000, Mr. Cooke was promoted to Sergeant.  For the next four years, he led six to ten person patrol teams and small detective units.  He was lead detective on hundreds of investigations involving fraud, burglary, theft, sexual assaults, robberies and homicides.  Id.   Retired Captain Greg Hill of the Santa Clara Police Department provided an illuminating example of the high regard in which Mr. Cooke was held by his colleagues:

> Phil spent most of his career in our Investigations Bureau.  When we had a criminal investigation involving one of our officers, it was common for Phil to be given the investigation as the primary investigator or to assist the primary investigator.  This was due to his skill as an investigator and his relentless pursuit of the truth.

Ex. 5 (Letter from Retired Captain Greg Hill), at 1.  Mr.  Cooke was also the crisis and hostage negotiator team leader.  Officer Pablo Lopez, one of Mr. Cooke's mentees, who met Mr. Cooke on a ride-along in Police Explorer training in his senior year in high school explained:

> I recognized Phil as the person who was the Gold Standard of police officers. Phil always had the answer on how to proceed with an investigation or a call for service, and always chose the most reasonable path to resolve matters. Phil was so willing to help others that he became a Hostage Negotiator, and eventually, a Sergeant on the Hostage Negotiations Team.

Ex. 6 (Letter of Officer Pablo Lopez), at 1. Officer Lopez concluded that Mr. Cooke changed his [Officer Lopez's] life (and the lives of [Officer Lopez's] future wife and children) and made the community safer for his work in the Police Department. *Id.* at 1 and 2. As he explained: "Phil would take on many of the sex abuse and assault cases against children as many of the other detectives did not want to take them on." He continued, "[w]atching Phil investigate crimes was both educating and heartbreaking. Phil investigated crimes ranging from undercover narcotics cases, robbery and child sex crime investigations, to homicide investigations." *Id.* Officer Lopez explained that no person "can be expected to investigate a brutal homicide of two children and go back to his own family and act like it was a normal day and work, but Phil did." *Id.* Officer Lopez pointed out that "Phil has spoken for the victims of homicides and child sex crimes when they could not speak for themselves." *Id.* His dedication and handling of the job impressed his oldest son, Dustin, who noted:

> I distinctly remember a ride along I had with Phil while he was working as a police officer when I was a child. There were multiple people in custody throughout the day who told me things like: "your dad is the nicest cop" or "your dad has really helped me get in the right direction." I remember being astonished that even those in custody felt admiration toward Phil.

Ex. 7 (Letter of Dustin Rothschild), at 1,

In 2004, Mr. Cooke obtained his B.S. in Business Administration from the University of Phoenix (PSR Para. 176), which he needed for any further promotion in departmental management. After he received his BA degree in 2004, he was promoted to Lieutenant where he supervised the sergeants and oversaw various units. He led the special response team (SWAT),

11

**R514**

the special enforcement team, the hostage negotiations team, multiple patrol teams, the traffic unit, and the records unit. He spoke on behalf of the department and provided training. Ex. 3 at 2.

In 2012, he was promoted to Captain. As Captain, he managed the Operations Division including a $30 million budget, the personnel development and management of 129 full-time employees, and managed all aspects of patrol, traffic, and the special response team (SWAT). He also managed the Special Events Division, providing public safety at all planned special events within the city from small events to 80,000 person events at Levi's Stadium. He also managed the Investigations Division with its $18 million budget and 52 employees which investigated person and property crimes. He also managed undercover operations, police records, and a five-person special enforcement unit. Id, at 1. When he was promoted to Captain, he was nominated and selected to attend the FBI National Academy ten-week training course for police managers. Id., at 2.

In 2016, Mr. Cooke was chosen as Incident Commander for Super Bowl 50 as someone his colleagues trusted to put in the hard work to get a difficult job done. As Retired Captain Hill explained, "[h]e was also selected to lead the entire department when Super Bowl 50 came to our city. We had other Captains who could have taken this on, but everyone knew he was the Captain who could make everything work (and he did)." *Id.* For his work as Incident Commander at that event, Mr. Cooke received the California Commendation Medal from the Army General. Ex. 8. As his nephew, Ryan Cooke explained, "he was recognized for his planning abilities, leadership and patience in pulling together local, state, and federal law enforcement, emergency response, military, and public safety agencies." Ex. 8 (Letter from Ryan Cooke), at 1. During the event, there were three air space violations that required action, a number of protestors, and a number of police arrests, all that were handled effectively and without incident. Id.

Mr. Cooke retired on December 24, 2016.  Upon his retirement, he received the ASIS American Lifetime Achievement Award.  Ex. 9.

After retirement, he applied for and was approved for full industrial retirement benefits, which under the CalPers retirement program, essentially means he was awarded a full disability retirement based on service-related injuries, dated as of his original retirement date.  See, PSR Paragraph 167;  Ex. 10 (disability payment form showing approval on p. 2, to original date of retirement on p. 3); *see also* https://www.calpers.ca.gov/page/active-members/retirement-benefits/service-disability-retirement.

Mr. Cooke found retirement difficult because of the boredom and lack of purpose.  He went from intense, long hours at work where he contributed to the community every day to having nothing to do.  While he had been a heavy drinker in the evenings in the years before he retired, upon retirement, he drank much more heavily.  PSR Paragraph 172.  As explained by his wife:

> When Phil retired at the end of 2016, the amount and frequency of his consumption of alcohol increased dramatically.  He often wouldn't remember things that happened when he drank, and it was frustrating to even speak with him when he had been drinking because he wasn't understanding what I was saying.

 Ex. 11 (Letter of Deborah Rothschild), at 10.  This wife encouraged him to return to work believing that having hard work and purpose would relieve the boredom and reduce the drinking. Id. at 10.

Accordingly, after about a year in retirement, in 2018, Mr. Cooke accepted a position as a contractor with Progressive Force Concepts in Las Vegas, Nevada as Assistant Team Leader for an Emergency Response team that was tasked with providing armed plain clothes emergency response at high-tech fortune 500 campuses in San Jose, California.  In that position, he spent time at private security jobs in Silicon Valley, including eBay.  PSR Paragraphs 180-181.  As a

13

result, while the job provided a place to go, a purpose, and new colleagues, it did not resolve his

drinking problem.  As his wife explained that she was wrong thinking his going back to work

would help with the drinking problem:

> I did not know about the drinking culture at eBay and Facebook.  First, he worked as a contractor for eBay which has a bar on campus where he would drink with his coworkers.  They would often leave that bar and go over to a local bar/restaurant and continue drinking until late at night.  Then he started working at Facebook where they allowed drinking during the day and would often have free alcohol available.

Ex. 11, at 10.

In April 2019, he became employed full-time at eBay, as discussed above.  In that role,

he continued to drink heavily, especially with his friends and colleagues.  As noted above, eBay

had a bar on campus that opened at 3:00 p.m., and drinking was part of the culture, with alcohol

present throughout the office space where it was typical to take morning shots of alcohol with

co-workers.  PSR Paragraph 172.  His wife explained:

> When he returned to eBay as an employee, Phil's drinking problem became even worse.  I remember one time Phil didn't come home from work until around 4am the following day.  When I asked him where he had been, he said he closed down a bar with his coworkers and slept in his car for a few hours until he felt safe to drive home.  I knew Phil and his coworkers had a liquor cabinet at work, but what I didn't know until later was they were taking shots of alcohol in the morning.

Ex. 11, at 10.

### 2.    Mr. Cooke's Characteristics

As his wife of 28 years describes, "Phil is: kind, caring, generous, considerate, dependable,

honest, hardworking, dedicated, and sincere.  He puts others needs before his own, and he has an

enormous amount of integrity.   He is a wonderful:  husband, father, son, friend, coworker,

employee, boss, and overall person." Ex. 11, at 1.  Those themes are repeated throughout the letters

of the persons who speak on behalf of Mr. Cooke.  He spent a lifetime helping others, working

14

**R517**

long hours, performing multiple kindnesses for family and friends, and prior to this instance of incredibly bad judgment, living life well and with good purpose, serving his community and making it better place.

### a. Hard work and devotion to duty

Mr. Cooke worked incredibly hard as a police officer for Santa Clara County.   His wife describes the long hours he devoted throughout his career, missing birthdays, anniversaries, Mother's Days, Thanksgivings, and Christmas's due to work obligations." Ex. 11, at 8.  His sister-in-law noted that even while raising three boys, Mr. Cooke took on special assignments that "required considerable risk, hours, and sleepless nights."  Ex 12 (Letter of Karen Rothschild), at 3.  When he worked undercover narcotics for three years, "he would sometimes not return home for several days without being able to call."  Id.

Mr. Cooke did not just work hard at his job.  In 1998, after working long hours, on days off, he assisted his mother taking care of his father who was fighting cancer. Id., at 2.  In 2001, as a Detective, Mr. Cooke needed to make more money to support his growing family.   To be promoted, he needed a Bachelor's Degree, which despite his already long hours at the job, he obtained by studying nights and weekends on-line.  Id., at 4.  His sister-in-law, Karen Rothschild notes that "Phil was a very hard-working policeman, taking on many overtime hours and sleepless nights.  He would sleep with his work phone on and often be awakened in the middle of the night. He had many friends on the force and there was a deep code of loyalty between them.  He was respected by his superiors and was promoted quickly through the ranks."  Ex. 12, at 2-3.

15

### b. Loyalty and kindness

In addition to his devotion to his job and the long hours worked, Mr. Cooke gave of himself to family and friends. His loyalty and kindness are widely regarded as among his strongest qualities by those who know him best.

His mother described when Mr. Cooke was a young policeman, and his father was fighting cancer, "Phillip on his days off took care of his dad 3 days a week." Ex. 2, at 2. The family had no bathroom downstairs, and "Philip would take his father upstairs in his wheelchair to have a shower, he wanted me to be able to keep my job in a pension company, he said it would be good for my health." *Id*. Mr. Cooke's father died of thyroid cancer in 1991. PSR Paragraph 159.

Mr. Cooke's older brother, Jamie, passed away in 1996 from a drug overdose. PSR Paragraph 161. As his mother, Eileen, explained, when Jamie passed away, it was "a very dark day in our lives," but he left a beautiful grandson, Ryan. Ex. 2, at 2. Mr. Cooke "always made sure to spend time with Ryan because of the loss of his dad," and included Ryan in the family trip to Ireland. *Id.*

Another person whom Mr. Cooke assisted through difficulties was Maurice Lawlor, his mother's second husband. As Mr. Lawlor's daughter, Ann Lawlor Goyette, relates:

> As Dad grew older, he became mentally less agile. He particularly loved to recite (and repeat) poetry from his school days – often at random intervals. Phil liked to drop by Dad's house to sit with him and visit for hours at a time. Phil shared news and listened to Dad's stories and poems. Dad was very engaged in these conversations and looked forward to Phil's visits. Phil was very patient and kind. He brought Dad great joy and for that, I am forever grateful.

Ex. 13 (Letter of Ann Lawlor Goyette), at 1. Ms. Goyette went on to describe what she characterized as the greatest example of Mr. Cooke's kindness as his "extraordinary relationship with his mother." *Id.* She explained that:

16

**R519**

> As long as she has known him, Phil has been the foundation of Eileen's happiness and wellbeing. He is readily at her side, in good times and bad. He stops in for a cup of tea, a scone and a chat. They communicate daily and vacation together, nationally and internationally. After my dad died, Eileen moved within a few miles of Phil and his family, and she has built her world around them. *Id.*

When his sister-in-law was hospitalized during aggressive cancer treatments, she described Mr. Cooke and his wife's contributions: "Phil and his wife stepped in to help with my daughters. Phil and my sister would drive my girls around to different classes and sports training, running to the store beforehand to get them dinner and to bring to them between activities." Ex. 13, at 5.

Similarly, Mr. Cooke's considerateness and willingness to take care of others was noted by his wife, who explained that two of his mother's elderly friends had theater tickets, and "Phil was concerned with Joe driving in the dark and parking in a very crowded parking lot to come to the theater. So Phil offered to pick Mary and Joe up. He decided to pick them up with Lyft so we could be dropped off in front of the theater making it easier for Mary and Joe to walk in." Mr. Cooke and his wife have been taking them to the theater ever since. Ex. 12, at 8-9.

Local friend Carra Sunseri describes Mr. Cooke as "the first to offer help with anything, small or large." Ex. 14 (Letter of Carra Sunseri), at 1. She explains that "for years he took good care of making sure my boys and I were physically and emotionally safe and comfortable when my husband would be away for long periods for work." *Id.*

Local friend Marni Jasso explained that she admires the "bond and partnership he and his wife share." Ex. 15 (Letter of Marni Jasso), at 1. She describes it as "a special and unique partnership." *Id.* Ms. Jasso further opined that "[h]e would give the shirt off of his back for anyone in need. For the past three years, we have all attended the 'Wounded for Warriors' project fundraiser together. Philip is passionate about serving others." *Id.*

17

**R520**

### c. Selflessness and service

His wife, Deborah Rothschild explains, "Phil has been an incredibly positive role model for his family demonstrating the importance of service, hard work, sacrifice, dedication, and the importance of taking care of those who cannot care for themselves." Ex. 11, at 10.  While children do not always follow their parents' lead, Mr. Cooke's modeling of selflessness and service took root in his own.  As Karen Rothschild notes, "[a]ll three boys were model teenagers and have a deep devotion and respect for their parents." Ex. 12, at 3.

Mr. Cooke's first son, Dustin, became an emergency room nurse.  Mr. Cooke met Dustin when Dustin was 2 years old, and he raised him as his own.  Karen Rothschild, Deborah's sister, saw how devoted Mr. Cooke was to her sister and her sister's young son, and observed that "this level of devotion and loyalty to a woman and her 2-year-old in a 27-year-old man was quite unusual and admirable."  Ex. 12, at 2.  Dustin was working in a Seattle emergency room as a Registered Nurse when Covid-19 hit.  He extended his travel nurse contract several times, working around the clock to help sick patients. Ex. 11, at 11.  Dustin became very sick with Covid himself, but did not tell his family until he was better because he did not want to worry them.  *Id.*  When he recovered, he returned to work, and donated plasma to help others. *Id.;  See also,* Ex. 7.

Mr. Cooke's second son, Shea, joined the Army after high school.  Shea focused on his father's selflessness and concern for Shea when Mr. Cooke described this case and its possible consequences to Shea.  Shea noted that his father's "primary concern was not that he would be going to prison for a number of years.  Instead, he was primarily concerned about how this will impact me [because of Shea's security clearance and the background investigations required]." Ex. 16 (Letter of Shea Cooke), at 1.  Shea continued, "I realize that I should not have been surprised at how selfless he was being.  As long as I have known him, I have never once seen my father put

18

himself in front of others." *Id.* Shea went on to describe how when the stress from a deployment in a rural outpost in Syria nearly brought him to the breaking point, he thought about how strong his father was over a lifetime as a police officer, and found the strength to make it through those first six months in Syria. *Id.* at 1-2. Shea left for a second tour of duty in November 2020.

Mr. Cooke's third son, Evan, is still a college student. Evan has been accepted and is transferring to UC Santa Barbara as a Junior, majoring in finance, this September after completing his first two years at De Anza Junior College. This incident has been hard on Evan, and Evan still has trouble speaking about the incident and its impact on himself and his family.

His wife even attributes her own focus on caring for others in part to Mr. Cooke's modeling, as well as his support and inspiration, particularly with regard to shifting her career from physical fitness generally to working with seniors and those dealing with cancer, osteoarthritis, joint replacement, as well as stroke survivors. Ex. 11, at 11.

### 3. Health Issues

As his wife explained, "[b]ecause he puts others needs before his own, Phil doesn't take care of himself." His sister-in-law described the physical harm he suffered to himself while taking care of others in the line of duty. One of the injuries was incurred when Mr. Cooke climbed a two-story building with his arms where the escape ladders were locked. A dangerous suspect was heading to the roof where his officers were located, so he scaled the building to try to help protect them. This effort caused considerable damage to his shoulder, which resulted in an extensive surgery and recovery. Ex. 11, at 4.

In April 2013, his wife noted that Mr. Cooke was obviously sick but refused to take time off to go to the doctor. Ex. 11, at 6. His wife finally took him herself. *Id.* As soon as the doctor examined him, she called 911. *Id.* The emergency room physician noted that if Mr. Cooke had

been brought in even a few minutes later, he would have died. *Id.* That led to nearly a year of "hospital stays, 911 calls, emergency room visits, time in ICU, and a long recovery which left his heart and lungs permanently damaged." *Id.* As Karen Rothschild summed up, Mr. Cooke ended up "with a very serious case of pericarditis which required emergency heart surgery and caused permanent damage to his heart." Ex. 12, at 3.

Since the heart injury, Mr. Cooke continues to suffer from occasional uncontrolled increases in heart rate that result in dangerous arrythmias, that in the past have been life threatening. Ex. 11, at 6. He is prescribed Tenormin which, if taken daily, generally controls the increased heart rate. Some days he needs access on an as-needed basis to an additional dose if the single daily dose doesn't sufficiently control his heart rate. PSR Paragraph 168. Whether and to what extent any BOP facility to which Mr. Cooke is assigned can timely respond to Mr. Cooke's heart issues is not now known, but timely access to the important medication as needed is critical for Mr. Cooke.

Since June 2020, when he agreed to plead, Mr. Cooke has seen a court-ordered therapist as part of his pre-trial release. Through that work, he ultimately appreciated and accepted that he is an alcoholic, recognized that boredom and lack of purpose are triggers for him, and has become and remained sober. His wife attests that he has not been drunk since June 2020. Ex. 11, at 10. Through therapy and to address his need for meaningful activity, Mr. Cooke completed an addiction recovery training program in California where he both attends and facilitates multiple weekly meetings for substance abusers, and also trained to facilitate meetings for the friends and families of substance abusers. See, Ex. 17 and 18 (certificates of completion of training).

B.     Nature and Circumstances of the Offense.

1.     Cyberstalking conspiracy

While the cyberstalking crime itself is serious, Mr. Cooke's participation in the conspiracy was limited.  He did not obey Baugh's instruction to stay in the United States and assist.  He did not travel to Boston to conduct surveillance or make deliveries or engage in role play, and he did not know that his co-conspirators had done so before August 20, 2019, when he was in India.  On August 20, 2019, he responded to Gilbert's message regarding sending a series of anonymous and harassing Twitter messages designed to obtain the victims cooperation in identifying Fidomaster, whom Baugh had described to him as personally threatening CEO Devin Wenig and his family. At that time, the other activities directed by Baugh including surveillance, role play, and threatening deliveries were not reasonably foreseeable to Mr. Cooke because he thought Baugh had been persuaded not to engage in these more threatening behaviors at the August 6 meeting.

Under the circumstances, the USSG calculation overstates the seriousness of the offense for Mr. Cooke where a single course of conduct was involved that impacted two victims, as opposed to injuring two victims in entirely different episodes.  *See,* United *States v. Hernandez Coplin*, 24 F.3d 312, 319 n.7 (1st Cir. 1994)(finding the Guidelines overstated the seriousness of an offense by requiring separate groups for each victim, explaining that harm to two victims in one course of conduct is "less culpable than injuring two victims in two entirely different episodes."  A similar type of analysis was undertaken by the First Circuit in *United States v. Montijo-Maysonet*, 974 F.3d 34, 53–54 (1st Cir. 2020), where the First Circuit distinguished between an agreement to commit the same crime or the use of mails and wires sent to further the same scam, and Montijo's two trips to the motel with an underage victim to expose her to two different sexually-charged encounters — away from familiar surroundings — to which she couldn't legally consent.

21

**R524**

Likewise, in *United States v. Nedd*, 262 F.3d 85 (1st Cir. 2001), the court addressed an interstate threats and interstate violation of a restraining order case involving multiple victims. There, the defendant made multiple threats targeting the same individual, but each threat (except one) also named a different one of the primary victim's family members as well. Id. at 92-93. Nonetheless, in *Nedd*, the First Circuit analyzed which counts involved the same conduct and same group of victims. Id.

To be clear, Mr. Cooke agrees that the grouping rules under Application Note 8 of USSG § 3D1.2 envision two different groups, one for each victim (*see, e.g., United States v. Vasco*, 564 F.3d 12, 23 (1st Cir. 2009)), but he believes that in this case, where his participation was limited and the same course of conduct impacted two victims, the resulting USSG calculation overstates the seriousness of the offense for him. Even though the offense conduct resulted in "independent, personal, and deeply traumatic effects" to two separate victims (see *Nedd* at 92), the Twitter messages were sent to further a single course of conduct designed to ultimately obtain the identity of Fidomaster.

### 2. Witness Tampering Conspiracy.

Regarding the conspiracy to commit witness tampering, Mr. Cooke was worried for his friends and colleagues, and particularly Gilbert, who had been a close friend and colleague for more than 25 years in the Santa Clara Police Department and who had been his partner in undercover narcotics for two years. He did not want his friends to get in trouble. He is utterly remorseful for this conduct. Although it is no excuse, in the August 20-22 time period, when the witness tampering occurred, Mr. Cooke was in India alone and inebriated. As a result of being drunk, Mr. Cooke did not fully comprehend the extent of the misconduct toward the victims and his judgment was impaired; he found it nearly impossible to believe after prior discussions that

his friends and colleagues could or would engage engaged in surveillance, role play, and threatening deliveries that he learned may have happened. He is utterly remorseful for his involvement in misleading the Natick police. He knew better. It was inconsistent with everything he stood for as a police officer for decades.

Although it is of no solace to him at this time, it is significant that Mr. Cooke did not compound that mistake by lying to eBay investigators. As specifically noted at the plea hearing by the prosecutor, Mr. Cooke did not lie to eBay. 10/27/19 Plea Transcript, at 28. As described in PSR Paragraphs 108-122, Mr. Cooke was not involved in the scheme to conceal information from eBay investigators and their outside counsel.

### C. Need for the Sentence Imposed.

Mr. Cooke recognizes that among other factors, this Court will consider incarceration to promote respect for the law and to provide just punishment for the offense, as set forth in 18 U.S.C. § 3553(a)(2)(A). Given Mr. Cooke's lack of any criminal history, the Bureau of Prisons will likely assign him to serve any period of incarceration imposed at a minimum-security prison. However, even those who have been so assigned are required to quarantine, sometimes for two weeks in solitary confinement, before entering the prison population. That time can be extended if a prisoner is inadvertently exposed to another incoming inmate or person who may have been exposed. Additionally, because of COVID-19, the circumstances of imprisonment are more severe than incarceration in the past, with less ability for prisoners to engage in teaching, classes, recreation, or other more communal pursuits. As a result, a period of incarceration is harsher than in the past, and those difficult conditions should inform what type of sentence is necessary to provide just punishment and provide respect for the law.

As to general deterrence under § 3553(a)(2)(B), the risk of imprisonment—as opposed to the length of time in prison—deters others. The eBay matter has received intense media coverage, particularly in California where eBay is located and where Mr. Cooke lives. A bright spotlight has been shined on all participants, but has particularly impacted those who lived and worked in Santa Clara County their entire adult lives. An unequivocal message has been sent to the public through this press: it is against the law to use the internet to harass with the intent to cause substantial emotional distress, and certainly to lie to the police.

With regard to the need to protect the public from further crimes of Mr. Cooke, § 3553(a)(2)(C), there is no need for any prison sentence at all. Mr. Cooke is no longer employed at eBay, and it is improbable that he will ever be employed in private security again. Importantly, the traumatic experience of this prosecution to Mr. Cooke and his family assure that he will not commit another criminal act, even in a misguided attempt to protect others. Mr. Cooke has dedicated this past year to changing and improving his life – addressing his substance abuse issue, finding purpose through his volunteer work, and recommitting to the quality of life he lived before events in this case. He views these changes as vital to himself, his family, and his community.

Finally, under § 3553(a)(2)(D), Mr. Cooke is unaware of any necessary educational or vocational training, medical care, or correctional treatment that could be more effectively provided in an institutional setting; U.S. Probation has identified him as a potential candidate for the Residential Drug Abuse Program by the Bureau of Prisons. Of note, his completion of the training for a substance abuse program in California, including his participation both as a participant and as a facilitator for others, to which he is committed to continuing, provides an effective means of dealing with his substance abuse problem.

### D. Avoiding Unwarranted Sentencing Disparities -- Relative Culpability.

Mr. Cooke is the first defendant in this crime to be sentenced, there are no other sentences currently imposed. Four other defendants have been convicted (Gilbert, Popp, Stockwell and Zea); two defendants have been indicted (Baugh and Harville). Accordingly, an examination of what the government has said it intends to recommend based on what others did is illuminating.

As indicated above, the Government agreed to a six-month downward variance for Mr. Cooke from the USSG calculations as agreed by the parties based on, as Mr. Cooke understands it, his relative culpability. Under the Plea Agreement, the recommendation for a downward variance disappears if the Court calculates the USSG lower than the parties. While under the Plea Agreement, the government will recommend 30 months no matter what the Court ultimately determines the advisory USSG calculation to be, the facts about Mr. Cooke's involvement in the activities relative to others and his history and characteristics do not change.

Without question, Baugh was the ringleader of the misconduct, directing others to carry out his plans – whether travel to Boston, surveillance, role play, deliveries of unwanted items, or threatening mailings, all as set forth in the Indictment. He supervised Popp and Harville directly, and all of the other participants indirectly. He has not been convicted at this time.

According to the government's charges, Harville travelled to Massachusetts to participate in the surveillance activity and attempt to install a tracker on the victims' car. *U.S. v. Jim Baugh and David Harville*, et al. 20-cr-10263-PBS (Docket #33), Para. 16w, z, aa, bb, and ff-ii. He has also not been convicted at this time.

Popp was Baugh's de-facto Chief of Staff, and she supervised the younger women who arranged unwanted and sometimes disturbing deliveries, misused the mails, and participated in surveillance activities. She pled guilty last fall. In her plea agreement, the government calculates

**R528**

her TOL at 24 (51 to 63 months) based upon her supervisory role, but has agreed to recommend 41 months (a ten-month reduction from the low end of the advisory USSG). *U.S. v. Brian Gilbert*, et al. 20-cr-10098-WGY (Docket #30; Popp Plea Agreement), p. 3. Popp was the same level employee at eBay as Gilbert and Mr. Cooke. Popp was deeply involved in the underlying events and was directly and personally involved in many of the activities that are the focus of this prosecution at the direct instructions of Baugh. *U.S. v. Brian Gilbert*, et al. 20-cr-10098-WGY (Docket #1; Information), *passim;* (Docket #27 -- Plea Transcript; government statement of facts for Popp), pp. 36-38. She participated in key meetings including a meeting on August 6 regarding the white knight strategy, a meeting on August 6 regarding the delivery of unwanted and disturbing items to the victims' home, and a meeting on August 14 regarding surveillance and installation of a GPS tracker. Indictment in *U.S. v. Jim Baugh and David Harville*, et al. 20-cr-10263-PBS (Docket #33), Paragraph 16a, b, and w. She personally sent the Tweets to the victims. *Id*, Paragraph 16, *passim*. She personally travelled to Boston to replace Harville on the surveillance team. *Id.*, Paragraph 16mm and qq.

The two younger women, Zea and Stockwell, both of whom have pled guilty and both of whom reported to Popp, were members of the Global Intelligence Center, acting based upon the express instructions of Baugh. *U.S. v. Brian Gilbert*, et al. 20-cr-10098-WGY (Docket #27 – Plea Transcript; government statement of facts for Zea), pp. 35-36. The government assigned them TOL 19 (30-37 months) based on a minor role reduction, with an agreement to recommend 30 months for Zea and 24 months for Stockwell. *U.S. v. Brian Gilbert*, et al. 20-cr-10098-WGY (Docket #33 – Zea Plea Agreement; Docket #43 – Stockwell Plea Agreement).

Gilbert also pled guilty. His TOL, like Mr. Cooke's is 21 (37 to 46 months), and the government indicates it will seek a 37-month sentence. *U.S. v. Brian Gilbert*, et al. 20-cr-10098-

WGY (Docket #42 – Gilbert Plea Agreement), at 3. Like the other defendants in his case, Gilbert operated under Baugh's direction; however, unlike Mr. Cooke, Gilbert was on the ground in Massachusetts, handling interactions with the Natick Police Department, and involved directly with at least some of the other co-conspirators in real time, according to his Information (Docket #1). However, because of the significant extent to which Baugh siloed information about the inappropriate activities he was directing, Gilbert also may have been unaware of the full scope of the misconduct, including some of the activities he and Mr. Cooke warned against at the August 6 meeting.

<u>**CONCLUSION**</u>

Mr. Cooke respectfully requests that he be sentenced to home confinement for whatever period the Court believes is necessary, 12 months supervised release, a $200 special assessment, no restitution (as none has been requested), and no fine. He requests the Court to find that no fine is warranted because his wife's income will be insufficient to pay his family's living expenses and she will need his pension for the family's expenses. He believes that such a sentence would be sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in § 3553(a).

Respectfully submitted,

*/s/ Susan G. Winkler*
Susan G. Winkler  (BBO #530682)
Winkler Law LLC
120 Holmes Street, Suite 313
Quincy, MA 02171
(617) 642-6671
Winkler.susan@gmail.com

27

**R530**

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Susan G. Winkler*

July 20, 2021                          Susan G. Winkler

**R531**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JIM BAUGH, *et al.*

No.  20-cr-10263-PBS

## **DEFENDANT JIM BAUGH'S MOTION TO COMPEL DISCOVERY**

Defendant, Jim Baugh, moves to compel discovery pursuant to Fed. R. Crim. P. 16, Local

Rule 16.2, *Brady v. Maryland,* 373 U.S. 83 (1963), and the inherent power of the Court to order

discovery as appropriate. Specifically, the Court should order the prosecution to produce requested

materials concerning Mr. Baugh's work, while in the private sector, assisting U.S. government

intelligence and/or law enforcement agencies with various undercover operations from 2014 to

2018. The requested materials are relevant and exculpatory as to the *mens rea* elements of the

charged offenses and a potential defense of necessity.

## **BACKGROUND**[1]

The Charges

The prosecution alleges that Defendant, Jim Baugh, along with other eBay employees and

contractors, harassed, intimidated, and surveilled a couple ("Victims 1 and 2"), who published an

online newsletter ("Newsletter") about eBay and other ecommerce companies. The alleged

objectives of the charged conspiracy, according to the Indictment, were "to distract the Victims

from publishing the Newsletter, to alter the Newsletter's coverage of eBay, and to gather

---

[1] This background narrative is presented for the purpose of this Motion only. It is substantially based on the charging documents and materials produced by the government in discovery. Mr. Baugh does not concede that any particular facts or allegations, many of which are outside his personal knowledge, are true or accurate.

1

information that the defendants and their co-conspirators could use to discredit the Victims and the Newsletter." D.E. 33 (Indictment) ¶ 12.

Specifically, the fifteen-count Indictment charges that, in violation of 18 U.S.C. § 371, Mr. Baugh conspired (i) to travel in interstate commerce to stalk the Victims and (ii) to use the facilities of interstates commerce to cyber-stalk them (Count I). D.E. 33. It also charges the substantive offense of stalking in violation of 18 U.S.C. § 2261(A)(1)(B) (Counts II and III) and cyber-stalking in violation of 18 U.S.C. § 2261(A)(2)(B) (Counts VI and VII). Further, the Indictment charges that, in violation of 18 U.S.C. § 1512(b)(3), Mr. Baugh committed witness tampering against a Natick Police Department ("NPD") detective (Count X) and eBay investigators (Count XI). Finally, it charges that, in violation of 18 U.S.C. § 1519, Mr. Baugh obstructed a federal investigation into the charged conspiracy by directing a colleague to falsify a document (Count XIII) and by destroying data on his cellphone (Count XIV).[2]

At the time of the alleged conspiracy, in August and September 2019, Mr. Baugh served as eBay's Director of Safety and Security and, in that capacity, oversaw Global Security and Resiliency ("GSR"), a division responsible for the physical security of eBay's employees and facilities. D.E. 33 ¶ 1. He also worked with other employees and contractors, including co-defendant David Harville (eBay's Director of Global Resiliency) and separately charged defendants Brian Gilbert, Philip Cooke, Stephanie Popp, Stephanie Stockwell, and Veronica Zea. Gilbert and Cooke were retired police captains working in GSR who were responsible for various security operations. *Id*. ¶¶ 6-7. Popp, Stockwell, and Zea operated eBay's Global Intelligence

---

[2] The Superseding Indictment includes parallel counts against co-Defendant, David Harville, for all but two of the substantive charges (Counts IV, V, VIII, IX, XII, and XV).

Center ("GIC"), an intelligence and analytics group within GSR that supported the company's overall security operations. *Id.* ¶¶ 3-5.

eBay's senior corporate leadership, including CEO Devin Wenig and SVP Steve Wymer, believed the Victims and their Newsletter posed an existential threat to the company as well as a personal safety threat to executives and their families because of the Newsletter's contents, the comments that its readers posted online, and the hostility toward the company and its executives the Newsletter and comments provoked. D.E. 33 ¶ 10.

Concerns that false, misleading, personal, and inflammatory content in the Newsletter could incite actual physical violence preoccupied eBay's executives—and, as a result, Mr. Baugh and his eBay security team, too. In the wake of the April 2018 mass shooting at YouTube headquarters, the large, open eBay "campus" comprised of multiple buildings in San Jose was viewed as particularly vulnerable. And the eBay "Open" conference, which draws a large, often-fractious collection of eBay sellers to Las Vegas every year, was also viewed as high-risk. Indeed, the 2019 conference was held at the Mandalay Bay, the same site where one of the nation's worst mass shooting incidents had taken place in 2017.

In an effort to distract the Victims from publishing the Newsletter, to alter its coverage, and to gather information that might discredit the Victims, Mr. Baugh allegedly conspired with eBay colleagues to "harass and intimidate the Victims" by sending "repeated and hostile Twitter messages" to the Victims and "deliveries of unwanted – and in some instances disturbing – items" to their home. *Id.* ¶¶ 11-12. In addition, Mr. Baugh allegedly conspired with his co-defendants to place the Victims "under surveillance" by travelling from California to Massachusetts to "conduct physical surveillance." *Id.*

**R534**

On or about August 15, 2019, Mr. Baugh travelled from California to Massachusetts with Harville and Zea. *Id.* ¶ 16z. Later that same day, all three drove to Natick in a rental car. The plan was to install a GPS tracking device on the Victims' car, but the car was locked in their garage. *Id.* ¶ 16bb. Then, on August 16, 2019, Mr. Baugh, Harville, and Zea returned to Natick, repeatedly drove past the Victims' home, and followed Victim 2 as he drove around town. *Id.* ¶ 16ff, 16hh. On or about August 18, 2019, Mr. Baugh, Popp (who had travelled to Boston on August 17, 2019, and replaced Harville on the "surveillance team"), and Zea drove to Natick and, again, followed Victim 2 in his car. Mr. Baugh and the others were spotted again, and Victim 2 was able "to take a photograph of the surveillance team's license plate." *Id.* ¶ 16qq. Shortly thereafter, on August 20, 2019, Mr. Baugh texted Popp, Cooke, and Brian Gilbert to report that two different rental cars had been "burned." *Id.* ¶ 16rr.

On or about August 21, 2019, an NPD detective came to the Boston hotel where Mr. Baugh, Popp, and Zea were staying, "to investigate Zea and Harville's connection" to the alleged "cyberstalking campaign." *Id.* ¶ 16vv. Mr. Baugh also learned that the NPD detective was looking into the purchase of prepaid debit cards in Santa Clara, California, to order pizzas for delivery to the Victims. *Id.* ¶ 16ddd. Mr. Baugh and Popp then "directed" Stockwell to create "a list of eBay 'Persons of Interest' in the San Francisco Bay Area" that Gilbert could use in talking with the NPD to "deflect attention from Zea." *Id.* ¶ 16eee.

The charged conspiracy failed to accomplish its alleged objectives. Rather than distract the Victims or change the content of their Newsletter, it prompted a local police investigation in Massachusetts. After an NPD detective followed several clues back to eBay's headquarters in California, Mr. Baugh and other eBay employees and contractors allegedly lied to "eBay

investigators," destroyed records on "eBay-issued cellphones," and removed computers from eBay's offices. *Id.* ¶¶ 13, 16jjj, 16lll, 16mmm, 16ooo.

<u>Mr. Baugh's Prior Covert Operations as a Security Contractor</u>

As the prosecution knows, earlier in his career, Mr. Baugh was a U.S. government agent involved in national security activities. Later, while working as a private sector security contractor, Mr. Baugh was enlisted from time to time by U.S. government agencies, via a "handler" from the FBI, to conduct and assist those agencies with certain covert operations. These activities involved conducting physical and electronic surveillance, engaging in physical trespass, using false pretenses and fake identities, and gaining unauthorized access to private corporate computer systems, documentation, and resources, all in support of certain national security objectives.

For example, in one covert government operation, Mr. Baugh used private corporate resources to facilitate installation of surveillance devices at a hotel to monitor a visiting head of state and accompanying delegation from a hostile foreign power; he then secretly funneled the government-provided cash back into the corporation's finance system to reimburse the costs. In another operation, Mr. Baugh surreptitiously obtained falsified corporate credentials, without the company's consent, to permit a government agent to attend meetings between corporate employees and a visiting foreign delegation. In yet another operation, Mr. Baugh used false pretenses to help arrange meetings between a suspected foreign agent (target) and an undercover federal agent who pretended to be a business consultant retained by Mr. Baugh, in order help the undercover agent form a close relationship with, and obtain compromising information about, the target.

Mr. Baugh was consistently instructed by his FBI handler to stick with his false "cover story" if confronted or questioned by local law enforcement or corporate representatives about his actions in connection with these covert government operations.

5

eBay executives were well aware of Mr. Baugh's background, and they expected he would use strategies and tactics that he learned in service of the U.S. government to address what they characterized as the existential threat posed by the Newsletter. eBay's General Counsel, Marie Huber, had advised executives and Mr. Baugh that ordinary legal tools were unlikely to be effective in addressing issues posed by the Newsletter and a Twitter account believed to be associated with the Victims. Executives therefore turned to Mr. Baugh to solve the problem by less conventional means. SVP Wymer's direction to Mr. Baugh, cc'ed to GC Huber, could not have been more clear:

> I genuinely believe these people are acting out of malice and ANYTHING we can do to solve it should be explored. Somewhere, at some point, someone chose to let this slide. It has grown to a point that is absolutely unacceptable. It's the "blind eye toward graffiti that turns into mayhem" syndrome and I'm sick about it. Whatever. It. Takes.

D.E. 3-2 (Cmplt. Aff.) ¶ 49.

<u>The Requested Discovery.</u>

By letter dated June 29, 2021, Mr. Baugh requested, *inter alia*, the following items in discovery:

- Documents sufficient to identify activities performed by Mr. Baugh authorized by or in support of U.S. government intelligence or law enforcement agencies or operations from 2014 to 2018.

- Documents concerning or comprising any agreements between Mr. Baugh and U.S. government agencies relating to the activities referenced in the previous request.

- Documents concerning or comprising written instructions or warnings provided to Mr. Baugh relating to the activities referenced in the previous two requests.

D.E. 62 ¶¶ 6-8.

The prosecution, "[w]ithout confirming or denying the existence of any of the described activities, agreements, instructions, or warnings for the period between 2014 and 2018, …

6

decline[d] to produce such records." D.E. 67 at 3-4. It asserted the information is "irrelevant because it predates the existence of the conspiracy alleged in the Indictment." *Id.* at 4. Moreover, implicitly admitting that the information, at minimum, would be relevant to the "degree of the defendant's culpability" under Local Rule 116.2(b)(4), the prosecution argued that the information is not discoverable *yet*: "To the extent you seek information in the government's possession that, assuming it existed, would tend to diminish the degree of the defendants' culpability, Local Rule 116.2(b)(4) requires only that a written summary of any information be provided before the earlier of a plea or the defendant's submission of objections to a Presentence Investigation Report." *Id.*[3]

The prosecution is wrong. Because the requested information is potentially exculpatory and material to preparing Mr. Baugh's defense, it must be turned over now. And even under the prosecution's narrow and jaundiced view of its obligation as limited to pre-plea sentence mitigation, Mr. Baugh cannot meaningfully weigh whether to *consider* a plea without access to the requested materials now. Finally, even if discovery were not yet required under the Local Rules, delay under these circumstances is a waste of resources and inconsistent with the prosecution's obligation to seek justice, not simply a conviction.

## ARGUMENT

The requested information is material to Mr. Baugh's state of mind. Did he "*intend*" to "*harass*" the alleged victims, using various means including physical surveillance, as the federal stalking statute requires? Did he "*corruptly*" engage in misleading conduct as the witness tampering statute requires? Or, instead, did he act in good faith, believing his actions to be appropriate and necessary to avoid greater harms? Even if such a belief appears erroneous or

---

[3] Notably, the government has not invoked the declination provision of Local Rule 116.6.

unreasonable today, with the benefit of hindsight, Mr. Baugh is entitled to develop and present evidence bearing on his state of mind at the time of alleged conduct at issue.

Evidence concerning Mr. Baugh's prior participation in U.S. government-sponsored covert operations that employed physical surveillance and other arguably unlawful means in service of a greater good (that is, to avoid greater perceived or potential harm), and any instructions and warnings his official handler may have provided (*e.g.,* to maintain a false "cover story" in response to inquiries from local law enforcement or corporate representatives) would be exculpatory and material to as evidence that tends to negate specific intent and/or support an affirmative defense of actual or perceived necessity.

## I.      Legal Standard

The government has a constitutional "duty to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment." *United States v. Prochilo*, 629 F.3d 264, 266 (1st Cir. 2011) (citing *Brady v. Maryland,* 373 U.S. 83 (1963)). The Local Rules further provide:

> [e]xculpatory information includes, *but may not be limited to*, all information that is material and favorable to the accused because it tends to:
> (1) Cast doubt on defendant's guilt as to any essential element in any count of the indictment or information;
> (2) Cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress or exclude . . . .;
> (3) Cast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief; or
> (4) Diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States Sentencing Guidelines.

Local Rule 116.2(a) (emphasis added).

In addition, the criminal discovery rules provide that

> [u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) <u>the item is material to preparing the defense;</u>
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) <u>the item was obtained from or belongs to the defendant.</u>

Fed. R. Crim. P. 16(a)(1)(E) (emphasis added); *see* Local Rule 116.1(c)(1)(A) (requiring production of Rule 16 material within 28 days of arraignment). Thus, under Local Rule 116.1(c)(1)(E) and Fed. R. Crim. P. 16(a)(1)(E), the government must permit the inspection of requested documents, within 28 days of arraignment, if they are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i).

Materiality is a low threshold: The First Circuit has observed that

> Rule 16's mandatory discovery provisions were designed to contribute to the fair and efficient administration of justice by providing the defendant with sufficient information upon which to base an informed plea and litigation strategy; by facilitating the raising of objections to admissibility prior to trial; by minimizing the undesirable effect of surprise at trial; and by contributing to the accuracy of the fact-finding process.

*United States v. Lanoue*, 71 F.3d 966, 976 (1st Cir. 1995), *abrogated on other grounds by United States v. Watts*, 519 U.S. 148 (1997). Information is material even if it does not ultimately lead to a viable defense. *See United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) ("[i]nformation is material even if it simply causes a defendant to completely abandon a planned defense and take an entirely different path").

## II.    The Court Should Order the Requested Discovery

The requested information is exculpatory and material to Mr. Baugh's *mens rea*, which is directly at issue in both the stalking and witness tampering charges. *See* Fed. R. Crim. P. 16(a)(1)(E)(i). Moreover, to the extent the requests include agreements, warnings, and other

9

documents that Mr. Baugh actually signed, they constitute materials "obtained from" him to which he is automatically entitled. *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).

In order to obtain a federal "stalking" conviction under 18 U.S.C. § 2261A, the government must prove, among other things, that Mr. Baugh travelled in interstate commerce "[with] the intent to kill, or injure, or harass, or intimidate, or place under surveillance with the intent to kill, injure, harass or intimidate, the person named in the Indictment." *United States v. Walker*, 665 F.3d 212, 224 (1st Cir. 2011); *see* 18 U.S.C. § 2261A(1); *see also* Pattern Crim. Jury Inst. for the District Courts of the First Circuit 4.18.2261A.[4] That specific intent must exist at the time of the interstate travel. *See United States v. Casile*, 490 Fed. Appx. 470, 2012 U.S. App. LEXIS 15872 (3d Cir. Aug. 1, 2012).

In order to obtain a witness tampering conviction under 18 U.S.C. § 1512(b)(3), the government must prove that Mr. Baugh *knowingly* and *corruptly* persuaded or attempted to persuade, or engaged in misleading conduct toward an identified person with the intent to hinder, delay, or prevent communication of information to federal law enforcement. Construing that statute, the Supreme Court has emphasized that "[o]nly persons conscious of wrongdoing can be said to 'knowingly . . . corruptly persuade.'" *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-06 (2005) (ellipsis in original).

As to both sets of charges, Mr. Baugh is entitled to present evidence that he did not have the requisite *mens rea*—the specific intent to *harass* the Victims, or to *corruptly* tamper with a witness. While the government always bears the burden to prove *mens rea* elements beyond a reasonable doubt, Mr. Baugh may request a "good faith" instruction. *See* Pattern Crim. Jury Inst.

---

[4] Available at https://www.med.uscourts.gov/pdf/crpjilinks.pdf .

for the District Courts of the First Circuit § 5.02 ("Evidence has been presented of [defendant's] [. . . good faith. . .]. Such [ ] may be inconsistent with [the requisite culpable state of mind]"); *United States v. Sturm*, 870 F.2d 769, 777 (1st Cir. 1989) ("Jury instructions that allow a conviction even though the jury may not have found that the defendant possessed the mental state required for the crime constitute plain error.").

Relatedly, Mr. Baugh can also seek to establish the necessity or, at least, the good-faith *perceived* necessity of his conduct. That affirmative defense would require Mr. Baugh to prove that he "(1) was faced with a choice of evils and chose the lesser evil, (2) acted to prevent imminent harm, (3) reasonably anticipated a direct causal relationship between his acts and the harm to be averted, and (4) had no legal alternative but to violate the law." *United States v. Lebreault-Feliz*, 807 F.3d 1, 3-4 (1st Cir. 2015).

The circumstances here indicate that Mr. Baugh: (1) believed the Victims and the Newsletter posed a grave and imminent threat in the form of incitements to violence against eBay personnel; (2) believed the alleged actions would avert the threatened harm; (3) was told by the GC Huber that "ordinary" legal tools were ineffective to neutralize that threat; (4) had previously, at the U.S. government's direction and with its authorization, engaged in surveillance, trespassing, and misleading activities similar to those charged here, in what he understood to be necessary for the greater good. The requested discovery would show that Mr. Baugh was previously hired to engage in similar conduct by the U.S. government; he reasonably understood the conduct was lawful or, at least, necessary; and he undertook that conduct not to "harass or intimidate" or to "corruptly" mislead but to serve important national security objectives. Such evidence would help to demonstrate Mr. Baugh's good faith.

11

Stated differently, evidence that Mr. Baugh previously engaged in surveillance and other arguably unlawful activities believing them to be justified, supports the inference that he did so here, too. In *United States v. Lee*, 790 F.3d 12 (1st Cir. 2015), the First Circuit found that historical evidence of the defendant's abuse of his former wife was relevant (and admissible) in a § 2261A stalking prosecution, not only to show the *victim*'s state of mind but "relevant to [the defendant's] motive or intent" as well. *Id*. at 16-17 (emphasis added). If such evidence is relevant and admissible when offered to show an inculpatory state of mind, as in *Lee*, it is similarly relevant and admissible to show an *exculpatory* state of mind.

## **CONCLUSION**

For the foregoing reasons Mr. Baugh respectfully requests that this Court order the government to provide the discovery requested in paragraphs 6-8 of his June 29, 2021 letter.


Respectfully submitted,

**JIM BAUGH**

by his attorneys,


_/s/ William Fick_
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO # 601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
WFICK@FICKMARX.COM
DMARX@FICKMARX.COM
ABARSKY@FICKMARX.COM

## **CERTIFICATE OF SERVICE**

I caused the foregoing document to be served, by ECF filing August 16, 2021, on the parties registered for ECF notices in this case.

_/s/ William Fick_

12

**R543**

jpirozzolo@sidley.com

**From:** William Fick <wfick@fickmarx.com>
**Sent:** Tuesday, November 23, 2021 11:33 AM
**To:** Pirozzolo, Jack <jpirozzolo@sidley.com>; Daniel Marx
<dmarx@fickmarx.com>
**Cc:** Alessi, Kathryn L. <kalessi@sidley.com>; Nonaka, Scott
<snonaka@sidley.com>; Domina, Drew A. <ddomina@sidley.com>; Feith,
Daniel J. <dfeith@sidley.com>
**Subject:** RE: US v. Baugh, 20-cr-10263

Jack:

We write in response to your letter dated November 22, 2021, and to
follow-up on the various meet-and-confer discussions chronicled in that
letter, in an ongoing effort to narrow potential areas of dispute
concerning the subpoenas served on eBay. Nothing in our proposals,
here and in prior communications and discussions, should be
interpreted as an admission that the Subpoena as drafted was
overbroad, unduly burdensome, or without legal basis. Nor should any
particular proposed "concessions" about scope in this email be viewed
as binding, should we be unable to reach agreement on other aspects
of the Subpoena. Rather, as in any negotiation, we are engaging in give-
and-take discussions aimed at reaching a potential compromise to
resolve or narrow disputed matters.

As noted, should we reach agreement regarding production of any
arguably privileged materials, we are prepared to work with you to
accomplish that in a way that minimizes the risk of others claiming a
waiver of those arguably applicable privileges.

We propose the following:

### Request 1

Based on your representations about the forward-looking nature of the
"Guidepost Solutions" exercise, we are prepared to agree that log entry
238 can be excluded from the scope of the request.

The PowerPoint presentation to the USAO is clearly not privileged. We
believe it falls squarely within the ambit of *Nixon* (assuming without
conceding that *Nixon* controls over Mr. Baugh's constitutional right to
compulsory process) and should be produced in its entirety, not merely
the "portions of the presentation that refer to" Mr. Baugh.

With regard to the other responsive documents, we continue to believe
that Mr. Baugh's constitutional rights to defense overcome eBay's
corporate privilege, but we could agree that the materials be redacted
to conceal legal advice and to disclose only findings of fact.

### Request 2

We are prepared to limit the scope of this request to 2019.

### Request 3

As noted previously, we are prepared to accommodate production in a
manner to minimize the risk that third parties may claim eBay waived

**R544**

any arguably applicable privileges.

**Request 4**

Based on your representations about the nature of interviews in and after 2020, we are prepared to limit the scope of production to materials concerning interviews conducted in 2019. However, we are not prepared to limit the scope to "charged individuals." At a minimum, without limitation, the production should also include interview materials for Wenig, Wymer, and Jones.

**Request 5**

We are prepared to limit the scope of this request to the full forensic extraction (UFED or comparable) of Mr. Baugh's phone, subject to the understanding that eBay will cooperate should we need to obtain a native copy and/or business record certification for other communications or documents already disclosed to the government, e.g., the 8/25/29 Wenig communication "See you tomorrow. The Cavalry is back" referenced at E_000021 (EBAY-BAUGHPRIV_00007).

**Request 6**

We are prepared to limit the scope of this request to communications from January through September 2019. Arguably privileged, responsive communications during this time period, some of which included Mr. Baugh, provide critical contemporaneous context to the alleged offense conduct, at a time when eBay executives, including Wenig, Wymer, and Jones, were arguably unindicted co-conspirators. Accordingly, Mr. Baugh's constitutional rights clearly overcome eBay's assertion of any corporate privilege, and these materials easily satisfy the *Nixon* standard.

We would welcome further discussion if it could be fruitful in reaching compromise.

Bill

**From:** Pirozzolo, Jack <jpirozzolo@sidley.com>
**Sent:** Monday, November 22, 2021 5:02 PM
**To:** William Fick <wfick@fickmarx.com>; Daniel Marx
<dmarx@fickmarx.com>
**Cc:** Alessi, Kathryn L. <kalessi@sidley.com>; Nonaka, Scott
<snonaka@sidley.com>; Domina, Drew A. <ddomina@sidley.com>; Feith,
Daniel J. <dfeith@sidley.com>
**Subject:** RE: US v. Baugh, 20-cr-10263

Ok. Thx.

**JACK W. PIROZZOLO**

**SIDLEY AUSTIN LLP**
60 State Street, 36th Floor
Boston, MA 02109

**R545**