# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| INA STEINER, DAVID STEINER, and ) | |
| STEINER ASSOCIATES, LLC, ) | |
| ) | Civil Action No. 21-CV-11181-DPW |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORAL ARGUMENT REQUESTED |
| ) | |
| EBAY INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT EBAY INC.'S MOTION TO DISMISS CROSS-COMPLAINT OF DEFENDANT JIM BAUGH

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice* forthcoming)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

## INTRODUCTION

In his crossclaim, Defendant Jim Baugh seeks indemnification from Defendant eBay Inc. for any expenses and liabilities in this action and in his criminal prosecution, both of which arise from the campaign of harassment, stalking, and threats that Baugh masterminded and perpetrated against Plaintiffs Ina and David Steiner in the summer of 2019.  As required under the California law he invokes, Baugh alleges that, at the time he carried out these actions, he did not believe they were unlawful.  Nevertheless, in April 2022, shortly after filing his crossclaim, Baugh pleaded guilty to nine felony counts arising from the harassment campaign.  At his plea hearing, Baugh admitted to conspiring to stalk and harass the Steiners, to actually stalking and harassing them, and to taking numerous steps to conceal those efforts from eBay and law enforcement.

Baugh's crossclaim should be dismissed for two independent reasons.  First, Baugh has pleaded guilty to two specific intent crimes—conspiracy and witness tampering—and has thereby admitted that he knew his actions were unlawful.  Second, even if that were not the case, Baugh fails to adequately plead that he did not believe his conduct was unlawful.  His allegation regarding his state of mind simply parrots the statutory language, offering precisely the sort of unsubstantiated, conclusory allegation that should not be accepted as true.

## BACKGROUND

As detailed in the Steiners' complaint, this lawsuit arises from a campaign of harassment, stalking, and threats against the Steiners orchestrated by Baugh, eBay's then-Senior Director of Safety & Security, and carried out by him and six subordinates in the summer of 2019.  *See generally* Dkt. 1 ("Compl."); *see also* Dkt. 90 at 2-6 (summarizing the Steiners' allegations).  The Massachusetts U.S. Attorney's Office ultimately brought criminal charges against all seven of these individuals both for the harassment campaign and for the group's efforts to conceal their

1

actions from law enforcement by lying to an internal eBay investigator and falsifying and destroying evidence.  *See* Compl. ¶¶ 209-211, Exs. B-D.  As of May 12, 2022, all seven defendants have pleaded guilty.[1]

Baugh, specifically, pleaded guilty in April 2022 to all nine charges in his indictment: one count of conspiracy to commit stalking through interstate travel and through facilities of interstate commerce, in violation of 18 U.S.C. § 371; two counts of stalking through interstate travel, in violation of 18 U.S.C. § 2261A(1); two counts of stalking through facilities of interstate commerce, in violation of 18 U.S.C. § 2261A(2); two counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(3); and two counts of destruction, alteration, and fabrication of records in a federal investigation, in violation of 18 U.S.C. § 1519.  *See* Decl. of Kathryn L. Alessi ("Alessi Decl.") Ex. 1; *see also* Compl. Ex. B (Baugh indictment).

At his plea hearing, Baugh admitted to organizing and carrying out the weeks-long campaign to harass the Steiners and to taking numerous steps to conceal his and his co-conspirators' actions from law enforcement and eBay.  Those steps included "monitor[ing] any police activity that might compromise the surveillance team" that was harassing the Steiners, lying to a Natick Police Department (NPD) detective to prevent him from speaking with one of the co-conspirators, "ma[king] false statements to internal investigators at eBay," "delet[ing] digital evidence related to the cyberstalking campaign," and "falsif[ying] records intended to throw the NPD off the trail."  Alessi Decl. Ex. 3 ("Plea Tr.") at 22:11-24, 24:9-11, 24:19-21; *see id.* at 26:15-16 (Baugh admitting to all these facts).[2]

_____

[1] Five defendants had pleaded guilty prior to the Steiners' filing this action. *See* Compl. ¶ 212. The remaining two defendants, Baugh and David Harville, pleaded guilty on April 25, 2022 and May 12, 2022, respectively.  *See* Alessi Decl. Exs. 1, 2.

[2] The Court may take judicial notice of Baugh's guilty plea and of the transcript of his plea hearing. *See United States v. Berzon*, 941 F.2d 8, 14 n.9 (1st Cir. 1991) (taking judicial notice of transcript

2

Despite his guilty plea, Baugh nevertheless claims he is entitled to indemnification from eBay under California Labor Code § 2802(a).  *See* Dkt. 110 ("Cross-Compl.") ¶¶ 8-11. That provision requires an employer to indemnify an employee "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."  Cal. Lab. Code § 2802(a).  Baugh filed his cross-claim for indemnification on February 4, 2022, three days before the Court stayed this action for 90 days.  *See* Cross-Compl. at 4; Dkt. 112 (electronic order granting stay).  Baugh seeks indemnification for all losses and expenses associated with both his criminal prosecution and this case, which he concedes "arise from the same alleged conduct."  Cross-Compl. ¶ 2.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court generally "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).  Nevertheless, "judges have some room to dispatch at this stage claims that are highly implausible," *Rule v. Fort Dodge Animal Health, Inc.*, 607 F.3d 250, 252 (1st Cir. 2010), and are not required to accept allegations "that merely offer legal conclusions couched as facts or are threadbare or conclusory," *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st

---

of sentencing hearing); *Kowalski v. Gagne*, 914 F.2d 299, 305-06 (1st Cir. 1990) (taking judicial notice of prior conviction because "[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand").

Cir. 2011); *see Mahoney v. Bank of Am., N.A.*, No. 10-12230-DPW, 2011 WL 3105265, at *1 (D. Mass. June 10, 2011).

## ARGUMENT

Under California law, an employee is not entitled to indemnification if, "at the time of obeying the [employer's] directions, [the employee] believed them to be unlawful."  Cal. Lab. Code § 2802(a).  Here, even assuming Baugh's actions were at eBay's direction—which they were not—this provision serves to bar Baugh's claim for two independent reasons.[3]

**I.     Baugh Is Not Entitled to Indemnification Under California Labor Code § 2802(a) Because His Guilty Plea Establishes that He Believed His Conduct Was Unlawful.**

*First*, Baugh's indemnification claim fails because his guilty plea to conspiracy and witness tampering establishes that, at the time he stalked and harassed the Steiners, Baugh knew his actions were illegal.  "The gist of conspiracy is an agreement to disobey or to disregard the law," and thus a conviction for conspiracy under 18 U.S.C. § 371 requires that "the defendant had the specific intent to violate the substantive statute." *United States v. Flaherty*, 668 F.2d 566, 580 (1st Cir. 1981) (cleaned up); *accord Ocasio v. United States*, 136 S. Ct. 1423, 1429 (2016) ("A defendant must merely reach an agreement with the specific intent that the underlying crime be committed by some member of the conspiracy." (cleaned up)).  As the First Circuit's Pattern Jury Instructions state, a defendant must have "willfully joined in th[e] agreement" to commit a crime, and willfulness entails acting "with bad purpose, either to disobey or disregard the law."  Fed. Jury Prac. & Instr., Pattern Crim. Jury Instr. 1st Cir. 4.03 (1998); *see, e.g.*, Written Instructions as to Counts of Indictment, *United States v. Cromwell*, No. 1:20-cr-10271-DPW (D. Mass. May 9, 2022), ECF No. 238 (instructing jury to this effect).  A violation of 18 U.S.C. § 1512(b)(3), the

---

[3] eBay does not contest the applicability of California law to Baugh's claim for purposes of this motion, but reserves the right to challenge this issue if its motion is denied.

4

witness tampering statute, similarly requires that the defendant acted "willfully." *United States v. Hawkins*, 185 F. Supp. 3d 114, 124 (D.D.C. 2016) (citing cases from the Fourth, Sixth, and Eleventh Circuits). Therefore, in pleading guilty to conspiracy to commit stalking, in violation of 18 U.S.C. § 371, and witness tampering, in violation of 18 U.S.C. § 1512(b)(3), Baugh has admitted that he knew he was acting unlawfully in stalking and harassing the Steiners. This admission is fatal to Baugh's indemnification claim.

The Ninth Circuit reached the same conclusion in a similar case. In *Dowie v. Fleishman-Hillard Inc.*, 422 F. App'x 627 (9th Cir. 2011), the plaintiff sued his former employer for indemnification under California Labor Code § 2802(a) for legal expenses incurred in defending himself against conspiracy and wire fraud charges stemming from his involvement in fraudulently billing the employer's clients. *See id.* at 629. After Dowie was convicted on these charges, the Ninth Circuit held that his "conviction for the specific intent crimes of conspiracy and wire fraud … necessarily decided" that he "kn[ew] he was committing the crimes for which he was convicted," and precluded indemnification under Section 2802(a). *Id.* at 629-30 (explaining that to have found Dowie guilty of conspiracy, the jury must have "conclude[d] that he had the intent to accomplish an illegal objective" (internal quotation marks omitted)). The same reasoning applies here. Like Dowie, Baugh was convicted of violating 18 U.S.C. § 371, and this conviction forecloses his indemnification claim under Section 2802(a) by establishing that he knew his harassment of the Steiners was unlawful at the time he planned and carried it out.

## II.   Baugh Fails to Adequately Plead Facts Establishing that He Believed His Harassment of the Steiners Was Lawful.

*Second*, and alternatively, Baugh's claim fails because his allegation that he "did not believe [his] actions were unlawful at the time he allegedly took such actions" is entirely conclusory, simply parroting the language of Section 2802(a). Cross-Compl. ¶ 10. "Threadbare

5

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Mahoney*, 2011 WL 3105265, at *1.

"[J]udicial experience and common sense" confirm the inadequacy of Baugh's threadbare pleading. *Id.* (quoting *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009)). Baugh pleaded guilty to nine serious felonies, all of which involved knowing or intentional misconduct and several of which involved extensive efforts to conceal the harassment of the Steiners from law enforcement. *See generally* Compl. Ex. B (Baugh indictment). At his plea hearing, Baugh admitted that while he and his team were carrying out the harassment campaign, they "monitor[ed] any police activity that might compromise the surveillance team." Plea Tr. 24:8-11. Then, when he learned the NPD was investigating the team's conduct, he took steps to "prevent the NPD from learning about eBay's involvement in the harassment campaign," including lying to an NPD detective to prevent him from speaking with one of the co-conspirators, "ma[king] false statements to internal investigators at eBay," "delet[ing] digital evidence related to the cyberstalking campaign," and "falsif[ying] records intended to throw the NPD off the trail." *Id.* at 22:11-24, 24:9-11, 24:19-21; *see also id.* at 26:15-16. These admissions by Baugh underscore the conclusory, entirely unsubstantiated nature of Baugh's allegation that he did not believe his heinous actions were unlawful. The Court need not accept Baugh's "bald assertion[]" regarding his state of mind. *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (explaining that a reviewing court is "obliged" not to "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation" (citation omitted)).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Baugh's cross-complaint against eBay with prejudice.

Dated: May 26, 2022

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice* forthcoming)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May 26, 2022                    */s/ Jack W. Pirozzolo*
                                       Jack W. Pirozzolo