IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER,<br>DAVID STEINER,<br>STEINER ASSOCIATES, LLC,<br>            *Plaintiffs*<br><br>                    v.<br><br>eBay, Inc.,<br>Progressive F.O.R.C.E. Concepts, LLC,<br>Devin Wenig,<br>Steve Wymer,<br>James Baugh,<br>David Harville,<br>Brian Gilbert,<br>Stephanie Popp,<br>Stephanie Stockwell,<br>Veronicz Zea,<br>Philip Cooke,<br>John and Jane DOE,<br>            *Defendants* | No.  21-cv-11181-DPW |

**OPPOSITION OF DEFENDANT/CROSSCLAIM PLAINTIFF JIM BAUGH TO
DEFENDANT eBAY, INC.'S MOTION TO DISMISS CROSSCLAIM**

Defendant/Crossclaim Plaintiff Jim Baugh hereby Opposes Defendant eBay, Inc.'s Motion to Dismiss [D.E. 118, 119] his Crossclaim [D.E.110]. Defendant eBay argues that Mr. Baugh's guilty plea to criminal offenses precludes his claim for statutory indemnification under Cal. Lab. Code § 2802(a) ("§ 2802). Because Mr. Baugh adequately pleads a claim for relief under § 2802, Defendant eBay's Motion to Dismiss should be DENIED. Whether eBay can avoid mandatory statutory indemnification by proving, as an affirmative defense, that Mr. Baugh "at the time of obeying [eBay's] directions, *believed* them to be unlawful" is a disputed issue of fact for a jury to resolve (emphasis added).

1

Cal. Lab. Code § 2802(a) provides that "[a]n employer *shall* indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, *even though unlawful,* unless the employee, at the time of obeying the directions, believed them to be unlawful.*"* § 2802(a) (emphasis added). "[N]ecessary expenditures or losses" "includ[e] ... attorney's fees incurred by the employee enforcing the rights granted by this section." § 2802(c). Notably, eBay does not dispute that Cal. Lab. Code § 2802 governs this dispute and does not argue that Mr. Baugh was not acting at its direction during the events in question.

Instead, eBay argues Mr. Baugh is not entitled to indemnification because his guilty plea in the criminal case establishes, as a matter of law, that he knew "the directions of [his] employer" were "unlawful." § 2802(a); D.E. 119 at 4-5. Not so. Mr. Baugh, with his guilty plea, admitted only that he knowingly engaged in the charged *conduct* – not that he *knew* the conduct was unlawful *at the time*. The criminal statutes at issue here, like most criminal statutes, do *not* require that defendants know their conduct is unlawful. *See Cheek v. United States*, 498 U.S. 192, 199 (1991) ("[t]he general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system").

eBay argues that the particular offenses to which Mr. Baugh pled guilty – conspiracy to commit stalking, 18 U.S.C. §371, and witness tampering, *id*. § 1512(b)(3) – require a heightened "specific intent" to violate the law. *See* D.E. 119 at 1, 4-5. The argument fails. eBay relies mainly on an unpublished 9th Circuit decision finding that a conspiracy to commit wire fraud necessarily involved an intent to violate the law, and therefore defeated a claim under § 2802. *See* D.E. 119 at 5 (citing *Dowie v. Fleishman-Hillard Inc.*, 422 F. App'x 627, 629 (9th Cir. 2011)).

2

*Dowie*, which is not binding on this Court, is both distinguishable and wrongly decided. First, fraud offenses like those at issue and *Dowie* require a specific intent to defraud, unlike Mr. Baugh's offenses. *See United States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2009) ) ("To prove a scheme to defraud, the Government must show fraudulent activity and that the defendant had a conscious, knowing intent to defraud"); *United States v. Price*, 623 F.2d 587, 591 (9th Cir. 1980) ("Participation in furtherance of a fraudulent scheme does not, by itself, justify a conviction unless the defendant's knowledge of the fraudulent purpose can be shown."); *Dowie v. Fleishman-Hillard, Inc.*, No. CV-05-8158 GAF (SHx), 2006 U.S. Dist. LEXIS 99270, at *7 (C.D. Cal. Jan. 11, 2006) ("A criminal conviction would necessarily involve a determination by the jury, beyond reasonable doubt, that Dowie had the specific intent to defraud when he submitted the bills"). The offenses at issue here carry no analogous requirement.

Even more importantly, *Dowie* erroneously interprets the federal conspiracy statute, 18 U.S.C. § 371, to require a greater *mens rea* than the *mens rea* required for the underlying offense. The Supreme Court has flatly rejected that supposition. *See, e.g., United States v. Feola*, 420 U.S. 671, 692 (1975) ("where a substantive offense embodies only a requirement of *mens rea* as to each of its elements, the general federal conspiracy statute requires no more").

The offenses to which Mr. Baugh pled guilty do not require knowledge that his actions were unlawful at the time they were undertaken. Stalking, under 18 U.S.C. § 2261A, requires an intent to harass the victim. *See United States v. Walker*, 665 F.3d 212, 224 (1st Cir. 2011); 1st Cir. Pattern Jury Inst. 4.18.2261A. That is the intent Mr. Baugh necessarily admitted to in his guilty plea. eBay argues the conspiracy statute adds a "willfulness" requirement, which eBay interprets as requiring the defendant knew his conduct was unlawful. D.E. 119 at 4. The assertion is plainly incorrect. *See, e.g., United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012) ("to the

3

extent that the Defendants-Appellants argue that conspiracy always requires proof that the defendant knew his conduct was unlawful, we reject their argument.... since one can violate a criminal statute simply by engaging in the forbidden conduct, a conspiracy to commit that offense is nothing more than an agreement to engage in the prohibited conduct" (internal quotation marks and citation omitted); *United States v. Sclamo*, 578 F.2d 888, 891 (1st Cir. 1978) ("the conspiracy count requires no greater degree of scienter than the substantive count").

    eBay's argument with regard to the witness tampering count fares no better. *See* D.E. 119 at 4-5. In that count, Mr. Baugh pled guilty to engaging in misleading conduct with the "intent to hinder, delay, and prevent the communication [of information] to a law enforcement officer." D.E. 120-3 at 30 (change of plea transcript); *see also id.* at 24-25. Nothing in the statute (or even the facts) indicates – much less proves, at this stage – that Mr. Baugh knew his misrepresentations to the Natick Police and/or eBay investigators violated the law, at the time he made them. eBay's attempt to cherry-pick the word "willfully," from a district court case addressing the obstruction enhancement of the sentencing guidelines, is not persuasive. *See* D.E. 119 at 4-5 (citing *United States v. Hawkins*, 185 F. Supp. 3d 114, 124 (D.D.C. 2016)). *Hawkins* simply recited the elements of an offense under § 1512(b)(3), which, as explained above, require proof the defendant willfully engaged in the *conduct* that violates the statute – not that the defendant *knew* the conduct violated the law. Indeed, the very case *Hawkins* relies on makes this clear: "we have explained that the [defendants] did not need to know that ... their actions constituted a federal crime at the time of their conduct." *United States v. Veal*, 153 F.3d 1233, 1253 (11th Cir. 1998) (*cited in Hawkins*, 185 F. Supp. 3d at 124).

    Thus, Mr. Baugh's guilty pleas to conspiracy to commit stalking and witness tampering do not establish that he knew his conduct was unlawful at the time because the statutes do not

4

require it. Put another way, knowledge of unlawfulness is not an element of the offenses to which Mr. Baugh pled guilty. Nothing in Mr. Baugh's plea colloquy proves he believed his conduct was unlawful at the time he committed it or precludes him from bringing a claim for indemnification under § 2802(a).

To the contrary, the litigation in the criminal case is replete with evidence that Mr. Baugh acted at eBay's behest and with the belief his actions were necessary, justified, and permissible in order to prevent a greater harm. *See United States v. Baugh,* No. 20-cr-10263-PBS, D.E. 77 at 3-8, 10-12; D.E. 79 at 2-8; D.E. 115; D.E. 151 at 13-16; D.E. 153. Mr. Baugh has explained that he previously engaged in covert operations, using many of the same tactics he utilized here, at the behest of the United States government. *See, e.g., id.,* D.E. 151 at 5-7, 15-16. In fact, Mr. Baugh pointed to evidence that companies like eBay systematically employ people with backgrounds like Mr. Baugh's precisely *because* the companies know these former covert operatives will "carry out the mission" at all costs and will take aggressive actions ordinary civilians might balk at. *See* Kate Conger, *Uber Survived the Spying Scandal. Some Careers Didn't*, NEW YORK TIMES (Nov. 28, 2021); *Baugh*, D.E. 151 at 15-16. Not only did Mr. Baugh not believe his actions were unlawful when he undertook them, eBay hired him and sought to benefit from exactly the skill set and acculturation of a former covert operative. Mr. Baugh had nothing to gain, personally, from anything he did in this case. Instead, he acted in service of eBay, by means of skills and experience he acquired during other, legitimate employment.

Finally, eBay argues that, as a pleading matter, Mr. Baugh's assertion that he did not believe his actions were unlawful is insufficient to plead a claim under § 2802(a). *See* D.E. 119 at 5-6; D.E. 110 ¶ 10. This is wrong for at least two reasons. First, § 2802 is a mandatory

5

indemnification provision. Under the statute, an employer is excused from the obligation to indemnify if the employee knew his conduct was unlawful. As such, "knowledge of illegality" is essentially an affirmative defense to indemnification that eBay most prove. *See* Fed. R. Civ. P. 8(b). Mr. Baugh had no obligation to plead the inapplicability of the exception. Moreover, even if Mr. Baugh were required to plead the inapplicability of the exception, he did so, in an abundance of caution. His cross-complaint states he did not believe his conduct was unlawful at the time. D.E. 110 ¶ 10. No further factual detail is required in order to plead his own state of mind. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally").

At this stage, Mr. Baugh's factual allegations must be construed in his favor. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Because his cross-complaint adequately states a claim for relief under Cal. Labor Code § 2802(a), eBay's Motion to Dismiss Plaintiff's Cross-Claim should be DENIED.

Respectfully submitted,

**JIM BAUGH**

By his attorneys,

*/s/ Amy Barsky*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
wfick@fickmarx.com
dmarx@fickmarx.com
abarsky@fickmarx.com

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2022.

              */s/ Amy Barsky*