UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>EBAY INC., ET AL.,<br><br>　　Defendants. | CIVIL ACTION NO.: 1:21-CV-11181-DPW<br><br><br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

In opposition to PFC's Motion to Dismiss (MTD), plaintiffs rely, as to all claims, on the bald assertion that defendant Zea was an employee of PFC and that PFC paid Zea's expenses. Neither supports any plausible claim or personal jurisdiction as to PFC.

**Zea's Employment.** It is undeniable that the alleged conduct and actions directed at the Steiner's were at the direction of eBay executives and personnel and were not remotely instigated, participated in, directed, controlled, or known by PFC. There is not a single factual allegation in the complaint suggesting otherwise or to the contrary. PFC's lack of involvement as to the asserted acts is best expressed in plaintiffs' own words:

> "*Every defendant who has pled guilty in the criminal cases* [which includes Zea; PFC's sole, tenuous, link to these allegations] *admitted that their actions were premised upon directives from Defendants Wenig and Wymer, Executives 1 and 2. Each of the criminal defendants acknowledged that all of their actions were taken at the request of Wenig and Wymer to alter or shut down the Steiner's reporting on eBay, and that they knew that their intention was to cause the Steiners severe emotional distress.*"

- 1 -

(Plaintiff's Consolidated Opposition, p. 17).  Indeed, the eBay devised and implemented scheme is the basis of all of the plea agreements relied upon by plaintiffs and repeatedly reiterated throughout the complaint and opposition.

Eschewing the very gravamen of the complaint and in the effort to seek to avoid the proper dismissal of PFC, plaintiffs, in opposing PFC's MTD, rely on the assertion that Zea was an employee of PFC. The complaint (as well as the plea agreements plaintiffs so readily rely upon and seek to incorporate by reference) make clear that Zea was, at all times, a loaned servant and under the direction and control of eBay[1] with Zea's putative conduct all as a security analysist for eBay and all at the express, secretive, concealed, and exclusive direction of eBay directors.[2] There is not a single <u>factual</u> allegation of any knowledge, involvement, direction, control or participation by PFC. Plaintiffs cannot be allowed to assert as the gravamen of their action that the scheme arose at the express, secretive direction of eBay directors and carried out by a senior eBay employees and yet at the same time claim that PFC is vicariously or otherwise responsible based on the contradictory and <u>conclusory</u> allegations that Zea "was acting within scope of employment with PFC." Even leaving aside Zea's clear loaned servant status and the exclusive control and direction by eBay as to the conduct in question <u>repeatedly asserted in the complaint and the incorporated plea agreements,</u>[3] the complaint does not set forth any **facts** supporting any vicarious liability of

---

[1] According to the complaint, all of the individual defendants were agents of eBay. Comp.13 (all "employed by eBay or contracted to eBay through PFC."). This includes Zea who is alleged to be an "eBay contractor" who directly reported to "eBay's head of security operations." Compl, 13, 37. She was alleged to be a member of eBay's security department. Compl. 35

[2] Compl. 4;7;13;37; 59;61-64; 66;69; 77;94;99;107;121;133;191;212; Exh A to Comp. 26,28, 41, 43, 51, 62-65, 85, 92, 95, 128-30, 140, 165, 169, 181-82, 184.

[3] *Galloway's Case*, 354 Mass. 427, 430 (1968); *Ledbetter v. M.B. Foster Electric, Co*., 354 Mass. 780 (1970(no liability upon lending employer); *Afonso v. City of Boston,* 587 Supp. 1342 (D. Mass. 1984)(motion to dismiss as no vicarious liability based on borrowed servant doctrine); see also  *Denton v. Yazoo & Miss. Valley R.R. Co.*, 284 U.S. 305, 308 (1932)( "When one person puts his [employee] at the disposal and under the control of another for the performance of a particular service ... [the employee] is to be dealt with as [that] of the latter and not of the former."). According to the complaint, all of the individual defendants were agents of eBay. Comp.13 (all "employed by eBay

(continued on next page)

101178205

PFC for Zea as to the conduct in question as she was acting far outside of any possible residual agency of PFC as a matter of law.

**Expense Payment**. Underlying plaintiffs' entire opposition to PFC's motion to dismiss, is the bald and conclusory assertion that PFC paid "expenses." Despite the broad ruminations in the opposition, the complaint is utterly devoid of any factual based allegations of expense payments by PFC that would otherwise give rise to any plausible claim. The only allegation in the complaint is the conclusory allegation in paragraph 252 to wit, that "eBay and/or PFC, in approving the expenses of the Defendants to travel to Boston, and in supplying the funds to purchase laptops and cell phones to use during the eBay/PFC Enterprise, aided the conspiracy." There is no other allegation pertaining to any PFC payment of expenses.[4]

There is no dispute that Zea is the only named individual defendant who was a loaned servant from PFC to eBay at the time of the Steiner actions with it otherwise undisputed, based on the plaintiffs' own allegations, that Zea was, at all times, acting at the direction and control of eBay without the knowledge or involvement of PFC. The allegation that expenses in traveling to Boston and that certain laptops were ultimately paid, at some point, by either eBay or PFC provides no basis for liability on any of the stated claims. Indeed, based on the plaintiffs' own allegations, the entire eBay devised scheme was sought to be secretive and concealed (see e.g., Comp.161, 164, 167-70, 172, 175, 181, 187, 190-92, 197, 200) with the trip to Boston masked and represented to be a trip to attend a conference. Comp. 97-98; Zea Plea p. 35, 38, 41.  The entire scheme and conduct is thus not only attributable to eBay personnel and executives but is alleged to have been

---

or contracted to eBay through PFC."). This includes Zea who is alleged to be an "eBay contractor" who directly reported to "eBay's head of security operations." Compl, 13, 37.

[4] Plaintiffs in their opposition also cite to vague references in eBay's presentation to the US Attorney's office regarding an expense loophole that was allegedly utilized by Baugh in an attempt to hide their conduct from eBay. This is extrinsic from the Complaint and not properly admissible for the purposes of a motion to dismiss. It likewise provides no basis for any finding of a plausible claim as to PFC.

secretive and "concealed." The solitary and bald allegation of approval of limited expenses is no basis for a plausible claim of knowledge, participation or vicarious liability as to the harassment never mind the litany of claims, including RICO, in which PFC is simply lumped in.[5]

**Personal Jurisdiction**: Neither the assertion that Zea was an employee or the rote, conclusory allegation that PFC paid Zea's expenses is sufficient to establish personal jurisdiction over PFC – a Nevada based corporation with no contacts with Massachusetts. Neither Zea's loaned servant status to eBay (California) nor the bald allegation of PFC's payment of Zea's expenses provide any basis for exercising personal jurisdiction over PFC in Massachusetts as the factual allegations of the complaint establish that the putative conduct and actions as to the Steiner's were all at the express, secretive direction of eBay directors without any knowledge or participation of PFC. No matter how leniently read, the factual allegations (as opposed to conclusory allegations) do not provide for any plausible basis of control, knowledge or involvement of PFC. There is no personal jurisdiction over PFC in Massachusetts as to the state law claims.

***RICO/Stalking Claims***: PFC relies and incorporates the reply memorandum submitted by defendants eBay, Weiner, Wymer, Cooke, Baugh and Gilbert addressing the RICO and stalking claims which arguments apply equally to PFC. As to RICO, the Complaint does not allege a factual basis for any cognizable injury; any collaboration, cooperation and/or interdependence involving PFC necessary for an association in fact enterprise between PFC and eBay as to the putative

---

[5] To the extent the complaint alleges that Zea made purchases in furtherance of the actions toward the Steiners in August 2019 (Comp. 81, 83, 85; Wilson Aff. Para. 63 and Zea Plea p. 35, 38, 41), not only were they all at the express direction of eBay personnel without any allegation that PFC was aware or involved, but the allegations were that at least some were paid in cash (Compl 85) with the Steiner conduct otherwise all unraveled and over by the end of August. There is no allegation or conceivable inference that PFC saw and paid these expenses before that time or that the bald allegation of payment of expenses at some point translates to a plausible basis of knowledge and participation. Indeed, plaintiffs ask this court to infer from the bald allegation and such innocuous purchases as a flight, laptop and gift cards that PFC knew of and was aware of this secretive, clandestine scheme to harass two people in Massachusetts who PFC had never known or heard of or had any dealings. This is not plausible and much more was required to be pled. PFC is simply not a proper party.

conduct at issue; or that PFC operated or controlled the "association in fact" nor any factual allegations supporting either an open or closed ended continuity. As to the stalking claim, the California statute has no applicability to PFC and cannot be applied extraterritorially. PFC would otherwise rely on the eBay et. al. Joint Reply Memorandum.

**G.L.c. 93A, 11, Vandalism and Ratification**. Plaintiffs' have dropped their 93A and vandalism claims and their opposition otherwise does not address the "ratification" claim as to PFC and thus the motion to dismiss must be granted as to these claims.

**MCRA**:  Plaintiffs opposition does not address how the MCRA applies to PFC. There is no allegation of any conduct of PFC that amounts to "an actual or potential physical confrontation accompanied by a threat of harm," which is "an element of MCRA claims," *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 473 (1994) or any conduct of PFC that constitutes threats intimidation or coercion.

**Defamation.** Plaintiffs' opposition does not address or identify any properly pled defamation claim attributable to PFC. There are no allegations as to any defamatory statement otherwise published by PFC about the plaintiffs. There is no basis for any finding that any defamatory statement is attributable to PFC or otherwise made within the scope of any properly and sufficiently alleged agency with PFC.

**False Imprisonment and Tortious Interference.** PFC would rely and incorporate the arguments set forth in the eBay et. al.  Joint Reply Memorandum as they equally apply to PFC. See Restatement (Second) of Torts § 36(1).; *McCann v. Wal-Mart Stores Inc.*, 210 F.3d 51, 53 (1st Cir. 2000).

      WHEREFORE, defendant PFC respectfully requests that it Motion to Dismiss all claims of the Complaint be ALLOWED.

Respectfully submitted,
PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC,
By Its Attorneys,

*/s/ Tory A. Weigand*

Tory A. Weigand, BBO #548553
tweigand@morrisonmahoney.com
Matthew J. Holmes, BBO #675994
mholmes@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 24, 2022.

*/s/ Tory A. Weigand*

Tory A. Weigand