UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.,<br><br>        Defendants. | Civil Action No. 21-CV-11181-DPW<br><br>ORAL ARGUMENT REQUESTED<br>Leave to file granted on June 21, 2022 |

### REPLY IN SUPPORT OF DEFENDANT EBAY INC.'S MOTION TO DISMISS CROSS-COMPLAINT OF DEFENDANT JIM BAUGH

In his Opposition to eBay's motion to dismiss his crossclaim, Jim Baugh does not dispute that his indemnification claim cannot proceed if the offenses to which he pleaded guilty require that a defendant knew his conduct was unlawful. *See* Dkt. 129 ("Opp.") at 2. Instead, he simply argues that, contrary to eBay's showing, neither witness tampering nor conspiracy require such knowledge. Baugh is wrong on both counts.

With respect to witness tampering, Baugh accuses eBay of "cherry-pick[ing]" the term "willfully" from a case setting forth the elements of a 18 U.S.C. § 1512(b)(3) violation. Opp. 4. Yet in his criminal case, Baugh agreed that witness tampering requires knowledge of illegality. He argued:

> In order to obtain a witness tampering conviction under 18 U.S.C. § 1512(b)(3), the government must prove that Mr. Baugh *knowingly* and *corruptly* persuaded or attempted to persuade, or engaged in misleading conduct toward an identified person with the intent to hinder, delay, or prevent communication of information to federal law enforcement. Construing that statute, the Supreme Court has emphasized that "[o]nly persons conscious of wrongdoing can be said to 'knowingly . . . corruptly persuade.'" *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-06 (2005) (ellipsis in original).

Defendant Jim Baugh's Motion to Compel Discovery at 10, *United States v. Baugh*, No. 1:20-cr-10263-PBS (D. Mass. Aug. 16, 2021), ECF No. 77.  Thus, by Baugh's own admission, his guilty plea to witness tampering acknowledges that he was "conscious of wrongdoing."  This alone forecloses his indemnification claim.

Baugh's arguments regarding conspiracy are equally meritless.  He makes no effort to reconcile his position with the First Circuit decisions—reflected in this Court's jury instructions regarding 18 U.S.C. § 371, *see* Dkt. 119 ("Mem.") at 4—that conspiracy requires "an agreement to disobey or to disregard the law."[1]  *United States v. Flaherty*, 668 F.2d 566, 580 (1st Cir. 1981) (citation omitted); *see* Mem. 4.  Instead, Baugh relies (at Opp. 3-4) principally on a series of decisions holding only that "where knowledge of the facts giving rise to federal jurisdiction is not necessary for conviction of a substantive offense"—*e.g.*, that the defendant assaulted a *federal officer* or stole goods in *interstate* commerce—"such knowledge is equally irrelevant to questions of responsibility for conspiracy to commit that offense."  *United States v. Feola*, 420 U.S. 671, 696 (1975) (federal officer); *see United States v. Sclamo*, 578 F.2d 888, 891 (1st Cir. 1978) (goods in interstate commerce); *see also United States v. Veal*, 153 F.3d 1233, 1253 (11th Cir. 1998) (explaining that 18 U.S.C. § 1512 does not require knowledge that the official proceeding interfered with is federal in nature), *overruled on other grounds by Fowler v. United States*, 563 U.S. 668 (2011), *as stated in United States v. Chafin*, 808 F.3d 1263 (11th Cir. 2015).  Those cases do not negate that conspiracy requires intent "either to disobey or disregard the law."  Fed. Jury

---

[1] Lacking any response to these cases, Baugh deflects by arguing incorrectly that eBay relies "mainly" on *Dowie v. Fleishman-Hillard Inc.*, 422 F. App'x 627 (9th Cir. 2011), which he argues is distinguishable because it involved a conspiracy to commit wire fraud, and wire fraud requires scienter.  Opp. 2.  But *Dowie*'s holding that a conspiracy conviction precludes an indemnification claim like Baugh's did not depend on the object being wire fraud.  Rather, it rested on the fact that conspiracy requires "intent to accomplish an illegal objective," 422 F. App'x at 629 (cleaned up)—the same element recognized by the First Circuit.

Prac. & Instr., Pattern Crim. Jury Instr. 1st Cir. 4.03 (1998).  Thus, notwithstanding Baugh's efforts to maintain the fiction that he "did … not believe his actions were unlawful when he undertook them," Opp. 5, he admitted the opposite was true in pleading guilty to conspiracy.  This provides an additional basis for dismissing Baugh's complaint.

Finally, Baugh fails to rebut eBay's showing that his pleading is deficient as to his state of mind. He offers no authority for the proposition (at Opp. 6) that his state of mind is an affirmative defense—a proposition belied by his having pleaded his state of mind in his cross-complaint.  And while Baugh is correct that Federal Rule of Civil Procedure 9(b) permits him to plead his state of mind "generally," that is not a license to plead it conclusorily.  As the Supreme Court has explained, "'generally' is a relative term" that, in the context of Rule 9, "is to be compared to the particularity requirement applicable to fraud or mistake." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).  Thus, Rule 9 "does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8. … And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.* at 686-87; *see* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1301 n.10 (citing cases holding that conclusory allegations of state of mind are inadequate under Rule 8).  Yet that is exactly what Baugh is attempting here.  His threadbare recitation of the statutory language is inadequate under Rule 8, and utterly implausible to boot given Baugh's confession to having engaged in extensive, clearly wrongful conduct.  The inadequacy of Baugh's allegations provides yet another ground for dismissal.

## CONCLUSION

For the foregoing reasons and those in eBay's opening brief, the Court should dismiss Baugh's cross-complaint against eBay with prejudice.

Dated: June 24, 2022 /s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 24, 2022                                    */s/ Jack W. Pirozzolo*
                                                                        Jack W. Pirozzolo