## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, | ) ) ) |
| Plaintiffs, | ) ) Civil Action No. 21-CV-11181-DPW ) |
| v. | ) ORAL ARGUMENT REQUESTED ) Leave to File Granted June 1, 2022 |
| EBAY INC., et al., | ) ) |
| Defendants. | ) ) |

### REPLY IN SUPPORT OF DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFFS' RATIFICATION AND RICO CLAIMS (COUNTS III & XII)

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

eBay's motion to dismiss explained that Plaintiffs fail to properly plead ratification because their own allegations establish that eBay promptly investigated and disavowed the Individual Defendants' actions, and fail to properly plead a RICO claim because they do not adequately allege an enterprise whose affairs were purportedly conducted through racketeering activity. Dkt. 90 ("Mem.") at 7-8, 19-21, 30-32. Plaintiffs' Opposition ("Opp.") only underscores these defects.

**Ratification.** At the outset, Plaintiffs acknowledge that ratification "generally applie[s] where an employer *fails to investigate or respond to charges* that an employee committed an intentional tort." Dkt. 117 ("Opp.") at 77 (emphasis added) (quoting *C.R. v. Tenet Healthcare Corp.*, 169 Cal. App. 4th 1094, 1110-11 (2009)). But Plaintiffs cannot possibly meet that standard given their affirmative allegations that, upon learning of the Natick events, eBay immediately began an investigation and, within weeks, fired those it determined were responsible. *See, e.g.*, Compl. ¶¶ 191, 193, 200, 202, 206; *id.* Ex. A ¶ 179. Indeed, the Opposition makes the ratification claim more implausible. It acknowledges that eBay and its outside counsel, Morgan Lewis, conducted a thorough investigation that included interviewing "Wenig and Wymer, [Senior Vice President for Global Operations] Wendy Jones, and a number of other eBay employees." Opp. 13-14. It also emphasizes that "[a]fter the interviews were conducted, ten individuals were either fired or forced to resign." *Id.* at 14. Plaintiffs cite no case finding ratification on similar facts, and their inability to do so reflects a simple truth: Their assertions are fundamentally inconsistent with a theory of liability "generally applied where an employer fails to investigate or respond to charges" of an employee's wrongdoing. *C.R. Tenet*, 169 Cal. App. 4th at 1110.

Plaintiffs similarly fail to offer any basis for finding their allegation that Wenig resigned with severance sufficient to plausibly plead ratification. They cite no legal authority for that position, and offer no ground for distinguishing the cases eBay cited that reject ratification claims

premised only on the fact that an employee resigned rather than being terminated. *See* Mem. 31. Nor do Plaintiffs explain how, logically, Wenig's departure could reasonably support an inference of acquiescence in the alleged misconduct when, as they acknowledge (at Opp. 14), eBay fired numerous individuals after its investigation of that very misconduct.[1] It is true that ratification may be implied "when a principal with knowledge makes *no* effort to repudiate a transaction." *Inn Foods, Inc. v Equitable Co-op. Bank*, 45 F.3d 594, 597 (1st Cir. 1995) (emphasis added). But where, as here, the principal through numerous steps manifests "[p]rompt disavowal" of its agents' misconduct, *Boice-Perrine Co. v. Kelley*, 243 Mass. 327, 330-31 (1923), Plaintiffs' ability to imagine some even harsher means of disavowal does not plausibly state a ratification claim.

There is likewise no merit to Plaintiffs' argument that the GSR Defendants' conduct was "open and notorious." Opp. 78. First, none of the allegations Plaintiffs recite indicates that anyone other than the GSR Defendants knew of their alleged misconduct, *see id.*, and the allegations in the Complaint in fact contradict this assertion. *See, e.g.*, Compl. ¶ 191 ("Defendant Baugh instructed all Defendants not to talk to anyone and to keep Defendants Wenig and Wymer's names out of any conversations."); *id.* ¶ 192 ("[I]n an effort to conceal all conspiracy activity and obstruct the criminal investigation, Defendant Baugh . . . directed the other Defendants to delete the WhatsApp messages on their phones."); *id.* ¶¶ 193, 194 (Harville used "speakerphone" during an interview by eBay's legal department to "enable all Defendants to align their lies"); *id.* ¶¶ 198-99 (Popp monitored interviews in order "to coach Defendants Stockwell and Zea"). Such

---

[1] The Opposition tosses in an allegation that Defendant Cooke "was not fired until he was charged criminally despite the fact that the eBay investigation would have revealed his participation in the conduct." Opp. 78. But the Complaint does not allege that eBay knew of any misconduct by Cooke before the criminal charges were filed, and the Government's charging documents make clear that it obtained evidence against Cooke from Apple that was unavailable to eBay. *See* Compl. Ex. A ¶¶ 113, 116. The allegation that eBay fired him when it learned of those charges cannot be squared with any theory of ratification.

contradictory allegations need not be credited. *See Carroll v. Xerox Corp.*, 294 F.3d 231, 242 (1st Cir. 2002) (dismissing promissory estoppel claim that rested on an allegation contradicted by other allegations in the complaint). Plaintiffs' extrinsic evidence only underscores the baselessness of their claim, indicating that the GSR Defendants concealed information from eBay, lied about their purpose in Natick, hid their expenses, and obstructed eBay's investigation. *See, e.g.*, Opp. 8-9 (asserting that Baugh made "false statements" to "eBay investigators" and that "Baugh and other coconspirators" destroyed evidence and falsified records). Second, and more fundamentally, Plaintiffs have not alleged any facts showing that the relevant decisionmakers—particularly eBay's Board, *see* Compl. ¶¶ 361, 364 (alleging ratification by eBay's Board of Directors)—knew of the alleged misconduct while it was underway. This distinguishes this case from that cited by Plaintiffs, in which the court found that the defendant's sexual harassment was "fairly chargeable to the employer" based on the fact that it "was brought to [a supervisor's] attention" and the supervisor "fired the official who complained rather than act against [the defendant]." *McKenney v. N.Y.C. Off-Track Betting Corp.*, 903 F. Supp. 619, 622 (S.D.N.Y. 1995).

Finally, Plaintiffs contend that they can state a plausible claim for ratification based on their assertion that "eBay legal counsel presented Powerpoint [sic] to the Government in order to convince the Government not to prosecute executives and eBay as a result of the incident." Opp. 78. This argument has four fatal defects. First, as explained in Defendants' Joint Reply (at 16-17), this allegation does not appear in the Complaint and should be disregarded. Second, it is untrue that the purpose of the presentation was to persuade the Government not to prosecute Wenig, Wymer, or other executives. The presentation stated that eBay had given "the government all the evidence eBay had collected to assist the government in determining whether Wymer or Wenig also were criminally responsible." R33. Third, even accounting for this allegation, such conduct

3

as a legal matter does not constitute ratification. Indeed, the Supreme Judicial Court has rejected an analogous effort to predicate ratification on evidence that an employer paid fines and "procured a lawyer" for an employee who violated the law. *Stone v. Commonwealth Coal Co.*, 259 Mass. 360, 364 (1927). As the *Stone* court explained, "[t]here are so many other good reasons for such action that it ought not to be taken as an admission of liability or ratification." *Id.* at 365. The same reasoning applies here, where eBay, exercising its right to petition the Government, argued against criminal liability for the company and truthfully informed the Government that it had not found evidence that Wenig or Wymer directed or knew that the criminal acts in Natick would occur. Finally, as a logical matter, Plaintiffs do not explain how asking the Government not to pursue criminal charges can constitute acquiescence—particularly where, as here, the alleged presentation to the Government is replete with statements condemning the underlying conduct.[2]

**RICO.** In addition to the defects identified in Defendants' Joint Reply, Plaintiffs' RICO claim fails because they do not adequately plead an enterprise whose affairs were conducted through racketeering activity. *See* 18 U.S.C. § 1962(c). Although the Complaint alleges that both eBay and Progressive F.O.R.C.E. Concepts, LLC (PFC) "individually" are enterprises, Compl. ¶ 246, Plaintiffs concede that neither party can be an enterprise so long as it is also a defendant, *see* Opp. 43-44. Plaintiffs also do not dispute that they do not adequately plead that Defendants operated or conducted the affairs of the alleged "eBay/PFC Enterprise," offering no basis for distinguishing this case from the decision in *United Food & Commercial Workers Unions & Emps. Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 855 (7th Cir. 2013).[3] *See* Mem. 19.

---

[2] *See, e.g.*, R12 (explaining that the GSR Defendants "showed by their <u>words and actions</u> that they knew eBay did not condone their wrongdoing and would punish it severely"); R13 (describing the tone of Wenig's texts as "improper and unacceptable" and that of Wymer's as "<u>much</u> worse").

[3] Although the Opposition elsewhere relies on extrinsic evidence to allege that PFC paid expenses of the GSR Defendants associated with the harassment campaign, Plaintiffs do not argue that these

Instead, to satisfy the enterprise element of their claim, Plaintiffs rely on an alleged association-in-fact enterprise among *all* Defendants. *See* Opp. 43-44. But this theory has a fatal flaw that Plaintiffs ignore: As the Complaint makes clear, this association-in-fact did not exist at the time of the pre-2019 predicates on which the RICO claim relies because several of the Individual Defendants did not even work for eBay then. *See, e.g.*, Compl. ¶¶ 32, 34 (alleging that eBay hired Cooke in April 2019 and Stockwell in May 2019). This enterprise therefore cannot be the enterprise whose affairs were conducted through the alleged racketeering activity.[4] *See United States v. Weisman*, 624 F.2d 1118, 1125 (2d Cir. 1980) (recognizing that RICO is "inapplicable to acts of racketeering occurring before the creation or acquisition of an enterprise"), *abrogation on other grounds recognized by Ianniello v. United States*, 10 F.3d 59, 62 (2d Cir. 1993). At most, the alleged activity *in the summer of 2019* could constitute the "conduct of such enterprise's affairs," 18 U.S.C. § 1962(c), but as Plaintiffs concede, racketeering activity over so short a time is insufficient as a matter of law to state a claim under RICO. *See* Opp. 46. Plaintiffs' failure to adequately allege a RICO enterprise provides an independent ground for dismissing their claim.

## CONCLUSION

For the foregoing reasons and those in eBay's motion to dismiss, the Court should dismiss Plaintiffs' ratification and RICO claims.

---

new allegations support the alleged "eBay/PFC Enterprise" and have thus waived any such argument. *Cf. P.R. Highway & Transp. Auth. v. Redondo Constr. Corp. (In re Redondo Constr. Corp.)*, 820 F.3d 460, 466 (1st Cir. 2016) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by argumentation are waived." (citation omitted)). Moreover, as explained in Defendants' Joint Reply (at 16-17), Plaintiffs' use of extrinsic evidence here is invalid.

[4] Plaintiffs appear to use the term "eBay/PFC Enterprise" to refer to the association-in-fact enterprise among all Defendants. *See* Opp. 43. But to the extent Plaintiffs allege an "eBay/PFC Enterprise" distinct from the association-in-fact, that enterprise suffers from the same problem as the association-in-fact enterprise given the lack of allegations of any relationship between eBay and PFC stretching back to 2009.

Dated: June 24, 2022

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1510 K St. NW
Washington, D.C. 20005
Tel. (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 24, 2022                     */s/ Jack W. Pirozzolo*
                                          Jack W. Pirozzolo