**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>EBAY INC., ET AL.,<br><br>        Defendants. | CIVIL ACTION NO.: 1:21-CV-11181-DPW |

**REPLY BRIEF IN SUPPORT OF**
**MOTION TO DISMISS BY DEFENDANT BRIAN GILBERT**

In compliance with the Court's order, *see* ECF No. 127, Defendant Brian Gilbert joins in the coordinated reply brief submitted by defendants in support of their motions to dismiss.  This additional reply brief is submitted to highlight Plaintiffs' failure to allege specific wrongful conduct by Mr. Gilbert with respect to the claims they have asserted against him individually.

Despite their 93-page complaint (and its 198 pages of exhibits) and their 83-page opposition brief (and its 545-page appendix), Plaintiffs have failed at the basic task of pleading facts to support the assertion of claims against each individual defendant.  Instead, Plaintiffs' shotgun pleading proceeds by "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct."  *Sires v. Hefferman*, No. CA 10-11993-MLW, 2011 WL 2516093, at *5 (D. Mass. June 21, 2011) (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001)).  This is improper.  *Canales v. Gatzunis*, 979 F. Supp. 2d 164, 170 (D. Mass. 2013) ("[T]o satisfy the minimal requirements of notice pleading, a plaintiff cannot 'lump' multiple defendants together and must 'state clearly which defendant or defendants committed each of the alleged wrongful acts.'" (quoting *Bagheri v. Galligan*, 160 Fed. Appx. 4, 5 (1st Cir. 2005))).

Insofar as Mr. Gilbert is concerned, the opposition brief does not identify conduct *by him* sufficient to support most of Plaintiffs' state-law claims.  *First*, Plaintiffs identify no "actual or potential physical confrontation" by Gilbert, which is an "essential element" of claims under the Massachusetts Civil Rights Act.  *Buster v. Moore*, No. CIV. A. 97-637-F, 2000 WL 576363, at *22 (Mass. Super. Apr. 28, 2000) (citing *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 473 (1994) (emphasis added)).  *Second*, they cite no statement by Gilbert at all, let alone one sufficient to support a claim for defamation, but instead simply attribute all allegedly defamatory statements to "Defendants."  Opp. at 67-68.  *Third*, Plaintiffs do not cite

1

any allegation showing that Gilbert had "actual possession" of Plaintiffs' property or made any "intentional or illegal entry" onto their property, as required to state a trespass claim. *Fed. Ins. Co. v. Boston Water and Sewer Comm'n*, 583 F. Supp. 2d 225, 229 (D. Mass. 2008) (citing *New England Box Co. v. C&R Constr. Co.*, 313 Mass. 696, 707 (1943)). (Contrary to the implication of their opposition brief, they do not plead a claim for "trespass to chattels." Opp. at 69.) *Fourth*, Plaintiffs' opposition brief does not cite any facts suggesting that Gilbert did anything that resulted in physical "confinement," as required to support a claim against him individually for false imprisonment. *Ortiz v. Hampden County*, 16 Mass. App. Ct. 138, 140 (1983) (citing *Wax v. McGrath*, 255 Mass. 340, 342 (1926)). *Fifth*, Plaintiff do not even pretend that they have alleged Mr. Gilbert's personal knowledge of, or any action by him that resulted in interference with, any specific relationship with a probable economic benefit. *Pembroke Country Club, Inc. v. Regency Sav. Bank, F.S.B.*, 62 Mass. App. Ct. 34, 38 (2004). *Sixth*, even assuming that California law governs Plaintiffs' claim for stalking and can be applied extraterritorially, Plaintiffs identify no statement or action *by Gilbert* that constitutes a "credible threat" to place Plaintiffs in fear for their safety. CA Civ. Code § 1708.7(a)(3). *Seventh*, the opposition brief does not cite a single case holding that "ratification" is actually a cause of action under Massachusetts law (it is not), and it does not explain how a lower-level employee such as Gilbert could have "ratified" anyone else's conduct when he was not the "principal" of any of the other defendants. *Linkage Corp. v. Trustees of Bos. Univ.*, 425 Mass. 1, 18 (1997) (explaining that ratification occurs "if the principal acquiesces in the agent's action, or fails promptly to disavow the unauthorized conduct").

//

//

2

The Court should hold Plaintiffs to the necessary task of providing a "short and plain" statement of *each claim* against *each defendant*. Plaintiffs' initial pleading simply does not do that as to Mr. Gilbert, and so his individual motion to dismiss should be granted in its entirety.


Dated: June 24, 2022                              */s/ Mark R. Conrad*
                                                  _____
                                                  Mark R. Conrad
                                                  CONRAD | METLITZKY | KANE LLP
                                                  Four Embarcadero Center, Suite 1400
                                                  San Francisco, California 94111
                                                  Tel:    (415) 343-7100
                                                  Fax:    (415) 343-7101
                                                  Email: mconrad@conmetkane.com


Dated: June 24, 2022                              */s/ Douglas Brooks*
                                                  _____
                                                  Douglas S. Brooks
                                                  LIBBY HOOPES BROOKS, P.C.
                                                  399 Boylston Street
                                                  Boston, Massachusetts 02116
                                                  Tel:    (617) 338-9300
                                                  Fax:    (617) 338-9911
                                                  Email: dbrooks@lhblaw.com


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on June 24, 2022.

                                                  */s/ Douglas S. Brooks*
                                                  _____
                                                  Douglas S. Brooks