UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>EBAY INC., et al.,<br><br>Defendants. | No. 21-CV-11181-DPW<br><br>**LEAVE TO FILE GRANTED ON JUNE 1, 2022 (ECF No. 127)** |

**DEFENDANT COOKE'S REPLY MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT[1]**

Plaintiffs' Opposition and lengthy Appendix are a failed attempt to distract from their lack of factual allegations against Mr. Cooke. Plaintiffs cannot rebut Mr. Cooke's argument that a vague allegation about approving tweets (which someone else drafted) does not constitute extreme and outrageous conduct. Mr. Cooke is not judicially estopped from making this claim and it is not inconsistent with his prior guilty plea. The Complaint should be dismissed with prejudice.

**ARGUMENT**

Mr. Cooke is not judicially estopped from contesting Plaintiffs' intentional infliction of emotional distress claim because he pled guilty in the criminal case. The First Circuit has rejected a per se rule that a defendant is bound by facts admitted during guilty pleas in a subsequent civil action. *Thore v. Howe*, 466 F.3d 173, 185 (1st Cir. 2006). Judicial estoppel may apply only when a litigant's position in an earlier proceeding is "directly inconsistent" with his assertion in the current proceeding. *Howell v. Town of Leyden*, 335 F. Supp. 2d 248, 250 (D. Mass. 2004). Mr. Cooke's guilty plea is not inconsistent with his argument that Plaintiffs have failed to state a claim

---

[1] Consistent with the Court's Order at ECF No. 127, Mr. Cooke joins the Defendants' Joint Reply Memoranda and submits this short reply to address issued raised in Plaintiffs' Opposition that relate specifically to him.

for intentional infliction of emotional distress. Extreme and outrageous conduct was not a necessary element of any offense to which Mr. Cooke pleaded guilty. In any event, "guilty pleas do not necessarily establish absolute historic facts" because the statement of those facts is "shaped by bargaining between the parties." *Thore*, 466 F.3d at 182.

The cases Plaintiffs cite are inapposite. They involve plaintiffs who took directly contrary positions at different stages of the same litigation, *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 35 (1st Cir. 2004), or plaintiffs who brought claims after previously asserting in a prior action that those same claims did not exist, *Guay v. Burack*, 677 F.3d 10, 17-18 (1st Cir. 2012). Here, Mr. Cooke took no position as to a yet to be filed emotional distress claim. Even Plaintiffs admit that Mr. Cooke told the Court at sentencing that he explained any deliveries and messages could not be threatening and believed the group had understood. ECF No. 117 at 12-13.

None of the policy concerns underlying judicial estoppel are found here. The doctrine exists to prevent litigants from playing fast and loose with the courts. *Id*. at 183. The First Circuit has rejected such concerns even where factual inconsistencies exist: "the mere assertion of inconsistent facts from those admitted in a plea does not strike us as inherently impugning the integrity of the judicial process." *Id*. Judicial estoppel also seeks to prevent a party from gaining an unfair advantage. *Id*. at 181. Mr. Cooke gains no unfair advantage by simply defending himself in this action and judicial estoppel does not bar him from doing so.

Even with the benefit of their improper appendix, which the Court should not consider for the reasons set forth in the Joint Reply Memorandum at ECF No. 138, Plaintiffs cannot state a claim against Mr. Cooke for intentional infliction of emotional distress or defamation. Plaintiffs' core allegation against Mr. Cooke is that he approved tweets drafted by Defendant Popp, but they allege no facts in support of his purported approval. Compl. ¶ 79. The appendix does not bolster

Plaintiffs' conclusory allegations. Plaintiffs argue that Mr. Cooke sent a "thumbs up" emoji in response to discussions about a plan and two other text messages—neither of which involved approving tweets by Defendant Popp. Two text messages and an emoji do not rise to the level of extreme and outrageous conduct, which must be "utterly intolerable in a civilized community." *Emerson v. Mass. Port Auth.*, 138 F. Supp. 3d 73, 76 (D. Mass. 2015).

Plaintiffs' defamation allegations relate to Defendants as a whole without asserting what Mr. Cooke did or did not do. None of the allegations are specific enough to survive a motion to dismiss. *See Fiorillo v. Winiker*, 85 F. Supp. 3d 565, 576 (D. Mass. 2015). Plaintiffs specifically allege that other defendants – not including Mr. Cooke – made the statements. For example, Plaintiffs allege that Defendants Gilbert, Stockwell, Popp, and Zea participated in the Craigslist posts. Compl. ¶ 73. Plaintiffs allege that Defendants Baugh, Stockwell, Zea, and Gilbert created the Persons of Interest File. Compl. ¶ 130.

In any event, the defamation claim should be dismissed because Plaintiffs fail to allege that the statements caused economic harm. *See Albright v. Morton*, 321 F. Supp. 2d 130, 134 (D. Mass. 2004). Only statements alleging that a plaintiff lacks a necessary characteristic of her profession are exempt from the economic harm requirement. *Conning v. Halpern*, 2021 WL 1580837, at *10 (D. Mass. Apr. 22, 2021). Plaintiffs argue that the Twitter posts fit into this category, but they are statements of pure opinion that cannot constitute defamation. *Greenspan v. Random House, Inc.*, 859 F. Supp. 2d 206, 223 (D. Mass. 2012).

## **CONCLUSION**

For the foregoing reasons, those set forth in his Memorandum in Support of his Motion to Dismiss, and Defendants' Joint Reply Memoranda, Mr. Cooke respectfully requests that this Court dismiss the Complaint with prejudice.

Dated: June 24, 2022

Respectfully submitted,

PHILIP COOKE

By his attorney,

*/s/ Christina N. Lindberg*
Christina N. Lindberg, BBO No. 690443
clindberg@msdefenders.com
MINER SIDDALL LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel: (617) 202-5890

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on June 24, 2022 and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Christina N. Lindberg*
Christina N. Lindberg