IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>eBay, Inc.,<br>Progressive F.O.R.C.E. Concepts, LLC,<br>Devin Wenig,<br>Steve Wymer,<br>James Baugh,<br>David Harville,<br>Brian Gilbert,<br>Stephanie Popp,<br>Stephanie Stockwell,<br>Veronica Zea,<br>Philip Cooke, and<br>John and Jane DOE,<br><br>      *Defendants*. | No. 1:21-cv-11181-DPW<br><br>Leave to File Granted June 1, 2021 |

**JOINT REPLY OF DEFENDANTS WENIG, WYMER, AND COOKE
<u>IN SUPPORT OF THEIR RESPECTIVE MOTIONS TO DISMISS</u>**

## INTRODUCTION

Plaintiffs assert two conspiracy claims—a claim for RICO conspiracy under 18 U.S.C. § 1962(d) and a claim for civil conspiracy under Massachusetts law. Each claim flounders on the intra-corporate conspiracy doctrine and must therefore be dismissed.[1]

**The Intra-Corporate Conspiracy Doctrine Forecloses Plaintiffs' Conspiracy Claims.**

As Wenig and Wymer explained, the intra-corporate conspiracy doctrine forecloses Plaintiffs' conspiracy claims. *See* Wenig MTD 23 n.10, 33; Wymer MTD 17–19, 33 n.20. Plaintiffs argue that the doctrine does not apply because one of the Defendants, Veronica Zea, was an employee of PFC rather than eBay. Opp. 74. But that is immaterial. Plaintiffs allege that Zea was "an eBay contractor" (Compl. ¶ 4) who, as a "member[] of the eBay security division" and "a direct report [to] eBay's head of security and operations" (*id.* ¶ 37), travelled to Massachusetts "for the benefit of eBay" (*id.* ¶¶ 4, 102) while acting "within the scope of [her] employment … in furtherance of eBay's direct command" (*id.* ¶ 13). That is more than sufficient to trigger application of the intra-corporate conspiracy doctrine, which applies whenever "*agents*," not merely employees, "of the same legal entity … act in their official capacities." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017) (emphasis added); *accord Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769–71 (1984).[2]

## CONCLUSION

The Defendants' respective motions to dismiss the conspiracy claims should be granted.

---

[1] The arguments made here are in addition to those in the other joint brief, which Wenig, Wymer, and Cooke join, as well as those in the respective Defendants' individual replies.

[2] Plaintiffs cite *King's Choice Neckwear, Inc. v. Fedex Corp.*, 2007 WL 4554220 (D.N.J. 2007), for the proposition that "[a] contractor is a non-agent of the corporation." Opp. 74–75. But *King's Choice* held only that "[t]he intra-corporate conspiracy rule does not apply when agents … act in their own self-interest instead of solely on behalf of the corporation." 2007 WL 4554220, at *4. It declined to dismiss the civil-conspiracy claim in that case because it found that there were "issues of fact regarding whether" the defendant was "a non-agent independent contractor." *Id.*

1

Dated: June 24, 2022

*/s/ Caz Hashemi*
Caz Hashemi, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com

Michael J. Pineault, Esq.
Mass. Bar. No. 555314
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6578
mpineault@andersonkreiger.com

*Counsel for Steve Wymer*

*/s/ Christina N. Lindberg*
Christina N. Lindberg
Miner Siddall LLP
101 Federal Street, Suite 650
Boston, MA 02110
(617) 202-5890
clindberg@msdefenders.com

*Counsel for Philip Cooke*

Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (*pro hac vice*)
Andrew E. Tauber (*pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
adlowell@winston.com
atauber@winston.com
(202) 282-5000

Martin G. Weinberg, Esq.
MARTIN G. WEINBERG PC
20 Park Plaza
Suite 1000
Boston, MA 02116
owlmgw@att.net
(617) 227-3700

*Counsel for Devin Wenig*

2

AmericasActive:17161283.6