UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>EBAY INC., *et al*.,<br><br>        Defendants. | Civil Action No. 21-CV-11181-DPW<br><br>Leave to File Granted<br>October 16, 2022 |

### DEFENDANT EBAY, INC.'S SUPPLEMENTAL REPLY

Defendant eBay Inc. ("eBay") submits this brief supplemental reply to Plaintiffs Ina and David Steiner's ("Steiners") and Steiner Associates, LLC's ("Plaintiffs") October 1, 2022 supplemental submission in support of their opposition to the currently pending motions to dismiss. The submission improperly asks the Court to consider extrinsic materials in the context of a motion to dismiss and in so doing violates well-settled legal principles that govern motions to dismiss. The submission also strays beyond the Court's order that permitted the submission of materials filed in connection with the sentencings of Defendants Baugh and Harville and instead makes additional, and unsupported, arguments in an effort to resist dismissal. In all significant respects, the assertions are false. They are also irrelevant to the legal issues presented in eBay's partial motion to dismiss. Contrary to what Plaintiffs suggest, eBay has never taken the position that the Court should dismiss all of Plaintiffs' claims and has consistently said that it is committed to compensating Plaintiffs in accordance with the law. But Plaintiffs' submission is both improper and irrelevant to the issues eBay has raised in its partial motion to dismiss. The Court should disregard it and grant eBay's motion.

**Background**

On September 29, 2022, Plaintiffs filed a motion seeking leave to supplement their consolidated opposition to Defendants' motions to dismiss with (i) the sentencing memorandum of Defendant Jim Baugh, (ii) the sentencing memorandum of Defendant David Harville, and (iii) Defendant Baugh's letter of contrition. Dkt. 144. Plaintiffs did not seek leave to file a supplemental memorandum or any further briefing in support of their consolidated opposition to Defendants' motions to dismiss. *See id.* On September 30, 2022, the Court granted leave to "file the document[s] for which leave to file has been granted." Dkt. 145. On October 1, 2022, Plaintiffs filed not only the documents, but also a six-page brief. *See* Dkt. 146.

**Discussion**

Throughout their briefing on the motions to dismiss, Plaintiffs have failed to confront any of the serious legal deficiencies of their claims and, in a clear violation of the rules applicable to motions to dismiss, have opted to submit hundreds of pages of extrinsic information (much of it not even evidence) in an attempt to resist dismissal. The submission is simply a continuation of Plaintiffs' entirely improper approach to the motions. As eBay has previously pointed out, *see* Dkt. 138 at 16-18, the relevant question before this Court is whether the four corners of the Complaint state a claim, and, more precisely in connection with eBay's motion to dismiss, whether the Complaint states a claim against eBay under the federal civil RICO statute (Count III), for False Imprisonment (Count VII), for Tortious Interference with Business Relations (Count XI), for Stalking (Count II), and for Ratification (Count XII).[1] Plaintiffs' reliance on what they characterize as extrinsic evidence adds nothing to that question. Tellingly, Plaintiffs

---

[1] Plaintiffs have already acknowledged that two of their original claims against eBay had no merit and abandoned them. *See* Dkt. 117 at 4 n.3 (abandoning their Vandalism and Chapter 93A claims (Counts VIII and X)).

don't even attempt to explain how any of the information supplied in the submission cures the legal deficiencies of the claims subject to eBay's motion to dismiss. The Court should reject the submission and dismiss the relevant counts for at least three reasons.

First, Plaintiffs' reliance on extrinsic evidence is improper. Plaintiffs' argument that they are entitled to submit "extrinsic" materials in support of a motion to dismiss in this way, Dkt. 146 at 2, misstates the applicable law. The rule permitting the submission of extrinsic materials applies when a complaint both references and depends upon a document, the authenticity of which is not in dispute. So, for example, if this were a contract case, the parties could submit the contract as part of the motion to dismiss papers. *See, e.g.*, *Beram v. Ceaco, Inc.*, 219 F. Supp. 3d 274, 277 (D. Mass. 2016) (considering contract that was incorporated by reference in complaint). Or if this were a dispute over a foreclosure, the parties could submit the underlying mortgage agreement. *See, e.g.*, *Searle v. Nationstar Mortg., LLC*, No. 1:21-CV-11962-IT, 2022 WL 3045807, at *5 (D. Mass. Aug. 2, 2022) (considering mortgage security instrument and promissory note attached as exhibit to complaint). Or if a court order on the public docket in another matter foreclosed a claim, the court order could be submitted. *See, e.g.*, *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15-16, 19 (1st Cir. 2003).

Controlling First Circuit case law is clear, however, that the rule does not permit a party to submit supposed additional "facts" in the context of opposing dismissal motions. *See, e.g.*, *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (declining to consider indisputably authentic deposition transcript because "[t]he mere mention of the depositions in the complaint does not amount to sufficient reference"). The law simply does not permit Plaintiffs to bolster legally infirm claims by the late addition of purported facts. *See Decoulos v. Town of Aquinnah*, No. 17-CV-11532-ADB, 2018 WL 3553351, at *12 (D. Mass. July 24, 2018) (a plaintiff "cannot

bolster the allegations of [the Complaint] through the late addition of new facts in opposing a motion to dismiss."). Those principles foreclose Plaintiffs' submission here. Nothing in the Complaint refers to, is tied to, or otherwise bases its claims against eBay on the two sentencing memoranda or Baugh's letter. The documents not only post-date the Complaint, but the use to which Plaintiffs are putting those documents is precisely the type of use—adding "factual" allegations not otherwise pled in the Complaint—that the law prohibits.

Second, nothing in the submission has any bearing on the specific legal infirmities in the Complaint at issue in eBay's motion to dismiss. Wholly absent from the submission is any discussion of how either the attorney characterizations of events in the two sentencing memoranda or Baugh's letter is relevant in any way to the question of whether, for example, the Complaint adequately alleges RICO's enterprise and pattern requirement. *See* Dkt. 90 at 7-21. Nor does it articulate how any of the supposed facts cure the Complaint's failure to allege either confinement or intent in order to support the false imprisonment claim. *See id.* at 22-23. Nor does it articulate how the submission cures the Complaint's failure to allege any actual contract that was breached or other business relationship that was interfered with for purposes of the tortious interference claim. *See id.* at 26-27. Nor does it articulate how the submission is in any way relevant to the fact that Massachusetts law does not recognize stalking as a cause of action. *See id.* at 28-30. And finally, it does not address how any of these supposed facts – all of which predate the basis for the Complaint's ratification claim – have any relevance to the ratification claim against eBay. *See id*. at 30-32. That is for good reason: no part of the submission is relevant to the legal deficiencies eBay has identified in the Complaint which require dismissal with prejudice.

Third, the submission contains significant mischaracterizations of fact. To begin with, any suggestion that eBay's investigation of the events in Natick was a "sham" is totally baseless. As the government has publicly recognized, eBay has cooperated extensively with the government and provided many of the facts that led to the government's prosecution and conviction of seven individuals. *See* U.S. Dep't of Justice, Press Release, Six Former eBay Employees Charged with Aggressive Cyberstalking Campaign Targeting Natick Couple (June 15, 2020), https://www.justice.gov/usao-ma/pr/six-former-ebay-employees-charged-aggressive-cyberstalking-campaign-targeting-natick ("eBay provided valuable assistance and cooperation with the federal investigation."); *see also* U.S. Dep't of Justice, Press Release, Two Former eBay Executives Sentenced to Prison for Cyberstalking (September 29, 2022), https://www.justice.gov/usao-ma/pr/two-former-ebay-executives-sentenced-prison-cyberstalking ("eBay provided valuable assistance and cooperation with the investigation."). Indeed, much of the evidence of obstructive conduct by various defendants involved efforts to obstruct eBay's internal investigation, which eBay, through its legal department and outside counsel, uncovered and disclosed to the government. The eBay legal, compliance and HR teams worked swiftly and extensively to ensure that those responsible were held accountable. As soon as eBay was informed of these matters, the legal department conducted a comprehensive investigation with the assistance of outside legal counsel. eBay cooperated fully with the government, and eBay's findings from the investigation were reflected in the June 15, 2020 complaint filed by the U.S. Attorney's Office. Any suggestion to the contrary is totally baseless and finds no support in the submission.

eBay has said from the very beginning of this matter and elsewhere that these events should never have happened and that eBay is committed to compensating the Steiners

appropriately and in accordance with the law. In fact, eBay well recognizes that the Complaint, under the relevant legal standard applicable to motions to dismiss, does properly state certain claims against eBay. That is why eBay has not moved to dismiss the entirety of the Complaint. eBay has made substantial efforts to resolve this matter with Plaintiffs and remains willing to pay Plaintiffs a meaningful settlement. Any suggestion from Plaintiffs here or in the public press that eBay is trying to use Baugh to absolve itself of "all liability" is false.

      For all of these reasons, the Court should disregard the submission and grant eBay's motion to dismiss.

Dated: October 17, 2022

Respectfully submitted,

eBay Inc.

By: /s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State St., 36th Floor
Boston, MA 02109
Tel. (617) 223-0300
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2022, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jack W. Pirozzolo*
Jack. W. Pirozzolo
