UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>　　(*Publisher of EcommerceBytes*)<br>　　　　　　Plaintiffs<br><br>　　vs.<br><br><br>eBay, Inc., et al.,<br>　　　　　　Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFF'S CONSOLIDATED RESPONSE TO DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS**

Now come the Plaintiffs and submit this Consolidated Response to the Defendants' Supplemental Reply in Support of Motion to Dismiss to briefly address the erroneous claims set forth by Defendants eBay, Wenig and Wymer in their Reply to the Plaintiffs submittal of documents in support of their opposition to the various motions to dismiss.

Preliminarily, although the Defendants cast the Plaintiffs' filing as "briefing" in contravention of the rules of procedure,[1] Plaintiffs clarify for the Court that the pleading was intended merely to explain the documents submitted by the Plaintiffs – for which leave was granted – in support of their opposition to the Defendants' Motions to Dismiss.[2] It did not contain argument. Therefore, although Defendant eBay faults the Plaintiffs with not addressing

---

[1] See Paper # 152 at 1-3; Paper # 149 at 1, 7; Paper # 153-1 at 2.
[2] Defendant Wymer includes an allegation that this Court denied Plaintiffs to file a sur-reply. While Plaintiffs assented to Defendants' requests to file a reply on the premise that they would be permitted to request leave to file a sur-reply, after reviewing Defendants' submissions, Plaintiffs ultimately did not request permission to file a sur-reply. (Paper # 153-1 at 2).

1

how the documents counteract eBay's claimed legal deficiencies in the Complaint, (See Paper # 152 at 2-3), this is precisely the point: it was not a brief.

Next, the Defendants claim Plaintiffs have misrepresented the contents of the documents submitted.[3] In no way have Plaintiffs misrepresented the contents of the documents. The emails between Huber, Wymer, Baugh and others refer to Fidomaster. The Defendants appear to be purposely obtuse in claiming these communications had nothing to do with the Steiners. As repeatedly alleged by the Government, by Baugh, and in Plaintiffs' Complaint, and substantiated by communications amongst the parties:

> The Executive Leadership Team ("ELT") at eBay, in particular, Devin Wenig (CEO), Steve Wymer (Senior Vice President ("SVP") for Communications), Wendy Jones (SVP and COO), and Marie Huber (SVP and General Counsel), viewed eCommerceBytes (the Steiners' publication), the readers who posted comments on eCommerceBytes, and a Twitter account called "FidoMaster" (at various times, @unsuckEBAY and @FidoMaster1) as existential threats to the company. The ELT suspected that FidoMaster was either an alter-ego or collaborator of the Steiners, and that, together, they incited hostility from the seller "fringe" who posed a physical security threat to eBay employees.
>
> In addition, the ELT suspect suspected the Steiners and FidoMaster of colluding with and possibly receiving funding from an activist investor, Elliott Management, that was critical of eBay and wanted to obtain seats on the company's Board. The General Counsel, Marie Huber, advised the ELT that ordinary tools such as lawsuits and cease-and-desist letters would be ineffective to address the "problems" posed by eCommerceBytes and Fidomaster.

See Paper # 144-1 at 8.

On August 6, 2019, Wenig then received an additional email complaint regarding Fidomaster. See Paper # 144-1 at 15. This was just five days after Wymer texted Baugh regarding Wenig's directive to "burn her to the ground," referring to Ina Steiner. Id. at 14-15. After the August 6 email complaint, there was at least one email communication between Huber,

---

[3] See Paper # 149 at 1, 3-4; Paper # 152 at 5; Paper # 153-1 at 3, 4-5.

Wenig, Wymer, Baugh, and Aaron Johnson, another attorney in Huber's department.[4] Id. at 16. That same day, there were further texts between Baugh and Wenig. Id.

While the communications did not mention the Steiners by name, to claim the communications were wholly unrelated from both the Steiners and eCommerceBytes is an utter fabrication, and is once again, an attempt by the Defendants, particularly Defendant Wenig, to split hairs in an attempt to claim ignorance and decry responsibility. The Defendants were wrong, and the Steiners were in no way related to FidoMaster or unsuckEBAY. At the time of the communications, however, the Defendants believed the Steiners, eCommerceBytes, FidoMaster and unsuckEBAY were either one in the same, or working together, so that "burning down" Ina Steiner would also put an end to the Twitter activity referenced within the emails. The Defendants' attempts to rewrite history and claim otherwise does not equate to misrepresentations on the part of Plaintiffs. At the very least, further discovery is warranted as to these points, where taking the Steiners allegations as true, further undermines Defendants eBay, Wenig and Wymers' claims that Baugh and the other criminal defendants were rogue employees, and that eBay, Wenig and Wymer had clean hands.

Although Defendants fault Plaintiffs for referring to a pleading filed by Baugh's attorneys, and claim in essence that the contents have no basis in fact, this ignores that the communications Plaintiffs referred this Court to within Baugh's sentencing memorandum relating to Wenig were in the form of screenshots contained within the pleadings which were Wenig's own words. Defendant Baugh's sentencing memorandum provided more insight into the extent of his relationship with Defendants Wenig and Wymer, including how Baugh's office was directly outside of their conference room suites and the extent of his oral conversations with

---

[4] Plaintiffs do not currently have access to this email, or any of Wenig or Jones' other emails.

3

Wymer, which were previously unknown to Plaintiffs. The Plaintiffs directed the Court's attention to Defendants own words in the form of screenshots of their communications.[5] Additional oral conversations Baugh had with Wymer and Jones also contained in Baugh's sentencing memorandum – which were previously unknown to Plaintiffs – bear on the central issue in dispute in the civil case.

Plaintiffs also point out that in each of their pleadings relating to the motion to dismiss Defendants Wenig and Wymer have filed with this Court, they have interjected extraneous facts outside of the record. Moreover, eBay has repeatedly offered extraneous information, stating in its filings that it is committed to resolving this matter favorably to Plaintiffs and that "eBay has made substantial efforts to resolve this matter with Plaintiffs and remains willing to pay Plaintiffs a meaningful settlement." See Paper # 152 at 6. Not only is this inaccurate, it has no relevancy to the Motion to Dismiss.

As to Defendant Wenig, he has attempted to resolve factual disputes and explain for the Court his claimed purpose behind his texts, stating, "Wenig's text to the eBay's head of communications was in the course of a much longer discussion concerning the public-relations steps that the company could take to respond to unfairly negative reporting that was harming it and its customers." See Paper # 149 at 1 n. 2. Also, in Defendant Wenig's motion to dismiss, he dedicated almost a full-page of his memorandum to outline his entire career trajectory, and explain how, purportedly, "[t]he complaint's allegations against [him] are contrary to his

---

[5] It is important to note that the new information contained within Baugh's sentencing memorandum were known to the Defendants; Defendant eBay procured the texts and emails and provided them to the Government, and Defendants Wenig and Wymer were a party to the communications. In other words, until recently when Defendant Baugh filed his sentencing memorandum, the only people in the dark about these conversations and the extent of the relationship between the c-suite executives and the seven employees eBay used to insulate the rest of the company from criminal liability were Plaintiffs.

character, experience, leadership style, and reputation" as an "ethical leader who fostered an inclusive and respectful business culture," despite that none of this information was contained within the Complaint. See Paper # 79-1 at 1-2.

Defendant Wymer continues to state throughout his pleadings that he was "shocked and appalled by the conduct directed at Plaintiffs Ina and David Steiner." See Paper # 84 at 1; Paper # 155 at 2. He further alleged he knew nothing of the criminal activity until after the indictments became public. Id. The information contained within Defendant Baugh's sentencing memorandum directly contradict this claim where Defendant Baugh and Defendant Wymer specifically discussed the criminal activity after it occurred, and Defendant Wymer discussed diverting the in-house investigation. See Paper # 144-1 at 19 ("Wymer stated that he and Jones were aware of the operation because they saw an email from Natick PD to eBay legal" and Wymer told Baugh they "'just needed to get rid of the Hardy Boys," referring to eBay legal").[6]

None of the extraneous information offered by Defendants Wenig and Wymer is contained within Plaintiffs' Complaint, but apparently Defendants Wenig and Wymer seek to have this Court consider it when deciding whether Plaintiffs have met their burden.

Now, where Plaintiffs have submitted information from Baugh which contain Defendants' own words and actions that run contrary to their claimed ethics and character – all claims which fall outside the record of a Rule 12(b)(6) motion – Defendants ask that the information be stricken. Moreover, Defendants eBay, Wenig and Wymer attempt to disclaim screenshots of actual communications between the Defendants and other eBay employees and c-suite executives, and other allegations made by Defendant Baugh in his sentencing

---

[6] In their previous filing, Plaintiffs also attached the eBay PowerPoint presentation which indicated that around this time, Wymer deleted texts and other communications he had with Defendant Baugh.

memorandum, casting it all as an attorney's spin and "inherently unreliable." Notably, however, Defendants Wenig, Wymer and eBay have joined forces with Baugh for the purposes of fighting Plaintiffs in the civil suit, filing a joint reply to Plaintiffs' pleadings with those very same attorneys.

Lastly, the Defendants assert that the documents submitted by Plaintiffs do not fall within any recognized exception permitting extrinsic documents in conjunction with a Rule 12(b)(6) motion to dismiss. Plaintiffs clarify that the exception they are asserting is that the documents are "central to plaintiffs' claim." See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Plaintiffs alleged throughout the Complaint that while Defendants Wenig and Wymer may not have physically participated in travelling to Natick, in sending packages to the Steiners or the other malicious and horrific acts, the conspiracy started at the top due to Defendant Wenig's issue with the Steiners' reporting. All actions flowed from there, and the communications and information contained within the extrinsic documents support that contention. Plaintiffs did not allege – as implied by the Defendants – that the documents substantiated every element of every cause of action set forth in the Complaint. Plaintiffs simply provided the documents that just became public in order to provide the Court with a full a picture as possible in deciding the Motions to Dismiss.

The cases cited by the Defendants in asserting the First Circuit has already foreclosed use of these types of extrinsic documents are inapposite. See eBay memo at 3, *citing* Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013). In that case, Plaintiffs submitted depositions from wholly unrelated cases. Id. Here, Plaintiffs submit documents from an intertwined criminal

6

matter, which contain statements made by the Defendants that concern the very subject-matter of the instant litigation.[7]

and otherwise finds any of the claims insufficient under the Rule 12(b)(6) standard, then Plaintiffs request leave to file an amended complaint, and are in the position to do so within 30-days of any Order.

**CONCLUSION**

Ultimately, Plaintiffs maintain that their initial Complaint maintains a cause of action for all of the live claims, so this Court should deny all Defendants' Motions to Dismiss. Plaintiffs request that this Court consider the criminal filings as extrinsic evidence, and deny the Defendants Motions to Dismiss. In the alternative, Plaintiffs request leave to conduct limited discovery and to amend the Complaint.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com

---

[7] If this Court is not inclined to consider the extrinsic documents, Plaintiffs request an opportunity to conduct limited discovery and leave to amend the Complaint. See Charest v. President and Fellows of Harvard College, 2016 U.S. Dist. LEXIS 18493 (D. Mass. 2016). In the alternative, if this Court finds any of the claims insufficient under the Rule 12(b)(6) standard, and declines to permit limited discovery, then Plaintiffs request leave to file an amended complaint, and are in the position to do so within 30-days of any Order.

        Respectfully submitted,
        STEINER ASSOCIATES, LLC
        By its attorney,

        /s/ Jillise McDonough
        Jillise McDonough, BBO No. 688694
        Law Office of Jillise McDonough
        107 Union Wharf
        Boston, MA 02109
        617.263.7400
        Jillise@Scapicchiolaw.com

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by complying with this Court's directives on electronic filing.

Dated:   October 26, 2022                Signed: /s/ Rosemary Curran Scapicchio