**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,

Plaintiffs,

v.

EBAY INC., *et al.*,

Defendants.

Civil Action No. 1:21-CV-11181-DPW

**STATUS REPORT OF THE UNITED STATES**

The United States of America (the "Government"), by and through undersigned counsel, respectfully submits this Status Report to set forth the progress that the Government has made related to unsealing information presently sealed on the docket in the above-captioned lawsuit since the Government filed its last status report on December 2, 2022. *See* ECF No. 161. The two presently sealed filings include Plaintiffs' Motion for Leave to File Supplement to Plaintiffs' Consolidated Opposition to Defendants' Motion to Dismiss, ECF No. 144, and Plaintiffs' Supplemental Opposition to Defendants' Motions to Dismiss, ECF No. 146.

At this time, the Government has met and conferred with counsel for all the named parties in this matter and reports as follows:

1. The Governments proposes that the Court unseal the entirety of the filings at ECF No. 144 and ECF No. 146, ***except*** the documents at ECF No. 144-2 and ECF No. 146-2. ECF No. 144-2 and ECF No. 146-2 are identical copies of Defendant Mr. James Baugh's letter of contrition originally filed in his criminal matter. The Government requests that Mr. Baugh's letter of contrition that was attached to his sentencing memorandum at ECF No. 144-2 and ECF No. 146-2 remain sealed on the public docket at this time to protect against the unauthorized disclosure of

classified information.

2. The Government plans to seek agreement on a protective order to ensure that classified information remains protected throughout the discovery process, should the case proceed to discovery, and until the conclusion of this matter. The Government continues to develop a proposal for that protective order which it intends to share with counsel for the parties in this matter.

3. In the meantime, the Government will provide a redacted version of ECF No. 144-2 and ECF No. 146-2 to the parties and to the Court that deletes a limited amount of text to protect classified information, but requests that this redacted version also remain under seal. The Government did not authorize the disclosure of any classified information in these documents before they were filed on the public docket. And because these documents were briefly on the public docket, disclosure of redacted versions would disclose publicly where content has been removed and, thus, could identify or confirm the information that is classified. Until a protective order is ultimately resolved, the Government proposes that the portions of the documents containing classified information be made unavailable for any purpose or use by the parties in this case, but that the parties be permitted to quote any other content in the letter of contrition, so long as they do not reveal the full unredacted or redacted version of the documents at ECF Nos. 144-2 and 146-2.

4. Additionally, and for the same reasons as explained above, the Government requests that the Court order the parties to this matter not to share either redacted or unredacted versions of ECF No. 144-2 and ECF No. 146-2 with any entity or individual until resolution of a proposed protective order.

5. The Government has now met and conferred with counsel for each of the eleven

named defendants in this matter. The Government conveyed its proposal for unsealing ECF No. 144 and ECF No. 146, as outlined above, to each of defendants' counsel. Counsel for each of the eleven defendants have represented that no defendant objects to the Government's unsealing proposal.

6. On December 16, 2022, Plaintiffs' counsel stated that Plaintiffs "would temporarily agree to continue to seal Mr. Baugh's letter and redact the [portions] we discussed, until such time that we either agree to the terms of a Protective Order, or have a hearing before the Court relating to the need for a Protective Order. We would also agree to unseal the Steiner's pleadings docketed at ECF No. 144 and No. 146 at this time."

7. The Government therefore proposes that the Court immediately unseal the entirety of ECF No. 144 and ECF No. 146, ***except*** for ECF No. 144-2 and ECF No. 146-2. The Government proposes that those documents remain under seal in both unredacted and redacted form for the aforementioned reasons, until such time as the Government moves for a protective order and this Court rules on the matter. A proposed order is attached.[1]

[1] If the Court wishes, the Government will hand-deliver a copy of both the unredacted and redacted versions of the text of the documents to enable the Court to identify the specific text to be redacted before it enters the proposed order.

Dated: December 16, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
(D.C. Bar No. 1033486)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-8659
Fax: (202) 616-8460
Email: christopher.edelman@usdoj.gov

*Counsel for the United States of America*