UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:21-cv-11181-PBS

---

INA STEINER, DAVID STEINER, and STEINER ASSOCIATES LLC,

    Plaintiffs,

v.

EBAY, INC., et al.

    Defendants.

---

**DEFENDANT STEPHANIE POPP'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

Defendant Stephanie Popp ("Ms. Popp") submits this memorandum in support of her Motion to Dismiss Counts II (Stalking), IV (Negligence), VIII (Assault), IX (Massachusetts Civil Rights Act Violation), X (Defamation), XI (Trespass), and XII (False Imprisonment) of Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] As explained in greater detail below and in the legal memoranda Ms. Popp adopts and incorporates by reference herein,[2] Plaintiffs have failed to state claims upon which relief may be granted.

---

[1] Counts V (Negligent Hiring), VI (Negligent Supervision), VII (Negligent Retention), XIV (Ratification) do not pertain to Ms. Popp.

[2] Ms. Popp is presently incarcerated and unemployed. In order to conserve resources, Ms. Popp relies on the fulsome memoranda of law already submitted by other defendants in this case, all of which ably set forth the legal principles applicable to each count Ms. Popp now moves to dismiss.

## Introduction

According to Plaintiffs' Amended Complaint,[3] Defendant eBay, Inc. ("eBay" or the "company") cultivated a "toxic" culture in which its top executives would stop at nothing to "neutralize" any and all "threats" to the company (AC, ¶¶ 297, 307), including but not limited to concocting and directing a campaign of intimidation, threats, torture, terror, and stalking against the Plaintiffs in order to terminate their negative reporting on eBay "by whatever means necessary" (*id*. at ¶¶ 4, 6, 230, 308). As laid out in the Amended Complaint, those in power were the true masterminds of this campaign (*see, e.g., id*. at ¶¶ 3-4, 6, 111, 136, 215, 228); those "carrying out the orders of eBay senior executives" (*id*. at ¶ 7), including Ms. Popp, had no power or authority whatsoever and were simply acting "within the scope" of their employment in order "to please 'the boss'" – sometimes, it seems, under threat themselves (*see, e.g., id*. at ¶¶ 7, 15, 40, 83-85, 90, 96, 100, 111, 112, 225, 229, 303, 305, 314, 317-323 (describing atmosphere in which Ms. Popp's managers were "known to break down [employees] psychologically," accuse them of being "weak," and public embarrass and degrade subordinates). But as the Amended Complaint acknowledges, it was largely the lower-level employees who ultimately took the fall for the actions of the powerful: Ms. Popp was terminated from the company, indicted by the government, pled guilty, and is currently serving a sentence of one year and one day in a federal prison facility. (*See id*. at ¶¶ 12, 284, 370.) By contrast, *none* of eBay's top executives – the people who conceived of, directed, and ensured the scheme against the Steiners was carried out – was even punished, let alone criminally charged, for his actions. (*See id*. at ¶¶ 13, 14, 287, 288, 371.)

---

[3] Citations to the Amended Complaint are in the form "AC, ¶ __."

As the Steiners acknowledge, Ms. Popp was herself a victim of the "sick and dysfunctional culture" at eBay (*id*. at ¶ 322) and now sits locked in a cage for the role she played in following the orders given to her by those in positions of power over her, whom the Steiners themselves have described as "unfit" (*id*. at ¶ 304), "rude, corrupt, and misogynistic" (*id*. at ¶ 326), and who promoted a "cult-like atmosphere where employees were not only expected, but required, to fulfill company directives, regardless of criminality" (*id*. at ¶ 314). Yet, apparently unsatisfied with the pound of flesh already extracted from Ms. Popp through the criminal process, the Steiners bring a Gish Gallop of civil claims against her, seeking monetary damages from an incarcerated, unemployed young woman in a sprawling 123-page, 572-paragraph Amended Complaint that is even longer and even more confusing than its predecessor, which leaves it to the reader to *guess* why and how each count might be applicable to each defendant (including Ms. Popp), and which fails to satisfy even the most basic pleading standards. Counts II, IV, VIII, IX, X, XI, and XII should be dismissed with prejudice.

## **Argument**

As a general matter, the Amended Complaint purports to bring each of the above-referenced claims against "all Defendants," but does not put Ms. Popp on notice as to how she is allegedly liable under each cause of action. *See* Fed. R. Civ. P. 8(a); *Sires v. Hefferman*, 2011 WL 2516093, *5 (D. Mass. June 21, 2011) ("To provide the notice required under Rule 8(a), a plaintiff cannot 'lump' defendants together when it cannot be reasonably inferred that all of the defendants were involved in the alleged misconduct, or it is otherwise not clear to which defendant or defendants the plaintiff is referring"). With respect to each specific count Ms. Popp moves to dismiss, the Amended Complaint fails to establish the necessary elements and, in some cases, asserts claims that do not exist under Massachusetts law.

For these reasons, and the reasons set forth below, Plaintiffs have failed to state a claim as a matter of law against Ms. Popp as to Counts II, IV, VIII, IX, X, XI, and XII.

### I.     Legal Standard

Ms. Popp adopts and incorporates by reference the authorities of Defendants Brian Gilbert (Docket No. 194 at 4-6), Philip Cooke (Docket No. 204 at 4), and eBay (Docket No. 208 at 5-6).

### II.    Counts II, IV, VIII, IX, X, XI, and XII Must be Dismissed for Failure to State a Claim

*Count II: Stalking*

Plaintiffs' claim for stalking must be dismissed because the Amended Complaint fails to allege "stalking" conduct in California, and California's stalking law does not protect Massachusetts residents. Furthermore, even if California's Code applied to Massachusetts residents, Massachusetts law governs and does not recognize a civil stalking claim. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Gilbert (Docket No. 194 at 6-7) and eBay (Docket No. 208 at 14-17), which are equally applicable to Ms. Popp.

*Count IV: Negligence*

For the reasons set forth in the arguments and authorities of Defendant Gilbert (Docket No. 194 at 7-8), which Ms. Popp incorporates by reference and which are equally applicable to her, Plaintiffs' negligence claim must be dismissed because the Amended Complaint fails to sufficiently allege the existence of a legal duty between Ms. Popp and the Plaintiffs.

*Count VIII: Assault*

Plaintiffs' claim for assault must be dismissed because the Amended Complaint fails to allege Ms. Popp engaged in any "objectively menacing conduct with the intent to put the victim

in fear of immediate bodily harm." *Commonwealth v. Gorassi*, 432 Mass. 244, 248 (2000). The allegation that Ms. Popp was in a vehicle that "menacingly circled the block" (AC, ¶ 486) is not sufficient – merely being in a moving car is not "*objectively* menacing conduct." Furthermore, for the reasons set forth in the arguments and authorities of Defendant Gilbert (Docket No. 194 at 10), which Ms. Popp incorporates by reference and which are equally applicable to her, none of the remaining alleged conduct could reasonably give rise to fear of an "immediately threatened battery."

**Count IX: Massachusetts Civil Rights Act ("MCRA")**

Plaintiffs' MCRA claim must be dismissed it does not allege that Ms. Popp's conduct involved an "actual or potential physical confrontation accompanied by threat of harm," a necessary element of MCRA claims. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendant Gilbert (Docket No. 194 at 10-13), which are equally applicable to Ms. Popp.

**Count X: Defamation**

Plaintiffs' defamation claim must be dismissed because the activity in which Ms. Popp was allegedly involved – which is itself difficult to discern from the Amended Complaint, since Plaintiffs often refer collectively to "Defendants" or lump Ms. Popp in with a group of names without specifying her alleged role (*see, e.g.*, AC, ¶¶ 146, 178, 191) – is not sufficient to state a cause of action for defamation. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Gilbert (Docket No. 194 at 13-15) and Cooke (Docket No. 204 at 7-11), which are equally applicable to Ms. Popp.

*Count XI: Trespass*

Plaintiffs' trespassing claim must be dismissed because the Amended Complaint fails to allege an intentional or illegal entry onto Plaintiffs' property by Ms. Popp, who, as asserted in the Amended Complaint, "remained in California" while other Defendants allegedly went to Massachusetts to "attach a GPS device to [Plaintiffs'] vehicle. (AC, ¶¶ 143, 148, 149.) Further, the Amended Complaint fails to allege that Ms. Popp "actively participated in or substantially assisted in the commission of" the trespassing activities of the other Defendants, such that they have likewise failed to sufficiently state a claim for aiding and abetting trespass. *See Massachusetts Port Authority v. Turo, Inc.*, 487 Mass. 235, 243-344 (2021) (citations omitted). Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendant Cooke (Docket 204 at 4-5), which are equally applicable to Ms. Popp.

*Count XII: False Imprisonment*

Plaintiffs' false imprisonment claim must be dismissed because the Amended Complaint fails to allege that Plaintiffs were actually confined and fails to allege that Ms. Popp acted with any intent to confine them, let alone with the specific intent required by law. Ms. Popp adopts and incorporates by reference the arguments and authorities of Defendants Gilbert (Docket No. 194 at 15-16), Cooke (Docket No. 204 at 6-7), and eBay (Docket No. 208 at 12-14), which are equally applicable to Ms. Popp.

## Conclusion

For the reasons set forth above and in the legal memoranda adopted and incorporated by reference herein, this Court should dismiss Counts II, IV, VIII, IX, X, XI, and XII of Plaintiffs' Amended Complaint.

                                                  Respectfully submitted,

                                                  STEPHANIE POPP,

                                                  By her attorney,

                                                  _____
                                                  Alexandra H. Deal (BBO #660645)
                                                  Paik, Brewington & Deal, LLP
                                                  6 Beacon Street, Suite 305
                                                  Boston, MA 02108
                                                  (617) 439-0150
Dated: April 25, 2023                            adeal@pbdlaw.com