UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>EBAY INC., ET AL.,<br><br>    Defendants. | CIVIL ACTION NO.: 1:21-CV-11181-DPW |

### DEFENDANT PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

NOW COMES defendant Progressive F.O.R.C.E. Concepts, LLC (PFC) and pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure hereby moves for dismissal as to all claims set forth in the complaint.  As more fully set forth in the accompanying memorandum of law, this action is premised on the criminal activities of former eBay employees or members of eBay's security division pursuant to the purported directives of two former eBay executives and as to Natick residents Ira and David Steiner as well as Steiner Associates, LLC, a publisher of an ecommerce newsletter. Defendants include 11 individuals as well as eBay and Progressive F.O.R.C.E. Concepts, LLC (PFC). PFC is a Nevada based company and was an independent contractor providing certain security services to eBay, including providing one of the individual defendants, Veronica Zea, to eBay who worked out of eBay's California office and as an eBay analyst in its GIC, or Global Intelligence Center. The allegations of the Amended Complaint make clear that Zea was, at all material times, directed by eBay's former supervisory security team

1

supervisor/employees as to her activities and responsibilities at eBay, and particularly the events in question. As more fully set forth below, the claims as to PFC must be dismissed as:

- this Court lacks personal jurisdiction over PFC as to the state-based claims;

- the allegations specific to PFC are conclusory and insufficient to state any plausible liability based on vicarious liability or otherwise for any of the alleged conduct of the individual eBay security team defendants, including Zea as to any of the state-based claims;

- the vicarious liability claims fall as PFC did not direct, control, or supervise Zea; and

- the negligent retention/supervision claims fail as PFC did not have any prior notice that Zea may have criminal proclivities nor was the harm foreseeable.

WHEREFORE, defendant Progressive F.O.R.C.E. Concepts, LLC respectfully requests that it Motion to Dismiss be ALLOWED.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Progressive F.O.R.C.E. Concepts, LLC respectfully requests oral argument in connection with this Motion to Dismiss. The motion raises significant questions about whether the complaint has adequately stated certain claims upon which relief can be granted as well as whether there is personal jurisdiction over PFC. Oral argument will allow the parties to address this issue fully and to respond to any questions the Court may have.

Respectfully submitted,
PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC,
By Its Attorneys,

*/s/ Tory A. Weigand*
Tory A. Weigand, BBO #548553
tweigand@morrisonmahoney.com
Matthew J. Holmes, BBO #675994
mholmes@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:  617-439-7500

3

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 28, 2023.

      */s/ Tory A. Weigand*

      Tory A. Weigand

102614016