IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INA STEINER, *et al.*,

v.

JIM BAUGH, *et al.*

No. 21-cv-11181-PBS

**DEFENDANT JIM BAUGH'S MEMEORANDUM
IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Jim Baugh[1] respectfully submits this memorandum in support of his Motion to Dismiss. Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must dismiss Counts II, IV, VIII, IX, X, XI, and XII of the Amended Complaint [D.E. 176] insofar as they "fail to state a claim upon which relief can be granted."

**I.   The Amended Complaint fails to state a California law "stalking" claim (Count II).**

Plaintiffs' stalking claim under California Code of Civil Procedure Section 1708.7 must be dismissed because the Amended Complaint fails to allege "stalking" conduct in California and, in any event, Massachusetts law applies and does not recognize a civil stalking claim. Mr. Baugh adopts and incorporates by reference the arguments and authorities of Defendants Devin Wenig [D.E. 197 at 14], Steve Wymer [D.E. 199 at 12], Wendy Jones [D.E. 206 at 11-12], Brian Gilbert [D.E. 194 at 6-7], and eBay [D.E. 208 at 14-17], which apply in equal measure to him.

**II.   The Amended Complaint fails to state a negligence claim (Count IV).**

Plaintiff's negligence claim must be dismissed because the Amended Complaint fails to sufficiently allege the existence of a legal duty and fails to sufficiently allege proximate causation. Mr. Baugh adopts and incorporates by reference the arguments and authorities of Defendants

---

[1] Mr. Baugh's full, true given name is "Jim" not "James."

1

Devin Wenig [D.E. 197 at 9-11], Steve Wymer [D.E. 199 at 11-12], Wendy Jones [D.E. 206 at 9-11], and Brian Gilbert [D.E. 194 at 7-8], which apply in equal measure to him.

**III.    The Amended Complaint fails to state an assault claim (Count VIII).**

Plaintiffs' assault claim must be dismissed because it does not allege that Mr. Baugh put them in reasonable apprehension of immediate physical harm, as the law defines those terms. Mr. Baugh adopts and incorporates by reference the arguments and authorities of Defendants Devin Wenig [D.E. 197 at 13-14], Steve Wymer [D.E. 199 at 13], Wendy Jones [D.E. 206 at 6-7], Brian Gilbert [D.E. 194 at 9-10], and eBay [D.E. 208 at 10-12], which apply in equal measure to him.

**IV.    The Amended Complaint fails to state a claim under the Massachusetts Civil Rights Act ("MCRA") (Count IX).**

Plaintiffs' MCRA claim must be dismissed it does not allege that Mr. Baugh's conduct involved actual or potential physical confrontation accompanied by threat of harm and because the statute does not properly apply to interference with free speech by private actors. Mr. Baugh adopts and incorporates by reference the arguments and authorities of Defendants Devin Wenig [D.E. 197 at 14-15], Steve Wymer [D.E. 199 at 13], Wendy Jones [D.E. 206 at 13-14], Brian Gilbert [D.E. 194 at 10-13], and eBay [D.E. 208 at 10-12], which apply in equal measure to him.

**V.    The Amended Complaint fails to state a claim for defamation (Count X)**

Plaintiffs' defamation claim must be dismissed because they fail to sufficiently allege that Mr. Baugh made any actual defamatory statement to a third party. Mr. Baugh adopts and incorporates by reference the arguments and authorities of Defendants Devin Wenig [D.E. 197 at 15], Steve Wymer [D.E. 199 at 13-14], Wendy Jones [D.E. 206 at 7-8], and Brian Gilbert [D.E. 194 at 13-15], which apply in equal measure to him.

**VI.     The Amended Complaint fails to state a claim for trespass (Count XI)**

Plaintiffs' trespass claim against Mr. Baugh must be dismissed because the Amended Complaint fails to sufficiently allege an intentional or illegal entry onto Plaintiffs' property by Mr. Baugh. Mr. Baugh adopts and incorporates by reference the arguments and authorities of Defendants Devin Wenig [D.E. 197 at 16], Steve Wymer [D.E. 199 at 14], and Wendy Jones [D.E. 206 at 8], which apply in equal measure to him.

**VII.    The Complaint fails to state a claim for false imprisonment (Count VII).**

Plaintiffs' false imprisonment claim must be dismissed because they fail to sufficiently allege that they were actually confined and fail to sufficiently allege that Mr. Baugh acted with the specific intent to confine them. Mr. Baugh adopts and incorporates by reference the arguments and authorities Defendants Devin Wenig [D.E. 197 at 16-17], Steve Wymer [D.E. 199 at 14-15], Wendy Jones [D.E. 206 at 9], and Brian Gilbert [D.E. 194 at 15-16], which apply in equal measure to him.

**VIII.   The Complaint fails to state a claim for civil conspiracy (Count XIII).**

The Plaintiffs' civil conspiracy claim must be dismissed under the intra-corporate conspiracy doctrine. Mr. Baugh adopts and incorporates by reference the arguments and authorities of Defendants Steve Wymer [D.E. 199 at 15-16], and eBay [D.E. 208 at 17-18], which apply in equal measure to him.

## **CONCLUSION**

For the foregoing reasons, Counts II, IV, VIII, IX, X, XI, XII, and XIII of the Amended Complaint should be dismissed as to Mr. Baugh.

Respectfully submitted,

**JIM BAUGH**

By his attorneys,

*/s/ William W. Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*

Dated: April 28, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 28, 2023.

*/s/ William W. Fick*