UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>                    Plaintiffs<br><br>    vs.<br><br><br>eBay, Inc., et al.,<br>                    Defendants | CASE NO: 1:21-cv-11181 |

### PLAINTIFFS' MOTION TO STRIKE EXTRANEOUS INFORMATION CONTAINED WITHIN DEFENDANTS' MOTIONS TO DISMISS

Now come the Plaintiffs and respectfully request that this Court strike certain statements contained with Defendants Wenig, Wymer, Jones and PFC's Memoranda in Support of their Motions to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(f).

The statements outlined below must be stricken from the Memoranda in Support of the Motions to Dismiss where the statements offer extraneous information not contained anywhere within the record in this case, they are references to the original complaint, and/or they reference documents that were not appended to the First Amended Complaint.

### ARGUMENT

In considering a motion to dismiss, a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs; the facts that are subject to the motion to dismiss must be expressly incorporated in the Complaint. *Monahan v. Dorchester Counseling Ctr., Inc.,* 961 F.2d 987, 988 (1st Cir. 1992). Ordinarily, the court may

1

not consider documents not attached to the complaint or expressly incorporated therein, unless the motion is converted into a motion for summary judgment. *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993). The narrow exception for introducing extraneous evidence are "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claims; or for documents sufficiently referred to in the complaint." *Id.* at 4, *citing Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991).

### Defendant Devin Wenig

Almost the entirety of page 1 through 6 of Defendant Wenig's Memorandum in Support of his Motion to Dismiss the First Amended Complaint must be stricken where it interjects extraneous information not part of the record, which is largely based on Defendant Wenig's purported intent and thought process when he made certain statements. Moreover, Defendant Wenig interjects information from his career that are not part of the record.

Moreover, on page 20 of the Memorandum, Defendant Wenig cites former AUSA Andrew Lelling's statements – made while working for a private law firm where he gains financially from assisting corporations with "Mitigating the Compliance Risks of Employee Misconduct,"[1] specifically discussing this case – as some sort of support that Defendant Wenig is not liable in this case. Not only are Attorney Lelling's statements self-serving, they are not relevant to the Motion to Dismiss, and interject extraneous information that is not part of the record. *See Barnstable County v. 3M Company,* 2017 U.S. Dist. LEXIS 207414 at *10-16 (D. Mass. 2017) (taking judicial notice of certain documents but not for truth of matter asserted

---

[1] *See* https://www.jonesday.com/en/insights/2021/10/jones-day-talks-the-ebay-cyberstalking-case-mitigating-the-compliance-risks-of-employee-misconduct.

therein where the "credibility," "thoroughness" or "impartiality" of statements made within documents vary).

*Defendant Steve Wymer*

Defendant Wymer's counsel provides an affidavit that contains information that is not part of the record and should be stricken in its entirety, as well as the attachments that do not fall within any recognized exception for the Court to consider extraneous documents in conjunction with a Motion to Dismiss.

In addition to Defendant Wymer's counsel's affidavit and the attached documents, Plaintiffs move to strike the following statements:

- The FAC relies largely on a handful of animated and off-the-cuff messages from Wymer, stacking inference upon inference on them to state a claim against him.
  (Wymer ECF Filing 199 at 4)

- Wymer had a very successful career leading communications and policy at several well-known companies before joining eBay in February 2019, and before then he served as a senior advisor in the U.S. Senate and led communications on behalf of three U.S. Senators.
  (Wymer ECF Filing 199 at 2)

- Wymer's original motion to dismiss (ECF No. 84) explained that he did not participate in the alleged wrongdoing, did not have knowledge of it, and did not assist it.
  (Wymer ECF Filing 199 at 3)

- Further, none of the messages alleged in the FAC reflect that Wymer was even aware of the Charged Defendants' bad acts until they were brought to his attention during an investigation in late August 2019.

(Wymer ECF Filing 199 at 17)

Defendant Wymer's intent, whether his statements were "off the cuff," when Defendant Wymer first learned of the wrongdoing, and his "successful career" are not contained with the Amended Complaint, and should be stricken.

*Attachments to Affidavit*

Defendant Wymer attempts to interject a press release where eBay announces that Defendant Wymer was hired as Senior Vice President and Chief Communications Officer and the transcript from Defendant Baugh's Sentencing Hearing.

    *Press Release*

While the Court has at times taken judicial notice of a press release, the circumstances for which Defendant Wymer submits the press release here are inapposite. *See e.g., McAllister v. Countrywide Home Loans, Inc.,* No. 16-cv-10911-GAO, 2017 U.S. Dist. LEXIS 46597, at *3 (D. Mass. Mar. 29, 2017) (taking judicial notice of document located on FDIC website evidencing merger between two banks); *Madison v. Cruz*, 393 F. Supp. 3d 135, 137 n. 2 (D. Mass. 2019) (taking judicial notice of press release to demonstrate date when First Assistant resigned), *citing Amadi v. Barnes*, 2018 U.S. Dist. LEXIS 54600, 2018 WL 1568818 at *8 (M.D. Tenn. 2018) (taking judicial notice of press release indicating defendant did not assume position until several years after alleged events giving rise to claim occurred).

Here, on the other hand, Defendant Wymer does not seek judicial notice of the Press Release to demonstrate the date on which he was hired, but rather as an attempt to bolster his

credibility, and put his resume before the Court. The underlying hearsay throughout the document, outlining his purported previous successes are not subject to judicial notice. *See Barnstable County v. 3M Company,* 2017 U.S. Dist. LEXIS 207414 at *10-16 (D. Mass. 2017).

*Defendant Baugh's Sentencing Transcript*

This Court also should not consider Baugh's sentencing transcript, submitted as Exhibit B to Defendant Wymer's Counsel's affidavit.

After the Defendants filed replies to the Plaintiffs' Opposition to the Defendants' Motions to Dismiss the original Complaint, Defendant Baugh was sentenced and Plaintiffs' filed a supplement including Baugh's sentencing memorandum and a letter he submitted to the Court in aid of sentencing. Defendant Wymer filed an objection to Plaintiffs' filing, and argued that Defendant Baugh's sentencing memorandum should not be considered by the Court because "Plaintiffs improperly seek to have the underlying contentions in them considered by the Court under principles of judicial notice" but that "while '[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts,' court filings 'are recognized not for the truth of the matters asserted within them, but instead *only* to establish the fact that related litigation has been initiated or to establish that the fact that documents have been filed in that related case.'" (ECF Filing 155).

Now, Defendant Wymer seeks to engage in the practice that he argued against, i.e., he submits Defendant Baugh's sentencing hearing transcript, and asks this Court to rely on statements Defendant Baugh's counsel made during that hearing. (Wymer ECF Filing 199 at 6) ("Indeed, Baugh's attorney conceded during Baugh's sentencing hearing before this Court that eBay's executives 'didn't order [Baugh] to do it.'"); (Wymer ECF Filing 199 at 7) ("Baugh

5

admitted *he* was responsible for what occurred stating: ***"I was one hundred percent responsible for everything that happened on my watch, and that means everything."***).

Just as Defendant Wymer previously argued, this Court should find that this document should not be "recognized for the truth of the matters asserted within them, but instead *only* to establish the fact that related litigation has been initiated…" (Wymer ECF Filing 155). Where the Amended Complaint already outlines that Defendant Baugh was charged and sentenced and the sentencing transcript is not attached as an exhibit to the Amended Complaint, the sentencing transcript serves no value and should be stricken. *See Barnstable County v. 3M Company,* 2017 U.S. Dist. LEXIS 207414 at *10-16 (D. Mass. 2017).

<u>*Defendant PFC*</u>

Defendant PFC incorporated the exhibits to the original complaint by reference. These exhibits were not attached to the Amended Complaint, and therefore the Court should not consider them. *See Intergen NV v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003) ("An amended complaint supersedes the original complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader.").

<u>*Defendant Wendy Jones*</u>

Defendant Jones also interjects information about her background that is not contained within the Amended Complaint, alleges her supposed intent in making certain statements and disclaims other statements attributed to her, and alleges that she did not learn of the wrongdoing until after the events were over. Plaintiffs request that the Court strike the following statements:

- In 2016, Ms. Jones was promoted to eBay's Senior Vice President of Global Operations. She managed the $48 billion company's customer service, risk, trust, payment operations, security, and workplace resources functions. Ms. Jones led an organization of thousands of employees and contractors…

    (Jones ECF Filing 206 at 1-2)

- Ms. Jones was unaware of the events in Natick until late August 2019. She had been on sabbatical, a benefit offered to senior eBay employees every five years. She learned of the incidents from the company's legal department upon her return.

    (Jones ECF Filing 206 at 2-3)

- For example, the Amended Complaint alleges that Defendant Jones asked in an email to "huddle on this at lunch" in connection with efforts to remove a posting from a contractor's website, which was later picked up by EcommerceBytes. The Amended Complaint attempts to make hay from that email by tying it to allegations appearing in a sentencing memorandum filed by attorneys for Jim Baugh. Even taking those allegations as true (though they are not), this Court can and should take them for what they actually say: that Ms. Jones asked Mr. Baugh to deal with "the issue" – i.e., the contractor's posting of information – "off the radar." The allegation does not say that Ms. Jones asked anyone to deal with Plaintiffs' blog post or Plaintiffs in general. And the allegation certainly does not say that Ms. Jones directed or even implied that anyone should engage in any action resembling the harassment campaign that followed.

    (Jones ECF Filing at 3)

- The same is true of the only other factual allegation against Ms. Jones of any substance: that Ms. Jones listened to a recording of a phone call between a security team member and a "subject associated with Fidomaster" and gave a "fist bump" to Mr. Baugh. Putting aside the veracity of the statement, Plaintiffs' own allegations make clear that Fidomaster had nothing to do with the Steiners, and there is not a single allegation in the Amended Complaint that Ms. Jones believed there was such a connection.

    (Jones ECF Filing at 3)

- Ms. Jones wholeheartedly rejects these allegations – she never told Mr. Baugh to do anything "off the radar." Mr. Baugh's motivation to blame shift the spotlight in a sentencing memorandum is clear, though the Court need not weigh his credibility and to reject the relevance of the allegation to the case at hand.

    (Jones ECF Filing at 3 n. 1)

None of these "facts" that Defendant Jones now attempts to interject into the Motion to Dismiss litigation were contained within the Amended Complaint, nor are they reasonable inferences from the facts outlined within the Complaint, so the Court should strike this

7

extraneous information. *See Barnstable County v. 3M Company,* 2017 U.S. Dist. LEXIS 207414 at *10-16 (D. Mass. 2017).

**CONCLUSION**

Plaintiffs' respectfully request that this Court strike the extraneous information contained within the Defendants' Memoranda in Support of their Motions to Dismiss First Amended Complaint.

        Respectfully submitted,
        INA AND DAVID STEINER
        By their attorney,

        /s/ Rosemary Curran Scapicchio
        Rosemary C. Scapicchio, BBO No. 558312
        Law Office of Rosemary Scapicchio
        107 Union Wharf
        Boston, MA 02109
        617.263.7400
        Rosemary@Scapicchiolaw.com


        Respectfully submitted,
        STEINER ASSOCIATES, LLC
        By its attorney,

        /s/ Jillise McDonough
        Jillise McDonough, BBO No. 688694
        Law Office of Jillise McDonough
        107 Union Wharf
        Boston, MA 02109
        617.263.7400
        Jillise@Scapicchiolaw.com

**CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Plaintiffs emailed counsel for Defendants Wenig, Wymer, Jones and PFC to determine if any assented to this Motion, and all object.

Dated:   June 12, 2023                              Signed: /s/ Rosemary Scapicchio

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   June 12, 2023                              Signed: /s/ Rosemary Scapicchio