IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Ina Steiner,
David Steiner,
Steiner Associates, LLC,

        *Plaintiffs*,

   v.

eBay, Inc.,
Progressive F.O.R.C.E. Concepts, LLC,
Devin Wenig,
Steve Wymer,
James Baugh,
David Harville,
Brian Gilbert,
Stephanie Popp,
Stephanie Stockwell,
Veronica Zea,
Philip Cooke, and
John and Jane Doe,

        *Defendants*.

No. 1:21-cv-11181-PBS

**DEFENDANT DEVIN WENIG'S
OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

## INTRODUCTION

Plaintiffs' motion to strike should be denied.

Plaintiffs do not cite—and a diligent search has not located—any case in which a party moved to strike documents that the party itself had filed or statements that the party itself had made. But that is what Plaintiffs seek to do here. They move to strike documents that *they* have filed and statements that *they* have made. Plaintiffs' motive is obvious: the documents and statements show that their claims against Devin Wenig are baseless.

Although Plaintiffs may regret having submitted evidence and having made statements that belie their claims against Wenig, there is no legal basis for their motion to strike. Plaintiffs' complaint relies on the government's case against Baugh including explicit references to arguments in his sentencing memorandum, *see* ECF 176 ¶¶ 75, 111, 220-21, yet they do not want the Court to consider what else either they or the government said at Baugh's sentencing hearing, because those statements make clear that Wenig had nothing to do with Baugh's bizarre harassment campaign. *See* ECF 197 at 2. Similarly, although their complaint relies on documents that they submitted in opposition to Wenig's prior motion to dismiss (*cf.* ECF 167), Plaintiffs now want the Court to ignore those documents because they demonstrate that Wenig did not order, condone, or know of Baugh's outrageous criminal conduct. *See* ECF 197 at 5–6.

Without specifically identifying any of the facts that they want the Court to disregard, Plaintiffs assert that "[a]lmost the entirety of page[s] 1 through 6" of Wenig's motion to dismiss the amended complaint "must be stricken" under Federal Rule of Civil Procedure 12(f) on the ground that "it interjects extraneous information not part of the record." ECF 222 at 2. Not so. None of the facts cited in Wenig's motion to dismiss are "extraneous"—each goes directly to the implausibility of Plaintiffs' claims, *i.e.*, one of the central issues on a motion to dismiss. And, apart

1

from minor exceptions provided for context, each fact is taken from a document that Plaintiffs previously filed, a document that Plaintiffs said they would file, or a document that is judicially noticeable. Regardless, Rule 12(f) is inapplicable and Plaintiffs could not satisfy its requirements even if it were applicable.

**ARGUMENT**

**I.     Rule 12(f) is inapplicable, and Plaintiffs do not satisfy its standards in any case.**

Plaintiffs have moved to strike portions of Wenig's motion to dismiss "pursuant to Fed. R. Civ. P. 12(f)." ECF 222 at 1. Rule 12(f) states that "[t]he court may strike from a ***pleading*** … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The rule has no application here. "The First Circuit has repeatedly held that memoranda and motions are not considered pleadings within the meaning of the Rules of Federal Civil Procedure." *Judson v. Midland Credit Mgmt., Inc.*, 2014 WL 4965944, at *3 (D. Mass. Oct. 1, 2014) (collecting cases). Consequently, "[t]he Court does not … have the authority to strike information from a party's memorandum of law." *McGrath v. Town of Sandwich*, 169 F. Supp. 3d 251, 260 (D. Mass. 2015). Even if Rule 12(f) were applicable, "motions to strike are generally disfavored" and "infrequently granted." *Galvin v. Bayview Crematory, LLC*, 2007 WL 9797776, at *1 (D. Mass. Oct. 19, 2007) (internal quotation marks omitted).

Here, Plaintiffs do not identify the specific basis for their motion but it does not matter as they cannot show that the facts recited in Wenig's motion are either "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The only conceivable basis for Plaintiffs' motion would be an assertion that those facts are "immaterial" or "impertinent." But they are neither. "An immaterial matter has no essential or important relationship to the claim for relief or the defenses being pleaded, while an impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Kajberouni v. Bear Valley Cmty. Servs. Dist.*, 2022 WL

2

17094604, at *6 (E.D. Cal. Nov. 21, 2022) (cleaned up); *accord, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Boldrini*, 2018 WL 6735102, at *4 (M.D. Pa. Nov. 6, 2018), *report and recommendation adopted*, 2019 WL 4241114 (M.D. Pa. 2019). Far from irrelevant or impertinent, the facts recited in Wenig's motion bear directly on the plausibility of Plaintiffs' allegations. For example, the fact that Baugh secretly recruited eBay employees to harass a prosecutor for purely personal reasons, and the fact that Plaintiffs themselves characterize Baugh's behavior as "bizarre," bear directly on Plaintiffs' claim that Wenig should have foreseen Baugh's shocking criminal conduct.

There is, in short, no legal basis for Plaintiffs' motion.

**II.      Plaintiffs wrongly seek to strike references to documents that they themselves introduced into the case.**

Perhaps understanding that they cannot make the requisite showing under Rule 12(f), Plaintiffs imply that the facts recited in Wenig's motion to dismiss should be struck because on a motion to dismiss the Court generally may consider only the complaint itself and any documents either attached to or expressly incorporated by it. ECF 222 at 1–2. But, as Plaintiffs concede, there is an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* at 2 (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). Nearly every source that Wenig cites fall into one or more of these categories and is thus properly considered on his motion to dismiss.

Almost all facts cited in Wenig's motion to dismiss are taken from either Plaintiffs' complaint, documents underlying Plaintiffs' complaint, documents previously submitted by Plaintiffs, and/or judicial records. The vast majority of the facts come directly from Plaintiffs' complaint. *See* ECF 197 at 1–6 (repeatedly citing ECF 176). Most of the others come from documents that Plaintiffs submitted when opposing Wenig's prior motion to dismiss. *See id.* (citing

3

ECF 117-1 and ECF 146-1). And a couple are from Jim Baugh's sentencing hearing, a judicial proceeding at which Plaintiffs spoke. *See id.* (citing ECF 239 at 28, *U.S. v. Baugh*, No. 20-cr-10263 (D. Mass. Sept. 29, 2022)).

Plaintiffs cannot deny that they submitted the documents found at ECF 117-1 and ECF 146-1. Nor can Plaintiffs deny that they told the Court that these documents ***are*** properly considered on a motion to dismiss. *See* ECF 117 at 6; ECF 146 at 2; *see also* ECF 117 at 7–16 (relying on ECF 117-1); ECF 146 at 2–6 (relying on ECF 146-1). Specifically, Plaintiffs argued that when, as here, plaintiffs submit documents "to bolster an argument against" defendants' motions to dismiss, those extrinsic documents may be considered without converting the motions to dismiss into motions for summary judgment. ECF 117 at 6 (quoting *Watterson*, 987 F.2d at 4). Not only did Plaintiffs tell the Court that the documents are properly considered, but the Court then relied on them when granting Plaintiffs leave to amend and denying Wenig's original motion to dismiss as moot. *See* ECF 167. Having previously told the Court that the documents they submitted may be considered on a motion to dismiss, and having obtained relief based on those documents, Plaintiffs are estopped from now arguing that the documents may not be considered.

Regardless, Plaintiffs' amended complaint continues to rely on the documents that Plaintiffs previously filed. *Compare, e.g.*, ECF 176 ¶¶ 293, 312, 334, 353, 371, 373, 449, 476, 560, 568 *with* ECF 117-1 at R4–R36; *compare also, e.g.*, ECF 176 ¶ 270 *with* ECF 117-1 at R544–55. Perhaps most glaringly, in opposing the motions to dismiss, Plaintiffs explicitly and repeatedly reference certain alleged aspects of eBay's presentation to the government. *See* ECF 221 at 40 ("eBay lobbied the Government in support of the appeal that executives and eBay not be criminally charged where eBay admits, based on the evidence revealed during the internal and external investigations, the government could charge Defendants eBay [sic]."), 26 ("eBay admitted in its

4

lobby to the USAO that they 'uncovered new information about Baugh's unsuitability as a manager.'").  But the presentation itself, which, it bears repeating, Plaintiffs themselves previously submitted, makes clear that these characterizations are, at best, misleading.  *See* ECF 117-1 at R13 ("[W]e did not find evidence that [Wenig] directed or knew that criminal acts would occur."), R25 ("eBay reviewed Baugh's hiring/personnel file" and additional documents and discovered "no red flags").  Plaintiffs may not base their complaint on (mischaracterized) documents and then insist that the Court ignore the documents' content when evaluating the sufficiency of the complaint.  The rule of completeness does not allow it. Fed. R. Evid. 106.

Estoppel and reliance aside, the Court may consider the transcript of Baugh's sentencing hearing and the affidavit submitted in support of Baugh's arrest warrant, both of which are judicial records. *Cf.* ECF 197 at 2–3 & n.2. Plaintiffs' request that the Court disregard Baugh's sentencing hearing is remarkable. Plaintiffs are asking the Court to ignore not only what the government said at the hearing (that no one at eBay told Jim Baugh to harass Plaintiffs), but also what they themselves conceded (that Baugh's conduct was "bizarre"). *Cf. id.* at 2. All the while, Plaintiffs themselves continue to rely heavily on other cherry-picked aspects of the criminal cases against Baugh and other defendants.  *See* ECF 221 at 15, 33, 50.  Plaintiffs' request has no merit. Not only is hearing transcript a public record, but ***Plaintiffs*** themselves "request[ed] permission to submit the transcript[]." ECF 146 at 1.

In short, Plaintiffs' motion to strike is nothing more than procedurally improper, legally baseless gamesmanship designed to hide the fact that their claims against Devin Wenig are untrue.

## CONCLUSION

Plaintiffs' motion to strike should be denied.

Dated: June 26, 2023                                        Respectfully submitted,

                                                                 /s/ *Abbe David Lowell*

5

Abbe David Lowell (*pro hac vice*)
Andrew E. Tauber (*pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
adlowell@winston.com
atauber@winston.com
(202) 282-5000

/s/ *Martin G. Weinberg*
Martin G. Weinberg, Esq.
Martin G. Weinberg PC
20 Park Plaza
Suite 1000
Boston, MA 02116
owlmgw@att.net
(617) 227-3700

*Counsel for Devin Wenig*

**CERTIFICATE OF SERVICE**

I certify that on June 26, 2023, this brief was served on all participating counsel via the CM/ECF system and on pro se defendant Stephanie Stockwell via email at stockwellstephanie21@gmail.com.

Dated: June 26, 2023                                                            By: */s/ Andrew Tauber*