UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO.: 1:21-CV-11181-DPW |

**DEFENDANT PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE INFORMATION FROM MOTION TO DISMISS**

    Defendant Progressive F.O.R.C.E. Concepts, LLC ("PFC") hereby opposed plaintiff's motion to strike references to the Exhibits of plaintiffs' first complaint in its motion to dismiss the amended complaint.

    Plaintiffs rely on *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003) for the proposition that an amended complaint supersedes the original complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader. However, this is an incredibly limited reading. *Intergen* also states that "is not to say that statements made in a superseded complaint are null and void for all purposes. Under certain circumstances, such statements may be party admissions, usable as such despite subsequent amendment of the complaint. *See, e.g., Wiseman v. Reposa,* 463 F.2d 226, 227 (1st Cir.1972); *Raulie v. United States,* 400 F.2d 487, 526 (10th Cir.1968)."

PFC is not attempting to bind plaintiffs to allegations in their initial complaint. Rather, PFC asks the Court to take notice of numerous evidentiary exhibits plaintiff acknowledged, and initially incorporated, in their initial complaint. In their motion, plaintiffs do not allege that any of the prior exhibits were not accurate, factual, or true; instead, plaintiff simply no longer wishes the Court to be aware of this evidence (much of which indicates that PFC had no role in nor knowledge of the complained of bad acts).

Presumably plaintiffs, having realized that many of the exhibits which they incorporated into their initial complaint undercut their claims against PFC (as demonstrated in PFC's motion to dismiss the first complaint), did not incorporate or reference those exhibits in their amended complaint, in an attempt to defeat the anticipated renewed motion to dismiss with artful pleading.

Exhibits attached to the Complaint are" also "properly considered part of the pleading 'for all purposes,' including Rule 12(b)(6)." *Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008);  Fed. R. Civ. P. 10(c). Furthermore, the exhibits to the original complaint (A: sworn affidavit of FBI agent investigating this matter in the criminal proceedings, B: Indictment of Baugh, C: Information of Gilbert, Popp. Stockwell, and Zea, D: Baugh's Criminal Docket, and E: Plea of Popp[1]) are documents of which this Court is capable of taking judicial notice. The Court is entitled to take judicial notice of all related proceedings and records in cases before the same court. F.R.Evid. 201(b); *MacMillan Bloedel Ltd. v. Flintkote,* 760 F.2d 580 (5th Cir.1985). *Doustout v. G.D. Searle & Co.*, 684 F. Supp. 16, 17 (D. Me. 1988).

In essence, plaintiffs initially incorporated into their complaint and presented to this Court evidence detrimental to their claims against PFC, but potentially helpful to their claims against other defendants. Having reviewed PFC's original motion to dismiss, plaintiff's now attempt to

---

[1] PFC does not reference Exhibit F.

artfully plead simultaneous claims against PFC and the other co-defendants which are potentially mutually exclusive.

WHEREFORE, PFC requests that the Court DENY plaintiffs' motion.

Respectfully submitted,
PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC,
By Its Attorneys,

*/s/ Tory A. Weigand*
Tory A. Weigand, BBO #548553
tweigand@morrisonmahoney.com
Matthew J. Holmes, BBO #675994
mholmes@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:  617-439-7500

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 26, 2023.

*/s/ Tory A. Weigand*

Tory A. Weigand

102860512