**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EBAY INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:21-cv-11181-PBS |

**DEFENDANT STEVE WYMER'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

I.  **INTRODUCTION**

Wymer's Motion to Dismiss ("Wymer's Motion") and accompanying Memorandum of Law ("Wymer's Memorandum") establish that the claims against him must be dismissed.  In addition to opposing Wymer's Motion, Plaintiffs responded with a Motion to Strike ("Motion to Strike") pursuant to Federal Rule of Civil Procedure 12(f), which seeks to excise certain sentences from Wymer's Memorandum and strike its two exhibits.  For the reasons set forth below, Plaintiffs' requests are not only procedurally improper but also substantively meritless.

To begin, Plaintiffs' Motion to Strike is procedurally flawed.  Rule 12(f) allows courts to strike only material that is filed with a "pleading," which is a term that does not encompass striking motions, exhibits, or declarations.  *See, e.g.*, *McGrath v. Town of Sandwich*, 169 F. Supp. 3d 251, 260 (D. Mass. 2015).

Plaintiffs' Motion to Strike also fails on the merits because the Court may appropriately consider the challenged arguments and exhibits Wymer submitted.  First, Plaintiffs contend that certain sentences in Wymer's Memorandum fall outside the scope of Plaintiffs' First Amended Complaint ("FAC").  But the challenged sentences *describe the FAC* and other information properly before the Court.  Second, Plaintiffs seek to strike a press release announcing the start of Wymer's employment with eBay.  But Plaintiffs' *own cases* show that press releases may be used on motions to dismiss for the timing of a party's employment.  Finally, Plaintiffs seek to strike a hearing transcript from related criminal proceedings that Plaintiffs themselves rely upon for numerous allegations in the FAC.  But court papers from those proceedings are incorporated into the FAC and may be considered on Wymer's Motion.  Additionally, the hearing transcript may be judicially noticed to establish the fact that Defendant Baugh—Plaintiffs' source for certain allegations—has taken conflicting positions on issues referenced in the FAC.

Although the challenged exhibits and statements are appropriate and pertinent to Wymer's Motion, they are not central to any legal argument for dismissal. Both exhibits are discussed only in the background section of Wymer's Memorandum. The challenged statements appear only in the introduction and background, not in Wymer's legal argument. With or without reference to these exhibits and statements, Wymer's Motion should be granted for the reasons stated in Wymer's Memorandum.

## II. BACKGROUND

On April 21, 2023, Wymer moved to dismiss all claims asserted against him in Plaintiffs' FAC. ECF No. 198. In support, Wymer filed a memorandum of law (ECF No. 199), an attorney declaration (ECF No. 200), and two exhibits. Exhibit A was a press release announcing Wymer's employment at eBay. ECF No. 200-1 ("Ex. A"). Exhibit B was the transcript of Defendant Baugh's sentencing hearing. ECF No. 200-2 ("Ex. B"). Plaintiffs filed a 94-page opposition to Defendants' motions to dismiss. ECF No. 221.

Plaintiffs also filed a separate Motion to Strike. ECF No. 222. Plaintiffs' Motion to Strike seeks to strike exhibits filed with Wymer's Motion, the accompanying attorney declaration, and several sentences from Wymer's Memorandum. *See* Motion to Strike at 3-6. Two of those sentences describe Plaintiffs' allegations and legal theories, as set forth in the FAC; one describes the case's procedural history; one describes the Exhibit A press release. *Id*. at 3-4.

## III. ARGUMENT

Motions to strike are "disfavored," and granting one is considered a "drastic remedy." *Manning v. Bos. Med. Ctr. Corp*., 725 F.3d 34, 59 (1st Cir. 2013) (internal citation and quotation marks omitted). Plaintiffs are not entitled to this remedy. Not only is Plaintiffs' Motion to Strike procedurally improper, but it seeks to strike material that the Court may properly consider

in evaluating Wymer's Motion.

### A. Plaintiffs' Motion to Strike Should be Denied as Procedurally Improper

As an initial matter, Plaintiffs' Motion to Strike is procedurally improper because it targets material that is not subject to a Rule 12(f) motion. Rule 12(f) states that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a) defines "pleading" as a complaint, an answer, a reply to an answer, a counterclaim, or a crossclaim. Fed. R. Civ. P. 7(a). It does not reference motions.

Courts in the First Circuit—and elsewhere—agree that motions, memoranda, and exhibits are not "pleadings" under Rule 12(f), and thus are not subject to motions to strike. *See, e.g.*, *Pilgrim v. Trs. Of Tufts Coll.*, 118 F.3d 864, 868 (1st Cir. 1997) ("Rule 12(f) applies only to pleadings and has no applicability to motions[.]"); *McGrath*, 169 F. Supp. 3d at 260 (denying motion to strike exhibit because "pleading" under Rule 12(f) "does not encompass motions, memoranda or exhibits to memoranda"); *Judson v. Midland Credit Mgmt., Inc.*, 2014 WL 4965944, at *3 (D. Mass. Oct. 1, 2014) (declining to strike brief because "[t]he First Circuit has repeatedly held that memoranda and motions are not considered pleadings").[1]

Plaintiffs' Motion to Strike contravenes this authority. Because Wymer's Motion is not a "pleading" for purposes of Rule 12(f), neither Wymer's Motion nor any of its supporting papers

---

[1] Courts have reached the same conclusion in other jurisdictions. *See, e.g.*, *Muir v. Applied Integrated Techs., Inc.*, 2013 WL 6200178, at *4 (D. Md. Nov. 26, 2013) (denying Rule 12(f) motion because it was directed at a summary judgment affidavit, which is not a pleading); *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1344 (N.D. Ga. 2013) (explaining that Rule 12(f) does not permit striking "briefs or supporting exhibits"); *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011) (denying motion to strike documents attached to motion to dismiss because "[a] motion to dismiss is not a pleading").

is subject to a motion to strike.  *See McGrath*, 169 F. Supp. 3d at 260; *Judson*, 2014 WL 4965944, at *3.

But even if Plaintiffs could show that Wymer's Motion is a proper target for a Rule 12(f) motion to strike, Plaintiffs' Motion to Strike would still fail because Plaintiffs have not shown that the material they seek to strike is "redundant, immaterial, impertinent, or scandalous[.]" Fed. R. Civ. P. 12(f).  Nor have they shown that they would be prejudiced by leaving the material on the docket, as they were required to do.  *See Williams v. City of Brockton*, 2015 WL 13849398, at *3 (D. Mass. Nov. 13, 2015) (explaining that "'Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party'") (citation omitted).

For these reasons alone, Plaintiffs' Motion to Strike must be denied.

### B. The Material Plaintiffs Seek to Strike Is Properly Before the Court

In any event, the information Plaintiffs challenge may be considered in evaluating Wymer's Motion.  In the First Circuit, courts "consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice."  *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15-16 (1st Cir. 2003).  Wymer's Motion is tailored to these issues. Plaintiffs' attempt to excise relevant and appropriate information should be rejected.

#### 1. The Challenged Portions of Wymer's Memorandum Are Appropriate and Not Extraneous

Plaintiffs' attempt to strike sentences from Wymer's Memorandum is improper because the challenged sentences reference issues the Court may consider in evaluating Wymer's Motion. Plaintiffs' bare assertion that the sentences introduce "extraneous" facts mischaracterizes Wymer's Memorandum.  To the extent the sentences reference anything outside the FAC's four corners, they reference only "matters of public record" properly before the Court.  *In re Colonial*, 324 F.3d at 15-16.

4

The first sentence Plaintiffs seek to strike argues—correctly—that the "FAC relies largely on a handful of animated and off-the-cuff messages from Wymer, stacking inference upon inference on them to [attempt to] state a claim against him." Motion to Strike at 3 (quoting Wymer's Memorandum at 2). Another states: "none of the messages alleged in the FAC reflect that Wymer was even aware of the Charged Defendants' bad acts until they were brought to his attention during an investigation in late August 2019." *Id*. at 4 (quoting Wymer's Memorandum at 4-5). Neither sentence introduces anything extraneous to the FAC. On their face, these sentences *describe the FAC* and reference Plaintiffs' own allegations and legal theories. The first simply observes that Plaintiffs' claims against Wymer rely heavily on a few text messages quoted in the FAC and inferences Plaintiffs seek to draw from them. *See, e.g.*, FAC ¶¶ 61, 82, 86, 126 (quoting texts); *id.* ¶¶ 85, 126 (characterizing texts as "orders"). The second observes that those text messages contain no language indicating that Wymer knew about Baugh's bad acts at the time. *See, e.g.*, FAC ¶¶ 61, 82, 86, 126 (quoting texts without any language referencing or endorsing criminal activity). These descriptions highlight what the FAC is missing—namely, a plausible allegation that Wymer knew about or participated in Baugh's bad acts—which is entirely appropriate in a motion that tests the FAC's sufficiency.[2]

The third sentence Plaintiffs seek to strike describes this case's procedural history: "Wymer's original motion to dismiss … explained that he did not participate in the alleged wrongdoing, did not have knowledge of it, and did not assist it." Motion to Strike at 3 (quoting Wymer's Memorandum at 3). That history is relevant because it goes to whether Plaintiffs should receive leave to file a *third* complaint if Wymer's Motion is granted. *See Palmer v.*

---

[2] Notably, although Wymer included sentences nearly identical to these in his initial Motion to Dismiss, Plaintiffs neither objected to those sentences nor sought to strike them under Rule 12(f).


*Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006) (request for leave to amend "requires the court to examine the totality of the circumstances and to exercise its informed discretion").

The final sentence Plaintiffs seek to strike identifies Wymer's start date with eBay: "Wymer had a very successful career leading communications and policy at several well-known companies before joining eBay in February 2019, and before then he served as a senior advisor in the U.S. Senate and led communications on behalf of three U.S. Senators."  Motion to Strike at 3 (quoting Wymer's Memorandum at 2).  The sentence relies on a press release for which Wymer requests judicial notice.  *See* Wymer's Memorandum at 2.  Because the press release is judicially noticeable to show Wymer's start date, *see* Section III.B(2), the sentence referencing it is also proper.  *In re Colonial*, 324 F.3d at 15.  The passing reference to Wymer's pre-eBay employment is offered only for background and context.  It plays no role in any legal argument.

### 2. The Court May Judicially Notice the Press Release

The Court may take judicial notice of Wymer's Exhibit A—a press release announcing the start of Wymer's employment with eBay—to establish the timing of Wymer's employment.  Courts have taken judicial notice of press releases for a range of purposes.  *See, e.g.*, *United States ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 208 (1st Cir. 2016).

As relevant here, Plaintiffs' *own cases* show that press releases announcing employment decisions may be judicially noticed to establish the timing of a party's employment.  Motion to Strike at 4.  In *Madison v. Cruz*, which Plaintiffs cite, a court took judicial notice of a press release to establish the date when the defendant resigned.  393 F. Supp. 3d 135, 137 n.2 (D. Mass. 2019).  In *Amadi v. Barnes*, which Plaintiffs also cite, a court judicially noticed a press release showing that a defendant took her position after the events giving rise to the plaintiff's claim.  2018 WL 1566818, at *8 (M.D. Tenn. Mar. 29, 2018), *report and recommendation adopted*, 2018 WL 2118293 (M.D. Tenn. May 8, 2018).

Here, Plaintiffs do not dispute the accuracy or authenticity of Exhibit A. Like the press releases in *Madison* and *Amadi*, Exhibit A may be judicially noticed to show that Wymer did not join eBay until February 2019, after eBay hired Baugh. FAC ¶ 302. This timing is relevant because the FAC alleges that unspecified "executives" hired Baugh knowing that he had worked in covert operations and was a danger to others. *Id*. ¶¶ 303, 305. Whatever their application to other Defendants, these allegations cannot apply to Wymer, who had no role in Baugh's hiring.

Plaintiffs do not address this permissible use of the press release but simply assert that Wymer uses it for some other purpose. Contrary to Plaintiffs' assertion, Wymer's Motion does not invoke the press release to "bolster his credibility." Motion to Strike at 4-5. Wymer does not rely on his credibility to support any argument for dismissal.

### 3. The Court May Judicially Notice Baugh's Sentencing Transcript

The Court may also consider Wymer's Exhibit B, which is a transcript from Defendant Baugh's sentencing hearing, for two reasons: the FAC incorporates material from Wymer's sentencing proceeding, and the transcript is a public record susceptible to judicial notice.

*First*, Plaintiffs' express and admitted reliance on Baugh's sentencing materials in bringing the FAC opens the door to considering the sentencing transcript on Wymer's Motion. As discussed, courts may consider "matters fairly incorporated within [a complaint]" when deciding a motion to dismiss. *In re Colonial*, 324 F.3d at 15. A plaintiff may not shield incorporated documents from review merely by omitting references to them in the complaint. Rather, courts may review "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

Plaintiffs knew about Baugh's sentencing documents when they filed the FAC. During the first round of motions to dismiss, Plaintiffs filed Baugh's sentencing memorandum and letter of contrition with this Court. *See* ECF No. 146-1 (sentencing memorandum); ECF No. 146-2

7

(letter).  Plaintiffs also told the Court they would file Baugh's sentencing hearing transcript—the ***very document*** Plaintiffs now seek to strike—although they have yet to actually do so.  *See* ECF 146 at 1 (stating that Plaintiffs would "submit the transcripts of the sentencing hearings … once they are completed").  After filing Baugh's sentencing documents to oppose Defendants' initial motions to dismiss, Plaintiffs relied on those same documents to bring the operative FAC.  Indeed, a side-by-side comparison reveals that some of the FAC's allegations about Wymer come directly from Baugh's sentencing memorandum.  *Compare* FAC ¶¶ 75, 111, 220-21 *with* ECF No. 146-1 at 13, 19.

Plaintiffs' reliance on Baugh's sentencing documents permits the Court to consider the entire record of Baugh's sentencing proceeding, including the transcript of Baugh's sentencing hearing.  Considering the transcript grants the Court access to all the criminal case materials that Plaintiffs relied upon, not just a subset of Plaintiffs' own selection.  *Cf. Iliescu v. Schleining*, 2019 WL 5684173, at *1 n.1 (D. Nev. Nov. 1, 2019) (judicially noticing court papers "because it would be unjust to allow plaintiffs to cherry pick which of the state court filings the court should take judicial notice of").

*Second*, the Court can also consider the hearing transcript by taking judicial notice of this document as an official court record.  "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).  Courts routinely take judicial notice of hearing transcripts to establish what occurred during court proceedings.  *See, e.g.*, *Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc.*, 322 F.R.D. 151, 154-55 (D. Mass. 2017) ("[C]ourts have … take[n] judicial notice of events that occurred during hearings in open court."); *LoCicero v. Leslie*, 948 F. Supp. 10, 12-13 (D. Mass. 1996) ("This Court may take

judicial notice of the transcript as a public record and may rely on that record in determining these motions to dismiss under rule 12(b)(6)."); *McCourt v. TAP Pharm. Prods.*, 2008 U.S. Dist. LEXIS 40400, at *11 (D. Mass. May 20, 2008) (denying motion to strike documents publicly available on the criminal case docket).

The transcript shows that Baugh made statements that contradict his other filings in the criminal case. The FAC relies on one of those earlier filings: Baugh's sentencing memorandum. But Baugh walked back the memorandum during the hearing—stating, for instance, "I was one hundred percent responsible for everything that happened[.]" Ex. B at 37:11-12 . The Court need not accept the truth of any statement to note this inconsistency. The inconsistency is not central to Wymer's Motion, and Wymer does not rely upon it to support any argument for dismissal. But it is relevant context. *See Hatcher v. Shelton*, 2008 WL 4107761, at *1 (E.D. Tenn. Aug. 29, 2008) (judicially noticing criminal docket on a motion to dismiss to provide context for plaintiff's allegations).

Plaintiffs highlight that Wymer previously objected to Plaintiffs' use of Baugh's memorandum but fail to provide the necessary context. Wymer objected to Plaintiffs using the sentencing memorandum to establish the truth of Baugh's statements for their opposition to Wymer's first Motion to Dismiss. ECF No. 155 at 4. But the Court may consider the hearing transcript for the purposes described above without accepting the truth of any statement.

        **4.**     **The Court May Properly Consider Wymer's Attorney Declaration**

Plaintiffs' request to strike the attorney declaration filed with Wymer's Motion should also be rejected. That declaration "merely identifies and authenticates its attachments"— Exhibits A and B, discussed above—both of which are susceptible to judicial notice. *Wilson v. Bodnar*, 2010 WL 3730199, at *12 n.9 (D. Me. Sept. 14, 2010), *report and recommendation adopted in part*, 750 F. Supp. 2d 186 (D. Me. 2010) (overruling objection to attorney declaration

9

filed with motion to dismiss).  Beyond authenticating those exhibits, the declaration adds nothing of substance to Wymer's Motion and is properly before the Court.  *Id.*

## IV. CONCLUSION

For these reasons, Wymer respectfully requests that the Court deny Plaintiffs' Motion to Strike as it applies to Wymer.

    Respectfully submitted,

    STEVE WYMER,

    By his Attorneys,

    **/s/ *Caz Hashemi***
    Caz Hashemi, Esq. (*pro hac vice*)
    WILSON SONSINI GOODRICH & ROSATI P.C.
    650 Page Mill Road
    Palo Alto, CA 94304
    (650) 493-9300
    chashemi@wsgr.com

    Michael J. Pineault, Esq. Mass. Bar. No. 555314
    ANDERSON & KREIGER LLP
    50 Milk Street, 21st Floor
    Boston, MA 02109
    (617) 621-6578
    mpineault@andersonkreiger.com

Dated: June 26, 2023

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 26, 2023                              s/ *Michael J. Pineault*
                                                    Michael J. Pineault