**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:21-cv-11181-PBS

## <u>DEFENDANT WENDY JONES'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE</u>

Plaintiffs move the Court under Federal Rule of Civil Procedure 12(f) to strike certain statements from the briefs filed by Wendy Jones and several other Defendants in support of their motions to dismiss.  Because Rule 12(f) applies only to pleadings, not motions to dismiss, Plaintiffs' motion is procedurally improper.  The Court need look no further to deny Plaintiffs' motion.

Plaintiffs' motion also fails as to Ms. Jones because it seeks to strike statements that are entirely proper in a motion to dismiss.  Most of the challenged statements in Ms. Jones's brief are recitations of, or arguments about, ***Plaintiffs' own allegations***.  The remainder involve judicially noticeable facts.  Plaintiffs may prefer that Ms. Jones and the Court refrain from parsing their allegations closely, pointing out what they do and do not say.  But that is the purpose of a motion to dismiss.  Plaintiffs' motion should be denied.

## **LEGAL STANDARDS**

"[M]otions to strike under Rule 12(f) apply only to pleadings."   *Barrow v. Barrow*, Civ. Action No. 16-11493-FDS, 2016 WL 6996996, at *4 (D. Mass. Nov. 29, 2016).  Because "a motion to dismiss is not a pleading," a motion to strike is an improper vehicle for objecting to statements in a motion to dismiss.  *Id.*

Courts disfavor motions to strike because they are "a drastic remedy and . . . [are] often sought by the movant simply as a dilatory or harassing tactic."  *Manning v. Bos. Med. Ctr. Corp.,* 725 F.3d 34, 59 (1st Cir. 2013).  "[W]hile ruling on a motion to strike is committed to the district court's sound judgment, 'such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion.'" *Id.* (quoting *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985)).

## **ARGUMENT**

## I.   **PLAINTIFFS' MOTION TO STRIKE IS IMPROPER UNDER RULE 12(F)**

Plaintiffs' motion to strike should be denied as procedurally improper under Rule 12(f). Rule 12(f) states that "[t]he court may strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). (emphasis added).  The Federal Rules of Civil Procedure define "pleading" narrowly, to include only: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).

As courts in this district have made clear, "motions to strike under Rule 12(f) apply only to pleadings, and a motion to dismiss is not a pleading." *Barrow*, 2016 WL 6996996, at *4; *see*

*also Autila v. Mass. Bay Transp. Auth.*, 342 F.R.D. 23, 29 (D. Mass. 2022) (citing *Pilgrim v. Trustees of Tufts Coll.*, 118 F.3d 864, 868 (1st Cir. 1997)) ("'Rule 12(f) applies only to pleadings' as opposed to, for example, motions made in pursuit of, or in opposition to, summary judgment."); Fed. R. Civ. P. 7(a).  Plaintiffs' motion to strike should therefore be denied because it is not cognizable under Rule 12(f).

## II.   THE STATEMENTS PLAINTIFFS MOVE TO STRIKE FROM MS. JONES'S BRIEF CAN BE CONSIDERED ON A MOTION TO DISMISS

Even assuming Plaintiffs' Motion was procedurally proper, the statements Plaintiffs move to strike are not the kinds of "scandalous, redundant, immaterial, or impertinent" material that can be struck under Rule 12(f).  *See Bauersachs v. Gaziano*, Civ. Action No. 21-cv-11866-ADB, 2022 WL 4111911, at *2 n.3 (D. Mass. Sept. 8, 2022).  A motion to strike is an extreme remedy that is "disfavored in practice" and should only be considered if the moving party is able to establish that they would be prejudiced if the motion was not granted.  *Lu v. Baker*, No. 15-10615-PBS, 2016 WL 951075, at *2 (D. Mass. Mar. 9, 2016) (Saris, J.) (quoting *Boreri*, 763 F.2d at 23) (denying Rule 12(f) motion to strike where plaintiff was unable to establish prejudice); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2023) ("[F]ederal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike . . .  are not favored, often being considered purely cosmetic or 'time wasters,' there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.") (citations omitted).

Here, the statements Plaintiffs move to strike from Ms. Jones's brief are largely legal arguments, recitations of allegations made in the Amended Complaint, or references to judicially

noticeable facts.  These statements are neither prejudicial nor "redundant, immaterial, impertinent, or scandalous."  *See* Fed. R. Civ. P. 12(f).

Indeed, Plaintiffs appear to misunderstand the material the Court may consider on a motion to dismiss.  When ruling on a motion under Rule 12(b)(6), courts may consider all legal arguments, facts alleged in the complaint, documents or statements that are "central to plaintiffs' claims" or "sufficiently referred to in the complaint," and all facts that are judicially noticeable.  *Emerson v. Genocea Biosciences, Inc.*, 353 F. Supp. 3d 28, 37 (D. Mass. 2018) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).  The five statements Plaintiffs move to strike from Ms. Jones's motion to dismiss fall within those categories.

For example, Plaintiffs move to strike the information that Ms. Jones was a senior executive at eBay and that eBay is a company valued at $48 billion.  These facts are expressly alleged in the Amended Complaint and thus clearly can be considered by the Court. *See* ECF 176, Am. Compl. ¶ 26 ("In 2022, eBay, ranked 301 in the *Fortune 500* with a market value of over $48 billion and over 13,000 employees worldwide."); *id.* ¶ 30 ("Defendant Wendy Jones [was] former Senior Vice President of Global Operations.").  In addition to being alleged in the Amended Complaint, this sort of information is judicially noticeable, as it is referenced in numerous press releases, including one reported on by Plaintiffs.[1] *See Getty Petroleum Mktg., Inc. v. Cap. Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004); *see also Madison v. Cruz*, 393 F. Supp. 3d 135, 137, 137 n.2 (D. Mass. 2019) (taking judicial notice of a key employment date because "[t]here are several press releases, of which the accuracy cannot be reasonably questioned, indicating that [the defendant] resigned in April 2015").  Similarly, Plaintiffs inexplicably move to strike the

---

[1] On October 11, 2016, Plaintiff Ina Steiner published an article on Plaintiffs' EcommerceBytes' website announcing that Ms. Jones had been promoted to Senior Vice President of Global Operations.  Ina Steiner, *Wendy Jones to Head eBay Global Customer Service Operations*, EcommerceBytes (Oct. 11, 2016), https://www.ecommercebytes.com/2016/10/11/wendy-jones-head-ebay-global-customer-service-operations/.

statement that Ms. Jones was on sabbatical in 2019, even though they themselves allege that in August 2019, "Defendant Jones was on sabbatical." Am. Compl. ¶ 83.

The remaining three statements Plaintiffs move to strike are simply arguments about the insufficiency of allegations made in the Amended Complaint.  In the contested statements, Ms. Jones argues that Plaintiffs have failed to allege facts sufficient to establish that Ms. Jones either was aware of or participated in the shameful conduct led by Jim Baugh.  For example, one of the contested statements argues that although Plaintiffs allege that Ms. Jones listened to a recording of a phone call between a security team member and a "subject associated with Fidomaster." But Plaintiffs fail to plead facts sufficient to show that Fidomaster was in any way connected with the Steiners or that Ms. Jones believed that Fidomaster was associated with the Steiners.  *See* Am. Compl. ¶ 81.  In other words, they allege that Ms. Jones endorsed a phone call to a third party having no apparent connection to the Plaintiffs, which cannot possibly state a claim by Plaintiffs against Ms. Jones.  Such an argument—pointing out what, exactly, a complaint alleges and what it does not—is the very essence of a 12(b)(6) motion to dismiss for failure to state a claim.  As such, it should not be stricken from Ms. Jones's motion.

Further, Plaintiffs object to references to Defendant Baugh's sentencing memorandum, even though Plaintiffs themselves rely on the document throughout their Amended Complaint. *See United States v. Baugh*, Case No. 20-cr-10263-PBS, ECF No. 227 at 19 (D. Mass. Sept. 27, 2022).  Ms. Jones was mentioned only one time in Plaintiffs' original complaint in this case.  It was only after Defendant Baugh filed his sentencing memorandum that Plaintiffs brought claims against Ms. Jones, and they borrow directly from the memorandum, sometimes quoting it verbatim.  *Compare, e.g.*, Baugh Sentencing Memo at 12 *with* Am. Compl. ¶ 64.  In doing so, Plaintiffs rendered the memorandum fair game for Defendants to reference in their motions.  *See,*

*e.g.*, *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002).  In the end, however, it is enough to dismiss Plaintiffs' Amended Complaint that Plaintiffs fail to make sufficient allegations, based on Baugh's sentencing memorandum or otherwise, to plausibly state a claim against Ms. Jones.

## **CONCLUSION**

For the foregoing reasons, Ms. Jones respectfully requests that the Court deny Plaintiffs' Motion to Strike.

Dated: June 26, 2023                          Respectfully submitted,

                                              */s/ Andrew J. O'Connor*
                                              Brien T. O'Connor (BBO# 546767)
                                              Andrew J. O'Connor (BBO# 672960)
                                              Ropes & Gray LLP
                                              800 Boylston Street
                                              Boston, MA 02199-3600
                                              Tel: (617) 951-7000
                                              brien.oconnor@ropesgray.com
                                              andrew.oconnor@ropesgray.com

                                              *Counsel for Wendy Jones*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 26, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: June 26, 2023

                                 */s/ Andrew J. O'Connor*
                                 Andrew J. O'Connor