UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>EBAY INC., ET AL.,<br><br>    Defendants. | CIVIL ACTION NO.: 1:21-CV-11181-DPW |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**
**FIRST AMENDED COMPLAINT BY DEFENDANT BRIAN GILBERT**

Pursuant to the Court's order granting leave, *see* ECF No. 227, Defendant Brian Gilbert submits this reply brief in support of his motion to dismiss Plaintiffs' First Amended Complaint ("FAC"), *see* ECF Nos. 193 & 194.

## I. PLAINTIFFS MISCONSTRUE THE APPLICABLE LEGAL STANDARD

Plaintiffs' 95-page consolidated opposition brief, ECF No. 221 ("Opp."), suffers from the same fundamental flaw as their 123-page FAC. Despite its length, the brief mostly fails to distinguish between the numerous defendants that have been sued in this case, and instead lumps all defendants together, or addresses them in various groupings, on the incorrect supposition that causes of action can be pled against an individual defendant simply if he is mentioned in passing. This is improper, as the case law cited in Plaintiffs' own brief clearly holds. *Fine v. Guardian Life Inc. Co. of Am.*, No. 19-CV-30067-KAR, 2021 WL 916270, at *3 (D. Mass. Mar. 10, 2021) (holding that allegations specific to each individual defendant must be "isolated and analyzed separately" to determine if a cause of action against that individual has been adequately pleaded (citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009); *Rivera-Torres v. Ruiz-Vale*, No. 13-1684, 2016 WL 3962904, at *2 (D.P.R. July 21, 2016))).

Plaintiffs argue in their opposition brief that they have alleged "specific actions by each defendant" and thus satisfied their pleading burden. Opp. at 17-19. But neither the FAC nor the opposition brief actually does so—to the contrary, both documents repeatedly and improperly lump Gilbert and many of the other defendants together, either in different groups or in a 13-person collective. *See, e.g.*, FAC ¶ 8 (alleging collective action by "the Defendants who remained in California, including but not limited to Defendants Popp, Stockwell, Cooke and Gilbert"); *see also* FAC ¶¶ 15, 41, 71, 76, 96, 100, 104-105, 126, 133, 144, 159, 195, 199, 208, 210-211; Opp. at 69 (arguing that Plaintiffs stated a plausible claim against Gilbert under the

1

Massachusetts Civil Rights Act because he was one of a group of defendants alleged in conclusory fashion to have collectively approved offending messages). The opposition brief makes no effort to detail how any of the individual claims asserted against Gilbert are adequately established by specific allegations against him, nor could it, because the underlying FAC fails to meet this basic pleading requirement.

## II. PLAINTIFFS MISCONSTRUE GILBERT'S MOTION TO DISMISS

To the extent the opposition brief specifically addresses Gilbert at all, it mischaracterizes his motion. The opposition brief suggests that Gilbert "moves to dismiss all counts of the FAC except the Intentional Infliction of Emotional Distress Claim." Opp. at 15. This is simply wrong.

Gilbert's motion attacks "seven of the ten claims brought against him." ECF No. 193 at 1. "Gilbert does not challenge the adequacy of Plaintiff's pleading with respect to Count One (intentional infliction of emotional distress), Count Eleven (trespass), or Count Thirteen (civil conspiracy)." ECF 194 at 6.

## III. PLAINTIFFS FAIL TO DEFEND THE CHALLENGED CLAIMS

Regarding the seven claims actually challenged by Gilbert's motion, the opposition brief largely fails to address or rebut the arguments and authorities presented in Gilbert's motion.

### A. Stalking (Count Two)

Gilbert provided four independent reasons why Plaintiffs' stalking claim fails, none of which are refuted by the opposition brief. *First*, Gilbert's motion explained that a civil claim for stalking under Massachusetts law cannot lie because no such statute exists. ECF 194 at 6. Plaintiffs concede as much. ECF 221 at 55. *Second*, Gilbert explained that even if California's civil stalking statute could apply (it cannot), Plaintiffs failed to allege specific conduct *by Gilbert* that would constitute stalking under the California statute. ECF 194 at 6-7. Much like the FAC,

2

the opposition brief does little to clarify which activity *by Gilbert* supports a stalking claim against him. Indeed, in the *fourteen pages* defending the stalking claim, the opposition brief mentions Gilbert only *once*, describing a single communication he sent to several of his co-Defendants, not Plaintiffs. ECF 221 at 67. This is insufficient to state a claim against him. *Third*, Gilbert explained in his motion that California's stalking statute does not apply extraterritorially. ECF 194 at 7 (citing *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 743 (9th Cir. 2021)). Plaintiffs ignore this authority, while conceding that "the actual physical surveillance and stalking occurred in Massachusetts." ECF 221 at 57. Plaintiffs argue that "the installation of fear leading up to those acts all occurred in California," *id.*, but this is an insufficient reason to apply a California statute to stalking that is conceded to have occurred in Massachusetts. Plaintiffs' cited authority confirms as much. *See Norwest Mort., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 224-25 (1999) (granting writ of mandate, holding that due process precludes applying California's unfair competition law to non-residents where alleged misconduct occurred outside California, and distinguishing *Diamond Multimedia Systems v. Superior Court*, 19 Cal.4th 1036 (1999)). *Fourth*, Gilbert explained that choice of law principles require the application of Massachusetts law in any event. ECF 194 at 7, citing Restatement (Second) of Conflict of Laws § 145 (1971). Plaintiffs cannot escape this fact by performing their own strained choice of law analysis. ECF 221 at 55-58.

**B.     Negligence-Based Claims (Counts Three & Four).**

Under Massachusetts law, the existence of a legal duty is a prerequisite for claims of both negligence and negligent infliction of emotional distress. *Remy v. MacDonald*, 440 Mass. 675, 677 (2004); *Conley v. Romeri*, 60 Mass. App. Ct. 799, 801 (2004). The FAC contains a single conclusory statement that Defendants "had a duty of care not to cause harm" to Plaintiffs, but

this is insufficient under *Twombly* and *Iqbal*. ECF 194 at 8 (quoting FAC ¶ 440). The opposition brief fails to grapple with this pleading deficiency. Instead, Plaintiffs conflate the requirement of a legal duty with the concept of foreseeability. ECF 221 at 20 ("To demonstrate a duty of care, Plaintiffs must prove that harms caused were foreseeable.") The authorities cited in the opposition brief fail to establish the existence of a legal duty on the part of Gilbert, and to the contrary, only reinforce why no duty exists between people who in effect were strangers to one another. In Plaintiffs' first case, *Irwin v. Town of Ware*, 392 Mass 745 (1984), the court found a legal duty premised on the "special relationship between a police officer who negligently fails to remove an intoxicated motorist from the highway and a member of the public who suffers injury as a result of that failure." *Id.* at 762. The court based its analysis on "[t]he statutes defining the privileges and duties of the police," and the court analogized to other legal duties found in the common law. *Id.* at 759-60. Plaintiff's second case, *Bernier v. Boston Edison Co.*, 380 Mass. 372 (1980), is similar. There, the Supreme Judicial Court affirmed the trial court's conclusion that a utility company owes the public a duty to maintain reasonably safe light poles. *Id.* at 386. Plaintiffs' final authority, *Dos Santos v. Coleta*, 465 Mass. 148 (2013), is equally distinguishable. That case held that a landlord owes a duty to a tenant to remedy an open and obvious danger on the premises. *Id.* at 162. None of Plaintiffs' authorities have any bearing on whether Gilbert owed a legal duty to Plaintiffs, and the allegations in the FAC do not set forth facts establishing such a cognizable legal duty. *See* ECF 194 at 8-9 (citing cases); *see also Conley v. Romeri*, 60 Mass. App. Ct. 799, 801 (2004) (dismissing negligent infliction of emotional distress claim based on lack of legal duty); *ABC Soils, Inc. v. DRS Power Tech., Inc.*, 386 F. Supp. 3d 107, 112–13 (2019) (same).

### C.     Assault (Count Eight)

The opposition brief fails to explain how *Gilbert's actions* placed Plaintiffs "in fear of imminent bodily harm." *Commonwealth v. Gorassi*, 432 Mass. 244, 249 (2000). Instead, Plaintiffs use the tactic of lumping all thirteen Defendants together, claiming that "the actions of the Defendant[s] as a whole placed them in reasonable apprehension of immediate physical harm." ECF 221 at 51; *see also id.* at 54 (arguing that, "*in their totality*, the Defendants' attempts to break into the Steiners' home, following the Steiners, and sending threats online and through the mail" support a claim for assault (emphasis added)). This cannot support an assault claim against Gilbert individually. To survive a motion to dismiss, the FAC must allege facts *as to Gilbert* that satisfy the elements of assault. The FAC fails to do so at all, and the opposition brief's discussion of the assault claim mentions Gilbert only once, as one of four individuals who "approved . . . messages." *Id.* This is inadequate to state a claim against him. *See Commonwealth v. Delgado*, 367 Mass. 432, 437 n.3 (1975).

### D.     Massachusetts Civil Rights Act (Count Nine)

An MCRA claim cannot lie against Gilbert because Plaintiffs fail to allege any "actual or potential physical confrontation accompanied by a threat of harm," which is "an element of MCRA claims." *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 473 (1994) (emphasis added); *see id.* at 473 n.8 ("Our cases holding that [MCRA] was violated have involved actual or potential physical confrontations involving a threat of harm."). The opposition brief suggests that the requirement of an "actual or potential physical confrontation" is based merely on "an unpublished Massachusetts Superior Court decision," and suggests that whether an MCRA requires physical confrontation as an element is an "open" question. ECF 221 at 68 (citing *Freeman v. Plan. Bd. of W. Boyston*, 419 Mass. 548, 566 n.18 (1995)). But the Supreme

Judicial Court's footnote in *Freeman* does not undermine its prior observation in *Blake* that Massachusetts law has never approved an MCRA claim without an "actual or potential physical confrontation," especially given the Supreme Judicial Court's expression of concern in that case about the possibility of allowing the MRCA to become "a vast constitutional [and statutory] tort." *See Freeman*, 419 Mass. at 565 (citing *Bally v. Northeastern Univ.*, 403 Mass. 713, 718 (1989)). As other Massachusetts courts have rightly warned: "unless the [MCRA] is limited in scope to those interferences of secured rights involving an actual or potential physical confrontation accompanied by a threat of harm, it will be limited only by some judicial variant of 'I know it when I see it.'" *Buster v. Moore*, No. CIV. A. 97-637-F, 2000 WL 576363, *23 (Mass. Super. Ct. Apr. 28, 2000); *accord* ECF 194 at 11 n.1 (citing *Redgrave v. Bos. Symphony Orchestra, Inc.*, 855 F.2d 888 (1st Cir. 1988) (en banc); *Korb v. Raytheon Corp.*, 410 Mass. 581, 585 (1991)). At bottom, because no "actual or potential physical confrontation" occurred in this case, Plaintiffs' MCRA claim necessarily fails. *Blake*, 417 Mass. at 473.

### E. Defamation (Count Ten)

The opposition brief defends Plaintiffs' defamation claim against Gilbert by cobbling together isolated paragraphs from the FAC and arguing that "[t]he reasonable inference" from these scattered allegations "is that Defendant Gilbert carried out his plan to defame the Steiners during this meeting [with the Natick Police], and provide the fake Persons of Interest file." ECF 221 at 72. The flaw in Plaintiffs' argument is that these allegations are nowhere to be found in the FAC, let alone in the allegations in support of Plaintiffs' defamation claim. *See, e.g.*, FAC ¶¶ 499-522. Indeed, the FAC never alleges that Gilbert provided a false dossier to the police, nor does it aver that Gilbert, specifically, published any other false or defamatory statements to third parties. Accordingly, the defamation claim against him is not adequately pled.

6

F.      **False Imprisonment (Count Twelve)**

The opposition brief essentially concedes that the FAC contains inadequate allegations to show that Plaintiffs were ever "actually confined" by the actions of *any* Defendant, let alone that Gilbert himself acted with any specific intent to confine them. Instead, Plaintiffs contend that "[i]f a person is restrained by fear, that amounts to false imprisonment." ECF 221 at 76. This misstates the legal standard, as Plaintiffs' own cited cases illustrate. In *Coblyn v. Kennedy's, Inc.*, 359 Mass. 319 (1971), the Supreme Judicial Court held that the plaintiff, "an elderly man," had stated a viable false imprisonment claim where he alleged that, upon attempting to leave a store, he was prevented by a defendant employee who, wrongly suspecting the plaintiff of theft, "***firmly grasped his arm*** and told him that he had 'better go back and see the manager.'" *Id.* at 322 (emphasis added). The Court recognized that, as an alternative to "genuine restraint," a false imprisonment claim can be premised on "**any demonstration of physical power**  which, to all appearances, can be avoided only be submission." *Id.* at 321 (quoting *Jacques v. Childs Dining Hall Co.*, 244 Mass. 438, 438 (1923)) (emphasis added). Likewise, in *Sweeny v. F.W. Woolworth Co.*, 247 Mass. 277 (1924), also invoked by Plaintiffs, the Supreme Judicial Court held the plaintiff's false imprisonment claim *failed* as a matter of law where "there was no evidence" that the plaintiff, also wrongly suspected of theft, "was prevented by acts of physical force . . . from leaving the store." *Id.* at 281. In Plaintiffs' third case, *Foley v. Polaroid Corp.*, 400 Mass. 82 (1986), the Supreme Judicial Court held that the defendant employer's threat that the plaintiff would be fired if he left the room was *not* sufficient to establish a claim of false imprisonment. *Id.* at 92. But the Court explained this threat was nonetheless admissible and relevant to the question whether the employer had created a "***threat of physical confrontation***." *Id.* at 92 n.3 (emphasis added). In sum, Plaintiffs' authorities confirm that a false imprisonment claim requires

7

confinement by physical force or the threat of some physical restriction, and that a generalized "fear" is insufficient. *Cf. O'Neil v. Daimlerchrysler Corp.*, 538 F. Supp. 2d 304, 321 (D. Mass. 2008) (holding that plaintiff could not establish a false imprisonment claim where he "felt he could not leave" because he "failed to establish that he was actually confined"). The FAC fails to allege any force or threat thereof by Gilbert, so the false imprisonment claim against him fails.

In addition, Plaintiffs' false imprisonment claim also fails as to Gilbert because the FAC fails to set forth allegations to suggest that Gilbert himself possessed the requisite specific intent. ECF 194 at 15-16; *Cremaldi–Vickery v. Otis Elevator, Inc.*, 57 Mass. App. Ct. 1105, 2003 WL 168452, at *3 (Jan. 24, 2003) ("It is thus critical to a claim for false imprisonment that the confining act be done with the specific intent to confine another." (citing *Sarvis v. Boston Safe Deposit & Trust Co.*, 47 Mass. App. Ct. 86, 98 (1999)). The opposition brief, like the FAC, fails to explain how the publication of messages online or the delivery of packages reflect a specific intent *by Gilbert* to confine Plaintiffs within the fixed boundaries of their home. ECF 194 at 16.

### IV.     Conclusion

Gilbert's motion to dismiss should be granted as to each of the seven causes of action challenged in his motion: Counts Two (Stalking), Three (Negligent Infliction of Emotional Distress), Four (Negligence), Eight (Assault), Nine (Massachusetts Civil Rights Act), Ten (Defamation), and Twelve (False Imprisonment).

Dated: July 12, 2023

/s/ Mark R. Conrad
Mark R. Conrad
CONRAD | METLITZKY | KANE LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conmetkane.com

<table>
<tr><td>Dated: July 12, 2023</td><td>/s/ Douglas Brooks<br>Douglas S. Brooks (BBO No. 636697)<br>Jason M. Strojny (BBO No. 707774)<br>LIBBY HOOPES BROOKS & MULVEY<br>260 Franklin Street<br>Boston, Massachusetts 02110<br>Tel:  (617) 338-9300<br>Fax:  (617) 338-9911<br>Email: dbrooks@lhbmlegal.com<br>        jstrojny@lhbmlegal.com</td></tr>
</table>

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participants on July 12, 2023.

/s/ Jason M. Strojny
Jason M. Strojny