UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EBAY INC., et al., <br><br> Defendants. | Civil Action No. 21-CV-11181-PBS <br><br> Leave to File Granted <br> June 16, 2023 |

# REPLY IN SUPPORT OF DEFENDANT EBAY INC.'S
# PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

    I.   The Complaint Fails To State a Claim for Negligent Hiring (Count V), Negligent Retention (Count VII), or Negligent Supervision (Count VI) ............................................1

    II.  The Complaint Fails To State a Claim for Assault (Count VIII) ......................................3

    III. The Complaint Fails To State a Claim for False Imprisonment (Count XII) .....................4

    IV. The Complaint Fails To State a Claim for Stalking (Count II) .........................................5

    V.  The Complaint Fails To State a Claim for Civil Conspiracy (Count XIII) ........................7

    VI. The Complaint Fails To State a Claim for Ratification (Count XIV) ...............................8

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amalgamated Titanium Int'l Corp. v. Mennie Mach. Co.*,
    581 F. Supp. 3d 289 (D. Mass. 2022) ................................................................................... 5

*Amherst Sportswear Co. v. McManus*,
    876 F.2d 1045 (1st Cir. 1989) ............................................................................................. 7

*Boice-Perrine Co. v. Kelley*,
    137 N.E. 731 (Mass. 1923) ................................................................................................. 9

*Carroll v. Xerox Corp.*,
    294 F.3d 231 (1st Cir. 2002) ............................................................................................. 10

*Coblyn v. Kennedy's, Inc.*,
    268 N.E.2d 860 (Mass. 1971) ............................................................................................. 5

*Commonwealth v. Gordon*,
    553 N.E.2d 915 (Mass. 1990) ............................................................................................. 4

*Commonwealth v. Robicheau*,
    654 N.E.2d 1196 (Mass. 1995) ........................................................................................... 4

*Doe v. Bradshaw*,
    No. 11-11593-DPW, 2013 WL 5236110 (D. Mass. Sept. 16, 2013) ................................... 3

*Doe v. Medeiros*,
    168 F. Supp. 3d 347 (D. Mass. 2016) .............................................................................. 2, 3

*Foley v. Polaroid Corp.*,
    508 N.E.2d 72 (Mass. 1987) ............................................................................................... 5

*Ginsberg v. Blacker*,
    852 N.E.2d 679 (Mass. App. Ct. 2006) ........................................................................... 3, 4

*HDI-Gerling Am. Ins. Co. v. Navigators Ins. Co.*,
    No. 15-10338-FDS, 2015 WL 5315190 (D. Mass. Sept. 11, 2015) .................................... 6

*Inn Foods, Inc. v Equitable Co-op. Bank*,
    45 F.3d 594 (1st Cir. 1995) ................................................................................................. 8

*Jacques v. Childs Dining Hall Co.*,
    138 N.E. 843 (Mass. 1923) ................................................................................................. 5

*Johnson v. Bryson*,
    No. 5:16-cv-00453-TES-MSH, 2018 WL 11296000 (M.D. Ga. Sept. 25, 2018) ................ 8

*Johnson v. Ocwen Loan Servicing, LLC*,
   No. 17-cv-11944-ADB, 2020 WL 1063083 (D. Mass. Mar. 5, 2020) ................................... 2

*Kennedy v. Town of Billerica*,
   617 F.3d 520 (1st Cir. 2010) ............................................................................................... 3

*King's Choice Neckwear, Inc. v. FedEx Corp.*,
   No. 07-CV-0275 (DMC), 2007 WL 4554220 (D.N.J. Dec. 21, 2007) ................................ 7

*Leader v. Harvard Univ. Bd. of Overseers*,
   No. 16-10254-DJC, 2017 WL 1064160 (D. Mass. Mar. 17, 2017) ..................................... 2

*Levin v. Dalva Bros., Inc.*,
   459 F.3d 68 (1st Cir. 2006) .................................................................................................. 6

*Lucero v. Safeway, Inc.*,
   No. 20-cv-03792-MEH, 2022 WL 79860 (D. Colo. Jan. 7, 2022) ...................................... 7

*Martensen v. Koch*,
   No. 13-cv-02411-REB, 2014 WL 3057172 (D. Colo. July 7, 2014) .................................. 7

*McCann v. Wal-Mart Stores, Inc.*,
   210 F.3d 51 (1st Cir. 2000) ................................................................................................. 5

*McKenney v. N.Y.C. Off-Track Betting Corp.*,
   903 F. Supp. 619 (S.D.N.Y. 1995) ..................................................................................... 10

*Petrell v. Shaw*,
   902 N.E.2d 401 (Mass. 2009) ............................................................................................ 10

*Saldivar v. Racine*,
   818 F.3d 14 (1st Cir. 2016) ................................................................................................. 2

*Stone v. Commonwealth Coal Co.*,
   156 N.E. 737 (Mass. 1927) ................................................................................................ 10

*United States v. Medtronic, Inc.*,
   189 F. Supp. 3d 259 (D. Mass. 2016) ................................................................................. 8

*Vicarelli v. Bus. Int'l, Inc.*,
   973 F. Supp. 241 (D. Mass. 1997) ............................................................................... 1, 2, 3

**Other Authorities**

Restatement (Second) of Conflict of Laws § 146 ........................................................................ 6

**INTRODUCTION**

Plaintiffs undoubtedly have been wronged and should receive appropriate compensation. But that does not remove the requirement that, as to each claim, Plaintiffs must allege sufficient well-pleaded facts as to each element necessary to sustain relief. eBay's motion to dismiss identified fatal defects in Plaintiffs' claims for negligent hiring, retention and supervision; assault; false imprisonment; stalking; civil conspiracy; and ratification. Plaintiffs' 94-page Opposition ("Opp.") fails to answer these deficiencies. Despite its length, the Opposition simply ignores numerous arguments and thereby abandons the corresponding claims. And when Plaintiffs do attempt to address eBay's arguments, they repeatedly ignore governing legal principles (*e.g.*, stalking, civil conspiracy), cite inapposite cases (*e.g.*, assault), sidestep pertinent facts (*e.g.*, false imprisonment), and rely on irrelevant allegations (*e.g.*, ratification). Because the Opposition confirms that Plaintiffs cannot adequately plead the claims discussed below—even after receiving the opportunity to amend their complaint and incorporate the hundreds of pages of extrinsic evidence developed in the parallel criminal proceedings—the Court should dismiss those claims with prejudice.

**I.     The Complaint Fails To State a Claim for Negligent Hiring (Count V), Negligent Retention (Count VII), or Negligent Supervision (Count VI).**

eBay's opening brief ("Br.") demonstrated that Plaintiffs' negligent hiring, retention, and supervision claims must be dismissed because Plaintiffs fail to allege that eBay knew, or should have known, that the Individual Defendants "had a proclivity to commit the complained-of acts," *Vicarelli v. Bus. Int'l, Inc.*, 973 F. Supp. 241, 246 (D. Mass. 1997), *i.e.*, stalking, harassment, and threats. Br. 6–10. Plaintiffs' Opposition does not show otherwise.

At the outset, Plaintiffs completely fail to defend the sufficiency of several claims challenged by eBay. Specifically, Plaintiffs offer no response to eBay's arguments that:

- the negligent hiring claim as to Wymer must be dismissed because the Complaint offers no facts about what eBay knew or should have known when it hired Wymer;

1

- the negligent supervision claim as to Gilbert, Cooke, Popp, and Stockwell must be dismissed because the Complaint does not allege that eBay knew of any proclivity to commit the complained-of acts; and

- the negligent supervision claim must be dismissed insofar as it pertains to eBay's Board because Plaintiffs fail to allege what the Board knew or should have known.

Br. 7, 9–10. Plaintiffs' failure to address these arguments concedes them and abandons the claims as to these parties. *See, e.g.*, *Leader v. Harvard Univ. Bd. of Overseers*, 2017 WL 1064160, at *6 (D. Mass. Mar. 17, 2017) ("Leader fails to address this argument in her opposition to Harvard's motion to dismiss…. Leader's abandonment of the claim amounts to waiver of the claim."); *accord Johnson v. Ocwen Loan Servicing, LLC*, 2020 WL 1063083, at *10 (D. Mass. Mar. 5, 2020).

The responses Plaintiffs do offer to the balance of the claims fare no better. Initially, Plaintiffs attempt to duck the requirement of alleging foreseeability altogether by suggesting that foreseeability is not a valid basis for dismissal. Opp. 19. But Plaintiffs ignore the multiple cases eBay cited that dismissed negligence claims for failure to adequately allege foreseeability. *See, e.g.*, *Saldivar v. Racine*, 818 F.3d 14, 21 (1st Cir. 2016) (affirming dismissal on this basis); *Doe v. Medeiros*, 168 F. Supp. 3d 347, 354 (D. Mass. 2016); *Vicarelli*, 973. F. Supp. at 246. Plaintiffs also assert that "the extent and manner of the harms need not be foreseeable," Opp. 21 (purportedly quoting *Dos Santos v. Coleta*, 465 Mass. 148, 162 (2013)), but, even setting aside that that quotation does not appear in *Dos Santos*, that case does not involve negligent hiring, retention, or supervision claims. Plaintiffs offer no authority calling into question the rule for those claims: It must be foreseeable that "the employee might harm someone in the same general manner in which the employee is alleged to have harmed the plaintiff." *Saldivar*, 818 F.3d at 21.

Nor do Plaintiffs identify any allegations that satisfy this standard. As to Wenig, Wymer, and Jones, Plaintiffs still identify no facts that would have made it foreseeable to eBay that those defendants would, as alleged, direct a harassment campaign against Plaintiffs. Instead, Plaintiffs

try to avoid the foreseeability requirement entirely by arguing, in circular fashion, that "[h]ad eBay properly supervised these executives, [it] would have known, or should have known" of their alleged misdeeds. Opp. 25. The law requires more, however, and the absence of any factual allegation indicating that eBay knew, or should have known, that these defendants "had a proclivity to commit the complained-of acts," *Vicarelli*, 973 F. Supp. at 246, requires dismissal of these claims.

As to Baugh, Plaintiffs attempt to establish that eBay was on notice of his proclivity to engage in stalking, harassment, and threats by relying on his "prior experience as a government security professional," mistreatment of subordinates, misuse of corporate funds, and abuse of company furniture. Opp. 26. But Massachusetts case law makes clear that such disparate, disconnected acts are insufficient. Courts have repeatedly held that the fact that an employee has engaged in bad or even criminal acts is not enough to establish foreseeability because "[t]here must be a connection between the employee's criminal background and the nature of the alleged tortious conduct." *Medeiros*, 168 F. Supp. 3d at 354; *see Doe v. Bradshaw*, 2013 WL 5236110, at *12 (D. Mass. Sept. 16, 2013) (requiring that the employer be "on notice of poor character, *specifically as relevant to*" the tortious conduct (emphasis added)). Plaintiffs' inability to make that connection requires dismissal of the negligent hiring, retention, and supervision claims as to Baugh as well.

## II. The Complaint Fails To State a Claim for Assault (Count VIII).

Plaintiffs do not dispute that assault requires that a defendant be "so close to striking distance that he can reach [plaintiff] almost at once." *Kennedy v. Town of Billerica*, 617 F.3d 520, 539 (1st Cir. 2010) (quoting *Ginsberg v. Blacker*, 852 N.E.2d 679, 684 n.8 (Mass. App. Ct. 2006)). Nor do Plaintiffs identify any allegation establishing such physical proximity by Defendants. *See* Opp. 51–54. On this basis alone, the assault claim should be dismissed.

Plaintiffs instead argue that the required immediacy is satisfied by the GSR Defendants' "escalating threats and conduct," culminating in the physical stalking of Plaintiffs' home and car.

Opp. 53. But Plaintiffs cite no case finding assault on comparable facts, and the cases they do cite only reinforce the importance of the physical proximity missing here. *See Commonwealth v. Gordon*, 553 N.E.2d 915, 920 (Mass. 1990) (when victim refused to open the door to her house, defendant "left his automobile when she appeared and prevented [the victim] from closing the front door by propping his back against it"); *Ginsberg v. Blacker*, 852 N.E.2d 679, 682 (Mass. App. Ct. 2006) (defendant "'came right up into [the plaintiff's] face,' screaming and waving his hands about very close to her face, his face so close to her that she 'could feel his spit on [her] face.'"). To be sure, Plaintiffs argue that "at least one case," *Commonwealth v. Robicheau*, 654 N.E.2d 1196 (Mass. 1995), found that "a defendant standing in the street and making threatening gestures, while the victim was inside her home," was sufficient for assault. Opp. 53–54. But Plaintiffs ignore crucial distinguishing facts. Specifically, the *Robicheau* court found that the victim had a reasonable apprehension physical force might be used because "the defendant had parked his automobile in front of the victim's home, *from which he had been enjoined by court order to remain away*," *Robicheau*, 654 N.E.2d at 1199 (emphasis added), emphasizing that "[t]he victim's relationship with the defendant was so tense that she had sought and obtained consecutive [restraining] orders against him," *id*. Here, by contrast, Plaintiffs allege neither that the GSR Defendants were subject to any restraining orders nor that they engaged in any belligerent confrontations with Plaintiffs like the one in *Robicheau*. Plaintiffs' inability to establish the immediacy necessary for assault requires dismissal of this claim.

## III. The Complaint Fails To State a Claim for False Imprisonment (Count XII).

Plaintiffs' Opposition fails to cure the two fatal defects of their false imprisonment claim: the failure to allege that any confinement was complete or was within boundaries fixed by Defendants. Br. 12–14. Plaintiffs' assertions that Mr. Steiner left his alleged place of confinement "out of necessity" and that he returned home without reaching his intended destination, Opp. 78, are beside

4

the point—and the latter assertion, moreover, is not alleged in the Complaint. That Mr. Steiner was able to, and did, leave at all forecloses the claim. *See* Br. 12–13 (citing cases dismissing false imprisonment claims where plaintiff could leave alleged place of confinement).

The Opposition also fails to establish that Defendants "intended to … 'confine' [Plaintiffs] 'within boundaries fixed by [Defendants].'" *McCann v. Wal-Mart Stores, Inc.*, 210 F.3d 51, 53 (1st Cir. 2000) (quoting Restatement (Second) of Torts Sec. 35 (1965)). The cases Plaintiffs cite (at 76) again illustrate the problem, as all involved defendants who expressly or implicitly set physical boundaries and required plaintiffs to remain within them. *See Foley v. Polaroid Corp.*, 508 N.E.2d 72, 75 (Mass. 1987) (defendant "told [the plaintiff] not to leave [his office], and when [the plaintiff] began to walk toward the door, [the defendant] pushed [the plaintiff's] chair against the door" and "said, '[i]f you go out that door the job goes with you'"); *Coblyn v. Kennedy's, Inc.*, 268 N.E.2d 860, 861 (Mass. 1971) ("Just as the plaintiff had stepped out of the door of the store, the defendant … stopped him, firmly grasped his arm and told him that he had 'better go back and see the manager.'"); *Jacques v. Childs Dining Hall Co.*, 138 N.E. 843, 844 (Mass. 1923) (defendant restaurant's employees stopped the plaintiff from leaving, directed the plaintiff to the back of the restaurant, and directed the plaintiff to "[w]ait here" until the manager told the plaintiff "[y]ou may go now"). Plaintiffs' inability to identify comparable threats by the GSR Defendants here is an additional reason to dismiss the false imprisonment claim.

**IV.    The Complaint Fails To State a Claim for Stalking (Count II).**

Plaintiffs' California stalking claim must be dismissed because Massachusetts law applies here. *See* Br. 14–17. Plaintiffs' contrary arguments are meritless.

First, contrary to Plaintiffs' assertion, Opp. 55, numerous cases in this district recognize that a conflict of laws exists where one state recognizes a cause of action that another does not. *See, e.g.*, *Amalgamated Titanium Int'l Corp. v. Mennie Mach. Co.*, 581 F. Supp. 3d 289, 302–03

5

(D. Mass. 2022) (conflict existed where Massachusetts recognized a cause of action for breach of implied covenant of good faith and fair dealing but Illinois did not); *HDI-Gerling Am. Ins. Co. v. Navigators Ins. Co.*, 2015 WL 5315190, at *2 (D. Mass. Sept. 11, 2015) ("Because New York recognizes a direct claim for bad faith .... and Massachusetts does not … New York and Massachusetts law conflict."). Plaintiffs do not cite a single case holding otherwise, including *Levin v. Dalva Bros., Inc.*, 459 F.3d 68 (1st Cir. 2006), where the court performed a choice-of-law analysis precisely because "under New York law, the express warranty claims are governed by a statute that has no parallel in Massachusetts law." *Id.* at 74; *contra* Opp. 55.

Second, Plaintiffs have no response to eBay's showing that the weightiest choice-of-law factors all favor Massachusetts. *See* Br. 14–16. They simply ignore the rule that "[w]hen the interest affected is a personal one," the "single most important contact for determining the state of the applicable law" is the "plaintiff's domicile," and that for personal injury claims such as stalking, the weightiest factors are where the injury occurred and where the plaintiffs reside. Each of these factors indisputably points to Massachusetts. It is true that the place of injury is not "solely determinative" of choice of law (Opp. 58–62), and eBay has never argued otherwise. But even if California were the *only* place where the conduct causing Plaintiffs' injury took place, that still would not outweigh the factors favoring Massachusetts law because where the defendant's conduct and the resulting injury "occur in different states … the local law of the state of injury will usually be applied to determine most issues involving the tort," especially "when the injured person has a settled relationship to that state … because he is domiciled or resides there." Restatement (Second) of Conflict of Laws § 146 cmt. e; *see* Br. 15. And, in any event, Plaintiffs acknowledge that "the most disturbing act of surveilling and stalking the Steiners in their home and while driving

6

occurred in Massachusetts," not California.[1] Opp. 59. For these reasons, Massachusetts law applies here, and Plaintiffs' California stalking claim must be dismissed.

V.      **The Complaint Fails To State a Claim for Civil Conspiracy (Count XIII).**

As eBay has demonstrated, Plaintiffs' civil conspiracy claim is barred by the intra-corporate conspiracy doctrine. *See* Br. 17–19. Plaintiffs contend that this doctrine does not apply here because Veronica Zea was an independent contractor, and "[a] contractor is a non-agent of the corporation." Opp. 84. But the very case Plaintiffs cite recognizes that contractors *can* be agents, if the principal controls "the means by which [the contractor's] work is performed." *King's Choice Neckwear, Inc. v. FedEx Corp.*, 2007 WL 4554220, at *4–5 (D.N.J. Dec. 21, 2007); *see also Amherst Sportswear Co. v. McManus*, 876 F.2d 1045, 1049 (1st Cir. 1989) ("Independent contractors as well as employees can be agents.") (citing Restatement (Second) of Agency § 2 (1958)); *Lucero v. Safeway, Inc.*, 2022 WL 79860, at *7 (D. Colo. Jan. 7, 2022) (the intra-corporate conspiracy doctrine can "extend[] to … independent contractors of a corporation.").

Here, throughout the Complaint, Plaintiffs allege that Zea acted under the direction and control of Baugh and other eBay employees. *See, e.g.*, Compl. ¶¶ 15, 40, 52–53, 143, 247–48. It is thus irrelevant that Zea was also PFC's employee and was acting within the scope of her employment with PFC. Based on Plaintiffs' allegations, Zea was eBay's agent, and the intra-corporate conspiracy doctrine therefore applies. *See Martensen v. Koch*, 2014 WL 3057172, at *6 (D. Colo.

---

[1] Plaintiffs also fail to show that the final choice-of-law factor, where the relationship between the parties is centered, favors California law. Plaintiffs assert that the relationship was centered in California because it "consisted of the Steiners reporting on eBay, headquartered in California," and was "centered on eBay's location and its activities" there. Opp. 58. But this ignores that what gave rise to the relationship was Plaintiffs' *reporting* on eBay's business, which took place in Massachusetts. Without that reporting, eBay still would have carried out its "activities," but the parties' relationship would not have come into being. *Cf.* Compl. ¶ 1 (alleging that the purpose of all the allegedly tortious acts was "to stifle [Plaintiffs'] reporting on eBay"). Plaintiffs' assertion that they *could* have "report[ed] on eBay from literally anywhere" (Opp. 58) is irrelevant; the fact is, they *actually* reported on eBay—and formed their relationship with eBay—from Massachusetts.

7

July 7, 2014) (intra-corporate conspiracy doctrine applied to consulting firm employees who were contracted to a client and acted "pursuant to their agency relationship" with the client); *Johnson v. Bryson*, 2018 WL 11296000, at *5 n.4 (M.D. Ga. Sept. 25, 2018) (intra-corporate conspiracy doctrine "makes it impossible for a corporation to conspire with its non-employee agents.").

Plaintiffs similarly fail to defend the adequacy of their allegations regarding a conspiracy with PFC or Krystek. Indeed, their conclusory assertion that "Krystek was also a member of the conspiracy," Opp. 84, is so cursory as to constitute no response at all and thus waive the issue. *See United States v. Medtronic, Inc.*, 189 F. Supp. 3d 259, 282 (D. Mass. 2016) ("Generally, 'arguments raised only … in a perfunctory manner are waived.'"). And even if not waived, that bare assertion, based only on the allegation that Krystek "allow[ed] PFC to provide funding," Opp. 84, does not fix Plaintiffs' failure to plead facts regarding the essential elements of Krystek's or PFC's knowledge of, much less agreement to, the alleged conspiracy. *See* Br. 17–18. Because Plaintiffs fail to allege facts establishing a conspiracy between eBay and PFC or Krystek, and because the intra-corporate conspiracy doctrine otherwise applies, the conspiracy claim should be dismissed.

## VI. The Complaint Fails To State a Claim for Ratification (Count XIV).

Plaintiffs acknowledge that ratification "generally applie[s] where an employer fails to investigate or respond to charges that an employee committed an intentional tort." Opp. 84. But Plaintiffs also allege that, upon learning of the Natick events, eBay immediately began an investigation and, within weeks, fired those it determined were responsible. *See, e.g.*, Compl. ¶¶ 271, 274, 281, 284, 289. Those facts doom Plaintiffs' ratification claim. Even if ratification may be inferred "when a principal with knowledge makes *no* effort to repudiate a transaction," *Inn Foods, Inc. v Equitable Co-op. Bank*, 45 F.3d 594, 597 (1st Cir. 1995) (emphasis added), here eBay fired numerous individuals for their involvement in the very transaction it supposedly approved. Such

8

"[p]rompt disavowal" of its agents' misconduct, *Boice-Perrine Co. v. Kelley*, 137 N.E. 731, 733 (Mass. 1923), precludes any inference of ratification.

To save their ratification claim, Plaintiffs rely on a hodgepodge of allegations that range from irrelevant to outright inconsistent with ratification. First, Plaintiffs invoke the fact that Wenig received severance and that Jones retired with benefits. Opp. 85. But Plaintiffs cite no legal authority finding such allegations relevant, and offer no ground for distinguishing the cases eBay cited that reject ratification claims premised only on the fact that an employee resigned rather than being terminated. *See* Br. 20. Nor do Plaintiffs explain how, logically, Wenig's and Jones's departures could reasonably support an inference of acquiescence in the alleged misconduct when, as they acknowledge, eBay fired numerous individuals after its investigation of those very events.

Second, Plaintiffs argue that Cooke was not fired until the criminal charges against him were made public, and that, despite firing Wymer, eBay did not push for criminal charges against him. Opp. 85. Yet Plaintiffs offer no authority suggesting that terminating an employee is insufficient for an employer to avoid ratification. Plaintiffs belatedly try to suggest that eBay kept Cooke on despite knowing of his misconduct, Opp. 85, but the Complaint does not allege that eBay knew of any misconduct by Cooke before the criminal charges were filed. That eBay fired him when it learned of those charges cannot be squared with any theory of ratification.

Third, Plaintiffs attempt to base ratification on the fact that eBay hired outside counsel to conduct an "investigation"; that the investigation, in hindsight, was imperfect; and that eBay's counsel advocated on behalf of eBay to the government. Opp. 85–86. Again, neither precedent nor logic supports Plaintiffs' arguments. Indeed, the Supreme Judicial Court has rejected an analogous effort to base ratification on evidence that an employer paid fines and "procured a lawyer" for an employee who violated the law, explaining that "[t]here are so many other good reasons for such

9

action that it ought not to be taken as an admission of liability or ratification." *Stone v. Commonwealth Coal Co.*, 156 N.E. 737, 738 (Mass. 1927). The same reasoning applies here, where eBay, through counsel, exercised its right to petition the government and argued against criminal liability for the company.[2] Moreover, eBay's hiring of well-respected outside counsel to conduct its internal investigation gives that investigation more credibility, not less. Plaintiffs offer nothing but scare quotes and innuendo as reasons to regard its investigation as evidence of ratification.

Finally, Plaintiffs' claim (at 86–87) that the GSR Defendants' conduct was "open and notorious" is meritless. None of Plaintiffs' allegations indicates that anyone other than the GSR Defendants knew of their alleged misconduct, and the allegations of obstructive conduct by the GSR Defendants in fact contradict this assertion. *See, e.g.*, Compl. ¶¶ 271, 273, 275, 280. Such contradictory allegations need not be credited. *See Carroll v. Xerox Corp.*, 294 F.3d 231, 242 (1st Cir. 2002). More fundamentally, Plaintiffs have not alleged any facts showing that the alleged decisionmakers—particularly eBay's Board, *see* Compl. ¶¶ 559, 563—knew of the alleged misconduct while it was underway. This distinguishes *McKenney v. N.Y.C. Off-Track Betting Corp.*, 903 F. Supp. 619 (S.D.N.Y. 1995), which found that the defendant's sexual harassment was "fairly chargeable to the employer" because it "was brought to [a supervisor's] attention" and the supervisor "fired the official who complained rather than act against [the defendant]." *Id.* at 622.

Ultimately, because eBay took "prompt action" to repudiate the Natick events, *Petrell v. Shaw*, 902 N.E.2d 401, 408 n.5 (Mass. 2009), the ratification claim should be dismissed.

## CONCLUSION

For the reasons set forth here and in eBay's opening brief, eBay's motion to dismiss should be granted and Claims II, V, VI, VII, VIII, XII, XIII, and XIV should be dismissed with prejudice.

---

[2] *Stone* is also fatal to the argument (Opp. 86) that indemnification agreements support ratification.

10

| | |
|---|---|
| Dated: July 12, 2023 | /s/ *Jack W. Pirozzolo*<br>Jack W. Pirozzolo (BBO #564879)<br>Kathryn L. Alessi (BBO #651110)<br>SIDLEY AUSTIN LLP<br>60 State Street, 36th Floor<br>Boston, MA 02109<br>Telephone: (617) 223-0300<br>Facsimile: (617) 223-0301<br>jpirozzolo@sidley.com<br>kalessi@sidley.com<br><br>Scott T. Nonaka (*pro hac vice*)<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 772-1285<br>snonaka@sidley.com<br><br>Daniel J. Feith (*pro hac vice*)<br>SIDLEY AUSTIN LLP<br>1501 K Street NW<br>Washington, D.C. 20005<br>Telephone: (202) 736-8511<br>dfeith@sidley.com<br><br>*Counsel for eBay Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023 this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 12, 2023                    /s/ *Jack W. Pirozzolo*
                                        Jack W. Pirozzolo