# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

INA STEINER, DAVID STEINER, and
STEINER ASSOCIATES, LLC,

      Plaintiffs,

      v.

EBAY INC., ET AL.,

      Defendants.

**CIVIL ACTION NO.: 1:21-CV-11181-DPW**

**ORAL ARGUMENT REQUESTED**

## DEFENDANT PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

In opposition to PFC's Motion to Dismiss (MTD), plaintiffs rely primarily on the bald assertion of PFC "financing" the enterprise (the linchpin of their justification for involving PFC in this action), however the factual allegations to this effect consist solely of Zea utilizing a PFC credit card, at the direction and control of Baugh, and the credit card expenditures subsequently being reimbursed by eBay. Plaintiffs only allege that PFC was aware of a handful of specific expenditures, namely "expensive dinners and strip clubs," (AC. 352) which, far from constituting "improper purchases" were instead fairly typical, and more importantly legal, expenditures. Plaintiffs then pivot to the allegation that PFC was negligent in its oversight (negligent retention/supervision counts) of Zea, alleging that PFC did not investigate Zea's credit card use and did not provide sufficient oversight. AC. 351-354. However, based on the specific allegations of the Amended Complaint, Zea took the putative actions at the express and sole control and direction of eBay's supervisory security team members (i.e. Baugh, Harville, etc.) without any knowledge, support, participation of or acquiescence or ratification by PFC. Zea's actions, in turn,

102925206

were otherwise clearly outside the scope of any loaned servant or agency relationship with PFC. Plaintiffs attempt to have it both ways; attributing Zea's conduct, admittedly at the direction and under the control of Baugh, to eBay, while simultaneously manufacturing liability on the part of PFC.

**Zea's Employment.** It is undeniable that the alleged conduct and actions directed at the Steiner's were at the direction of eBay executives and personnel and were not remotely instigated, participated in, directed, controlled, or known by PFC.  There is not a single factual allegation in the complaint suggesting otherwise or to the contrary.  PFC's lack of involvement as to the asserted acts is best expressed in plaintiffs' own words:

> "*the actions of Defendants Baugh, Harville, Gilbert, Cooke, Popp, Stockwell and* **_Zea_** *would not have been carried out were it not for Defendants Wenig, Wymer and Jones' obsession with the Plaintiffs, and their directives to take the Plaintiffs down, which was disseminated down the chain of command.*"

(Plaintiff's Consolidated Opposition, p. 17)(emphasis added).

Indeed, the eBay devised and implemented scheme  is the basis of all of the plea agreements relied upon by plaintiffs and repeatedly reiterated throughout the amended complaint and opposition.

Eschewing the very gravamen of the amended complaint and in the effort to seek to avoid the proper dismissal of PFC, plaintiffs, in opposing PFC's MTD, rely on the assertion that Zea was an employee of PFC and that PFC "financed" or "funded" the bad acts of the eBay team. The amended complaint makes clear that Zea was, at all times, a loaned servant and under the direction and control of eBay[1]. Zea is further alleged by the plaintiffs to have been at all times and as to all of the conduct at issue, directed and controlled by defendant Baugh as Chief of Security for eBay who, in turn, it is alleged ultimately reported to defendant Wenig. AC. 4; 52; 127; 159; 257; 281; 369; 75; 143; 163; 234; 271; 94. There is not a single <u>factual </u>allegation of any knowledge,

---

[1] According to the amended complaint, Zea was an agent of eBay. AC.4 Zea, an eBay contractor…"). 5

involvement, direction, control or participation by PFC. Plaintiffs cannot be allowed to assert as the gravamen of their action that the scheme arose at the express, secretive direction of eBay directors and carried out by a senior eBay employees and yet at the same time claim that PFC is vicariously or otherwise responsible based on the contradictory and <u>conclusory</u> allegations that Zea "was acting within scope of employment with PFC" or that PFC "financed" the actions of Zea and others simply because Zea at times utilized a PFC credit card. Even leaving aside Zea's clear loaned servant status and the exclusive control and direction by eBay as to the conduct in question <u>repeatedly asserted in the amended complaint,</u>[2] the amended complaint does not set forth any **facts** supporting any vicarious liability of PFC for Zea as to the conduct in question as she was acting far outside of any possible residual agency of PFC as a matter of law[3].

**Financing**.  Underlying plaintiffs' entire opposition to PFC's motion to dismiss, is the bald and conclusory assertion that PFC "financed" the eBay conspiracy. Despite the broad ruminations in the opposition, the amended complaint is utterly devoid of any factual based allegations of expense payments by PFC **prior to the conspiracy unraveling** that would otherwise give rise to any plausible claim[4]. The allegations that PFC engaged in or financed the conspiracy of eBay's employees are uniformly conclusory, for example AC 38; "and the conspiracy that followed would

---

[2] *Galloway's Case*, 354 Mass. 427, 430 (1968); *Ledbetter v. M.B. Foster Electric, Co*., 354 Mass. 780 (1970(no liability upon lending employer); *Afonso v. City of Boston,* 587 Supp. 1342 (D. Mass. 1984)(motion to dismiss as no vicarious liability based on borrowed servant doctrine); see also  *Denton v. Yazoo & Miss. Valley R.R. Co.*, 284 U.S. 305, 308 (1932)( "When one person puts his [employee] at the disposal and under the control of another for the performance of a particular service ... [the employee] is to be dealt with as [that] of the latter and not of the former."). According to the complaint, all of the individual defendants were agents of eBay. Comp.13 (all "employed by eBay or contracted to eBay through PFC."). This includes Zea who is alleged to be an "eBay contractor" who directly reported to "eBay's head of security operations." Compl, 13, 37.

[3] Of note,  while plaintiffs attempt to maintain the allegation that Zea was under the direction and control of both eBay and PFC, they inadvertently acknowledge the truth in their motion for limited discovery when they state "the following eBay employees were interviewed:… 8) Defendant Veronica Zea."

[4] Plaintiffs baldly allege in their amended complaint that "had PFC monitored her expenses rather than just paying them carte blanche, and making a profit from the expenses through a 5% markup, they would have discovered that Defendant Baugh and Defendant Zea were using the card for inappropriate means, to fund the conspiracy" however this conclusion is not borne out by plaintiffs' factual allegations.

be financed by PFC." See also AC. 15;  16;  79;  82;  94;  345;  et seq.  The only expenditures by Zea that plaintiffs allege in the amended complaint PFC was aware of or reimbursed prior to the eBay conspiracy unraveling are a handful of specific expenditures, namely "expensive dinners and strip clubs," (AC. 352). There is no other allegation pertaining to any PFC payment of expenses.

There is no dispute that Zea is the only named individual defendant who was a loaned servant from PFC to eBay at the time of the Steiner actions with it otherwise undisputed, based on the plaintiffs' own allegations, that Zea was, at all times, acting at the direction and control of eBay without the knowledge or involvement of PFC. The allegation that expenses in traveling to Boston or purchasing laptops, gift cards, or other expenditures were ultimately paid by PFC, who was then reimbursed by eBay, provides no basis for liability on any of the stated claims. Indeed, based on the plaintiffs' own allegations, the entire eBay devised scheme was sought to be secretive and concealed with the trip to Boston masked and represented to be a trip to attend a conference. The entire scheme and conduct is thus not only attributable to eBay personnel and executives but is alleged to have been secretive and "concealed." The only expenses plaintiffs allege PFC timely knew of, expensive dinners and trips to strip clubs, are not sufficient to manufacture liability on the part of PFC or for that matter to convey jurisdiction of this Court over PFC.

**Personal Jurisdiction**: Neither the assertion that Zea was an employee or the rote, conclusory allegation that PFC financed the eBay conspiracy is sufficient to establish personal jurisdiction over PFC –a Nevada based corporation with no contacts with Massachusetts. Neither Zea's loaned servant status to eBay (California) nor the bald allegation of PFC's financing provide any basis for exercising personal jurisdiction over PFC in Massachusetts as the factual allegations of the amended complaint establish that Zeas' putative conduct and actions as to the Steiner's were all at the express, secretive direction of eBay directors without any knowledge or participation of PFC. No matter how leniently read, the factual allegations (as opposed to conclusory allegations) do not

- 4 -

provide for any plausible basis of control, knowledge or involvement of PFC. There is no personal jurisdiction over PFC in Massachusetts as to the state law claims.

<u>Conclusion</u>

Plaintiffs' attempts to manufacture or bootstrap liability onto PFC due to Zea's conduct simply fail as a matter of law. Plaintiffs have had two bites at the proverbial apple, and have not plead sufficient facts to establish that PFC controlled, directed, was aware of, or should have been aware of, Zea's actions in furtherance of the eBay conspiracy. Plaintiffs' <u>factual</u> allegations as to PFC's involvement both in their amended complaint and in their consolidated are sparse at best (in contrast to the many, many instances of rote recitation where PFC is lumped in with other defendants[5]). The allegations essentially fall into two categories. First, plaintiffs allege that PFC was aware and had actual knowledge that Zea and Baugh were abusing the so-called expensing loophole because PFC executives were aware of and commented on expensive dinners and a single trip to a strip club. Second, plaintiffs allege that expenses like purchasing flights, lodging, and transportation to a legitimate conference in Boston should have made PFC aware that Zea was engaging in nefarious conduct. Leaving aside the weakness of this assertion, plaintiffs ignore in both their amended complaint and their consolidated opposition the undisputed fact that PFC would not have reason to even know of these charges until well after the eBay conspiracy unraveled.

---

[5] As co-defendant Gilbert notes, plaintiffs' 95-page consolidated opposition brief, ECF No. 221 ("Opp."), suffers from the same fundamental flaw as their 123-page FAC. Despite its length, the brief mostly fails to distinguish between the numerous defendants that have been sued in this case, and instead lumps all defendants together, or addresses them in various groupings, on the incorrect supposition that causes of action can be pled against an individual defendant simply if he is mentioned in passing. This is improper, as the case law cited in Plaintiffs' own brief clearly holds. *Fine v. Guardian Life Inc. Co. of Am.*, No. 19-CV-30067-KAR, 2021 WL 916270, at *3 (D. Mass. Mar. 10, 2021) (holding that allegations specific to each individual defendant must be "isolated and analyzed separately" to determine if a cause of action against that individual has been adequately pleaded (citing Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009); *Rivera-Torres v. Ruiz-Vale*, No. 13-1684, 2016 WL 3962904, at *2 (D.P.R. July 21, 2016))).

Unsupported legal assertions and factual allegations of knowledge of legal activities are simply not enough to confer jurisdiction on PFC, let alone liability.

WHEREFORE, defendant PFC respectfully requests that it Motion to Dismiss all claims of the amended complaint be ALLOWED.

Respectfully submitted,
PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC,
By Its Attorneys,

/s/ Tory A. Weigand
Tory A. Weigand, BBO #548553
tweigand@morrisonmahoney.com
Matthew J. Holmes, BBO #675994
mholmes@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 12, 2023.

/s/ Tory A. Weigand
Tory A. Weigand

102925206