UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>EBAY INC., ET AL.,<br><br>    Defendants. | **CIVIL ACTION NO.: 1:21-CV-11181-DPW**<br><br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT PROGRESSIVE F.O.R.C.E. CONCEPTS, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

In opposition to Krystek's Motion to Dismiss (MTD), plaintiffs rely primarily on the bald assertion of PFC and Krystek "financing" the enterprise (the linchpin of their justification for involving Krystek in this action), however the factual allegations to this effect consist solely of Zea utilizing a PFC credit card, at the direction and control of Baugh, and the credit card expenditures subsequently being reimbursed by eBay. Plaintiffs only allege that Krystek was aware of a handful of specific expenditures, namely "expensive dinners and strip clubs," (AC. 352) which, far from constituting "improper purchases" were instead fairly typical, and more importantly legal, business expenditures. However, based on the specific allegations of the Amended Complaint, Zea took the putative actions at the express and sole control and direction of eBay's supervisory security team members (i.e. Baugh, Harville, etc.) without any knowledge, support, participation of or acquiescence or ratification by Krystek. The (alleged) fact that Krystek knew Baugh previous to his employment at eBay is insufficient to convey knowledge that Baugh would go off the rails, so to speak, in engaging in the conduct alleged by plaintiffs.

Of note, plaintiffs wholly fail to address the Section III of Krystek's motion to dismiss, which addresses the fact that plaintiff was not authorized to add Krystek to this action in the first place, and contravened numerous rules of court, court orders, or rules of civil procedure to do so. Neither the concept of adding additional defendants generally nor of adding Krystek specifically were mentioned in any of pleading prior to the amended complaint. Nor did plaintiffs file a formal motion to amend their complaint (which would generally include a proposed amended complaint presumably including Krystek as a proposed defendant).

Further, Local Rule 15.1(b) requires a party moving to amend a pleading to add a new party to serve a copy of the motion on the party to be added, presumably to allow the proposed new party the opportunity to object to their addition. This was not done; instead plaintiffs' first formal notice to Krystek was service of the amended complaint. Plaintiffs failed to receive leave of court to add defendants and similarly failed to serve Krystek with a motion to amend the complaint and add him as a party, and accordingly plaintiffs' claims against Krystek should be dismissed on this basis alone (which again was not even addressed in passing in plaintiffs' consolidated opposition.

While plaintiffs are entitled to the presumption that the <u>factual</u> allegations in their amended complaint are true, such factual allegations as to Krystek are few and far between. Conversely, plaintiffs are certainly not entitled to the presumption that the <u>legal</u> allegations in the amended complaint are true. *see Iqbal*, 129 S. Ct. at 1949-50 ("the tenet that a court must accept as true all of the allegations contained in a Amended Complaint is inapplicable to legal conclusions"). *See Nixon v. Kysela Pere Ltd.*, 2021 WL 3700253, *5 (W.D. Va. 2021).

The only factual, relevant, allegations as to Krystek in plaintiffs' amended complaint are that Krystek was aware that Zea used her PFC credit card (the charges on which were ultimately paid by eBay) for expensive dinners and a visit to a strip club. AC. 329, 330, 355, 468, 478. This is woefully insufficient to attempt to drag Krystek into this proceeding. Boiled down to the bare

102925828

elements, plaintiffs are asking this Court to conclude that, upon learning Zea was using her PFC credit card, at the direction of Baugh, to pay for eBay team dinners and a single excursion to a strip club, Krystek should have been on notice that the next step was for Zea, at Baugh's instruction, to use the PFC credit card to fund a campaign of terror against the Steiners. This is not a reasonable or logical leap, and it is not one the Court should take or endorse.

## Conclusion

Plaintiffs' attempts to manufacture or bootstrap liability onto PFC and by further extension Krystek due to Zea's conduct simply fail as a matter of law. Leaving aside the uncontroverted fact that plaintiffs did not have permission or authority to add Krystek as a defendant in the first place, plaintiffs have had two bites at the proverbial apple, and have not plead sufficient facts to establish that Krystek controlled, directed, was aware of, or should have been aware of, Zea's actions in furtherance of the eBay conspiracy. Plaintiffs' <u>factual</u> allegations as to Krystek's involvement both in their amended complaint and in their consolidated opposition are sparse at best (in contrast to the many, many instances of rote recitation where Krystek is lumped in with other defendants[1]). The allegations essentially fall into two categories. First, plaintiffs allege that Krystek was aware and had actual knowledge that Zea and Baugh were abusing the so-called expensing loophole because Krystek was aware of and commented on expensive dinners and a single trip to a strip club. Second, plaintiffs allege that expenses like purchasing flights, lodging, and transportation to a legitimate conference in Boston should have made Krystek aware that Zea was engaging in

---

[1] As co-defendant Gilbert notes, plaintiffs' 95-page consolidated opposition brief, ECF No. 221 ("Opp."), suffers from the same fundamental flaw as their 123-page FAC. Despite its length, the brief mostly fails to distinguish between the numerous defendants that have been sued in this case, and instead lumps all defendants together, or addresses them in various groupings, on the incorrect supposition that causes of action can be pled against an individual defendant simply if he is mentioned in passing. This is improper, as the case law cited in Plaintiffs' own brief clearly holds. *Fine v. Guardian Life Inc. Co. of Am.*, No. 19-CV-30067-KAR, 2021 WL 916270, at *3 (D. Mass. Mar. 10, 2021) (holding that allegations specific to each individual defendant must be "isolated and analyzed separately" to determine if a cause of action against that individual has been adequately pleaded (citing Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009); *Rivera-Torres v. Ruiz-Vale*, No. 13-1684, 2016 WL 3962904, at *2 (D.P.R. July 21, 2016))).

nefarious conduct. Leaving aside the weakness of this assertion, plaintiffs ignore in both their amended complaint and their consolidated opposition the undisputed fact that Krystek, nor anyone else at PFC reviewing Zea's credit card expenditures, would not have reason to even know of these charges until well after the eBay conspiracy unraveled.

Unsupported legal assertions and factual allegations of knowledge of legal activities are simply not enough to confer jurisdiction on Krystek, let alone liability. In addition, Krystek relies on the arguments raised in PFC's reply brief, which are equally applicable to him.

WHEREFORE, defendant Krystek respectfully requests that it Motion to Dismiss all claims of the amended complaint be ALLOWED.

>  Respectfully submitted,
>  Steve Krystek,
>  By His Attorneys,
>
>  */s/ Tory A. Weigand*
>  Tory A. Weigand, BBO #548553
>  tweigand@morrisonmahoney.com
>  Matthew J. Holmes, BBO #675994
>  mholmes@morrisonmahoney.com
>  MORRISON MAHONEY LLP
>  250 Summer Street
>  Boston, MA 02210-1181
>  Phone: 617-439-7500

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 12, 2023.

>  */s/ Tory A. Weigand*
>  Tory A. Weigand

102925828