UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>        Plaintiffs<br><br>vs.<br><br><br>eBay, Inc., et al.,<br>        Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT PFC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
(*Leave to File Granted on June 16, 2023*)

Now come the Plaintiffs and respectfully file this Sur-Reply to Defendant PFC's Reply Brief in Support of its Motion to Dismiss Plaintiffs' Amended Complaint.

**I.    Defendant PFC ignores many key facts and circumstances in the Amended Complaint in alleging it is insufficient to sustain the claims against the company, and makes broad, sweeping conclusions with no support.**

Contrary to Defendant PFC's claim, it is not "undeniable that the alleged conduct and actions directed at the Steiner's [sic] were at the direction of eBay executives and personnel and were not remotely instigated, participated in, directed, controlled, or known by PFC." Document No. 242 at 2.

Defendant PFC erroneously boils down the Amended Complaint to an allegation that PFC financed the campaign without any knowledge, control or direction in the acts. To the contrary, the Amended Complaint clearly outlines far more extensive allegations. Before securing a contract with eBay – which was facilitated through Defendant Baugh and Defendant Krystek's relationship – PFC was a shoestring operation with only three employees. FAC ¶ 349.

1

After the eBay contract, it became a $4 million enterprise. *Id.* Defendant Baugh specifically selected Defendant PFC because he knew Defendant PFC would be able to hand select and funnel the type of employees he needed, and would be complicit. FAC ¶¶ 344, 348. Defendant Zea and other PFC employees were hired for cyber security, yet PFC allowed Defendant Zea to be used to travel across the country to conduct physical surveillance, an area she was never trained or qualified in. Defendants Baugh and Krystek, the CEO of PFC, then met regularly in both Nevada and California. FAC ¶ 350. Defendants PFC and Krystek also had a direct financial incentive to appease eBay, and more importantly, GIC, with whom it had the relationship. FAC ¶¶ 353. In fact, PFC replaced Concentric Advisors because Concentric questioned Defendant Baugh's treatment of Concentric employees. FAC ¶ 342.

Moreover, it is a misreading of the Amended Complaint to allege it "makes clear that Zea was, at all times, a loaned servant and under the direction and control of eBay." *Id.* Referring to Defendant Zea as an "eBay contractor" in no way undermines that she was an employee acting on behalf of Defendant PFC during the course of this conspiracy. Defendant Zea was not merely a "loaned servant" because Defendant PFC had direction or control over her. As the Amended Complaint establishes, Defendant PFC retained control over Defendant Zea, and would pay her salary, monitor and approve her credit card expenses, Defendant Krystek and other employees of PFC would frequently travel to eBay headquarters to check on analysts, including Defendant Zea, and she had supervisors who were also employees of PFC but not contracted to eBay. FAC ¶¶ 38, 352, 352, 358-359. Defendant PFC hired Defendant Zea, and were ultimately the company who fired her.

When Defendant Zea and other analysts would complain to their PFC superiors about the conditions at eBay, the PFC superiors would immediately report back to Defendants Baugh and

Popp, demonstrating a close connection between PFC supervisors and eBay supervisors, who all exerted control over the working conditions and culture for the PFC analysts and other contractors. FAC ¶ 350-351.

Ultimately, contrary to Defendant PFC's arguments, Plaintiffs have set forth sufficient facts to sustain the claims, and have not relied simply upon "financing" to establish their liability. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (highlighting court finds whether claim plausible at pleading stage).

> II. **Defendant PFC's personal jurisdiction challenge must fail where it did not meet their burden of production in order to adequately contest personal jurisdiction.**

Although the Plaintiff bears the burden of proof as to personal jurisdiction, in order to properly challenge personal jurisdiction the Defendant must first meet his burden of production. *See Motus, LLC v. Cardata Consultants, Inc.*, 2021 WL 2982727 at *15-16 (1st Cir. 2021). To meet this burden, Defendant must provide facts through a Declaration or Affidavit establishing that it lacked minimum contacts in Massachusetts, since those facts are in the exclusive control of the Defendant. *Id.*

As the Supreme Court has stated, the courts have "distinguished between burden of proof, which we defined as burden of persuasion, and an alternative concept, which we increasingly referred to the burden of production or the burden of going forward with the evidence." *Dir. Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267, 274 (1994). "Burden of proof allocations are governed by principles of fairness, common sense, and logic. A guiding principle is to assign the burden to the '*party who presumably has peculiar means of knowledge* enabling him to prove its falsity if it is false.'"

*Motus*, 2021 WL 2982727 at *16, *quoting* 9 J. Wigmore, Evidence in Trials at Common Law § 2486 at 290 (rev. 1981) (emphasis in original).

Defendant PFC misconstrues the burdens and repeatedly argues that Plaintiffs failed to set forth evidence that he had minimum contacts with Massachusetts, that it conducted business in Massachusetts, or ratified conduct in Massachusetts. *See* Docket No., 216 at 7-9. Defendant PFC states, "[g]iven the lack of any affirmative showing that the claims arise out of contacts PFC had with Massachusetts; that PFC otherwise purposefully availed itself of the privilege to conduct business in Massachusetts; and that exercising jurisdiction over PFC would be reasonable" the Plaintiffs failed to establish the Court has personal jurisdiction over PFC. Plaintiffs are not required, however, to allege personal jurisdiction in the Amended Complaint. *See Motus*, 2021 WL 2982727 at *22. Defendant PFC was required to set forth facts that it lacked minimum contacts with Massachusetts; it was not for Plaintiffs to prove the contrary without first properly challenging personal jurisdiction by meeting his burden of persuasion. *Id.* at *15-16.

Ultimately, Defendant PFC may no more than cursory allegations that Plaintiff failed to prove PFC had sufficient contacts with Massachusetts to exert personal jurisdiction over the company, rather than meeting its required burden of production. As such, this Court should deny Defendant PFC's motion to dismiss on the grounds that this Court may not confer jurisdiction over him.

**CONCLUSION**

Wherefore, for the reasons set forth in this Sur-Reply and Plaintiffs' Consolidated Opposition to the Defendants' Motion to Dismiss (Document No. 221), Plaintiffs respectfully request that this Court deny Defendant PFC's Motion to Dismiss.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com


Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com


### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:    July 26, 2023                    Signed: /s/ Rosemary Scapicchio