**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF MASSACHUSETTS**

| | |
|---|---|
| Ina Steiner, | |
| David Steiner, | |
| Steiner Associates, LLC, | |
|     (*Publisher of EcommerceBytes*) | CASE NO: 1:21-cv-11181 |
|         Plaintiffs | |
| | |
|    vs. | |
| | |
| | |
| eBay, Inc., et al., | |
|        Defendants | |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT KRYSTEK'S[1] REPLY BRIEF IN
SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
(*Leave to File Granted on June 16, 2023*)

Now come the Plaintiffs and respectfully file this Sur-Reply to Defendant Krystek' Reply

Brief in Support of his Motion to Dismiss Plaintiffs' Amended Complaint.

**I.      Defendant Krystek ignores many key facts in the Amended Complaint in
alleging it is insufficient to sustain the claims against him.**

Defendant Krystek cherry-picks paragraphs in the Amended Complaint, and reduces the

claims alleged against him to a claim that Plaintiffs are merely alleging he "financed" the

campaign along with Defendant PFC.

Instead, Plaintiffs alleged that Defendant Krystek and Baugh's relationship allowed the

entire conspiracy to attempt to take down the Steiners to prosper, where PFC, through Krystek,

supplied the type of workers eBay needed to carry out the plan, and provided the financing. FAC

---

[1] This Sur-Reply is filed in response to Document No. 243, which is incorrectly captioned as
Defendant PFC's filing, but refers to Defendant Krystek throughout.

1

¶¶ 38, 101, 346, 348. Defendant Krystek was unquestionably approving all bills, and not only expensive dinners and strip-clubs. FAC ¶ 329. He approved the very bills that allowed the conspiracy to occur, including when Defendant Zea purchased tickets to Boston not only for herself, but for at least two eBay employees, Defendants Baugh and Harville. FAC ¶ 143-144.

Moreover, the Amended Complaint alleged that Defendant Krystek frequently met with Defendant Baugh, including after the campaign was exposed. FAC ¶¶ 350, 358. Defendant Krystek would also travel to eBay because he had many employees who were there acting as eBay contractors, demonstrating he was a direct supervisor to those employees, including Defendant Zea. FAC ¶ 351.

Also, despite having Defendant Zea placed in a company where she was to perform cybersecurity, Defendant Krystek permitted and approved her to travel to Natick to conduct physical surveillance, a task for which she was never trained or qualified in. Even after Defendant Zea was using the company credit card for thousands of dollar's worth of expenses, including needing her credit limit increased for someone who was low on the chain as an analyst, Defendant Krystek still continued to approve her bills, and charge eBay a 5% surcharge on all expenses. FAC ¶¶ 329, 353-354. As alleged in the Amended Complaint, Defendant Zea's supervisors laughed at the strip club and other expenses, rather than questioning their validity. FAC ¶ 355. These allowed the conspiracy to flourish from a financial standpoint, where Defendant Zea, Baugh and the others knew they could expense their activities without question.

All of these circumstances – not just the ones Defendant Krystek extracted from the Amended Complaint to highlight – all support the claims alleged against Defendant Krystek within the Amended Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (highlighting court finds whether claim plausible at pleading stage).

**II.     Defendant's claim that Plaintiffs were still required to file a motion for leave to amend the Complaint where the Court already granted Plaintiffs permission is without merit.**

Defendant Krystek's claim that Plaintiffs failed to comply with Local Rule 15.1 because they did not file a motion for leave to file an amended complaint and request permission to add Krystek is without merit. The Court, *sua sponte*, granted Plaintiffs leave to file an Amended Complaint, based on the voluminous new information learned by the Plaintiffs, and did not limit the Order to claims or facts. Therefore, filing a motion to amend, and requesting leave to add additional parties, would have been superfluous and redundant.

Defendant Krystek claims a motion to amend and request permission was required so he could review the Amended Complaint, and object to his addition to the matter. Any opposition to a motion to amend Defendant Krystek would have filed, however, would have been the functional equivalent of the motion to dismiss he filed. Presumably, in the motion to amend, he would have made the same arguments that as a matter of law, the Plaintiffs failed to state a claim against him, so any amendment would be futile. *See Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (noting for motion to amend complaint, court assesses whether amendment "would be futile, or reward, *inter alia*, undue or intended delay" and amendment is futile if "it fails to state a claim upon which relief can be granted"). Moreover, he likely also would have lodged the same personal jurisdiction objection. In sum, the motion to amend and any opposition would have been the same form and substance as the motion to dismiss Defendant Krystek ultimately filed, and would have served only to prolong and delay the proceedings.

**III.    Defendant Krystek's personal jurisdiction challenge must fail where he failed to provide an Affidavit or Declaration to meet his burden of production.**

Although the Plaintiff bears the burden of proof as to personal jurisdiction, in order to properly challenge personal jurisdiction the Defendant must first meet his burden of production. *See Motus, LLC v. Cardata Consultants, Inc.*, 2021 WL 2982727 at *15-16 (1st Cir. 2021). To meet this burden, Defendant must provide facts through a Declaration or Affidavit establishing that it lacked minimum contacts in Massachusetts, since those facts are in the exclusive control of the Defendant. *Id.*

As the Supreme Court has stated, the courts have "distinguished between burden of proof, which we defined as burden of persuasion, and an alternative concept, which we increasingly referred to the burden of production or the burden of going forward with the evidence." *Dir. Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267, 274 (1994). "Burden of proof allocations are governed by principles of fairness, common sense, and logic. A guiding principle is to assign the burden to the '*party who presumably has peculiar means of knowledge* enabling him to prove its falsity if it is false.'" *Motus*, 2021 WL 2982727 at *16, *quoting* 9 J. Wigmore, Evidence in Trials at Common Law § 2486 at 290 (rev. 1981) (emphasis in original).

Defendant Krystek misconstrues the burdens and repeatedly argues that Plaintiffs failed to set forth evidence that he had minimum contacts with Massachusetts, or that he purposely availed himself of the privilege of conducting activities in Massachusetts. *See* Docket No., 214 at 7-8. Plaintiffs are not required, however, to allege personal jurisdiction in the Amended Complaint. *See Motus*, 2021 WL 2982727 at *22. Defendant Krystek was required to set forth facts that it lacked minimum contacts with Massachusetts; it was not for Plaintiffs to prove the contrary without first properly challenging personal jurisdiction by meeting his burden of persuasion. *Id.* at *15-16.

Ultimately, Defendant Krystek made no more than cursory allegations that Plaintiff failed to prove Krystek had sufficient contacts with Massachusetts to exert personal jurisdiction over him, rather than meeting his required burden of production. As such, this Court should deny Defendant Krystek's motion to dismiss on the grounds that this Court may not confer jurisdiction over him.

## **CONCLUSION**

Wherefore, for the reasons set forth in this Sur-Reply and Plaintiffs' Consolidated Opposition to the Defendants' Motion to Dismiss (Document No. 221), Plaintiffs respectfully request that this Court deny Defendant Krystek's Motion to Dismiss.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com

Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   <u>July 26, 2023</u>          Signed: <u>/s/ Rosemary Scapicchio</u>