UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner, <br> David Steiner, <br> Steiner Associates, LLC, <br>     (*Publisher of EcommerceBytes*) <br>                    Plaintiffs <br>   <br> vs. <br>   <br>   <br> eBay, Inc., et al., <br>                    Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT WYMER'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
(*Leave to File Granted on June 16, 2023*)

Now come the Plaintiffs and respectfully file this Sur-Reply to Defendant Wymer's Reply Brief in Support of his Motion to Dismiss Plaintiffs' Amended Complaint.

**I.    Contrary to Defendant Wymer's claim, Plaintiffs did not concede Defendant Baugh, not Wymer, planned the acts and that Defendant Wymer did not know about Defendant Baugh's propensity to commit the acts when he issued his directives.**

Defendant Wymer erroneously attributes concessions to Plaintiffs where Plaintiffs make no such concessions.

Plaintiffs in no way "concede that Baugh, not Wymer, planned and executed the bizarre crimes that caused their distress" and that Wymer in no way physically participated in the planning. That Defendant Wymer is not alleged to have physically sat in the conference room when Defendant Baugh disseminated his orders in no way equates to Defendant Wymer having

1

no participation in the planning of the conspiracy, especially where the Amended Complaint clearly pleads that Defendant Wymer gave the order to Defendant Baugh. FAC ¶¶ 82, 85.

As set forth in the Amended Complaint, Defendant Wymer instructed over email to do whatever it takes to take EcommerceBytes and the Steiners down. FAC ¶ 110. He then had off-line conversations with Defendant Baugh, where in at least one, he was very heated, pointing at Defendant Baugh and telling him to take any actions necessary to neutralize the Steiners and identity Fidomaster. FAC ¶ 111. During this conversation, he also promised Defendant Baugh "executive level support" if efforts led to "any legal problems." *Id.* While at this point Plaintiffs have not conducted discovery in order to uncover all conversations between Defendants Wymer and Baugh, to allege Plaintiffs have conceded he had no part in the planning, or that there is insufficient evidence within the Amended Complaint to suggest he participated, is erroneous.

Additionally, Defendant Wymer attempts to separate himself from the coverup stage by alleging that although "Baugh asked for 'top cover' *after* Defendants ceased their bad acts, it does not allege that Wymer responded to that request or agreed to assist." Document No. 239 at 2. Defendant Wymer, however, was the first to offer "executive level support" and that he would "embrace managing any bad fallout" *before* the acts; Defendant Baugh appeared only to be cashing in on those promises. FAC ¶ 85, 111, 266. Moreover, on August 24, 2019, the very next date after Defendant Baugh's text request for "top cover," Defendants Wymer and Baugh had a 10+ minute phone conversation, and Defendant Wymer deleted the record of that phone call, suggesting nefarious communications, not a disavowal of the acts and a refusal to provide "top cover." FAC ¶ 269. Evading capture is part of the conspiracy.

Moreover, while Plaintiffs did not allege Defendant Wymer negligently hired Defendant Baugh, Plaintiffs in no way suggested or conceded Defendant Wymer was unaware of Defendant

Baugh's "red flag" and erratic behavior. Plaintiffs, for one, could not allege Defendant Wymer negligently hired him where Defendant Baugh started working at eBay long before Defendant Wymer was hired. Plaintiffs did, however, allege that Defendant Baugh's workspace was directly adjacent to Defendant Wymer's conference room suite, so he would have been in close contact with Defendant Baugh and been aware of his disposition, and Plaintiffs did, in fact, allege that Defendant Wymer failed to adequately supervise him. FAC ¶ 311, 324. Defendant Wymer's emotionally-charged language with Defendant Baugh also suggested he knew of Defendant Baugh's propensities, where he referred to Ina Steiner as a "biased troll," instructed Defendant Baugh to burn the Steiners to the ground, and other directives that one might be concerned with lodging for fear of repercussions without fully knowing his audience. FAC ¶ 85.

While Defendant Wymer now alleges that phrases like "whatever it takes" and other language he used "in the ordinary course makes it unreasonable to construe it as a directive to commit crimes," must be interpreted along with his promises for "executive level support" and "managing fallout." FAC ¶ 85, 110-111. If he believed Defendant Baugh would be engaging in completely legal and ethical practices, it begs the question why he would need to promise backup.

Ultimately, Plaintiffs set forth facts that are sufficient to demonstrate Defendant Wymer's involvement, so the motion to dismiss must be denied where the allegations give rise to a plausible claim for relief. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013). *See also Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (plausibility "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the illegal [conduct]" and where "a material part of the information needed" is

"within the defendant's control" this Court should allow "some latitude…in applying the plausibility standard.").

> II. **Plaintiffs do not concede that Defendant Baugh's conduct broke the chain of causation between Wymer and Plaintiffs' injury.**

Defendant Wymer claims Plaintiffs conceded that Defendant Baugh's conduct broke the chain of events between Defendant Wymer's conduct and the acts that followed relating to the Negligent Infliction of Emotional Distress claim. *See* Document No. 239 at 6-8. Plaintiffs made no such concession.

Also, Defendant Wymer's claim that Plaintiffs failed to contest their claim that the chain was broken is without merit. *See* Document No. 239 at 8. As Plaintiffs outlined, "[w]here the intervening occurance was foreseeable by a defendant, the causal chain of events remains intact and the original negligence claim remains a proximate cause of a plaintiff's injury." Document No. 221 at 20. Plaintiffs then went on to argue that Defendant Wymer and the other Defendants' argument that the harm was not reasonably foreseeable to them was erroneous. *Id.*

Not only did Plaintiffs not concede Defendant Baugh broke the causal chain between Defendant Wymer and Defendant Baugh, Plaintiffs consistently argued the opposite; they have maintained that Defendant Wymer is one of the direct causes of the acts that damaged the Plaintiffs, where he directly disseminated Defendant Wenig's order to Defendant Baugh, and then kept in communication with him to ensure he carried through, encouraging him to commit the illegal acts by offering top cover and legal help if he got caught. Document No. 221 at 20-21.

Under the circumstances, Plaintiffs have sufficiently pled claims of negligence, where it was reasonably foreseeable that Defendant Wymer's directives would result in serious harm to Plaintiffs. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (highlighting court finds whether claim plausible at pleading stage).

**CONCLUSION**

Wherefore, for the reasons set forth in this Sur-Reply and Plaintiffs' Consolidated Opposition to the Defendants' Motion to Dismiss (Document No. 221), Plaintiffs respectfully request that this Court deny Defendant Wymer's Motion to Dismiss.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com


Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:  July 26, 2023                    Signed: /s/ Rosemary Scapicchio