UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>        Plaintiffs<br><br>vs.<br><br>eBay, Inc., et al.,<br>        Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT JONES'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
**(*Leave to File Granted on June 16, 2023*)**

Now come the Plaintiffs and respectfully file this Sur-Reply to Defendant Jones's Reply Brief in Support of her Motion to Dismiss Plaintiffs' Amended Complaint.

**I.    Contrary to Defendant Jones's claim, Plaintiffs did not simply lump her together in Group-Pled allegations.**

Defendant Jones alleges that Plaintiffs merely lumped her in with the other Defendants and did not set forth sufficient information to suggest she was involved in the conspiracy.

Defendant Jones seems to suggest that because Plaintiffs did not directly specify that she "was a party to the August 1 text messages in which defendants Wenig, Wymer and Baugh allegedly planned to take Ina Steiner down," she could not have been involved in directing and encouraging the acts of the conspiracy. *See* Document No. 241 at 5. As outlined in the Amended Complaint, however, this was an ongoing, months-long targeting of the Steiners. FAC ¶¶ 52-54, 60, 61, 64, 66, 70, 73, 76, 80, 82. Defendants Wenig, Wymer and Jones had directed Defendant

1

Baugh and his team to monitor EcommerceBytes at all hours of the day and night, and to report back to the executive team. FAC ¶ 52.

Dating back to May of 2019, Defendant Jones was a party to an email with Defendant Wymer and Baugh where they discussed an EcommerceBytes article, which Fidomaster then tweeted and criticized Defendant Wenig for undertaking such a lavish project while eBay was experiencing cost reductions, layoffs and scrutiny by activist investors. FAC ¶ 63. Defendant Jones then emailed Defendant Baugh and asked him to huddle on it at lunch. FAC ¶ 64. At that meeting, Defendant Jones asked Defendant Baugh to deal with the issue "off the radar since comms and legal couldn't handle it" and told him to"[j]ust get it done" and after the meeting, Defendant Baugh provided Defendant Jones with regular updates. FAC ¶ 65. Therefore, Defendant Jones' discussions and directives to take care of things with unconventional means – i.e., not going the typical route of using legal or the communication department – dated back to at least May of 2019. FAC ¶¶ 64-65.

Defendant Jones' involvement did not end there. Defendant Jones and Defendant Baugh had weekly meetings, so Defendant Baugh could keep her updated on the Steiner's campaign progress, among other issues. FAC ¶ 54. In July of 2019, Defendant Baugh played a recorded call for Defendant Jones where a security team member used a false identity and a subject associated with Fidomaster, and in response, Defendant Jones gave Baugh a "fist bump." FAC ¶ 81. During this time, Defendant Baugh's team of analysts continued to keep the executives up to date on all EcommerceBytes and Steiner activities. FAC ¶ 76.

Also, as outlined in the Amended Complaint, eBay never turned over Defendant Jones' interviews – although dozens of others were turned over – and her phone was never searched. FAC ¶ 295. Therefore, its disingenuous to fault Plaintiffs for not possessing every

communication she may have had relating to her involvement in the conspiracy. At this stage, however, Plaintiffs have set forth a plausible claim for relief, and have included "enough fact to raise a reasonable expectation that discovery will reveal evidence of the illegal [conduct]" with respect to each defendant, and each claim set forth in the Complaint. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 17(1st Cir. 2011) ("recognizing chain of events leading to defendants' actions "may often be unavailable to a plaintiff at this early stage of the litigation"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (highlighting court finds whether claim plausible at pleading stage).

**II.     Plaintiffs do not mischaracterize their own allegations in order to sustain claims against Defendant Jones.**

Defendant Jones claims Plaintiffs mischaracterize allegations set forth in their Amended Complaint in opposing the Motion to Dismiss. *See* Document No. 241 at 6. Plaintiffs do no such thing.

Defendant Jones claims that her conversation with defendant Baugh to address the issue "off the radar" was an isolated statement referring only to the EcommerceBytes article about Walker's West. *See* Document No. 241 at 6. First, this is a factual question, not appropriate for a motion to dismiss. Instead, the Court must construe the facts and inferences in Plaintiffs favor. *See Rodriguez-Reyes v. Molina-Rodrigues*, 711 F.3d 49, 53 (1st Cir. 2013).

Moreover, Defendant Jones cannot simply pluck out one paragraph of the Amended Complaint and ignore all other context. As the Plaintiffs clearly outlined, Defendant Jones and other executive members' obsession and monitoring of EcommerceBytes and the Steiners was long-standing. FAC ¶ 52. The conduct targeting the Steiners escalated over time until it resulted in the August 2019 conduct. FAC ¶¶ 60-82. While the first time Defendant Jones ever instructed that the issue be taken care of off the radar occurred in May of 2019, this became a theme that

carried through the August 2019 events. FAC ¶¶ 65, 92. On August 6, 2019, Marie Huber advised Defendant Wenig and Defendant Wymer that legal remedies for dealing with @unsuckEBAY aka Fidomaster, who the executives believed to be associated with the Steiners, would not be effective.  FAC ¶ 92.

While Defendant Jones alleges that there is no information to suggest she believed Fidomaster was associated with the Steiners, one of the allegations set forth in the Amended Complaint is that *all* Defendants believed that they were connected. FAC ¶ 71, 76, 98. That is the very reason Defendant Baugh's team arranged to have Fidomaster painted on the Steiners fence in June of 2019, and Defendant Gilbert also conducted reconnaissance – an extension of the all hands on deck online monitoring of EcommerceBytes – to carry out any future acts. FAC ¶¶ 73-74.  That Defendant Jones would be in on conversations regarding EcommerceBytes and the Steiners and receive monitoring of all online activity including Fidomaster, but not learn of the connection everyone else knows about defies logic. FAC ¶ 53.

Plaintiffs also do not misconstrue the holding in *Thomas v. Harrington*, 909 F.3d 483 (1st Cir. 2018) a case Defendant Jones contends stands for the proposition that the instruction to "dig deep" did not establish the town manager entered a conspiracy.  Document No 241 at 7. The case did, in fact, turn on the investigator's intent.  *See Thomas,* 909 F.3d at 491-492.  The Court by no means found that the instruction to "dig deep" was insufficient to connect the town manager to a conspiracy against the Plaintiff, at least with respect to the "substantial assistance" theory. *Id*.

Instead, the court found there was no evidence the investigator had a nefarious intent, in order to suggest the investigator had a meeting of the minds with the town manager who issued the directive to "dig deep." *Id.* at 492 ("While as the district court noted, Harrington [the town manager] may have encouraged St. Pierre [the investigator] to 'dig deep' for facts against [the

Plaintiff], that alone is insufficient to support a finding that St. Pierre was aware of Harrington's alleged tortious purpose."). In other words, although the town manager had a nefarious intent when following the investigation and issuing the instruction to "dig deep," the individual carrying out the investigation did not share that nefarious intent and there is no such act as a single-sided conspiracy. *Id. citing Grant v. John Hancock Mut. Life Ins. Co*., 183 F.Supp2d 344, 363-64 (D. Mass. 2002) ("Because a conspiracy requires an agreement to commit a wrongful act, none can exist where an alleged participant lacks knowledge that a wrongful act is being perpetrated.").

Here, however, Defendant Jones – the person issuing the directive – instructed Defendant Baugh, a person who undoubtedly shared in her nefarious intent. As a result, a meeting of the minds occurred where Defendant Jones wanted the Steiners and EcommereBytes taken care of "off the radar", she issued a directive to Defendant Baugh, and Defendant Baugh likewise shared the intent to take down the Plaintiffs.

Ultimately, Plaintiffs do not mischaracterize any facts within the Amended Complaint or any caselaw in arguing Defendant Jones' request for dismissal is unfounded. Plaintiffs set forth sufficient facts at this stage to demonstrate a "plausible claim to relief." *Rodrigues-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013); *Twombly*, 550 U.S. at 556.

## **CONCLUSION**

Wherefore, for the reasons set forth in this Sur-Reply and Plaintiffs' Consolidated Opposition to the Defendants' Motion to Dismiss (Document No. 221), Plaintiffs respectfully request that this Court deny Defendant Jones's Motion to Dismiss.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com



Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   July 26, 2023                              Signed: /s/ Rosemary Scapicchio