UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>    Plaintiffs<br><br>vs.<br><br><br>eBay, Inc., et al.,<br>    Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT GILBERT'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
*(Leave to File Granted On June 16, 2023)*

Now come the Plaintiffs and respectfully file this Sur-Reply to Defendant Gilbert's Reply Brief in Support of his Motion to Dismiss Plaintiffs' Amended Complaint.

**I.    Plaintiffs do not misconstrue the legal standard, but instead, Defendant Gilbert attempts to hold Plaintiffs to too high a burden.**

Plaintiffs do not "misconstrue the applicable legal standard." To the contrary, it is Defendant Gilbert that places far to high a burden on the Plaintiffs.

Defendant Gilbert appears to expect the level of specificity from a Complaint that one would present at trial, which is clearly a burden Plaintiffs are not required to meet at this stage. Defendant Gilbert complains that Plaintiffs "lump" him in with other Defendants. *See* Document No. 237 at 1. That Defendant Gilbert appears often with other defendants is a product of Defendant Gilbert's own acts or his actions in concert with others as part of the conspiracy to stalk, harass, and intimidate the Steiners.

1

For example, Defendant Gilbert takes issue with the fact that Plaintiffs alleged that Defendant Gilbert and other named Defendants collectively approved offending Twitter messages. *Id.* at 1-2. As clearly alleged in the Amended Complaint, Defendant Popp drafted the messages, then shared them in the WhatsApp group chat, which included Baugh, Cooke, Stockwell and Zea. FAC ¶ 104. After the Defendants approved the messages, Defendant Popp would publish them. *Id.* It is difficult to see how much more specificity Plaintiffs could provide at this junction, where the WhatsApp messages were largely deleted, and Plaintiffs have not yet had an opportunity to conduct discovery, so the language Defendant Gilbert used in approving the messages is not available at this point.

## II.     Contrary to Defendant Gilbert's argument, Plaintiffs addressed each of his stalking argument, and set forth a plausible claim for relief.

In June of 2019, Defendant Gilbert scrawled "Fidomaster" on the Steiners' fence, then entered their property to conduct physical reconnaissance so that he and his co-defendants could later carry out the August 2019 stalking campaign. FAC ¶¶ 73, 74. Defendant Gilbert was then actively involved in the threatening, harassing Tweets. FAC ¶¶ 104, 194. In fact, he pled guilty to conspiracy to commit cyberstalking, and the very acts that he now attempts to claim he did not participate in. FAC ¶ 366.

Defendant Gilbert cherry picks portions of Plaintiffs argument to claim they made certain "concessions" in order to suit his position, including claiming Plaintiffs conceded the acts committed in California do not meet the definition of stalking, and only the Massachusetts conduct amounted to stalking, or that the conduct in question is not reason to apply extraterritorial jurisdiction. *See* Document No. 237 at 2-3. Plaintiff made no such concessions. While obviously the "physical surveillance and stalking occurred in Massachusetts" because that is where the Steiners were physically located, Plaintiffs made clear that the conduct which

occurred in California and was directed at Plaintiffs also falls within the California stalking statute. *See* Document No. 221 at 54-64. As is clearly spelled out in the California stalking statute, harassing conduct falls within the statute, and the relentless tweets certainly fall within California's definition of harassing conduct. *See* Cal. Civ. Code § 1708.7. Moreover, credible threats fall within the statute, and threats "communicated by means of an electronic communication device" are specifically included within the definition. *Id.*

Contrary to Defendant Gilbert's claims, Plaintiffs are not attempting to apply the California stalking statute to only the Massachusetts conduct, and arguing the acts in California were not stalking acts and merely a precursor to conduct that fell within the statute occurring in Massachusetts. As Plaintiffs made clear, the California conduct itself also falls within the statute and constitutes stalking. Defendant Gilbert's attempts at recasting Plaintiffs arguments do not change that.

Also, contrary to Defendant Gilbert's willful blindness, Plaintiffs did respond to his argument that the California statute does apply extraterritorially. Document No. 221 at 62. Plaintiffs are not attempting to perform their own choice of law analysis; Plaintiffs are applying the correct factors and demonstrating why, at the very least, the stalking which occurred in California through the internet and mail falls within the California Stalking statute, and why the Massachusetts conduct – as an extension of this conduct, which was occurring simultaneously with the California acts – should also fall within the California stalking statute.

### III.     Plaintiffs have set forth a plausible claim against Defendant Gilbert as to the remaining counts.

Defendant Gilbert rehashes the same arguments as to the remaining claims: Negligence (Counts Three & Four), Assault (Count Eight), Civil Rights (Count Nine), Defamation (Count Ten), and False Imprisonment (Count Eleven).

3

As to these counts, as outlined in Plaintiffs Consolidated Opposition to Defendants' Motions to Dismiss, Plaintiffs have set forth a plausible claim for relief; the context specific inquiry does not demand "a high degree of factual specificity." *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013). "There need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013).

Defendant Gilbert flew to Massachusetts in June of 2019, and scrawled Fidomaster on the Steiners' fence, then further stalked them by attending a yard sale on their property, scoping out their home and property unbeknownst to the Steiners. FAC ¶¶ 73, 74. He then attended a planning session on August 6, 2019, to assist in strategizing the next steps in the conspiracy, including sending harassing packages and threatening tweets. FAC ¶ 93. After the meeting, Defendant Gilbert was on the WhatsApp chat, where he assisted in approving the threatening tweets, and later helped plan and brainstorm further package deliveries. FAC ¶ 104. Defendant Gilbert even met with Samoan gang members and paid them $4,000.00 to stalk the Steiners as Plan B, if their original plan did not achieve the intended goal. FAC ¶ 89. After the campaign was uncovered by NPD detectives, Defendant Gilbert boldly flew to Natick to throw the detectives off their track, and repeatedly lied to police investigators, including falsely claiming the Steiners were "Persons of Interest" and that members of eBay were in Natick to investigate fabricated threats in an effort to make the Steiners appear crazy and to make them "look like the problem." FAC ¶¶ 212, 236.

After the Natick meeting with investigators, Defendant Gilbert referred to the investigators as clueless, then stated, "we [have] known the targets have been very impacted by this op. Perfect time for next phase." ¶ 254. Defendant Baugh then told him to bring out "bad boy," which was the previously paid gang member. *Id.* Although acknowledging how much the

4

Steiners were "impacted," Defendant Gilbert still called Ina Steiner, identified himself as an eBay employee and offered assistance to the Steiners. ¶ 264. Afterwards, Defendant Gilbert updated the group and informed them that the Steiners were "totally rattled," and referred to Ina as a "bitch." ¶ 265.

Defendant Gilbert also personally created a fake Twitter handle, and sent the Steiners tweets. FAC ¶ 194. In other words, contrary to what Gilbert attempts to cast as the facts in the Amended Complaint, he not only approved messages but also was a direct actor. In the course of Defendant Gilbert's duties, he was assigned to assist a well-known eBay seller, and investigate an incident where the seller was attacked by eBay staff. *Id.* Instead of assisting the seller, Defendant Gilbert created a fake Twitter handle in an attempt to falsely assume the seller's identity, to send the Steiners menacing messages, with the potential to shift the blame from eBay onto an honest, true eBay seller, and attempt to make the seller the fall guy. *Id.*

While Defendant Gilbert attempts to limit his conduct to a small fraction of the allegations set forth in the Amended Complaint, his communications and actions demonstrate he was in the thick of the planning, organizing, carrying out and cover up, and that he engaged in some of the more disturbing acts, especially given his background as a retired police Captain. FAC ¶ 33. In viewing the totality of the Amended Complaint, and given that there "need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action," Plaintiffs have included "enough fact to raise a reasonable expectation that discovery will reveal evidence of the illegal [conduct]." *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 17 (1st Cir. 2011) (recognizing chain of events leading to defendants' actions "may often be unavailable to a plaintiff at this early stage of the litigation"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**CONCLUSION**

Wherefore, for the reasons set forth in this Sur-Reply and Plaintiffs' Consolidated Opposition to the Defendants' Motion to Dismiss (Document No. 221), Plaintiffs respectfully request that this Court deny Defendant Gilbert's Motion to Dismiss.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com

Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   July 26, 2023                    Signed: /s/ Rosemary Scapicchio