UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>　　(*Publisher of EcommerceBytes*)<br>　　　　　Plaintiffs<br><br>vs.<br><br><br>eBay, Inc., et al.,<br>　　　　　Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' REPLY TO DEFENDANT PFC'S OPPOSITION TO MOTION TO STRIKE**
*(Leave to File Granted on June 30, 2023)*

Now come the Plaintiffs and respectfully file this Reply to Defendant PFC's Opposition to Plaintiffs' Motion to Strike.

Defendant PFC essentially attempts to deny the allegations contained within the Amended Complaint in a Fed. R. Crim. P. 12(b)(6) motion. Since this is procedurally improper, and would permit Defendant PFC to take the benefits of an Answer without making any admissions, this Court should allow the Motion to Strike. *See* Geary, *The Exception to Rule 12(d): Incorporation by Reference of Matters Outside the Pleadings*, Univ. Chi. L. Rev. 89:4 at 987-988 (2022), *citing Stewart v. Masterson*, 131 U.S. 151, 158 (1889) (new facts must be introduced in Answer, not in attack on legal sufficiency of complaint); *McConville v. Dist. Of Columbia*, 26 F.Supp. 295, 296 (D.C. Cir. 1938). *See also Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-496 (D. Mass. 2015) (motion to strike vehicle for challenging documents not in compliance with Federal Rules of Civil Procedure).

**ARGUMENT**

      **Defendant PFC's claim that they can refer to the original Complaint, and that documents attached to the original Complaint "undercut" the Plaintiffs' claims is inaccurate.**

      Contrary to Defendant PFC's suggestion, Plaintiffs are in no way hiding the ball or no longer "wish[ing] the Court to be aware of th[e] evidence" attached in previous pleadings. Instead, the documents were not necessary because Plaintiffs incorporated information learned in the criminal case, and through outside investigation since the filing of the original Complaint, into the Amended Complaint; Plaintiffs did not omit the documents *and* the information contained within them.

      Notably, Defendant PFC does not point to any information in the previously submitted documents that "undercut" Plaintiffs' claims against PFC. To the extent Defendant PFC is relying on the criminal investigation to claim the company had no role in the conspiracy, the US Attorney's Office apparently did not even investigate PFC, and eBay's lobby to the Government was focused on eBay, Wenig and Wymer, not PFC. Failing to investigate or hardly mentioning Defendant PFC in the criminal case hardly equates to a finding that "PFC had no role or knowledge of the complained bad acts." ECF Document No. 230 at page 2.

      Moreover, Defendant PFC points out that "statements made in a superseded complaint are null and void for all purposes," but fails to acknowledge that the circumstances under which prior statements "may be party admissions" do not apply here. ECF Filing No. 230 at page 1, *citing InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003); *Wiseman v. Reposa*, 463 F.2d 226, 227 (1st Cir. 1972). In those cases, the Court alluded to the fact that if there was an "unfair advantage" or the Amended Complaint somehow concretely and substantively changed material facts, the Plaintiffs may be bound by the original Complaint. *See InterGen N.V.*, 344 F.3d at 145

(noting Plaintiffs not bound by original complaint where it did not give Plaintiffs "unfair advantage"); *Wiseman*, 463 F.2d at 227 (original complaint alleged accident on one date, and subsequent complaint added another with no explanation).

Here, there were no material omissions from the original Complaint. While Plaintiffs did not reattach documents, Plaintiffs incorporated the additional information they learned since the filing of the original Complaint through independent investigation, relevant to the issues pled in the Amended Complaint. In other words, Plaintiffs added *more* information to the Complaint, not less, and none of the facts were materially changed nor were they contradictory to the original Complaint in order to provide Plaintiffs with an "unfair advantage." *InterGen N.V.*, 344 F.3d at 145.

## **CONCLUSION**

For these reasons, and the reasons set forth in Plaintiffs' Motion to Strike, this Court should strike the requested information.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com

Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

<u>/s/ Jillise McDonough</u>
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   <u>July 26, 2023</u>               Signed: <u>/s/ Rosemary Scapicchio</u>