UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

Ina Steiner,
David Steiner,
Steiner Associates, LLC,
    (*Publisher of EcommerceBytes*)
           Plaintiffs

vs.

eBay, Inc., et al.,
           Defendants

CASE NO: 1:21-cv-11181

**PLAINTIFFS' REPLY TO DEFENDANT JONES'S OPPOSITION TO MOTION TO STRIKE**
(*Leave to File Granted on June 30, 2023*)

      Now come the Plaintiffs and respectfully file this Reply to Defendant Jones's Opposition to Plaintiffs' Motion to Strike to address the claims that a Motion to Strike is procedurally improper, and that the statements Plaintiffs seek to strike may properly be considered on a Motion to Dismiss.

      Defendant Jones essentially attempted to deny the allegations contained within the Amended Complaint in a Fed. R. Crim. P. 12(b)(6) motion. Since this is procedurally improper, and would permit Defendant Jones to take the benefits of an Answer without making any admissions, this Court should allow the Motion to Strike. *See* Geary, *The Exception to Rule 12(d): Incorporation by Reference of Matters Outside the Pleadings*, Univ. Chi. L. Rev. 89:4 at 987-988 (2022), *citing Stewart v. Masterson*, 131 U.S. 151, 158 (1889) (new facts must be introduced in Answer, not in attack on legal sufficiency of complaint); *McConville v. Dist. Of Columbia*, 26 F.Supp. 295, 296 (D.C. Cir. 1938). *See also Turner v. Hubbard Sys.,* 153 F. Supp.

3d 493, 495-496 (D. Mass. 2015) (motion to strike vehicle for challenging documents not in compliance with Federal Rules of Civil Procedure).

**ARGUMENT**

### I. Rule 12(f) is applicable where Plaintiffs are not seeking to strike legal arguments or the entirety of Defendant Jones's Motion to Dismiss.

As Defendant Jones implicitly acknowledges, the First Circuit has never determined that a district court does not have the authority to strike improper statements within a Defendant's Motion to Dismiss. While decisions in this district have made cursory statements stating that Rule 12(f) does not authorize a court to strike a motion to dismiss, the First Circuit has found proper the striking of documents or information attached to a motion for summary judgment, although under Rule 7 a motion for summary judgment does not fall within the definition of a "pleading." *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997).

Here, Plaintiffs do not attempt to strike the entire motion to dismiss, or any legal arguments. *Cf. Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-96 (D. Mass. 2015) (motions to strike not proper vehicle for objecting to legal arguments raised in motion to dismiss). As set forth in Plaintiffs' Motion to Strike, they are seeking only to strike the "factual" information Defendant Jones includes that is not part of the Amended Complaint, when she alleges she found out certain information pertaining to the conspiracy, and her challenges of the veracity of factual allegations set forth in the Amended Complaint. All of this information is wholly improper to include in a Motion to Dismiss, where the claims must be assessed when evaluating only the contents of the Complaint as set forth in Rule 12(b)(6) and notes. *See Watterson*, 987 F.2d at 3.

As a result, a motion to strike the information outlined in Plaintiffs' Motion to Strike and is proper. *See Turner,* 153 F. Supp. 3d at 496 (noting party may move to strike documents other than "pleadings" where the "documents [are] not in compliance with the Federal Rules of Civil

Procedure"). The information outlined is wholly improper to include in a Motion to Dismiss, where the claims must be assessed when evaluating only the contents of the Complaint as set forth in Rule 12(b)(6) and notes. *See Watterson*, 987 F.2d at 3.

> **II.    Contrary to Defendant Jones' claim, the information Plaintiffs move to strike is not properly before the Court under Rule 12(b)(6).**

While Defendant Jones attempts to cast the information Plaintiffs seeks to strike are "legal arguments," this is a mischaracterization.

Defendant Jones' denials that she had certain conversations with Defendant Baugh, or that she encouraged, directed and condoned the activities during her conversations with Defendant Baugh, or when she learned of the events in Natick, are not "legal arguments." *See e.g.,* ECF Filing No. 206 at page 3 n. 1 ("Ms. Jones wholeheartedly rejects these allegations – she never told Mr. Baugh to do anything 'off the radar.'"); page 2 ("Ms. Jones was unaware of the events in Natick until late August 2019").[1] These allegations bear directly on Defendant Jones' state of mind, and are clearly "factual" denial statements by Defendant Jones absent the filing of any Answer.

Defendant Jones also attempts to attribute certain claims within the Amended Complaint solely to Defendant Baugh's sentencing memorandum. ECF Filing No. 232 at page 5. Defendant Jones, however, has no direct knowledge as to whether Plaintiffs have corroborated or obtained certain information from other sources, and therefore, it does not "render[] [documents from the

---

[1] Ms. Jones claims Plaintiffs attempt to strike that she was on sabbatical, even though this is contained within the Amended Complaint. This is not true. Plaintiffs seek to strike that Ms. Jones claims she was unaware of the events in Natick until late August of 2019 because she was on sabbatical, and that she only learned of the events from the legal department upon her return. ECF Filing No. 206 at 2. This is not contained anywhere within the Complaint, and is extraneous information.

criminal case] fair game for the Defendants to reference in their motions." ECF Filing No. 232 at page 5.

Moreover, contrary to Jones' argument, the statements are "immaterial" and "impertinent." ECF Filing No. 232 at page 4. Defendant Jones' denials of the factual allegations in the Complaint, and her claims as to what actually occurred, are in fact immaterial and impertinent to a 12(b)(6) motion where the Court must take Plaintiffs factual allegations as true. Interjecting her own version of events does prejudice Plaintiffs where it muddies the waters and places improper information before the Court at this stage.

Since the only statements Plaintiffs seek to strike are factual, not legal arguments, and Plaintiffs have satisfied the standard under Rule 12(f), this Court should strike the statements outlined in their original Motion to Strike. *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997); *Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-96 (D. Mass. 2015).

## **CONCLUSION**

For these reasons, and the reasons set forth in Plaintiffs' Motion to Strike, this Court should strike the requested information.

    Respectfully submitted,
    INA AND DAVID STEINER
    By their attorney,

    /s/ Rosemary Curran Scapicchio
    Rosemary C. Scapicchio, BBO No. 558312
    Law Office of Rosemary Scapicchio
    107 Union Wharf
    Boston, MA 02109
    617.263.7400
    Rosemary@Scapicchiolaw.com

                                        Respectfully submitted,
                                        STEINER ASSOCIATES, LLC
                                        By its attorney,

                                        <u>/s/ Jillise McDonough</u>
                                        Jillise McDonough, BBO No. 688694
                                        Law Office of Jillise McDonough
                                        107 Union Wharf
                                        Boston, MA 02109
                                        617.263.7400
                                        Jillise@Scapicchiolaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   <u>July 26, 2023</u>                Signed: <u>/s/ Rosemary Scapicchio</u>