UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>             Plaintiffs<br><br>vs.<br><br>eBay, Inc., et al.,<br>             Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' REPLY TO DEFENDANT WENIG'S OPPOSITION TO MOTION TO STRIKE**
*(Leave to File Granted on June 30, 2023)*

Now come the Plaintiffs and respectfully file this Reply to Defendant Wenig's Opposition to Plaintiffs' Motion to Strike to address the claims that a Motion to Strike is procedurally improper, and that the Plaintiffs failed to meet the standard set forth in Fed. R. Civ. P. 12(f).

Preliminarily, Defendant Wenig attempts to be obtuse, claiming he does not know what Plaintiffs seek to strike, Plaintiffs clearly set forth that they are moving to strike all of the "factual" statements in the first six pages of Defendant Wenig's Motion to Dismiss and the reference on page 20 to former AUSA Lellings statements on 60 minutes, none of which are contained within the Amended Complaint (or original Complaint for that matter), incorporated therein, or fall within an exception to including extrinsic evidence. Plaintiffs outline in more specific detail the exact "factual" information it seeks to strike from Defendant Wenig's memorandum in support of his Motion to Dismiss.

1

To the extent Defendant Wenig claims it is unclear what information Plaintiffs are seeking to strike, Plaintiffs make clear the following should be stricken:

1. ECF Filing No. 197 at page 1 – the claims are "contrary to Wenig's character, conduct and reputation";

2. ECF Filing No. 197 at page 1 – "no one participated [sic] in the harassment has ever said that Wenig was involved," that Baugh "admitted that he is 'one hundred percent responsible,'" and that "the U.S. Attorney's Office that investigated the case told this Court that '[t]here's no one above Jim Baugh at eBay who thought up the depraved things that happened to David and Ina Steiner."

3. ECF Filing No. 197 at pages 2-3 – quotations from Defendant Baugh's sentencing transcript, which, as outlined *infra* in Section I, Defendant Wenig previously argued was "inherently unreliable" and did not fall within the exceptions for considering extrinsic evidence;

4. ECF Filing No. 197 at pages 2-3 FN 2 – referencing Defendant Baugh's arrest warrant and documents filed in *U.S. v. Baugh*, 20-cr-10263 (D. Mass. Sept. 29, 2022);

5. ECF Filing No. 197 at pages 3-4 – references to a "series of conversations in which Wenig and Wymer discussed how to publicize the fact that EcommerceBytes' reporting was biased by the substantial advertising dollars that it took from eBay's direct competitors and a disservice to the small sellers who relied on it as an independent source of news to their detriment."

6. ECF Filing No. 197 at page 4 – the claim that Wenig's text "take her down" was "a colloquial phrase commonly used in public relations and communications circles."

7. ECF Filing No. 197 at page 5 – the claim that Wymer alone gave Baugh the directive to burn Steiner down;

8. ECF Filing No. 197 at 6

    a. Wenig's sabbatical was planned months in advance;

    b. Wenig did not tell Baugh "[t]he Cavalry is back" the day before he returned from sabbatical;

    c. Wenig's Tweet "Oh boy" was in response to a *Wall Street Journal* article concerning an investigation into a competitor;

    d. Wenig's departure from eBay was not related to the harassment of the Steiners, but rather was "prompted by a disagreement with the board";

9. ECF Filing No. 197 at page 20 – quote by former AUSA Lelling on 60 minutes.

As set forth below, this information must be stricken where it was not contained within the Amended Complaint, and Defendant Wenig failed to establish that the information falls within the limited recognized exceptions to including extrinsic evidence in the context of a Motion to Dismiss.

Defendant Wenig essentially attempted to deny the allegations contained within the Amended Complaint in a Fed. R. Crim. P. 12(b)(6) motion. Since this is procedurally improper, and would permit Defendant Wenig to take the benefits of an Answer without making any admissions, this Court should allow the Motion to Strike. *See* Geary, *The Exception to Rule 12(d): Incorporation by Reference of Matters Outside the Pleadings*, Univ. Chi. L. Rev. 89:4 at 987-988 (2022), *citing Stewart v. Masterson*, 131 U.S. 151, 158 (1889) (new facts must be introduced in Answer, not in attack on legal sufficiency of complaint); *McConville v. Dist. Of Columbia*, 26 F.Supp. 295, 296 (D.C. Cir. 1938). *See also Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-496 (D. Mass. 2015) (motion to strike vehicle for challenging documents not in compliance with Federal Rules of Civil Procedure).

**ARGUMENT**

    **I.**     **The Court should strike the documents and Defendant Wenig's interpretation of the documents, where he previously argued the same documents "cannot be considered on a motion to dismiss" and that they were "inherently unreliable."**

Contrary to Wenig's suggestion, Plaintiffs did not "regret" filing documents obtained from Defendant Baugh and Harville's criminal cases, and thus made the decision not to append them to the Amended Complaint. Instead, the documents were not necessary because Plaintiffs had the opportunity to amend their Complaint, and incorporate information learned in the

criminal case, and through outside investigation since the filing of the original Complaint, into the Amended Complaint.

The documents Wenig now seeks to reference and rely upon – that he claims Plaintiffs selectively chose to omit although previously submitting to the Court – were not attached to Plaintiffs first Complaint.[1] Instead, the documents came to light after the Complaint was filed, after the Defendants filed Motions to Dismiss, and after Plaintiffs filed a consolidated opposition to the Motions to Dismiss. Once relevant documents were submitted in conjunction with the prosecution of Defendants Baugh and Harville, Plaintiffs filed a motion to supplement their opposition, to include the relevant documents, rather than start the process anew by moving to file an Amended Complaint.

Notably, it was Defendant Wenig who opposed the submission of the documents, arguing that the "documents cannot be considered on a motion to dismiss." ECF Filing No. 149 at 6. Defendant Wenig stated that the Court "may not consider extrinsic evidence unless a particular exception applies, and that the "narrow exceptions" set forth in *Watterson* do not apply here, and thus the Court should not consider them. Even further, Defendant Wenig referred to the documents as an "inherently unreliable source," but now seeks to rely upon them in his Motion to Dismiss.

To the extent Defendant Wenig claims a motion to strike is not the appropriate vehicle to request that the Court not consider the documents, this is also incorrect. *See Alternative Energy,*

---

[1] Defendant Wenig also erroneously suggests Plaintiffs omitted information from the documents when amending the Complaint, and that the information somehow harmed Plaintiffs and exonerated Defendant Wenig. This is a fallacy. None of the documents "exonerate" Defendant Wenig, nor do any harm Plaintiffs case. Plaintiffs included information within their Amended Complaint that were corroborated by other sources, and which satisfied the claims set forth in the Complaint, nothing more and nothing less.

4

*Inc. et al v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33-34 (2001) (suggesting motion to strike appropriate if document appended to motion to dismiss does not fall within recognized exception for considering extrinsic evidence).

      **II.**      **Rule 12(f) is applicable where Plaintiffs are not seeking to strike legal arguments or the entirety of Defendant Wenig's Motion to Dismiss.**

Contrary to Defendant Wenig's representations, there are no First Circuit decisions which forbid striking improper factual allegations or documents from a Defendant's Motion to Dismiss. ECF Filing No. 229 at 2-3. Defendant Wenig cites to an Order on a Motion to Compel issued by a Magistrate Judge for the proposition that "[t]he First Circuit has repeatedly held that memoranda and motions are not considered pleadings within the meaning of the Rules of Federal Civil Procedure," the First Circuit cases cited within that Order do not actually stand for that proposition. ECF Filing No. 229 at 2, *citing Judson v. Midland Credit Mgmt, Inc.,* 2014 WL 4965944, at *3 (D. Mass. Oct. 1, 2014) (collecting cases). Instead, the cases collected in that Order either do not address motions to strike at all, or define what constitutes a "responsive pleading" relating to whether a Plaintiff has the right to amend the complaint as a matter of course after a motion to dismiss is filed, not whether a motion to strike may be used to excise portions of a motion or extraneous material used in violation of the rules of procedure. *See, e.g., Kuehl v. FDIC*, 8 F.3d 905, 907 n. 4 (1st Cir. 1993).

On the other hand, the First Circuit has found proper the striking of documents or information attached to a motion for summary judgment, although under Rule 7 a motion for summary judgment does not fall within the definition of a "pleading." *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997).

Here, Plaintiffs do not attempt to strike the entire motion to dismiss, or any legal arguments. *Cf. Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-96 (D. Mass. 2015) (motions

5

Case 1:21-cv-11181-PBS   Document 254   Filed 07/26/23   Page 6 of 8

to strike not proper vehicle for objecting to legal arguments raised in motion to dismiss). Instead, Plaintiffs seek to strike only documents (and a TV interview), direct quotations from those sources, and "factual" information alleged by Defendant Wenig that is not contained anywhere within the Amended Complaint. All of this information is wholly improper to include in a Motion to Dismiss, where the claims must be assessed when evaluating only the contents of the Amended Complaint as set forth in Rule 12(b)(6) and notes. *See Watterson*, 987 F.2d at 3. Instead, Defendant Wenig should have placed any denials in an Answer, instead of reeping the benefits of an Answer without having to make any admissions.

As a result, a motion to strike the information outlined *infra* and the documents quoted in Defendant Wenig's memorandum in support of his motion to dismiss is proper. *See Turner,* 153 F. Supp. 3d at 496 (noting party may move to strike documents other than "pleadings" where the "documents [are] not in compliance with the Federal Rules of Civil Procedure").

### III. Contrary to Defendant Wenig's argument, Plaintiffs do meet the standard set forth in Fed. R. Civ. P. 12(f).

Plaintiffs have met the standard for demonstrating the information they request the Court to strike is "immaterial" and "impertinent." *Cf.* ECF Filing No. 229 at 2. As Defendant Wenig notes, "[a]n immaterial matter has no essential or important relationship to the claim for relief or the defenses being pleaded, while an impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*, *quoting Kajberouni v. Bear Valley Cmty. Servs. Dist.*, 2022 WL17094604, at *6 (E.D. Cal. Nov. 21, 2022).

The statements made by Defendant Baugh during his sentencing hearing – where he stated that he and he alone was responsible for his actions – are impertinent to the issues in question because what Baugh stated to receive a lesser sentence, in a proceeding that calls for attrition, hardly bears on whether Plaintiffs have stated sufficient claims against Defendant

Wenig. Moreover, the AUSA's opinion on whether the Government would prove beyond a reasonable doubt that anyone above Defendant Baugh was involved is also impertinent and immaterial.

Additionally, Defendant Wenig's post-hoc reasoning as to why he made certain statements is also irrelevant and impertinent to the Motion to Dismiss. As is clearly-established, the Court interprets the allegations in the Amended Complaint and all inferences in the light most favorable to Plaintiffs. The time for Defendant Wenig to provide explanations for his conduct and communications is at trial, not during Rule 12(b)(6) litigation. Therefore, his claimed meaning behind the statements is completely irrelevant at this stage, and not for the Court's consideration.

Therefore, not only is a motion to strike the proper vehicle for excluding factual allegations outside the Amended Complaint, Plaintiffs also meet the standard set forth in Fed. R. Civ. P. 12(f). *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997); *Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-96 (D. Mass. 2015). As a result, this Court should allow Plaintiffs' Motion to Strike.

**CONCLUSION**

For these reasons, and the reasons set forth in Plaintiffs' Motion to Strike, this Court should strike the requested information.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com


Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   July 26, 2023                    Signed: /s/ Rosemary Scapicchio