UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>          Plaintiffs<br><br>vs.<br><br>eBay, Inc., et al.,<br>          Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' REPLY TO DEFENDANT WYMER'S OPPOSITION TO MOTION TO STRIKE**
*(Leave to File Granted on June 30, 2023)*

Now come the Plaintiffs and respectfully file this Reply to Defendant Wymer's Opposition to Plaintiffs' Motion to Strike.

Defendant Wymer essentially attempted to deny the allegations contained within the Amended Complaint in a Fed. R. Crim. P. 12(b)(6) motion. Since this is procedurally improper, and would permit Defendant Wymer to take the benefits of an Answer without making any admissions, this Court should allow the Motion to Strike. *See* Geary, *The Exception to Rule 12(d): Incorporation by Reference of Matters Outside the Pleadings*, Univ. Chi. L. Rev. 89:4 at 987-988 (2022), *citing Stewart v. Masterson*, 131 U.S. 151, 158 (1889) (new facts must be introduced in Answer, not in attack on legal sufficiency of complaint); *McConville v. Dist. Of Columbia*, 26 F.Supp. 295, 296 (D.C. Cir. 1938). *See also Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-496 (D. Mass. 2015) (motion to strike vehicle for challenging documents not in compliance with Federal Rules of Civil Procedure).

1

**ARGUMENT**

    **I.    Rule 12(f) is applicable where Plaintiffs are not seeking to strike legal arguments or the entirety of Defendant Wymer's Motion to Dismiss, but rather his counsel's affidavit and attached documents.**

Contrary to Defendant Wymer's representations, there are no First Circuit decisions which forbid striking improper factual allegations or documents from a Defendant's Motion to Dismiss. ECF Filing No. 231 at page 3. Defendant Wymer cites to an Order on a Motion to Compel issued by a Magistrate Judge for the proposition that "[t]he First Circuit has repeatedly held that memoranda and motions are not considered pleadings within the meaning of the Rules of Federal Civil Procedure," and various cases which stated that motions are not pleadings. ECF Filing No. 231 at 3, *citing Judson v. Midland Credit Mgmt*, *Inc.,* 2014 WL 4965944, at *3 (D. Mass. Oct. 1, 2014).

On the other hand, the First Circuit has found proper the striking of documents or information attached to a motion for summary judgment, although under Rule 7 a motion for summary judgment does not fall within the definition of a "pleading." *See Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997).

Here, Plaintiffs do not attempt to strike the entire motion to dismiss, or any legal arguments. *Cf. Turner v. Hubbard Sys.,* 153 F. Supp. 3d 493, 495-96 (D. Mass. 2015) (motions to strike not proper vehicle for objecting to legal arguments raised in motion to dismiss). Instead, Plaintiffs seek to strike only documents, direct quotations from those sources, and "factual" information alleged by Defendant Wymer that is not contained anywhere within the Amended Complaint, including an affidavit with attached documents. All of this information is wholly improper to include in a Motion to Dismiss, where the claims must be assessed when

evaluating only the contents of the Complaint as set forth in Rule 12(b)(6) and notes. *See Watterson*, 987 F.2d at 3.

Most notably, there is clear caselaw that parties may move to strike "other certain types of documents," including an affidavit attached to a dispositive motion. *See Facey v. Dickhaut*, 91 F. Supp. 3d 12, 19-20 (D. Mass. 2014) ("A motion to strike is the appropriate means of objecting to the use of affidavit's evidence on a motion for summary judgment.").

As a result, a motion to strike the information outlined *infra* and the documents quoted in Defendant Wymer's memorandum in support of his motion to dismiss, and his counsel's affidavit and attached documents is proper. *See Turner,* 153 F. Supp. 3d at 496 (noting party may move to strike documents other than "pleadings" where the "documents [are] not in compliance with the Federal Rules of Civil Procedure").

## II.   As previously stated, the Court may not take judicial notice of the press release and Defendant Baugh's sentencing transcript.

While it may be true that the Court may take judicial notice of the press release for the date in which Defendant Wymer began working at eBay, the remaining hearsay is not subject to judicial notice. *See Barnstable County v. 3M Company,* 2017 U.S. Dist. LEXIS 207414 at *10-16 (D. Mass. 2017).

Moreover, as Defendant Wymer previously argued when attempting to foreclose this Court from considering documents in Defendant Baugh's criminal proceedings, his sentencing transcript and other filings are also not subject to judicial notice where court filings "are recognized not for the truth of the matters asserted within them, but instead *only* to establish the fact that related litigation has been initiated or to establish that the fact that documents have been filed in that related case" and the documents cannot be "recognized for the truth of the matters

asserted within them, but instead *only* to establish the fact that related litigation has been initiated…" (Wymer ECF Filing 155).

**CONCLUSION**

For these reasons, and the reasons set forth in Plaintiffs' Motion to Strike, this Court should strike the requested information.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com


Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   July 26, 2023                              Signed: /s/ Rosemary Scapicchio