UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES LLC,<br><br>       Plaintiffs,<br><br>vs.<br><br>EBAY INC., et al.,<br><br>       Defendants. | No. 21-CV-11181<br><br>LEAVE TO FILE GRANTED ON JUNE 16, 2023 (ECF No. 226, 236) |

**DEFENDANT COOKE'S REPLY MEMORANDUM IN SUPPORT
OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT**

A close reading of the Amended Complaint reveals that there are few allegations against Mr. Cooke and none of them are sufficient to prop up the claims against him. He supervised security operations at eBay offices in Europe and Asia and was out of the country when most of the alleged conduct occurred. ¶ 37. He did not travel to Massachusetts or surveil the Plaintiffs. He did not create a twitter account or draft tweets. There are no specific allegations regarding Mr. Cooke and package deliveries. Instead, Plaintiffs claim Mr. Cooke was part of a group of people who approved unspecified tweets in an unspecified manner at an unspecified time. This allegation is insufficient to support the various claims against him. Judicial estoppel similarly fails to save Plaintiffs' claims. Mr. Cooke does not take an inconsistent position in this litigation and none of the policy concerns underlying judicial estoppel are impacted. The claims against Mr. Cooke should be dismissed with prejudice.

## ARGUMENT

### I. Plaintiffs do not state a claim for IIED or stalking.

As Mr. Cooke's opening brief explained, Plaintiffs' IIED and stalking claims must be dismissed. Dkt. No. 204 at 5, 15-16. The Opposition wrongly claims Plaintiffs have met their burden at the pleading stage, relies on allegations about the collective group of Defendants, and mischaracterizes the few actual allegations against Mr. Cooke in the Amended Complaint which do not state claims for intentional infliction of emotional distress or stalking.

The Court should ignore Plaintiffs' attempts to skirt the proper standard at the pleading stage. The Opposition claims detailed factual allegations are not required, but Plaintiffs must allege facts sufficient to "show a plausible entitlement to relief." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 16 (1st Cir. 2011). Factual allegations should not be considered if they are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual."

*Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (citation omitted).  Here, the majority of allegations against Mr. Cooke are threadbare allegations that do not meet the plausibility threshold.  *See* ¶¶ 8, 15, 41, 76, 96, 100, 104-105, 126, 133, 144, 159, 195, 199, 208, 210-211.

Plaintiffs impermissibly rely on allegations against Defendants as a whole without specific factual allegations regarding Mr. Cooke's purported conduct.  Plaintiffs vaguely claim that "Defendants" collectively approved tweets, but they never allege what tweets Mr. Cooke supposedly approved, when he approved them, or how.  *See* ¶¶ 8, 100, 104-105, 195, 199.  These group allegations cannot survive a motion to dismiss. *Ocasio-Hernandez*, 640 F.3d at 16 (courts must determine "whether, *as to each defendant*, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted") (citation omitted).  Plaintiffs must allege Mr. Cooke's specific actions for the Court to consider. *Fine v. Guardian Life Inc. Co. of Am.*, No. 19-CV-30067-KAR, 2021 WL 916270, at *3 (D. Mass. Mar. 10, 2021) ("In a multiple defendant case, each defendant's acts must be isolated and analyzed separately under Rule 12(b)(6)." (citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 48 (1st Cir. 2009); *Rivera-Torres v. Ruiz-Vale*, No. 13-1684, 2016 WL 3962904, at *2 (D.P.R. July 21, 2016))).

The Opposition overstates and mischaracterizes the Amended Complaint's few actual allegations against Mr. Cooke.  None of these allegations state a claim for intentional infliction of emotional distress or stalking.  Mr. Cooke did not engage in extreme and outrageous conduct, nor did he intend to inflict emotional distress on the Plaintiffs.  *Henriquez v. City of Lawrence*, 2015 WL 3913449, at *5 (D. Mass. June 25, 2015).  Mr. Cooke similarly did not engage in a pattern of harassing conduct, make a credible threat, or intend to put Plaintiffs in fear for their safety. *Blazheiev v. Ubisoft Toronto Inc.*, 2018 WL 3417481, at *7 (N.D. Cal. 2018).

The allegations against Mr. Cooke are limited.  Plaintiffs claim they clearly alleged that Mr. Cooke was present during a planning meeting and later approved certain messages drafted by Ms. Popp.  Dkt. 221 at 47.  In reality, the Amended Complaint alleges that unspecified tweets were drafted by Ms. Popp and approved by "other members of the conspiracy, *including but not limited to* Defendants Baugh, Cooke, and Gilbert."  ¶ 104 (emphasis added).  The Opposition quotes certain tweets by Ms. Popp, but the Amended Complaint fails to allege that Mr. Cooke approved these tweets.  The Opposition falsely claims that Mr. Cooke received an audio recording of a description of the threats by an NPD dispatcher, but the Amended Complaint alleges that this was sent to Ms. Popp only.  ¶ 190.

A close look at the Amended Complaint shows that Plaintiffs attribute the tweets to other Defendants.  Defendants Baugh, Harville, Zea, Popp, and Gilbert had a second meeting to discuss the Plaintiffs on August 14, 2019, which Mr. Cooke did not attend.  ¶ 137.  Plaintiffs allege that Mr. Gilbert admitted to proposing the contents of the tweets (¶¶ 193-194) and that Ms. Popp created the twitter accounts (¶¶ 103, 195-197) and drafted the tweets (¶ 104).

**II.  Judicial Estoppel does not prevent dismissal of the IIED or stalking claim.**

Mr. Cooke is not judicially estopped from contesting Plaintiffs' intentional infliction of emotional distress and stalking claims because he pled guilty in the criminal case.  The First Circuit has rejected a per se rule that a defendant is bound by facts admitted during guilty pleas in a subsequent civil action.  *Thore v. Howe*, 466 F.3d 173, 185 (1st Cir. 2006).  Judicial estoppel may apply only when a litigant's position in an earlier proceeding is "directly inconsistent" with his assertion in the current proceeding.  *Howell v. Town of Leyden*, 335 F. Supp. 2d 248, 250 (D. Mass. 2004).

Mr. Cooke's guilty plea is consistent with his argument that Plaintiffs have failed to state a claim for intentional infliction of emotional distress and stalking. Extreme and outrageous conduct was not a necessary element of any offense to which Mr. Cooke pleaded guilty. Mr. Cooke did not plead guilty to the elements of stalking, including pattern and intent to cause Plaintiffs to fear for their safety. Contrary to Plaintiffs' claims, Mr. Cooke maintained throughout his sentencing hearing that he was not involved in surveillance and sending deliveries to Plaintiffs and could not foresee the other defendants' actions. In any event, "guilty pleas do not necessarily establish absolute historic facts" because the statement of those facts is "shaped by bargaining between the parties." *Thore*, 466 F.3d at 182.

The cases Plaintiffs cite are inapposite. They involve plaintiffs who took directly contrary positions at different stages of the same litigation, *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 35 (1st Cir. 2004), or plaintiffs who brought claims after previously asserting in a prior action that those same claims did not exist, *Guay v. Burack*, 677 F.3d 10, 17-18 (1st Cir. 2012). Here, Mr. Cooke took no position as to a yet to be filed emotional distress claim. Even Plaintiffs admitted that Mr. Cooke told the Court at sentencing that he explained any deliveries and messages could not be threatening and believed the group understood. ECF No. 117 at 12-13.

None of the policy concerns underlying judicial estoppel are found here. The doctrine exists to prevent litigants from playing fast and loose with the courts. *Id*. at 183. The First Circuit has rejected such concerns even where factual inconsistencies exist: "the mere assertion of inconsistent facts from those admitted in a plea does not strike us as inherently impugning the integrity of the judicial process." *Id*. Judicial estoppel also seeks to prevent a party from gaining an unfair advantage. *Id*. at 181. Mr. Cooke gains no unfair advantage by simply defending himself in this action and judicial estoppel does not bar him from doing so.

### III. Plaintiffs do not state a claim for false imprisonment, violation of MCRA, or assault.

The false imprisonment claim fails because Plaintiffs do not allege that (1) they were confined and (2) Mr. Cooke specifically intended to confine them. False imprisonment requires unlawful confinement, *Ball v. Wal-Mart, Inc.*, 102 F. Supp. 2d 44, 55 (D. Mass. 2000), but Plaintiffs claim self-confinement out of fear qualifies as false imprisonment. However, the cases cited in Plaintiffs' Opposition both involve face to face interactions with some physical element or threat of physical element. *Coblyn v. Kennedy's, Inc.*, 359 Mass. 319, 321-22 (1971); *Foley v. Polaroid Corp.*, 400 Mass. 82, 92 n.3 (1986). Here, allegations regarding conduct by an unspecified group of "Defendants" and Mr. Cooke's approval of unspecified tweets fail to show that Plaintiffs were confined by Mr. Cooke.

Nor did Mr. Cooke have the specific intent to confine Plaintiffs. *Barrows v. Wareham Fire Dist.*, 82 Mass. App. Ct. 623, 628 n.8 (2012). The thrust of Plaintiffs' claim against Mr. Cooke, that he approved unspecified tweets along with several other individuals (¶ 104), does not demonstrate specific intent by him to confine Plaintiffs to their home. Mr. Cooke did not participate in the activities in Natick that allegedly confined Plaintiffs to their home. Mr. Cooke did not participate in the August 14 meeting regarding surveillance (¶ 137), did not surveille Plaintiffs in Natick (¶¶ 147-53), did not sign Plaintiffs up for unwanted email subscriptions (¶¶ 114-115), and did not attempt to install a GPS on their car (¶¶ 148-150).

Plaintiffs' MCRA allegations do not show interference by threats, intimidation, or coercion. Plaintiffs claim that Mr. Cooke, along with Defendants Baugh, Harville, and Gilbert, approved tweets drafted by Defendants Popp and Stockwell, but they do not explain what tweets Mr. Cooke supposedly approved and how they threatened Plaintiffs to stop reporting. Plaintiffs focus on the conduct of other defendants, including stalking in Natick, which did not involve Mr.

Cooke. Because there are no specific allegations of how *Mr. Cooke's* conduct threatened, intimidated, or coerced Plaintiffs, this claim cannot survive.

The assault claim should be dismissed because Plaintiffs cannot show Mr. Cooke's alleged conduct put them in imminent fear of harm. Plaintiffs argue that tweets and deliveries by an unspecified group of Defendants combined with Defendants Zea, Baugh, Harville, and Popp's actions in Natick states an assault claim against Mr. Cooke. Plaintiffs do not address Mr. Cooke specifically and the Amendment Complaint admits he was not involved in a planning meeting for the trip to Natick (¶ 137) or surveillance of Plaintiffs (¶¶ 147-157). Plaintiffs do not explain how Mr. Cooke's alleged approval of tweets, as opposed to the Defendants who surveilled their home, constitutes assault which requires *imminent* apprehension of harmful or offensive contact. *Guzman v. Pring-Wilson*, 81 Mass. App. Ct. 430, 434 (Mass. App. Ct. 2012). The false imprisonment, MCRA, and assault claims against Mr. Cooke should be dismissed with prejudice.

**IV.    Plaintiffs do not state a claim for aiding and abetting trespass.**

The trespass claim against Mr. Cooke, both on direct liability and aiding and abetting grounds, must be dismissed. As Mr. Cooke explained in his opening brief, there is no basis for direct liability. Dkt. No. 204 at 4. In their Opposition, Plaintiffs state without explanation that Mr. Cooke "aided and abetted" the trespass of Defendants Baugh, Harville, Zea, and Gilbert. Dkt. 221 at 74. Yet Plaintiffs cannot point to any allegations that Mr. Cooke (1) knew the other defendants were trespassing and (2) actively participated in or substantially assisted the trespassing. *In re TelexFree Sec. Litig.*, 626 F.Supp.3d 253, 269 (D. Mass. 2022). In fact, Plaintiffs' allegations show that other defendants—not Mr. Cooke—committed trespass with no participation from Mr. Cooke: Defendants Baugh, Harville, Zea, Gilbert, and Popp planned the surveillance of Plaintiffs (¶ 137), Defendants Harville, Zea, Popp, and Baugh substantially assisted

the surveillance (¶¶ 138-141, 149), Defendants Baugh, Harville, Popp, and Zea traveled to Massachusetts (¶¶ 143, 190), and Defendants Baugh, Harville, and Zea surveilled Plaintiffs in Natick (¶¶ 147-151, 152). Therefore, the trespass claims against Mr. Cook should be dismissed.

## V.      Plaintiffs do not state a claim for negligence, NIED, or civil conspiracy.

Plaintiffs' negligence based claims should be dismissed because they fail to adequately allege causation and damages. Mr. Cooke "cannot be held liable for negligent conduct unless it is causally related to injury of the [Plaintiffs]." *Kent v. Com.*, 437 Mass. 312, 320 (2002). Proximate cause depends on "whether the injury to the [Plaintiffs] was a foreseeable result of the defendant's negligent conduct." *Id*. Intervening events can break the chain of causation and become a superseding cause of the harm. *Id*. Negligence also requires personal injury or property damage. *Donovan v. Philip Morris USA, Inc*., 455 Mass. 215, 222 (2009).

Here, Plaintiffs do not plausibly allege how approval of tweets caused their injury. As explained above, Plaintiffs allege only that Mr. Cooke was one of a group of individuals who approved unspecified tweets drafted by Ms. Popp without further information as to when or how he supposedly approved them. ¶ 104. They admit he was in charge of security in Europe and Asia (¶ 37), admit that he did not attend the August 14 planning meeting regarding surveillance of Plaintiffs (¶ 137), and admit he did not surveille them in Natick (¶¶ 147-53). Plaintiffs fail to tie the thin allegations against him to cause of their alleged injuries, especially where the acts of other defendants constitute intervening events in the chain of causation, and they do not sufficiently allege that their injuries could be a foreseeable result of approving tweets.

These allegations similarly fail to support a claim for civil conspiracy. To state a claim for civil conspiracy, a plaintiff must allege (1) a common design or agreement between two or more persons to do a wrongful act and (2) proof of some tortious act in furtherance of the agreement.

*Mullane v. Breaking Media, Inc.*, 433 F. Supp. 3d 102, 115 (D. Mass. 2020).  Mr. Cook must have provided "substantial assistance" with "knowledge that such assistance is contributing to a common tortious plan." *Brennan v. Ferreira*, 251 F. Supp. 3d 338, 343 (D. Mass. 2017).  The allegations regarding Mr. Cooke do not rise to the level of substantial assistance.  Plaintiffs do not allege that Mr. Cooke provided substantial assistance.  ¶ 104.  Nor are there allegations that Mr. Cooke knew he was contributing to a common plan–he was not part of the August 14 planning meeting, and he did not participate in surveillance of the Plaintiffs in Natick.  ¶¶ 137, 147-53.

## VI. Plaintiffs do not state a claim for defamation.

Plaintiffs' defamation allegations relate to Defendants as a whole without asserting what Mr. Cooke did or did not do.  None of the allegations are specific enough to survive a motion to dismiss.  *See Fiorillo v. Winiker*, 85 F. Supp. 3d 565, 576 (D. Mass. 2015).  Plaintiffs specifically allege that "Defendants" as a whole or other defendants, not including Mr. Cooke, made the statements. For example, Plaintiffs allege that Defendants Baugh, Stockwell, Zea, and Gilbert created the Persons of Interest File.  ¶ 212.

In any event, the defamation claim should be dismissed because Plaintiffs fail to allege that the statements caused economic harm.  *See Albright v. Morton*, 321 F. Supp. 2d 130, 134 (D. Mass. 2004).  Only statements alleging that a plaintiff lacks a necessary characteristic of her profession are exempt from the economic harm requirement.  *Conning v. Halpern*, 2021 WL 1580837, at *10 (D. Mass. Apr. 22, 2021).  Plaintiffs argue that the Twitter posts fit into this category, but they are statements of pure opinion that cannot constitute defamation.  *Greenspan v. Random House, Inc.*, 859 F. Supp. 2d 206, 223 (D. Mass. 2012).

## **CONCLUSION**

The Court should dismiss the claims against Mr. Cooke with prejudice.

- 9 -

Dated: July 31, 2022                                Respectfully submitted,

                                                    PHILIP COOKE

                                                    By his attorney,

                                                    */s/ Christina N. Lindberg*
                                                    Christina N. Lindberg, BBO No. 690443
                                                    clindberg@msdefenders.com
                                                    MINER SIDDALL LLP
                                                    101 Federal Street, Suite 650
                                                    Boston, MA 02110
                                                    Tel: (617) 202-5890

- 10 -

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was filed through the ECF system on July 31, 2023 and will be sent electronically to the registered participants on the Notice of Electronic Filing and e-mail copies will be sent to any non-registered participants.

                                                */s/ Christina N. Lindberg*
                                                Christina N. Lindberg