UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>     (*Publisher of EcommerceBytes*)<br>                    Plaintiffs<br><br>     vs.<br><br><br>eBay, Inc., et al.,<br>                    Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT COOKE'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**
(***Leave to File Granted on June 16, 2023***)

Now come the Plaintiffs and respectfully file this Sur-Reply to Defendant Cooke's Reply Brief in Support of his Motion to Dismiss Plaintiffs' Amended Complaint.

Defendant Cooke continues to maintain that although he pled guilty to conspiracy to commit stalking and conspiracy to commit witness tampering in the criminal case, he is not civilly liable for any of those acts.

**ARGUMENT**

   I.   **Contrary to Defendant Cooke's arguments, Plaintiffs set forth sufficient facts to establish IIED and stalking at the pleading stage.**

Defendant Cooke alleges that Plaintiffs facts set forth in the Amended Complaint are so "threadbare" that they do not set forth a plausible claim for relief for IIED or stalking. The thrust of Defendant Cooke's argument is that Plaintiffs are allegedly relying on conduct of the Defendants as a whole and that Plaintiffs "never allege what tweets Mr. Cooke supposedly

1

approved, when he approved them, or how." (Document No. 256 at 2). This claim fails, and severely downplays the conduct alleged in the Amended Complaint.

On August 6, 2019, Defendant Cooke met with Defendants Baugh, Gilbert, Popp, Stockwell and Zea in an eBay conference room to discuss plans to send unwanted packages to the Steiners. FAC ¶ 93. During this meeting, they brainstormed which packages to send to the Steiners, including discussions to send a coffin, chain saw and sex workers that Defendants Cooke and Gilbert knew through their work with the Santa Clara Police Department. FAC ¶¶ 94-95. Defendant Baugh shared texts from the higher-ups during this meeting, where General Counsel Huber instructed him to "do what you need to do" and Defendants Wenig and Wymer instructed him to burn Steiner to the ground. FAC ¶ 97. They discussed the @Tui_Elei Twitter handle that was already created, and which a Samoan-sounding name was specifically selected because of Defendants Cooke and Gilberts ties to a Samoan gang from their work at the Santa Clara Police Department, which was the "Plan B." FAC ¶¶ 87-88, 99, 137.

Defendant Cooke was also an active participant in the WhatsApp group that discussed which Tweets to send, and planned the cover-up. FAC ¶¶ 190, 242. This included advising Defendant Gilbert to "have a friendly in mind" if the Natick Police attempted to obtain video of Defendant Zea purchasing the gift cards. FAC ¶ 242. Defendant Cooke admitted to this conduct during his plea hearing. FAC ¶ 369.

Defendant Cooke deleted evidence, including all WhatsApp messages, texts and communications, which he also admitted to during his plea hearing. FAC ¶ 369. Now Cooke seems to be complaining that Plaintiffs cannot prevail because they cannot produce what he deleted. (Document No. 256 at 2-3). What Cooke fails to recognize is that his actions to cover up

the conspiracy involving deleting his texts and communications itself is evidence of participation in the conspiracy. FAC ¶ 369.

Taking all of the inferences from the Amended Complaint, Defendant Cooke was involved in the planning, he encouraged the plan through WhatsApp as it continued, and he was an active participant in the cover-up, even using knowledge he gained as a police Captain along the way. Defendant Cooke never pulled away from the conduct, and instead engaged in it head-on, with the explicit purpose of carrying out the directives from Defendants Wenig and Wymer, which Defendant Baugh shared during the August 6, 2019 meeting. His intent to harass and stalk the Steiners was conveyed through his encouragement during the conspiracy, when he responded with "hahaha" and thumbs up emojis as Defendant Baugh and others kept him updated through WhatsApp. FAC ¶¶ 190. Even after he learned the Steiners were "seeing ghosts" as a result of the online threats, package deliveries, unwanted visitors to their homes, and in-person stalking, Defendant Cooke still provided encouragement. FAC ¶ 190.

Defendant Cooke alleges that the Amended Complaint claims only that Defendant Popp received the threats of the recording of the NPD dispatch (Document No. 256 at 3), but the Amended Complaint clearly alleges that it was a "series of WhatsApp messages to Defendants Harville, Gilbert, Cooke, Popp, Stockwell and Zea," and during that conversation, Defendant Cooke responded with the "hahaha" message." FAC ¶ 190.

At this stage, Plaintiffs have set forth a plausible claim for relief and discovery is likely to yield more information and further support the claims against Defendant Cooke. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 17(1st Cir. 2011) ("recognizing chain of events leading to defendants' actions "may often be unavailable to a plaintiff at this early stage of the litigation"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (highlighting court finds

whether claim plausible at pleading stage). As such, this Court should deny Cooke's Motion to Dismiss.

> II. **Judicial estoppel applies where Defendant Cooke's position is "directly inconsistent" with his admissions in the criminal case.**

Contrary to Defendant Cooke's position, there is no *per se* rule against applying judicial estoppel to admissions made during a plea hearing. In order preclude a judicial estoppel argument, one of the well-recognized exceptions to judicial estoppel must apply. *Thore v. Howe*, 466 F.3d 173, 185 (1st Cir. 2006), *citing New Hamphire v. Maine*, 532 U.S. 742, 750 (2001). None of the judicial estoppel exceptions apply to the admission Defendant Cooke made during his plea hearing.

While Defendant Cooke is correct that the elements in the criminal case and the elements of IIED and stalking here are not exactly the same, the underlying conduct Defendant Cooke admitted to during the criminal case make out a claim for IIED and stalking. Moreover, Defendant Cooke admitted to approving Tweets, and engaging in witness tampering in the criminal case, and although he now takes the position that Plaintiffs failed to set forth the exact words he used on the precise dates and times, Defendant Cooke admitted he engaged in the conduct, and knew this information at the time of his plea and sentencing when he admitted to his conduct.

Contrary to Defendant Cooke's arguments, he is "gain[ing] an unfair advantage." (Document No. 256). During his sentencing hearing, he admitted to his conduct, and expressed remorse, then asked the Court to be more lenient on him due to his attrition. Now, he claims Plaintiffs cannot prove any of his conduct amounted to stalking or IIED, although the conduct he admitted to satisfy the elements at this stage. It is difficult to see how this is not an unfair advantage.

At this stage, Defendant Cooke should not be entitled to make admissions during the criminal case, then argue here that he was out of the country and the allegations are not specific enough. As such, this Court should apply judicial estoppel and deny Defendant Cooke's Motion to Dismiss. *See Thore v. Howe*, 466 F.3d 173, 185 (1st Cir. 2006); *New Hamphire v. Maine*, 532 U.S. 742, 750 (2001).

### III. Plaintiffs set forth a sufficient claim for false imprisonment, a violation of MCRA, assault, and trespass.

Defendant Cooke was on the WhatsApp thread where Defendant Baugh and the others on the ground in Natick were keeping the others updated as to their progress. When Defendant Baugh updated the others that they intercepted communications on the NPD scanner, and that the Steiners were rattled and were "seeing ghosts," Defendant Cooke did not withdraw from the conspiracy, but rather replied, "hahaha." Defendant Cooke knew the other Defendants were stalking the Steiners in person, and were attempting to install a GPS device on their vehicle which would include an attempt to break into their garage, but still provided aid and encouragement.

At this stage, Plaintiffs have set forth a plausible claim for relief, and have included "enough fact to raise a reasonable expectation that discovery will reveal evidence of the illegal [conduct]" with respect to Defendant Cooke, and each claim set forth in the Complaint. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 17(1st Cir. 2011) ("recognizing chain of events leading to defendants' actions "may often be unavailable to a plaintiff at this early stage of the litigation"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (highlighting court finds whether claim plausible at pleading stage).

IV.     **Plaintiffs set forth a claim for negligence, NIED, and civil conspiracy.**

As outlined in the section relating to IIED and stalking, Defendant Cooke's conduct spans well beyond the acts he plucks from the Amended Complaint and attempts to downplay to claim he is not liable for any of his conduct. Plaintiffs will not rehash how all of this conduct demonstrates he was actively involved in the civil conspiracy, and how his conduct amounted to NEID and negligence, and instead relies upon the arguments set forth in their Consolidated Opposition to the Defendants' Motions to Dismiss.

V.      **Plaintiffs set forth a sufficient claim for defamation.**

Defendant Cooke also admitted during his plea hearing that he participated in the WhatsApp conversations where they discussed creating a "Persons of Interest" file on the Steiners. FAC ¶ 269. The purpose of the file was to make the Steiners appear crazy. FAC ¶ 11. Defendant Cooke also participated in the conversation where they planned Defendant Gilbert's meeting to Natick to meet with the detectives, where Defendant Gilbert would use the Persons of Interest file. FAC ¶¶ 242-243. It was during this conversation that Defendant Cooke also advised Defendant Gilbert to "have a friendly in mind" to divert attention from the store where Defendant Zea purchased gift cards. FAC ¶ 242.

In sum, Defendant Cooke was actively involved in the cover-up, which included making a fake Persons of Interest file, and casting the Steiners as "crazy" during the meeting with the Natick PD, all of which constitute defamation. *See Sharfir v. Steele*, 431 Mass. 365, 373 (2000); *Lynch v. Lyons,* 303 Mass. 116, 118-119 (1939).

**CONCLUSION**

Wherefore, for the reasons set forth in this Sur-Reply and Plaintiffs' Consolidated Opposition to the Defendants' Motion to Dismiss (Document No. 221), Plaintiffs respectfully request that this Court deny Defendant Cooke's Motion to Dismiss.

                Respectfully submitted,
                INA AND DAVID STEINER
                By their attorney,

                /s/ Rosemary Curran Scapicchio
                Rosemary C. Scapicchio, BBO No. 558312
                Law Office of Rosemary Scapicchio
                107 Union Wharf
                Boston, MA 02109
                617.263.7400
                Rosemary@Scapicchiolaw.com

                Respectfully submitted,
                STEINER ASSOCIATES, LLC
                By its attorney,

                /s/ Jillise McDonough
                Jillise McDonough, BBO No. 688694
                Law Office of Jillise McDonough
                107 Union Wharf
                Boston, MA 02109
                617.263.7400
                Jillise@Scapicchiolaw.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:   August 7, 2023                              Signed: /s/ Rosemary Scapicchio