<u>**EXHIBIT A**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>EBAY INC., et al., )<br><br>Defendants. ) | Civil Action No. 21-CV-11181-PBS |

<u>**[PROPOSED] SCHEDULING ORDER**</u>

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1.  [**Defendants' position: Initial Disclosures**.  Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by October 16, 2023, <u>contingent on entry of a protective order prior to that date.</u>][1]

    [**Plaintiffs' position: Initial Disclosures**.  Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by October 16, 2023.]

<u>*Defendants' position*</u>: Because discovery in this case is certain to involve confidential business information, communications involving third parties, and sensitive personal information, good cause exists for entry of a protective order in this matter.  Such an order should be in place prior

---

[1] Terms of the scheduling order on which the parties have been unable to reach agreement are bracketed, with the specific subjects in dispute underlined.

to the production of any documents, such as insurance policies, in connection with the initial disclosures.

2.   **Amendments to Pleadings**.  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings may be filed after February 2, 2024.  For the avoidance of doubt, no party waives any objections to the addition of new parties or amendment of pleadings.

3.   **Fact Discovery – Interim Deadlines.**

a.   All requests for production of documents and interrogatories shall be served no later than March 2, 2024[2].

i.   [**Defendants' position:** Plaintiffs, <u>collectively</u>, will be limited to 25 interrogatories per Defendant.]

---

[2] Plaintiffs' position: It appears the main dispute between the parties is when each side should be considered collectively and/or individually.  In an effort to resolve the dispute, Plaintiffs are willing to treat Ina and David Steiner as one for the purposes of discovery, and treat Steiner Associates, LLC as a separate entity for the purposes of discovery if the Defendants would be willing to treat eBay and PFC each as separate entities and the remaining Defendants collectively, for the purposes of discovery. Plaintiffs maintain this argument for each place where the parties disagree on the word "collectively."  In rejecting this proposal, the Defendants have refused to acknowledge that their rights to conduct fact discovery with co-defendants increases the number of interrogatories, document requests, and depositions significantly.  Plaintiffs have taken no position on each Defendants ability to take discovery, including interrogatories, depositions, document requests, and requests for admission from co-defendants.

Even though the Plaintiffs have not taken a position on co-defendant discovery, Plaintiffs note that the co-defendant discovery requests will result in 300 additional interrogatories, 24 additional sets of document requests, and 300 additional requests for admissions, and an additional 12 hours of depositions.

Defendants' position: As more fully explained *infra* at 4, the individual Defendants strongly object to this approach. The individual Defendants have separate and often divergent interests and separate counsel, and they oppose being treated for purposes of discovery as if they were a single collective party, which would prejudice their respective abilities to mount a defense.  Furthermore, Defendants submit that the objections set forth herein to Plaintiffs' proposals would likewise apply to an approach that still gives Plaintiffs, collectively, 50 interrogatories per Defendant (650 in total), four requests for production per Defendant (52 in total), and 50 requests for admission per Defendant (650 in total).

[**Plaintiffs' position:** <u>Each</u> Plaintiff will be limited to 25 interrogatories per Defendant.]

*Defendants' position*: Under Local Rule 26.1(c), unless the court orders otherwise, "each side (or group of parties with common interest)" is limited to 25 interrogatories. Because Plaintiffs—a married couple and their wholly owned company—all have a common interest, there is no cause to permit them collectively more than 25 interrogatories per Defendant.  In addition, 75 interrogatories per Defendant—975 interrogatories in total—is excessive on its face and disproportionate to the needs of this case, especially given the amount of information Plaintiffs have already received about this matter through the prosecutions of the criminally convicted Defendants.

    ii.   Defendants, collectively, will be limited to 180 interrogatories for all Plaintiffs.

    iii.   Each Defendant will be limited to 25 interrogatories per co-Defendant.

    iv.   [**Defendants' position:** Plaintiffs, <u>collectively,</u> will be limited to 2 separate sets of requests for production per Defendant.]

[**Plaintiffs' position:** <u>Each</u> Plaintiff will be limited to 2 separate sets of requests for production per Defendant.]

*Defendants' position*: Under Local Rule 26.1(c), unless the court orders otherwise, "each side (or group of parties with common interest)" is limited to two sets of requests for production. Because Plaintiffs—a married couple and their wholly owned company—all have a common interest, there is no cause to permit them collectively more than two sets of requests for

production per Defendant.  Defendants propose that Plaintiffs have the opportunity to propound 26 sets of requests for production, in total, on Defendants.  Plaintiffs, by contrast, seek the right to propound *78* separate requests for production, without any justification for such a massive figure.  In addition, more than two sets of requests for production is excessive and disproportionate to the needs of this case, especially given the amount of information Plaintiffs have already received about this matter through the prosecutions of the criminally convicted Defendants.

> v.   Each Defendant will be limited to 2 separate sets of requests for production per co-Defendant.
>
> vi.  [**Defendants' position:** Defendants will be limited to 2 separate sets of requests for production for Plaintiffs, collectively.]
>
> [**Plaintiffs' position:** Defendants, <u>collectively</u>, will be limited to 2 separate sets of requests for production for Plaintiffs, collectively.]

*<u>Defendants' position</u>:* Unlike Plaintiffs, Defendants do not have a common interest and they do not share common counsel.  Defendants are differently situated in a wide variety of respects, including (i) their alleged roles in the events alleged in the complaint, (ii) their available defenses, (iii) their asserted and potential cross-claims; (iv) their financial exposure, and (v) their potential for settlement with the Plaintiffs. Coordinating joint requests for production among 13 separate Defendants with such diverging interests would be untenable and prejudicial to each Defendant's right to mount a defense.  The fact that Defendants have all been joined in a single suit should not reduce any single Defendant's ability to seek discovery from Plaintiffs on terms equal to the discovery Plaintiffs can seek from them.

b.  All requests for admission shall be served by May 1, 2024.

i.  [**Defendants' position:** Plaintiffs, <u>collectively</u>, will be limited to 25 requests for admission per Defendant.]

[**Plaintiffs' position:** <u>Each</u> Plaintiff will be limited to 25 requests for admission per Defendant.]

<u>*Defendants' position*</u>: Defendants oppose Plaintiffs' position regarding the number of requests for admission they ought to receive—75 per Defendant, or 975 in total—for the same reasons they oppose the number of interrogatories Plaintiffs propose receiving.

ii.  Each Defendant will be limited to 25 requests for admission for Plaintiffs, collectively.

iii.  Each Defendant will be limited to 25 requests for admission per co-Defendant.

c.  All fact witness depositions must be completed by August 15, 2024 and shall be governed by the following numerical and durational limits:

i.  [**Defendants' position:** Plaintiffs, collectively, shall be permitted to take a total of <u>140 hours</u> of depositions, with the number of depositions and the duration of each to be determined by Plaintiffs in the reasonable exercise of their discretion, subject, however, to the following limitations: the total number of depositions shall not exceed <u>20 (13 of which shall be allocated to the 13 named Defendants and 7 of which shall be allocated to non-parties to the Amended Complaint)</u>, and, for any given deponent, counsel for Plaintiffs shall be limited to a single deposition day of no more

5

than 7 hours, excluding reasonable breaks.]

[**Plaintiffs' position:** <u>The parties</u>, collectively, shall be permitted to take a total of <u>175 hours</u> of depositions <u>per side</u>, with the number of depositions and the duration of each to be determined by each party in the reasonable exercise of their discretion, subject, however, to the following limitations: The total number of depositions shall not exceed <u>25 per side</u>; for any given deponent other than the Plaintiffs, counsel shall be limited to a single deposition day of no more than 7 hours, excluding reasonable breaks <u>and excluding all objections and questions by opposing counsel, if any;</u> and each Plaintiff shall be subject to questioning by Defendants, collectively, for no more than 21 hours in total, excluding reasonable breaks <u>and excluding all objections and questions by opposing counsel, if any.</u>]

<u>*Defendants' position*</u>: Under Local Rule 26.1, unless the court orders otherwise, "each side (or group of parties with common interest)" is limited to 10 depositions. Defendants recognize that given the number of Defendants, a departure above this number is warranted and have proposed permitting Plaintiffs to depose each Defendant, if they so choose, and still have seven depositions left over for non-party deponents.[3] Plaintiffs' proposal that they receive 175 hours for 25 depositions, by contrast, is unreasonable. First, that quantity of depositions is excessive.

---

[3] Defendants initially proposed allocating 100 hours and 15 depositions to Plaintiffs, collectively. In a good faith effort to reach consensus on this issue, Defendants revised their proposal to permit Plaintiffs, collectively, to take 20 depositions totaling 140 hours.

Plaintiffs in effect seek the right to depose at least *12 individuals* in addition to deposing the Defendants.  Second, those quantities are disproportionate to the needs of the case, especially given the amount of information Plaintiffs have already received about this matter through the prosecutions of the seven Defendants who were criminally convicted.  Finally, Plaintiffs' proposal that all objections and questions by Defendants be excluded from their time is both unworkable and contrary to customary practice.

    ii.  Except for cross-defendant depositions, which are governed by subparagraph (iii) below, Defendants, collectively, shall be permitted to take a total of 100 hours of deposition, with the number of depositions and the duration of each to be determined collectively by Defendants in the reasonable exercise of their discretion, subject, however, to the following limitations: the total number of depositions shall not exceed 15; each Plaintiff shall be subject to questioning by Defendants, collectively, for no more than 21 hours in total, excluding reasonable breaks; for any other deponent, Defendants collectively shall be limited to questioning of no more than 7 hours, excluding reasonable breaks.[4]

    iii.  Each Defendant shall be permitted to take a total of 12 hours of deposition of their co-defendants ("cross-defendant depositions"), with the number of cross-defendant depositions and the duration of each to be determined by each Defendant in the reasonable

---

[4] If Defendants are unable to reach agreement regarding the allocation of their collective time between and amongst themselves, they will present the issue to the Court for resolution.

exercise of his or her discretion, subject, however, to the following limitation:  the amount of time for which any individual Defendant shall be subject to questioning by other Defendants shall be limited to a combined total of 14 hours, excluding reasonable breaks.

4.      **Fact Discovery – Final Deadline**.  All fact discovery must be completed by August 15, 2024.

5.      **Discovery Disputes.**  The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention.  In the event that reasonable, good faith efforts have been made by all concerned parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute prior to the filing of any motions.  This provision does not alter deponents' obligation to comply with Fed. R. Civ. P. 30(c)(2).  Specifically, all objections during depositions shall be noted on the record with any reason therefor, but, except for privileged matters or for other reasons set forth in Fed. R. Civ. P. 30(c)(2), the deponent shall answer the question under the rules.

6.      **Mediation**.  Some or all of the parties will endeavor to participate in a mediation through the open mediation session at a mutually agreeable time before February 28, 2024 but in any event, the parties commit to participate in a mediation by August 15, 2024.  Should some or all of the parties wish to mediate before a senior district judge or a magistrate judge pursuant to Local Rule 16.4(c)(2), the parties will request referral at the earliest practicable date.

7. **Independent Medical Examinations**.  Independent Medical Examinations pursuant to Fed. R. Civ. P. 35 must be completed by June 5, 2024.

8. **Expert Discovery**.

   a. Plaintiffs' designation of experts and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by June 5, 2024.

   b. Defendants' designation of experts and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by June 26, 2024.

   c. Rebuttal expert reports will be served by no later than July 18, 2024.

   d. Expert depositions and discovery must be completed by August 15, 2024.

   e. *Daubert* motions must be filed by August 22, 2024.

9. **Dispositive Motions**.

   a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by September 13, 2024.

   b. Oppositions to dispositive motions must be filed by October 16, 2024.

   c. Reply memoranda must be filed by November 1, 2024.

   d. Sur-Reply memoranda must be filed by November 15, 2024.

   e. Oral argument on motions for summary judgment has been scheduled for December 5, 2024 at 2:30 p.m.

10. **Trial by Magistrate Judge.**  The parties do *not* consent to trial by magistrate judge at this time.

11. **Final Pretrial Conference.** Trial counsel are required to attend any pretrial conference.  The final pretrial conference has been set for January 16, 2025.  The

parties shall prepare and submit a joint pretrial memorandum in accordance with Local Rule 16.5(d) seven business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). Addresses and telephone numbers of witnesses should not be listed in the pretrial memorandum, as stated by Local Rule 16.5(d)(10).

12.    **Trial.** Trial in this matter shall begin on March 3, 2025 at 8:30 a.m.

SO ORDERED

_____
United States District Judge