UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>EBAY INC., et al.,<br><br>　　　　　Defendants. | Civil Action No. 21-CV-11181-PBS |

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Protective Order.** The Parties shall negotiate a protective order and file a joint motion for entry of a protective order by October 16, 2023. Prior to the entry of a protective order, any document designated by any of the Parties in good faith as "CONFIDENTIAL" shall not be publicly disclosed without further order of the Court. For the avoidance of doubt, following entry of a protective order, any material previously designated as "CONFIDENTIAL" shall be subject to the protections and procedures provided for by the Parties' protective order. The parties reserve all rights with respect to any protective order or confidentiality designations that have been or may be made by the government.

2. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by October 16, 2023.

3. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings may be filed after February 2, 2024. For the avoidance of doubt, no party waives any objections to the addition of new parties or amendment of pleadings.

4. **Fact Discovery – Interim Deadlines.**

    a. All requests for production of documents and interrogatories shall be served no later than March 2, 2024.

        i. Plaintiffs, collectively, will be limited to 25 interrogatories per Defendant.

        ii. Defendants, collectively, will be limited to 180 interrogatories for all Plaintiffs.

        iii. Each Defendant will be limited to 25 interrogatories per co-Defendant.

        iv. Plaintiffs, collectively, will be limited to one set of requests for production per Defendant.

        v. Each Defendant will be limited to 2 separate sets of requests for production per co-Defendant.

        vi. Defendants, collectively, shall confer and to the extent feasible serve one collective set of requests for production on Plaintiffs, collectively. In no event, however, may each Defendant serve more than one set of requests for production on Plaintiffs, collectively.

    b. All requests for admission shall be served by May 1, 2024.

      i. Plaintiffs, collectively, will be limited to 25 requests for admission per Defendant.

      ii. Each Defendant will be limited to 25 requests for admission for Plaintiffs, collectively.

      iii. Each Defendant will be limited to 25 requests for admission per co-Defendant.

c. All fact witness depositions must be completed by August 15, 2024 and shall be governed by the following numerical and durational limits:

      i. Plaintiffs, collectively, shall be permitted to take a total of 20 depositions.  For any given deponent, counsel for Plaintiffs, collectively, shall be limited to a single deposition day of no more than 7 hours, excluding reasonable breaks.

      ii. Except for cross-defendant depositions, which are governed by subparagraph (iii) below, Defendants, collectively, shall be permitted to take a total of 20 depositions.  For any given deponent, counsel for Defendants, collectively, shall be limited to a single deposition day of no more than 7 hours, excluding reasonable breaks.[1]

      iii. Each Defendant shall be permitted to take a total of 12 hours of deposition of their co-defendants ("cross-defendant depositions"), with the number of cross-defendant depositions and the duration of

---

[1] If Defendants are unable to reach agreement regarding the allocation of their collective time between and amongst themselves, they will present the issue to the Court for resolution.

    each to be determined by each Defendant in the reasonable exercise of his or her discretion, subject, however, to the following limitation:  the amount of time for which any individual Defendant shall be subject to questioning by other Defendants shall be limited to a combined total of 14 hours, excluding reasonable breaks.

   iv. Depositions may be conducted by Zoom.

5. **Fact Discovery – Final Deadline**.  All fact discovery must be completed by August 15, 2024.

6. **Discovery Disputes.**  The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention.  In the event that reasonable, good faith efforts have been made by all concerned parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute prior to the filing of any motions.  This provision does not alter deponents' obligation to comply with Fed. R. Civ. P. 30(c)(2).  Specifically, all objections during depositions shall be noted on the record with any reason therefor, but, except for privileged matters or for other reasons set forth in Fed. R. Civ. P. 30(c)(2), the deponent shall answer the question under the rules.

7. **Mediation**.  Some or all of the parties will endeavor to participate in a mediation through the open mediation session at a mutually agreeable time before February 28, 2024 but in any event, the parties commit to participate in a mediation by August 15, 2024.  Should some or all of the parties wish to mediate before a

senior district judge or a magistrate judge pursuant to Local Rule 16.4(c)(2), the parties will request referral at the earliest practicable date.

8. **Independent Medical Examinations**. Independent Medical Examinations pursuant to Fed. R. Civ. P. 35 must be completed by June 5, 2024.

9. **Expert Discovery**.

   a. Plaintiffs' designation of experts and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by June 5, 2024.

   b. Defendants' designation of experts and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by June 26, 2024.

   c. Rebuttal expert reports will be served by no later than July 18, 2024.

   d. Expert depositions and discovery must be completed by August 15, 2024.

   e. *Daubert* motions must be filed by August 22, 2024.

10. **Dispositive Motions**.

    a. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by September 13, 2024.

    b. Oppositions to dispositive motions must be filed by October 16, 2024.

    c. Reply memoranda must be filed by November 1, 2024.

    d. Sur-Reply memoranda must be filed by November 15, 2024.

    e. Oral argument on motions for summary judgment has been scheduled for December 5, 2024 at 2:30 p.m.

11. **Trial by Magistrate Judge.** The parties do *not* consent to trial by magistrate judge at this time.

12. **Final Pretrial Conference.** Trial counsel are required to attend any pretrial conference. The final pretrial conference has been set for January 16, 2025. The parties shall prepare and submit a joint pretrial memorandum in accordance with Local Rule 16.5(d) seven business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). Addresses and telephone numbers of witnesses should not be listed in the pretrial memorandum, as stated by Local Rule 16.5(d)(10).

13. **Trial.** Trial in this matter shall begin on March 3, 2025 at 8:30 a.m.

SO ORDERED

/s/PATTI B. SARIS  10/18/2023
United States District Judge