UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>            Plaintiffs<br><br>vs.<br><br>eBay, Inc., et al.,<br>            Defendants | CASE NO: 1:21-cv-11181 |

**<u>PLAINTIFFS' OPPOSITION TO THE DEPARTMENT OF JUSTICE'S MOTION FOR A PROTECTIVE ORDER, AND TO VACATE THE PRIOR ORDER SEALING THE DOCUMENTS THAT ARE THE SUBJECT OF THE GOVERNMENT'S REQUESTED PROTECTIVE ORDER</u>**

Now come Plaintiffs and respectfully oppose the Government's Motion for a Protective Order. Plaintiffs request that this Court deny the Government's Motion for a Protective Order in its entirety, or, in the alternative, to limit the scope of the broad Protective Order requested by the Government.

Preliminarily, Plaintiffs request that this Court vacate its prior order sealing Docket Entry No. 227-1, which contained Defendant Baugh's Sentencing Memorandum from the criminal case, and his letter attached to the memorandum. While Plaintiffs agreed to an Order sealing the documents without prejudice until an agreement as to a Protective Order was reached, Plaintiffs have never had the opportunity to be heard as to sealing the documents in perpetuity.

1

Moreover, Plaintiffs request that this Court deny the Government's request for a Protective Order. In requesting the overbroad Protective Order, the Government fundamentally misunderstands the importance of establishing a relationship between Defendant Baugh and the CIA, the scope of the relationship, the skills acquired by Defendant Baugh during that relationship, and the extent of Defendants eBay and the C-Suite Defendants' knowledge of Defendant Baugh's relationship when he was hired by eBay, and later promoted. Not only is the information central to the Plaintiff's claims against Defendant eBay for negligent hiring, retention and supervision, it is also relevant to liability pertaining to Defendants Wenig and Jones. In other words, the Government's assertion that none of Plaintiffs claims "require Plaintiffs to show any of the Defendants' alleged government backgrounds…[so] any such information would only complicate, and should not be subject to discovery…" and that the information the Government seeks to protect "should have little to no relevance to this tort litigation between private parties" is inaccurate.

It is also worth noting that the information the Government seeks to protect was available on the public docket in Defendant Baugh and Harville's criminal cases for 129 days, and available on this docket for 69 days, leading to media coverage and reporting in the public sphere. This severely waters down any stated need to protect this information and preclude Plaintiffs from conducting any discovery relating to Defendant Baugh's relationship with the Government.

Ultimately, the Government has not met its burden of demonstrating the overbroad request for a Protective Order should be allowed. As such, this Court should deny the Motion in its entirety, or limit its scope to protecting the information from public disclosure during discovery, subject to revisiting the Protective Order prior to trial.

### TIMELINE OF FILING IN CRIMINAL AND CIVIL CASES

The main subject of the Government's stated concerns as to the information pertaining to the litigation in this case was first raised in Defendant Baugh's criminal case. On September 27, 2022, Defendant Baugh's counsel filed a Sentencing Memorandum which outlined Defendant Baugh's prior work with the Government, and appended to the memorandum was a five-page letter of attrition penned by Defendant Baugh. In that letter, Defendant Baugh expanded on his work with the CIA, including actions he took within the scope of that work. In this case, Plaintiffs filed a Supplemental Opposition to Defendants' Motions to Dismiss on October 1, 2022, where Defendant Baugh's Sentencing Memorandum and letter were filed as Exhibits.

A more detailed timeline follows, but crucially, the Sentencing Memorandum and letter remained on the public criminal docket for 129 days, and on the docket in this case for 69 days, before the documents were sealed:

Steiner Case Motion to Seal Timeline:
- October 1, 2022: A Supplemental Opposition to Defendants' Motions to Dismiss, including Baugh's sentencing letter as Exhibit B, was filed in the Steiner civil case.
- October 27, 2022: Plaintiffs filed a Response to the Motion to Dismiss for Failure to State a Claim in the Steiner civil case, discussing the Baugh letter.
- The government requested certain documents be sealed ex-parte.
- December 5, 2022, the government filed a Status Report about the sealing.
- December 9, 2022: Attorney Edelman, on the behalf of the Government, files Motion to Provide Sealed Filing to the Government.
- December 9, 2022: Court grants the Government's Motion to Provide Sealed Filing to the Government (Woodlock, J.).

Baugh Case Motion to Seal Timeline:
- September 27, 2022: Defendant Jim Baugh filed his Sentencing Memorandum in *US v. Jim Baugh, et al docket number 20-cr-10263*, including his 5-page letter of contrition.

- September 29, 2022: Sentencing hearing held for Defendant James Baugh. A Motion for Leave to File a Supplement to Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss was filed in the Steiner civil case on the same day.
- January 23, 2023: Defendant Jim Baugh filed his Motion to Seal the letter that he submitted at his sentencing hearing.
- February 3, 2023: Court finds good cause to seal the Defendant's letter that he submitted at his sentencing hearing (Saris, J.).

**Document was on the public docket for 129 days.**

On November 17, 2022, Plaintiffs' Counsel met with the Government to discuss the Government's request to seal. During this meeting, the Government disclosed that the clerk of courts had contacted the Department of Justice about the Baugh filings in both the criminal and civil cases. The Government indicated that, in the absence of an agreement, they might seek to impound the entire document under the state secret privilege, with approval from the U.S. Attorney General or Assistant Attorney General.

During the meeting, the Government proposed entering into a protective order, but did not provide draft orders. The Government claimed, absent agreement, that the motion for a protective order would likely succeed, preventing Plaintiffs or any other litigant in the civil case from using any portion of the document, urging Plaintiffs' attorneys to accept their proposal.

Plaintiff Counsel made inquiries with the clerks of the respective judges regarding the sealed document in their cases, discovering that the Court had temporarily sealed the documents.

On January 3, 2023, this Court granted the temporary Motion to Seal the document in the Baugh criminal case. (Saris, J.).

On January 23, 2023, a Motion for Continued Sealing of Document 227-1 was filed by AUSA Kosto in the Baugh criminal case.

On February 3, 2023, a Notice Concerning Document 250 was filed by AUSA Kosto in the Baugh criminal case. The Court allowed the Motion on February 3, 2023.

On March 1, 2023, Plaintiffs filed an Amended Complaint in the civil case.

On July 27, 2023, the Government emailed Plaintiff counsel a revised draft of a Proposed Protective Order.

On August 10, 2023, this Court heard arguments on the Defendants' Motion to Dismiss.

On August 11, 2023, the Government sent an inquiry relating to the Proposed Protective Order.

On August 12, 2023, Attorney Weinberg, the attorney for Defendant Devin Wenig, informed the Government that much of the case revolves around Defendant Baugh and his conduct. Attorney Weinberg found it burdensome to require the Department of Justice to vet all pleadings and documents related to Mr. Baugh, even those that did not contain "protected" information. Additionally, he mentioned the inconvenience of having to notify the Government every time a deposition unrelated to "protected" information occurred, which might result in changes to the location or means of deposition at the Department of Justice's unilateral request. He outlined that he believed these requirements imposed unnecessary delays and disruptions and suggested that the protective order should be limited to "protected" information, excluding general information related to Mr. Baugh, which constituted a substantial portion of the case.

The same day that Attorney Weinberg outlined Defendant Wenig's objections, Plaintiff Counsel also objected to the proposed protective order, concurring with Attorney Weinberg's concerns and argued that the order, as currently drafted, it was overly broad and would interfere with the parties' strict discovery deadlines. Plaintiff Counsel reiterated her ongoing concern that the Government sought a protective order for a document that had been on the public docket for more than 129 days. During that time, it was downloaded by numerous members of the public and the media, leading to news reports and articles about the filing without any restrictions.

During the week of August 17, 2023, the Plaintiffs, Defendant Wenig, Defendant Jones, Defendant Wymer, Defendant PFC, Defendant Krystek , and Defendant eBay all notified the Government of their continued objection to the protective order.

On September 11, 2023, the Government sent a Revised Protective Order and requested Plaintiff Counsel to respond by September 15, 2023. In a September 14, 2023 email, Plaintiff's counsel notified the Government that she was on trial in a homicide case, and would need additional time to review the Revised Protective Order. This was a fourth retrial in the Northampton Superior Court in the matter of *Commonwealth v. Cara Rintala*. This trial commenced on September 6, 2023, and the jury delivered their verdict on October 5, 2023. During the trial, Plaintiff Counsel was staying in Hampshire County, Massachusetts, away from her office. Sentencing for the trial in *Commonwealth v. Cara Rintala* took place on October 19, 2022.

On September 27, 2023, the Government sent an additional revised copy of the Protective Order for Plaintiffs' Counsels' review, and requested a response by the next day. Plaintiffs' counsel then informed the Government that she was still on trial and unable to review the documents or consult with the clients by the end of the day of September 28, 2023.

On October 17, 2023, the Government filed a Motion and Memorandum in Support of a Protective Order in this case. Within this Motion, Attorney Edelman requests to be a part of the discovery process asserting that, "the Parties shall provide the Government prior to use or disclosure, through counsel at the U.S. Department of Justice, with copies of any pleadings or documents that the Parties intend to file with the court, serve on or disclose to another party related to this case, or use at any hearing, trial, or other proceeding in this case that references or relates in any way to the U.S. Government, including any agency or entity of the U.S.

6

Government, or Defendant James Baugh." While the Government does not attempt to preclude any of the parties from "elicitation or disclosure of whether Baugh had a relationship with the U.S. Government," it attempts to preclude all other discovery relating to the relationship.

**ARGUMENT**

The Government's motion, in effect, attempts to seal information that was already on the public docket, in addition to requesting a Protective Order to delve any deeper into the information contained in those public court filings. While Plaintiffs agreed to the preliminary order to seal without prejudice, Plaintiffs request that this Court vacate the Order, and determine whether the Government can justify there is "good cause" for the Order. Moreover, Plaintiffs contend that the Government has not set forth a sufficient basis for the Court to Order the broad Proposed Protective Order relating to the information that was sealed, and any discovery relating to the topic of the sealed information.

I. The Government cannot satisfy its burden of proving good cause to continue to seal Defendant Baugh's sentencing memorandum and letter.

The Government seeks to continue to seal documents filed at Docket Nos. 144-2 and 146-2, which are Defendant Baugh's sentencing memorandum and letter submitted with his sentencing memorandum. The Government does not address any of the standards addressing a request to seal a document on the public docket, simply stating that the information contained within is "Confidential." (Government Memo at 14-15). "Placing court records out of public sight is a serious step, which should be undertaken only rarely and for good cause. " *R&G Mortgage Corp. v. Fed. Home Loan Mortgage Corp.*, 584 F.3d, 12 (1st Cir 2009). The *R&G* court explained that "sealing orders are not like party favors, available upon request or as a mere

7

accommodation," Id. (citing *Nixon v. Warner Commc'ns Inc.* 435 U.S,. 589, 597-99 (1978); In *re Gitto Global Corp.*, 422 F.3d 1,6 (1st Cir. 2005).

In evaluating request for protective orders governing discovery, courts have considered various factors, including, the confidentiality interest at tissue, the need to protect public health and safety interests, the fairness and efficiency of entering a protective order and the importance of the litigation to the public. The proper factors to consider vary depending upon the circumstance of each case.

To determine whether an order to seal is appropriate, courts balance public and private interests. *Nat'l Org. for Marriage v. McKee*, 649 F.3d, 34, 70 (1st Cir. 2011). The scales tip, however "toward transparency." Id. Under common law, there is a long standing presumption of public access to judicial records. In *re Providence Journal Co.*, 293 F.3d 1,9, (1st Cir. 2002).

Relevant documents which are submitted to and accepted by a court of competent jurisdiction in the course of an adjudicatory proceeding, become documents to which the presumption of access applies. Restricting access to a docket "is a serious step, which should be undertaken only rarely and for good cause." *R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1,12 (1st Cir. 2009). Only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the comm-law right of access." The party seeking the sealing "shoulders the burden of establishing that an order to seal is warranted. See: *Standard Fin, Mgtm. Corp.*, 830 F.2d at 410.

In Siedle v. Putman Investments, Inc. 147 F.3d 7,9-10(1 st Cri. 1998) the First Circuit noted that [t]he common law presumes a right of public access to judicial records" "and that that presumption extends to records of civil proceeding" When a party requests a seal order a court must carefully balance the competing interest that are at stake in the

particular case." Id at 10. The mere fact that the judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access. In analyzing requests to seal court documents, courts emphasize the presumption of public access to judicial records and often require compelling reasons in order to seal court documents.

In this case, the government seeks to seal a document that has been accessible to the public for months. The document was filed on the public PACER system in the criminal case on September 27, 2022. Baugh was sentenced on September 29, 2022. The transcript of Baughs' sentencing transcript that references the document and utilizes the document is not sealed, nor has the government moved to seal it. The documents in question were sealed by the court in the criminal case on February 3, 2023. The documents the government now request be sealed were available to the public for 129 days.

Additionally in this case, the document was filed in a Motion to Supplement on October 1, 2022. On December 9, 2022 the documents were sealed after an ex parte motion was filed. The Document was available to the public for download for more than 60 days.

The document and its content the government now wants protected was downloaded by several media outlets who quoted from the document in their reporting. For example, a CNN article published on September 29, 2022 referred to Defendant Baugh as "a former Central Intelligence Agency employee." A Boston Globe article also referenced Defendant Baugh's sentencing memorandum, noting it outlined that prior to going to eBay in 2016, he "worked for…the Central Intelligence Agency's National Clandestine Service." A Reddit post also referenced Baugh filings, noting that "Baugh is seeking to introduce as evidence records of his secret undercover work for the government, which he said included using false pretenses to

9

arrange a meeting between a suspected foreign agent and an undercover U.S. operative who pretended to be a business consultant retained by Baugh." A Tweet also referenced Baugh's sentencing memorandum and noted his code name while working for the CIA.[1]

In addition, at least one Twitter post includes reference to the protected materials. This post has been on the internet since September 28, 2022 and still remains public. Moreover, the sequence of the governments conduct in this case makes no sense. They first approached the Plaintiff's attorneys about the need to seal these documents without ever even contacting Baugh's counsel about the document. When the government met with Plaintiff's counsel, they had not contacted any of the defendants' attorneys to attempt to get these documentsfrom their files and from their clients' possession. The government admitted it made no attempt to contact any of the media outlets who had published articles about Baugh's sentencing and referenced the CIA and/or the protected materials. Finally, the government never attempted to access PACER to find out the number and email addresses of all members of the public who downloaded this protected material.

The same documents that the government now seeks to protect were on a public docket in either the criminal or civil case for more than 90 and 60 days respectively. The Government has failed to justify why publicly filed documents should remain sealed from public view. While it broadly states that the information is "Confidential" and apparently provided a sealed affidavit to explain why, the Government has not sufficiently satisfied its burden of demonstrating further sealing is warranted. *See Nat'l Org. for Marriage v. McKee*, 649 F.3d, 34, 70 (1st Cir. 2011). As

---

[1] Plaintiffs do not include the code name or the Tweet here where it references information from Defendant Baugh's sentencing letter which was redacted and sealed.

such, this Court should deny the Government's request to continue to seal Docket No. 144-2 and 146-2.

II.   The Government cannot meet its burden of demonstrating the overbroad Proposed Protective Order is warranted.

District courts have "broad discretion to decide "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v Rhinehart,* 467 U.S. 20, 36 (1982), and great deference is shown to the district judge in framing and administering such orders. *Public Citizen v. Liggett Group, Inc*.; 858 F.2d 775,790 (1 st Cir. 1988) cert denied 488 U.S. 1030 (1989).

This Court determines whether the discovery of information is "relevant" to Plaintiffs' claims, and whether it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance" for discovery purposes is broadly construed, and "includes information reasonably calculated to lead to admissible evidence." *Red Wolf Energy Trading, LLC v. BIA Cap. Mgmt., LLC*, 626 F. Supp. 3d 478, 498 (D. Mass. 2022); *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009).

The Court may issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1). *See also Seattle Times Co. v. Rhinehart, et. al.,* 467 U.S. 20, 37 (1984). The rule permits a party or person "*from whom discovery is sought*" to *"*move for a protective order*…" Id.*

First, crucially, at this juncture the Plaintiffs are not requesting *any* discovery from the Department of Justice. Plaintiffs anticipate propounding discovery requests to Defendants Baugh, eBay, Wenig, Wymer and Jones to determine the extent of Defendant Baugh's relationship with the Government, and the other Defendants' knowledge of his relationship when

11

making hiring and promotion decisions. Therefore, it does not appear that the Government has standing at this point to request such broad oversight into the discovery process in this case.

Moreover, in seeking the protective order, the Government contends that information relating to Defendant Baugh's relationship is wholly irrelevant to Plaintiffs' case, and therefore, their interest in protecting the information outweighs the need for discovery. As an initial matter, the Government's claim that the information is irrelevant is erroneous, so its argument that follows necessarily crumbles. As outlined below, Defendant Baugh's relationship with the Government is central to Plaintiffs' claims, and the Government has failed to demonstrate such a broad protective order is warranted and justified.

Since the Government does not have standing under Fed. R. Civ. P. 26(c)(1) to request the Protective Order, and their claim that the information is not relevant fails, this Court should deny the Government's request.

    A.  The Government's claim that the information is irrelevant to this litigation is erroneous.

The Government fundamentally misunderstands Plaintiffs' claims in asserting that "information concerning the United States Government has little to no relevance to an adjudication of any issue in this case." (Government Memo at 10). Whether Plaintiffs "allege that any Government agency or entity caused or is liable for any of the injuries alleged" is largely irrelevant. (Government Memo at 11). Instead, it is the knowledge, skills and background Defendant Baugh acquired during his relationship with the Government, and the Defendants' knowledge of and purposeful use of those skills that is relevant to this litigation.

The DOJ erroneously contends that none of the information it seeks to protect is related to Plaintiffs' claims or the instant litigation. This is false, as the gravamen of Plaintiffs' claims

against eBay and the C-Suite Defendants – and their disavowal of liability – depend upon Defendant Baugh's prior relationship with the U.S. Government, and the skills he acquired during that relationship.

In its filing, the DOJ repeatedly claims that the Plaintiffs claims do not require the Plaintiff to show "anything related to any of the Defendants alleged government backgrounds." The government claimed that the disclosure of the information that they now want protected is irrelevant to Plaintiffs claims and seeks a protective order foreclosing discovery or disclosure of information in this civil action that "in any way" either "directly or indirectly" relates to the Defendants or any other individual's relationship with the United States Government, as well as any other classified information and or information subject to non-disclosure or secrecy agreements. The government claims that the information should have little to no relevance to this litigation between private parties. The government's claim is erroneous.

Throughout Plaintiffs' Complaint, they allege that Defendant Baugh acquired the skills to attempt to covertly harass, surveil and stalk the Plaintiffs through his relationship with the CIA and other Government entities. Plaintiffs also allege that the Defendants hired and promoted Defendant Baugh not only because of these skills, but because of his prior experience in using private security resources during covert government operations, to shield the true financial sources, which mirrors the expensing operation which occurred between PFC and eBay while stalking and harassing the Plaintiffs. The Complaint also alleges that Defendant Baugh had experience using fake cover stories to protect Government officials, just as he did with the C-Suite Defendants during the conspiracy. In other words, Defendants hired Defendant Baugh because of these skills, which were ultimately utilized during every layer of the conspiracy, the planning, execution and cover-up.

On the other hand, Defendants eBay, Wenig, Wymer and Jones all contend that Defendant Baugh was a rogue employee who directed the others and carried out the conspiracy on his own volition. They each defend the allegations in the Complaint by asserting there was no way they could have known Defendant Baugh and the others would engage in the conduct against the Plaintiffs.

If Plaintiffs are precluded from conducting discovery and presenting evidence relating to Defendant Baugh's relationship with the Government.  This will paint an incomplete – and inaccurate – picture that Defendant Baugh was a normal civilian before he was hired, no one at eBay had any prior knowledge that he had these skills, and Defendants did not specifically direct him to take care of Plaintiff Ina Steiner because they knew he would handle it "off the radar," in a covert manner where he would later attempt to protect the C-Suite Defendants.

While Plaintiffs contend that Defendant eBay is vicariously liable for the actions of the individual defendants, Plaintiffs also set forth a number of negligence claims, in that they were negligent in hiring, retaining and promoting Defendant Baugh. Therefore, the claim that eBay specifically hired and promoted Defendant Baugh because of his background and experience is directly relevant to these causes of action. Moreover, Defendants Wenig and Jones claim Defendant Baugh was a rogue employee, however, their knowledge as to his skills – and their specific directives to him to take Plaintiff Ina Steiner down off the radar – require discovery relating to Defendant Baugh's relationship with the CIA, and the scope of that relationship, including the skills, knowledge and experience acquired.

    i.    The Government contends discovery would be unduly burdensome, however, it is a burden created by them, and not necessary to protect the United States' interests.

While Plaintiffs are not privy to the full extent of the "burden" alleged by the Government because that information is filed under seal, Plaintiffs note that the parties are already aware of Defendant Baugh's relationship with the CIA, and he outlined a number of his duties, assignments and skills acquired in his public filings. Plaintiffs would seek to delve into this information further with Defendant Baugh, and also seek to learn which information Defendants eBay, Wenig and Jones were aware of before Defendant Baugh was hired then promoted.

Plaintiffs and the other parties have already abided by the Government's requests to date, including agreeing to a preliminary motion to seal until this matter is resolved. The Government could outline the extent of the information it seeks to protect, and the parties could ensure any information that bears on those topics are not exposed to the public, and remain under a confidential designation out of public view. This would ensure the Government's interests are protected, without precluding discovery into topics that are essential to Plaintiffs' case.

Moreover, the government's proposed order will interfere with the strict discovery order already in place where the proposed order requires the parties to provide to the government prior to use or disclosure any pleading or documents the parties intend to file with the Court, serve on or disclose to another party or nonparty related to this case that "references or relates in any way to the U.S. Government or Defendant James Baugh." The Governments is seeking permission to review and redact each document and potentially withhold a document in its entirety pending the filing of motions challenging the redactions or withholding with this Court. The Government also seeks notice of; attendance at; and an opportunity to object at any deposition or examination of any person where the party conducting the examination "reasonably believes that any questions that the party asks or that any other party would likely ask might reasonably be

expected to elicit protected information or any information regarding Mr. Baugh prior to July 1, 2018. The Government then seeks to review all transcripts that may contain protected information for redactions before the transcripts are provided to the parties. The government seeks to be placed on notice of the trial date and all hearings to allow them to attend and finally, wants notice and an opportunity to redact and or withhold documents, testimony and electronically stored information, of all subpoenas regarding the protected information. These restrictions, would in effect, prevent the parties from conducting discovery in the manner the parties agreed to in the Scheduling Order. It would prevent the parties from conducting fact discovery relating to defendant Baugh and the government and it would delay the trial.

As such, the government claims that the information that they seek to protect is beyond the scope of permissible discovery in this case, and are not relevant to any party's claim or defense, is erroneous. This Court should deny the Government's Motion for a Protective Order.

Wherefore, Plaintiff's request that this Court deny the Government's Motion for a Protective Order and vacate the prior order sealing the documents that are the subject of the government's requested protective order.

Date:  October 31, 2023

        Respectfully submitted,
        INA AND DAVID STEINER
        By their attorney,

        /s/ Rosemary Curran Scapicchio
        Rosemary C. Scapicchio, BBO No. 558312
        Law Office of Rosemary Scapicchio
        107 Union Wharf
        Boston, MA 02109
        617.263.7400
        Rosemary@Scapicchiolaw.com

        Respectfully submitted,

        STEINER ASSOCIATES, LLC
        By its attorney,

        <u>/s/ Jillise McDonough</u>
        Jillise McDonough, BBO No. 688694
        Law Office of Jillise McDonough
        107 Union Wharf
        Boston, MA 02109
        617.263.7400
        Jillise@Scapicchiolaw.com

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), I, Rosemary C. Scapicchio, counsel for Plaintiffs Ina and David Steiner, hereby certify that, in accordance with Local Rule 7.1(a)(2), on October 31, 2023, counsel for the Plaintiffs conferred with all counsel for Defendants and the attorney for the Department of Justice. Neither the Defendant's counsel nor the Department of Justice assents to this motion.


Dated:   <u>October 31, 2023</u>              Signed: <u>/s/ Rosemary Scapicchio</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.  An email copy was sent to *pro se* defendant Stephanie Stockwell

| | |
|---|---|
| Dated:  October 31, 2023 | Signed: */s/ Rosemary C. Scapicchio* <br> Rosemary C. Scapicchio |