UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>         (*Publisher of EcommerceBytes*)<br>                    Plaintiffs<br><br>         vs.<br><br><br>eBay, Inc., et al.,<br>                    Defendants | CASE NO: 1:21-cv-11181 |

**PLAINTIFFS' MOTION TO PARTIALLY RELIEVE DEFENDANTS BAUGH AND HARVILLE FROM THE CRIMINAL PROTECTIVE ORDER RELATING TO DOCUMENTS PRODUCED BY EBAY PURSUANT TO RULE 17(C) SUBPOENA**

Now come the Plaintiffs and respectfully request that this Court relieve Defendants Baugh and Harville from the Protective Order entered in United States v. Baugh and Harville, 20-cr-10263-PBS-1, to allow Plaintiffs access to materials and notes of interviews provided by eBay and/or Morgan Lewis to Defendants Baugh and Harville pursuant to a Rule 17(c) motion and Order.

As reasons therefore, Plaintiffs state that the documents and interviews will properly be requested pursuant to discovery requests under Fed. R. Civ. P. 26, but Defendants Baugh and Harville will be precluded from producing the materials where they are still under a Protective Order in the criminal case. No privilege applies to the documents, however, where eBay and Morgan Lewis have already disclosed these documents to Defendants Baugh and Harville. While eBay and Morgan Lewis attempted to assert that attorney-client privilege and the work product doctrine would still apply even if

1

the documents were disclosed in the criminal case, this Court specifically included in the Order that any Protective Order would not apply if the Court determined the records were not actually confidential. Plaintiffs also rely on the attached Memorandum of Law in support of this request.

      Wherefore, Plaintiffs respectfully request that this Court relieve Defendants Baugh and Harville from the Protective Order as to materials provided by eBay and/or Morgan Lewis to Defendants Baugh and Harville pursuant to a Rule 17(c) Order, subject to the Protective Order entered on October 24, 2023, Docket No. 278.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com


Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Plaintiffs conferred with counsel for the Defendants and the Government. Defendants Harville and eBay oppose this motion, Defendants Cooke and Baugh take no position, the Government takes no position, Defendants Gilbert, Jones, Krystek, Popp, PFC, Stockwell, Wenig, Wymer, and Zea do not assent to this motion.

Dated:  November 6, 2023                         Signed: /s/ Rosemary Curran Scapicchio

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:  November 6, 2023                         Signed: /s/ Rosemary Curran Scapicchio

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>        (*Publisher of EcommerceBytes*)<br>                Plaintiffs<br><br>        vs.<br><br><br>eBay, Inc., et al.,<br>                Defendants | CASE NO: 1:21-cv-11181 |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PARTIALLY RELIEVE DEFENDANTS BAUGH AND HARVILLE FROM THE CRIMINAL PROTECTIVE ORDER RELATING TO DOCUMENTS PRODUCED BY EBAY THOUGH THE GOVERNMENT</u>**

**INTRODUCTION**

Plaintiffs are requesting that this Court relieve Defendants Baugh and Harville from the Protective Order entered in <u>United States v. Baugh and Harville</u>, 20-cr-10263-PBS-1,[1] to allow Plaintiffs access to materials and notes of interviews provided by eBay and/or Morgan Lewis to Defendants Baugh and Harville pursuant to a Rule 17(c) motion and

---

[1] References to the docket and entries in the criminal case are cited as BHC Docket or Document No. #. References to the civil docket and entries are cited as Docket or Document No. #.

4

Order.[2] Plaintiffs file this motion at this juncture in an effort to expedite and streamline the discovery process in this case. During the course of the criminal investigation, eBay and Morgan Lewis[3] provided materials to Defendants Baugh and Harville pursuant to a Rule 17(c) Order. While eBay and Morgan Lewis asserted various privileges and claimed the materials were work product doctrine, and the parties entered into a Protective Order, when this Court entered the Protective Order it specifically noted that the parties' agreement as to a Protective Order did not bind the Court, to the extent that it finds the information is not confidential. BHC Docket No. 179.

Relieving Defendants Baugh and Harville from the Protective Order as it relates to all records provided by eBay and/or Morgan Lewis pursuant to the Rule 17(c) Order would afford Plaintiffs the opportunity to access to the materials at the earliest possible opportunity, without extensive litigation. This will ultimately place Plaintiffs in a position to pare down their discovery requests to ultimately simplify and accelerate the process.

**BACKGROUND AND HISTORY**

In Defendant Baugh's initial disclosures produced pursuant to Fed. R. Civ. P. 26, Defendant Baugh indicated that "he has in his possession, custody, or control…that he may use to support his claims and defenses":

> Materials produced to him by eBay Inc. in response to a subpoena in the criminal case (however, Mr. Baugh is prohibited under a Protective Order from providing those materials to third parties);

---

[2] If this Court finds it necessary, Plaintiffs agree to accept the documents pursuant to the Protective Order entered on October 24, 2023, Docket No. 278.

[3] Morgan Lewis was retained by eBay to represent the company both for its internal investigation, and in relation to the Government's investigation. The firm later lobbied on eBay's behalf to the United States Attorney's Office and successfully convinced the Government not to criminally charge eBay.

On February 4, 2022, Baugh, Morgan Lewis & Bockius LLC and eBay filed an Unopposed Motion as to Agreed Upon Order of Confidentiality and Non-Waiver Concerning Materials to be Produced to Defendant. In that motion, the parties sought to protect information produced by eBay and Morgan Lewis pursuant to a Rule 17(c) subpoena. The stated need for protection was as follows:

> Intervenors contend that the materials to be produced may contain sensitive personal information that is trade secret, commercially sensitive, highly confidential and/or protected by the work product doctrine or the attorney-client privilege and that would in the ordinary course be treated as confidential and not disclosed to third parties. In addition, Rule 502(d) authorizes the Court to issue an order that privilege or other protection from disclosure is not waived by disclosure connected with the litigation pending before the Court. *See* Fed. R. Evid. 502(d). The Proposed Order will afford Defendant Baugh access to the materials in a manner that protects any such sensitive information, including in accordance with Rule 502(d).

Document No. 176 at 3-4.

The Court entered an Order on February 8, 2022 allowing the motion, but also added the following:

> "However, this agreement does not bind the Court, to the extent it finds this information is not confidential." (Saris, J.).

Docket No. 179.

The Order of Confidentiality precludes Defendant Baugh's counsel from disseminating or in any way disclosing the materials to anyone other than Baugh's Defense Team. Document No. 179 at 2-3.

**ARGUMENT**

Rule 26(b)(1) outlines that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984). Discovery is not limited to matters that

will be admissible at trial so long as the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Mutual knowledge of relevant facts is essential to proper litigation, and therefore, "either party may compel the other to disgorge whatever facts he has in his possession…". *Diaz v. Devlin*, 2018 U.S. Dist. LEXIS 145892 at 6 (D. Mass. 2018), *quoting Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). "A party should not be allowed to conceal critical, non-privileged, discoverable information…simply by…attempting to hide behind the workproduct doctrine." *Diaz*, 2018 U.S. Dist. LEXIS 145892 at 6, *quoting Xerox Corp. v. IBM*, 64 F.R.D. 367, 381-82 (S.D.N.Y. 1974).

As Defendant Baugh outlined in his initial disclosures, he possesses materials produced by eBay pursuant to a Rule 17(c) subpoena and Order, but he is not permitted to produce those materials pursuant to a discovery request by Plaintiffs because the materials are subject to a Protective Order.

While Plaintiffs can and will propound discovery requests to eBay seeking any and all information secured during the course of its internal investigations, presumably eBay will be making several claims of privilege, including attorney-client privilege and will attempt to invoke the work-product doctrine. Lifting the Protective Order as to the discovery produced during the criminal case will be the most expedient means of beginning the discovery process at this point, and will cut down on extensive litigation as to whether any privilege or work-product doctrine applies, as eBay has already produced these materials to a third-party, waiving any privilege or work product doctrine claims.

According to the record in the criminal case, eBay produced various materials pursuant to a Rule 17(c) subpoena and Order. Counsel for eBay also offered – and may

have subsequently produced – notes and memoranda of the interviews that eBay orally provided to the Government. BHC Document No. 138 at 14.

Any claim of privilege or work-product is now waived where the documents were produced to third-parties, Defendants Baugh and Harville. *See Hudson-Rpm Distrib., LLC v. Bowditch & Dewey*, 2021 U.S. Dist. LEXIS 262403 (D. Mass. 2021), *citing Cavallaro v. United States*, 284 F.3d 236, 246-47 (1st Cir. 2002). As a result, there is no basis for a continued Protective Order, at least so far as it precludes Defendants Baugh and Harville from producing discoverable information to the Plaintiffs in this matter.

Ultimately, Defendants Baugh and Harville possess discoverable information that Plaintiffs are entitled to, but the Defendants cannot produce it because it is subject to a Protective Order. *See Diaz v. Devlin*, 2018 U.S. Dist. LEXIS 145892 at 6 (D. Mass. 2018); *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). As such, Plaintiffs are requesting that this Court relieve Defendants Baugh and Harville from the Protective Order in the criminal case relating to the materials produced by eBay and/or Morgan Lewis pursuant to the Rule 17(c) subpoena and Order.

**CONCLUSION**

Wherefore, Plaintiffs respectfully request that this Court relieve Defendants Baugh and Harville from the Protective Order as to materials provided by eBay and/or Morgan Lewis to Defendants Baugh and Harville pursuant to a Rule 17(c) Order, subject to the Protective Order entered on October 24, 2023, Docket No. 278.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com




Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com