UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>                Plaintiffs<br><br>        vs.<br><br><br>eBay, Inc., et al.,<br>                Defendants | CASE NO: 1:21-cv-11181 |

### PLAINTIFFS' MOTION TO PARTIALLY RELIEVE DEFENDANTS BAUGH AND HARVILLE FROM THE CRIMINAL PROTECTIVE ORDER RELATING TO DOCUMENTS PRODUCED BY EBAY THOUGH THE GOVERNMENT

Now come the Plaintiffs and respectfully request that this Court relieve Defendants Baugh and Harville from the Protective Order entered in United States v. Baugh and Harville, 20-cr-10263-PBS-1, to allow Plaintiffs access to materials and interviews provided by eBay to the Government, and subsequently produced to Defendants Baugh and Harville in discovery.

As reasons therefore, Plaintiffs state that the documents and interviews will properly be requested pursuant to discovery requests under Fed. R. Civ. P. 26, but Defendants Baugh and Harville will be precluded from producing the materials where they are still under a Protective Order in the criminal case. No privilege applies to the documents, however, where eBay and Morgan Lewis have already conceded that any claim of privilege has been waived with respect to records and/or interviews produced to the

1

Government during the course of the criminal investigation. Plaintiffs also rely on the attached Memorandum of Law in support of this request.

Wherefore, Plaintiffs respectfully request that this Court relieve Defendants Baugh and Harville from the Protective Order as to materials provided by eBay and/or Morgan Lewis to the Government, and subsequently produced to Defendants Baugh and Harville during the criminal discovery process, subject to the Protective Order entered on October 24, 2023, Docket No. 278.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com

Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Plaintiffs conferred with counsel for the Defendants and the Government. Defendants Harville and eBay oppose this motion, Defendants Cooke and Baugh take no position, Defendants Gilbert, Jones, Krystek, Popp, PFC, Stockwell, Wenig, Wymer, and Zea do not assent to this motion. The Government does not oppose the motion, as long as the materials are covered by the protective order in the civil case.

Dated:  November 6, 2023                                             Signed: /s/ Rosemary Curran Scapicchio

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party and upon any party appearing pro se by complying with this Court's directives on electronic filing.

Dated:  November 6, 2023                                             Signed: /s/ Rosemary Curran Scapicchio

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>    (*Publisher of EcommerceBytes*)<br>                    Plaintiffs<br><br>          vs.<br><br><br>eBay, Inc., et al.,<br>                    Defendants | CASE NO: 1:21-cv-11181 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PARTIALLY RELIEVE DEFENDANTS BAUGH AND HARVILLE FROM THE CRIMINAL PROTECTIVE ORDER RELATING TO DOCUMENTS PRODUCED BY EBAY THOUGH THE GOVERNMENT**

**INTRODUCTION**

Plaintiffs are requesting that this Court relieve Defendants Baugh and Harville from the Protective Order entered in United States v. Baugh and Harville, 20-cr-10263-PBS-1,[1] to allow Plaintiffs access to materials and interviews provided by eBay to the Government, and subsequently produced to Defendants Baugh and Harville in discovery.[2] Plaintiffs file this motion at this juncture in an effort to expedite and streamline the discovery process in this case. During the course of the criminal investigation, eBay and Morgan Lewis[3]

---

[1] References to the docket and entries in the criminal case are cited as BHC Docket or Document No. #. References to the civil docket and entries are cited as Docket or Document No. #.

[2] If this Court finds it necessary, Plaintiffs agree to accept the documents pursuant to the Protective Order entered on October 24, 2023, Docket No. 278.

[3] Morgan Lewis was retained by eBay to represent the company both for its internal investigation, and in relation to the Government's investigation. The firm later lobbied on

4

provided 14,000 pages of documents and orally relayed the content of approximately twenty interviews to the Government. Those documents and interviews were later provided to Defendants Baugh and Harville as discovery. Neither eBay nor Morgan Lewis disputed that any claim of privilege was waived as to these materials and interviews. *See* BHC Hearing at 1/28/22 at 15-17, 32 (outlining information disclosed by eBay to AUSA and conceding waiver). *See also* BHC Document No. 138 (eBay arguing privilege not waived only with respect to documents and interviews not disclosed to Government).

Defendants Baugh and Harville entered a Protective Order with the US Attorney's Office which prevents either defendant or their counsel from distributing the discovery materials to anyone outside of their respective defense teams. Relieving Defendants Baugh and Harville from the Protective Order as it relates to all records provided by eBay and/or Morgan Lewis to the Government would afford Plaintiffs the opportunity to access to the materials, which eBay and Morgan Lewis have already conceded no privilege applies.[4] *See* BHC Hearing at 1/28/22 at 15-17, 32; BHC Document No. 138. This will ultimately place Plaintiffs in a position to pare down their discovery requests to ultimately simplify and accelerate the process.

---

eBay's behalf to the United States Attorney's Office and successfully convinced the Government not to criminally charge eBay.

[4] To be clear, at this juncture, the Plaintiffs are not seeking that this Court relieve Defendants Baugh and Harville from the Protective Order relating to discovery documents produced in the criminal case beyond what was provided by eBay and/or Morgan Lewis to the Government. In other words, Plaintiffs are not seeking that this Court make any changes to the Protective Order relating to reports, interviews, documents, etc. that were drafted by the Government. Although the Government is a party to the Protective Order, Plaintiffs take the position that the motion is more appropriately litigated under this docket, where the materials came from eBay and were produced to Defendants Baugh and Harville – with the Government essentially acting as a middle-man – both of whom would be required to produce the materials under Fed. R. Civ. P. 26 pursuant to discovery requests.

**BACKGROUND AND HISTORY**

In Defendant Baugh's initial disclosures produced pursuant to Fed. R. Civ. P. 26, Defendant Baugh indicated that "he has in his possession, custody, or control…that he may use to support his claims and defenses":

> Discovery materials produced in the criminal case (however, Mr. Baugh is prohibited under a Protective Order from providing those materials to third parties)

On December 10, 2020, the Government filed an Assented to Motion for a Protective Order in Defendant Baugh and Harville's related criminal cases. The stated reason for the Protective Order was as follows, and precluded the defense attorneys from in any way disseminating the discovery produced to them by the Government:

> As grounds for the motion, the United States respectfully submits that the discovery materials it anticipates on producing in the above matter contain sensitive information concerning victims, witnesses, defendants, third parties, and law enforcement sources and techniques. The proposed Protective Order will afford access to these materials in a manner that protects this sensitive information, while also allowing the materials to be used for the purpose for which they will be produced, the defense of the case, and for no other purpose and in connection with no other proceeding.
>
> BHC Document No. 42 at 1.
>
> The Court endorsed the proposed Protective Order on December 11, 2020 (Bowler, M.J.).

**ARGUMENT**

Rule 26(b)(1) outlines that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984). Discovery is not limited to matters that will be admissible at trial so long as the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Mutual knowledge of relevant facts is essential to proper litigation, and therefore, "either party may compel the other to disgorge whatever facts he has in his possession…". *Diaz v. Devlin*, 2018 U.S. Dist. LEXIS 145892 at 6 (D. Mass. 2018), *quoting Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

As Defendant Baugh outlined in his initial disclosures, he possesses the entire criminal file produced during discovery in that matter, but he is not permitted to produce those materials pursuant to a discovery request by Plaintiffs because it is subject to a Protective Order.

While Plaintiffs can and will propound discovery requests to eBay seeking any and all information secured during the course of its internal investigations, presumably eBay will be making several claims of privilege, including attorney-client privilege and will attempt to invoke the work-product doctrine. Lifting the Protective Order as to the discovery produced during the criminal case will be the most expedient means of beginning the discovery process at this point, and will cut down on extensive litigation as to whether any privilege or work-product doctrine applies.

According to the record in the criminal case, eBay produced approximately 14,000 pages of documents to the Government, and provided verbatim accounts of interviews with at least twenty witnesses. *See* BHC Hearing on 1/28/22 at 9-11. All of this information was then provided to Defendants Baugh and Harville in discovery. *See* BHC Document No. 138 at 13.

In a declaration submitted by Attorney Andrew Phelan, the lead attorney representing eBay both during the course of the Morgan Lewis internal investigation and during the course of the Government's investigation, he described the course of

information dissemination between eBay and the US Attorney's Office. In his declaration, Attorney Phelan stated the following:

> Beginning in September 2019 and continuing to the present, I communicated multiple times with the USAO on behalf of eBay. I provided to the USAO information that eBay had learned during the course of the initial eBay in-house investigation and the Internal Investigation. I also provided information in response to specific requests for information the USAO made of eBay.
>
> BHC Document No. 139 at 3 § 11.

Attorney Phelan further outlined that the information he provided to the Government "consisted of factual information collected during the course of the initial eBay in-house investigation and the Internal Investigation…Much of the information appeared later in the June 2020 FBI affidavit filed with the original charging documents as well as in the November 3, 2020 indictment in this case against Defendants Baugh and Harville." BHC Document No. 139 at 4 § 12. Attorney Phelan also indicated that he provided the substance of statements made to eBay's in-house counsel Amir Vonsover and paralegal Shannon Mcauley. BHC Document No. 139 at 4 § 13. He did not provide the Government with memoranda or notes of the interviews, but rather provided oral reports of statements made by Defendants Baugh, Harville and Steven Wymer. BHC Document No. 139 at 4 § 13. eBay produced 14,000 pages of documents collected during the internal investigation to the Government. BHC Hearing on 1/28/22 at 9-10. Vonsover read approximately 20 interviews to the Government during a meeting. BHC Hearing on 1/28/22 at 10-11. The four interviews eBay did not orally recite to the Government were for Wendy Jones, Devin Wenig, Julianne Whitelaw, and Ryan Moore. BHC Hearing on 1/28/22 at 12-13.

In other words, over 14,000 documents were produced by eBay to the US Attorney's Office, and at least 20 interviews were recited verbatim to the AUSA, the substance of which was later produced in the FBI affidavit filed with the charging documents and indictments. Neither eBay nor Morgan Lewis disputed that any privilege was waived as to the information and materials disclosed to the Government. *See* BHC Hearing at 1/28/22 at 15-17, 32. *See also* BHC Document No. 138 (eBay arguing privilege not waived only with respect to documents and interviews not disclosed to Government).

Ultimately, Defendants Baugh and Harville possess discoverable information that Plaintiffs are entitled to, but the Defendants cannot produce it because it is subject to a Protective Order. *See Diaz v. Devlin*, 2018 U.S. Dist. LEXIS 145892 at 6 (D. Mass. 2018); *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). As such, Plaintiffs are requesting that this Court relieve Defendants Baugh and Harville from the Protective Order in the criminal case.

**CONCLUSION**

Wherefore, Plaintiffs respectfully request that this Court relieve Defendants Baugh and Harville from the Protective Order as to materials provided by eBay and/or Morgan Lewis to the Government, and subsequently produced to Defendants Baugh and Harville during the criminal discovery process, subject to the Protective Order entered on October 24, 2023, Docket No. 278.

Respectfully submitted,
INA AND DAVID STEINER
By their attorney,

/s/ Rosemary Curran Scapicchio
Rosemary C. Scapicchio, BBO No. 558312
Law Office of Rosemary Scapicchio
107 Union Wharf
Boston, MA 02109
617.263.7400
Rosemary@Scapicchiolaw.com

Respectfully submitted,
STEINER ASSOCIATES, LLC
By its attorney,

/s/ Jillise McDonough
Jillise McDonough, BBO No. 688694
Law Office of Jillise McDonough
107 Union Wharf
Boston, MA 02109
617.263.7400
Jillise@Scapicchiolaw.com