Exhibit B

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INA STEINER, DAVID STEINER, and
STEINER ASSOCIATES, LLC,

                Plaintiffs,

v.                                                                                      Civil Action No. 1:21-CV-11181-DPW

EBAY INC., *et al.*,

                Defendants.

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, to facilitate discovery of information which may be publicly disclosed while protecting from disclosure classified national security information, *see* Executive Order 13536, 75 Fed. Reg. 707 (Dec. 29, 2009), IT IS HEREBY ORDERED as follows:

1.    The Parties shall not seek to elicit any testimony from any witness, or use or otherwise disclose in the course of this action, any documents or information that is Protected Information, as defined below. This obligation belongs to each individual party to this action, and no party shall be held responsible for another party's failure to comply with this order.

2.    Protected Information shall include:

    a.    Any information that might tend to reveal the nature of any classified or nonpublic relationships, contractual or otherwise, between ~~one or more of the Parties~~ Defendant Jim Baugh and the U.S. Government, including the details of any such actual, alleged, discussed, or proposed relationship, association, contract, project, dealing, interaction, or agreement

("Relationship"). Such information shall include any information regarding the nature and scope of any work, as well as any related preparation or training related to such work, allegedly performed by the Parties for or on behalf of the U.S. Government, any activities undertaken by the Parties under any alleged Relationship; the time period during which the Parties performed any alleged work or had any alleged Relationship; any information concerning any alleged financial arrangements for any alleged work; and any information concerning the Parties' obligations in connection with any alleged Relationship;. For purposes of this order, Baugh's communications with the Government in connection with the criminal investigation that ultimately resulted in the convictions of defendants Baugh, Cooke, Gilbert, Harville, Popp, Stockwell, and Zea shall not constitute a Relationship; however, to the extent those communications reveal information about a Relationship, they shall constitute Protected Information;

b. Any information that might tend to reveal or disclose the identities of any and all U.S. Government employees or contractors or offices with whom one or more of the PartiesBaugh may have had classified or other non-public interactions pursuant to any Relationship as defined in paragraph 2(a) above, including but not limited to names, phone numbers, fax numbers, email addresses, and similar identifying information;

2

c.  Any other classified or other non-public information concerning any U.S. Government activities or interests at issue in any Relationship as defined in paragraph 2(a) above;

d.  Any information, including information in the above categories, subject to a nondisclosure or secrecy agreement with any U.S. Government entity in connection with any Relationship as defined in paragraph 2(a) above; and

e.  The unredacted letter written by Mr. James Baugh and filed in this matter under seal at ECF No. 144-2 and ECF No. 146-2, and the information that has been redacted by the United States from that letter in any form (e.g., written or oral disclosure).

3. Protected Information shall not include the fact of whether or not a Relationship existed.

4. The Parties shall review any pleadings and documents in their possession, custody, or control that they intend to file, use, or otherwise disclose in the course of this action, including any documents that the Parties are required to produce in response to lawful process or Court order at any subsequent point in this matter, to determine if such pleadings or documents would reveal, tend to reveal, or may risk disclosure of Protected Information. The Parties agree that Protected Information shall not be used or referred to in any motions, notices, briefs, exhibits, discovery requests or responses, pleadings filed in this case, or other documents filed, disclosed, or used in this case, or proceedings in this case.

5. The Parties shall provide the Government prior to use or disclosure, through counsel at the U.S. Department of Justice ("DoJ"), with copies of any pleadings or documents that the Parties intend to file with the court, serve on or disclose to another party or non-party

3

related to this case, or use at any hearing, trial, or other proceeding in this case that references or relates in any way to ~~(1) the U.S. Government, including any agency or entity of the U.S. Government, or (2)~~ Defendant ~~James~~Jim Baugh.  Pleadings or documents need not be provided to DoJ under this paragraph if the reference or relation to ~~the U.S. Government or~~ Defendant ~~James~~Jim Baugh exclusively concerns events occurring on or after July 1, 2018.  If the U.S. Government determines that any pleading or document or portion thereof contains Protected Information, the U.S. Government shall, to the extent possible, redact the Protected Information and provide the Parties with a redacted copy of the pleading or document.  The Parties agree that, during this action, should they wish to file, disclose, or use pleadings or documents that have been provided to the U.S. Government for review, only the versions of the pleadings or documents that have been reviewed and redacted will be filed, disclosed, or otherwise used in this action, consistent with the procedures set forth in this Order.  If the U.S. Government determines that redaction of the Protected Information is not feasible, such pleading or document shall be withheld in full and not disclosed or otherwise used or referenced in this action.  Any dispute concerning the Government's determination of whether a pleading or document contains Protected Information may be presented to the Court in accord with Paragraph 12 below.

6.      The Court hereby makes permanent its prior interim ruling that the Clerk of Court will maintain under seal a redacted version of the document filed at ECF Nos. 144-2 and 146-2 and that the Parties may continue to possess redacted versions of that document and cite or quote from the non-redacted portions only.  *See* ECF No. 166.  The Clerk of Court shall delete or return to DoJ any copies of the unredacted versions of ECF Nos. 144-2 and 146-2 in the Court's custody and to continue to maintain under seal only the redacted versions of those documents.  The Parties are ordered to either delete or return to DoJ any copies of the unredacted version of

the letter containing classified information that they maintain in either physical or electronic format within 14 days of the date of this order and certify to DoJ in writing that they have done so. The Parties shall not share the redacted version of ECF No. 144-2 and ECF No. 146-2 with any entity or individual and shall take reasonably prudent precautions to prevent any such disclosure. The obligations set forth in this paragraph belong to each individual party to this action, and no party shall be held responsible for another party's failure to comply with the terms of this paragraph.

7. The Parties shall notify the U.S. Government, through DoJ counsel by sending an email to all DoJ counsel of record in this case, of any depositions or other examinations of witnesses prior to noticing any such deposition or examination if the party taking the deposition or examination reasonably believes that any question that party asks or that any other party would likely ask might reasonably be expected to elicit Protected Information or any information regarding Mr. Baugh prior to July 1, 2018. Otherwise, the party taking the deposition or examination shall provide the U.S. Government notice simultaneously with the party being deposed or examined. If the U.S. Government determines that a deposition or examination might reasonably be expected to elicit Protected Information, the U.S. Government will inform the parties of this and will then meet and confer with the relevant parties to determine a mutually agreeable date and time, location, and means by which the deposition will be taken that ensures Protected Information is not divulged. DoJ counsel and other U.S. Government representatives may participate in all depositions and examinations that they determine might reasonably be expected to elicit Protected Information. In accordance with Paragraph 12 below, any party may present to the Court any disagreement with the U.S. Government's determination. At any deposition or examination in which the U.S. Government participates, DoJ counsel may make

objections to questions or answers and to the introduction of any documents, as necessary to protect Protected Information, and DoJ counsel may instruct the witness not to answer any question that DOJ counsel determines necessary to protect Protected Information.  If DoJ counsel objects based on the need to protect such information with respect to either witness testimony or documents introduced or otherwise relied upon during an examination, then the witness shall not testify with respect to the line of inquiry that engendered the objection, and any document subject to such objection shall be withdrawn from the record.

8. The Parties agree that any transcript of any deposition or proceeding that may contain Protected Information will first be submitted to the U.S. Government, through DoJ counsel, for review to determine if any redactions are needed before the transcript is provided to the Parties or publicly released.  In such cases, the Parties shall use or disclose only such transcripts that have been approved by the U.S. Government.

9. The Parties shall notify the U.S. Government, through DoJ counsel, prior to any hearing or trial in this case where any witness may testify.  DoJ counsel, accompanied by other U.S. Government representatives (who need not be identified by name on the record), may be present at any such hearing or trial, and may make objections to questions or answers on behalf of the United States as necessary to protect Protected Information.  Unless an inquiry is withdrawn, testimony to which the Government objects shall not be taken until after an opportunity to present briefing and argument to the Court, including any *ex parte*, *in camera* submissions by the Government in support of its objection, on whether the testimony would reveal or risk disclosure of Protected Information.

10. Should any party wish to seek testimony from a current or former U.S. Government employee concerning matters related to the U.S. Government, including matters

related to that individual's federal employment or seek materials from or controlled by the U.S. Government, the requesting party shall submit a *Touhy* request to the DoJ. All such requests are governed by the applicable *Touhy* regulations. The parties shall confer with the DoJ as to the procedure to follow with respect to issuance of any subpoena to a current or former U.S. Government employee or witness testimony or materials from the U.S. Government.

11. Any subpoena directed to a non-party seeking testimony, documents, and/or electronically stored information shall include a copy of this Order, and all non-party recipients of a subpoena shall be bound to the terms of this Order. Subpoena recipients are ordered not to produce or otherwise disclose Protected Information and must follow the procedures set forth in this Order.

12. Should any party dispute the U.S. Government's application of this Order, the party shall first confer with DoJ counsel to attempt to resolve the dispute. If the party and DoJ counsel are unable to resolve the dispute, and the party seeks judicial intervention, the party and DoJ counsel will first attempt to confer with the Court to resolve the matter before any motions practice. If the matter is not resolved, the disputing party and the Government shall submit a joint status report addressing the schedule for motions practice to resolve any dispute. Nothing in this Order shall limit the discretion of the U.S. Government to present any defense or take any other action to safeguard Protected Information, including through an assertion of the state secrets privilege or other applicable governmental privileges.

13. Subject to further order of the Court after hearing from the parties and the U.S. Government, the terms of this Order shall remain in effect after final disposition of the above captioned matter.

IT IS SO ORDERED.

DATED this _____ day of _____, 2023

                                                                 _____
The Honorable Patti B. Saris
United States District Judge

|  | |
|---|---|
| **Summary report:** **Litera Compare for Word 11.4.0.111 Document comparison done on 11/7/2023 10:20:33 AM** | |
| **Style name:** Sidley Default | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Steiner v eBay_Proposed Protective Order_final (003).docx | |
| **Modified filename:** Exhibit A - Revised Protective Order.docx | |
| **Changes:** | |
| Add | 12 |
| Delete | 8 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 22 |