UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 21-CV-11181-PBS |
| Plaintiffs, | | |
| v. | | |
| EBAY INC., et al., | | |
| Defendants. | | |

**DEFENDANT EBAY INC.'S OPPOSITION TO PLAINTIFFS'
MOTIONS FOR MODIFICATION OF PROTECTIVE ORDERS**

In connection with the criminal investigation of the Natick events, eBay produced more than ten thousand pages of documents to the Government, which the Government in turn produced to Defendants Jim Baugh and David Harville, subject to a protective order in their criminal case. eBay also produced documents directly to Baugh in response to a Rule 17(c) subpoena, also subject to a protective order in the criminal case. Now, in this case, Plaintiffs Ina Steiner, David Steiner, and Steiner Associates, LLC intend to seek all these documents in discovery. Yet, rather than follow regular order and serve document requests directly on eBay here, Plaintiffs have moved to modify the protective orders entered in the *criminal* case to permit Baugh and Harville to produce those documents.

Plaintiffs' motions should be denied because they are procedurally improper. The motions seek to modify protective orders entered in an entirely separate proceeding, which is not permissible under any circumstances, including where the same judge happens to preside over both matters. The motions are also improper because Plaintiffs would not be permitted to intervene in

1

the criminal case to seek modification of the protective orders, and thus should not be allowed to do collaterally what they could not do directly.

Furthermore, the motions fail because Plaintiffs have no compelling reason for modifying the protective orders in the criminal action when the materials at issue can be sought from eBay in discovery here.  Indeed, Plaintiffs' motions acknowledge that their true purpose is to circumvent any objections eBay might make to such a request.  Put another way, Plaintiffs seek to bypass the rules of civil procedure precisely to deprive eBay of the rights it has under those rules.  The Court should reject this effort and deny the motions.

## **Background**

Plaintiffs' motions pertain to two sets of documents eBay produced in connection with the Government's criminal investigation of Baugh and Harville.[1]  The first set comprises more than ten thousand pages of documents from eBay's internal investigation of the Natick events that eBay produced to the Government and that the Government then produced to Baugh and Harville after they were indicted.  *See United States v. Baugh*, No. 20 Cr. 10263, Dkt. 88 at 4 (D. Mass.).  The Government produced the documents subject to a protective order in the criminal case entered on December 11, 2020.  *See id.*, Dkt. 43.  The order provided that Baugh and Harville could use the documents only "in the defense of this case, and for no other purpose and in connection with no other proceeding."  *Id.*, Dkt. 44 ¶ 1.

The second set of documents comprises materials eBay produced directly to Baugh in his criminal case pursuant to a Rule 17(c) subpoena.  That production was subject to a separate protective order entered on February 8, 2022.  *See id.*, Dkt. 178.  That order, like the prior one,

---

[1] Given the Court's familiarity with this case, eBay omits any summary of the events underlying this action and the Government's investigation.  Those events are summarized in eBay's memorandum in support of its motion to dismiss the amended complaint.  *See* Dkt. 208 at 2-5.

2

provided that the material "shall be used solely in connection with the preparation and litigation of the Defendant's legal defense in this case . . . and shall not be copied, disseminated or in any way disclosed to anyone outside the Defense Team." *See Baugh*, Dkt. 179 ¶ 2.

Plaintiffs now seek modification of both protective orders for purposes of seeking discovery in this action. *See* Dkts. 284, 285.

## Argument

Plaintiffs' motions to modify the protective orders entered in Baugh and Harville's separate criminal case should be denied for several reasons.

*First*, as a threshold matter, Plaintiffs' motions are procedurally defective because they seek to modify the terms of protective orders entered in an entirely separate criminal proceeding, and under no circumstances is that proper. Plaintiffs notably identify no authority in support of the proposition that they can seek modification in this proceeding of protective orders entered in a separate case.

Moreover, Plaintiffs' motions are especially improper because they seek to circumvent the restrictions on intervention by non-parties in criminal cases. Intervention in criminal cases is narrowly limited to circumstances when a non-party has a defensive interest in protecting constitutional or other federal rights which it has no other means of vindicating. *See United States v. Atesiano*, 2018 WL 5831092, at *2-4 (S.D. Fla. Nov. 7, 2018). By contrast, intervention for Plaintiffs' offensive purpose of obtaining non-public discovery for use in a civil case, in which the non-party has "other means . . . [such as] process afforded by the court in the civil case" to obtain the information it seeks, is consistently denied. *United States v. Collins*, 2013 WL 4780927, at *2 (E.D. Wis. Sept. 5, 2013); *see, e.g.*, *Atesiano*, 2018 WL 5831092, at *3-4 ; *United States v. Sikes*, 2017 WL 25460, at *2 (D. Neb. Jan. 3, 2017). Plaintiffs should not be permitted to evade this

restriction by seeking relief in this proceeding.

*Second*, Plaintiffs offer no compelling justification to modify the protective orders, which expressly prohibit the use of discovery materials produced in the criminal case outside that proceeding. Courts have made clear that protective orders may be modified only based on "extraordinary circumstances" or "compelling need." *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005).[2] Yet the only basis for relief that Plaintiffs offer is that modification will "expedite and streamline the discovery process" and "will be the most expedient means of beginning the discovery process at this point." Dkt. 285 at 4, 7. This argument is doubly flawed. To begin with, it is untrue. Plaintiffs could obviate the need for these motions entirely just by requesting the documents from eBay in this case. And even if Plaintiffs were correct, expediency is not a compelling or extraordinary reason for modifying a protective order. *See Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993) (affirming district court's decision not to lift a protective order despite argument that it would cause "wasteful duplication of discovery in other cases"). Indeed, the fact that Plaintiffs have an alternative means of seeking these materials—a document request to eBay—underscores the absence of a compelling reason to modify the protective orders in the criminal action. *See United States v. Bulger*, 283 F.R.D. 46, 55 (D. Mass. 2012) ("As aptly noted in a civil case in the context of a motion to vacate a protective order, a court 'must weigh that party's need for modification against the other party's need for protection, and ought to factor in the availability of alternatives to better achieve both sides' goals.'" (quoting

---

[2] When assessing a motion to modify a protective order, the First Circuit has applied a standard "less restrictive" than the "extraordinary circumstances" standard, *but only* "where the party seeking modification has pointed to some relevant change in the circumstances under which the protective order was entered." *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 791 (1st Cir. 1988). Here, the Plaintiffs have pointed to no such change and, given the availability of alternative means of seeking the discovery at issue, cannot meet even a lesser standard, such as good cause.

4

*Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 180 (N.D. Ill. 2006))).

*Third*, Plaintiffs' motions should be denied because they seek to end run the civil discovery process in a manner prejudicial to eBay.  Indeed, Plaintiffs admit this is their goal.  They acknowledge that they "can and will propound discovery requests to eBay" for the documents at issue here through the normal civil discovery process, Dkt. 285 at 7, but they fear that eBay "will be making several claims of privilege" over the documents and therefore suggest that modifying the protective orders "will cut down on extensive litigation as to whether any privilege or work-product doctrine applies," *id*.  To be clear, eBay does not anticipate lodging privilege objections over materials produced to Baugh and Harville—though if it had a basis to assert privilege, Plaintiffs' suggestion that they can sidestep eBay's privilege through these motions is blatantly improper.

But eBay may well have *other* valid objections to producing at least some of these documents to Plaintiffs.  Baugh and Harville likely possess eBay materials that have no bearing on this litigation.  eBay has provided extensive cooperation to the Government in this matter and produced more than ten thousand pages, including documents that eBay believes are not relevant to any party's claim or defense in this action.  For example, eBay has produced phone images to the Government containing personal and confidential business information.  These materials are not properly within the scope of this litigation, and Plaintiffs should not be able to stifle eBay's ability to object to their production here.  Rather, if Plaintiffs wish to obtain eBay documents, they should serve discovery requests upon eBay as contemplated by the rules of civil procedure.  This will preserve eBay's rights while facilitating the orderly resolution of any discovery disputes.

For the foregoing reasons, eBay respectfully requests that the Court deny Plaintiffs' motions to modify the protective orders.

Dated: November 20, 2023 Respectfully submitted,

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo
Kathryn L. Alessi
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2023, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants. An email copy was sent to pro se defendant Stephanie Stockwell.

Dated: November 20, 2023                              /s/ *Jack W. Pirozzolo*
                                                      Jack W. Pirozzolo