UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>      Plaintiffs,<br> v.<br><br>EBAY INC., *et al.*,<br><br>      Defendants. | Civil Action No. 1:21-CV-11181-PBS |

**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

I.       The Government Has Standing to Move for a Protective Order. ...................................... 2

II.      The Temporary Availability of Certain Classified Information on the Public Docket Does Not Limit the Government's Ability to Protect That Information and Similar Information. ............................................................................................................ 3

III.     The Government's Interest in Protecting Classified Information Far Outweighs Any Marginal Relevance of this Information to Plaintiffs' Claims. .................................. 4

        A.      The Details of Baugh's Alleged Prior Government Relationship Have Limited to No Relevance. ............................................................................... 5

        B.      Discovery of Classified National Security Information is Disproportionate to Plaintiffs' Needs in This Case. ........................................................................ 7

IV.     The Proposed Protective Order Limits the Government's Involvement in this Litigation to the Maximum Extent Possible. ..................................................................... 7

V.      The Court Should Continue to Maintain Redacted Versions of ECF No. 144-2 and ECF No. 146-2 Under Seal While Permitting the Parties to Maintain Redacted Versions Only. ..................................................................................................................... 9

VI.     The Court Should Enter the Protective Order Without Reaching the Question of the State Secrets Privilege. ............................................................................................... 10

CONCLUSION .............................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Dep't of Navy v. Egan*,
  484 U.S. 518 (1988) .................................................................................................... 2, 3

*Freeman v. Seligson*,
  405 F.2d 1326 (D.C. Cir. 1968).......................................................................................7

*N.Y. Times v. CIA*,
  965 F.3d 109 (2d Cir. 2020) ............................................................................................4

*Phillippi v. CIA*,
  655 F.2d 1325 (D.C. Cir. 1981).......................................................................................4

*Sakab Saudi Holding Co. v. Aljabri*,
  58 F.4th 585 (1st Cir. 2023) ........................................................................................ 3, 7

*United States v. McKeeve*,
  131 F.3d 1 (1st Cir. 1997)................................................................................................2

*United States v. Reynolds*,
  345 U.S. 1 (1953) ............................................................................................................3

**STATUTES**

28 U.S.C. § 517................................................................................................................. 3

**RULES**

Fed. R. Civ. P. 26.............................................................................................................. 5

**UNITED STATES CONSTITUTION**

U.S. Const., art. II § 2 ...................................................................................................... 2

**OTHER AUTHORITIES**

Classified National Security Information,
  Exec. Order No. 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009) ...................................... 4, 8

Memorandum from the Attorney General to the Heads of Executive Departments and
  Agencies on Policies and Procedures Governing Invocation of the State Secrets Privilege
  (Sept. 23, 2009),
  http://www.justice.gov/opa/documents/state-secret-privileges.pdf............................ 7

**INTRODUCTION**

After three months of negotiations, the Government settled on the terms of a proposed protective order that is not opposed by any of the thirteen defendants in this case. *See* Def. eBay Inc.'s Resp. to Government's Mot. for Protective Order, ECF No. 288. Plaintiffs rejected repeated invitations to be a part of that negotiation process and now seek to scuttle the work of it. In support of their request, they distort both the facts and their relevance. More tellingly, they do not attempt to grapple with the critical national security issues the Government set forth in its motion.

The proposed protective order the Government has negotiated will provide a sensible mechanism to permit the Government to protect national security while allowing this proceeding to move forward with minimal disruption to the Court, the parties, and the discovery process. The Government therefore respectfully requests that the Court enter that order filed by Defendant eBay at ECF No. 288-1.

**ARGUMENT**

The Court should grant the Government's proposed protective order because discovery of classified U.S. Government information is not relevant or proportional to the needs of the case. The Government plainly has standing to protect classified Government information from disclosure as the Supreme Court has ruled time and time again. The Government has developed the proposed protective order over several rounds of review and consultation with the parties in this matter, and the final draft limits the Government's involvement in this litigation to the maximum extent possible while still protecting classified information. The Court should also continue to maintain redacted versions of the Letter containing classified information under seal while permitting the parties to maintain redacted versions only.

**I.      The Government Has Standing to Move for a Protective Order.**

The Government has an undeniable interest in protecting national security and classified national security information.  The Supreme Court has explained that the "authority to classify and control access to information bearing on national security" is an aspect of executive power that "flows primarily from th[e] constitutional investment of power in the President and exists quite apart from any explicit congressional grant."  *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988) (citing U.S. Const., art. II, § 2); *see United States v. McKeeve*, 131 F.3d 1, 14 (1st Cir. 1997) (noting "the primacy of presidential power to protect national security interests").  The United States therefore has a clear interest, based in the Constitution, with respect to any effort by private parties to use and disclose classified information, including in litigation such as this.

Notwithstanding the Constitution's broad grant of all classification authority to the Executive Branch, Plaintiffs argue that "it does not appear that the Government has standing at this point to request such broad oversight into the discovery process in this case."  Pls.' Opp'n to the Dep't of Justice's Mot. for a Protective Order, & to Vacate the Prior Order Sealing the Documents that are the Subject of the Government's Requested Protective Order at 12, ECF No. 280 ("Pls.' Opp'n").  Plaintiffs' reasoning is based on their mistaken argument that this is so because "at this juncture the Plaintiffs are not requesting *any* discovery from the Department of Justice" so the Government's interests are not implicated.  *Id.* at 11.  The notion that the Government somehow lacks standing to protect classified Government information in the possession of non-governmental parties to this case is easily refuted.  The Supreme Court has "recognized the Government's 'compelling interest' in withholding national security information from unauthorized persons in the course of executive business. . . . The authority to protect such information falls on the President as head of the Executive Branch and as Commander in Chief."  *Egan*, 484 U.S. at 527 (citations omitted).  More specifically, "the protection of classified

2

information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." *Id.* at 529.

Here, the United States is exercising its authority to protect classified information in this litigation pursuant to 28 U.S.C. § 517, which provides the United States a statutory right to advise the Court of and vindicate its interests here. *Id.* (authorizing the Attorney General to send "any officer of the Department of Justice . . . to attend to the interests of the United States in a suit pending in a court of the United States . . . or to attend to any other interest of the United States").[1] Although the Government set forth this basis for its participation in its motion, *see* United States' Statement of Interest & Mem. of Law in Supp. of Mot. for Protective Order, ECF No. 276 ("Govt's Mem."), Plaintiffs do not address it in their opposition.

## II. The Temporary Availability of Certain Classified Information on the Public Docket Does Not Limit the Government's Ability to Protect That Information and Similar Information.

Plaintiffs premise their opposition on a mistaken, and incorrect, assertion of fact, namely "that the information the Government seeks to protect was available on the public docket in Defendant Baugh and Harville's criminal cases for 129 days, and available on this docket for 69 days." Pls.' Opp'n at 2. That is wrong. As the Government discussed in related briefing on Plaintiffs' motion to unseal, ECF No. 295 ("Govt's Opp'n"), the Letter at issue was available to

---

[1] The Government's authority to participate in private litigation between two parties is broad and not only gives the Government standing but also provides the authority to intervene and to assert the state secrets privilege where necessary and appropriate to do so. The Government is seeking to *avoid* consideration of that privilege, but its existence reinforces the Government's authority to protect its information. *See United States v. Reynolds*, 345 U.S. 1, 7 (1953) (explaining that the privilege "protects military and state secrets . . . . [and] belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party"); *Sakab Saudi Holding Co. v. Aljabri*, 58 F.4th 585, 595 (1st Cir. 2023) (affirming the Government's assertion of the state secrets privilege and dismissing the third-party action where classified information was so central to the action that any attempt to litigate it would risk disclosure).

the public for just three days in the criminal matter (September 27–30, 2022) and five days in this matter (September 29, 2022–October 4, 2022).  *See* Govt's Opp'n at 2–5.  And, as the Government has also explained, the temporary unauthorized disclosure in no way impedes the Government's authority or interest in protecting its national security information.  *Id.* at 12–15.  We do not reiterate these arguments at length, but in short, "[c]lassified information shall not be declassified automatically as a result of any unauthorized disclosure of identical or similar information." Classified National Security Information, Exec. Order No. 13,526 § 1.1(c), 75 Fed. Reg. 707 (Dec. 29, 2009).  Moreover, "courts will 'not infer official disclosure of information classified by [a government agency] from (1) widespread public discussion of a classified matter, [or] (2) statements made by a person not authorized to speak for the Agency.'"  *N.Y. Times v. CIA*, 965 F.3d 109, 116 (2d Cir. 2020) (citation omitted); *see Phillippi v. CIA*, 655 F.2d 1325, 1331 (D.C. Cir. 1981) ("There may be much left to hide, and if there is not, that itself may be worth hiding.").

In any event, the fact that certain information from the Letter was publicly available for a short time in no way undercuts the Government's ability to protect other classified information from disclosure in discovery in this matter.  The Letter represents a portion of the classified information the Government maintains an ongoing interest in protecting in this litigation.  The procedures in the proposed protective order provide a mechanism to identify such other information, apart from the Letter, that needs protection.

**III.  The Government's Interest in Protecting Classified Information Far Outweighs Any Marginal Relevance of this Information to Plaintiffs' Claims.**

The Government's interest in protecting its information—and thus its interest in entry of the proposed protective order—far outweighs Plaintiffs' interests here.  Federal Rule of Civil Procedure 26 sets forth two separate limitations to discovery.  To be discoverable, information must both be "relevant" to a party's claims or defenses and also "proportional to the needs of the

4

case." Fed. R. Civ. P. 26(b)(1).  Plaintiffs set forth incorrect arguments on the former (relevance) while ignoring the latter (proportionality).

### A. The Details of Baugh's Alleged Prior Government Relationship Have Limited to No Relevance.

Plaintiffs argue that Baugh's alleged prior relationship bears on their vicarious liability and negligence claims, and that the limitations of the protective order

> will paint an incomplete – and inaccurate – picture that Defendant Baugh was a normal civilian before he was hired, no one at eBay had any prior knowledge that he had these skills, and Defendants did not specifically direct him to take care of Plaintiff Ina Steiner because they knew he would handle it "off the radar," in a covert manner where he would later attempt to protect the C-Suite Defendants.

Pls.' Opp'n at 14.  That is inaccurate.  The proposed protective order does not prevent Plaintiffs from seeking discovery on the question of whether Baugh had a government relationship or on whether eBay or other Defendants knew of any such alleged relationship.  *See* ECF No. 288-1 ¶ 3 ("Protected Information shall not include the fact of whether or not a Relationship existed."). Plaintiffs have not shown any need "to delve into this information further with Defendant Baugh." Pls.' Opp'n at 15.

Finally, Plaintiffs portray an incomplete picture of the evidence they have available to make their claims of negligence and vicarious liability, thereby overinflating the limited relevance of Baugh's alleged prior government relationship.  The proposed protective order would have no bearing on most of the negligence claims Plaintiffs make.  *See, e.g.*, First Am. Compl. ¶¶ 431–38, ECF No. 176 ("FAC") (alleging negligent infliction of emotional distress based on Baugh's conduct *while employed at eBay*); *id.* ¶ 456 ("To state a claim for negligent supervision, a plaintiff must prove that he suffered an injury due to the employer's failure to supervise an employee whom the defendant had a duty to supervise."); *id.* ¶ 473 ("Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems

5

with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment."). And as to a theory of negligent hiring, Plaintiffs allege that eBay's decision was negligent not primarily because of *specific details* of any alleged prior government relationship but rather the alleged fact of the relationship and factors such as his alleged dishonesty, mistreatment of subordinates, misuse of corporate funds for personal use, violent actions, and unstable mental and emotional capacity. *See generally* FAC. Plaintiffs also specifically allege that "Defendant Baugh convinced Defendant [Wendy] Jones[, then eBay Senior Vice President of Global Operations,] to fire Fussell, [the previous individual in Baugh's role at eBay] and replace him with Defendant Baugh." *Id.* ¶ 305. Plaintiffs are free to explore all these factors related to Baugh's hiring in discovery under the terms of the protective order, to the extent they do not relate to any alleged prior government relationship.

The proposed protective order would also have no bearing on evidence relating to alleged vicarious liability for actions Baugh took while employed at eBay. As set forth by Plaintiffs in their opposition to Defendants' motions to dismiss, "[a]n employer is variously liable for the tortious conduct of its employee committed while acting in the scope of his employment." ECF No. 221 at 87. And as to the non-employer defendants, "For vicarious liability under conspiracy, two theories apply here: (1) concert of action; and (2) aiding and abetting." *Id.* at 79. The details of any prior government relationship Plaintiffs allege Baugh had would plainly be irrelevant to establishing the specific criminal conduct he undertook while at eBay and others' role in that conduct and potential negligent supervision of Baugh while he was employed at eBay.[2]

---

[2] To the extent it is true that "the gravamen of Plaintiffs' claims against eBay and the C-Suite Defendants – and their disavowal of liability – depend upon Defendant Baugh's [alleged]

6

### B. Discovery of Classified National Security Information is Disproportionate to Plaintiffs' Needs in This Case.

As to proportionality, while Plaintiffs correctly identify it as a limitation to discovery, they provide no argument whatsoever as to how discovery of classified information would be proportionate here. Such discovery would be manifestly unwarranted. Govt's Mem. at 11–14.

### IV. The Proposed Protective Order Limits the Government's Involvement in this Litigation to the Maximum Extent Possible.

Plaintiffs argue that the proposed protective order "will interfere with the strict discovery order already in place." Pls.' Opp'n at 15. Plaintiffs then go on to describe several aspects of the Government's proposed protective order, including the right to review a limited category of documents likely to contain classified information prior to public disclosure, the ability to attend depositions or examinations of certain individuals likely to be questioned regarding classified information, and other similar provisions. *See id.* at 15–16. Plaintiffs never explain any particular objections to any of these provisions, however, and the Government has already explained, both publicly and *ex parte*, why they are necessary. *See* Govt's Mem. at 14. Given that Plaintiffs have not specifically objected to any provision of the proposed protective order other than the unsealing

---

prior relationship with the U.S. Government, and the skills he [allegedly] acquired during that relationship," Pls.' Opp'n at 12–13, that is not a reason to permit discovery into classified information. *See Sakab*, 58 F.4th at 596 (discussing potential impacts of the state secrets privilege). As noted, the Government is seeking a mechanism to avoid involving the Court in weighty questions concerning the state secrets privilege and seeks a protective order so that this case realistically can be litigated without requiring a "showdown" on the privilege. *Freeman v. Seligson*, 405 F.2d 1326, 1338 (D.C. Cir. 1968); *see* Memorandum from the Attorney General to the Heads of Executive Departments and Agencies on Policies and Procedures Governing Invocation of the State Secrets Privilege ¶ 1(B) (Sept. 23, 2009), http://www.justice.gov/opa/documents/state-secret-privileges.pdf (explaining that the U.S. Department of Justice will defend an assertion of the state secrets privilege in litigation only when "necessary to protect against the risk of significant harm to national security" and detailing the extensive internal review and recommendation process).

of the Letter and have not requested that the Government make changes to any of the provisions, Plaintiffs' objection seems to be a general one: that the protective order would "prevent the parties from conducting discovery in the manner the parties agreed to in the Scheduling Order." Pls.' Opp'n at 16.[3]

Given the Plaintiffs' generalized catch-all objection, the only solution they propose is a similarly generalized one: "The Government could outline the extent of the information it seeks to protect, and the parties could ensure any information that bears on those topics are not exposed to the public, and remain under a confidential designation out of public view." *Id.* at 15. This approach would not prevent the disclosure of classified information. *First*, the Government cannot describe the specific contours of the information it must protect in this litigation without revealing classified information in the process. *See* Govt's Mem. at 11–12. *Second*, the information the Government must protect is not merely "confidential," as Plaintiffs describe it, but is classified. *See* Govt's Opp'n at 11–12 (explaining the nature of classified information and the classification process). Classified information may not be accessed, shared, or used by the parties in any way in this litigation. *See* Exec. Order No. 13,526 § 4.1 (specifying who may access classified information). A "confidential designation" would therefore not address the Government's concerns.

---

[3] Plaintiffs' approach contrasts with that of Defendants, who identified specific concerns to the Government, which then addressed them in turn. For example, Plaintiffs note in their opposition that counsel for Defendant Devin Wenig had earlier expressed concerns about initial drafts of the proposed protective order. Pls.' Opp'n at 5. Those early objections are now irrelevant. Government counsel met and conferred with Wenig's counsel and made changes to the proposed protective order to address Wenig's concerns. Wenig no longer opposes the Government's proposed protective order. *See* ECF No. 288 at 1 ("Defendant[] Devin Wenig . . . ha[s] indicated [he] do[es] not oppose the Revised Protective Order.").

8

The Government is mindful that the parties and the Court seek to expedite discovery, and the Government has proposed a mechanism to facilitate that process with minimal intrusion. To that end, the compromises that the Government agreed to over the last three months were primarily made to facilitate and simplify the discovery process in response to Defendants' concerns about this exact point. Plaintiffs never expressed any of these concerns to the Government and still have not identified specifically what provisions of the protective order they believe will interfere with discovery. The Government acknowledges that, ultimately, its participation here will present some logistical challenges, but that is not a reason to permit the disclosure of classified national security information, and doing so would certainly not be proportional to the needs of the case.

**V.     The Court Should Continue to Maintain Redacted Versions of ECF No. 144-2 and ECF No. 146-2 Under Seal While Permitting the Parties to Maintain Redacted Versions Only.**

Plaintiffs also argue in their combined opposition and motion to unseal that documents the Court previously placed under seal should now be unsealed. Pls.' Opp'n at 7–11. The Government disagrees, as it has explained in depth in response to Plaintiffs' motion. *See generally* Govt's Opp'n. The Government hereby incorporates those arguments by reference, to the extent they are needed for purposes of this motion. Maintenance of the status quo as to those two documents is consistent with the *Baugh* court's order in the underlying criminal matter, *see* Electronic Order, *United States v. Baugh*, No. 1:20-cr-10263-PBS (D. Mass. Feb. 3, 2023) (Saris, J.), ECF No. 252, and any protective order that did not make permanent the sealing of those same documents here would undo the actions of that court. For these reasons, entry of the protective order is manifestly warranted.

9

**VI.   The Court Should Enter the Protective Order Without Reaching the Question of the State Secrets Privilege.**

Plaintiffs do not oppose the Government's argument that it should not be forced to assert the state secrets privilege to protect the material in question. As such, given that there is no disagreement between the parties that the question before the Court is one of relevance and proportionality, the Court should not reach the question of the state secrets privilege for all the reasons discussed in the Government's prior briefing. *See* Govt's Mem. at 15–19.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court grant the Government's Motion for Protective Order and enter the protective order filed by Defendant eBay at ECF No. 288-1.

Dated: November 21, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
(D.C. Bar No. 1033486)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-8659
Email: christopher.edelman@usdoj.gov

*Counsel for the United States of America*