```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
INA STEINER, DAVID STEINER, and     )
STEINER ASSOCIATES, LLC,            )
                                    )
                Plaintiffs,         )   Civil Action
                                    )   21-cv-11181-PBS
v.                                  )
                                    )
EBAY, INC., et al.,                 )
                                    )
                Defendants.         )
_____ )
```

**PROTECTIVE ORDER**

January 5, 2024

Saris, D.J.

Pursuant to Fed. R. Civ. P. 26, to facilitate discovery of information which may be publicly disclosed while protecting from disclosure classified national security information, see Executive Order 13536, 75 Fed. Reg. 707 (Dec. 29, 2009), after review of ex parte declarations filed by the Government regarding the classified information, IT IS HEREBY ORDERED as follows:

1. Scope of Protective Order:

    a. Except to the extent permitted by the Court in paragraph 1(b), the Parties shall not seek to elicit any testimony from any witness, or use or otherwise disclose in the course of this action, any documents or information that is Protected Information, as

      defined below.

  b. Plaintiffs may file interrogatories and document requests on Defendants eBay, Wenig, Wymer, Jones, and Baugh relating to their knowledge, if any, of Defendant Jim Baugh's work for the CIA or FBI. The responses shall be disclosed to the Government and filed under seal with the Court. Within 14 days of receipt of the responses, the Government shall inform the Court whether it objects to public disclosure of the responses.

2. Protected Information shall include:

  a. Any information that might tend to reveal the nature of any classified or nonpublic relationships, contractual or otherwise, between Defendant Baugh and the U.S. Government, including the details of any such actual, alleged, discussed, or proposed relationship, association, contract, project, dealing, interaction, or agreement ("Relationship"). Such information shall include any information regarding the nature and scope of any work, as well as any related preparation or training related to such work. For purposes of this order, Defendant Baugh's communications with the Government in connection with the criminal

       investigation that ultimately resulted in the convictions of Defendants Baugh, Cooke, Gilbert, Harville, Popp, Stockwell, and Zea shall not constitute a Relationship; however, to the extent those communications reveal information about a Relationship, they shall constitute Protected Information;

b. Any information that might tend to reveal or disclose the identities of any and all U.S. Government employees or contractors or offices with whom Defendant Baugh may have had classified or other non-public interactions pursuant to any Relationship as defined in paragraph 2(a) above;

c. Any other classified or other non-public information concerning any U.S. Government activities or interests at issue in any Relationship as defined in paragraph 2(a) above;

d. Any information, including information in the above categories, subject to a nondisclosure or secrecy agreement with any U.S. Government entity in connection with any Relationship as defined in paragraph 2(a) above; and

e. The unredacted letter written by Defendant Baugh and filed in this matter under seal at ECF No. 144-2 and

>   ECF No. 146-2, and the information that has been redacted by the United States from that letter in any form (e.g., written or oral disclosure).

3. The Parties shall review any pleadings and documents in their possession, custody, or control that they intend to file, use, or otherwise disclose in the course of this action, including any documents that the Parties are required to produce in response to lawful process or Court order at any subsequent point in this matter, to determine if such pleadings or documents would reveal Protected Information. Protected Information shall not be used or referred to in any motions, notices, briefs, exhibits, discovery requests or responses, pleadings filed in this case, or other documents filed, disclosed, or used in this case, or proceedings in this case without express permission of the Court and notice to the Government.

4. The Court will maintain under seal a redacted version of the document filed at ECF Nos. 144-2 and 146-2 and the Parties may continue to possess redacted versions of that document and cite or quote from the non-redacted portions only. See ECF No. 166. The Clerk of Court shall securely maintain the unredacted versions of ECF Nos. 144-2 and 146-2 in the sensitive compartmented information facility

("SCIF") and continue to maintain under seal on the docket only the redacted versions of those documents. The Parties are ordered to either delete or return to the U.S. Department of Justice ("DOJ") any copies of the unredacted version of the letter containing classified information that they maintain in either physical or electronic format within 14 days of the date of this order and certify to DOJ in writing that they have done so.

5. The Parties shall notify the U.S. Government of any depositions prior to noticing any such deposition if the party taking the deposition reasonably believes that any question that party asks or that any other party would likely ask might reasonably be expected to elicit Protected Information. Otherwise, the party taking the deposition shall provide the U.S. Government notice simultaneously with the party being deposed. DOJ counsel and other U.S. Government representatives may participate in all depositions that they determine might reasonably be expected to elicit Protected Information. Any party may present to the Court any disagreement with the U.S. Government's determination. At any deposition in which the U.S. Government participates, DoJ counsel may make objections to questions or answers and to the introduction of any

documents, as necessary to protect Protected Information, and DOJ counsel may instruct the witness not to answer any question that DOJ counsel determines necessary to protect Protected Information. If DOJ counsel objects based on the need to protect such information with respect to either witness testimony or documents introduced or otherwise relied upon during a deposition, then the witness shall not testify with respect to the line of inquiry that engendered the objection. The Government shall confer in good faith with the Parties to resolve any such objections expeditiously.

6. The Parties shall notify the U.S. Government, through DOJ counsel, prior to any hearing or trial in this case where any witness may testify. DOJ counsel may be present at any such hearing or trial, and may make objections to questions or answers on behalf of the United States as necessary to protect Protected Information.

7. Any subpoena directed to a non-party seeking testimony, documents, and/or electronically stored information shall include a copy of this Order, and all non-party recipients of a subpoena shall be bound to the terms of this Order. Subpoena recipients are ordered not to produce or otherwise disclose Protected Information and must follow the

procedures set forth in this Order.

8. Subject to further order of the Court after hearing from the Parties and the U.S. Government, the terms of this Order shall remain in effect after final disposition of the above captioned matter.

IT IS SO ORDERED.

DATED: January 5, 2024

/s/ Patti B. Saris
_____
The Honorable Patti B. Saris
United States District Judge