# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF MASSACHUSETTS

|  |  |
|---|---|
| Ina Steiner, | |
| David Steiner, | |
| Steiner Associates, LLC, | |
|          (*Publisher of EcommerceBytes*) | Case No. 1:21-cv-11181-PBS |
|          Plaintiffs | |
| | |
| | |
|      vs. | |
| | |
| eBay, Inc., | |
| Progressive F.O.R.C.E. Concepts, LLC | |
| Devin Wenig, | |
| Steve Wymer, | |
| Wendy Jones, | |
| Steve Krystek, | |
| Jim Baugh, | |
| David Harville, | |
| Brian Gilbert, | |
| Stephanie Popp, | |
| Stephanie Stockwell, | |
| Veronica Zea, | |
| Philip Cooke, | |
| John and Jane DOE, | |
|          Defendants | |

## DEFENDANT WENDY JONES'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Wendy Jones ("Ms. Jones"), through her attorneys, hereby answers the Amended Complaint in the above-captioned matter. Ms. Jones incorporates the headings of the Amended Complaint solely for organizational and reference purposes. Every allegation that is not specifically admitted is denied.

## INTRODUCTION

1.    Ms. Jones admits that eBay is a Fortune 500 Company.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, denies them.

2.    Ms. Jones admits that the Steiners operate EcommerceBytes.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, denies them.

3.    Ms. Jones admits that she reviewed EcommerceBytes's reporting from time to time.  Ms. Jones denies the remaining allegations in Paragraph 3.

4.    Ms. Jones denies the allegations in Paragraph 4.

5.    To the extent that Paragraph 5 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies them.

6.    To the extent that Paragraph 6 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies them.

7.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies them.

8.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies them.

9.      Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies them.

10.     To the extent that Paragraph 10 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies them.

11.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies them.

12.     To the extent that Paragraph 12 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them.

14.     Ms. Jones admits that she retired from eBay in December 2020 and received compensation of approximately $16 million in that same year.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, denies them.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 15.

16.      To the extent that Paragraph 16 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies them.

17.      To the extent that Paragraph 17 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies them.

18.      Paragraph 18 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 18.

## JURISDICTION AND VENUE

19.      Ms. Jones admits that she is a citizen of Maryland.  Ms. Jones also admits that eBay's principal place of business is in California and that eBay is incorporated in Delaware.  Ms. Jones states that the referenced statute speaks for itself, and any interpretation is hereby denied.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, therefore, denies them.

20.      Paragraph 20 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that the referenced statute speaks for itself, and any interpretation is hereby denied.

21.      Paragraph 21 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that the referenced statute speaks for itself, and any interpretation is hereby denied.  Ms. Jones otherwise denies the allegations in Paragraph 21.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones admits that venue is proper under 28 U.S.C. § 1391.  Ms. Jones denies the remaining allegations in Paragraph 22.

**THE PARTIES**

23.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies them.

24.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies them.

25.     Admitted.

26.     Ms. Jones admits the allegations in the first sentence of Paragraph 26.  Ms. Jones admits that, before her retirement, eBay was ranked in *Fortune 500*, had a market value measured in billions of dollars, and had thousands of employees.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 regarding 2022 and, therefore, denies them.

27.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies them.

28.     Ms. Jones admits that Devin Wenig formerly served as eBay's Chief Executive Officer. She lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, therefore, denies them.

29.     Ms. Jones admits that Steve Wymer formerly served as eBay's Senior Vice President and Chief Communications Officer.  She lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 29 and, therefore, denies them.

30.    Ms. Jones admits that she is the former Senior Vice President of Global Operations, that she resides in Maryland, and that she retired from eBay in December 2020.  Ms. Jones denies the remaining allegations in Paragraph 30.

31.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies them.

32.    To the extent that Paragraph 32 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones admits that Defendant Baugh was her direct report for a period of time while he was an employee at eBay and that Defendant Baugh's compensation was at or around $275,000 per year.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, therefore, denies them.

33.    To the extent that Paragraph 33 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.   Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies them.

34.    To the extent that Paragraph 34 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.   Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies them.

35.     To the extent that Paragraph 35 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies them.

36.     To the extent that Paragraph 36 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies them.

37.     To the extent that Paragraph 37 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies them.

38.     To the extent that Paragraph 38 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies them.

39.     Ms. Jones states that the allegations in Paragraph 39 are vague and overbroad such that Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies them.

40.     Ms. Jones admits she reported to Defendant Wenig.  Ms. Jones denies the remaining allegations in Paragraph 40.

41.     Paragraph 41 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 41.

## THE FACTS

42.     Ms. Jones admits that Ina Steiner was associated with EcommerceBytes.  Ms. Jones lacks
        knowledge or information sufficient to form a belief as to the truth of the remaining
        allegations in Paragraph 42 and, therefore, denies them.

43.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
        allegations in Paragraph 43 and, therefore, denies them.

44.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
        allegations in Paragraph 44 and, therefore, denies them.

45.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
        allegations in Paragraph 45 and, therefore, denies them.

46.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
        allegations in Paragraph 46 and, therefore, denies them.

47.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
        allegations in Paragraph 47 and, therefore, denies them.

48.     Ms. Jones admits that eBay at times collaborated with EcommerceBytes.  Ms. Jones lacks
        knowledge or information sufficient to form a belief as to the truth of the remaining
        allegations in Paragraph 48 and, therefore, denies them.

49.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies them.

50.     Ms. Jones admits the allegations in the first sentence of Paragraph 50.  Ms. Jones admits that as an executive of the company, she was concerned about eBay's financial performance.  Ms. Jones denies the remaining allegations in Paragraph 50.

**eBay's Focus on EcommerceBytes & the Steiners & Intimidation Tactics to Stop Their Reporting**

51.     Ms. Jones denies the allegations in Paragraph 51 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies them.

52.     Ms. Jones denies the allegations in Paragraph 52 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies them.

53.     Ms. Jones denies the allegations in Paragraph 53 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies them.

54.     Ms. Jones denies the allegations in Paragraph 54.

55.     Ms. Jones admits that EcommerceBytes included comments and comments were sometimes critical.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and, therefore, denies them.

56.     Ms. Jones admits that an online actor referred to as Fidomaster expressed negative opinions regarding eBay.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and, therefore, denies them.

57.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies them.

58.     To the extent that Paragraph 58 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies them.

59.     To the extent that Paragraph 59 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies them.

61.     To the extent that Paragraph 61 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies them.

62.     To the extent that Paragraph 62 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies them.

63.   To the extent that Paragraph 63 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies them.

64.   To the extent that Paragraph 64 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones admits that she sent an email to Russell Phimister on May 23, 2019, copying Defendant Baugh, that stated "[l]et's huddle on this at lunch please today."  Ms. Jones denies the remaining allegations in Paragraph 64.

65.   Ms. Jones denies the allegations in Paragraph 65.

66.   To the extent that Paragraph 66 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies them.

67.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies them.

68.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies them.

69.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies them.

70.     To the extent that Paragraph 70 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies them.

71.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies them.

72.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, denies them.

73.     To the extent that Paragraph 73 states legal conclusions, no response is required.  Ms. Jones otherwise denies that she was aware of Defendant Gilbert's and Baugh's alleged actions described in Paragraph 73.  Ms. Jones denies the remaining allegations in Paragraph 73.

74.     To the extent that Paragraph 74 states legal conclusions, no response is required.  Ms. Jones denies the allegations as they pertain to her, was unaware of Defendant Gilbert's and Baugh's alleged actions described in Paragraph 74, and denies the remaining allegations in Paragraph 74.

75.     Ms. Jones denies the allegations in Paragraph 75 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies them.

76.     Ms. Jones denies the allegations in Paragraph 76 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies them.

77.     To the extent that Paragraph 77 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies them.

78.     To the extent that Paragraph 78 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies them.

79.     To the extent that Paragraph 79 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies them.

80.     To the extent that Paragraph 80 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and, therefore, denies them.

81.     Ms. Jones denies the allegations in Paragraph 81.

2cf35bcdb36f4e22

**August 2019 & the Plan to Take Down EcommerceBytes & the Steiners to Stop Their Reporting**

82.     To the extent that Paragraph 82 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies them.

83.     Ms. Jones admits she was on sabbatical in July and August 2019.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and, therefore, denies them.

84.     To the extent that Paragraph 84 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies them.

85.     To the extent that Paragraph 85 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies them.

86.     To the extent that Paragraph 86 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies them.

87.     To the extent that Paragraph 87 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, therefore, denies them.

88.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, therefore, denies them.

89.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and, therefore, denies them.

90.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and, therefore, denies them.

91.     To the extent that Paragraph 91 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and, therefore, denies them.

92.     To the extent that Paragraph 92 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, therefore, denies them.

93.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and, therefore, denies them.

94.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, therefore, denies them.

95.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, therefore, denies them.

96.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies them.

97.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and, therefore, denies them.

98.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, therefore, denies them.

99.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, denies them.

100.    Ms. Jones denies the allegations in Paragraph 100 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies them.

101.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, therefore, denies them.

102.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, therefore, denies them.

103.   To the extent that Paragraph 103 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and, therefore, denies them.

104.   To the extent that Paragraph 104 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and, therefore, denies them.

105.   To the extent that Paragraph 105 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise denies the allegations in Paragraph 105.

106.   To the extent that Paragraph 106 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and, therefore, denies them.

107.   To the extent that Paragraph 107 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, therefore, denies them.

108.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, therefore, denies them.

109.   To the extent that Paragraph 109 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, therefore, denies them.

110.   To the extent that Paragraph 110 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, therefore, denies them.

111.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, denies them.

112.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, denies them.

113.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, denies them.

114.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and, therefore, denies them.

115.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and, therefore, denies them.

116.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and, therefore, denies them.

117.    To the extent that Paragraph 117 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and, therefore, denies them.

118.    To the extent that Paragraph 118 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and, therefore, denies them.

119.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and, therefore, denies them.

120.    To the extent that Paragraph 120 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and, therefore, denies them.

121.    To the extent that Paragraph 121 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and, therefore, denies them.

122.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and, therefore, denies them.

123.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, therefore, denies them.

124.    To the extent that Paragraph 124 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and, therefore, denies them.

125.    To the extent that Paragraph 125 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and, therefore, denies them.

126.    Ms. Jones denies the allegations as they pertain to her.  To the extent that Paragraph 126 states legal conclusions, no response is required.  To the extent that Paragraph 126 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and, therefore, denies them.

127.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and, therefore, denies them.

128.    To the extent that Paragraph 128 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and, therefore, denies them.

129.   To the extent that Paragraph 129 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and, therefore, denies them.

130.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and, therefore, denies them.

131.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and, therefore, denies them.

132.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and, therefore, denies them.

133.   To the extent that Paragraph 133 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and, therefore, denies them.

134.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and, therefore, denies them.

135.   Ms. Jones denies the allegations in Paragraph 135.

136.   Paragraph 136 states legal conclusions to which no response is required.  Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and, therefore, denies them.

137.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and, therefore, denies them.

138.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and, therefore, denies them.

139.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and, therefore, denies them.

140.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and, therefore, denies them.

141.    To the extent that Paragraph 141 states legal conclusions, no response is required. Ms. Jones otherwise states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and, therefore, denies them.

142.    Ms. Jones denies the allegations as they pertain to her.   Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and, therefore, denies them.

143.    To the extent that Paragraph 143 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and, therefore, denies them.

144.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and, therefore, denies them.

145.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and, therefore, denies them.

146.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and, therefore, denies them.

147.   To the extent that Paragraph 147 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and, therefore, denies them.

148.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and, therefore, denies them.

149.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and, therefore, denies them.

150.   To the extent that Paragraph 150 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and, therefore, denies them.

151.   To the extent that Paragraph 151 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and, therefore, denies them.

152.   To the extent that Paragraph 152 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and, therefore, denies them.

153.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and, therefore, denies them.

154.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and, therefore, denies them.

155.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and, therefore, denies them.

156.   Paragraph 156 states legal conclusions to which no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 156.

157.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and, therefore, denies them.

158.   To the extent that Paragraph 158 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and, therefore, denies them.

159.   To the extent that Paragraph 159 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and, therefore, denies them.

160.   To the extent that Paragraph 160 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and, therefore, denies them.

161.  To the extent that Paragraph 161 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 161.

162.  Paragraph 162 states legal conclusions to which no response is required. To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 162.

163.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and, therefore, denies them.

164.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and, therefore, denies them.

165.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and, therefore, denies them.

166.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and, therefore, denies them.

167.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and, therefore, denies them.

168.  Paragraph 168 states legal conclusions to which no response is required. To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 168.

169.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, therefore, denies them.

170.   To the extent that Paragraph 170 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and, therefore, denies them.

171.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and, therefore, denies them.

172.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and, therefore, denies them.

173.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and, therefore, denies them.

174.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and, therefore, denies them.

175.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and, therefore, denies them.

176.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and, therefore, denies them.

177.   To the extent that Paragraph 177 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 177.

178.   To the extent that Paragraph 178 states legal conclusions, no response is required.  To the extent that Paragraph 178 purports to describe the contents of a document, Ms. Jones states

that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise denies the allegations in Paragraph 178.

179.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and, therefore, denies them.

180.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and, therefore, denies them.

181.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and, therefore, denies them.

182.    To the extent that Paragraph 182 states legal conclusions, no response is required.  To the extent that Paragraph 182 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise denies the allegations in Paragraph 182.

183.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and, therefore, denies them.

184.    Paragraph 184 states legal conclusions to which no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 184.

185.    Paragraph 185 states legal conclusions to which no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and, therefore, denies them.

186.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and, therefore, denies them.

187.   To the extent that Paragraph 187 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise denies the allegations in Paragraph 187.

188.   Paragraph 188 states legal conclusions to which no response is required.   Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and, therefore, denies them.

189.   To the extent that Paragraph 189 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and, therefore, denies them.

190.   To the extent that Paragraph 190 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and, therefore, denies them.

191.   To the extent that Paragraph 191 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 and, therefore, denies them.

192.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and, therefore, denies them.

193.   To the extent that Paragraph 193 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 and, therefore, denies them.

194.   To the extent that Paragraph 194 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and, therefore, denies them.

195.   To the extent that Paragraph 195 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 and, therefore, denies them.

196.   To the extent that Paragraph 196 states legal conclusions, no response is required.  To the extent that Paragraph 196 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 and, therefore, denies them.

197.   To the extent that Paragraph 197 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and, therefore, denies them.

198.     To the extent that Paragraph 198 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 and, therefore, denies them.

199.     To the extent that Paragraph 199 states legal conclusions, no response is required.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 and, therefore, denies them.

200.     To the extent that Paragraph 200 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and, therefore, denies them.

201.     To the extent that Paragraph 201 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and, therefore, denies them.

202.     Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 and, therefore, denies them.

203.     Paragraph 203 states legal conclusions to which no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 203.

204.    To the extent that Paragraph 204 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 204.

205.    Ms. Jones denies the allegations in Paragraph 205.

206.    Paragraph 206 states legal conclusions to which no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 and, therefore, denies them.

207.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and, therefore, denies them.

208.    Paragraph 208 states legal conclusions to which no response is required. Ms. Jones denies the allegations as they pertain to her. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and, therefore, denies them.

209.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and, therefore, denies them.

210.    Paragraph 210 states legal conclusions to which no response is required. Ms. Jones denies the allegations as they pertain to her. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and, therefore, denies them.

211.    To the extent that Paragraph 211 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 211.

212.   To the extent that Paragraph 212 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and, therefore, denies them.

213.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and, therefore, denies them.

214.   To the extent that Paragraph 214 states legal conclusions, no response is required. Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and, therefore, denies them.

215.   To the extent that Paragraph 215 states legal conclusions, no response is required. Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and, therefore, denies them.

216.   Paragraph 216 states legal conclusions to which no response is required.  Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and, therefore, denies them.

217.   Paragraph 217 states legal conclusions to which no response is required.   Ms. Jones otherwise denies the allegations in Paragraph 217.

**The Investigation and Cover Up**

218.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and, therefore, denies them.

219.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 and, therefore, denies them.

220.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 and, therefore, denies them.

221.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 and, therefore, denies them.

222.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 and, therefore, denies them.

223.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 and, therefore, denies them.

224.   To the extent that Paragraph 224 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 and, therefore, denies them.

225.   Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 and, therefore, denies them.

226.   To the extent that Paragraph 226 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise denies the allegations in Paragraph 226.

227.   Paragraph 227 states legal conclusions to which no response is required.  Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 and, therefore, denies them.

228.   To the extent that Paragraph 228 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  To the extent that Paragraph 228 states legal conclusions, no response is required.  Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 and, therefore, denies them.

229.   To the extent that Paragraph 229 states legal conclusions, no response is required.  Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 and, therefore, denies them.

230.   Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 and, therefore, denies them.

231.   To the extent that Paragraph 231 states legal conclusions, no response is required. Ms. Jones denies the allegations as they pertain to her. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 and, therefore, denies them.

232.   Paragraph 232 states legal conclusions to which no response is required. Ms. Jones denies the allegations as they pertain to her. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and, therefore, denies them.

233.   To the extent that Paragraph 233 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 and, therefore, denies them.

234.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and, therefore, denies them.

235.   To the extent that Paragraph 235 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 and, therefore, denies them.

236.   To the extent that Paragraph 236 states legal conclusions, no response is required. To the extent that Paragraph 236 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 and, therefore, denies them.

237.   To the extent Paragraph 237 states legal conclusions, no response is required.  To the extent that Paragraph 237 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 and, therefore, denies them.

238.   To the extent that Paragraph 238 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and, therefore, denies them.

239.   To the extent that Paragraph 239 states legal conclusions, no response is required.  To the extent that Paragraph 239 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones denies that she was aware of Defendant Gilbert's alleged actions described in Paragraph 239.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and, therefore, denies them.

240.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and, therefore, denies them.

241.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and, therefore, denies them.

242.   To the extent Paragraph 242 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and, therefore, denies them.

243.   To the extent that Paragraph 243 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and, therefore, denies them.

244.   To the extent that Paragraph 244 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 244.

245.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 and, therefore, denies them.

246.   To the extent that Paragraph 246 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and, therefore, denies them.

247.   To the extent that Paragraph 247 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 and, therefore, denies them.

248.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 and, therefore, denies them.

249.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 and, therefore, denies them.

250.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 and, therefore, denies them.

251.   To the extent that Paragraph 251 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 and, therefore, denies them.

252.   To the extent that Paragraph 252 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 and, therefore, denies them.

253.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 and, therefore, denies them.

254.   To the extent that Paragraph 254 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 and, therefore, denies them.

255.   To the extent that Paragraph 255 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 and, therefore, denies them.

256.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 and, therefore, denies them.

257.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 and, therefore, denies them.

258.   To the extent that Paragraph 258 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 and, therefore, denies them.

259.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 and, therefore, denies them.

260.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 and, therefore, denies them.

261.   To the extent that Paragraph 261 states legal conclusions, no response is required.  To the extent that Paragraph 261 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 and, therefore, denies them.

262.   Paragraph 262 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 and, therefore, denies them.

263.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 and, therefore, denies them.

264.   To the extent that Paragraph 264 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 264.

265.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 and, therefore, denies them.

266.   To the extent that Paragraph 266 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 and, therefore, denies them.

267.   To the extent that Paragraph 267 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied. Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 and, therefore, denies them.

268.   To the extent that Paragraph 268 states legal conclusions, no response is required. To the extent that Paragraph 268 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 and, therefore, denies them.

269.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 and, therefore, denies them.

270.   To the extent that Paragraph 270 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied. Ms. Jones

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 and, therefore, denies them.

271.   To the extent that Paragraph 271 states legal conclusions, no response is required. Ms. Jones denies the allegations to the extent they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 and, therefore, denies them.

272.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 and, therefore, denies them.

273.   To the extent that Paragraph 273 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 and, therefore, denies them.

274.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 and, therefore, denies them.

275.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 and, therefore, denies them.

276.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 and, therefore, denies them.

277.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 and, therefore, denies them.

278.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 and, therefore, denies them.

279.   To the extent that Paragraph 279 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 and, therefore, denies them.

280.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 and, therefore, denies them.

281.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 and, therefore, denies them.

282.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 and, therefore, denies them.

283.   To the extent that Paragraph 283 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 and, therefore, denies them.

284.   Admitted.

285.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 and, therefore, denies them.

286.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 and, therefore, denies them.

287.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 and, therefore, denies them.

288.   To the extent that Paragraph 288 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 and, therefore, denies them.

289.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 and, therefore, denies them.

290.   To the extent that Paragraph 290 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones denies the allegations to the extent they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 and, therefore, denies them.

291.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 and, therefore, denies them.

292.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292 and, therefore, denies them.

293.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293 and, therefore, denies them.

294.    To the extent that Paragraph 294 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294 and, therefore, denies them.

295.    Ms. Jones admits that she is a former eBay executive.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 295 and, therefore, denies them.

296.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 and, therefore, denies them.

**eBay's Hiring Practices, Lack of Supervision & Culture**

297.    Ms. Jones denies the allegations in Paragraph 297.

298.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 and, therefore, denies them.

299.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 and, therefore, denies them.

300.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 and, therefore, denies them.

301.    Ms. Jones admits that Defendant Baugh worked for Security Industry Specialists, and through his work at Security Industry Specialists, he was assigned to work for eBay.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 301 and, therefore, denies them.

302.    Ms. Jones admits that Defendant Baugh was hired by eBay in or around 2016.

303.    Ms. Jones denies the allegations in Paragraph 303.

304.    Paragraph 304 states legal conclusions to which no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 304.

305.    Ms. Jones denies the allegations in Paragraph 305.

306.    Paragraph 306 states legal conclusions to which no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 306.

307.    Ms. Jones denies the allegations in Paragraph 307.

308.    Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 and, therefore, denies them.

309.    Ms. Jones denies the allegations in Paragraph 309.

310.    Ms. Jones admits that eBay senior executives had offices on the same floor.  Ms. Jones denies the remaining allegations in Paragraph 310.

311.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 and, therefore, denies them.

312.    To the extent that Paragraph 312 states legal conclusions, no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 312.

313.   Paragraph 313 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 and, therefore, denies them.

314.   Ms. Jones denies the allegations in Paragraph 314.

315.   Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 315.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315 and, therefore, denies them the allegations.

316.   Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 316 and otherwise denies the allegations.

317.   Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 317.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 and, therefore, denies them.

318.   Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 318.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 and, therefore, denies them.

319.   To the extent that Paragraph 319 states legal conclusions, no response is required.  Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 319.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319 and, therefore, denies them.

320.   Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 320.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 and, therefore, denies them the allegations.

321.   Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 321.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 and, therefore, denies them.

322.   To the extent that Paragraph 322 states legal conclusions, no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 322.

323.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 and, therefore, denies them.

324.   Paragraph 324 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 324.

325.   Paragraph 325 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 325.

326.   To the extent that Paragraph 326 states legal conclusions, no response is required.  Ms. Jones otherwise denies the allegations in Paragraph 326.

327.   To the extent that Paragraph 327 states legal conclusions, no response is required.  Ms. Jones admits there was a bar on eBay's campus.  Ms. Jones denies that she was aware

of Defendant Baugh's alleged actions described in Paragraph 327.  Ms. Jones denies the remaining allegations in Paragraph 327.

328.   Ms. Jones denies that she was aware of Defendant Baugh's alleged actions described in Paragraph 328.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 and, therefore, denies them the allegations.

329.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 and, therefore, denies them.

330.   To the extent that Paragraph 330 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 and, therefore, denies them.

331.   To the extent that Paragraph 331 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331 and, therefore, denies them.

332.   Paragraph 332 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 332.

333.   Paragraph 333 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 333.

334.    To the extent that Paragraph 334 states legal conclusions, no response is required.  To the extent that Paragraph 334 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise denies the allegations in Paragraph 334.

335.    To the extent that Paragraph 335 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335 and, therefore, denies them.

336.    Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336 and, therefore, denies them.

337.    Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 and, therefore, denies them the allegations.

338.    Paragraph 338 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 and, therefore, denies them.

**The Relationship Between eBay and PFC**

339.    Ms. Jones admits that eBay contracted with PFC in or around 2019.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 339 and, therefore, denies them.

340.   Ms. Jones admits that she believes Defendant Baugh was employed by Security Industry
       Specialists for a time and that he worked with eBay as part of that employment.  She lacks
       knowledge or information sufficient to form a belief as to the truth of the remaining
       allegations in Paragraph 340 and, therefore, denies them.

341.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
       allegations in Paragraph 341 and, therefore, denies them the allegations.

342.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
       allegations in Paragraph 342 and, therefore, denies them.

343.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
       allegations in Paragraph 343 and, therefore, denies them.

344.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
       allegations in Paragraph 344 and, therefore, denies them.

345.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
       allegations in Paragraph 345 and, therefore, denies them.

346.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
       allegations in Paragraph 346 and, therefore, denies them.

347.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the
       allegations in Paragraph 347 and, therefore, denies them.

348.   To the extent that Paragraph 348 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 348 and, therefore, denies them.

349.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349 and, therefore, denies them.

350.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 350 and, therefore, denies them.

351.   To the extent that Paragraph 351 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 351 and, therefore, denies them.

352.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 352 and, therefore, denies them.

353.   Ms. Jones admits that PFC would cover financial expenses for its analysts, then bill Defendant eBay for those expenses.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 353 and, therefore, denies them.

354.   Paragraph 354 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354 and, therefore, denies them.

355.     To the extent that Paragraph 355 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355 and, therefore, denies them.

356.     To the extent that Paragraph 356 states legal conclusions, no response is required. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356 and, therefore, denies them.

357.     Paragraph 357 states legal conclusions to which no response is required. To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 and, therefore, denies them.

358.     To the extent that Paragraph 358 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied. Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 and, therefore, denies them.

359.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 and, therefore, denies them.

360.     Paragraph 360 states legal conclusions to which no response is required. To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 and, therefore, denies them.

361.    Paragraph 361 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 and, therefore, denies them.

**The Criminal Cases and the Defendants' Admissions**

362.    To the extent that Paragraph 362 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 and, therefore, denies them.

363.    To the extent that Paragraph 363 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 and, therefore, denies them.

364.    To the extent that Paragraph 364 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364 and, therefore, denies them.

365.    To the extent that Paragraph 365 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 and, therefore, denies them.

366.   To the extent that Paragraph 366 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 and, therefore, denies them.

367.   To the extent that Paragraph 367 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367 and, therefore, denies them.

368.   To the extent that Paragraph 368 refers to public court records, Ms. Jones states that the documents speak for themselves and denies any characterization of them.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 and, therefore, denies them.

369.   To the extent that Paragraph 369 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369 and, therefore, denies them.

370.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370 and, therefore, denies them.

371.   Ms. Jones admits that she has never been charged with a crime.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 371 and, therefore, denies them.

372.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 and, therefore, denies them.

373.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 and, therefore, denies them.

**The Steiners have been gravely and irreparably injured – mentally, emotionally, physically and financially**

374.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 and, therefore, denies them.

375.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 and, therefore, denies them.

376.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376 and, therefore, denies them.

377.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 and, therefore, denies them.

378.     Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 and, therefore, denies them.

379.     To the extent that Paragraph 379 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 379.

380.     To the extent that Paragraph 380 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 380.

381.   To the extent that Paragraph 381 states legal conclusions, no response is required. Ms. Jones denies the allegations that pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 and, therefore, denies them.

382.   Paragraph 382 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations that pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382 and, therefore, denies them.

383.   Paragraph 383 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383 and, therefore, denies them.

384.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384 and, therefore, denies them.

385.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385 and, therefore, denies them.

386.   Paragraph 386 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 and, therefore, denies them.

387.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387 and, therefore, denies them.

388.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388 and, therefore, denies them.

389.   Paragraph 389 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 389.

390.   Paragraph 390 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390 and, therefore, denies them.

391.   Paragraph 391 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 391.

392.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 and, therefore, denies them.

393.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 393 and, therefore, denies them.

394.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 394 and, therefore, denies them.

395.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395 and, therefore, denies them.

396.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 396 and, therefore, denies them.

397.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 397 and, therefore, denies them.

398.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 398 and, therefore, denies them.

399.  Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 399 and, therefore, denies them.

400.  Paragraph 400 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 400 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 400 and, therefore, denies them.

401.  Paragraph 401 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 401 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401 and, therefore, denies them.

402.  Paragraph 402 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402 and, therefore, denies them.

403.    Paragraph 403 states legal conclusions to which no response is required.  To the extent that a response is a required, Ms. Jones states that the referenced Constitutional Amendment and Declarations of Rights Article speak for themselves, and any interpretation is hereby denied.  To the extent that a further response is required, Ms. Jones denies the allegations in Paragraph 403.

404.    Paragraph 404 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 404 as they pertain to her.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404 and, therefore, denies them.

405.    Paragraph 405 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 405.

**CAUSES OF ACTION**

**COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(All Defendants)**

406.    Ms. Jones repeats and incorporates by reference Paragraphs 1 through 405 of this Answer.

407.    Paragraph 407 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 407.

408.    Paragraph 408 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 408.

409.    Paragraph 409 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 409.

410.    Paragraph 410 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 410.

411.    Paragraph 411 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 411.

412.    Paragraph 412 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 412.

413.    Paragraph 413 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 413.

414.    Paragraph 414 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 414.

415.    Paragraph 415 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 415.

416.    Paragraph 416 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 416.

417.    Paragraph 417 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 417.

418.    Paragraph 418 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 418.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT II: STALKING
### (All Defendants)

419.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 418 of this Answer.

420.   The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 420.

421.   The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 421.

422.   The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 422.

423.   The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 423.

424.   The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 424.

425.   The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 425.

426.     The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 426.

427.     The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 427.

428.     The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 428.

429.     The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.

430.     The Court dismissed Count II of the Amended Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 430.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

### COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

431.     Ms. Jones repeats and incorporates by reference Paragraphs 1 through 430 of this Answer.

432.     Paragraph 432 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 432.

433.   Paragraph 433 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 433.

434.   Paragraph 434 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 434.

435.   Paragraph 435 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 435.

436.   Paragraph 436 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 436.

437.   Paragraph 437 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 437.

438.   Paragraph 438 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 438.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT IV: NEGLIGENCE
### (All Defendants)

439.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 438 of this Answer.

440.   Paragraph 440 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 440.

441.    Paragraph 441 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 441.

442.    Paragraph 442 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 442.

443.    Paragraph 443 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 443.

444.    Paragraph 444 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 444.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT V: NEGLIGENT HIRING
### (Defendant eBay)

445.    Ms. Jones repeats and incorporates by reference Paragraphs 1 through 444 of this Answer.

446.    The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 446.

447.    The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 447.

448.   The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 448.

449.   The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 449.

450.   The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 450.

451.   The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 451.

452.   The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 452.

453.   The Court dismissed Count V of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 453.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT VI: NEGLIGENT SUPERVISION
### (Defendants eBay, PFC, Wenig, Jones, and Krystek)

454.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 453 of this Answer.

455.   Paragraph 455 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 455.

456.   Paragraph 456 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 456.

457.   Paragraph 457 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 457.

458.   Paragraph 458 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 458.

459.   Paragraph 459 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 459.

460.   To the extent that Paragraph 460 states legal conclusions, no response is required. Ms. Jones otherwise denies the allegations in Paragraph 460.

461.   Paragraph 461 states legal conclusions to which no response is required. To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 461.

462.   Paragraph 462 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 462.

463.    Paragraph 463 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 463.

464.    Paragraph 464 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 464.

465.    Paragraph 465 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 465.

466.    Paragraph 466 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 466.

467.    Paragraph 467 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 467.

468.    Paragraph 468 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 468 and, therefore, denies them.

469.    Paragraph 469 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 469 and, therefore, denies them.

470.    Paragraph 470 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 470 and, therefore, denies them.

471.    Paragraph 471 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 471.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT VII: NEGLIGENT RETENTION
### (Defendants eBay and PFC)

472.    Ms. Jones repeats and incorporates by reference Paragraphs 1 through 471 of this Answer.

473.    Paragraph 473 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 473.

474.    Paragraph 474 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 474.

475.    Paragraph 475 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 475.

476.    To the extent that Paragraph 476 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a believe as to the truth of the allegations in Paragraph 476 and, therefore, denies them.

477.    Ms. Jones denies the allegations in Paragraph 477.

478.    Paragraph 478 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 478 and, therefore, denies them.

479.    Paragraph 479 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 479 and, therefore, denies them.

480.    Paragraph 480 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 480.

481.    Paragraph 481 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 481.

482.    Paragraph 482 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 482.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

### COUNT VIII: ASSAULT
### (All Defendants)

483.    Ms. Jones repeats and incorporates by reference Paragraphs 1 through 482 of this Answer.

484.    The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.

485.   The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.

486.   The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 486 and, therefore, denies them.

487.   The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 487 and, therefore, denies them.

488.   The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488 and, therefore, denies them.

489.   The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 489 and, therefore, denies them.

490.   The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required,

Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 490 and, therefore, denies them.

491.   The Court dismissed Count VIII of the Complaint in its December 12, 2023 memorandum and order and thus no response is required.   To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 491.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

### COUNT IX:  VIOLATION OF TITLE II, Ch. 12, § 11I
### (MASSACHUSETTS CIVIL RIGHTS ACT VIOLATION)
### (All Defendants)

492.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 491 of this Answer.

493.   Paragraph 493 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 493.

494.   Paragraph 494 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 494.

495.   Paragraph 495 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 495.

496.   Paragraph 496 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 496.

497.   Paragraph 497 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 497.

498.   Paragraph 498 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 498.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT X: DEFAMATION
### (All Defendants)

499.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 498 of this Answer.

500.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 500 and, therefore, denies them.

501.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 501 and, therefore, denies them.

502.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 502 and, therefore, denies them.

503.   Ms. Jones lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 503 and, therefore, denies them.

504.   Paragraph 504 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 504.

505.   Paragraph 505 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 505.

506.    Paragraph 506 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 506.

507.    Paragraph 507 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 507.

508.    Paragraph 508 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 508.

509.    Paragraph 509 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 509.

510.    Paragraph 510 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 510.

511.    Paragraph 511 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 511.

512.    Paragraph 512 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 512.

513.    Paragraph 513 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 513.

514.    Paragraph 514 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 514.

515.    Paragraph 515 states legal conclusions to which no response is required.  To the extent that
        a response is required, Ms. Jones denies the allegations in Paragraph 515.

516.   Paragraph 516 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 516.

517.   Paragraph 517 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 517.

518.   Paragraph 518 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 518.

519.   Paragraph 519 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 519.

520.   Paragraph 520 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 520.

521.   Paragraph 521 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 521.

522.   Paragraph 522 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 522.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

**COUNT XI:  TRESPASS**
**(PHYSICAL AND TRESPASS TO CHATTELS)**
**(All Defendants)**

523.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 522 of this Answer.

524.     Paragraph 524 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 524.

525.     Paragraph 525 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 525.

526.     Paragraph 526 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 526.

527.     Paragraph 527 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 527.

528.     Paragraph 528 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 528.

529.     Paragraph 529 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 529.

530.     Paragraph 530 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 530.

531.     Paragraph 531 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 531.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT XII: FALSE IMPRISONMENT

532.     Ms. Jones repeats and incorporates by reference Paragraphs 1 through 531 of this Answer.

533.   Paragraph 533 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 533.

534.   Paragraph 534 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 534.

535.   Paragraph 535 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 535.

536.   Paragraph 536 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 536.

537.   Paragraph 537 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 537.

538.   Paragraph 538 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 538.

539.   Paragraph 539 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 539.

540.   Paragraph 540 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 540.

541.   Paragraph 541 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 541.

542.   Paragraph 542 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 542.

543.   Paragraph 543 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 543.

544.   Paragraph 544 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 544.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT XIII: CIVIL CONSPIRACY
### (All Defendants)

545.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 544 of this Answer.

546.   Paragraph 546 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 546.

547.   Paragraph 547 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 547.

548.   Paragraph 548 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 548.

549.   Paragraph 549 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 549.

550.   Paragraph 550 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 550.

551.   Paragraph 551 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 551.

552.   Paragraph 552 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 552.

553.   Paragraph 553 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 553.

554.   Paragraph 554 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 554.

555.   Paragraph 555 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 555.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## COUNT XIV: RATIFICATION
### (Defendant eBay)

556.   Ms. Jones repeats and incorporates by reference Paragraphs 1 through 555 of this Answer.

557.   Paragraph 557 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 557.

558.   Paragraph 558 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 558.

2cf35bcdb36f4e22

559.   Paragraph 559 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 559.

560.   Paragraph 560 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 560.

561.   Paragraph 561 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 561.

562.   Paragraph 562 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 562.

563.   Paragraph 563 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 563.

564.   Paragraph 564 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 564.

565.   Paragraph 565 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 565.

566.   Paragraph 566 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 566.

567.   Paragraph 567 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 567 and, therefore, denies them.

568.  Paragraph 568 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 568 and, therefore, denies them.

569.  Paragraph 569 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 569 and, therefore, denies them.

570.  Paragraph 570 states legal conclusions to which no response is required.  To the extent that Paragraph 570 purports to describe the contents of a document, Ms. Jones states that the document speaks for itself and any interpretation is hereby denied.  Ms. Jones otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 570 and, therefore, denies them.

571.  Paragraph 571 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 571.

572.  Paragraph 572 states legal conclusions to which no response is required.  To the extent that a response is required, Ms. Jones denies the allegations in Paragraph 572.

Ms. Jones denies liability for the claims alleged in the Amended Complaint and denies each allegation that has not been specifically admitted.

## DEMAND FOR A JURY TRIAL

No response to Plaintiffs' demand for a jury trial is required.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.  Count II (Stalking) and Count VIII (Assault) of the Amended Complaint have been dismissed from the case, and Plaintiffs failed to plead, and cannot prove, the elements of the remaining claims as to Ms. Jones.

### SECOND DEFENSE

The damages Plaintiffs seek are unwarranted and disproportionate as to Ms. Jones such that any award or damages would constitute unjust enrichment.

### THIRD DEFENSE

Plaintiffs' have failed to sufficiently allege an actionable injury caused by Ms. Jones.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the allegedly wrongful conduct and any damages resulting therefrom were caused by the acts or omissions of others.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek duplicate recoveries.  Any recovery Plaintiffs seek from Ms. Jones must be offset by recovery from other Defendants.

### SIXTH DEFENSE

Plaintiffs' claims for injunctive relief are barred because, among other reasons, an adequate remedy at law exists.

Ms. Jones herein reserves the right to assert additional defenses that become known to her during the course of this action.

Dated: January 12, 2024

Respectfully submitted,

*Andrew J. O'Connor*
Andrew J. O'Connor (BBO# 672960)
Brien T. O'Connor (BBO# 546767)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
brien.oconnor@ropesgray.com

*Counsel for Wendy Jones*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2024, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 12, 2024

*Andrew J. O'Connor*
Andrew J. O'Connor