**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF MASSACHUSETTS**

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br>　　　(*Publisher of EcommerceBytes*),<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>eBay, Inc.,<br>Progressive F.O.R.C.E.Concepts, LLC<br>Devin Wenig,<br>Steve Wymer,<br>Wendy Jones,<br>Steve Krystek,<br>Jim Baugh,<br>David Harville,<br>Brian Gilbert,<br>Stephanie Popp,<br>Stephanie Stockwell,<br>Veronica Zea,<br>Philip Cooke,<br>John and Jane DOE,<br><br>　　　　Defendants. | CASE NO.:  1:21-cv-11181-PBS<br><br>DEFENDANT STEVE WYMER'S<br>ANSWER TO FIRST AMENDED<br>COMPLAINT |

Defendant Steve Wymer, by and through his undersigned counsel, hereby answers Plaintiffs' First Amended Complaint, filed March 1, 2023, Dkt. No. 176 (the "Complaint").[1]

## **GENERAL DENIAL**

To the extent the paragraphs in the Complaint are grouped under headings and subheadings, Wymer responds generally that the headings and subheadings do not constitute factual averments, and thus the headings and subheadings are not included herein.  To the extent a response is deemed necessary, Wymer denies each and every heading and subheading in the Complaint.

Except as expressly admitted herein, Wymer denies each and every allegation of the Complaint, including, without limitation, any and all allegations and/or statements in the numbered paragraphs, footnotes, and the prayer for relief.  Wymer also denies any liability to Plaintiffs and further denies that Plaintiffs have suffered any legally cognizable damages for which Wymer is responsible.  Further, the Court's Memorandum and Order, dated December 12, 2023 (Dkt. No. 309, the "Memorandum and Order") granted in part and denied in part Wymer's motion to dismiss the Complaint and dismissed Plaintiffs' stalking claim (Count II) and assault claim (Count VIII) as insufficiently pled.  Thus no response is required with respect to the allegations in paragraphs of the Complaint that relate exclusively to either of those two counts.

Wymer hereby incorporates his General Denial into each and every answer to the allegations in the numbered paragraphs of the Complaint.  To the extent Wymer reiterates certain of these general objections in response to particular numbered paragraphs, he does so only for emphasis.

---

[1] Unless otherwise indicated, all capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Complaint.  References to Wymer's answer to Plaintiffs' Complaint will be referred to as the "Answer."

## ANSWERS TO COMPLAINT PARAGRAPHS

Wymer further answers the numbered paragraphs in the Complaint as follows:

### INTRODUCTION

1.        Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 1 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 1 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "along with Progressive F.O.R.C.E Concepts, LLC . . . engaged in a coordinated effort to intimidate, threaten to kill, torture, terrorize, stalk and silence the Steiners, in order to stifle their reporting on eBay."  Wymer further denies that he "engaged in a systematic campaign to emotionally and psychologically torture Ina and David Steiner."  Wymer admits that eBay is a "multinational *Fortune 500* Company."  To the extent "market value" refers to eBay's market capitalization, Wymer denies that eBay's market capitalization is over $48 billion or that it was over $48 billion at the time the Complaint was filed.  To the extent "market value" refers to some other, unspecified valuation method, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegation that eBay's market value is over $48 billion and on that basis denies the allegation. Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 1. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 and on that basis denies the allegations.

2.        Wymer admits that Ina and David Steiner operate the EcommerceBytes website and that the EcommerceBytes website publishes information "about various ecommerce companies, including eBay."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2 and on that basis denies the allegations.

3.      Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 3 that are exclusively related to either of those claims.  Wymer denies that he "consistently tracked EcommerceBytes' reporting" and "became increasingly enraged by what [he] perceived as the Steiners' negative coverage of eBay and the upper echelons of the corporation."   Wymer admits that he was formerly the Senior Vice President and Chief Communications Officer of eBay, that Devin Wenig was formerly the Chief Executive Officer of eBay, and that Wendy Jones was formerly the Senior Vice President of Global Operations of eBay. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 3 and on that basis denies the allegations.

4.      Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 4 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 4 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he "committed" any "horrific, vicious and sickening conduct" "while acting in the scope of [his] employment."  Wymer further denies that he "sent a directive and enlisted at least seven members of the eBay security staff," "knew of and approved the plan to deal with the Steiners," or "provided the other Defendants with carte blanche authority . . . to terminate the reporting of the Steiners by whatever means necessary."  Wymer further denies that Baugh "'sync[ed] with'" Wymer.  Wymer admits that he sent text messages that include the literal text "I want to see ashes.  As long as it takes.  Whatever it takes" and "I'll embrace managing any bad fall out.  We need to STOP her." But Wymer denies Plaintiffs' characterization of those communications and of Wymer's purpose

in sending them, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context. Wymer respectfully refers to the referenced communications themselves for their contents. Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 4. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4 and on that basis denies the allegations.

5.      Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 5 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 5 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he "defame[d] the Steiners" or "attempt[ed] to disgrace and reputationally harm the Steiners and EcommerceBytes, and tarnish their name within the community." Wymer further denies that he "stoop[ed]" to any "utter depths" "in order to take the Steiners down and end their reporting on eBay." Wymer further denies that he "taunted Ina Steiner using a phony Twitter handle pretending to be an eBay seller, and directly threatened her to stop reporting on eBay." Wymer further denies that he sent "threatening and disturbing package deliveries," or sent "ominous simultaneous Twitter messages" or "graphic and vulgar messages . . . paired with taunting emails and deliveries." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 5. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 5 and on that basis denies the allegations.

6.      Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 6 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 6 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk, and silence the Steiners." Wymer further denies that "Defendants Baugh, Harville and Zea, and later Popp" were his "henchmen."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 6.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 6 and on that basis denies the allegations.

7.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 7 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 7 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "order[ed]" anyone to "menacingly stalk[] and tail[] the Steiners in a black van and other rental vehicles, repeatedly circl[e] the block, tracking their every move, and follow[] David Steiner when he left the residence," or that he personally carried out any of those activities.  Wymer further denies that he "attempt[ed] to break into the Steiner garage in order to install a GPS tracking device on their vehicle" or "practiced installing a tracking device on a similar vehicle in California, in an eBay parking lot, for this specific purpose," or that he ordered anyone to take these actions.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies the allegations.

8.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 8 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 8 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "continued with the online threats and stalking."  Wymer further denies that he used a "menacing skull avatar Twitter handle [to] publicly post[] the Steiners' home address on Twitter along with threats to kill the Steiners."  Wymer further denies that he "posted the Steiner's address on Craigslist and other websites, inviting strangers to the Steiners' home for sex parties, and advertising yard sales, announcing that would-be visitors should knock on the door at all hours because 'Everything must go!'"  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 8.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 and on that basis denies the allegations.

9.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies the allegations.

10.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 10 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 10 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners." Wymer further denies that he "inflict[ed]" any "panic and fear" "on the Steiners," "knew" of any "panic and fear" "inflict[ed]" on the Steiners or had any "plan" to cause "panic and fear."  Wymer further denies that he "callously joked that the Steiners were 'seeing ghosts, think everyone is following them and they call the police every 10 minutes,' and 'We know the targets have been

impacted by this op'" or "inflict[ed]" "mental and emotional anguish."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 10.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 and on that basis denies the allegations.

11.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 11 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 11 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he was involved in any "meeting" or received any "direct[ion]" "to delete all communications and evidence relating to the scheme." Wymer further denies that he "plotted to destroy evidence, mislead the criminal investigation, and divert attention away from eBay to protect the company and its C-Suite, fully expecting that eBay and its executives would provide 'top cover' resources for them to get away with their crimes." Wymer further denies that he "lied to investigators and fabricated evidence," or that he "create[d] a fake dossier" or "a phony 'persons of interest' file on the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 11.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 and on that basis denies the allegations.

12.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 12 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 12 contain one or more legal conclusions as to which no

response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 12. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and on that basis denies the allegations.

13.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 13 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 13 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  To the extent the allegations purport to quote and/or characterize statements contained in a March 16, 2021 "eBay Presentation on 'Federal Corporate Principles' to the Office of the U.S. Attorney for Massachusetts Concerning the August 2019 Crimes Committed by Former eBay Employees Against the Natick Couple," the document speaks for itself.  Wymer denies Plaintiffs' characterization of those statements, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced statements themselves for their contents.  Wymer admits that he was formerly the Senior Vice President and Chief Communications Officer of eBay and that he was terminated by eBay.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 13 and on that basis denies the allegations.

14.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and on that basis denies the allegations.

15.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 15 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 15 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "acting in concert with" any other "individually named Defendants" "within the scope of [his] employment with the intent to benefit [his] employer[]" "to silence the Steiners and their reporting."  Wymer further denies that he communicated any "direct command" or "directives" "to silence the Steiners and their reporting."  Wymer admits that he was formerly the Senior Vice President and Chief Communications Officer of eBay, that Devin Wenig was formerly the Chief Executive Officer of eBay, and that Wendy Jones was formerly the Senior Vice President of Global Operations of eBay.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15 and on that basis denies the allegations.

16.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 16 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 16 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy" "to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he caused the Steiners "emotional distress" or "physical harm."  Wymer further denies that he was engaged in any "coordinated efforts" or "conduct" that "caus[ed]" "a natural and foreseeable consequence" of "harm" to the Steiners.  Wymer further denies that he "defamed the Steiners and EcommerceBytes."  Wymer further denies that he

directed any Defendant to take any actions alleged in paragraph 16.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 16 and on that basis denies the allegations.

17.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 17 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 17 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he engaged in any harmful or distressing "conduct" that "has had a stifling effect on ['the Steiners and EcommerceBytes'] reporting, and hampered current and future business growth."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 17.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 17 and on that basis denies the allegations.

18.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 18 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 18 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy" or "violation of [the 'Steiners'] state and Constitutional rights." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18 and on that basis denies the allegations.

**JURISDICTION AND VENUE**

19.     Wymer states that the allegations in paragraph 19 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer admits that he is a citizen of California, that "eBay is incorporated in Delaware," and that eBay's "principal place of business is in California."   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19 and on that basis denies the allegations.

20.     Wymer states that the allegations in paragraph 20 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer does not contest this Court's supplemental jurisdiction.

21.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 21 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 21 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "caused tortious injury in this Commonwealth by acts committed outside of Massachusetts," "caused tortious injury by acts in this Commonwealth and in California," or "committed intentional torts." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 21. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21 and on that basis denies the allegations.

22.     Wymer states that the allegations in paragraph 22 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer does not contest that venue is proper in the District Court of Massachusetts.

## THE PARTIES

23.      Wymer denies Plaintiffs "right to amend this Complaint and add additional parties and claims as discovery progresses" as alleged in footnote 2.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 23 and on that basis denies the allegations.

24.      Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies the allegations.

25.      Wymer admits that eBay Inc. "is a Delaware corporation with its principal place of business in San Jose, California."

26.      Wymer admits that "eBay is a multinational ecommerce corporation that facilitates online sellers and buyers through its website."  Wymer further admits that eBay had a *Fortune 500* ranking in 2022.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 and on that basis denies the allegations.

27.      Wymer denies that he "hired PFC in January of 2019."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 27 and on that basis denies the allegations.

28.      Wymer admits that Devin Wenig is "eBay's former Chief Executive Officer." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 28 and on that basis denies the allegations.

29.      To the extent the allegations purport to quote and/or characterize a statement made by eBay, the statement speaks for itself.  Wymer denies Plaintiffs' characterization of the statement, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced statement itself for its contents.   Wymer admits that he is "eBay's former Senior Vice President and Chief

Communications Officer" and currently "resides in California."  Wymer further admits that as eBay's Senior Vice President and Chief Communications Officer he worked on projects and initiatives related to eBay's company reputation.  Wymer further admits that on January 16, 2019, eBay issued a press release that stated "Wymer will oversee company reputation, external and employee communications, and eBay's global impact function."

30.      Wymer admits that Wendy Jones was formerly the Senior Vice President of Global Operations of eBay and that Jones was Jim Baugh's direct report.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 30 and on that basis denies the allegations.

31.      Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 and on that basis denies the allegations.

32.      Wymer admits that Baugh previously served as eBay's Senior Director of Safety & Security and that he reported directly to Defendant Jones.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 and on that basis denies the allegations.

33.      Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and on that basis denies the allegations.

34.      Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and on that basis denies the allegations.

35.      Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and on that basis denies the allegations.

36.      Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and on that basis denies the allegations.

37.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 and on that basis denies the allegations.

38.     Wymer denies that he "paid" "Defendant PFC" "during Defendant Zea's employment."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 38 and on that basis denies the allegations.

39.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and on that basis denies the allegations.

40.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 40 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 40 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "responsible for the intimidation, threats, torture, terrorization, stalking and silencing of the Steiners" while acting within "the scope of [his] employment."  Wymer further denies that he "took instructions . . . from senior management of eBay" related to "the intimidation, threats, torture, terrorization, stalking and silencing of the Steiners" or that he instructed any person to intimidate, threaten, torture, terrorize, stalk or silence the Steiners.  Wymer admits that he "was a direct report to Defendant Wenig," that Wendy Jones likewise reported to Wenig, and that Baugh reported to Jones.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 40 and on that basis denies the allegations.

41.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 41 that are exclusively related to either of those claims.  Wymer further

states that the allegations in paragraph 41 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in "aiding and abetting and/or the failure to intervene and/or prevent the acts of eBay" as it relates to this Complaint.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 41 and on that basis denies the allegations.

### THE FACTS

42.     Wymer admits that the EcommerceBytes website publishes about ecommerce companies, including eBay and that the EcommerceBytes website identifies Ina Steiner as a co-founder and author for the website.  Wymer further admits that the EcommerceBytes website identifies David Steiner as the publisher of EcommerceBytes.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 42 and on that basis denies the allegations.

43.     Wymer admits that the EcommerceBytes website publishes reporting about eBay.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43 and on that basis denies the allegations.

44.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies the allegations.

45.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 and on that basis denies the allegations.

46.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and on that basis denies the allegations.

47.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and on that basis denies the allegations.

48.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 and on that basis denies the allegations.

49.     Wymer states that the allegations in paragraph 49 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "used fake identities to post in the comment section below EcommerceBytes news articles" or was "in violation of EcommerceBytes' user agreement."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 49 and on that basis denies the allegations.

50.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 50 that are exclusively related to either of those claims.  Wymer denies that he "became increasingly concerned about declining market sales and any perceived negative news coverage" but admits that, as eBay's Senior Vice President and Chief Communications Officer, Wymer was concerned about eBay's market sales and about the accuracy and fairness of news coverage about eBay.  Wymer admits that in 2019 Elliott Management bought a portion of eBay stock.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 50 and on that basis denies the allegations.

**eBay's Focus on EcommerceBytes & the Steiners & Intimidation Tactics to Stop Their Reporting**

51.     Wymer denies that he "followed" EcommerceBytes "with interest" or "followed" EcommerceBytes by way of subscription but admits that as eBay's Senior Vice President and Chief Communications Officer he reviewed summaries of media coverage of eBay, including occasional stories published on the EcommerceBytes website.  Wymer lacks sufficient knowledge

or information to form a belief as to the truth of the allegations in paragraph 51 and on that basis denies the allegations.

52.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 52 that are exclusively related to either of those claims.  Wymer admits that he occasionally expressed frustration related to EcommerceBytes's reporting on eBay but denies that he directed or intended for any person to threaten, terrorize, or otherwise harm Plaintiffs, or that he personally engaged in any such activities.  Wymer further denies that he directed anyone to "keep" him "up to date on an immediate basis" on these activities, or that anyone did so.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 52 and on that basis denies the allegations.

53.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 53 that are exclusively related to either of those claims.  Wymer denies that he directly or indirectly ordered Zea or "other analysts" to "wake up every three hours to monitor whether there were any new EcommerceBytes or Twitter posts regarding eBay" or to draft summaries of all such postings.  Wymer does not recall receiving summaries of postings regarding eBay from Baugh and denies that he directed Baugh to provide such summaries or gave Baugh "feedback" concerning Zea's work.  Wymer further denies that he received "updates" from Baugh, including any that "amp[ed] [him] up . . . even further, and fuel[ed] [his] contempt for [EcommerceBytes]."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 53 and on that basis denies the allegations.

54.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and on that basis denies the allegations.

55.     Wymer admits that at times the EcommerceBytes website has included a comments function that enables readers to leave comments on articles published on the website.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 55 and on that basis denies the allegations.

56.     Wymer admits that at times a commenter with the handle "Fidomaster" expressed opinions critical of eBay on the EcommerceBytes website.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 56 and on that basis denies the allegations.

57.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 and on that basis denies the allegations.

58.     Wymer admits that he has seen email messages that include the literal text "I assume we don't know who is behind the account?" and "Jim, can you give us as much info as possible on whose account this is?"  But Wymer denies Plaintiffs' characterization of those communications, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communications themselves for their contents.

59.     Wymer admits that he has seen an email message that includes the literal text "Blind handle."  But Wymer denies Plaintiffs' characterization of the communication, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communication itself for its contents.

60.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 60 that are exclusively related to either of those claims.  Wymer denies that he attended or, at any point during Wymer's tenure at eBay, had any knowledge of any meeting where Baugh "discussed sending a fake threatening letter to the Steiners, with a post-stamp making it appear as if the letter came from a disgruntled seller in Texas."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 60 and on that basis denies the allegations.

61.     Wymer admits that in April 2019 he received a text from Wenig that linked to an EcommerceBytes article that discussed Wenig's compensation and that he sent a text message to Wenig that includes the literal text "[w]e are going to crush this lady."  But Wymer denies Plaintiffs' characterization of the communications and of Wymer's understanding of them and purpose in sending them, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communications themselves for their contents.

62.     Wymer admits that on April 20, 2019 he received a text message from Wenig that includes the literal text "Fuck them.  The journal is next . . ." and that he understood "journal" in Wenig's text message to be a reference to the *Wall Street Journal*.  But Wymer denies Plaintiffs' characterization of the communication, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced statement itself for its contents.

63.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 and on that basis denies the allegations.

64.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 64 that are exclusively related to either of those claims.  Wymer admits that he participated in an email discussion in May 2019 regarding an EcommerceBytes article about a purported replica bar and Jones directing a contractor to remove information from its website and admits that he has seen an email message with the literal text "huddle on this at lunch please today."  But Wymer denies Plaintiffs' characterization of the communication, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context. Wymer respectfully refers to the referenced communication itself for its contents.  Wymer does not have an independent recollection of the specific language used in that full email discussion. Wymer does not have access to his eBay email account and is thus unable to review that account for emails that might refresh his recollection.   For these reasons, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 64 and on that basis denies the allegations.

65.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 65 that are exclusively related to either of those claims.  Wymer denies that he ever "sync[ed]" with Baugh to "deal with the issue 'off the radar.'"  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 65 and on that basis denies the allegations.

66.     Wymer admits that on May 31, 2019 he sent a text message that linked to an EcommerceBytes article that referred to protection for sellers and includes the literal text "[s]hockingly reasonable" and that he received text messages from Wenig that include the literal

text "I couldn't care less what she says" and "[t]ake her down."  But Wymer denies Plaintiffs'
characterization of the communications and of Wymer's understanding of them and purpose in
sending them, particularly as Plaintiffs' selective quotations omit other relevant communications
and relevant factual context.   Wymer respectfully refers to the referenced communications
themselves for their contents.

67.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of
the allegations in paragraph 67 and on that basis denies the allegations.

68.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of
the allegations in paragraph 68 and on that basis denies the allegations.

69.    Wymer admits that, on behalf of eBay, he was involved with Sloane & Company
being retained as one of a few consulting firms.

70.    Wymer admits that, in addition to other work Sloane & Company completed on
behalf of eBay, the consultant firm produced a report outlining strategies related to search engine
optimization.  Wymer does not have an independent recollection of the specific contents of the
report or the title of the report and does not possess a copy of the report.  Wymer lacks sufficient
knowledge or information to form a belief as to the truth of the remaining allegations in paragraph
70 and on that basis denies the allegations.

71.    Wymer denies that "[a]bsent any evidence [he] wrongfully concluded the Steiners
and Fidomaster were working together."  Wymer lacks sufficient knowledge or information to
form a belief as to the truth of the remaining allegations in paragraph 71 and on that basis denies
the allegations.

72.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of
the allegations in paragraph 72 and on that basis denies the allegations.

73.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 73 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 73 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he had a "goal to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he entered the Steiners property.  Wymer further denies that he "deface[d], mutilate[d], vandalize[d] and injure[d] the Steiners' property by scrawling 'Fidomaster' on [the Steiners'] fence."  Wymer further denies that he communicated a "directive" or directed any Defendant to take any actions alleged in paragraph 73.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 73 and on that basis denies the allegations.

74.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 74 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 74 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners, and interfere with their First Amendment and Article 16 rights."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 74.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 74 and on that basis denies the allegations.

75.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 75 that are exclusively related to either of those claims.  Wymer denies that he had any awareness of "Gilbert's trip to Natick," that Baugh told him that Baugh's "team had given the Steiners 'a tap on the shoulder,'" or that he "expressed approval but did not ask questions" in response to Baugh's purported statement.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 75.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 75 and on that basis denies the allegations.

76.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 76 that are exclusively related to either of those claims.  Wymer denies that he was involved in any "planned 'op.'"  Wymer further denies that he "continued to track and monitor the Steiners and EcommerceBytes" or that he "continued to track and monitor" any "Twitter accounts [he] believed were connected to the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 76.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 76 and on that basis denies the allegations.

77.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 and on that basis denies the allegations.

78.    Wymer does not have an independent recollection of participating in an email discussion on July 10, 2019 regarding Unsuckebay Twitter account complaints.  Wymer does not have access to his eBay email account and is thus unable to review that account for emails that

might refresh his recollection.  For these reasons, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 and on that basis denies the allegations.

79.     While Wymer does not have an independent recollection of participating in an email discussion on July 10, 2019 regarding Unsuckebay Twitter account complaints, Wymer admits that he sent an email message on July 15, 2019 that includes the literal text "FYI."  But Wymer denies Plaintiffs' characterization of the communication and of Wymer's purpose in sending it, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communication itself for its contents.

80.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80 and on that basis denies the allegations.

81.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 and on that basis denies the allegations.

**<u>August 2019 & the Plan to Take Down EcommerceBytes & the Steiners to Stop Their Reporting</u>**

82.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 82 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 82 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer admits that "[o]n August 1, 2019, [EcommerceBytes] published an article about the lawsuit eBay filed against Amazon."  Wymer further admits that on August 1, 2019, he sent a text message that includes the literal text "[o]n it" and that he received

text messages that include the literal text "Ina is out with a hot piece on the litigation" and "[i]f you are ever going to take her down..now is the time."   But Wymer denies Plaintiffs' characterization of the communications and of Wymer's understanding of them and purpose in sending them, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.   Wymer respectfully refers to the referenced communications themselves for their contents.   Wymer denies that he communicated any "cruel directive."   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 82 and on that basis denies the allegations.

83.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 83 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 83 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 83.   Wymer admits that he understood Wenig to be on sabbatical during a period in 2019.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 83 and on that basis denies the allegations.

84.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 84 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 84 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he was

involved in a "conspiracy."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 84 and on that basis denies the allegations.

85.     Wymer admits that he sent text messages that include the literal text "[h]atred is a sin," "I am very sinful," "[a]men,. I want her DONE," "[s]he is biased troll who needs to get BURNED DOWN," and "I'll embrace managing any bad fall out.  We need to STOP her" and receiving text messages that include the literal text "I'm not fucking around with her[] anymore" and "[Wenig] said to burn her to the ground correct?"  But Wymer denies Plaintiffs' characterization of those communications and of Wymer's understanding of them and purpose in sending them, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communications themselves for their contents.

86.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 86 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 86 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer admits that he sent a text message that includes the literal text "I'll embrace managing any bad fall out.  We need to STOP her."  But Wymer denies Plaintiffs' characterization of the communication and of Wymer's purpose in sending it, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communication itself for its contents. Wymer otherwise denies the allegations in paragraph 86.

87.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 and on that basis denies the allegations.

88.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88 and on that basis denies the allegations.

89.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 and on that basis denies the allegations.

90.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 90 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 90 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he was "informed" "that the Samoan gang members were dangerous people, and that once they were enlisted, it was 'out of their hands' and they could no longer control what happened."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 90 and on that basis denies the allegations.

91.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 91 that are exclusively related to either of those claims.  Wymer admits that he received an email message with the literal text "First of all we should shut down the account.  Second this user name keeps popping up causing all kinds of trouble.  Might be worth some research Jim."  But Wymer denies Plaintiffs' characterization of the statements, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.

Wymer respectfully refers to the referenced statements themselves for their contents.  Wymer further denies that he told Wenig that "he had Defendant Baugh working on the issue."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 91 and on that basis denies the allegations.

92.     Wymer admits that on August 6, 2019, he received an email message with the literal text "We have escalated through legal channels at Twitter and they've said that this doesn't violate their policies.  (He also harasses me and others.) . . . If we send a letter, the user could tweet it and create more cycles.  Legally, we don't care about that, but don't know Steve if you do."  But Wymer denies Plaintiffs' characterization of those communications, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communications themselves for their contents.

93.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 93 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 93 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners and stop their reporting."  Wymer further denies that he "met in a conference room" to "discuss[]" any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 93.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 93 and on that basis denies the allegations.

94.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 94 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 94 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture and silence the Steiners."  Wymer further denies that he was asked "to brainstorm other things they could deliver to the Steiner residence" or involved in "a discussion about sending a coffin and a chain saw to the Steiner residence."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 94.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 94 and on that basis denies the allegations.

95.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 95 that are exclusively related to either of those claims.  Wymer denies that he "discussed sending harassing and threatening packages to the Steiners."  Wymer further denies that he "discussed role play as a way to alarm Ina Steiner, surveilling the Steiners, and the potential use of a GPS device to aid in the surveillance."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 95.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 95 and on that basis denies the allegations.

96.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 96 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 96 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was

involved in or "sanctioned" a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he was involved in a "meeting" where "Defendant Baugh shared messages from Defendant Wymer."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 96 and on that basis denies the allegations.

97.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 97 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 97 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he was "informed" that "General Counsel Huber instructed" Baugh "to 'do what you need to do'" or "had given [Baugh] the green light to use unconventional means to address the Steiners."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97 and on that basis denies the allegations.

98.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 98 that are exclusively related to either of those claims.  To the extent a response is deemed necessary, Wymer denies that he "discussed sending harassing Twitter messages to Ina Steiner."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 98.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 98 and on that basis denies the allegations.

99.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 99 that are exclusively related to either of those claims.  Wymer denies that he "decided on the Twitter handle @Tui_Elei."  Wymer further denies that he "discussed using a friendly persona, one that also had been created prior to the August 6th meeting, that the Steiners might respond to positively."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 99 and on that basis denies the allegations.

100.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 100 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 100 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he communicated any "directive[]" or made any "communication[]" that "set in motion" any "conspiracy."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 100 and on that basis denies the allegations.

101.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101 and on that basis denies the allegations.

102.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 102 that are exclusively related to either of those claims.  Wymer

denies that he "used Virtual Private Networks on the laptop so that [his] online acts could not be traced back to eBay." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 102. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 102 and on that basis denies the allegations.

103. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 103 and on that basis denies the allegations.

104. Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 104 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 104 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy." Wymer further denies that he "intimidated and threatened to kill the Steiners by sending and approving a series of anonymous tweets and Twitter direct messages to the Steiners to create an impression that there were eBay sellers who disapproved of EcommerceBytes' coverage of eBay." Wymer further denies that he "approved" "Tweets" that "were drafted by Defendant Popp" and "used WhatsApp throughout the conspiracy to discuss the plan, due to the encrypted nature of communications on the app." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 104. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 104 and on that basis denies the allegations.

105. Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 105 that are exclusively related to either of those claims. Wymer

admits that he sent and received emails on an email chain with the Re: line "eBay Imposter Twitter account" but denies that "there were a flurry of emails throughout the day between Huber, Defendants Wenig, Wymer, Baugh, Jones, and others regarding the 'eBay Imposter Twitter Account.'" Wymer does not have access to his eBay email account and is thus unable to review that account for emails that might refresh his recollection. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 105 and on that basis denies the allegations.

106.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 106 and on that basis denies the allegations.

107.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107 and on that basis denies the allegations.

108.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 108 that are exclusively related to either of those claims. Wymer admits that on August 7, 2019, he was included on an email chain with "General Counsel Huber," "Defendant Baugh and others." Wymer does not have access to his eBay email account and is thus unable to review that account for emails that might refresh his recollection. Wymer otherwise denies the allegations in paragraph 108.

109.   Wymer admits that he received email messages that include the literal text "Steve [Wymer] – What's your thinking on this from a comms perspective? We've escalated at Twitter, but as noted, the legal claim is weak and Twitter is notoriously slow to respond . . . The other avenue is to go after Twitter directly with a cease & desist letter (if we can find him/her). That also has a low likelihood of success and potential backfire (low risk). Given the strength of the

claims and the cost, I'd strongly recommend against suing" and "Jim – any news/developments on your end?"  But Wymer denies Plaintiffs' characterization of those communications, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context. Wymer respectfully refers to the referenced communications themselves for their contents.

110.    Wymer admits that he sent email messages that include the literal text "[t]his issue gives me ulcers, harms employee moral [sic], and trickles into everything about our brand.  I genuinely believe these people are acting out of malice and ANYTHING we can do to solve it should be explored.  Somewhere, at some point, someone chose to let this slide.  It has grown to a point that is absolutely unacceptable.  It's the 'blind eye toward graffiti that turns into mayhem' syndrome and I'm sick about it.  Whatever. It. Takes."  But Wymer denies Plaintiffs' characterization of those communications and of Wymer's purpose in sending them, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context. Wymer respectfully refers to the referenced communications themselves for their contents.

111.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 111 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 111 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies having any meeting with Baugh where Wymer "was very agitated, pointing his finger at Defendant Baugh as he spoke," "instructed Defendant Baugh to take any actions necessary to neutralize the Steiners and identify FidoMaster, and that it was a 'direct order' from the CEO, Defendant Wenig," "indicated that he did not want to know the details but assured Defendant Baugh that his group would have 'executive level

support' if efforts led to 'any legal problems,'" "informed Defendant Baugh that Defendant Wenig

'wants the website burned to the ground,' and that the 'only thing that matters is that it stops,'"

"stated that, 'If it doesn't stop, we are all done' and that 'eBay Corporate is willing to absorb any

legal exposure,'" or "impl[ied] that Defendant eBay knew about the conspiracy and would pay any

legal costs if they broke the law or violated any eBay employee regulation."

112.    Wymer states that the Court's December 12, 2023 Memorandum and Order

dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 112 that are exclusively related to either of those claims.  Wymer

denies that he "ordered" Baugh to "find and destroy."  Wymer lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 112 and on

that basis denies the allegations.

113.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of

the allegations in paragraph 113 and on that basis denies the allegations.

114.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of

the allegations in paragraph 114 and on that basis denies the allegations.

115.    Wymer states that the Court's December 12, 2023 Memorandum and Order

dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 115 that are exclusively related to either of those claims.  Wymer

denies that he "signed up" "in the Steiner's name" any "emails" that "included subscriptions to

pornography, bondage, cadaver interest, sex toys and anthropornography."  Wymer further denies

that he directed any Defendant to take any actions alleged in paragraph 115.  Wymer lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations in

paragraph 115 and on that basis denies the allegations.

116.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 116 and on that basis denies the allegations.

117.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 117 and on that basis denies the allegations.

118.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 118 and on that basis denies the allegations.

119.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 119 and on that basis denies the allegations.

120.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120 and on that basis denies the allegations.

121.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 121 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 121 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "ordered a 'Preserved Fetal Pig' to the Steiner residence," while "acting in the scope of [his] employment with eBay and PFC."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 121.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 121 and on that basis denies the allegations.

122.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122 and on that basis denies the allegations.

123.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 123 that are exclusively related to either of those claims.  Wymer denies that he "ordered a Halloween mask of a bloody pig face from the movie SAW."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 123.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 123 and on that basis denies the allegations.

124.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 124 and on that basis denies the allegations.

125.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 125 and on that basis denies the allegations.

126.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 126 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 126 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he communicated any "directive" including any directive to intimidate, threaten, torture, terrorize, stalk and silence the Steiners that caused a "natural and foreseeable consequence."  Wymer further denies that "Defendant Baugh was keeping Defendant Wymer updated."  Wymer admits that on or around August 11, 2019 he sent text messages that include the literal text "I want to see ashes. As long as it takes.  Whatever it takes."  But Wymer denies Plaintiffs' characterization of those communications and of Wymer's purpose in sending them, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully

refers to the referenced communications themselves for their contents.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 126 and on that basis denies the allegations.

127.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 127 that are exclusively related to either of those claims.  Wymer denies that he "direct[ed]" Baugh or any other person to "up the ante" or to intimidate, threaten, torture, terrorize, stalk and silence the Steiners and stop their reporting.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 127 and on that basis denies the allegations.

128.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 128 that are exclusively related to either of those claims.  Wymer denies that he "plann[ed]" any "'op' to Boston."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 128.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 128 and on that basis denies the allegations.

129.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 129 that are exclusively related to either of those claims.  Wymer denies that he communicated any "directive" as it relates to this Complaint, including any directive to intimidate, threaten, torture, terrorize, stalk and silence the Steiners and stop their reporting.

Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 129 and on that basis denies the allegations.

130.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 130 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 130 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he, "acting within the scope of [his] employment with eBay and PFC, threatened to kill Ina by sending the book 'Grief Diaries: Surviving Loss of a Spouse' to David Steiner."   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 130.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 130 and on that basis denies the allegations.

131.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 131 and on that basis denies the allegations.

132.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 132 that are exclusively related to either of those claims.   Wymer denies that he "falsely used the Steiners identity to sign them up as potential franchise owners." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 132. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 132 and on that basis denies the allegations.

133.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 133 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 133 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 133.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 133 and on that basis denies the allegations.

134.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 134 and on that basis denies the allegations.

135.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 135 that are exclusively related to either of those claims.  Wymer denies that his conduct was "significantly extreme and outrageous."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 135 and on that basis denies the allegations.

136.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 136 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 136 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a conspiracy "to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that his "acts" were "intentional and malicious."  Wymer further denies that he "intentionally or recklessly engaged in this outrageous conduct and/or aided and

abetted in the conduct by directing the acts with the knowledge that the specific conduct was foreseeable." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 136. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 136 and on that basis denies the allegations.

137.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 137 and on that basis denies the allegations.

138.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 138 and on that basis denies the allegations.

139.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 139 and on that basis denies the allegations.

140.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 140 and on that basis denies the allegations.

141.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 141 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 141 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 141. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 141 and on that basis denies the allegations.

142.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 142 that are exclusively related to either of those claims.  Wymer denies any "conscious knowing and embracing of unlawful behavior" or that he "condoned" "unlawful behavior."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 142 and on that basis denies the allegations.

143.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 143 that are exclusively related to either of those claims.  Wymer denies that he directed any Defendant "to silence the Steiners."  Wymer further denies that he directed "Defendants Baugh, Harville and Zea [to] rent[] two vehicles."  Wymer further denies that he directed "Defendants Baugh, Harville and Zea [to] check[] into the Ritz Carlton in Boston" or that he directed "Defendant Baugh [to] instruct[] Defendant Zea before they left that she had to attend the trip to Natick so they could use a PFC credit card, and that because Defendant Zea was 25, [she] could rent a vehicle."  Wymer further denies that he "sanctioned" any "event[]" as it relates to this Complaint.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 143.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 143 and on that basis denies the allegations.

144.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 144 that are exclusively related to either of those claims.  Wymer denies that he "continued with the online harassment and threats, and continued to send packages to the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 144.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 144 and on that basis denies the allegations.

145.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 145 that are exclusively related to either of those claims.  Wymer denies that he "sent an ominous funeral wreath to the Steiner residence, serving as a threat to kill the Steiners."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 145 and on that basis denies the allegations.

146.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 146 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 146 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "sent pornographic magazines entitled 'Hustler: Barely Legal' to the Steiners' neighbors, with David Steiner's name on the mailing label in an attempt to defame the Steiners within their community."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 146.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 146 and on that basis denies the allegations.

147.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 147 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 147 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to threaten to kill, intimidate, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he directed any Defendant to take any actions

alleged in paragraph 147.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 147 and on that basis denies the allegations.

148.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 148 and on that basis denies the allegations.

149.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 149 that are exclusively related to either of those claims.  Wymer denies that he received any "alert" from "Defendant Popp" regarding "any police detection" on the "NPD dispatch."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 149 and on that basis denies the allegations.

150.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 150 and on that basis denies the allegations.

151.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 151 that are exclusively related to either of those claims.  Wymer denies that he "sanctioned" the alleged "operation" conduct by Harville and others.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 151 and on that basis denies the allegations.

152.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 152 and on that basis denies the allegations.

153.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 153 that are exclusively related to either of those claims.  Wymer

further states that the allegations in paragraph 153 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "attacks on [the Steiners] home [that] were causing severe emotional distress." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 153. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 153 and on that basis denies the allegations.

154.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 154 and on that basis denies the allegations.

155.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 155 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 155 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "predatorily stalk[ed] and surveil[led] the Steiners by driving around the block repeatedly." Wymer further denies that he "parked at the end of the street to watch the Steiner residence" or "followed ['David Steiner'] throughout town."   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 155.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 155 and on that basis denies the allegations.

156.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 156 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 156 contain legal conclusions as to which no

response is required.  To the extent a response is deemed necessary, Wymer denies that he "intended to confine the Steiners or knew that confinement would result."  Wymer further denies that he "caused" any "false imprisonment of the Plaintiffs."  Wymer further denies that he "confined the Steiners to their home without cause or justification," made any "threats to harm, including sending the book on surviving the death of a spouse, the funeral wreath and the SAW mask," "followed ['David Steiner'] throughout Natick," "directly and indirectly caused the Steiners' confinement," "instigated and caused the confinement," or was engaged in any harmful or distressing conduct that was "a proximate cause" of "Plaintiffs suffer[ing] significant trauma, including emotional distress, panic attacks, believing they would be killed and psychological trauma."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 156.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 156 and on that basis denies the allegations.

157.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 157 that are exclusively related to either of those claims.  Wymer denies that he was "informed" by "Defendant Zea" "that the NPD had been alerted."  Wymer further denies that he "immediately left the area."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 157 and on that basis denies the allegations.

158.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 158 and on that basis denies the allegations.

159.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 159 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 159 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten[,] torture and harass and silence the Steiners."  Wymer further denies that he sent any "threatening deliveries" "to the Steiner residence," or that Baugh "directed" him to do so.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 159.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 159 and on that basis denies the allegations.

160.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 160 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 160 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "working in concert" with Defendants "in both California and Massachusetts [to] stalk[] the Plaintiffs."  Wymer further denies that he was engaged in any harmful or distressing "conduct" concerning "threatening Tweets, following and harassing the Steiners, menacing package deliveries, attempting to break into their home to attach a GPS on their car," or "simultaneously continuing to send threatening Twitter messages and packages purchased."  Wymer further denies that he "engaged in a pattern of conduct and intended to follow, alarm, place under surveillance and harass the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 160.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 160 and on that basis denies the allegations.

161.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 161 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 161 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he engaged in any "pattern of conduct" that caused "[t]he Steiners [to] suffer[] substantial emotional distress." Wymer further denies that he engaged in any other "pattern of conduct" as it relates to this Complaint. Wymer further denies that he "knew or should have known" that any harmful or distressing "pattern of conduct would cause any reasonable person to suffer substantial emotional distress." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 161. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 161 and on that basis denies the allegations.

162.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 162 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 162 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he engaged in any "stalking campaign." Wymer further denies that he "acted with malice, oppression and fraud," or "aided and abetted and/or failed to intervene." Wymer further denies that he was "aware" of any harmful or distressing "conduct [that] was causing the Steiners to be in fear for their lives." Wymer further denies that he engaged in any harmful or distressing "conduct" or "pattern of conduct" that "caus[ed] the Steiners to be in fear for their lives" or caused the Steiners to "suffer[] emotionally." Wymer further denies that he "acknowledge[d] that the

Steiners were rattled, were seeing ghosts," sent any "thumbs up emojis," or "laugh[ed] at the Steiners' terror." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 162. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 162 and on that basis denies the allegations.

163.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 163 and on that basis denies the allegations.

164.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 164 and on that basis denies the allegations.

165.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 165 and on that basis denies the allegations.

166.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 166 and on that basis denies the allegations.

167.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 167 that are exclusively related to either of those claims. Wymer denies that he "ordered" "a pizza" to be delivered to the Plaintiffs' residence as described in the Complaint. Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 167. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 167 and on that basis denies the allegations.

168.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 168 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 168 contain one or more legal conclusions as to

which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "threaten[ed] to kill the Steiners and subject[ed] them to around the clock relentless stalking, harassment and psychological attacks."  Wymer further denies that he "knew or should have known" about any harmful or distressing conduct that "would cause [the Steiners] to fear for their lives."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 168 and on that basis denies the allegations.

169.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 169 and on that basis denies the allegations.

170.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 170 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 170 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 170.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 170 and on that basis denies the allegations.

171.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 171 and on that basis denies the allegations.

172.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 172 that are exclusively related to either of those claims.  Wymer denies that he "began following David Steiner" and was "forced to abort [his] plan when [he]

realized David Steiner had photographed [his] vehicle." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 172. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 172 and on that basis denies the allegations.

173.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 173 and on that basis denies the allegations.

174.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 174 that are exclusively related to either of those claims. Wymer denies that he "monitor[ed] the NPD scanner." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 174 and on that basis denies the allegations.

175.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 175 and on that basis denies the allegations.

176.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 176 and on that basis denies the allegations.

177.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 177 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 177 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he, "acting within the scope of [his] employment with eBay and PFC, caused a classified advertisement for a house party to be posted on Craigslist" "with the Steiner's home address

provided as the location." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 177. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 177 and on that basis denies the allegations.

178. Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 178 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 178 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he "caused defamation" or "made" any "statements intentionally and with reckless disregard for the truth" related to the Complaint. Wymer further denies that he, "acting within the scope of [his] employment with eBay and PFC," "posted" a "Craigslist advertisement" "falsely claiming to be the Steiners identified as a married couple seeking a sexual partner or partners and providing the Steiners' home address." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 178. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 178 and on that basis denies the allegations.

179. Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 179 that are exclusively related to either of those claims. Wymer denies that he placed any advertisement related to Plaintiffs or used the Plaintiffs' home address. Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 179. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 179 and on that basis denies the allegations.

180.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 180 that are exclusively related to either of those claims.   Wymer denies that he received any "clip" from Baugh "with a link to the 2003 movie *Old School* in which the character arrives at home unannounced, stating: 'I'm here for the gang bang,' and commenting, 'this has been the Steiners' house for the past five nights.'"   Wymer further denies that he "committ[ed]" any "crimes" related to the Complaint or gained any "cruel pleasure in joking about the crimes" related to the Complaint.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 180.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 180 and on that basis denies the allegations.

181.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 181 and on that basis denies the allegations.

182.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 182 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 182 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he, "acting within the scope of [his] employment with eBay and PFC," "posted another online advertisement" "for an 'Everything must go!' estate sale, again listing the Steiner's home address as the location."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 182.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 182 and on that basis denies the allegations.

183.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 183 that are exclusively related to either of those claims.  Wymer denies that he placed any advertisement related to Plaintiffs or used the Plaintiffs' home address. Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 183. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 183 and on that basis denies the allegations.

184.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 184 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 184 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that any "terror[]" was "reasonably foreseeable" to Wymer or that it was his "intent" to "terrorize the Steiners."  Wymer further denies that he "knew or should have known" about any harmful or distressing conduct that "would terrorize the Steiners."  Wymer further denies that he "solicit[ed] random strangers to the Steiners' home at all hours" or "threaten[ed] to kill [the Steiners]."  Wymer further denies that he "post[ed] advertisements listing the Steiners' address on Craigslist and the other websites."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 184 and on that basis denies the allegations.

185.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 185 and on that basis denies the allegations.

186.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 186 and on that basis denies the allegations.

187.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 187 that are exclusively related to either of those claims.  Wymer denies that he "doxed the Steiners."  Wymer further denies that he "sent a private message to Ina Steiner asking, 'U get my gifts cunt???'"  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 187.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 187 and on that basis denies the allegations.

188.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 188 and on that basis denies the allegations.

189.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 189 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 189 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he, "acting within the scope of [his] employment with Defendant eBay and Defendant PFC," "surveill[ed] and stalk[ed]" the Steiners.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 189.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 189 and on that basis denies the allegations.

190.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 190 and on that basis denies the allegations.

191.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 191 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 191 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he, "acting within the scope of [his] employment with Defendant eBay and Defendant PFC," "sent a third neighbor of the Steiners a pornographic magazine."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 191.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 191 and on that basis denies the allegations.

192.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 192 that are exclusively related to either of those claims.  Wymer denies that he "act[ed]" in any way that caused "the Steiners" "fear" related to the Complaint. Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 192. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 192 and on that basis denies the allegations.

193.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 193 that are exclusively related to either of those claims.  Wymer denies that he sent or was otherwise involved with any "threatening and intimidating deliveries" or any other effort to "silence the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 193.  Wymer lacks sufficient knowledge or information

to form a belief as to the truth of the remaining allegations in paragraph 193 and on that basis denies the allegations.

194.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 194 and on that basis denies the allegations.

195.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 195 and on that basis denies the allegations.

196.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 196 and on that basis denies the allegations.

197.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 197 and on that basis denies the allegations.

198.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 198 and on that basis denies the allegations.

199.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 199 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 199 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 199 and on that basis denies the allegations.

200.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 200 and on that basis denies the allegations.

201.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 201 and on that basis denies the allegations.

202.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 202 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 202 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."   Wymer further denies that he "emboldened" any Defendant or "sanctioned" any harmful or distressing conduct as it relates to this Complaint.   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 202.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 202 and on that basis denies the allegations.

203.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 203 that are exclusively related to either of those claims.   Wymer denies that he "work[ed] in concert" with "Defendants Wenig . . . Jones, Baugh, Harville, Gilbert, Cooke, Popp, Stockwell and Zea" as described in the Complaint.   Wymer further denies that his "intent" was to "cause the Steiners to become paralyzed with fear" or that he "knew or should have known that [his] actions would cause" such fear.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 203 and on that basis denies the allegations.

204.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 204 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 204 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy." Wymer further denies that he "barraged the Steiners with unrelenting, around-the-clock threatening Twitter messages, emails, and deliveries." Wymer further denies that he "knew or should have known" about any harmful or distressing conduct that "would terrorize and frighten the Steiners." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 204. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 204 and on that basis denies the allegations.

205. Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 205 that are exclusively related to either of those claims. Wymer denies that he "strategically selected a book on spousal death, together with the funeral wreath, and the SAW pig mask so that the Steiners would truly believe that the stalkers were going to kill them, and to make them feel as though their lives were in imminent danger." Wymer further denies that he communicated any "directives" as they relate to this Complaint. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 205 and on that basis denies the allegations.

206. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 206 and on that basis denies the allegations.

207. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 207 and on that basis denies the allegations.

208.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 208 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 208 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he was involved in or "ordered" any "conspiracy."   Wymer further denies that that he "knew or should have known" about any harmful or distressing conduct that would "cause the Steiners to be on high alert."   Wymer further denies that he communicated any "direction" as it relates to this Complaint or engaged in a "campaign of terror and threats to kill."   Wymer further denies that he was "either reckless or willfully blind to the specific acts."   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 208 and on that basis denies the allegations.

209.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 209 and on that basis denies the allegations.

210.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 210 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 210 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."   Wymer further denies communicating any "direction" as it relates to this Complaint.   Wymer further denies that it was his "intent" to "terrorize[]" "[t]he Steiners," and further denies that he knew of others' reliance on their "background and training to formulate a psychological torture campaign."   Wymer lacks sufficient knowledge or information

to form a belief as to the truth of the remaining allegations in paragraph 210 and on that basis denies the allegations.

211.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 211 that are exclusively related to either of those claims.   Wymer denies that he communicated any "directives" or engaged in any harmful or distressing "conduct" that he "knew or should have known" "would cause the permanent psychological trauma and damage to the Steiners."   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 211 and on that basis denies the allegations.

212.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 212 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 212 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."   Wymer further denies that he "created" any "defamatory, false document" as it relates to the Complaint.   Wymer further denies that he "attempted to use the Steiners' status as purported 'Persons of Interest' to justify and provide cover for eBay's presence in Boston, to falsely claim they were there to investigate the Steiners and their false threats against eBay and members of its executive leadership, and to undermine the Steiner's credibility with law enforcement in an attempt to make the Steiners appear crazy thus defaming their reputations and the reporting of EcommerceBytes and damage their credibility."   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 212.   Wymer lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 212 and on that basis denies the allegations.

213.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 213 that are exclusively related to either of those claims.  Wymer denies that he "dubb[ed] the Steiners as 'Persons of Interest.'"  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 213 and on that basis denies the allegations.

214.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 214 that are exclusively related to either of those claims.  Wymer denies that he "knew or should have known that corporate resources were being used for illicit undertakings and sanctioned the behavior."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 214 and on that basis denies the allegations.

215.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 215 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 215 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "actively directing the unlawful behavior, or [was] reckless or willfully blind."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 215 and on that basis denies the allegations.

216.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 216 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 216 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aided and abetted and/or failed to intervene to stop the harassment, torture, intentional and negligent infliction of emotional distress, stalking, defamation, trespass, threats and damage to the EcommerceBytes business."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 216.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 216 and on that basis denies the allegations.

217.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 217 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 217 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "knew or should have known of the plan and its purpose and either took affirmative steps, [was] willfully blind, or encouraged the achievement of the harassment, torture, intentional and negligent infliction of emotional distress, stalking, defamation, trespass, threats and damage to the EcommerceBytes business."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 217 and on that basis denies the allegations.

**The Investigation and Cover Up**

218.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 218 and on that basis denies the allegations.

219.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 219 that are exclusively related to either of those claims.  Although Wymer denies that he had any knowledge of the events in Natick, Wymer admits that he called Baugh on or around August 20, 2019.

220.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 220 that are exclusively related to either of those claims.  Wymer denies that he "indicated that he and Defendant Jones were aware of the NPD criminal investigation because they saw an email from Natick PD to eBay legal."  Wymer further denies that he "equated [any 'harassment'] to 'TPing' a house," "reasoned that the harassment" "is not a crime," "seemed nervous," or "lied multiple times, claiming that he did not know anything about what was going on but that he would not say anything to legal during the internal investigation." Wymer otherwise admits that he called Baugh on or around August 20, 2019.

221.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 221 that are exclusively related to either of those claims.  Wymer does not recall using the phrase "Stick to your guns" and denies that any use of that phrase was communicated with any criminal or tortious intent.  Wymer denies that he "inquired as to how long it would be before legal started reading his emails and texts" or that he "told Defendant Baugh that they 'just needed to get rid of the Hardy Boys,' referring to eBay legal."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 221 and on that basis denies the allegations.

222.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 222 that are exclusively related to either of those claims.   Wymer denies that he deleted all texts with Wenig.   Wymer admits that text messages with Baugh were among a variety of deleted texts on his phone but denies that he did so with any intent to destroy evidence.   Wymer does not have an independent recollection as to whether or not he deleted the call from his "call log history."   Wymer otherwise denies the allegations in paragraph 222.

223.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 223 and on that basis denies the allegations.

224.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 224 that are exclusively related to either of those claims.   Wymer denies communicating any "directive" including "burn her down" as it relates to this Complaint. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 224 and on that basis denies the allegations.

225.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 225 that are exclusively related to either of those claims.   Wymer denies communicating any "directives" as they relate to this Complaint.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 225 and on that basis denies the allegations.

226.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 226 that are exclusively related to either of those claims. Wymer denies that he "knew or should have known" of any "actions [that] would cause the Steiners emotional and psychological harm." Wymer further denies that he "callously acknowledged through texts" any "emotional and psychological harm" as it relates to the Complaint. Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 226. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 226 and on that basis denies the allegations.

227.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 227 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 227 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners" or acted with "depravity, actual malice and reckless disregard." Wymer further denies that he "ordered" any "terror" as it relates to the Complaint or that any "terror" was "forseeable [sic] to" him. Wymer further denies that "[his] conduct was intended to cause injury," was "despicable," was taken "with a willful and conscious disregard for the rights and safety of Ina and David Steiner," or "subjected the Steiners to cruel and unjust hardship in conscious disregard for the Steiner's rights." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 227 and on that basis denies the allegations.

228.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 228 that are exclusively related to either of those claims. Wymer

further states that the allegations in paragraph 228 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he "knew or should have known" of any "plan" that "would cause great harm."  Wymer further denies that any "emotional, physical [or] economic harm" was "reasonably foreseeable" to him.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 228.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 228 and on that basis denies the allegations.

229.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 229 that are exclusively related to either of those claims.  Wymer denies that he communicated any "directions" as they relate to the Complaint.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 229 and on that basis denies the allegations.

230.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 230 that are exclusively related to either of those claims.  Wymer denies that he communicated any "directive" as it relates to the Complaint or "engage[d] in whatever means necessary to carry out Defendant eBay's goal of intimidating, threatening, torturing, terrorizing, stalking and silencing the Steiners."  Wymer admits that he sent a text message that includes the literal text "[w]hatever it takes."  But Wymer denies Plaintiffs' characterization of the communication and of Wymer's purpose in sending it, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.

Wymer respectfully refers to the referenced communication itself for its contents.  Wymer admits that he was formerly the Senior Vice President and Chief Communications Officer of eBay and that Wenig was formerly the Chief Executive Officer of eBay.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 230 and on that basis denies the allegations.

231.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 231 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 231 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "negligent hiring practices."  Wymer further denies that he was involved in any "conspiracy" or "sought out employees with the unique experience and skills necessary to engage in the type of behavior used during the course of the conspiracy."  Wymer further denies that he "used [his or Defendant eBay's] vast resources to form an internal army with the idiosyncratic proficiency needed to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he "knew or should have known" of any harmful or distressing conduct that "would result in emotional, physical and economic damage to the Steiners."  Wymer further denies that he communicated any "directive" as it relates to the Complaint or directed any Defendant to take any actions alleged in paragraph 231.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 231 and on that basis denies the allegations.

232.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 232 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 232 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "acting within the scope of his . . . employment during [any] conspiracy."  Wymer further denies that he was involved in any "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners" or "acted in concert with" anyone as it relates to the Complaint.  Wymer further denies that he "knew or should have known subordinates were engaging in the vast conspiracy, using eBay resources and time" and was "either reckless or willfully blind."  Wymer further denies that he communicated any "directive," "direction," or "commands" or engaged in any harmful or distressing "conduct" as it relates to the Complaint or directed any Defendant to take any actions alleged in paragraph 232.  Wymer admits that he was formerly the Senior Vice President and Chief Communications Officer of eBay and that Devin Wenig was formerly the Chief Executive Officer of eBay.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 232 and on that basis denies the allegations.

233.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 233 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 233 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in

paragraph 233.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 233 and on that basis denies the allegations.

234.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 234 and on that basis denies the allegations.

235.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 235 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 235 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 235.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 235 and on that basis denies the allegations.

236.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 236 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 236 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he received a "suggest[ion]" that he "should blame the Steiners for the acts of the conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 236.  Wymer lacks sufficient knowledge or information to

form a belief as to the truth of the allegations in paragraph 236 and on that basis denies the allegations.

237.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 237 and on that basis denies the allegations.

238.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 238 and on that basis denies the allegations.

239.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 239 and on that basis denies the allegations.

240.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 240 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 240 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "conspire[d] with his co-Defendants to attach the GPS device to the Steiners car."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 240.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 240 and on that basis denies the allegations.

241.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 241 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 241 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "informed" "via WhatsApp within eight minutes of [the NPD officers'] arrival."  Wymer

further denies that he "began planning a coverup, to protect Defendants eBay, Wenig, [himself] and Jones, and obstruct the criminal investigation." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 241. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 241 and on that basis denies the allegations.

242.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 242 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 242 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy." Wymer further denies that he "discussed a meeting Defendant Gilbert would have with NPD the next day, in an effort to divert attention from the conspiracy." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 242. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 242 and on that basis denies the allegations.

243.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 243 and on that basis denies the allegations.

244.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 244 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 244 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies "defam[ing] the Steiners by creat[ing] a false Person of Interest file on them, and 'making them

look like the problem' to the Natick Police Department."  Wymer further denies that he made "false statements intentionally and with reckless disregard for the truth."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 244.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 244 and on that basis denies the allegations.

245.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 245 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 245 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 245.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 245 and on that basis denies the allegations.

246.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 246 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 246 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 246.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 246 and on that basis denies the allegations.

247.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 247 and on that basis denies the allegations.

248.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 248 and on that basis denies the allegations.

249.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 249 and on that basis denies the allegations.

250.    Wymer admits that eBay's website includes the literal text "we are committed to keeping eBay a safe place to shop and will always assist in a criminal investigation . . . ."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 250 and on that basis denies the allegations.

251.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 251 and on that basis denies the allegations.

252.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 252 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 252 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 252.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 252 and on that basis denies the allegations.

253.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 253 and on that basis denies the allegations.

254.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 254 that are exclusively related to either of those claims.   Wymer denies that he received any "update[s]" "via WhatsApp" from "Defendant Gilbert."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 254 and on that basis denies the allegations.

255.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 255 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 255 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 255.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 255 and on that basis denies the allegations.

256.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 256 and on that basis denies the allegations.

257.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 257 and on that basis denies the allegations.

258.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 258 and on that basis denies the allegations.

259.    Wymer admits that he sent a text message with the literal text "I'll embrace managing any bad fallout."  But Wymer denies Plaintiffs' characterization of the communication

and of Wymer's purpose in sending it, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context. Wymer respectfully refers to the referenced communication itself for its contents. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 259 and on that basis denies the allegations.

260.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 260 and on that basis denies the allegations.

261.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 261 that are exclusively related to either of those claims. Wymer states that the allegations in paragraph 261 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 261 and on that basis denies the allegations.

262.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 262 that are exclusively related to either of those claims. Wymer denies that he "made the false statements on Twitter claiming that Plaintiff Ina Steiner was destroying small and family businesses through her biased and negative reporting on eBay." Wymer further denies that he "knew that these statements were false, and that making such a statement would defame Ina Steiner and EcommerceBytes" and that he "made these statements intentionally and with reckless disregard for the truth." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 262. Wymer lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 262 and on that basis denies the allegations.

263.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 263 and on that basis denies the allegations.

264.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 264 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 264 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in or directed any "conspiracy."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 264 and on that basis denies the allegations.

265.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 265 that are exclusively related to either of those claims.  Wymer denies that "Defendant Gilbert informed [him]" that Gilbert had "'made phone contact'" with the Steiners and further denies that Gilbert told Wymer anything about that alleged phone contact. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 265 and on that basis denies the allegations.

266.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 266 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 266 contain one or more legal conclusions as to

which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he was "updated on the progress of the conspiracy" by Baugh.  Wymer admits that he received text messages that include the literal text  "[w]e will continue to cooperate, but not sure how much longer we can keep this up.  If there is any way to get some top cover that would be great.  If not, I just wanted you to have a heads up because they are aware that multiple members of the ELT are not a fan of that website to include [Defendant Wenig] and his wife.  Again, no crime was committed and local police don't have a case.  I don't want our legal team to give them one.  Let me know if you want to discuss this weekend."  But Wymer denies Plaintiffs' characterization of those communications, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communications themselves for their contents.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 266.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 266 and on that basis denies the allegations.

267.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 267 and on that basis denies the allegations.

268.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 268 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 268 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to

take any actions alleged in paragraph 268.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 268 and on that basis denies the allegations.

269.     Wymer admits that he received a text from Baugh on or around August 24, 2019 that includes the literal word "[o]p" and that Wymer deleted the text message. But Wymer denies that his purpose in deleting the text was to conceal it from criminal investigators.  Wymer further denies that the contents of this text message have not been revealed, particularly as Plaintiffs themselves have quoted language from the text and referenced its contents in multiple pleadings filed in this lawsuit, including the Complaint.  Wymer admits that he participated in a phone call with Baugh on or around August 24, 2019 but does not have an independent recollection as to whether or not he deleted the call from his "call log history."  Wymer otherwise denies the allegations in paragraph 269.

270.     Wymer admits that he understood Wenig to be on sabbatical during a period in 2019.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 270 and on that basis denies the allegations.

271.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 271 and on that basis denies the allegations.

272.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 272 that are exclusively related to either of those claims.  Wymer denies that he communicated any "objectives" as they relate to the Complaint.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 272 and on that basis denies the allegations.

273.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 273 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 273 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 273.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 273 and on that basis denies the allegations.

274.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 274 and on that basis denies the allegations.

275.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 275 and on that basis denies the allegations.

276.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 276 and on that basis denies the allegations.

277.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 277 that are exclusively related to either of those claims.  Wymer denies that he took any action to "maintain a consistent story" with Baugh, Harville, Gilbert, Cooke, Popp, Stockwell, and Zea and further denies that he "obstruct[ed] the criminal investigation."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 277.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 277 and on that basis denies the allegations.

278.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 278 and on that basis denies the allegations.

279.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 279 and on that basis denies the allegations.

280.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 280 that are exclusively related to either of those claims.  Wymer denies that he was informed that "eBay was 'interviewing' them to check off boxes" and that he provided any "direction" or promised any "cover" to Baugh.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 280.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 280 and on that basis denies the allegations.

281.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 281 and on that basis denies the allegations.

282.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 282 and on that basis denies the allegations.

283.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 283 and on that basis denies the allegations.

284.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 284 and on that basis denies the allegations.

285.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 285 that are exclusively related to either of those claims.  Wymer

further states that the allegations in paragraph 285 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 285.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 285 and on that basis denies the allegations.

286.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 286 and on that basis denies the allegations.

287.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 287 and on that basis denies the allegations.

288.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 288 and on that basis denies the allegations.

289.    Wymer admits that eBay terminated his employment but denies the remaining allegations in paragraph 289.

290.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 290 that are exclusively related to either of those claims.  Wymer admits that eBay conducted an investigation.  Wymer denies that he had any "involvement" as it relates to the Complaint.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 290 and on that basis denies the allegations.

291.    Wymer admits that eBay conducted an internal investigation and that Morgan Lewis was involved in the investigation.  Wymer lacks sufficient knowledge or information to

form a belief as to the truth of the remaining allegations in paragraph 291 and on that basis denies the allegations.

292.    Wymer admits that Morgan Lewis was involved in the USAO investigation. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 292 and on that basis denies the allegations.

293.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 293 and on that basis denies the allegations.

294.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 294 and on that basis denies the allegations.

295.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 295 and on that basis denies the allegations.

296.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 296 and on that basis denies the allegations.

**eBay's Hiring Practices, Lack of Supervision & Culture**

297.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 297 and on that basis denies the allegations.

298.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 298 and on that basis denies the allegations.

299.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 299 and on that basis denies the allegations.

300.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 300 and on that basis denies the allegations.

301.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 301 and on that basis denies the allegations.

302.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 302 and on that basis denies the allegations.

303.     Wymer denies that he was "well aware of Defendant Baugh's background when [Baugh] was hired and promoted and given bonuses" and further denies that he "expected [Baugh] would use strategies and tactics [Baugh] learned in service of the U.S. government to address EcommerceBytes and the Steiners."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 303 and on that basis denies the allegations.

304.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 304 and on that basis denies the allegations.

305.     Wymer denies that he hired Baugh or "enlist[ed] him as eBay's Senior Director of Safety and Security."   Wymer further denies that he was "aware of Defendant Baugh's background" or "expected [Baugh] would use the same strategies and tactics he used when working on behalf of the U.S. government, and cause his subordinates to engage in the same tactics, in order to address the Steiners and their trade publication."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 305 and on that basis denies the allegations.

306.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 306 and on that basis denies the allegations.

307.     Wymer denies that he "hired Defendant Baugh" or that he did so "precisely because of [Baugh's] prior experience as a government security professional with a demonstrated ability to solve difficult problems through unconventional means."   Wymer further denies that his "purpose in hiring and promoting someone like Defendant Baugh was to use him as a tool to use

to carry out the company's objectives, while attempting to shield and insulate C-Suites executives from liability." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 307 and on that basis denies the allegations.

308.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 308 that are exclusively related to either of those claims. Wymer denies that he "turned to Defendant Baugh," "gave him marching orders to solve the problem using less conventional means," or communicated any "direct[ive]" to "Defendant Baugh" as it relates to the Complaint. Wymer admits that he sent a text message that includes the literal text "[w]hatever it takes." But Wymer denies Plaintiffs' characterization of that communication and of Wymer's purpose in sending it, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context. Wymer respectfully refers to the referenced communication itself for its contents. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 308 and on that basis denies the allegations.

309.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 309 that are exclusively related to either of those claims. Wymer denies that he "used Defendant Baugh and his security team" or that he wanted or expected Defendant Baugh and his security team to surveil, trespass, threaten, or engage in any other illegal or harmful activity. Wymer further denies that he "explicitly indicat[ed] 'ordinary' means were not sufficient" or that he "was specifically calling upon Defendant Baugh because of his background and experience, and the approach he would use . . . ." Wymer further denies that he

directed any Defendant to take any actions alleged in paragraph 309.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 309 and on that basis denies the allegations.

310.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 310 that are exclusively related to either of those claims.  Wymer admits that his office was adjacent to Wenig's office.  Wymer further admits that there were several unassigned workstations outside of Wenig's office that Baugh and others occasionally used but denies that this was Baugh's regular or primary workspace.  Wymer admits that Jones' office was next to his office.  Wymer otherwise denies the allegations in paragraph 310.

311.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 311 and on that basis denies the allegations.

312.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 312 that are exclusively related to either of those claims.  To the extent the allegations purport to quote and/or characterize statements contained in a March 16, 2021 "eBay Presentation on 'Federal Corporate Principles' to the Office of the U.S. Attorney for Massachusetts Concerning the August 2019 Crimes Committed by Former eBay Employees Against the Natick Couple," the document speaks for itself.  Wymer denies Plaintiffs' characterization of those statements, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced statements themselves for their contents.  Wymer denies that he "was unfit for the position of eBay's Senior Vice President and Chief Communications Officer."  Wymer further denies that

"Defendant eBay's placement of Defendant Wymer in this position created an unreasonable risk of harm to third parties, including the Steiners."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 312 and on that basis denies the allegations.

313.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 313 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 313 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "was the proximate cause of the" "Steiners and Steiner Associates, LLC's injuries."  Wymer further denies that as Senior Vice President and Chief Communications Officer of eBay he failed to pursue appropriate means to address concerns about the accuracy or fairness of reporting about eBay.  Wymer admits that he sent a text message that includes the literal text "[s]he is biased troll who needs to get BURNED DOWN."  But Wymer denies Plaintiffs' characterization of the communication and of Wymer's purpose in sending it, particularly as Plaintiffs' selective quotation omits other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced communication itself for its contents.  Wymer further denies that he communicated any "directive" or "instruct[ion]" to Baugh as it relates to the Complaint.  Wymer further denies that he was "unfit[]" to have been hired by eBay.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 313 and on that basis denies the allegations.

314.    Wymer denies that he "knew or should have known" that "there was a high turnover rate for employees" "due to the culture."  Wymer lacks sufficient knowledge or information to

form a belief as to the truth of the remaining allegations in paragraph 314 and on that basis denies the allegations.

315.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 315 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 315 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "failed to properly supervise."  Wymer further denies that he was aware of Baugh or his supervisors conducting live shooter drills.  Wymer further denies that "it was impossible for [him] not to be aware of Defendant Baugh's actions."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 315 and on that basis denies the allegations.

316.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 316 and on that basis denies the allegations.

317.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 317 and on that basis denies the allegations.

318.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 318 that are exclusively related to either of those claims.  Wymer denies that Baugh "g[o]t within [his] head."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 318 and on that basis denies the allegations.

319.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 319 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 319 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 319.  Wymer further denies that Baugh's "behavior was well known and could have easily been corrected or prevented by" Wymer.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 319 and on that basis denies the allegations.

320.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 320 and on that basis denies the allegations.

321.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 321 and on that basis denies the allegations.

322.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 322 and on that basis denies the allegations.

323.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 323 and on that basis denies the allegations.

324.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 324 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 324 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that

he "fail[ed] to supervise Defendant Baugh."  Wymer further denies that any of his conduct "was the proximate cause of the Steiners' injuries, and led to the criminal acts against the Steiners and EcommerceBytes."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 324.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 324 and on that basis denies the allegations.

325.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 325 and on that basis denies the allegations.

326.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 326 and on that basis denies the allegations.

327.    Wymer admits that in a preserved historic home in the middle of campus a portion of the ground floor served as an employee cafe that was a replica of a New York City bar called Walker's.  Wymer further admits that beer and wine were occasionally brought into that cafe for employee, afternoon gatherings.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 327 and on that basis denies the allegations.

328.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 328 and on that basis denies the allegations.

329.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 329 and on that basis denies the allegations.

330.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 330 and on that basis denies the allegations.

331.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 331 and on that basis denies the allegations.

332.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 332 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 332 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "directed the acts that resulted in the stalking, harassment, threats and torture of the Steiners." Wymer further denies that he had a "propensity to engage in tortious conduct."  Wymer further denies that he "became obsessed with Ina and David Steiner and EcommerceBytes," "directed other eBay employees and contractors to monitor EcommerceBytes on an hourly basis," or "us[ed] unconventional means [to] engage in criminal activity."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 332 and on that basis denies the allegations.

333.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 333 and on that basis denies the allegations.

334.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 334 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 334 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he "harassed, stalked, threatened and tortured" the Steiners.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 334.  Wymer lacks sufficient knowledge or information to form a

belief as to the truth of the remaining allegations in paragraph 334 and on that basis denies the allegations.

335.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 335 that are exclusively related to either of those claims.  Wymer denies that he "was immediately aware of the Reddit thread and that it was a topic of concern." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 335 and on that basis denies the allegations.

336.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 336 and on that basis denies the allegations.

337.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 337 and on that basis denies the allegations.

338.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 338 that are exclusively related to either of those claims.  Wymer denies that he engaged in any "acts and omissions" related to the Complaint.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 338.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 338 and on that basis denies the allegations.

**The Relationship Between eBay and PFC**

339.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 339 and on that basis denies the allegations.

340.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 340 and on that basis denies the allegations.

341.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 341 and on that basis denies the allegations.

342.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 342 and on that basis denies the allegations.

343.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 343 and on that basis denies the allegations.

344.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 344 and on that basis denies the allegations.

345.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 345 and on that basis denies the allegations.

346.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 346 and on that basis denies the allegations.

347.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 347 and on that basis denies the allegations.

348.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 348 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 348 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 348.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 348 and on that basis denies the allegations.

349.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 349 and on that basis denies the allegations.

350.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 350 and on that basis denies the allegations.

351.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 351 and on that basis denies the allegations.

352.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 352 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 352 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 352.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 352 and on that basis denies the allegations.

353.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 353 and on that basis denies the allegations.

354.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 354 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 354 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy" "to harass, stalk, threaten and torture the Steiners, and interfere

with their reporting." Wymer further denies that he "use[d] Defendant Zea's credit card to fund the conspiracy." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 354. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 354 and on that basis denies the allegations.

355. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 355 and on that basis denies the allegations.

356. Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 356 that are exclusively related to either of those claims. Wymer further states that the allegations in paragraph 356 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to stalk, harass, threaten and torture the Steiners." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 356. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 356 and on that basis denies the allegations.

357. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 357 and on that basis denies the allegations.

358. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 358 and on that basis denies the allegations.

359. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 359 and on that basis denies the allegations.

360. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 360 and on that basis denies the allegations.

361.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 361 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 361 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 361.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 361 and on that basis denies the allegations.

**The Criminal Cases and the Defendants' Admissions**

362.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 362 and on that basis denies the allegations.

363.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 363 and on that basis denies the allegations.

364.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 364 and on that basis denies the allegations.

365.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 365 and on that basis denies the allegations.

366.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 366 and on that basis denies the allegations.

367.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 367 and on that basis denies the allegations.

368.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 368 and on that basis denies the allegations.

369.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 369 and on that basis denies the allegations.

370.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 370 and on that basis denies the allegations.

371.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 371 that are exclusively related to either of those claims.  To the extent the allegations purport to quote and/or characterize statements contained in a March 16, 2021 "eBay Presentation on 'Federal Corporate Principles' to the Office of the U.S. Attorney for Massachusetts Concerning the August 2019 Crimes Committed by Former eBay Employees Against the Natick Couple," the document speaks for itself.   Wymer denies Plaintiffs' characterization of those statements, particularly as Plaintiffs' selective quotations omit other relevant communications and relevant factual context.  Wymer respectfully refers to the referenced statements themselves for their contents.  Wymer denies that he "set an 'improper tone' that was critical of the Steiners and EcommerceBytes and that [his] tone 'contributed significantly to the crimes in Natick.'"  Defendants eBay, Wenig, Wymer, and Jones were never charged criminally, and Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 371 and on that basis denies the allegations.

372.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 372 that are exclusively related to either of those claims.   Wymer denies that he "deleted all texts with Defendants Wenig and Baugh relating to the Steiners, EcommerceBytes and/or the Natick events."  Wymer admits that he deleted certain text messages

but denies that he did so with the intent to obstruct justice. Wymer was appropriately never charged criminally, and he lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 372 and on that basis denies the allegations.

373.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 373 and on that basis denies the allegations.

**<u>The Steiners have been gravely and irreparably injured – mentally, emotionally, physically and financially</u>**

374.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 374 and on that basis denies the allegations.

375.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 375 and on that basis denies the allegations.

376.    Wymer admits that the EcommerceBytes website identifies Ina Steiner as a co-founder and author for the website.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 376 and on that basis denies the allegations.

377.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 377 and on that basis denies the allegations.

378.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 378 and on that basis denies the allegations.

379.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 379 that are exclusively related to either of those claims.  Wymer denies that he "knew or should have known that the commercial value of EcommerceBytes' name, image and identity would be substantially diminished and tainted by [his] actions."  Wymer further

denies that he directed any Defendant to take any actions alleged in paragraph 379.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 379 and on that basis denies the allegations.

380.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 380 that are exclusively related to either of those claims.  Wymer denies that he engaged in any harmful or distressing "conduct" that "manifested a depraved disregard for the Steiners' autonomy, sense of safety, psychological well-being and their good name."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 380.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 380 and on that basis denies the allegations.

381.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 381 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 381 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in a "conspiracy to intimidate, threaten, torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he engaged in any harmful or distressing "conduct" that "severely impacted" "EcommerceBytes."  Wymer further denies that he engaged in any harmful or distressing "conduct" that he "knew or should have known" "would stifle reporting, and would cause would-be sources not to want to work with the Steiners for fear that they could also be terrorized by eBay."  Wymer denies that EcommerceBytes becoming "unable to fully provide new material and content for its readership and subscribers" was "reasonably foreseeable" to him.

Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 381. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 381 and on that basis denies the allegations.

382.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 382 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 382 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "actions or omissions" that "were intentional and/or wanton and/or willful and/or reckless and/or callous and/or malicious and/or deliberately indifferent to Ina and David Steiner's rights."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 382.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 382 and on that basis denies the allegations.

383.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 383 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 383 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "tortious wrongful and Constitutionally volatile conduct."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 383.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 383 and on that basis denies the allegations.

384.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 384 and on that basis denies the allegations.

385.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 385 and on that basis denies the allegations.

386.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 386 that are exclusively related to either of those claims.  Wymer denies that he engaged in any "actions" that "have caused irreparable damage to [the 'Steiners'] name and reputation, which will have lingering effects for years to come."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 386.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 386 and on that basis denies the allegations.

387.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 387 and on that basis denies the allegations.

388.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 388 and on that basis denies the allegations.

389.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 389 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 389 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "intended or [was] negligent in causing Plaintiffs to suffer emotional distress by engaging in the above acts."  Wymer further denies that he engaged in any "actions" that he "knew or should

have known" "would cause a reasonable person emotional distress."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 389.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 389 and on that basis denies the allegations.

390.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 390 and on that basis denies the allegations.

391.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 391 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 391 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies any of his "actions were the proximate cause of the Steiners' injuries."  Wymer further denies that his "actions" "cause[d]" "the Steiners to relive the torture and psychological turmoil."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 391.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 391 and on that basis denies the allegations.

392.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 392 and on that basis denies the allegations.

393.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 393 and on that basis denies the allegations.

394.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 394 and on that basis denies the allegations.

395.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 395 and on that basis denies the allegations.

396.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 396 and on that basis denies the allegations.

397.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 397 and on that basis denies the allegations.

398.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 398 and on that basis denies the allegations.

399.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 399 and on that basis denies the allegations.

400.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 400 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 400 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he "intended to cause Plaintiffs Ina and David Steiner and EcommerceBytes' reputational harm" or that any of his conduct was "a direct and proximate cause of the" "Plaintiffs[']" "emotional and mental anguish."   Wymer further denies that he communicated any "false statements about ['Ina and David Steiner, and Steiner Associates, LLC'] to third-parties."   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 400.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 400 and on that basis denies the allegations.

401.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 401 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 401 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he "trespass[ed] onto the Plaintiffs' property."   Wymer further denies that he caused any "harm, including damage to property and emotional distress."   Wymer further denies that any "harm" to Plaintiffs was "a direct and proximate result of" any of his conduct.   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 401.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 401 and on that basis denies the allegations.

402.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 402 that are exclusively related to either of those claims.   Wymer further states that the allegations in paragraph 402 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he "violated the Steiners' civil rights."   Wymer further denies that he was involved in any "campaign to stalk, harass, threaten and torture the Steiners."   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 402.   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 402 and on that basis denies the allegations.

403.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to

the allegations in paragraph 403 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 403 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "attempted to interfere with the Steiners and Steiner Associates, LLC's exercise and enjoyment of their First Amendment and Article 16 (as amended by Article 77) rights to free speech and liberty of the press, rights secured by both the United States Constitution and the Massachusetts Declaration of Rights."  Wymer further denies that he engaged in any "threats, intimidation and coercion."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 403.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 403 and on that basis denies the allegations.

404.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 404 that are exclusively related to either of those claims.  Wymer further states that the allegations in paragraph 404 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "violat[ed] . . . the Steiners' civil rights."  Wymer further denies that any of his conduct was the "direct and proximate cause" of "the Steiners suffer[ing] physical, emotional, mental and economic damages."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 404.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 404 and on that basis denies the allegations.

405.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking and assault claims, and thus no response is required with respect to the allegations in paragraph 405 that are exclusively related to either of those claims.  Wymer

further states that the allegations in paragraph 405 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in "aiding and abetting the violation of the Steiners' civil rights."  Wymer further denies that he "fail[ed] to intervene" or that any of his conduct or lack thereof "caused the Steiners to suffer physical, emotional, mental and economic damages."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 405.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 405 and on that basis denies the allegations.

## CAUSES OF ACTION

### COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

406.    Wymer repeats each and every response contained above as if fully set forth in this Answer.

407.    Wymer denies that any of his conduct "was significantly extreme and outrageous." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 407. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 407 and on that basis denies the allegations.

408.    Wymer states that the allegations in paragraph 408 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "intentionally or recklessly engaged in outrageous conduct, or aided and abetted by directing the acts."  Wymer further denies that any "specific conduct was foreseeable." Wymer further denies that he "caused the Steiners to believe they would be killed," engaged in any "relentless actions," or "admitted" any "intimidation [that] caused emotional damage to the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in

paragraph 408.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 408 and on that basis denies the allegations.

409.    Wymer denies that his "conduct was extreme and outrageous, went beyond all bounds of decency and was utterly intolerable in a civilized society."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 409.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 409 and on that basis denies the allegations.

410.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 410 and on that basis denies the allegations.

411.    Wymer denies that he "intended to have the Steiners suffer emotional distress by engaging in [any] acts that [he] knew or should have known would cause a reasonable person emotional distress."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 411.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 411 and on that basis denies the allegations.

412.    Wymer denies that he "knew or should have known the Steiners would suffer emotional distress from [any of his] actions."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 412.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 412 and on that basis denies the allegations.

413.    Wymer denies that he engaged in any "action[]" that "harmed Plaintiffs."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 413.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 413 and on that basis denies the allegations.

414.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 414 and on that basis denies the allegations.

415.    Wymer states that the allegations in paragraph 415 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that "[a]s a direct and proximate result of [his] actions, Plaintiffs were injured in mind and body."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 415.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 415 and on that basis denies the allegations.

416.    Wymer states that the allegations in paragraph 416 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that his conduct "proximately caused Plaintiffs to suffer, to continue to suffer, and suffer in the future, damages, in an amount which will be proven at trial."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 416.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 416 and on that basis denies the allegations.

417.    Wymer admits that the "Steiners" purport to "request compensatory, emotional and special damages, including lost income and damage to their business" but denies that they are entitled to such relief from Wymer.

418.    Wymer states that the allegations in paragraph 418 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability.  Wymer further denies that he is liable to

any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 418 and on that basis denies the allegations.

## COUNT II: STALKING
### (All Defendants)

419.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 419.  To the extent a response is deemed necessary, Wymer repeats each and every response contained above as if fully set forth in this Answer.

420.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 420.  Wymer further states that the allegations in paragraph 420 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he "work[ed] in concert [with Defendants] both in California and Massachusetts" to stalk Plaintiffs.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 420.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 420 and on that basis denies the allegations.

421.     Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 421.  To the extent a response is deemed necessary, Wymer denies that he "engaged in a pattern of conduct, the intent of which was to follow, alarm, place under surveillance and harass the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 421.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 421 and on that basis denies the allegations.

422.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 422.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 422 and on that basis denies the allegations.

423.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 423.  Wymer further states that the allegations in paragraph 423 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "[s]talking scheme."  Wymer further denies that he caused "[t]he Steiners [to] suffer[] substantial emotional distress."  Wymer further denies that he engaged in a "pattern of conduct" that caused Plaintiffs harm.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 423.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 423 and on that basis denies the allegations.

424.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 424.  Wymer further states that the allegations in paragraph 424 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any harmful or distressing "conduct" or "pattern of conduct" that caused Plaintiffs "substantial emotional distress," alarm, annoyance, torment, or to feel harassed.  Wymer further denies that he "began physically surveilling, following and harassing the Steiners in Natick, while simultaneously continuing with the threatening Twitter messages and packages sent or directed from California."  Wymer further denies that he directed any Defendant

to take any actions alleged in paragraph 424.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 424 and on that basis denies the allegations.

425.  Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 425.  Wymer further states that the allegations in paragraph 425 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "persisted" in any harmful or distressing conduct that he knew to be "causing the Steiners considerable distress" or that he was involved in any "stalking campaign."  Wymer further denies that he "intercepted communications on the NPD police scanner," that he "called Ina Steiner," or that he "acknowledged the Steiners were 'rattled' and were 'seeing ghosts.'"  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 425.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 425 and on that basis denies the allegations.

426.  Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 426.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 426 and on that basis denies the allegations.

427.  Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 427.  To the extent a response is deemed necessary, Wymer states that the allegations in paragraph 427 contain one or more legal conclusions as to which no response is required.  To

the extent a response is deemed necessary, Wymer denies that he "acted with malice, or oppression or fraud" and further denies that Plaintiffs are entitled to "punitive damages."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 427.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 427 and on that basis denies the allegations.

428.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 428.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "pattern of conduct" or "actions" that caused the Plaintiffs "harm" or "caused the Steiners to suffer, and continue to suffer, damages, in an amount which will be proven at trial."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 428.  Wymer admits that Plaintiffs purport to request "general, special, punitive and exemplary damages" but denies that Plaintiffs are entitled to such relief from Wymer.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 428 and on that basis denies the allegations.

429.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 429.  To the extent a response is deemed necessary, Wymer admits that Plaintiffs purport to "request injunctive relief" but denies that they are entitled to such relief from Wymer.

430.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' stalking claim, and thus no response is required with respect to the allegations in paragraph 430.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that

give rise to liability.  Wymer further denies that he is liable to any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 430 and on that basis denies the allegations.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

431.    Wymer repeats each and every response contained above as if fully set forth in this Answer.

432.    Wymer states that the allegations in paragraph 432 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "negligent conduct [that] caused the Steiners emotional distress."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 432.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 432 and on that basis denies the allegations.

433.    Wymer states that the allegations in paragraph 433 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "actions" that "direct[ly] and proximate[ly] result[ed]" in "the Steiners suffer[ing] physical harm."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 433.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 433 and on that basis denies the allegations.

434.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 434 and on that basis denies the allegations.

435.    Wymer states that the allegations in paragraph 435 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary,

Wymer denies that he "proximately caused Plaintiffs to suffer, to continue to suffer, and suffer in the future, damages."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 435.  Wymer admits that Plaintiffs purport to seek damages "in an amount which will be proven at trial" but denies that they are entitled to such damages from Wymer. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 435 and on that basis denies the allegations.

436.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 436 and on that basis denies the allegations.

437.    Wymer admits that the "Steiners" purport to "request compensatory, emotional and special damages, including lost income and damage to their business" but denies that they are entitled to such damages from Wymer.

438.    Wymer states that the allegations in paragraph 438 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability.  Wymer further denies that he is liable to any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 438 and on that basis denies the allegations.

## COUNT IV: NEGLIGENCE
### (All Defendants)

439.    Wymer repeats each and every response contained above as if fully set forth in this Answer.

440.    Wymer states that the allegations in paragraph 440 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "had a duty of care not to cause harm to the Steiners."  Wymer lacks

sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 440 and on that basis denies the allegations.

441.     Wymer states that the allegations in paragraph 441 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "breached [any] duty of care."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 441 and on that basis denies the allegations.

442.     Wymer states that the allegations in paragraph 442 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "negligen[t]" as it relates to the Complaint.  Wymer further denies that he "caused the Steiners to suffer physical, emotional, mental and financial damages, and damages to EcommerceBytes."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 442.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 442 and on that basis denies the allegations.

443.     Wymer states that the allegations in paragraph 443 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "breach[ed] [his] duty to exercise reasonable care [and] caused the Steiners and EcommerceBytes' damages."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 443.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 443 and on that basis denies the allegations.

444.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 444 and on that basis denies the allegations.

## COUNT V: NEGLIGENT HIRING
### (Defendant eBay)

445.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 445.  To the extent a response is deemed necessary, Wymer repeats each and every response contained above as if fully set forth in this Answer.

446.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 446.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 446 and on that basis denies the allegations.

447.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 447.  To the extent a response is deemed necessary, Wymer denies that he was "was unfit for the position as eBay's Senior Vice President and Chief Communications Officer" and further denies that his "placement in this position created an unreasonable risk of harm to third parties."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 447 and on that basis denies the allegations.

448.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 448.  To the extent a response is deemed necessary, Wymer denies that he "established a relationship with Defendant Baugh when he worked for SIS, and [was] aware of his off-kilter and unconventional means of dealing with what is perceived as a problem."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 448 and on that basis denies the allegations.

449.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 449.  To the extent a response is deemed necessary, Wymer denies that he was "was unfit for the position of [eBay's] Senior Vice President and Chief Communications Officer" and further denies that he was "'green'" or "'inexperienced'" or "unable to pushback against Defendant Wenig."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 449 and on that basis denies the allegations.

450.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 450.  Wymer further states that the allegations in paragraph 450 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies the allegations in paragraph 450.

451.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 451.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 451 and on that basis denies the allegations.

452.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 452.  Wymer further states that the allegations in paragraph 452 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "unfit[]" or that any of his "unfitness was the proximate cause of the Steiners and EcommerceBytes injuries."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 452 and on that basis denies the allegations

453.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 453.  Wymer further states that the allegations in paragraph 453 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that the Steiners and EcommerceBytes are entitled to damages from him "for emotional, physical and mental harm" or "compensatory damages."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 453 and on that basis denies the allegations.

**COUNT VI: NEGLIGENT SUPERVISION**
**(Defendants eBay, PFC, Wenig, Jones, and Krystek)**

454.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 454.  To the extent a response is deemed necessary, Wymer repeats each and every response contained above as if fully set forth in this Answer.

455.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 455.  Wymer states that the allegations in paragraph 455 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 455 and on that basis denies the allegations.

456.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 456.  Wymer states that the allegations in paragraph 456 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 456 and on that basis denies the allegations.

457.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 457.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 457 and on that basis denies the allegations.

458.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 458.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 458 and on that basis denies the allegations.

459.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 459.  To the extent a response is deemed necessary, Wymer denies that he "became obsessed with EcommerceBytes and Ina Steiner's reporting."  Wymer further denies that he "directed [his] subordinates to monitor the reporting on an hourly basis" or "directed the acts that resulted in the stalking, harassment, threats, and torture of the Steiners."  Wymer further denies that he "direct[ed] members of [his] staff to handle" any problem or issue related to Plaintiffs "through unconventional means."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 459 and on that basis denies the allegations.

460.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 460.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 460 and on that basis denies the allegations.

461.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 461.  To the extent a response is deemed

necessary, Wymer denies that he issued any "directives aimed at the Steiners and EcommerceBytes."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 461 and on that basis denies the allegations.

462.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 462.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 462 and on that basis denies the allegations.

463.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 463.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 463 and on that basis denies the allegations.

464.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 464.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 464 and on that basis denies the allegations.

465.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 465.  Wymer further states that the allegations in paragraph 465 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 465 and on that basis denies the allegations.

466.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 466.  Wymer further states that the allegations

in paragraph 466 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was the "proximate cause of the Steiners' injuries" or that he "direct[ed] lower level employees to take down the Steiners off the radar, leading to the criminal acts against [the Steiners]."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 466 and on that basis denies the allegations.

467.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 467.  Wymer further states that the allegations in paragraph 467 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 467.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 467 and on that basis denies the allegations.

468.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 468.  Wymer further states that the allegations in paragraph 468 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 468.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 468 and on that basis denies the allegations.

469.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 469.  Wymer further states that the allegations in paragraph 469 contain one or more legal conclusions as to which no response is required.  To

the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to stalk, harass, threaten and torture the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 469.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 469 and on that basis denies the allegations.

470.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 470.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 470 and on that basis denies the allegations.

471.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 471.  Wymer further states that the allegations in paragraph 471 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that the Steiners and EcommerceBytes are entitled to damages from him "for emotional, physical and mental harm" or "compensatory damages."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 471 and on that basis denies the allegations.

## COUNT VII: NEGLIGENT RETENTION
### (Defendants eBay and PFC)

472.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 472.  To the extent a response is deemed necessary, Wymer repeats each and every response contained above as if fully set forth in this Answer.

473.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 473.  Wymer further states that the allegations

in paragraph 473 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 473 and on that basis denies the allegations.

474.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 474.  Wymer further states that the allegations in paragraph 474 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 474 and on that basis denies the allegations.

475.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 475.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 475 and on that basis denies the allegations.

476.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 476.  Wymer further states that the allegations in paragraph 476 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 476 and on that basis denies the allegations.

477.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 477.  Wymer lacks sufficient knowledge or

information to form a belief as to the truth of the allegations in paragraph 477 and on that basis denies the allegations.

478.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 478.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 478 and on that basis denies the allegations.

479.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 479.  Wymer further states that the allegations in paragraph 479 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to stalk, harass, threaten and torture the Steiners."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 479 and on that basis denies the allegations.

480.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 480.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 480 and on that basis denies the allegations.

481.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 481.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 481 and on that basis denies the allegations.

482.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 482.  Wymer further states that the allegations

in paragraph 482 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that "[t]he Steiners and EcommerceBytes are entitled to damages" from him "for emotional, physical and mental harm" or "compensatory damages."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 482 and on that basis denies the allegations.

### COUNT VIII: ASSAULT
### (All Defendants)

483.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 483.  To the extent a response is deemed necessary, Wymer repeats each and every response contained above as if fully set forth in this Answer.

484.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 484.  Wymer further states that the allegations in paragraph 484 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 484 and on that basis denies the allegations.

485.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 485.  Wymer further states that the allegations in paragraph 485 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 485 and on that basis denies the allegations.

486.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 486.   To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 486 and on that basis denies the allegations.

487.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 487.   Wymer further states that the allegations in paragraph 487 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy" and further denies that he "barraged the Steiners with unrelenting, around-the-clock threatening Twitter messages, emails, and deliveries."  Wymer further denies that he engaged in any harmful or distressing conduct that "[he] knew or should have known would terrorize and frighten the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 487.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 487 and on that basis denies the allegations.

488.   Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 488.   To the extent a response is deemed necessary, Wymer denies that he "strategically selected a book on spousal death, together with the funeral wreath, and the SAW pig mask so that the Steiners would truly believe that the stalkers were going to kill them, and to make them feel as though their lives were in imminent danger."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 488.  Wymer lacks sufficient knowledge

or information to form a belief as to the truth of the remaining allegations in paragraph 488 and on that basis denies the allegations.

489.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 489.  Wymer further states that the allegations in paragraph 489 contain one or more legal conclusions as to which no response is required.   To the extent a response is deemed necessary, Wymer denies that he made "online threats to kill," that he sent Plaintiffs "threatening and menacing packages," or that he engaged in any other "overt acts" with the intent "to cause the Steiners apprehension of immediate physical harm."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 489.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 489 and on that basis denies the allegations.

490.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 490.  To the extent a response is deemed necessary, Wymer denies that he engaged in "surveillance, tailing and stalking of the Steiners, both by vehicle and on foot."  Wymer further denies that he "caused the Steiners to fear immediate physical harm of a battery or attempted battery."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 490.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 490 and on that basis denies the allegations.

491.    Wymer states that the Court's December 12, 2023 Memorandum and Order dismissed Plaintiffs' assault claim, and thus no response is required with respect to the allegations in paragraph 491.  To the extent a response is deemed necessary, Wymer denies that he "caused

the Steiners mental, emotional and physical harm and injuries."  Wymer further denies that he

directed any Defendant to take any actions alleged in paragraph 491.  Wymer lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in paragraph

491 and on that basis denies the allegations.

### COUNT IX: VIOLATION OF TITLE II, Ch. 12, § 11I
### (MASSACHUSETTS CIVIL RIGHTS ACT VIOLATION)
### (All Defendants)

492.    Wymer repeats each and every response contained above as if fully set forth in this

Answer.

493.    Wymer states that the allegations in paragraph 493 contain one or more legal

conclusions as to which no response is required.  To the extent a response is deemed necessary,

Wymer denies that he directed any person to take any action that would violate Plaintiffs' civil

rights, or that he personally engaged in any such conduct.  Wymer lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 493 and on

that basis denies the allegations.

494.    Wymer denies that he was involved in any "campaign to intimidate, threaten,

torture, terrorize, stalk and silence the Steiners."  Wymer further denies that he directed any

Defendant to take any actions alleged in paragraph 494.  Wymer lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 494 and on

that basis denies the allegations.

495.    Wymer states that the allegations in paragraph 495 contain one or more legal

conclusions as to which no response is required.  To the extent a response is deemed necessary,

Wymer denies that he "attempted to interfere with the Steiners and EcommerceBytes' exercise and

enjoyment of their First Amendment and Article 16 (as amended by Article 77) rights to free

speech and liberty of the press, rights secured by both the United States Constitution and the

Massachusetts Declaration of Rights."  Wymer further denies that he was involved in any "threats, intimidation and coercion."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 495.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 495 and on that basis denies the allegations.

496.     Wymer states that the allegations in paragraph 496 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability.  Wymer further denies that he is liable to any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 496 and on that basis denies the allegations.

497.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 497 and on that basis denies the allegations.

498.     Wymer states that the allegations in paragraph 498 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any harmful or distressing conduct that "direct[ly] and proximate[ly]" "result[ed]" in the "Plaintiffs suffer[ing] harm."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 498.  Wymer admits that Plaintiffs purport to "request compensatory and emotional damages in an amount which will be proven at trial" but denies that Plaintiffs are entitled to such relief from Wymer.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 498 and on that basis denies the allegations.

## COUNT X: DEFAMATION
### (All Defendants)

499.     Wymer repeats each and every response contained above as if fully set forth in this Answer.

500.     Wymer admits that the EcommerceBytes website publishes about ecommerce companies, including eBay and that the EcommerceBytes website identifies Ina Steiner as a co-founder and author for the website.   Wymer further admits that the EcommerceBytes website identifies David Steiner as the publisher of EcommerceBytes.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 500 and on that basis denies the allegations.

501.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 501 and on that basis denies the allegations.

502.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 502 and on that basis denies the allegations.

503.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 503 and on that basis denies the allegations.

504.     Wymer states that the allegations in paragraph 504 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "caused defamation by intentionally sending sexually charged pornography to the Steiners' neighbor's homes, in David Steiner's name."  Wymer further denies that he engaged in any "activity [that] was meant to reputationally harm the Steiners and tarnish their name within the community."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 504.  Wymer lacks sufficient knowledge or information to form a

belief as to the truth of the remaining allegations in paragraph 504 and on that basis denies the allegations.

505.    Wymer states that the allegations in paragraph 505 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "engaged in communications with third parties that were false, defamatory, unprivileged and with the natural tendency to injure and cause special damages."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 505.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 505 and on that basis denies the allegations.

506.    Wymer states that the allegations in paragraph 506 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "defamatory communications to third parties."   Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 506.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 506 and on that basis denies the allegations.

507.    Wymer states that the allegations in paragraph 507 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "slandered David Steiner by making false and unprivileged publications to neighbors through the mail" and further denies that he "accused David of soliciting pornography and anthropornography."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 507.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 507 and on that basis denies the allegations.

508.     Wymer states that the allegations in paragraph 508 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "caused defamation by posting ads on Craigslist that the Plaintiffs were sexual swingers."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 508.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 508 and on that basis denies the allegations.

509.     Wymer denies that he "made the false statements on Twitter claiming that Plaintiff Ina Steiner was destroying small and family businesses through her biased and negative reporting on eBay" or "knew" that "statements were false."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 509.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 509 and on that basis denies the allegations.

510.     Wymer states that the allegations in paragraph 510 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "defamed the Steiners by creating fake 'Persons of Interest' files on them, in order to suggest the Steiners were a threat to eBay and their security."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 510.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 510 and on that basis denies the allegations.

511.     Wymer states that the allegations in paragraph 511 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he made any "false statements intentionally and with reckless disregard to the truth."  Wymer further denies that he directed any Defendant to take any actions alleged in

paragraph 511.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 511 and on that basis denies the allegations.

512.    Wymer states that the allegations in paragraph 512 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he made any "false and libelous statements about the Plaintiffs' [that] would be read by individuals both in the United States and in the Defendants' international audience." Wymer further denies that he had any knowledge of "false and libelous statements."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 512.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 512 and on that basis denies the allegations.

513.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 513 and on that basis denies the allegations.

514.    Wymer states that the allegations in paragraph 514 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that any of his "acts" "direct[ly] and proximate[ly] result[ed]" in "Plaintiffs" "injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame and severe emotional distress."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 514.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 514 and on that basis denies the allegations.

515.    Wymer states that the allegations in paragraph 515 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that any of his "actions" "constitute[d] defamation per se" and further denies that he "falsely claimed the Steiners were engaged in criminal activity."  Wymer further denies that he

directed any Defendant to take any actions alleged in paragraph 515. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 515 and on that basis denies the allegations.

516.    Wymer states that the allegations in paragraph 516 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he caused Plaintiffs to "suffer[] immeasurable and significant damage to their reputation and great emotional distress." Wymer further denies that he made any "false statements" or was engaged in "defamation and libel." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 516. Wymer admits that Plaintiffs purport to "seek compensation" but denies that Plaintiffs are entitled to such compensation from Wymer. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 516 and on that basis denies the allegations.

517.    Wymer states that the allegations in paragraph 517 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that any of his "actions" were "the direct and proximate cause" of "the Steiners [being] emotionally injured and suffer[ing] distress and pain and suffering, and incurr[ing] lost wages, and other costs." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 517. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 517 and on that basis denies the allegations.

518.    Wymer denies that he engaged in any "activity" that "was intended to harm the reputations of the Plaintiffs." Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 518 and on that basis denies the allegations.

519.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 519 and on that basis denies the allegations.

520.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 520 and on that basis denies the allegations.

521.     Wymer states that the allegations in paragraph 521 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he made any "libelous and defamatory statements about Plaintiffs."  Wymer further denies that he "acted with malice, oppression and/or fraud" or that he is "liable for compensatory damages in an amount to be proven at trial."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 521.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 521 and on that basis denies the allegations.

522.     Wymer states that the allegations in paragraph 522 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability.  Wymer further denies that he is liable to any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 522 and on that basis denies the allegations.

### COUNT XI: TRESPASS (PHYSICAL AND TRESPASS TO CHATTELS)
### (All Defendants)

523.     Wymer repeats each and every response contained above as if fully set forth in this Answer.

524.     Wymer denies that he "entered onto the Steiners' property without right or privilege to do so, in order to attempt to attach a GPS device to their vehicle" or engaged in any "entry onto

the property [that] was intentional and illegal."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 524.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 524 and on that basis denies the allegations.

525.    Wymer denies that he was involved in any "plan to silence the Steiners."  Wymer further denies that he "deface[d], mutilate[d], vandalize[d] and injure[d] the Steiners' property" or that he "scrawl[ed] 'Fidomaster' on [the Steiners'] fence."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 525.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 525 and on that basis denies the allegations.

526.    Wymer states that the allegations in paragraph 526 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that any "harm" to "Plaintiffs," "including damage to property and emotional distress," was "a direct and proximate result of" any of his "actions."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 526.  Wymer admits that Plaintiffs purport to "request compensatory and emotional damages, in an amount which will be proven at trial" but denies that they are entitled to any such damages from Wymer.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 526 and on that basis denies the allegations.

527.    Wymer states that the allegations in paragraph 527 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability.  Wymer further denies that he is liable to

any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 527 and on that basis denies the allegations.

528.    Wymer denies that he engaged in any "actions" of an "intrusive nature" "onto [the Steiner's] property and within the sanctity of their home and yard" or engaged in any "actions" that "caused [the Steiners] emotional turmoil."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 528.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 528 and on that basis denies the allegations.

529.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 529 and on that basis denies the allegations.

530.    Wymer states that the allegations in paragraph 530 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability.  Wymer further denies that he is liable to any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 530 and on that basis denies the allegations.

531.    Wymer states that the allegations in paragraph 531 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that any of his actions "direct[ly] and proximate[ly]" "harm[ed]" Plaintiffs, including causing "emotional dismiss."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 531.  Wymer admits that Plaintiffs purport to "request emotional and compensatory damages in an amount which will be proven at trial" but denies that Plaintiffs are entitled to any such damages from Wymer.  Wymer lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 531 and on that basis denies the allegations.

## COUNT XII: FALSE IMPRISONMENT

532.     Wymer repeats each and every response contained above as if fully set forth in this Answer.

533.     Wymer denies that he engaged in any harmful or distressing "conduct towards Plaintiffs [that] was extreme and outrageous."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 533.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 533 and on that basis denies the allegations.

534.     Wymer states that the allegations in paragraph 534 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "actions" that "injured Plaintiffs' mind and body" or caused Plaintiffs' "significant and continuing emotional distress."  Wymer further denies that he "harmed Plaintiffs."  Wymer further denies that he engaged in any "actions" that "caused [the Steiners] to suffer horrifying fear confining them to their home."  Wymer further denies that he sent any "incessant packages and cruel and abusive messages and threats [that] forced the Plaintiffs to remain in their home."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 534.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 534 and on that basis denies the allegations.

535.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 535 and on that basis denies the allegations.

536.     Wymer denies that he "tailed ['David Steiner'], confining him to his car."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 536.  Wymer

lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 536 and on that basis denies the allegations.

537.    Wymer states that the allegations in paragraph 537 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "acts and omissions" that "constitute intentional confinement of Ina and David Steiner."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 537.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 537 and on that basis denies the allegations.

538.    Wymer states that the allegations in paragraph 538 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "intentional[ly] confine[d] . . . Ina and David Steiner."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 538.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 538 and on that basis denies the allegations.

539.    Wymer states that the allegations in paragraph 539 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "intentional[ly] confine[d]" the Steiners.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 539.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 539 and on that basis denies the allegations.

540.    Wymer states that the allegations in paragraph 540 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "acts or omissions" that "falsely imprisoned" "Plaintiffs."

Wymer further denies that any of his "acts or omissions" "entitl[e]" "Ina and David Steiner to damages [from Wymer] pursuant to Massachusetts law." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 540. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 540 and on that basis denies the allegations.

541.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 541 and on that basis denies the allegations.

542.    Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 542 and on that basis denies the allegations.

543.    Wymer states that the allegations in paragraph 543 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability. Wymer further denies that he is liable to any and all Plaintiffs. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 543 and on that basis denies the allegations.

544.    Wymer states that the allegations in paragraph 544 contain one or more legal conclusions as to which no response is required. To the extent a response is deemed necessary, Wymer denies that any of his "conduct" "proximately caused Plaintiffs to suffer, and to continue to suffer, damages." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 544. Wymer admits that Plaintiffs purport to "request compensatory and emotional damages in an amount which will be proven at trial" but denies that Plaintiffs are entitled to such damages from Wymer. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 544 and on that basis denies the allegations.

## COUNT XIII: CIVIL CONSPIRACY
### (All Defendants)

545.     Wymer repeats each and every response contained above as if fully set forth in this Answer.

546.     Wymer states that the allegations in paragraph 546 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was "acting in concert" with "Defendants" or involved in any conspiracy "to intimidate, harass, threaten, and stalk the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 546.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 546 and on that basis denies the allegations.

547.     Wymer states that the allegations in paragraph 547 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any conspiracy "to intimidate, harass, threaten, and stalk the Steiners."  Wymer further denies that he "as part of a common design, conspired to implement a common scheme to intimidate, harass, threaten, and stalk the Steiners, and in order to destroy their business and end their reporting on eBay."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 547.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 547 and on that basis denies the allegations.

548.     Wymer states that the allegations in paragraph 548 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy to silence the Steiners."  Wymer further denies that he "intended to, and did commit the tortious acts alleged herein in furtherance of the

conspiracy to silence the Steiners."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 548.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 548 and on that basis denies the allegations.

549.   Wymer states that the allegations in paragraph 549 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "common design."  Wymer further denies that he is liable to any and all Plaintiffs.  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 549.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 549 and on that basis denies the allegations.

550.   Wymer states that the allegations in paragraph 550 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he was involved in any "conspiracy."  Wymer further denies that he "provided substantial assistance and/or encouragement to Defendants Baugh, Harville, Cooke, Gilbert, Popp, Stockwell, Zea and John and Jane DOE."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 550 and on that basis denies the allegations.

551.   Wymer states that the allegations in paragraph 551 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "specifically advised the other Defendants, including but not limited to, Baugh, Harville, Cooke, Gilbert, Popp, Stockwell, Zea and John and Jane DOE, to engage in the tortious conduct."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 551 and on that basis denies the allegations.

552.     Wymer states that the allegations in paragraph 552 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "knew the conduct of the other Defendants was tortious, and intended to substantially assist or encourage that conduct."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 552 and on that basis denies the allegations.

553.     Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 553 and on that basis denies the allegations.

554.     Wymer states that the allegations in paragraph 554 contain one or more legal conclusions as to which no response is required.  To the extent a response is deemed necessary, Wymer denies that he "aid[ed] and abett[ed]" any tortious or criminal activity or "fail[ed] to intervene" under circumstances that give rise to liability.  Wymer further denies that he is liable to any and all Plaintiffs.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 554 and on that basis denies the allegations.

555.     Wymer denies that he engaged in any "unified actions" causing "the Steiners" to "have sustained compensatory, emotional and business damages."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 555.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 555 and on that basis denies the allegations.

## COUNT XIV: RATIFICATION
### (Defendant eBay)

556.     Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 556.  To the extent a response is deemed

necessary, Wymer repeats each and every response contained above as if fully set forth in this Answer.

557.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 557.  To the extent a response is deemed necessary, Wymer admits that he, Wenig, and Jones "were executive officers with eBay during their employment."  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 557 and on that basis denies the allegations.

558.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 558.  To the extent a response is deemed necessary, and to the extent any individually named Defendant was an employee of eBay "[a]t the time of the [alleged] acts," Wymer admits that "there was an actual or assumed relationship between" that person and eBay.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 558 and on that basis denies the allegations.

559.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 559.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "acts or omissions alleged that caused the Steiners' and EcommerceBytes' injuries."  Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 559.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 559 and on that basis denies the allegations.

560.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 560.  To the extent a response is deemed necessary, Wymer denies that he engaged in any "misconduct" and further denies that he "was

uncooperative in the investigation" conducted by eBay or that he "obstructed and destroyed evidence." Wymer admits that he deleted certain text messages but denies that he did so with the intent to destroy evidence. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 560 and on that basis denies the allegations.

561.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 561. To the extent a response is deemed necessary, Wymer denies that he was involved in any criminal or tortious actions with respect to Plaintiffs or that there was "overwhelming evidence" of such involvement. Wymer further denies that he "received no punitive action" inasmuch as his employment was terminated. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 561 and on that basis denies the allegations.

562.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 562. To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 562 and on that basis denies the allegations.

563.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 563. To the extent a response is deemed necessary, Wymer denies that he engaged in any "volatile conduct." Wymer further denies that he directed any Defendant to take any actions alleged in paragraph 563. Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 563 and on that basis denies the allegations.

564.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 564. To the extent a response is deemed

necessary, Wymer denies that he engaged in any tortious or criminal "actions."   Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 564 and on that basis denies the allegations.

565.   Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 565.  To the extent a response is deemed necessary, Wymer admits that eBay conducted an investigation and that Morgan Lewis was involved in the investigation and the USAO investigation.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 565 and on that basis denies the allegations.

566.   Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 566.  To the extent a response is deemed necessary, Wymer admits that eBay conducted an investigation and that Morgan Lewis was involved in the investigation and the USAO investigation.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 566 and on that basis denies the allegations.

567.   Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 567.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 567 and on that basis denies the allegations.

568.   Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 568.  To the extent a response is deemed necessary, Wymer denies that his "communications were 'inappropriate.'"  Wymer lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 568 and on that basis denies the allegations.

569.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 569.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 569 and on that basis denies the allegations.

570.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 570.  To the extent a response is deemed necessary, Wymer admits that a variety of senior officers at the company (including Wymer) are party to contracts with eBay that require the company to indemnify them for certain types of expenditures subject to the terms of the contracts.  Wymer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 570 and on that basis denies the allegations.

571.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 571.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 571 and on that basis denies the allegations.

572.    Wymer states that this Count is not applicable to Wymer, and thus no response is required with respect to the allegations in paragraph 572.  To the extent a response is deemed necessary, Wymer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 572 and on that basis denies the allegations.

## ANSWER TO JURY DEMAND

Wymer denies the allegation of Plaintiffs' demand for a jury trial but admits that Plaintiffs purport to demand a jury trial.  Wymer further reserves the right to challenge this demand.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs' prayer for relief contains statements as to which no responsive pleading is required.  Wymer denies that Plaintiffs are entitled to relief, and respectfully requests that the Court dismiss all claims with prejudice and order such further relief for Wymer as the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct defenses, Wymer alleges as follows:

By alleging the matters set forth below, Wymer does not thereby allege or admit that he has the burden of proof or the burden of persuasion with respect to any of these matters. Wymer expressly reserves the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice might require.

## FIRST DEFENSE

Plaintiffs' claims are barred because the Complaint fails to state a claim upon which relief can be granted with respect to the causes of action set forth in the Complaint.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part because any recovery by Plaintiffs would constitute unjust enrichment.

### THIRD DEFENSE

Plaintiffs' stalking and assault claims are barred in whole because this Court's Memorandum and Order, dated December 12, 2023 (Dkt. No. 309) granted Wymer's motion to dismiss Plaintiffs' stalking claim (Count II) and assault claim (Count VIII).

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Wymer did not act with the requisite mental state.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Wymer did not cause Plaintiffs any injury or damage.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the alleged damages and/or other injuries were caused solely by the acts or omissions of others over which Wymer had no control.

### SEVENTH DEFENSE

Plaintiffs cannot recover against Wymer, in whole or in part, because Wymer is entitled to offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs receive from any source, in connection with Plaintiffs' alleged losses.

### EIGHTH DEFENSE

In the event that a final judgment is rendered against any Defendant, any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or barred to the extent Plaintiffs seek an overlapping or duplicative recovery pursuant to the various claims against Defendants or others.

## **NINTH DEFENSE**

Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs, expenses, or disbursements and, to the extent Plaintiffs seek injunctive relief, any such claim is barred because Plaintiffs have an adequate remedy at law.

## **TENTH DEFENSE**

This action and any relief sought by Plaintiffs may be barred in whole or in part by additional defenses that cannot now be articulated because of the generality of Plaintiffs' pleading and the fact that no discovery has been taken.   Accordingly, Wymer reserves the right to supplement the foregoing and to raise additional defenses as may appear during the progress of this case to the full extent allowed under applicable law.

Dated:  January 12, 2024

/s/ Caz Hashemi
Caz Hashemi (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com

Melissa Mills (*pro hac vice*)
Trevor N. Templeton (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
mmills@wsgr.com
ttempleton@wsgr.com

Lon F. Povich (BBO 544523)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6548
lpovich@andersonkreiger.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, a true and correct copy of the foregoing pleading was filed with the Clerk of Court and served upon all attorneys of record via the Court's ECF system.

/s/ Lon F. Povich
Lon F. Povich