UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER,<br>and STEINER ASSOCIATES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>EBAY, INC., et al.,<br><br>    Defendants. | Civil Action No. 1:21-cv-11181-PBS |

**PLAINTIFFS' APPLICATION FOR LEAVE TO DEPOSE PRISONER**

NOW COME the Plaintiffs, Ina Steiner, David Steiner, and Steiner Associates, LLC, (hereinafter "Plaintiffs") by and through their undersigned counsel in the above-captioned matter, and respectfully move this Honorable Court, pursuant to Federal Rules of Civil Procedure, Rule 30(a)(2)(B), for an Order granting Plaintiffs, and all parties who wish to participate, leave to take the deposition by oral testimony of incarcerated Defendant, Jim Baugh.

## I.  BACKGROUND

As this Court is aware, this lawsuit arises from the now infamous 2019 cyberstalking case in which Ina and David Steiner were the victims of Defendants' months-long harassment and intimidation scheme to eliminate what eBay's CEO believed was the Steiners' negative reporting on eBay, which inflicted profound emotional and economic harm upon the Steiners, resulting in permanent psychological damage. In lieu of repeating all the conduct and detailed claims against the Defendants, Plaintiffs incorporate by reference herein J. Saris' 43-page decision dated December 12, 2023, upholding almost the entirety of the Plaintiffs' Amended Complaint. [Dkt. 309]

The U.S. Attorney's investigation into Defendants' harassment campaign against the Steiners led to felony convictions for seven individuals, all former eBay employees or contractors, including the alleged ringleader and eBay's former Senior Director of Safety and Security, Jim Baugh. In September of 2022, Baugh was sentenced to 57 months in federal prison. Baugh is currently serving his sentence as an inmate at the Federal Prison Camp (FPC) Montgomery in Montgomery, Alabama with a projected release date of June 29, 2026. [See correspondence from Baugh's attorney dated June 24, 2024, and attached hereto as Exhibit 1]

On or about May 29, 2024, this Court issued a modified scheduling order with a September 27, 2024, deadline for the completion of fact discovery, including fact witness depositions, and an anticipated trial date to commence in June of 2025. [Dkt. 400]  On June 17, 2024, the parties to this action participated in a mediation but were unable to reach a resolution of Plaintiffs' claims. As a result, the Plaintiffs must now proceed with witness depositions including Jim Baugh, who acted as the connective tissue between the eBay C-suite and its security team, and whose knowledge and testimony is material to Plaintiffs' claims against Baugh and his co-defendants in this civil action.

## II.  LEAVE TO DEPOSE IS PROPER HERE WHERE BAUGH'S TESTIMONY IS MATERIAL TO PLAINTIFFS' TRIAL PREPARATION, AND WHERE SUCH PREARRANGED DEPOSITION WILL MINIMIZE ANY DISRUPTIONS TO PRISON OPERATIONS

Generally, leave of Court is not required to take the deposition of a party or non-party, however an exception exists where a party or witness is incarcerated. Under Federal Rule of Civil Procedure 30(a)(2)(B), "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the deponent is confined in prison." See Fed. R. Civ. P. 30(a)(2)(B); Facey v. Dickhaut, No. 11-10680-MLW, 2013 U.S. Dist. LEXIS 91139, at *4-5 (D. Mass. June 27, 2013). "The circumstances addressed in Rule 26(b)(2) are (1) whether

the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." Medina v. Cnty. of Los Angeles, No. 2:21-cv-05554-DMG-KESx, 2022 U.S. Dist. LEXIS 208041, 2022 WL 16847547, at *3 (C.D. Cal. Oct. 4, 2022) (citing Fed. R. Civ. P. 30(a)(2)).

"Other courts considering motions to depose incarcerated persons under Rule 30(a)(2)(B) have considered whether the requested deposition: (1) is relevant and proportional to the needs of the case per Rule 26(b)(1); and (2) implicates any of the concerns listed in Rule 26(b)(2)." Id. (citing Becker v. OSB Inv., LLC, No. 2:19-mc-00032-MWF, 2019 U.S. Dist. LEXIS 238676, 2019 WL 12381108, at *1-2 (C.D. Cal. Apr. 5, 2019) and Griffin v. Johnson, No. 1:13-cv-01599, 2016 U.S. Dist. LEXIS 123490, 2016 WL 4764670, at *1-2 (E.D. Cal. Sep. 12, 2016)) The proposed deposition of a named party in custody for purposes of trial preparation is consistent with Rule 26(b)(2). See Becker, supra, 2019 U.S. Dist. LEXIS 238676, at *4-5. See also Snell v. Descoteaux, Civil Action No. 20-12093-NMG, 2023 U.S. Dist. LEXIS 70656, at *7-8 (D. Mass. Apr. 21, 2023) (permitting defendants leave to depose incarcerated plaintiff where the deposition was necessary for trial preparation)

In Becker, supra, the Court determined that the plaintiffs' proposed deposition of the incarcerated, named defendant was likely to yield relevant facts that were crucial to plaintiffs' claims, appeared to be proportional to the needs of the case as set forth in Rule 26(b)(1), and did not appear to exceed any of the limitations set forth in Rule 26(b)(2). 2019 U.S. Dist. LEXIS 238676 at *4-5. The Becker Court noted that the incarcerated deponent's sentence was not scheduled to end until after the anticipated civil trial date, and there was no indication that the

deponent would be permitted or would otherwise be able to attend the trial to provide live or video testimony. Id.

Here, similar to the circumstances in Becker, the Plaintiffs proposed deposition of Baugh, along with all parties who wish to participate and depose the witness, is consistent with Rule 26 whereas Baugh is a named Defendant in the present action with intimate knowledge of facts not otherwise available to Plaintiffs and which are material to their claims not only against Baugh but also his co-defendants. Baugh was at all relevant times the link between the eBay C-suite Defendants who sanctioned the harassment campaign against the Steiners and the security team Defendants who carried out Baugh's orders. Moreover, Baugh's projected release date is one year after trial is scheduled to commence in this matter, and therefore, Plaintiffs must timely preserve Baugh's testimony prior to the looming fact discovery deadline for purposes of trial.

The only other consideration for allowing a motion for leave to depose an incarcerated witness is the potential impact, if any, on the prison. While Fed. R. Civ. P. 30(a)(2)(B) dates back to 1938, there appears to be only one authoritative case discussing the purpose and application of the rule, which is not to protect the deponent, but to "prevent the disruption of the administration of the penal institution itself." Kendrick v. Schnorbus, 655 F.2d 727, 728 (6th Cir. 1981). While the Kendrick Court suggested that the rule could also be intended to protect prisoners from any possible disadvantage in the deposition process arising from confinement, such protections were not a concern in that case because the prisoner was a party to the civil litigation. Id. at 729. See also El Camino Resources, Ltd. v. Huntington Nat'l Bank, No. 1:07-cv-598, 2009 U.S. Dist. LEXIS 36704, at *2 (W.D. Mich. Apr. 30, 2009) ("Generally, this court grants leave for such depositions freely, as long as the deposition can be conducted without undue imposition on prison authorities.")

In this case, there is no risk of prejudice or unfair surprise to Baugh since he is a party to the Plaintiffs' civil lawsuit and is represented by competent defense counsel. Moreover, counsel for the Plaintiffs has opened a dialogue with Deputy Regional Counsel for the Southeast Regional Office of the Federal Bureau of Prisons, whose office will assist with the coordination, scheduling, and logistics of Baugh's deposition. Should the Court allow this motion, Plaintiffs' counsel will take the necessary steps to coordinate Baugh's deposition with defense counsel and with the appropriate officials from FPC Montgomery and/or the Federal Bureau of Prisons Southeast Regional Office to minimize any disruptions to the prison operations and to protect Baugh from any unfair surprise.

### III. CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court allow the Plaintiffs' Application for Leave to take the deposition by oral testimony, along with all parties who may wish to participate, of incarcerated Defendant, Jim Baugh. A Proposed Order is filed herewith.

Dated: July 8, 2024

Respectfully submitted,
Plaintiffs, By Their Attorneys,

*/s/ Marc A. Diller*
Marc A. Diller, Esq.
BBO #: 644997
DILLER LAW, LLP
50 Congress Street, Suite 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

*/s/ Kenneth Fromson*
Kenneth B. Fromson, Esq. (*pro hac vice*)
Finkelstein & Partners, LLP
1279 Route 300
Newburgh, NY 12551
(845) 943-2331
KFromson@lawampm.com

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Plaintiffs have conferred or attempted to confer with counsel for all represented parties and with the *pro* se parties to determine if any assented to this Application.

Dated: July 8, 2024                                          Signed: */s/ Kenneth Fromson*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 8, 2024.

*/s/ Kenneth Fromson*
Kenneth B. Fromson