## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC**, | |
| Plaintiffs, | Civil Action |
| v. | 21-cv-11181-PBS |
| **EBAY, INC., et al.,** | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
## <u>APPLICATION OF CALIFORNIA LAW TO THE ISSUE OF PUNITIVE DAMAGES</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

I.  INTRODUCTION ............................................................................................... 1

II.  FACTUAL BACKGROUND ............................................................................... 3

III.  ARGUMENT ....................................................................................................... 5

    A.  Legal Standard For The Choice Of Law For Punitive Damages. ........................... 5

    B.  The Doctrine Of Depecage And The
        Applicability Of California Law To The Issue Of Punitive Damages. ................... 7

    C.  The State Where The Conduct Causing
        The Injury Occurred Has The Dominant Interest
        In The Application Of Its Laws On The Issue of Punitive Damages. ..................... 9

    D.  Plaintiffs' Domicile Is Of Little Relevance To
        A Choice Of Law Analysis On The Issue Of Punitive Damages. ......................... 14

    E.  The Remaining Geneal Principles § 6 Of
        The Restatement Further Support Application Of
        California Law To The Issue Of Punitive Damages. ............................................. 16

    F.  This Court's Choice of Law Analysis Relating To Plaintiffs' Stalking
        Claim On The Motion To Dismiss Does Not Compel A Different Result. ........... 17

    G.  Punitive Damages Are Available
        Under California Law For Many Of Plaintiffs' Remaining Claims ..................... 18

IV.  CONCLUSION ................................................................................................... 19

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Allegheny Plant Servs., Inc. v. Carolina Cas. Ins. Co.*,
  No. 14-4265, 2016 WL 1070671 (D.N.J. Mar. 17, 2016) ....................................................... 8

*Bank Saderat Iran v. Telegen Corp.*,
  30 F. App'x 741 (9th Cir. 2002) .................................................................................. 15

*Barrett v. Ambient Pressure Diving, Ltd.*,
  No. 06-240, 2008 U.S. Dist. LEXIS 96075 (D.N.H. Nov. 17, 2008) ...................................... 8

*Bellew v. Ethicon, Inc.*,
  No. 13-22473, 2014 U.S. Dist. LEXIS 164617 (S.D. W. Va. Nov. 24, 2014) ......................... 9

*Berg Chilling Sys., Inc. v. Hull Corp.*,
  435 F.3d 455 (3d Cir. 2006) ......................................................................................... 8

*Bryant v. Wyeth*,
  879 F. Supp. 2d 1214 (W.D. Wash. 2012) .............................................................. 11

*Cagle v. James St. Grp.*,
  400 F. App'x 348 (10th Cir. 2010) ............................................................................ 9

*Chubb Nat'l Ins. Co. v. Watts Regulator Co.*,
  258 F. Supp. 3d 212 (D. Mass. 2017) ....................................................................... 7

*Clawans v. United States*,
  75 F. Supp. 2d 368 (D.N.J. 1999) ...................................................................... 8, 9

*Cruz v. Ford Motor Co.*,
  435 F. Supp. 2d 701 (W.D. Tenn. 2006) .......................................................... 9, 10

*Danziger v. Ford Motor Co.*,
  402 F. Supp. 2d 236 (D.D.C. 2005) ....................................................................... 15

*Dean v. Raytheon Corp.*,
  399 F. Supp. 2d 27 (D. Mass. 2005) ......................................................... 10, 14, 17

*Dobelle v. Nat'l R.R. Passenger Corp.*,
  628 F. Supp. 1518 (S.D.N.Y. 1986) ...................................................................... 14

*Duncan v. Stuetzle*,
  76 F.3d 1480 (9th Cir. 1996) ................................................................................. 18

*Ellerton v. Ellerton*,
  745 F. Supp. 2d 458 (D. Vt. 2010) ......................................................................... 8

*Erickson v. Pharmacia LLC*,
  548 P.3d 226 (Wash. Ct. App. 2024) ..................................................................... 11

*Fanselow v. Rice*,
    213 F. Supp. 2d 1077 (D. Neb. 2002) ............................................................. 13, 14

*Foster v. United Airlines, Inc.*,
    No. 19-02530, 2023 U.S. Dist. LEXIS 71993 (N.D. Cal. Apr. 25, 2023) ............................. 13

*Freedom Mortg. Corp. v. LoanCare, LLC*,
    No. 16-02569, 2023 U.S. Dist. LEXIS 115678 (D.N.J. July 6, 2023) ................. 7, 12, 16, 17

*Gilliland v. Novartis Pharms. Corp.*,
    33 F. Supp. 3d 1060 (S.D. Iowa 2014) ..................................................................... 9

*Guenther v. Novartis Pharms. Corp.*,
    No. 08-456, 2013 U.S. Dist. LEXIS 43518 (M.D. Fla. Mar. 27, 2013) ................................. 9

*Heartland Payment Sys., LLC v. Carr*,
    No. 18-9764, 2020 U.S. Dist. LEXIS 267681 (D.N.J. Dec. 28, 2020) .................................. 8

*Hersh v. CKE Rest. Holdings, Inc.*,
    571 F. Supp. 3d 1046 (E.D. Mo. 2021) ................................................... 9, 10, 14, 16

*In re Disaster at Detroit Metro. Airport on August 16*,
    750 F. Supp. 793 (E.D. Mich. 1989) .................................................................. 14, 15

*In re Educ. Testing Serv. Praxis Principles of Learning & Teaching: Grades 7-12 Litig.*,
    517 F. Supp. 2d 832 (E.D. La. 2007) ..................................................................... 9

*In re Future Motion, Inc. Prods. Liab. Litig.*,
    No. 23-03087, 2024 U.S. Dist. LEXIS 115933 (N.D. Cal. July 1, 2024) ................. 12, 13, 16

*Johnson v. Ford Motor Co.*,
    35 Cal. 4th 1191, 113 P.3d 82 (2005) ................................................................ 12

*Judge v. Am. Motors Corp.*,
    908 F.2d 1565 (11th Cir. 1990) ........................................................................ 8

*Kepas v. eBay*,
    412 F. App'x 40, 42 (10th Cir. 2010) ................................................................ 4, 5

*Keyes v. VIP, Inc.*,
    No. 21-10577, 2022 U.S. Dist. LEXIS 138642 (D. Mass. Aug. 4, 2022) ............................. 6

*Kirchman v. Novartis Pharms. Corp.*,
    No. 06-1787, 2014 U.S. Dist. LEXIS 81526 (M.D. Fla. June 16, 2014) ............................. 10

*Kleronomos v. Aim Transfer & Storage Inc.*,
    No. 19-01844, 2021 U.S. Dist. LEXIS 76049 (N.D. Ill. Apr. 20, 2021) ............................. 13

*Krause v. Novartis Pharms. Corps.*,
  926 F. Supp. 2d 1306 (N.D. Fla. 2013) .................................................. 17

*L.A. Cty. Metro. Transp. Auth. v. Superior Court*,
  123 Cal. App. 4th 261 (2004) .............................................................. 19

*La Plante v. American Honda Motor Co., Inc.*,
  27 F.3d 731 (1st Cir. 1994) ................................................................... 7

*Leonard v. Air Evac EMS, Inc.*,
  No. 06-202, 2006 U.S. Dist. LEXIS 109067, (E.D. Mo. Oct. 10, 2006) ............... 16

*Lou v. Otis Elevator Co.*,
  77 Mass. App. Ct. 571 (2010) ................................................................ 6

*Morris v. Nuzzo*,
  718 F.3d 660 (7th Cir. 2013) ................................................................. 9

*In re "Agent Orange" Prod. Liab. Litig.*,
  580 F. Supp. 690 (E.D.N.Y. 1984) ........................................................ 10

*Pruco Life Ins. Co. v. Wilmington Trust Co.*,
  721 F.3d 1 (1st Cir. 2013) ..................................................................... 4

*Putnam Res. v. Pateman*,
  958 F.2d 448 (1st Cir. 1992) .............................................................. 7, 8

*Robidoux v. Muholland*,
  642 F.3d 20 (1st Cir. 2011) ................................................................ 6, 7

*Rodriguez v. GE*,
  No. 17-3351, 2021 Mass. Super. LEXIS 476 (Nov. 18, 2021) ............... 6, 10, 11, 17

*Sanchez v. Bos. Sci. Corp.*,
  38 F. Supp. 3d 727 (S.D. W. Va. 2014) ................................................ 13

*Sanders v. Walsh*,
  219 Cal. App. 4th 855 (2013) ............................................................. 18

*Schanafelt v. Seaboard Fin. Co.*,
  108 Cal. App. 2d 420, 239 P.2d 42 (1951) ............................................ 18

*Scott v. Ford Motor Co.*,
  224 Cal. App. 4th 1492 (2014) ......................................................... 11, 12

*Simon v. San Paolo U.S. Holding Co.*,
  35 Cal. 4th 1159, 113 P.3d 63 (Cal. 2005) ............................................ 11

*Singh v. Edwards Lifesciences Corp.*,
  151 Wash. App. 137, 210 P.3d 337 (2009) ............................................ 11

*Siva v. Gen. Tire & Rubber Co.*,
    146 Cal. App. 3d 152 (1983) ............................................................ 18

*Smith v. I-Flow Corp.*,
    753 F. Supp. 2d 744 (N.D. Ill. 2010) .......................................... 13, 14

*Stathis v. Nat'l Car Rental Sys., Inc.*,
    109 F. Supp. 2d 55 (D. Mass. 2000) ................................................ 6, 7

*Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*,
    14 Cal. App. 4th 637 (Ct. App. 1993) ............................................... 11

*Susman v. Goodyear Tire & Rubber Co.*,
    No. 18-127, 2019 U.S. Dist. LEXIS 176468 (D. Neb. Oct. 10, 2019) .................... 9

*Talley v. Novartis Pharms. Corp.*,
    No. 08-361, 2011 U.S. Dist. LEXIS 70201 (W.D.N.C. June 27, 2011) ............... 9, 17

*Thelen v. Somatics, LLC*,
    No. 20-1724, 2021 U.S. Dist. LEXIS 36274 (M.D. Fla. Feb. 26, 2021) ........... 15, 16

*Triplett-Hill v. Williams*,
    No. 16-06196, 2022 U.S. Dist. LEXIS 249988 (C.D. Cal. Dec. 5, 2022) ............. 11

*TVI, Inc. v. Harmony Enters.*,
    No. 18-1461, 2019 U.S. Dist. LEXIS 126928 (W.D. Wash. July 30, 2019) ........... 11

*United States v. Baugh and Harville*,
    588 F. Supp. 3d 140 (D. Mass. 2022) ................................................. 1

*Viscito v. Nat'l Planning Corp.*,
    34 F.4th 78 (1st Cir. 2022) ............................................................ 5

## **Statutes**

Cal. Civ. Code § 3294 ............................................................... 11, 18

Restatement 2d of Conflict of Laws §6 ........................................ 6, 14, 16

Restatement 2d of Conflict of Laws §145 ....................................... *passim*

## I.      INTRODUCTION

Ina and David Steiner are the victims in a now infamous 2019 cyberstalking case. As the Court stated in its Dec. 12, 2023 Order denying Defendants' motion to dismiss, "[t]he facts of this case are now well-known." Dkt. No. 309 (citing *United States v. Baugh and Harville*, 588 F. Supp. 3d 140, 143-45 (D. Mass. 2022) (summarizing facts as alleged in the indictment against defendants Jim Baugh and David Harville)). It is undisputed that the Steiners were the victims of Defendants' months-long harassment and intimidation scheme that inflicted profound emotional and economic harm upon them, resulting in permanent psychological damage. *See United State of America v. eBay Inc.*, 24-10003 (D. Mass, Jan. 11, 2024); Dkt. No. 1 and 3. Defendants engaged in a campaign to stalk and threaten to kill the Steiners. *Id.* The abhorrent conduct by Defendants was meant to eliminate what eBay's CEO believed was the Steiners' negative reporting on eBay. What began as an entrepreneurial e-commerce venture devolved into a nightmare.

Given its importance to this litigation, on July 18, 2024, this Court allowed Plaintiffs the opportunity to bring a partial summary judgment motion to determine whether they may seek punitive damages under California law for the remaining claims for which punitive damages are available. Punitive damages *are* available under California law for many of Plaintiffs' remaining claims given that the egregious conduct directed by eBay's Chief Executive Officer and sanctioned by eBay was hatched, planned, sanctioned, and directed from California.[1] Proof marshalled by Plaintiffs (including Defendants' own admissions) already establish the complete failure of senior leadership at eBay and the unethical illegal actions they took in California.

---

[1] Under California law, punitive damages are available for Plaintiffs' claims for (1) Intentional Infliction of Emotional Distress (Count I); (2) Defamation (Count X); (3) Civil Conspiracy (Count XIII); (4) Ratification (Count XIV); (5) Trespass (Count XI); (6) False Imprisonment (Count XII); and (7) Massachusetts Civil Rights Act (MCRA) (Count IX)

While Massachusetts law applies in determining Defendants' liability and compensatory damages, pursuant to the doctrine of depecage, California law applies to the avalability of punitive damages. Applying the principles of depecage, courts routinely apply different states' laws to different issues pertaining to the same claim, depending on which state has the dominant interest to a particular issue. Here, California has the dominant interest in having its law of punitive damages applied. California has an obvious interest in regulating the conduct of corporations and individuals from within its territory. By comparison, Massachusetts lacks any identifiable interest in shielding non-domicillaries from punishment for abhorrent conduct, particularly when it is against citizens of the Commonwealth. Moreover, because punitive damages are conduct-regulating, the general rule is that the law of the jurisdiction where the conduct occurred governs the applicability of punitive damages.

Defendants should not be allowed to escape civil punishment, in the form of punitive damages, for the underlying criminal acts they committed. Given that employment agreements between Defendants had a California choice of law provision and eBay's still current Terms of Use similar select application of California law, application of California law to punitive damages would also directly comport with the expectations of the parties. These are exactly the circumstances that punitive damages were designed to address. When engaging in similar choice of law analyses (for conduct far less egregious), courts regularly employ the law of punitive damages for the state in which the conduct causing the injury occurred. Here, California has a significant interest in punishing and deterring malicious, oppressive, and fraudulent conduct within its borders. If the interests of the parties, the states involved, and the interstate system as a whole are to be considered and respected, California law must apply to the issue of punitive damages.

Plaintiffs respectfully request that the Court grant Plaintiffs' motion for partial summary judgment and find that they may seek punitive damages under California law.

## II.   FACTUAL BACKGROUND

As this Court recognized in its decision on the motion to dismiss, Plaintiffs allege that "Defendants engaged in countless [] bewildering, harassing and tortious acts from California." Dkt. No. 309 at 23. The Court further recognized that "online messages may have been sent from California, and even with planning and facilitating occurring there as well." There is no material dispute that all of Defendants' tortious acts emanated from California.

(1) Defendant eBay's principal place of business is in San Jose, California;

(2) Baugh was the Senior Director of Safety and Security at eBay in California;

(3) Harville was the Director of Global Resiliency at eBay in California;

(4) The five other eBay employees that were involved were all eBay employees in California: Stephanie Popp, eBay's Senior Manager of Global Intelligence; Stephanie Stockwell, the manager of eBay's Global Intelligence Center ("GIC"); Veronica Zea, an eBay contractor who worked as an intelligence analyst in the GIC; Brian Gilbert, a Senior Manager of Special Operations for eBay's Global Security Team; and Philip Cooke, a supervisor of security operations for eBay's Global Security Team;

(5) The directions to travel from California to Massachusetts to commit harassing and tortious acts against Plaintiffs occurred in California;

(6) Baugh, Harville, Zea, Gilbert, and Popp met in California to plan the trip to Boston to surveil the Plaintiffs and install a GPS tracking device on their car;

(7) Defendants, including but not limited to Baugh, Harville and Zea, practiced installing a tracking device on a similar vehicle in California in an eBay parking lot;

(8) Defendants who remained in California continued with the online threats;

(9) Popp, who remained in California, monitored the police dispatch to alert the other Defendants of any police detection;

(10) Baugh directed the Defendants who remained in California, including but not limited to Defendants Popp, Stockwell, Gilbert and Cooke, to continue to carry out the conspiracy to intimidate, threaten to torture, and harass and silence the Steiners by sending more threatening deliveries;

(11) On or about August 8, 2019, Zea and a GIC analyst purchased prepaid debit cards with cash at a Santa Clara, California supermarket;

(12) Baugh told eBay's internal investigators in California that his team was not responsible for the messages and deliveries;

(13) Harville falsely told eBay investigators in California that he did not know whether Zea had gone to Natick and that he had not worked on a matter involving the Plaintiffs;

(14) Baugh, Harville, and others deleted and attempted to delete data from their mobile phones that contained evidence of their alleged wrongdoing, including WhatsApp messages, from within California;

(15) eBay admits that on or about August 6, 2019, Stockwell purchased a laptop computer at a Best Buy store in San Jose, California for use in the harassment and intimidation campaign.[2]

Standard employment agreements between eBay and its employees are governed by the laws of the State of California as are eBay's separation agreements with its employees.[3] Furthermore, eBay's Terms of Use, in effect since October 9, 2009, state "[t]his agreement is governed by the laws of the State of California as they apply to agreements entered into and to be

---

[2] These are all admitted facts contained in eBay's Answer (Dkt. No. 320) and the Deferred Prosecution Agreement (*see United States v. eBay Inc.*, 24-10003 (D. Mass 2024) Dkt. No. 1 and 3). These facts can be considered by the Court on this motion for summary judgment. *See, e.g., Pruco Life Ins. Co. v. Wilmington Trust Co.*, 721 F.3d 1, 11 (1st Cir. 2013).

[3] "This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of California." Kepas v. eBay, 412 F. App'x 40, 42 (10th Cir. 2010); and https://www.sec.gov/Archives/edgar/data/1065088/000119312519254832/d806459dex101.htm Wenig Separation Agreement referencing previously entered into Mutual Arbitration Agreement (last visited July 25, 2024, at 11:40 am).

performed entirely within California between California residents, without regard to conflict of law provisions."[4]

Highlighting the significance of conduct that occurred in California to the adjudication of this case is the June 12, 2024, joint letter submitted to the Court by Defendant Wymer and eBay. In the letter, Defendant Wymer sought permission to inspect areas on eBay's campus where he and other executives worked, and the physically distant areas where Defendant Baugh planned the crimes. Dkt. No. 404. Defendant Wymer stated that "the physical layout of eBay's campus is highly relevant" and that on the eBay campus was a "security nerve center where Baugh and his co-conspirators planned their harassment campaign." *Id.* "Baugh groomed and directed his underlings in eBay's secluded Global Security Operations Center, which one co-conspirator has described as a set of windowless rooms filled with fluorescent lights and dozens of screens." *Id.* (citing *U.S. v. Gilbert et al.*, No. 1:20-cr10098-WGY, Dkt. 103-1 p. 3 (D. Mass. Oct. 21, 2022)). In the same letter, eBay admits the existence of the "Global Intelligence Center and Global Security Operations Center, which are alleged to be where the Criminal Defendants planned, executed, and concealed" the Criminal Conduct, as well as the offices of the executive leadership team. *Id.* The Court granted Defendant Wymer's motion to inspect the campus. Dkt. No. 405.

## III.    ARGUMENT

### A.    <u>Legal Standard For The Choice Of Law For Punitive Damages.</u>

Federal courts sitting in diversity apply the choice of law rules of the state in which they sit. *Viscito v. Nat'l Planning Corp.*, 34 F.4th 78, 83 (1st Cir. 2022). "Massachusetts follows a functional choice of law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole" to determine the state with the most significant relationship

---

[4] https://www.ebayinc.com/terms-of-use/ (last visited July 25, 2024 at 11:40 am).

to the claim or issue. Massachusetts courts focus on Section 6 of the Restatement listing the following factors as relevant to choice of law decisions: (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result, and; (g) ease in the determination and application of the law to be applied." *Id. See also Robidoux v. Muholland*, 642 F.3d 20, 25 (1st Cir. 2011); *Lou v. Otis Elevator Co.*, 77 Mass. App. Ct. 571, 583 (2010).

In balancing the Section 6 factors, courts also consider: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Robidoux*, 642 F.3d 20, 25 (1st Cir. 2011); *Keyes v. VIP, Inc.*, 2022 U.S. Dist. LEXIS 138642, at *8-9 (D. Mass. Aug. 4, 2022) (citing Restatement 2d of Conflict of Laws, § 145). The *Keyes* court explained that "policies, including 'the deterrence of tortious conduct and the provision of compensation for the injured victim,'" inform the choice of law analysis of tort claims. *Id.* (*citing* Restatement, § 145 cmt. b). Furthermore, "a state has an obvious interest in regulating the conduct of persons within its territory." *Rodriguez v. GE*, 2021 Mass. Super. LEXIS 476, at *10 (Mass. Super. Ct. Nov. 18, 2021) (quoting Restatement 2d of Conflict of Laws §145, cmt. d).

It is well settled that the laws of different states may apply to different claims in the same action and different issues pertaining to a single claim. This is because different states may have dominant interests with respect to different aspects of the same claim. *See Stathis v. Nat'l Car Rental Sys., Inc.*, 109 F. Supp. 2d 55, 56 (D. Mass. 2000) ("[D]ifferent law could apply to different

aspects of a case, depending on which state has the dominant interest in its resolution"). Courts "are not bound to decide all issues under the local law of a single state"; rather, "[e]ach issue is to receive separate consideration if it is one which would be resolved differently under the local law rule of two or more of the potentially interested states." Restatement (Second) of Conflict of Laws § 145 cmt. d (1971). *See also Robidoux*, 642 F.3d at 26; *Chubb Nat'l Ins. Co. v. Watts Regulator Co.*, 258 F. Supp. 3d 212, 216 (D. Mass. 2017) ("[C]ourts have long recognized that they are not bound to decide all issues under the local law of a single state.").

The inquiry is not a numbers game, rather an evaluation of these factors based on relative importance with respect to the particular issue. *See* Restatement (Second) of Conflict of Laws § 145(2)(a). "Because the 'particular issue' here is punitive damages, the place where the conduct occurred has peculiar significance." *Freedom Mortg. Corp. v. LoanCare*, LLC, 2023 U.S. Dist. LEXIS 115678, at *9 (D.N.J. July 6, 2023) (citing Restatement (Second) § 145 cmt. e.).

**B.      The Doctrine Of Depecage And The
          Applicability Of California Law To The Issue Of Punitive Damages.**

As the First Circuit recognizes, under depecage, different substantive issues in a tort case may be resolved under the laws of different states. *See La Plante v. American Honda Motor Co., Inc.*, 27 F.3d 731, 741 (1st Cir. 1994) (holding that under the doctrine of depecage, the Court could apply one law to measure compensatory damages and another the substantive rules of liability).

In *La Plante*, 27 F.3d at 741, the defendant argued that Colorado law applied to damages and Rhode Island law applied to liability. The First Circuit held that "[t]here is no reason that this cannot be done. Under the doctrine of depecage, different substantive issues in a tort case may be resolved under the laws of different states where the choices influencing decisions differ." *Id. See also Putnam Res. v. Pateman*, 958 F.2d 448, 465 (1st Cir. 1992) ("[D]epecage erects the

7

framework under which different issues in a single case, arising out of a common nucleus of operative facts, may be decided according to the substantive law of different states.").

Courts thus routinely decide liability and damages issues according to the laws of different states. *See Barrett v. Ambient Pressure Diving, Ltd.*, 2008 U.S. Dist. LEXIS 96075, at *2 (D.N.H. Nov. 17, 2008) ("While it might seem strange to apply the law of one jurisdiction to resolve liability issues, and the law of another to resolve damages claims (called 'depecage'), the application of different states' laws to different issues is not uncommon.") (citations omitted); *Ellerton v. Ellerton*, 745 F. Supp. 2d 458, 465 (D. Vt. 2010).

Accordingly, courts repeatedly recognize that "[w]hether a party is entitled to punitive damages is distinct from the choice of law question related to liability and must be analyzed separately." *Heartland Payment Sys., LLC v. Carr*, 2020 U.S. Dist. LEXIS 267681, at *2 (D.N.J. Dec. 28, 2020). Applying a separate choice of law analysis to the issue of punitive damages often results in the application of a different states' law from the law applicable to substantive liability. Under the doctrine, "[b]ecause choice of law analysis is issue-specific, different states' laws may apply to different issues in a single case." *Allegheny Plant Servs., Inc. v. Carolina Cas. Ins. Co.*, 2016 WL 1070671, at *7 (D.N.J. Mar. 17, 2016) (quoting *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006)); *see also Judge v. Am. Motors Corp.*, 908 F.2d 1565, 1571 n.6 (11th Cir. 1990) ("[T]he fact that one state has the greatest interest in applying its punitive damage rule to a particular dispute does not necessarily mean that the same state will have the greatest interest in applying its compensatory damage rule."); *Clawans v. United States*, 75 F. Supp. 2d 368, 373-75 (D.N.J. 1999) (applying Maryland law to fault apportionment but New Jersey law to damages because "New Jersey has the greatest interest in and the most significant relationship to,

the issue of damages").[5] Applying these principles here, California has an overwhelming interest

in having its laws apply to the issue of punitive damages.

**C.      The State Where The Conduct Causing**
**         The Injury Occurred Has The Dominant Interest**
**         <u>In The Application Of Its Laws On The Issue of Punitive Damages.</u>**

Because "punitive damages are conduct-regulating," the general rule is that "the law of

the jurisdiction where the conduct occurred should" govern. *See Guenther v. Novartis Pharms.*

*Corp.*, 2013 U.S. Dist. LEXIS 43518, at *2 (M.D. Fla. Mar. 27, 2013); *see also In re Educ. Testing*

*Serv. Praxis Principles of Learning & Teaching: Grades 7-12 Litig.*, 517 F. Supp. 2d 832, 852

(E.D. La. 2007); *Gilliland v. Novartis Pharms. Corp.*, 33 F. Supp. 3d 1060, 1064 (S.D. Iowa 2014);

*Cruz v. Ford Motor Co.*, 435 F. Supp. 2d 701, 703-06 (W.D. Tenn. 2006).

As the Restatement sets forth, when the primary purpose "is to deter or punish misconduct,

. . . the state where the conduct took place may be the state of dominant interest and thus that of

most significant relationship." *Cruz*, 435 F. Supp. 2d at 706 (W.D. Tenn. 2006) (quoting

Restatement (Second) of Conflict of Laws § 145 cmt. c).[6] Some courts have even found this to be

a "dispositive factor." *Talley v. Novartis Pharms. Corp.*, 2011 U.S. Dist. LEXIS 70201, at *10

(W.D.N.C. June 27, 2011) ("[T]he dispositive factor for punitive damages is where the alleged

conduct causing the injury occurred."); *Hersh v. CKE Rest. Holdings, Inc.*, 571 F. Supp. 3d 1046,

---

[5] In conducting the choice of law analysis, courts do not always specifically reference depecage, but the analysis and the underlying principles remain the same and are equally applicable. *See Guenther*, 2013 U.S. Dist. LEXIS 43518, at *2 (holding that Florida law applied to liability and New Jersey Law to punitive damages, noting that "although the word 'dépeçage' is a "stranger to Florida law," the concept it represents is not.").

[6] *See also Morris v. Nuzzo*, 718 F.3d 660, 674 (7th Cir. 2013); (same); *Cagle v. James St. Grp.*, 400 F. App'x 348, 358 (10th Cir. 2010) (same); *Susman v. Goodyear Tire & Rubber Co.*, 2019 U.S. Dist. LEXIS 176468, at *23 (D. Neb. Oct. 10, 2019) (same); *Bellew v. Ethicon, Inc.*, 2014 U.S. Dist. LEXIS 164617, at *7 (S.D. W. Va. Nov. 24, 2014) (same); *Guenther*, 2013 U.S. Dist. LEXIS 43518, at *6 (same).

1054 (E.D. Mo. 2021) ("[M]any courts applying the most-significant-relationship test to the issue of punitive damages have found that the place where the conduct occurred controls.")

Thus, when punitive damages are at play, "the States with the most significant interests are those in which the conduct occurred and in which the principal place of business and place of incorporation of defendant are located." *Keene Corp. v. Ins. Co. of N. Am.*, 597 F. Supp. 934, 938 (D.D.C. 1984) (citing Restatement (Second) of Conflict of Laws § 145 cmts. c-e)); *see also Aguirre Cruz*, 435 F. Supp. 2d at 707 (ruling where plaintiff sought punitive damages for vehicle's defective design, manufacture, construction, and assembly, the state's law where defendant designed the vehicle and "the corporate decisions" on the design, manufacture, distribution, and marketing of the vehicle would apply); *In Kirchman v. Novartis Pharms. Corp.*, 2014 U.S. Dist. LEXIS 81526, at *7-8 (M.D. Fla. June 16, 2014); *In re "Agent Orange" Prod. Liab. Litig.*, 580 F. Supp. 690, 705-706 (E.D.N.Y. 1984) ("[T]he only jurisdictions concerned with punitive damages are those … with whom the defendants have contacts significant for choice of law purposes.").

This Court recognized these well-established choice of law principles in *Dean v. Raytheon Corp.*, 399 F. Supp. 2d 27, 33 (D. Mass. 2005), holding that "[m]any courts have held that the state of the injury and of the alleged wrongful conduct has a more significant relationship to the issue of punitive damages than does the state of plaintiff's domicile." *Id*. After recognizing that "domiciliary state's interest in the issue of punitive damages is generally regarded as weaker than its interest in compensatory damages," this Court held that Massachusetts law applied because "Massachusetts has a strong interest in punishing companies for improper maintenance and repair of airplanes in its airports, as well as the protection of employers from excessive financial liability. Those interests outweigh the interests of Texas [plaintiff's domicile] in the determination of the availability of punitive damages." *Id. See also Rodriguez*, 2021 Mass. Super. LEXIS 476, at *11-

12 (applying Massachusetts law because Mexican law would frustrate the deterrent goals of

Massachusetts tort law by limiting the amount defendants must pay to compensate plaintiffs).[7]

Applying the above principles, California has an obvious interest in applying its punitive

damages law. California's punitive damages law serves the important purposes of punishing and

deterring harmful conduct. *See* Cal. Civ. Code § 3294(a) (punitive damages recoverable "for the

sake of example and by way of punishing the defendant").[8] California has long expressed its policy

---

[7] The result would be the same under California law. In *Scott v. Ford Motor Co.*, 224 Cal. App. 4th 1492, 1494 (2014), the California Superior Court held that the trial court erred in applying Michigan law, which does not permit punitive damages unless specifically authorized by statute. Applying California's conflict of laws analysis, the court concluded that Michigan courts had no interest in seeing its policy against punitive damages applied in the courts of California, which follows a contrary principle in allowing punitive damages under Civ. Code, § 3294. Likewise, Massachusetts has no interest in seeing its policy on punitive damages applied in California courts or to tortious conducts of business within the state of California. *See TVI, Inc. v. Harmony Enters.*, 2019 U.S. Dist. LEXIS 126928, at *8 (W.D. Wash. July 30, 2019) ("Minnesota has strong public policy and governmental interests in enforcing its punitive damages rules against those whose conduct within its borders merits the imposition of such sanctions, whereas Washington does not have a readily-discernable interest in protecting such entities."); *Erickson v. Pharmacia LLC*, 548 P.3d 226, 248 (Wash. Ct. App. 2024) ("Missouri—has an interest in deterring the unlawful conduct that caused the injury, particularly when the alleged tortfeasor has its place of business there. Washington does not have an interest in protecting Missouri companies that engage in injury-causing conduct."); *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1225 (W.D. Wash. 2012) ("in the context of punitive damages it is clear that the *defendant* is the focus of the analysis, the Court finds that the location of the conduct causing harm is the most significant contact and outweighs the other contacts.") (emphasis in original); *Singh v. Edwards Lifesciences Corp.*, 151 Wash. App. 137, 147-48, 210 P.3d 337, 342 (2009) ("Washington has no interest in protecting companies who commit fraud. The conduct that serves as the basis of the punitive damage award here occurred in California and that state has an interest in deterring its corporations from engaging in such fraudulent conduct.").

[8] *Simon v. San Paolo U.S. Holding Co.*, 35 Cal. 4th 1159, 113 P.3d 63, 80 (Cal. 2005) (interest in "punishing [defendant's conduct] and deterring its repetition"); *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal. App. 4th 637 (Ct. App. 1993) ("California's paramount interest is in protecting its residents by deterring tortfeasors"); *Triplett-Hill v. Williams*, 2022 U.S. Dist. LEXIS 249988, at *20 (C.D. Cal. Dec. 5, 2022) ("Punitive damages may be imposed under state

desire "to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and other from similar extreme conduct." *Scott*, 224 Cal. App. 4th at 1504. In that regard "California has long endorsed the use of punitive damages to deter continuation or limitations of a corporation's course of wrongful conduct" *Id. See also Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 414, 113 P.3d 82, 93 (2005).

Just last year, the court in *Freedom Mortg. Corp. v. LoanCare, LLC*, 2023 U.S. Dist. LEXIS 115678, at *9 (D.N.J. July 6, 2023) was presented with the identical issue presently before this Court in the same procedural posture. The matter came to the court "rais[ing] questions over which states' punitive damages law applies" so the court resolved "this choice of law question now to prevent any delay of the impending trial. *Id*. The court held:

> 'Because the "particular issue" here is punitive damages, 'the place where the conduct occurred has peculiar significance.' *Id.* § 145 cmt. e. Indeed, if the tort rule's primary purpose "is to deter or punish misconduct" — the crux of punitive damages — 'the state where the conduct took place may be the state of dominant interest and thus that of most significant relationship.' *Id.* § 145 cmt. c. Thus, when punitive damages are at play, 'the States with the most significant interests are those in which the conduct occurred and in which the principal place of business and place of incorporation of defendant are located.'

(citations omitted). In applying New Jersey law to the issue of punitive damages, the court held that "[s]ince the location of the wrongdoer's conduct, principal place of business, and incorporation state are 'critical contacts' for a punitive damage choice of law inquiry, and because those contacts point to New Jersey here, New Jersey has the most significant relationship" to the punitive damages claim and New Jersey law applies. *Id. See also Young v. Future Motion, Inc. (In re Future Motion, Inc. Prods. Liab. Litig.)*, 2024 U.S. Dist. LEXIS 115933, at *28 (N.D. Cal. July 1, 2024) (permitting the plaintiffs' motion to amend to add a request for punitive damages under

---

law to further a state's legitimate interests in punishing unlawful conduct and deterring its repetition.").

California law when the conduct occurred in California because California "has a greater interest in deterring or punishing egregious conduct than any interest Washington might have in protecting companies based in other states that commit egregious conduct."). The same is true under Massachusetts law. *See Sanchez v. Bos. Sci. Corp.*, 38 F. Supp. 3d 727, 740 (S.D. W. Va. 2014).

The analysis in *Fanselow v. Rice*, 213 F. Supp. 2d 1077 (D. Neb. 2002) is also instructive. *Fanselow* involved a commercial vehicle that struck a passenger in Nebraska. The defendants were domiciled in other states. The plaintiffs in *Fanselow* argued that the law where the defendants were domiciled should apply to permit punitive damages. The court agreed, holding that Nebraska had less interest than other states in protecting out of state defendants from punitive consequences of negligent behavior. *Id. Foster v. United Airlines, Inc.*, 2023 U.S. Dist. LEXIS 71993, at *14 (N.D. Cal. Apr. 25, 2023) reached the same conclusion. In *Foster*, the injury occurred in Louisiana, but in applying California law for punitive damages, the Court held that "Louisiana's limitations on punitive damages do not include shielding non-domiciliaries or limiting their liability for business conducted in the state." *Id.*

*Kleronomos v. Aim Transfer & Storage Inc.*, 2021 U.S. Dist. LEXIS 76049, at *1 (N.D. Ill. Apr. 20, 2021) is also on point. An Illinois plaintiff brought a personal injury suit against a Wisconsin trucking company and its truck driver. *Id.* The court held that while Illinois law would govern whether negligence occurred, for purposes of punitive damages, Wisconsin had the greater interest in sanctioning its corporation's alleged willful and wanton actions, because the location of the conduct that caused the injury was primarily the company's headquarters in Wisconsin. *Id. See also Smith v. I-Flow Corp.*, 753 F. Supp. 2d 744, 749 (N.D. Ill. 2010) ("The Court concludes that the interest of the state where I-Flow is headquartered in regulating the conduct of its resident corporations far outweighs whatever interest Michigan may have in protecting non-resident

corporations against excessive liability. California has a significant greater interest than Michigan in deciding whether to punish a tortfeasor that operates, and engaged in the allegedly wrongful conduct, within California's boundaries."); *Hersh v. CKE Rest. Holdings, Inc.*, 571 F. Supp. 3d 1046, 1054 (E.D. Mo. 2021) (same).

California has an overwhelming interest in applying its punitive damages law, which serves the important purposes of punishing and deterring harmful conduct. Massachusetts on the other hand, has no interest in protecting egregious conduct of non-domiciliary defendants. Defendants are bad actors and either participated in or turned a blind eye to egregious conduct. Punitive damages is the only vehicle to deter such similar activities from happening in the future. Application of Massachusetts functional choice of law approach that responds to the interest of the parties, the states involved, and the interstate system as a whole, dictates the application of California law to the issue of punitive damages.

As this Court held in *Dean*, "[u]nder § 6 of the Restatement, respect should be given to a policy decision of the state of the alleged misconduct as to when to permit punitive damage." *Dean*, 399 F. Supp. 2d at 33. Accordingly, applying Massachusetts choice of law principles leads to only one conclusion: punitive damages are available to Plaintiffs under California law.

**D.** **Plaintiffs' Domicile Is Of Little Relevance To**
   **A Choice Of Law Analysis On The Issue Of Punitive Damages.**

As it relates to punitive damages, courts regularly hold that a plaintiff's domicile is irrelevant. *Fanselow*, 213 F. Supp. 2d at 1084 (D. Neb. 2002) (finding that the only jurisdictions with interests in punitive damages are those with whom defendants have significant contacts); *Dobelle v. Nat'l R.R. Passenger Corp.*, 628 F. Supp. 1518, 1528-29 (S.D.N.Y. 1986) ("[T]he interest of plaintiff's domicile has little relevance since punitive damages are designed to punish a defendant, not to compensate a plaintiff"); *In re Disaster at Detroit Metro. Airport on August 16,*

14

*1987*, 750 F. Supp. 793, 805 (E.D. Mich. 1989) ("[T]he domicile or residence of the plaintiff is not relevant to an evaluation of the choice of law issues concerning punitive damages because the decision by a state on whether to allow punitive damages focuses solely on corporate regulatory versus corporate protective policies"); *Danziger v. Ford Motor Co.*, 402 F. Supp. 2d 236, 239 (D.D.C. 2005) (the state where purchase was made and accident occurred "is interested in their compensatory recoveries but not punitive damages.").

In *Bank Saderat Iran v. Telegen Corp.*, 30 F. App'x 741, 743 (9th Cir. 2002), the Ninth Circuit also faced a scenario similar to the one before this Court. There, the court held that California law applied to liability, but New York law applied to punitive damages. The court concluded that "California, the plaintiffs' resident state, may be presumed not to have any interest in applying its heightened limitation on damages to protect the New York defendants in this case." *Id.* The court continued that, "[i]n contrast, New York has an interest in deterring its attorneys from future misconduct by applying its more plaintiff-friendly law. Only New York, therefore, has an interest in applying its law." *Id*. The same holds true here.

The decision in *Thelen v. Somatics*, LLC, 2021 U.S. Dist. LEXIS 36274, at *10 (M.D. Fla. Feb. 26, 2021) similarly supports Plaintiffs' position. In *Thelen*, the court was tasked with deciding whether to apply Florida law on punitive damages, which is "designed to punish the tortfeasor and deter wrongful conduct" versus Nebraska law which does not provide for punitive damages. *Id.* There, the injury occurred in Nebraska, the plaintiff was a Nebraska resident, and the relationship between the parties was centered in Nebraska. *Id*. The court nevertheless applied Florida law on punitive damages because the defendant was a Florida corporation and the actions for which the plaintiff sought punitive damages occurred in the defendant's headquarters in Florida. *Id.* These facts and "that Florida's punitive damages law is intended to punish misconduct" lead the court to

15

conclude that these considerations "weigh[ed] heavily in favor of the application of Florida law to the punitive damages claim." *Id*.

*Leonard v. Air Evac EMS, Inc.*, 2006 U.S. Dist. LEXIS 109067, (E.D. Mo. Oct. 10, 2006) is another good example of the application of the above stated principles. In *Leonard*, the court analyzed a conflict between the laws of Missouri, which allowed punitive damages for wrongful death claims, and Indiana, which did not. Because the injury in that case occurred in Indiana and the decedent and survivors were domiciled there, the court applied Indiana law to the issue of compensatory damages. However, the court reached a different conclusion with respect to the issue of punitive damages, which "focuses on the culpable defendant, and is not intended to promote any interest the state may have with regard to an injured plaintiff." *Id*. Because the defendant operated in Missouri and allegedly made wrongful corporate decisions from there, the court applied Missouri law to the issue of punitive damages. *Id*.[9]

**E.   The Remaining Geneal Principles § 6 Of The Restatement**
**Further Support Application Of California Law To The Issue Of Punitive Damages.**

Through a focus on the location of the wrongdoer's conduct, principal place of business, and incorporation state as the critical contacts for a punitive damages choice of law inquiry because punitive damages are conduct regulating, this factor also satisfies the general principles set forth in § 6 of the Restatement (1) the interests of interstate comity; (2) the interests of the parties; (3)

---

[9] As to punitive damages, the place where the conduct that caused the injury occurred trumps this factor. *In re Future Motion, Inc. Prods. Liab. Litig.*, 2024 U.S. Dist. LEXIS 115933, at *28; *Thelen*, 2021 U.S. Dist. LEXIS 36274, at *10; *Hersh*, 571 F. Supp. 3d at 1054. The remaining Restatement § 145 factors are neutral. Plaintiffs are located in Massachusetts; Defendants are located in California; and the parties' relationship could be considered centered in either California or Massachusetts. *See Freedom Mortg.*, 2023 U.S. Dist. LEXIS 115678, at *11. In any event, those contacts deserve less weight here and since the location of the wrongful conduct and Defendants' principal place of business are critical for a punitive damage choice of law analysis and they point to California, California has the most significant interest in Plaintiffs' punitive damages claim. *Id*.

the interests underlying the field of tort law; and (4) the competing interests of the states. *See Dean*, 399 F. Supp. 2d at 33; Freedom Mortg., 2023 U.S. Dist. LEXIS 115678, at *9.

Here, Defendants would have a reasonable expectation that California law applies to punitive damages. They are located in California and the contracts between each other as well as eBay's Terms of Use specify that California applies. The court applied these principles in *Krause v. Novartis Pharms. Corps.*, 926 F. Supp. 2d 1306, 1312 (N.D. Fla. 2013). There, the court applied Florida law to compensatory damages, plaintiff's home state and the place where the injury occurred and New Jersey law to punitive damages, the place where the wrongful conduct occurred and the defendant's principal place of business. The court held that the application of the different states' laws to the distinct issues "meets the justified expectations of both and helps ensure judicial certainty, predictability, and uniformity of results in tort law." *Id. See also Rodriguez v. GE*, 2021 Mass. Super. LEXIS 476, at *10; *Talley*, 2011 U.S. Dist. LEXIS 70201, at *10.

**F.     This Court's Choice of Law Analysis Relating To Plaintiffs' Stalking Claim On The Motion To Dismiss Does Not Compel A Different Result.**

In its decision on the motion to dismiss, this Court determined that Massachusetts law applied to Plaintiffs' stalking claim. Dkt.. No. 309 at 23-24. That analysis centered on whether Defendants were liable, not damages. When a court conducts an analysis focused on liability, the law of the place where the injury occurred presumptively applies. However, as set forth above, each issue receives separate consideration and courts routinely decide liability and punitive damages according to the laws of different jurisdictions. *See infra*. Contrary to liability, where the presumption is the law of the place of the injury applies, "punitive damages are conduct-regulating," and the general rule is that "the law of the jurisdiction where the conduct occurred should" govern. *See infra.*

As such, application of California law on the issue of punitive damages for Plaintiffs' remaining claims is entirely consistent with this Court's decision applying Massachusetts law dismissing Plaintiffs' stalking claim.

**G.      Punitive Damages Are Available**
     **Under California Law For Many Of Plaintiffs' Remaining Claims.**

Whether Plaintiffs will ultimately prevail on their claim for punitive damages is a decision for the jury. But, the admitted conduct as set forth in the Deferred Prosecution Agreement plainly satisfies the malice, oppression, or fraud standard that provides for the availability of punitive damages under California law. *See* Cal. Civ. Code § 3294.

The application of these facts to Plaintiffs' remaining claims provides for the availability of punitive damages for the following remaining claims: (1) Intentional Infliction of Emotional Distress (Count I); *See Bonavida v. Smallwood*, 2023 Cal. Super. LEXIS 66212, *13 (punitive damages are available for claim of intentional infliction of emotional distress); (2) Defamation (Count X); *See Sanders v. Walsh*, 219 Cal. App. 4th 855, 856 (2013) (punitive damages awarded for defamation); (3) Civil Conspiracy (Count XIII); *See Aminpour v. Imaged*, 2018 Cal. Super. LEXIS 113356, *3 ("Punitive damages may be recovered on a civil conspiracy claim") (citing *Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996)); (4) Ratification (Count XIV); *See Siva v. Gen. Tire & Rubber Co.*, 146 Cal. App. 3d 152, 154 (1983) (punitive damages were properly awarded, based on management ratification); (5) Trespass (Count XI); *See Nash v. Etco Homes*, 2021 Cal. Super. LEXIS 14840, *1 ("Punitive damages are sufficiently pled based on the trespass claim."); (6) False Imprisonment (Count XII); *See Schanafelt v. Seaboard Fin. Co.*, 108 Cal. App. 2d 420, 422, 239 P.2d 42, 43 (1951) (affirming judgment awarding punitive damages for false imprisonment); *Lerner v. Staples Ctr.*, 2022 Cal. Super. LEXIS 37655, *3 (denying employers motion to strike punitive damages for plaintiff's false imprisonment claim); and (7) Massachusetts

Civil Rights Act (MCRA) (Count IX); *See L.A. Cty. Metro. Transp. Auth. v. Superior Court*, 123 Cal. App. 4th 261, 267 (2004) (punitive damages available under California's Civil Rights Act); *H C v. Crescent Hotels & Resorts, LLC*, 2023 Cal. Super. LEXIS 91549, *7 (same).

California law recognizes punitive damages for each of these causes of action, and pursuant to Massachusetts law governing a choice of law analysis, California law on punitive damages applies to these claims.

## IV.    CONCLUSION

As such, this Court should grant Plaintiffs' motion for partial summary judgment and hold that Plaintiffs' can pursue punitive damages for the following causes of action: (1) Intentional Infliction of Emotional Distress (Count I); (2) Defamation (Count X); (3) Civil Conspiracy (Count XIII); (4) Ratification (Count XIV); (5) Trespass (Count XI); (6) False Imprisonment (Count XII); and (7) Massachusetts Civil Rights Act (MCRA) (Count IX).


Dated: July 26, 2024                                    Respectfully submitted,

                                                        */s/Andrew G. Finkelstein*
                                                        Andrew G. Finkelstein
                                                        Brian D. Acard
                                                        Kenneth B. Fromson
                                                        Lawrence D. Lissauer
                                                        FINKELSTEIN & PARTNERS, LLP
                                                        1279 Route 300
                                                        Newburgh, NY 12551
                                                        (845) 563-9459
                                                        afinkelstein@fbfglaw.com
                                                        bacard@lawampm.com
                                                        kfromson@lawampm.com
                                                        LLissauer@lawampm.com

                                                        Marc A. Diller
                                                        DILLER LAW, LLP
                                                        50 Congress Street

Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON
& GARBER, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com

*Counsel for Ina Steiner, David Steiner and
Steiner Associates, LLC*

20