UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EBAY INC., et al., <br><br> Defendants. | Civil Action No. 21-CV-11181-PBS <br><br> Leave to File Granted <br> July 25, 2024 |

**MEMORANDUM IN SUPPORT OF DEFENDANT EBAY INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO PUNITIVE DAMAGES**

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

**INTRODUCTION**

It is undisputed that Massachusetts law governs all issues of liability and compensatory damages in this case. *See* Dkt. 419 ¶ 1. Plaintiffs nevertheless contend that California law governs the availability of punitive damages here. A wall of precedent, however, forecloses this claim. The First Circuit, this Court, and other courts in this district all have consistently rejected bids by plaintiffs, in strikingly parallel circumstances, to have punitive damages governed by the law of a state different from the state whose law governed all issues of liability and compensatory damages. The Court should apply this controlling precedent and grant eBay summary judgment that Massachusetts law governs punitive damages.

**BACKGROUND**

The operative complaint in this case ("Complaint") alleges fourteen causes of action: one claim under the Massachusetts Civil Rights Act ("MCRA"), one claim under California's stalking statute, and twelve common laws claims for, among other things, intentional infliction of emotional distress, defamation, trespass, and negligence. *See* Dkt. 176. Of these fourteen claims, Plaintiffs specifically sought punitive damages only in connection with one: the California stalking claim. *See id.* ¶¶ 427-428.

In April 2023, eBay and multiple other defendants moved to dismiss the Complaint in whole or in part. eBay, joined by several other defendants, argued that Massachusetts rather than California law governed Plaintiffs' stalking claim, and otherwise argued that certain of Plaintiffs' common law claims failed under Massachusetts law. *See generally* Dkt. 208. Plaintiffs, meanwhile, contended that California law applied to their stalking claim, but otherwise defended the sufficiency of their remaining claims under Massachusetts law. *See generally* Dkt. 221.

In December, this Court ruled on the motions to dismiss. *See* Dkt. 309. As relevant here, the Court held that Massachusetts law governs the issue of stalking and dismissed Plaintiffs'

1

California-law claim. *See id.* at 21-24. The Court based this decision on the fact that Plaintiffs' injuries "occurred primarily in Massachusetts" and "the majority of the conduct causing the injury … also occurred in Massachusetts," notwithstanding that "online messages may have been sent from California" and "planning and facilitating occurr[ed] there as well." *Id.* at 23. As to the remaining claims, consistent with both sides' briefing, the Court applied Massachusetts law, dismissing two and allowing the remainder to proceed.

Initially, the implications of the Court's decision for the availability of punitive damages in this case were clear to both sides. On December 22, 2023, ten days after the Court's decision, Plaintiffs amended their initial disclosures to remove the claim for punitive damages that they had included in the disclosures served before the dismissal of the stalking count. Several weeks later, in its motion to compel Plaintiffs to further supplement their initial disclosures, eBay noted that the December 22 initial disclosures "abandon the Steiners' prior demand" for punitive damages "due to the dismissal of the California stalking claim, which was the only claim that provided any basis for punitive damages." Plaintiffs' opposition to the motion to compel took no issue with this point. Indeed, when the Court granted eBay's motion to compel and ordered Plaintiffs to supplement their initial disclosures, Plaintiffs' supplemental disclosures again omitted a punitive damages claim.

Plaintiffs' position changed only following their substitution of counsel in May 2024. Although Plaintiffs agree that Massachusetts law governs liability and compensatory damages for all claims that remain in this case, *see* Dkt. 419 ¶ 1, they now seek to resurrect their punitive damages claim by contending that California law governs the availability of punitive damages. Given the importance of this issue to the parties, both parties requested at a status conference on July 18, 2024 that the Court permit early briefing of this matter. Later that day, the Court directed the parties

2

to raise the issue for resolution by the Court via partial motions for summary judgment. *See* Dkt. 418.

## LEGAL STANDARD

"A court may grant summary judgment only if the record, construed in the light most amiable to the nonmovant, presents 'no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law.'" *Perea v. Ed. Cultural, Inc.*, 13 F.4th 43, 50 (1st Cir. 2021) (quoting *Irobe v. U.S. Dep't of Agric.*, 890 F.3d 371, 377 (1st Cir. 2018)). "In cases where . . . there is an absence of a genuine dispute of material fact, motions for summary judgment may be resolved as a matter of law." *Bohl v. Leibowitz*, 1 F. Supp. 2d 67, 69 (D. Mass. 1998). "Cross motions for summary judgment do not change the standard." *Perea*, 13 F.4th at 50 (quoting *Latin Am. Music Co. v. Archdiocese of San Juan of Roman Cath. & Apostolic Church*, 499 F.3d 32, 38 (1st Cir. 2007)).

Courts in the First Circuit, including this Court, have repeatedly granted motions for summary judgment as to the availability of punitive damages where, as here, such damages are unavailable as a matter of undisputed fact or law. *See, e.g.*, *Alharbi v. TheBlaze, Inc.*, 199 F. Supp. 3d 334, 360-61 (D. Mass. 2016) (granting summary judgment for defendants that Massachusetts rather than Texas law governed the availability of punitive damages); *Knights v. C. R. Bard Inc.*, 2023 WL 6142437, at *6 (D. Mass. Sept. 20, 2023) (granting summary judgment for defendants on plaintiff's claim for punitive damages).

## ARGUMENT

As noted above, Plaintiffs acknowledge that Massachusetts law governs liability and compensatory damages on all their remaining claims. *See* Dkt. 419 ¶ 1. They nevertheless argue that California law governs the availability of punitive damages. They make this argument because whereas California law provides for punitive damages in personal injury cases in certain

3

circumstances, *see* Cal. Civ. Code § 3294, Massachusetts law does not, *see Freeman v. World Airways Inc.*, 596 F. Supp. 841, 844 (D. Mass. 1984). Plaintiffs' argument, however, is foreclosed both by First Circuit precedent and by the decisions of this Court.

Indeed, the First Circuit has considered and rejected an identical claim in a case also involving a Massachusetts plaintiff and California defendant. In *Computer Systems Engineering, Inc. v. Qantel Corp.*, 571 F. Supp. 1365 (D. Mass. 1983), a Massachusetts plaintiff argued that "even if Massachusetts law governs compensatory damages" related to its fraud claim against a California-domiciled corporate defendant, "California law should apply to punitive damages" because California "has a specific interest in deterring fraud by its domiciliary corporations." *Id.* at 1369. The district court disagreed. "There is a danger," the court explained, "when a court combines elements of the laws of different states that it may upset the delicate balance achieved by legislative compromise." *Id.* at 1370 (cleaned up). The court then held that:

> Massachusetts has provided by statute for award of punitive damages in specific instances, none of which applies to the type of conduct by [the California defendant] that gave rise to [the Massachusetts plaintiff's] claims. Moreover, Massachusetts has a significant interest in the uniformity and predictability of its law. To apply another state's law on punitive damages would carve out an exemption from the restrictive Massachusetts rule in certain types of cases, even though Massachusetts would apply its own law on compensatory damages. Bifurcating the issues of punitive and compensatory damages in this manner would discriminate against a class of nonresident defendants, and upset the legislative balance achieved by Massachusetts precedents and statutes regarding punitive damages. I conclude that the same law should be applied to both punitive and compensatory damages, and that Massachusetts' interests outweigh those of California.

*Id.* On appeal, the First Circuit affirmed, praising the district court's "cogent and complete" analysis and "affirm[ing] [its] resolution of the choice-of-law question on the basis of [its] opinion." *Computer Sys. Eng'g, Inc. v. Qantel Corp.*, 740 F.2d 59, 70 (1st Cir. 1984).

*Computer Systems* controls this case. Like the plaintiff in *Computer Systems*, Plaintiffs here argue that California's law on punitive damages should apply, mainly because eBay is

4

headquartered in California and some of the tortious conduct occurred there. But *Computer Systems* rejected those very arguments. Notwithstanding that the defendant was domiciled in California, and notwithstanding that "the place where the defendant made the [fraudulent] representations was divided nearly evenly between Massachusetts and California," *Computer Sys.*, 571 F. Supp. at 1369, both the district court and First Circuit in *Computer Systems* concluded that Massachusetts law governed punitive damages as well as liability and compensatory damages, *see id.* at 1369-70; *Computer Sys.*, 740 F.2d at 70. *Computer Systems* dictates the same conclusion here.

This Court's own decision in *Alharbi v. TheBlaze, Inc.* likewise forecloses Plaintiffs' punitive damages claim. *Alharbi* involved defamation claims by a Massachusetts resident against a Texas-based media company whose radio host, Glenn Beck, falsely tied the plaintiff to the Boston Marathon bombing. *See Alharbi*, 199 F. Supp. 3d at 340-41. There, as here, Massachusetts law governed liability and compensatory damages for the defamation claim. *See id.* at 351 (applying Massachusetts law to liability); *id.* at 359-60 (applying Massachusetts law to compensatory damages). And there, as here, the plaintiff contended that a different forum's law—Texas's—"applies to the punitive damages claim because the defendants' allegedly wrongful conduct occurred in Texas." *Id.* at 360. This Court rejected that argument. "Given that the plaintiff was domiciled [in Massachusetts], the statements all concerned events occurring in Massachusetts, and the plaintiff filed suit here," the Court held, "I find that Massachusetts has the most significant relationship to the conduct underlying this case" and that "Massachusetts, and not Texas law applies" to punitive damages. *Id.* at 361.

Again, the same conclusion applies here for the same reasons. Plaintiffs are domiciled in Massachusetts. They bring a defamation claim based on alleged communications in Massachusetts, *see* Complaint ¶ 504 (alleging "Defendants caused defamation by intentionally sending sexually

5

charged pornography to the Steiners' neighbor's [sic] homes, in David Steiner's name"), and on communications about the Steiners' reporting from Massachusetts, *see id.* ¶ 509 (alleging that Defendants made false statements "claiming that Plaintiff Ina Steiner was destroying small and family businesses through her biased and negative reporting on eBay"). Their other tort claims likewise concern conduct that occurred in substantial part in Massachusetts. *See, e.g.*, *id.* ¶ 408 (alleging that Defendants committed intentional infliction of emotional distress by, among other things, "sending unwanted threatening deliveries and packages" to Plaintiffs' house, "following them and surveilling them at all hours of the day and night," and "stalking and tailing them"); Dkt. 309 at 23 (noting that "the majority of the conduct causing the injury" from stalking "occurred in Massachusetts," including "as Plaintiffs concede, the 'most disturbing act of surveilling and stalking the Steiners in their home and while driving'" (quoting Plaintiffs' opposition to the motions to dismiss)). And Plaintiffs filed suit in Massachusetts. Thus, under *Alharbi*, Massachusetts law applies here and precludes punitive damages.

Other cases in this district reinforce that conclusion. In *Value Partners S.A. v. Bain & Co.*, an Italian consulting firm and its Brazilian subsidiary sued Bain, a Massachusetts firm, for various business torts arising from Bain's poaching of the subsidiary's Brazil-based staff and clients. 245 F. Supp. 2d 269, 270, 276 (D. Mass. 2003). In addition to three common law claims, which the parties agreed were governed by Brazilian law, the plaintiffs brought an unfair business practices claim under chapter 93A of the Massachusetts General Laws. *See id.* at 270. After determining that Brazilian law, rather than chapter 93A, governed the issue of liability for unfair business practices, the Court considered whether it could still "pull chapter 93A into this case … by distinguishing between the substantive law of unfair competition (supplied here by Brazil) and the question of damages." *Id.* at 277. The court observed that "[t]he double or treble damages available under

chapter 93A are punitive in nature" and that the "Massachusetts legislature has arguably shown, through enactment of chapter 93A, a particular interest in policing the behavior of businesses domiciled within Massachusetts." *Id.* at 277-78 (internal quotation marks omitted). Nevertheless, "conscious of the considerations expressed in *Computer Systems*" about the danger of "combin[ing] elements of the laws of different states," the court rejected application of chapter 93A's damages scheme to a claim otherwise governed by Brazilian law. *Id.* at 278.

*Value Partners* closely parallels this case. Here, as there: (i) one jurisdiction's law governs all issues of liability; (ii) Plaintiffs seek to have a different jurisdiction's law govern punitive damages, *see id.* at 277 (describing chapter 93A's enhanced damages as "punitive in nature"); and (iii) Plaintiffs justify that claim on the ground that the defendant is a domiciliary of the other jurisdiction and the other jurisdiction's legislature, by providing for punitive damages, has expressed a strong interest in policing its domiciliaries' behavior. In *Value Partners*, the court rejected the plaintiffs' bid, applying *Computer Systems* and declining to apply Massachusetts punitive damages to a Brazilian-law claim, notwithstanding Massachusetts' interests in the case. Plaintiffs' bid here to apply California punitive damages to Massachusetts-law claims fails for the same reasons. *See also Schulhof v. Northeast Cellulose, Inc.*, 545 F. Supp. 1200, 1207-08 (D. Mass. 1982) (declining to apply different states' laws to compensatory and punitive damages because "the result might be one that neither state would allow").

## CONCLUSION

For the foregoing reasons, the Court should grant eBay's partial motion for summary judgment and hold that Massachusetts law governs the availability of punitive damages in this case.

Dated: July 26, 2024                    */s/ Jack W. Pirozzolo*
                                        Jack W. Pirozzolo (BBO #564879)
                                        Kathryn L. Alessi (BBO #651110)
                                        SIDLEY AUSTIN LLP
                                        60 State Street, 36th Floor

7

Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 26, 2024, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 26, 2024                                                */s/ Jack W. Pirozzolo*
                                                                                                  Jack W. Pirozzolo