# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**EBAY, INC., et al.,**<br><br>Defendants. | Civil Action<br>21-cv-11181-PBS |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE
## <u>APPLICATION OF CALIFORNIA LAW TO THE ISSUE OF PUNITIVE DAMAGES</u>

## I.       INTRODUCTION

Defendant contends that a "wall of precedence" precludes the application of California law to Plaintiffs' claim for punitive damages. Def. Mem. Dkt. No. 432 at 1. But this "wall" cannot withstand the force of the legion of precedent that rejects Defendant's contention that only one state's law can apply to all of the issues in an action.

There are two questions that are determinative on this motion. The first is whether, under Massachusetts's choice of law rules, the laws of different states may be applicable to different aspects of the same claim. The answer is yes. It is well settled that Massachusetts law permits the application of another state's laws where that other state has a greater interest in punishing and deterring the conduct at issue. A legion of cases hold under the principles of depecage and the Restatement (Second), that more than one state's law can apply to different issues involved in the same claim (including liability and punitive damages). This principle should be undisputed.

Nevertheless, Defendant hangs its hat on the argument that, under Massachusetts choice of law rules, one state's law cannot apply to liability while another applies to punitive damages. Accordingly, Defendant insists that, under any circumstances, a balancing of Massachusetts' interests forbids the application of Massachusetts law to the issue liability and the application of another state's laws to the issue of punitive damages. The sole source for this argument is *Comput. Sys. Eng'g, Inc. v. Qantel Corp.*, 571 F. Supp. 1365 (D. Mass. 1983). But with respect to this balancing of interests, *Computer Sys.* provides nothing more than a vague statement about the balance of interests legislatures undertake.  However, under Massachusetts choice of law principles and the Restatement (Second), such a blanket finding that Massachusetts interests demand the application of only one law in every circumstance is anathema. Rather, courts must engage in the fact specific inquiry regarding the specific interests at play in specific choice of law settings.

1

Notably, only one court (*Value Partners S.A. v. Bain & Co.*, 245 F. Supp. 2d 269 (D. Mass. 2003)) has ever cited *Computer Systems* for the principle that Massachusetts interests always preclude the application of its law to liability and another states' law to punitive damages; it is an extreme outlier that hardly controls this case.

The second question is whether, under Massachusetts choice of law principles, California law should apply to the issue of punitive damages. Here, under such an analysis, California clearly has a greater interest in punishing and deterring conduct that occurred within California as compared to Massachusetts, which lacks any identifiable interest in shielding non-domicilaries from punishment for abhorrent conduct against citizens of the Commonwealth. Defendant makes no attempt to apply the Restatement (Second) factors, or any other factors dictated by Massachusetts law that apply to this issue. It should not be heard to do so on reply.[1]

## II.    ARGUMENT

### A.    <u>The Cases Cited By Defendant Are Inapposite.</u>

Defendant's papers rely on just four cases. Three cases, *Comput. Sys.*, *Alharbi v. TheBlaze, Inc.*, 199 F. Supp. 3d 334 (D. Mass. 2016), and *Value Partners* are readily distinguishable and fail to undermine the authorities cited in Plaintiffs' Summary Judgment Brief. *Schulhof v. Ne. Cellulose, Inc.*, 545 F. Supp. 1200, 1206 (D. Mass. 1982), supports Plaintiffs' argument.

*Comput. Sys.* addressed torts involving fraud and misrepresentation. *Id*. at 1368. For that reason, the *Comput. Sys.* court looked to Restatement (Second) of Conflict of Laws § 148. *Id*. But the torts in the present case are in the nature of personal injuries. Thus Restatement § 146, and by virtue of its dictates, § 6 and § 145 apply. Restatement (Second) of Conflict of Laws § 146.

---

[1] *Russomano v. Novo Nordisk Inc.*, 960 F.3d 48, 54 n.6 (1st Cir. 2020) (deeming arguments that debut in a reply brief to be waived); *Pegasystems, Inc. v. Appian Corp.*, 424 F. Supp. 3d 214, 225 (D. Mass. 2019) (declining to consider argument raised for first time in reply brief).

The § 148 analysis applies in circumstances inapplicable to the case at bar, where a plaintiff acts in reliance upon a false statement in a different state than the one in which the statement is made. *See* Restatement (Second) of Conflict of Laws, § 148. In addition, four of the Section 148 factors focus on places: (i) where the plaintiff acts in reliance; (ii) where the plaintiff receives the misrepresentation; (iii) where the plaintiff resides; where the plaintiff renders performance; and (iv) where the tangible thing at issue is located. Only one factor, where the statements are made, focuses on the conduct of the defendant and the state from which the defendant directs the bad acts. *See Levin v. Dalva Bros.*, 459 F.3d 68, 74 (1st Cir. 2006) ("Section 148 focuses on where the representations were made and received, and where the plaintiff relied on the representations"). *See also Conway v. Planet Fitness Holdings, LLC*, 101 Mass. App. Ct. 89, 97, 189 N.E.3d 675, 682 (2022) ("Section 145 of the Restatement sets forth the general principle applicable to all torts and to all issues in tort, and § 148 of the Restatement concerns principles applicable to causes of action involving fraud and misrepresentation."); *In re Neurontin Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 99593, at *151 (D. Mass. Aug. 31, 2011) ("Section 148 of the Restatement spells out the choice of law analysis for misrepresentation claims, indicating that the law of the state where the representations were made, received, and relied upon should govern unless another state has a closer connection to the parties or the occurrence.").

In contrast, § 146 provides that: "the local law of the state where the injury occurred determines the rights and liabilities of the parties, *unless*, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) of Conflict of Laws, § 146 (2d Ed. 1988). Massachusetts follows § 146 and Massachusetts courts have specifically applied it to the issue of damages. *Cosme v. Whitin Mach.*

*Works*, 417 Mass. 643, 646, 632 N.E.2d 832, 834 (1994). The principles set out in the Restatement (Second) of Conflict of Laws, § 6 looks to the factors listed in § 145, which are discussed in detail in Plaintiff's Summary Judgment Brief. *See* Pl. Mem. Dkt. No. 430-1 at 9-17. Those factors overwhelmingly support the application of California law to the issue of punitive damages in this case. The comments to § 146 similarly support Plaintiffs' position, providing that "[i]f this purpose is to punish the tortfeasor and thus to deter others from following his example, there is better reason to say that the state where the conduct occurred is the state of dominant interest." Restatement (Second) of Conflict of Laws, § 146 cmt. e.

Because the *Computer Sys.* court applied § 148, and not § 146, it is unremarkable that it found that Massachusetts law governed all aspects of a fraudulent misrepresentation claim where misrepresentations were made in Massachusetts and California, and all other factors (other than the domicile of the defendants) favored Massachusetts law. To the extent Defendant suggests that *Computer Sys.* stands for the proposition that the law of another state can never apply to punitive damages where the law of Massachusetts governs liability, *Computer Sys.* is not good law under binding First Circuit law and precedent from Massachusetts federal and state courts. *See* Pl. Mem. Dkt. No. 430-1 at 5-9. *See La Plante v. American Honda Motor Co., Inc.*, 27 F.3d 731, 741 (1st Cir. 1994) (under depecage, the Court could apply one law to measure damages and another the substantive rules of liability); *Lou v. Otis Elevator Co.*, 77 Mass. App. Ct. 571, 583 (2010); *Chubb Nat'l Ins. Co. v. Watts Regulator Co.*, 258 F. Supp. 3d 212, 216 (D. Mass. 2017) ("[C]ourts have long recognized that they are not bound to decide all issues under the local law of a single state.").

The First Circuit's affirmation of *Computer Sys.* was summary at best, and merely endorsed the lower court's choice of law analysis under § 148. *Comput. Sys. Eng'g, Inc. v. Qantel Corp.*, 740 F.2d 59, 70 (1st Cir. 1984). The First Circuit did not reach the issue of, or endorse, a wholesale

rejection of depecage, as Defendant suggests. To the contrary, since 1984, the First Circuit has repeatedly endorsed the notion that multiple states' laws can apply to different issues involved in the same claim. *See La Plante*, 27 F.3d at 741; *Putnam*, 958 F.2d at 465; *See also Robidoux v. Muholland*, 642 F.3d 20, 26 (1st Cir. 2011) ("the law of a single jurisdiction is not necessarily to be applied to all issues in a particular case").

Defendant's reliance on *Alharbi,* is similarly misguided. First, the court actually performed a choice of law analysis to determine if Texas punitive damage law should apply to a claim otherwise subject to Massachusetts law. *Id.* 199 F. Supp. 3d at 359-60. This demonstrates that the court was endorsing the doctrine of depecage and recognized that it was possible that the punitive damages law of another state might apply.

Second, that case involved a defamation claim rather than claims for personal injuries. *Id.* Accordingly, the Court looked to § 150 of the Restatement (Second). The *Alharbi* court found that, under § 150 (unlike § 146), "the law of the state where the defamed person was domiciled at the time of publication applies if the matter complained of was published in that state . . . the plaintiff was domiciled in Massachusetts at the time of the allegedly defamatory broadcasts." *Id.* (citations omitted). The court rejected Texas law because "at least [the defendant's] April 25 statement on the Bill O'Reilly Show was broadcast from the Fox News studio in New York, not Texas." Not surprisingly then, "[g]iven that the plaintiff was domiciled here, the statements all concerned events occurring in Massachusetts, and the plaintiff filed suit here, I find that Massachusetts has the most significant relationship to the conduct underlying this case." *Id.* This was a fact specific choice of law analysis that turned on Restatement (Second) factors not applicable to Plaintiffs' claims. *Alharbi* does not stand for the proposition that a court cannot apply Massachusetts law to

liability and compensatory damages and the law of a different state for punitive damages.[2]

Nor does *Value Partners* help Defendant. That case did not involve the application of one state's law to liability and another states' law to punitive damages. Rather, the issue there was whether the plaintiff could maintain a claim under M.G.L. Ch. 93A at all. The analysis of the *Value Partners* court was similar to that of this Court when this Court dismissed the Plaintiff's stalking claim. The *Value Partners* court found that Massachusetts law provided a cause of action under M.G.L. Ch. 93A for the fraud alleged, but Brazilian law did not. Much of the conduct at issue took place in Brazil, including the solicitation of plaintiff's employees by the three Brazilians who took the plaintiff's documents to an office in Brazil. That court, based on the unique facts of that case, determined that the plaintiff could not maintain a claim under M.G.L. Ch. 93A, but it did not engage in the type of choice of law analysis required in the present action.

In a blow to Defendant's contention that the law of different states cannot apply to liability and damages, the *Value Partners* court held that there can be circumstances where M.G.L. Ch. 93A controls whether double and treble damages (which are punitive in nature) are available even of another state law controls liability.  *See id.* at 274 (citing Restatement (Second) of Conflict of Laws, § 145, cmt. d ("The courts have long recognized that they are not bound to decide all issues under the local law of a single state . . . ."); *id.* at 277 (recognizing that "there may be cases that warrant" the application of one state's law for liability and another for punitive damages); *id.* (noting that "[w]here punitive damages are at issue, some courts have bifurcated the choice of law analysis, holding that one jurisdiction's law governs the substantive claims and another

---

[2] At most *Alharbi* is relevant to Plaintiffs' Defamation claim. However, applying the analysis in *Alharbi* to Plaintiffs' Defamation claim based on the facts of this case would still result in the application of California law on the issue of punitive damages. Unlike in *Alharbi* that statements made in this case originated in California, whereas in *Alharbi* they were broadcast from New York, a state not pertinent to the choice of law analysis in that case.

jurisdiction's law governs damages.").

The court's opinion that Brazilian law, and not Massachusetts law, applied to "punitive damages" turned on the application of the Restatement (Second) factors to the facts of that particular case -- facts which are markedly different than those in the present case. First, the parties had previously agreed that Brazilian law applied to the unfair competition claim. *Id.* at 276. There is no such agreement here. Second, the activities in Brazil "at least counterbalance, and perhaps outweigh" the activities in Massachusetts. Here, there is no material dispute that the vast majority of conduct and activities occurred in California. Third, "a significant portion of the *conduct at issue* took place in Brazil." *Id.* (emphasis added). The case is simply inapposite on the facts.[3]

The recurring thread through *Computer Sys.*, *Alharbi*, and *Value Partners* is predictability and uniformity. But under Massachusetts choice of law principles, that factor is of little significance under § 6 of the Restatement (Second) analysis regarding torts. Thus, in *Rodriguez v. GE*, 2021 Mass. Super. LEXIS 476, at *12 (Nov. 18, 2021), the court held that "[t]he sixth factor, concerning predictability and uniformity of result, does not point in either direction. This factor is of greatest importance in cases where the parties are likely to give advance thought to the legal consequences of their transactions (such as parties to a contract) and is of little significance where,

---

[3] Moreover, while Massachusetts courts have described the multiple damages available for a Chapter 93A claim as punitive in nature they are not punitive damages. "Under Massachusetts law, punitive damages may be awarded only by statute." *Heagney v. Wong*, 915 F.3d 805, 821 (1st Cir. 2019). However, "[d]ouble or treble damages as a multiple of actual damages are not, however, the same as punitive damages." *Prudential Ins. Co. v. Turner & Newall Plc.*, 1988 U.S. Dist. LEXIS 15960, at *46 (D. Mass. Dec. 12, 1988). In fact, the court in *Prudential* held that the findings in *Computer Services* "reflect the fact that punitive damages and multiple damages under Chapter 93A are not the same." *Id. See Elliston v. Wing Enters., Inc.*, 2016 U.S. Dist. LEXIS 166746, at *5 (D. Mass. Dec. 2, 2016) (93A does not authorize punitive damages). As such, the analysis engaged in by the court in *Value Partners* did not appropriately focus on the location of the wrongdoer's conduct and its principal place of business as the critical contacts were conduct regulating punitive damages actually at issue in the case. As such the case is inapplicable.

as here, negligence is at issue. *See* Restatement (Second) of Conflict of Laws § 6, cmt. i." *See also Cosme*, 417 Mass. At 650 ("[T]he interests of the Commonwealth in allowing the plaintiff's action are too strong to be affected by the general value of having Connecticut's law apply uniformly to all actions having a connection with that State."); Restatement (Second) of Conflict of Laws § 145, cmt. (b) (including the uniformity and predictability factor as one of factors that are of "relative insignificance" when § 6 analysis is conducted with regard to tort claim).[4]

*Schulhof* supports Plaintiffs' position. There, the court was tasked with deciding what law applied on the issue of punitive damages. The main defendant's principal place of business was in Massachusetts, the domicile of the plaintiffs and their decedents was in New York, and the principal place of business of other defendants was in New Hampshire. *Id.* 545 F. Supp. at 1206. In rejecting the application of New York law, the *Schulhof* court held that, "[a]lthough New York has expressed its policy against punitive damages strongly, it has no interest in applying its law to this case. Since none of the defendants are New York domiciliaries . . . the protective purpose of the New York statute is irrelevant here." *Id.* The court further held that New York has no interest in limiting its domiciliaries recovery from foreign corporations. *Id.* The same rationale applies against the application of Massachusetts law on punitive damages here, where none of the Defendants are Massachusetts domiciliaries and the Commonwealth has no interest in limiting its citizens recovery from foreign corporations. *See Turcotte v. Ford Motor Co.*, 494 F.2d 173, 178 (1st Cir. 1974) (noting that Massachusetts had little interest in shielding a foreign corporation from liability under statute limiting wrongful death recovery); *Sanchez v. Bos. Sci. Corp.*, 38 F. Supp. 3d 727, 740 (S.D. W. Va. 2014).

---

[4] Defendant's citation to *Knights v. C.R. Bard Inc.*, 2023 U.S. Dist. LEXIS 167161, at *17 (D. Mass. Sep. 20, 2023) is curious as that case did not involve a choice of law analysis, and the court and the parties agreed that Massachusetts law governed the issue of punitive damages.

Furthermore, in discussing New Hampshire law, the *Schulhof* court held that, while that state has an interest in protecting its businesses from large liabilities (an interest not at play here), "New Hampshire cannot properly assert its policy of protecting local entrepreneurs in a manner which impinges upon the interest of another jurisdiction in regulating conduct within its own borders." *Id.* at 1206-07. Similarly, Massachusetts cannot properly assert its "policy" against punitive damages as it relates to protecting California defendants, as such an assertion undoubtedly impinges upon California's interest in regulating conduct within its own borders. *Schulhof* fully supports the application of California law to the issue of punitive damages in this case.

**B.     Applicable Massachusetts Choice Of Law Rules Warrant
           The Application Of California Law To The Issue Of Punitive Damages.**

In their Summary Judgment Brief, Plaintiffs explained why a proper choice of law analysis inexorably leads to the conclusion that California law governs the issue of punitive damages in this case. That explanation was backed by a multitude of judicial opinions with similar facts to this case where courts applied the principles set forth in § 6 and § 145 of the Restatement (Second) Conflict of Law. *See* Pl. Mem. Dkt. No. 430-1 at 9-17. In contrast, Defendant makes no attempt to apply any of the factors this Court must apply under Massachusetts choice of law rules and the Restatement. Instead, Defendant claims that "*Computer Systems* controls this case" (Def. Mem. Dkt. No. 432 at 4) and they make the unsupportable argument that punitive damages cannot be controlled by a different state's law when Massachusetts law applies to liability issues. The Court should not countenance such sophistry. As explained above, that argument lacks merit. As this Court held in *Dean v. Raytheon Corp.*, 399 F. Supp. 2d 27, 33 (D. Mass. 2005), "[u]nder § 6 of the Restatement, respect should be given to a policy decision of the state of the alleged misconduct as to when to permit punitive damage." *Dean*, 399 F. Supp. 2d at 33. Accordingly, applying

Massachusetts choice of law principles leads to only one conclusion: punitive damages are available to Plaintiffs under California law.

## III.    CONCLUSION

As such, this Court should grant Plaintiffs' motion for partial summary judgment and hold that Plaintiffs' can pursue punitive damages for the following causes of action: (1) Intentional Infliction of Emotional Distress (Count I); (2) Defamation (Count X); (3) Civil Conspiracy (Count XIII); (4) Ratification (Count XIV); (5) Trespass (Count XI); (6) False Imprisonment (Count XII); and (7) Massachusetts Civil Rights Act (MCRA) (Count IX).


Dated: August 2, 2024                         Respectfully submitted,


                                              */s/Andrew G. Finkelstein*
                                              Andrew G. Finkelstein
                                              Brian D. Acard
                                              Kenneth B. Fromson
                                              Lawrence D. Lissauer
                                              FINKELSTEIN & PARTNERS, LLP
                                              1279 Route 300
                                              Newburgh, NY 12551
                                              (845) 563-9459
                                              afinkelstein@fbfglaw.com
                                              bacard@lawampm.com
                                              kfromson@lawampm.com
                                              LLissauer@lawampm.com

                                              Marc A. Diller
                                              DILLER LAW, LLP
                                              50 Congress Street
                                              Ste 420
                                              Boston, MA 02109
                                              (617) 523-7771
                                              marc@dillerlaw.com

                                              Christopher R. Murphy
                                              FOSTER, SCALLI & MURPHY, LLC
                                              537 Broadway

Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber
Finkelstein, Blankinship, Frei-Pearson
& Garber, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com

*Counsel for Ina Steiner, David Steiner and
Steiner Associates, LLC*