# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC**, | |
| Plaintiffs, | Civil Action |
| v. | 21-cv-11181-PBS |
| **EBAY, INC., et al.,** | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO SUPPORT OF MOTION TO COMPEL
## <u>DISCLOSURE OF THE IDENTITIES OF PLAINTIFFS' SOURCES</u>

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 3

III. LEGAL STANDARD ....................................................................................... 4

IV. ARGUMENT ................................................................................................... 5

     A. eBay's Motion To Compel Is Moot............................................................... 5

     B. The Balances Tip Decidedly In Plaintiffs' Favor In Determining
        Whether To Require Disclosure Of A Reporter's Confidential Sources ................ 8

         1. eBay's Motion Poses A Threat To The Free Flow Of Information. .......... 10

         2. eBay Has Not Demonstrated Need For
            The Documents, Responses, Or Testimony
            That Overcomes The Threat To The First Amendment Or Art. 16 .......... 12

     C. Plaintiffs' Have Not Waived Source Privilege. ............................................... 12

     D. eBay's Requested Relief Is Inappropriate For A Motion To Compel. .................. 13

     E. eBay's Motion To Compel Is Untimely. ........................................................ 14

     F. eBay's Motion To Compel Was Not Substantially
        Justified And Plaintiffs Are Entitled To Reasonable
        Expenses And Attorney's Fees Incurred In Opposing The Motion. .................... 17

V. CONCLUSION ................................................................................................. 19

**TABLE OF AUTHORITIES**

**Cases**                                                                                        **Page(s)**

*Anderson v. Nixon*,
   444 F. Supp. 1195 (D.D.C. 1978) ....................................................................... 11

*Audi AG v. D'Amato*,
   469 F.3d 534 (6th Cir. 2006) ......................................................................... 16

*Aurelius Capital Master, Ltd. v. P.R. (In re Fin. Oversight & Mgmt. Bd. for P.R.)*,
   919 F.3d 638 (1st Cir. 2019) ......................................................................... 6

*Ayala-Gerena v. Bristol Myers-Squibb Co.*,
   95 F.3d 86 (1st Cir. 1996) ........................................................................... 16

*Ayash v. Dana-Farber Cancer Inst.*,
   46 Mass. App. Ct. 384 ............................................................................... 10

*Barron v. Nat'l Health Ins. Co.*,
   No. 19-591, 2020 U.S. Dist. LEXIS 254562 (W.D. Okla. May 14, 2020) ............................. 7

*Bobba v. Patel*,
   No. 19-30171, 2021 U.S. Dist. LEXIS 91396 (D. Mass. May 12, 2021) ................................ 6

*Branzburg v. Hayes*,
   408 U.S. 665 (1972) ................................................................................. 5

*C.f. Quigley v. United States*,
   No. 16-459, 2017 U.S. Dist. LEXIS 116113 (W.D. Tex. Apr. 21, 2017) ............................... 8

*Cain v. City of Detroit*,
   No. 20-11099, 2022 U.S. Dist. LEXIS 147878 (E.D. Mich. Apr. 22, 2022) ........................... 7

*Church of Scientology of California v. United States*,
   506 U.S. 9 (1992) ................................................................................... 6

*Cont'l Cas. Co. v. Tyson Foods, Inc.*,
   No. 15-20, 2017 U.S. Dist. LEXIS 227492 (E.D. Tenn. June 15, 2017) ............................. 15

*Curet-Velàzquez v. ACEMLA De P.R., Inc.*,
   656 F.3d 47 (1st Cir. 2011) .......................................................................... 14

*Cynosure, LLC v. Reveal Lasers LLC*,
   No. 22-11176, 2024 U.S. Dist. LEXIS 67959 (D. Mass. Apr. 15, 2024) ........................... 4-5

*Dantran, Inc. v. U.S. Dep't of Lab.*,
  246 F.3d 36 (1st Cir. 2001) ........................................................ 18

*De Laire v. Voris*,
  No. 21-131, 2022 U.S. Dist. LEXIS 31779 (D.N.H. Jan. 14, 2022) ..................................... 17

*Driscoll v. Morris*,
  111 F.R.D. 459 (D. Conn. 1986) ........................................................ 11

*Faigin v. Kelly*,
  184 F.3d 67 (1st Cir. 1999) ........................................................ 14

*Feit Elec. Co. v. CFL Techs. LLC*,
  No. 13-9339, 2023 U.S. Dist. LEXIS 83685 (N.D. Ill. May 12, 2023) ..................................... 14

*Flame S.A. v. Indus. Carriers, Inc.*,
  No. 13-658, 2014 U.S. Dist. LEXIS 194764 (E.D. Va. July 31, 2014) ..................................... 15

*Fritz v. Brown*,
  No. 06-469, 2009 U.S. Dist. LEXIS 17396 (D.N.H. Feb. 18, 2009) ..................................... 19

*Gilmore v. Augustus*,
  No. 12-00925, 2014 U.S. Dist. LEXIS 122833 (E.D. Cal. Sep. 2, 2014) ............................... 7

*Ginett v. Federal Express Corp.*,
  166 F.3d 1213 (6th Cir. 1998) ........................................................ 16-17

*Grey v. Dallas Independent School District*,
  265 Fed. Appx. 342 (5th Cir. 2008) ........................................................ 15

*Holland v. Centennial Homes, Inc.*,
  No. 92-1533, 1993 U.S. Dist. LEXIS 21624 (N.D. Tex. Dec. 21, 1993) ............................... 11

*Holmes v. Inmar Brand Sols., Inc.*,
  No. 21-2093, 2024 U.S. Dist. LEXIS 136338 (C.D. Ill. Aug. 1, 2024) ..................................... 15

*Hyland v. Homeservices of Am., Inc.*,
  No. 05-612,  2012 U.S. Dist. LEXIS 67028 (W.D. Ky. May 14, 2012) ..................................... 15

*In re Lerblance*,
  No. 23-47, 2024 U.S. Dist. LEXIS 116407 (E.D. Okla. July 2, 2024) ............................... 5, 7

*In re Sulfuric Acid Antitrust Litig.*,
  231 F.R.D. 331 (N.D. Ill. 2005) ........................................................ 15

*In re Telexfree Sec. Litig.*,
    No. 14-02566, 2023 U.S. Dist. LEXIS 123654 (D. Mass. June 21, 2023) .............................. 5

*Johansen v. United States*,
    506 F.3d 65 (1st Cir. 2007) ....................................................................................... 6

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs.*,
    No. 03-5562, 2005 U.S. Dist. LEXIS 16772 (S.D.N.Y. Aug. 16, 2005) ................................ 17

*Matter of John Doe Grand Jury Investigation*,
    410 Mass. 596 (1991) ............................................................................... 11-10, 11

*Mitchell v. Superior Court*,
    37 Cal. 3d 268, 690 P.2d 625 (1984) ................................................................... 11

*Moulton v. Bane*,
    No. 14-265, 2015 U.S. Dist. LEXIS 158773 (D.N.H. Nov. 24, 2015) .................................... 18

*OL Priv. Couns., Ltd. Liab. Co. v. Olson*,
    No. 21-00455, 2024 U.S. Dist. LEXIS 149635 (D. Utah Aug. 20, 2024) .............................. 15

*Pegoraro v. Marrero*,
    No. 10-0051, 2012 U.S. Dist. LEXIS 169771 (S.D.N.Y. Nov. 28, 2012) ....................... 18, 19

*Petition for Promulgation of Rules Regarding Protection of Confidential News Sources and Other Unpublished Information*,
    395 Mass. 164 (1985) ......................................................................................... 5, 9

*Pierce v. Underwood*,
    487 U.S. 552 (1988) ........................................................................................... 18

*Plott v. General Motors Corp., Packard Elec. Div.*,
    71 F.3d 1190 (6th Cir. 1995) ................................................................................ 16

*Powers v. Mem'l Sloan Kettering Cancer Ctr.*,
    No. 20-2625, 2020 U.S. Dist. LEXIS 228177 (S.D.N.Y. Dec. 4, 2020) .............................. 15

*Rain v. Conn. Gen. Corp.*,
    No. 17-30115, 2023 U.S. Dist. LEXIS 93217 (D. Mass. Jan. 31, 2023) .............................. 5, 6

*Rainbow Energy Mktg. Corp. v. DC Transco, LLC*,
    No. 21-313, 2022 U.S. Dist. LEXIS 216495 (W.D. Tex. Dec. 1, 2022) ................................ 15

*Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*,
    No. 03-760, 2004 U.S. Dist. LEXIS 26861 (N.D. Ill. Dec. 30, 2004) .................................. 14

*Romeo & Juliette Laser Hair Removal v. Assara I, LLC*,
No. 08-442, 2013 U.S. Dist. LEXIS 93691 (S.D.N.Y. July 2, 2013) ................................... 17

*Saalfrank v. Town of Alton*,
No. 08-46, 2010 U.S. Dist. LEXIS 19909 (D.N.H. Mar. 5, 2010) ....................................... 18

*Sellers v. United States*,
No. 05-381, 2007 U.S. Dist. LEXIS 107197 (D.R.I. Nov. 9, 2007) ..................................... 16

*Sheppard v. River Valley Fitness One, L.P.*,
428 F.3d 1 (1st Cir. 2005) .................................................................................................... 18

*Summit Tech., Inc. v. Healthcare Capital Grp., Inc.*,
141 F.R.D. 381 (D. Mass. 1992) .......................................................................................... 11

*Town of Wolfeboro v. Wright-Pierce, Inc.*,
No. 12-130, 2014 U.S. Dist. LEXIS 204405 (D.N.H. Mar. 10, 2014) ................................. 19

*Traverse v. Gutierrez Co.*,
No. 18-10175, 2019 U.S. Dist. LEXIS 240567 (D. Mass. July 25, 2019) ................ 12-13, 13

*United States v. Strege*,
No. 20-1701, 2021 U.S. App. LEXIS 29959 (1st Cir. Mar. 23, 2021) ................................ 4, 6

*United States v. Yoffe*,
775 F.2d 447 (1st Cir. 1985) ................................................................................................ 18

*Viscito v. Nat'l Planning Corp.*,
No. 18-30132, 2019 U.S. Dist. LEXIS 181635 (D. Mass. Oct. 21, 2019) ............................. 6

*Walker v. Segway Inc.*,
No. 11-382, 2013 U.S. Dist. LEXIS 98362 (D.N.H. July 15, 2013) ..................................... 18

*Ward v. Peabody*,
380 Mass. 805 (1980) ............................................................................................................. 8

*West v. Miller*,
No. 05-4977, 2006 U.S. Dist. LEXIS 56243 (N.D. Ill. Aug. 11, 2006) ................................ 15

*Wilbur v. Cnty. of Waukesha*,
No. 14-0046, 2016 U.S. Dist. LEXIS 99835 (E.D. Wis. Jul. 29, 2016) ................................ 15

*Wilson v. Bradlees of New England, Inc.*,
250 F.3d 10 (1st Cir. 2001) .................................................................................................. 17

*Wojcik v. Bos. Herald, Inc.*,
  60 Mass. App. Ct. 510 (2004) ............................................................................. 12

*XTO Energy, Inc. v. ATD, LLC*,
  No. 14-1021, 2016 U.S. Dist. LEXIS 57050 (D.N.M. Apr. 1, 2016) ...................................... 7

**<u>Other</u>**

Fed. R. Civ. P. 37 ........................................................................................... *Passim*

Fed. R. Civ. P. 26 .................................................................................................. 17

Fed. R. Civ. P.  34 .................................................................................................... 7

## I.      INTRODUCTION

Upon reviewing eBay's Motion to Compel Disclosure of the Identities of Plaintiffs' Sources, Plaintiffs were surprised by eBay's position, articulated for the first time in its motion, that eBay's request is limited: "To be clear, eBay's request for relief is limited. eBay seeks *only* the identities of only those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs' sources." Def. Mem. at 2 (emphasis in original). This position is a far cry from the one eBay set forth in its letter to Plaintiffs dated August 23, 2024, in which eBay requested "unredacted versions of the 307 documents over which Plaintiffs have claimed such a privilege." Dkt. 450-8 at 3. If eBay's position, as stated in its motion, had been conveyed during the Parties' letter writing and meet and confer process, it would have become clear to eBay that a motion to compel would be moot. Stated simply, none of the 307 documents on Plaintiffs' Privilege Log asserting a "source privilege" or "reporter's privilege"[1] fall within the relief eBay is requesting from the Court. If the Court grants the relief that eBay is requesting, there are no documents for Plaintiffs to produce, nor additional information for Plaintiffs to provide. The motion is moot.

Plaintiffs communicated their belief that eBay's motion is moot to eBay on September 12, 2024. *See* Ex. 1. eBay responded on September 13, 2024, refusing to withdraw the motion and setting forth additional reasons it believes the motion is not moot. *See* Ex. 2. Plaintiffs responded on September 16, 2024, addressing eBay's additional concerns, reiterating Plaintiffs' position that the motion was moot, and again requesting that it be withdrawn. *See* Ex. 3. eBay waited to respond until 6:00 p.m. last night, knowing Plaintiffs' response would by that point be essentially complete.

---

[1] Plaintiffs confirm they do not draw a distinction between these terms and have used them interchangeably. For purposes of this letter Plaintiffs will refer to the privilege as a "source privilege" as used on their privilege log.

eBay again refused to withdraw its motion and instead requested that Plaintiffs instead withdraw their claim for damages. *See* Ex. 5. eBay has a myopic view of how Plaintiffs will prove their damages. Because Plaintiffs are not proceeding in the manner eBay has conjured in its mind, eBay believes Plaintiffs can no longer pursue a portion of their alleged damages. False. Plaintiffs' expert deadline is October 7, 2024, Daubert motions are due December 20, 2024. Should eBay wish to pursue a motion to exclude a portion of Plaintiffs' claim for damages, they will have ample opportunity to do so in the appropriate context. Not only is this assertion false, it is also not the issue before the Court. Having received no response to their September 16 email and with the motion remaining on the docket, Plaintiffs are forced to file this response.

If the Court entertains the motion, it nevertheless must be denied. The public relies on the ability of news reporters to keep their promises of confidentiality to their sources. Promises of this nature are often the only way the public can learn newsworthy information that enables it to hold powerful people and institutions to account. In recognition of this fact, the law provides significant protection to news reporters from the compelled disclosure of their newsgathering materials and information. That is especially true of demands for the identities of confidential sources. When a litigant seeks to compel the identity of confidential sources, the courts tread lightly, balancing the threat to the free flow of information posed by the request against the asserted need for the discovery. The courts do not hesitate to deny information that seeks to invade the newsgathering process unless it goes to the very heart of the case. Here, eBay asks this Court to order the disclosure of "the identities of *only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs' sources." Def. Mem. at 2 (emphasis in original). Even if there was anything to disclose, the Court should deny eBay's motion as it plainly is far afield of the heart of the case.

Moreover, by making its motion after sitting on its hands for four months, eBay's motion is untimely. Even if the Court decided the motion on the day Plaintiffs file their opposition brief, that is only seven days before the close of discovery. As such, there is insufficient time to conduct discovery of any "would-be" sources, even if there were "would-be" sources to be disclosed. This is yet another reason the Court should deny eBay's motion.

For these reasons, and as more fully explained below, the Court should deny eBay's motion as moot, or in the alternative, hold that the harm to the free flow of information from granting eBay's motion outweighs the asserted need for the information at issue, and deny the motion to compel. Moreover, the Court should deny eBay's motion as untimely. Further, as Plaintiffs gave eBay multiple opportunities to withdraw the motion, the Court must award Plaintiffs their reasonable costs and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(B).

## II.     BACKGROUND

eBay claims that it promptly challenged Plaintiffs' assertion of source privilege. False. Plaintiffs first asserted the source privilege in Plaintiffs' Responses to Defendants' Requests for Production on April 23, 2024. Going forward, Plaintiffs uniformly continually asserted the privilege in all discovery responses and in all iterations of Plaintiffs' Privilege Log throughout the months of May, June, July, and August.[2] eBay states that it "challenged" Plaintiffs' assertion of the reporter's privilege in deficiency letters dated May 23, 2024, and July 3, 2024. Def. Mem. at 4.

---

[2] The Parties met and conferred relating to discovery responses, including at minimum on May 31, 2024, and June 4, 2024, during which Plaintiffs maintained their assertion of a source privilege. On June 13, 2024, Plaintiffs again asserted the source privilege this time in Plaintiffs' Privilege Log. The Parties met and conferred specifically relating to the Plaintiffs' Privilege Log on July 8, 2024. The Parties continued to meet and confer throughout July. On July 19, 2024, Plaintiffs served an amended Privilege Log, and on July 22, 2024, Plaintiffs served amended interrogatory responses. Both documents continued to assert the source privilege. Plaintiffs produced a further amended Privilege Log on July 31, 2024, again asserting the privilege. eBay took no action to challenge Plaintiffs' assertion of source privilege until its August 23, 2024 letter.

But this only makes matters worse for eBay, as this serves as an admission that Plaintiffs' responses to Defendants' Requests for Production put eBay on notice of the source privilege issue. eBay has admitted to sitting on its hands for four months before writing its August 23, 2024 letter, and almost five months before filing its motion to compel, which will at best be decided on the eve of discovery closing or potentially after the close of discovery.

In its August 23 letter, eBay circled back to the long dormant issue of source privilege, and demanded production of "unredacted versions of the 307 documents over which Plaintiffs have claimed such a privilege **by Wednesday, August 28**." Dkt. No. 450-8 (emphasis in original). Based on eBay's request as framed in its letter, Plaintiffs refused and responded by letter dated August 28. Dkt. No. 450-9. On September 5, the Court held a telephonic conference on this issue and ordered a briefing on this motion. See Dkt. No. 444.

In its motion to compel, eBay drastically pivoted in terms of the relief it's requesting. For the first time eBay frames its request as limited: "To be clear, eBay's request for relief is limited. eBay seeks *only* the identities of only those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs' sources." Def. Mem. at 2 (emphasis in original). Based on the revelation of eBay's novel position, Plaintiffs twice explained to eBay that its motion was moot and requested it be withdrawn. *See* Ex. 1, 3. eBay ignored Plaintiffs' requests.

## III.   LEGAL STANDARD

An issue before the court is moot if the court "cannot give any effectual relief to the potentially prevailing party." *United States v. Strege*, 2021 U.S. App. LEXIS 29959, *2 (1st Cir. Mar. 23, 2021). Where discovery disputes are resolved, courts deny motions to compel as moot. *See Cynosure, LLC v. Reveal Lasers LLC*, 2024 U.S. Dist. LEXIS 67959, *6 (D. Mass. Apr. 15, 2024) (denying motion to compel as moot the production of documents that had already been

produced); *In re Telexfree Sec. Litig.*, 2023 U.S. Dist. LEXIS 123654, *17 (D. Mass. June 21, 2023) (responses that satisfy objections render motion to compel moot). "A court cannot compel a party to produce documents that do not exist." *Rain v. Conn. Gen. Corp.*, 2023 U.S. Dist. LEXIS 93217, *8 (D. Mass. Jan. 31, 2023) (collecting cases, denying motion to compel holding that a party cannot violate their discovery obligations "by failing to produce documents that do not exist"). Nor can a court "compel a party to provide information it does not have." *In re Lerblance*, 2024 U.S. Dist. LEXIS 116407, *10-11 (E.D. Okla. July 2, 2024). Moreover, district courts regularly hold that where a party has waited to bring a motion to compel until the eve of the discovery deadline, the court is justified in denying the motion as untimely. *See infra*.

Even if the identities of Plaintiffs' sources were at issue, once the privilege applies courts employ a balancing test to determine whether to compel the disclosure of otherwise confidential information and the scale tilts heavily in Plaintiffs' favor. *Petition for Promulgation of Rules Regarding Protection of Confidential News Sources and Other Unpublished Information*, 395 Mass. 164, 171 (1985) ("*Petition for the Promulgation of Rules*"), 395 Mass. at 171 (1985); *see also Branzburg v. Hayes*, 408 U.S. 665, 681 (1972) ("without some protection for seeking out the news, freedom of the press could be eviscerated.").

## IV.   ARGUMENT
### A.  eBay's Motion To Compel Is Moot.

In eBay's motion to compel, it pivoted from asking for the complete production of all 307 documents on Plaintiffs' Privilege Log asserting "Source Privilege" to instead making clear to the Court and the world, "eBay's request for relief is limited. eBay seeks only the identities of *only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs' sources." Def. Mem. at 2 (emphasis in original). This rendered eBay's motion moot.

An issue or a case is moot when a court cannot give effective relief to the potentially

prevailing party. *See Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992). "[F]ederal courts cannot issue advisory opinions." *Aurelius Capital Master, Ltd. v. P.R.* (*In re Fin. Oversight & Mgmt. Bd. for P.R.*), 919 F.3d 638, 646 (1st Cir. 2019) (citing *Church of Scientology* noting "that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it'"). Federal courts can only decide questions that "affect the rights of litigants in the case before them." *Johansen v. United States*, 506 F.3d 65, 69 (1st Cir. 2007). Where the court "cannot give any effectual relief to the potentially prevailing party" the issue before the court is moot. *Strege*, 2021 U.S. App. LEXIS 29959, *2.

As already represented to eBay on two occasions, none of the 307 documents found on Plaintiffs' Privilege Log fall within the scope of eBay's requested relief. If the Court grants eBay's motion, as it is currently drafted and not as it was set forth in eBay's letter, there is nothing for Plaintiffs to produce, be it documents or information. Plaintiffs cannot produce that which does not exist. *Rain*, 2023 U.S. Dist. LEXIS 93217, *8. eBay's motion is no different than the motion to compel the court denied in *Karle v. Sw. Credit Sys.*, where the court found the motion to compel "unavailing" as it could not order a party to produce documents that do not exist. *Id.*, 2015 U.S. Dist. LEXIS 6033, *5 (D. Mass. Jan. 16, 2015).[3]

Similarly, the information sought in response to Interrogatory No. 5 is not being withheld, rather it does not exist. Plaintiffs lack information to provide in response to this interrogatory. "Like Rule 34, '[Fed. R. Civ. P.] 33 requires a party to respond to interrogatories only with

---

[3] *See also Bobba v. Patel*, 2021 U.S. Dist. LEXIS 91396, *10 (D. Mass. May 12, 2021) (denying motion to compel as "it makes little sense for the court to order" the production of documents that do not exist); *Viscito v. Nat'l Planning Corp.*, 2019 U.S. Dist. LEXIS 181635, *18-19 (D. Mass. Oct. 21, 2019) ("court will not order production of documents that do not exist").

information that is available to them.'" *In re Lerblance*, 2024 U.S. Dist. LEXIS 116407, *10-11 (quoting *XTO Energy, Inc. v. ATD, LLC*, 2016 U.S. Dist. LEXIS 57050 (D.N.M. Apr. 1, 2016). As such, the *Lerblance* court held that it "cannot compel a party to provide information it does not have." *Id. See also Cain v. City of Detroit*, 2022 U.S. Dist. LEXIS 147878, *9 (E.D. Mich. Apr. 22, 2022) (noting the court cannot compel a party to provide information that he or she does not possess); *Barron v. Nat'l Health Ins. Co.*, 2020 U.S. Dist. LEXIS 254562, *1 (W.D. Okla. May 14, 2020) (same); *Gilmore v. Augustus*, 2014 U.S. Dist. LEXIS 122833, *4 (E.D. Cal. Sep. 2, 2014) (where the party could not furnish details denying motion to compel as "the court cannot compel the impossible").

eBay also claims to be "seeking responses to questions we have posed as part of the 30(b)(6) deposition" citing page 145 of the deposition of Ina Steiner as a representative of Steiner Associates LLC. At the deposition counsel for eBay stated, "[i]t's my understanding that you are refusing to provide us the identities of **any of your sources**, and you're doing so on the ground of a thing called the source privilege, correct?" *Id.* (emphasis added). Asking about the identity of "any of your sources" is very different from eBay's representation to this Court that "To be clear, eBay's request for relief is limited. eBay seeks the identities of *only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs sources." Def. Mem. at 2 (emphasis in original). Plaintiffs did not and will not refuse to answer questions posed by eBay, provided they are cabined in scope to the relief eBay is requesting in this motion. Relief from the Court will not change answers previously provided at deposition or that will be provided.

Based on eBay's letter and questions at deposition, Plaintiffs were surprised by eBay's position in this motion compel. The surprise was a pleasant one, and Plaintiffs recognized that eBay's motion is moot and alerted eBay. eBay has nevertheless not withdrawn the motion. *C.f.*

*Quigley v. United States*, 2017 U.S. Dist. LEXIS 116113, *3 (W.D. Tex. Apr. 21, 2017) ("Given the busy docket this Court has, it will not take the time to engage in the academic exercise of ruling on objections that are moot"). Should eBay prevail, nothing will be produced. It is hard to imagine a motion that more squarely fits the definition of moot than the one before the Court.[4]

eBay's motion to compel is moot and the Court should summarily deny the motion as such.

### B.  The Balances Tip Decidedly In Plaintiffs' Favor In Determining Whether To Require Disclosure Of A Reporter's Confidential Sources.

Massachusetts courts have recognized a source privilege through case law applying a balancing test. The privilege derives from a judge's obligation to consider "the effect of compelled disclosure on values underlying the First Amendment." *Petition for Promulgation of Rules*, 479 at 158. Consistent with their obligation, a judge has the authority to prevent harassment and needless disclosure of confidential relationships. *Id.* In exercising control over discovery, a judge must be particularly sensitive to preventing exposure, or any other use of discovery as a means of harassing a reporter or other potential witness by forcing the needless disclosure of confidential relationships. *See Ward v. Peabody*, 380 Mass. 805, 813-814, 819 (1980) (privacy interests should be considered in determining the proper scope of a documentary summons issued in connection with a legislative commission hearing and noting that "the existence of a personal interest in nondisclosure might well persuade a court against ordering production" of certain arguably relevant documents). The privilege applies to protect a reporter's sources when it is determined that the reporter's interests

---

[4] The only reason Plaintiffs can imagine as to why eBay has refused to withdraw its motion is because eBay is really seeking more than they have represented to the Court and that eBay is truly seeking "unredacted versions of the 307 documents over which Plaintiffs have claimed such a privilege" as it stated in its August 23 letter or "any of your sources" as it stated in deposition, and eBay is using the appearance of its limited request to receive an order from the Court that it will then seek to weaponize in demanding way more than it asked the Court to provide.

in confidentiality outweigh countervailing interests in obtaining the evidence sought.

A Massachusetts court faced with a motion to compel documents and information from the news media must "consider the effect of compelled disclosure on values underlying the First Amendment and art. 16." *Petition for Promulgation of Rules*, 395 Mass. at 171. The court must balance the public interest in every person's evidence and the public interest in protecting the free flow of information to determine whether to compel disclosure. In making this determination, courts first consider whether the target of the discovery has made "some showing that the asserted damage to the free flow of information is more than speculative or theoretical." *Petition for Promulgation of Rules*, 395 Mass. at 172. The courts then balance this threat against the pertinence of the information to the matter at issue. *Id.* at 171.

Here, eBay's request does not require the disclosure of any confidential sources, or the disclosure of any additional documents or information whatsoever, which is why eBay's motion is moot. Nevertheless, eBay's motion threatens the free flow of information because if granted it would send fear down any confidential sources' spine that the disclosure of their identities is very much at risk and promises of confidentiality cannot be upheld.

Moreover, the information that eBay seeks is so far from the heart of Plaintiffs' case as to be in another body altogether. The information is in fact immaterial to Plaintiffs' claims against eBay. The asserted need is so attenuated to the case that in continuing to seek information through a motion that has proven to be moot, eBay appears to be pressing its motion to retaliate against previous sources and more concerning, to send a message and chill any future would-be sources from contacting Plaintiffs or other reporters in the future. This is exactly the type of behavior the privilege is meant to protect against. As such, eBay falls woefully short of satisfying its burden.

As such, should the Court reach the merits of eBay's motion, the Court should deny the

motion. The Court must not be deceived into thinking that since the motion is moot, no harm no foul if the Court just goes ahead and grants eBay the relief they are requesting. The Court should prevent retaliation against Plaintiffs and potential future sources and instead deny the motion.

**1.    eBay's Motion Poses A Threat To The Free Flow Of Information.**

Plaintiffs meet their modest threshold burden on this motion because the "forced disclosure of investigative news reporters' confidential sources of information carries an inherent threat to the free flow of information." *Ayash v. Dana-Farber Cancer Inst.*, 46 Mass. App. Ct. 384, 389-90 (1999). In *Matter of John Doe Grand Jury Investigation*, 410 Mass. 596, 600 (1991), the Supreme Judicial Court affirmed the lower court's conclusion that "the asserted damage to the free flow of information" from enforcement of a subpoena "was more than 'speculative or theoretical'" based on the finding that "the reporters would not have received the information they obtained if they had not promised anonymity to their sources and that the reporters' future news-gathering ability, both generally and in the case being investigated by the grand jury, would be impaired if they violated their promises." *Id.*

While eBay's requested relief is moot, granting eBay's motion would cause an inherent threat to the free flow of information. Plaintiffs regularly received information over the years from sources who only provided such information in conjunction with anonymity. *See* Ex. 4 (PPROD-069865- 2421 ("name withheld for fear of retaliation"); PPROD-069865- 2502 ("And please keep me anonymous. I do believe eBay retaliation is real. I'm certain I've been a victim of it."); PPROD-069865- 2746 ("PS: Please don't mention my name or my store if you publish this, I am always worried about eBay retaliation!"); PPROD-069865- 357 ("Regretfully, I ask that you withhold my details. I'm in the camp that believes eBay can and will retaliate against sellers who post on any forum."); PPROD-069865- 390 ("Below is the email I received with all seller and buyer identifiers

removed to avoid eBay retribution . . . Best regards, Name Withheld by Request"); PPROD-073285 ("Out of fear of retaliation from eBay, please do not publish my name"; "Name withheld due to fear of retaliation by eBay"; (iii) Thank you both for creating this site and not backing down when Ebay started coming after you. I also thank you for not releasing our identities to Ebay as I am sure that both Pace and I would be high on their list of names wanted"; (iv) Dear Ina and David, I did not want to post on the actual site because of the news that just came out. I just wanted to say that I am sorry that this happened to you. I have been reading your blog post for a few years and always thought that it was a safe place for people to discuss ebay issues without being censored like on the ebay forum boards. you report on stories in the news and people comment on them and I never perceived you as being critical.")).

Sources came forward on the premise of anonymity for fear of retaliation, a very real fear given the facts of this case. *Id*. This satisfies Plaintiffs' burden. *Summit Tech., Inc. v. Healthcare Capital Grp., Inc.*, 141 F.R.D. 381, 385 (D. Mass. 1992) (denying disclosure of a source's identity where the information was provided on the condition of anonymity).[5]

While granting eBay's motion to compel would not result in the disclosure of any information to eBay, it would undoubtedly chill the free flow of information. As such, Plaintiffs have met their burden of demonstrating that the harm to the free flow of information is not

---

[5] As it did in its letter, eBay continues to cite *In re John Doe Grand Jury Investigation*, 410 Mass. 596, 600, 574 N.E.2d 373, 376 (1991). As shown *infra*, this case supports Plaintiffs' position. *Anderson v. Nixon*, 444 F. Supp. 1195, 1197 (D.D.C. 1978) and *Driscoll v. Morris*, 111 F.R.D. 459 (D. Conn.), the two cases on which eBay heavily relies in its motion, are forty-year-old out of state and out of Circuit cases that are factually inapposite. In those cases, the source's information, whether told by the source or to the source went to the heart of the underlying causes of action themselves. Such is not the case here. *See Holland v. Centennial Homes, Inc.*, 1993 U.S. Dist. LEXIS 21624, *20 (N.D. Tex. Dec. 21, 1993) ("reporter's privilege under the First Amendment outweighs the curiosity of defendants"); *Mitchell v. Superior Court*, 37 Cal. 3d 268, 280, 690 P.2d 625, 632 (1984) ("mere relevance is insufficient to compel discovery; disclosure should be denied unless the information goes "to the heart of the plaintiff's claim").

speculative or theoretical, but instead very real.

> **2.      eBay Has Not Demonstrated Need For
> The Documents, Responses, Or Testimony
> That Overcomes The Threat To The First Amendment Or Art. 16.**

eBay fails to establish a concrete need for the documents or information it seeks, let alone one that overcomes the First Amendment. Moreover, even if such information exists, eBay does not connect the information to the heart of Plaintiffs' claims. "Without a demonstrated essential relationship between the identities of the reporters' sources and the elements of the plaintiffs' claim," granting eBay's motion to compel would "exceed the bounds of [the court's] discretion in the circumstances." *Wojcik v. Bos. Herald, Inc.*, 60 Mass. App. Ct. 510, 517 (2004). Applying the balancing test to this case supports application of the privilege. In *Wojcik*, the Court did not compel disclosure of the identities of confidential sources in a libel action where "the identities of the sources [were] largely irrelevant to [the plaintiff's] defamation claim." The Court concluded "[w]ithout a demonstrated essential relationship between the identities of the reporters' sources and the elements of the plaintiffs' claim, the motion judge's order compelling disclosure of the identities of the sources exceeded the bounds of his discretion in the circumstances." *Id.*

**C.  Plaintiffs' Have Not Waived Source Privilege.**

eBay argues that to the extent a privilege exists, Plaintiffs waived it by putting information about their sources at issue in this litigation. Not so. As explained in detail above, none of the information eBay seeks exists or is much less at issue in this litigation. Moreover, even if the "at issue" waiver applied, the information must not only be relevant (it is not), it must "also actually [be] relied upon by the privilege holder to support a claim or defense in the case." *Traverse v. Gutierrez Co.*, 2019 U.S. Dist. LEXIS 240567, *13 (D. Mass. July 25, 2019). As Plaintiffs are not relying upon the information, eBay's argument fails.

**D.      eBay's Requested Relief Is Inappropriate For A Motion To Compel.**

In its motion to compel, eBay emphasizes its need for the identity of Plaintiffs' sources as Plaintiffs' refusal to provide the sources' identities prevents eBay from investigating Plaintiffs' damages claims. Def. Mem. at 1. Not so. eBay states (1) "if Plaintiffs wish to maintain privilege" the Court should "preclude them from seeking damages based on any harm flowing from the alleged loss of these 'would-be sources'" (Def. Mem. at 2); (2) "Plaintiffs thus must choose whether to seek damages based on allegedly lost sources and disclose the information needed to test that theory or withhold that information and forgo such damages" (Def. Mem. at 6); (3) "if Plaintiffs wish to maintain privilege, the Court should preclude them from seeking any damages based on the alleged loss of sources due to the Natick events" (Def Mem at 13). Plaintiffs are not withholding any information they will rely upon to prove their damages and as such, the entire premise of eBay's request is a strawman and proves once again why eBay's motion is moot.

Plaintiffs are maintaining their source privilege, but they are not withholding any documents or information that eBay is requesting. eBay's request is based on "Plaintiffs' July 30, 2024, Supplemental Initial Disclosure at 87." Def. Mem. at 3. All that is stated there is that Defendants' actions in this case led to the "damaging Ina's reputation, ability to obtain sources and information, and reporting in perpetuity." *Id.* Plaintiffs will prove this to be the case and will do so without any of the information or documents that are the subject of eBay's motion to compel. It is worth repeating, no documents or information related to these requests exists. eBay's request that the Court preclude Plaintiffs from seeking any damages based on the alleged loss of sources due to the Natick events is wholly inapplicable and unrelated to eBay's motion to compel. Plaintiffs will be proving such damages without the information that eBay has requested. eBay's argument will have no merit at summary judgment or as the subject of a motion in *limine* or before a jury. It

13

is certainly inappropriate for eBay to attempt to slide it into the relief it is requesting on a motion to compel. As such, eBay will suffer no prejudice and for yet another reason its motion to compel must be denied.

### E.   eBay's Motion To Compel Is Untimely.

While Federal Rule of Civil Procedure 37(a) governs motions to compel, it does not impose any deadline on filing such motions. Even so, district courts may place restrictions on the timing of discovery and related motions by virtue of their "broad discretion in pretrial management matters." *Curet-Velàzquez v. ACEMLA De P.R., Inc.,* 656 F.3d 47, 54 (1st Cir. 2011*); see also Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes.").

In that vein, counsel who wait to file a motion to compel until the discovery deadline or close to the discovery deadline run the peril of having the motion considered to be untimely. *See Feit Elec. Co. v. CFL Techs. LLC*, 2023 U.S. Dist. LEXIS 83685, *28 (N.D. Ill. May 12, 2023) (motion to compel denied as untimely when filed four months after the meet and confer and only 13 days before the close of fact discovery).

District courts have articulated that "[w]here a party has waited to bring a motion to compel until the eve of a discovery deadline, the court is justified in denying the motion." *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, 2004 U.S. Dist. LEXIS 26861, 2004 WL 3021842, *6 (N.D. Ill. Dec. 30, 2004) (denying motion to compel where plaintiff filed it four days before the close of discovery). In *Ridge Chrysler* "[t]he Court acknowledges that Plaintiffs filed their Motion to Compel in advance of the discovery deadline. However, they filed it so late as to make it impossible to conduct the requested discovery within the discovery period." *Id.*

Motions to compel filed within days of the close of discovery are routinely found to be untimely. *See e.g.*, *Powers v. Mem'l Sloan Kettering Cancer Ctr.*, 2020 U.S. Dist. LEXIS 228177, *9 (S.D.N.Y. Dec. 4, 2020) (motion to compel untimely where filed two days before the close of discovery where issue was known about for two months); *Hyland v. Homeservices of Am., Inc.*, 2012 U.S. Dist. LEXIS 67028, *5 (W.D. Ky. May 14, 2012) ("because Plaintiffs were aware of Defendants' objections to the discovery requests for six months before filing a motion to compel, the Court cannot conclude that they were prejudiced by the magistrate judge's denial of their motion to compel," filed only ten days before discovery closed); *Holmes v. Inmar Brand Sols., Inc.*, 2024 U.S. Dist. LEXIS 136338, *7 (C.D. Ill. Aug. 1, 2024) (motion to compel denied as untimely where the plaintiff waited until days before the close of discovery to file the motion); *OL Priv. Couns., Ltd. Liab. Co. v. Olson*, 2024 U.S. Dist. LEXIS 149635, *5 (D. Utah Aug. 20, 2024) (motion to compel untimely where filed in the final days of fact discovery when the issues presented in the motion were known for between four and twenty-one months); *Flame S.A. v. Indus. Carriers, Inc.*, 2014 U.S. Dist. LEXIS 194764, *9 (E.D. Va. July 31, 2014) (motion to compel untimely where the defendant was aware of the dispute two month prior to filing its motion to compel, one day before the close of discovery).[6]

---

[6] *Grey v. Dallas Independent School District*, 265 Fed. Appx. 342, 348 (5th Cir. 2008) (*per curiam*) ("[W]e are not required to find that the district court abused its discretion by denying his motion to compel discovery, because it was filed on the day of the discovery deadline after an extensive discovery period."); *Rainbow Energy Mktg. Corp. v. DC Transco, LLC*, 2022 U.S. Dist. LEXIS 216495, *4 (W.D. Tex. Dec. 1, 2022) (motion to compel untimely where filed on the last day of discovery); *West v. Miller*, 2006 U.S. Dist. LEXIS 56243, *6 (N.D. Ill. Aug. 11, 2006) (denying motion to compel where plaintiff filed eleven days before the discovery deadline after months of inactivity); *Cont'l Cas. Co. v. Tyson Foods, Inc.*, 2017 U.S. Dist. LEXIS 227492, *6 (E.D. Tenn. June 15, 2017) (court could not compel the requested discovery without, in effect, reopening the discovery period); *Wilbur v. Cnty. of Waukesha*, 2016 U.S. Dist. LEXIS 99835, *4 (E.D. Wis. Jul. 29, 2016) ("In light of . . . the plaintiff's knowledge of the impasse some two weeks prior to the filing of the motion, and the fact that granting this motion would require yet another extension of the discovery period, the court finds that this motion is untimely."); *In re Sulfuric Acid Antitrust*

*Sellers v. United States*, 2007 U.S. Dist. LEXIS 107197, *25-27 (D.R.I. Nov. 9, 2007) is on point. There, the plaintiff argued that her motion to compel was timely because she filed ten days in advance of the close of discovery. *Id.* The court held "Plaintiff apparently takes the position that so long as a motion to compel discovery is filed within ten days of the close of discovery, it cannot be deemed untimely, regardless of the circumstances which preceded its filing. The Court does not share this view." *Id.* The plaintiff did not file her motion to compel until three months after concluding that the defendants' discovery responses were deficient. *Id.* The court concluded that a party cannot delay in filing a motion to compel, and based on the three-month delay denied the motion to compel as untimely. *Id. See also Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996).

Additionally, other courts have found lengthy delays in and of themselves a basis for denying a motion to compel. *See, e.g., Audi AG v. D'Amato*, 469 F.3d 534, 541-42 (6th Cir. 2006) (finding a delay of two-and-a-half months dilatory); *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1197 (6th Cir. 1995) (finding the plaintiff dilatory in his efforts when he learned of the pertinent issue three weeks before the close of discovery).

Here, eBay had substantial time in which to file a motion to compel and failed to articulate any justification for its failure to do so until four months after Plaintiffs' responses were served and by eBay's own admission three and a half months after eBay contends that it "promptly challenged Plaintiffs' assertion of the reporter's privilege in deficiency letter dated May 23, 2024" (Def. Mem. at 4), and 16 days before the close of discovery. *See Ginett v. Federal Express Corp.*, 166 F.3d 1213 (6th Cir. 1998) (unpublished) (finding that the plaintiff was not prejudiced by denial

---

*Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005) (denying motion to compel in part where it was filed on the last day of the discovery period).

of motion to compel because the plaintiff knew of the issue in March 1996 and had an opportunity

to move to compel in October 1996 but did not do so until December 1996).

> **F.  eBay's Motion To Compel Was Not Substantially**
> **Justified And Plaintiffs Are Entitled To Reasonable**
> **Expenses And Attorney's Fees Incurred In Opposing The Motion.**

Federal Rule of Civil Procedure 37(a)(5)(B) states that "[i]f the motion [to compel] is

denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving

an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the

party or deponent who opposed the motion its reasonable expenses incurred in opposing the

motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). The award of

fees and expenses is mandated absent two exceptions that do not apply here:only if the moving

party was "substantially justified" in filing its motion to compel or if other circumstances make an

award unjust. *See id.*

As a threshold matter, the default presumption is that Plaintiffs -- should they prevail -- are

entitled to an award of fees and expenses. Fed. R. Civ. P. 37(a)(5)(B) (providing that a court, after

denying a motion to compel, "must" award expenses unless certain limited exceptions are met).

eBay bears the burden of establishing one of the two exceptions to the mandatory fee award. *De

Laire v. Voris*, 2022 U.S. Dist. LEXIS 31779, *1 (D.N.H. Jan. 14, 2022) ("The party opposing an

award bears the burden of showing substantial justification.") (citing *Wilson v. Bradlees of New

England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001)); *JSC Foreign Econ. Ass'n Technostroyexport v.

Int'l Dev. & Trade Servs.*, 2005 U.S. Dist. LEXIS 16772, *43 (S.D.N.Y. Aug. 16, 2005) ("[T]he

burden of persuasion has since 1970 been on the losing party to avoid assessment of expenses and

fees...."); *Romeo & Juliette Laser Hair Removal v. Assara I, LLC*, 2013 U.S. Dist. LEXIS 93691,

*10 (S.D.N.Y. July 2, 2013) (Rule 37 "places the burden on the disobedient party to avoid expenses

[including attorney's fees] by showing that his failure is justified."); *Pegoraro v. Marrero*, 2012

U.S. Dist. LEXIS 169771, *13 (S.D.N.Y. Nov. 28, 2012) ("the movants failed to satisfy their burden of demonstrating that awarding attorney's fees to the plaintiff, in connection with opposing the movants' motion, pursuant to Rule 37(a)(5)(B), is not warranted.").

Starting with the first exception, eBay's motion is not substantially justified. Substantial justification requires that the moving party's position was reasonable both in law and fact. *United States v. Yoffe*, 775 F.2d 447, 449 (1st Cir. 1985). As the First Circuit has explained, "substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Substantial justification exists if the party's position has a reasonable basis in law and fact." *Moulton v. Bane*, 2015 U.S. Dist. LEXIS 158773, at *6 (D.N.H. Nov. 24, 2015) (citations omitted); *see also Walker v. Segway Inc.*, 2013 U.S. Dist. LEXIS 98362, *2 (D.N.H. July 15, 2013); *Dantran, Inc. v. U.S. Dep't of Lab.*, 246 F.3d 36, 40-41 (1st Cir. 2001) (quoting *Pierce*, 487 U.S. at 566 n.2).

eBay's motion lacks a reasonable basis in law and fact. eBay cannot possibly show substantial justification, as no "reasonable person" could consider the motion "substantially justified." *Sheppard*, 428 F.3d at 12 (quoting *Pierce*, 487 U.S. at 565); *see also Saalfrank v. Town of Alton*, 2010 U.S. Dist. LEXIS 19909, *24 (D.N.H. Mar. 5, 2010) (awarding expenses to the party that successfully opposed the motion to compel, noting that the party seeking discovery "failed to show a substantial justification for seeking to compel" the requested material, and had "not even tried to make that showing as to some of the material").

The first time that eBay articulated the relief it is seeking in this motion was in this motion itself. Since the filing, Plaintiffs' counsel twice explained to eBay why the motion was moot, but eBay has refused to withdraw the motion. This necessitated substantial time and effort by

Plaintiffs' counsel in responding to eBay's motion. eBay also cannot show that "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37. To avoid an award on this ground, eBay would need to show that Plaintiffs acted unjustifiably. *Town of Wolfeboro v. Wright-Pierce, Inc.*, 2014 U.S. Dist. LEXIS 204405, *9 (D.N.H. Mar. 10, 2014) (awarding expenses to the party that successfully opposed motion to compel, finding that the opposing party "did not act unjustifiably," among other things) (quoting *Pegoraro*, 2012 U.S. Dist. LEXIS 169771, *13).

eBay is unable to articulate a plausible means by which the motion to compel was likely to lead to the discovery of admissible evidence, and as such, the motion was not substantially justified. Plaintiffs twice implored eBay to withdraw its ill-fated motion and to not waste Plaintiffs' counsel's time or the Court's time. Having chosen not to take the legally appropriate path, eBay must now pay for its transgressions.

When a motion to compel seeks information which is irrelevant, already provided, or when no attempt is made to justify seeking certain information, such a motion to compel is frivolous, and fees related to opposing such a Motion must be awarded. *See Fritz v. Brown*, 2009 U.S. Dist. LEXIS 17396, *3 (D.N.H. Feb. 18, 2009).

Having given eBay fair warning on two occasions, it is hard to see a more appropriate scenario for an award of fees and expenses.

## V.     CONCLUSION

As such, the Court should deny eBay's motion to compel as moot or in the alternative on its merits or as untimely. eBay was aware of the issue presented in its motion for more than four months and there are no documents or information to produce, thus the motion to compel plainly does not go to the heart of a claim or defense as eBay itself admits is the standard in its motion.

Additionally, given that eBay's motion lacked substantial justification, the Court must award Plaintiffs their fees and expenses in defending against eBay's motion.

Dated: September 20, 2024                              Respectfully submitted,

                                                      */s/Andrew G. Finkelstein*
                                                      Andrew G. Finkelstein
                                                      Brian D. Acard
                                                      Kenneth B. Fromson
                                                      Lawrence D. Lissauer
                                                      FINKELSTEIN & PARTNERS, LLP
                                                      1279 Route 300
                                                      Newburgh, NY 12551
                                                      (845) 563-9459
                                                      afinkelstein@fbfglaw.com
                                                      bacard@lawampm.com
                                                      kfromson@lawampm.com
                                                      LLissauer@lawampm.com

                                                      Marc A. Diller
                                                      DILLER LAW, LLP
                                                      50 Congress Street
                                                      Ste 420
                                                      Boston, MA 02109
                                                      (617) 523-7771
                                                      marc@dillerlaw.com

                                                      Christopher R. Murphy
                                                      FOSTER, SCALLI & MURPHY, LLC
                                                      537 Broadway
                                                      Everett, MA 02149
                                                      (617) 387-7000
                                                      cmurphy@scallimurphy.com

                                                      Todd S. Garber
                                                      FINKELSTEIN, BLANKINSHIP, FREI-PEARSON
                                                      & GARBER, LLP
                                                      1 North Broadway, Suite 900
                                                      White Plains, NY 10601
                                                      (914) 298-3283
                                                      tgarber@fbfglaw.com

                                                      *Counsel for Ina Steiner, David Steiner and
                                                      Steiner Associates, LLC*

20

## <u>CERTIFICATE OF SERVICE</u>

I, Todd S. Garber, hereby certify that on September 20, 2024, I caused the foregoing

NOTICE OF APPEARANCE to be filed electronically in the above-captioned action via the

Court's CM/ECF system, which caused electronic copies to be served on all counsel of record.


By:     */s/ Todd S. Garber*
        Todd S. Garber
        **FINKELSTEIN, BLANKINSHIP,**
        **FREI-PEARSON & GARBER, LLP**
        One North Broadway, Suite 900
        White Plains, New York 10601
        Tel: (914) 298-3284
        tgarber@fbfglaw.com