# EXHIBIT 3

| | |
|---|---|
| **From:** | Todd Garber |
| **To:** | Pirozzolo, Jack; Feith, Daniel J.; Andrew Finkelstein; Brian Acard; Kenneth Fromson; Lawrence Lissauer; Marc Diller; cmurphy scallimurphy.com; Bradley Silverman; Karen Toomey; Ann Johnson |
| **Cc:** | Alessi, Kathryn L.; Croslow, Lucas; Nonaka, Scott; Chung, Richard K.; adlowell@winston.com; klibrera@winston.com; owlmgw@att.net; pabianlaw38@gmail.com; tweigand@morrisonmahoney.com; kiversontufo@morrisonmahoney.com; wfick@fickmarx.com; dmarx@fickmarx.com; dgelb@gelbgelb.com; mconrad@conmetkane.com; mkane@conmetkane.com; dbrooks@lhbmlegal.com; jstrojny@lhblaw.com; clindberg@msdefenders.com; tminer@msdefenders.com; adeal@paikdeal.com; ypaik@paikdeal.com; stockwellstephanie21@gmail.com; andrew.oconnor@ropesgray.com; boconnor@ropesgray.com; jesse.coulon@ropesgray.com; michelle.kahn@ropesgray.com; frank.ubhaus@berliner.com; mday@tshdlegal.com; Hashemi, Caz; Mills, Melissa; Christopher.Edelman@usdoj.gov; Jason.Lynch@usdoj.gov; Carney, Matthew L. (CIV); Templeton, Trevor |
| **Subject:** | Re: Steiner v. eBay - eBay"s Motion to Compel Disclosure of the Identities of Plaintiffs" Sources |
| **Date:** | Monday, September 16, 2024 11:51:35 AM |

Thanks Jack,

I appreciate the advice on what to tell the Court should we be required to file response papers.  Should eBay not withdraw what is at this point clearly a moot and now frivolous motion, we will represent to the Court what needs to be represented.  To ensure that eBay fully understands the present landscape while making a final decision on whether to proceed with its motion to compel, I reiterate some points raised in my previous email and address the additional points raised in your email below.

First, if eBay had articulate the position stated in its motion in its letter dated August 23, 2024, the motion would not have been filed in the first place.  But in that letter eBay requested "unredacted versions of the 307 documents over which Plaintiffs have claimed such a privilege."  Based on that request, Plaintiffs objected and set forth their position in my letter dated August

28, 2024.  The Parties then had a conference call with the Court on which you characterized your request the same in form or substance as it was articulated in your letter and the Parties framed the dispute for the Court and set a briefing schedule.

eBay then filed its motion to compel on Wednesday September 11, 2024, and for the first time pivoted from asking for the complete production of all 307 documents on Plaintiffs' Privilege Log that assert a "Source Privilege".  In doing so you were sure to "be clear, eBays' request for relief is limited.  eBay seeks *only* the identities of *only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, no all of Plaintiffs' sources."  Def. Mem. at 2.  This was news to us, but a pleasant surprise, and the hope was and still is that the Court would certainly now appreciate that the Parties would be able to resolve the dispute without resorting to Court intervention.  Based on the representation in eBay's filing, I wrote my email of September 12, 2024, requesting that eBay withdraw its motion as, because of the new position articulate by eBay it was clear to Plaintiffs that the motion was moot.  To my surprise, the request was rejected.

Again, none of the 307 documents found on Plaintiffs' Privilege Log that are the subject of eBay's motion fall within the requested relief of our motion. If the Court were to grant your motion in full, as it is currently drafted (not as it was expressed in your letter), there would be nothing for Plaintiff to produce, be it documents or information in an interrogatory response. "A court cannot compel a party to produce documents that do not exist." *Rain v. Conn. Gen. Corp.*, No. 3:17-30115-MGM, 2023 U.S. Dist. LEXIS 93217, *8 (D. Mass. Jan. 31, 2023) (collecting cases, denying motion to compel holding that a party cannot violate their discovery obligations "by failing to produce documents that do not exist"). eBay's motion is no different than the motion to compel that was denied in *Karle v. Sw. Credit Sys.*, where the court found the motion to compel "unavailing" as it could not order a party to produce documents that do not exist. *Id.*, 2015 U.S. Dist. LEXIS 6033, at *5 (D. Mass. Jan. 16, 2015). *See also Bobba v. Patel*, No. 3:19-30171-MGM, 2021 U.S. Dist. LEXIS 91396, *10, at *10 (D. Mass. May 12, 2021) (denying motion to compel as "it makes little sense for the court to order" the production of documents that do not exist); *Viscito v. Nat'l Planning Corp.*, No. 3:18-30132-MGM, 2019 U.S. Dist.

LEXIS 181635, *18-19 (D. Mass. Oct. 21, 2019) (denying motion to compel as the "court will not order production of documents that do not exist").

In your letter you state that even with the above, eBay's motion is not moot because it also seeks an amended response to Interrogatory No. 5 and for the answering of questions at deposition.  But these additional requests do not revive eBay's motion.  Similar to Request for Production No. 77, none of the information requested in Interrogatory No. 5 resides within the 307 documents on Plaintiffs' Privilege Log or is being withheld based on a claim of privilege.  Interrogatory No. 5 states "For all 'would-be sources' that You contend no longer 'want to work with the Steiners for fear that they could also be terrorized by eBay,' as alleged in paragraph 381 of the Amended Complaint, provide the names, last known contact information, Date(s) of contact, the Date that each stopped Communicating with You, a general summary of the topics addressed, and a list of any Articles for which they were previously a source."  *Id.*  Plaintiffs lack any information to provide in response to this interrogatory.  "Like Rule 34, '[Fed. R. Civ. P.] 33 requires a party to respond to interrogatories only with information that is available to them.'"  *In re Lerblance*,

No. CIV-23-47-JFH-GLJ, 2024 U.S. Dist. LEXIS 116407, *10-11 (E.D. Okla. July 2, 2024) (quoting *XTO Energy, Inc. v. ATD, LLC*, 2016 U.S. Dist. LEXIS 57050, 2016 WL 1730171, at *22 (D.N.M. Apr. 1, 2016).  As such the court held that it "cannot compel a party to provide information it does not have."  *Id.  See also Cain v. City of Detroit*, No. 20-cv-11099, 2022 U.S. Dist. LEXIS 147878, at *9 (E.D. Mich. Apr. 22, 2022) (noting the court cannot compel a party to provide information that he or she does not possess); *Barron v. Nat'l Health Ins. Co.*, 2020 U.S. Dist. LEXIS 254562, 2020 WL 9600579, at *1 (W.D. Okla. May 14, 2020) (same); *Gilmore v. Augustus*, No. 1:12-cv-00925-LJO-GSA-PC, 2014 U.S. Dist. LEXIS 122833, *4 (E.D. Cal. Sep. 2, 2014) (denying motion to compel interrogatory responses where the party could not furnish details as "the court cannot compel the impossible").  You will of course be free to address this response during the Plaintiffs' depositions.

Finally, with regard to the 30(b)(6) deposition transcript and your citation to page 145, page 145 states "It's my understanding that you are refusing to provide us the identities of **any of  your sources**, and you're doing so on the ground of a thing called the source privilege,

correct?" *Id.*(emphasis added).  Asking about the identity of "any of your sources" is a far cry from your representation to the Court that "To be clear, eBay's request for relief is limited. eBay seeks the identities of *only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs sources." Def. Mem. at 2.  As such you were not prevented or denied answers that fall withing the scope of the relief you are requesting and nothing was withheld.  Relief from the Court would not change a single answer.

Based on the deposition and your letter and the call with the Court, you can surely understand our shock and surprise as to eBay's position when we received the motion to compel where the never before articulated "limited" position was revealed.  eBay's motion is clearly moot.  Should the Court grant the relief you have requested, it would not change any of the entries on the Privilege Log, nor cause additional documents to be produced pursuant to the Requests for Production, nor changes to any Interrogatory Responses.  I am pretty sure that fits squarely within the definition of moot.

With the additional information provided above and for

the reasons previously articulated, Plaintiffs reiterate their request for eBay to withdraw its moot Motion to Compel.  The only reason I can fathom for why eBay would not do so is because they are really seeking more than they have represented to the Court and that eBay is truly seeking "any of your sources" as you stated at the deposition.  Here is your chance to prove me wrong.

I look forward to your response.

**Todd S. Garber, Esq. | Partner**

Finkelstein, Blankinship,

Frei-Pearson & Garber, LLP

One North Broadway, Suite 900

White Plains, NY 10601

Tel: (914) 298-3283

www.fbfglaw.com

Get Outlook for iOS

---

**From:** Pirozzolo, Jack <jpirozzolo@sidley.com>
**Sent:** Friday, September 13, 2024 12:20:42 PM
**To:** Todd Garber <tgarber@FBFGLaw.com>; Feith, Daniel J. <dfeith@sidley.com>; Andrew Finkelstein <AFinkelstein@lawampm.com>; Brian Acard <BAcard@lawampm.com>; Kenneth Fromson <KFromson@lawampm.com>; Lawrence Lissauer <LLissauer@lawampm.com>; Marc Diller <MDiller@dillerlaw.com>; cmurphy scallimurphy.com <cmurphy@scallimurphy.com>; Bradley Silverman <BSilverman@fbfglaw.com>; Karen Toomey <KToomey@lawampm.com>; Ann Johnson <AJohnson@lawampm.com>
**Cc:** Alessi, Kathryn L. <kalessi@sidley.com>; Croslow, Lucas <lcroslow@sidley.com>; Nonaka, Scott

<snonaka@sidley.com>; Chung, Richard K. <rchung@sidley.com>; adlowell@winston.com <adlowell@winston.com>; klibrera@winston.com <klibrera@winston.com>; owlmgw@att.net <owlmgw@att.net>; pabianlaw38@gmail.com <pabianlaw38@gmail.com>; tweigand@morrisonmahoney.com <tweigand@morrisonmahoney.com>; kiversontufo@morrisonmahoney.com <kiversontufo@morrisonmahoney.com>; wfick@fickmarx.com <wfick@fickmarx.com>; dmarx@fickmarx.com <dmarx@fickmarx.com>; dgelb@gelbgelb.com <dgelb@gelbgelb.com>; mconrad@conmetkane.com <mconrad@conmetkane.com>; mkane@conmetkane.com <mkane@conmetkane.com>; dbrooks@lhbmlegal.com <dbrooks@lhbmlegal.com>; jstrojny@lhblaw.com <jstrojny@lhblaw.com>; clindberg@msdefenders.com <clindberg@msdefenders.com>; tminer@msdefenders.com <tminer@msdefenders.com>; adeal@paikdeal.com <adeal@paikdeal.com>; ypaik@paikdeal.com <ypaik@paikdeal.com>; stockwellstephanie21@gmail.com <stockwellstephanie21@gmail.com>; andrew.oconnor@ropesgray.com <andrew.oconnor@ropesgray.com>; boconnor@ropesgray.com <boconnor@ropesgray.com>; jesse.coulon@ropesgray.com <jesse.coulon@ropesgray.com>; michelle.kahn@ropesgray.com <michelle.kahn@ropesgray.com>; frank.ubhaus@berliner.com <frank.ubhaus@berliner.com>; mday@tshdlegal.com <mday@tshdlegal.com>; Hashemi, Caz <chashemi@wsgr.com>; Mills, Melissa <mmills@wsgr.com>; Christopher.Edelman@usdoj.gov <Christopher.Edelman@usdoj.gov>; Jason.Lynch@usdoj.gov <Jason.Lynch@usdoj.gov>; Carney, Matthew L. (CIV) <Matthew.L.Carney@usdoj.gov>; Templeton, Trevor <ttempleton@wsgr.com>
**Subject:** RE: Steiner v. eBay - eBay's Motion to Compel Disclosure of the Identities of Plaintiffs' Sources

Todd:

Thank you for your email.  To confirm that we understand your position, are you representing that none of the documents over which Plaintiffs have claimed source privilege is responsive to RFP No. 77 to Steiner Associates, RFP No. 78 to Ina Steiner, or RFP No. 78 to David Steiner?  If so, then you should feel free to represent in your opposition that your clients have no documents showing that any "would be sources" have stopped providing information to your clients because of the criminal conduct as you allege in the complaint.

Even with such a representation, however, eBay's motion is not moot since, as you can see from both the motion itself and the memo in support, see Dkts. 449 ¶ 3 and 450 at 3-4, our motion is not limited to seeking documents you have withheld.  Specifically, we are seeking a response to Interrogatory 5, which you have refused answer based on source privilege.  Id.  We are also seeking responses to questions we have posed as part of the 30(b)(6) deposition.  Id.  We also expect to pose questions to Ms. Steiner and to Mr. Steiner in their upcoming depositions regarding the claim that "would be" sources have ceased communicating with them.

Happy to discuss further.

Regards,
**JACK W. PIROZZOLO**


**SIDLEY AUSTIN LLP**
+1 617 223 0304

jpirozzolo@sidley.com

*******************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.
*******************************************************************************

**From:** Todd Garber <tgarber@FBFGLaw.com>
**Sent:** Thursday, September 12, 2024 9:40 PM
**To:** Feith, Daniel J. <dfeith@sidley.com>; Andrew Finkelstein
<AFinkelstein@lawampm.com>; Brian Acard <BAcard@lawampm.com>; Kenneth Fromson
<KFromson@lawampm.com>; Lawrence Lissauer <LLissauer@lawampm.com>; Marc Diller
<MDiller@dillerlaw.com>; cmurphy scallimurphy.com <cmurphy@scallimurphy.com>;
Bradley Silverman <BSilverman@fbfglaw.com>; Karen Toomey <KToomey@lawampm.com>;
Ann Johnson <AJohnson@lawampm.com>
**Cc:** Pirozzolo, Jack <jpirozzolo@sidley.com>; Alessi, Kathryn L. <kalessi@sidley.com>;
Croslow, Lucas <lcroslow@sidley.com>; Nonaka, Scott <snonaka@sidley.com>; Chung,
Richard K. <rchung@sidley.com>; adlowell@winston.com; klibrera@winston.com;
owlmgw@att.net; pabianlaw38@gmail.com; tweigand@morrisonmahoney.com;
kiversontufo@morrisonmahoney.com; wfick@fickmarx.com; dmarx@fickmarx.com;
dgelb@gelbgelb.com; mconrad@conmetkane.com; mkane@conmetkane.com;
dbrooks@lhbmlegal.com; jstrojny@lhblaw.com; clindberg@msdefenders.com;
tminer@msdefenders.com; adeal@paikdeal.com; ypaik@paikdeal.com;
stockwellstephanie21@gmail.com; andrew.oconnor@ropesgray.com;
boconnor@ropesgray.com; jesse.coulon@ropesgray.com; michelle.kahn@ropesgray.com;
frank.ubhaus@berliner.com; mday@tshdlegal.com; Hashemi, Caz <chashemi@wsgr.com>;
Mills, Melissa <mmills@wsgr.com>; Christopher.Edelman@usdoj.gov;
Jason.Lynch@usdoj.gov; Carney, Matthew L. (CIV) <Matthew.L.Carney@usdoj.gov>;
Templeton, Trevor <ttempleton@wsgr.com>
**Subject:** RE: Steiner v. eBay - eBay's Motion to Compel Disclosure of the Identities of
Plaintiffs' Sources

Jack,

Upon reviewing eBay's Motion to Compel Disclosure of the Identities of Plaintiffs'
Sources, we were surprised to see eBay's position articulated for the first time in its
brief filed yesterday that eBay's request is limited to "*only* those sources Plaintiffs
allege stopped working with them as a result of the Natick events, not all of
Plaintiffs' sources." If that is the case, eBay's motion is moot and should be
withdrawn. None of the 307 documents found on Plaintiffs' Privilege Log that are
the subject of eBay's motion fall within this definition. Were the Court to grant the
relief that eBay is now requesting, there would be nothing for Plaintiffs to produce.

As such, eBay's motion is moot and Plaintiffs request that it be withdrawn.

Please advise by the end of the day tomorrow whether eBay will withdraw the
motion.

Best,

Todd


**Todd S. Garber, Esq. | Partner**
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 298-3283
www.fbfglaw.com

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.