# EXHIBIT 5

| | |
|---|---|
| **From:** | Pirozzolo, Jack |
| **To:** | Todd Garber; Feith, Daniel J.; Andrew Finkelstein; Brian Acard; Kenneth Fromson; Lawrence Lissauer; Marc Diller; cmurphy scallimurphy.com; Bradley Silverman; Karen Toomey; Ann Johnson |
| **Cc:** | Alessi, Kathryn L.; Croslow, Lucas; Nonaka, Scott; Chung, Richard K.; adlowell@winston.com; klibrera@winston.com; owlmgw@att.net; pabianlaw38@gmail.com; tweigand@morrisonmahoney.com; kiversontufo@morrisonmahoney.com; wfick@fickmarx.com; dmarx@fickmarx.com; dgelb@gelbgelb.com; mconrad@conmetkane.com; mkane@conmetkane.com; dbrooks@lhbmlegal.com; jstrojny@lhblaw.com; clindberg@msdefenders.com; tminer@msdefenders.com; adeal@paikdeal.com; ypaik@paikdeal.com; stockwellstephanie21@gmail.com; andrew.oconnor@ropesgray.com; boconnor@ropesgray.com; jesse.coulon@ropesgray.com; michelle.kahn@ropesgray.com; frank.ubhaus@berliner.com; mday@tshdlegal.com; Hashemi, Caz; Mills, Melissa; Christopher.Edelman@usdoj.gov; Jason.Lynch@usdoj.gov; Carney, Matthew L. (CIV); Templeton, Trevor |
| **Subject:** | RE: Steiner v. eBay - eBay"s Motion to Compel Disclosure of the Identities of Plaintiffs" Sources |
| **Date:** | Thursday, September 19, 2024 6:26:56 PM |

Todd:

Plaintiffs are seeking millions of dollars in economic damages caused by the alleged loss of sources due to the Natick events.  Defendants have therefore sought discovery into those alleged lost sources, citing the specific paragraph of the Amended Complaint where Plaintiffs allege "would-be sources" no longer "want to work with the Steiners for fear that they could be terrorized by eBay."  Interrogatory No. 5 to Steiner Associates.  Plaintiffs objected to providing that information based on the source privilege, asserting that such information "would expose the identity of sources and would-be sources."  Now, despite having represented—in verified interrogatory responses—that there are "sources and would-be sources" whose identities would be "expose[d]" if Steiner Associates were required to answer Interrogatory No. 5, you represent that in fact there are no such sources and that "Plaintiffs lack any information to provide in response to this interrogatory."  Yet you have not supplemented Steiner Associates' response to Interrogatory No. 5, nor have you withdrawn your request for damages allegedly flowing from these lost "sources."

Plaintiffs' claim of surprise that eBay is seeking only the identities of those sources and would-be sources Plaintiffs allegedly lost due to the Natick events is also unreasonable.  eBay's August 23, 2024 deficiency letter explained that eBay is seeking information about Plaintiffs' "would-be sources" because Plaintiffs put the identity of those sources "squarely at issue by repeatedly alleging in their Amended Complaint that as a result of Defendants' conduct, their sources have stopped working with them, stifling their reporting and ability to create new content."  eBay's letter even cited paragraphs 381 and 384 of the Amended Complaint, where Plaintiffs make the allegations motivating eBay's motion to compel.  Plaintiffs' August 28, 2024 response to eBay's letter could have clarified that Plaintiffs have no information or documents to corroborate those allegations.  But instead, it asserted in conclusory fashion that "the names of the sources have not been put at issue."  Worse, Plaintiffs asserted that "nor are [the names of the sources] relevant to this case"—an entirely unsupportable claim given that Plaintiffs' Amended Complaint identifies the loss of sources as the root cause of the millions of dollars in economic damages Plaintiffs seek here.

eBay will agree to withdraw its motion to compel on two conditions.  First, Plaintiffs must agree that they will not seek any economic damages based in any way, directly or indirectly, on the theory that the Natick events caused sources and would-be sources not to want to work with the Steiners.  We expect that Plaintiffs should readily agree given your statements in your September 16 email.  In fact, in light of those statements, we do not see what good faith basis Plaintiffs have for pursuing damages on the theory that the Natick events caused sources and would-be sources not to want to work with the Steiners.  Second, Plaintiffs must supplement their responses to the discovery requests at issue in eBay's motion to compel to reflect the representations in your September 16 email that Plaintiffs have no information responsive to Interrogatory No. 5 to Steiner Associates and no documents responsive to RFP No. 77 to Steiner Associates, RFP No. 78 to David Steiner, and RFP No. 78 to Ina Steiner.

Feel free to let me know if you would like to discuss this further.

Regards,
**JACK W. PIROZZOLO**


**SIDLEY AUSTIN LLP**
+1 617 223 0304
jpirozzolo@sidley.com


*****************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.
*****************************************************************************************

---

**From:** Todd Garber <tgarber@FBFGLaw.com>
**Sent:** Monday, September 16, 2024 11:52 AM
**To:** Pirozzolo, Jack <jpirozzolo@sidley.com>; Feith, Daniel J. <dfeith@sidley.com>; Andrew Finkelstein <AFinkelstein@lawampm.com>; Brian Acard <BAcard@lawampm.com>; Kenneth Fromson <KFromson@lawampm.com>; Lawrence Lissauer <LLissauer@lawampm.com>; Marc Diller <MDiller@dillerlaw.com>; cmurphy scallimurphy.com <cmurphy@scallimurphy.com>; Bradley Silverman <BSilverman@fbfglaw.com>; Karen Toomey <KToomey@lawampm.com>; Ann Johnson <AJohnson@lawampm.com>
**Cc:** Alessi, Kathryn L. <kalessi@sidley.com>; Croslow, Lucas <lcroslow@sidley.com>; Nonaka, Scott <snonaka@sidley.com>; Chung, Richard K. <rchung@sidley.com>; adlowell@winston.com; klibrera@winston.com; owlmgw@att.net; pabianlaw38@gmail.com; tweigand@morrisonmahoney.com; kiversontufo@morrisonmahoney.com; wfick@fickmarx.com; dmarx@fickmarx.com; dgelb@gelbgelb.com; mconrad@conmetkane.com; mkane@conmetkane.com; dbrooks@lhbmlegal.com; jstrojny@lhblaw.com; clindberg@msdefenders.com; tminer@msdefenders.com; adeal@paikdeal.com; ypaik@paikdeal.com; stockwellstephanie21@gmail.com; andrew.oconnor@ropesgray.com; boconnor@ropesgray.com; jesse.coulon@ropesgray.com; michelle.kahn@ropesgray.com; frank.ubhaus@berliner.com; mday@tshdlegal.com; Hashemi, Caz <chashemi@wsgr.com>; Mills, Melissa <mmills@wsgr.com>; Christopher.Edelman@usdoj.gov; Jason.Lynch@usdoj.gov; Carney, Matthew L. (CIV) <Matthew.L.Carney@usdoj.gov>; Templeton, Trevor <ttempleton@wsgr.com>
**Subject:** Re: Steiner v. eBay - eBay's Motion to Compel Disclosure of the Identities of Plaintiffs' Sources

Thanks Jack,

I appreciate the advice on what to tell the Court should we be required to file response papers.  Should eBay not withdraw what is at this point clearly a moot and now frivolous motion, we will represent to the Court what needs to be represented.  To ensure that eBay fully understands the present landscape while making a final decision on whether to proceed with its motion to compel, I reiterate some points raised in my previous email and address the additional points

raised in your email below.

First, if eBay had articulate the position stated in its motion in its letter dated August 23, 2024, the motion would not have been filed in the first place.  But in that letter eBay requested "unredacted versions of the 307 documents over which Plaintiffs have claimed such a privilege."  Based on that request, Plaintiffs objected and set forth their position in my letter dated August 28, 2024.  The Parties then had a conference call with the Court on which you characterized your request the same in form or substance as it was articulated in your letter and the Parties framed the dispute for the Court and set a briefing schedule.

eBay then filed its motion to compel on Wednesday September 11, 2024, and for the first time pivoted from asking for the complete production of all 307 documents on Plaintiffs' Privilege Log that assert a "Source Privilege".  In doing so you were sure to "be clear, eBays' request for relief is limited.  eBay seeks *only* the identities of *only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, no all of Plaintiffs' sources."  Def. Mem. at 2.  This was news to us, but a pleasant surprise, and the hope was and still is that the Court would certainly now appreciate that the Parties would be able to resolve the dispute without resorting to Court intervention.  Based on the representation in eBay's filing, I wrote my email of September 12, 2024, requesting that eBay withdraw its motion as, because of the new position articulate by eBay it was clear to Plaintiffs that the motion was moot.  To my surprise, the request was rejected.

Again, none of the 307 documents found on Plaintiffs' Privilege Log that are the subject of eBay's motion fall within the requested relief of our motion.  If the Court were to grant your motion in full, as it is currently drafted (not as it was expressed in your letter), there would be nothing for Plaintiff to produce, be it documents or information in an interrogatory response.  "A court cannot compel a party to produce documents that do not exist." *Rain v. Conn. Gen. Corp.*, No. 3:17-30115-MGM, 2023 U.S. Dist. LEXIS 93217, *8 (D. Mass. Jan. 31, 2023) (collecting cases, denying motion to compel holding that a party cannot violate their discovery obligations "by failing to produce documents that do not exist").  eBay's motion is no different than the motion to compel that was denied in *Karle v. Sw. Credit Sys.*, where the court found the motion to compel "unavailing" as it could not order a party to produce documents that do not exist.  *Id.*, 2015 U.S. Dist. LEXIS 6033, at *5 (D. Mass. Jan. 16, 2015).  *See also Bobba v. Patel*, No. 3:19-30171-MGM, 2021 U.S. Dist. LEXIS 91396, *10, at *10 (D. Mass. May 12, 2021) (denying motion to compel as "it makes little sense for the court to order" the production of documents that do not exist); *Viscito v. Nat'l Planning Corp.*, No. 3:18-30132-MGM, 2019 U.S. Dist. LEXIS 181635, *18-19 (D. Mass. Oct. 21, 2019) (denying motion to compel as the "court will not order production of documents that do not exist").

In your letter you state that even with the above, eBay's motion is not moot because it also seeks an amended response to Interrogatory No. 5 and for the answering of questions at deposition.  But these additional requests do not revive eBay's motion.  Similar to Request for Production No. 77, none of the

information requested in Interrogatory No. 5 resides within the 307 documents on Plaintiffs' Privilege Log or is being withheld based on a claim of privilege. Interrogatory No. 5 states "For all 'would-be sources' that You contend no longer 'want to work with the Steiners for fear that they could also be terrorized by eBay,' as alleged in paragraph 381 of the Amended Complaint, provide the names, last known contact information, Date(s) of contact, the Date that each stopped Communicating with You, a general summary of the topics addressed, and a list of any Articles for which they were previously a source." *Id.* Plaintiffs lack any information to provide in response to this interrogatory. "Like Rule 34, '[Fed. R. Civ. P.] 33 requires a party to respond to interrogatories only with information that is available to them.'" *In re Lerblance*, No. CIV-23-47-JFH-GLJ, 2024 U.S. Dist. LEXIS 116407, *10-11 (E.D. Okla. July 2, 2024) (quoting *XTO Energy, Inc. v. ATD, LLC*, 2016 U.S. Dist. LEXIS 57050, 2016 WL 1730171, at *22 (D.N.M. Apr. 1, 2016). As such the court held that it "cannot compel a party to provide information it does not have." *Id. See also Cain v. City of Detroit*, No. 20-cv-11099, 2022 U.S. Dist. LEXIS 147878, at *9 (E.D. Mich. Apr. 22, 2022) (noting the court cannot compel a party to provide information that he or she does not possess); *Barron v. Nat'l Health Ins. Co.*, 2020 U.S. Dist. LEXIS 254562, 2020 WL 9600579, at *1 (W.D. Okla. May 14, 2020) (same); *Gilmore v. Augustus*, No. 1:12-cv-00925-LJO-GSA-PC, 2014 U.S. Dist. LEXIS 122833, *4 (E.D. Cal. Sep. 2, 2014) (denying motion to compel interrogatory responses where the party could not furnish details as "the court cannot compel the impossible"). You will of course be free to address this response during the Plaintiffs' depositions.

Finally, with regard to the 30(b)(6) deposition transcript and your citation to page 145, page 145 states "It's my understanding that you are refusing to provide us the identities of **any of your sources**, and you're doing so on the ground of a thing called the source privilege, correct?" *Id.*(emphasis added). Asking about the identity of "any of your sources" is a far cry from your representation to the Court that "To be clear, eBay's request for relief is limited. eBay seeks the identities of *only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs sources." Def. Mem. at 2.  As such you were not prevented or denied answers that fall withing the scope of the relief you are requesting and nothing was withheld.  Relief from the Court would not change a single answer.

Based on the deposition and your letter and the call with the Court, you can surely understand our shock and surprise as to eBay's position when we received the motion to compel where the never before articulated "limited" position was revealed.  eBay's motion is clearly moot.  Should the Court grant the relief you have requested, it would not change any of the entries on the Privilege Log, nor cause additional documents to be produced pursuant to the Requests for Production, nor changes to any Interrogatory Responses.  I am pretty sure that fits squarely within the definition of moot.

With the additional information provided above and for the reasons previously articulated, Plaintiffs reiterate their request for eBay to withdraw its moot Motion to Compel.  The only reason I can fathom for why eBay

would not do so is because they are really seeking more than they have represented to the Court and that eBay is truly seeking "any of your sources" as you stated at the deposition.  Here is your chance to prove me wrong.

I look forward to your response.


**Todd S. Garber, Esq. | Partner**
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 298-3283
www.fbfglaw.com


Get Outlook for iOS

---

**From:** Pirozzolo, Jack <jpirozzolo@sidley.com>
**Sent:** Friday, September 13, 2024 12:20:42 PM
**To:** Todd Garber <tgarber@FBFGLaw.com>; Feith, Daniel J. <dfeith@sidley.com>; Andrew Finkelstein <AFinkelstein@lawampm.com>; Brian Acard <BAcard@lawampm.com>; Kenneth Fromson <KFromson@lawampm.com>; Lawrence Lissauer <LLissauer@lawampm.com>; Marc Diller <MDiller@dillerlaw.com>; cmurphy scallimurphy.com <cmurphy@scallimurphy.com>; Bradley Silverman <BSilverman@fbfglaw.com>; Karen Toomey <KToomey@lawampm.com>; Ann Johnson <AJohnson@lawampm.com>
**Cc:** Alessi, Kathryn L. <kalessi@sidley.com>; Croslow, Lucas <lcroslow@sidley.com>; Nonaka, Scott <snonaka@sidley.com>; Chung, Richard K. <rchung@sidley.com>; adlowell@winston.com <adlowell@winston.com>; klibrera@winston.com <klibrera@winston.com>; owlmgw@att.net <owlmgw@att.net>; pabianlaw38@gmail.com <pabianlaw38@gmail.com>; tweigand@morrisonmahoney.com <tweigand@morrisonmahoney.com>; kiversontufo@morrisonmahoney.com <kiversontufo@morrisonmahoney.com>; wfick@fickmarx.com <wfick@fickmarx.com>; dmarx@fickmarx.com <dmarx@fickmarx.com>; dgelb@gelbgelb.com <dgelb@gelbgelb.com>; mconrad@conmetkane.com <mconrad@conmetkane.com>; mkane@conmetkane.com <mkane@conmetkane.com>; dbrooks@lhbmlegal.com <dbrooks@lhbmlegal.com>; jstrojny@lhblaw.com <jstrojny@lhblaw.com>; clindberg@msdefenders.com <clindberg@msdefenders.com>; tminer@msdefenders.com <tminer@msdefenders.com>; adeal@paikdeal.com <adeal@paikdeal.com>; ypaik@paikdeal.com <ypaik@paikdeal.com>; stockwellstephanie21@gmail.com <stockwellstephanie21@gmail.com>;

andrew.oconnor@ropesgray.com <andrew.oconnor@ropesgray.com>; boconnor@ropesgray.com <boconnor@ropesgray.com>; jesse.coulon@ropesgray.com <jesse.coulon@ropesgray.com>; michelle.kahn@ropesgray.com <michelle.kahn@ropesgray.com>; frank.ubhaus@berliner.com <frank.ubhaus@berliner.com>; mday@tshdlegal.com <mday@tshdlegal.com>; Hashemi, Caz <chashemi@wsgr.com>; Mills, Melissa <mmills@wsgr.com>; Christopher.Edelman@usdoj.gov <Christopher.Edelman@usdoj.gov>; Jason.Lynch@usdoj.gov <Jason.Lynch@usdoj.gov>; Carney, Matthew L. (CIV) <Matthew.L.Carney@usdoj.gov>; Templeton, Trevor <ttempleton@wsgr.com>
**Subject:** RE: Steiner v. eBay - eBay's Motion to Compel Disclosure of the Identities of Plaintiffs' Sources

Todd:

Thank you for your email.  To confirm that we understand your position, are you representing that none of the documents over which Plaintiffs have claimed source privilege is responsive to RFP No. 77 to Steiner Associates, RFP No. 78 to Ina Steiner, or RFP No. 78 to David Steiner?  If so, then you should feel free to represent in your opposition that your clients have no documents showing that any "would be sources" have stopped providing information to your clients because of the criminal conduct as you allege in the complaint.

Even with such a representation, however, eBay's motion is not moot since, as you can see from both the motion itself and the memo in support, see Dkts. 449 ¶ 3 and 450 at 3-4, our motion is not limited to seeking documents you have withheld.  Specifically, we are seeking a response to Interrogatory 5, which you have refused answer based on source privilege.  Id.  We are also seeking responses to questions we have posed as part of the 30(b)(6) deposition.  Id.  We also expect to pose questions to Ms. Steiner and to Mr. Steiner in their upcoming depositions regarding the claim that "would be" sources have ceased communicating with them.

Happy to discuss further.

Regards,
**JACK W. PIROZZOLO**


**SIDLEY AUSTIN LLP**
+1 617 223 0304
jpirozzolo@sidley.com

*********************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.
*********************************************************************************************************

---

**From:** Todd Garber <tgarber@FBFGLaw.com>
**Sent:** Thursday, September 12, 2024 9:40 PM
**To:** Feith, Daniel J. <dfeith@sidley.com>; Andrew Finkelstein <AFinkelstein@lawampm.com>; Brian Acard <BAcard@lawampm.com>; Kenneth Fromson <KFromson@lawampm.com>; Lawrence Lissauer <LLissauer@lawampm.com>; Marc Diller <MDiller@dillerlaw.com>; cmurphy scallimurphy.com <cmurphy@scallimurphy.com>; Bradley Silverman <BSilverman@fbfglaw.com>; Karen Toomey <KToomey@lawampm.com>; Ann Johnson <AJohnson@lawampm.com>
**Cc:** Pirozzolo, Jack <jpirozzolo@sidley.com>; Alessi, Kathryn L. <kalessi@sidley.com>; Croslow, Lucas <lcroslow@sidley.com>; Nonaka, Scott <snonaka@sidley.com>; Chung,

Richard K. <rchung@sidley.com>; adlowell@winston.com; klibrera@winston.com; owlmgw@att.net; pabianlaw38@gmail.com; tweigand@morrisonmahoney.com; kiversontufo@morrisonmahoney.com; wfick@fickmarx.com; dmarx@fickmarx.com; dgelb@gelbgelb.com; mconrad@conmetkane.com; mkane@conmetkane.com; dbrooks@lhbmlegal.com; jstrojny@lhblaw.com; clindberg@msdefenders.com; tminer@msdefenders.com; adeal@paikdeal.com; ypaik@paikdeal.com; stockwellstephanie21@gmail.com; andrew.oconnor@ropesgray.com; boconnor@ropesgray.com; jesse.coulon@ropesgray.com; michelle.kahn@ropesgray.com; frank.ubhaus@berliner.com; mday@tshdlegal.com; Hashemi, Caz <chashemi@wsgr.com>; Mills, Melissa <mmills@wsgr.com>; Christopher.Edelman@usdoj.gov; Jason.Lynch@usdoj.gov; Carney, Matthew L. (CIV) <Matthew.L.Carney@usdoj.gov>; Templeton, Trevor <ttempleton@wsgr.com>

**Subject:** RE: Steiner v. eBay - eBay's Motion to Compel Disclosure of the Identities of Plaintiffs' Sources

Jack,

Upon reviewing eBay's Motion to Compel Disclosure of the Identities of Plaintiffs' Sources, we were surprised to see eBay's position articulated for the first time in its brief filed yesterday that eBay's request is limited to "*only* those sources Plaintiffs allege stopped working with them as a result of the Natick events, not all of Plaintiffs' sources." If that is the case, eBay's motion is moot and should be withdrawn. None of the 307 documents found on Plaintiffs' Privilege Log that are the subject of eBay's motion fall within this definition. Were the Court to grant the relief that eBay is now requesting, there would be nothing for Plaintiffs to produce.

As such, eBay's motion is moot and Plaintiffs request that it be withdrawn.

Please advise by the end of the day tomorrow whether eBay will withdraw the motion.

Best,

Todd

**Todd S. Garber, Esq. | Partner**
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 298-3283
www.fbfglaw.com

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.