UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, DAVID STEINER and STEINER ASSOCIATES, LLC,<br><br>              Plaintiffs,<br><br>     v.<br><br>EBAY INC., et al.,<br><br>              Defendants. | Case No.: 1:21-cv-11181-PBS |

### DEFENDANT STEVE WYMER'S MOTION FOR SUMMARY JUDGMENT

Defendant Steve Wymer ("Wymer") hereby moves, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, for summary judgment as to all claims alleged against him. As grounds for this motion, Wymer states as follows:

1. Wymer is entitled to summary judgment on Plaintiffs' Massachusetts Civil Rights Act ("MCRA") claim because it is undisputed that Wymer did not personally interfere with Plaintiffs' civil rights. *See, e.g.*, *Martinez v. Wolferseder*, 997 F. Supp. 192, 195 (D. Mass. 1998) (dismissing MCRA claim when "plaintiffs have not alleged that defendant Roddy personally engaged in any acts that constituted threats, intimidation or coercion").

2. Wymer is entitled to summary judgment on Plaintiffs' defamation claim because, as a matter of undisputed fact and law, the statements by Wymer that Plaintiffs challenge were either non-factual opinion statements or factually true, privileged, and made without actual malice.

3. Wymer is entitled to summary judgment on Plaintiffs' trespass claim against Wymer because it is undisputed that Wymer intentionally "enter[ed] land in the possession of

1

[Plaintiffs], or cause[d] a thing or third person to do so . . . ." *Dilbert v. Hanover Ins. Co.*, 825 N.E.2d 1071, 1077 (Mass. App. Ct. 2005) (citation omitted).

4. Wymer is entitled to summary judgment on Plaintiffs' false imprisonment claim because it is undisputed that Wymer did not unlawfully confined them. *See Jonielunas v. City of Worcester Police Dep't*, 338 F. Supp. 2d 173, 177 (D. Mass. 2004) (false imprisonment requires "an intentional and unlawful confinement").

5. Wymer is entitled to summary judgment on Plaintiffs' intentional infliction of emotional distress ("IIED") claim because, as a matter of undisputed fact and law, they cannot carry heavy burden of establishing that Wymer's conduct was "extreme and outrageous . . . ." *Sena v. Com.*, 629 N.E.2d 986, 994 (Mass. 1994). Although certain of Wymer's messages contained hyperbolic and animated language, none were directed to Plaintiffs. Courts have held that "mere expressions of anger or frustration . . . without more, do not qualify" as extreme and outrageous conduct. *Connolly v. Woburn Pub. Sch.*, 659 F. Supp. 3d 92, 117 (D. Mass. 2023).

6. Wymer is entitled to summary judgment on Plaintiffs' negligent infliction of emotional distress ("NIED") and negligence claims because, as a matter of undisputed fact and law, Plaintiffs cannot establish the element of proximate causation as to Wymer. The bizarre and unprecedented actions that the Charged Defendants took against Plaintiffs were "so extraordinary that [they] could not reasonably have been foreseen," *Bobbitt v. United States*, 2006 WL 335231, at *1 (D. Mass. Feb. 10, 2006), and constitute an independent intervening cause of Plaintiffs' harm.

7. Wymer is entitled to summary judgment on Plaintiffs' aiding and abetting claims because Plaintiffs adduce no evidence that Wymer "actively participated in or substantially assisted in" the commission of a tort, knowing that the specific tort was being committed. *Go-Best Assets Ltd. v. Citizens Bank of Mass.*, 972 N.E.2d 426, 438 (Mass. 2012).

8. Wymer is entitled to summary judgment on Plaintiffs' civil conspiracy claim because Plaintiffs adduce no evidence that Wymer entered an agreement with any Defendant to commit torts or engaged in an independently tortious act. *In re TelexFree Sec. Litig.*, 626 F. Supp. 3d 253, 278 (D. Mass. 2022). Wymer is also entitled to summary judgment for the independent reason that the intra-corporate conspiracy doctrine bars Plaintiffs' civil conspiracy claim because all of the purported conspirators were eBay or eBay's agents. *See Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 131 (1st Cir. 2006).

9. The grounds for this motion are further set forth in Wymer's accompanying memorandum of law, which Wymer references and incorporates fully herein.

For the foregoing reasons, the Court should grant Wymer's motion for summary judgment.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Wymer respectfully requests a hearing in connection with this motion for summary judgment to the extent helpful to the Court's decision.

Respectfully submitted,

STEVE WYMER,

By his Attorneys,

***s/ Caz Hashemi***
Caz Hashemi, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com

Melissa Mills, Esq. (*pro hac vice*)
Trevor Templeton, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
mmills@wsgr.com
ttempleton@wsgr.com

Michelle Dang, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
(212) 999-5800
mdang@wsgr.com

Lon F. Povich (BBO 544523)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6578
lpovich@andersonkreiger.com

Dated: October 28, 2024

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Mr. Wymer conferred with counsel for Plaintiffs regarding this motion. No agreement was reached on the relief sought by Mr. Wymer in this motion, which Plaintiffs intend to oppose.

Dated: October 28, 2024                            */s/ Trevor N. Templeton*
                                                   Trevor N. Templeton

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2024, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                   */s/ Caz Hashemi*
                                                   Caz Hashemi