UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.,<br><br>        Defendants. | Civil Action No. 21-CV-11181-PBS<br><br><br>**ORAL ARGUMENT<br>REQUESTED** |

### DEFENDANT EBAY INC.'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Defendant eBay Inc. ("eBay") hereby moves, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment as to several claims and damages theories asserted in this action. As grounds for this motion, eBay states as follows:

1. No genuine issue of material fact exists and eBay is entitled to judgment as a matter of law with regard to several of Plaintiffs' claims and claimed categories of damages.

2. Plaintiffs' defamation claim (Count X) fails because each of the allegedly defamatory statements fails to meet one or more essential elements of a defamation claim.

3. Plaintiffs' negligent retention claim (Count VII) fails because there is no evidence that eBay knew or should have known that Defendant Jim Baugh was not fit for his role.

4. Plaintiffs' false imprisonment claim (Count XII) fails because Plaintiffs admit they repeatedly left their home and car throughout the harassment campaign, and there is no evidence that the criminal defendants intended to confine them.

1

5. Plaintiffs' ratification claim (Count XIV) fails both because ratification is a theory of liability, not a standalone claim, and because there is no genuine dispute that eBay did not ratify the individual defendants' conduct. Rather, eBay promptly fired the criminal defendants when it learned of their conduct, and none of its actions towards the executive defendants manifested assent to any actions in connection with the Natick events.

6. Plaintiffs' damages claim for lost consulting fees fails because Plaintiffs admitted they never engaged in consulting work, never had firm plans to do so, and have no basis for the rates they supposedly would have charged, and therefore have provided no basis on which a jury could calculate damages for prospective lost profits with reasonable certainty.

7. Plaintiffs' damages claim for lost site value and lost goodwill fails because Plaintiffs have offered no evidence demonstrating how the Natick events affected the goodwill or value of their business; have admitted that they have never undertaken a valuation of their business; and have further admitted reaching their $10 million loss figure based only "on the advice of counsel."

8. The grounds for this motion are further set forth in eBay's accompanying memorandum of law, which eBay references and incorporates fully herein.

WHEREFORE, Defendant eBay respectfully requests that the Court grant eBay's partial motion for summary judgment.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), eBay respectfully confirms its request for oral argument in connection with this partial motion for summary judgment, which the Court has already scheduled for February 13, 2025 (Dkt. 400). Oral argument will allow the parties to fully address the issues raised in the briefing and to respond to any questions the Court may have.

Dated: October 28, 2024

/s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
David A. Goldenberg (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com
dgoldenberg@sidley.com

Daniel J. Feith (*pro hac vice*)
Lucas Croslow (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
lcroslow@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

I, Jack. W. Pirozzolo, counsel for eBay, hereby certify that, in accordance with Local Rule 7.1(a)(2), I have conferred with counsel for Plaintiffs and have attempted in good faith to resolve or narrow the issues subject to this Motion. Plaintiff's counsel stated they do not assent to this Motion.

Dated: October 28, 2024                              */s/ Jack W. Pirozzolo*
                                                     Jack W. Pirozzolo

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 28, 2024 this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 28, 2024　　　　　　　　　　　　　*/s/ Jack W. Pirozzolo*
　　　　　　　　　　　　　　　　　　　　　　　　Jack W. Pirozzolo