## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

INA STEINER
DAVID STEINER
STEINER ASSOCIATES LLC,
        *(Publisher of EcommerceBytes)*

            Plaintiffs,

    v.

EBAY, INC., ET AL.,

            Defendants

CASE NO. 1:21-cv-11181

## WENDY JONES'S RESPONSES AND OBJECTIONS TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFFS

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, and the Local Rules of the U.S. District Court for the District of Massachusetts, Defendant Wendy Jones ("Ms. Jones"), by her attorneys, provides these Responses and Objections to the Interrogatories Propounded by the Plaintiff to be Answered by the Defendant, Jones.

## PRELIMINARY STATEMENT

Ms. Jones responds to each of the Interrogatories set forth below based only on information and materials presently available and specifically known to her after a reasonable, good-faith investigation at this time. The responses Ms. Jones provides are complete and accurate to the best of her knowledge. Ms. Jones objects to Plaintiffs' Interrogatories insofar as they require Ms. Jones to speculate as to the knowledge of other people. In responding to these Interrogatories, and as necessary, Ms. Jones will interpret the Interrogatories to seek only information within Ms. Jones's personal information or belief. Ms. Jones's responses are provided without prejudice to her right

to amend or supplement pursuant to Federal Rule of Civil Procedure 26(e) and the Local Rules.

Ms. Jones provides these responses and objections without waiver of her rights, at a later time, to

raise objections in connection with (a) any further demand or discovery involving or relating to

the matters raised in the interrogatories, or (b) the relevance, materiality, or admissibility of (i) the

interrogatories or any part thereof, or (ii) the statements made in these responses or any part

thereof.  Ms. Jones expressly reserves all rights under the Federal Rules of Civil Procedure and

Federal Rules of Evidence not required to be exercised at this time.  As further elaborated below,

Ms. Jones objects to the interrogatories to the extent they seek information or documents protected

from discovery by the attorney-client privilege, the attorney work product doctrine, Federal Rule

of Civil Procedure 26, or any other applicable privilege, doctrine, immunity, statute, regulation,

rule, or restriction.  The inadvertent production or revelation of privileged or otherwise protected

documents or information shall not be deemed to waive the privilege or protection with respect to

such information or any other documents or information, and Ms. Jones reserves the right to object

to the introduction at trial or any other use of such information.

## **RESPONSES AND OBJECTIONS**

## **INTERROGATORY NO. 1**

Identify any and all persons, including but not limited to, employees, executives, directors,

or contractors who have knowledge of the facts and circumstances alleged in the complaint,

including your understanding of the knowledge that each person has. Include in your response the

person's name, title, and last known contact information. Include in your response a list of any and

all documents which describe, support, or otherwise reflect the facts known to each person.

## **RESPONSE TO INTERROGATORY NO. 1**

Ms. Jones objects to Interrogatory No. 1 as overly broad, unduly burdensome, and not

proportionate to the needs of the case in that it asks Ms. Jones to identify "any and all persons"

who "have knowledge of the facts and circumstances alleged in the complaint" without any limitation as to how Ms. Jones might be connected with the person or how the person might be connected to this litigation. The facts and circumstances alleged in the complaint have been the subject of multiple media reports, and Ms. Jones cannot reasonably be expected to identify every person who has accessed these media reports. Moreover, the vast majority of persons with knowledge of the facts and circumstances alleged in the complaint are not relevant to this litigation. Ms. Jones will interpret this Interrogatory to seek only information as to persons, including "employees, executives, directors, or contractors," who work or have worked at eBay.

Subject to and without waiving her stated objections, Ms. Jones states that she believes the following eBay personnel have knowledge of some of the facts and circumstances alleged in the Amended Complaint.

- Devin Wenig (former Chief Executive Officer, eBay) – Mr. Wenig was aware of the operation of eBay's business. Ms. Jones believes he may have become aware of the criminal activities perpetrated by Mr. Baugh, Mr. Harville, Mr. Gilbert, Ms. Popp, Ms. Stockwell, Ms. Zea, and Mr. Cooke (the "Criminal Defendants") sometime after the Natick Police contacted eBay on or around August 20, 2019. In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Mr. Wenig's counsel's contact information is available on the docket in this litigation.

- Steve Wymer (former Chief Communications Officer, eBay) – Mr. Wymer was aware of the operation of eBay's business, including eBay's communications operations. Ms. Jones believes he may have become aware of the criminal activities perpetrated by the Criminal Defendants sometime after the Natick Police contacted eBay on or around August 20, 2019.

In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Mr. Wymer's counsel's contact information is available on the docket in this litigation.

- James Baugh (former Senior Director, Global Security, eBay) – Ms. Jones believes Mr. Baugh would have knowledge of his own conduct including conduct at issue in *United States v. Baugh*, Dkt. 20-cr-10263 (D. Mass. Nov. 3, 2020). In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Jones refers Plaintiffs to their Amended Complaint for Mr. Baugh's last-known contact information. *See* ECF ¶ 32 ("Defendant Jim Baugh is an individual who, on information and belief, is in Federal Prison in Montgomery, Alabama."). Mr. Baugh's counsel's contact information is available on the docket in this litigation.

- David Harville (former Director, Global Resiliency, eBay) – Ms. Jones believes Mr. Harville would have knowledge of his own conduct including conduct at issue in *United States v. Harville*, Dkt. 20-cr-10263 (D. Mass. Nov. 3, 2020). In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Jones refers Plaintiffs to their Amended Complaint for Mr. Harville's last-known contact information. *See* ECF ¶ 36 ("Defendant David Harville is an individual who, on information and belief, is in Federal Prison in Atwater, California."). Mr. Harville's counsel's contact information is available on the docket in this litigation.

- Brian Gilbert (former Senior Manager, Special Operations, eBay) – Ms. Jones believes Mr. Gilbert would have knowledge of his own conduct including conduct at issue in *United*

*States v. Gilbert*, Dkt. 20-cr-10098 (D. Mass. May 22, 2020). In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Mr. Gilbert's counsel's contact information is available on the docket in this litigation.

- Stephanie Popp (former Senior Manager, Global Intelligence Center, eBay) – Ms. Jones believes Ms. Popp would have knowledge of her own conduct including conduct at issue in *United States v. Popp*, Dkt. 20-cr-10098 (D. Mass. May 22, 2020). In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Popp's counsel's contact information is available on the docket in this litigation.

- Stephanie Stockwell (former Manager, Global Intelligence Center, eBay) – Ms. Jones believes Ms. Stockwell would have knowledge of her own conduct including conduct at issue in *United States v. Stockwell*, Dkt. 20-cr-10098 (D. Mass. May 22, 2020). In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Stockwell's contact information is available on the docket in this litigation.

- Veronica Zea (former Analyst, Global Intelligence Center) – Ms. Jones believes Ms. Zea would have knowledge of her own conduct including conduct at issue in *United States v. Zea*, Dkt. 20-cr-10098 (D. Mass. May 22, 2020). In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Zea's counsel's contact information is available on the docket in this litigation.

- Philip Cooke (former Senior Manager, Global Operations, eBay) – Ms. Jones believes Mr. Cooke would have knowledge of his own conduct including conduct at issue in *United States v. Cooke*, Dkt. 20-cr-10126 (D. Mass. July 7, 2020).  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation.  Mr. Cooke's counsel's contact information is available on the docket in this litigation.

- Marie Huber (Chief Legal Officer, eBay) – Ms. Jones believes Ms. Huber was aware of the business operations of eBay as they related to the company's legal operations.  Ms. Jones believes Ms. Huber may have been aware of social media comments made about eBay.  Ms. Jones believes Ms. Huber may have become aware of the criminal conduct perpetrated by the Criminal Defendants after eBay was contacted by Natick Police on or around August 20, 2019.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation.  Ms. Jones further refers Plaintiffs to documents produced in this matter for Ms. Huber's last-known contact information.

- Molly Finn (Chief Compliance Officer, eBay) – Ms. Jones believes Ms. Finn may have become aware of the Criminal Defendants' conduct in Natick, Massachusetts after Natick Police contacted eBay on or around August 20, 2019.  Ms. Jones believes Ms. Finn may have been involved in eBay's internal investigation into the Criminal Defendants' conduct in or around August and September 2019.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation.  Ms. Jones further refers Plaintiffs to documents produced in this matter for Ms. Finn's last-known contact information.

- Amir Vonsover (Global Employment & Ethics Legal, eBay) – Ms. Jones believes Mr. Vonsover may have become aware of the Criminal Defendants' conduct in Natick, Massachusetts after Natick Police contacted eBay on or around August 20, 2019. Ms. Jones believes Mr. Vonsover may have been involved in eBay's internal investigation into the Criminal Defendants' conduct in or around August and September 2019. In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Jones further refers Plaintiffs to documents produced in this matter for Mr. Vonsover's last-known contact information.

- Kristin Yetto (Chief People Officer, eBay) – Ms. Jones believes Ms. Yetto was aware of eBay's business operations as they related to personnel. Ms. Jones believes Ms. Yetto may have become aware of the criminal conduct perpetrated by the Criminal Defendants after eBay was contacted by Natick Police on or around August 20, 2019. In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Jones further refers Plaintiffs to documents produced in this matter for Ms. Yetto's last-known contact information.

- Russell Phimister (former Senior Director & Head of Global Workplace Resources, eBay) – Ms. Jones believes Mr. Phimister was aware of an email referenced in Plaintiffs' Amended Complaint regarding Hillhouse, Walker's West, and a related EcommerceBytes article. In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation. Ms. Jones further refers Plaintiffs to documents produced in this matter for Mr. Phimster's last-known contact information.

- Tom Edwards (Director, Global Design & Construction, eBay) – Ms. Jones believes Mr. Edwards was aware of an email referenced in Plaintiffs' Amended Complaint regarding Hillhouse, Walker's West, and a related EcommerceBytes article.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation.  Ms. Jones further refers Plaintiffs to documents produced in this matter for Mr. Edwards's last-known contact information.

- Chris Lotti (Senior Construction Manager, WPR – Design and Construction, eBay) – Ms. Jones believes Mr. Lotti was aware of an email referenced in Plaintiffs' Amended Complaint regarding Hillhouse, Walker's West, and a related EcommerceBytes article.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation.  Ms. Jones further refers Plaintiffs to documents produced in this matter for Mr. Lotti's last-known contact information.

- Ryan Moore (Director, Corporate Communications, eBay) – Ms. Jones believes Mr. Moore was aware of the operation of eBay's business, including eBay's communications operations.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this litigation.  Ms. Jones further refers Plaintiffs to documents produced in this matter for Mr. Moore's last-known contact information.

- Jamie Iannone (Chief Executive Officer, eBay) – Ms. Jones believes Mr. Iannone learned of the criminal conduct perpetrated by the Criminal Defendants sometime after Mr. Iannone joined eBay in or around April 2020.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in relation to this

litigation.  Ms. Jones further refers Plaintiffs to documents produced in this matter for Mr. Iannone's last-known contact information.

In further response, Ms. Jones generally refers Plaintiffs to their Amended Complaint (ECF No. 176) which may identify additional persons alleged to have knowledge of the facts and circumstances alleged in the complaint.

## INTERROGATORY NO. 2

State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the response to these interrogatories. Include in your response whether you or your counsel spoke to any other defendant or his/her counsel in preparing these interrogatories, or whether you or your counsel shared your responses with any other defendant or his/her counsel.

## RESPONSE TO INTERROGATORY NO. 2

Ms. Jones objects to Interrogatory No. 2 as irrelevant, overly broad, unduly burdensome, and not proportionate to the needs of the case in that it seeks information unrelated to the facts alleged in the complaint.  Ms. Jones further objects to Interrogatory No. 2 to the extent that it seeks information protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving her stated objections, Ms. Jones states that her counsel, Ropes & Gray, assisted in the preparation of her responses to these Interrogatories.  Contact information for Ropes & Gray is available on the docket in this matter and in the signature block at the end of these Responses & Objections.  No other person prepared or assisted in the preparation of the responses to these Interrogatories, nor did they view drafts of these responses.

## INTERROGATORY NO. 3

Identify dates, times, and substance of each interview you had with any employee, executive, director or contractor of eBay, or any agent acting on its behalf relating to the subject matter of this Complaint. Include in your answer whether you were asked by anyone to review and

or provide your electronic devices including your work phone, your private phone, your private or work computer or tablet, your notes of any communications with anyone about the Steiners, EcommerceBytes, Fidomaster, UnsuckeBay (and other aliases), or Elliot Management and whether you ever refused to provide access to any documents or electronic devices and whether any promises were made to you to keep you out of the criminal investigation by anyone and the details of any such communication.

**RESPONSE TO INTERROGATORY NO. 3**

Ms. Jones objects to Interrogatory No. 3 because it seeks information or documents protected from discovery by the attorney-client privilege, Federal Rules of Civil Procedure 26(b)(3) and (b)(4)(D).  Specifically, Ms. Jones's conversations with Morgan Lewis and/or eBay's legal department are protected by eBay's attorney-client privilege, and Ms. Jones is not authorized to waive that privilege.  Ms. Jones further objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it seeks information not related to the claims or defenses in this matter.

Subject to and without waiving her stated objections, Ms. Jones states that she remembers participating in two interviews with eBay's legal department and counsel from Morgan Lewis. The first interview was held sometime on or around August 27, 2019.  The second interview was held on or around September 6, 2019.  At the first meeting, Ms. Jones was asked to provide her work phone, and she complied with the request.  Ms. Jones offered to provide her iPad as well, and her offer was declined.  A few days later, Ms. Jones was asked to provide her iPad, and she complied with the request.  Ms. Jones may have participated in a third conversation with eBay's legal department and/or Morgan Lewis in or around 2020.  No promises were made to Ms. Jones that she would be protected from criminal investigation, nor did Ms. Jones seek any such promise.

**INTERROGATORY NO. 4**

Indicate whether you communicated regarding the Steiners, EcommerceBytes, Fidomaster, UnsuckeBay (and other aliases), Elliott Management or any other matters involving the subject matter of this complaint using your personal cell phone, personal email or any or personal electronic device, and whether your personal devices back up to iCloud or any other external storage service or device, and where that data was and is now stored, from 2017 through your retirement from eBay.

**RESPONSE TO INTERROGATORY NO. 4**

Ms. Jones objects to Interrogatory No. 4 because it is overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it requests information about Elliott Management not related to the instant litigation.

Subject to and without waiving her stated objections, Ms. Jones states that she did not communicate regarding the Steiners, EcommerceBytes, Fidomaster, UnsuckeBay, Elliott Management, or any other matters involving the subject matter of this complaint using a personal cell phone or any other personal electronic device from 2017 through her retirement from eBay. To the extent that Ms. Jones used a personal email, Ms. Jones will produce relevant, non-privileged, non-cumulative documents as described in her responses to Plaintiffs' Requests for Production.  Ms. Jones further states that, before her retirement, she did not have personal devices to be backed up to iCloud or any other external storage service or device.

**INTERROGATORY NO. 5**

State the basis for the circumstance surrounding the termination of Concentric Advisors, how PFC was chosen as the replacement vendor, including the names of any individuals within eBay that were required to approve the termination of Concentric Advisors and the hiring of PFC, and whether there was an RFQ or bidding process for a replacement for Concentric Advisors and

whether eBay vetted PFC, including checking where it was licensed to practice, and whether you and eBay were provided any feedback with PFC's performance and oversight of your contract staff from 2018-your retirement.

## RESPONSE TO INTERROGATORY NO. 5

Ms. Jones objects to Interrogatory No. 5 on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's October 18, 2023 Scheduling Order (the "Scheduling Order"). Ms. Jones further objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it seeks information outside the relevant timeframe and outside the conduct related to this matter.

Subject to and without waiving her stated objections, Ms. Jones states that hundreds of vendors fell within her remit at eBay. As such, and because her direct and indirect reports had the primary responsibility to manage most vendor relationships, Ms. Jones had limited involvement with Concentric Advisors and Progressive F.O.R.C.E. Concepts (or "PFC"). Ms. Jones recalls generally that this decision was made because the prior firm was performing poorly. Ms. Jones further states that she believes she was briefed on the reasons for this decision. Ms. Jones further states that pursuant to eBay's standard process, the relevant team would have worked with eBay's Procurement department to vet a vendor such as PFC. A purchase order for the vendor would have been created after the vendor passed vetting. eBay had different levels of required approval for vendor engagements depending on the value of the contract. Ms. Jones was required to sign off on purchase orders above a certain amount. Subsequent invoices would be signed off on by Procurement. Ms. Jones expects PFC was subject to the standard process. The Senior Director for Global Security, who at the time was Mr. Baugh, was primarily responsible for working with

Procurement and managing the contract with PFC.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to the documents produced in this matter.

## INTERROGATORY NO. 6

Describe your understanding of why James Fussell was fired, who fired Fussell, what qualifications Defendant Baugh had to assume the position as Senior Director of Safety and Security, and whether you ever told Fussell or Baugh that the company or department was going in a different direction.

## RESPONSE TO INTERROGATORY NO. 6

Ms. Jones objects to Interrogatory No. 6 on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order. Ms. Jones further objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it seeks information regarding conduct unrelated to this matter.

Subject to and without waiving her stated objections, Ms. Jones states that Mr. Fussell became a Senior Director for Global Safety & Security on or around the time that eBay and PayPal divided into separate companies.  Following the division, Mr. Fussell was placed in a role that was significantly larger than the role he held before.  After a period of time, it became apparent that at that point in Mr. Fussell's career, the position was too significant of a stretch.

Before becoming Senior Director of Global Security, Mr. Baugh worked as a contractor at eBay through Security Industry Specialists ("SIS") and then as the Director of Global Protective Services at eBay.  While leading eBay's executive protection team, Mr. Baugh demonstrated competency in physical security by identifying and remediating issues related to physical security on eBay's campus.  In addition, while working for SIS, Mr. Baugh gained experience and expertise

working with major tech companies including Microsoft and Amazon.  Mr. Baugh thus appeared to demonstrate in his work with SIS and eBay the competencies necessary to lead the Global Security team at eBay.

Ms. Jones does not recall using the phrase "going in a different direction" with Mr. Fussell or Mr. Baugh.

## INTERROGATORY NO. 7

Indicate whether you were responsible for approving terminations of employees within Defendant Baugh's department, and whether you provided any oversight as to his hiring and termination or firing decisions, and whether you had any knowledge of and discussions with Defendant Baugh regarding the number of analysts and other subordinates that were terminated during his tenure as Senior Director of Safety and Security.

## RESPONSE TO INTERROGATORY NO. 7

Ms. Jones objects to Interrogatory No. 7 as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent that it seeks information outside of the conduct related to this matter.  Ms. Jones further objects to this Interrogatory as vague, particularly with regards to the undefined phrase "responsible for" and "analysts and other subordinates."

Subject to and without waiving her stated objections, Ms. Jones states that she provided the requisite amount of oversight for Mr. Baugh's unit, as she did over every unit she was responsible for within her department, which was the largest department within eBay and comprised thousands of employees and contractors.  Ms. Jones met periodically with all of her direct reports, including Mr. Baugh, as was common and appropriate.  During these periodic meetings, Ms. Jones and Mr. Baugh would discuss a wide range of topics, including eBay's security staffing needs.

**INTERROGATORY NO. 8**

Detail any and all conversations, whether oral or in writing, with any person relating to the Steiners, EcommerceBytes, Fidomaster Unsuckebay and aliases, Elliott Management, and the approximate dates and times of any conversation, the names of all persons present, and the substance of any communications.

**RESPONSE TO INTERROGATORY NO. 8**

Ms. Jones objects to Interrogatory No. 8 to the extent that it seeks privileged information between Ms. Jones and eBay's in-house or external counsel. Ms. Jones is not authorized to waive such privilege. Ms. Jones further objects to this Interrogatory as vague as to the undefined term "conversations." Ms. Jones further objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case as it seeks, without limitation, "any and all conversations" with "any person" relating to the subjects requested. Ms. Jones objects to the request for all conversations relating to Elliott Management as overly broad because it sweeps in conversations that are entirely unrelated to this litigation.

Subject to and without waiving her stated objections, Ms. Jones states that she would periodically discuss industry feedback including reports by EcommerceBytes and the Steiners. Ms. Jones further states that she was made aware of social media accounts such as Fidomaster and Unsuckebay. Ms. Jones recalls a conversation on or about May 2019 in which Mr. Baugh indicated he had some thoughts about the EcommerceBytes but did not elaborate on what he meant. Ms. Jones told Mr. Baugh to leave it alone and that she would raise to Mr. Wymer. Ms. Jones understood Mr. Wymer to be working on a PR campaign regarding EcommerceBytes, but she did not know the specific details.

In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to documents produced in this matter to the extent that they reflect additional conversations about the aforementioned subjects.

**INTERROGATORY NO. 9**

Detail whether you spoke with Defendant Wenig, Wymer, Baugh, or any other named defendant after their departure from eBay, the substance of each communication and approximate dates and times of each communication.

**RESPONSE TO INTERROGATORY NO. 9**

Ms. Jones states that she can recall four communications responsive to this Interrogatory. First, a few months after Mr. Wymer was terminated from eBay, Ms. Jones received a text message from Mr. Wymer stating that it was a pleasure working with her at eBay. Ms. Jones informed Ms. Yetto and eBay's Legal Department about the text and, as eBay directed, blocked Mr. Wymer's number. Second, Ms. Jones generally recalls an exchange with Mr. Wenig around the time that he publicly resigned from eBay during which Ms. Jones passed on a message from an industry contact. Third, on or around March 2020, Ms. Jones and Mr. Wenig texted about finding a time to meet socially. Due to the onset of the COVID pandemic, they acknowledged that their plans would have to be put on hold. They never resumed making those plans. And fourth, on Ms. Jones's last day at eBay in December 2020, she texted Mr. Wenig to let him know that she was retiring.

**INTERROGATORY NO. 10**

Detail how eBay, including you, Defendant Wenig, Defendant Wymer, and eBay Legal typically handled journalists, bloggers, YouTubers, or other social media users and content creators who you determined were critical of eBay. In your answer, detail the names of anyone who was critical of eBay, the substance of any reports that were commissioned, the identity and

details of any outside agencies that were consulted, the departments within eBay that were involved in eBay's response including legal, whether any response included threats, mailing unwanted packages, pornographic magazines, intimidation, fake eBay seller accounts, or in person surveillance and or stalking of the person or entity.

## RESPONSE TO INTERROGATORY NO. 10

Ms. Jones objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case as it seeks the names of "anyone who was critical of eBay" without limitation. This Interrogatory is also vague as to the phrase "typically handled"; the request for "the substance of any reports that were commissioned" is similarly unspecific and undefined. Ms. Jones further objects to this Interrogatory on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order.

Subject to and without waiving her stated objections, Ms. Jones states that eBay, like any other Fortune 500 company, was subject to both positive and negative media coverage. In handling media requests, eBay, chiefly through its communications department, would engage with media requests through its own platform and customary public relations means. At no time was Ms. Jones's conduct illegal, and Ms. Jones did not become aware of anyone else at eBay committing illegal conduct—including the means discussed above—until she learned of the Criminal Defendants' illegal conduct on or around August 26, 2019.

## INTERROGATORY NO. 11

Detail when you decided to take a sabbatical during August of 2019, the date and time the authorization was approved by eBay and by whom, the purpose of the sabbatical, and whether you communicated with any person regarding the Steiners, EcommerceBytes, Fidomaster, or

Unsuckebay (and aliases) prior to or while on sabbatical and the date time and substance of each communications.

## RESPONSE TO INTERROGATORY NO. 11

Ms. Jones objects to this Interrogatory as ambiguous, overbroad, unduly burdensome, and not proportionate to the needs of this case because it seeks any communications "with any persons regarding the Steiners, EcommerceBytes, Fidomaster, or Unsuckebay (and aliases) prior to" her sabbatical without limitation. Ms. Jones further objects to this Interrogatory on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order.

Subject to and without waiving her stated objections, Ms. Jones states that one of the benefits eBay offers all employees is a sabbatical every five years. She began planning her sabbatical more than a year in advance, in or around June 2018. Ms. Jones took her sabbatical from on or around July 25, 2019 to on or around August 26, 2019. Pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to produced documents and documents that will be produced in this matter in further response to this Interrogatory. Ms. Jones refers Plaintiffs to documents produced in this matter relating to her sabbatical, including, but not limited to: EBAY_STEINER_00004670 and EBAY_STEINER_00008055.

## INTERROGATORY NO. 12

Indicate in detail whether Defendant Baugh or anyone else ever informed you that Defendant Brian Gilbert was travelling to Natick in June of 2019, or that Baugh and the other Defendants were traveling to Natick during the month of August 2019, or any other visits to Natick - before, during and after those trips.

**RESPONSE TO INTERROGATORY NO. 12**

Ms. Jones did not learn of Mr. Baugh's travel, Mr. Gilbert's travel, or the travel of the other Criminal Defendants until after she returned from sabbatical on or around August 26, 2019. On August 22, 2019, Ms. Huber sent Ms. Jones and others an email which stated in part: "Hi all, realize you may be out of the office, but we wanted to give you a heads up that we will be starting an investigation into an inquiry from Natick, Mass (outside Boston) police related to purported harassment/intimidation of Ina Steiner of EcommerceBytes and her husband David. This is very preliminary and the investigation is just getting started." Ms. Jones refers Plaintiffs to documents produced in this matter, including, but not limited to: EBAY_STEINER_00004067.

**INTERROGATORY NO. 13**

Indicate in detail whether Mr. Wenig ever issued any directives to you relating to the Steiners and/or EcommerceBytes, including the substance of any directives, and your understanding of Defendant Wenig's goal in issuing any directives.

**RESPONSE TO INTERROGATORY NO. 13**

Ms. Jones was never issued a directive from Defendant Wenig relating to the Steiners and/or EcommerceBytes.

**INTERROGATORY NO. 14**

Indicate whether you received the consultant proposal on or around June 17, 2019, with the recommendations that eBay either: (1) create or promote company-friendly content that would drive EcommerceBytes' posts lower in search engine results; or (2) terminate the Steiners' eBay accounts for violations of the company's Terms of Use. Include in your response whether you were a part of the decision-making process as to whether to implement these proposals, the names of all individuals involved in the decision-making process, whether any meetings were held to

discuss the consultant's proposal, and the substance of any conversations relating to the proposals. Include in your response whether any proposals were implemented, and if not, explain why.

## RESPONSE TO INTERROGATORY NO. 14

Ms. Jones objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case. The Interrogatory is too broad in that, as drafted, it calls for Ms. Jones to "list all the names of all individuals involved in the decision-making process" and the substance of "any" conversations relating to the proposal. Ms. Jones further objects to this Interrogatory on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order.

Subject to and without waiving her stated objections, Ms. Jones states that she understood Mr. Wymer to be working on a public relations strategy related to EcommerceBytes wherein eBay might consider establishing a site alternative to EcommerceBytes or otherwise divert traffic away from EcommerceBytes, but she was unaware of the specific details regarding that strategy.

## INTERROGATORY NO. 15

Detail the date, time and substance of each conversation you had with Defendant Baugh, Defendant Wenig, Defendant Wymer, Marie Huber, or any other person or board member, after you learned that the Natick Police Department and/or the legal department and/or an outside firm was investigating Defendant Baugh and the other Defendants.

## RESPONSE TO INTERROGATORY NO. 15

Ms. Jones objects to Interrogatory No. 15 to the extent that it seeks privileged information between Ms. Jones and Ms. Huber or Ms. Jones and eBay's external counsel. Ms. Jones further objects to this Interrogatory because it is overbroad and unduly burdensome. Specifically, the Interrogatory is too broad in that, as drafted, it asks Ms. Jones to recall the "date, time, and

substance" of "each" conversation Ms. Jones had with "any [] person" after Ms. Jones learned that the Natick Police Department or others were investigating the Criminal Defendants. This Interrogatory is also overly broad because it purports to seek information not limited to conversations regarding the Natick Police Department's investigation or the investigations of others, or even about this matter generally, but rather "each conversation" following the date when Ms. Jones learned of such investigations. As drafted, this question is overly broad, unduly burdensome, and not proportionate to the needs of the case, if not impossible to answer given its scope.

Subject to and without waiving her stated objections, Ms. Jones states that she has had no conversations with Mr. Baugh since she learned that the Natick Police Department and/or the legal department and/or an outside firm was investigating Defendant Baugh and the other Criminal Defendants. Ms. Jones may have had privileged conversations with Ms. Finn after she learned about the investigation(s) into the Criminal Defendants. Ms. Jones received one text message from Mr. Wymer since learning of the investigation(s) into the Criminal Defendants, which she reported to eBay Legal and to which she did not respond. Ms. Jones currently recalls approximately four conversations with Mr. Wenig in the time after she learned about the investigation(s) into the Criminal Defendants and before Mr. Wenig left eBay. Two of those conversations had nothing to do with this matter whatsoever. One of the conversations included discussion of Ms. Jones's and Mr. Wenig's surprise at the alleged conduct by the Criminal Defendants. Ms. Jones also generally recalls passing on a greeting to Mr. Wenig from an industry contact around the time that Mr. Wenig departed eBay. Ms. Jones respectfully refers Plaintiffs to her response to Interrogatory No. 9 related to text messages she exchanged with Mr. Wenig. Ms. Jones does not recall any discussion

with any board member about issues related to this matter.  In further response to this Interrogatory, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to the documents produced in this matter.

## INTERROGATORY NO. 16

Explain the process of reviewing and or authorizing expenses from 2018-2021 of the GSR and specifically the GIC including but not limited to any expenses from PFC or Concentric Advisors for reimbursement of employee or contractor expense. If you did not authorize payment, identify who within eBay did authorize payment.

## RESPONSE TO INTERROGATORY NO. 16

Ms. Jones objects to this Interrogatory on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order. Defendants ask Ms. Jones both to explain the "process of reviewing and or authorizing expenses" and separately, to identify "who within eBay did authorize payment."  Ms. Jones further objects to this Interrogatory because it is overbroad, unduly burdensome, seeks information not relevant to claims or defenses, and is disproportionate to the needs of the case.

Subject to and without waiving her stated objections, Ms. Jones states that in the period from 2018 to 2021, Ms. Jones relied on eBay's established expense approval process for expenses within her departments.  eBay would create purchase orders for each of its hundreds of vendors. Ms. Jones was required to authorize purchase orders above a certain value.  For purchase orders of lesser value, other individuals were permitted to sign off.  For subsequent invoices posted against a purchase order, Ms. Jones was not required to approve the invoices.  Ms. Jones respectfully refers Plaintiffs to her response to Interrogatory No. 5 for further response.

## INTERROGATORY NO. 17

Detail whether you ever reviewed persons of interest files and dossiers. Include in this response whether you reviewed the persons of interest files and dossiers related to the subject matter of the Complaint, and if you did review those files, who you discussed them with and the date, time and substance of each discussion.

## RESPONSE TO INTERROGATORY NO. 17

Ms. Jones objects to this Interrogatory on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order. This Interrogatory contains a compound question because it asks Ms. Jones to answer three separate inquiries, including whether she ever "reviewed persons of interest files and dossiers" whether these files and dossiers "related to the subject matter of the complaint" and who she "discussed them with and the date, time and substance of each discussion." Ms. Jones further objects to this Interrogatory as overbroad in that it asks whether Ms. Jones "ever" reviewed persons of interest files and dossiers, which could include files that are not related to this case.

Subject to and without waiving her stated objections, Ms. Jones states that she was periodically made aware of persons of interest files and may have reviewed some related materials. More specifically, Ms. Jones recalls that in or around July 2019, approximately one week before eBay hosted its eBay Live event, Mr. Baugh shared with Ms. Jones some documents identifying some fifteen individuals who implicated the safety of the eBay Live event. eBay decided to implement multiple levels of security during the event. Pursuant to Rule 33(d), Ms. Jones otherwise refers Plaintiffs to documents produced in this matter, including, but not limited to EBAY_STEINER_00004077.

**INTERROGATORY NO. 18**

What was your knowledge of Defendant Baugh's plan to deal with and/or threaten Ina Steiner and/or David Steiner, including the April or May 2019 meeting with GIC employees who were told the GIC would be writing an anonymous, handwritten and threatening letter to Ina Steiner. Detail in your answer, all communications with any executive, board member, employee, contractor or agent of eBay both before and after those communications regarding Baugh's plans or proposed plans, and identify who decided whether or not to proceed with Baugh's plans, including the decision not to send the threatening letter to Ina Steiner, why it was not sent and the plan going forward.

**RESPONSE TO INTERROGATORY NO. 18**

Ms. Jones does not possess any knowledge regarding "Defendant Baugh's plan to deal with and/or threaten Ina Steiner and/or David Steiner," other than what she heard after the fact, secondhand, in connection with this litigation, and through court proceedings.

**INTERROGATORY NO. 19**

Identify any and all persons (other than the plaintiffs in this case) who, from January 2015 to the present, have filed a lawsuit, complaint, administrative charge, or claim against you, including the name of the person, any docket numbers or identify number related to the claim, any demand letters, any resolutions, and the substance of each claim.

**RESPONSE TO INTERROGATORY NO. 19**

Ms. Jones does not recall being a party to any other lawsuit, legal complaint, administrative charge, or legal claim.

**INTERROGATORY NO. 20**

Indicate the date of your retirement, the circumstances surrounding your retirement, and whether you received any promotions, bonuses or stock options between January of 2019 and your

departure. In your answer, please detail all communications you had with any employee, executive, board member, contractor or agent of eBay about the decision to remain on staff at eBay after the internal and criminal investigations.

## RESPONSE TO INTERROGATORY NO. 20

Ms. Jones objects to this Interrogatory on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order. This Interrogatory is compound in that it calls for both information regarding Ms. Jones's retirement and any "promotions, bonuses or stock options" she received and for all communications she had about her decision to retire. Ms. Jones further objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case because it asks for "all communications" Ms. Jones had with "any" employee, executive, board member, contractor or agent of eBay about her decision to remain on staff at eBay after the internal and criminal investigations.

Subject to and without waiving the foregoing objections, Ms. Jones states, having spent more than 17 years at eBay, she retired from eBay effective December 16, 2020. Three years before she retired, Ms. Jones began construction on her current home in Maryland with the intention of moving from California to Maryland to retire when the project was complete. Ms. Jones had conversations with relevant executives informing them of her decision. Ms. Jones played no part in the criminal activities of the Criminal Defendants and therefore she did not participate in any discussion regarding whether she would "remain on staff at eBay after the internal and criminal investigations." The nature of her retirement-related compensation was disclosed in publicly available SEC filings, including eBay's 2021 Proxy Statement filed pursuant

to Section 14(a) of the Securities Exchange Act of 1934.  Pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to the documents produced in this matter and to those publicly available filings.

## INTERROGATORY NO. 21

Indicate whether there was ever an occasion where any Government employee or agency, eBay employee or agent or any individual at Morgan Lewis ever agreed not to interview you, or attempted to interview you relating to or discuss the subject matter of this Complaint and you refused, ignored the request or in some way did not follow through with the request. Include in your response the approximate date of any request, and the manner in which you refused or did not comply. If you complied, detail the substance of the communications, to whom any statements were made, and the dates and times.

## RESPONSE TO INTERROGATORY NO. 21

Ms. Jones objects to this Interrogatory because it seeks information or documents protected from discovery by the attorney-client privilege, Federal Rules of Civil Procedure 26(b)(3) and (b)(4)(D).  Specifically, Ms. Jones objects to detailing her discussions with Morgan Lewis, as these conversations are protected by the attorney-client privilege.

Subject to and without waiving her stated objections, Ms. Jones states that she never refused to be interviewed on the subject matter of this complaint and no entity agreed "not to interview" Ms. Jones.  In April 2023, Ms. Jones participated in a proffer with the United States Attorney's Office in Boston, Massachusetts. Ms. Jones discussed subject matter relating to the Amended Complaint during this meeting.

## INTERROGATORY NO. 22

Indicate whether the Government, Morgan Lewis and/or eBay or any agent acting on their behalf ever requested that you turn over any cell phone, tablet, computer or any other electronic device, the date and time of any such request, and if you refused or did not comply with the request,

why not. If you complied, include the date and time you turned over the electronic device and whether you deleted anything from the devices and/or cloud accounts before turning them over.

## RESPONSE TO INTERROGATORY NO. 22

Ms. Jones objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks information not related to this matter.

Subject to and without waiving the foregoing objections, Ms. Jones complied with all requests to examine her devices. As stated in her response to Interrogatory 3, at her first meeting with Morgan Lewis, Ms. Jones was asked to provide her work phone, and she complied with the request. Ms. Jones offered to provide her iPad as well, and her offer was declined. A few days later, Ms. Jones was asked to provide her iPad, and she complied with the request. To the extent any material was deleted before the devices were collected, it was deleted in the normal course and not in connection with the requests.

## INTERROGATORY NO. 23

Indicate how often you met with the Board of Directors at eBay, the dates and times of those meetings, and a detailed summary of each communication where any information was provided to the Board of Directors regarding any aspect of this case.

## RESPONSE TO INTERROGATORY NO. 23

Ms. Jones objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks information related to meetings with the Board of Directors that did not relate to any aspect of this case.

Subject to and without waiving the foregoing objections, Ms. Jones interacted with the Board of Directors at eBay infrequently. Ms. Jones did not provide any information to the Board of Directors regarding any aspect of this case.

## INTERROGATORY NO. 24

During your time at eBay did you, or did you ever direct or see others, discuss EcommerceBytes or the Steiners with third parties, including companies that provided products and services to sellers; Public Relations companies; partners; members of eBay's outreach programs such as Voices and eBay Main Street; buyers; sellers; existing or potential EcommerceBytes advertisers; and service providers. Describe the nature of these conversations and the purpose behind them, including dates and details of such spoken and written communications, including posts on private boards such as Facebook Groups.

## RESPONSE TO INTERROGATORY NO. 24

Ms. Jones objects to Interrogatory No. 24 on the grounds that it is compound and contains multiple distinct questions and thus constitutes more than one interrogatory for the purposes of the interrogatory limits under Federal Rule of Civil Procedure 33 and the Court's Scheduling Order.

Subject to and without waiving the foregoing objection, Ms. Jones does not recall ever discussing, or directing others to discuss, EcommerceBytes or the Steiners with third parties outside of eBay. Ms. Jones believes it is possible that she overheard others discussing EcommerceBytes or the Steiners with third parties during her time at eBay, but she does not recall the content of any of these conversations or who may have been involved in such discussions. In further response, and pursuant to Rule 33(d), Ms. Jones refers Plaintiffs to the documents produced in this matter.

Dated:  May 1, 2024                                  As to the objections,


                                                     _/s/ Andrew J. O'Connor_____
                                                     Andrew J. O'Connor (BBO# 672960)
                                                     Brien T. O'Connor (BBO# 546767)
                                                     Jesse R. Coulon (BBO# 705248)
                                                     Ropes & Gray LLP
                                                     800 Boylston Street
                                                     Boston, MA 02199-3600
                                                     Tel: (617) 951-7000
                                                     andrew.oconnor@ropesgray.com
                                                     brien.oconnor@ropesgray.com
                                                     jesse.coulon@ropesgray.com

                                                     *Counsel for Wendy Jones*

## <u>VERIFICATION OF INTERROGATORY RESPONSES</u>

I certify that I have read the foregoing answers and, based on reasonable inquiry, that such answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2024

_____
Wendy Jones

.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 1, 2024, a true and correct copy of this document was

served via email on all counsel of record in this action.


Dated:  May 1, 2024                                      */s/ Andrew J. O'Connor*
                                                                    Andrew J. O'Connor

                                                                    *Counsel for Defendant Wendy Jones*