**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| INA STEINER, DAVID STEINER, and ) | |
| STEINER ASSOCIATES, LLC, ) | |
| ) | Civil Action No. 21-CV-11181-PBS |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| EBAY INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**SECOND AMENDED PROTECTIVE ORDER**

1. <u>PURPOSE</u>

Disclosure and discovery in this action are likely to involve the production of confidential, proprietary, and private information for which special protection from public disclosure is warranted. To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality and use of discovery materials, to adequately protect the information that the Parties (as defined below) are entitled to keep confidential and not generally available to the public, and to ensure that the Parties are permitted reasonably necessary uses of all such materials in preparation for and in the conduct of these proceedings, while preserving the Steiners' rights as reporters to the extent set forth in Section 3 below, the Parties hereby stipulate to and petition the Court pursuant to <u>Federal Rule of Civil Procedure 26(c)</u> to enter the following Protective Order (the " Protective Order").

2.  DEFINITIONS

Action: the above-captioned action: *Steiner, et al. v. eBay, Inc., et al.,* No. 1:21-cv-11181-PBS (D. Mass.).

Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

"CONFIDENTIAL" Information or Items: information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including information that a Producing Party or Designating Party believes is: (1) sensitive, competitive, or potentially invasive of privacy interests; (2) not generally known; and (3) not normally revealed to the public or third parties, or, if disclosed to third parties, is such that the Producing Party or Designating Party would require such third parties to maintain the information in confidence.

Counsel: Outside Counsel and In-House Counsel (as well as their support staffs).

Designating Party: a Party or Non-Party that designates information or items, including testimony, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2

Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information that a Producing Party or Designating Party reasonably believes is: (1) proprietary non-public technical information; (2) non-public business-related financial or commercial information; (3) a trade secret; and/or (4) such other documents, information, or materials that relate to proprietary information that the Producing Party or Designating Party reasonably believes is of such a nature and character that the unauthorized disclosure of such information would cause serious harm to the Producing Party or Designating Party.  HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may include, without limitation, information relating to research for or production of products, including internal product specifications; financial information or marketing plans (excluding past marketing plans and business strategies relating to the Steiners or EcommerceBytes) and forecasts, customer lists (including lists of subscribers and registrants, advertiser lists, advertisers' spending data), pricing data, cost data, customer orders or customer quotations, non-public commercial information (including business plans, business strategies, negotiations, and license agreements), financial information (including budgeting, accounting, sales figures, and advertising expenditures), non-public business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents).

In-House Counsel: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

Investigators: Investigator(s) hired by a Party for the sole purpose of investigating or supporting the claims or defenses raised in this Action.

Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

Outside Counsel: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party in connection with this Action.  Outside Counsel includes attorneys' clerical, litigation support, paralegal support, and Professional Vendors.

Party: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action, whether voluntarily or pursuant to a subpoena or a court order.

Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In addition to such Disclosure or Discovery Material, Protected Material shall also include (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, Non-Parties, or their Counsel that might reveal Protected Material.

4

<u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

<u>Requesting Party</u>: a Party that serves a valid discovery request on a Responding Party.

<u>Responding Party</u>: a Party that receives a valid discovery request from a Requesting Party.

3.  <u>SCOPE</u>

All Disclosure or Discovery Material is provided solely for the purpose of this Action among the Parties and may not be used by any Party or Non-Party for any purpose other than prosecuting, defending, or attempting to settle this litigation or any contribution, indemnification, or insurance coverage action arising from this litigation, or for the purposes described in Paragraph 8.2 (i) and (j).  However, the protections conferred by this Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise.  Materials shall be deemed to be in the public domain only if they have been disclosed and preserved in a permanent public record.  In addition, the protections conferred by this Protective Order do not cover any information that is received by Plaintiffs in their capacity as reporters entirely independently of their receipt of, and without reliance in any way upon, any Disclosure or Discovery Material; for the avoidance of doubt, Plaintiffs may not rely upon information that is provided to them by any person in violation of this Protective Order.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

After final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in this action, with or without prejudice; and/or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Protective Order, or as otherwise ordered, Disclosure or Discovery Material that qualifies for protection as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order must be clearly so designated before the material is disclosed or produced.  Such designation in conformity with this Protective Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

6

Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the information or documents in a reasonably conspicuous manner.

(b)    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed potentially "CONFIDENTIAL" or " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to the information or documents in a reasonably conspicuous manner.

(c)    For testimony given in deposition or in other pretrial or trial proceedings, the deposition or portions of the deposition must be designated as containing Protected Material subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a Party will have until thirty (30) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated

7

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Designating Party will have the right to exclude from attendance at the deposition, limited to only such time as the Protected Material is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Section 8, below (however, a failure to so exclude a person from attendance does not waive the party's rights under this Section to later designate such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.").

(d)    For information produced in some form other than documentary and for any other tangible item, the Producing Party must conspicuously mark such information with the label "CONFIDENTIAL" or " "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a reasonable manner under the circumstances, e.g., affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent or unintentional failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Such inadvertent or unintentional disclosure is deemed rectified by written notice within a reasonable

time after disclosure to counsel for all Parties to whom the material was disclosed. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order and, at the Designating Party's request, identify any disclosure of the material before the Designating Party corrected the designation. Replacement copies of materials inadvertently or unintentional not designated should be provided to the Receiving Party with appropriate legends within a reasonable time after such notice.

6.    REDACTIONS

6.1    Financial and Personal Information. Producing Party must redact unique identifiers pertaining to financial records, including bank account numbers, associated email addresses, credit card numbers, usernames, and passwords ("Financial Information"), as well as other unique personal identifiers, such as health insurance policy and subscriber account numbers, date of birth, and social security numbers ("Personal Identifiers"). Documents containing Financial Information or Personal Identifiers shall be redacted but shall not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in full solely on the grounds that they contain Financial Information or Personal Identifiers.

6.2    Privileged Information. A Producing Party may redact any portion of Disclosure or Discovery Material that is subject to a claim of privilege, work product, or other protection or immunity from discovery and produce the document with the redactions, provided the Parties submit a privilege log where the document does not otherwise enable other Parties to assess the claim of privilege, protection, or immunity from discovery, and preserving the right of any other Party to challenge the claim of privilege.

7.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS AND REDACTIONS</u>

7.1    <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality or the redaction of material at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation or redaction is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation or redaction by electing not to mount a challenge promptly after the original designation or redaction is disclosed.

7.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation or redaction it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality or redaction is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring telephonically within 14 days of the date of service of the notice.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  Unless the Designating Party has expressly waived the confidentiality, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

8.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1    <u>Basic Principles</u>.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  It is, however, understood that

counsel for a Party may give advice and opinions to their client based on their evaluation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that such advice and opinions shall not reveal the content of such material. When the litigation has been terminated, a Receiving Party must comply with the provision of Section 14 below. Protected Materials must be stored and maintained by a Receiving Party at a location and/or in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

8.2    Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may only be disclosed to:

(a)    The Parties (subject to the limitations below);

(b)    the Receiving Party's Counsel;

(c)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached here as Exhibit A (the "Acknowledgement");

(d)    Experts of the Receiving Party and their employees to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement;

(e)    the Court and its personnel;

(f)    court reporters and their staff, professional jury or trial consultants, mock jurors, Professional Vendors, and Investigators to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Acknowledgement, unless otherwise agreed by the Designating Party or ordered by the Court;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     employees, directors, officers, managers, vendors, or outside counsel of a liability insurer that may provide coverage to a Defendant in this Action, and any reinsurer of any such liability insurer, to whom disclosure of "Confidential" information is reasonably necessary in order for the insurer or reinsurer to fulfill a duty to provide a defense or to evaluate a potential coverage obligation, provided that a representative of the insurer, reinsurer, and/or law firm has signed the Acknowledgement and agreed that all employees and agents of the insurer, reinsurer, and/or law firm will comply with the Protective Order; and

(j)     governmental agencies, regulatory authorities, or outside auditors who specifically request such documents from any Party or an entity described in Paragraph 8.2 (i) in order to fulfill their duties.  With respect to any disclosures to third parties expressly provided for in this subparagraph, the disclosing entity shall advise such third parties of the terms and provisions of this Protective Order and use their best efforts to obtain the agreement of the third parties to be bound by the confidentiality provisions of this Protective Order.

For the avoidance of doubt, the parties referred to in this paragraph may also receive Disclosure or Discovery Material that is not designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

8.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be disclosed to those listed in Paragraphs 8.2 (b), (d), (e), (f), (h), (i), and (j).

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that Party must:

(a)     promptly notify, in writing, the Designating Party, and such notification shall include a copy of the subpoena or court order;

(b)     promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

9.2     If the Designating Party timely seeks permission to file a motion for a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13

ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

If the Court has not resolved any dispute concerning designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or concerning any redaction, prior to the close of fact discovery, the party claiming the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, or seeking redaction, must comply with the Court's order notwithstanding the close of fact discovery.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

10.1    The terms of this Protective Order are applicable to information produced by a Non-Party in this action.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2    In the event that a Responding Party is required, by a valid discovery request from a Requesting Party, to produce a Non-Party's confidential information in its possession, and the Responding Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Responding Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

10.3    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Responding Party may produce the Non-Party's confidential information responsive to the discovery request, except that, if a Non-Party is not an affiliate of a Party (i.e., an entity that controls, is controlled by, or is under common control with a Party) and has a pre-existing applicable agreement with the Responding Party that allows for a specific time period for seeking protective orders greater than 14 days, the period set forth in the agreement shall control, but shall in no event exceed 28 days.  If the Non-Party timely seeks permission to file a motion for a protective order, the Responding Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF DISCLOSURE AND DISCOVERY MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Disclosure and Discovery Material to any person or in any circumstances not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Producing and/or

Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Disclosure and Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) where applicable, request such person or persons to execute the Acknowledgement.

### 12. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12.1    Privilege and Waiver.  The Parties are obligated to review and screen their respective productions for documents protected by privilege or the work product doctrine. Pursuant to Rule 502(b) of the Federal Rules of Evidence, the inadvertent production or disclosure during discovery of a document or information protected by the attorney-client privilege, work product doctrine, or other privilege shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Producing Party unless the Producing Party did not take reasonable steps to prevent disclosure or failed to promptly take reasonable steps to rectify the error.  Pursuant to Rule 502(d) of the Federal Rules of Evidence, a determination by this Court that the attorney-client privilege, work product doctrine, or other privilege was not waived by a disclosure connected with this Action shall mean that the disclosure is not a waiver in any other federal or state proceeding.

12.2    Obligations of Receiving Party.  When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). For the avoidance of doubt, if any Producing Party produces material protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right or immunity ("Protected Production"), any holder of that privilege, right, or immunity may obtain the

return of those materials by notifying the Receiving Parties promptly after the discovery of the production and providing a privilege log for the produced materials.  The Receiving Parties shall: (a) refrain from any further examination or disclosure of the Protected Production; (b) if requested, promptly make a good-faith effort to return the Protected Production and all copies thereof (including summaries and excerpts) to Counsel for the Producing Party, or destroy all such material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; (c) not use the Protected Production for any purpose absent further order of the Court. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business, provided such back-ups are not used to access or copy the Protected Production.  Nothing herein shall abridge the rights of a privilege holder to seek protection of the privilege holder's privileged materials when disclosed by another party.

12.3    No Modification of Agreements.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

13. MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party

waives any right to objection on any ground to use in evidence any of the material covered by this Protective Order.

     13.3    No Waiver.  Nothing in this Protective Order shall require production of information a Party or Non-Party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other privilege, doctrine, right, or immunity. Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Disclosure or Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

     13.4    Party's Own Protected Information.  Nothing in this Protective Order shall restrict any Party or Non-Party, or its Counsel, from disclosing or using, in any manner and for any purpose, its own Protected Material.

     13.5    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to impound or file under seal any Protected Material must comply with the Local Rules, Practices and Standing Orders, including without limitation, Local Rule 7.2.

     13.6    Effectiveness.  This Protective Order shall become effective as between the Parties immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately denied, withheld, or made conditional, no Party shall treat any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced prior to that time in a manner inconsistent with this Protective Order without giving the Producing Party sufficient advanced notice to allow for

application to the Court for additional relief in a manner consistent with applicable Local Rules, Practices and Standing Orders.

13.7     <u>Parties Bound</u>.  This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## 14. <u>FINAL DISPOSITION</u>

14.1     Within 90 days after the final disposition of this action, as defined by Section 4, each Receiving Party must return all Disclosure or Discovery Material to the Producing Party or destroy such material. As used in this paragraph, "all Disclosure or Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Disclosure or Discovery Material.  Whether the Disclosure or Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that affirms that the Receiving Party has returned or destroyed all Disclosure or Discovery Material that the Receiving Party received from the Producing Party and that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Disclosure or Discovery Material.  Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Disclosure or

Discovery Material.  Any such archival copies that contain or constitute Disclosure or Discovery Material remain subject to this Protective Order as set forth in Section 4.

14.2    Notwithstanding the foregoing, any insurance company receiving Disclosure or Discovery Material pursuant to Paragraph 8.2 (i) and/or Paragraph 8.3, said insurance company's outside counsel, and/or a Defendant that is pursuing insurance coverage for this Action, shall be permitted to retain copies of Disclosure or Discovery Material subject to all requirements of this Protective Order and solely to the extent such retention is necessary to comply with applicable law and its regulatory and contractual obligations; to pursue or defend against insurance coverage for this Action; or if the insurance company confirms in writing that it is not able to delete Disclosure or Discovery Material but will continue to treat any such material retained as subject to this Protective Order.  For the avoidance of doubt, this provision does not permit any insurance company or Defendant retaining Disclosure or Discovery Material to use Protected Material in insurance coverage litigation or arbitration absent agreement of any affected parties or court order. Any Disclosure or Discovery Material retained pursuant to this Paragraph remains subject to this Protective Order as set forth in Section 4.

THROUGH COUNSEL OF RECORD

Dated:  November 22, 2024

*/s/ Kenneth B. Fromson*                                          */s/ Jack W. Pirozzolo*
Andrew G. Finkelstein (*pro hac vice*)                Jack W. Pirozzolo
Brian D. Acard (*pro hac vice*)                            Kathryn L. Alessi

Kenneth B. Fromson (*pro hac vice*)
Lawrence D. Lissauer (*pro hac vice*)
FINKELSTEIN & PARTNERS, LLP
1279 Route 300
Newburgh, NY 12551
(845) 563-9459
afinkelstein@fbfglaw.com
bacard@lawampm.com
kfromson@lawampm.com
LLissauer@lawampm.com

Marc A. Diller
DILLER LAW, LLP
50 Congress Street
Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber (*pro hac vice*)
Bradley Silverman (*pro hac vice*)
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON
& GARBER, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3284
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

*Counsel for Ina Steiner, David Steiner and Steiner Associates, LLC*

/s/ Caz Hashemi
Caz Hashemi (*pro hac vice*)
Nick Guenther (*pro hac vice*)

SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
jpirozzolo@sidley.com
kalessi@sidley.com
(617) 223-0300

Scott T. Nonaka (*pro hac vice*)
David A. Goldenberg (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite
2000 San Francisco, CA 94104
(415) 772-1285
snonaka@sidley.com
dgoldenberg@sidley.com

Daniel J. Feith (*pro hac vice*)
Lucas Croslow (*pro hac vice*)
Emily Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
(202) 736-8511
dfeith@sidley.com
lcroslow@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

/s/ Abbe David Lowell
Abbe David Lowell (*pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, D.C. 20036
(202) 282-5000
adlowell@winston.com

Kelly A. Librera (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166

WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com
nguenther@wsgr.com

Melissa Mills (*pro hac vice*)
Trevor Templeton (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.
953 East Third Street
Suite 100
Los Angeles, CA 90013
(323) 210-2991
mmills@wsgr.com
ttempleton@wsgr.com

Lon F. Povich
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6548
lpovich@andersonkreiger.com

Morris J. Fodeman (*pro hac vice*)
Staci E. Cox (*pro hac vice*)
Michelle Mixue Dang (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.
1301 Avenue of Americas, 40th Floor
New York, NY 10019
(212) 497-7704
mfodeman@wsgr.com
staci.cox@wsgr.com
mdang@wsgr.com

Kevin G. Heiner (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI P.C.
15 W South Temple, Suite 1700
Salt Lake City, UT 84101
(801) 401-8510
kheiner@wsgr.com

*Counsel for Steve Wymer*

(212) 294-4622
klibrera@winston.com

Martin G. Weinberg, Esq.
MARTIN G. WEINBERG PC
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

Michael Pabian
MICHAEL PABIAN LAW OFFICE, LLC
20 Park Plaza, Suite 1000
Boston, MA 02116
(339) 227-0642
pabianlaw38@gmail.com

*Counsel for Devin Wenig*


/s/ Scott D. Burke
Scott D. Burke
Kimberly Iverson
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7578
sburke@morrisonmahoney.com
kiversontufo@morrisonmahoney.com

*Counsel for Progressive F.O.R.C.E.
Concepts, LLC*


/s/ Daniel K. Gelb
Daniel K. Gelb
GELB & GELB, LLP
900 Cummings Center, Suite 207 V
Beverly, MA 01915
(617) 345-0010

dgelb@gelbgelb.com

*Counsel for David Harville*

/s/William W. Fick
William W. Fick
Daniel N. Marx
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
wfick@fickmarx.com
dmarx@fickmarx.com

*Counsel for Jim Baugh*

/s/ Tracy A. Miner
Tracy A. Miner
MINER SIDDALL LLP
101 Federal Street, Suite 650
Boston, MA 02110
(617) 202-5893
tminer@msdefenders.com

*Counsel for Philip Cooke*

/s/ Mark Conrad
Mark Conrad (*pro hac vice*)
Miranda Kane (*pro hac vice*)
CONRAD METLITZKY KANE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 343-7102
mconrad@conmetkane.com
mkane@conmetkane.com

/s/ Stephanie Popp
Stephanie Popp, Pro Se
spopp.legal@gmail.com

Douglas S. Brooks
LIBBY HOOPES BROOKS & MULVEY, P.C.
260 Franklin Street
Suite 1920
Boston, MA 02110
(617) 338-9300
dbrooks@lhbmlegal.com

/s/ Andrew O'Connor
Andrew O'Connor
Brien T. O'Connor
Jesse Coulon
ROPES AND GRAY
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
(617) 235-4650
andrew.oconnor@ropesgray.com
boconnor@ropesgray.com
jesse.coulon@ropesgray.com

Jason M. Strojny
LIBBY HOOPES BROOKS & MULVEY, P.C.
399 Boylston Street, Suite 600
Boston, MA 02116
(617) 338-9300
jstrojny@lhblaw.com

*Counsel for Brian Gilbert*

*Counsel for Wendy Jones*

<u>/s/ Stephanie Stockwell</u>
Stephanie Stockwell, Pro Se
850 Front St.
P.O. Box # 8010
Santa Cruz, CA 95601
(408) 647-5156
stockwellstephanie21@gmail.com

<u>/s/ Frank R. Ubhaus</u>
Frank R. Ubhaus (*pro hac vice*)
BERLINER COHEN LLP
Ten Almaden Boulevard. 11th Fl.
San Jose, CA 95113-2233
(408) 286-5800
frank.ubhaus@berliner.com

Michael S. Day, I
TORRES, SCAMMON, HINKS & DAY, LLP
119 High Street
Boston, MA 02110
(617) 307-4426
mday@tshdlegal.com

*Counsel for Veronica Zea*


PURSUANT TO THE PARTIES' AGREEMENT, IT IS SO ORDERED.


Dated:  <u>11/25/2024</u>

<u>/s/ Paul G. Levenson</u>
Honorable Paul G. Levenson
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address, including company name if applicable], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Massachusetts on _____ [date] in the case of *Steiner, et al. v. eBay, Inc., et al*., No. 1:21-cv-11181-PBS.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Massachusetts agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____