UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>     Plaintiffs,<br>  v.<br><br>**EBAY, INC., et al.**,<br><br>     Defendants. | Civil Action<br>21-cv-11181-PBS |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT EBAY'S MOTION TO CERTIFY INTERLOCUTORY
APPEAL THE NOVEMBER 1 ORDER UNDER 28 U.S.C. 1292(b)**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 4

    I.     STANDARD OF REVIEW ............................................................................ 4

    II.    DEFENDANT FAILS TO IDENTIFY A CONTROLLING QUESTION OF LAW ...... 5

    III.   THERE IS NO SUBSTANTIAL GROUND
          FOR DIFFERENCE OF OPINION ON A SIGNIFICANT LEGAL PRINCIPLE ......... 8

    IV.   AN INTERLOCUTORY APPEAL WOULD NOT MATERIALLY
          ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION ................... 12

CONCLUSION ............................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Ahrenholz v. Bd. of Trs.*,
  219 F.3d 674 (7th Cir. 2000) ................................................................................... 3, 5

*Barreras Ruiz v. Am. Tobacco Co.*,
  977 F. Supp. 545 (D.P.R. 1997) ................................................................................. 13

*Caraballo-Seda v. Mun. of Hormigueros*,
  395 F.3d 7 (1st Cir. 2005) ..................................................................................... 4, 13

*Durand v. Goguen*,
  419 F. Supp. 3d 174 (D. Mass. 2019) ........................................................................... 2

*First Circuit. In Ashmore v. Ne. Petroleum*,
  855 F. Supp. 438 (D. Me. 1994) ................................................................................... 7

*Hersh v. CKE Rest. Holdings, Inc.*,
  571 F. Supp. 3d 1046 1054 (E.D. Mo. 2021) ........................................................ 11, 12

*Howmedica Osteonics Corp. v. Howard*,
  No. 1919254, 2024 U.S. Dist. LEXIS 40518 (D.N.J. Mar. 6, 2024) ........................... 7

*In re Bank of New England Corp.*,
  218 B.R. 643 (B.A.P. 1st Cir. 1998) ............................................................................. 9

*In re Jackson Brook Inst., Inc.*,
  280 B.R. 1 (D. Me. 2002) ........................................................................................... 10

*In re San Juan Dupont Plaza Hotel Fire Litigation*,
  859 F.2d 1007 (1st Cir. 1988) ...................................................................................... 7

*In re Zofran (Ondansetron) Prods. Liab. Litig.*,
  235 F. Supp. 3d 317, 320 (D. Mass. 2017) .............................................................. 9, 14

*Johansen v. Liberty Mut. Grp., Inc.*,
  No. 15-12920, 2017 U.S. Dist. LEXIS 33849 (D. Mass. Mar. 9, 2017) ...................... 2

*Johnson v. Watts Regulator Co.*,
  No. 92-508, 1994 U.S. Dist. LEXIS 22114, 1994 WL 421112 (D.N.H. Aug. 11, 1994) ....... 14

*Lewis v. Dimeo Constr. Co.*,
  No. 14-10492, 2015 U.S. Dist. LEXIS 74357 (D. Mass. June 9, 2015) ................ 2-3, 9

*McFarlin v. Conseco Servs.*,
  381 F.3d 1251 (11th Cir. 2004) ................................................................................ 3, 5

*McGillicuddy v. Clements*,
  746 F.2d 76 n.1 (1st Cir. 1984) ......................................................................... 7, 9, 10

*New Eng. Gen-Connect, LLC v. US Carburetion, Inc.*,
  No. 14-13530, 2015 U.S. Dist. LEXIS 178011 (D. Mass. Dec. 8, 2015) ................................ 9

*O'Donnell v. Robert Half Int'l, Inc.*,
  534 F. Supp. 2d 173 (D. Mass. 2008) ................................................................................. 4

*Prods. Liab. Litig.*,
  235 F. Supp. 3d 317 (D. Mass. 2017) ............................................................................... 14

*S. Orange Chiropractic Ctr., LLC v. Cayan LLC*,
  No. 15-13069, 2016 U.S. Dist. LEXIS 70680 (D. Mass. May 31, 2016) ..................... 2, 4, 5, 6

*Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*,
  385 U.S. 23 (1966) ............................................................................................................ 4

*United Air Lines, Inc. v. Gregory*,
  716 F. Supp. 2d 79 (D. Mass. 2010) ............................................................................ 4, 5, 9

*United States ex rel. Michaels v. Agape Senior Cmty., Inc.*,
  848 F.3d 330 (4th Cir. 2017) ............................................................................................. 3

*United States v. Representatives*,
  No. 20-1475, 2023 U.S. Dist. LEXIS 233220 (D.P.R. Feb. 14, 2023) ................................. 9

*Winter v. Novartis Pharmaceuticals Corp.*,
  739 F.3d 405 (8th Cir. 2014) ...................................................................................... 10, 11

*WM Capital Partners 53, LLC v. Allied Fin. Inc.*,
  No. 17-2015, 2018 U.S. Dist. LEXIS 112912 (D.P.R. Mar. 15, 2018) ................................. 9

*Zygmuntowicz v. Hospitality Invs. Inc.*,
  828 F. Supp. 346 (E.D. Pa. 1993) ..................................................................................... 13

**Statutes**

28 U.S.C. § 1292 ............................................................................................................. *passim*

## INTRODUCTION

Defendant tries to gloss over the fact, by not including a section on the standard of review, that interlocutory review under 28 U.S.C. § 1292(b) is reserved for extraordinarily rare circumstances, plainly not present here.

Defendant's motion is most revealing for what it does not say. Despite asking that the Court address and decide the applicability of punitive damages to some of Plaintiffs' claims, Defendant eBay now refuses to accept the well-reasoned decision of this Court. Defendant begins its motion stating "[a]s the Court knows, Plaintiffs and eBay sought an early determination of the choice of law governing punitive damages . . ." Def. Mem. Dkt. No. 517 at 1. What Defendant leaves out are the details of what was said to the Court at the July 18, 2024, conference, where the Parties made this request.

At the July 18 conference, counsel for eBay said "[o]ur hope is that by getting this, we're not going to have to go through a whole bunch of the other discovery." *See* July 18, 2024, Transcript, Ex. 1, at 14. In response the Court inquired "Let me say, let's assume I say punitives do or do not apply, does that settle the case, or am I still going to have a case no matter what?" *Id.* at 15. Counsel for eBay responded "It's really hard to answer that, but it will go a long way towards putting the parties in a position where there's a zone where there could be a settlement. That's why we're here. We're not here to waste everybody's time." *Id.*

Defendant's statements to the Court have proven false as they have failed to engage in any further meaningful discussion regarding resolution. Defendant now claims that the Court's ruling on punitive damages makes trial all but certain. The truth of that statement lies solely within Defendant's control.

Attempting to play the victim and curry favor with the Court, Defendant states "eBay is

1

committed to compensating Plaintiffs fairly and appropriately for what they endured." Def. Mem. Dkt. No. 517 at 1. Notwithstanding such representations, eBay's actions do not match their words. It has become apparent to Plaintiffs that eBay is only prepared to compensate them "fairly and appropriately" if it is based solely upon their terms. This Court should not be fooled by eBay's attempt to play the victim. The only victims in this case are the Plaintiffs, and they are, have been, and continue to be prepared to honor the representations of their counsel at the July 18 conference with the Court and engage in good-faith settlement discussions with Defendant eBay and all the Defendants. Should Defendant wish to see if the Parties can get in a "zone where there could be a settlement" all eBay needs to do is pick up the phone or return to the negotiating table. Ex. 1 at 15.

Setting aside Defendant's duplicity, this Court should have no trouble swiftly rejecting the motion before it. Defendant looks to certify an issue that plainly is not a controlling question of law. This Court's Order turns on the application of Massachusetts' choice-of-law standard, of which there is no dispute, to the record specific questions of fact, rather than on a certifiable question of law. It is the antithesis of a § 1292(b) interlocutory appeal when the issue involves whether the district court properly applied settled law to the facts or evidence of a particular case. *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, 2016 U.S. Dist. LEXIS 70680, at *4 (D. Mass. May 31, 2016) (Saris, J.) ("A controlling question of law usually involves a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than an application of law to the facts."); *Johansen v. Liberty Mut. Grp., Inc.*, 2017 U.S. Dist. LEXIS 33849, at *4 (D. Mass. Mar. 9, 2017) (same); *Durand v. Goguen*, 419 F. Supp. 3d 174, 175 (D. Mass. 2019) (same); *Lewis v. Dimeo Constr. Co.*, 2015 U.S. Dist. LEXIS 74357, at *2 (D. Mass.

June 9, 2015) (same).[1]

Next, Defendant's disagreement with the Court's Order does not satisfy the burden of showing a substantial difference of opinion about the proper application of settled legal principles to record-specific facts. The issue must be related to the legal standard itself, not its application to this specific case. Such is not the case here.

Finally, as Defendant itself admittedly is not looking to stay the litigation were its motion to be granted, an interlocutory appeal would delay, rather than advance, the ultimate termination of this litigation. An interlocutory appeal would surely not be decided before trial and the issue can be addressed, if necessary, as part of the merits appeal as the First Circuit prefers.

While Defendant may disagree with the Court's partial denial of its motion for partial summary judgment as to the applicability of punitive damages for some of Plaintiffs' claims, none of the statutory criteria for interlocutory appeal are met. There are no exceptional circumstances that justify departing from the ordinary rule that a party must await a final judgment to obtain appellate review of an issue that it believes was wrongly decided.

Simply put, Defendant sets forth no cogent legal or factual argument to grant its motion. This Court should promptly deny the motion. With finality at the district court level, perhaps Defendant will reverse course and be true to its word articulated on July 18. In truth, that is the only potential advancement of this litigation before the Parties and this Court must go through a trial to its conclusion.

---

[1] *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 676 (7th Cir. 2000) (Posner, J.); *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."); *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) ("§ 1292(b) review is not appropriate where, for example, the question presented "turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.").

**ARGUMENT**

I.   **STANDARD OF REVIEW**

"Interlocutory appeals under § 1292(b) require an order that (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) as to which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *S. Orange Chiropractic Ctr.*, 2016 U.S. Dist. LEXIS 70680, at *3 (citing *Caraballo-Seda v. Mun. of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005)). All three factors must be met. "Certification under § 1292(b) is an extraordinary procedure and the party seeking it bears a heavy burden of convincing the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Id.* (citing *United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 89 (D. Mass. 2010).

"A controlling question of law usually involves a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" rather than an application of law to the facts." *S. Orange Chiropractic Ctr.*, 2016 U.S. Dist. LEXIS 70680, at *4. "[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record." *Id.* In other words, certification for interlocutory appeal of an order disposing of only a part of a case is disfavored. *Id. See also O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 181 (D. Mass. 2008) ("Interlocutory appeals under 28 U.S.C. § 1292(b) are disfavored."); *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966) (considering section 1292(a) and stating, "[F]ederal law expresses the policy against piecemeal appeals.").

Defendant has not met its burden. As explained below, the question Defendant identifies for appellate review is not a "controlling questions of law"; there is no "substantial ground" for

4

"difference of opinion" as to its resolution; and an immediate appeal from the Order will not materially advance the ultimate termination of this litigation.

## II.     DEFENDANT FAILS TO IDENTIFY A CONTROLLING QUESTION OF LAW

Section 1292(b) does not allow interlocutory of review of any issue that may in any context be referred to as a "question of law." Rather, the statute is reserved for "pure question[s] of law" involving the interpretation of a statute, constitutional provision, or legal doctrine. *United Air Lines*, 716 F. Supp. 2d at 91.

As Judge Posner explained in *Ahrenholz*, although "[f]ormally, an appeal from the grant or denial of summary judgment presents a question of law" which if dispositive is controlling[,] and often "there is room for a difference of opinion," it "cannot be right" that denials of dispositive motions are immediately appealable under section 1292(b) whenever reasonable people could disagree about the decision." *Ahrenholz*, 219 F.3d at 676. Rather, a "'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.*; *accord McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1258 (11th Cir. 2004) ("[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record."). *See, e.g., United Air Lines, Inc*, 716 F. Supp. 2d at 91 ("A legal issue is suitable for interlocutory review only if it raises a 'pure question of law' . . . ."); *S. Orange Chiropractic Ctr.*, 2016 U.S. Dist. LEXIS 70680, at *4 ("A controlling question of law usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts.").

The question of law Defendant names here is not "controlling." Defendant simply takes issue with this Court's application of the unquestioned proper choice-of-law analysis to the facts

of this case—not the meaning of a statutory or constitutional provision, regulation or common-law doctrine—and as such this issue is not "controlling" within the meaning of the statute. *See S. Orange Chiropractic Ctr.*, 2016 WL 3064054, at *2.

Just last year, facing a remarkably similar issue to the one presented here, the Court in *Pritt* held that "[b]ecause the ruling of this Court on the availability of damages under general maritime law does not constitute a controlling question of law for the purposes of section 1292(b), certification would be improper." *Pritt v. John Crane Inc.*, 2023 U.S. Dist. LEXIS 203989, at *3 (D. Mass. Nov. 14, 2023). Courts from around the country agree. *See, e.g.*, *Johansen v. Liberty Mut. Grp., Inc.*, 2017 U.S. Dist. LEXIS 33849, at *5 (D. Mass. Mar. 9, 2017) ("Here, the issue of the comprehensiveness of the relief provided to Johansen is not a controlling question of law, and involves both questions of fact and the application of law to facts. As a result, an interlocutory appeal, at this stage, involving the question of whether providing all relief requested moots a plaintiff's claim would not materially advance the ultimate termination of this litigation."); *Cortez v. Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 225049, at *15 (C.D. Cal. Oct. 11, 2018) ("Plaintiff's issues with the availability of punitive damages do not involve controlling questions of law either."); *Winding v. Allstate Ins. Co.*, 2012 U.S. Dist. LEXIS 61579, 2012 WL 1565674, at *2 (E.D. Cal. May 2, 2012) (denying a motion for interlocutory appeal of district court's grant of partial summary to defendants on question of punitive damages). *Klayman v. City Pages*, 2015 U.S. Dist. LEXIS 183964, at *5 (M.D. Fla. Jan. 12, 2015) (certification denied where Plaintiff argues there are "controlling questions of law over whether punitive damages should be subject to amend at this time.); *Marriott v. Cty. of Montgomery*, 426 F. Supp. 2d 1, 14 (N.D.N.Y. 2006) ("Defendants have not demonstrated that the October 14, 2005, Order denying defendants' motion

for partial summary judgment as to plaintiffs' motions for compensatory damages, punitive damages, and attorneys' fees involves controlling questions of law.").[2]

Knowing its motion lacks merit, Defendant starts its argument stating that choice-of-law issues are reviewed by the appellate court *de novo*. True or not true, that is irrelevant to this motion. Next, skipping over the standard of review for this motion articulated above, Defendant argues question of law can be controlling if it will save time and expense, and goes on to hypothesize two ways that it satisfies this standard.[3] Defendant is wrong on both counts.

First, as discussed *infra*, based on the timeline for a decision from the First Circuit and the lack of a stay before this Court, any purported savings of time and expense to litigate this case is complete conjecture. Second, Defendant created its examples from whole cloth. Defendant sets forth how it believes Plaintiff will present its case and presupposes a vastly different trial without the availability of punitive damages. Such would not be the case. Next, again, as it repeatedly does, Defendant presupposes that somehow a settlement is more likely if punitive damages are not available. Based on what, Plaintiffs would ask?

Previously Defendant said a decision on this issue would make settlement more likely. However, with the decision going against it, Defendant changed its tune and now claims that only

---

[2] Defendant cites two district court cases from within the Third Circuit to support its argument that choice-of-law determines constitute controlling questions of law. While that may be the law within the Third Circuit, although doubtful, *see Howmedica Osteonics Corp. v. Howard*, 2024 U.S. Dist. LEXIS 40518, at *4-5 (D.N.J. Mar. 6, 2024), it is at best the minority view, and plainly not the law within this Circuit.

[3] It is debatable as to whether Defendant's recitation of this standard is the law in the First Circuit. In *Ashmore v. Ne. Petroleum*, 855 F. Supp. 438, 440 (D. Me. 1994), the court described this as the "broadest construct" of a controlling question and cast doubt as to its applicability in the First Circuit, stating, "[i]t should be noted that the Court of Appeals for the First Circuit has not been liberal in interpreting the requirement that a certified question under 1292(b) be "controlling." *Id.* (citing *McGillicuddy v. Clements*, 746 F.2d 76 n.1 (1st Cir. 1984) and *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1010 n.1 (1st Cir. 1988).

a decision in Defendant's favor can lead to a settlement. Defendant is dangling a carrot before the Court, hoping its baseless promise of the possibility of settlement will entice the Court to rule in its favor. Defendant continues by stating that the specter of punitive damages can distort settlement negotiations. While irrelevant to this motion, hypothetically, Plaintiffs agree. That is why the Parties jointly sought a decision from this Court on the issue of punitive damages, so uncertainty did not distort settlement negotiations. Based on the Parties' representations, the Court issued a decision. Any distortion is now gone. Nevertheless, Defendant continues pressing the issue with this ill-fated motion. It is this motion that is wasting time and expense and granting it would only exacerbate the problem.

Finally, Defendant seeks to mislead the Court with a string cite for the proposition that the availability of punitive damages is a proper issue for interlocutory appeal. Def. Mem. Dkt. No. 517 at 6. However, the cases that Defendant cites, and Defendant must know this, involve pure questions of law as to whether punitive damages are available for a specific cause of action or under a particular statute. Those are the circumstances where a § 1292(b) appeal could be appropriate. But not here. To reach a decision on this motion, the Court analyzed detailed specific facts of the case, a necessary analysis that drove the ultimate decision. It is undisputed that punitive damages are available for the causes of action at issue, and the Court engaged in a fact intensive analysis pursuant to an undisputed legal standard.

As such, the issue of the application of California law on punitive damages to some of Plaintiffs' claims is not a controlling question of law and Defendant's motion must be denied.

### III. THERE IS NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION ON A SIGNIFICANT LEGAL PRINCIPLE

Like the Court in *Pritt*, the Court need not even reach this factor and can end its analysis after correctly concluding that this motion does not involve a controlling question of law. However,

should the Court address this factor, Defendant has similarly failed to show that substantial ground for difference of opinion exists with respect to the issue of the choice-of-law for punitive damages.

"A substantial ground for difference of opinion exists when the matter involves one or more difficult and pivotal questions of law not settled by controlling authority." *In re Zofran*, 2017 WL 396138, at *1; *see also McGillicuddy*, 746 F.2d at 76 n.1. A "difference of opinion' suited for a § 1292(b) appeal does not arise every time a court is called upon to apply a particular legal principle to a novel fact pattern. Instead, the issue must relate to the actual legal principle itself, not the application of that principle to a particular set of facts." *United Air Lines*, 716 F. Supp. 2d at 92 (denying motion for certification because "the issue that the defendants challenge is not the underlying legal principle itself but rather the Court's application of that principle to the particular factual scenario in this case."); *New Eng. Gen-Connect, LLC v. US Carburetion, Inc.*, 2015 U.S. Dist. LEXIS 178011, at *3 (D. Mass. Dec. 8, 2015) (same); *United States v. Representatives*, 2023 U.S. Dist. LEXIS 233220, at *8 (D.P.R. Feb. 14, 2023) ("the issue must relate to the actual legal principle itself, not the application of that principle to a particular set of facts."); *WM Capital Partners 53, LLC v. Allied Fin. Inc.*, 2018 U.S. Dist. LEXIS 112912, at *5 (D.P.R. Mar. 15, 2018) ("The difference of opinion must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order."); *Lewis*, 2015 U.S. Dist. LEXIS 74357, at *2 ("Mere disagreement with the court's application of law to the facts of [a] case does not suffice to show an exceptional circumstance.") (denying motion for certification of interlocutory appeal); *In re Bank of New England Corp.*, 218 B.R. 643, 653 (B.A.P. 1st Cir. 1998) ("[A]lthough Fleet and the trustee found room for argument concerning their contract's interpretation and its indemnification clause, the case specific issues raised on appeal do not rise to the level of difficulty and significance required under § 1292(b) . . .") (employing the section 1292(b) standard to assess appropriateness of appeal

under analogous statute governing interlocutory appeals in the bankruptcy context); *In re Jackson Brook Inst., Inc.*, 280 B.R. 1, 8 (D. Me. 2002) ("[A] claim of misapplied law, coupled with a claim of a dispute among the circuits, is not the stuff of which interlocutory appeals are made.").

Defendant spends much of this section simply rehashing its grievances with the Court's decision. Disagreement does not create substantial ground for a difference of opinion. To prevail, Defendant must identify a legal question that involves more than alleged misapplication of law to facts. *McGillicuddy*, 746 F.2d at 76 n.1. Defendant fails to do so. Defendant cannot and does not contend that there are substantial grounds for difference of opinion as to the legal principle at issue in the motion in question. On the contrary, there is no dispute at all about the applicable choice-of-law standard that the Court applied.

Seeking to muddy the waters, Defendant cites the 8th Circuit decision in *Winter v. Novartis Pharmaceuticals Corp.*, 739 F.3d 405 (8th Cir. 2014), attempting to create substantial ground for difference of opinion based solely on a different outcome reached by a different court. The argument misses the mark.

First, even as framed by Defendant, *Winter* does not satisfy the above articulated standard and identify substantial ground for difference of opinion as both *Winter* and this Court's decision both simply apply the same legal principle to a different set of facts. Second, Defendant misstates the holding of *Winter*. The *Winter* decision does not stand for the proposition that the place of the injury dictates the law on punitive damages, thereby theoretically putting it in conflict with this Court's decisions. It simply applied the same fact specific choice-of-law analysis that this Court applied to different facts. In *Winter*, Missouri's interest in regulating the conduct of corporations that operate in Missouri trumped New Jersey's interests in regulating the conduct of its corporations specifically because "Missouri is where Novartis's sales representatives failed to

10

warn Baldwin's doctor, making it also, at least in part, the state of the conduct causing the injury." *Winter*, 739 F.3d at 410. So, it was not the place of injury that dictated the decision in *Winter*. It was the facts of that case wherein, conduct occurred in Missouri, where the injury occurred, not just at the corporate headquarters in New Jersey. This is not a novel outcome. The application of Missouri law was the presumption in that case and was not rebutted. Here it was.

But much like *Winter* came down one way, as this Court aptly noted and as is set forth in the multitude of cases cited by Plaintiffs in their briefs, "[i]n the context of punitive damages, "[m]any courts have held that the state of the injury and of the alleged wrongful conduct has a more significant relationship to the issue of punitive damages than does the state of plaintiff's domicile." Dkt. 506 at 10. There is no conflict between this case and *Winter* that amounts to substantial ground for difference of opinion. Some cases go one way, some go another way. The facts of the case dictate the outcome. This is evidenced by the Court Order itself, as for some claims the Court held Massachusetts law applied, while for others California law applied.

The fault in Defendant's argument is highlighted by the innumerable cases cited by Plaintiff from around the country in its summary judgment briefing that support the conclusion reached by this Court, but none more so than *Hersh v. CKE Rest. Holdings, Inc.*, 571 F. Supp. 3d 1046 1054 (E.D. Mo. 2021) a court from within the 8th Circuit. *In Hersh*, the Court held "many courts applying the most-significant-relationship test to the issue of punitive damages have found that the place where the conduct occurred controls." *Id.* In *Hersh*, the plaintiff a Jordanian citizen brought a three-count wrongful death action against the defendant a Missouri corporation for a wrongful death that occurred in Jordan, alleging (1) negligence; (2) apparent agency; and (3) strict liability. The Court found no conflict of law between Missouri and Jordanian law on the negligence cause of action for wrongful death, but a conflict as to the issue of the availability of punitive damages,

11

with Missouri allowing for them and Jordan prohibiting them. In holding that the law of Missouri applied to the issue of punitive damages, the Court held "it is not clear that the interests of Jordan would be furthered by prohibiting punitive damages as to alleged wrongful conduct resulting in the death of its citizens where the conduct occurred outside of its territory. By contrast, the interests of the state of Missouri to punish and deter the tortious conduct of its corporate citizens through the use of punitive damages persists regardless of where the ultimate injury occurs." *Id.* 571 F. Supp. 3d at 1055. In comparison, as to the issue of liability for the apparent agency and strict liability claim, the Court reached a different conclusion based on the same facts, holding Jordanian law applied because that is where the injury occurred and because Jordan did not recognize these claims, even though Missouri did, Jordanian law applied. The identical principles are at play here, highlighting that Defendant's reliance on *Winter* in an attempt to manufacture a substantial difference of opinion falls flat.

## IV.  AN INTERLOCUTORY APPEAL WOULD NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION

Tellingly, Defendant pays short thrift to this factor. Any common-sense analysis by this Court will lead to the conclusion that an interlocutory appeal would not materially advance the ultimate termination of this litigation.

Defendant is not seeking a stay of this proceeding pending appeal, if one is granted. Consequently, if this Court certifies the Order for appeal, the Parties' ongoing discovery efforts would continue as would a trial. The First Circuit would not render a decision on appeal before both discovery and a trial concluded. While a trial date is not set, the First Circuit's median time interval for merits determinations of appeals was 14 months in FY 2022. *See* United States Court of Appeals for the First Circuit: 2022 Annual Report, available at https://www.ca1.uscourts.gov/sites/ca1/files/2022%20Annual%20Report.pdf at 20. From today

forward, this Court would first need to decide this motion in Defendant's favor. Next, briefing would occur before the First Circuit on whether to accept an interlocutory appeal. If both of these events occur, the Parties would only then brief the merits of the issue. As such, it would at minimum be many months before briefing would be concluded in the First Circuit, at which point the median time to decision would be an additional 14 months. A rationale estimate would put time to decision by the First Circuit at between 14-20 months, with a decision in 2025 being highly unlikely. While there is currently no trial date, should this case go to trial, it is fully expected that the trial would occur before the First Circuit decided this hypothetical appeal.

Thus, even assuming *arguendo* that reversal would somehow alter the remaining proceedings before this Court, an interlocutory appeal will not materially advance the ultimate termination of this litigation, as the litigation will conclude before a decision by the First Circuit. *See Caraballo-Seda*, 395 F.3d at 9 ("[S]ince the rest of the claims based on the same underlying facts have proceeded in the district court, the interlocutory appeal on the WIA issue does not 'materially advance the ultimate termination of the litigation.'"); *see also Barreras Ruiz v. Am. Tobacco Co.*, 977 F. Supp. 545, 549 (D.P.R. 1997) ("Given the indisputably indistinguishable nature of the evidence for jurisdiction and that for the ultimate case, we see no possibility that the Court of Appeals would better resolve this issue than well-deserved further discovery and reassessment would."); *Zygmuntowicz v. Hospitality Invs. Inc.*, 828 F. Supp. 346, 354 (E.D. Pa. 1993) (declining to certify interlocutory appeal where an immediate appeal of conflict-of-laws decision would not "eliminate any issues, make discovery easier, nor make the trial less complex").

The suggestion by Defendant that an interlocutory appeal will facilitate settlement is both dubious and speculative. Given the recent actions of Defendant, its representations relating to engaging in settlement discussions should be entitled to zero weight and is pure conjecture. A

"conjectural claim is insufficient to demonstrate that an interlocutory appeal would advance the ultimate termination of the litigation." *Katz v. Liberty Power Corp., LLC*, 2019 U.S. Dist. LEXIS 198144, at *14-15 (D. Mass. Nov. 15, 2019) (citing *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 235 F. Supp. 3d 317, 320 (D. Mass. 2017) (declining to certify an interlocutory appeal when party's claim that the appellate court would remand the claim to state court was conjectural); *Johnson v. Watts Regulator Co.*, 1994 U.S. Dist. LEXIS 22114, 1994 WL 421112, at *2 (D.N.H. Aug. 11, 1994) (finding that party's "claim that an interlocutory appeal would advance the ultimate termination of the litigation is conjecture").

Defendant fails to demonstrate that an interlocutory appeal would materially advance the ultimate termination of this litigation.

## **CONCLUSION**

Defendant fails to satisfy any, let alone all, of the factors necessary to warrant even consideration for an interlocutory appeal. The Court should promptly deny this motion and bring finality to this issue so the Parties may appropriately weigh any settlement positions as well as efficiently prepare for trial.

Dated: December 11, 2024                                Respectfully submitted,

                                              */s/Andrew G. Finkelstein*
                                              Andrew G. Finkelstein
                                              Brian D. Acard
                                              Kenneth B. Fromson
                                              Lawrence D. Lissauer
                                              FINKELSTEIN & PARTNERS, LLP
                                              1279 Route 300
                                              Newburgh, NY 12551
                                              (845) 563-9459
                                              afinkelstein@fbfglaw.com
                                              bacard@lawampm.com
                                              kfromson@lawampm.com
                                              LLissauer@lawampm.com

Marc A. Diller
DILLER LAW, LLP
50 Congress Street
Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com

*Counsel for Ina Steiner, David Steiner and Steiner Associates, LLC*