```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MASSACHUSETTS


    INA STEINER, et al,                  )
                                         )
              Plaintiffs                 )
                                         )
         -VS-                            )  CA No. 21-11181-PBS
                                         )  Pages 1 - 17
    eBAY INC., et al,                    )
                                         )
              Defendants                 )


                           STATUS CONFERENCE

               BEFORE THE HONORABLE PATTI B. SARIS
                    UNITED STATES DISTRICT JUDGE




                                    United States District Court
                                    1 Courthouse Way, Courtroom 19
                                    Boston, Massachusetts  02210
                                    July 18, 2024, 11:04 a.m.




                           LEE A. MARZILLI
                        OFFICIAL COURT REPORTER
                      United States District Court
                      1 Courthouse Way, Room 7200
                           Boston, MA  02210
                          leemarz@aol.com
```

```
 1   A P P E A R A N C E S:

 2
     FOR THE PLAINTIFFS:
 3
     ANDREW G. FINKELSTEIN, ESQ.
 4   Finkelstein & Partners, LLP,
     1279 Route 300
 5   Newburgh, NY 12551

 6   MARC A. DILLER, ESQ.
     Diller Law, LLP
 7   50 Congress Street, Suite 430
     Boston, MA 02109
 8

 9
     FOR THE DEFENDANTS:
10
     JACK W. PIROZZOLO, ESQ.
11   KATHERINE LUNDWALL ALESSI, ESQ.
     Sidley Austin LLP
12   60 State Street
     34th Floor
13   Boston, MA 02109

14   SCOTT D. BURKE, ESQ.
     Morrison Mahoney LLP
15   250 Summer Street
     Boston, MA 02210-1181
16
     MARTIN G. WEINBERG, ESQ.
17   Martin G. Weinberg, PC
     20 Park Plaza
18   Suite 1000
     Boston, MA 02116
19
     ANDREW O'CONNOR, ESQ.
20   Ropes & Gray – MA
     Prudential Tower
21   800 Boylston Street
     Boston, MA 02199-3600
22
     DANIEL K. GELB, ESQ.
23   Gelb & Gelb, LLP
     900 Cummings Center, Suite 207 V
24   Beverly, MA 01915

25
```

```
 1   A P P E A R A N C E S:   (Cont'd)

 2
     TRACY A. MINER, ESQ.
 3   Miner Siddall LLP
     101 Federal Street, Suite 101
 4   Boston, MA 02110

 5   LON F. POVICH, ESQ.
     Anderson & Kreiger LLP
 6   50 Milk Street, 21st Floor
     Boston, MA  02110
 7
     DANIEL N. MARX, ESQ.
 8   Fick & Marx LLP
     24 Federal Street, 4th Floor
 9   Boston, MA 02110

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  Court Calls Civil Action 21-11181,
 3   Steiner, et al vs. eBay.  Could counsel please identify
 4   themselves.
 5            MR. FINKELSTEIN:  Andrew Finkelstein, Finkelstein &
 6   Partners, on behalf of the Plaintiff Steiner.
 7            MR. DILLER:  Marc Diller, Diller Law, on behalf of the
 8   plaintiffs, your Honor.
 9            THE COURT:  Marc Diller?
10            MR. DILLER:  Marc Diller, yes.  Nice to see you, your
11   Honor.
12            THE COURT:  All right, good.
13            MR. PIROZZOLO:  Jack Pirozzolo on behalf of eBay, and
14   with me is Katherine Alessi, also on behalf of eBay.
15            MR. WEINBERG:  Good morning, your Honor.  Martin
16   Weinberg on behalf of Devin Wenig.
17            MR. POVICH:  Good morning, your Honor.  Lon Povicb on
18   behalf of Steve Wymer.
19            MR. O'CONNOR:  Good morning.  Andrew O'Connor for
20   Wendy Jones.
21            MR. BURKE:  Good morning.  Scott Burke for PFC.
22            MR. GELB:  Good morning, your Honor.  Daniel Gelb for
23   David Harville.
24            MS. MINER:  Good morning, your Honor.  Tracy Miner for
25   Phil Cooke.
```

1          MR. MARX:  Good morning.  Daniel Marx for Jim Baugh.
2          THE COURT:  Okay, thank you.  You may be seated.  I
3   believe you all asked for a status conference but didn't really
4   give me any heads-up about what; and just because you all
5   asked, I agreed to it, but I don't usually allow status
6   conferences where I don't know what the issue is.
7          MR. PIROZZOLO:  So the reason we asked for the status
8   conference, your Honor, is that, as you may know, the parties
9   engaged in a mediation last month.  We do not intend and I'm
10  not going to be asking the Court to get involved in the
11  mediation or any settlement discussions at all.  However, at
12  the mediation, it became apparent that there's a significant
13  legal issue that the parties need guidance on from the Court in
14  order to move forward with settlement discussions in a
15  meaningful way, and that legal issue is the question of punitive
16  damages.  It is eBay's view that punitive damages are no longer
17  part of this case because of the Court's ruling on the motion
18  to dismiss, which found that Massachusetts law applies and
19  dismissed the California stalking statute.  The plaintiffs
20  disagree and believe that punitive damages remain in the case.
21  I will say, predecessor counsel after the Court's ruling
22  actually removed punitive damages from their damages demand, so
23  that's gone in terms of --
24         THE COURT:  You mean for mediation purposes or for
25  trial?

1     MR. PIROZZOLO: Well, I don't know that I want to
2  disclose what was in mediation, but --
3     THE COURT: I know, but was it struck from the
4  complaint?
5     MR. PIROZZOLO: It was struck from the initial
6  disclosure. So the original initial disclosure damages had
7  punitives. The Court came out with its ruling, and the
8  plaintiffs removed the punitive damages from their demand.
9     THE COURT: I understand. The problem is, you may all
10 think I'm more knowledgeable than I am. I just ruled on one
11 count. I ruled on one count. I'm sticking with it. I reread
12 it. I think it's true. My guess is that I have to go, I think
13 the law is, count by count. I don't know if Massachusetts law
14 covers punitives for each of the additional counts. I don't
15 know why you think I can wing it. I think I need briefing on
16 it.
17    MR. PIROZZOLO: To be clear, that's what we're here
18 for. So the reason that we came is, we needed a procedural
19 mechanism for purposes -- guidance as to what the procedural
20 mechanism should be here to get that teed up. So one would be
21 a motion for clarification that we could file. Another would
22 be a motion to strike. Another possibility would be a motion
23 for partial summary judgment. And that was the purpose of the
24 status is, we wanted to see how we could get this in front of
25 the Court.

```
 1              THE COURT:  I don't really know plaintiffs' counsel in
 2   this case.  You're new.  Is your position that Massachusetts
 3   law carries punitives for some of these counts?
 4              MR. FINKELSTEIN:  We believe California law applies,
 5   which we want to brief to the Court, and we'll outline the
 6   reasons why.
 7              THE COURT:  Wait a minute.  You are unlikely to
 8   prevail on that with every single count.  There may be some
 9   counts for which it does apply.  I don't know.  But I can't
10   wing it.  That was not briefed for me.  So you could do it on a
11   motion for summary judgment, partial summary judgment.  That's
12   often the way that you handle -- I've had that before just on
13   damages.  In fact, I think it says that, right?  In any event,
14   we could do it through a motion for partial summary judgment.
15              MR. PIROZZOLO:  That would be fine, your Honor.  I
16   mean --
17              THE COURT:  You'd think I would know by heart Rule 56,
18   but it's any claim -- it's any partial.
19              MR. PIROZZOLO:  It's permitted.  It is disfavored,
20   which is one of the reasons why we wanted to come and get
21   clarity from the Court that you would permit that.
22              THE COURT:  But I know I've done it before on specific
23   claims for specific kinds of damages.  Is this the barrier to
24   settlement?  Is that it?  Is this the only thing?
25              MR. PIROZZOLO:  I would not say that's the only
```

1  barrier, but that became a significant issue in the settlement
2  discussions.  And obviously Mt. Finkelstein can speak for
3  himself.
4          THE COURT:  Actually, it doesn't say damages.  "A
5  party may move for summary judgment identifying each claim or
6  defense or the part of each claim or defense."  So maybe that
7  would pick it up.
8          My problem is that I -- it took me forever to get
9  through the motion to dismiss because everybody filed a
10 separate one, and I am about to embark on brand-new law clerks.
11 It's an issue for me to go through -- can you agree to have one
12 brief per side?
13         MR. PIROZZOLO:  Absolutely.
14         MR. FINKELSTEIN:  Yes, very focused on this one issue.
15         MR. PIROZZOLO:  We see this as a single issue.
16         MR. FINKELSTEIN:  Right.
17         THE COURT:  Well, let me just say this:  It isn't a
18 single issue.  Do I remember correctly that the availability of
19 punitives would go count by count, and choice of law will go
20 count by count?  It's not an across-the-board thing.  Clearly
21 stalking I felt was not California law; it was here because
22 this is where the locus of the injury was, and I'm likely to
23 find the same thing on certain things.  Like, false
24 imprisonment would be an example where it was all here or that
25 sort of thing.  Now, does false imprisonment carry punitives

```
 1   under state law?
 2           MR. PIROZZOLO:  No.  None of the remaining counts
 3   carry punitive damages under Massachusetts law, not one.
 4           THE COURT:  Do you agree with that?
 5           MR. FINKELSTEIN:  I do agree with that, but I do
 6   believe that there is a doctrine of depecage which allows,
 7   where the conflicts of law specifically related to punitive
 8   damages related to compensatory claims, that it can be
 9   separated, that the law -- which is why we want to brief this
10   for your Honor -- the law provides that one state's punitive
11   damages can be followed while another state's compensatory
12   damages could be followed for the same underlying --
13           THE COURT:  I've never run across that, but I look
14   forward to seeing what case you have that would support that.
15   Has the SJC followed that?
16           MR. FINKELSTEIN:  Yes, and we'll brief it, and that's
17   the focal point of the brief of where counsel --
18           THE COURT:  I'm happy to listen, but I will say that I
19   reread what I said about California, and I'm quite sure I will
20   say choice of law is Massachusetts for some of the counts.
21   Whether it's all of them, I just didn't sit and go through
22   every single one of them.
23           MR. FINKELSTEIN:  Well, we welcome the opportunity
24   because we know you'll approach this with an open mind and give
25   us the decision as appropriate.
```

```
 1              THE COURT:  In the meantime, I don't know why you're
 2   all here.  It probably cost a gazillion dollars.  I'm not the
 3   kind of judge -- some do, some love it this way -- everybody
 4   has their own style -- who you can just call up and ask for a
 5   status.  I think what might have been less expensive for people
 6   and more efficient is just a joint motion for a procedural
 7   order that provides for a motion for summary judgment on the
 8   issue of choice of law and punitives, and I probably would have
 9   just said "allowed."  But while you're all here, is there
10   something else I can accomplish?  How close are we to the end
11   of discovery?
12              MR. PIROZZOLO:  So, yes, I do want to add, you have
13   actually previously addressed this very issue that plaintiffs
14   have raised in the *Glenn Beck* case that you decided a few years
15   ago, and so you have decided this issue.
16              THE COURT:  The *Glenn Beck* case, that's a long time
17   ago.
18              MR. PIROZZOLO:  Yes, so 2016, I think, the *Blaze* case.
19              THE COURT:  All right, maybe I did.
20              MR. PIROZZOLO:  And then the First Circuit has also
21   ruled on this question of depecage and said it doesn't apply in
22   this circuit.  So we think the law is crystal clear --
23              THE COURT:  It may be.
24              MR. PIROZZOLO:  -- and that's for briefing, I
25   understand. But in terms of discovery, discovery is moving
```

```
 1   along.  As you know, you extended fact discovery out to the end
 2   of September.  We anticipate that we'll be completed by then.
 3             THE COURT:  Then I just set a trial date.
 4             MR. PIROZZOLO:  So, yes, the current scheduling order
 5   doesn't have a trial date set.  It says "TBD," so I think --
 6             THE COURT:  Do you want to set one right now?
 7             MR. PIROZZOLO:  Sure.
 8             MR. FINKELSTEIN:  Sure.
 9             THE COURT:  Because here's the thing:  I mean, there
10   may be one or two of the defendants who could get out on
11   summary judgment, but the bulk of the defendants will probably
12   stay in, and so I think it's worth setting a date.  Have you
13   talked about whether it makes any sense to try all the
14   defendants -- summary judgment would apply, I think, on
15   liability for the ones who were convicted, but I'm not sure it
16   would lie for every single one of the counts.  That I'm not
17   sure about.
18             MR. PIROZZOLO:  So the current schedule --
19             THE COURT:  -- summary judgment in plaintiff's favor
20   on eBay that their -- regardless of the individuals, whether or
21   not their agents acted, or would there still be a scope of
22   responsibilities issue?
23             MR. PIROZZOLO:  It's going to be quite relevant what
24   the precise basis of liability would be, whether it's simply a
25   vicarious theory.  There's a count that remains in the case
```

```
 1   regarding ratification.  That's going to be highly contested.
 2             THE COURT:  I see.  So the board of directors will
 3   testify they didn't know and that sort of thing?
 4             MR. PIROZZOLO:  Exactly, exactly right.
 5             THE COURT:  So do you want to set it for January?
 6             MR. PIROZZOLO:  Your Honor, the current scheduling
 7   order -- I think that's too soon.  The current scheduling order
 8   has expert disclosures and Daubert motions by the end of
 9   December and summary judgment by the middle of February.
10             THE COURT:  Oh, all right.
11             MR. PIROZZOLO:  And I think that's all we can do, I
12   think, to meet that schedule.
13             THE COURT:  Let me ask you, what kind of expert do you
14   need here?  This is such a straightforward case.  I mean,
15   emotional distress like psychiatric damages, that kind of
16   expert?
17             MR. PIROZZOLO:  Yes, just two, and I think there may
18   be a third, but the two, there's an IME.  So we're currently in
19   the process of having an IME take a look because there's an
20   emotional distress component of damages, so essentially a
21   medical expert; and then there's a claim of harm to business,
22   destruction of business, so again a financial expert.
23             THE COURT:  All right, fair enough, fair enough.
24             MR. PIROZZOLO:  And I believe the plaintiffs have
25   signaled that they are going to have a defamation expert, I
```

1   believe, as well, so there's going to be an expert regarding --
2           THE COURT:  Harm to reputation?
3           MR. FINKELSTEIN:  Yes, business reputation.
4           THE COURT:  I see, okay.  So I have no opinion about
5   that, but I do understand that expert discovery is necessary.
6   So on motions for summary judgment, I think we probably do need
7   that because it may go both ways.  I mean, plaintiff may be
8   able to get summary judgment on some of the things, defense may
9   be able to get summary judgment on some of the things, and it
10  would pare down the trial.
11          MR. PIROZZOLO:  Right.  And I think you signaled at
12  the last status, your Honor, that you weren't quite ready to
13  set a trial date because I think in part you said you needed
14  some time to think through the summary judgment motions that
15  you anticipated, so that's why the current scheduling order
16  doesn't have that.
17          THE COURT:  So since I won't be granting any
18  additional continuances -- well, just let me ask you this:
19  Given the fact that I'm going to be hitting summary judgment
20  anyway within a few months, when is the summary judgment due?
21          MR. PIROZZOLO:  So oral argument is February 13.  The
22  memos should all be in front of you by the second week of
23  January.
24          THE COURT:  I'm just saying, why don't I just do this
25  issue as part of the summary judgment briefing?  Why am I doing

1   this in a segmented way?  By the time I get the briefs in,
2   let's say in 30 days, then let's say the op comes in -- I know
3   the way you all brief this, right? -- no extra pages, by the
4   way, let me just put it there -- so then the ops come in three
5   weeks later, we're now talking end of September, a reply
6   mid-October, I have a hearing, let's say, end of October,
7   beginning of November, and then I have to write it.  Why am I
8   segmenting it?  Everything's at the same time.
9           MR. PIROZZOLO:  So for a couple of reasons.  I think,
10  first of all, we're hoping that it could be decided more
11  quickly than that, and I'm certain that we could agree to an
12  expedited briefing schedule in front of the Court so it's not a
13  standard set of summary judgments.  Our hope is that by getting
14  this, we're not going to have to go through a whole bunch of
15  the other discovery that's going to --
16          THE COURT:  So I tell you what:  You get together.
17  Whatever you propose I'll agree on, other than the fact that I
18  have a mega trial starting in September which will leave me
19  very busy for at least a month.  We have another mega trial
20  starting in early April.  I have a bunch of scatterings of
21  littler trials that I'm not so worried about, but one huge
22  commercial dispute, *Cynosure v. Reveal*, which is a big trade
23  secrets case, and in March I believe I have a large criminal
24  prosecution some of you may be involved in involving lead paint
25  testing, *Magellan*, and the defendant is I think *Winslow*?  Is

1   that right?  So I need to somehow squeeze this in either before
2   or in between the two of them, or it will come in after the
3   *Winslow* case next spring is how it will likely go.  Now, you
4   never know.  Everyone pleads and continues.  Anyway, I'm
5   counting on each of those are month-long trials.  In fact,
6   *Winslow* said it was two months, so I'm a little worried about
7   where I'm going to fit this because this is a very important
8   case, so I'd like to finish it earlier rather than later.
9           Let me say, let's assume I say punitives do or do not
10  apply, does that settle the case, or am I still going to have a
11  case no matter what?
12          MR. PIROZZOLO:  It's really hard to answer that, but
13  it will go a long way towards putting the parties in a position
14  where there's a zone where there could be a settlement.  That's
15  why we're here.  We're not here to waste everybody's time.
16          THE COURT:  Well, let's say I say no punitives,
17  Massachusetts law applies, or these common law actions don't
18  carry punitives?
19          MR. FINKELSTEIN:  It's just a completely different
20  case than what we view it as, and we'll meet with our clients
21  and, as we already have, make a good-faith effort to resolve
22  the matter.  We made headway but hit --
23          THE COURT:  You may decide, "Oh, that Judge is really
24  wrong and we're going to go all the way through to trial."  And
25  then the flip side is, if I say you can get punitives from this

```
 1   theory I don't know much about, what does that do for you?
 2           MR. PIROZZOLO:  Well, obviously it affects our
 3   settlement position.  I can't represent to the Court that we
 4   would settle under those circumstances, but it clearly is
 5   relevant to what the posture would be.
 6           THE COURT:  I understand.  I fully get why you all
 7   need a ruling on this.  I'm just saying, for me to rush, rush,
 8   rush, get a ruling, and then one or the other of you is going
 9   to say, "If you rule against me, I'm going to trial," it sort
10   of doesn't help me.
11           MR. FINKELSTEIN:  I don't think that's the position of
12   either of the parties.  I don't want to speak for eBay but --
13           THE COURT:  Okay, then it's worth it.
14           (Discussion between the Court and Clerk.)
15           THE COURT:  Yes, we're having a hearing on summary
16   judgment in mid-February.
17           THE CLERK:  February 13.
18           THE COURT:  Just to make sure you're on there, and
19   it's at that point I think I'll set a trial date.  But
20   depending on when you agree to get in all the briefing on this,
21   I'm assuming it will come in by, if you're going to expedite
22   it, by September, say.
23           And can I say also, at that point I'll be in the
24   middle of this massive trial that I do not expect to settle,
25   and so I'm not making promises as to when I will get out the
```

```
 1   ruling.  I suppose I could do a bottom-line ruling, but, you
 2   know, I take -- you saw what I -- I take time on it.  You know,
 3   I always tell people it will take at least three to six months
 4   if it's a major opinion, if it's a hard issue.
 5           MR. PIROZZOLO:  Understood, your Honor, although we do
 6   think that if we get it even before the summary judgment hearing
 7   in February, that's still helpful to the parties.
 8           THE COURT:  Okay.  Who's your mediator?
 9           MR. PIROZZOLO:  Paul Finn.  He's in Brockton.
10           THE COURT:  Okay, good.  Well, let me just say this:
11   That if you need clarification or you want to propose a
12   procedure to resolve an issue, it really is easier for me,
13   rather than calling up Maryellen and saying, "I need a status
14   conference," just file a motion for a procedural order, ideally
15   joint, or file a motion for clarification, ideally joint.  But
16   even if it's not joint, at least I'll know it's teed up for me,
17   because if you had given me the cases, I could have maybe even
18   given you a little preview today, but I didn't really know what
19   it was.  Okay?
20           All right, this sounds good.  Have a wonderful rest of
21   the summer.
22           MR. PIROZZOLO:  Thank you, Judge.
23           MR. FINKELSTEIN:  Thank you, your Honor.
24           THE CLERK:  All rise.
25           (Adjourned, 11:24 a.m.)
```

C E R T I F I C A T E

```
UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS    ) ss.
CITY OF BOSTON               )
```

　　　　I, Lee A. Marzilli, Official Federal Court Reporter, do hereby certify that the foregoing transcript, Pages 1 through 17 inclusive, was recorded by me stenographically at the time and place aforesaid in CA No. 21-11181-PBS, Ina Steiner, et al v. eBay Inc., et al, and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

　　　　Dated this 19th day of July, 2024.


　　　　　　　　/s/ Lee A. Marzilli
　　　　　　　　_____
　　　　　　　　LEE A. MARZILLI, CRR
　　　　　　　　OFFICIAL COURT REPORTER