```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                       )
INA STEINER, DAVID STEINER, and        )
STEINER ASSOCIATES, LLC,               )
                                       )
                  Plaintiffs,          )  Civil Action
                                       )  21-cv-11181-PBS
v.                                     )
                                       )
EBAY, INC., et al.,                    )
                                       )
                  Defendants.          )
_____)
```

## MEMORANDUM AND ORDER

January 16, 2025

Saris, D.J.

## INTRODUCTION

Defendant eBay Inc. ("eBay") moves this Court to certify its Memorandum and Order, issued on November 1, 2024, for interlocutory appeal under 28 U.S.C. § 1292(b) (Dkt. 516). The Court allowed in part and denied in part the parties' partial motions for summary judgment as to punitive damages. In a nutshell, I held that Massachusetts law governs the availability of punitive damages for some of plaintiffs' claims but California law governs claims for intentional infliction of emotional distress and civil conspiracy (Dkt. 506). The Court assumes familiarity with its prior opinion, Steiner v. eBay, Inc., __ F. Supp. 3d __, __ (D. Mass. 2024) [2024 WL 464877].

1

Interlocutory appeals under § 1292(b) require that the underlying order (1) involves "a controlling question of law," (2) presents a "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). "[C]ertification under § 1292(b) should be used sparingly and only in exceptional circumstances." Id. (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986) (per curiam)). Here, eBay has failed to establish, at minimum, the second and third requirements.

A substantial ground for difference of opinion is satisfied when the issue presents "difficult and pivotal questions of law not settled by controlling authority." Philip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting McGillicuddy v. Clements, 746 F.2d 76, 76 n. 1 (1st Cir. 1984)); see In re Zofran (Ondansetron) Prods. Liab. Litig., 235 F. Supp. 3d 317, 319 (D. Mass. 2017). A party's mere disagreement with a court's ruling or its application of law to a specific set of facts is insufficient. See United Air Lines, Inc. v. Gregory, 716 F. Supp. 2d 79, 92 (D. Mass. 2010).

To establish a substantial ground for difference of opinion, Defendants rely heavily on a forty-year-old opinion, Computer Systems Engineering, Inc. v. Qantel Corp., 571 F. Supp. 1365 (D.

2

Mass. 1983), aff'd, 740 F.2d 59 (1st Cir. 1984). However, that case was decided under a different Restatement (Second) of Conflict of Laws provision. Id. at 1368 ("The parties agree that the general provision of the Restatement (Second) of Conflict of Laws most relevant to this inquiry is Section 148 [relating to claims of fraud and misrepresentation]."). Furthermore, eBay fails to cite a single First Circuit case relying on Qantel for a conflict-of-law analysis. Instead, the only authority eBay identifies -- a district court case -- acknowledges that certain cases may warrant a "patchwork approach." Value Partners S.A. v. Bain & Co., 245 F. Supp. 2d 269, 278 (D. Mass. 2003). My prior holding, that the unique facts of this case justify such an approach, is consistent with that reasoning. Accordingly, eBay fails to show a substantial ground for difference of opinion.

But the real donnybrook is that this appeal will not advance the ultimate termination of this aged litigation. The suit was filed on July 21, 2021. Multiple motions for summary judgment remain pending, and the Court has yet to determine which issues will be resolved as a matter of law. For example, eBay has filed a motion for summary judgment on the issue of ratification, a statutory prerequisite to punitive damages under California law. See Cal. Civ. Code § 3294(b); Glovatorium, Inc. v. NCR Corp., 684 F.2d 658, 661 (9th Cir. 1982).

Defendants claim that an interlocutory appeal will facilitate settlement with eBay, particularly if the ruling eliminates the possibility of punitive damages. Currently, Plaintiffs are seeking an eye-popping request in punitive damages. While the prospect of limiting damages might promote settlement, the timeline for an interlocutory appeal -- likely exceeding one year -- renders this argument unpersuasive. By the time such an appeal is resolved, any trial would likely be over, and a full appeal on a full record could go forward thereafter.

## **ORDER**

For the foregoing reasons, the Court **DENIES** the Motion to Certify Interlocutory Appeal (Dkt. 516).


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge