**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,

Plaintiffs,

v.

EBAY INC., et al.,

Defendants.

Civil Action No. 21-CV-11181-PBS

**Oral Argument Requested**

**DEFENDANT EBAY INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS OF KRISTIN K. KUCSMA**

**TABLE OF CONTENTS**

INTRODUCTION ..... 5

KUCSMA'S ECONOMIC LOSS OPINION ..... 6

LEGAL STANDARD ..... 8

ARGUMENT ..... 9

I. Kucsma's [REDACTED] Is Completely Speculative and Disconnected from the Evidentiary Record. ..... 9

II. Kucsma's [REDACTED] Is Not Based on a Sound Economic Methodology and is Completely Speculative. ..... 13

CONCLUSION ..... 18

CERTIFICATE OF SERVICE ..... 19

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Boucher v. U.S. Suzuki Motor Corp.*,
73 F.3d 18 (2d Cir. 1996)....................9

*Brown v. Primerica Life Ins. Co.*,
2006 WL 1155878 (N.D. Ill. Apr. 29, 2006)....................16

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)....................9

*Doucette v. Jacobs*,
106 F.4th 156 (1st Cir. 2024)....................10, 12

*Egenera, Inc. v. Cisco Sys., Inc.*,
547 F. Supp. 3d 112 (D. Mass. 2021)....................13

*Energy Cap. Corp. v. United States*,
302 F.3d 1314 (Fed. Cir. 2002)....................15

*Evans v. Mathis Funeral Home, Inc.*,
996 F.2d 266 (11th Cir. 1993)....................15

*Flebotte v. Dow Jones & Co.*,
2000 WL35538296 (D. Mass. Dec. 22, 2000)....................9

*Flebotte v. Dow Jones & Co.*,
2001 WL 35988081 (D. Mass Feb. 7, 2001)....................8

*Frymire-Brinati v. KPMG Peat Marwick*,
2 F.3d 183 (7th Cir. 1993)....................17

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997)....................5, 9, 10, 15

*ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*,
198 F. Supp. 2d 598 (E.D. Penn. 2002)....................13

*Natchitoches Par. Hosp. Serv. Dist. v. Tyco Int'l, Ltd.*,
2009 WL 3053855 (D. Mass. Sept. 21, 2009)....................15

*In re Neurontin Mktg., Sales Pracs., & Prods. Liab. Litig.*,
2009 WL 3756328 (D. Mass. 2009)....................8

*Rand A Tech. Corp. v. Parametric Tech. Corp.*,
2005 WL 6768210 (D. Mass. Oct. 19, 2005)....................12

*Rodriguez v. Hosp. San Cristobal, Inc.*,
91 F.4th 59 (1st Cir. 2024) ......17

*S. Pac. Commc'ns Co. v. Am. Tel. & Tel. Co*.,
556 F. Supp. 825 (D.D.C. 1982), *as amended* (Jan. 10, 1983), *aff'd*, 740 F.2d 980 (D.C. Cir. 1984) ......15

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
2019 WL 13180450 (D. Mass. Apr. 18, 2019) ......13

*Smith v. Ill. Dept. of Transp.*,
936 F.3d 554 (7th Cir. 2019) ......13

*SonicSolutions Algae Control, LLC v. Diversified Power Int'l, LLC*,
722 F. Supp. 3d 16 (D. Mass. Mar. 8, 2024) ......15

*Think20 Labs LLC v. Perkinelmer Health Scis., Inc.*,
2023 WL 9005633 (C.D. Cal. Nov. 30, 2023) ......13

*Three Crown Ltd. P'ship v. Salomon Bros., Inc.*,
906 F. Supp. 876 (S.D.N.Y. 1995) ......13

*United States v. Organon USA Inc.*,
2015 WL 10002943 (D. Mass. Aug. 17, 2015) ......16

**Other Authorities**

Fed. R. Evid. 702 ......8, 9, 10, 12

FRCP 30(b)(6) ......6

## INTRODUCTION

According to plaintiffs' economic damages expert, Kristin Kucsma ("Kucsma"), [REDACTED] Kucsma's opinion is grounded in three unreasonable assumptions that warrant excluding her opinion from this matter. [REDACTED].

On their face, Kucsma's assumptions [REDACTED] are extremely optimistic, yet she makes no attempt to justify her assumptions using generally accepted economic principles. Nor does she try to ground her assumptions [REDACTED]. In fact, [REDACTED] Instead of relying on sound economic principles or correlating [REDACTED] But simply because data is reliable doesn't make relying on the data reasonable; there must be a sound economic rationale connecting the data to the factual record. And Kucsma's *ipse dixit* is not a sufficient basis to create such a connection. There simply is too large an "analytical gap between the data and the opinion proffered" by Kucsma in this case. *See Gen. Elec. Co. v.*

*Joiner*, 522 U.S. 136, 146 (1997) (holding that a court may exclude an expert's opinion where there is simply too great an analytical gap between data and opinion proffered). Consequently, her economic loss opinion should be excluded.

**KUCSMA'S ECONOMIC LOSS OPINION**

On October 21, 2024, plaintiffs disclosed a report prepared by Kucsma [REDACTED] Decl. of Jack W. Pirozzolo ("Pirozzolo Decl.") Ex. A, Expert Report of Kristin K. Kucsma ("Kucsma's Rep." or "Report"). [REDACTED] *See* Pirozzolo Decl. Ex. B, Tr. of Kristin Kucsma Dep. (Dec. 18, 2024) ("Kucsma Dep. Tr. (Vol. I)") at 15:5-17:24.

[REDACTED]

Kucsma's Rep. at 2. [REDACTED]

[redacted]

[redacted]

**LEGAL STANDARD**

"Pursuant to the Federal Rules of Evidence, primarily Rule 702, the Court has a general gatekeeping responsibility to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable,'" *Flebotte v. Dow Jones & Co.*, 2001 WL 35988081, *1 (D. Mass Feb. 7, 2001) (*quoting Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)), including by determining whether "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and the expert has reliably applied "the principles and methods to the facts of the case," Fed. R. Evid. 702(b)-(d). "[T]he proponent of the testimony must establish that the expert's opinion is reliable by a preponderance of the evidence." *In re Neurontin Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2009 WL 3756328, at *3 (D. Mass. 2009).

"Rule 702 requires that expert testimony regarding economic damages must be excluded as speculative if it is neither based on realistic assumptions nor accompanied by a sufficient factual foundation." *Flebotte v. Dow Jones & Co.*, 2000 WL35538296, at *2 (D. Mass. Dec. 22, 2000) (citations and quotations omitted); *see also Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21-22 (2d Cir. 1996) (Expert testimony "should be excluded if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples to oranges comparison. . . .") (citations and quotations omitted).

## ARGUMENT

### I. Kucsma's [REDACTED] Is Completely Speculative and Disconnected from the Evidentiary Record.

Kucsma's [REDACTED] should be excluded because [REDACTED] is grounded only in Kucsma's *ipse dixit*. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Joiner*, 522 U.S. at 146.

Kucsma's only justification for [REDACTED], *see* Pirozzolo Decl. Ex. C, Tr. of Kristin Kucsma Dep. (Jan. 15, 2025) ("Kucsma Dep. Tr. (Vol. II)") at 242:3-12, and she believes [REDACTED], Kucsma Dep. Tr. (Vol. I) at 122:2-18. But beyond the reliability of the underlying industry data and her *ipse dixit*, Kucsma offered no economic rationale or principle to explain why

[redacted].[1]

Kucsma also made no attempt to "ground her conclusions in the specifics of the record." *Doucette v. Jacobs*, 106 F.4th 156, 170 (1st Cir. 2024). Notably, [redacted], *see* Kucsma Dep. Tr. (Vol. I) 156:25-157:18, [redacted], *id* at 157:15-18; Kucsma Dep. Tr. (Vol. II) 257:4-11. But Kucsma did know [redacted],[2] [redacted]. *See* Kucsma Dep. Tr. (Vol. I) 135:20-24.[3] [redacted] *Id.* at 133:19-134:6; 135:10-16. In other words, [redacted]

---

[1] Kucsma also defended her use of [redacted] *Id.* at 151:9-152:4. Putting aside the fact that such an opinion is essentially useless to the trier of fact, *see* Fed. R. Evid. 702(a), it is also simply untrue. Of course, [redacted] Rather, [redacted]

[2] Q. So how would you describe the business of EcommerceBytes?
A. . . . [W]e're a publishing business.
Pirozzolo Decl. Ex. D, Tr. of Steiner Assocs., LLC Dep. by and through Ina Steiner (Aug. 30, 2024) at 51:17-52:11.

[3] [redacted]

[redacted] Yet, she nevertheless [redacted]

Moreover, Kucmsa performed no [redacted] *See* Kucsma Dep. Tr. (Vol. I) at 148:23-149:6; Kucsma Dep. Tr. (Vol. II) 239:17-22. Had she performed such a comparison, the exercise would have revealed that [redacted]. *See* Pirozzolo Decl. Ex. E, Expert Report of Peter Resnick ("Resnick Rep."):

[redacted]



Kucsma also made no attempt to account for ████ *See* Pirozzolo Decl. Ex. F, Tr. of Andrea McFarling Dep. (Sept. 27, 2024) at 21:16-23:22;[4] Pirozzolo Decl. Ex. G, Tr. of Chavi Rastogi Dep. (Sept. 19, 2024) at 17:23-18:17.[5] In fact, Kucmsa testified that ████ Kucsma Dep. Tr. (Vol. I) 164:7-12. ████ *Id.* at 164:13-16. ████ *See Doucette*, 106 F.4th at 170 ("[Expert's] failure to ground her conclusions in the specifics of the record—or even to consider key aspects of the record—meant that the report fell short of Rule 702's requirements that her 'testimony [be] based on sufficient facts or data' and that she 'reliabl[y] appl[y] the principles and methods to the facts of the case.") (quoting Fed. R. Evid. 702(b), (d)); *Rand A Tech. Corp. v. Parametric Tech. Corp.*, 2005 WL 6768210, at *2 (D. Mass. Oct. 19, 2005) (excluding damages calculation because it was "based on such a fundamental misunderstanding or disregard of the

---

[4] Q. And would have [Defendants'] conduct affected Stamps.com's decision to stop advertising with EcommerceBytes in 2021?
A. It would not have impacted our relationship with EcommerceBytes.

[5] Q. . . . Why did Wonderlister stop advertising on EcommerceBytes?
A. Because from previous experiences, I did not see the benefits in terms of the cost . . . to advertise . . . I was watching the return on my investment, so I stopped.
Q. . . . Are you aware that in the summer of 2019, a group of eBay employees engaged in criminal stalking and harassment against the Steiners?
A. No, I'm not aware. Actually, I wasn't aware until about last week or so when I got the subpoena.

facts that it is rendered inadequate as a matter of law"); *see also Smith v. Ill. Dept. of Transp.*, 936 F.3d 554, 558-59 (7th Cir. 2019) (expert's opinion properly excluded where she "omitted a substantial set of facts from her analysis" and relied on an "anemic and one-sided set of facts").

Based on neither sound economic principles nor the factual record, Kucsma's [REDACTED] is nothing more than pure speculation and should be excluded. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 2019 WL 13180450, at *6 (D. Mass. Apr. 18, 2019) (excluding damages calculation as "unduly speculative" where "assumptions and projections" were not "properly grounded in the evidence"); *Think20 Labs LLC v. Perkinelmer Health Scis., Inc.*, 2023 WL 9005633, *3 (C.D. Cal. Nov. 30, 2023) (striking opinion on lost profits where expert did "not cite a credible market analysis" demonstrating that opinion was pure speculation). Accordingly, Kucmsa's entirely hypothetical projection based solely on her *ipse dixit* is too unreliable to be admissible. *See, e.g., Egenera, Inc. v. Cisco Sys., Inc.*, 547 F. Supp. 3d 112, 131-32 (D. Mass. 2021) (excluding expert's cost-savings analysis where expert offered no evidence or analysis tying defendant's revenue to cost savings other than expert's *ipse dixit*); *ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 198 F. Supp. 2d 598, 614 (E.D. Penn. 2002) (excluding lost profits opinion that was "not based upon a reliable factual foundation"); *Three Crown Ltd. P'ship v. Salomon Bros., Inc.*, 906 F. Supp. 876, 893-94 (S.D.N.Y. 1995) (excluding damages testimony that rests on unsupported assumptions because expert could confuse and mislead a jury).

## II. Kucsma's [REDACTED] Is Not Based on a Sound Economic Methodology and Is Completely Speculative.

Kucsma's [REDACTED] should be excluded because it is based on her completely speculative [REDACTED]. The starting point for Kucsma's [REDACTED] *See* Kucsma's Rep. at 8, 13. As explained above,

[redacted] is built on a deeply flawed foundation. Accordingly, this projection also is too unreliable to be admissible.

Kucsma's opinion should be excluded for two additional and independent reasons. First, [redacted] is not based on a sound economic justification. [redacted] *See* Kucsma Dep. Tr. (Vol. II) 268:10-16. [redacted] *Id.* at 271:11-273:20. By her logic, [redacted] hardly a defensible economic justification. [redacted] Kucsma has no sound economic justification for [redacted].

Moreover, Kucsma's opinion is unmoored from the specific factual circumstances in this case. Kucsma used [redacted] Kucsma Dep. Tr. (Vol. I) 205:25, and she used [redacted], Kucsma Dep. Tr. (Vol. II) 269:16-271:22. In other words, [redacted] is supported only by her *ipse dixit*. Far from providing an opinion "grounded in defensible economic assumptions regarding [Steiner Associates'] potential projected economic performance" Kucsma's opinion resorts to the "remote, speculative [and] hypothetical."

*SonicSolutions Algae Control, LLC v. Diversified Power Int'l, LLC*, 722 F. Supp. 3d 16, 48 (D. Mass. Mar. 8, 2024) (citations omitted); *see also Natchitoches Par. Hosp. Serv. Dist. v. Tyco Int'l, Ltd.*, 2009 WL 3053855, at *3 (D. Mass. Sept. 21, 2009) ("An economist's opinion must be based on justified and reasonable assumptions."). As such, the opinion should be excluded. *Joiner*, 522 U.S. at 146; *see also Evans v. Mathis Funeral Home, Inc.*, 996 F.2d 266, 268 (11th Cir. 1993) (district court properly excluded expert testimony that was based on assumptions not supported by record).

Second, Kucsma's [REDACTED] also is not based on a sound economic rationale. [REDACTED]

[REDACTED] *See* Kucsma's Rep. at 13; Kucsma Dep. Tr. (Vol. II) 284:6-21. As a result, [REDACTED]

[redacted]

Kucsma has offered no sound economic rationale for [redacted] She in fact gave no rationale at all, [redacted]. *See, e.g.*, *United States v. Organon USA Inc.*, 2015 WL 10002943, at *4 (D. Mass. Aug. 17, 2015) (expert opinion excluded where he "d[id] not explain the methodology that he used" and "offer[ed] no analysis"); *Brown v. Primerica Life Ins. Co.*, 2006 WL 1155878, at *4 (N.D. Ill. Apr. 29, 2006) (excluding expert's opinion where expert provided "no explanation of the basis for or reasons behind his opinion"). Kucsma's lack of any justification flows directly from her acknowledgement that she [redacted][6] Kucsma Dep. Tr. (Vol. II) 285:2-4.

[6] Significantly, in other cases in which she has served as an expert witness, Kucsma has acknowledged [redacted] For example, [redacted] *See* Pirozzolo Decl. Ex. H, Ex. 46 to Kucsma Dep. (Vol. II); Kucsma Dep. Tr. (Vol. II) 323:23-327:3, 328:9-331:22 ([redacted] *Id.* 331:17-22. [redacted] *see* Kucsma Dep. Tr. (Vol. I) 106:11-18, underscores the extreme unreliability of her assumptions and conclusions.

Kucsma's unsupported assumption t[redacted] is simply unreasonable and infects her future earnings projection. *See Rodriguez v. Hosp. San Cristobal, Inc.*, 91 F.4th 59, 70 (1st Cir. 2024) (expert's opinion must rest on "more than subjective belief or unsupported speculation" in order to be admissible) (quoting *Daubert*, 509 U.S. at 590); *cf. Frymire-Brinati v. KPMG Peat Marwick*, 2 F.3d 183, 186-87 (7th Cir. 1993) (holding trial court should have excluded expert who "did not employ the methodology that experts in valuation find essential"). Accordingly, Kucsma's opinion should be excluded in its entirety as unreliable, entirely speculative, and therefore misleading.

**CONCLUSION**

For these reasons, the Court should exclude the opinions of Kristin Kucsma.

Dated: January 31, 2025

*Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
Lucas Croslow (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
lcroslow@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 31, 2025

*Jack W. Pirozzolo*
Jack W. Pirozzolo