UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 21-CV-11181-PBS |
| Plaintiffs, | | |
| v. | | **Oral Argument Requested** |
| EBAY INC., et al., | | **Leave to File Granted on February 14, 2025** |
| Defendants. | | |

**REPLY IN SUPPORT OF DEFENDANT EBAY INC.'S
PARTIAL MOTION FOR SUMMARY JUDGMENT**

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

I.   Plaintiffs Abandon Three-Quarters of the Allegedly Defamatory Statements and Identify No Triable Issue as to the Others. ........................................................... 1

II.  Plaintiffs' Negligent Retention Claim Fails as a Matter of Law. ...................... 7

III. The Court Should Grant Summary Judgment on Plaintiffs' False Imprisonment Claim... 8

IV.  The Court Should Grant Summary Judgment on Plaintiffs' Ratification Claim. ............... 9

V.   No Competent Evidence Supports Plaintiffs' Consulting or Goodwill Damages Claim.  11

CONCLUSION ...................................................................................................................... 12

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ball v. Wal-Mart, Inc.*,
 102 F. Supp. 2d 44 (D. Mass. 2000) ......................................................................................8

*Brauer v. Globe Newspaper Co.*,
 351 Mass. 53 (1966) ..............................................................................................................3

*Citibank, N.A. v. Smith*,
 2022 WL 2806674 (D. Mass. July 18, 2022)........................................................................11

*Coblyn v. Kennedy's Inc.*,
 359 Mass. 319 (1971) ............................................................................................................9

*Cole v. Westinghouse Broad. Co.*,
 386 Mass. 303 (1982) .......................................................................................................4, 5

*Cooper v. J.C.*,
 2024 WL 4476498 (D. Mass. Oct. 11, 2024).........................................................................4

*Cosme-Perez v. Mun. of Juana Diaz*,
 110 F. Supp. 3d 357 (D.P.R. 2015) .......................................................................................5

*Damon v. Moore*,
 520 F.3d 98 (1st Cir. 2008)....................................................................................................6

*DiFronzo v. City of Somerville*,
 2023 WL 5528982 (D. Mass. Aug. 28, 2023) .......................................................................1

*Doe v. UMass-Amherst*,
 701 F. Supp. 3d 108 (D. Mass. 2023), *amended and superseded by* 708 F.
 Supp. 3d 100 (D. Mass. 2023), *appeal docketed*, No. 24-1180 (1st Cir. Feb.
 27, 2024) ................................................................................................................................3

*Foley v. Polaroid Corp.*,
 400 Mass. 82 (1987) ..............................................................................................................9

*Foster v. Loft, Inc.*,
 526 N.E.2d 1309 (Mass. App. Ct. 1988) ...............................................................................7

*Fudge v. Penthouse Int'l, Ltd.*,
 840 F.2d 1012 (1st Cir. 1988)................................................................................................4

*Ganske v. Mensch*,
 480 F. Supp. 3d 542 (S.D.N.Y. 2020)....................................................................................5

*Hendricks & Assocs., Inc. v. Daewoo Corp.*,
    923 F.2d 209 (1st Cir. 1991) ..................................................................................... 11

*Herod's Stone Design v. Mediterranean Shipping Co. S.A.*,
    434 F. Supp. 3d 142 (S.D.N.Y. 2020) ......................................................................... 8

*Levinsky's, Inc. v. Wal-Mart Stores, Inc.*,
    127 F.3d 122 (1st Cir. 1997) ....................................................................................... 5

*McCann v. Wal-Mart Stores, Inc.*,
    210 F.3d 51 (1st Cir. 2000) ......................................................................................... 9

*Merrimon v. Unum Life Ins. Co. of Am.*,
    758 F.3d 46 (1st Cir. 2014) ......................................................................................... 1

*Moschetti v. Off. of Inspector Gen.*,
    2024 WL 4891193 (E.D. Va. Nov. 26, 2024) .............................................................. 6

*Mullane v. Breaking Media, Inc.*,
    433 F. Supp. 3d 102 (D. Mass. 2020) ......................................................................... 4

*O'Neil v. DaimlerChrysler Corp.*,
    538 F. Supp. 2d 304 (D. Mass. 2008) ......................................................................... 9

*Petrell v. Shaw*,
    453 Mass. 377 (2009) ............................................................................................... 10

*Piccone v. Bartels*,
    785 F.3d 766 (1st Cir. 2015) ....................................................................................... 5

*Pleasantdale Condominiums, LLC v. Wakefield*,
    37 F.4th 728 (1st Cir. 2022) ...................................................................................... 11

*Rich v. Eastman Kodak Co.*,
    583 F.2d 435 (8th Cir. 1978) .................................................................................... 12

*Rodriguez v. Mun. of San Juan*,
    659 F.3d 168 (1st Cir. 2011) ....................................................................................... 2

*Steiner v. eBay, Inc.*,
    2024 WL 4647877 (D. Mass. Nov. 1, 2024) ............................................................... 9

*Terek v. Finkbiner*,
    2015 WL 5542535 (N.D. Ohio Sept. 18, 2015) ........................................................ 11

*Vassallo v. Town of Wilmington*,
    2003 WL 1506294 (Mass. Super. Ct. Mar. 18, 2003) ................................................. 9

*White v. Blue Cross & Blue Shield of Mass., Inc.*,
    442 Mass. 64 (2004) ................................................................................................................ 2

*Zimmerman v. Buttigieg*,
    521 F. Supp. 3d 1197 (M.D. Fla. 2021) ................................................................................. 2

**Statutes**

Cal. Civ. Code § 3294(b) ................................................................................................................ 9

**Other Authorities**

Fed. R. Civ. P. 56(c)(2) .................................................................................................................. 8

Restatement (Third) of Agency § 4.01 ........................................................................................ 10

## INTRODUCTION

Plaintiffs contend that "eBay is not entitled to summary judgment on any of [their] claims," Dkt. 522 ("Opp.") at 1, yet they do not even attempt to defend several claims that are the subject of eBay's motion. They abandon 37 of the 47 allegedly defamatory statements identified in their interrogatory responses, addressing only 10 in their opposition. They say not a word about the $5 million in lost consulting fees they claim, and identify no competent evidence supporting the alleged $10 million in lost website value and goodwill. And the claims Plaintiffs do address fare no better. Plaintiffs defend the remnant of their defamation claim with a mixture of speculation, legal error, and misdirection. They identify no evidence creating a triable issue on the key element of the negligent retention claim: whether eBay knew or should have known of Baugh's unfitness. They ignore and therefore waive one fatal defect of the false imprisonment claim, while citing no evidence creating a triable issue on another. And they concede that ratification is not a standalone claim, and then proceed to defend the claim without addressing any of the undisputed evidence demonstrating eBay's repudiation of the Natick events. The Court should grant eBay's motion.

## ARGUMENT

**I.    Plaintiffs Abandon Three-Quarters of the Allegedly Defamatory Statements and Identify No Triable Issue as to the Others.**

As eBay's opening brief showed, each of the 47 allegedly defamatory statements Plaintiffs identified fails to meet one or more essential elements of a defamation claim. Dkt. 488 ("Mot.") at 4–11. Plaintiffs' brief fails to address 37 of those statements, waiving any opposition to eBay's motion and entitling eBay to summary judgment as to those statements. *See Merrimon v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 57 (1st Cir. 2014) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived…."); *DiFronzo v. City of Somerville*, 2023 WL 5528982, at *5 (D. Mass. Aug. 28, 2023) (same). This applies to the statements

identified at paragraphs 24–25, 27, 31–44, 46–48, 51–52, 54–58, 62–63, 66–73, and 75 of eBay's Statement of Facts (Refs. 1–3, 7–23, 26–27, 29–32, and 37–47). Furthermore, apart from a bare assertion that a case involving a public figure is "unlike" this case, Opp. 19, Plaintiffs offer no substantive response to eBay's showing that Ms. Steiner is a limited purpose public figure, Mot. 4–5; Dkt. 523 ("RSOF") ¶¶ 20–21, entitling eBay to summary judgment on that issue as well. *See Rodriguez v. Mun. of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011) (explaining that "claims adverted to in a cursory fashion, unaccompanied by developed argument," are waived).

The few statements Plaintiffs do address also fail. Those statements fall into three groups: (1) Craigslist posts; (2) statements about the quality of Ms. Steiner's reporting; and (3) sign-ups. Opp. 18–20.

*Craigslist posts*. eBay demonstrated that the two Craigslist posts Plaintiffs address are not actionable because there is no evidence that the posts were actually seen by a third party or that any third party understood them to be of and concerning Plaintiffs. Mot. 8–10. Plaintiffs' counter-arguments rest entirely on speculation.

First, Plaintiffs speculate that third parties viewed the posts because (1) the posts were on a public website and (2) the Steiners' home security system showed "an unusually large number of persons walking in front of their house." Opp. 18; RSOF ¶ 28(b). The mere fact that these posts were on a public website, however, does not suffice to show that they were actually "communicate[d] … to a third party." *White v. Blue Cross & Blue Shield of Mass., Inc.*, 442 Mass. 64, 66 (2004). In *Zimmerman v. Buttigieg*, the court rejected a similar argument regarding a tweet, explaining that "[t]hough each tweet was accessible to millions of twitter users that followed each defendant, … it is not enough unless they were accessed by a third-party." 521 F. Supp. 3d 1197, 1212 (M.D. Fla. 2021). The same reasoning applies here, especially given that Plaintiffs could

2

have subpoenaed Craigslist for evidence to support their speculation but did not.

Plaintiffs' argument that increased foot traffic outside their house was related to the Craigslist ads is likewise speculative. Even leaving aside the sheer vagueness of Plaintiffs' notation that "there *seemed* to be more foot traffic on our quiet little one-way street than normal," Decl. of Andrew Finklestein Ex. 39 at 9 (emphasis added)—hearsay evidence Plaintiffs misleadingly describe as "clearly show[ing] an unusually large number of people walking in front of their house at all hours of the day and night," Opp. 18—Plaintiffs offer no evidence linking that foot traffic to the Craigslist posts. Indeed, not only do Plaintiffs offer *no* evidence that any person appeared at their home in response to the Craigslist posts, but they concede that the individuals who did appear at their home were responding to a different, undisputedly non-defamatory yard sale ad, Dkt. 489 ("SOF") ¶ 28; RSOF ¶ 28(b), or were related to the harassing deliveries and surveillance by the criminal defendants, *see generally* Dkt. 176, Am. Compl. ¶¶ 123–89. Plaintiffs' speculation that some passers-by *might* have been responding to the Craigslist posts is akin to the plaintiff's speculation in *Doe v. UMass-Amherst* that third parties *might* have accessed his personnel file. 701 F. Supp. 3d 108, 145–56 (D. Mass. 2023), *amended and superseded by* 708 F. Supp. 3d 100 (D. Mass. 2023), *appeal docketed*, No. 24-1180 (1st Cir. Feb. 27, 2024). Neither creates a triable issue.

Second, Plaintiffs cite no evidence that any person who viewed the Craigslist posts—which included the Steiners' address but not their names—understood them to be "of and concerning" Plaintiffs. Opp. 18–19. Plaintiffs do not dispute that where a statement does not identify them by name, "extrinsic facts must be alleged and proved showing that a third person … understood it to refer to [them]." *Brauer v. Globe Newspaper Co.*, 351 Mass. 53, 56 (1966). Yet Plaintiffs identify no such "extrinsic facts" here. Rather, they assert that it is "obvious that the advertisements are of and concerning the Steiners" because the "advertisements identify a married couple living [at] the

3

Steiners' address." Opp. 19. But this just takes speculation that a third-party saw the posts and adds on speculation that the same third-party also knew the address belonged to the Steiners. Moreover, it ignores that one of two Craigslist posts expressly purported *not* to come from the owners of the house at the Steiners' address, advertising an "open house while the owners are out of town." SOF ¶ 28(a). Plaintiffs' speculation is insufficient on a motion for summary judgment.

*Professional statements*. eBay's opening brief also demonstrated that statements about Ms. Steiner's reporting are non-actionable insults, hyperbole, or opinion. Plaintiffs' responses rest on fundamental errors of law.

First, Plaintiffs stress that statements that may prejudice Ms. Steiner professionally are defamatory *per se*. Opp. 19–20 (specifically identifying "Statements such as: '20 yrs of lies n distroin familys'; Ms. Steiner has engaged in 'shoddy reporting'; and the Steiners are 'biased'"). Insofar as Plaintiffs believe this means insults, hyperbole, and opinion are actionable, however, they are mistaken. A statement's *per se* status simply permits a plaintiff to satisfy the damages element of a defamation claim with proof of non-economic loss. *E.g.*, *Cooper v. J.C.*, 2024 WL 4476498, at *2 (D. Mass. Oct. 11, 2024). A plaintiff must still establish all other elements of defamation, including the requirement that the statement be one of fact. Mot. 6–7. For example, calling a law student "unethical" may prejudice him professionally, but is not defamatory because it is not a statement of fact. *Mullane v. Breaking Media, Inc.*, 433 F. Supp. 3d 102, 111–13 (D. Mass. 2020). The same goes for statements about Ms. Steiner's reporting.

Second, Plaintiffs assert that whether a statement is one of fact, opinion, or insult is itself a "question[] of fact." Opp. 19. That too is wrong. The inquiry "is a matter of law for the court." *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1016 (1st Cir. 1988). Even the case Plaintiffs cite for support, *Cole v. Westinghouse Broad. Co.*, states that this determination "is generally

4

considered a question of law." 386 Mass. 303, 309 (1982); *see* Opp. 19 (citing *Cole*).

Here, eBay has demonstrated that the public Twitter messages, SOF ¶¶ 24–25 (Ref. Nos. 1–2), 26 (Ref. Nos. 49–50, 53), examined "in [their] totality in the context in which [they] w[ere] uttered or published," *Cole*, 386 Mass. at 309, are quintessential insults. Mot. 6–7. This is particularly clear given "the medium by which the statement[s] [were] disseminated." *Cole*, 386 Mass. at 309. Twitter use "conveys a strong signal to a reasonable reader that this was Defendant's opinion." *Ganske v. Mensch*, 480 F. Supp. 3d 542, 553 (S.D.N.Y. 2020). The public Twitter messages here were vulgar and harassing, but would not reasonably be understood as statements of fact given their "tenor and context." *Piccone v. Bartels*, 785 F.3d 766, 772 (1st Cir. 2015). Indeed, Plaintiffs fail to cite a single case treating similar statements—let alone similar statements *on social media*—as actionable.

The comments in eBay's emails to its public relations consultants, SOF ¶¶ 59–61 (Refs. 34–36) are likewise quintessential opinions. In fact, Ms. Steiner admitted that every single derogatory term used in emails between eBay employees and public relations consultants—"critic," "bush league," "BS," "click-bait fringe media," "drivel," and "shoddy reporting"—is a statement of opinion. SOF ¶¶ 56, 59–60.[1] Thus, even if the fact vs. opinion determination were a question of fact, no genuine issue exists here to preclude summary judgment.

Finally, Wymer's reference to Ms. Steiner as "biased," SOF ¶ 30, is likewise inactionable.

---

[1] In their Statement of Facts, Plaintiffs assert that Ms. Steiner initially said she did not know if "drivel" was an opinion. RSOF ¶ 59(a). However, Ms. Steiner then acknowledged that drivel is an opinion. SOF ¶ 59(a) (quoting Tr. 161:12–18, "Q You don't know if it's a true opinion, but it is an opinion of some kind, correct? … A Let me think about this. I'm going to say -- I'm going to say I think so."). Regardless, "drivel" is unflattering but loose language that cannot be proven true or false, *see Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 129–30 (1st Cir. 1997) ("trashy," "fake," "scam" not actionable), and arguments must be developed in a brief, *see Cosme-Perez v. Mun. of Juana Diaz*, 110 F. Supp. 3d 357, 376 (D.P.R. 2015).

5

"Statements of bias and integrity may have factual components, as all opinions do, but they are reasonably understood to be the perspective of an individual." *Moschetti v. Off. of Inspector Gen.*, 2024 WL 4891193, at *12 (E.D. Va. Nov. 26, 2024). Plaintiffs cite no contrary authority. Wymer's statement is also inactionable because Plaintiffs admit it was made between Wymer and Jones, and cite no evidence that it was intended to be republished to a third party. *See* RSOF ¶ 30(a)–(b).

*Sign-ups.* eBay's opening brief explained that all the newsletter sign-ups are not defamatory because there is no evidence that any non-party *person* ever saw the sign-ups. *Id.*; RSOF ¶ 29(b) (admitting that sign-ups generally processed on automated basis). Plaintiffs' brief ignores, and therefore waives, the lack of publication, which is dispositive of Plaintiffs' claim that the newsletter signups are defamatory. Opp. 20 (discussing only damages element).[2]

Plaintiffs similarly fail to address the key defect concerning the one signup, with the sex-toy store franchisor, that did involve publication. Plaintiffs assert that eBay wrongly "assumes that this communication cannot cause reputational harm as a matter of law." Opp. 20. But as eBay's opening brief explained, Mot. 8, this statement fails not due to lack of damages but because it had no defamatory meaning, and thus "would [not] tend to injure [Plaintiffs'] reputation," *Damon v. Moore*, 520 F.3d 98, 103 (1st Cir. 2008). This is because a franchisor of sex-toy stores would not have considered the Steiners' purported interest in becoming franchisees injurious to their reputation. Plaintiffs do not address, and therefore waive, the lack of defamatory meaning.

Finally, Plaintiffs complain that eBay's appendix evades page limits. Opp. 17–18. Setting aside the hypocrisy of this complaint when Plaintiffs incorporate the summary judgment standard by reference to avoid spilling onto a twenty-first page, Opp. 10 n.2, this complaint is meritless.

---

[2] Plaintiffs complain in passing that eBay did not identify the specific newsletters. Opp. 19. But it is Plaintiffs' burden to identify evidence creating a triable issue that each allegedly defamatory signup was published to a third party. They have failed to do so as to *any* newsletter signup.

6

eBay's brief appropriately identifies each statement on which it seeks summary judgment by quoting the statement and/or citing the relevant part of eBay's Statement of Facts. Mot. 4–11. eBay included the appendix for the Court's convenience, to aid it in reviewing Plaintiffs' scattershot allegations (three quarters of which Plaintiffs now abandon). The appendix does not contain material not already in eBay's brief, and can be ignored without affecting eBay's motion.

## II. Plaintiffs' Negligent Retention Claim Fails as a Matter of Law.

eBay has demonstrated that it is entitled to summary judgment as to negligent retention because Plaintiffs cannot establish that Baugh's supervisors knew or had reason to know that Baugh was "unworthy[] by habits, temperament, or nature." *Foster v. Loft, Inc.*, 526 N.E.2d 1309, 1310, 1310−11 (Mass. App. Ct. 1988); Mot 11. Plaintiffs' opposition does not show otherwise.

Plaintiffs first confuse evidence of Baugh's wrongdoing with evidence that eBay knew or should have known of it. Opp. 11–12. Evidence of Baugh's "workplace misconduct, violent tendencies, and drunkenness," *id.*, does not by itself establish that eBay knew or should have known of those behaviors. Plaintiffs do not address eBay's argument that Baugh received glowing upward reviews and was not reported by his subordinates. Mot. 11.

Next, Plaintiffs cherrypick quotes from Baugh's 2018 review to make it appear that Baugh's behavior was "disturbing." Opp. 12. Yet those quotes pertain to minor concerns entirely unrelated to violent or unlawful conduct, and Plaintiffs do not show otherwise. *See* RSOF ¶ 79. Nor do Plaintiffs cite any evidence or authority indicating that Jones's supervision of Baugh fell below the standard of care, such that she should have known of Baugh's unfitness. It is undisputed that Jones regularly met with Baugh and never observed Baugh do anything suggesting he had violent tendencies, and that eBay received no reports regarding Baugh's misconduct towards subordinates. *See* RSOF ¶¶ 77–79, 81. And Plaintiffs' assertion that Baugh's 2016 and 2017 reviews did not include supervisor feedback, Opp. 12, is simply false. On the first page of both reviews,

7

Jones provided a "Manager Overall Evaluation." eBay's Response to Plaintiffs' Statement of Proposed Undisputed Facts ¶ 64.

Finally, Plaintiffs argue that Wymer and Jones "encouraged Baugh to take extreme measures against the Steiners" through various alleged statements. Opp. 12. But those statements do not show anything about *Baugh*'s fitness for employment and thus are irrelevant to this claim. In addition, the statement Plaintiffs attribute to Jones appears only in Baugh's sentencing memo, an out-of-court statement that is not competent evidence for establishing eBay's or Jones's (as opposed to Baugh's) direct liability. *See* eBay's Response to Plaintiffs' Statement of Proposed Undisputed Facts ¶ 25; *see generally* Fed. R. Civ. P. 56(c)(2).

## III. The Court Should Grant Summary Judgment on Plaintiffs' False Imprisonment Claim.

eBay's opening brief demonstrated that the false imprisonment claim fails for two independent reasons: Plaintiffs cannot establish that Defendants intended to confine them, nor that they were actually confined. Mot. 11–12. Plaintiffs' opposition altogether fails to address, and thus concedes, the intent defect. This alone is fatal to Plaintiffs' claim and cannot be cured on surreply. *See Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, 434 F. Supp. 3d 142, 161 n.12 (S.D.N.Y. 2020) ("[L]egal arguments raised for the first time in a surreply … are waived.").

The Court thus need not consider Plaintiffs' response regarding the confinement element, though it fares no better. It is undisputed that Plaintiffs left their home more than half-a-dozen times throughout the harassment campaign, visiting various locations of their own selection. RSOF ¶¶ 90–99. Plaintiffs argue that they left their house only "out of necessity." Opp. 13 (citing the Court's decision denying eBay's motion to dismiss this claim, which was decided based on allegations that did not disclose the full nature or extent of Plaintiffs' trips). Plaintiffs' argument misses the point. "[T]he key factor in determining whether there has been 'confinement' is determining

8

whether the person is free to leave." *Ball v. Wal-Mart, Inc.*, 102 F. Supp. 2d 44, 55 (D. Mass. 2000). That Plaintiffs could repeatedly leave their house whenever the necessity arose shows that they were "[a]t all times . . . free to leave if [they] so chose." *Vassallo v. Town of Wilmington*, 2003 WL 1506294, at *2 (Mass. Super. Ct. Mar. 18, 2003). As in *O'Neil v. DaimlerChrysler Corp.*, Defendants "did not place [Plaintiffs] anywhere, did not touch [Plaintiffs] and did not tell [them] that [they] could not leave," nor is there "evidence that [Plaintiffs] asked or otherwise attempted to leave and [were] unable to do so." 538 F. Supp. 2d 304, 322 (D. Mass. 2008). This distinguishes this case from those Plaintiffs cite, each of which involved physical restraint and/or explicit directions about where the plaintiff could or could not go. *See McCann v. Wal-Mart Stores, Inc.*, 210 F.3d 51, 52–53 (1st Cir. 2000) (applying Maine law); *Foley v. Polaroid Corp.*, 400 Mass. 82, 87–88 (1987); *Coblyn v. Kennedy's Inc.*, 359 Mass. 319, 321–22 (1971). The absence of evidence of confinement warrants summary judgment as well.

**IV.    The Court Should Grant Summary Judgment on Plaintiffs' Ratification Claim.**

    **A.**    The Court has already found that Plaintiffs' standalone ratification claim cannot proceed because Plaintiffs "have not demonstrated that ratification constitutes an independent tort rather than a theory of liability." *Steiner v. eBay, Inc.*, 2024 WL 4647877, at *2 n.3 (D. Mass. Nov. 1, 2024). eBay's opening brief showed that ratification is not a standalone claim, Mot. 12–13, and Plaintiffs cite no contrary authority. That alone warrants summary judgment.

    **B.**    Given the importance of ratification to Plaintiffs' claim for punitive damages, *see* Cal. Civ. Code § 3294(b), the Court should also consider whether ratification is a viable theory of liability. *See Steiner*, 2024 WL 4647877, at *2 n.3. As eBay has shown, it is not. Mot. 13–16.

    **1.**    eBay's opening brief demonstrated that Plaintiffs' claim that it ratified the Criminal Defendants' actions fails as a matter of law because eBay terminated all seven Criminal Defendants as soon as their conduct came to light. Mot. 14. In response, Plaintiffs cite no case finding

9

ratification where a company "took prompt action to discipline" its employees. *Petrell v. Shaw*, 453 Mass. 377, 384 n.5 (2009). eBay's prompt action forecloses this ratification theory.

Forced to concede that eBay "got rid" of the Criminal Defendants, Opp. 16, Plaintiffs shift to arguing that Wenig, Wymer, and Jones "supported," or at least "willfully blinded [themselves] to," the Criminal Defendants' conduct before and as it took place. Opp. 15–16. As Wenig, Wymer, and Jones explain in their summary judgment briefs, that argument in and of itself is wrong. But regardless of whether there is a triable issue as to the executives' approval of the Criminal Defendants' conduct, such approval cannot be ratification for the simple reason that, by definition, ratification is the "affirmance of a *prior* act done by another." Restatement (Third) of Agency § 4.01 (emphasis added). Plaintiffs cite no evidence of post-hoc affirmance because there is none. Any alleged prior approval may bear on other claims, but it does not support ratification.

Plaintiffs also counter that Cooke was promoted after the Natick events. Opp. 16. ████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████ RSOF ¶¶ 123–25. Plaintiffs fail to address how, given this evidence, Cooke's promotion supports an inference of ratification.

2.    Plaintiffs likewise fail to create a triable issue as to whether eBay ratified the executive defendants' conduct. It is undisputed that eBay conducted a thorough, legitimate internal investigation into the Natick events and did not change its indemnification provisions during the relevant period, *see* Mot. 15, so Plaintiffs do not even address those allegations, waiving them as grounds for their ratification claim.

Plaintiffs instead claim that eBay "did nothing to punish [its] senior officers." Opp. 16. But it is undisputed that eBay terminated Wymer for cause, Opp. 16; RSOF ¶ 110—a fact Plaintiffs'

10

inexplicably omit. Plaintiffs' arguments about the circumstances of Wenig's and Jones's departures, *see* Opp. 16, likewise ignore the undisputed record—a record that did not exist at the time this Court denied eBay's motion to dismiss the ratification claim, *contra id.* As to Wenig, ▮

▮

▮

▮

Mot. 16; RSOF ¶¶ 116–19. And as to Jones, ▮

▮

Mot. 16; RSOF ¶ 126. Plaintiffs ignore all of this, offering no explanation of how, given these facts, the terms of Wenig's and Jones's departures show acquiescence to any tortious conduct. Nor do Plaintiffs cite any authority finding ratification in comparable circumstances. *Cf. Terek v. Finkbiner*, 2015 WL 5542535, at *4–5 (N.D. Ohio Sept. 18, 2015) (granting summary judgment where the "only evidence" of ratification was that defendant "allowed [employee] to voluntar[ily] resign"). Summary judgment is thus warranted as to this theory of ratification as well.

**V.     No Competent Evidence Supports Plaintiffs' Consulting or Goodwill Damages Claim.**

Finally, eBay has shown that Plaintiffs fail to raise a triable issue as to lost consulting fees and lost site value or goodwill. Mot. 16–20. Plaintiffs do not dispute that, to defeat summary judgment, they needed to "present definite, competent evidence" on those issues, *Pleasantdale Condominiums, LLC v. Wakefield*, 37 F.4th 728, 733 (1st Cir. 2022) (citation omitted), allowing their purported damages to be "capable of ascertainment upon some definite standard," *Hendricks & Assocs., Inc. v. Daewoo Corp.*, 923 F.2d 209, 217 (1st Cir. 1991). Yet they have not done so.

***Consulting Fees.*** Plaintiffs have all but abandoned their claim for lost consulting fees. Despite seeking nearly $5 million for lost consulting work, RSOF ¶ 129, neither Plaintiffs' brief nor their statement of facts identifies a single piece of evidence supporting this claim. *Cf. Citibank,*

11

*N.A. v. Smith*, 2022 WL 2806674, at *2 (D. Mass. July 18, 2022) ("A party's failure to oppose summary judgment is ordinarily 'fatal to its case.'" (quoting *Pérez-Cordero v. Wal-Mart P.R.*, 440 F.3d 531, 534 (1st Cir. 2006)). This total failure of proof leaves no triable issue for a jury to decide.

***Lost site value/goodwill.*** Nor is there a triable issue as to lost value or goodwill damages. Again, despite seeking $10 million in such damages, Plaintiffs devote all of two sentences to this claim, asserting that eCommerceBytes drew "record" traffic in early 2019, which "dramatically dropped" "[a]fter the criminal and civil proceedings became public." Opp. 20. That is far from enough to defeat summary judgment. Plaintiffs do not dispute that "[t]he measure of damage to business property, such as goodwill, is based on the measurement of the difference in value of the property before and after the injury," and that to create a triable issue, they had to offer "concrete numbers" for their claims. Mot. 19 (quoting 38 Am. Jur. 2d Good Will § 17 (2024) and *S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 67–68 (1st Cir. 2000)). Nor do Plaintiffs dispute that they have never done a valuation of their business, formal or informal, or received a term sheet valuing the company. RSOF ¶¶ 146–48. Without any expert testimony, valuations, relevant offers, or other "basis for" calculating lost value or goodwill, *Rich v. Eastman Kodak Co.*, 583 F.2d 435, 437 (8th Cir. 1978), Plaintiffs' claim is sheer speculation. Summary judgment is warranted.

## CONCLUSION

For the foregoing reasons and those stated in eBay's opening brief, the Court should grant eBay's partial motion for summary judgment.

| | |
|---|---|
| Dated: February 14, 2025 | */s/ Jack W. Pirozzolo*<br>Jack W. Pirozzolo (BBO #564879)<br>Kathryn L. Alessi (BBO #651110)<br>SIDLEY AUSTIN LLP<br>60 State Street, 36th Floor<br>Boston, MA 02109<br>Telephone: (617) 223-0300<br>Facsimile: (617) 223-0301 |

jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 14, 2025

                                                                  /s/ *Jack W. Pirozzolo*
                                                                  Jack W. Pirozzolo