**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

**INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC**,

                     Plaintiffs,

       v.

**EBAY, INC., et al.,**

                  Defendants.

Civil Action
21-cv-11181-PBS

Leave to File Granted on
February 14, 2025

---

**EBAY'S RESPONSE TO PLAINTIFFS' STATEMENT**
**OF PROPOSED UNDISPUTED FACTS**

<u>**EBAY'S RESPONSE TO PLAINTIFFS' STATEMENT**</u>
<u>**OF PROPOSED UNDISPUTED FACTS**</u>

Pursuant to Local Rule 56.1, and in support of its Partial Motion for Summary Judgment (the "Motion"), Defendant eBay Inc. ("eBay") submits this response to Plaintiffs' Statement of Proposed Undisputed Facts, Dkt. 532. In the January 11, 2024 Deferred Prosecution Agreement ("DPA"), eBay admitted to an extensive and detailed statement of facts made part of the DPA ("DPA SOF") as well as to allegations set forth in an Information accompanying the DPA. *See United States v. eBay*, No. 24-cr-10003-PBS (D. Mass. filed Jan. 11, 2024). The statement of facts and the Information, both of which are attached to eBay's Statement of Proposed Undisputed Facts, Dkt. 489, present the general background facts that are relevant to this case and to eBay's Motion. eBay has incorporated by reference paragraphs 1–61 of the DPA SOF and paragraphs 1–53 of the Information as material facts of record as to which eBay contends there is no genuine issue to be tried. *See* Dkt. 489. Any response herein that contradicts either the statement of facts or the Information is inadvertent and should not be construed as an attempt by eBay to retreat from its acceptance of responsibility.

1. eBay is a multinational ecommerce business that operates marketplaces that connect online sellers and their customers. DPA ¶ 1. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

2. Defendant Devin Wenig ("Wenig") was eBay's CEO. *Id.* ¶ 2.

**EBAY'S RESPONSE:** Undisputed.

3. Defendant Steve Wymer ("Wymer") was eBay's Chief Communications Officer. *Id.* ¶ Wymer reported directly to Wenig. Wymer Answer ¶ 40. Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed.

4. Defendant Wendy Jones ("Jones") was eBay's Senior Vice President for Global Operations. DPA ¶ 4. Finkelstein Ex. 1. Jones reported directly to Wenig. Wymer

Answer ¶ 40.  Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed.

5.  Defendant Jim Baugh ("Baugh") was eBay's Senior Director of Safety & Security.  DPA

¶ 5.  Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

6.  ██████████████████████████████████.  Finkelstein Ex. 2.

**EBAY'S RESPONSE:** Undisputed.

7.  Defendant David Harville ("Harville") was eBay's Director of eBay's Global Security

and Resiliency Department ("GSR").  DPA ¶ 6.  Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed that Harville was eBay's Director of Global Resiliency.
eBay otherwise disputes the assertions in this paragraph because they are not supported by
the material cited by Plaintiffs.

8.  Harville reported directly to Baugh.  *Id.*

**EBAY'S RESPONSE:** Undisputed.

9.  Defendant Stephanie Popp ("Popp") served as Baugh's de facto chief of staff and, until

May 2019, managed eBay's Global Intelligence Center ("GIC"), an intelligence and

analytics group within the GSR that supported eBay's security operations.  *Id.* ¶ 7.

**EBAY'S RESPONSE:** Undisputed.

10.  Defendant Stephanie Stockwell ("Stockwell") was an intelligence analyst in the GIC who

became its manager in mid-2019, when eBay promoted Ms. Popp.  *Id.* ¶ 8.

**EBAY'S RESPONSE:** Undisputed.

11.  Defendants Brian Gilbert ("Gilbert") and Philip Cooke ("Cooke") were retired police

captains who worked at eBay and had responsibilities for safety and security at eBay

facilities, executive protection, and special events security.  *Id.* ¶ 10.

**EBAY'S RESPONSE:** Undisputed.

12. By June 2020, after the termination of Baugh and Gilbert, Cooke was promoted by eBay

to Director of Security Operations.  Cooke Sentencing Memo at 5. Finkelstein Ex. 4.

**EBAY'S RESPONSE:** Undisputed that Cooke was promoted by eBay in September 2019 to Director, Safety/Security 1. *See* Decl. of Jack W. Pirozzolo Ex. 1 ("Pirozzolo Ex."), EBAY_STEINER_00186800. eBay otherwise disputes the assertions in this paragraph because they are inconsistent with the information contained in Cooke's personnel file. Additionally, Cooke's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

13. ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Finkelstein Ex. 63.

**EBAY'S RESPONSE:** Undisputed ██████████████████████████████████████
████████████████████████████████████████████████████████████
█████████████████████████████████████████████████ *See*
Decl. of Andrew Finkelstein Ex. 63 ("Finkelstein Ex."), EBAY_STEINER_00133826. eBay otherwise disputes the assertions in this paragraph because they are not supported by the material cited by Plaintiffs.

14. Defendant Veronica Zea ("Zea") was an employee of PFC that worked as an intelligence

analyst in the GIC.  DPA ¶ 9.  Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

15. Zea worked under Baugh.  DPA ¶ 9. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

16. Plaintiffs Ina Steiner ("Ms. Steiner") and David Steiner ("Mr. Steiner") (collectively, the

"Steiners") are a married couple living in Natick, Massachusetts. DPA ¶ 11.  Finkelstein

Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

17. The Steiners co-founded EcommerceBytes, a website that since 1999 had reported on

ecommerce companies, including eBay. *Id*.

**EBAY'S RESPONSE:** Undisputed.

18. By the spring of 2019, EcommerceBytes' reporting was a source of frustration at eBay.

DPA ¶ 12. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

19. The Executive Leadership Team ("ELT"), which included Wenig, Wymer, and Jones,

viewed eCommerceBytes as "an existential threat to the company." Baugh Sentencing

Memo at p. 8. Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible
hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's
statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v.
Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into
evidence defendant employee's statements offered against co-defendant employer). No
other exception to the hearsay rule applies, and Plaintiffs have not cited any other record
materials supporting the assertions in this paragraph.

20. ███████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ Finkelstein Ex. 6;  DPA Attachment A ¶ 17.

Finkelstein Ex. 7.

**EBAY'S RESPONSE:** Disputed that Wenig sent Wymer the text message described in this
paragraph. Undisputed that on April 10, 2019, Wymer sent Wenig a text message with a
link to an EcommerceBytes article entitled "eBay CEO Devin Wenig Earns 152 Times That
of Employees." Finkelstein Ex. 6, WYMER00000029.

21. ██████████████████████████████████████████████

Finkelstein Ex. 6; DPA Attachment A ¶ 17. Finkelstein Ex. 7.

**EBAY'S RESPONSE:** Disputed that Wymer sent the text message described in this
paragraph in response to a text message from Wenig. Undisputed that on April 10, 2019,
Wymer sent Wenig the text message described in this paragraph at or around the same time
Wymer sent Wenig the text message with a link to an EcommerceBytes article entitled

"eBay CEO Devin Wenig Earns 152 Times That of Employees." Finkelstein Ex. 6, WYMER00000029.

22. EcommerceBytes' reporting was a source of frustration at eBay. Wenig, Wymer, Jones, Baugh, and others at eBay viewed Ina Steiner's reporting adversarially and sometimes used coarse and aggressive language in messages and e-mails about her and EcommerceBytes. DPA ¶ 12. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

23. On April 20, 2019, discussing the Wall Street Journal's coverage of Executive 1, Executive 1 texted to Executive 2, "Fuck them. The journal is next on the list after [Ina]." DPA ¶ 19. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed that on April 20, 2019, Wenig sent Wymer the text message described in this paragraph.

24. On May 21, 2019, an anonymous source who went by "FidoMaster" and EcommerceBytes posted information about "Walker's West," a replica of Wenig's favorite New York pub that had been constructed on the eBay campus. DPA Attachment A ¶ 22. Finkelstein Ex. 7.; Baugh Sentencing Memo at p.12. Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Undisputed that on or about May 21, 2019, a Twitter account with the handle "@FidoMaster1" and also EcommerceBytes posted information about "Walker's West," a pub that had been constructed on eBay's corporate campus. *See* Pirozzolo Ex. 2, EBAY_STEINER_00042191. eBay otherwise disputes the assertions in this paragraph because they are not supported by the material cited by Plaintiffs.

25. The next day on May 22, 2019, Jones asked Baugh to deal with the situation "off the radar since comms and legal couldn't handle it." *Id.*

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

26. Jones told Mr. Baugh, "Just get it done. I don't want to know the details, just make sure

you sync with Wymer," *Id.*

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible
hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's
statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v.
Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into
evidence defendant employee's statements offered against co-defendant employer). No
other exception to the hearsay rule applies, and Plaintiffs have not cited any other record
materials supporting the assertions in this paragraph.

27. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████       Finkelstein Ex. 6.

**EBAY'S RESPONSE:** Undisputed that on May 31, 2019, Wymer texted Wenig a link to an
EcommerceBytes article and at or around the same time sent Wenig the text message
described in the second sentence of this paragraph. Undisputed that Wenig responded to
Wymer with the text message described in the third sentence of this paragraph. eBay
otherwise disputes the assertions in this paragraph because they are not supported by the
material cited by Plaintiffs.

28. That same day, Wymer showed Jones the text from Wenig, which elicited the following

exchange:

a. Jones referred to Ina Steiner as a "cow";

b. Wymer responded, "Her day is coming..."

c. Jones stated, "I can't wait. // Jim Baugh came to me with some thoughts and | told him

to stand down and leave it alone."

d. Wymer responded, "You are being too kind... tell him to be my advisor on this issue //

Some times you just need to make an example out of someone. Justice // We are too nice.

She needs to be crushed"

e. Jones responded, "I told [Baugh] I would raise to you and you would let him know if

7

you want him to proceed — but knew you were working on something and didn't want

to step into that." Wymer responded with a "thumbs up" emoji.

DPA Attachment A ¶ 27. Finkelstein Ex. 7.

**EBAY'S RESPONSE:** Undisputed that Wymer and Jones exchanged the text messages
described in subparts "a" through "e" of this paragraph. eBay otherwise disputes the
assertions in this paragraph because they are not supported by the material cited by
Plaintiffs.

29. On June 7, 2019, at Baugh's direction, and paid for by a PFC-issued credit card

(PFC0000317. Finkelstein Ex. 50.), Gilbert travelled to the Boston area to surveil the

Steiners.  DPA ¶ 30.  Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

30. The next day, Gilbert wrote the word "FidoMaster" on the Steiners' fence.  DPA ¶ 32.

Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

31. On June 8, Baugh told Wymer that his team had given the Steiners "a tap on the

shoulder." Baugh Sentencing Memo at p. 13. Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible
hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's
statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v.
Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into
evidence defendant employee's statements offered against co-defendant employer). No
other exception to the hearsay rule applies, and Plaintiffs have not cited any other record
materials supporting the assertions in this paragraph.

32. Wymer expressed approval, but did not ask questions. *Id.*

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible
hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's
statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v.
Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into
evidence defendant employee's statements offered against co-defendant employer). No
other exception to the hearsay rule applies, and Plaintiffs have not cited any other record
materials supporting the assertions in this paragraph.

33. ███████████████████████████████████████████████

████████████████. Finkelstein Ex. 59.

**EBAY'S RESPONSE:** Disputed. ███████████████████████████

████████████████████████ Finkelstein Ex. 59,
EBAY_STEINER_00203661. From this context, it is clear that the fence Wenig mentions in
response to the same question is not a reference to the Steiners' fence that Gilbert
vandalized, but instead a perimeter fence that was erected around eBay's San Jose campus
earlier that year. *See, e.g.*, Pirozzolo Ex. 3, EBAY_STEINER_00092666 at 5.

34. In the immediate aftermath of the vandalism, the ELT was pleased, because they

perceived that negative postings from EcommerceBytes had subsided. Baugh Sentencing

Memo at p. 13. Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible
hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's
statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v.
Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into
evidence defendant employee's statements offered against co-defendant employer). No
other exception to the hearsay rule applies, and Plaintiffs have not cited any other record
materials supporting the assertions in this paragraph.

35. On or about June 25, 2019, discussing Ms. Steiner, Wymer messaged two eBay

communications employees, stating "Love it when a secret, we can't speak it out loud

plan comes together..." and "[w]e always reserve the right to go 0-60 and get crazy on her

ass." DPA ¶ 34. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

36. On or about July 18, 2019, Executive 1's spouse texted BAUGH privately about a

comment underneath a Newsletter article that called Executive 1 a "con artist and thief."

The spouse wrote: "I'm not exactly thrilled with this post on my favorite [Newsletter].

The author gets people worked up with the way she skews her stories. Don't tell

[Executive 1] I sent this I'm just letting you know about it. Ok?"" FBI Mark Wilson

Affidavit (June 2020) ¶ 31. Finkelstein Ex. 8.

**EBAY'S RESPONSE:** Disputed. The record evidence shows that the message described above was sent to Dan Cory and not Baugh. *See* Pirozzolo Ex. 4, WENIG_0000694.

37. On July 19, 2019, Baugh met with Jones and played a recorded call between a security

team member using a false identity and a subject associated with FidoMaster. Baugh

Sentencing Memo at p. 14. Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

38. Jones fist-bumped Mr. Baugh in approval. *Id.*

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

39. On August 1, 2019, Ms. Steiner posted an article on EcommerceBytes about legal

disputes between eBay and Amazon.com and eBay's declining market sales. DPA ¶ 36.

Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed that on August 1, 2019, Ms. Steiner posted an article on EcommerceBytes under the headline, "eBay RICO Lawsuit Meant to Curb Seller Exodus to Amazon?" and wrote "[Wenig] has been unable to stop a decline in market sales, but trying to dissuade sellers from turning to Amazon (and trying to get Amazon to stop recruiting sellers) may not be the best tactic." Finkelstein Ex. 7, DPA Attachment A ¶ 36. eBay otherwise disputes the assertions in this paragraph because they are not supported by the material cited by Plaintiffs.

40. That day, Wenig texted Wymer that: "Ina is out with a hot piece on the litigation. If we

are ever going to take her down . . . now is the time." DPA ¶ 37. Finkelstein Ex. 1.;

Wymer Answer ¶ 82. Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed.

41. Wymer responded: "On it." DPA ¶ 38. Finkelstein Ex. 1.; Wymer Answer ¶ 82.

    Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed.

42. Wymer then texted Baugh, passing along Wenig's suggestion that "we . . . take her

    down." DPA ¶ 39. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

43. That same day, Baugh and Wymer exchanged further text messages regarding Ms.

    Steiner.  DPA ¶ 39. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

44. Wymer said that "hatred is a sin.  I am very sinful" and that "I want her done"

    (referring to Ms. Steiner).  DPA ¶ 39. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

45. Baugh stated that Wenig had told him "to burn her to the ground correct," to which

    Wymer responded, "she is a biased troll who needs to get BURNED DOWN. DPA ¶ 39.

    Finkelstein Ex. 1.; Wymer Answer ¶ 85.  (emphasis in the original).  Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed that Baugh texted Wymer, "[Wenig] said to burn her to
the ground correct?" and that Wymer responded, "She is a biased troll who needs to get
BURNED DOWN." Finkelstein Ex. 7, DPA Attachment A ¶ 39. eBay otherwise disputes
the assertions in this paragraph because they are not supported by the material cited by
Plaintiffs.

46. 

    DPA ¶ 40. Finkelstein Ex. 1.;

    Finkelstein Ex. 9; Wymer Answer ¶ 4.

    Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed.

47. On August 7, 2019, Baugh asked Wymer by message, "If I can neutralize Ina's website in two weeks or less, does that work for you?" Within minutes, Wymer responded, "I want to see ashes.  As long as it takes.  Whatever it takes." EBAY_STEINER_00206665. Finkelstein Ex. 10.; DPA ¶ 46. Finkelstein Ex. 1.; Wymer Answer ¶¶ 4, 126. Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed.

48. On August 6, 2019, Baugh, Gilbert, Cooke, and Popp met at eBay headquarters to plan part of its operation against Plaintiffs.  DPA ¶ 52.  Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

49. That same day, Baugh, Popp, Stockwell, Zea, and others met at eBay headquarters to plan the delivery to the Steiners' home of unwanted and disturbing items to distract the Steiners from publishing EcommerceBytes.  *Id.*

**EBAY'S RESPONSE:** Undisputed.

50. Popp created a Twitter account through which she would harass and threaten Ms. Steiner. *Id.*

**EBAY'S RESPONSE:** Undisputed.

51. On, or shortly after, August 7, 2019, Wymer met with Baugh.  Baugh Sentencing Memo at p. 19.  Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

52. Wymer instructed Baugh to "take any actions necessary" to neutralize the Steiners

and identify FidoMaster, making clear this was a "[d]irect order" from Wenig and that

Wenig "wants the website burned to the ground." *Id.*

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

53. Wymer did not want to know details, but assured Baugh that his group would have

"executive level support" if efforts led to "any legal problems." *Id.* "The only thing that

matters is it stops." *Id.*

**EBAY'S RESPONSE:** Disputed. Baugh's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

54. eBay admits and takes legal responsibility for the fact that: Beginning on or about August

5, 2019 and continuing through at least September 6, 2019, Baugh, Harville, Gilbert,

Cooke, Popp, Stockwell, and Zea (together "the Individual Defendants") worked together

to harass and intimidate the Steiners, and to place them under surveillance with the intent

to harass and intimidate them, through repeated and hostile Twitter messages, deliveries

of unwanted -- and in some instances disturbing -- items to the Steiners' home, and travel

to Massachusetts to conduct physical surveillance. The Individual Defendants' conduct

caused, attempted to cause, and would reasonably have been expected to cause

substantial emotional distress to the Steiners.  DPA ¶ 48. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

55. eBay admits and takes legal responsibility for these actions, which included, but were not

limited to:

- Sending DMs to Ms. Steiner stating: "WTF . . . whats it goin to take for u to answer me??"; " I guess im goin to have to get ur attention another way bitch . . ."; "U dont have the balls to talk to me?? Stop hiding behind ur computer screen u fuckin cunt!!!"; "Ur fat fuck pussy husband [Mr. Steiner] needs to put u in line cunt"; and "after [Mr. Steiner] takes the plugs out of his asshole . . . fuckin pussies!!!";

- Ordering live spiders, fly larvae, live cockroaches, and a Halloween Pig for delivery to the Steiners' home;

- Ordering subscriptions for pornographic magazines in the name of Mr. Steiner to be sent to the Steiners' neighbors;

- Attempting to order a pig fetus for delivery to the Steiners' home;

- Sending a funeral wreath and a book entitled "Grief Diaries: Surviving Loss of a Spouse" to the Steiners' home;

- Renting vans to surveil the Steiners and drove past their home repeatedly;

- Following Mr. Steiner as he drove around Natick;

- Ordered pizza to be delivered to the Steiners' home at 4:30 a.m.; and

- Sending a public tweet on Ms. Steiner's Twitter account, stating, "Dis ur address???" and including information about Ms. Steiner, such as her name, age, address, and telephone number.  DPA ¶ 52.  Finkelstein Ex. 1.

**EBAY'S RESPONSE:** eBay clarifies that the Criminal Defendants ordered a Halloween Pig Mask for delivery to the Steiners' home, not a Halloween Pig. The remaining facts in this paragraph are undisputed.

56. eBay's workplace was rife with misconduct, violent tendencies, and drunkenness. This includes violent and belligerent behavior towards co-workers (sometimes in full view of other eBay employees, including in eBay's parking lots).  *See* Olausson letter. Finkelstein

14

Ex. 11.; Olausson deposition. Finkelstein Ex. 12.; Baugh Sentencing Memo. Baugh

Sentencing Memo. Finkelstein Ex. 5.; Cooke Sentencing Memo. Finkelstein Ex. 4.; Zea

Sentencing Letter. Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Disputed. This paragraph asserts vague characterizations and not facts. Additionally, most of the supporting materials cited in this paragraph are inadmissible. The Olausson letter is hearsay and inadmissible in this case. Additionally, Baugh's sentencing memorandum, Cooke's sentencing memorandum, and Zea's sentencing letter are inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule would make these sentencing materials admissible. Only Olausson's deposition may be properly considered for a motion for summary judgment, but the deposition testimony does not support the vague characterizations asserted in this paragraph.

57. Baugh created a fear-driven and punitive environment where minor errors because

cause for humiliation and punishment. Olausson letter. Finkelstein Ex. 11.; Zea

Sentencing Letter at 5, 22. Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Disputed. The Olausson letter is hearsay and inadmissible in this case. Zea's sentencing letter is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

58. Baugh conducted active shooter drills, forcing analysts to run outside into the parking lot

and practice running from the "shooter" in front of other eBay employees; leadership

would pretend to shoot GIC analysts in the middle of eBay's campus for all staff to

watch. Olausson letter. Finkelstein Ex. 11.; Zea Sentencing Letter. Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Disputed. The Olausson letter is hearsay and inadmissible in this case. Zea's sentencing letter is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered

against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

59. Some of Baugh's initiated shooting drills forced analysts to take "cover" in someone's

car, when Baugh would then slam his hand down on the roof of the car while yelling,

"Bang!  You're dead!  You're dead!  Bang!  You're all dead!." Zea Sentencing

Letter.  Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Disputed. Zea's sentencing letter is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

60. Baugh conducted earthquake drills where leadership would blast airhorns in the ears of

GIC analysts while timing their response to write an email with no grammatical errors.

Olausson letter. Finkelstein Ex. 11.

**EBAY'S RESPONSE:** Disputed. The Olausson letter is hearsay and inadmissible in this case. Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

61. Baugh showed a video of Zea falling of a chair to co-workers to humiliate her, and Baugh

specifically showed the video to Wenig. Zea Sentencing Letter at 22.  Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Disputed. Zea's sentencing letter is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

62. Baugh sexually assaulted Stockwell. Stockwell deposition. Finkelstein Ex. 14.

**EBAY'S RESPONSE:** Undisputed that Stockwell testified at her deposition that Baugh sexually assaulted her during the time she worked for him at eBay.

63. ███████████████████████████████████

███████████████████████████████

████████████████████████████████████

██████████████████████████████ Finkelstein

Ex. 15.

**EBAY'S RESPONSE:** Undisputed ██████████████████████
██████████████

██ ██████████████████████████████
██████████████████████████████
██████████████████████████████
██████████████████████████
██ ████████████████████████████
██████████████████████████████
████████████████████████████
██ ████████████████████████████
██████████████████

Finkelstein Ex. 15, EBAY_STEINER_00002647.

eBay otherwise disputes the assertions and characterizations in this paragraph because they are not supported by the material cited by Plaintiffs.

64. ████████████████████████████████

████████████████ Finkelstein Ex. 16.; ███████████████████.

Finkelstein Ex. 17.

**EBAY'S RESPONSE:** Disputed. ██████████████████████
████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████████████████████████

Finkelstein Ex. 16, EBAY_STEINER_00002537 (emphasis in original).

████████████████████████████████████
████████████████████████████████████
████████████████████████████████
██████████████████████████ Finkelstein Ex. 17,
EBAY_STEINER_00002642 (emphasis in original).

65. █████████████████████████████.

████████████████████ Finkelstein Ex. 21.; Jones' 56.1 Exhibit 7 (Jones

Declaration) #8. Finkelstein Ex. 19.

**EBAY'S RESPONSE:** Undisputed.

66. No one was supervising Baugh while Jones was on sabbatical from July 25, 2019 to

August 26, 2019.  Transcript of Deposition of Carmen (Orr) Amara, 9/25/24. Finkelstein

Ex. 20.

**EBAY'S RESPONSE:** Disputed. In her deposition, Carmen Amara did not state that no one was supervising Baugh while Jones was on sabbatical. Instead, when asked who Baugh reported to when Jones was on sabbatical, she responded, "I don't recall," and when asked if someone was supervising Baugh while Jones was on sabbatical, she responded, "I don't recall the specifics." Finkelstein Ex. 20, Transcript of Deposition of Carmen Amara at 49:1-13.

67. ███████████████████████████████████

████████████████████████████████████

███████████████████████████████

Finkelstein Ex. 18.

**EBAY'S RESPONSE:** Undisputed.

68. ██████████████████████████████

██████████████ Finkelstein Ex. 18.

**EBAY'S RESPONSE:** Undisputed.

69. ██████████████████████████

██████████████ Finkelstein Ex. 18.

**EBAY'S RESPONSE:** Undisputed that Jones stated, ██████████████████ ████████████ Finkelstein Ex. 18, EBAY_STEINER_00206575. eBay otherwise disputes the assertions in this paragraph because they are not supported by the material cited by Plaintiffs.

70. ███████████████████████████████████

██████████ Finkelstein Ex. 22.

**EBAY'S RESPONSE:** Disputed. ██████████████████████████
████████████████████████████████████ Finkelstein Ex. 22,
EBAY_STEINER_00203661. From this context, it is clear that the fence Wenig mentions in
response to the same question is not a reference to the Steiners' fence that Gilbert
vandalized, but instead a perimeter fence that was erected around eBay's San Jose campus
earlier that year. *See, e.g.*, Pirozzolo Ex. 3, EBAY_STEINER_00092666.

71. ███████████████████████████████████████████ Finkelstein

Ex. 23.; ███████████████████. Finkelstein Ex. 24.

**EBAY'S RESPONSE:** Disputed. Despite a thorough search of its records, eBay has not
been able to find an email from Wenig to Baugh about the Steiners.

72. ████████████████████████████████████████████

████████████████████████████ Finkelstein Ex. 25. Finkelstein

Ex. 26.

**EBAY'S RESPONSE:** Undisputed that Finkelstein Exs. 25 and 26,
EBAY_STEINER_00003312-13 purport to list ██████████████████████
█████████████████

73. Baugh told his team, with respect to eBay's internal investigation, to keep Wenig and

Wymer's names out of any conversations. EBAY_STEINER_00162001 paragraph 181.

Finkelstein Ex. 27.

**EBAY'S RESPONSE:** Disputed. Finkelstein Ex. 27, EBAY_STEINER_00162001 is a
produced copy of the June 2020 affidavit of Special Agent Mark Wilson,[1] which states in
relevant part, "According to CW-3, BAUGH directed the group not to talk to anyone and to
keep [Wenig] and [Wymer's] names out of any conversations." This statement contains two
layers of hearsay and thus is inadmissible in this case. Plaintiffs have not cited any other
record materials supporting the assertions in this paragraph.

74. Baugh told his team that Wenig told him "his loyalty would pay off." Zea letter at 22.

Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Disputed. Zea's sentencing letter is inadmissible hearsay against

---

[1] As noted at the outset of this document, *supra at* 1, eBay admits to all facts set forth in the DPA
SOF and Information. To the extent Plaintiffs cite the June 2020 Affidavit of FBI Special Agent
Mark Wilson in support of allegations not in either the DPA SOF or Information, those allegations
are likely to be inadmissible hearsay and thus not competent evidence for purposes of summary
judgment.

eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

75. 

Finkelstein Ex. 23.;

Finkelstein Ex. 24.

**EBAY'S RESPONSE:** Disputed. Despite a thorough search of its records, eBay has not been able to find an email from Wenig to Baugh about the Steiners.

76. The Steiners were terrified to leave their house and defendants tailed Mr. Steiner and

followed him throughout town he left their home. Steiner Response to Interrogatory No.

1 and 25. Finkelstein Ex. 28.

**EBAY'S RESPONSE:** Undisputed that certain Criminal Defendants tailed Mr. Steiner and followed him throughout town after he left the Steiners' home. eBay otherwise disputes the assertions in this paragraph because they are not supported by the material cited by Plaintiffs and because Mr. and Ms. Steiner each left their home on at least seven different occasions throughout the course of the harassment campaign. *See* Dkt. 523, Plaintiffs' Response to Defendant eBay Inc.'s Statement of Proposed Undisputed Facts ("RSOF") ¶¶ 90–99.

77. Any trips Mr. Steiner or the Steiners took away from the home were taken out of

necessity. Steiner Response to Interrogatory No. 25. *Id.*

**EBAY'S RESPONSE:** Undisputed that the material cited indicates that during the Natick events, the Steiners left their home to purchase security equipment and groceries and to take other measures in response to the harassment campaign. eBay otherwise disputes the assertions in this paragraph because they are not supported by the material cited by Plaintiffs.

78. The Steiners took these necessary trips to: purchase security equipment; acquire

protection for themselves and their property; purchase food when the Steiners ran out;

and go to the police station. *Id.*

**EBAY'S RESPONSE:** Undisputed.

79. The Steiners did not leave their home to celebrate their 31st Wedding anniversary.

Steiner Response to Interrogatory No. 25. *Id.*; Cooke Sentencing Hearing Transcript

07/27 21.pdf  page 34, line 21 - page 35, line 8. Finkelstein Ex. 29.

**EBAY'S RESPONSE:** Undisputed.

80. Further, Baugh and Harville approached the Steiners' home and attempted to install a

GPS on the Steiners' vehicle. Zea sentencing letter at 17-18. Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Undisputed that on or about August 15, 2019, Baugh, Harville, and
Zea drove to the Steiners' home in Natick and attempted unsuccessfully to install a GPS
tracking device on the Steiners' car, which was locked in the Steiners' garage. *See*
Finkelstein Ex. 7, DPA Attachment A ¶ 52bb.

81. After eBay learned of the actions taken by defendants to criminally harass the Steiners,

eBay allowed Wenig to resign with a generous severance package and without any

suggestion that he acted improperly.  DPA ¶ 4(e). Finkelstein Ex. 1.; eBay 30(b)(6)

deposition (Apte) page 74. Finkelstein Ex. 30.

**EBAY'S RESPONSE:** Disputed. ██████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████ *See* Dkt. 501, Decl. of
Paul Pressler ("Pressler Decl.") ¶ 13. ██████████████████████████████
████████████████████████████████████████████████████████
██████████████████████ *See* Pressler Decl. ¶¶ 11–12. At the time of Wenig's
separation from eBay, eBay did not deem it appropriate to speak about the ongoing
investigation, but at its first opportunity, eBay publicly reprimanded Wenig in its June 2020
press release, where it stated that Wenig's communications had been inappropriate. *See*
Finkelstein Ex. 30, eBay 30(b)(6) deposition testimony at 70-73.

82. ████████████████████████████████████████████
████████████████████. Finkelstein Ex. 31. █████████████████
Finkelstein Ex. 32.

**EBAY'S RESPONSE:** Undisputed that Jones worked at eBay throughout 2019 and into
2020, when she retired. eBay disputes the remaining assertions in this paragraph, which are
characterizations of the evidence, not facts, and are argumentative.

83. eBay retained and promoted Cooke to Director of Security Operations. Cooke

Sentencing Memo at p. 5. Finkelstein Ex. 29.

**EBAY'S RESPONSE:** Undisputed that Cooke was promoted by eBay in September 2019 to Director, Safety/Security 1 and was terminated by eBay in June 2020, within a day of eBay's learning of his involvement in the Natick events. *See* Pirozzolo Ex. 1, EBAY_STEINER_00186800; Pirozzolo Ex. 5, EBAY_STEINER_00137592.

84. ███████████████████████████████████████████████. Zea

Sentencing Letter. Finkelstein Ex. 13.

**EBAY'S RESPONSE:** ██████████████████████████████████ *See* Pirozzolo Ex. 6, EBAY_STEINER_00199069. eBay disputes the remaining assertions in this paragraph. Zea's sentencing letter is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

85. ████████████████████████████████████████████

EBAY_STEINER_00215846. Finkelstein Ex. 13.

**EBAY'S RESPONSE:** Undisputed ██████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████ Finkelstein Ex. 47, EBAY_STEINER_00215846.

86. ██████████████████████████████████████████████

██████████████████ Finkelstein Ex. 33.; █████████████████

Finkelstein Ex. 34.; ███████████████████ Finkelstein Ex. 35.

**EBAY'S RESPONSE:** Disputed. While it is undisputed that Wymer and other eBay employees did not fully cooperate with eBay's investigation, the cited materials do not support Plaintiffs' assertion that "eBay executives" apart from Wymer did not fully cooperate with eBay's investigation.

87. █████████████████████████████████████████████████

DPA ¶ 37, 46. Finkelstein Ex. 1.; Wymer Answer ¶ 82, 85. Finkelstein ex. 3.;

███████████████████████ Finkelstein Ex. 24.; Baugh Sentencing Memo at p. 19.

Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Disputed. The assertions in this paragraph constitute characterizations and legal conclusions to which no response is required. To the extent a response is required, the record evidence shows that ████████████████████ ███████████████████████████████████ Finkelstein Ex. 33, EBAY_STEINER_00005468 at 10. Further, Baugh's sentencing memorandum is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

88. ████████████████████████████████████████



██████████████████████████ Finkelstein Ex. 2.; ██████████████

Finkelstein Ex. 38.; DPA ¶ 20. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Disputed. The record materials Plaintiffs cite do not support the assertions in this paragraph, and none of them contains the language quoted in this paragraph. The record evidence shows that there is ██████████████████ ██████████████████████████ Pressler Decl. ¶ 20. To the extent Plaintiffs rely on assertions in Baugh's sentencing memorandum, that document is inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs have not cited any other record materials supporting the assertions in this paragraph.

89. Defamatory Craigslist advertisements were publicly accessible on a message board system used by millions of people. DPA ¶ 52. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed that on or about August 28, 2019, one or more of the Criminal Defendants posted an advertisement on Craigslist claiming to be a married couple seeking a sexual partner or partners, and providing the Steiners' home address. *See* Finkelstein Ex. 7, DPA Attachment A ¶ 52pp. eBay otherwise disputes the assertions in this paragraph because they are not supported by the material cited by Plaintiffs.

90. Video taken from the Steiners' security cameras at their home show an unusually large number of persons walking in front of their house at all hours of the day and night during the period at issue. PPROD-028300. Finkelstein Ex. 39.

**EBAY'S RESPONSE:** Disputed. The material cited by Plaintiffs to support the assertions in this paragraph is not a video recording, but a document that is hearsay and thus inadmissible. Additionally, the document cited by Plaintiffs states only that "there seemed to be more foot traffic on our quiet one-way street than normal until the 22nd," Finkelstein Ex. 39, PPROD-028300, and does not otherwise support the assertions in this paragraph.

91. The Craigslist advertisements identify a married couple living at the Steiners' address making it obvious that the advertisements are not of and concerning the Steiners. DPA ¶ 52. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed that on or about August 28, 2019, one or more of the Criminal Defendants posted an advertisement on Craigslist claiming to be a married couple seeking a sexual partner or partners, and providing the Steiners' home address. *See* Finkelstein Ex. 7, DPA Attachment A ¶ 52pp. eBay otherwise disputes the assertions in this paragraph, which are legal conclusions, not facts.

92. The Steiners' have, in fact been damaged by these defamatory advertisements. In the same way, the Steiners were damaged when the defendants sent pornographic materials to the Steiners' neighbors. Galinsky Report. Finkelstein Ex. 40.

**EBAY'S RESPONSE:** Undisputed that on or about August 9, 2019, one or more of the Criminal Defendants ordered a subscription for pornographic magazines in the name of David Steiner to be sent to the Steiners' neighbors. *See* Finkelstein Ex. 7, DPA Attachment A ¶ 52i. eBay otherwise disputes the assertions in this paragraph because the Galinsky expert report cited by Plaintiffs is not admissible evidence, *see, e.g.*, *Crawford-Brunt v. Kruskall*, 489 F. Supp. 3d 1, 4 (D. Mass. 2020) (excluding expert report as inadmissible hearsay); because the assertions are legal conclusions, not facts; and because there is no record evidence that the Steiners were damaged either by the Craigslist posts or by the pornographic materials. *See* RSOF ¶¶ 27–28.

93. Statements such as: "20 yrs of lies n distroin familys"; Ms. Steiner has engaged in "shoddy reporting"; and the Steiners are "biased" defame the Steiners professionally. "Distroin families" (Charging Doc Affidavit #18 ff. Finkelstein Ex. 8); "she is a biased

troll who needs to get BURNED DOWN (Wymer Answer ¶ 85. Finkelstein Ex. 3.);

███████████████████████████████████████ Finkelstein Ex. 41.)

**EBAY'S RESPONSE:** Undisputed that the statements described in this paragraph were made. *See* Finkelstein Ex. 7, DPA Attachment A ¶¶ 39, 52hhh; Finkelstein Ex. 41, EBAY_STEINER_00191771. eBay otherwise disputes the assertions in this paragraph, which are legal conclusions, not facts, and which are not supported by the material cited in this paragraph.

94. Wymer's statements demonstrate malice: "hatred is a sin.  I am very sinful" and that "I

want her done" (Wymer Answer ¶ 85.  Finkelstein Ex. 3.); "she is a biased troll who

needs to get BURNED DOWN."  (Wymer Answer ¶ 85.  Finkelstein Ex. 3.); and "I want

to see ashes.  As long as it takes.  Whatever it takes." (8/28/19 Wymer interview at

EBAY_STEINER_00206665; DPA ¶ 46. Finkelstein Ex. 1.; Wymer Answer ¶¶ 4, 126.

Finkelstein Ex. 3.)

**EBAY'S RESPONSE:** Undisputed that Wymer made the statements described in this paragraph. *See* Finkelstein Ex. 7, DPA Attachment A ¶¶ 39, 46. eBay otherwise disputes the assertions in this paragraph, which are legal conclusions, not facts.

95. Baugh and his team acted with malice. DPA ¶ 52. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Disputed. The assertions in this paragraph are legal conclusions, not facts.

96. Wymer directed, and is responsible for, the actions of Baugh and Baugh's team.

Wymer Ex. 52 at Response to Interrogatory No. 41. Finkelstein Ex. 42.; Wymer Ex. 54

at Response to Interrogatory No. 41. Finkelstein Ex. 43.

**EBAY'S RESPONSE:** Disputed. The assertions in this paragraph constitute legal conclusions, not facts. To the extent any response is necessary, the record materials Plaintiffs cite consist solely of their own interrogatory responses, which recite certain facts and provide self-serving and conclusory interpretations of the facts, but do not support the assertions in this paragraph. In fact, the record evidence shows that ██████████████ Finkelstein Ex. 33, EBAY_STEINER_00005468 at 10.

97. ████████████████████████████████████████ DPA ¶ 37.

Finkelstein Ex. 1.; Wymer Answer ¶ 82, 85. Finkelstein Ex. 3.;

███████████████████Finkelstein Ex. 24.; Baugh Sentencing Memo at p. 19.

Finkelstein Ex. 5.

**EBAY'S RESPONSE:** Disputed. The assertions in this paragraph constitute legal conclusions, not facts. Additionally, Baugh's sentencing memorandum is inadmissible against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and the remaining record materials Plaintiffs cite do not support the assertions in this paragraph.

98. Stockwell believed persons at eBay more senior than Jim Baugh were aware of the

activity Baugh had directed her and other defendants to carry out. Stockwell's response to

eBay's RFA No. 22. Finkelstein Ex. 82.

**EBAY'S RESPONSE:** Disputed. Stockwell's statements in response to eBay's requests for admission are inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs cite no other evidence supporting the assertions in this paragraph.

99. Popp believed eBay Executives were aware of the activity her superiors at eBay directed

her to carry out.  Popp's response to eBay's RFA No. 21. Finkelstein Ex. 45.

**EBAY'S RESPONSE:** Disputed. Popp's statements in response to eBay's requests for admission are inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs cite no other evidence supporting the assertions in this paragraph.

100.      Baugh told Zea she was to provide a "cover story" to eBay investigators until

Baugh could speak with their superiors. Zea's response to eBay's RFA No. 12.

Finkelstein Ex. 46.

**EBAY'S RESPONSE:** Disputed. Popp's statements in response to eBay's requests for admission are inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that

party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs cite no other evidence supporting the assertions in this paragraph.

101.     Popp believed persons at eBay more senior than Jim Baugh were aware of the

activity Ms. Popp was directed to carry out by her superiors at eBay. Popp's response

to eBay's RFA No. 22. Finkelstein Ex. 45.

**EBAY'S RESPONSE:** Disputed. Popp's statements in response to eBay's requests for admission are inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs cite no other evidence supporting the assertions in this paragraph.

102.     Popp believed and/or knew that at least one person at the PFC Group of

Companies was aware of the activity her superiors at eBay directed her to carry

out. Popp's response to eBay's RFA No. 23. Finkelstein Ex. 45.

**EBAY'S RESPONSE:** Disputed. Popp's statements in response to eBay's requests for admission are inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-defendant employer). No other exception to the hearsay rule applies, and Plaintiffs cite no other evidence supporting the assertions in this paragraph.

103.     Zea did not feel comfortable reporting her concerns to anyone at eBay because

it was her understanding that the higher ups were all aware of Jim Baugh's operation

and she feared that someone would tell Baugh that she was talking about his plans, and

she was scared of retaliation." Zea's response to eBay's RFA No. 20. Finkelstein Ex.

46.

**EBAY'S RESPONSE:** Disputed. Zea's statements in response to eBay's requests for admission are inadmissible hearsay against eBay because under Federal Rule of Evidence 801(d)(2), "a party's statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (affirming district court's refusal to admit into evidence defendant employee's statements offered against co-

defendant employer). No other exception to the hearsay rule applies, and Plaintiffs cite no other evidence supporting the assertions in this paragraph.

104.    On August 1, 2019, Wymer told Baugh "Hatred is a sin.  I am very sinful"; "[Ina

Steiner] is biased troll who needs to get BURNED DOWN"; and "I want to see ashes.

As long as it takes.  Whatever it takes."  Wymer Answer ¶¶ 4, 85, 126.  Finkelstein Ex. 3.

**EBAY'S RESPONSE:** Undisputed that on August 1, 2019, Wymer texted Baugh "Hatred is a sin. I am very sinful" and "[Ina Steiner] is a biased troll who needs to get BURNED DOWN." Finkelstein Ex. 7, DPA Attachment A ¶ 39. Undisputed that on August 7, 2019, Wymer texted Baugh "I want to see ashes. As long as it takes. Whatever it takes." Finkelstein Ex. 7, DPA Attachment A ¶ 46.

105.    There were communications between Wymer and Baugh that

Wymer destroyed. DPA ¶¶ 51-52; 61. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

106.    ███████████████████████████████

████████████████████████████████

██████████████████████████

████████████████████ Finkelstein Ex. 2.

**EBAY'S RESPONSE:** Undisputed that Jones made the statement described in the paragraph. eBay disputes Plaintiffs' characterization that Jones gave Wymer "carte blanche" to use Baugh, which is unsupported by the statement or any other record evidence.

107.    On May 31, 2019, there were texts between Jones and Wymer: with Wymer

stating "her day is coming" and Jones stating "I can't wait" "She is a cow."

WYMER00000423, DPA ¶ 20. Finkelstein Ex. 1.

**EBAY'S RESPONSE:** Undisputed.

108.    Jones was unaware of "illegitimate" expenses by the security team, including:

PFC paying for eBay employees' expenses, (Gilbert flight to Boston in June and LA

in August paid for with one of the analysts's PFC-issued credit cards); PFC0000317.

Finkelstein Ex. 50; ████████████████████████

████████████████████ Finkelstein Ex. 18; Baugh's flight to Boston in August

(paid for with Zea's PFC-issued credit card). PFC0001188. Finkelstein Ex. 115.

**EBAY'S RESPONSE:** Undisputed.

109.        EcommerceBytes had record number of page views and users prior to

eBay's actions in August 2019. PPROD_071821 p.251, Finkelstein Ex. 49.

**EBAY'S RESPONSE:** Disputed. Plaintiffs' characterization of the chart showing page
views and users for EcommerceBytes is misleading. For example, the number of page views
and users were already on a downward trend prior to August 2019; both experienced an
increase after August 2019; and the number of users rebounded above June 2020 levels by
late-2020. In addition, the number of users from 2020 to 2021 is greater than the number of
users from 2019 to 2020.

110.        EcommerceBytes experienced a drop in page views and users, after the

criminal complaint became public in June 2020.  PPROD-071821 p.251. Finkelstein

Ex. 49.

**EBAY'S RESPONSE:** Disputed. Plaintiffs' characterization of the charts showing page
views and users for EcommerceBytes is untrue as to users. The chart shows that the number
of users at the end of 2020 surpassed the number of users in June 2020. In addition, the page
view chart shows that the number of page views rebounded at the end of 2020 to nearly the
same number of page views as in June 2020.

Dated: February 14, 2025                    Respectfully submitted,

                                            */s/ Jack W. Pirozzolo*
                                            Jack W. Pirozzolo (BBO #564879)
                                            Kathryn L. Alessi (BBO #651110)
                                            SIDLEY AUSTIN LLP
                                            60 State Street, 36th Floor
                                            Boston, MA 02109
                                            Telephone: (617) 223-0300
                                            Facsimile: (617) 223-0301
                                            jpirozzolo@sidley.com
                                            kalessi@sidley.com

                                            Scott T. Nonaka (*pro hac vice*)
                                            David A. Goldenberg (*pro hac vice*)
                                            SIDLEY AUSTIN LLP
                                            555 California Street, Suite 2000

San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com
dgoldenberg@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 14, 2025                    */s/ Jack W. Pirozzolo*
                                            Jack W. Pirozzolo