# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, et al., ) | |
| Plaintiffs, ) | Civil Action No. 21-CV-11181-PBS |
| v. ) | **ORAL ARGUMENT REQUESTED** |
| EBAY INC., et al., ) | |
| Defendants. ) | |

## DEFENDANT WENDY JONES'S REPLY BRIEF
## IN FURTHER SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

**[FILED UNDER SEAL]**
**Leave to file granted on Feb. 14, 2025**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

I.    Summary Judgment is Appropriate Because Plaintiffs Failed to Develop Any admissible evidence sufficient to create a Genuine Dispute of Material Fact as to Ms. Jones.............................................................................................................. 2

    A.    Plaintiffs Cannot Rely on Inadmissible "Evidence" To Create a Dispute of Fact............................................................................................................. 2

        1.    *The Security Group Defendants' Sentencing Memoranda Are Inadmissible Hearsay As To Ms. Jones and Cannot Create a Dispute of Fact.* .................................................................................... 3

        2.    *Interview Notes from eBay's Internal Investigation Are Inadmissible Hearsay, Unreliable, and Prejudicial, And Do Not Support Claims Against Ms. Jones in Any Event.*. ............................. 5

        3.    *eBay's Deferred Prosecution Agreement Is Inadmissible Hearsay As To Ms. Jones And Do Not Support Claims Against Ms. Jones in Any Event.*. .................................................................. 6

    B.    Plaintiffs Have Presented No Evidence That Ms. Jones Intended to Harm Plaintiffs. ................................................................................................. 7

    C.    Plaintiffs' Law of the Case Argument is a Red Herring. ...................... 8

II.    The Court Should Grant Ms. Jones's Motion for Summary Judgment on Plaintiffs' Conspiracy Claim Because there is No Record Evidence that Ms. Jones Entered Into an Agreement to Conspire Against Plaintiffs. ............................................. 9

III.    Summary Judgment on Plaintiffs' Intentional Tort Claims is Appropriate. .................... 11

    A.    Count 1: Plaintiffs Present No Admissible Evidence That Ms. Jones Directed or Aided and Abetted Intentional Infliction of Emotional Distress. .................... 11

    B.    Counts 10, 11, and 12: Plaintiffs Present No Admissible Evidence That Ms. Jones Directed or Aided and Abetted Defamation, Trespass, or False Imprisonment. ...................................................................................... 14

        1.    *Plaintiffs Fail to Create a Genuine Dispute of Material Fact that Ms. Jones Aided and Abetted Defamation.* ................................. 14

i

   2. *Plaintiffs Fail to Create a Genuine Dispute of Material Fact that Ms. Jones Aided and Abetted Trespass.* ...................................................... 15

   3. *Plaintiffs Fail to Create a Genuine Dispute of Material Fact that Ms. Jones Aided and Abetted False Imprisonment.* .................................. 17

  C. Count 9: Plaintiffs Present No Admissible Evidence That Ms. Jones Directed or Aided and Abetted Interference with Plaintiffs' Rights Under the Massachusetts Civil Rights Act. .................................................................... 17

IV. Summary Judgment on Plaintiffs' Negligence Claims is Appropriate Because Plaintiffs Failed to Create a Genuine Dispute of Material Fact that Ms. Jones Acted Negligently .......................................................................................................... 18

CONCLUSION .............................................................................................................. 20

REQUEST FOR ORAL ARGUMENT ........................................................................ 21

CERTIFICATE OF SERVICE ..................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986).................................................................................................2

*Carroll v. Xerox Corp.*,
  294 F.3d 231 (1st Cir. 2002)...................................................................................12

*Cocuzzo v. Trader Joe's E. Inc.*,
  121 F.4th 924 (1st Cir. 2024)...............................................................................2, 5

*Diaz v. City of Somerville*,
  583 F. Supp. 3d 296 (D. Mass. 2022) .....................................................................8

*Fisher v. Trainor*,
  242 F.3d 24 (1st Cir. 2001)......................................................................................9

*Foley v. Polaroid Corp.*,
  508 N.E.2d 72 (Mass. 1987)...................................................................................12

*Garmon v. Nat'l R.R. Passenger*
  844 F.3d 307 (1st Cir. 2016)...................................................................................20

*Geary v. OE Plus, LTD*,
  Nos. 041135, 0401028, 2005 WL 3670415 (Mass. Super. Ct. Nov. 8, 2005)........18

*Go-Best Assets, Ltd. v. Citizens Bank of Mass.*,
  972 N.E.2d 426 (Mass. 2012) ...................................................................15, 16, 17

*Gomez v. Stop & Shop Supermarket Co.*,
  670 F.3d 395 (1st Cir. 2012)....................................................................................7

*Lopera v. Town of Coventry*,
  640 F.3d 388 (1st Cir. 2011)...............................................................................8, 19

*Mass Cash Reg., Inc. v. Comtrex Sys. Corp.*,
  901 F. Supp. 404 (D. Mass. 1995) .........................................................................12

*Mass. Port Auth. v. Turo Inc.*,
  166 N.E.3d 972 (Mass. 2021) .................................................................................16

*Morehouse v. Berkshire Gas Co.*,
  989 F. Supp. 54 (D. Mass. 1997) ...............................................................11, 13, 14

*Morgan v. Town of Lexington*,
  138 F. Supp. 3d 82 (D. Mass. 2015) .................................................................14

*Satanic Temple, Inc. v. City of Boston*,
  684 F. Supp. 3d 21 (D. Mass. 2023) ..........................................................6, 8, 17

*Sena v. Commonwealth*,
  629 N.E.2d 986 (Mass. 1994) .............................................................................12

*Taylor v. Am. Chemistry Council*,
  576 F.3d 16 (1st Cir. 2009)..................................................................................10

*Travers v. Cotiviti, LLC*,
  No. 18-562, 2022 WL 834168 (D.R.I. Mar. 21, 2022)..........................................4

*United States v. Serrano*,
  870 F.2d 1 (1st Cir. 1989)......................................................................................7

**Statutes**

Massachusetts Civil Rights Act ...............................................................9, 17, 18

**Other Authorities**

Fifth Amendment ..........................................................................................................4

Fed. R. Evid. 403 .........................................................................................................3

Fed. R. Evid. 801 ..................................................................................................3, 5, 7

Fed. R. Evid. 802 .....................................................................................................3, 7

Fed. R. Evid. 805 .....................................................................................................3, 5

Rule 56(c)(2) ............................................................................................................2, 5

Rule 56.1 .......................................................................................................3, 4, 5, 8

## PRELIMINARY STATEMENT

Plaintiffs spend much of their brief harkening back to the motion to dismiss stage of the case, where allegations could substitute for evidence. They misread the "law of the case" doctrine to argue that if their allegations were sufficient to survive a motion to dismiss, they are sufficient to survive a motion for summary judgment—even without admissible evidence to support them. That is not the law. At summary judgment, Plaintiffs can no longer rest on unsupported allegations, the criminal conduct of *other defendants*, and rank speculation, or inferences upon inferences from inadmissible evidence. Plaintiffs must present *admissible* evidence to support their claims against Wendy Jones. But despite the benefit of nearly 100,000 documents, 20 depositions, and an intensive government investigation, there is still no admissible evidence on which any reasonable juror could find that *Ms. Jones* participated in any intentional tort or conspired to do so, or that Ms. Jones acted negligently.

In their Opposition to Ms. Jones's Motion for Summary Judgment ("Opposition"), Plaintiffs do as they have done since adding Ms. Jones as a defendant: lump Ms. Jones into allegations involving other Defendants and speculate, without admissible evidence, regarding what Ms. Jones "must have" done. What was adequate at the motion to dismiss stage is no longer sufficient now that discovery has closed.

No one disputes that Plaintiffs were injured by certain Defendants. But Plaintiffs must be held to their proper burden at this stage of the proceedings *as to each individual defendant*. Because Plaintiffs cannot meet that burden as to Ms. Jones for the reasons stated below and in Ms. Jones's Memorandum of Law in Support of Her Motion for Summary Judgment (ECF No. 496), Ms. Jones is entitled to summary judgment.

## ARGUMENT

**I.    SUMMARY JUDGMENT IS APPROPRIATE BECAUSE PLAINTIFFS FAILED TO DEVELOP ANY ADMISSIBLE EVIDENCE SUFFICIENT TO CREATE A GENUINE DISPUTE OF MATERIAL FACT AS TO MS. JONES.**

At summary judgment, "the judge must ask [herself] not whether [she] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  The mere existence of a scintilla of evidence in support of the plaintiff's position [as to the relevant defendant] will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  "A plaintiff opposing summary judgment bears the burden of producing ***specific facts*** sufficient to defeat summary judgment. *Cocuzzo v. Trader Joe's E. Inc.*, 121 F.4th 924, 930 (1st Cir. 2024) (emphasis added) (internal quotation marks and citation omitted).  While courts will "resolve all *reasonable* inferences in favor of the [plaintiff], [courts] must ignore conclusory allegations, improbable inferences, and unsupported speculation." *Id.* (emphasis added).   Because Plaintiffs rely on "conclusory allegations, improbable inferences, and unsupported speculation," *id.*, in their Opposition, the Court should grant Ms. Jones's Motion for Summary Judgment.

**A.    Plaintiffs Cannot Rely on Inadmissible "Evidence" To Create a Dispute of Fact.**

Under Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact [at summary judgment] cannot be presented in a form that would be admissible in evidence." Plaintiffs' arguments rely squarely on such inadmissible evidence and therefore cannot withstand a motion for summary judgement.

1.    *The Security Group Defendants' Sentencing Memoranda Are Inadmissible Hearsay As To Ms. Jones and Cannot Create a Dispute of Fact.*

Throughout their Opposition, Response to Ms. Jones's Rule 56.1 Statement of Undisputed Facts, and Statement of Proposed Undisputed Facts, Plaintiffs rely on sentencing memoranda of several of the Security Group Defendants.[1]  *See* ECF Nos. 530, 531, 532.  But these memoranda are inadmissible double (and triple) hearsay for which Plaintiffs have made no showing that they can be presented in an admissible form.  Plaintiffs made no effort to corroborate the unsworn statements communicated by the Security Group Defendants' attorneys in memoranda designed to help the Security Group Defendants receive the most lenient sentences possible.

For example, Plaintiffs' use of Baugh's sentencing memorandum is the very definition of hearsay.  Plaintiffs rely on statements purportedly made to Baugh, who then conveyed those statements to his attorney, who then proffered the assertions in a sentencing memorandum.  The Federal Rules of Evidence are designed to exclude precisely this kind of self-serving, prejudicial, and unreliable evidence.  Fed. R. Evid. 801, 802, and 805; *see also* Fed. R. Evid. 403.

The First Circuit has expressly recognized that statements made during sentencing proceedings are self-serving and therefore unreliable.  In *United States v. Albert*, the court did not allow co-defendant's statement made during ***his own sentencing allocution*** to be admitted under a hearsay exception against a codefendant.  773 F.2d 386, 389–90 (1st Cir. 1985).  The court recognized: "Convicted defendants speak at allocution during sentencing procedures to help themselves, not to be sentenced to a longer term of incarceration.  In this context, then, the statement itself is clearly self-serving, even to the extent that defendant admits his own criminal conduct, for he is seeking favorable treatment for himself."  *Id*. at 390.  So too here.  As in *Albert*,

---

[1] The Security Group Defendants are Defendants Jim Baugh, Dave Harville, Stephanie Popp, Stephanie Stockwell, Philip Cooke, Brian Gilbert, and Veronica Zea.  All seven Security Group Defendants have been convicted for their roles in Baugh's criminal conspiracy.

Baugh's and the other Security Group Defendants' sentencing memoranda are self-serving and possess none of the indicia of reliability necessary to meet a hearsay exception.[2]

Further, Baugh's sentencing memorandum, on its face, demonstrates that it is not a reliable source that can create a *reasonable* dispute of fact. For instance, Plaintiffs rely heavily on Baugh's assertion that Ms. Jones asked Baugh to "huddle" on an issue involving EcommerceBytes. Pls.' Ex. 5, Jim Baugh Sent'g Mem. But a screenshot of the actual message, *included in Baugh's sentencing memorandum*, shows that Ms. Jones asked Russell Phimister—the then-Senior Director of Workplace Resources at eBay and Ms. Jones's direct report—to "huddle" on the issue; Baugh was merely copied on the email. *Id.*; ECF No. 503, Ex. 4 at -4664. Moreover, the issue Ms. Jones was concerned about did not relate to EcommerceBytes, and instead concerned safety issues involving a website post by a contractor at eBay's campus. ECF No. 503, Ex. 20 (Jones asking Phimister to send a letter to contractor emphasizing unacceptable website content, later Phimister stating that his supervisee, Tom Edwards, will work with Jones and Baugh to resolve the security issue); ECF No. 503, Ex. 17 ██████████████████████████ ██████████████████ Tellingly, Plaintiffs themselves admit that this email chain did not relate to a "huddle" with Baugh regarding EcommerceBytes in their responses to Ms. Jones's Statement of Facts. *See* ECF No. 531, Pls.' Resp. to Def. Wendy Jones's Rule 56.1 Statement of Undisputed Facts ¶¶ 16–17 (Plaintiffs' admission that Ms. Jones sought to "huddle" with Mr. Phimister regarding a website post by an eBay contractor).

---

[2] Not only is Baugh's sentencing memorandum inadmissible triple hearsay, but the information in Baugh's sentencing memorandum also cannot be presented in a form that would be admissible in evidence. *See Travers v. Cotiviti, LLC*, No. 18-562, 2022 WL 834168, at *3 (D.R.I. Mar. 21, 2022). Plaintiffs did not take Baugh's deposition, and Baugh will not be available to testify at trial because he will likely still be incarcerated. Further, Baugh has indicated through his attorney that he plans assert his Fifth Amendment privilege during questioning.

Plaintiffs cannot hide behind the suggestion that maybe, perhaps, they will elicit supporting testimony at trial.  Plaintiffs made a tactical decision not to depose Mr. Baugh, despite an order from this Court allowing them to do so.[3]  *See* ECF No. 413, Pls.' Appl. for Leave to Depose Prisoner; ECF No. 425, Order on ECF No. 413.  Nor did Plaintiffs depose Ms. Jones, who stated under oath in a sworn declaration that Plaintiffs' allegations are false.  Ms. Jones's account is undisputed.  Plaintiffs' tactical decision not to depose Baugh (or any individual Defendant in this case)—whether to preserve an element of "surprise" at trial or otherwise—should not be rewarded by permitting a deviation from the First Circuit's controlling standard.  *See Cocuzzo*, 121 F.4th at 930.

2.    *Interview Notes from eBay's Internal Investigation Are Inadmissible Hearsay, Unreliable, and Prejudicial, And Do Not Support Claims Against Ms. Jones in Any Event.*

In their Opposition, Response to Ms. Jones's Rule 56.1 Statement of Undisputed Facts, and Statement of Proposed Undisputed Facts, Plaintiffs also cite notes taken during eBay's internal investigation as supposed evidence against Ms. Jones.  *See, e.g.*, Pls.' Exs. 2, 9, 18, 22; *see generally* ECF No. 530, Pls.' Opposition; ECF No. 531, Pls.' Resp. to 56.1 Statement of Undisputed Facts; ECF No. 532, Pls.' Statement of Proposed Undisputed Facts.  These notes are double hearsay: what Ms. Jones said to investigators or what investigators asked Ms. Jones, and what investigators recorded of the conversation.  *See* Fed. R. Evid. 801; *see also* Fed. R. Evid. 805.

---

[3] Plaintiffs' reliance on other sentencing materials, such as a letter Defendant Zea wrote to accompany her sentencing memorandum (Pls.' Ex. 13) and the letter written by former GIC analyst Anneli Olausson on Zea's behalf (Pls.' Ex. 11), should similarly be excluded from consideration.  Both letters are out-of-court statements that Plaintiffs seek to use to prove the truth of the matter asserted.  Moreover, the letters proffer statements made to Zea and Olausson by others.  Such hearsay should not be considered at the summary judgment stage or at trial.  Moreover, Zea wrote her letter to deflect blame in an attempt to achieve a lighter sentence, a motive that the First Circuit considers self-serving.  *See Albert*, 773 F.2d at 389–90.  Defendants deposed both Zea and Olausson, and Plaintiffs had the opportunity to ask questions during each deposition.  If Plaintiffs wanted testimony related to Zea's and Olausson's letters, or to otherwise demonstrate that the facts from the letters can be presented in a form that would be admissible at trial, Plaintiffs had that opportunity but did not take it.  *See* Fed. R. Civ. P. 56(c)(2).

These notes are plainly inadmissible (and Plaintiffs have made no showing that they can be presented in an admissible form) and illustrate the very purpose of the hearsay rule: it is not always clear who is speaking, what question was asked, what the answer was or even who recorded the supposed answer. The multiple typos, among other defects, prove the unreliability of the notes and the wisdom of the hearsay rule. Plaintiffs had the opportunity to ask additional questions to authenticate these interview notes, or to verify the accounts during depositions, but they failed to do so.[4] Not only are the notes therefore inadmissible but the supposed statements by Ms. Jones would not satisfy any element of a claim against her. They cannot form the basis for a genuine dispute of material fact.

> 3.    *eBay's Deferred Prosecution Agreement Is Inadmissible Hearsay As To Ms. Jones, And Do Not Support Claims Against Ms. Jones in Any Event.*

On January 10, 2024, eBay and the government entered into a Deferred Prosecution Agreement ("eBay DPA") in which eBay admitted to certain facts related to the Security Group Defendants' harassment campaign and agreed to certain remedial measures. Pls.' Ex 1, eBay DPA (Jan. 10, 2024). The eBay DPA was binding only on eBay and the U.S. Attorney's Office. *Id.* at 20. The eBay DPA was a compromise between those parties to settle allegations and a substantial potential liability on the part of a publicly traded company, eBay, which had every incentive to put the cost, embarrassment, and distraction of this episode behind it.

Plaintiffs now seek to use the eBay DPA—which contains concessions by eBay about eBay—as evidence that *Ms. Jones* engaged in a conspiracy to harass Plaintiffs. As an initial matter,

---

[4] Plaintiffs noticed multiple topics related to eBay's internal investigation as part of the eBay 30(b)(6) deposition. Ex. 55, Pls.' Further Am. Notice of Dep. to Def. eBay Inc., Pursuant to FRCP 30(b)(6) at 3–7, 10, 12–13 (Aug. 28, 2024).

███████████████████████████████████████████████████████

*See Satanic Temple, Inc. v. City of Boston*, 684 F. Supp. 3d 21, 33 n.6 (D. Mass. 2023) ("If relevant evidence is absent from the summary judgment record, it is the result of [plaintiff's] own actions.").

the eBay DPA is inadmissible hearsay that cannot be used against Ms. Jones at trial or at summary judgment. Fed. R. Evid. 801, 802; *see United States v. Serrano*, 870 F.2d 1, 7-9 (1st Cir. 1989). Ms. Jones did not participate in the negotiation of the eBay DPA. Ms. Jones also has not adopted the eBay DPA. Perhaps more to the point, the admissions by eBay in the DPA do not constitute evidence supporting claims against Ms. Jones. Despite references to company executives in the eBay DPA, that document does not establish any fact sufficient to sustain a claim against *Ms. Jones* as an individual.

### B. Plaintiffs Have Presented No Evidence That Ms. Jones Intended to Harm Plaintiffs.

Critically, Plaintiffs have presented no evidence, admissible or otherwise, that Ms. Jones intended to defame Plaintiffs, violate their civil rights, aid and abet the Security Group Defendants' tortious acts, or enter into a conspiracy to do any of those things. The element of intent is essential to each of those claims (Counts 1, 9, 10, 11, 12, 13), but Plaintiffs fail to proffer any evidence that Ms. Jones directed the Security Group Defendants to harass Plaintiffs.[5]

In fact, undisputed evidence in the record demonstrates that Ms. Jones had no intent to harm Plaintiffs and had no knowledge of Baugh or the other Security Group Defendants' actions. In a sworn affidavit, Ms. Jones stated that she first heard of the Security Group Defendants' criminal conduct on or about August 22, 2019, and that Baugh never informed her of his criminal plans because Ms. Jones never would have endorsed such behavior. ECF No. 503, Ex. 7 ¶¶ 9–10.

---

[5] Plaintiffs argue without citing to any evidence either in their brief or in their Statement of Proposed Undisputed Facts that the alleged destruction of "numerous communications between herself and Baugh requires this Court to presume the destroyed records were harmful to her on various issues, including the issue of intent." ECF No. 530 at 3. Ms. Jones fully complied with all document preservation obligations, and Plaintiffs' assertions, without evidence or legal support, are insufficient to create an adverse inference. *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012) ("Before an inference of spoliation may be drawn, its proponent must show at a bare minimum that the opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence. . . . And there is an even more rudimentary requirement: the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e. destroyed or not preserved.)" (citation omitted)).

There is no evidence in the record on this point other than Ms. Jones's sworn statement as to her knowledge and intent. During discovery, Plaintiffs made the strategic decision not to depose Ms. Jones or Baugh. Plaintiffs must now live with their decision. They cannot try to force a dispute of material fact by offering broad inferences in opposition to clear, sworn testimony that is directly on point. *See Satanic Temple, Inc.*, 684 F.Supp.3d at 33 n.6 ("If relevant evidence is absent from the summary judgment record, it is the result of [plaintiff's] own actions."). Indeed, Plaintiffs' decision not to depose Ms. Jones appears all the more cynical and strategic knowing that her testimony would undercut their claims.

When you remove the sentencing memoranda, interview notes, and other inadmissible hearsay from Plaintiffs' evidentiary record—as this Court must—the evidence against Ms. Jones becomes nothing more than threadbare speculation, conclusory allegations, and unreasonable inferences. Such an evidentiary record is insufficient for a reasonable jury to find in favor of Plaintiffs and is therefore insufficient to defeat Ms. Jones's Motion for Summary Judgment. *Lopera v. Town of Coventry*, 640 F.3d 388, 403 (1st Cir. 2011).[6]

### C.     Plaintiffs' Law of the Case Argument is a Red Herring.

Facing an evidentiary record devoid of evidence implicating Ms. Jones, Plaintiffs rely on a red herring, claiming the "law of the case" doctrine precludes this Court from granting summary judgment in favor of Ms. Jones on Plaintiffs' conspiracy, intentional infliction of emotional

---

[6] Plaintiffs' Response to Ms. Jones's Rule 56.1 Statement of Undisputed Fact (ECF No. 531) implicitly admits their lack of admissible evidence. For example, Plaintiffs deny several statements of undisputed fact because they lack "information or knowledge sufficient to respond." ECF No. 531 ¶¶ 13, 17, 18. That is, they admit they have no evidence sufficient to *dispute* the proffered fact. In other places, Plaintiffs "admit" to parts of a proposed statement of fact, without engaging with the remainder of the statement—effectively conceding it is undisputed. *See, e.g.*, *id.* ¶¶ 5, 11, 19. While that response may be acceptable in an Answer or another earlier pleading, it is insufficient now that months of extensive discovery has been completed, and the Court should construe any such statements in Plaintiffs Response to Ms. Jones's Rule 56.1 Statement of Undisputed Fact as an admission. *Diaz v. City of Somerville*, 583 F. Supp. 3d 296, 304 n.12 (D. Mass. 2022) (Deeming every fact for which plaintiff stated he lacked sufficient information to be undisputed in favor of defendant because "[a] party opposing summary judgment cannot create a genuine issue of fact by denying statements, which the moving party contends are undisputed and supported by sufficient evidence, on the basis that he lacks knowledge and information to admit or deny the statement.").

distress ("IIED"), trespass, false imprisonment, and Massachusetts Civil Rights Act ("MCRA") claims. This is simply an inaccurate application of the law of the case doctrine and a misreading of Ms. Jones's Motion for Summary Judgment.

As explained by the First Circuit, a prior ruling does "not foreclose, as the law of the case, a subsequent grant of summary judgment on an amplified record." *Fisher v. Trainor*, 242 F.3d 24, 29 n.5 (1st Cir. 2001) (citation omitted). This is particularly true where, as here, the prior ruling was based on a different legal and evidentiary standard. As the Court in *Financial Resources Network, Inc. v. Brown & Brown, Inc.* explained: "[a] motion to dismiss addresses the plausibility of the claims in the complaint and assumes facts therein as true whereas a motion for summary judgment addresses whether genuine issues of material fact exist to support the claims. A different factual record and a different standard of review govern summary judgment motions . . . . Accordingly, the law of the case doctrine does not bar reconsideration of the timeliness finding made on different legal and factual records." 754 F. Supp. 2d 128, 155 (D. Mass. 2010).

This Court should not allow Plaintiffs' refrain of "law of the case" to distract from the very real flaws in Plaintiffs' evidentiary record. The doctrine is wholly inapplicable here, and the Court's ruling on Ms. Jones's Motion for Summary Judgment should be based on the evidentiary record developed through discovery, which, as detailed above, is insufficient to create a genuine dispute of material fact as to the claims *against Ms. Jones*.

## II.    THE COURT SHOULD GRANT MS. JONES'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CONSPIRACY CLAIM BECAUSE THERE IS NO RECORD EVIDENCE THAT MS. JONES ENTERED INTO AN AGREEMENT TO CONSPIRE AGAINST PLAINTIFFS.

While Plaintiffs attempt to rely on the Court's Order on the motions to dismiss, which credited Plaintiffs' allegations regarding supposed "directives" from Ms. Jones in support of their conspiracy claim (ECF No. 309, at 39–40), they have developed no admissible evidence to support

their bare assertion.  At summary judgment, Plaintiffs must have admissible evidence. But despite months of discovery, Plaintiffs can point to no evidence creating a dispute of material fact as to conspiracy claims *against Ms. Jones*.

Plaintiffs' citations to Baugh's sentencing memorandum, eBay's unreliable internal investigation notes, or eBay's DPA cannot create such a dispute.  As discussed in Section I, *supra*, the self-serving statements in Baugh's sentencing memorandum are inadmissible triple hearsay, the interview notes contain incurable double hearsay, and eBay's DPA (which does not meaningfully implicate Ms. Jones as an individual person) is an inadmissible hearsay document binding only on eBay and the U.S. Attorney's Office.

Even if the Court were to consider these three categories of document, the allegations contained in them are insufficient.  Plaintiffs must cite evidence that Ms. Jones *intentionally* entered into a conspiracy *and* that she "gave substantial assistance or encouragement" to the conspiracy.  The documents reveal no such facts—no evidence of an agreement, of an intent to enter one, or of substantial assistance or encouragement of unlawful conduct.  *See Taylor v. Am. Chemistry Council*, 576 F.3d 16, 36–37 (1st Cir. 2009) (granting summary judgment because plaintiff presented no evidence from which a reasonable jury could conclude that defendants had the "unlawful intent" necessary for substantial assistance liability).

Finally, Plaintiffs argue the intra-corporate conspiracy doctrine is not applicable solely because eBay admitted Zea was an eBay contractor.  As detailed in Ms. Jones's Motion for Summary Judgement, Zea was in all relevant respects an eBay employee. *See* ECF No. 496, at 12–13.

III.    **SUMMARY JUDGMENT ON PLAINTIFFS' INTENTIONAL TORT CLAIMS IS APPROPRIATE.**

A.    **Count 1: Plaintiffs Present No Admissible Evidence That Ms. Jones Directed or Aided and Abetted Intentional Infliction of Emotional Distress.**

Ms. Jones is entitled to summary judgement on Plaintiffs' IIED claim (Count 1) because

Plaintiffs have failed to adduce (i) evidence that Ms. Jones "set in motion" or had *any* knowledge

of the criminal conduct perpetrated by the Security Group Defendants, or (ii) that her conduct was

extreme and outrageous, both of which are required to survive a motion for summary judgment.

Plaintiffs must cite admissible evidence that Ms. Jones:

> 1) intended to inflict emotional distress or that [she] knew or should have known that emotional distress would result from [her] action; 2) the conduct was extreme and outrageous, beyond all bounds of decency and utterly intolerable in a civilized community; 3) [Ms. Jones's] conduct caused the plaintiff's distress; and 4) the plaintiff's emotional distress was severe and of a nature that no reasonable person could be expected to endure it.

*Morehouse v. Berkshire Gas Co.*, 989 F. Supp. 54, 65–66 (D. Mass. 1997).

Plaintiffs fail to cite to a single piece of evidence regarding Ms. Jones in this section of the

Opposition, and instead rely only on (i) actions that *eBay* purportedly admitted to (that do not

involve Ms. Jones) and (ii) the unsupported statement that the "Executive Defendants" are liable

for IIED because they somehow "set[] in motion the conspiracy to intimidate, threaten, torture,

terrorize, stalk and silence the Steiners."  ECF No. 530, at 11.  In the absence of any relevant

evidence, Plaintiffs argue that Ms. Jones is not entitled to summary judgment on their IIED claim

because, at the motion to dismiss stage, this Court found that "drawing all reasonable inferences

in Plaintiffs' favor, the FAC sufficiently alleges that the Executive Defendants, through their

communications and directives, 'set in motion' the conspiracy to 'intimidate, threaten, torture,

terrorize, stalk and silence the Steiners.'"  ECF No. 530, at 10–12.  And while it is undisputed that

this Court found that "[a]*t this earl*y motion to dismiss stage, Plaintiffs' IIED claim is sufficiently

pled," this holding does not bear on Ms. Jones's Motion for Summary Judgment where Plaintiffs must now present evidence to support their allegations. *See* ECF No. 309, at 21 (emphasis added).

It is well established that "[m]ere allegations are insufficient to defeat a summary judgment motion; rather, the 'nonmoving party must adduce specific, provable facts which establish that there is a triable issue.'" *Mass Cash Reg., Inc. v. Comtrex Sys. Corp.*, 901 F. Supp. 404, 415 (D. Mass. 1995) (citation omitted); *see also Carroll v. Xerox Corp.*, 294 F.3d 231, 236–37 (1st Cir. 2002) ("'[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment. Rather, to withstand a properly supported motion for summary judgment, the opposing party must present 'enough competent evidence' to enable a factfinder to decide in its favor on the disputed claims.") (citations omitted). As detailed in Section I, *supra*, Plaintiffs have presented no admissible evidence that Ms. Jones "set in motion" or had any knowledge of the criminal conduct, and therefore, this Court must grant Ms. Jones's Motion for Summary Judgment on the IIED claim.

In addition to failing to present evidence that Ms. Jones had knowledge of the criminal conduct, Plaintiffs fail to establish that Ms. Jones engaged in the "extreme and outrageous conduct" required to succeed on an IIED claim. Even if the inadmissible evidence taken from Baugh's sentencing memorandum were considered—which it cannot be—Plaintiffs cite to no evidence that Ms. Jones engaged in "extreme and outrageous conduct" that went "beyond all bounds of decency and [is] utterly intolerable in a civilized community." *Sena v. Commonwealth*, 629 N.E.2d 986, 994 (Mass. 1994) (citation omitted).

To make the requisite showing that Ms. Jones's conduct was extreme and outrageous, Plaintiffs must show more than that Ms. Jones made rude or insulting comments. *Foley v. Polaroid Corp.*, 508 N.E.2d 72, 82 (Mass. 1987) (finding that extreme and outrageous conduct "cannot be

predicated [on] 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities,' nor even is it enough 'that the defendant has acted with an intent which is tortious or even criminal'") (citation omitted).  It is insufficient for Plaintiffs to show that Ms. Jones knew of the misconduct perpetuated by others towards the Steiners—which, in any event, they have not done.  Instead, Plaintiffs must present evidence that *a supervisor's own conduct* was extreme and outrageous.   No such evidence exists.

In *Morehouse*, a court in this District, applying Massachusetts law, granted summary judgment on an IIED claim for one employee and denied summary judgment for two other employees when all three were accused of extreme and outrageous conduct for sexually harassing a coworker.  989 F. Supp. at 66.  The Court attributed the difference in outcome to the fact that the plaintiffs presented no evidence that the first employee took part in the harassment—only that he had knowledge of but did not stop his two co-defendants from harassing their coworker.   *Id.* Similarly, in *Roe v. Lincoln-Sudbury Regional School District*, the plaintiff alleged that her school failed to sufficiently protect her from sexual harassment and bullying from her peers.  No. 18-10792, 2021 WL 1132256, at *43–44 (D. Mass. Mar. 24, 2021).  The court found that "a reasonable jury could not find that the individual defendants engaged in intentional acts sufficient to rise to the level required under an IIED claim.  Massachusetts courts have found that the 'passive conduct' of 'fail[ing] to act in preventing or remedying the bullying' of a student by other students is insufficient to state a claim for IIED."  *Id.* at *44 (quoting *Morgan v. Town of Lexington*, 138 F. Supp. 3d 82, 94 (D. Mass. 2015)).

Other judges in this District have reached similar conclusions, even at the motion to dismiss stage, finding that allegations of passive conduct are insufficient to allege the "extreme and outrageous" conduct necessary to prove a claim of IIED.  *See Morgan v. Town of Lexington*, 138

F. Supp. 3d 82, 93–94 (D. Mass. 2015).  In *Pollard v. Georgetown School District*, for example, the court dismissed the plaintiff's IIED claims against employees of the school district because plaintiff failed to establish that teachers and supervisors at the school themselves engaged in extreme and outrageous conduct.  132 F. Supp. 3d 208, 233 (D. Mass. 2015).  The court found that the plaintiff's IIED claim "appears to be that the individual Defendants failed to act, despite knowing that bullying was happening.  Unfortunately, Massachusetts courts have found that this type of passive conduct is insufficient."  *Id.*

Ms. Jones is in an even more favorable position than the defendant in *Morehouse,* who won at summary judgment, because Plaintiffs have failed to present any evidence that Ms. Jones participated in the Security Group Defendants' harassment campaign *or* had any knowledge of it. *See* ECF No. 497, Jones's Rule 56.1 Statement of Undisputed Facts; ECF No. 503, Ex. 7, Aff. of Wendy Jones (Oct. 27, 2024) (setting forth undisputed facts regarding Ms. Jones lack of participation).

Because Plaintiffs have failed to present evidence that Ms. Jones's own conduct was extreme and outrageous, this Court should grant Ms. Jones's Motion for Summary Judgment and dismiss Plaintiffs' IIED claim.

> **B.    Counts 10, 11, and 12: Plaintiffs Present No Admissible Evidence That Ms. Jones Directed or Aided and Abetted Defamation, Trespass, or False Imprisonment.**
>
> > 1.    *Plaintiffs Fail to Create a Genuine Dispute of Material Fact that Ms. Jones Aided and Abetted Defamation.*

As detailed in Ms. Jones's memorandum in support of her Motion for Summary Judgment (ECF No. 496), there is zero evidence that Ms. Jones made or published a defamatory statement. *See* ECF No. 496, at 7–10.  Plaintiffs' Opposition does not dispute this fact—which is dispositive at summary judgment.  Instead, once again, Plaintiffs erroneously argue that this Court's ruling at

the motion to dismiss stage forecloses a grant of summary judgment.  Since this Court's order on Defendants' motions to dismiss, there has been extensive discovery—including nearly 100,000 produced documents, 20 depositions, and multiple expert reports—but Plaintiffs are still unable to cite to a single piece of admissible evidence that Ms. Jones knew of, actively participated in, or substantially assisted the Security Group Defendants to make *any* statements about the Steiners. Plaintiffs must meet the summary judgment standard, not the pleading threshold.  *See Fin. Res. Network, Inc.*, 754 F. Supp. 2d at 155 ("A motion to dismiss addresses the plausibility of the claims in the complaint and assumes facts therein as true whereas a motion for summary judgment addresses whether genuine issues of material fact exist to support the claims. A different factual record and different standard of review govern summary judgment motions.").  Their failure to do so entitles Ms. Jones to summary judgment.  *See Go-Best Assets, Ltd. v. Citizens Bank of Mass.*, 972 N.E.2d 426, 438 (Mass. 2012) (affirming superior court's granting judgment on aiding and abetting claim because there was no evidence that co-defendant "actively participated in or substantially assisted" in tortious conduct).

Plaintiffs' defamation arguments also fail for the reasons set forth in eBay's partial motion for summary judgment, including that Plaintiffs have presented no evidence to support their assertion that the purported defamatory statements attributed to other Defendants were false, published, impacted Plaintiffs' reputation in the community, or caused economic loss.  *See* ECF No. 488, eBay Mot. Summ. J. 6–11.

      2.     *Plaintiffs Fail to Create a Genuine Dispute of Material Fact that Ms. Jones Aided and Abetted Trespass.*

Plaintiffs' Opposition also fails to cite to any admissible evidence to support their claim that Ms. Jones intentionally trespassed against Plaintiffs.  As Plaintiffs have conceded, Ms. Jones did not personally participate in any tortious conduct the Security Group Defendants directed

15

towards the Steiners.  Instead, Plaintiffs argue that because "Plaintiffs have presented evidence that Jones participated in the plan to silence the Plaintiffs" she should be liable for the Security Group Defendants' trespass.  ECF No. 530, at 2, 9–10.  This is inaccurate as a matter of fact and law.  Plaintiffs must present evidence that Ms. Jones (1) knew that the Security Group Defendants were trespassing, _and_ (2) that Ms. Jones actively participated or substantially assisted in the trespass.  *Mass. Port Auth. v. Turo Inc.*, 166 N.E.3d 972, 981 (Mass. 2021) (citing *Go-Best Assets, Ltd.*, 972 N.E.2d at 438).  They do no such thing.  There is no admissible evidence (rather than bare assertion) that Ms. Jones knew of the Security Group Defendants' trespass or that she actively participated or substantially assisted in that trespass.

The one case that Plaintiffs cite in support of their trespass claim, *Mass. Port Auth. v. Turo Inc.*, actually favors Ms. Jones's motion for summary judgment.  In *Massachusetts Port Authority*, the Supreme Judicial Court upheld a superior court's grant of a preliminary injunction that disallowed the car rental company Turo from conducting commercial activity at Logan Airport. 166 N.E. 3d at 981–83.  The court found that the Massachusetts Port Authority would likely succeed on its claims that Turo aided and abetted the John Doe defendants trespassing at Logan Airport because they knew of these trespasses and actively participated or substantially assisted in the trespass.  Unlike in the case at hand, however, the plaintiff in *Massachusetts Port Authority* presented *substantial evidence* that Turo both knew of and substantially assisted in the trespass. *See id.* at 980, 982–83 (recounting extensive evidence, including online data reflecting knowledge of rental bookings to transaction and insurance assistance).  In contrast, Plaintiffs here have presented no evidence that Ms. Jones knew of the trespass committed by the criminal defendants or that she actively participated or substantially assisted in that trespass.

3.    *Plaintiffs Fail to Create a Genuine Dispute of Material Fact that Ms. Jones Aided and Abetted False Imprisonment.*

Plaintiffs' Opposition likewise fails to cite to any admissible evidence to support their false imprisonment claim.  To survive summary judgment, a false imprisonment claim premised on an aiding and abetting theory must be supported by admissible evidence showing: "(1) that [the Security Group Defendants] committed the relevant tort; (2) that [Ms. Jones] knew [they were] committing the tort; and (3) that [Ms. Jones] actively participated in or substantially assisted in [their] commission of the tort.  *Go-Best Assets, Ltd.*, 972 N.E.2d at 438.

For the same reasons that foreclose Plaintiffs' IIED claim, presented in Section III.A, *supra*, there is no genuine dispute of material fact because there is no record evidence sufficient to demonstrate that Ms. Jones *knew* of the Security Group Defendants' conduct towards the Steiners, much less that she actively participated or substantially assisted in that conduct.  Further, as set forth in eBay's motion for summary judgment, Plaintiffs' false imprisonment claim fails because there is extensive evidence that Plaintiffs repeatedly left their home and car throughout the Security Group Defendants' harassment campaign, and there is no evidence of intent to confine them.  *See* ECF No. 488, at 11–12.

**C.    Count 9: Plaintiffs Present No Admissible Evidence That Ms. Jones Directed or Aided and Abetted Interference with Plaintiffs' Rights Under the Massachusetts Civil Rights Act.**

Plaintiffs cite only statements from Baugh's self-serving sentencing memorandum to support their MCRA claim. For the reasons stated in Section I, *supra*, those statements are inadmissible.  Plaintiffs made no further effort to develop admissible evidence to support their MCRA claim. Plaintiffs made a strategic choice not to depose Baugh or Ms. Jones, and they must now live with those choices at summary judgment.  *See Satanic Temple, Inc.*, 684 F. Supp. 3d at 33 n.6 ("If relevant evidence is absent from the summary judgment record, it is the result of

[plaintiff's] own actions.").  For these reasons, Plaintiffs fail to raise a genuine dispute of material fact or to otherwise present evidence establishing that Ms. Jones violated the MCRA.

## IV. SUMMARY JUDGMENT ON PLAINTIFFS' NEGLIGENCE CLAIMS IS APPROPRIATE BECAUSE PLAINTIFFS FAILED TO CREATE A GENUINE DISPUTE OF MATERIAL FACT THAT MS. JONES ACTED NEGLIGENTLY.

Plaintiffs likewise fail to present admissible evidence that Ms. Jones acted negligently in her supervision of Baugh or otherwise.  It is appropriate for a court to rule on a negligence claim at summary judgment where the "plaintiff has no reasonable expectation of proving that the injury to the plaintiff was a foreseeable result of the defendant's negligent conduct."  *Geary v. OE Plus, LTD*, Nos. 041135, 0401028, 2005 WL 3670415, at *2 (Mass. Super. Ct. Nov. 8, 2005) (quoting *Hebert v. Enos*, 806 N.E.2d 452, 455 (Mass. App. Ct. 2004)) (internal quotation marks omitted).  This is one such case.

Plaintiffs, as they have done since adding Ms. Jones to their Amended Complaint, claim that Ms. Jones "knew, should have known, or was willfully blind to Baugh's behavior."  ECF No. 530, at 17; *see also* ECF No. 176, Pls.' Am. Compl. ¶¶ 214, 217, 231–32.  What is missing from the evidentiary record, however, is any evidence that Ms. Jones knew or should have known of any such misconduct.  Not only have Plaintiffs failed to present any such evidence, but they actively avoided developing any record and failed to present a rebuttal expert to challenge the expert opinion explaining that Ms. Jones's level of supervision was appropriate for an executive of Ms. Jones's position.  *See* ECF No. 503, Ex. 12A.  Plaintiffs cannot now elide that failure by relying on innuendo and speculation about what she "must have" done or known.

Plaintiffs point to safety drills run by Baugh's safety and security team across eBay's campus to suggest that Ms. Jones must have known, or was willfully blind, that Baugh had violent tendencies.  What Plaintiffs do not say is more telling.  Plaintiffs fail to cite to any evidence sufficient to suggest that Ms. Jones would have observed the conduct at issue here.  They point to

no evidence that would allow a reasonable jury to conclude that Ms. Jones knew or should have known about Baugh's "violent tendencies." Indeed, the record establishes the contrary. Baugh was never reported for any kind of violent conduct or otherwise concerning behavior,[7] and there is no evidence Ms. Jones otherwise had knowledge of Baugh's "violent tendencies." And the record shows that Ms. Jones never observed "any conduct that would suggest that Mr. Baugh was capable of the criminal acts he committed in Natick . . . never observed Baugh do anything illegal or anything that suggested violent or criminal tendencies." ECF No. 503 ¶ 11. Ms. Jones relied on regular staff meetings, regular one-on-one meetings, emails, annual reviews, observations, and internal surveys to manage Baugh as she did to manage her other direct reports.[8] *Id.* ¶ 7. █████

████████████████████████████████████████████████

████████████████████████████████████████████ ECF No. 503, Ex. 27, Dan Cory Dep. Tr. 87:16–88:17.

At the summary judgment stage, Plaintiffs cannot counter such record evidence with mere speculation. *Lopera*, 640 F.3d at 403 ("[T]o survive summary judgment, the non-moving party must make more than 'conclusory allegations, improbable inferences, or unsupported speculation.'" (quoting *Pineda v. Toomey*, 533 F.3d 50, 53 (1st Cir. 2008)).

---

[7]  ECF No. 503, Ex. 28, 30(b)(6) Dep. Tr. of eBay at 206:4–14 (Sept. 17, 2024)████████

█████████████████████████████ ECF 503, Ex. 9, Dep. Tr. of Carmen Amara at 29:18–25 (Sept. 27, 2024) ("Q. We talked earlier about the mechanisms that are in place through which an employee could report an HR concern? A. Uh-huh. Q. Remember that? To your knowledge, did any employee through any of those avenues report a concern about Mr. Baugh? A. I don't recall any.").

[8]  Plaintiffs' argument that the survey results Ms. Jones relied on were flawed because Baugh intimidated his subordinates into giving artificially positive responses is a nonstarter. *See* ECF No. 530, at 16 n.6. █████████████ ECF No. 503, Ex. 9, at 16:13–24, 30:1–5. She took the results provided to her by eBay's HR team and reasonably relied on them as a tool to help inform her supervision of her direct reports. ECF No. 503, Ex. 7 ¶ 7; ECF No. 503, Ex. 12A at 6–10. Rather than presenting evidence of Ms. Jones's alleged negligent supervision, Plaintiffs have instead presented evidence of Baugh's efforts to affect internal survey results to hide his misconduct from Ms. Jones and others.

Nor does the bare evidence Plaintiffs cite support a finding of negligence.  The notes taken in interviews with Ms. Jones during eBay's internal investigation are inadmissible and, in any event, fail to establish negligence.  Similarly, far from presenting "disturbing comments," as Plaintiffs suggest, Ms. Jones's annual review of Baugh from 2018—the annual review closest in time to Baugh's criminal conduct against the Plaintiffs—shows a thoughtful supervisor providing constructive feedback to her direct report.  *See* ECF No. 503, Ex. 11. ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████ *See id.*  Plaintiffs' mere speculation to the contrary cannot defeat a motion for summary judgment based on actual record evidence. *Garmon v. Nat'l R.R. Passenger* 844 F.3d 307, 312 (1st Cir. 2016) ("[T]o survive summary judgement . . . 'a nonmovant cannot rely merely upon conclusory allegations, improbable inferences, and unsupported speculation.'") (quoting *Pina v. Children's Place*, 740 F.3d 785, 795 (1st Cir. 2014)

For these reasons, Plaintiffs have failed to create a genuine dispute of material fact that Ms. Jones acted negligently—in her supervision or otherwise—and judgment on Counts 3, 4, and 6 of Plaintiffs' Amended Complaint should be granted.

## CONCLUSION

For the reasons discussed above, and in Ms. Jones's Memorandum of Law in Support of Her Motion for Summary Judgment (ECF No. 496), this Court should grant Ms. Jones's Motion for Summary Judgment and enter judgment in her favor on all remaining Counts.

## <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to Local Rule 7.1(d), Defendant Wendy Jones respectfully requests to be heard at oral argument on the Summary Judgment Motion.

Respectfully submitted,

Dated: February 14, 2025

/s/ Andrew J. O'Connor

Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Jesse R. Coulon (BBO# 705248)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
jesse.coulon@ropesgray.com

*Counsel for Wendy Jones*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

Date: February 14, 2025

*/s/ Andrew J. O'Connor*
Andrew J. O'Connor