**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, et al., ) ) Plaintiffs, ) ) v. ) ) EBAY INC., et al., ) ) Defendants. ) ) ) ) ) | Civil Action No. 21-CV-11181-PBS **ORAL ARGUMENT REQUESTED** |

**DEFENDANT WENDY JONES'S MOTION TO STRIKE PLAINTIFFS' PROFFER OF FUTURE TESTIMONY OR, IN THE ALTERNATIVE, MOTION FOR SUPPLEMENTAL DISCOVERY**

Pursuant to Federal Rule 56, Defendant Wendy Jones ("Ms. Jones") hereby moves to strike Plaintiffs' proffer of Defendant Jim Baugh's future trial testimony from the summary judgment record. In the alternative, Ms. Jones moves, for good cause shown, for supplemental discovery, as outlined below and in the accompanying memorandum of law, to mitigate the prejudice to her and other Defendants imposed by Plaintiffs' eleventh-hour agreement with Mr. Baugh. As grounds for this Motion, Ms. Jones states as follows:

1. On March 27, 2025, Plaintiffs reported to this Court that they had struck a deal with Defendant Jim Baugh in which Mr. Baugh has reportedly agreed to testify and waive his Fifth Amendment rights as to a specific scope of testimony in exchange for his dismissal from this case. That limited waiver is inadequate and will not permit Defendants to fully and fairly cross-examine Mr. Baugh at trial. Mr. Baugh's trial testimony will therefore be struck. Because Plaintiffs have not shown that Mr. Baugh's testimony can be presented in

1

a form admissible at trial, as required by Federal Rule 56(c)(2), Plaintiffs' proffer of Mr. Baugh's future testimony should be struck.

2. In the alternative, if Plaintiffs are permitted to proffer Mr. Baugh's testimony, this Court should, in the interest of justice, permit limited, supplemental discovery including (1) the deposition of Mr. Baugh now that he has agreed to testify, (2) discovery into the deal struck between Mr. Baugh and Plaintiffs, (3) responses to Defendants' previous discovery requests that Mr. Baugh refused to answer on Fifth Amendment grounds, and (4) sufficient discovery to pursue any leads that stem from those efforts.

3. Defendants were not able to pursue this supplemental discovery before now because (1) Mr. Baugh had asserted his Fifth Amendment rights against self-incrimination, and (2) facts surrounding the deal between Plaintiffs and Mr. Baugh only recently came into existence.

4. The grounds for this Motion are further set forth in Ms. Jones's accompanying memorandum of law.

For the foregoing reasons, and for all of the reasons explained in Ms. Jones's memorandum of law, Ms. Jones requests that this Court strike Plaintiffs' proffer of Mr. Baugh's future testimony or, in the alternative, grant Ms. Jones's request for limited, supplemental discovery as described here and in her accompanying memorandum of law.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant Wendy Jones respectfully requests to be heard at oral argument on the Motion to Strike Plaintiffs' Proffer of Future Testimony or, in the Alternative, Motion for Supplemental Discovery.

Respectfully submitted,

Dated: April 3, 2025

/s/ Andrew J. O'Connor
Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Jesse R. Coulon (BBO# 705248)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
jesse.coulon@ropesgray.com

Counsel for Wendy Jones

## CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)

I, Andrew J. O'Connor, counsel for Wendy Jones, hereby certify that, in accordance with Local Rule 7.1(a)(2), counsel for Ms. Jones has conferred with counsel for Plaintiffs and counsel for Mr. Baugh and have attempted in good faith to resolve or narrow the issues subject to this Motion. Plaintiffs' counsel stated they oppose all grounds Ms. Jones contends support her motion to strike and all forms of the alternative relief Ms. Jones will seek relating to discovery concerning Mr. Baugh. Mr. Baugh's counsel stated that Mr. Baugh takes no position on this motion in the first instance, but reserves the right to file a response depending on precisely how issues are framed and arguments are made by other parties.

Date: April 3, 2025

/s/ Andrew J. O'Connor
Andrew J. O'Connor

-5-

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.


Date: April 3, 2025

                                        */s/ Andrew J. O'Connor*
                                        Andrew J. O'Connor