**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

INA STEINER, DAVID STEINER and STEINER ASSOCIATES, LLC,

Plaintiffs,

v.

EBAY INC., et al.,

Defendants.

**Case No.: 1:21-cv-11181-PBS**

**IN-PERSON ORAL ARGUMENT REQUESTED**

**DEFENDANT STEVE WYMER'S MOTION TO VACATE GOVERNMENT'S PROTECTIVE ORDER (DKT. NO. 315)**

Defendant Steve Wymer ("Wymer") hereby moves, for good cause shown, to vacate Government's protective order entered in this action on January 5, 2024 (Dkt. No. 315) to permit Wymer and other parties from eliciting testimony from Baugh regarding his Government background in any deposition or trial. As grounds for this motion, Wymer states as follows:

1. On October 17, 2023, the United States intervened in this case and moved for a protective order broadly preventing the disclosure of information concerning Defendant Jim Baugh's work for the United States Government. (Dkt. No. 273.) The Government did not invoke the state secrets privilege, which prevents the disclosure of national security information when certain requirements are met, but instead argued that the Court should enter its requested protective order without a formal invocation of the privilege to "obviate the need for any party or the court to consider issues bearing on the privilege." (*Id.* at 15-16.)
2. Following a hearing on December 6, 2023, the Court entered the Government's protective order, which remains in effect today. (Dkt. No. 315.) The order prohibits the parties from

"seek[ing] to elicit any testimony from any witness, or use or otherwise disclose in the course of this action, any documents or information that is Protected Information …." (*Id.* ¶ 1(a).) Protected Information is defined broadly to include "[a]ny information that might tend to reveal the nature of any classified or nonpublic relationships, contractual or otherwise, between Defendant Baugh and the U.S. Government, including the details of any such actual, alleged, discussed, or proposed relationship, association, contract, project, dealing, interaction, or agreement …." (*Id.* ¶ 2(a).)

3. Although Baugh asserted his Fifth Amendment privilege against discovery served by Wymer and other parties and indicated that he would invoke his Fifth Amendment privilege if called to testify, Baugh apparently belatedly agreed to testify for Plaintiffs following the March 10, 2025 hearing on Wymer and other Defendants' motions for summary judgment.

4. On March 27, 2025, Plaintiffs reported to this Court that Baugh had agreed to testify at trial with a limited waiver of his Fifth Amendment rights as to specific topics of testimony in exchange for his dismissal from this case. (Dkt. No. 611.)

5. As the record currently stands, the Government's protective order would prejudice Wymer—who knew nothing about Baugh's Government work—by preventing him from cross-examining Baugh on topics central to his defense in any trial. Wymer and other Defendants must be able to obtain and present some evidence of Baugh's purported covert operations experience (or his false statements to the Court about the same) to challenge the credibility of Baugh's attempt to point the finger at other Defendants in exchange for his dismissal from the case. The evidence is also necessary to show why Wymer, and any other Defendant who knew nothing of Baugh's secret background, could not have

uncovered Baugh's harassment campaign or anticipated Baugh responding to vague and hyperbolic messages as directives to harm Plaintiffs.

6. If the Government believes information that would be elicited in examination of Baugh would endanger national security, the Government must formally invoke the state secret privilege and make the legally required showing of need. The Court must then evaluate whether the state secret privilege applies. If it does, the Court must further determine "how—if at all—the case should proceed given the successful assertion of the state secrets privilege." *See Sakab Saudi Holding Co. v. Aljabri*, 58 F.4th 585, 594 (1st Cir. 2023). The parties should be permitted to brief and argue what remedies should follow from the successful assertion of the privilege, which would deprive Wymer of a valid defense.

7. The grounds for this motion are further set forth in Wymer's accompanying memorandum of law, which Wymer references and incorporates fully herein.

For the foregoing reasons, the Court should grant Wymer's motion to vacate government's protective order.

**REQUEST FOR IN-PERSON ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Wymer respectfully requests an in-person hearing in connection with this motion to vacate the Government's protective order. Wymer further requests that this motion be heard concurrently with any argument on Defendant Wendy Jones's Motion to Strike Plaintiffs' Proffer of Future Testimony, Or, In The Alternative, Motion for Supplemental Discovery (Dkt. No. 614).

Respectfully submitted,

STEVE WYMER,

By his Attorneys,

**s/ *Caz Hashemi***
Caz Hashemi, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com

Melissa Mills, Esq. (*pro hac vice*)
Trevor Templeton, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
mmills@wsgr.com
ttempleton@wsgr.com

Lon F. Povich (BBO 544523)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6578
lpovich@andersonkreiger.com

Dated: April 9, 2025

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for Mr. Wymer conferred with counsel for the Government regarding this motion. No agreement was reached on the relief sought by Mr. Wymer in this motion, which the Government intends to oppose.

Dated: April 9, 2025

*/s/ Trevor N. Templeton*
Trevor N. Templeton

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Caz Hashemi*
Caz Hashemi