UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EBAY INC., et al., <br><br> Defendants. | Civil Action No. 21-CV-11181-PBS |

**DEFENDANT EBAY INC.'S NOTICE OF JOINDER TO WENDY JONES'S MOTION TO STRIKE PLAINTIFFS' PROFFER OF FUTURE TESTIMONY OR, IN THE ALTERNATIVE, MOTION FOR SUPPLEMENTAL DISCOVERY**

Defendant eBay Inc. joins Defendant Wendy Jones's Motion to Strike Plaintiffs' Proffer of Future Testimony or, in the Alternative, Motion for Supplemental Discovery, Dkt. 614, and the accompanying memorandum, Dkt. 615. eBay submits this separate notice to underscore both the impermissibility of Baugh's selective waiver of the Fifth Amendment privilege and the need, should the Court not strike Plaintiffs' proffer of Baugh's testimony, for discovery into Baugh's efforts to sell his testimony to the highest bidder.

**1.** As Ms. Jones explains in her motion, Dkt. 615 at 6–10, Baugh's effort to selectively waive his Fifth Amendment privilege renders his testimony inadmissible at trial and thus inadequate for summary judgment purposes. Fed. R. Civ. P. 56(c)(2). "The Fifth Amendment does not authorize a witness to rely on his testimony while shielding himself from further examination by utilizing his Fifth Amendment privilege." *SEC v. Ficken*, 546 F.3d 45, 54 (1st Cir. 2008). Having waived privilege for "any questions within the scope of 'Relevant Conduct'" in his criminal case, Dkt. 611 ¶ 3, Baugh must also "expos[e] himself to cross-examination on matters that are

1

reasonably related to his direct testimony," *United States v. Bartelho*, 129 F.3d 663, 673 (1st Cir. 1997) (citing *United States v. Cuozzo*, 962 F.2d 945, 948 (9th Cir. 1992)). "The scope of the defendant's waiver is coextensive with the scope of relevant cross-examination," and thus may encompass testimony regarding prior bad acts. *Cuozzo*, 962 F.2d at 948; *accord Mitchell v. United States*, 526 U.S. 314, 321 (1999).

Baugh's attempt to selectively waive his Fifth Amendment privilege is plainly designed to curtail legitimate subjects of cross-examination. If Baugh were to testify, for example, that his actions were driven by statements from eBay executives, then Defendants would be "entitled" to ask questions "directly targeted" to "the credibility of th[at]" assertion. *Bartelho*, 129 F.3d at 674. That includes questions beyond the limits of Baugh's partial waiver, such as whether Baugh attempted to engage in a similar harassment campaign against an Arkansas prosecutor *without* alleged direction by eBay executives. *See* Dkt. 615 at 8. A witness cannot explain away one type of misconduct then hide behind privilege when faced with questions about "closely related" behavior. *Ficken*, 546 F.3d at 53–54. Because "refusal to answer pertinent questions on cross-examination bars the use of direct testimony," *id.* at 53 (citing *Bartelho*, 129 F.3d at 673), Baugh's improper partial waiver renders his testimony inadmissible at trial.[1]

**2.** If the Court does not strike Plaintiffs' notice, then it should permit the additional discovery sought by Ms. Jones. *See* Dkt. 615 at 10. It is plain from Plaintiffs' notice that they procured Baugh's testimony by agreeing to dismiss the claims against him, raising serious questions about Baugh's credibility that Defendants are entitled to explore in discovery. *See* Dkt. 611 ¶¶ 3–4.

---

[1] To be sure, in civil cases the court may instruct the jury that it may draw an adverse inference from a witness's assertion of privilege. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). But an adverse-inference instruction presumes a *valid* assertion of privilege—something Baugh could not claim for matters reasonably related to his direct testimony but beyond the scope of his purported partial waiver. *See Johnson v. United States*, 318 U.S. 189, 195 (1943) ("voluntary offer of testimony upon any fact is a waiver as to all other relevant facts").

Indeed, Baugh not only sold his testimony, but he made clear it was for sale to the highest bidder. Shortly after the summary judgment hearing, eBay's counsel contacted Baugh's counsel to ascertain whether Baugh would testify. In response, Baugh offered to sell eBay his silence: "Our suggestion is that if eBay were to indemnify Mr. Baugh (for any judgment, and his attorneys fees, currently in the neighborhood of $200k) he would agree not to voluntarily provide testimony in Steiner v eBay et al and would continue to invoke his Fifth Amendment privilege." Decl. of J. Pirozzolo Ex. 1 (email from W. Fick to J. Pirozzolo). Baugh's attempt to auction his testimony only underscores the questions surrounding his credibility, and eBay—not to mention an eventual jury—is entitled to know the full details of Plaintiffs' purchase of his testimony.

Dated: April 11, 2025

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
David A. Goldenberg (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com
dgoldenberg@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511

dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: April 11, 2025  /s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo