# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

INA STEINER, DAVID STEINER,          )
and STEINER ASSOCIATES, LLC          )
                                     )
      Plaintiffs,              )
                                     )          Civil Action No. 1:21-cv-11181-PBS
v.                                   )
                                     )
EBAY, INC., et al.,                  )
                                     )
      Defendants.              )
                                     )
_____ )

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WENDY JONES'S MOTION TO STRIKE PLAINTIFFS' PROFFER OF FUTURE TESTIMONY OR, IN THE ALTERNATIVE, MOTION FOR SUPPLEMENTAL DISCOVERY

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

RELEVANT PROCEDURAL HISTORY .......................................................................... 2

ARGUMENT ..................................................................................................................... 3

I.     LEGAL STANDARD ......................................................................................... 3

II.    BAUGH'S TESTIMONY IS ADMISSIBLE AT TRIAL. ................................. 3

    A.    Baugh's Testimony Is Relevant. ........................................................... 3

    B.    Nothing About the Scope of Baugh's
           Testimony Should Preclude Its Admissibility. ....................................... 5

    C.    Direct Testimony May Not Be Stricken Because a Witness
           Asserts Fifth Amendment Rights on Cross-Examination
           with Respect to Questions on Collateral Matters. ................................... 6

    D.    Defendants Have Other Means of Addressing These Collateral Matters at Trial ... 10

    E.    Defendants Are on Notice of What Baugh Will Say at Trial ................................ 11

III.   WENIG'S NOTICE OF JOINDER IS
       NOTHING BUT AN IMPROPER SUR-SUR-REPLY
       IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ........................... 12

IV.   EBAY MISSTATES THE NATURE OF
       SETTLEMENT COMMUNICATIONS WITH BAUGH. ........................... 12

V.    STRIKING THE PROFFER OF MR. BAUGH'S TESTIMONY WOULD
       HAVE A CHILLING EFFECT ON ANY OTHER DEFENDANT THAT
       MAY WISH TO SETTLE CLAIMS OR PROVIDE TESTIMONY AT TRIAL ......... 14

VI.   DEFENDANTS ARE NOT ENTITLED TO ADDITIONAL DISCOVERY. .............. 14

CONCLUSION ................................................................................................................ 18

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Page(s)**

*Alifax Holding Spa v. Alcor Sci., Inc.*,
    No. 14-440, 2019 U.S. Dist. LEXIS 5823 (D.R.I. Jan. 11, 2019) ......................................... 15

*Beaulieu v. Orlando*,
    No. 15-012, 2018 WL 654435 (D.N.H. Jan. 29, 2018) ......................................................... 15

*Bonomo v. Factory Mut. Ins. Co.*,
    No. 21-11750, 2023 WL 3934696 (D. Mass. June 9, 2023) .................................................... 14

*Carrozza v. CVS Pharmacy, Inc.*,
    391 F. Supp. 3d 136 (D. Mass. 2019) .................................................................................. 15

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ......................................................................................................... 3, 12

*Chrysler Int'l Corp. v. Chemaly*,
    280 F.3d 1358 (11th Cir. 2002) .......................................................................................... 16

*Close v. Account Resolution Servs.*,
    557 F. Supp. 3d 247 (D. Mass. 2021) .................................................................................. 17

*Dunbar v. Harris*,
    612 F.2d 690 (2d Cir. 1979) ................................................................................................. 8

*Energex Enters. v. Shughart, Thomson & Kilroy, P.C.*,
    No. 04-1367, 2006 U.S. Dist. LEXIS 58395 (D. Ariz. Aug. 17, 2006) ................................. 16

*F.H. Cann & Assocs. v. Moorman*,
    605 F. Supp. 3d 232 (D. Mass. 2022) .................................................................................. 14

*Francis v. US Airways, Inc.*,
    No. 15-80557, 2015 U.S. Dist. LEXIS 181095 (S.D. Fla. Dec. 15, 2015) ............................ 16

*Fusco v. Gen. Motors Corp.*,
    11 F.3d 259 (1st Cir. 1993) ................................................................................................. 15

*Gabriel v. Superstation Media, Inc.*,
    No. 13-12787, 2014 U.S. Dist. LEXIS 199620 (D. Mass. Sep. 5, 2014) .............................. 17

*Gonpo v. Sonam' Stonewalls & Art, LLC*,
    41 F.4th 1 (1st Cir. 2022) ..................................................................................................... 6

*Harris v. Computer Assocs. Int'l, Inc.*,
    204 F.R.D. 44 (E.D.N.Y. 2001) ................................................................. 15

*Ioane v. Noll*,
    No. 17-00620, 02020 U.S. Dist. LEXIS 193218 (E.D. Cal. Oct. 19, 2020) ......................... 17

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ................................................................. 17

*Jones v. Bell*,
    No. 22-312, 2023 U.S. App. LEXIS 11906 (2d Cir. May 16, 2023) ..................................... 10

*Just as in Vineberg v. Bissonnette*,
    548 F.3d 50 (1st Cir. 2008) ................................................................. 15

*Laccinole v. Int'l Union of Police Ass'ns AFL-CIO*,
    638 F. Supp. 3d 110 (D.R.I. 2022) ................................................................. 16

*MAZ Partners LP v. Shear*,
    208 F. Supp. 3d 384 (D. Mass. 2016) ................................................................. 14

*O'Connell v. Hyatt Hotels*,
    357 F.3d 152 (1st Cir. 2004) ................................................................. 15

*Papkee v. Mecap*,
    No. 20-00006, 2021 U.S. Dist. LEXIS 58228 (D. Me. Mar. 26, 2021) ................................ 17

*Satanic Temp., Inc. v. City of Bos.*,
    No. 21-10102, 2022 U.S. Dist. LEXIS 63827 (D. Mass. Apr. 6, 2022) ......................... 13, 12

*SEC v. Ficken*,
    546 F.3d 45 (1st Cir. 2008) ................................................................. 11

*Setterlund v. Potter*,
    597 F. Supp. 2d 167 (D. Mass. 2008) ................................................................. 3

*Sheridan v. Reinke*,
    611 F. App'x 381 (9th Cir. 2015) ................................................................. 17

*Smith v. Royal Caribbean Cruises, Ltd.*,
    302 F.R.D. 688 (S.D. Fla. 2014) ................................................................. 16

*Traverse v. Gutierrez Co.*,
    No. 18-1015, 2021 U.S. Dist. LEXIS 148230 (D. Mass. Aug. 6, 2021) ......................... 3, 12

*United States ex rel. Ashford v. Dir., Ill. Dep't of Corr.*,
    871 F.2d 680 (7th Cir. 1989) ................................................................. 9

*United States ex rel. Herman v. Coloplast Corp.*,
   327 F. Supp. 3d 300 (D. Mass. 2018) ................................................................ 3

*United States ex rel. Lokosky v. Acclarent, Inc.*,
   464 F. Supp. 3d 440 (D. Mass. 2020) ............................................................... 10

*United States v. Bailey*,
   973 F.3d 548 (6th Cir. 2020) ...................................................................... 5, 6

*United States v. Bartelho*,
   129 F.3d 663 (1st Cir. 1997) ......................................................................... 7

*United States v. Berrio-Londono*,
   946 F.2d 158 (1st Cir. 1991) ...................................................................... 7, 8

*United States v. Brooks*,
   82 F.3d 50 (2d Cir. 1996) ............................................................................. 8

*United States v. Cardillo*,
   316 F.2d 606 (2d Cir.) ................................................................................. 8

*United States v. Coven*,
   662 F.2d 162 (2d Cir. 1981) ......................................................................... 9

*United States v. Figueroa-Figueroa*,
   791 F.3d 187 (1st Cir. 2015) ........................................................................ 5

*United States v. Gary*,
   74 F.3d 304 (1st Cir. 1996) .......................................................................... 7

*United States v. Gould*,
   536 F.2d 216 (8th Cir. 1976) ........................................................................ 9

*United States v. Hirst*,
   668 F.2d 1180 (11th Cir. 1982) ................................................................. 9-10

*United States v. La Riche*,
   549 F.2d 1088 (6th Cir. 1977) ...................................................................... 9

*United States v. Lin*,
   No. 00-1020, 2000 U.S. App. LEXIS 23455 (2d Cir. Sept. 12, 2000) ..................... 9

*United States v. Martin*,
   No. 23-6393, 2024 U.S. App. LEXIS 15630 (2d Cir. June 27, 2024) ..................... 9

*United States v. Noone*,
   913 F.2d 20 (1st Cir. 1990) .......................................................................... 8

*United States v. Nunez*,
  668 F.2d 1116 (10th Cir. 1981) ............................................................. 9

*United States v. Owens*,
  484 U.S. 554 (1988) ............................................................................. 8

*United States v. Rivera Rangel*,
  466 F.3d 158 (1st Cir. 2006) ................................................................ 7

*United States v. Stein*,
  233 F.3d 6 (1st Cir. 2000) ................................................................... 10

*United States v. Stubbert*,
  655 F.2d 453 (1st Cir. 1981) ................................................................ 7

*United States v. Treacy*,
  639 F.3d 32 (2d Cir. 2011) ................................................................... 9

*United States v. Varoudakis*,
  233 F.3d 113 (1st Cir. 2000) ................................................................ 6

*United States v. Williams*,
  718 F. App'x 96 (2d Cir. 2018) ............................................................. 9

*Walden v. City of Providence*,
  495 F. Supp. 2d 245 (D.R.I. 2007) ........................................................ 3

*Zhou v. Pittsburg State University*,
  252 F. Supp.2d 1194 (D. Kan. 2003) ................................................... 15

**Statutes**

18 U.S.C.S. Appx. § 1B1.3(a)(1) ............................................................. 5

**Other**

27A. Fed. Proc. § 62:708 ....................................................................... 3

Fed. R. Evid. 401 .................................................................................... 4

Fed. R. Evid. 402 .................................................................................... 4

Fed. R. Evid. 408 .................................................................................. 13

Federal Rule of Civil Procedure 16 .................................................. 14, 15

## INTRODUCTION

Plaintiffs Ina Steiner, David Steiner, and Steiner Associates, LLC (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to motion of defendant Wendy Jones ("Jones") to strike Plaintiff's proffer of future testimony of Jim Baugh ("Baugh"), or, in the alternative, for additional discovery.[1]

Baugh led the group of individual defendants that engaged in criminal conduct against the Steiners in Natick, Massachusetts.  He also directly interacted with the executive defendants with respect to the Steiners.  Baugh has agreed to testify about these matters at trial without asserting his Fifth Amendment rights against self-incrimination.  This testimony is clearly relevant to the claims and defenses asserted in this case.  Therefore, this testimony is admissible.

Nevertheless, Defendants complain that Baugh *may* assert Fifth Amendment rights when cross-examined on wholly collateral matters. In particular, Defendants point to the possibility that Baugh may have harassed a prosecutor in Arkansas.  However, there is no evidence that Baugh actually harassed the prosecutor in any way.  Even if he had, it would have nothing to do with facts of this case.  Similarly, Defendants raise concerns that Baugh *may* assert Fifth Amendment rights on issues pertaining to his credibility, bias, and prior bad acts.  Again, these matters are collateral to the issues in this case.  Despite Defendants' suggestion to the contrary, the law is clear that a witness's direct testimony should not be stricken if, on cross-examination, he asserts Fifth Amendment rights with respect to collateral matters.

Moreover, Defendants are in possession of other evidence on these matters (including evidence submitted in support of this motion). They are also free to call witnesses that they have

---

[1] Defendants eBay Inc.("eBay"), Steven Wymer ("Wymer"), and Devin Wenig ("Wenig") each filed a notice of joinder to Jones's motion, incorporating additional argument. In this memorandum, Plaintiffs will be responding to the arguments made by these additional defendants. Herein, Jones, eBay, Wymer, and Wenig are collectively referred to as "Defendants."

identified who have knowledge of these issues. Accordingly, Defendants are not without means of addressing these matters at trial – *should* Baugh assert Fifth Amendment rights. For these reasons and others discussed herein, Plaintiffs' proffer of Baugh's future testimony should not be stricken.

In the alternative, Defendants ask the Court to allow extensive discovery from Baugh (and potentially others), including depositions, interrogatories, and document requests. They also seek leave to pursue any leads that might arise from this discovery. However, Defendants never sought to depose Baugh when discovery was open, and never sought to compel any discovery responses beyond those that he produced. After making the strategic decision to forgo such discovery, Defendants should not be permitted to now engage in this type of discovery. Indeed, fact discovery closed seven months ago. Since then, the parties have submitted thousands of pages worth of summary judgment papers and a hearing on the summary judgment motions has been held. Defendants should not be permitted to engage in such discovery at this late date.

## RELEVANT PROCEDURAL HISTORY

Following the summary judgment motion hearing held on March 10, 2025, the Court directed that, "[b]y April 1, 2025 Plaintiffs' counsel shall file a Status Report re[garding] whether or not Mr. Baugh will testify in this case." ECF No. 606. On March 27, 2025, Plaintiffs submitted a status report stating that "Plaintiffs have secured the cooperation of Jim Baugh to provide testimony at any trial or trials" in this action and that he "has agreed to cooperate with any efforts to secure his appearance at trial to testify, whether in person or by video." ECF No. 611 ¶¶ 1-2. Further:

> Jim Baugh has further agreed that he will answer questions about his contacts and interactions with eBay's Executive Leadership Team and will not raise any Fifth Amendment rights or decline to answer questions on Fifth Amendment grounds

2

relating to any questions within the scope of "Relevant Conduct" to the Criminal Case, as that term is defined in the United States Sentencing Guidelines.

*Id*. ¶ 3. Finally, the status report stated that "Plaintiffs and Jim Baugh have reached an agreement to resolve the matter against Mr. Baugh and Plaintiffs anticipate filing a stipulation of dismissal reflecting the resolution in the very near future." *Id*. ¶ 4.

## ARGUMENT

### I.    LEGAL STANDARD

Although evidence must be admissible at trial to be considered on a summary judgment motion, the form of the evidence itself need not always be admissible as long as the evidence offered in the summary judgment phase sets forth facts that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (on summary judgment, the nonmoving party is not required to produce evidence in a form that would be admissible at trial); *Traverse v. Gutierrez Co.*, 2021 U.S. Dist. LEXIS 148230, at \*71 (D. Mass. Aug. 6, 2021); *Setterlund v. Potter*, 597 F. Supp. 2d 167, 170 (D. Mass. 2008); *see also United States ex rel. Herman v. Coloplast Corp.*, 327 F. Supp. 3d 300, 304 fn. fn.3 (D. Mass. 2018) (citing with approval *Walden v. City of Providence*, 495 F. Supp. 2d 245, 257 (D.R.I. 2007) for proposition that "'technical rulings on the admissibility of evidence have no place in a summary judgment procedure,'" and that "'any doubts regarding the admissibility of any evidence should be resolved in favor of admissibility.'" (quoting 27A. Fed. Proc. § 62:708)).

### II.    BAUGH'S TESTIMONY IS ADMISSIBLE AT TRIAL.

#### A.    Baugh's Testimony Is Relevant.

The admissibility of testimony at trial is governed by the Federal Rules of Evidence. Testimony is admissible if it is relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of

3

consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402.

The events that occurred in Natick in August 2019 and the planning of those events are central to this case. It is undisputed that a group of named defendants – led by Baugh – engaged in criminal conduct against Plaintiffs that were designed to silence them. Baugh also directly interacted with the executive defendants regarding Plaintiffs. It cannot be disputed that Baugh's testimony on these matters is relevant to the claims and defenses asserted in this action.

The scope of Baugh's testimony will be broad. In addition to testimony regarding "his contacts and interactions with eBay's Executive Leadership Team," Baugh will provide testimony – and "will not raise any Fifth Amendment rights or decline to answer questions on Fifth Amendment grounds" – "relating to any questions within the scope of 'Relevant Conduct' to the Criminal Case, as that term is defined in the United States Sentencing Guidelines." ECF No. 611 ¶ 3. The United States Sentencing Guidelines define "Relevant Conduct" as:

> (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
> (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—
>
>> (i)    within the scope of the jointly undertaken criminal activity,
>>
>> (ii)    in furtherance of that criminal activity, and
>>
>> (iii)    reasonably foreseeable in connection with that criminal activity;
>
> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

4

18  U.S.C.S. Appx. § 1B1.3(a)(1).[2]

**B.      Nothing About the Scope of Baugh's**
**         Testimony Should Preclude Its Admissibility.**

Defendants recognize that Baugh's testimony is relevant and is admissible. Their main

argument to the contrary is the purported concern that they may not be able to adequately cross-

examine Baugh regarding a wholly collateral matter relating to a prosecutor in Arkansas.

Defendants are grasping at straws. They cite no evidence that Baugh took any affirmative actions

to harm the prosecutor. This issue is nothing but a sideshow. Indeed, this issue is so insignificant

that no Defendant raised it in any summary judgment submission.

Jones provides a series of ██████ text messages ███████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████

Significantly, on August 20 and 21, Baugh was in Boston, engaging in unlawful conduct

against the Steiners. On August 20, 2019, the Natick police contacted eBay, asking for assistance.

---

[2] Despite Jones's suggestion to the contrary, nothing in *United States v. Figueroa-Figueroa*, 791
F.3d 187, 191 n.8 (1st Cir. 2015) or *United States v. Bailey*, 973 F.3d 548, 574-75 (6th Cir. 2020)
suggests that "Relevant Conduct" would exclude portions of the conduct that Baugh is alleged to
have committed in furtherance of efforts to harm Plaintiffs.

ECF No. 533-1 (eBay deferred prosecution agreement) ¶ 53. Two days later, on August 22, 2019, eBay began its internal investigation into the matter. *Id*. ¶ 56. By this point, Baugh knew he was being investigated by police. Baugh was in no position to engage in any other conduct against the prosecutor. Nor is there evidence that he did.

Jones also argues that, in general, she will be unable to cross-examine Baugh regarding matters "establishing bias, lack of credibility, and patterns of behaviors." Def. Mem. at 4. This is not true. There are certainly facts relating to this matter (on which Baugh has agreed to testify) that go to his bias, credibility, and behavior; and it is for the jury to assess Baugh's credibility.[3] Other than the issue pertaining to the Arkansas prosecutor, Jones merely references "myriad other *potential* bad acts he *may have* committed and concealed while at eBay or in his prior employment."[4] ECF No. 615 at 5 (emphasis added). Similarly, Jones references potential "past criminal behavior that [Baugh] *may have* concealed." *Id*. at 8 (emphasis added).

### C. Direct Testimony May Not Be Stricken Because a Witness Asserts Fifth Amendment Rights on Cross-Examination with Respect to Questions on Collateral Matters.

It is also unknown if Baugh will actually assert his Fifth Amendment rights if cross-

---

[3] As noted in the United States' Opposition to Defendant Wymer's Motion to Vacate Protective Order, "Defendants have a font of other sources of information concerning Baugh's credibility." *See* ECF No. 631 at 8-9.

[4] ███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████ *See* Fed. R. Civ. 403; *Gonpo v. Sonam' Stonewalls & Art, LLC*, 41 F.4th 1, 7 (1st Cir. 2022) (affirming exclusion of evidence of a possible rape committed by the plaintiff that "would certainly be 'explosive' evidence of a 'shocking or heinous crime likely to inflame the jury.'") (quoting *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000)).
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

examined on these matters. Nevertheless, even if Baugh does assert Fifth Amendment rights, any issue pertaining to the Arkansas prosecutor or other *potential* bad acts or past crimes that Baugh *may have* committed are collateral to the underlying facts of this case. For this reason, Defendants do not have any entitlement to cross-examine him on these matters, should Baugh assert his Fifth Amendment rights. Nor should Baugh's direct testimony be stricken if he asserts his Fifth Amendment rights with respect to these collateral matters.

Even in a criminal proceeding where a defendant has a Sixth Amendment right to confront the witnesses against him, "'[i]n determining whether a witness's refusal to answer questions posed during cross-examination constitutes a denial of the defendant's confrontation rights . . . a distinction must be drawn between direct and collateral matters.'" *United States v. Rivera Rangel*, 466 F.3d 158, 161 (1st Cir. 2006) (quoting *United States* v. *Berrio-Londono*, 946 F.2d 158 (1st Cir. 1991)). "If, however, the proffered line of questioning touched upon matters of only collateral import, the court had broad discretion to permit the direct testimony to stand while allowing [the witness] to invoke his right to silence on certain subjects raised by the cross-examiner." *Id.* (refusing to strike direct testimony when cross-examination limited to issues "not relevant to [defendant's] guilt or innocence"). *See also United States v. Gary*, 74 F.3d 304, 310 (1st Cir. 1996) (Saris, J., sitting by designation) (holding that trial court did not abuse its discretion by refusing to strike witness's testimony on direct examination when witness asserted Fifth Amendment rights on collateral matters on cross-examination); *United States v. Stubbert*, 655 F.2d 453, 458 (1st Cir. 1981) ("district court did not err in refusing to strike" testimony where it only involved "collateral matters").[5]

---

[5] Even if aspects of these matters were somehow non-collateral, the Court need not strike direct testimony, but may "adopt[] a lesser sanction for a defendant's refusal to answer on a point of marginal importance -- for example, by inviting the jury to take account of the refusal in considering how far to credit his testimony." *United States v. Bartelho*, 129 F.3d 663, 674 (1st Cir.

"The confrontation clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *United States v. Noone*, 913 F.2d 20, 32 (1st Cir. 1990) (*quoting United States v. Owens*, 484 U.S. 554, 559 (1988)) (emphasis in the original).

In this context, courts have held that testimony about other unrelated crimes is collateral. *Berrio-Londono*, 946 F.2d at 161 (affirming a refusal to strike the direct testimony of a co-conspirator who took the Fifth Amendment about prior drug deals with a co-conspirator other than the defendant), *cert. denied*, 502 U.S. 1114 (1992). *See also United States v. Brooks*, 82 F.3d 50, 54 (2d Cir. 1996) (affirming district court's refusal to strike witness testimony where the court only allowed the witness to "assert the privilege on topics collateral to the subject matter of this case."); *Dunbar v. Harris*, 612 F.2d 690, 694 (2d Cir. 1979) (affirming a refusal to strike the direct testimony of a witness who took the Fifth Amendment about his "involvement in drug dealings other than those for which appellant was charged").

Simply stated, "[i]f a witness asserts the privilege on cross-examination regarding 'collateral' matters, the witness's direct testimony need not be stricken. *United States v. Cardillo*, 316 F.2d 606, 611 (2d Cir.), *cert. denied*, 375 U.S. 822  (1963). Only if the witness's assertion of the privilege "precludes inquiry into the details of his direct testimony" so that "the defense is deprived of the right to test the truth of his direct testimony," must the court strike it. *United States v. Brooks*, 82 F.3d 50, 54 (2d Cir. 1996) (quoting *Cardillo*, 316 F.2d at 611).

Jones repeatedly asserts that she will be unable to "test [Baugh's] credibility." ECF No. 615 at 2, 4, 11. This admission of Defendant's purpose is fatal. "A witness's 'general credibility' is a collateral matter," and the assertion of a Fifth Amendment right does not "'deprive [a

---

1997).

defendant] of [his] constitutional right to confrontation.'" *United States v. Martin*, 2024 U.S. App. LEXIS 15630, at *7-8 (2d Cir. June 27, 2024) (*quoting United States v. Coven*, 662 F.2d 162, 170 (2d Cir. 1981)). *See also United States v. Williams*, 718 F. App'x 96, 98 (2d Cir. 2018) ("witness's direct testimony should not be stricken if the witness asserts the privilege regarding 'collateral' matters bearing solely on the witness's credibility."); *United States v. Treacy*, 639 F.3d 32, 45 (2d Cir. 2011) ("A general attack on credibility is, concededly, a collateral matter."); *United States v. Lin*, 2000 U.S. App. LEXIS 23455, at *6 (2d Cir. Sept. 12, 2000) (holding that the district court did not err by preventing the defendant from "questioning the accomplice witness about conversations with his attorney as to the sentence he might expect to receive in light of his cooperation with the government"); *United States ex rel. Ashford v. Dir., Ill. Dep't of Corr.*, 871 F.2d 680, 683 (7th Cir. 1989) ("Collateral matters are subjects not raised during direct examination and normally relate to the general credibility of the witness."); *United States v. Gould*, 536 F.2d 216, 222 (8th Cir. 1976) ("If the witness's refusal to testify merely precludes inquiry into an area relating to a collateral matter, such as the credibility of the witness, the defendant has suffered no prejudice and the witness's other testimony may be admitted."); *United States v. La Riche*, 549 F.2d 1088, 1097 (6th Cir. 1977) ("A defendant's rights do not bar the admission of the witness's testimony against him where the questions concern subject matter which is either collateral or cumulative and where the cross-examination is directed at the witness's general credibility rather than toward matters relating to the specific events of the crime charged."); *United States v. Nunez*, 668 F.2d 1116, 1122 (10th Cir. 1981) ("[C]ourts have drawn the line between cases in which the defendant is precluded from inquiring into collateral matters bearing only on the credibility of the witness and those cases in which the defendant is precluded from inquiring into matters about which the witness testified on direct examination."); *United States v. Hirst*, 668 F.2d 1180, 1183 (11th Cir. 1982) ("Here, the privilege was invoked as to purely collateral matters which dealt only

with the credibility of the witness . . . it was proper in the instant case to respect the privilege and to allow [the] testimony into evidence.").

Similarly fatal is Jones's admission that she needs to know about the "deal" Baugh struck with Plaintiffs. Again, this is firmly a collateral issue that does not justify striking Baugh's testimony. In *Jones v. Bell*, 2023 U.S. App. LEXIS 11906, at *7 (2d Cir. May 16, 2023), the defendant argued that the district court deprived him of the right to confront his accuser when it refused to strike a cooperating witness's testimony after he invoked his Fifth Amendment privilege during cross-examination with respect to the witness's cooperation agreement. *Id.* The Second Circuit disagreed. *Id.*

### D. Defendants Have Other Means of Addressing These Collateral Matters at Trial.

If Baugh does assert his Fifth Amendment rights, Defendants will have other means by which to address these collateral matters. For example, "[w]hen a witness in a civil matter asserts the Fifth Amendment privilege against self-incrimination in response to questioning, the court may allow an adverse inference to be drawn from the answer -- that is, an inference that if the witness had answered, the answer would have been unfavorable to the witness." *United States ex rel. Lokosky v. Acclarent, Inc.*, 464 F. Supp. 3d 440, 443 (D. Mass. 2020). *See also United States v. Stein*, 233 F.3d 6, 15 (1st Cir. 2000) ("[T]he Supreme Court has adhered to the prevailing rule that the Fifth Amendment does not forbid allowing adverse inferences to be drawn against parties to civil actions from their refusal to testify in response to probative evidence offered against them.").

Moreover, despite eBay's suggestion to the contrary, Defendants do not need Baugh's testimony on any potential contemplated harassment of the Arkansas prosecutor to help prove that Baugh engaged in a campaign to harass the Steiners. Baugh and eBay have admitted to the harassment of the Steiners and there is no dispute that this harassment occurred. ECF No. 533-1

10

(eBay deferred prosecution agreement) ¶¶ 48-52; ECF No. 533-5 (Baugh sentencing memorandum).[6] Further, if Baugh were to assert Fifth Amendment rights with respect to questioning regarding the Arkansas prosecutor, Defendants, in fact, already possess evidence on this issue, which they submitted in support of this motion. *See* ECF No. 616-2 (Stockwell deposition transcript); at 79:20-80:14; ECF No. 616-3 (WhatsApp text messages ); ECF No. 616-4 (Zea deposition transcript) at 84:20-85:4. Defendants are also free to call Stockwell, Zea, or Akdeniz to testify at trial on this issue.

In addition, Wymer argues that he must cross-examine Baugh on his treatment of subordinates. To the extent Wymer believes this is relevant to any claim or defense, he is free to call any one of Baugh's former subordinates to testify at trial. To that end, he already has testimony of former subordinates that he may be able to use at trial. Indeed, Wymer submitted deposition transcripts of two of those subordinates with his Notice of Joinder to this motion. *See* ECF Nos. 618-2 (Stockwell deposition transcript); ECF No. 618-3 (Zea deposition transcript).

### E.    Defendants Are on Notice of What Baugh Will Say at Trial.

Jones makes an additional argument that Defendants do not have any idea what Baugh may say at trial. However, they are well-aware that Baugh's testimony will be consistent with his sentencing memorandum. Whether or not that sentencing memorandum would be admissible at trial on its own is irrelevant. Although evidence must be admissible at trial to be considered on a summary judgment motion, the form of the evidence presented at the summary judgment stage need not be admissible, so long as the evidence offered at summary judgment sets forth facts that

---

[6] Nor is any conduct pertaining to the Arkansas prosecutor "closely related" to the underlying facts of this case. ECF No. 627 at 2. eBay cites *SEC v. Ficken*, 546 F.3d 45, 53-54 (1st Cir. 2008) to support its argument that defendant must be able to cross-examine Baugh regarding the Arkansas prosecutor, but that case is inapposite. There, the defendant asserted his rights under the Fifth Amendment with respect to factual matters directly related to the alleged criminal conduct.

would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (on summary judgment, the nonmoving party is not required to produce evidence in a form that would be admissible at trial); *Traverse v. Gutierrez Co.*, 2021 U.S. Dist. LEXIS 148230, at *71 (D. Mass. Aug. 6, 2021). Baugh's actual sworn testimony will be admissible at trial. The remainder of Jones's argument on this point is nothing more than a rehash of arguments she made in her summary judgment papers.

## III.   WENIG'S NOTICE OF JOINDER IS NOTHING BUT AN IMPROPER SUR-SUR-REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT.

Wenig purports to have submitted a notice of joinder to Jones's motion. However, that notice of joinder is an improper sur-sur-reply in further support of his motion for summary judgment. The notice does not address, or present argument on, whether the proffer of Baugh's testimony should be stricken, or whether additional discovery should be permitted. Indeed, Wenig explicitly states that, "even if the Court were to accept Plaintiffs' proffer concerning Mr. Baugh's testimony (and it should not), that testimony has no impact on Mr. Wenig's pending motion for summary judgment." ECF No. 617 at 3.

Wenig's notice simply provides additional legal and factual arguments in support of his motion for summary judgment. Wenig never sought leave (and was never granted leave) to file a sur-sur-reply. Accordingly, Wenig's "notice of joinder" should be stricken and disregarded by the Court. *See* L.R. 7.1(b)(3) ("All other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court."); *Satanic Temp., Inc. v. City of Bos.*, 2022 U.S. Dist. LEXIS 63827, at *6 (D. Mass. Apr. 6, 2022) (striking sur-reply filed without leave).

## IV.   EBAY MISSTATES THE NATURE OF SETTLEMENT COMMUNICATIONS WITH BAUGH.

eBay's notice of joinder includes the erroneous assertion that ███████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████ Baugh will be submitting his own papers in response to this motion

that will discuss this issue in greater detail. That discussion is incorporated herein by reference.

    Moreover, in its joinder, eBay states, ████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ ████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████

    In addition, in violation of Fed. R. Evid. 408, ██████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

For this reason, section 2 of eBay's notice of joinder that discusses settlement communications

(ECF No. 627 at 2-3) and the settlement discussion emails (ECF No. 628-1) should be stricken.

---

[7] ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████

       ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

*Id*. ¶ 8 (italics in the original).

*See F.H. Cann & Assocs. v. Moorman*, 605 F. Supp. 3d 232, 240 (D. Mass. 2022) (striking settlement communication under Rule 408).

## V.  STRIKING THE PROFFER OF MR. BAUGH'S TESTIMONY WOULD HAVE A CHILLING EFFECT ON ANY OTHER DEFENDANT THAT MAY WISH TO SETTLE CLAIMS OR PROVIDE TESTIMONY AT TRIAL.

Defendants know that Baugh's testimony will be harmful to them. The purpose of this motion is to silence him. If granted, this motion would also have a chilling effect upon any other defendant or witness who may choose to testify at trial. The granting of this motion would also *discourage* future settlements with individual named defendants. This public policy concern further auger in favor of the denial of this motion. If called, Baugh has every right to tell his story while also invoking his constitutional rights under the Fifth Amendment. Defendants' attempt to preemptively silence Baugh's testimony on topics he has already set forth before this Court is both shocking and telling.

## VI.  DEFENDANTS ARE NOT ENTITLED TO ADDITIONAL DISCOVERY.

Alternatively, Defendants ask that they be permitted additional discovery. This argument is stunning in its audacity and in its failure to cite the relevant legal standard or supporting legal authority. Fact discovery closed on September 27, 2024. Thousands of pages of summary judgment papers have been submitted to the Court and a hearing on those motions was held on March 10, 2025. Defendants should not be permitted additional discovery at this late date.

Courts in this Circuit apply Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard to determine whether discovery should be reopened once the deadline set by the Court's scheduling order has passed. *See Bonomo v. Factory Mut. Ins. Co.*, 2023 WL 3934696, at *8 (D. Mass. June 9, 2023) (applying Rule 16(b)(4)'s "good cause" standard to adjudicate plaintiff's motion to reopen discovery); *MAZ Partners LP v. Shear*, 208 F. Supp. 3d 384, 388 (D. Mass. 2016) ("The court finds that the standard set out in Fed. R. Civ. P. 16(b)(4), whether there is "good cause"

to reopen discovery, is the appropriate standard to use here); *Alifax Holding Spa v. Alcor Sci., Inc*., 2019 U.S. Dist. LEXIS 5823, at *7 (D.R.I. Jan. 11, 2019) (denying motion to reopen discovery because "[t]he Court is not persuaded that good cause exists to do so here.") (citing Fed. R. Civ. P. 16(b)(4)); *Carrozza v. CVS Pharmacy, Inc.*, 391 F. Supp. 3d 136, 150 (D. Mass. 2019), *aff'd*, 992 F.3d 44 (1st Cir. 2021) (denying motion to reopen discovery where movant "failed to show good cause why discovery should be reopened at this stage of the proceedings."); *see also Beaulieu v. Orlando*, 2018 WL 654435, at *1 (D.N.H. Jan. 29, 2018) ("[Plaintiff] must seek leave of court to reopen discovery, demonstrating good cause for not seeking the discovery in question prior to the close of discovery"). *See also Zhou v. Pittsburg State University*, 252 F. Supp.2d 1194, 1206 (D. Kan. 2003) (a motion for leave to take a deposition after the close of discovery is same as a motion to reopen discovery).

Where "the discovery deadline has long since passed . . . the district court ha[s] no automatic obligation to reopen the discovery period." *Fusco v. Gen. Motors Corp.*, 11 F.3d 259, 267 (1st Cir. 1993). Just as in *Vineberg v. Bissonnette*, 548 F.3d 50, 55 (1st Cir. 2008) "the defendant failed to offer any persuasive explanation for her failure to complete discovery within the previously established time frame." To establish "good cause" to reopen discovery, a party must show that, even having exercised due diligence, it could not have reasonably met the discovery deadline. *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 154-55 (1st Cir. 2004). Simply put, "[d]iscovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery." *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) (collecting cases).

Ironically, in her memorandum of law, Jones criticizes Plaintiffs because they supposedly "*chose* not to depose Mr. Baugh (even if only to elicit assertions of the Fifth)." ECF No. 615 at 2 (emphasis in the original). Yet, Defendants find themselves in this situation because they chose not

15

to depose Baugh. Nor did Defendants move to compel additional discovery responses from Baugh beyond those provided by him. Defendants recognized that Baugh's testimony would be harmful to them and made a strategic decision not to depose him or seek additional interrogatory responses from him. Now that Baugh has agreed to testify at trial, that strategy has backfired. Jones misleadingly cites generic discovery principles about how the Federal Rules of Civil Procedure are supposed to avoid trial by surprise. That is a red herring. There was no surprise here. Baugh has been (and should soon be a former) Defendant in this case from the beginning. Every Defendant left in this case had every opportunity to seek discovery from Baugh and, in turn, seek Court relief if they were unsatisfied with any responses they received from him. None did.

As the Court is well-aware, Plaintiffs are not required to depose all witnesses they intend to call at trial, so long as the witnesses were properly disclosed and Defendants had ample opportunity to conduct whatever discovery they wished or were permitted to seek. That is enough. Defendants strategically chose not to depose Baugh or seek additional discovery from him. Defendants may not seek relief from their own failed strategy – certainly not at this late stage. *See, e.g.*, *Laccinole v. Int'l Union of Police Ass'ns AFL-CIO*, 638 F. Supp. 3d 110, 114 (D.R.I. 2022) (request for addition discovery denied where party made a strategic litigation decision to not take discovery, leaving him "hoisted with his own petard"); *Francis v. US Airways, Inc.*, 2015 U.S. Dist. LEXIS 181095, at *3 (S.D. Fla. Dec. 15, 2015) ("Parties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk."); *Energex Enters. v. Shughart, Thomson & Kilroy, P.C.*, 2006 U.S. Dist. LEXIS 58395, at *22 (D. Ariz. Aug. 17, 2006) (same); *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D. Fla. 2014) (rejecting request to take trial depositions beyond the discovery period); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002) (affirming a district court's denial of leave for a party to take an additional deposition shortly before trial, and after the discovery cutoff).

16

Jones relies upon *Gabriel v. Superstation Media, Inc.*, 2014 U.S. Dist. LEXIS 199620 (D. Mass. Sep. 5, 2014), which is factually distinct. There, defendants timely served subpoenas on non-party witnesses who failed to comply with those subpoenas. *Id*. at *3-5. As a result, the Court granted a motion to compel compliance and extended discovery by thirty days so that those witnesses could be deposed. *Id*. at *7. There was no post-summary judgment hearing Hail Mary of the sort that Defendants are attempting. *Papkee v. Mecap*, 2021 U.S. Dist. LEXIS 58228, at *13 (D. Me. Mar. 26, 2021) is also inapposite. There, defendants were sanctioned for failing to comply with their discovery obligations. There was no untimely request for additional rounds of discovery.

"Given [Defendants'] lack of diligence in pursuing the deposition of [the witness], and indeed strategic choice to forego that deposition, [Defendants have] failed to show good cause to reopen discovery and therefore "the inquiry should end." *Ioane v. Noll*, 2020 U.S. Dist. LEXIS 193218, at *3-4 (E.D. Cal. Oct. 19, 2020) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992)). *See also Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) ("Sheridan's failure to diligently pursue discovery is demonstrated in the record and supports the refusal to reopen discovery.").

Moreover, Defendants are not entitled to extended discovery – including requested depositions, interrogatories, and document requests -- regarding the settlement between Plaintiffs and Baugh. While in certain circumstances the confidential settlement agreement itself is discoverable, courts consistently deny discovery into the circumstances surrounding the settlement and related documents or communications. *See, e.g., Close v. Account Resolution Servs.*, 557 F. Supp. 3d 247, 251 (D. Mass. 2021) ("The Movants also speculate that the settlement agreements may have been entered in bad faith and that the circumstances are suggestive of collusion. . . . Such speculation is insufficient for the Movants to show discoverability under Rule 26.").

Indeed, not only do Defendants want additional discovery from Baugh, they want leave "to

pursue leads" that might be uncovered through that additional discovery. ECF No. 615 at 10 n.10. Defendants also request that the Court withhold any determination of the summary judgment motions until all this additional discovery (including discovery into any new "leads") is completed.

What Defendants really seek is a delay of a trial in this case, where the astonishing facts of the depraved acts inflicted upon the Steiners will be on full display. They continue to throw everything but the kitchen sink against the wall, hoping something will stick.

Even if Defendants had endeavored to cite the applicable legal standard through which to seek additional discovery, no additional discovery is justified in this case. As explained at the summary judgment hearing, the evidence from Baugh is admissible for summary judgment, and summary judgment should be summarily denied. This Court should expeditiously schedule a status conference as soon after its decision on the summary judgement motions is issued so that this case can get slated on the Court's trial calendar. With eBay's admission of liability, there are sure to be triable issues. The Steiners' long pursuit of justice should finally come to an end.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny this motion in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: April 24, 2025                        Respectfully submitted,


                                             */s/Andrew G. Finkelstein*
                                             Andrew G. Finkelstein
                                             Brian D. Acard
                                             Kenneth B. Fromson
                                             Lawrence D. Lissauer
                                             **FINKELSTEIN & PARTNERS, LLP**
                                             1279 Route 300
                                             Newburgh, NY 12551
                                             (845) 563-9459
                                             afinkelstein@fbfglaw.com

bacard@lawampm.com
kfromson@lawampm.com
LLissauer@lawampm.com

Todd S. Garber
Bradley F. Silverman
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Marc A. Diller
**DILLER LAW, LLP**
50 Congress Street , Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
**FOSTER, SCALLI & MURPHY, LLC**
537 Broadway
Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

*Counsel for Plaintiffs Ina Steiner, David*
*Steiner and Steiner Associates, LLC*

19