# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER et al.,<br>    *Plaintiffs*,<br><br>v.<br><br>eBAY INC., et al.,<br>    *Defendants*. | No. 1:21-cv-11181-PBS |

## DECLARATION OF WILLIAM W. FICK, ESQ.

I, William W. Fick, hereby depose and state as follows:

1. I am a partner of the law firm Fick & Marx LLP and counsel of record for defendant Jim Baugh in the above-captioned case.

2. I submit this Declaration in response to Defendant eBay Inc.'s Notice of Joinder to Wendy Jones's Motion to Strike Plaintiff's Proffer of Future Testimony or, in the Alternative, Motion for Supplemental Discovery, D.E. 627, and the appended Declaration of Jack W. Pirozzolo, Esq., D.E. 628.

3. On March 10, 2025, the Court ordered, *inter alia*, that by "April 1, 2025, Plaintiffs counsel shall file a Status Report re: whether or not Mr. Baugh will testify in this case." D.E. 606.

4. Over the ensuing days, I received inquiries about Mr. Baugh's intentions from counsel for multiple defendants.

5. On March 13, 2025, I, along with my law partner, Daniel Marx, Esq., spoke by telephone with counsel for eBay, Jack Pirozzolo, Esq. During this call, Attorney Pirozzolo argued that it would be in Mr. Baugh's best interest not to cooperate with Plaintiffs and to maintain his silence by continuing to invoke his Fifth Amendment rights, because according to Attorney Pirozzolo, this would likely result in summary judgment in favor of certain defendants, and would

1

make global settlement more likely, despite what Attorney Pirozzolo characterized as the Court's "unfortunate" decision on punitive damages.

6. On that call, Attorney Marx and I inquired whether eBay would reconsider its previous decision not to indemnify Mr. Baugh and, consistent with applicable California law, indemnify him, as we understand eBay has done with other defendants. We explained that Mr. Baugh wanted to put this case behind him, had no desire to participate in the litigation as a witness, and would be willing to confirm that intention, if necessary, in consideration of indemnification by eBay. We further explained that, based on our own research, we believed such an undertaking would be ethically permissible under Mass. Prof. C. 3.4(f) since Mr. Baugh was a former eBay employee.

7. Characterizing these tentative discussions as an "offer," Attorney Pirozzolo sent the following email to Attorney Marx and me on March 17, 2025:

> **From:** Pirozzolo, Jack <jpirozzolo@sidley.com>
> **Sent:** Monday, March 17, 2025 11:43 AM
> **To:** William Fick <wfick@fickmarx.com>
> **Cc:** Daniel Marx <dmarx@fickmarx.com>
> **Subject:** RE: eBay
>
> Bill/Dan:
>
> Could you send me an email with Mr. Baugh's offer you communicated to me on Thursday? You also mentioned you had researched the ethics of Mr. Baugh's offer. Can you please either send me or direct me to that research.
>
> Regards,
>
> **JACK W. PIROZZOLO**
>
> **SIDLEY AUSTIN LLP**
> +1 617 223 0304
> jpirozzolo@sidley.com

8. I then responded with the email labeled "CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY" that Attorney Pirozzolo appended to his Declaration, D.E. 628.

2

I declare, under the pains and penalties of perjury, that the foregoing is true and correct to be best of my knowledge, information, and belief.

Executed on April 25, 2025, in Boston, Massachusetts.

/s/ William W. Fick