**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>EBAY INC., et al.,<br><br>               Defendants. | Civil Action No. 21-CV-11181-PBS<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Leave to file granted on May 1, 2025 (ECF 645)** |

**REPLY IN SUPPORT OF DEFENDANT WENDY JONES'S
MOTION TO STRIKE PLAINTIFFS' PROFFER OF FUTURE TESTIMONY
OR, IN THE ALTERNATIVE, MOTION FOR SUPPLEMENTAL DISCOVERY**

## **TABLE OF CONTENTS**

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| I. BAUGH'S PROFFERED TESTIMONY SHOULD BE STRUCK BECAUSE PLAINTIFFS FAIL TO SHOW IT CAN BE PRESENTED IN AN ADMISSIBLE FORM AT TRIAL | 2 |
|     A. Plaintiffs Still Have Not Proffered Baugh's Testimony in an Appropriate Form | 2 |
|     B. The Limited Scope of Baugh's Testimony Will Preclude Its Admissibility at Trial | 3 |
|     C. Striking Baugh's Testimony is the Proper Remedy | 6 |
|     D. Striking Baugh's Proffer Will Not Chill Settlement or Testimony of Other Defendants | 8 |
| II. IN THE ALTERNATIVE, IF PLAINTIFFS ARE PERMITTED TO PROFFER BAUGH'S TESTIMONY, SUPPLEMENTAL DISCOVERY IS NECESSARY AND APPROPRIATE | 8 |
|     A. There is Good Cause to Grant Supplemental Discovery | 8 |
|     B. Supplemental Discovery Will Increase Trial Efficiency | 10 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atchison Casting Corp. v. Marsh, Inc.*,
   216 F.R.D. 225 (D. Mass. 2003) ...................................................................................... 9

*Davis v. Alaska*,
   415 U.S. 308 (1974) ......................................................................................................... 6

*Gutierrez-Rodriquez v. Cartagena*,
   882 F.2d 553 (1st Cir. 1989) ......................................................................................... 6, 8

*In re Inofin Inc.*,
   219 F.Supp.3d 265 (D. Mass. 2016) ................................................................................ 7

*Kirane v. City of Lowell*,
   622 F.Supp. 262 (D. Mass. 1985) .................................................................................... 7

*MAZ Partners LP v. Shear*,
   208 F.Supp.3d 384 (D. Mass. 2016) ................................................................................ 9

*Parker Waichman LLP v. Salas LC*,
   328 F.R.D. 24 (D.P.R. 2018) .......................................................................................... 10

*Savage v. City of Springfield*,
   No. 18-cv-30164, 2024 U.S. Dist. LEXIS 99821 (D. Mass. June 5, 2024) ..................... 7

*SEC v. Ficken*,
   546 F.3d 45 (1st Cir. 2008) .............................................................................................. 4

*Serafino v. Hasbro, Inc.*,
   72 F.3d 515 (1st Cir. 1996) ........................................................................................... 7, 9

*Setterlund v. Potter*,
   597 F.Supp.2d at 172 ....................................................................................................... 3

*Sheppard v. River Valley Fitness One L.P.*,
   428 F.3d 1 (1st Cir. 2005) ................................................................................................ 9

*Stop & Shop Cos., Inc. v. Interstate Cigar Co.*,
   110 F.R.D. 105 (D. Mass. 1986) ..................................................................................... 9

*United States v. Berrio-Londono*,
   946 F.2d 158 (1st Cir. 1991) ............................................................................................ 5

*United States v. Colon-Miranda*,
    992 F.Supp. 86 (D.P.R. 1998)..........................................................................................6

*United States v. Gary*,
    74 F.3d 304 (1st Cir. 1996) (Saris, J., sitting by designation) ..............................5, 6

*United States v. Gemma*,
    818 F.3d 23 (1st Cir. 2016)..........................................................................................5

*United States v. Parcels of Land*,
    903 F.2d 36 (1st Cir. 1990)......................................................................................7, 8

*United States v. Rivera Rangel*,
    466 F.3d 158 (1st Cir. 2006)........................................................................................4

*United States v. Treacy*,
    639 F.3d 32 (2d Cir. 2011) .......................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 56(c)(2) ..........................................................................................................3

## PRELIMINARY STATEMENT

At oral argument on March 10, the Court provided Plaintiffs an opportunity to supplement their summary judgment record regarding testimony by Defendant Baugh. Despite that additional opportunity, Plaintiffs' notice of March 27 (ECF 611) and their Opposition Brief (ECF 636) fail to demonstrate that the hoped-for testimony will be available in admissible form. Their bare proffer of testimony—still unsworn and unspecified—is inadmissible, both now and at trial. Even if Plaintiffs had supplied an affidavit, as required at this stage, Baugh has agreed to only a partial waiver of his Fifth Amendment rights. That partial waiver unfairly limits Ms. Jones's and other Defendants' opportunity for cross-examination, rendering the proposed testimony inadmissible.

Plaintiffs' argument that Baugh's proffered testimony is "relevant" and "[t]herefore . . . admissible" misstates the law. ECF 636 at 1. Here, admissibility turns on whether the proffered testimony is unfairly circumscribed in a way that benefits Plaintiffs and harms Defendants. It plainly is. Plaintiffs' response to that critique is to assert that the topics rendered off-limits (i.e., those helpful to Defendants) are "collateral" to the proffered testimony. Not so. A long line of cases from this Circuit and others confirms that prior bad acts, patterns of conduct, and even credibility are not "collateral" when they are tied to the direct testimony at issue—as Baugh's behavior is here. Baugh's parallel plot against a prosecutor—using the same people and same methods as used against Plaintiffs—and alleged sexual assault—used to manipulate his co-conspirators in this very case—to take just two examples, could not be more closely related to the direct testimony Plaintiffs wish to sponsor.

If the Court nonetheless permits the proffered testimony, Ms. Jones and other Defendants have moved in the alternative for limited discovery on issues she was precluded from pursuing earlier, either because Baugh asserted his Fifth Amendment rights or because Plaintiffs had not yet made their testimony-for-dismissal arrangement. Plaintiffs claim that Defendants should have

1

compelled this discovery sooner, but that suggestion ignores that a motion to compel is improper in the face of a valid assertion of the Fifth Amendment privilege (here, in written discovery responses and a letter as to deposition). Nor could Defendants have sought discovery on the bargain Plaintiffs struck before they struck it. Plaintiffs' assertion that Ms. Jones and other Defendants made a "strategic" choice not to pursue this discovery thus rings hollow. In fact, it is Plaintiffs' strategic decisions that bring us here: first not to build a complete summary judgment record before oral argument and then to induce Baugh to testify by dismissing him from the case. Plaintiffs could have made that dubious deal earlier but chose not to. Their strategic choices should not limit Ms. Jones's and other Defendants' right to full and fair discovery.

For these reasons and those discussed below, Baugh's proposed testimony should be struck. If it is not, additional, limited discovery is appropriate.

## ARGUMENT

### I. BAUGH'S PROFFERED TESTIMONY SHOULD BE STRUCK BECAUSE PLAINTIFFS FAIL TO SHOW IT CAN BE PRESENTED IN AN ADMISSIBLE FORM AT TRIAL

The Court should strike Baugh's proffered testimony, both because it has not been presented in a sworn statement and, even if it were, because the limits of Baugh's waiver of his Fifth Amendment rights would make his statements inadmissible at trial.

#### A. Plaintiffs Still Have Not Proffered Baugh's Testimony in an Appropriate Form

As a threshold matter, nearly two months after the March 10 hearing on Defendants' summary judgment motions (and more than six months after briefing began), Plaintiffs have failed to produce the sworn statements required to defeat summary judgment on the basis of expected testimony. Although Plaintiffs claim the "Defendants are on notice of what Baugh will say at trial" and "they are well-aware that Baugh's testimony will be consistent with his sentencing memorandum," that is not actually true. *See* ECF 636 at 11. Uncertainty regarding what witnesses

will say under oath is precisely why courts find unsworn statements to be insufficient to defeat summary judgment motions. As Judge Saylor emphasized in *Setterlund v. Potter*, "the Court has found [no case] where an unsworn witness statement (as opposed to a deposition or affidavit) was accepted by a court in opposition to a motion for summary judgment. The unsworn witness statements are therefore subject to being struck." 597 F.Supp.2d 167, 172 (D. Mass. 2008).

At no point has Baugh made a sworn statement on the record as to his testimony at trial. If this shortcoming sounds familiar, it is because Ms. Jones and other Defendants have cited it repeatedly (*see* ECF 609 at 114:9–15; ECF 615 at 9; ECF 617 at 1), but Plaintiffs have failed to fix it. Although Federal Rule 56(c)(2) does not require that evidence be presented in *admissible* form at summary judgment, that does not mean that evidence can be presented in *any* form. *See* Fed. R. Civ. P. 56(c)(2); *Setterlund v. Potter*, 597 F.Supp.2d at 172. At the summary judgment hearing, the Court agreed that Baugh's sentencing memorandum was unreliable and inadmissible. ECF 609 at 121:5–7. It remains so. It therefore cannot stand as a substitute for the sworn statements required at this stage. *See, e.g.*, *Setterlund*, 597 F.Supp.2d at 172. The fact that Plaintiffs have not corrected this problem, even at this late date and with abundant notice of the deficiency, is sufficient to dispose of the issue.

### B.   The Limited Scope of Baugh's Testimony Will Preclude Its Admissibility at Trial

The proffered testimony suffers from another, more fundamental flaw: the limits of Baugh's waiver would deprive Ms. Jones and other Defendants of adequate cross-examination on issues central to this case. In their Opposition Brief, Plaintiffs characterize Ms. Jones's and other Defendants' objections as related to collateral matters, particularly credibility. That characterization is incorrect. In her Motion to Strike, Ms. Jones identifies *multiple* examples of concrete, non-collateral subjects on which she would seek to cross-examine Baugh. *See, e.g.,* ECF

3

615 at 8. Those issues appear to fall outside the scope of the "Relevant Conduct" for which Baugh was convicted, and thus fall outside his purported waiver.

For example, if Baugh is to testify at trial, Ms. Jones and other Defendants would seek to cross-examine him on his efforts to pursue and harass a prosecutor in Arkansas who was allegedly investigating Baugh's father. Plaintiffs' suggestion that this topic is "wholly collateral" misunderstands Ms. Jones's argument. *See* ECF 636 at 5. Ms. Jones does not intend to cross-examine Baugh about this additional criminal behavior to prove that he pursued the prosecutor; rather, the questioning goes to a pattern of behavior Baugh exhibited *while using the same tactics to pursue the Steiners*. Discovery shows that Baugh himself drew comparisons between the two schemes. *See* ECF 615 at 1, 5, Appendix A; ECF 616-3 at WHATSAPP00000029.

A witness cannot explain away one type of misconduct but invoke the Fifth Amendment privilege as to "closely related" behavior. *SEC v. Ficken*, 546 F.3d 45, 53–54 (1st Cir. 2008). Even the case cited in Plaintiffs' own brief, *United States v. Rivera Rangel*, 466 F.3d 158 (1st Cir. 2006), supports this point. There, on appeal, the defendant-appellant argued that she should have been permitted to cross-examine a witness who had invoked his Fifth Amendment privilege about a pattern of payments the witness had accepted while acting as a government official. *Id.* at 160–61. The First Circuit recognized that "willing participation" was "central" to appellant's defense and would have been an important, non-collateral point on cross-examination.[1] *Id.* at 161–62.

Here, Plaintiffs have repeatedly argued that Ms. Jones "knew, should have known, or was willfully blind to Baugh's behavior." *See, e.g.*, ECF 530 at 17. One of Ms. Jones's central defenses to this argument is that Baugh knew how to and repeatedly did conceal his bad acts. The Arkansas prosecutor example is particularly core to how Baugh operated undetected because of the

---

[1] The *Rivera Rangel* Court ultimately did not grant relief on this point because it found that the objection, while valid, was untimely. *United States v. Rivera Rangel*, 466 F.3d 158, 162 (1st Cir. 2006).

similarities that Baugh himself has acknowledged: he used the same eBay resources and the same eBay employees to initiate a similar harassment scheme against the Arkansas prosecutor while he was in Natick executing the scheme against the Steiners.

The same goes for the allegations that Baugh assaulted members of his security team. If Baugh is to testify, Ms. Jones and other Defendants would not seek to cross-examine Baugh about these attacks merely as a way to undermine his credibility. Rather, evidence of these assaults would go to Ms. Jones's and other Defendants' defense that Baugh concealed his crimes against the Steiners from Ms. Jones and other Defendants in part by instilling fear in his subordinates and deterring them from raising concerns to Baugh's supervisors.[2] *See also* ECF 618 at 2. Plaintiffs' reliance on *United States v. Berrio-Londono*, 946 F.2d 158 (1st Cir. 1991), is thus inapposite. *See id.* at 161 (refusing to strike testimony where, unlike here, there was no indication that prior criminal offenses "bore any connection" to defendant's participation in a conspiracy). Elsewhere, Plaintiffs simply get the case law wrong. Plaintiffs describe the holding of *United States v. Gary*, 74 F.3d 304 (1st Cir. 1996) (Saris, J., sitting by designation) as: "trial court did not abuse its discretion by refusing to strike witness's testimony on direct examination when witness asserted Fifth Amendment rights on collateral matters on cross-examination." ECF 636 at 7. It appears that what Plaintiffs refer to in this parenthetical is the *Gary* Court's description of *another* case— *United States v. Berrio-Londono*. *See* 74 F.3d at 310. In actuality, the *Gary* Court upheld the trial court's finding that the witness's refusal to submit to cross-examination during re-trial "would have shielded the witness from testifying on a core issue addressed on direct examination." *Id.* at 312. The First Circuit also upheld the trial court's decisions to prevent the witness from testifying

---

[2] Plaintiffs' suggestion that the probative value of this evidence is outweighed by the danger of unfair prejudice misunderstands the argument. *See United States v. Gemma*, 818 F.3d 23, 35–36 (1st Cir. 2016) (evidence of physical violence was not unfairly prejudicial when admitted to show violence was used as a method of control).

at the re-trial and to permit the witness's testimony from the initial trial—where the witness submitted to full cross-examination—to be read into the record. *Id.* at 307–08, 312.

Moreover, Plaintiffs' suggestion that Ms. Jones's desire to "test [Baugh's] credibility" somehow proves the subjects of cross-examination would be collateral is both misleading[3] and wrong. *See* ECF 636 at 8 (alteration in original). The topics Ms. Jones seeks to examine go to substantive issues and patterns of conduct—not just credibility. In any event, courts distinguish between "general" credibility and "particular" credibility. *See Davis v. Alaska*, 415 U.S. 308, 316 (1974); *United States v. Treacy*, 639 F.3d 32, 45 (2d Cir. 2011)). Where, as here, "the invocation of the privilege against self-incrimination prevents the defendant from cross-examining the witness with respect to his credibility regarding the specific details of his direct testimony," the "testimony should ordinarily be stricken." *Treacy*, 639 F.3d at 45. Even if Ms. Jones sought to cross-examine Baugh solely to test his credibility—and that is plainly not her primary, much less only, purpose—her objection to the admissibility of direct testimony would still stand because the issues bear directly on the testimony in this case.[4]

### C. Striking Baugh's Testimony is the Proper Remedy

When a witness invokes his Fifth Amendment privilege as to non-collateral matters on cross-examination, as Baugh's limited waiver makes clear he will do, striking that testimony is the appropriate remedy. *See Gutierrez-Rodriquez v. Cartagena*, 882 F.2d 553, 576–77 (1st Cir. 1989) (barring party from testifying where he evaded discovery by asserting his Fifth Amendment rights

---

[3] Notably, two of the three references to "credibility' in Ms. Jones's Memorandum of Law that Plaintiffs highlight (*see* ECF 636 at 8) are found in sections of the brief discussing supplemental discovery, not admissibility. *See* ECF 615 at 2, 11. Such issues are properly addressed in Section II of this brief.
[4] Plaintiffs' argument that questions about their deal with Baugh are "collateral" is incorrect, *Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("[P]ossible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand" are non-collateral.); *United States v. Colon-Miranda*, 992 F.Supp. 86, 90 (D.P.R. 1998) ("The bias of a witness is an essential element of cross-examination, and the court cannot deprive the jury of crucial information on bias."), but is more properly addressed in Section II, below, regarding discovery sought.

6

and then indicated his intention to testify at trial); *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (upholding district court's authority to strike witness's affidavit after witness refused to answer opponent's questions about his statements therein).  Baugh—and Plaintiffs—cannot use the Fifth Amendment as both a sword and a shield.  *See Parcels of Land*, 903 F.2d at 43; *Kirane v. City of Lowell*, 622 F.Supp. 262, 264 (D. Mass. 1985); *In re Inofin Inc.*, 219 F.Supp.3d 265, 270 (D. Mass. 2016); *Treacy*, 639 F.3d at 45; *cf. Savage v. City of Springfield*, No. 18-cv-30164, 2024 U.S. Dist. LEXIS 99821, at *4 (D. Mass. June 5, 2024).

Nor will alternative remedies sufficiently protect Ms. Jones's and other Defendants' rights.  Plaintiffs suggest that Ms. Jones and the other Defendants "have other means by which to address" collateral issues at trial if Baugh invokes his right against self-incrimination.  ECF 636 at 10–11.  That argument fails on multiple fronts.  First, as explained above, Defendants seek to cross-examine Baugh on non-collateral matters—and cross-examination on relevant, non-collateral issues must be permitted.  Second, alternative means of challenging Baugh's testimony—such as testimony from other witnesses—would be a "poor proxy" for a thorough cross-examination of Baugh, whose testimony Plaintiffs apparently expect would be central to their case.[5]  *Serafino v. Hasbro, Inc.*, 72 F.3d 515, 518–19 (1st Cir. 1996) (upholding trial court's dismissal of case after finding no alternative means to remedy prejudice of testimony limited on Fifth Amendment grounds).  Finally, kicking the can to trial only complicates an already overwhelmingly complex proceeding while forcing Defendants to prepare for trial in a state of uncertainty—or to prepare for a trial that could be avoided by a ruling at summary judgment.

---

[5] *See* ECF 609 at 156:10–13 (The Court: "And especially with respect to Ms. Jones but partly with respect to some of the others as well, [Baugh is] a linchpin.").

7

### D. Striking Baugh's Proffer Will Not Chill Settlement or Testimony of Other Defendants

Plaintiffs argue on policy grounds that Ms. Jones's Motion to Strike will chill other Defendants' efforts to settle their claims with Plaintiffs or to testify at trial. Not so. Defendants are free to settle this litigation. And witnesses are free to testify—if they testify fully and fairly, as the case law requires.[6] Per Plaintiffs' own filings, Baugh's narrow Fifth Amendment waiver would prevent such fulsome testimony. Baugh is free to "tell his story" as he likes, but if he selectively asserts the Fifth, that "story" is not admissible evidence. *See* ECF 636 at 14.

## II. IN THE ALTERNATIVE, IF PLAINTIFFS ARE PERMITTED TO PROFFER BAUGH'S TESTIMONY, SUPPLEMENTAL DISCOVERY IS NECESSARY AND APPROPRIATE

### A. There is Good Cause to Grant Supplemental Discovery

"A defendant may not use the fifth amendment to shield [himself] from the opposition's inquiries during discovery only to impale [them] with surprise testimony at trial." *Gutierrez-Rodriguez*, 882 F.2d at 577. Plaintiffs may say that Defendants are "on notice" of Baugh's testimony, but that strains credulity. No one seriously believes that Baugh's testimony would be confined to (or precisely track) the handful of isolated snippets Plaintiffs pluck from his sentencing memorandum. For her part, Ms. Jones has been diligent in pursuing discovery from Baugh, but he has declined to answer. In response to Ms. Jones's interrogatories, and the interrogatories of other parties, Baugh fastidiously asserted his Fifth Amendment rights. *See* ECF 616-1, 616-5. When Plaintiffs noticed his deposition, Baugh informed the parties in writing that he would invoke his Fifth Amendment privilege. ECF 623-6.

---

[6] *See Parcels of Land*, 903 F.2d at 43 ("It is well-accepted that a witness' direct testimony can be stricken if [he] invokes the fifth amendment on cross-examination to shield that testimony from scrutiny.").

8

Plaintiffs suggest—without legal support—that Ms. Jones and the other Defendants should have moved to compel Baugh's responses. But Plaintiffs do not dispute that Baugh asserted valid Fifth Amendment rights against self-incrimination. Nor could they. As the First Circuit has made clear, in such circumstances, Ms. Jones was not required to burden the Court with a futile motion to compel Baugh to submit to discovery on the off-chance Baugh might one day change his mind. Indeed, such a motion may have been "improper." *Serafino*, 82 F.3d at 519 (holding that where the party invoking the Fifth Amendment privilege had not indicated that he would waive said privilege, "a motion to compel was not a reasonable alternative"); *Stop & Shop Cos., Inc. v. Interstate Cigar Co.*, 110 F.R.D. 105, 108 (D. Mass. 1986) ("In a case where a [party] validly asserted the privilege against self-incrimination . . . an order compelling a party to answer is improper."). Once Baugh indicated he would partially waive his Fifth Amendment rights, Ms. Jones and other Defendants promptly filed this motion seeking appropriately limited discovery of Baugh in the event he is allowed to testify.

Ms. Jones also seeks discovery related to the settlement agreement between Baugh and the Plaintiffs, which did not exist until after the briefing and hearing on summary judgment in March 2025. Even the cases that Plaintiffs cite recognize that supplemental discovery is proper in such circumstances. *See MAZ Partners LP v. Shear*, 208 F.Supp.3d 384, 386, 390 (D. Mass. 2016) (granting supplemental discovery, including a deposition, when new facts arose after the close of discovery). Moreover, discovery into the settlement agreement is appropriate, as Baugh is plainly motivated to testify in a way that is favorable to Plaintiffs. That potential bias will be supremely relevant to a jury. *See Sheppard v. River Valley Fitness One L.P.*, 428 F.3d 1, 12 (1st Cir. 2005) (ordering disclosure of settlement agreement "so obviously relevant to [] impeachment"); *Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003) (denying motion to quash

9

subpoena seeking production of settlement agreement because agreement was "relevant" to the case and "could reasonably be expected to lead to the discovery of other admissible evidence"); *Parker Waichman LLP v. Salas LC*, 328 F.R.D. 24, 26–27 (D.P.R. 2018) (granting motion to extend discovery deadline and ordering party to produce copy of settlement agreement and related correspondence where settlement was reached two days before close of discovery).

### B.  Supplemental Discovery Will Increase Trial Efficiency

Plaintiffs accuse Ms. Jones of seeking to delay trial. Not true. Plaintiffs' eleventh-hour bargain for Baugh's testimony is the only reason Ms. Jones has filed this Motion. Indeed, Ms. Jones seeks to make trial more efficient. If Baugh testifies at trial, and if Ms. Jones and the other Defendants are not permitted to depose him and gather supplemental discovery before trial, then all the issues argued herein will have to be decided then. Despite what Plaintiffs claim, we do not know to what Baugh will testify.[7] If the Court allows that testimony (and it should not), additional discovery will be needed to avoid the inefficiency and unfairness of trial by surprise.

### CONCLUSION

For the reasons discussed above, and in Ms. Jones's Memorandum of Law in support of her Motion to Strike (ECF 615), Ms. Jones asks this Court to strike Plaintiffs' proffer of Mr. Baugh's projected testimony. In the alternative, Ms. Jones requests, for good cause shown, supplemental discovery as outlined above and in the Memorandum of Law to mitigate the prejudice to her and the other Defendants imposed by Plaintiffs' eleventh-hour settlement agreement with Baugh.

---

[7] Even Plaintiffs offer several versions of Baugh's testimony. *See* ECF 611 ("Jim Baugh has further agreed that he will answer questions about his contacts and interactions with eBay's Executive Leadership Team" and questions "within the scope of 'Relevant Conduct' to the Criminal Case, as that term is defined in the United States Sentencing Guidelines."); ECF 636 at 11 ("Baugh's testimony will be consistent with his sentencing memorandum.").

Dated: May 8, 2025

Respectfully submitted,

/s/ Andrew J. O'Connor
Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Jesse R. Coulon (BBO# 705248)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
jesse.coulon@ropesgray.com

*Counsel for Wendy Jones*

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Defendant Wendy Jones respectfully requests to be heard at oral argument on the Motion to Strike Plaintiffs' Proffer of Future Testimony or, in the Alternative, Motion for Supplemental Discovery.

Date: May 8, 2025

*/s/ Andrew J. O'Connor*
Andrew J. O'Connor

-13-

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

Date: May 8, 2025

                                         */s/ Andrew J. O'Connor*
                                         Andrew J. O'Connor