**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, | ) ) ) Case No. 1:21-CV-11181-PBS ) |
| Plaintiffs, | ) ) ) Leave to file granted on May 5, 2025 |
| v. | ) ) |
| EBAY INC., et al., | ) ) |
| Defendants. | ) ) |

**DEFENDANT STEVE WYMER'S NOTICE OF JOINDER TO WENDY JONES'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' PROFFER OF FUTURE TESTIMONY OR, IN THE ALTERNATIVE, MOTION FOR <u>SUPPLEMENTAL DISCOVERY</u>**

Wymer, who has filed a Notice of Joinder to Defendant Wendy Jones's Motion to Strike (Dkt. 614), joins the arguments in Jones's reply (Dkt. 653). Wymer submits this separate joinder to address a false characterization in Plaintiffs' opposition of a settlement that Wymer and eBay entered years ago to resolve disputed employment claims. *See* Silverman Declaration Ex. 1, Dkt. 633-1 (hereafter "Settlement Agreement"). As is clear on the face of the document, the settlement agreement resolved disputed legal claims between eBay and Wymer related to Wymer's termination and "eligibility for benefits" under eBay's severance plan. *Id*. at p. 1. Wymer agreed to release his legal claims in exchange for eBay's payment of a mutually agreed settlement amount. *See id.* ¶¶ 2, 3. This is a standard form of agreement which aligns fully with the well-recognized public policy in favor of resolving disputes efficiently through settlements. *See, e.g.*, *Kaufman v. Goldman*, 195 Cal. App. 4th 734, 745 (2011) ("'We note that there is a well-established policy in the law to discourage litigation and favor settlement.'" (citation omitted)).

Although Plaintiffs falsely suggest that the agreement requires Wymer's "silence," (Dkt. 632 at 13), the settlement agreement plainly allows Wymer to speak truthfully about events at issue in this case and to provide testimony in any legal proceeding. Paragraph 8(c) permits Wymer to provide relevant information in any judicial forum, including any "civil proceeding." Far from silencing Wymer, Paragraph 11 gives him wide latitude to testify or "volunteer[]" information related to this case to any authority, with or without prior notice to eBay. *Id.* ¶ 11.[1]

---

[1] In addition to these material mischaracterizations, Plaintiffs misread certain other terms of the settlement agreement. Contrary to Plaintiffs' assertion (Dkt. 632 at 13), eBay did not pay Wymer $1.4 million. eBay paid Wymer $1,250,000 and Wymer's counsel $150,000. *See* Settlement Agreement ¶ 2. Further, there is no "provision ***requiring*** Wymer's cooperation with legal proceedings[.]" Dkt. 632 at 13 (emphasis added). Instead, paragraph 6 requires that Wymer "make himself available" to "assist" eBay in litigation and provide other assistance "upon reasonable notice and under reasonable conditions[.]" Settlement Agreement ¶ 6. Paragraphs 13

Although Plaintiffs take issue with the agreement's inclusion of a non-disparagement provision and a factual statement setting forth Wymer's lack of knowledge, these provisions are common fare. *See Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *6 (C.D. Cal. Mar. 7, 2011) ("'[N]ondisparagement clauses appear to have become fairly common, both to protect employers and employees when an employment relationship ends.'" (citation omitted)). Plaintiffs cite nothing to the contrary. The factual statement to which the parties agreed states, truthfully, that Wymer was unaware that Jim Baugh had traveled to Massachusetts to harm Plaintiffs, and that he would never condone or participate in any such activity. There is nothing unlawful or improper about parties memorializing, in connection with the settlement of disputed legal claims, their mutual understanding of facts that will likely be the subject of future litigation. This is quite different from agreeing *not* to provide truthful testimony in a legal proceeding if called upon to do so.

In their opposition, Plaintiffs stretch to compare a routine settlement agreement resolving a compensation dispute between a company and a departed executive with their own cynical deal to dismiss, with prejudice, all claims against the sole architect of the criminal harassment campaign against them in exchange for his testimony. This comparison is false; there are no parallels between Wymer's standard settlement agreement and Plaintiffs' Faustian bargain with the person most responsible for their ordeal.

---

and 24 do not contain "an acknowledgment of eBay's separate obligation to indemnify Wymer for his legal expenses[.]" Dkt. 632 at 13. Instead, paragraph 13 recognizes that eBay was, at that time, indemnifying Wymer and carved out fees and costs incurred by Wymer for services provided by Wilson Sonsini Goodrich & Rosati, P.C.; paragraph 24 recognizes that eBay's insurance policies that cover Wymer would continue to do so. Settlement Agreement ¶¶ 13, 24.

Respectfully submitted,

STEVE WYMER,

By his Attorneys,

**s/ *Caz Hashemi***
Caz Hashemi, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com

Melissa Mills, Esq. (*pro hac vice*)
Trevor Templeton, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
mmills@wsgr.com
ttempleton@wsgr.com

Staci E. Cox, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
(212) 999-5800
staci.cox@wsgr.com

Lon F. Povich (BBO 544523)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6578
lpovich@andersonkreiger.com

Dated: May 9, 2025

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 9, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*s/ Caz Hashemi*
Caz Hashemi
