UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
INA STEINER, DAVID STEINER, and     )
STEINER ASSOCIATES, LLC,            )
                                    )
              Plaintiffs,           )   Civil Action
                                    )   21-cv-11181-PBS
v.                                  )
                                    )
EBAY, INC., et al.,                 )
                                    )
              Defendants.           )
_____ )

**ORDER**

May 16, 2025

Saris, D.J.

Defendant Steve Wymer has moved to vacate the government's protective order, see Dkt. 621, which was endorsed by the Court on January 5, 2024, after extensive negotiations and the agreement of all parties. See Dkt. 315. Defendants Wendy Jones and Devin Wenig (together with Wymer, "Defendants") have joined in the motion to vacate. See Dkts. 624-25. Defendants argue that the court must compel the government to formally invoke the state secrets privilege to shield discovery into the details of Jim Baugh's covert operations experience with the CIA. See Sakab Saudi Holding Co. v. Aljabri, 58 F.4th 585, 594-96 (1st Cir. 2023) (setting forth the requirements to assert the state secrets privilege). The government opposes the motion. After a review of the briefs and an

1

ex parte, in camera review of confidential declarations submitted by the government, I deny the motion for the following reasons:

First, the protective order was the product of extensive negotiation and was entered with the consent of all parties more than a year ago. The motion to vacate the order, filed after the close of discovery, is untimely. This Court does not lightly disturb a stipulated protective order once entered. See Annotated Manual for Complex Litigation § 11.432 (4th ed. 2024) ("A protective order is . . . subject to . . . termination for good cause." (emphasis added)). Defendants argue that Baugh's recent decision to testify for the plaintiffs at trial and his limited waiver of Fifth Amendment rights were unexpected and justify the late request to vacate. But Defendants were aware of Baugh's key role from the outset of the criminal investigation. A party cannot sleep on its rights during discovery and expect rescue when it belatedly awakens. Cf. Bennett v. City of Holyoke, 362 F.3d 1, 6 (1st Cir. 2004).

Second, Defendants contend that Baugh's prior CIA employment is relevant to impeaching his credibility, arguing that he secretly worked as an embedded government operative within American companies, including eBay, and that his work allegedly involved deception to achieve objectives specified by his government "handlers" without his employers' knowledge. But the public statements Defendants cite to from Baugh's criminal case

2

characterize his covert work with the CIA as occurring prior to his employment at eBay. There is no indication in the existing record that his government-linked activities overlapped with his role at eBay. The additional classified details Defendants seek are, at best, marginally relevant. Discovery must remain proportional to the needs of the case. See Wells Real Est. Inv. Tr. II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 58 (1st Cir. 2010) (affirming the district court's broad discretion to deny overbroad or untimely discovery requests); see also Emigrant Residential LLC v. Pinti, 37 F.4th 717, 727 (1st Cir. 2022) (explaining that Rule 26(b)(1) "does not open the floodgates" where the burden and risk of disclosure outweigh minimal probative value). Requiring further disclosure of classified information, beyond what is already known and available, would impose a significant burden that outweighs any speculative probative value.

    For the above reasons, the motion to vacate (Dkt. 621) is **DENIED**.

SO ORDERED.

                                       /s/ PATTI B. SARIS
                                       Hon. Patti B. Saris
                                       United States District Judge