IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

INA STEINER,
DAVID STEINER,
STEINER ASSOCIATES, LLC,
        *Plaintiffs*

v.

EBAY, INC., et al.,
        *Defendants.*

No. 21-cv-11181-PBS

## DEFENDANT JIM BAUGH'S MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 1 and 26(c), Defendant Jim Baugh[1] respectfully requests a Protective Order that he need not supplement his discovery responses *as a party* while awaiting this Court's ruling on the Plaintiffs' Motion to Dismiss him from the case [ECF 637].[2] As a matter of common sense and to conserve judicial resources in this complex and protracted litigation, the decision *whether* Mr. Baugh will remain a party should precede any decision about *how* any other party may seek to obtain discovery from him.

Mr. Baugh understands that he would, as a prospective trial witness, be subject to *third-party* discovery by subpoena and has authorized undersigned counsel to accept service on his behalf. In addition, undersigned counsel already have been cooperating with other parties' counsel in good faith to facilitate logistics of his deposition while he remains in federal Bureau of Prisons custody.

---

[1] Mr. Baugh's true given name is "Jim" not "James."

[2] Plaintiffs filed the Motion to Dismiss on April 25, 2025. Defendants eBay, Jones, Wenig, and Progressive Force Concepts requested and obtained an extension of time through and including May 30, 2025, to respond to the motion.

1

However, Mr. Baugh should *not* be required to shoulder the burden and expense of further *party* discovery (*e.g.,* supplemental responses to interrogatories, requests for admission, and requests for production) where, as here, Plaintiffs have released all claims against him and have moved to dismiss him from the case *with prejudice*. As Plaintiffs explained in support of their Motion to Dismiss, the requirement of dismissal by Court order in Rule 41(a)(2) is intended primarily to protect the defendant-to-be dismissed from the risks that a dismissal without prejudice could pose. *See* ECF 638 at 2. The other defendants seeking discovery have not identified any basis on which they could oppose the Motion to Dismiss, and thus compel Plaintiffs to continue a lawsuit against a party they have released. Nor have the other defendants identified any basis to compel Mr. Baugh to continue participating in party discovery, other than the fact that the Motion to Dismiss is still pending. Any theoretical "tactical disadvantage" of losing the ability to conduct *party* discovery (while still be able to obtain third-party discovery) is not a proper basis for other defendants to oppose dismissal. *See id*. at 3-4.

Mr. Baugh may be a *witness* at trial, but he certainly will not be a *party* at trial. Plaintiffs cannot be forced to pursue released claims against him before a jury. Accordingly, the relief Mr. Baugh seeks here—to be treated going forward as a third-party witness—is consistent with the directive of Fed. R. Crim. P. 1 that the rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (noting "Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes"); *Conservation L. Found., Inc. v. Shell Oil Prods. US*, No. 2025 Dist. LEXIS 27032, at *4 (D.R.I. Feb. 14, 2025) (noting "Rule 1's overarching guidance that the rules, *including discovery rules*, be applied by the Court to secure the just, speedy, and inexpensive determination of every action") (emphasis added).

Respectfully submitted,

**JIM BAUGH**

By his attorneys,

*/s/ William W. Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I certify that I conferred with counsel for the parties seeking discovery and attempted in good faith to resolve or narrow the issues presented in this Motion.

*/s/ William W. Fick*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 20, 2025.

*/s/ William W. Fick*