UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.,<br><br>    Defendants. | Civil Action No. 21-CV-11181-PBS<br><br>**Leave to file under seal granted on July 15, 2025** |

## STATEMENT REGARDING FILING OF DEPOSITION TRANSCRIPT AND EXHIBITS

Ms. Jones files herewith Mr. Baugh's deposition transcript and 80 deposition exhibits pursuant to the Court's July 8, 2025 order that the parties file the transcript with the Court in its entirety (ECF 694). Ms. Jones files these documents under seal pursuant to the operative protective order in the case ("Protective Order") (ECF 515).

On July 9, 2025, in an email to all parties, counsel for Mr. Baugh designated the deposition transcript and exhibits as "Confidential" in their entirety. Pursuant to the Protective Order, which prohibits parties from publicly disclosing material designated "Confidential" by another party "[u]nless otherwise ordered by the Court or permitted in writing by the Designating Party," Ms. Jones is currently bound by Mr. Baugh's designation. ECF 515 ¶ 8.2; *see also* ECF 515 ¶ 5.2(c) (granting the parties 30 days to designate material as Confidential and outlining challenge procedures). In addition, at the Government's request, there is a second protective order in place in this matter (ECF 315) to prevent the disclosure of national security information ("Government Protective Order"). Representatives of the Government were present at Mr. Baugh's deposition to enforce the Government Protective Order, and pursuant to the Protective Order, representatives of

1

-2-

the Government, like parties to this matter, have 30 days to designate materials as "Confidential" if they so choose. *See* ECF 515 ¶ 5.2(c).

On July 15, 2025, this Court ordered that "exhibits and transcripts shall be filed under seal, but shall be redacted and filed publicly for non-confidential material." ECF 696. As currently designated under the Protective Order, there is no "non-confidential material" in the transcript and exhibits that Ms. Jones would be permitted to file publicly. However, Ms. Jones has not designated these materials as "Confidential" and takes no position regarding the propriety of Baugh's designations, and she cannot yet evaluate any position the Government or other parties may take. To the extent that Baugh's (or any other party's) confidentiality designations are withdrawn or successfully challenged under the Protective Order—or to the extent this Court otherwise overrides any confidentiality designations by which Ms. Jones is bound—Ms. Jones has no objection to filing any non-confidential portions of the transcript and exhibits publicly.

Dated: July 16, 2025

Respectfully submitted,

*/s/ Andrew J. O'Connor*
Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Jesse R. Coulon (BBO# 705248)
Casey B. Stewart (BBO# 709729
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
jesse.coulon@ropesgray.com
casey.stewart@ropesgray.com

*Counsel for Wendy Jones*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

Date: July 16, 2025

                                                */s/ Andrew J. O'Connor*
                                                Andrew J. O'Connor