**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,

Plaintiffs,

v.

EBAY INC., et al.,

Defendants.

Civil Action No. 21-CV-11181-PBS

Leave to file under seal granted on July 15, 2025

**DEFENDANT EBAY INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

eBay has admitted that it is vicariously liable for the criminal conduct of Jim Baugh and his subordinates, and is committed to compensating Plaintiffs fairly and appropriately for the appalling conduct they endured. Baugh's deposition, however, confirms that Plaintiffs' alternative theories of eBay's liability—negligent retention and ratification—are groundless. Baugh testified unequivocally that no eBay executive instructed him to harass the Steiners, authorized him to harass the Steiners, had reason to foresee his harassment of the Steiners, or knew of the harassment until eBay was contacted by the Natick Police Department on August 20, 2019. Baugh also acknowledged that his sentencing filings—a pillar of Plaintiffs' opposition to summary judgment on the negligent retention and ratification counts, *see* Dkts. 526, 528, 530— [REDACTED] and that [REDACTED] 7/8 Tr. 91:16–22.[1] Baugh's testimony

[1] eBay understands that counsel for Wendy Jones has filed transcripts of Baugh's July 8-9, 2025 deposition. eBay is in receipt of the Court's Order that "[t]he exhibits and transcripts shall be filed

confirms what the record already made plain: eBay is entitled to summary judgment on Plaintiffs' claims for negligent retention and ratification.[2]

## I. Baugh's Testimony Confirms that eBay Is Entitled to Summary Judgment on Plaintiffs' Negligent Retention Claim.

eBay has already demonstrated that Plaintiffs' negligent retention claim fails because Plaintiffs cannot show that Baugh's supervisors knew or had reason to know that Baugh was "unworthy[] by habits, temperament, or nature" of holding his position. *Foster v. Loft, Inc.*, 526 N.E.2d 1309, 1310–11 (Mass. App. Ct. 1988); Dkt. 488 ("Mot.") 11; Dkt. 568 ("Reply") 7–8. Baugh's testimony only strengthens eBay's entitlement to summary judgment on this claim.

Baugh's testimony confirms that there is no genuine issue as to whether his supervisors knew or should have known about his alleged "workplace misconduct, violent tendencies, and drunkenness." Dkt. 522 ("Opp.") 12. Baugh repeatedly and unequivocally testified [REDACTED]. *See, e.g.*, 7/8 Tr. 172:1–18, 175:25–176:8, 183:11–15, 185:10–20, 206:14–21, 207:14–208:13, 213:23–214:2; 7/9 Tr. 66:4–67:4. For example, while Plaintiffs highlight evidence that Baugh conducted active-shooter drills in eBay parking lots, *see* Opp. 12; Plaintiffs' Ex. 13 at 4, Baugh gave uncontradicted testimony [REDACTED]

under seal, but shall be redacted and filed publicly for non-confidential material." Dkt. 696. Baugh, however, has designated the entire transcript and all exhibits confidential. eBay does not endorse this wholesale confidentiality designation. But because the transcript deals broadly with personnel records and employment history which may have certain protections under California law and because Baugh has not withdrawn his wholesale confidentiality designation, eBay has, out of an abundance of caution, redacted the substance of Baugh's testimony. eBay will file an unredacted version of its brief at such time as the Court orders that the cited material is not confidential.

[2] eBay is also entitled to summary judgment on Plaintiffs' defamation and false imprisonment claims, as well as on certain categories of damages. *See, e.g.*, Dkts. 488, 568. Because Baugh's testimony did not touch on these claims, eBay stands on its prior briefing.

[REDACTED], 7/8 Tr. 119:15–120:23. This testimony forecloses any inference that Baugh's supervisors had reason to be aware of these drills, much less Baugh's behavior during them.

Baugh likewise testified that [REDACTED]. *Id.* at 69:22–70:4. Indeed, [REDACTED]. *Id.* at 68:21–69:21. [REDACTED]. *Id.* at 69:16–17. Baugh repeatedly affirmed that [REDACTED]. *Id.* at 69:18–70:4; 146:13–147:16; 224:25–225:4; 333:14–334:5.

Baugh's testimony also further refutes Plaintiffs' assertion that Baugh's 2018 performance review shows that his supervisors were aware of any unfitness. Opp. 12. Plaintiffs contend that that review [REDACTED] *Id.* But Baugh's testimony confirms what the review itself makes clear: Plaintiffs pluck those quotes completely out of context. *See* Plaintiffs' Ex. 15 at 2. As Baugh testified, [REDACTED] 7/8 Tr. 55:5–57:6. Baugh also clarified that the comment about [REDACTED]



[redacted] *id.* at 57:7–16, and [redacted], *id.* at 57:22–58:4. And Baugh explained [redacted]. *Id.* at 59:9–60:20; 63:21–64:8. Simply put, none of this feedback relates to violent, unlawful, or even "disturbing" conduct. Opp. 12.

Finally, Baugh's testimony refutes Plaintiffs' argument that Wymer and Jones "encouraged Baugh to take extreme measures against the Steiners." Opp. 12; *see also* Reply 8 (explaining that even if this allegation were true, it says nothing about Baugh's fitness and thus is irrelevant to negligent retention). Over and over, Baugh confirmed that [redacted]. *See, e.g.*, 7/8 Tr. 93:2–10 [redacted]); 98:3–7 (same); 100:17–20 (same); 118:19–119:14 (same); 113:16–23 [redacted]; 115:19–116:5 (same); 275:22–276:8 [redacted]; 242:1–13 (same); 254:20–255:3 (same); 365:4–366:23 ([redacted]); 7/9 Tr. 48:11–49:19 ([redacted]).

Baugh likewise rejected Plaintiffs' assertion that Jones or Wymer "encouraged" the harassment. Opp. 12. For example, Baugh explained that Jones's request to act "off the radar" [redacted]

[redacted] 7/8 Tr. 104:3–105:2. And Baugh likewise testified that he understood the terms "burned down" and "ashes" in Wymer's texts [redacted] *Id.* at 247:25–248:7; 278:11–25.

Consistent with the rest of the summary judgment record, Baugh's testimony demonstrates the lack of evidence showing eBay knew or should have known of Baugh's unfitness. The Court should thus grant summary judgment on Plaintiffs' negligent retention claim.

## II. Baugh's Testimony Confirms that eBay Is Entitled to Summary Judgment on Plaintiffs' Ratification Claim.

Baugh's testimony likewise reinforces the complete absence of evidence supporting ratification.

Baugh's testimony confirms that no evidence of *post-hoc* affirmance of the harassment campaign exists. As Plaintiffs acknowledge, 3/10/25 Hr'g Tr. 25:17–18, under both Massachusetts and California law, ratification requires the "affirmance of a *prior* act done by another." Restatement (Third) of Agency § 4.01 (emphasis added); *see also* Mot. 13–16; Reply 10. Pressed at oral argument to identify evidence of such post-hoc affirmance, Plaintiffs pointed to two incidents: statements Wymer made on August 7, after the harassment campaign supposedly "had already begun," and Wenig's message on August 26 that "[t]he cavalry is back," which Plaintiffs claimed was sent to Baugh. 3/10/25 Hr'g Tr. 28:4–24.

Baugh's testimony, however, definitively shows that Plaintiffs are wrong about both incidents. As to the August 7 statements, Baugh testified that [redacted] 7/8 Tr. 262:21–25; *see id.* at 268:6–277:7. Thus,

those statements simply cannot constitute the affirmance of a *prior* act needed for ratification. And as to the August 26 text message, Baugh confirmed that [REDACTED], *id.* at 379:14–380:9, further refuting Plaintiffs' already-strained notion that this message signifies affirmance of Baugh's misconduct.

Plaintiffs point to no other evidence of eBay's post-hoc affirmance of the harassment campaign, and none exists. eBay previously demonstrated that it is undisputed that it conducted a thorough, legitimate investigation into the Natick events, *see* Reply 10 (noting that Plaintiffs did not address, and therefore waived, the issue), and Baugh's testimony only reinforces the point: Baugh admitted that his assertion in his Sentencing Memo that the internal investigation was "aimed at saving the company and its top executives from prosecution" was [REDACTED] 7/9 Tr. 62:13–23; *see also id.* at 59:21–60:1. Nor do any of Baugh's conversations with Wymer on August 23 demonstrate affirmance. Baugh acknowledged that [REDACTED]. 7/8 Tr. 287:2–292:10; 7/9 Tr. 127:14–20. Thus, even assuming that by August 23 (two days after eBay initiated its internal investigation) Wymer had authority to ratify the harassment campaign,[3] Baugh's continuing deception deprived Wymer of the "full knowledge of all material facts" that ratification requires. *Lowell Hous. Auth. v. PSC Int'l, Inc.*, 759 F. Supp. 2d 104, 109 (D. Mass. 2010). The absence of evidence of post-hoc affirmance is fatal to Plaintiffs' ratification claim.

3 eBay has expressly refused to concede that it would bind eBay if Wymer authorized or ratified Baugh's conduct.. 3/10/25 Hr'g Tr. 16:11–25, 39:6–15.

Furthermore, even if advance authorization could constitute ratification, Baugh's testimony underscores the lack of evidence that Wenig, Jones, and Wymer "knew that Baugh and his team were involved in an operation to harm the Steiners" and "directed" that operation. Opp. 15–16. Baugh repeatedly and unequivocally testified [REDACTED]. 7/8 Tr. 93:2–10, 98:3–7, 113:10–23, 115:8–116:5, 118:19–119:14, 242:1–13, 254:25–255:2, 275:22–25, 276:1–8; 7/9 Tr. 32:33–33:3, 49:7–9, 212:9–15. This testimony likewise refutes Plaintiffs' suggestion that the executive defendants were "willfully blind[]" to the harassment campaign. Opp. 16. Willful blindness requires that a defendant "subjectively believe that there is a high probability that a fact exists" and then "take deliberate actions to avoid learning of that fact." *Global-Tech. Appliances Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011); *see Commonwealth v. Mussari*, 97 Mass. App. Ct. 647, 658 n.15 (2020) (citing *Global-Tech* with approval). Baugh's consistent testimony that [REDACTED]. *See* 7/8 Tr. 93:2–10; 94:22–95:4, 119:11–14, 140:24–141:10; 7/9 Tr. 32:23–33:3, 49:7–9.

Finally, Baugh's testimony further undercuts Plaintiffs' attempt to jerry-rig various isolated incidents into ratification by the executive defendants. As to Wenig, Baugh testified that [REDACTED] 7/8 Tr. 365:4–367:14, 378:5–20, 383:3–384:16, 378:21–379:11, 379:14–380:14, 380:23–381:8, 387:1–16, 395:11–18. As to Jones, Baugh made clear that Plaintiffs' reliance on his account of being asked by Jones, in

May 2019, to find a way to "deal with" publication of eBay's headquarters floorplans "off the radar since comms and legal couldn't handle it" is misplaced. Opp. 16; *see* Dkt. 532, Plaintiffs' Statement of Proposed Undisputed Facts, ¶¶ 24–26. Even leaving aside the fact that a conversation in May 2019 could not ratify *future* acts of harassment in August 2019, Baugh, as noted above, testified that [REDACTED] 7/8 Tr. 104:3–105:5, 110:8–111:8. And as to Wymer, Baugh clarified not only that he understood statements such as "burn her to the ground" and "I want to see ashes" [REDACTED], *id.* 247:8–248:7, 278:11–278:19, [REDACTED] *id.* 250:14–251:14.

Ultimately, Baugh's unequivocal testimony that [REDACTED] not only forecloses Plaintiffs' attempt to base ratification on the executive defendants' acts, but also confirms that there was no underlying conduct by the executive defendants for eBay's Board of Directors to ratify after the fact. *See* Reply 10–11 (explaining that it is undisputed that the Board had no information indicating that Wenig or Jones was aware of or involved in the harassment campaign). Accordingly, Baugh's testimony only underscores that eBay should be granted summary judgment on the ratification claim.

* * *

For the reasons stated above and in eBay's prior briefing, eBay respectfully requests that the Court grant its Motion for Partial Summary Judgment.

Dated: July 16, 2025

*/s/ Jack W. Pirozzolo*

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
David A. Goldenberg (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com
dgoldenberg@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 16, 2025

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo