IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INA STEINER, <br> DAVID STEINER, <br> STEINER ASSOCIATES, LLC, <br>                 *Plaintiffs* <br><br> v. <br><br> EBAY, INC., et al., <br>                 *Defendants.* | No. 1:21-cv-11181-PBS |

**DEFENDANT JIM BAUGH'S UNOPPOSED MOTION FOR CLARIFICATION OR MODIFICATION OF THIS COURT'S ORDER DATED JULY 15, 2025 [ECF No. 696]**

Defendant Jim Baugh respectfully requests that the Court clarify or modify its Order dated July 15, 2025 [ECF No. 696], to state that the required public filing of Mr. Baugh's redacted deposition transcript and exhibits is limited to those portions of the transcript and exhibits that the parties cite or rely upon in substantive motion papers before the Court.

In support of this motion, Mr. Baugh states:

1. The First Circuit has made clear that "there is no public right of access" to civil discovery materials, including deposition transcripts and exhibits. *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013). Discovery is fundamentally "a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation." *Id.* at 54 (citation omitted).

> In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984), the Supreme Court stated that "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and, in general, they are conducted in private as a matter of modern practice." *Id.* at 33 (footnote omitted). Following *Seattle Times*, the courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained

1

*[Handwritten annotation: 7/18/25 — Allowed. Only those portions of the deposition relied on by the parties shall be made public unless deemed confidential. Patti B Saris]*