IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ina Steiner,<br>David Steiner,<br>Steiner Associates, LLC,<br><br>    *Plaintiffs*,<br><br> v.<br><br>eBay, Inc.,<br>Progressive F.O.R.C.E. Concepts, LLC,<br>Devin Wenig,<br>Steve Wymer,<br>Wendy Jones,<br>James Baugh,<br>David Harville,<br>Brian Gilbert,<br>Stephanie Popp,<br>Stephanie Stockwell,<br>Veronica Zea,<br>Philip Cooke, and<br>John and Jane DOE,<br><br>    *Defendants*. | No. 1:21-cv-11181 |

**DEFENDANT DEVIN WENIG'S MOTION TO CONTINUE TRIAL AND
NOTICE OF CONFLICT WITH TRIAL DATE**

Defendant Devin Wenig respectfully moves, pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rules 40.2 and 40.3, to continue the jury trial currently scheduled to commence on Monday, January 5, 2026. Mr. Wenig respectfully requests a three-month continuance of trial until **April 13, 2026**,[1] because his lead trial counsel, Mr. Abbe D. Lowell, faces immovable, court-ordered obligations in other matters that directly conflict with the January 2026 trial window, including a Supreme Court argument and two criminal trials subject to Speedy Trial Act constraints.

---

[1] April was chosen because, once Mr. Lowell informed other counsel of his conflicts, April was the first time other counsel did not have conflicts of their own.

1

As grounds for this motion, Mr. Wenig states as follows:

1. On September 5, 2025, this Court set jury selection to begin January 5, 2026, and allotted at least four weeks for trial.

2. Since setting the time frame for trial, several conflicts have arisen in Mr. Lowell's other civil and criminal matters that could not have been predicted earlier.

3. First, Mr. Lowell has been representing Federal Reserve Board Governor Lisa Cook over the last few months in litigation arising from the Trump administration's efforts to fire Governor Cook. The federal district court, court of appeals, and now the Supreme Court all imposed expedited briefing and argument schedules.

4. On October 1, 2025, the Supreme Court issued an order in *Trump v. Cook*, No. 25A312, notifying counsel that it would hear oral argument on the pending emergency motion for a stay pending appeal during the January 2026 sittings. The Clerk's Office recently confirmed to Mr. Lowell that oral argument will be held on January 20 or 21, 2026. In addition to argument preparation and expedited briefing schedule, counsel faces imminent deadlines to respond to numerous amici briefs in the *Cook* matter, all of which will require substantial time and attention, as will oral argument itself.

5. Second, Mr. Lowell serves as co-lead trial counsel for David Huerta, California president of the Service Employees International Union. Mr. Huerta was arrested on June 6, 2025, and a criminal complaint charging him with obstructing a proceeding was filed on June 8. *United States v. David J. Huerta*, No. 2:25-MJ-03504-DUTY (C.D. Cal.), Dkt. 1.

6. On Friday, October 17, the U.S. Attorney for the Central District of California filed a criminal information against Mr. Huerta for obstructing an officer under 18 U.S.C. § 1501, *United States v. Huerta*, No. 2:25-cr-00841-SB (C.D. Cal.). The initial appearance and arraignment for that

2

charge is scheduled for November 25, 2025, in Los Angeles. Under the Speedy Trial Act, trial for the case is likely to commence in January or February 2026, with preparation for and attendance at Mr. Huerta's trial occupying several weeks in December through February. As his arrest was nearly five months ago and the government sought and received extensions to consider its options, resulting in its decision to file a new charge and because the case interferes with Mr. Huerta's ability to carry out his duties as an SEIU President, Mr. Huerta intends to seek the earliest possible trial date and does not intend to waive his Speedy Trial rights.

7. Third, Mr. Lowell has represented New York Attorney General Letitia James since April 24, 2025. After various indications that an investigation demanded by President Trump would not result in charges, an indictment against Ms. James was returned in the Eastern District of Virginia on October 9, 2025. *See United States v. Letitia A. James*, No. 2:25-cr-00122, (E.D. Va.), Dkt No. 1. The initial appearance and arraignment are scheduled for October 24, 2025. Absent dismissal on pretrial motions, it is the intention of the Attorney General to have that case tried in late January or into February 2026, in a trial that is expected to last several weeks. The Eastern District of Virginia is known for setting early trials, and Attorney General James, seeking to end this interference in her carrying out her functions as an elected official, will ask for such a setting.[2]

8. As a result of the inflexible Supreme Court argument date and two criminal trials, Mr. Lowell cannot be ready and available for a trial in this case during the currently scheduled January 2026 timeframe. It is unlikely that the other trials will end before the end of February.

---

[2] For example, in another case recently brought against someone targeted by President Trump, *United States v. Comey,* No. 1:25-cr-00272-MSN (E.D. Va.), the indictment was returned on September 25, 2025, and trial has been set for the same day as this Court's trial—January 5, 2026.

3

9. At the same time, Mr. Wenig strongly desires that Mr. Lowell represent him throughout trial and that he be present each day. Mr. Wenig and Mr. Lowell have a longstanding personal and attorney-client relationship. Mr. Lowell has known Mr. Wenig and his family for over 20 years. It was this unique and trusting relationship that led Mr. Wenig to choose Mr. Lowell specifically as his lead defense counsel more than five years ago.

10. Since that point, Mr. Lowell has served both as principal trial lawyer for Mr. Wenig in this matter and as his advisor throughout the related criminal proceedings. Indeed, Mr. Lowell has appeared as lead counsel of record since July 2021, has conducted the depositions of the key witnesses, argued all dispositive motions, and led Mr. Wenig's defense strategy. While other attorneys of record support Mr. Wenig's defense, they have worked at Mr. Lowell's direction and have not argued the motions nor taken the key witness depositions. This is also true of local counsel, Mr. Martin Weinberg, who was retained to assist given his practice in this Court and who has not conducted any of the significant depositions of key witnesses in this case.

11. District courts have broad discretion to manage their dockets and to continue trial upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The First Circuit has observed that "case management is a fact-specific matter within the ken of the district court." *Tubens v. Doe*, 976 F.3d 101, 107 (2020) (internal quotation marks and citation omitted). For the reasons discussed below, good cause exists under Fed. R. Civ. P. 16(b)(4) and Local Rules 40.2 and 40.3 for a brief, defined continuance here.

    a. *First*, "[u]navailability of trial counsel typically constitutes good cause for continuance of trial." *Tierney v. Carrington Mortg. Servs., LLC*, 2021 WL 4267821, at *1 (W.D. Wash. Sept. 7, 2021); see also Bos. Parent Coal. v. Sch. Comm. of Bos.*, 2021 U.S. Dist. LEXIS 189566, at *47 n.18 (D. Mass. Oct. 1, 2021) (noting that continuances are

4

often granted and acknowledging that "[t]rial counsel cannot be in two places at once."). As soon as these conflicts materialized, Mr. Lowell acted diligently and expeditiously to address them, including notifying co-defendants and opposing counsel and preparing this subsequent motion for the Court at the earliest practicable time.

b. *Second*, a modest, finite continuance here will promote accuracy and fairness without prejudicing any party. Substituting new lead trial counsel now would be inefficient and prejudicial in that it would take far more than 2 ½ months for any attorney to absorb the extensive materials generated by the pretrial discovery in this case. Mr. Lowell possesses command of the extensive factual record, expert issues, legal theories, and of the defense strategy he has developed over four years of litigation. His absence would impair the presentation of the defense and risk unfair prejudice to Mr. Wenig. *See Morning Star, LLC v. Canter*, 2023 WL 8168818, at *2 (C.D. Cal. Apr. 27, 2023) (finding a continuance justified because plaintiff's counsel was unavailable for original trial date due to a trial in another case); *see also Jun Yu v. Idaho State Univ.*, 2018 WL 5114129, at *3 (D. Idaho Oct. 19, 2018) ("the same circumstances that justify a continuance of the trial also do not justify the Court requiring [d]efendant to choose a different attorney to act as lead counsel at trial" particularly where chosen counsel "had done the great majority of the work in defending the case"). Each party here will be represented by lead counsel of their choice at trial, and Mr. Wenig should have the same opportunity.

c. *Third*, given Speedy Trial Act obligations and the Eastern District of Virginia's expedited criminal docket, it is highly likely that the criminal trials (and pre-trial proceedings) in the actions involving Mr. Huerta and Ms. James will also proceed

during the same January window. Local Rule 40.2(a)(2) underscores that, when counsel faces "conflicting court appearances among cases pending before different judicial officers of this court," "criminal cases shall take precedence over civil cases." L.R. 40.2(a)(2). While the rule speaks to conflicts within this District, the same principle applies with equal force where counsel faces parallel conflicts with federal criminal trials in other districts that are scheduled and controlled by those courts.

d. *Fourth*, the parties will not be prejudiced by a postponement. Discovery is complete, and evidence will not become stale in the interim. The Court has not previously continued the trial for any party's scheduling conflict, and a brief continuance will not delay other proceedings.

e. *Fifth,* at the September 5, 2025, Daubert hearing, the Court set jury selection for January 5, 2026, but expressly recognized that lead trial counsel might confront immovable trial obligations in other courts. Recognizing the possibility that one of the defense counsel may face conflicts with simultaneous trials, the Court indicated a willingness to move the January trial date if such a conflict ultimately arose. *See* ECF No. 752 at 18–22. So is now the case here, where Mr. Lowell's obligations are at least as concrete and inflexible as, if not more than, the contingent California bellwether schedule discussed at the hearing, particularly in light of the Eastern District of Virginia's practice of setting and adhering to early criminal trial dates. Under the same good cause rationale that the Court relied on in contemplating Steve Wymer's counsel, Melissa Mills's, potential conflict, a brief continuance is warranted here to preserve the continuity of Mr. Wenig's chosen lead counsel. Accordingly, Mr. Wenig reluctantly, respectfully, and necessarily moves for a brief continuance of the trial in this case.

After polling counsel for all parties regarding availability, the next earliest mutually workable trial setting identified was in April 2026; no earlier dates accommodated all counsel.

12. Accordingly, to minimize disruption to the Court and the parties, Mr. Wenig respectfully requests a new trial date in April 2026. Counsel for all parties have conferred as required by L.R. 7.1(a)(2). Plaintiffs oppose this requested continuance. eBay presently opposes it. The remaining Defendants do not oppose this motion.

WHEREFORE, Defendant Devin Wenig respectfully moves this Court to vacate the current January 5, 2026, trial date and reset the matter for April 13, 2026, or such other dates as the Court deems appropriate.

Dated: October 23, 2025                    Respectfully submitted,

/s/ Abbe David Lowell
Abbe David Lowell (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, N.W.
Suite 250
Washington, D.C. 20005
alowellpublicoutreach@lowellandassociates.com
O: 202-964-6110
F: +1 202-964-6116

Kelly A. Librera (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
klibrera@winston.com
(212) 294-6700

Martin G. Weinberg, Esq.
Martin G. Weinberg PC
20 Park Plaza
Suite 1000
Boston, MA 02116
owlmgw@att.net
(617) 227-3700
*Counsel for Devin Wenig*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I, Abbe David Lowell, certify that the parties have received notice and conferred on the motion as required.

*/s/ Abbe David Lowell*
Abbe David Lowell, Esq.

## CERTIFICATE OF SERVICE

I, Abbe David Lowell, hereby certify that on this date, October 23, 2025, a true and correct copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

*/s/ Abbe David Lowell*
Abbe David Lowell, Esq.
