## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| EBAY INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

Civil Action No. 21-CV-11181-PBS

## MOTION OF PLAINTIFFS INA STEINER, DAVID STEINER, AND STEINER ASSOCIATES, LLC TO DISMISS CLAIMS AGAINST DEFENDANTS PHILIP COOKE, STEPHANIE POPP, STEPHANIE STOCKWELL, AND VERONICA ZEA PURSUANT TO FED. R. CIV. P. 41(A)(2)

Plaintiffs Ina Steiner, David Steiner, and Steiner Associates, LLC (collectively, "Plaintiffs") hereby move for an Order, pursuant to Fed. R. Civ. P. 41(a)(2), dismissing defendants Philip Cooke, Stephanie Popp, Stephanie Stockwell, and Veronica Zea (collectively, the "Recently Settled Defendants") with prejudice.  As grounds for this motion, Plaintiffs state as follows:

1.      Because Plaintiffs and Veronica Zea mutually desire to resolve their disputes by making a full and final settlement without additional litigation and the expenditure of time, effort, and expense, they have entered into a confidential Settlement Agreement effective as of September 16, 2025 ("Zea Settlement Agreement").

2.      Counsel for Plaintiffs sought consent from all other defendants to dismiss Zea and circulated a proposed stipulation discontinuing Plaintiffs' claims against Zea on September 22, 2025.

3.      Counsel for Plaintiffs provided all defendants with the Zea Settlement Agreement on October 7, 2025.

1

4.      Because Plaintiffs and Stephanie Popp mutually desire to resolve their disputes by making a full and final settlement without additional litigation and the expenditure of time, effort, and expense, they have entered into a confidential Settlement Agreement effective as of September 29, 2025 ("Popp Settlement Agreement").

5.      Counsel for Plaintiffs sought consent from all other defendants to dismiss Popp and circulated a proposed stipulation discontinuing Plaintiffs' claims against Popp on October 6, 2025.

6.      Counsel for Plaintiffs provided all defendants with the Popp Settlement Agreement on October 7, 2025.

7.      Because Plaintiffs and Stephanie Stockwell mutually desire to resolve their disputes by making a full and final settlement without additional litigation and the expenditure of time, effort, and expense, they have entered into a confidential Settlement Agreement effective as of October 3, 2025 ("Stockwell Settlement Agreement").

8.      Counsel for Plaintiffs sought consent from all other defendants to dismiss Stockwell and circulated a proposed stipulation discontinuing Plaintiffs' claims against Stockwell on October 6, 2025.

9.      Counsel for Plaintiffs provided all defendants with the Stockwell Settlement Agreement on October 7, 2025.

10.     Because Plaintiffs and Philip Cooke mutually desire to resolve their disputes by making a full and final settlement without additional litigation and the expenditure of time, effort, and expense, they have entered into a confidential Settlement Agreement effective as of October 17, 2025 ("Cooke Settlement Agreement").

11.     Counsel for Plaintiffs sought consent from all other defendants to dismiss Cooke and circulated a proposed stipulation discontinuing Plaintiffs' claims against Cooke on October 23, 2025.

12.     Counsel for Plaintiffs provided all defendants with the Cooke Settlement Agreement on October 23, 2025.

13.     Defendants Jim Baugh, David Harville, Brian Gilbert, Stephanie Popp, Stephanie Stockwell, Veronica Zea, Philip Cooke, and Progressive F.O.R.C.E. Concepts, LLC (collectively, the "Consenting Defendants") have agreed to sign each of Plaintiffs' proposed stipulations discontinuing the claims against the Recently Settled Defendants.

14.     Defendants eBay, Inc., Devin Wenig, Steve Wymer, and Wendy Jones (collectively, the "Non-Consenting Defendants") have not agreed to sign any of Plaintiffs' proposed stipulations discontinuing the claims against the Recently Settled Defendants, necessitating the filing of this Motion.

15.     eBay has stated that it "does not oppose th[e] dismissals" of the Recently Settled Defendants, but "is not taking a position on the procedural mechanism by which they get dismissed."

16.     Wenig, Wymer, and Jones "did not represent that [they] would sign a stipulation of dismissal," but have taken the position that they do "not oppose the dismissal of the individual defendants other than Baugh, subject to [Plaintiffs] promptly providing any documents relating to their potential testimony referenced in the settlement agreements."

WHEREFORE, Plaintiffs respectfully request that the Court grant their motion, dismiss Philip Cooke, Stephanie Popp, Stephanie Stockwell, and Veronica Zea with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: November 5, 2025

Respectfully submitted,

*/s/ Todd S. Garber*

Todd S. Garber
Finkelstein, Blankinship, Frei-Pearson &
Garber, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 298-3283
tgarber@fbfglaw.com

## <u>CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)</u>

I, Todd S. Garber, counsel for Plaintiffs, hereby certify that, in accordance with Local

Rule 7.1(a)(2), I have conferred with counsel for the other parties, as well as with *pro se* parties.


Date: November 5, 2025

> */s/ Todd S. Garber*
> _____
> Todd S. Garber

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

Date: November 5, 2025

*/s/ Todd S. Garber*
Todd S. Garber