## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Ina Steiner,
David Steiner, and
Steiner Associates, LLC,

<em>Plaintiffs</em>,

v.

eBay, Inc., et al.,

<em>Defendants</em>.

No. 1:21-cv-11181

**DEFENDANTS EBAY, INC., DEVIN WENIG, WENDY JONES, AND STEVE WYMER'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO "SAMOAN" INDIVIDUALS AND "SAMOAN GANGS"**

Defendants eBay, Inc., Devin Wenig, Wendy Jones, and Steve Wymer (collectively, "Defendants"), respectfully move *in limine* for an order barring Plaintiffs from introducing at trial any allegations about, or references to, hiring Samoan individuals or "gang members" to aid in the harassment of the Steiners. Although Plaintiffs included these sensational allegations in their First Amended Complaint ("FAC"), they did virtually nothing to develop them in discovery. The limited discovery they did pursue yielded only sworn, unequivocal denials from the individuals they accused—all of whom have since resolved their claims and left the case. Plaintiffs have never identified any evidence tying these allegations to eBay, Mr. Wenig, Ms. Jones, or Mr. Wymer.

Ultimately, Plaintiffs' abandoned "Samoan gang member" theory is not relevant to any issue the jury must decide. Its only function at trial would be to inject inflammatory rhetoric and invite the jury to draw improper inferences based on unfounded insinuations about "gang" involvement. Because these allegations are unsubstantiated, untethered to the issues and evidence in the case, and speculative, the Court should exclude them. Likewise, the Court should exclude all arguments, allegations, and references to Samoan individuals or "gang members" under Federal Rules of Evidence 401, 402, and 403.

## BACKGROUND

Plaintiffs' FAC alleged that Brian Gilbert, Philip Cooke, and Jim Baugh "scheme[d] to hire Samoan gang members to stalk, intimidate and harm and potentially kill the Steiners." ECF No. 176 ¶ 87. Plaintiffs alleged that "Gilbert and Cooke had an ongoing relationship with several Samoan gang members as a result of their work with the Santa Clara Police Department" and that "Gilbert flew to Los Angeles" and paid a "Samoan gang member . . . $4,000.00 to carry out the plan, if needed." *Id*. 176 ¶¶ 88–89. Plaintiffs also claimed that the Criminal Defendants[1] used

---

[1] "Criminal Defendants" refers to Mr. Baugh, Mr. Cooke, Mr. Gilbert, Ms. Zea, Ms. Popp, Ms. Stockwell, and Mr. Harville.

"Samoan sounding" Twitter names and that Gilbert proposed creating a "'Samoan [person of interest]' . . . who would become the 'primary suspect'" and thus help conceal the Criminal Defendants' crimes. *Id.* ¶¶ 193, 235.

Despite including these inflammatory allegations in their FAC, Plaintiffs failed to develop any evidence for their "Samoan gang" theory during discovery. Their written discovery on the topic was minimal—a few interrogatories and document requests—and the sworn responses they received refuted their theory. Specifically, Mr. Cooke and Mr. Gilbert both explicitly rejected any involvement with "Samoan gang members." *See, e.g.*, Ex. A at 16–17 (affirming that Mr. Cooke "never had any relationship with any Samoan gang members and/or informants" and did not discuss "the use of Samoan gang members related in any way to the subject matter of [the First Amended Complaint]"); Ex. B at 9–11 (affirming that Mr. Gilbert "had no relationship or communications with any Samoan gang members," "does not recall having any discussion with anyone about the use of 'Samoan gang members,'" "did not contact or meet with a Samoan gang member," and "never made a cash payment to any Samoan gang member").[2]

Plaintiffs later abandoned the theory entirely at depositions. They did not ask a *single* question about Samoan individuals, Samoan gang members, or a contemplated murder-for-hire plot to any witness, including to Jim Baugh, who was deposed for nearly fourteen hours about his involvement in the Natick events and the terror campaign but never questioned on the topic. In fact, the only reference to "Samoan gangs" during any deposition was from David Steiner, who repeated his since refuted allegation that Mr. Baugh instructed Mr. Gilbert to have a "Samoan gang member" go to the Steiner's house.

---

[2] Mr. Baugh invoked his Fifth Amendment rights on all substantive interrogatory requests propounded by Plaintiffs.

By the time of trial, none of the individuals at the center of these "Samoan gang" allegations will remain in the case—as Mr. Baugh, Mr. Gilbert, and Mr. Cooke each settled with Plaintiffs— and at no time did Plaintiffs allege, or adduce any evidence suggesting, that any of the remaining Defendants knew anything about purported "Samoan gang" involvement in the Natick events.

## ARGUMENT

### I.   Plaintiffs' Samoan Gang Allegations Are Not Relevant

Plaintiffs' "Samoan gang member" allegations have no relevance to any issue the jury must decide.  First, Plaintiffs' allegations are entirely unsubstantiated.  Plaintiffs adduced no evidence from any of the individuals they accused—Messrs. Gilbert, Cooke, or Baugh—to support their theory.  To the contrary, Mr. Gilbert and Mr. Cooke *explicitly denied* Plaintiffs' allegations in their sworn discovery responses.[3]  And despite Mr. Baugh sitting for two full days of deposition, Plaintiffs chose not to ask him a single question about Samoan individuals, Samoan gang members, or a purported murder-for-hire plot.  Because Plaintiffs failed to advance, and the discovery record disproves, these allegations, they cannot "make a fact more or less probable" and must be excluded. Fed. R. Evid. 401.

Second, Plaintiffs' "Samoan gang" allegations are not "of consequence" to the legal issues asserted against Defendants.  *Id.* The harassment campaign is not in dispute.  Instead, the relevant question for the jury is whether Mr. Wenig, Ms. Jones, or Mr. Wymer should be held liable for it based on their own conduct.  Setting aside the fact that Plaintiffs failed to identify any evidence suggesting that a plot involving "Samoan gang members" even existed, there is *zero* evidence that eBay, Mr. Wenig, Ms. Jones, or Mr. Wymer supported or even knew of that alleged plot.  Courts exclude irrelevant assertions when, as here, they do "not matter in determining any issue [in] this

---

[3] Any attempt by Plaintiffs to introduce testimony on this issue through witnesses *other than* Messrs. Baugh, Cooke, or Gilbert would be inadmissible hearsay.

action" and do not "move the inquiry forward." *Maguire v. Town of Tiverton*, 2018 WL 7501477, at *3 (D.R.I. Apr. 20, 2018); *Neece v. City of Chicopee*, 106 F.4th 83, 93 (1st Cir. 2024). And courts routinely exclude unsubstantiated or irrelevant theories about gang involvement. *Echavarria v. Roach*, 2022 WL 1473604, at *9 (D. Mass. May 10, 2022) (granting motion *in limine* where "there has been no discovery about gangs, and the subject has no relevance to the issues at trial"); *United States v. Carr*, 2016 WL 11981334, at *1 (D. Nev. May 16, 2016) (precluding "the word 'gang' at trial" because it "does not make any fact of consequence more or less likely"). Accordingly, Plaintiffs' unsupported "Samoan gang" allegations are irrelevant and should be excluded.

## II.    Plaintiffs' Samoan Gang Allegations Are Unfairly Prejudicial

Even assuming*, arguendo*, that Plaintiffs' "Samoan gang" allegations had any relevance (they do not), exclusion would still be warranted because any marginal relevance is substantially "outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Courts around the country consistently recognize that references to gang connections are "highly prejudicial" and "highly inflammatory." *Rivera v. Guevara*, 2018 WL 11468918, at *1 (N.D. Ill. May 30, 2018); *United States v. Harrington*, 2014 WL 2641713, at *4 (D.N.J. June 12, 2014). This is because they "generally arouse negative connotations [in the jury] and often invoke images of criminal activity and deviant behavior." *United States v. Irvin*, 87 F.3d 860, 865 (7th Cir. 1996) ("[T]here is therefore always the possibility . . . that a jury's negative feelings towards gangs will influence its verdict."). For this reason, references to gangs are routinely barred as unfairly prejudicial in both civil and criminal cases*. See, e.g.*, *Carr*, 2016 WL 11981334, at *1 ("I agree that any probative value the word 'gang' carries is substantially outweighed by the danger of unfair prejudice[.]"); *Lopez v. Aitken*, 2011 WL 672798, at *2 (S.D. Cal. Feb. 18, 2011) (same).

Here, where the "Samoan gang" allegations have no bearing on the legal issues in this case, involve none of the remaining defendants, and were explicitly denied as false by the alleged participants, they lack all probative value beyond manufacturing "shock value" for the jury. Indeed, references to "Samoan gangs" and an entirely unsubstantiated murder-for-hire plot would merely inflame the jury's prejudices, invite speculation, and generate unfounded negative impressions about the Defendants. Accordingly, such allegations risk "prompt[ing] a decision by the factfinder on an improper basis," thus warranting their exclusion. *United States v. Bauzo-Santiago*, 51 F. Supp. 3d 198, 199 (D.P.R. 2014) (quoting *United States v. Benedetti*, 433 F.3d 111, 118 (1st Cir. 2005)).

## CONCLUSION

Defendants respectfully request that the Court grant their motion barring Plaintiffs from introducing allegations about, or references to, Samoan individuals or gangs at trial.

Dated: November 20, 2025

Respectfully submitted,

*/s/ Abbe D. Lowell*
Abbe David Lowell (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, NW
Suite 250
Washington, D.C. 20005
alowellpublicoutreach@lowellandassociates.com
Tel.: (202) 964-6110
Fax: (202) 964-6116

*/s/ Kelly A. Librera*
Kelly A. Librera (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
klibrera@winston.com
Tel.: (212) 294-6700

Martin G. Weinberg, Esq.
Martin G. Weinberg PC
20 Park Plaza
Suite 1000
Boston, MA 02116
owlmgw@att.net
Tel.: (617) 227-3700
*Counsel for Devin Wenig*

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Tel.: (617) 223-0300
Fax: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Tel.: (415) 772-1285
snonaka@sidley.com

6

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Tel.: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com
*Counsel for eBay Inc.*


/s/ *Andrew J. O'Connor*
Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Sarah E. Walters (BBO# 638378)
Jesse R. Coulon (BBO# 705248)
Casey B. Stewart (BBO# 709729)
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02199-3600
Tel.: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
sarah.walters@ropesgray.com
jesse.coulon@ropesgray.com
casey.stewart@ropesgray.com
*Counsel for Wendy Jones*


/s/ *Caz Hashemi*
Caz Hashemi, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 493-9300
chashemi@wsgr.com

Melissa Mills, Esq. (*pro hac vice*)
Trevor Templeton, Esq. (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
Tel.: (323) 210-2900
mmills@wsgr.com
ttempleton@wsgr.com

Lon F. Povich (BBO 544523)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
Tel.: (617) 621-6578
lpovich@andersonkreiger.com
*Counsel for Steve Wymer*

8

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I, Kelly A. Librera, certify that the parties have received

notice and conferred on the motion as required.

/s/ *Kelly A. Librera*
Kelly A. Librera

## CERTIFICATE OF SERVICE

I, Kelly A. Librera, hereby certify that on this date, November 20, 2025, a true and correct copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

/s/ Kelly A. Librera
Kelly A. Librera