# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>EBAY INC., et al., )<br><br>Defendants. ) | Civil Action No. 21-CV-11181-PBS |

**DEFENDANT PHILIP COOKE'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.1 and 33.1, Defendant Philip Cooke ("Mr. Cooke") hereby submits his responses to Plaintiffs' First Set of Interrogatories (each a "Interrogatory" and collectively, the "Interrogatories").

**PRELIMINARY STATEMENT**

1.      Mr. Cooke's investigation and development of all facts and circumstances related to this action is ongoing.  Mr. Cooke's responses and objections are made to the best of his present knowledge, information, and belief.  They are at all times subject to such additional or different information that discovery or further investigation may disclose.  They are also subject to such refreshing of recollection and such additional knowledge of facts as may result from discovery or investigation.  Mr. Cooke reserves the right to make any use of, or to introduce at any hearing, information and/or documents responsive to the Interrogatories but discovered subsequent to the date of the responses, including, but not limited to, any such information or documents obtained in discovery herein.

2.      By making the accompanying responses and objections to the Interrogatories, Mr. Cooke does not waive and hereby expressly reserves, his right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege.  Mr. Cooke's responses do not in any way imply that the Interrogatories are relevant to the subject matter of this action or that Mr. Cooke acquiesces to the characterization of the conduct described in the Interrogatories.

3.      Mr. Cooke expressly reserves the right to object to further examination into the subject matter of the Interrogatories and the disclosure of the response to the Interrogatories to third parties.

**GENERAL OBJECTIONS AND RESPONSES**

1.      Mr. Cooke objects to the Interrogatories to the extent they purport to impose upon him any obligation beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the District of Massachusetts, and any applicable orders of the Court.

2.      Mr. Cooke objects to the Interrogatories to the extent that they call for extensive and unreasonable investigatory work on Mr. Cooke's part and to the extent they are unduly burdensome.

3.      Mr. Cooke objects to the Interrogatories to the extent that they impose upon Mr. Cooke an obligation to investigate or discover information from any entity or individual other than Mr. Cooke, including third parties that are more or equally accessible to Plaintiffs.

4.      Mr. Cooke further objects to the Interrogatories to the extent that they are vague or ambiguous because of undefined or ill-defined terms or incorrect factual assumptions, fail to describe information requested with reasonable particularity, and to the extent they are inconsistent

with the Federal Rules of Civil Procedure, the Local Rules for the District of Massachusetts, and any applicable orders of the Court.

5.      Mr. Cooke objects to the Interrogatories to the extent the individual questions are overbroad, unduly burdensome, and/or purport to require unreasonably costly and/or time-consuming measures to locate responsive information. Mr. Cooke has, however, responded to the Interrogatories to the best of his ability and in good faith.

6.      Mr. Cooke objects to the Interrogatories to the extent they require Mr. Cooke to form legal conclusions or to arrive at ultimate factual determinations.

7.      Mr. Cooke objects to the Interrogatories to the extent they are irrelevant, overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

8.      Mr. Cooke further objects to the Interrogatories to the extent that they are not proportional to the needs of the case, and the burden or expense of the proposed discovery does not outweigh its likely benefit.

9.      Mr. Cooke objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, and/or any other applicable privilege or doctrine.

10.     Mr. Cooke objects to the Interrogatories to the extent that they are compound, redundant, or duplicative of other Interrogatories.  Mr. Cooke further objects to any Interrogatories seeking "all" information as overly broad and unduly burdensome.

11.     The presence or absence of any general or specific objection does not mean that Mr. Cooke does not object on any other ground or that any unasserted objections are waived.

12.     The Preliminary Statement and each of the above General Objections and Responses are incorporated by reference into and modify each specific response below.  Without waiving the foregoing, Mr. Cooke responds as follows:

**<u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>**

1.     Mr. Cooke objects to Plaintiffs' definition of "Communication" as overly broad, unduly burdensome, and to the extent it exceeds the definition in Local Rule 26.5(c)(1).

2.     Mr. Cooke objects to Plaintiffs' definition of "Documents" as overly broad, unduly burdensome, and to the extent it exceeds the definition in Local Rule 26.5(c)(2).

3.     Mr. Cooke objects to Plaintiffs' definitions of "Identify" as overly broad, unduly burdensome, and to the extent it exceeds the definitions in Local Rule 26.5(c).

4.     Mr. Cooke objects to Plaintiffs' definition of "You" or "Your" to the extent it calls for documents protected from disclosure by the attorney-client privilege, the work-product doctrine, joint defense privilege, common interest privilege, and/or any other applicable privilege or doctrine.

5.     Mr. Cooke objects to Plaintiffs' definition of "subject matter of this action" and "events leading to the Complaint" on the grounds that they are vague, overly broad, and unduly burdensome.

6.     Mr. Cooke objects to Plaintiff's Instruction No. 2 to the extent it exceeds the scope of Federal Rule of Civil Procedure 26(b)(5)(A).

7.     The Preliminary Statement and each of the above General Objections and Responses are incorporated by reference into and modify each specific response below.  Without waiving the foregoing, Mr. Cooke responds as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1**: Identify any and all persons whom you contend have knowledge of the facts and circumstances alleged in the complaint, the facts known to each person, and identify any and all documents which describe, support, or otherwise reflect the facts known to each person. Include in your response a list of any and all documents which describe, support, or otherwise reflect the facts known to each person.

**RESPONSE TO INTERROGATORY NO. 1**: Mr. Cooke objects to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome to the extent it seeks identification of "all persons" who he contends have knowledge of the facts and circumstances alleged in the Complaint, the facts known to each person, and "any and all documents" which describe, support, or otherwise reflect the facts known to each person. Mr. Cooke further objects to this Interrogatory on the grounds that discovery is ongoing and other parties to this action, such as eBay, have not completed their document productions and written discovery.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that Jim Baugh, Brian Gilbert, and Stephanie Popp have knowledge of the facts and circumstances alleged in the Complaint, including an August 6, 2019 meeting where Mr. Baugh told the group that they were being directed from the highest level at eBay to identify and stop a person known by the online personal Phidomaster who was threatening eBay's CEO and his family and explained the "White Knight" strategy. Mr. Cooke further states that Mr. Baugh and Ms. Popp have knowledge of messages and packages sent to the Plaintiffs Ina and David Steiner. Mr. Cooke also believes that the defendants in this action, employees at PFC and eBay, and members of eBay's GSOC have information regarding the allegations in the Complaint. To the best of his knowledge, Mr. Cooke states that court documents and What's App messages on devices issued by eBay reflect information known to these individuals.

**INTERROGATORY NO. 2**: State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the response to these interrogatories. Include in your response whether you or your counsel spoke to any other defendant or his/her counsel in preparing

these interrogatories, or whether you or your counsel shared your responses with any other defendant or his/her counsel.

**RESPONSE TO INTERROGATORY NO. 2**: Mr. Cooke objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney-work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that only his undersigned counsel assisted in the preparation of his response to these Interrogatories. Mr. Cooke states that neither he nor his counsel spoke to anyone else in preparing these responses or shared these responses with anyone else.

**INTERROGATORY NO. 3:** Describe in detail, any observations or concerns regarding the culture within eBay and/or specifically relating to the GSR/GIC including those that you referred to in your sentencing letter and your statement to the court during your sentencing and including whether you ever voiced your concerns or reported to any supervisors or to Human Resources and whether you were aware of others who made similar reports, and who made them and when. In your answer, identify all persons you made aware of any of your concerns and detail whether your concerns were addressed and how they were addressed.

**RESPONSE TO INTERROGATORY NO. 3**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it seeks information about "any observations or concerns regarding the culture within eBay," whether he voiced those concerns, whether he was aware of similar reports, and all persons who he made aware of such concerns.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he was concerned because Jim Baugh would send inappropriate text messages from his eBay phone, was hard on employees working in the GIC, and required his supervisees to have their computers with them and be ready to answer their phones 24/7. He did not make a formal complaint about it. Mr. Cooke does not know whether others raised similar concerns or if they were addressed. Mr. Cooke was also concerned when Mr. Baugh asked him and Brian Gilbert to

obtain a list of victims of a July 2019 shooting.  Mr. Cooke told Mr. Gilbert that he would not comply with the request.  After Mr. Baugh's termination, the culture among the GIC improved, teamwork improved among the group and with other eBay employees, and stress levels decreased significantly.  Mr. Cooke also refers Plaintiffs to his answers to Interrogatory Nos. 14 and 15.

**INTERROGATORY NO. 4**: Identify and describe who you were referring to when you claimed that you would often take a morning shot of alcohol with eBay coworkers and or contractors well before the eBay bar opened at 3:00 PM each day and if you ever observed inebriated eBay employees on the job - who supplied the alcohol, where and how was it stored, and who within eBay management was aware of such activity and describe if they ever took any action.

**RESPONSE TO INTERROGATORY NO. 4**:  Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that to the best of his knowledge he took a morning shot with Michelle Alford, Meagan Barrett, Alicia LNU, and Gregg Crandall.  Mr. Cooke further states that he never saw anyone inebriated, alcohol was personally purchased, and alcohol was stored in cubbies in the security office.  Outside of the security team, Mr. Cooke does not know whether eBay management was aware of alcohol use and whether they took any action.

**INTERROGATORY NO. 5**: What did you understand your job responsibilities were at eBay. Include in your response the names of any supervisors from 2018 through your termination, who you directly reported to, and whether there was any reporting channel within eBay if issues arose during your employment. Include in your response the process of reporting any issues.

**RESPONSE TO INTERROGATORY NO. 5**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome to the extent in seeks information regarding the "process of reporting any issues."

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that from April 2018 through October 2019 he was an eBay contractor assigned to be present

and armed on the eBay campus, to communicate with the security team, and to assist with any emergency response if a crisis arose. Mr. Cooke reported to Brian Gilbert at eBay and Scott Pugh at PFC. In April 2020, he joined eBay as a full-time employee reporting to Dan Cory. His job responsibilities were to supervise security operations in Europe, Africa, Asia, the Middle East, and the Global Operations Center in Texas, which monitored cameras and alarms on all eBay properties. At this time, Neil Lynch, Stephano Lee, and Mark Powell reported directly to him. If issues arose, Mr. Cooke would direct them to his supervisor Dan Cory who reported to Jim Baugh.

**INTERROGATORY NO. 6**: Summarize any questions either PFC or eBay asked you about your experience in law enforcement and any access to law enforcement data bases. Describe what you told them about each.

**RESPONSE TO INTERROGATORY NO. 6**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that to the best of his knowledge he does not recall any questions either by PFC or eBay about his experience in law enforcement and/or access to databases. Mr. Cooke further states that Brian Gilbert and Dan Cory were familiar with his background and career prior to his employment with PFC and eBay.

**INTERROGATORY NO. 7**: Summarize all oral and written statements made to eBay, including but not limited to any executive, board member, employee, contractor or agent about the subject matter of this Complaint. Include in your answer the dates, times and summaries of each communication.

**RESPONSE TO INTERROGATORY NO. 7**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it seeks summaries of all oral and written statements made to eBay approximately five years ago.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he spoke to eBay's outside counsel, Andrew Phelan, via phone about eBay's internal investigation into the subject matter of the Complaint in November 2019. To the best of his knowledge, during that conversation, Mr. Cooke stated that he attended a meeting on August 6, 2019 where Mr. Baugh told the group that they were being directed from the highest level at eBay to identify and stop a person known by the online persona Phidomaster who was threatening eBay's CEO and his family. He explained that the plan to identify Phidomaster was that Stephanie Popp was going to send messages under the fake Samoan name to individuals Mr. Baugh believed knew the identity of Phidomaster so that Scott Fitzgerald or Brian Gilbert could contact them, offer to help with the antagonist, and through the relationship learn the identity of Phidomaster. The parties discussed that the messages could not be threatening and if they were asked to stop sending messages then they had to stop. The parties discussed skipping the messages and going straight to "Plan B", described below, but Jim Baugh insisted on sending messages first. The parties also discussed deliveries and role players at the meeting, but Mr. Cooke understood that those activities were not planned. After the meeting, Mr. Cooke spoke with Mr. Gilbert who assured Mr. Cooke that he would not find role players and simply manages Defendant Baugh by pretending he is going to do something and never actually doing it. "Plan B" was the call by Mr. Fitzgerald or Mr. Gilbert to assist with the antagonist. Mr. Gilbert assured Mr. Cooke that he would never commit a crime for Mr. Baugh and eBay. Mr. Cooke always understood that the plan involved non-threatening messages and then contact by Mr. Fitzgerald and Mr. Gilbert to try to identify Phidomaster. While traveling overseas on eBay business, Mr. Cooke realized that the plan had changed and that eBay employees had traveled to Massachusetts. Mr. Baugh had tried to get Mr. Cooke to cancel his trip but Mr. Cooke refused. Mr. Cooke sent messages telling the group to

leave those people alone, referencing Plaintiffs Ina and David Steiner who he did not yet know by name, and to stay away from people's houses. Mr. Cooke also explained that he was surprised to learn that eBay employees actually traveled to Massachusetts. Mr. Cooke states that he did not provide any written statements to eBay regarding the subject matter of the Complaint. Mr. Cooke also refers Plaintiffs to his answers to Interrogatory Nos. 1 and 2 to eBay's First Set of Interrogatories and his answers below to Interrogatory Nos. 8 and 25.

**INTERROGATORY NO. 8:** Detail the substance of all texts, or other communications about the subject matter of this Complaint, the Steiners, EcommerceBytes, Fidomaster, UnsuckeBay (and other aliases), Elliott Management or other perceived critics, whether you deleted any communications, whether any deletions were at the direction of anyone at eBay or PFC, and the name of the person who was directing you, how many texts or communications you deleted, the sender and/or receiver of any communications, the dates, and their substance, and why you deleted them.

**RESPONSE TO INTERROGATORY NO. 8**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it seeks detail regarding the substance of texts and communications about the "Complaint, the Steiners, EcommerceBytes, Fidomaster, UnsuckeBay (and other aliases), Elliott Management or other perceived critics" from approximately five years ago on a device that is no longer in Mr. Cooke's possession, custody, or control, including whether he deleted communications, how many, why and identification of deleted messages.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he received messages in a group chat set up by Stephanie Popp in August 2019 while he was traveling overseas on eBay business. Given the time difference between his international travel and California, Mr. Cooke was not receiving and responding to messages contemporaneously. He was often too busy with eBay business to review the messages and/or deleted them because he believed they were inappropriate jokes. Mr. Cooke routinely deleted Mr.

- 10 -

Baugh's text messages because they were inappropriate. He did not make any deletions at the direction of anyone at PFC or eBay. To the best of his knowledge, Mr. Cooke deleted approximately 7 to 10 messages. Mr. Cooke was removed and added back to the group chat at least once and was unaware of any messages sent while he was not a participant in the chat.

To the best of his knowledge, Mr. Cooke received messages in the group chat from Jim Baugh claiming he was going to break into Plaintiff Ina and David Steiner's garage to attach a tracker to their car, send a plumber to their house in the middle of the night, and have Ms. Popp knock on their door and ask about a gang bang. When Mr. Cooke realized eBay employees had actually traveled to Massachusetts and were leaving, he messaged the group chat that he was glad they were leaving. Mr. Baugh sent messages about a police officer in the lobby of Veronica Zea and David Harville's hotel and instructed them to leave so they would not be interviewed by police. Mr. Baugh also messaged the group that he would get them top cover from eBay to deal with any internal inquiries. Mr. Cooke sent messages in support of Brian Gilbert because he believed Mr. Gilbert wanted the activity to stop and believed Mr. Baugh wanted to continue. Mr. Cooke also sent messages telling the group to leave those people alone, referencing Plaintiffs Ina and David Steiner who he did not yet know by name, and to stay away from people's houses. Mr. Baugh said it was too hot to continue the activity.

On approximately August 7 or 8, 2019, Mr. Baugh asked Mr. Cooke to cancel his preplanned overseas trip. Mr. Cooke refused. Mr. Cooke and Mr. Baugh also discussed a Massachusetts private investigator and Mr. Cooke told him to hire someone licensed in Massachusetts to identify the person behind the Phidomaster persona because the private investigator will know what is permissible in Massachusetts. Mr. Baugh assured Mr. Cooke that

he would never ask anyone to violate the law.  Mr. Cooke then followed up via email and sent Mr. Baugh the private investigator's contact information.

Mr. Cooke also refers Plaintiffs to documents to be produced by eBay and documents filed by Plaintiffs in their Appendix to their Opposition to the Motion to Dismiss.

**INTERROGATORY NO. 9**: Describe in detail, the date, time, and substance of each review you received from eBay and any bonuses or increased salaries as a result of any review or any disciplinary action as a result of any review.

**RESPONSE TO INTERROGATORY NO. 9**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it asks him to describe the substance of each review received from eBay.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that to the best of his knowledge he cannot recall any specific performance review while at eBay, but he received positive feedback during his tenure.

**INTERROGATORY NO. 10**: Describe all communications you had with any person about your promotion to Director of Security of Operations and your approximately $20,000 salary increase after Defendants Baugh and Gilbert were terminated and your understanding of why you were promoted and who promoted you. List each person involved, who offered you the promotion and what was said.

**RESPONSE TO INTERROGATORY NO. 10**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome to the extent it seeks information regarding "all communications" with any person regarding his promotion.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that when Defendant Baugh was terminated Dan Cory took his place and was promoted to Senior Director.  Mr. Cory was tasked with rebuilding Defendant Baugh's team and promoted Mr. Cooke to Director likely with Ms. Jones's approval.  Mr. Cory explained his promotion and asked

Mr. Cooke to be his "number two." Mr. Cory also explained that he wanted help reorganizing the group and wanted Mr. Cooke to take over Brian Gilbert's duties, which included the United States. Mr. Cooke only spoke to Mr. Cory and an HR representative who sent the offer letter regarding the promotion.

**INTERROGATORY NO. 11**: Describe all communications about your termination with eBay, including with named defendants and current and former coworkers, and the date and circumstances of your termination. Include in your answer details of what was said to you by any executive, director, employee, contractor or agent of eBay at the time of your firing, what severance package you received, and whether there were any promises made to you at the time of your firing and whether eBay or any named defendant assisted you with finding new employment or offered to provide you with a recommendation or any other assistance.

**RESPONSE TO INTERROGATORY NO. 11**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome to the extent it seeks information regarding "all communications" with any person regarding his termination.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that to the best of his knowledge he was terminated around the time the criminal cases were announced by the U.S. Attorney's Office. Mr. Cooke further states that the termination took place via Zoom with Dan Cory and an HR representative. Mr. Cory read a prepared statement which stated that Mr. Cooke was terminated for not fully cooperating with an internal investigation. Mr. Cory told Mr. Cooke he was sorry. Mr. Cooke did not ask any questions. Mr. Cooke further states that he did not receive a severance package, promises from eBay, assistance from eBay or any others in finding new employment, and/or offers to provide him with a recommendation or other assistance.

**INTERROGATORY NO. 12**: Describe your complete disciplinary history, including all prior law enforcement agency including, but not limited to anti-corruption and/or internal affairs complaints and the resolution of each such complaint, at both PFC and eBay from 2017 through the date of your termination with eBay.

**RESPONSE TO INTERROGATORY NO. 12**: Mr. Cooke objects to this Interrogatory on the grounds that that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it seeks complete disciplinary history from 2017 through the date of his termination.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he had no complaints or disciplinary actions from 2017 through the date of his termination with eBay.

**INTERROGATORY NO. 13**: Identify the name of your supervisor and the name of all other employees within your team, the number of times you reported to your supervisor, and a summary of all feedback from any such supervisor.

**RESPONSE TO INTERROGATORY NO. 13**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome to the extent it seeks a summary of all feedback from Mr. Cooke's supervisor.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that his supervisor was Dan Cory and the other employees on his teams were Neil Lynch, Stephano Lee, and Mark Powell. Mr. Cooke further states that states that he had no regularly scheduled meetings with his direct supervisor, Dan Cory. Mr. Cooke's communication with Mr. Cory varied from multiple times per day to every other week. Mr. Cooke states that to the best of his knowledge he cannot recall any specific feedback, but he can recall that his feedback from Mr. Cory was always positive.

**INTERROGATORY NO. 14**: Describe in detail, any complaints made to supervisors and any supervisory feedback you received regarding any of the complaints you may have made to supervisors or that were made to your during your supervision of eBay employee or contractors that you reported to your supervisors during the course of your employment with eBay.

**RESPONSE TO INTERROGATORY NO. 14**:  Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it seeks information regarding any complaints made to supervisors and any supervisory feedback.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he had conversations with his supervisor, Dan Cory, where both parties were complaining that Defendant Baugh was high strung, unpredictable, and volatile and were venting about how hard it was to work with him.

**INTERROGATORY NO. 15**: Detail whether any of your coworkers or subordinates ever complained to you regarding the culture at eBay (or specific incidents) or regarding Defendant Baugh and provide their names and titles, and whether you reported these complaints to anyone in HR, or above you. If so, provide the names of anyone you reported this information to and what actions were taken as a result.

**RESPONSE TO INTERROGATORY NO. 15**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it seeks information about any complaints regarding eBay's culture or Defendant Baugh, whether those complaints were reported, and what actions were taken as a result.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that to the best of his knowledge he had separate conversations with both Brian Gilbert and Scott Fitzgerald where all parties were complaining about Defendant Baugh's volatility and venting about how hard it was to work with him.  On one occasion, Defendant Baugh went through the GSOC and spread Mr. Fitzgerald's personal items around the office, including his wife's personal medical information, and Mr. Fitzgerald was upset.  Mr. Cooke further states that he did not make any formal report of these complaints to anyone in HR or anyone above him.  Mr. Cooke

did not receive complaints from subordinates regarding the culture or Mr. Baugh.  Mr. Cooke also

refers Plaintiffs to his answer to Interrogatory No. 14.

**INTERROGATORY NO. 16**: Summarize any relationship you have or had with any Samoan gang members and/or informants who were current or former Samoan gang members and any communications you had with these individuals from 2019 to 2022 about the subject matter of this Complaint.

**RESPONSE TO INTERROGATORY NO. 16**: Mr. Cooke objects to this Interrogatory

on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly

burdensome because it asks him to summarize "any relationship" he has or had with any Samon

gang members and any communications with these individuals from 2019 to 2022.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke

states that he never had any relationship with any Samoan gang members and/or informants.

**INTERROGATORY NO. 17**: Outline any information you provided to producers of the television news show 60 Minutes regarding your relationship with or investigation into Samoan gangs during your employment with the Santa Clara Police Department.

**RESPONSE TO INTERROGATORY NO. 17**: Mr. Cooke objects to this Interrogatory

on the grounds that that it is irrelevant to the parties' claims and defenses, overly broad, and unduly

burdensome because it asks him to outline any information he provided to the producers of the

show 60 Minutes.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke

states that he did not provide any information to producers of the show 60 Minutes.

**INTERROGATORY NO. 18**: Indicate whether you ever provided cash payments to any Samoan gang members after your employment with the Santa Clara Police Department, in exchange for information, favors or for any other reason.

**RESPONSE TO INTERROGATORY NO. 18**: Mr. Cooke objects to this Interrogatory

on the grounds that that it is irrelevant to the parties' claims and defenses, overly broad, and unduly

burdensome because it asks him to indicate whether he ever provided cash payments to any Samon

gang members for any reason.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke

states that he has never provided cash payments to any Samon gang members for any reason.

**INTERROGATORY NO. 19**: Summarize all discussions you had with Defendant Brian Gilbert, Baugh, or any others regarding the use of Samoan gang members related in any way to the subject matter of this Complaint.

**RESPONSE TO INTERROGATORY NO. 19**: Mr. Cooke objects to this Interrogatory

on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly

burdensome to the extent is seeks information regarding "all discussions" with anyone "related in

any way to the subject matter of this Complaint."

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke

states that he did not have any discussions with Defendant Brian Gilbert, Defendant Jim Baugh,

or any others regarding the use of Samoan gang members related in any way to the subject matter

of this Complaint.

**INTERROGATORY NO. 20**: Identify any and all persons (other than the plaintiff) who, from January 2015 to the present, have filed a lawsuit, complaint, administrative charge, or claim against you.

**RESPONSE TO INTERROGATORY NO. 20**: Mr. Cooke objects to this Interrogatory

on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly

burdensome to the extent it seeks information regarding "any and all persons" who have filed "a

lawsuit, complaint, administrative charge, or claim against" Mr. Cooke from 2015 to the present.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke

states that other than this action no other lawsuits, complaints, administrative charges, or claims

have been filed against him.

- 17 -

**INTERROGATORY NO. 21**: Explain how often you met with your direct supervisor and other superiors including Defendants Wendy Jones, Jim Baugh, Devin Wenig, members of the Executive Leadership Team, and eBay board members and the nature of such meetings.

**RESPONSE TO INTERROGATORY NO. 21**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome to the extent it seeks information regarding all meetings with direct supervisors and other superiors without regard to the subject matter of the meetings.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he had no regularly scheduled meetings with his direct supervisor, Dan Cory.  Mr. Cooke's communication with Mr. Cory varied from multiple times per day to every other week. Mr. Cooke's communication with Mr. Baugh was even less frequent than with Mr. Cory.  The nature of these communications was eBay business.  Mr. Cooke attended a meeting led by Ms. Jones for everyone under her supervision that held the title of "Director" or a more senior title. General eBay business under Ms. Jones's supervision was discussed.  Except for meetings with all of eBay, Mr. Cooke never attended meetings with Devin Wenig, members of the Executive Leadership Team, and/or eBay board members.  Mr. Cooke also refers Plaintiff to his answer to Interrogatory No. 1 to Ms. Jones's First Set of Interrogatories.

**INTERROGATORY NO. 22**: Indicate whether you were ever involved in or learned of any other stalking, harassment incidents - or any attempts to investigate any individuals other than the Steiners - including reporters, eBay buyers and sellers, current or former eBay employees, content creators, forum commenters or perceived eBay critics, during your employment at eBay and/or PFC and provide details of what you know about such instances.

**RESPONSE TO INTERROGATORY NO. 22**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome to the extent it seeks information regarding any other stalking or harassment incidents during his employment at eBay and/or PFC.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he was never involved in and never learned of any other stalking and/or harassment incidents or any attempts to investigate individuals other than the Steiners during his employment at eBay and/or PFC.

**INTERROGATORY NO. 23**: From the time you became aware of the criminal and internal investigations in 2019 through your promotion and ultimate termination, describe the actions you observed eBay take to investigate the criminal matters related to the subject matter of this Complaint, including steps it took to mitigate its liability and contain PR repercussions, and how its retention of yourself, Meagan Barret, Defendant Jones, and its rehiring of Michele Alford fit into that strategy, and what role Jones and others played in the investigation, mitigation efforts, and rehabilitation of the GSR.

**RESPONSE TO INTERROGATORY NO. 23**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it asks Mr. Cooke to describe the actions he observed eBay take to investigate the criminal matters related to the subject matter of this Complaint, including steps it took to mitigate its liability and contain PR repercussions, and how its retention of him, Meagan Barret, Defendant Jones, and its rehiring of Michele Alford fit into that strategy, and what role Jones and others played in the investigation, mitigation efforts, and rehabilitation of the GSR.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he was not involved in eBay's investigation and did not observe actions taken by eBay except his interview by eBay's outside counsel via phone in November 2019 and his conversation with a VP in eBay's compliance department in December 2019 prior to his interview with the U.S. Attorney's Office.  Mr. Cooke does not know what actions, if any, eBay took to mitigate liability and contain PR repercussions, why it retained certain employees, or what role Jones played in the investigation.

**INTERROGATORY NO. 24:** Did you ever observe any attempt to diffuse or publicly leak information about the subject matter of this Complaint in forums such as Reddit before the government announcement of the criminal charges in 2020, and if so, by whom and how?

**RESPONSE TO INTERROGATORY NO. 24**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome because it seeks information regarding leaks of information about the subject matter of the Complaint in online forums.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that he never observed any attempt to diffuse or leak information about the subject matter of this Complaint before the government announced criminal charges.

**INTERROGATORY NO. 25**: What was your understanding of the plan to harass the Steiners and how did it change over time, including your understanding of the White Knight strategy, Samoan gangs, SWATTING, "Plan B" and what was part of "Plan B," and when you and Scott Fitzgerald first become aware of any plans? Include in your response the substance of every conversation and every participant where any of these plans were discussed.

**RESPONSE TO INTERROGATORY NO. 25**: Mr. Cooke objects to this Interrogatory on the grounds that it is irrelevant to the parties' claims and defenses, overly broad, and unduly burdensome to the extent it seeks the substance of every conversation and every participant where any of these plans were discussed.

Subject to and without waiving the foregoing General and Specific Objections, Mr. Cooke states that his understanding of the plan to identify Phidomaster came from the August 6, 2019 meeting where Stephanie Popp was going to send messages under the fake Samoan name to individuals Mr. Baugh believed knew the identity of Phidomaster so that Scott Fitzgerald or Brian Gilbert could contact them, offer to help with the antagonist, and through the relationship learn the identity of Phidomaster. The parties discussed that the messages could not be threatening and if they were asked to stop sending messages then they had to stop. The parties discussed skipping

the messages and going straight to "Plan B", described below, but Jim Baugh insisted on sending messages.  The parties also discussed deliveries and role players at the meeting, but Mr. Cooke understood that those activities were not planned.  After the meeting, Mr. Cooke spoke with Mr. Gilbert who assured Mr. Cooke that he would not find role players and simply manages Defendant Baugh by pretending he is going to do something and never actually doing it.  "Plan B" was the call by Mr. Fitzgerald or Mr. Gilbert to assist with the antagonist.  Mr. Gilbert assured Mr. Cooke that he would never commit a crime for Mr. Baugh and eBay.  Mr. Cooke understood that the plan involved non-threatening messages and then contact by Mr. Fitzgerald and Mr. Gilbert to try to identify Phidomaster.  While traveling overseas, Mr. Cooke realized that the plan had changed and that eBay employees had traveled to Massachusetts.  Mr. Cooke sent messages telling the group to leave those people alone, referencing Plaintiffs Ina and David Steiner who he did not yet know by name, and to stay away from people's houses.  Mr. Cooke was not aware of any plans involving the Steiners and Samona gangs or swatting.

Dated: May 1, 2024

AS TO OBJECTIONS,

Respectfully submitted,

*/s/ Christina N. Lindberg*
Christina N. Lindberg, BBO No. 690443
clindberg@msdefenders.com
MINER SIDDALL LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel: (617) 202-5890

*Counsel for Philip Cooke*

- 22 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on counsel of record for all parties and all *pro se* litigants via email.


*/s/ Christina N. Lindberg*
Christina N. Lindberg

## VERIFICATION

I, Philip Cooke, do hereby depose and state that the foregoing answers are true to the best of my knowledge, information, and belief.

Signed under the pains and penalties of perjury this 30th day of April, 2024.

Philip Cooke