UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC**,<br><br>       Plaintiffs,<br>   v.<br><br>**EBAY, INC., et al.**,<br><br>       Defendants. | Civil Action<br>21-cv-11181-PBS |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE
HYPOTHETICAL QUESTIONS TO PLAINTIFFS**

NOW COMES plaintiffs Ina Steiner, David Steiner and Steiner Associates, LLC, by and through their undersigned attorneys, and submits this Motion in Limine.

## I.        INTRODUCTION

In a transparent attempt to establish grounds for a potential challenge to the amount of emotional distress damage the jury may award to Ina Steiner, eBay's counsel asked her at her deposition to compare the level of emotional distress she suffered to the emotional distress suffered by a plaintiff in a different, unidentified, case involving completely distinguishable facts.

The Court should preclude Defendants from posing similar questions to either of the Steiners because: (1) any attempt to compare the extent of the Steiners' emotional distress to the emotional distress suffered by an individual who suffered emotional distress as a result of completely distinguishable circumstances is irrelevant to the jury's determination of the amount of the Steiners' emotional distress damages under Fed. R. Evid. 401 and thus inadmissible under Fed. R. Evid. 402; and (2) even if such evidence was relevant, the facts of the "comparator" case are so inflammatory that their very injection into this case would be unfairly prejudicial to the Steiners under Fed. R. Evid. 403.

As an example of the types of questions that should be precluded, eBay's counsel posed the following questions to Ina Steiner at her deposition:

> So I want to ask you in your own view to sort of compare what you have -- what you have suffered with the following.
>
> A minor female who from the age of 7 to 17 is systematically sexually abused by her stepfather and then further emotionally abused by her stepfather over a period of years, intentionally inflicted emotional distress on that minor female, would you say that in your view, what you went through, is -- what you currently are experiencing in terms of anxiety and depression is worse, not worse or the same?

***

>  Compared to a minor female who is sexually abused over ten years.
>
> \*\*\*
>
> But is it fair to say that what you've gone through is not as bad as what you *imagine* that child has gone through?
>
> \*\*\*
>
> I asked you—I gave you the hypothetical of a child who's sexually molested over ten years by her stepfather, who has suffered intentional infliction of emotional distress as a result of that conduct.
>
> Is it your view that that conduct is worse than what you have gone through?

Deposition of Ina Steiner, September 23, 2024, pp.269-63 (Emphasis supplied) (attached hereto as Exhibit 1). These types of questions should be excluded at trial.

## II. ARGUMENT

### A. Any Attempt To Compare The Extent Of The Steiners' Emotional Distress To The Emotional Distress Suffered By An Individual Who Suffered Emotional Distress As A Result Of Completely Distinguishable Circumstances Is Irrelevant To The Jury's Determination Of The Steiners' Emotional Distress Damages.

There are two foundational precepts concerning the admissibility of evidence. First, evidence is relevant only if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Second, irrelevant evidence is inadmissible. Fed. R. Evid 402. Even assuming that a comparison of the extent of the emotional distress Ina or David Steiner suffered as a result of the defendants' actions in this case was a "fact" as opposed to impermissible opinion testimony by a lay witness, it neither has a tendency to make the extent of the Steiners' emotional distress more or less probable than it would be without the evidence nor is it of consequence in determining the

2

amount of emotional distress damages to which the Steiners are entitled. *See Collins v. Benton*, No. 18-7465 SECTION: "G"(5), 2020 U.S. Dist. LEXIS 116335, at *26-*27 (E.D. La. July 2, 2020) (excluding the following statements, and any variation of them, from trial in motor vehicle accident case as irrelevant under Rule 401and because they could be used only to inflame jury: reference to "tort reform," "too many lawsuits," "too much litigation in our country," "jackpot justice" and winning "the lottery" in case).

      **B.**      **Even If A Comparison Of The Extent Of The Steiners' Emotional Distress To The Emotional Distress Suffered By An Individual Who Suffered Emotional Distress As A Result Of Completely Distinguishable Circumstances Was Relevant To The Jury's Determination Of The Amount Of The Steiners' Emotional Distress Damages, The Facts Of The "Comparator" Case Are So Inflammatory That Their Very Injection Into This Case Would Be Unfairly Prejudicial To The Steiners.**

Fed. R. Evid. 403 provides, in relevant part, that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…unfair prejudice…." Unfair prejudice ensues when evidence serves only to evoke an improper emotional response and distracts from careful consideration of the relevant issues. *E.g.*, *Bergus v. Florian*, 120 F.4th 14, 28 (1st Cir. 2024). Here, because the facts of the "comparator" case are so inflammatory, they would serve only to evoke an improper emotional response and distract from careful consideration of the relevant issues. Accordingly, the Court should preclude Defendants from asking either of the Steiners to compare the level of emotional distress they suffered to the emotional distress suffered by a plaintiff in any other case that involves completely distinguishable facts, including the case whose facts are set forth above. *See Collins v. Benton*, 2020 U.S. Dist. LEXIS 116335, at *26-*27 (precluding reference to "tort reform" and statements about "too many lawsuits," "too much litigation in our country," "jackpot justice" and winning "the lottery" in motor vehicle accident

3

case because even if statements relevant under Rule 401, their probative value was substantially outweighed by their prejudicial effects under Rule 403).

Furthermore, hypothetical or speculative testimony is plainly barred under Federal Rules of Evidence 602, which requires evidence sufficient to support a finding that the witness has personal knowledge of [a] matter," before a witness can testify about that matter, and Rule 701, which generally prohibits opinion testimony from lay witnesses subject to certain narrow exceptions that are inapplicable here. Under Rule 602, a witness's testimony must be "grounded in observation or other first-had personal experience. . . [and] must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Payne v. Pauley*, 337 F.3d 767, 772 (3d Cir. 2003) (quoting *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991)) (internal quotations omitted).

And Rule 701 requires lay testimony to be rationally based on a witness's perception, helpful to determining a fact at issue, and not based on scientific or specialized knowledge. *See* Fed. R. Evid. 701; *Freedom Wireless, Inc. v. Boston Commc'n Group, Inc.*, 157 (D. Mass. 2005) (striking "abstract opinion" lay testimony removed from "actual experience" of witness).

Hypothetical and speculative questions are improper because they seek to force a witness to testify about things they did not perceive, about things that did not happen, and about knowledge they did not have, contrary to the requirements of Rule 602. *See Athridge v. Aetna Cas. and Sur. Co.*, 474 F. Supp. 2d 102, 105 (D.D.C. 2007) ("Speculative testimony as to what a witness would have done under different circumstances cannot possibly be based on the witness's perception [and is therefore inadmissible under Rules 602 and 701]."). For this reason, courts have consistently held that a fact witness may not testify regarding how she or he (much less someone else) would have acted under altered circumstances. *See Washington v. Dep't of Transp.*, 8 F.3d 296 300 (5th

4

Cir. 1993) (testimony as to what a witness "would have done had he seen the warning label" is inadmissible).

Here, the questioning the Steiners seek to preclude would elicit testimony that is neither rationally based on their perceptions (as it invites a comparison with the emotional distress suffered by an individual in completely different circumstances than their own) nor helpful to clearly understanding their testimony about their own emotional distress or to determining the amount of compensatory damages to which they are entitled as a result of that distress. *See Deters v. Am. Summit Ins. Co.*, No. 2:21-CV-03090, 2023 U.S. Dist. LEXIS 49066, at *4 (W.D. La. Mar. 21, 2023) (precluding any hypothetical questions to any lay witnesses that bear no relation to any admitted evidence as irrelevant). For these reasons, the Court should exclude such evidence.

### III.  CONCLUSION

This Court should preclude Defendants from asking either of the Steiners to compare the level of emotional distress they suffered to the emotional distress suffered by a plaintiff in any other case that involves completely distinguishable facts, including the case whose facts are set forth above.

Dated: November 20, 2025                                  Respectfully submitted,

*/s/Andrew G. Finkelstein*
Andrew G. Finkelstein
Brian D. Acard
Kenneth B. Fromson
Lawrence D. Lissauer
FINKELSTEIN & PARTNERS, LLP
1279 Route 300
Newburgh, NY 12551
(845) 563-9459
afinkelstein@fbfglaw.com
bacard@lawampm.com
kfromson@lawampm.com
LLissauer@lawampm.com

5

Marc A. Diller
DILLER LAW, LLP
50 Congress Street
Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON
& GARBER, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com

*Counsel for Ina Steiner, David Steiner and Steiner Associates, LLC*