Page 1

```
 1              UNITED STATES DISTRICT COURT
 2                DISTRICT OF MASSACHUSETTS
 3    - - - - - - - - - - - - - - - - - - - - x
 4    INA STEINER, DAVID STEINER and
 5    STEINER ASSOCIATES, LLC
 6         Plaintiffs
 7    vs.                           CA No. 21-CV-11181-PBS
 8    eBAY, INC. et al.
 9         Defendants
10    - - - - - - - - - - - - - - - - - - - - x
11
12            VIDEO DEPOSITION of INA STEINER
13         Friday, September 23, 2024 - 10:07 a.m.
14                    Sidley Austin LLP
15                     60 State Street
16                   Boston, Massachusetts
17
18
19    Reporter:  Jill K. Ruggieri, RPR, RMR, FCRR, CRR
```

Page 259

1    Q    And do you agree with that, that
2    there's no prospect of a full recovery?
3                MR. FROMSON:  Just note my
4    objection to form.
5    A    I don't -- I don't know.
6    Q    You don't know?
7    A    I don't know.
8    Q    Now, in terms of the emotional, you
9    say it's at a 6 and a half, okay, as of today.
10   This is five years later.
11               So I want to ask you in your own
12   view to sort of compare what you have -- what
13   you have suffered with the following.
14               A minor female who from the age
15   of 7 to 17 is systematically sexually abused by
16   her stepfather and then further emotionally
17   abused by her stepfather over a period of
18   years, intentionally inflicted emotional
19   distress on that minor female, would you say
20   that in your view, what you went through, is --
21   what you currently are experiencing in terms of
22   anxiety and depression is worse, not worse or
23   the same?
24               MR. FROMSON:  Objection as to
25   form.

Page 260

```
 1        A    I -- I can't even believe you're
 2   asking.  I mean, a child?  I -- I just -- I
 3   can't fathom, so I -- I would never compare
 4   that.  I would never -- I would never -- I
 5   wouldn't know how to compare that.
 6        Q    Well, let's try -- let's assume that
 7   that pattern I just gave you is at a 10.
 8             Where would you put where you
 9   are compared to that?
10             MR. FROMSON:  Hold on.  Just
11   note my objection to form.
12        Q    Compared -- fair enough.
13             MR. FROMSON:  Ask your question,
14   and then I'll place my objection.
15        Q    Compared to a minor female who is
16   sexually abused over ten years.
17             How would you compare it?
18             MR. FROMSON:  Note my objection
19   to form.  And also she's been asked and
20   answered.  She said she can't fathom or compare
21   it.
22             Over my objection, go ahead and
23   try to answer it, if you can.
24        A    I can't answer -- I won't -- I mean,
25   I can't.  I'm sorry, I can't answer that.
```

Page 261

```
 1        Q    Is -- well, you can't answer it; you
 2   can't give me the number.
 3             But is it fair to say that what
 4   you've gone through is not as bad as what you
 5   imagine that child has gone through?
 6             MR. FROMSON:  Objection.  Form.
 7        A    I think it's so offensive, but I will
 8   try to answer it.  I -- I don't know why you
 9   would compare what eBay did to me with what a
10   cruel person would do to a child.
11             It doesn't make sense to me.  I
12   can't wrap my head around --
13        Q    So is the answer it's -- what
14   happened to that child is worse?
15        A    It's --
16             MR. FROMSON:  Hold on.  Hold on.
17             Objection as to form.
18        A    I -- I -- I think that's just -- I
19   just don't know how to answer that, because --
20        Q    You can answer it by saying --
21             MR. FROMSON:  Hold on.  You got
22   to let her finish.  Got to let her finish.
23        Q    By saying is it worse or not.  The
24   answer -- the question is quite clear,
25   Ms. Steiner.
```

Page 262

1                Are you saying that it's worse
2    or not worse?
3                MR. FROMSON:  Objection as to
4    form.  It's been asked and answered.
5                MR. PIROZZOLO:  No, it hasn't
6    been answered.  She's refused to answer.
7                MR. FROMSON:  Actually, not
8    true.
9                The record will speak for
10   itself.  But given the conversation and for
11   clarity, she said she could not answer it,
12   right, based on the comparison.
13               And the incomplete hypothetical
14   that you gave is part based on my objection --
15               MR. PIROZZOLO:  If it's an
16   incomplete hypothetical, I'll ask again.
17   BY MR. PIROZZOLO:
18        Q    Ms. Steiner, so now you're not
19   understanding --
20               MR. FROMSON:  Let me finish my
21   objection.
22               The objection as to form still
23   stands.  I'm not going to preclude the witness
24   from trying to answer it, but the objection to
25   form still stands.

```
                                                   Page 263
 1                    MR. PIROZZOLO:  And the question
 2      is quite clear, but I'll ask it again.
 3      BY MR. PIROZZOLO:
 4          Q    I asked you -- I gave you the
 5      hypothetical of a child who's sexually molested
 6      over ten years by her stepfather, who has
 7      suffered intentional infliction of emotional
 8      distress as a result of that conduct.
 9                    Is it your view that that
10      conduct is worse than what you have gone
11      through?
12                    MR. FROMSON:  Objection as to
13      form.
14          A    You originally asked me to compare on
15      a scale, with that being 10, and that is
16      unanswerable.
17                    Is it worse?  Is it worse for
18      that child?  Of course it is.
19          Q    Substantially worse?
20                    MR. FROMSON:  Objection to form.
21          A    It is substantially worse.
22          Q    And I'm going to give you one more
23      hypothetical, and then I think I'm going to be
24      done.
25                    Let's say that comparing what
```