UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>                Plaintiffs,<br>v.<br><br>EBAY INC., *et al.*,<br><br>                Defendants. | Civil Action No. 1:21-CV-11181-DPW |

## NOTICE OF POTENTIAL TRIAL PARTICIPATION

On January 5, 2024, the Court entered a Protective Order, which permitted the Government to participate in this litigation for the purpose of protecting certain Government information. ECF No. 315. This included the right for Department of Justice counsel to participate in certain hearings and in trial to "make objections to questions or answers on behalf of the United States as necessary to protect Protected Information." *Id.* ¶ 6.

A trial in this matter is currently scheduled to begin on March 2, 2026. ECF No. 778. Counsel for the Government will attend the trial for the sole purpose of potentially raising objections, only to the extent necessary, to protect Protected Information. To permit the trial to be conducted as efficiently as possible, the Government wishes to alert the Court of its reading of the Protective Order, to which it has already alerted the parties in this matter.[1] The Government's goal has always been to permit proceedings in this matter, including trial, to proceed as expeditiously and efficiently as possible while preventing the disclosure of Protected Information. To that end,

---

[1] Government counsel will also attend the final pretrial conference scheduled for December 3, 2025, in case there are any questions as to how the Protective Order will apply at trial. Government counsel is available should the Court wish to discuss any of these matters *ex parte* and *in camera.*

and without the objection of any party in this matter, the Government employed the following approach to objections during the deposition of Defendant Jim Baugh on July 8–9, 2025 that it intends to also use at trial. That deposition proceeded efficiently without the disclosure of any Protected Information. The Government is confident that the same will be true of trial.

*First*, the Government respectfully requests that the Court instruct that all witnesses at trial, including Mr. Baugh, interpret any general questions regarding Mr. Baugh's background as relating only to Mr. Baugh's non-governmental experience. For example, if called as a witness, Mr. Baugh could answer questions that relate to his background generally (*e.g.*, "Have you ever been trained in firearms?" or "Have you ever been to Central America?") as if they are only being asked about his non-government experience, irrespective of how the questions are framed. This could be achieved, for example, by the Court instructing each witness at the start of their testimony, instructing counsel at the start of trial, entering an order in limine, or by any other means the Court finds appropriate.

*Second*, the Government confirms that Mr. Baugh worked for the National Clandestine Service of the CIA for a period of less than a year, more than ten years before December 2022. Given that Mr. Baugh's National Clandestine Service employment occurred before December 2012, probing Mr. Baugh's actions or experiences risks eliciting testimony that would constitute Protected Information. Therefore, assuming arguendo that the pre-December 2012 period is even relevant given the scope of the triable issues of fact, the Government intends to object to employer-specific or time-frame-specific questions, for the period preceding December 2012, to the extent any party seeks to probe Mr. Baugh's specific actions or experiences. For example, the Government would object to a question that asked about the types of work Mr. Baugh performed for any specific employer prior to December 2012. Although the period before December 2012 appears to have little-to-no relevance to the issues in this case, questions regarding the pre-

December 2012 period could risk or imperil the Government's ability to safeguard Protected Information. Government counsel would therefore raise this limited standing objection as to the pre-December 2012 period.

*Third*, the Government also confirms that, after Mr. Baugh's period of brief employment with the CIA, Mr. Baugh subsequently volunteered his services to assist the CIA, but that the CIA ceased contact with Mr. Baugh before the criminal activity for which Mr. Baugh was convicted. However, considering the first standing objection above regarding the interpretation of generalized questions, the Government would not object to generalized questions regarding Mr. Baugh's past employment. For example, a party might ask Mr. Baugh, "Prior to working at eBay, have you ever provided protective services to a corporate executive?" If Mr. Baugh had done so, even before December 2012, he could answer that question or any other similar question, provided that answering it would not involve disclosures related to his prior government employment or experience.

Finally, the Government's participation at trial does not obviate the requirement imposed by the Protective Order on the parties to "not seek to elicit any testimony from" Mr. Baugh or any other witness on Protected Information. ECF No. 315 at 1. Nor does such participation relieve Mr. Baugh's or any other witness's obligation to refuse to answer any such improperly posited question, because answering the question would reveal Protected Information.

Government counsel has relayed this plan to the parties, and no party has objected to it.

Dated: November 26, 2025                                 Respectfully submitted,

                                                BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
(D.C. Bar No. 1033486)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-8659

Email: christopher.edelman@usdoj.gov

*Counsel for the United States of America*

4