**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Ina Steiner,<br>David Steiner, and<br>Steiner Associates, LLC,<br><br>          *Plaintiffs*,<br><br>    v.<br><br>eBay, Inc., et al.,<br><br>          *Defendants*. | No. 1:21-cv-11181 |

**DEFENDANTS EBAY, INC. AND DEVIN WENIG'S OPPOSITION TO
DEFENDANT WENDY JONES'S MOTION *IN LIMINE*
<u>TO EXCLUDE THE TESTIMONY OF JIM BAUGH</u>**

**ARGUMENT**

**I.     Excluding Jim Baugh's testimony in its entirety would be highly prejudicial to Mr. Wenig and eBay.**

Jim Baugh's testimony is essential to this case and should not be excluded.  In fact, there may not be a witness with *more* pertinent knowledge as to what happened in Natick—and most critically, why it happened—than Jim Baugh.  This is precisely why Mr. Baugh sat for close to ***fourteen hours*** of deposition, taken by counsel for Plaintiffs and each of the four remaining Defendants, including Ms. Jones, over the course of two days earlier this year.  During his deposition, Mr. Baugh testified at length about the circumstances surrounding, and his motivations for, the August 2019 harassment campaign.  He also provided material exculpatory evidence essential to Defendants' ability to defend themselves in this case.  Any prejudice to Ms. Jones created by Mr. Baugh's refusal to testify about certain subjects—which would not be cured by excluding Mr. Baugh's testimony in any event, as detailed in Section II, *infra*—is therefore significantly outweighed by the prejudice to the other Defendants that would result if Mr. Baugh's testimony is excluded from trial.  *See Rubert-Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 479 (1st Cir. 2000) (reversing and remanding where district court excluded under Rule 403 "highly probative evidence on the central issue at trial").

For example, at his deposition, Mr. Baugh repeatedly confirmed that Mr. Wenig had no knowledge of or involvement in his nefarious activities.  Specifically, among other critical testimony, Mr. Baugh admitted that (i) Mr. Wenig never instructed him, either directly or indirectly, to take any action against Plaintiffs, (ii) Mr. Wenig never communicated with him about Plaintiffs at any time before, during, or after the Natick events, and (iii) there was no reason for the Executive Defendants to have known about his plan to harass Plaintiffs.  *See, e.g.*, ECF No. 697-1, Baugh Dep. Tr. Day 1, 365:4–367:15, 378:24–379:8.  On the latter subject, Mr. Baugh

1

testified about the great efforts that he and his team took to conceal their activities from eBay and its executives, including through the use of fake cover stories, personal credit cards, and covert, non-eBay messaging services. *See, e.g.*, ECF No. 697-1, Baugh Dep. Tr. Day 1, 240:6–17, 286:13–22, 365:21–366:2; ECF 697-1, Baugh Dep. Tr. Day 2, 22:5–17, 28:11–15. This testimony significantly undercuts Plaintiffs' claims, and were the Court to exclude Mr. Baugh's testimony, it would unfairly prejudice Defendants and deprive them of their opportunity for a full and fair trial. As a result, Mr. Baugh's testimony should not be excluded. *See United States v. Soler-Montalvo*, 44 F.4th 1, 18 (1st Cir. 2022) ("When proffered evidence relates to the central issue in a case, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature, as Rule 403 requires."); *Espeaignnette v. Gene Tierney Co. Inc.*, 43 F.3d 1, 8 (1st Cir. 1994) (vacating and remanding for a new trial where "excluded evidence was highly probative on an essential disputed element in the case" and the defendant failed to establish unfair prejudice).

## II. Excluding Mr. Baugh's testimony in its entirety would not cure Ms. Jones's alleged prejudice.

In her motion, Ms. Jones does not dispute the importance of Mr. Baugh's testimony or claim any direct prejudice from the testimony itself. Rather, Ms. Jones argues that she was deprived of her due process right to a full and fair cross-examination because Mr. Baugh refused or was not permitted to testify about three topics: (i) his alleged sexual assaults of certain of his subordinates; (ii) his alleged harassment of an Arkansas prosecutor; and (iii) his prior employment with the CIA. While Defendants are sensitive to certain of Ms. Jones's concerns, excluding Mr. Baugh's testimony in its entirety from trial is not the proper remedy.

Concerning Mr. Baugh's alleged sexual assaults, as detailed in eBay's Motion *in Limine* to Exclude Evidence of Working Conditions in the Global Intelligence Center, which Mr. Wenig and

2

Ms. Jones joined, Mr. Baugh's testimony on this topic is irrelevant and highly prejudicial in its own right.  *See* ECF No. 799; ECF No. 805 (Defendant Devin Wenig's Notice of Joinder to eBay's Motion); ECF No. 809 (Defendant Wendy Jones's Notice of Joinder to eBay's Motion).  As a result, such testimony should not be admitted at trial for any purpose and Ms. Jones's inability to obtain substantive information from Mr. Baugh is of no moment.

In any event, Ms. Jones' alleged prejudice from Mr. Baugh's invocation of his Fifth Amendment privilege can be cured by jury instruction.  The law is clear that a civil jury is permitted to draw adverse inferences from a witness's invocation of their Fifth Amendment rights. *United States ex rel. Lokosky v. Acclarent, Inc.*, 464 F. Supp. 3d 440, 443 (D. Mass. 2020) ("When a witness in a civil matter asserts the Fifth Amendment privilege against self-incrimination in response to questioning, the court may allow an adverse inference to be drawn from the answer— that is, an inference that if the witness had answered, the answer would have been unfavorable to the witness." (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976))).  With an appropriate instruction, a juror could draw the inference that Mr. Baugh did, in fact, commit these acts, thereby allowing Ms. Jones to argue "that [Mr. Baugh's] treatment was part of a pattern of exercising extreme control that helps explain, in part, why no one raised concerns regarding Mr. Baugh's behavior to his supervisors."  ECF No. 803 at 3.  And where, as here, a witness invokes their Fifth Amendment privilege on a collateral issue, it is insufficient grounds to strike that witness's testimony.  *See United States v. Colette*, 397 F. App'x 292, 294 (9th Cir. 2010) ("[E]ven if the refusal could be viewed as an invocation of his Fifth Amendment rights, exclusion of his testimony was not warranted because the answer to those questions affected only collateral matters."); *see also cf. In re Inofin Inc.*, 219 F. Supp. 3d 265, 270 (D. Mass. 2016) ("[A] judge may permit direct examination testimony even if a witness invokes the Fifth Amendment on cross examination as to

3

collateral issues . . . .”).  As a result, exclusion of Mr. Baugh's testimony is not warranted.  In fact, excluding Mr. Baugh's testimony in full would only make it *more* difficult for Ms. Jones to make her argument, thereby exacerbating any perceived prejudice.

Ms. Jones's complaint concerning Mr. Baugh's planned harassment campaign against the Arkansas prosecutor can be cured in the same manner.  While this evidence is plainly relevant because it directly refutes Plaintiffs' allegations that Mr. Baugh only engaged in the harassment campaign against the Steiners due to the urging of the Executive Defendants (*see* ECF No. 823 at 2–3, Defendant Wendy Jones's Response in Partial Opposition to Plaintiffs' Motion in Limine as to the Admissibility of Baugh's Prior Bad Acts), an adverse inference instruction would permit a juror to conclude that Mr. Baugh did, in fact, harass the Arkansas prosecutor for personal reasons, without executive input, thereby refuting Plaintiffs' allegations.  While Defendants would, of course, prefer that Mr. Baugh testify on this topic in full, they do not deny his constitutional right to not incriminate himself about matters for which he has not previously been tried.  In any event, as above, excluding Mr. Baugh's testimony in full would only make it *more* difficult for Defendants to make their already hindered argument to the jury.

Ms. Jones's complaint concerning Mr. Baugh's prior CIA experience fails for this same reason.  While it is true that the United States government has precluded Ms. Jones, along with the other Defendants, from inquiring about and obtaining potentially critical evidence concerning Mr. Baugh's employment history and training with the CIA, were the Court to grant Ms. Jones's motion and exclude Mr. Baugh's testimony in full, Defendants would still suffer the same prejudice (*i.e.*, they would not be able to present such evidence to the jury).  As such, the exclusion of Mr. Baugh's testimony would not cure Defendants' prejudice.  To the contrary, for the reasons detailed in Section I, *supra*, it would only create new uncurable prejudice by excluding relevant

4

and highly exculpatory testimony from the one person whose heinous actions are at the center of this case.

## CONCLUSION

For the foregoing reasons, Defendants eBay and Mr. Wenig respectfully request that the Court deny Defendant Wendy Jones's motion to exclude the testimony of Jim Baugh from trial.

Dated:  November 26, 2025                    Respectfully submitted,

*/s/ Abbe D. Lowell*
Abbe David Lowell (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, NW
Suite 250
Washington, D.C. 20005
alowellpublicoutreach@lowellandassociates.com
Tel.: (202) 964-6110
Fax: (202) 964-6116

*/s/ Kelly A. Librera*
Kelly A. Librera (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
klibrera@winston.com
Tel.: (212) 294-6700

Martin G. Weinberg, Esq. (BBO # 519480)
Martin G. Weinberg PC
20 Park Plaza
Suite 1000
Boston, MA 02116
owlmgw@att.net
Tel.: (617) 227-3700
*Counsel for Devin Wenig*

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor

5

Boston, MA 02109
Tel.: (617) 223-0300
Fax: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Tel.: (415) 772-1285
snonaka@sidley.com
Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Tel.: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

6

## **CERTIFICATE OF SERVICE**

I, Kelly A. Librera, hereby certify that on this date, November 26, 2025, a true and correct copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

*/s/ Kelly A. Librera*
Kelly A. Librera