# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 21-CV-11181-PBS

**Jury Trial 3/2/2026**

## JOINT PRETRIAL MEMORANDUM

## I.   NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF TRIAL COUNSEL

### A.   Plaintiffs

**For Ina Steiner[1]**

Andrew G. Finkelstein (*pro hac vice*)
FINKELSTEIN & PARTNERS, LLP
1279 Route 300
Newburgh, NY 12551
Telephone: (845) 563-9459
afinkelstein@lawampm.com

Max Finkelstein (*pro hac vice*)
JACOBY & MEYERS, LLP
39 Broadway, Suite 1910
New York, NY 10006
Telephone: (646) 253-4792
mfinkelstein@jmlawyer.com

Christopher R. Murphy (BBO #644864)
SCALLI MURPHY LAW, P.C.
537 Broadway
Everett, MA 02149
Telephone: (617) 387-7000

---

[1] Plaintiffs wish to proceed as separate parties with separate counsel. Plaintiffs intend to move the Court on this issue. Plaintiffs also plan to dismiss Plaintiff Steiner Associates, LLC.

cmurphy@scallimurphy.com

**For David Steiner**

Marc A. Diller (BBO #644997)
DILLER LAW, LLP
50 Congress Street Ste 420
Boston, MA 02109
Telephone: (617) 523-7771
marc@dillerlaw.com

Todd S. Garber (*pro hac vice*)
Erin Raye Kelley (*pro hac vice*)
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway Suite 900
White Plains, NY 10601
Telephone: (914) 298-3283
tgarber@fbfglaw.com
ekelley@fbfglaw.com


B.    eBay Inc.

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005

Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

### C. Devin Wenig

Abbe David Lowell (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, NW
Suite 250
Washington, D.C. 20005
Tel.: (202) 964-6110

Kelly A. Librera (*pro hac vice*)
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 294-6700

Martin G. Weinberg, Esq.
Martin G. Weinberg PC
20 Park Plaza
Suite 1000
Boston, MA 02116
Tel.: (617) 227-3700

### D. Wendy Jones

ROPES & GRAY LLP

800 Boylston Street
Boston, MA 02199-3600

Andrew J. O'Connor (BBO# 672960)
- Email: andrew.oconnor@ropesgray.com
- Telephone: 1-617-235-4650

William L. Roberts (BBO# 679735)
- Email: william.roberts@ropesgray.com
- Telephone: 1-617-951-7313

Sarah E. Walters (BBO# 638378)
- Email: sarah.walters@ropesgray.com
- Telephone: 1-617-235-4549

Christopher M. Durham (BBO# 707131)
- Email: christopher.durham@ropesgray.com
- Telephone: 1-617-951-7009

Casey B. Stewart (BBO# 709729)
- Email: casey.stewart@ropesgray.com
- Telephone: 1-617-854-2116

### E.    Steve Wymer

Melissa Mills (*pro hac vice*)
Trevor Templeton (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
mmills@wsgr.com
ttempleton@wsgr.com

Caz Hashemi (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
chashemi@wsgr.com

Lon F. Povich (BBO# 544523)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
Telephone: (617) 621-6578
lpovich@andersonkreiger.com

## II.    WHETHER THE CASE IS TO BE TRIED WITH OR WITHOUT A JURY

The case is to be tried by jury.

## III.    CONCISE SUMMARY OF POSITIONS ASSERTED

### A.    Plaintiffs

Plaintiffs Ina and David Steiner ("Plaintiffs") are journalists who operate an online publication, eCommerceBytes, which reports on developments in the e-commerce industry, including news about eBay. Plaintiffs contend that, in 2019, senior eBay executives expressed dissatisfaction with their reporting to personnel in eBay's Global Security and Resiliency Department ("Security Department") and conveyed expectations that the Security Department take action concerning the Steiners in connection with their coverage of eBay. Plaintiffs further assert that, in response to those communications, members of the Security Department carried out a series of coordinated acts directed at them, including threatening and obscene online messages, the delivery of disturbing items to their home, unwanted service orders placed in their names, and in-person surveillance near their residence. Plaintiffs contend that these actions were intended to intimidate them as journalists and that communications before and during the relevant period show that eBay executives directed, authorized, or encouraged the Security Department to undertake this conduct.

Plaintiffs contend that the evidence will show that the conduct of the Security Department personnel constitutes false imprisonment, trespass, defamation, and violations of the Massachusetts Civil Rights Act ("MCRA"). Plaintiffs assert that Defendant eBay, Inc. is liable for this conduct under corporate liability principles, and that the Executive Defendants are individually liable because they directly participated in, directed, encouraged, or aided and abetted the commission of these acts.

Plaintiff further contends that the evidence will show that Defendants Jones and Wenig are liable for negligent supervision, and that all Executive Defendants are liable for intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). Plaintiffs assert eBay is likewise liable for these intentional and negligent torts under corporate liability principles.

Plaintiffs further contend that the Executive Defendants are individually liable for intentional infliction of emotional distress ("IIED"), negligence, and negligent infliction of emotional distress ("NIED") based on their own conduct, including their communications, directives, and involvement in or encouragement of actions directed at Plaintiffs. Plaintiffs also assert that Defendants Jones and Wenig are additionally liable for negligent supervision. Plaintiffs assert that eBay is likewise liable for negligent supervision, NIED, and IIED under corporate-liability principles

With respect to damages, Plaintiffs seek recovery for the emotional injuries they suffered as a result of the conduct at issue. Plaintiffs contend that the actions directed toward them caused severe emotional distress, fear, anxiety, and a sustained sense of insecurity in and around their home. Plaintiffs assert that the conduct significantly disrupted their daily lives, required them to implement security measures, and resulted in lasting psychological effects.

Plaintiffs seek compensatory damages, including damages for emotional distress, as permitted under the causes of action asserted. Plaintiffs also seek punitive damages where available under California law, based on the nature, duration, and severity of the alleged misconduct.

### B.    eBay Inc.

eBay has accepted criminal responsibility for the appalling acts of stalking and harassment that seven members of its security team undertook against the Steiners.  Because eBay admitted to the underlying conduct in the DPA, eBay has further acknowledged that it is vicariously liable for intentional infliction of emotional distress and for trespass. Dkt. 488 at 1. eBay also is not contesting liability for negligent infliction of emotional distress.  It is contesting liability, however, for the remaining claims on the grounds that Plaintiffs cannot establish the elements of the underlying

torts. In light of eBay's admissions, as to eBay this case fundamentally turns on damages: What will compensate Plaintiffs for the period of harassment, and are punitive damages appropriate?

As to compensatory damages for emotional distress, discovery has demonstrated that the Steiners have not been incapacitated and are likely to make a near-complete recovery shortly after trial.

As to punitive damages, the primary criminal actor, Jim Baugh, has testified that eBay executives neither directed nor knew about the harassment campaign. He has further testified that eBay executives had no reason to believe Baugh would engage in illegal conduct towards the Steiners. The evidence also shows that Steve Wymer could not have ratified Baugh's conduct on August 23, 2019: Wymer lacked authority to ratify Baugh's conduct after the legal department began an investigation on August 22, and at the time of the August 23 call Wymer did not understand that Baugh had engaged in criminal conduct. *Lowell Hous. Auth. v. PSC Int'l, Inc.*, 759 F. Supp. 2d 104, 109 (D. Mass. 2010) (lack of full knowledge of material facts precludes ratification). In addition, upon receipt of the Natick Police Department's inquiry, eBay immediately launched a comprehensive investigation, conducted with the assistance of an outside law firm, and cooperated with the U.S. Attorney's Office's investigation. The evidence thus demonstrates that Plaintiffs cannot establish by clear and convincing evidence the conduct-based triggers for punitive damages against eBay under Cal. Civil Code 3294(b).

### C.    Devin Wenig

Defendant Devin Wenig is not liable for any of the claims brought against him by Plaintiffs Ina and David Steiner. There is no evidence that Mr. Wenig had any involvement in or knowledge of the Natick harassment campaign perpetrated by Mr. Baugh and members of his Security Team at eBay. Mr. Wenig did not direct, encourage, participate in, or substantially assist Mr. Baugh's

or his team's conduct, nor did he participate in any conspiracy to target the Plaintiffs. Indeed, Mr. Baugh, along with other members of his team, repeatedly attested to Mr. Wenig's complete lack of knowledge and involvement in their heinous acts.  They further testified that they operated covertly and deliberately concealed their activities from anyone else at eBay. Nor did Mr. Wenig have any reason to suspect that the harassment campaign would occur. In addition, whenever Plaintiffs have tried to lump all the individual defendants together in discovery or allegations, Mr. Baugh was asked and then clarified that the phrases "the executives" or "the ELT" did not include Mr. Wenig on the key issues in the case.

Plaintiffs' case against Mr. Wenig relies on speculation and conjecture centered on two texts—one months before the harassment campaign was planned and executed, and the other simply following up on the first—that Mr. Wenig sent to the eBay Communications Officer, Steve Wymer, regarding a legitimate communications strategy the two had previously discussed.  Also uncontested is that Mr. Wenig never communicated with Mr. Baugh or anyone else on the Security Team regarding the Steiners or their blog at all. Although Plaintiffs claim Mr. Wenig's texts to Mr. Wymer encouraged the harassment campaign, it is undisputed that Mr. Wenig sent those texts only to Mr. Wymer as part of a communications strategy that had been long discussed. In short, Mr. Wenig denies any and all liability for Plaintiffs' claims.

Concerning damages, Mr. Wenig disputes that he owes Plaintiffs any damages, much less punitive damages.  With respect to compensatory damages, Mr. Wenig contends that because he should not be found liable for the claims levied against him, no compensatory damages are appropriate. He further disputes the amount of compensatory damages Plaintiffs seek.  As to punitive damages, Mr. Wenig contests that he bears any liability to warrant them, both as a matter of law and of fact.  On the law, Mr. Wenig believes that Massachusetts law—which does not permit

punitive damages for Plaintiffs' claims—should govern, as detailed in his recently filed motion *in limine* on this issue (ECF No. 800). On the facts, because there is no evidence to support a finding of liability against Mr. Wenig on any claim, there is no evidence that could support a finding of malice or oppression sufficient to sustain an award of punitive damages against Mr. Wenig.

### D.    <u>Wendy Jones</u>

Wendy Jones denies any liability for the tortious conduct at issue. Ms. Jones joined eBay's customer support team in 2003, eventually achieving a promotion to Senior Vice President ("SVP") of Global Operations in 2016. As SVP of Global Operations, Ms. Jones ran one of eBay's biggest departments: she oversaw 3,000 fulltime employees, plus an additional 6,000 to 8,000 independent contractors, and was responsible for everything from the customer service group to seller-facing functions, and on to the management of eBay's facilities worldwide. Ms. Jones relied on between ten to twelve direct reports (depending on the year), each of whom was responsible for distinct parts of the business. Jim Baugh, the Global Head of Security, was one of those direct reports after he was promoted to the role in 2017 based on his strong performance at eBay and extensive security experience for premier international companies—such as Amazon, Microsoft, and the NFL—and public figures—including Bill Gates. In her role as SVP, Ms. Jones was responsible for promoting the voice of eBay's customers in the business, and one of the ways she did that was by regularly reviewing customer reactions to key eBay initiatives on eBay-hosted forums as well as through third-party sources like major media outlets; public Facebook groups; and industry blogs, one of which was EcommerceBytes. Ms. Jones would review these sources to, among other things, identify issues affecting eBay customers and then work with her teams to rectify the issues.

Ms. Jones never directed, encouraged, participated in, or substantially assisted any harassment campaign against the Plaintiffs, nor did she join any conspiracy to target the Plaintiffs. Jim Baugh operated covertly and deliberately concealed his activities from Ms. Jones and other senior eBay employees he knew would have stopped him if they had been aware of his planned harassment campaign. There is no evidence that Ms. Jones ever encouraged the commission of any unlawful conduct, intended that Mr. Baugh or any other person harass the Plaintiffs, or knew of the criminal acts that occurred while she was away from eBay on her pre-planned sabbatical. Ms. Jones appropriately supervised Mr. Baugh, who received exclusively positive reviews from his subordinates and, by all accounts—including his own—presented to Ms. Jones and other peers and superiors at eBay as a composed and disciplined professional. Ms. Jones is not liable for any unlawful activity undertaken against the Plaintiffs without her knowledge or consent by rogue employees.

### E. Steve Wymer

Steve Wymer denies any liability for the tortious acts that Jim Baugh and his team took against the Plaintiffs and looks forward to presenting his defense at trial.

Mr. Wymer began working at eBay in early 2019 as Chief Communications Officer, responsible for all communications functions across eBay's global organization. Although Plaintiffs' website was never central to his work, from time to time over his several months with the company, he explored lawful and conventional strategies to address eBay's longstanding concerns, including working with a reputable PR firm. Mr. Wymer had an energetic leadership style, which included regular use of over-the-top and animated language in many different contexts, but witnesses (including Mr. Baugh) understood that he did not intend such language literally.

10

Mr. Wymer did not participate in Mr. Baugh's harassment of the Plaintiffs, and the record after years of discovery confirms he neither knew of, nor intentionally encouraged, Mr. Baugh's plans. Mr. Baugh—Plaintiffs' key witness, whom they released from this lawsuit in exchange for his testimony—admitted he never told Mr. Wymer what he was planning, never sought Mr. Wymer's approval, and repeatedly lied to him even after the harassment campaign ended.

Other evidence reinforces Mr. Wymer's lack of knowledge of what Mr. Baugh and his team were doing or intended to do. Mr. Wymer was unaware of key facts that Plaintiffs now characterize as red flags, including Mr. Baugh's alcoholism and prior work in covert operations. Nor was he aware of a critical fact uncovered in the parallel criminal case and in discovery in this case: Mr. Baugh used abusive methods to condition his subordinates to do anything he said and keep their activities secret. Members of Mr. Baugh's team will testify, briefly but crucially, about his tactics, including sleep deprivation, threats of violence, and social isolation. An expert on high-demand, high-control ("HDHC") groups will testify about how leaders of such groups create an atmosphere of secrecy where misconduct is not reported. This evidence will help the jury understand why no member of Mr. Baugh's team reported his unlawful plans to eBay's leadership and corroborates that Mr. Wymer did not know, and could not reasonably have learned, of Mr. Baugh's plan to harass the Plaintiffs.

Further, Mr. Wymer disputes that he owes Plaintiffs any damages, including punitive damages. As explained above, because Mr. Wymer should not be found liable for the claims asserted against him, Plaintiffs are not entitled to compensatory damages from him. Mr. Wymer further disputes the amount of compensatory damages Plaintiffs seek. As for punitive damages, Mr. Wymer maintains that punitive damages are inappropriate here, both as a matter of law and fact. As detailed in his motion *in limine* (Dkt. No. 800), Massachusetts law governs and prohibits

punitive damages for the torts at issue. In addition, there is no factual basis to support a finding of malice or oppression to sustain an award of punitive damages against Mr. Wymer.

IV.    **STIPULATED FACTS**

The parties were unable to reach a set of stipulated facts.  The parties' positions are below.

A.    **Plaintiffs**

See Appendix A for Plaintiffs' Proposed Stipulated Facts.

Plaintiffs and Defendants have largely reached agreement on the stipulated facts. However, certain points of disagreement remain that the Parties have been unable to resolve.

Plaintiffs attach their proposed stipulated facts. *See* Appendix A. The redlines below reflect Plaintiffs' proposed additions to the stipulated facts (with red additions reflecting Plaintiffs' proposed language that Defendants do not agree to, and red strikethroughs reflecting Defendants' counter-edits):

1.    From July 2017 through September 2019, Jim Baugh ("Baugh") was eBay's Senior Director of Safety & Security, an eBay division responsible for the physical security of eBay's employees and facilities worldwide.  Baugh reported directly to Wendy Jones.

. . . . . .

3.    Stephanie Popp ("Popp") was eBay's Senior Manager of Global Intelligence, an intelligence and analytics group that supported eBay's security operations within eBay.

Plaintiffs submit that these additions are appropriate and should be stipulated to, as there is no dispute regarding the underlying facts.

**B.     eBay Inc.**

eBay has expressed on multiple meet-and-confers that it will stipulate to any fact in January 11, 2024 Deferred Prosecution Agreement ("DPA") and the accompanying statement of facts and information, *see United States v. eBay Inc.*, No. 24-cr-10003-PBS (D. Mass., Jan. 11, 2024). eBay takes no position on the language of the stipulations proposed by Plaintiffs versus that proposed by the Individual Defendants.

**C.     For the Individual Defendants**

During a November 3, 2025 meet and confer, Plaintiffs took the position that stipulations are not cumulative and do not obviate their right to present evidence as to any fact, and that they reserve their right to present full evidentiary proof on every stipulated fact at trial. Ms. Jones, Mr. Wenig, and Mr. Wymer (the "Individual Defendants") disagree with this position as a matter of law and practicality. Stipulations that have no narrowing effect on the presentation of evidence at trial serve no purpose and undermine rather than promote judicial economy. They also unfairly prejudice the Defendants through the cumulative presentation of proof on matters encompassed by the stipulation language.

Nonetheless, in the interest of compromise and following the November 3 meeting, the Individual Defendants jointly proposed stipulations to which they would agree even if Plaintiffs seek to admit cumulative evidence of those facts.

In addition to these stipulated facts, the Individual Defendants offered to stipulate to other facts if Plaintiffs agreed not to introduce cumulative, duplicative evidence on the same facts. Plaintiffs continue to maintain their position that any such stipulations would not preclude them from putting on evidence of the same facts at trial. The below facts are the only ones the Individual Defendants are willing to stipulate to without an agreement from Plaintiffs to properly narrow and

tailor their presentation of evidence to avoid unnecessary and prejudicial repetition of stipulated facts:

1.  From July 2017 through September 2019, Jim Baugh ("Baugh") was eBay's Senior Director of Safety & Security. For his role in harassing the Steiners, Baugh pled guilty and was convicted of conspiracy to commit stalking through interstate travel; stalking through interstate travel; stalking through facilities of interstate commerce; tampering with a witness; and destruction, alteration, and fabrication of records in a federal investigation. He was sentenced to a 57-month term of imprisonment.

2.  David Harville ("Harville") was eBay's Director of Global Resiliency, a unit focused on ensuring that eBay could continue to operate after business disruptions, such as security threats, political unrest, or natural disasters. For his role in harassing the Steiners, Harville pled guilty and was convicted of conspiracy to commit stalking through interstate travel, stalking through interstate travel, and stalking through facilities of interstate commerce. He was sentenced to a 24-month term of imprisonment.

3.  Stephanie Popp ("Popp") was eBay's Senior Manager of Global Intelligence, an intelligence and analytics group within eBay. For her role in harassing the Steiners, Popp pled guilty and was convicted of conspiracy to commit cyberstalking and conspiracy to tamper with a witness. She was sentenced to a 12-month and one day term of imprisonment.

4.  Stephanie Stockwell ("Stockwell") was an intelligence analyst in the Global Intelligence Center, an intelligence and analytics group within eBay's global security group, who became a manager in mid-2019. For her role in harassing the Steiners, Stockwell pled guilty and was convicted of conspiracy to commit cyberstalking and conspiracy to tamper with a witness. She was sentenced to a 24-month term of probation.

5.  Veronica Zea ("Zea") was an eBay contractor who worked as an intelligence analyst in the Global Intelligence Center. For her role in harassing the Steiners, Zea pled guilty and was convicted of conspiracy to commit cyberstalking and conspiracy to obstruct justice. She was sentenced to a 24-month term of probation.

6.  Brian Gilbert ("Gilbert") was a retired Santa Clara, California police captain who worked at eBay and had responsibilities for, among other things, safety and security at eBay facilities, executive protection, and special events security. For his role in harassing the Steiners, Gilbert pled guilty and was convicted of conspiracy to commit cyberstalking and conspiracy to tamper with a witness. He was sentenced to a term of time served.

7.  Philip Cooke ("Cooke") was also a retired Santa Clara, California police captain who worked at eBay and had responsibilities for, among other things, safety and security at eBay facilities, executive protection, and special events security. For his role in harassing the Steiners, Cooke pled guilty and was convicted of conspiracy to commit cyberstalking and conspiracy to tamper with a witness. He was sentenced to an 18-month term of imprisonment.

The Individual Defendants note that, on November 24, 2025, Plaintiffs proposed revisions to the stipulated facts that Mr. Wenig, Ms. Jones, and Mr. Wymer had proposed weeks earlier. One of those revisions is incorporated into the proposed facts here. The other revisions proposed by Plaintiffs (less than two complete sentences) are either not accurate and/or are misleading without additional context. Nor would inclusion of those additional words promote any sort of efficiency at trial.

## V.    CONTESTED ISSUES OF FACT

### A.    Plaintiffs

See Appendix B.

### B.    eBay Inc.

See Appendix C.

### C.    Devin Wenig

Mr. Wenig disputes that he ever directed Mr. Baugh or anyone else, directly or indirectly, to harass the Plaintiffs or encouraged the use of any unlawful tactics, including, but not limited to, making defamatory media posts, stalking, or trespassing. Mr. Wenig denies that he intended for Mr. Baugh or anyone else to undertake the harassment campaign, or that he had any knowledge of its existence until it was over (and only then learned about through counsel at eBay as part of its investigation). Mr. Wenig further disputes that he acted negligently, that he could have foreseen any of Mr. Baugh's or his team's unlawful conduct, and that any of Mr. Wenig's words or actions caused the harassment campaign to occur. Additionally, Mr. Wenig disputes that he was Mr.

Baugh's "employer" for purposes of Plaintiffs' negligent supervision claim, and he disputes that he supervised anyone negligently.

### D.    <u>Wendy Jones</u>

Ms. Jones disputes that she ever directed Mr. Baugh or anyone else, directly or indirectly, to harass the Plaintiffs or encouraged Mr. Baugh's use of any unlawful tactics, including, but not limited to, making defamatory media posts, stalking, or trespassing.  Ms. Jones denies that she intended for Mr. Baugh or anyone else to undertake a harassment campaign, or that she had any knowledge of its existence before her return from a pre-planned sabbatical in August 2019, at which point the Natick Police Department was already investigating Mr. Baugh and his team.

Ms. Jones disputes that she supervised Mr. Baugh negligently and that she could have fore-seen Mr. Baugh's, or anyone else's, unlawful conduct.  Ms. Jones never observed any aberrant conduct by Mr. Baugh, she received no complaints from his supervisees or concerns from eBay's human resources department, and Mr. Baugh and his team actively took steps to conceal their conduct from her.  The only time Mr. Baugh publicly exhibited concerning behavior, over-consuming alcohol on a corporate trip, Ms. Jones personally confronted him immediately upon being informed.

### E.    <u>Steve Wymer</u>

Mr. Wymer disputes that he ever directed, participated in, encouraged, or substantially as-sisted Mr. Baugh, or anyone else, in the commission of tortious acts—including but not limited to defamation, trespass, and the intentional infliction of emotional distress—against the Plaintiffs. Mr. Wymer further disputes that he joined any conspiracy to commit such tortious acts. Mr. Wymer denies that he had actual or constructive knowledge of Mr. Baugh's plan to harass the Plaintiffs or

that he intended for Mr. Baugh to harass the Plaintiffs. Mr. Wymer denies that he could have an-ticipated that Mr. Baugh would harass the Plaintiffs and maintains that Mr. Baugh and his team's harassment campaign was so extraordinary that it could not have reasonably been foreseen. Addi-tionally, Mr. Wymer disputes that his conduct was a substantial factor in causing Plaintiffs' harm.

Finally, Mr. Wymer disputes that he acted oppressively, fraudulently, or maliciously, or that he either authorized any oppressive, fraudulent, or malicious conduct by another person or ratified such conduct after the fact.

## VI.    <u>JURISDICTIONAL QUESTIONS</u>

None.

## VII.    <u>ISSUES OF LAW</u>

### A.    <u>Pending Motions Other than Motions in Limine</u>

Defendants assert that, following the Court's dismissal of PFC, the intra-corporate conspir-acy doctrine bars Plaintiffs' civil conspiracy claim.  The parties briefed the issue as requested by the Court, and their positions are set forth in their briefs, Dkt. Nos. 742 and 743.

### B.    <u>Motions in Limine and Other Issues</u>

#### 1.    <u>Plaintiffs</u>

Plaintiffs seek three motions in limine. **First**, Plaintiffs move to preclude Defendants from asking the Steiners to compare their emotional distress to suffering experienced by hypothetical victims in extreme, unrelated scenarios. Plaintiffs argue that such hypothetical comparator ques-tions are irrelevant under Rules 401 and 402, would cause unfair prejudice that substantially

outweighs any probative value under Rule 403, and require witnesses to speculate outside personal knowledge in violation of Rules 602 and 701. Plaintiffs therefore seek to bar all such questions.

**Second**, Plaintiffs seek a ruling that punitive damages are available against Defendants Wenig, Wymer, and Jones on Plaintiffs' intentional tort claims. Plaintiffs explain that the Court has already concluded California has the most significant relationship for punitive-damages purposes as applied to eBay, and argue the same reasoning applies to the Executive Defendants, whose conduct occurred in California while acting in their leadership roles for eBay. Plaintiffs therefore contend punitive damages are available against them.

**Third**, Plaintiffs move to preclude Defendants from impeaching Jim Baugh with allegations of sexual harassment/assault or with the "Arkansas prosecutor" incident. Plaintiffs contend this evidence is inadmissible under Rule 404(b) as improper character evidence, not probative of truthfulness under Rule 608(b), and would create undue prejudice and confusion under Rule 403, especially because Baugh invoked the Fifth Amendment at deposition and is expected to do so at trial. Plaintiffs therefore seek to bar questioning or evidence on these collateral matters.

Plaintiffs also reserve the right to object, at any point before or during trial, to evidence offered by Defendants or other parties on any appropriate ground, including relevance, hearsay, potential to mislead or confuse the jury, and the cumulative or unfairly prejudicial character of the evidence.

### 2.    eBay Inc.

eBay filed three motions in limine: (1) Joint Motion of Defendants eBay Inc., Devin Wenig, Wendy Jones, and Steve Wymer to Exclude the Affidavit of FBI Special Agency Mark Wilson (Dkt. 793); Defendant eBay Inc's Motion in Limine to Exclude Evidence of Working Conditions

in the Global Intelligence Center (Dkt. 799); and Defendants' Motion in Limine to Exclude Improper Damages Arguments (Dkt. 811).

eBay joins: the Motion in Limine filed by Devin Wenig to Exclude Reference to "Samoan" Individuals and "Samoan Gangs" (Dkt. 789); Steve Wymer's opposition (Dkt. forthcoming) to Wendy Jones's Motion in Limine to Exclude the Testimony of Jim Baugh (Dkt. 803); Devin Wenig's opposition (Dkt. forthcoming) to Steve Wymer's Motion in Limine to Exclude Plaintiffs' Opinions and Testimony Concerning the Adequacy of the DOJ Investigation into the Harassment Campaign (Dkt. 798); and Wendy Jones's partial opposition (Dkt. fothcoming) to Plaintiffs' Motion in Limine as to the Admissibility of Baugh's Prior Bad Acts (Dkt. 794).

eBay partially opposes: Defendants Steve Wymer's, Wendy Jones's, and Devin Wenig's Motion in Limine to Exclude Hearsay Evidence Generated During eBay's Internal Investigation (Dkt. 796); Plaintiffs' Motion in Limine to Exclude Hypothetical Questions to Plaintiffs (Dkt. 791).

eBay has filed a response to Steve Wymer and Wendy Jones' Motion in Limine to Exclude Plaintiffs' Opinions and Testimony Concerning the Adequacy of the DOJ Investigation into the Harassment Campaign (Dkt. 798)

eBay takes no position on Plaintiffs' Motion in Limine as to the Availability of Punitive Damages Against Jones, Wenig and Wymer (Dkt. 792).

### 3.    <u>Devin Wenig</u>

Plaintiffs only theory of liability against Mr. Wenig for intentional torts is that he aided and abetted the conduct of others.  On those theories, there is insufficient evidence to demonstrate that Mr. Wenig actively participated in, substantially assisted, or encouraged Mr. Baugh's harassment campaign in Natick.  Therefore, Mr. Wenig cannot be held liable for aiding and abetting any intentional torts.  *Payton v. Abbott Labs.*, 512 F. Supp. 1031, 1035 (D. Mass. 1981).

Likewise, Plaintiffs cannot establish Mr. Wenig conspired under a substantial assistance theory. Preliminarily, as set forth in Defendants' proposed jury instructions, the civil conspiracy "claim" that Plaintiffs assert is subsumed by their theory of aiding and abetting liability against Mr. Wenig and should not go to the jury as a standalone tort. Additionally, no evidence supports that Mr. Wenig had knowledge of Mr. Baugh's unlawful conduct, that he intended to substantially assist Mr. Baugh's harassment campaign, or that Mr. Wenig had an agreement with Mr. Baugh— or anyone else—to commit his tortious conduct. *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 35-37 (1st Cir. 2009). Further, the tortfeasors in this action are either eBay employees or Veronica Zea, herself a borrowed servant of eBay as this Court has recognized, *see Order and Mem.*, *Steiner v. eBay, Inc.*, No. 21-cv-11181-PBS, ECF 711 at 49-50 (D. Mass. Aug. 12, 2025), and thus all the alleged actors are within a single corporate enterprise such that civil conspiracy is an impossibility under the intra-corporate conspiracy doctrine. *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). In light of Mr. Baugh's intentional and skilled concealment of his unlawful activities and the dearth of any other reason to be concerned about Mr. Baugh as an employee, Mr. Wenig could not have foreseen his tortious conduct.

In addition, Plaintiffs have disavowed primary liability under the Massachusetts Civil Rights Act. *See* ECF No. 711 at 35 ("[Plaintiffs] argue that the [Mr. Wenig, Ms. Jones, and Mr. Wymer] either aided and abetted or directed Baugh and his security team to commit these intentional torts."); ECF No. 526 at 17 (Pls.' Opp to Wenig MSJ); ECF No. 530 (Pls.' Opp to Jones MSJ) at 13; ECF No. 528 (Pls.' Opp to Wymer MSJ) at 8. And as Mr. Wenig, Ms. Jones, and Mr. Wymer have previously argued, secondary liability is unavailable for the Plaintiffs' MCRA claim against them. *See* ECF No. 485 (Wymer MSJ) at 8–9 & n.11; ECF No. 573 (Wymer Reply MSJ) at 12–13; ECF No. 496 (Jones MSJ) at 10–11; ECF No. 570 (Jones Reply MSJ) at 17–18; ECF

No. 498 (Wenig MSJ) at 15-16; ECF No. 579 (Wenig Reply MSJ) at 18–19. Recovery on this claim is therefore foreclosed.

Mr. Wenig also reiterates the legal issues raised in the Defendants' motions in limine which he has joined:

- Defendants eBay Inc., Devin Wenig, Wendy Jones and Steve Wymer's Motion in Limine to Exclude Reference to "Samoan" Individuals and "Samoan Gangs" (ECF 789);

- Joint Motion in Limine of Defendants eBay Inc., Devin Wenig, Wendy Jones, and Steve Wymer to Exclude the Affidavit of FBI Special Agent Mark Wilson (ECF 793);

- Defendants Steve Wymer's, Wendy Jones's, and Devin Wenig's Motion in Limine to Exclude Hearsay Evidence Generated During eBay's Internal Investigation (ECF 796);

- Defendant eBay Inc.'s Motion in Limine to Exclude Evidence of Working Conditions in the Global Intelligence Center (ECF 799), to which Mr. Wenig filed a Notice of Joinder (ECF 809);

- Defendants Steve Wymer's, Devin Wenig's, and Wendy Jones's Motion in Limine to Exclude Punitive Damages (ECF 800); and

- Defendants' Motion in Limine to Exclude Improper Damages Arguments (ECF 811).

Mr. Wenig further reiterates the legal issues in the Defendants' briefs in opposition to motions in limine which he has filed and joined:

- Defendants Devin Wenig, Wendy Jones, and Steve Wymer's Opposition to Plaintiffs' Motion in Limine as to the Availability of Punitive Damages (ECF __)

- Defendants eBay, Inc and Devin Wenig's opposition to Defendant Wendy Jones's Motion in Limine to exclude the testimony of Jim Baugh (ECF __);

- Defendant Wendy Jones's Response in Partial Opposition to Plaintiffs' Motion in Limine as to the Admissiblity of Baugh's Prior Bad Acts (ECF __).

Mr. Wenig further reserves his right to make evidentiary objections before and during trial to evidence proffered by other parties on grounds including, but not limited to, relevance, hearsay, the likelihood of jury confusion, and the cumulative and inflammatory nature of the proposed evidence that substantially outweighs any potential probative value.

4.    **Wendy Jones**

Plaintiffs are not pursuing a theory of vicarious liability as to Ms. Jones, and indeed no such theory of liability is available as to Ms. Jones.    *See Meyer v. Holley*, 537 U.S. 280, 286 (2003).  Plaintiffs are left with theories of aiding and abetting, and on those theories, there is insufficient evidence to demonstrate that Ms. Jones actively participated in, substantially assisted, or encouraged the harassment campaign led by Mr. Baugh.  Therefore, Ms. Jones cannot be held liable for aiding and abetting any intentional torts.  *Payton v. Abbott Labs.*, 512 F. Supp. 1031, 1035 (D. Mass. 1981).  Likewise, Plaintiffs cannot establish Ms. Jones conspired under a substantial assistance theory, as no evidence supports that Ms. Jones had knowledge of Mr. Baugh's, or anyone else's, unlawful conduct, that she intended to substantially assist Mr. Baugh's harassment campaign, or that Ms. Jones had an agreement with Mr. Baugh, or anyone else, to commit his criminal conduct.  *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 35-37 (1st Cir. 2009).  Further, the tortfeasors in this action are either eBay employees or Veronica Zea, herself a borrowed servant of eBay as this Court has recognized, *see Order and Mem.*, *Steiner v. eBay, Inc.*, No. 21-cv-11181-PBS, ECF 711 at 49-50 (D. Mass. Aug. 12, 2025), and thus all the alleged actors are within a single corporate enterprise such that civil conspiracy is an impossibility under the intra-corporate conspiracy doctrine. *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017).  In light of Mr. Baugh's intentional and skilled concealment of his and his team's unlawful activities and the dearth of any other reason to be concerned about Mr. Baugh as an employee, Ms. Jones could not have foreseen his tortious conduct.  In fact, she supervised him reasonably.  *Helfman v. Ne. Univ.*, 149 N.E.3d 758, 775-76 (Mass. 2020).

As detailed in her motion in limine (ECF 803), Ms. Jones objects to the admission of Mr. Baugh's testimony at trial based on her inability to cross-examine Mr. Baugh on subjects key to her defense and to the jury's ability to evaluate Mr. Baugh's credibility, which would severely

prejudice Ms. Jones in the eyes of the jury.  Ms. Jones also reiterates the legal issues raised in the

Defendants' motions in limine which she has joined:

- Defendants eBay Inc., Devin Wenig, Wendy Jones and Steve Wymer's Motion in Limine to Exclude Reference to "Samoan" Individuals and "Samoan Gangs" (ECF 789);

- Joint Motion in Limine of Defendants eBay Inc., Devin Wenig, Wendy Jones, and Steve Wymer to Exclude the Affidavit of FBI Special Agent Mark Wilson (ECF 793);

- Defendants Steve Wymer's, Wendy Jones's, and Devin Wenig's Motion in Limine to Exclude Hearsay Evidence Generated During eBay's Internal Investigation (ECF 796);

- Defendants Steve Wymer's and Wendy Jones's Motion in Limine to Exclude Plaintiffs' Opinions and Testimony Concerning the Adequacy of the DOJ Investigation into the Harassment Campaign (ECF 798);

- Defendant eBay Inc.'s Motion in Limine to Exclude Evidence of Working Conditions in the Global Intelligence Center (ECF 799), to which Ms. Jones filed a Notice of Joinder (ECF 809);

- Defendants Steve Wymer's, Devin Wenig's, and Wendy Jones's Motion in Limine to Exclude Punitive Damages (ECF 800); and

- Defendants' Motion in Limine to Exclude Improper Damages Arguments (ECF 811).

Ms. Jones further reiterates the legal issues in the Defendants' briefs in opposition to Plaintiffs'

motions in limine which she has joined:

- Defendants Devin Wenig, Wendy Jones, and Steve Wymer's Opposition to Plaintiffs' Motion *in limine* as to the Availability of Punitive Damages (ECF __); and

- Defendant Wendy Jones's Response in Partial Opposition to Plaintiffs' Motion in Limine as to the Admissibility of Baugh's Prior Bad Acts (ECF __).

Ms. Jones further reserves her right to make evidentiary objections before and during trial

to evidence proffered by other parties on grounds including, but not limited to, relevance, hearsay,

the likelihood of jury confusion, and the cumulative and inflammatory nature of the proposed ev-

idence that substantially outweighs any potential probative value.


### 5.   <u>Steve Wymer</u>

Plaintiffs' only theory of liability against Mr. Wymer for intentional torts is an aiding and

abetting theory that lacks evidentiary support. There is insufficient evidence to demonstrate that

Mr. Wymer actively participated in, substantially assisted, or encouraged Mr. Baugh's harassment campaign in Natick. Therefore, he cannot be held liable for aiding and abetting any intentional torts. *Payton v. Abbott Labs.*, 512 F. Supp. 1031, 1035 (D. Mass. 1981).

Nor can Plaintiffs establish that Mr. Wymer conspired under a substantial assistance theory. Preliminarily, as set forth in Defendants' proposed jury instructions, the civil conspiracy "claim" that Plaintiffs assert is subsumed by their theory of aiding and abetting liability against Mr. Wymer and should not go to the jury as a standalone tort. Additionally, no evidence supports that Mr. Wymer had knowledge of Mr. Baugh's unlawful conduct, that he intended to substantially assist Mr. Baugh's harassment campaign, or that Mr. Wymer had an agreement with Mr. Baugh—or anyone else—to commit his tortious conduct. *Taylor v. Am. Chemistry Council*, 576 F.3d 16, 35-37 (1st Cir. 2009). Further, the tortfeasors in this action are either eBay employees or Veronica Zea, herself a borrowed servant of eBay as this Court has recognized, *see* Order and Mem., *Steiner v. eBay, Inc.*, No. 21-cv-11181-PBS, Dkt. No. 711 at 49-50 (D. Mass. Aug. 12, 2025), and thus all the alleged actors are within a single corporate enterprise such that civil conspiracy is an impossibility under the intra-corporate conspiracy doctrine. *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017). In light of Mr. Baugh's intentional and skilled concealment of his unlawful activities and the dearth of any other reason to be concerned about Mr. Baugh as an employee, Mr. Wymer could not have foreseen his tortious conduct.

Mr. Wymer is not liable for negligent infliction of emotional distress because Plaintiffs' injury was not foreseeable, and because Mr. Baugh and his team's bizarre and unprecedent harassment campaign could not reasonably have been foreseen and constituted an intervening cause. *Bobbitt v. United States*, 2006 WL 335231, at *1 (D. Mass. Feb. 10, 2006); *Delaney v. Reynolds*, 825 N.E.2d 554, 556−57 (Mass. 2005).

24

In addition, Plaintiffs have abandoned any direct claim under the Massachusetts Civil Rights Act ("MCRA") against Mr. Wymer, *see* Dkt. No. 528 at 8, and, as Mr. Wymer has previously argued, the MCRA does not authorize a claim for secondary liability, *see* Dkt. No. 485 at 8–9 & n.11.

Mr. Wymer filed the following motions *in limine*, which are incorporated by reference herein:

- As directed by the Court (Dkt. No. 767), Defendants Wymer, Wenig, and Jones filed a joint motion *in limine* (Dkt. No. 800) objecting to the availability of punitive damages against the Individual Defendants because Massachusetts law controls and prohibits punitive damages for the torts at issue.

- Defendants Wymer, Wenig, and Jones filed a joint motion *in limine* (Dkt. No. 796) to exclude hearsay evidence generated during eBay's internal investigation, including proffer presentations given by eBay to the U.S. Attorney's Office, and notes, summaries, and compilations created as part of its investigation into the harassment campaign.

- Defendants Wymer and Jones filed a joint motion *in limine* (Dkt. No. 798) to exclude Plaintiffs' opinions and testimony concerning the adequacy of the DOJ investigation into the harassment campaign on the grounds that Plaintiffs lack personal knowledge to render such testimony and are unqualified to offer lay opinions on the DOJ's investigation or its charging decisions.

Mr. Wymer incorporates by reference the pending motion to dismiss Plaintiffs' civil conspiracy claim, and the following additional motions *in limine*, which Mr. Wymer has joined:

- Defendants eBay Inc., Devin Wenig, Wendy Jones and Steve Wymer's Motion *in Limine* to Exclude Reference to "Samoan" Individuals and "Samoan Gangs" (Dkt. No. 789);
- Joint Motion *in Limine* of Defendants eBay Inc., Devin Wenig, Wendy Jones, and Steve Wymer to Exclude the Affidavit of FBI Special Agent Mark Wilson (Dkt. No. 793); and

25

- Defendants' Motion *in Limine* to Exclude Improper Damages Arguments (Dkt. No. 811).

Mr. Wymer also incorporates by reference his arguments in opposition to the following motions *in limine* filed by other parties:

- Plaintiffs' Motion *in Limine* as to the Availability of Punitive Damages against Jones, Wenig and Wymer (Dkt. No. 792)
- Plaintiffs' Motion *in Limine* as to the Admissibility of Baugh's Prior Bad Acts (Dkt. No. 794);
- Defendant eBay Inc.'s Motion *in Limine* to Exclude the Evidence of Working Conditions in the Global Intelligence Center (Dkt. No. 799), and Mr. Wenig's and Ms. Jones' joinders thereto (Dkt. Nos. 805, 809); and
- Defendant Wendy Jones' Motion *in Limine* to Exclude the Testimony of Jim Baugh (Dkt. No. 803).

Mr. Wymer further reserves the right to raise additional issues of law, including evidentiary questions, that may arise before trial, including but not limited to issues arising from or related to the parties' ongoing discussions regarding exhibits, deposition designations, jury instructions, and *voir dire*. In addition, Mr. Wymer reserves the right to make evidentiary objections, before and during trial, to evidence proffered by other parties on grounds including, but not limited to, relevance, hearsay, and the circumstances enumerated in Federal Rule of Evidence 403.

### C.    Jury Instructions

The parties filed, or will file, jury instructions on November 26, 2026, and will supplement this pretrial statement expeditiously.

### D.    Voir Dire

In the interests of achieving a more efficient voir dire process, Defendants have filed a motion requesting use of a written juror questionnaire (Dkt. 804), as have previously been used in this District for complex, high-profile, and multi-defendant cases. Plaintiffs agree that a

written juror questionnaire should be used. Defendants' proposed questionnaire, adapted from the one approved most recently by Judge Gorton in *United States v. Colburn, et al.*, 1:19-CR-10080 (D. Mass.), Dkt. 2073 (the "Varsity Blues" case), presents in written form background questions the Court would otherwise likely ask each juror individually, in addition to questions specific to this case and other questions that will aid in understanding relevant experiences and attitudes. Defendants submit that use of a written questionnaire, with a brief period of time for the parties to review, will streamline the jury selection process, as this process will allow for oral voir dire to be focused on targeted follow-up questions. If the Court declines to use a written questionnaire, Defendants have requested that counsel be permitted to ask or that the Court ask prospective jurors the questions included in their written questionnaire or, in the alternative, a shorter list of proposed oral voir dire questions.[2]

Counsel for Defendants have conferred with counsel for Plaintiffs concerning use of a written juror questionnaire, and Plaintiffs agree that a written questionnaire ought to be used. The parties are continuing to confer in an effort to come to agreement on the questions to be included in the written juror questionnaire. If the parties are able to come to agreement (even if in part), Defendants will present a further proposed version for the Court's consideration, and aim to do so by December 19, 2025.

E.  **Prior Motions Practice**

eBay reasserts, and does not waive, all issues of law previously raised and decided, including but not limited to choice of law governing punitive damages.

---

[2] Should the Court decline to use a written questionnaire, Defendants have submitted proposed voir dire questions to be used in the alternative. Defendants expressly reserve the right to object to the proposed voir dire questions submitted by Plaintiffs.

Mr. Wenig, Ms. Jones, and Mr. Wymer reassert, and do not waive, all issues of law previously raised and decided.

## VIII.    ANY REQUESTED AMENDMENTS TO THE PLEADINGS

Plaintiffs will shortly move to withdraw claims by Steiner Associates LLC.

The Defendants have no requested amendments at this time.  However, they reserve the right to amend pleadings to conform to evidence or rulings at trial.

## IX.    ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION

### A.    Plaintiffs

None.

### B.    Defendants Collectively: Bifurcation

The Court has outlined its intention to conduct a bifurcated trial consisting of two phases: (i) a first phase during which the jury will determine liability on the claims pending against eBay, Devin Wenig, Steve Wymer, and Wendy Jones, and the extent of compensatory damages; and (ii) a second phase in which punitive damages will be addressed as to any party who may be liable for punitive damages.  To streamline the trial and avoid duplicative proceedings, Defendants propose that the question of whether punitive damages are available at all should be addressed during the first phase of trial.[3]  This approach is reflected in Defendants' proposed jury instructions and is in accord with California practice, in which the question of whether the conduct at issue justifies an award of punitive damages is addressed in a first phase and the amount of punitive damages, if

---

[3] For the avoidance of doubt, Defendants maintain that punitive damages are unavailable as a matter of law.

any, is addressed in a second phase.   See, e.g., Judicial Council of California Civil Jury Instructions (2025), Nos. 3944, 3949.

### C.    Defendants Collectively: Jurors Seated

Defendants respectfully propose that the Court seat 12, but in any case not less than 10, jurors. Several considerations support this proposal.

First, as a general matter, "the use of jurors in excess of six increases the representativeness of the jury and harms no interest of a party." Advisory Committee Notes to Fed. R. Civ. P. 48. Jury representativeness will be particularly important in this case given the issues at stake, such as potential punitive damages.  A larger jury enhances the diversity of perspectives, will be more representative of society, and thus will be better able to reflect society's views in its verdict.

Second, the complexity of this case warrants a larger jury. This case involves multiple defendants, different evidence against each defendant, multiple claims, multiple standards of proof, multiple special verdicts, potential multiple phases, and likely lengthy and complex jury instructions. To ensure a fair trial, the jury must be able to judge each defendant individually according to the evidence and legal standards applicable to that defendant. Given the tendency of smaller juries to be "more erratic and less effective," Advisory Committee Notes to Fed. R. Civ. P. 48, a smaller jury is unlikely to be able to effectively discharge this responsibility. By contrast, a larger jury will enhance the jury's deliberative capacity and collective memory, increasing the likelihood that the jury understands the Court's instructions and parses and judges the evidence against each defendant under the correct legal standards.

Finally, practically speaking, there is a significant risk of losing jurors over the course of trial in this matter given that trial is expected to take 4-5 weeks. A 12-member jury will ensure that even if jurors drop out, there will still be enough jurors to ensure the representativeness of the jury

and the effectiveness of deliberations over the complex issues in this case. *Cf.* Advisory Committee Notes to Fed. R. Civ. P. 48 ("[I]t will ordinarily be prudent and necessary, in order to provide for sickness or disability among jurors, to seat more than six jurors.").

### D.    **Individual Defendants**

Ms. Jones, Mr. Wenig, and Mr. Wymer respectfully request the Court resolve the Defendants' pending brief regarding application of the intra-corporate conspiracy doctrine (ECF 742), the granting of which would be dispositive on Count XIII: Civil Conspiracy against all Defendants. Likewise, Ms. Jones, Mr. Wenig, and Mr. Wymer submit that rulings on the motions in limine, including but not limited to the motion to Exclude Punitive Damages, (ECF 800), will aid in disposition of the action.

## X.    **PROBABLE LENGTH OF THE TRIAL**

Plaintiffs estimate that they will call 20 witnesses and that their case will require 40 hours.[4]

Defendants collectively estimate that they will call approximately 37 witnesses (approximately 10 of whom overlap with witnesses identified by Plaintiffs) and that their case will require 60 hours.  Given the number of Defendants and the number of witnesses on both Plaintiffs' and Defendants' witness lists, the Defendants cannot at this time estimate the amount of time they will require for the direct of each witness."

---

[4] Plaintiffs intend to have separate counsel appear for each Plaintiff at trial. Plaintiffs raise this issue for the Court at this time, so that it may understand Plaintiffs' position is, in part, based on the allocation of examination time, argument, and courtroom participation by multiple attorneys representing the Plaintiffs.

## XI.  **WITNESSES**

See witness names and purpose of testimony above.  The qualifications of medical and expert witnesses are not disputed.

### A.  **Plaintiffs**

Plaintiffs intend to call the following individuals as witnesses at trial. Plaintiffs reserve the right to call any witness listed by another party, as well as any rebuttal or impeachment witnesses not identified here.

| Witness | Expected Length of Direct Examination | Fact or Expert | Expert Witness Qualifications |
|---|---|---|---|
| Ina Steiner | 90 mins | Fact | N/A |
| David Steiner | 90 mins | Fact | N/A |
| Howard Forman | 120 mins | Expert | |
| John Haswell | 45 mins | Fact | N/A |
| Bob DiSalvatore | 60 mins | Fact | N/A |
| Cindy Cutaia | 30 mins | Fact | N/A |
| John Fleming | 30 mins | Fact | N/A |
| Devin Wenig | 75 mins | Fact | N/A |
| Steve Wymer | 75 mins | Fact | N/A |
| Wendy Jones | 75 mins | Fact | N/A |

| Jim Baugh | 90 mins | Fact | N/A |
|---|---|---|---|
| Andy Phelan | 45 mins | Fact | N/A |
| Amir Vonsover | 45 mins | Fact | N/A |
| Shannon Macauley | 45 mins | Fact | N/A |
| Molly Finn | 45 mins | Fact | N/A |
| Anagha Apte / eBay 30(b)(6) Witness[5] | 75 mins | Fact | N/A |
| Ryan Moore | 45 mins | Fact | N/A |
| Julianne Whitelaw | 45 mins | Fact | N/A |
| Peggy Alford | 45 mins | Fact | N/A |
| Keeper of records and/or representatives authenticating each underlying document, audio, or video being offered. | 30 mins | Fact | N/A |

**B.    eBay Inc.**

As stated in eBay's witness list, Dkt. 801, eBay may call:

Independent medical examiner and expert Dr. Jhilam Biswas.  Among other qualifications,

Dr. Biswas is an American Board of Psychiatry and Neurology (ABPN) certified forensic psychi-

atrist.  She is the director of the Psychiatry, Law and Society Program at Brigham and Women's

---

[5] Plaintiffs presently intend to introduce the testimony of Anagha Apte by deposition. However, Plaintiffs reserve the right to call this witness live at trial.

Hospital in Boston and on the faculty of Harvard Medical School.  She is the President of the Massachusetts Psychiatric Society.

As fact witnesses: David Steiner, Ina Steiner, Jim Baugh, Anagha Apte, Dan Cory, Molly Finn, Amir Vonsover, Devin Wenig, Wendy Jones, and Steve Wymer.

Medical providers: Lisa Delchamps (and records custodians custodian for the practice of Lisa Delchamps), Lynette Dunn-Nastasi (and records custodian for the practice of Lynette Dunn-Nastasi), Christine Hanlon, Meghan Marino, Dr. Renata Martin (and records custodian for the practice of Dr. Martin), Dr. Laura McCord (and records custodian for the practice of Dr. McCord), and Dr. Wendy Parker (and records custodian for the practice of Dr. Parker).

As fact witnesses in punitive damages stage only: Chris Agarpao, Jim Griffith, Aaron Johnson, Andy Phelan, Paul Pressler.

### C.    <u>Devin Wenig</u>

As stated in Mr. Wenig's Witness List submitted to this Court on November 20, 2025 (ECF 807), Mr. Wenig anticipates that he may call the following fact witnesses at trial: Carmen Amara, Anagha Apte, Cynthia Baca, Jim Baugh, Whit Clay, Daniel Cory, Jose Gordon, Wendy Jones, Cindy Lam, Sarah McDonald, David Steiner, Ina Steiner, Stephanie Stockwell, Cindy Wenig, Devin Wenig, Steve Wymer, and Veronica Zea.  In addition, Mr. Wenig may question the following expert witnesses at trial: Jhilam Biswas, a certified forensic psychiatrist with extensive clinical and academic experience.

### D.    <u>Wendy Jones</u>

As stated in Ms. Jones's Witness List submitted to this Court on November 20, 2025 (ECF 808), Ms. Jones anticipates calling some or all of the following fact witnesses at trial: Carmen

Amara, Anagha Apte, Whit Clay, Daniel Cory, Wendy Jones, Tom Edwards, Molly Finn, Jose Gordon, David Steiner, Ina Steiner, Stephanie Stockwell, Devin Wenig, Steve Wymer, and Veronica Zea. In addition, Ms. Jones anticipates calling the following expert witnesses at trial: Marty Kuehne, a consultant in corporate finance with 40 years of experience as an internal human resources executive and in consulting with private companies; and Jhilam Biswas, a certified forensic psychiatrist with extensive clinical and academic experience.

As explained in her motion in limine and reiterated in this memorandum, Ms. Jones objects to the testimony of Jim Baugh in its entirety based on the unfair prejudice that would result from her inability to cross-examine him on subjects key to her defense and the jury's assessment of his credibility.

### E.    Steve Wymer

As stated in Mr. Wymer's Witness List (Dkt. No. 806), Mr. Wymer may call the following fact witnesses at trial: Steve Wymer, Jim Baugh, Veronica Zea, Stephanie Stockwell, Anneli Olausson, Whit Clay, Jose Gordon, Daniel Cory, Carmen Amara, Detective John Haswell, Ina Steiner, David Steiner, Devin Wenig, and Wendy Jones.

Mr. Wymer may call Dr. Jacqueline Johnson, DSW, LCSW, an expert on high-demand high-control ("HDHC") groups to provide expert opinion testimony on tactics that such groups use to exert control and promote secrecy and insularism. Dr. Johnson holds a Master of Science in Social Work from Columbia University and a Doctor of Social Work from the University of Tennessee. She is a licensed clinical social worker with a practice focusing on individuals affected by HDHC groups. She also runs an international nonprofit organization dedicated to advancing professional standards and research in the field of coercive control. Dr. Johnson is highly qualified to educate the factfinder on HDHC tactics, and no party has challenged her qualifications or the

reliability of the methods she employed. Dr. Johnson's expert testimony will provide context on common HDHC tactics to achieve secrecy and insularity. It will also help explain the counterintuitive behavior exhibited by HDHC group members, such as the failure to report misconduct. This testimony has significant probative value as it corroborates others' testimony that Mr. Wymer did not know about Mr. Baugh and his team's harassment of the Plaintiffs.

Finally, Mr. Wymer may call Jhilam Biswas, MD, a certified forensic psychiatrist with extensive clinical and academic experience.

## XII.    **EXHIBITS**

Pursuant to the Court's Order of November 24, 2026, Dkt. 816, the parties will file exhibit lists on December 19, 2025.

Dated: November 26, 2025                             Respectfully submitted,

                                        */s/ Jack W. Pirozzolo*

                                        Jack W. Pirozzolo (BBO #564879)
                                        Kathryn L. Alessi (BBO #651110)
                                        SIDLEY AUSTIN LLP
                                        60 State Street, 36th Floor
                                        Boston, MA 02109
                                        Telephone: (617) 223-0300
                                        Facsimile: (617) 223-0301
                                        jpirozzolo@sidley.com
                                        kalessi@sidley.com

                                        Scott T. Nonaka (*pro hac vice*)
                                        SIDLEY AUSTIN LLP
                                        555 California Street, Suite 2000
                                        San Francisco, CA 94104
                                        Telephone: (415) 772-1285
                                        snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

*/s/ Andrew G. Finkelstein*
Andrew G. Finkelstein
Brian D. Acard
Kenneth B. Fromson
Lawrence D. Lissauer
FINKELSTEIN & PARTNERS, LLP
1270 Route 300
Newburgh, NY 12551
(845) 563-9459
afinkelstein@fbfglaw.com
bacard@lawampm.com
kfromson@lawampm.com
llissauer@lawampm.com

Marc A. Diller
DILLER LAW, LLP
50 Congress Street
Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber
FINKELSTEIN, BLANKINSHIP, FREI-
PEARSON & GARBER, LLP
1 North Broadway, Suite 900

White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com

*Counsel for Ina Steiner, David Steiner, and*
*Steiner Associates, LLC*

/s/ Melissa Mills
Melissa Mills (*pro hac vice*)
Trevor N. Templeton (*pro hac vice*)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
mmills@wsgr.com

Caz Hashemi (*pro hac vice*)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com

Lon F. Povich (BBO #544523)
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
(617) 621-6548
lpovich@andersonkreiger.com

*Counsel for Steve Wymer*

/s/ Andrew J. O'Connor
Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Sarah E. Walters (BBO# 638378)
Christopher M. Durham (BBO# 707131)
Casey B. Stewart (BBO# 709729)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com

william.roberts@ropesgray.com
sarah.walters@ropesgray.com
christopher.durham@ropesgray.com
casey.stewart@ropesgray.com

*Counsel for Wendy Jones*


*/s/ Kelly A. Librera*
Abbe David Lowell (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, NW
Suite 250
Washington, D.C. 20005
alowellpublicoutreach@lowellandassoci-
ates.com
Tel.: (202) 964-6110
Fax: (202) 964-6116

Kelly A. Librera (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
klibrera@winston.com

Martin G. Weinberg, Esq.
MARTIN G. WEINBERG PC
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

*Counsel for Devin Wenig*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: November 26, 2025          */s/ Jack W. Pirozzolo*
                                   Jack W. Pirozzolo