UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC**, <br><br>                    Plaintiffs, <br>           v. <br><br> **EBAY, INC., et al.,** <br><br>                    Defendants. | Civil Action <br> 21-cv-11181-PBS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE IMPROPER DAMAGES ARGUMENTS**

I.   INTRODUCTION

Defendants' motion in limine styled as to exclude improper damages arguments is divided into four parts: (1) Defendants' Wealth and Financial Condition; (2) Abandoned Economic Damages; (3) Golden Rule; and (4) Marital Stress. As it relates to arguments (2) and (3) there is no dispute. Plaintiffs do not intend to rely on abandoned economic damages to try and inflate their non-economic damages. Further, Plaintiffs will not be arguing the Golden Rule. However, Defendants' arguments relating to wealth and financial condition and the Plaintiffs' marital stress are overbroad and infirm.

II.  ARGUMENT

   1.  **Defendant's Motion To Exclude Evidence Of And Reference To Defendants' Wealth And Financial Condition Should Be Denied**

Plaintiffs oppose Defendants' motion under Federal Rule of Evidence 403 for exclusion of evidence and reference to Defendants' Wealth and Financial condition from the liability phase of the trial because it seeks to preclude admission of relevant evidence, is vague (Defendants attempt to craft a definition but it begins with the phrase "includes, but is not limited to") as to what evidence would constitute evidence of Defendants' wealth and financial condition, and is unbound by circumstances for which such evidence may be presented.

In *Burnett v. Ocean Properties*, this Court ruled that evidence of a corporate defendant's wealth and size "is unfairly prejudicial, and therefore inadmissible, when it is being offered only to appeal to the jury's economic bias, but information regarding a defendant's wealth or size is not inherently "unlawful or inappropriate." *Burnett v. Ocean Props.*, No. 16-0359, 2018 WL 5270221, at *2 (D. Me. Oct. 23, 2018) (quoting *Rooney v. Sprague Energy Corp.*, 519 F. Supp. 2d 110, 130 (D. Me. 2007)) (denying exclusion of evidence of defendant's wealth and size as a matter of law in limine.).

1

Defendants' motion should be denied because it impermissibly seeks the exclusion of relevant information that is not unfairly prejudicial as a matter of law. Defendants' motion is overbroad and vague in its attempt to bar all reference to and evidence of Defendants' wealth and financial condition. Facts related to Defendants' wealth and Financial condition stated for reasons other than damages are admissible.[1] For example, it may be relevant as it relates to eBay's financial ability to continue with its retention of the public relations firm, or the fact that Ina Steiner reported on eBay's finances, reports that drew the ire of eBay leadership, or Elliot Management's pressure regarding eBay's financial returns that caused financial pressure and paranoia on the part of Wenig. These are but a few examples highlighting why as styled, Defendants' request is overbroad and must be denied. *See Keefe v. Lendus, LLC*, 659 F. Supp. 3d 196, 201 (D.N.H. 2023) ("[M]otion in limine to exclude all evidence of . . . compensation and personal wealth is denied.").

Furthermore, "[b]ias in its myriad forms is always relevant and never collateral." *Surgery Ctr. at 900 N. Mich. Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 626 (N.D. Ill. 2016) (citing *U.S. v. Abel*, 469 U.S. 45 (1994)). "Not surprisingly, therefore, the employment of an individual and/or the compensation he or she receives are always relevant to bias and credibility." *Id.* (emphasis added) (citing *North v. Russel*, 427 U.S. 328, 337 (1976)); *see also Oracle USA, Inc. v. Rimini St., Inc.*, 2015 WL 5165374, at *3 (D. Nev. Sept. 3, 2015) ("Similarly, as to the financial condition of Oracle officers and employees, the court finds that this evidence may be relevant in examining the witnesses' bias, if any. Oracle officers and employees who are directly compensated by Oracle for their work or hold stock in Oracle may have a financial

---

[1] Plaintiffs agree that evidence of Defendants' wealth and financial condition for purposes of damages is inadmissible at this phase of the trial.

interest in the outcome of this case and defendants are entitled to examine relevant testimonial bias at trial.").

Ironically, Defendants cite *Curtis Mfg. Co. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 101 (D.N.H. 1995). However, Defendants' reliance on *Curtis* is misplaced. Indeed, while the court in *Curtis* did conclude that certain evidence regarding current compensation and net worth was either irrelevant to certain claims, or more prejudicial than probative, the Court also stated that a blanket prohibition on all evidence concerning compensation was inappropriate at that time. *See Curtis Mfg. Co.*, 933 F. Supp. at 101 ("However, the Court finds that a blanket exclusion of all evidence regarding [Defendant] Judd's compensation from Curtis is unwarranted and inappropriate at this the court held that a "blanket exclusion of all evidence" regarding compensation (one of the many categories Defendant defines as Wealth and Financial Condition) was "unwarranted and inappropriate at this time")." *Id.* As such, *Curtis* provided a more nuanced remedy than the blanket prohibition that Defendants seek.

### 2. Evidence Of Marital Stress Is Relevant And Probative For A Jury To Determine If It Flows From The Underlying Harassment.

Defendants' cherry pick and take out of context and mischaracterize the testimony of the Steiner's making it seem like the marital stress was solely relating to the litigation and therefore evidence of the marital stress should be excluded. Not so. Defendant ends its citation of page 130 of David Steiner's deposition at line 13. Reading on to lines 19-23, it makes clear that at most the litigation is "in part" what led to symptoms being described and the marital stress discussed above. "And you report further that what led to these symptoms are – at least in part, they're legal representation." "Correct. Yes." Steiner, D. Dep. 130:19-23 (September 24, 2024) (attached hereto as Exhibit 1).

3

Furthermore, contrary to Defendants representations, Ina Steiner relating the marital troubles directly to the trauma from August 2019 and testified "We know that it's all stemming from the trauma we incurred in August of 2019. And that in some degrees and others, it's just -- it just never leaves us." Steiner, I. Dep. 238:21-25 (September 23, 2024) (attached hereto as Exhibit 2). See also on page 39, David Steiner testified "I said then that the David I was before this, the David that would make Ina laugh until she couldn't even breathe, that David's gone. And that David's never coming back. And he hasn't." Steiner, D. Dep. 39:7-11 (September 24, 2024). Certainly, evidence of marital stress that is directly related to Defendants' insidious actions. *See also* page 121:7-10 (David describing how everything has been building for years "But it was clear that at this time, our marriage was in crisis, that stress had built to such an -- such a level that we were considering divorce.").

As Plaintiffs' expert Dr. Forman concluded, David suffers "Persistent negative emotional state (e.g., fear, horror, anger, guilt, or shame)" "Markedly diminished interest or participation in significant activities." "Feelings of detachment or estrangement from others." "Persistent inability to experience positive emotions (e.g., inability to experience happiness, satisfaction, or loving feelings)" all directly attributable to Defendants' conduct. Dr. Forman further states "The couple argues now in ways that they never had previously, and it brings him back to this period of harassment that set them on this intended and awful course." Howard L. Forman, Forensic Psychiatric Evaluation, Preliminary Report concerning David Steiner (2024), p 11 (attached hereto as Exhibit 3). And as it relates to Ina, Dr. Forman concludes that the events of 2019 "has led to distance between her and others she was previously close with – most importantly distance between her and her husband David." Howard L. Forman, Forensic Psychiatric Evaluation, Preliminary Report concerning Ina Steiner (2024), p. 11 (attached hereto as Exhibit 4).

As such, Defendants' request to exclude marital stress as relevant to Plaintiffs' damages is without merit.

### III.     CONCLUSION

Defendants' motion in limine to exclude improper damages arguments should be denied in part as set forth above.

Dated:  November 26, 2025                                      Respectfully submitted,
        Newburgh, New York

*/s/Andrew G. Finkelstein*
Andrew G. Finkelstein
Brian D. Acard
Kenneth B. Fromson
Lawrence D. Lissauer
FINKELSTEIN & PARTNERS, LLP
1279 Route 300
Newburgh, NY 12551
(845) 563-9459
afinkelstein@fbfglaw.com
kfromson@lawampm.com
LLissauer@lawampm.com

Max Finkelstein
JACOBY & MEYERS, LLP
39 Broadway
Ste 1910
New York, NY 10006
(516) 246-2680
mfinkelstein@jmlawyer.com

Marc A. Diller
DILLER LAW, LLP
50 Congress Street
Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149

(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber
Erin Raye Kelley
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com
ekelley@fbfglaw.com

*Counsel for Ina Steiner, David Steiner and Steiner Associates, LLC*

CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: November 26, 2025                          */s/ Andrew G. Finkelstein*
                                                    Andrew G. Finkelstein