UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC<br><br>Plaintiffs,<br><br>v.<br><br>EBAY, INC., et al.,<br><br>Defendants. | Civil Action No. 1:21-cv-11181-PBS |

# PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(b), in addition to the longstanding federal practice recognizing judicial notice of state law, Plaintiffs Ina Steiner, David Steiner, and Steiner Associates, LLC (collectively, "Plaintiffs") request that the Court take judicial notice of the attached exhibits.[1] Defendants eBay, Inc., Steve Wymer, Wendy Jones, and Devin Wenig oppose Plaintiffs' requests, at this time.

1. **Exhibit 1**: California Civil Code § 3294 (as published by the California Legislative Information website).

2. **Exhibit 2**: The January 11, 2024 Deferred Prosecution Agreement between the United States and eBay, Inc., along with attachments, entered in the federal criminal prosecution *USA v. eBay Inc.* (No. 24-cr-10003, Mass. 2024). Filed publicly on January 11, 2024, ECF No. 3.

---

[1] Plaintiffs do not seek judicial notice of any material that has been or may be precluded by the Court and request that judicial notice, if granted, be limited to the non-precluded portions of the attached exhibits.

3. **Exhibit 3**: The May 9, 2022 Plea Agreement of David Harville entered in the federal criminal prosecution *USA v. Baugh et al.* (No. 1:20-cr-10263, Mass. 2020). Filed publicly on May 11, 2022, ECF No. 207.

4. **Exhibit 4**: The May 18, 2020 Plea Agreement of Brian Gilbert entered in the federal criminal prosecution *USA v. Gilbert et al.* (No. 1:20-cr-10098, Mass. 2020). Filed publicly on October 29, 2020, ECF No. 42.

5. **Exhibit 5**: The April 27, 2020 Plea Agreement of Stephanie Popp entered in the federal criminal prosecution *USA v. Gilbert et al.* (No. 1:20-cr-10098, Mass. 2020). Filed publicly on October 8, 2020, ECF No. 30.

6. **Exhibit 6**: The May 20, 2020 Plea Agreement of Stephanie Stockwell entered in the federal criminal prosecution *USA v. Gilbert et al.* (No. 1:20-cr-10098, Mass. 2020). Filed publicly on October 29, 2020, ECF No. 43.

7. **Exhibit 7**: The April 24, 2020 Plea Agreement of Veronica Zea entered in the federal criminal prosecution *USA v. Gilbert et al.* (No. 1:20-cr-10098, Mass. 2020). Filed publicly on October 8, 2020, ECF No. 33.

8. **Exhibit 8**: The July 6, 2020 Plea Agreement of Philip Cooke entered in the federal criminal prosecution *USA v. Cooke* (No. 1:20-cr-10126, Mass. 2020). Filed publicly on October 23, 2020, ECF No. 5.

9. **Exhibit 9**: The June 11, 2020 Complaint, with accompanying exhibits, filed against James Baugh and David Harville in the federal criminal prosecution *USA v. Baugh et al.* (No. 1:20-cr-10263, Mass. 2020). Filed publicly on June 11, 2020, ECF No. 3.

10. **Exhibit 10**: The May 22, 2020 Complaint, with accompanying exhibits, filed against Brian Gilbert, Stephanie Popp, Stephanie Stockwell, and Veronica Zea in the federal criminal

prosecution *USA v. Gilbert et al.* (No. 1:20-cr-10098, Mass. 2020). Filed publicly on May 22, 2020, ECF No. 1.

11. **Exhibit 11**: The July 7, 2020 Complaint, with accompanying exhibits, filed against Philip Cooke in the federal criminal prosecution *USA v. Cooke* (No. 1:20-cr-10126, Mass. 2020). Filed publicly on July 7, 2020, ECF No. 1.

12. **Exhibit 12**: The docket of the federal criminal prosecution *USA v. Baugh et al.* (No. 1:20-cr-10263, Mass. 2020), publicly available on the Court's CM/ECF system and accessible through PACER.

13. **Exhibit 13**: 2015 eBay Annual Report, available at: https://www.sec.gov/Archives/edgar/data/1065088/000106508816000265/ebay201510-k.htm (last visited Dec. 19, 2025).

14. **Exhibit 14**: 2015 eBay Annual Report amendment, available at: https://www.sec.gov/Archives/edgar/data/1065088/000119312516470992/d138652d10ka.htm (last visited Dec. 19, 2025).

15. **Exhibit 15**: 2016 eBay Annual Report, available at: https://www.sec.gov/Archives/edgar/data/1065088/000106508817000007/ebay201610-k.htm (last visited Dec. 19, 2025).

16. **Exhibit 16**: 2017 eBay Annual Report, available at: https://www.sec.gov/Archives/edgar/data/1065088/000106508818000009/ebay201710-k.htm (last visited Dec. 19, 2025).

17. **Exhibit 17**: 2018 eBay Annual Report, available at: https://www.sec.gov/Archives/edgar/data/1065088/000106508819000006/ebay201810-k.htm (last visited Dec. 19, 2025).

18. **Exhibit 18**: 2019 eBay Annual Report, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000106508820000006/ebay201910-k.htm (last visited Dec. 19, 2025).

19. **Exhibit 19**: 2019 eBay Annual Report amendment, available at:

    https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000120677420001423/ebay3749051-10ka.htm (last visited Dec. 19, 2025).

20. **Exhibit 20**: 2020 eBay Annual Report, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000106508821000006/ebay-20201231.htm (last visited Dec. 19, 2025).

21. **Exhibit 21**: 2021 eBay Annual Report, available at:

    https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000106508822000006/ebay-20211231.htm (last visited Dec. 19, 2025).

22. **Exhibit 22**: 2021 eBay Annual Report amendment, available at:

    https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000106508822000017/ebay-20211231.htm (last visited Dec. 19, 2025).

23. **Exhibit 23**: 2022 eBay Annual Report, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000106508823000006/ebay-20221231.htm (last visited Dec. 19, 2025).

24. **Exhibit 24**: 2022 eBay Annual Report amendment, available at:

    https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000106508823000015/ebay-20221231.htm (last visited Dec. 19, 2025).

25. **Exhibit 25**: 2023 eBay Annual Report, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000106508824000036/ebay-20231231.htm (last visited Dec. 19, 2025).

26. **Exhibit 26**: 2023 eBay Annual Report amendment, available at:

    https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000106508824000094/ebay-20231231.htm (last visited Dec. 19, 2025).

27. **Exhibit 27**: 2024 eBay Annual Report, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000106508825000037/ebay-20241231.htm (last visited Dec. 19, 2025).

28. **Exhibit 28**: 2024 eBay Annual Report amendment, available at:

    https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000106508825000068/ebay-20241231.htm (last visited Dec. 19, 2025).

29. **Exhibit 29**: 2015 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000120677415000964/ebay_def14a.htm (last visited Dec. 19, 2025).

30. **Exhibit 30**: 2016 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000120677416005069/ebay_def14a.pdf (last visited Dec. 19, 2025).

31. **Exhibit 31**: 2017 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000119312517106847/d191389ddef14a1.pdf (last visited Dec. 19, 2025).

32. **Exhibit 32**: 2018 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000119312518118730/d393823ddef14a.htm (last visited Dec. 19, 2025).

33. **Exhibit 33**: 2019 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000119312519112236/d661199ddef14a.htm (last visited Dec. 19, 2025).

34. **Exhibit 34**: 2020 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000120677420001664/ebay3755791-def14a.htm (last visited Dec. 19, 2025).

35. **Exhibit 35**: 2021 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000155278121000248/e21239_ebay-def14a.htm (last visited Dec. 19, 2025).

36. **Exhibit 36**: 2022 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000155278122000348/e22101_ebay-def14a.htm (last visited Dec. 19, 2025).

37. **Exhibit 37**: 2023 eBay Proxy Statement, available at:

    https://www.sec.gov/Archives/edgar/data/1065088/000110465923052918/tm2225108d5_def14a.htm (last visited Dec. 19, 2025).

38. **Exhibit 38**: 2024 eBay Proxy Statement, available at:

    https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000110465924051996/tm2330035d4_def14a.htm (last visited Dec. 19, 2025).

39. **Exhibit 39**: 2025 eBay Proxy Statement, available at: https://www.sec.gov/ix?doc=/Archives/edgar/data/1065088/000110465925042545/tm2424429-2_def14a.htm (last visited Dec. 19, 2025).

40. **Exhibit 40**: 2025 eBay Annual Report.[2]

41. **Exhibit 41**: 2026 eBay Proxy Statement.[3]

## LEGAL STANDARD

There are two types of judicial notice—judicial notice of fact and judicial notice of law. *See Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 321 (1st Cir. 2004) (Lipez, J., concurring). Plaintiffs seek both here.

Federal Rule of Evidence 201 governs judicial notice of fact. Fed. R. Evid. 201(a). It allows a court to accept facts specific to a case without evidentiary proof when those facts are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction" or "capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice on its own or at a party's request, provided that it is supplied with the necessary information. Fed. R. Evid. 201(c).

"Judicial notice of law is the name given to the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes or judicial opinions -- which are technically documents -- because they are presented to the court as law, not to the jury as evidence." *Getty Petroleum Marketing, Inc,*, 391 F.3d at 322 (Lipez, J., concurring) (citing John W. Strong, *McCormick on Evidence* § 335 (5th ed. 1999)). This

---

[2] This exhibit has been left intentionally blank. Plaintiffs will submit a supplemental request for judicial notice when eBay's 2025 Annual Report becomes publicly available.

[3] This exhibit has been left intentionally blank. Plaintiffs will submit a supplemental request for judicial notice when eBay's 2026 Proxy Statement becomes publicly available.

allows the Court to take judicial notice of "the law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." *Id.* (quoting *Lamar v. Micou*, 114 U.S. 218, 223 (1885); citing *White v. Gittens*, 121 F.3d 803, 805 n.1 (1st Cir. 1997)).

The distinction between judicial notice of fact and judicial notice of law has concrete procedural consequences. When a court takes judicial notice of an adjudicative fact in a civil case, that fact is treated as established for purposes of the case, and the jury must accept it as true. *See* Fed. R. Evid. 201(f). Judicial notice of fact therefore substitutes for proof and removes the noticed fact from factual dispute. By contrast, judicial notice of law reflects the court's obligation to recognize the authoritative legal sources, such as statutes, without requiring evidentiary proof or authentication. *Getty Petroleum Marketing, Inc.*, 391 F.3d at 324-25 (Lipez, J., concurring).

## ARGUMENT

Exhibit 1 is a copy of the current version of California Civil Code § 3294. Federal common law holds that courts must take judicial notice of the law as set forth in other states' statutes. *See Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 321 (1st Cir. 2004) (Lipez, J., concurring) (citing *Lamar v. Micou*, 114 U.S. 218, 223 (1885)) ("Courts routinely take judicial notice of the law as set forth in federal and state constitutions, statutes, and court decisions.") Plaintiffs request that the Court take judicial notice of California Civil Code § 3294 as a statement of California law governing punitive damages against eBay, Inc. Plaintiffs further request that the Court take judicial notice of California Civil Code § 3294 as governing law with respect to the Executive Defendants, should the Court determine that California law applies to punitive damages against them.

Exhibits 2-11 are copies of the complaints and agreements filed on the public dockets of related criminal cases, consisting of eBay's Deferred Prosecution Agreement (Exhibit 2), the relevant Plea Agreements (Exhibits 3-8), and the complaints (Exhibits 9-11). Exhibit 12 is the public docket of one of the related criminal cases—*USA v. Baugh et al.* (No. 1:20-cr-10263, Mass. 2020). Plaintiffs request that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of publicly filed materials from related criminal proceedings, including the existence, authenticity, and timing of those filings. Plaintiffs further request that the Court take judicial notice of the claims asserted, charges brought, and issues addressed or resolved in those proceedings, as reflected in those materials. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); *Barnstable Cty. v. 3M Co.*, No. 17-40002, 2017 U.S. Dist. LEXIS 207414, at *11-12 (D. Mass. Dec. 18, 2017) ("[T]he Court may take judicial notice of the related . . . court documents "to establish the existence of the [related] litigation, what claims were asserted, and what issues were argued and decided." (quoting *Clark v. Kitt*, No. 12-8061, 2014 U.S. Dist. LEXIS 113494, at *23 (S.D.N.Y. Aug. 15, 2014), *aff'd*, 619 F. App'x 34 (2d Cir. 2015)) (alteration in original)); *Bayne v. Cumberland Cty. Sheriff*, No. 25-00421, 2025 U.S. Dist. LEXIS 173038, at *2 n.1 (D. Me. Sep. 5, 2025) (taking judicial notice of a docket in a related case); Fed. R. Evid. 201.

Exhibits 13-41 are available on the United States Securities and Exchange Commission's ("SEC") website, specifically eBay's prior and upcoming Annual Reports (Exhibits 13-28, 40) and Proxy Statements (Exhibits 29-39, 41). Plaintiffs request that, pursuant to Federal Rule of Evidence 201, the Court take judicial notice of these filings for the following permissible purposes: (i) that the filings were publicly submitted to the SEC; (ii) the dates on which they were filed and publicly

available; (iii) that they constitute official, authorized statements of eBay made to regulators and the investing public; and (iv) that they contain specific representations and disclosures made by eBay. Courts in this Circuit and others have consistently held that courts may take judicial notice of such documents for these purposes. *See Costello v. Bank of Am., N.A.*, No. 13-11424, 2014 U.S. Dist. LEXIS 9652, at *4 n.2 (D. Mass. Jan. 27, 2014) (taking judicial notice of the defendant's Annual Report); *OrbusNeich Med. Co. v. Bos. Sci. Corp.*, 694 F. Supp. 2d 106, 111 (D. Mass. 2010) ("The public filing of [the defendant's Annual Report] with [the SEC] also makes it a proper subject of judicial notice, at least with regard to the fact that it contains certain information . . . ."); *In re Hub Cyber Sec. Ltd.*, No. 23-5764, 2025 U.S. Dist. LEXIS 51784, at *11 n.2 (S.D.N.Y. Mar. 20, 2025) (taking judicial notice of the excerpt from a proxy statement submitted to the court); *Minzer v. Keegan*, No. 97-4077, 1999 U.S. Dist. LEXIS 23451, at *20 (E.D.N.Y. Jan. 25, 1999) (holding the court could take judicial notice of "the entirety of the Proxy" Statement "[s]ince proxy statements are required to be filed under Section 14 of the 1934 Act").

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201 and applicable case law, of Exhibits 1 through 41 to this Request.

Dated: December 19, 2025　　　　　　　　　　　Respectfully submitted,
　　　　　Newburgh, New York

　　　　　　　　　　　　　　　　　　　　　　　*/s/Andrew G. Finkelstein*
　　　　　　　　　　　　　　　　　　　　　　　Andrew G. Finkelstein
　　　　　　　　　　　　　　　　　　　　　　　Brian D. Acard
　　　　　　　　　　　　　　　　　　　　　　　Kenneth B. Fromson
　　　　　　　　　　　　　　　　　　　　　　　Lawrence D. Lissauer
　　　　　　　　　　　　　　　　　　　　　　　FINKELSTEIN & PARTNERS, LLP
　　　　　　　　　　　　　　　　　　　　　　　1279 Route 300
　　　　　　　　　　　　　　　　　　　　　　　Newburgh, NY 12551
　　　　　　　　　　　　　　　　　　　　　　　(845) 563-9459
　　　　　　　　　　　　　　　　　　　　　　　afinkelstein@fbfglaw.com

kfromson@lawampm.com
LLissauer@lawampm.com

Max Finkelstein
JACOBY & MEYERS, LLP
39 Broadway
Ste 1910
New York, NY 10006
(516) 246-2680
mfinkelstein@jmlawyer.com

Marc A. Diller
DILLER LAW, LLP
50 Congress Street
Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149
(617) 387-7000
cmurphy@scallimurphy.com

Todd S. Garber
Erin Raye Kelley
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com
ekelley@fbfglaw.com

*Counsel for Ina Steiner, David Steiner and Steiner Associates, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, this filing was submitted via the CM/ECF system and will be transmitted electronically to all registered users listed on the Notice of Electronic Filing. Paper copies will be provided to any parties identified as non-registered participants.

*/s/ Andrew G. Finkelstein*
Andrew G. Finkelstein