**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>EBAY INC., et al.,<br><br>                    Defendants. | Civil Action No. 21-CV-11181-PBS<br><br>Permission to file under seal granted February 3, 2026 |

**MOTION OF DEFENDANTS EBAY, INC., DEVIN WENIG, AND WENDY JONES**
**TO EXCLUDE EVIDENCE OF LATE-DISCLOSED DAMAGES**

On January 23, 2026, plaintiffs' counsel informed defendants for the first time that ███
███████████████████████████████████████████████████████████████████████████████████.
On a meet and confer on January 26, 2026, counsel for plaintiffs indicated that counsel was not
planning to elicit or introduce evidence regarding ███████████, but expressly stated that he
did not know whether ███████ would offer testimony relating to ███████████ because he
cannot control ██████ and does not know how ███████ will testify. Defendants asked
plaintiffs' counsel for a stipulation that evidence related to ████████████ would be excluded,
and that the Court would intervene if any witness began to testify regarding ████████████.
Plaintiffs' counsel declined to so stipulate, and indicated that plaintiffs would oppose a motion *in
limine* regarding ███████████. Accordingly, defendants seek a Court order to exclude such
testimony.

The Court should exclude evidence related to ███████████████ for two reasons. First, this evidence should be excluded as a sanction. Plaintiffs were obligated to, but did not, timely supplement their discovery responses, and have no excuse for their failure to disclose this information for nearly two months—and only when eBay's service of trial subpoenas made it possible that eBay would obtain this information independently. Compounding the problem, ████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████. Second, this evidence is irrelevant and unfairly prejudicial. ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████. The Court has already ruled that ███████████████ is not relevant to plaintiffs' damages. *See* Dkt. 894. In addition to exclusion, because of plaintiffs' counsel's warning that ████████ might spontaneously testify to this topic even if told not to, defendants ask that the Court instruct ████████, outside the presence of the jury, that he is not permitted to mention ████████████ and that failure to abide by the Court's orders will result in a mistrial and additional financial sanctions, including attorneys' fees.

## BACKGROUND

During discovery, defendants pursued information relating to plaintiffs' emotional distress damages, including obtaining records from plaintiffs' medical providers pursuant to HIPAA authorizations and deposing plaintiffs' medical providers and mental-health expert. As part of routine trial preparation, eBay issued trial subpoenas to plaintiffs' mental-health and primary-care providers on January 20, 2026. Ex. 1, Declaration of Jack W. Pirozzolo ¶ 2 ("Pirozzolo Decl."). The next day two providers responded that they could not produce the requested records because ████████ ████████████████████████████████████████████████████. *Id.* ¶ 3. That day, eBay asked plaintiffs to explain ████████████ and provided caselaw demonstrating that

defendants were entitled to obtain the records at issue. *Id.* ¶ 4. Plaintiffs' counsel responded by email on January 23 that ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████. *Id.* ¶ 5.

In the same email, plaintiffs' counsel stated: ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ That day, plaintiffs' counsel explained in a phone call to eBay's counsel that ████████████████████████████████████ *Id.* This was the first time plaintiffs had disclosed ████████████████████████████████. *Id.*

At a meet and confer on January 26, eBay's counsel asked plaintiffs' counsel why ████████

████████████████████████████████ *Id.* ¶¶ 7–8. Plaintiffs' counsel stated only that he had not been authorized to disclose ████████████ until January 23 and that ████████

████████ was a topic he would rather not discuss. *Id.* ¶ 8.

eBay's counsel asked whether plaintiffs intended to use ████████████████ at trial. Plaintiffs' counsel confirmed that he did not intend to elicit the issue at trial, use the related ████████████, update expert reports, or further develop this evidence in any way. *Id.* ¶ 9. But then plaintiffs' counsel hedged: He expressly warned that while he was not planning to ask ████████████████████████, he cannot control ████████ and ████████ might spontaneously testify to ████████████ at trial. *Id.* Further, plaintiffs' counsel would not stipulate to the exclusion of the evidence. *Id.*

On January 27, plaintiffs—at eBay's express request—produced ████████████████████

████████████████████████. *Id.* ¶ 10. Those records state that ████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

## ARGUMENT

**I.**   **The Court should exclude evidence of** ███████████████████████
████████████████████.

There are two independent grounds for excluding ████████████████████

████████████████ : late disclosure and lack of relevance combined with undue prejudice.

### A.   The evidence was not timely disclosed.

"A party … who has responded to an interrogatory, request for production, or request for

admission … must supplement or correct its disclosure or response in a timely manner if the party

learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). This obligation extends past the close of discovery, *see Harriman v. Hancock County*, 627 F.3d 22, 27–29 (1st Cir. 2010); *Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998), and applies even to information created after that point, *see, e.g.*, *Causey v. Williams*, 2023 WL 4851196 (D.S.C. July 28, 2023). Under Rule 37(c)(1), the "ordinary" and "self-executing sanction" for failure to supplement an incomplete discovery response is "mandatory preclusion" of the late-disclosed evidence. *HipSaver Co. v. J.T. Posey Co.*, 497 F. Supp. 2d 96, 103 (D. Mass. 2007). The Court should enforce this standard remedy and exclude evidence relating to ███████████████████████████.



Plaintiffs breached their duty to timely supplement their discovery responses ████████ ████████████████████████████. Information relating to █████████████████ is clearly responsive to defendants interrogatories seeking information regarding ████████████ ████████████████████████████████████████████ █████████ Similarly, documents relating to ███████████████ are clearly relevant to defendants' requests for production, including eBay's request seeking documents related ██████ ████████████████████████████████████████████ ██████████████████████████████████ Rule 26 obligated plaintiffs to timely supplement their responses with these records, but they failed to do so.

Exclusion is the proper sanction for that violation. *See HipSaver*, 497 F. Supp. 2d at 103. Neither of the exceptions to that ordinary sanction applies here, because plaintiffs' nondisclosure was neither "substantially justified" nor "harmless." Fed. R. Civ. P. 37(c)(1). First, the nondisclosure was not "substantially justified." Plaintiffs' counsel's only explanation for why plaintiffs did

not disclose these records earlier were that he was not authorized to disclose them before January 23, and the records concern a topic he would rather not discuss. Pirozzolo Decl. ¶ 8. That is not a justification, let alone a substantial one, for ignoring discovery obligations.

Second, plaintiffs' failure to disclose was not "harmless." Fed. R. Civ. P. 37(c)(1). Plaintiffs withheld information for nearly two months—well after the final pretrial conference and until just five weeks before trial—and only disclosed that information when defendants' trial subpoenas were poised to uncover that information. This Court has previously excluded late-disclosed information where a defendant prepared for litigation on the basis of incomplete information, and the defendant would incur "significant expense" if required to account for the late disclosure. *See HipSaver*, 497 F. Supp. 2d at 104. Here, too, the late disclosure warrants exclusion.[1]

### B.    The evidence is irrelevant and unduly prejudicial.

The Court should exclude evidence of ███████████████ for the independent reasons that it is irrelevant, Fed. R. Evid. 401, and that its "probative value is substantially outweighed" by the "unfair prejudice" that would result from its admission, Fed. R. Evid. 403.

Evidence of ████████████ has little (if any) relevance to the issues in this case. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████  ██████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[1] That is especially true in this case, where the new disclosures would warrant at minimum additional discovery and expert analysis—including by ███████████████████—potentially jeopardizing the trial date.

███████████████ and plaintiffs withdrew their economic damages claims, leading this Court to exclude evidence of economic damages, Dkt. 894. Thus, these secondary causes are also not relevant to the issues in the case.

Meanwhile, the risk of unfair prejudice is substantial. ████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████ The Court should not permit the jury to hear emotionally charged but ultimately irrelevant evidence.

That's especially true since given that plaintiffs' counsel indicated the testimony would come in, if at all, in the most prejudicial way possible. Plaintiffs have been explicit that they do not intend to ███████████████████████████ based on this new information. Nor do they intend to introduce evidence from a ████████████████████████████████
██████████████████. Rather, in their view, plaintiffs are entitled to have ██████████ spontaneously interject that ██████████████████████ without any evidence causally linking those incidents to the Natick events. That sort of *ipse dixit* has no place at trial. *See, e.g.*, *Fender v. Sofamor, S.N.C.*, 1998 WL 1297137, at *5 (W.D.N.C. July 21, 1998) (excluding ████████████████████ where plaintiff "failed to provide expert testimony as to the causation"); *Hahn v. Minn. Beef Indus., Inc.*, 2002 WL 32658476, at *3 (D. Minn. May 29, 2002) (emphasis omitted) ("Depression and anxiety disorder are complex injuries, requiring expert (as opposed to lay) testimony regarding diagnosis and causation.").

II.    **The Court should admonish** ███████ **and sanction plaintiffs if** ██ **fails to comply with the exclusion order.**

The unusual nature of plaintiffs' counsel's position at the meet and confer—that it might not be possible for counsel to prevent ███████ from spontaneously testifying to this evidence—warrants a further judicial intervention to avoid a mistrial. If the Court agrees that evidence related to ████████████████ should be excluded, then the Court should also admonish ███████ outside the presence of the jury and impose serious consequences for any violation of that exclusion order. The January 26 meet and confer made clear that plaintiffs' counsel cannot control ██████. Counsel admitted that ████████████████████████ against the advice of counsel. Prizzolo Decl. ¶ 5. And counsel admitted that, regardless of what evidence he seeks to elicit, he does not know how ██████ will testify. *Id.* ¶ 9. That attitude toward highly prejudicial, inadmissible testimony is unacceptable on the eve of trial.

This Court has the inherent authority to impose "respect[ ] and decorum, in [its] presence, and submission to [its] lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S 32, 43 (1991). It should exercise that authority here. To discourage ██████ from providing unelicited testimony regarding ██████, the Court should instruct ██████ when he takes the stand to obey the Court's exclusion order and warn plaintiffs that any violation will result in a mistrial and financial repercussions, including an award of attorneys' fees.

## CONCLUSION

For these reasons, the Court should exclude all evidence related to ██████ ██████ and instruct ██████ that any violations of the exclusion order will lead to declaration of a mistrial and additional financial sanctions, including attorneys' fees.

Dated: February 4, 2026                    */s/ Jack W. Pirozzolo*
                                           Jack W. Pirozzolo (BBO #564879)
                                           Kathryn L. Alessi (BBO #651110)

SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

*/s/ Andrew J. O'Connor*
Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Sarah E. Walters (BBO# 638378)
Christopher M. Durham (BBO# 707131)
Casey B. Stewart (BBO# 709729)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
sarah.walters@ropesgray.com
christopher.durham@ropesgray.com
casey.stewart@ropesgray.com

*Counsel for Wendy Jones*

*/s/ Kelly A. Librera*
Abbe David Lowell (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, NW
Suite 250
Washington, D.C. 20005
alowellpublicoutreach@lowellandassoci-
ates.com
Tel.: (202) 964-6110
Fax: (202) 964-6116

Kelly A. Librera (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
klibrera@winston.com

Martin G. Weinberg, Esq.
MARTIN G. WEINBERG PC
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

*Counsel for Devin Wenig*

**CERTIFICATION PURSUANT TO L.R. 7.1(a)(2)**

I, Jack. W. Pirozzolo, counsel for eBay, hereby certify that, in accordance with Local Rule 7.1(a)(2), I have conferred with counsel for all parties regarding the relief requested in this motion. Plaintiffs oppose the relief requested in this motion. Mr. Wymer will file a separate statement regarding this motion.

Dated: February 4, 2026                                 */s/ Jack W. Pirozzolo*
                                                                    Jack W. Pirozzolo

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 4, 2026                                 */s/ Jack W. Pirozzolo*
                                                                    Jack W. Pirozzolo