UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>EBAY INC., *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 1:21-CV-11181-DPW |

**UNITED STATES' MOTION FOR AN *EX PARTE, IN CAMERA* HEARING**

The United States of America (the "Government"), by and through undersigned counsel, respectfully requests an opportunity to discuss or confirm existing protections against the disclosure of classified information at trial in an *ex parte*, *in camera* hearing on or around February 26, 2026, or as the Court's schedule allows prior to the start of trial.

In support of this motion, the Government states as follows:

1.　On January 5, 2024, the Court issued a Protective Order to protect government information from unauthorized disclosure in this matter. ECF No. 315 (the "Protective Order"). That Protective Order has successfully protected against the disclosure of classified information throughout discovery in this case.

2.　At various times since then, the parties have expressed interest in probing the protected information as defined in the Protective Order. These efforts culminated in Defendants Steve Wymer, Wendy Jones, and Devn Wenig (collectively, the "Executive Defendants") filing a motion to vacate the Protective Order. ECF Nos, 621, 624, 625. The Court denied that motion on May 16, 2025, noting that "[t]he additional classified details Defendants seek are, at best, marginally relevant" and "[d]iscovery must remain proportional to the needs of the case." Order,

ECF No. 663 at 3.  The Court also observed that "the protective order was the product of extensive negotiation and was entered with the consent of all parties more than a year ago," including the Executive Defendants.  *Id.* at 2.

3. On November 26, 2025, the Government filed a Notice of Potential Trial Participation explaining in detail how it planned to protect government information at trial.  ECF No. 822 (the "Notice").  The Government explained that it had followed the same approach to objections during Defendant Baugh's deposition on July 8–9, 2025 and that the deposition proceeded efficiently without the disclosure of any Protected Information.  *Id.* at 2.  The Notice further explained that "Government counsel has relayed this plan to the parties, and no party has objected to it."  *Id.* at 3.  That statement remains true today; no party has expressed any concern to the Government about its planned approach for trial.  The Government also noted that its counsel "is available should the Court wish to discuss any of these matters *ex parte* and *in camera*."  *Id.* at 1 n.1.

4. The Court has repeatedly referenced the importance of the protections of the Protective Order, and the lack of relevance of information about Baugh's government background to the issues to be determined at trial.  Nevertheless, and notwithstanding her lack of objection to the Government's Notice, Defendant Wendy Jones challenged the Protective Order once again at the Final Pretrial Conference on December 3, 2025, stating, through counsel, that she intended to question Defendant Baugh on the timing of his prior government service.  But that information is plainly defined as protected information under the Protective Order and therefore forbidden from disclosure in any form in this matter.  *See* Protective Order ¶ ("Protected Information shall include . . . [a]ny information that might tend to reveal the nature of any classified or nonpublic relationships, contractual or otherwise, between Defendant Baugh and the U.S. Government,

2

including the details of any such actual, alleged, discussed, or proposed relationship, association, contract, project, dealing, interaction, or agreement."). Despite the clarity of the Protective Order on this point, there appeared to be some confusion at the Final Pretrial Conference as to why that information is protected and the importance of protecting that information.

5. The reasons informing the need to protect government information in this case beyond that which the Government has already voluntarily disclosed, are classified, highly sensitive, and extremely fact-specific. In order to fully discuss and articulate these concerns, and in keeping with the Court's prior suggestion that an *ex parte* hearing may be needed, *see* Minute Order, ECF No. 306 ("If necessary, the Court will hold an *ex parte* hearing."), the Government respectfully submits that the most appropriate way to convey these to the Court, and ultimately resolve them, is in the form of an *ex parte*, *in camera* hearing.

6. The Court has previously noted that it might become necessary to hold an *ex parte*, *in camera* hearing to adequately protect Government information in this case. *See* Minute Order, ECF No. 306 ("If necessary, the Court will hold an *ex parte* hearing."). For all of the forementioned reasons, the Government submits that it is necessary to do so now.

7. The Government and the Classified Information Security Officer in this case, Mr. Harry Rucker, are available for such a hearing on February 26, 2026 and can make themselves available on other dates, subject to the Court's availability.

WHEREFORE the Government respectfully requests that the Court hold an *ex parte*, *in camera* hearing regarding the protection of classified information at trial on February 26, 2026, or at such other time as the Court's schedule allows.

Dated: February 10, 2026                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
(D.C. Bar No. 1033486)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-8659
Email: christopher.edelman@usdoj.gov

*Counsel for the United States of America*