UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>                  Plaintiffs,<br>v.<br><br>EBAY, INC., et al.,<br><br>                  Defendants. | Civil Action<br>21-cv-11181-PBS |

**PLAINTIFFS' MOTION TO REOPEN LIMITED DISCOVERY
ON PUNITIVE DAMAGES, OR IN THE ALTERNATIVE TO COMPEL**

Plaintiffs Ina Steiner, David Steiner, and Steiners Associates, LLC (collectively, "Plaintiffs") respectfully move for an order reopening discovery for the limited purpose of seeking limited punitive-damages financial discovery from Defendants Devin Wenig, Steve Wymer, and Wendy Jones (the "Executive Defendants"), or, in the alternative, compelling production of such materials.[1] Defendants Devin Wenig, Steve Wymer, and Wendy Jones oppose this motion.

This motion is necessitated by the Court's January 20, 2026 ruling holding that California Civil Code § 3295 governs Plaintiffs' punitive damages claims against the Executive Defendants. See ECF No. 903. In light of that ruling, good cause exists under Federal Rule of Civil Procedure

---

[1] Plaintiffs only seek documents, and do not seek to depose any Executive Defendant or any other person on this issue. Plaintiffs additionally only seek that such discovery be produced if Plaintiffs are successful in Phase I of trial as to the availability of punitive damages against the Executive Defendants. If the jury decides that the Executive Defendants are not subject to punitive damages in Phase I, then Plaintiffs will not seek documents related to the Executive Defendants' financial status.

1

16(b)(4) to reopen discovery for this narrow and statutorily authorized purpose. See Fed. R. Civ. P. 16(b)(4).

This motion does not seek to reopen merits discovery, revisit depositions, or expand the factual record on liability. It seeks only the discrete financial information that California law expressly makes discoverable once punitive damages are at issue. See Cal. Civ. Code § 3295(c).

## I.     Procedural Background

During fact discovery, Plaintiffs served targeted document requests on the Executive Defendants seeking financial information relevant to punitive damages, including net-worth and compensation materials. See Exs. 1-3 (RFPs responses). On April 15, 2024, the Executive Defendants refused to produce any such documents, asserting that the requests were irrelevant because punitive damages were allegedly unavailable. *See id.*

At or around the same time, during the July 18, 2024 conference, the Court noted uncertainty as to whether California law would apply to punitive damages, and requested briefing on that issue. See ECF No. 421. The Court subsequently ruled that California law applied to the availability of punitive damages as to eBay, but was silent as to Plaintiffs' availability to seek punitive damages from the Executive Defendants. *Steiner v. eBay, Inc.*, 755 F. Supp. 3d 101, 108-11 (D. Mass. 2024). At the September 5, 2025 hearing, the Court requested that the parties brief the issue of punitive damages as to the Executive Defendants. ECF No. 739. Following that briefing, the Court ruled on January 20, 2026, that California Civil Code § 3295 governs the punitive-damages framework applicable to the Executive Defendants. ECF No. 903. That ruling clarified that Plaintiffs may pursue punitive damages against those Defendants under California law and that the statutory discovery provisions of § 3295 apply.

Thus, the Executive Defendants' prior refusal to produce financial discovery, premised on the asserted unavailability of punitive damages, has now been overtaken by the Court's ruling.

**II.     Good Cause Exists to Reopen Limited Discovery**

Under Rule 16(b)(4), a scheduling order may be modified for "good cause." Good cause is satisfied where a party demonstrates diligence and that the need for modification arose from circumstances outside its control. *See Buckley v. S.W.O.R.N. Prot. LLC*, No. 1:20-cv-00357, 2021 U.S. Dist. LEXIS 193925, at *3 (N.D. Ind. Oct. 7, 2021). Plaintiffs satisfy that standard for at least three independent reasons.

**A.     Plaintiffs Diligently Sought the Discovery During the Discovery Period**

Plaintiffs did not sit on their rights. They timely served discovery requests directed at the Executive Defendants' financial condition during the ordinary discovery period. *See* Exs. 1-3. The Executive Defendants refused to produce those materials. Plaintiffs could not obtain relief at that time because the availability of punitive damages, and the governing law, remained unsettled pending the Court's ruling. See ECF No. 421.

Where a party timely seeks discovery but is precluded from obtaining it due to an unresolved legal issue later decided by the Court, courts routinely find good cause to reopen discovery for the limited purpose made necessary by that ruling. *See, e.g.*, *Vinning-El v. Evans*, No. 05-cv-570, 2012 U.S. Dist. LEXIS 84363, at *2-6 (S.D. Ill. June 19, 2012).

Plaintiffs' diligence is therefore undisputed.

**B.     The Court's January 20, 2026 Ruling Constitutes a Material Change in Circumstances**

The January 20, 2026 ruling materially altered the procedural posture of this case. Prior to that ruling, punitive damages against the Executive Defendants were legally uncertain. After that ruling, they are governed by California Civil Code § 3295.

Section 3295(c) expressly authorizes discovery of a defendant's financial condition once punitive damages are at issue, subject to appropriate procedural safeguards. See Cal. Civ. Code § 3295(c).

Because the Court has now determined that § 3295 governs, the discovery regime applicable to punitive damages has been clarified. That constitutes good cause for limited reopening.

### C. The Requested Reopening Is Narrow, Efficient, and Non-Prejudicial

Plaintiffs seek only discrete financial documents relevant to punitive damages from January 1, 2019 to present, such as net-worth statements, tax returns, compensation records, and related materials, of the type routinely produced under § 3295(c). Plaintiffs do not seek depositions, additional merits discovery, or expansion of trial issues.

The burden on the Executive Defendants is minimal. The information sought concerns their own financial records, which are readily accessible.

By contrast, denying the motion would severely prejudice Plaintiffs. Under California law, evidence of a defendant's financial condition is an essential component of a punitive damages claim. Preventing Plaintiffs from obtaining that evidence, after the Court has ruled punitive damages are available, would effectively nullify that claim.

Courts consistently hold that limited reopening is appropriate where necessary to prevent such prejudice. *Cf. Perros v. Cty of Nassau*, No. CV 15-5598, 2021 U.S. Dist. LEXIS 188910 (E.D.N.Y. Sep. 30, 2021).

### III. Alternatively, the Court Should Compel Production Under Rule 37

In the alternative, the Court should compel production under Rule 37. Plaintiffs previously served requests directly seeking this information. The Executive Defendants refused production

4

solely on the ground that punitive damages were unavailable. That premise has now been rejected by the Court.

To the extent the prior responses remain operative, they are no longer substantially justified. *See* Fed. R. Civ. P. 37(a).

### IV.     Federal Procedure Does Not Bar Application of § 3295(c)

Although this case is in federal court, punitive damages are governed by state substantive law. *See Ayres v. AG Processing, Inc.*, No. 04-2060, 2005 U.S. Dist. LEXIS 15332, at *9 n.14 (D. Kan. July 22, 2005) ("[T]he circumstances under which punitive damages are available in a diversity case are governed by state law, . . . as are the substantive elements upon which an award of punitive damages may be based." (quoting *O'Gilvie v. Int'l Playtex, Inc.*, 821 F.2d 1438, 1448 (10th Cir. 1987) (alterations in original))). Section 3295(c) establishes substantive conditions for discovery of financial condition evidence tied to punitive damages. Federal courts routinely apply it in conjunction with the Federal Rules.

Reopening discovery for this limited statutory purpose harmonizes Rule 16 with California's punitive-damages framework and ensures that Plaintiffs' state-law remedies are not functionally extinguished by procedural timing.

### V.     V. Conclusion

Plaintiffs respectfully request that the Court either (a) reopen discovery for the limited purpose of permitting Plaintiffs to obtain financial-condition discovery from the Executive Defendants consistent with California Civil Code § 3295(c); or, (b) in the alternative, compel production of the previously requested financial documents; and grant such other relief as the Court deems just and proper.

Dated: February 11, 2026
      Newburgh, New York

Respectfully submitted,

*/s/Todd S. Garber*
Todd S. Garber
Erin Raye Kelley
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
1 North Broadway, Suite 900
White Plains, NY 10601
(914) 298-3283
tgarber@fbfglaw.com
ekelley@fbfglaw.com

Andrew G. Finkelstein
Brian D. Acard
Kenneth B. Fromson
Lawrence D. Lissauer
FINKELSTEIN & PARTNERS, LLP
1279 Route 300
Newburgh, NY 12551
(845) 563-9459
afinkelstein@fbfglaw.com
kfromson@lawampm.com
LLissauer@lawampm.com

Max Finkelstein
JACOBY & MEYERS, LLP
39 Broadway
Ste 1910
New York, NY 10006
(516) 246-2680
mfinkelstein@jmlawyer.com

Marc A. Diller
DILLER LAW, LLP
50 Congress Street
Ste 420
Boston, MA 02109
(617) 523-7771
marc@dillerlaw.com

Christopher R. Murphy
FOSTER, SCALLI & MURPHY, LLC
537 Broadway
Everett, MA 02149
(617) 387-7000

6

cmurphy@scallimurphy.com

*Counsel for Ina Steiner, David Steiner and Steiner Associates, LLC*

**CERTIFICATE OF SERVICE**

 I hereby certify that on February 11, 2026, this filing was submitted via the CM/ECF system and will be transmitted electronically to all registered users listed on the Notice of Electronic Filing. Paper copies will be provided to any parties identified as non-registered participants.

                */s/ Todd S. Garber*
                Todd S. Garber