# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| Steiner *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> eBay, Inc., *et al.*, <br><br> *Defendants*. | No. 1:21-cv-11181-PBS |

**DEFENDANT DEVIN WENIG'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for District of Massachusetts, Mr. Devin Wenig hereby responds and objects to Plaintiffs' Request for Production of Documents to Devin Wenig (1–11) ("Requests" and each a "Request"), dated March 16, 2023.

**PRELIMINARY STATEMENT**

Mr. Wenig responds to each of the Requests based only on information and materials presently available and specifically known to him at this time after a reasonable and good-faith investigation. Mr. Wenig's responses to these Requests are provided without prejudice to his right to amend or supplement pursuant to Federal Rule of Civil Procedure 26(e) and the Local Rules. Mr. Wenig reserves the right to enter additional objections and responses to the Requests as appropriate. Mr. Wenig expressly reserves all rights under the Federal Rules of Civil Procedure and Federal Rules of Evidence not required to be exercised at this time.

**GENERAL OBJECTIONS**

Mr. Wenig makes the following objections, which apply to each and every Definition, Instruction, and Request set forth by Plaintiffs, regardless of whether the objection is separately

1

repeated in any Specific Objection. Except to the extent that an Instruction or Definition is consistent with Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts, Mr. Wenig does not adopt or apply any such Instruction or Definition. Mr. Wenig objects to the Definitions, Instructions, and Requests to the extent that they contain express or implied assumptions of fact or law relating to the matters at issue in this case. In responding to these Requests, Mr. Wenig does not admit the factual or legal bases of the Requests.

1. Mr. Wenig objects to Plaintiffs' Definitions, Instructions, and Requests to the extent that they (1) change the common meaning of the English language with regard to any word or phrase, (2) define terms differently from how such terms are defined under the Federal Rules of Civil Procedure, the Local Rules, and/or the common law, and/or (3) impose upon Mr. Wenig any requirements or obligations inconsistent with, broader than, and/or not imposed by the Federal Rules of Civil Procedure, the Local Rules, or any governing orders or agreements in the above-captioned litigation.

2. Mr. Wenig's responses are made solely for the purposes of this action, and not for any other purpose.

3. Mr. Wenig objects to the Requests to the extent that they seek documents, things, and information protected by the attorney-client privilege, work-product immunity, spousal privilege, and/or any other applicable exception or privilege. Mr. Wenig will not provide such documents, and, to the extent that any such documents are inadvertently provided in response to the Requests, the applicable privilege or immunity is not, and should not be construed as, waived.

4. Mr. Wenig objects to the Requests to the extent they seek documents or things protected by all federal and/or state privacy laws.

5. Mr. Wenig objects to the Requests to the extent they are vague, confusing, ambiguous, or not susceptible to a reasoned interpretation or response.

6. Mr. Wenig objects to the Requests to the extent they are overbroad, seek information that is not relevant to the claims or defenses in this case, and to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

7. Mr. Wenig objects to any Request that is duplicative or cumulative, and/or seeks documents that have already been provided by any other party in this action, or that asks for documents already in the Plaintiffs' possession, custody, or control, or that may be obtained through other means of discovery that is less burdensome or expensive.

8. Mr. Wenig objects to each and every Request to the extent that the documents sought are outside of Mr. Wenig's possession, custody, or control and in the possession of others, or to the extent that the documents sought are publicly available.

9. Nothing in these responses shall be construed as waiving rights or objections that otherwise might be available to Mr. Wenig, nor shall Mr. Wenig's responses to any of these Requests be deemed an admission of relevancy, materiality, or admissibility in evidence of the Requests or of the responses thereto.

10. Any objection, failure to object, or agreement to produce responsive documents or information does not constitute a representation by Mr. Wenig that any such documents or information exist or are within his possession, custody, or control.

11. To the extent that a Request calls for the production of documents or things that contain information of which only a part is responsive or discoverable, Mr. Wenig objects and reserves the right not to produce documents or things in response to such a Request except on a redacted basis.

12. To the extent Plaintiffs' definition of "You" and "Your" includes "anyone acting or purporting to act on behalf of Wenig," Mr. Wenig objects to this definition as overly broad, unduly burdensome, vague and ambiguous. Mr. Wenig also objects to the extent these terms potentially include entities or persons with documents outside the possession, control, or custody of Mr. Wenig. Mr. Wenig further objects to these terms insofar as they would require Mr. Wenig to reveal information protected by the attorney client privilege, spousal privilege, or any other privilege.

13. Mr. Wenig objects to the definition of "subject matter of this action" as overly broad, vague, and ambiguous to the extent it includes not only the events outlined in the Complaint, but also "any and all related events."

14. Mr. Wenig objects to the default time period in the Requests ("from January of 2018 to the time of response") as overly broad, unduly burdensome, and as seeking information that is not relevant to any claim or defense or proportional to the needs of the case.

15. Mr. Wenig objects to the Instructions and to each Request to the extent that they propose any time period that is vague and ambiguous. To the extent that the time period proposed by a Request could be read to apply to the entire Request or to only a part of it, Mr. Wenig understands the time period to apply to the entire Request.

16. Mr. Wenig objects to the Requests' demand that he produce documents responsive to the Requests "at a time convenient to the parties on or before a date thirty (30) days from the date of service of this request" as inconsistent with the requirements of Federal Rule of Civil Procedure Rule 34(b)(2). As the Rule requires, Mr. Wenig is responding to the Requests in writing within thirty days of service and will produce responsive documents at a reasonable time thereafter, including the time needed for any meet-and-confer discussions between the parties.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all employment contracts, offers of employment, termination letters, severance package letters, letters of resignation, requests for bonus calculations, awarded bonus calculation, stock options, or any other employment related documents from eBay.

**RESPONSE TO REQUEST NO. 1:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome, and disproportionate to the needs of the case. Mr. Wenig further objects to "employment related documents" as vague, ambiguous, and overbroad.

Subject to his General and Specific Objections, Mr. Wenig will produce non-privileged, non-cumulative documents from his time as eBay's CEO, to the extent they exist, that are in his possession, custody, and control and that can be located after a reasonable search. Mr. Wenig is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all communications, memoranda, letters, or notes relating to any communications with any eBay board of director, employee or agent relating to any clawbacks.

**RESPONSE TO REQUEST NO. 2:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig further objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome, and disproportionate to the needs of the case. Mr. Wenig further objects to the extent this Request seeks communications and documents "relating to any clawbacks" of any individual.

Subject to his General and Specific Objections, Mr. Wenig will produce non-privileged, non-cumulative responsive documents in his possession, custody, and control, to the extent they

5

exist that can be located after a reasonable search. Mr. Wenig is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all communications, memoranda, letters, or notes relating to any communications with any eBay board of director, employee or agent relating to any Government investigation, including whether eBay would lobby on your behalf for you to not be criminally charged.

**RESPONSE TO REQUEST NO. 3:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome and disproportionate to the needs of the case. Mr. Wenig also objects to this Request as seeking information that is beyond Mr. Wenig's possession, custody, and control and as seeking discovery that can more easily be sought from other sources.

Subject to his General and Specific Objections, Mr. Wenig will produce relevant, non-privileged, non-cumulative documents and communications in his possession, custody and control, to the extent they exist, relating to any Governmental investigation into the matters referred to in the Complaint that can be located after a reasonable search. Mr. Wenig is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all emails, phone records, text messages, iMessages, direct messages or any other written communication, document, memoranda, or other writing within your possession, including any external hard-drive, computer, computer server, iCloud or other remote storage containing the search terms Ina, "Ira," "Ina Steiner, Steiner, "David Steiner," AuctionBytes, Auction Bytes, EcommerceBytes, Ecommerce Bytes, ECB, Elliott Management, Samoan, FidoMaster or UnsuckEbay or any aliases, Natick, or Waban, on its own, or with "Waban Street" or "Waban St."

**RESPONSE TO REQUEST NO. 4:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome and

disproportionate to the needs of the case. Mr. Wenig also objects to "any aliases" as vague and ambiguous. Mr. Wenig further objects to this Request to the extent it is seeking to obtain "any external hard-drive, computer, computer server, iCloud or other remote storage."

Subject to his General and Specific Objections, Mr. Wenig will search for documents and communications containing the search terms "Ina," "Ira," "Steiner," "AuctionBytes," "Auction Bytes," "EcommerceBytes," "Ecommerce Bytes," "ECB," "Samoan," "FidoMaster," "UnsuckEbay," "Natick," and "Waban," and will produce relevant, non-privileged, non-cumulative documents in his possession, custody, and control, to the extent they exist. Mr. Wenig is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all communications with any co-defendant from January 2019 through the date of your resignation.

**RESPONSE TO REQUEST NO. 5:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome, and disproportionate to the needs of the case.

Subject to his General and Specific Objections, Mr. Wenig will produce any non-privileged, non-cumulative communications with any co-defendant, relating to the claims and defenses in this case, from January 1, 2019 to September 24, 2019, to the extent they exist, that are in his possession, custody, or control and that can be located after a reasonable search. Mr. Wenig is otherwise willing to meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 6:**

Access to any and all electronic devices that contain any and all text messages, emails, or other written communications for the year 2019, regardless of whether you possessed the device in 2019,

or whether the electronic information from 2019 was transferred to the device. Also include any and all devices that were utilized by you in 2019, but are no longer in service or in use.

**RESPONSE TO REQUEST NO. 6:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome, and disproportionate to the needs of the case. Mr. Wenig also objects to this Request to the extent it is seeking the discovery of documents that are not in his possession, custody, and control. Mr. Wenig further objects to this Request to the extent it seeks discovery from Mr. Wenig beyond that permitted by the Federal and Local Rules. Finally, to the extent this Request is seeking "[a]ccess to any and all electronic devices," Mr. Wenig objects to this request because such a request is not proportional to the needs of the case as required under applicable law given Mr. Wenig's compelling privacy interest in the contents of his electronic devices, and his ability to provide the requested communications through alternative and less invasive means.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all photographs or videos taken of the Steiner residence, vehicle, or the Steiners.

**RESPONSE TO REQUEST NO. 7:**

Subject to his General and Specific Objections, Mr. Wenig will produce non-privileged, non-cumulative documents responsive to this Request, to the extent such documents exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

Personal tax returns and tax returns and records related to any businesses and trusts you own or owned from 2018 through present.

**RESPONSE TO REQUEST NO. 8:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome, and

disproportionate to the needs of this case. Mr. Wenig further objects because his personal tax returns are not relevant to the case nor is there is a compelling need for them.

**REQUEST FOR PRODUCTION NO. 9:**

Any communications with any co-defendants after their suspension and termination or departure from the company.

**RESPONSE TO REQUEST NO. 9:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information, and as overly broad, unduly burdensome, and disproportionate to the needs of this case.

Subject to his General and Specific Objections, Mr. Wenig will produce non-privileged, non-cumulative communications with co-defendants after their departure from eBay, to the extent such documents exist, are relevant to the claims and defenses in this action, and can be located after a reasonable search. Mr. Wenig is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents depicting any support with new employment, financial support or promises provided to any co-defendant.

**RESPONSE TO REQUEST NO. 10:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig objects to this Request as seeking irrelevant information and as overly broad, unduly burdensome and disproportionate to the needs of the case. Mr. Wenig further objects to "depicting" and "support" as vague and ambiguous.

Subject to his General and Specific Objections, Mr. Wenig will produce non-privileged, non-cumulative documents and communications, to the extent they exist and can be located after a reasonable search. Mr. Wenig is otherwise willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents you intend to introduce as evidence at trial in this matter.

**RESPONSE TO REQUEST NO. 11:**

Mr. Wenig incorporates each of the General Objections asserted above. Mr. Wenig also objects to this Request as premature.

Dated: April 15, 2024

By:  /s/ *Kelly A. Librera*
Abbe David Lowell (*pro hac vice*)
Kelly A. Librera (*pro hac vice* motion forthcoming)

adlowell@winston.com
KLibrera@winston.com

WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
(212) 294-6700

Martin G. Weinberg, Esq.
Martin G. Weinberg PC
20 Park Plaza, Suite 1000
Boston, MA 02116
owlmgw@att.net
(617) 227-3700

*Counsel for Devin Wenig*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2024 the foregoing document is being served on all parties and counsel of record via email.

Dated: April 15, 2024                                          By: */s/ Kelly A. Librera*