**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                    )
INA STEINER, DAVID STEINER, and     )
STEINER ASSOCIATES, LLC,            )
                                    )     Civil Action No. 21-CV-11181-PBS
            Plaintiffs,             )
                                    )     Permission to file under seal granted
      v.                            )     February 12, 2026
                                    )
EBAY INC., et al.,                  )
                                    )
            Defendants.             )
_____ )
```

**MEMORANDUM IN SUPPORT OF**
**MOTION OF DEFENDANTS EBAY, INC., DEVIN WENIG, AND WENDY JONES,**
**TO EXCLUDE THE SUPPLEMENTAL REPORT OF DR. HOWARD FORMAN**
**AND FOR SANCTIONS UNDER RULE 37**

At the December 2024 deposition of Dr. Howard Forman, Plaintiffs' mental-health expert, eBay elicited testimony highly damaging to David Steiner's claims of emotional distress. When presented with ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████. When he made this admission, Dr. Forman did not know that Dr. McCord had separately testified that ████████████████████████████ ███████████████████████████████████████████. This evidence severely undercuts Mr. Steiner's claim for emotional-distress damages.

Recognizing that fact and with trial approaching, in late December 2025, following the pretrial conference, Mr. Steiner secretly withdrew the HIPAA authorizations giving Defendants access to his medical records. A week later, on January 6 and 7, 2026, ████████████████ ████████ The next day, January 8, Mr. Steiner contacted Dr. McCord, ████████████ ████████████████████████████████████████████████████████████████████████

███████████████ Drs. Forman and McCord spoke on January 29. Thereafter, Dr. Forman drafted a supplemental report in reliance on the information obtained in that conversation.

Plaintiffs disclosed none of this contemporaneously—or voluntarily. Instead, Defendants began to unravel these events only when they subpoenaed Mr. Steiner's healthcare providers on January 20 and learned from those providers—rather than Plaintiffs—that Mr. Steiner had withdrawn his HIPAA authorizations. Only after demanding that Mr. Steiner reinstate his HIPAA authorizations did Defendants receive updated records from Dr. McCord, including a record reflecting Mr. Steiner's request that she contact Dr. Forman. Defendants in turn asked Plaintiffs whether Dr. Forman had spoken with any of the Steiners' providers, including Dr. McCord. Plaintiffs confirmed that he had. But Plaintiffs tried to downplay that conversation. Consistent with earlier representations, they stated that "Dr. Forman does not intend to rely on this communication [with Dr. McCord] at trial."

Plaintiffs reneged the next day. They served a supplemental report from Dr. Forman relying on that communication, the previously undisclosed ████████████████████, and medical records related to █████████████████████ which is the subject of eBay's prior motion filed on February 4. *See* Dkt. 916. The supplemental report also reversed course on Plaintiffs' representation two weeks earlier, at a January 26 meet-and-confer, that Dr. Forman would not rely on ██████████████████████.

The Court should not tolerate Plaintiffs' conduct. It is evident that, but for Defendants' efforts to update the medical records and their persistence in obtaining them, Plaintiffs had every intention of hiding from Defendants Mr. Steiner's efforts to modify the evidence regarding ██ ████████████. And in all likelihood, they intended Dr. Forman to testify about this conversation with Dr. McCord to blunt the damaging evidence about ████████████████.

██████. Plaintiffs' conduct is highly improper and warrants total exclusion of Dr. Forman's report and the reported conversation with Dr. McCord. It also warrants a judicial instruction that Mr. Steiner ████████████████████████████████████████████████ ████████████████████████████████████.

## BACKGROUND

A.    **David Steiner's** ████████████████████████████████████.

Dr. Forman's opinion regarding David Steiner's psychiatric health rests in significant part on ████████████████████████████████████████████ ████████████. *See* Ex. A to Declaration of Jack W. Pirozzolo ("Pirozzolo Decl."), at 8–9 ("Forman Rpt."). ██████████████████████████████████ ████████████ Ex. B to Pirozzolo Decl., at 54:24–55:6 ("Forman Depo."). ██████████ ██████████████████████ *Id.* at 165:23–166:16. ██████████ ████████████████████████████████████████████

██████████████ Dr. Forman described these results as ██████ Forman Rpt. 8–9.

Dr. McCord's records also contain ██████████████████████████ ██████████████ According to Dr. McCord's records, ██████████████████ ████████████████████████████████████████████ ██████████████. Forman Depo. 309:21–318:25. In November 2023, coinciding with the beginning of fact discovery in this matter, ██████████████████████████████ ████████████████████████████████████████████ Ex. C to Pirozzolo Decl., at 3PP_MD_000963.

Dr. Forman's report does not discuss ██████████████████████████████ Dr. McCord's records. But when confronted with ██████████ at his deposition in December 2024, Dr. Forman offered two possible explanations for ██████████████████████████

Dr. McCord's records. One was that Dr. McCord's records ████████████████████

████████████████████████████████████████████████████████████████

Forman Depo. 312:9–313:24, 318:20–319:2. The other was that Mr. Steiner ████████████████

*Id.* at 319:19–22.

This created a major problem for Mr. Steiner because, unbeknownst to Dr. Forman,

Dr. McCord had already ruled out the first possibility. She had separately testified that every

patient completes ████████████████ "at every visit" and that she expects medical assistants

to "transcribe" those results "accurately":

> Q.    [Is] it your office's practice to ████████████████ at every visit?
> A.    Yes.
> Q.    Is it sometimes referred to as ████████?
> A.    Yes.
> Q.    Was it your office's practice to conduct ████████ at every visit?
> A.    Yes.

Ex. D to Pirozzolo Decl., at 15:21–16:7 ("McCord Depo."). She further stated that her records

accurately reflect ████████████████:

> Q.    No reason to believe that these tests are inaccurate? Sorry, no reason to
>        believe these responses are inaccurate?
> A.    They were what the patient reported at the time.
> Q.    And you have no reason to believe that these purported results are
>        incomplete?
> A.    No.

*Id.* at 31:18–32:2; *see also* 29:12–31:17 (identifying records in question as ████████████████

████████████████ describing scoring). Plaintiffs' counsel, who was present at Dr. McCord's

deposition, did not seek to correct her testimony. *See id.* at 42:13–15. Dr. Forman did not know

any of this at the time of his deposition, however, because although Dr. McCord's deposition had

already occurred by then, Dr. Forman had not reviewed it and indeed admitted that he did not even

know who Dr. McCord was. Forman Depo. 79:12–80:15.

This is where the record stood at the close of discovery, at the November 3, 2025 deadline for supplemental expert reports, and through nearly all of 2025.

**B.    Unbeknownst to Defendants, Dr. Forman reexamines Plaintiffs, and David Steiner contacts Dr. McCord about his surveys.**

In late December, however, with trial approaching, Plaintiffs began a series of steps to undo the damage from Dr. Forman's testimony. On December 30, 2025, Mr. Steiner withdrew his HIPAA authorizations. *See* Ex. I to Pirozzolo Decl. The following week, on January 6 and 7, 2026, ███████████████████████████████████████████. Ex. E to Pirozzolo Decl., at 1 ("Forman Supp. Rpt."). The next day, Mr. Steiner contacted Dr. McCord about ███████████████ ████████████████



Ex. F to Pirozzolo Decl. Dr. Forman spoke with Dr. McCord about ██████████████████ on January 29. Forman Supp. Rpt. 1.

Plaintiffs disclosed none of these events to Defendants contemporaneously. Rather, Defendants learned Mr. Steiner had withdrawn his HIPAA authorization only when eBay subpoenaed Dr. McCord's practice on January 20. *See* Ex. G to Pirozzolo Decl., at 6–8. And Defendants learned Mr. Steiner had contacted Dr. McCord only after Plaintiffs reinstated that authorization at eBay's insistence, and Dr. McCord responded to the subpoena on January 30. Pirozzolo Decl. ¶ 7. On February 6, eBay asked Plaintiffs to report "whether Dr. Forman has spoken to any of the Steiners' medical providers since his deposition (December 9, 2024). If he

has, can you please report the substance of those communications and whether he intends to rely on any such communications at trial." Ex. H to Pirozzolo Decl., at 4.

On February 9, Plaintiffs responded that "Dr. Forman has spoken to Dr. McCord since his deposition. Their conversation consisted of ███████████████████████ ████████████████████████ *Dr. Forman does not intend to rely on this communication at trial*." *Id.* at 3 (emphasis added). Plaintiffs did not disclose in that communication anything about ██████████████████, nor did they disclose the date or circumstances prompting Dr. Forman's conversation with Dr. McCord.

eBay responded by asking Plaintiffs to "convey what Dr. McCord said to Dr. Forman and what Dr. Forman said to Dr. McCord, the date(s) of the communication, and the date upon which Plaintiffs' counsel learned of the communication." *Id.* at 2.

Plaintiffs provided none of that. Instead, the next day, on February 10, they reneged on the prior day's representation and served "Dr. Forman's supplemental report, the contents of which Dr. Forman intends to rely on at trial." *Id.* at 1. The supplemental report states that Dr. Forman spoke with Dr. McCord and that ██████████████████████ ██████████████████████████████████ ██████████████████████████████████ ████████████████████████ Forman Supp. Rpt. 1. Dr. Forman did not explain why Dr. McCord would have said these things in direct contradiction of her sworn testimony that it was her "office's practice to conduct" ████████████ "at every visit" and that there is no reason to believe that these purported results are incomplete. McCord Depo. 15:23–16:7, 31:18–32:2.

In addition to contradicting Plaintiffs' email of February 9, the supplemental report also reversed course on Plaintiffs' prior representation, at the parties' January 26 meet-and-confer, that Dr. Forman would not rely at trial on ████████████████████████████████████ ████████████████████████. *See* Dkt. 916-1, ¶¶ 6–9. In the report, Dr. Forman notes that he reviewed the records ███████████████████████████████████████████ ███████████████ Forman Supp. Rpt. 1.

Finally, the supplemental report disclosed, for the first time, that Dr. Forman ███ ████████████████████████████████████████ more than a month earlier. Plaintiffs provided no explanation for failing to disclose ████████████ for over a month nor for reneging on their representation that Dr. Forman would not consider ███████████ ██████████

## ARGUMENT

### I.     Dr. Forman's supplemental report is untimely and should be excluded.

"Any additions or changes" to an expert's report "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). That's the rule even if the additions or changes are based on evidence obtained after the pretrial disclosure deadline. *See Medimpact Healthcare Sys., Inc. v. Iqvia Inc.*, 2022 WL 15524594 (S.D. Cal. Oct. 27, 2022). Pretrial disclosures in this case were due November 3, 2025. Dkt. 747. Plaintiffs didn't disclose Dr. Forman's supplemental report until February 10, 2026. His supplement is untimely.

The "ordinary" and "self-executing sanction" for late disclosure is "mandatory preclusion." *HipSaver Co. v. J.T. Posey Co.*, 497 F. Supp. 2d 96, 103 (D. Mass. 2007) (citing Fed. R. Civ. P. 37(c)(1)). Neither of the narrow exceptions to that rule applies here. The late disclosure is not "substantially justified." Fed. R. Civ. P. 37(c)(1). Plaintiffs could have had Dr. Forman ███████████ ████████████████████████ at any point in the 11 months between Dr. Forman's

deposition and the deadline. They simply chose not to. That can't justify their tardiness. *See Macaulay v. Anas*, 321 F.3d 45, 51–52 (1st Cir. 2003). Consulting Dr. McCord in January 2026—rather than at her deposition, after ▮▮▮▮▮▮▮▮ were discussed at length in the October 2024 and November 2024 reports of Defendants' Rule 35 examiner, after ▮▮▮▮▮▮▮ were addressed at length in Dr. Forman's December 2024 deposition, or any time prior to November 3, 2025—is particularly unjustifiable.

Nor is the late disclosure "harmless." Fed. R. Civ. P. 37(c)(1). To fairly contend with Dr. Forman's new opinions, the Rule 35 examiner would need to reexamine the Steiners and supplement her own report, and Defendants would need to re-depose Dr. Forman, Mr. Steiner, and Ms. Steiner—all on the eve of trial. That is plainly prejudicial, as this Court has recognized. *See Photographic Illustrators Corp. v. Orgill, Inc.*, 370 F. Supp. 3d 232, 250 (D. Mass. 2019); *see also Macaulay*, 321 F.3d at 52; *Samsung Elecs. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 198–200 (E.D. Va. 2016) (discussing that failure to provide timely and complete expert report "unfairly inhibits [a party's] ability to properly prepare" because such reports are "often the centerpiece of discovery," and further recognizing that requiring a party to "complete supplemental expert discovery in a matter of days" effectively denied that party expert discovery).

The Court should exclude Dr. Forman's supplemental report and preclude him from testifying about any of the information contained therein, including his conversation with Dr. McCord, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ .

## II.    The Court should instruct the jury that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ .

Courts may impose "appropriate sanctions" "in addition to" exclusion for a party's failure to timely disclose evidence. Fed. R. Civ. P. 37(c)(1). Among the sanctions available in the court's

"broad discretion," *Samsung Elecs. Co.*, 314 F.R.D. at 200, is "directing that … designated facts be taken as established for purposes of the action, as the prevailing party claims," Fed. R. Civ. P. 37(b)(2)(A)(i); *see id.* 37(c)(1)(C) (incorporating that provision by reference).

In addition to excluding Dr. Forman's supplemental report, the appropriate sanction for Plaintiffs' untimely effort to gin up new evidence is directing that the jury take as established that ███████████████████████████████████████████████████████████████████ as Dr. McCord's uncontradicted and sworn deposition testimony shows. There is no legitimate justification for ████████████████████ in January 2026 to generate new evidence regarding ████████████ let alone to generate new evidence that contradicts Dr. McCord's prior sworn testimony. The way to undo that misconduct is to return the record to the state in which it existed before █████████████████████████████████████████████ ████████████████████████████ *See Staley v. U.S. Bank Nat'l Ass'n*, 2013 WL 331271, at *5 (D. Idaho Jan. 29, 2013) (issuing adverse-inference instruction for late disclosure of evidence); *cf. Digit. Vending Servs. Int'l v. Univ. of Phoenix, Inc.*, 2013 WL 5533233, at *11 (E.D. Va. Oct. 3, 2013) (recommending instruction that discovery abuse prevented prejudiced party's ability to cross-examine witnesses).

## CONCLUSION

For these reasons, the Court should exclude Dr. Forman's supplemental report, preclude Dr. Forman from testifying to the information in his supplemental report, and direct the jury to take as established that ████████████████████████████████████████ ██████.

Dated: February 17, 2026

/s/ Jack W. Pirozzolo
Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
Emily A. Rose (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com
emily.rose@sidley.com

*Counsel for eBay Inc.*

/s/ Andrew J. O'Connor
Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Sarah E. Walters (BBO# 638378)
Christopher M. Durham (BBO# 707131)
Casey B. Stewart (BBO# 709729)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
sarah.walters@ropesgray.com
christopher.durham@ropesgray.com
casey.stewart@ropesgray.com

*Counsel for Wendy Jones*

*/s/ Kelly A. Librera*

Abbe David Lowell (*pro hac vice*)
Lowell & Associates, PLLC
1250 H Street, NW
Suite 250
Washington, D.C. 20005
alowellpublicoutreach@lowellandassociates.c
om
Tel.: (202) 964-6110
Fax: (202) 964-6116

Kelly A. Librera (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
klibrera@winston.com

Martin G. Weinberg, Esq.
MARTIN G. WEINBERG PC
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

*Counsel for Devin Wenig*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


Dated: February 17, 2026                                    */s/ Jack W. Pirozzolo*
                                                            Jack W. Pirozzolo