# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INA STEINER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 21-CV-11181-PBS |
| v. | ) | |
| | ) | |
| EBAY INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS WENDY JONES, STEVE WYMER, AND DEVIN WENIG'S MOTION IN LIMINE TO EXCLUDE EBAY INC.'S DEFERRED PROSECUTION AGREEMENT (EXS. Q[3], N[8], H[36], J[36], M[36]) FROM PHASE 1 OF TRIAL**

## INTRODUCTION

Consistent with the Court's statements at the September 5, 2025 status conference, Defendants Devin Wenig, Steve Wymer, and Wendy Jones (together, the "Individual Defendants") move to exclude from Phase 1 Defendant eBay Inc.'s Deferred Prosecution Agreement ("DPA")— a document full of inadmissible hearsay, improper opinions, and selective excerpts of documents.

When hearing the Individual Defendants' motion to sever their trials from eBay's due to the risk of prejudice stemming from the potential admission of the DPA, this Court made clear that it was considering "exclud[ing] the Deferred Prosecution Agreement, other than the fact that there was one . . . [given] all the concessions in there, until the punitive damages [phase]" to reduce the very real risk of prejudice to the Individual Defendants that likely could not be resolved "even with a curative instruction." ECF 739, Status Conf. Hr'g Tr. 7:1-3; 10:12-14 (Sept. 5, 2025); *see also* ECF 729, 730. After this Court reiterated its intention to exclude the terms of the DPA from Phase 1, Plaintiffs' counsel responded, "We would embrace that." ECF 739 at 14:4. Nonetheless, the DPA (in both draft and final form) appears on both Plaintiffs' and eBay's "Will Use" exhibit lists for Phase 1. *See* ECF 925-2, Exs. Q[3], N[8], H[36], J[36], M[36].[1] And Plaintiffs just recently informed the Individual Defendants that, during Plaintiffs' case-in-chief, they intend to cross-examine eBay's compliance officer on all aspects of both the DPA and the related criminal information.

The DPA—a document negotiated solely between eBay and the U.S. Attorney's Office ("USAO")—is not admissible as to the Individual Defendants. *See* ECF 934, Status Conf. Hr'g Tr. 27:18-22 (Feb. 11, 2026). The DPA is replete with inadmissible hearsay, including the USAO's opinions about eBay's conduct and the company's response to the harassment campaign, as well as selective, prejudicial excerpts of documents, all in violation of Federal Rules of Evidence

---

[1] The parties intend to revise exhibit numbers before trial.

106, 403, 602, 702, 801–803, and 901. And yet it purports to be an authoritative document describing the harassment campaign and the Individual Defendants' alleged knowledge of or involvement in it—the central question in Phase 1. To allow the jury to consider such a document during Phase 1 would taint all other evidence and impair the jury's ability to impartially evaluate it. As this Court recognized, a limiting instruction that the DPA be considered only as to eBay cannot cure the prejudice of its admission. *See* ECF 739 at 7:1-3 (Court: "So that's a little hard for Mr. Wenig or Mr. Wymer to overcome, **even with a curative instruction**" (emphasis added)). Accordingly, as the Court has already suggested, the DPA should be excluded from Phase 1. To the extent the Court permits eBay to present certain paragraphs of the DPA recognizing its cooperation, those paragraphs must be offered in isolation or through a stipulation, without the prejudicial material contained in the rest of the 73-page document.

## BACKGROUND

In September 2025, the Individual Defendants moved to sever their trials from those of eBay and the seven Criminal Defendants who had pleaded guilty to crimes arising out of the harassment campaign. The Individual Defendants argued they could not be fairly tried with defendants (including eBay) who had admitted to engaging in criminal conduct. ECF 729, 730. The Court granted the motion in part, severing the Criminal Defendants.[2] *See* ECF 734. The Court also discussed how it intended to address the unfair prejudice to the Individual Defendants arising out of a trial including eBay, a defendant that itself admitted to criminal conduct. Specifically, the Court explained that "bifurcating" Phase 1 and Phase 2 would "deal with the prejudice because [at Phase 1] **I'd only allow in the fact there was a deferred prosecution agreement, and I**

---

[2] "Criminal Defendants" refers to Jim Baugh, David Harville, Stephanie Popp, Stephanie Stockwell, Veronica Zea, Brian Gilbert, and Philip Cooke.

would say that '[eBay] **was responsible for the acts of the people who committed the crimes, and [the jury] should not infer anything else from it**.'" ECF 739 at 12:13-18 (emphasis added). The Court later reiterated that it was "leaning towards having a bifurcated trial with eBay and the three C-suite defendants, **without allowing in the terms of the Deferred Prosecution Agreement until the punitive stage"; Plaintiffs' counsel responded: "We would embrace that."** *Id.* at 13:25-14:5 (emphasis added).[3]

The Court has now implemented that strategy and has bifurcated the trial. Yet, despite Plaintiffs' counsel having "embrace[d]" the concept of a bifurcated trial "without allowing the terms of the Deferred Prosecution Agreement until the punitive stage" (*id.* at 14:2-4), Plaintiffs included the DPA (attached as Exhibit A) and its drafts on their exhibit list *four times* and, in a January 26 meet-and-confer, confirmed their intent to offer it in the first, liability, phase of trial. Then, on February 16, Plaintiffs informed defense counsel that they intend to cross-examine eBay's chief compliance officer on all aspects of the DPA. Plaintiffs have also designated deposition testimony regarding the substance of the DPA, to which the Individual Defendants have objected. eBay also intends to offer at least parts of the DPA during Phase 1. Regardless of whether Plaintiffs or eBay offer the DPA in Phase 1, the prejudice to the Individual Defendants—non-parties to the DPA—would be significant and incurable.

---

[3] For these reasons, the Individual Defendants did not previously file a motion in limine regarding the DPA and simply objected to its inclusion on proposed exhibit lists. *See* ECF 796 at 3 ("Because the Court has declined to try eBay separately from the Individual Defendants, it must—as it has done for the DPA—exclude this same kind of prejudicial evidence."); ECF 793 at 1 ("[T]he affidavit presents problems under Federal Rule of Evidence 403 similar to those posed by eBay's [DPA], which the Court has already excluded . . . .").

## ARGUMENT

I.     **The DPA Is Highly Prejudicial, Inadmissible Hearsay Evidence as to the Individual Defendants and Must Be Excluded in Its Entirety from Phase I.**

The DPA is inadmissible as to the Individual Defendants. The 73-page document is a series of out-of-court statements, negotiated by and entered into between eBay and the USAO only. *See* Fed. R. Evid. 801(c). It consists of: (i) the USAO's opinions, titled "Relevant Considerations," including opinions about the "nature, seriousness, and pervasiveness of the offense conduct" at eBay, the conduct of eBay executives and employees, and eBay's discipline of executives and employees; and (ii) an attached "Statement of Facts" with a selective summary of, among other things, emails and communications by and among the Individual Defendants. *See* Ex. A at 3-6 ("Relevant Considerations"); *id.*, Attach. A ("Statement of Facts"). These out-of-court statements made by the USAO and eBay, along with the rest of the DPA, are hearsay as to the Individual Defendants, and as the Court has recognized, are not admissible as to them. *See* Fed. R. Evid. 801(c); ECF 934 at 27:18-22.[4]

For example, the DPA reflects the USAO's "Relevant Considerations," including the USAO's views on eBay's actions, including actions related to the Individual Defendants, in the wake of the Natick events. Ex A at 5. The "Statement of Facts" also purports to tell a story of the criminal harassment campaign not just by describing the Criminal Defendants' actions, but by selectively discussing and quoting portions of email correspondence and text messages sent and received by the Individual Defendants. *See* Ex. A, Attach. A. Not only are those statements hearsay as to the Individual Defendants, but their selective excerpting violates both the rule of

---

[4] Moreover, to the extent Plaintiffs seek to use the DPA to explain the events that took place in Natick in 2019, or eBay seeks to use the DPA to explain its cooperation with the Government and its remedial actions, each of those parties has included witnesses on their witness lists who can fully address these issues through non-hearsay means.

completeness, *see* Fed. R. Evid. 106, and Rule 403.  To allow the jury to consider a selective recounting of the narrative—crafted by the USAO and agreed to by eBay to end the criminal investigation without a plea—risks supplanting the jury's role in impartially assessing the evidence as against each Individual Defendant.  Indeed, the handpicked quotes from messages involving the Individual Defendants in the DPA will unfairly imply to the jury that those messages were sufficient, or at least supportive of, the USAO's decision to file criminal charges against eBay. That prejudice warrants exclusion of the DPA.

## II.    The DPA's Spillover Prejudice Cannot Be Cured with a Limiting Instruction.

As this Court has already recognized, because the DPA purports to be an authoritative recitation of conduct by the Individual Defendants, a limiting instruction is insufficient.  ECF 739 at 6:23-7:3 (recognizing that language in the DPA is "a little hard for Mr. Wenig or Mr. Wymer to overcome, even with a curative instruction"; the same is true for Ms. Jones).

The spillover prejudice that would result from the DPA's admissions is significant, given that it opines on the most important, and contested, Phase 1 issue: the Individual Defendants' knowledge of, or involvement in, the Criminal Defendants' conduct.[5]  *See Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 442 (7th Cir. 2009) (excluding evidence that "merely present[ed] the question the jury was tasked with answering . . . [a]nd it could have confused the jury into thinking that the issue was already decided"); *Doe v. Univ. of Conn.*, No. 3:09 CV 1071, 2013 WL 4504299,

---

[5] There is also a legitimate concern that Plaintiffs will paint with a broad brush—as they have throughout this case—and use the DPA against the Individual Defendants in place of specific evidence admissible against each.  Plaintiffs utilized that tactic at summary judgment, relying primarily on the DPA in their Statement of Proposed Undisputed Facts by "incorporat[ing] paragraphs 1-61 of the DPA [Statement of Facts] and paragraphs 1-53 of the Information by reference as material facts of record of which there is no dispute."  *See* ECF 532 at 1.  *See Colonial Funding Network, Inc. v. McNider Marine, LLC*, No. 17 Civ. 2644, 2017 WL 5633160, at *6 (S.D.N.Y. Nov. 21, 2017) (risk jury may consider all evidence against all defendants even if admitted only as to one is considerably increased when a plaintiff "paint[s] with a broad brush").

5

at *16 (D. Conn. Aug. 22, 2013) (excluding evidence that "could confuse the jury into thinking that the issue was already decided, despite an appropriate limiting instruction to the contrary" (internal quotation marks and alterations omitted)). Such a document presents the paradigmatic risk of guilt by association. *See, e.g.*, *United States v. Ferguson,* 246 F.R.D. 107, 119 (D. Conn. 2007) (excluding evidence "[t]o prevent the risk that [a defendant] will be unduly prejudiced through guilt by association").

Moreover, even if nominally presented against only eBay, a jury cannot avoid applying the apparently authoritative findings in the DPA to the Individual Defendants, regardless of any limiting instruction. *See Univ. of Conn.*, 2013 WL 4504299, at *16; *United States v. Vega Molina*, 407 F.3d 511, 519 (1st Cir. 2005) (statements must be excluded when "so powerfully inculpating of the other defendants that there would be substantial doubt as to whether the jury could abide by a limiting instruction")*.* Under these circumstances, as this Court has already found—and as courts around the country repeatedly recognize—a limiting instruction is insufficient. *See Bruton v. United States*, 391 U.S. 123, 135-36 (1968) ("[T]he practical and human limitations of the jury system cannot be ignored. . . . where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial."); *SEC v. Arrowood*, No. 12-CV-82, 2013 WL 4028907, at *7 (N.D. Ga. Aug. 7, 2013) ("a limiting instruction would likely be insufficient" "to avoid any purported prejudice at trial" of proffer statements of one defendant that implicated the other); *Agena v. Cleaver-Brooks, Inc.*, No. 19-cv-00089, 2020 WL 3052204, at *9 (D. Haw. June 8, 2020) (quoting *Bruton* for the proposition that "[t]he naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction").

## **CONCLUSION**

The DPA should be excluded in Phase 1.  The jury should be instructed that eBay entered into a DPA and accepted responsibility for the acts of the Criminal Defendants who committed the crimes, but that the jury should not infer anything as to the Individual Defendants' liability.  If the Court were to admit part of the DPA—which it should not—selective facts needed to demonstrate eBay's cooperation could be introduced through a stipulation or a redacted version of the DPA, eliminating any reference to or opinions, characterizations, or selective excerpts of the Individual Defendants and their communications.

Dated: February 19, 2026

Respectfully submitted,

*/s/ Andrew J. O'Connor*

Andrew J. O'Connor (BBO# 672960)
William L. Roberts (BBO# 679735)
Sarah E. Walters (BBO # 638378)
Christopher M. Durham (BBO #707131)
Casey B. Stewart (BBO# 709729)
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
andrew.oconnor@ropesgray.com
william.roberts@ropesgray.com
sarah.walters@ropesgray.com
christopher.durham@ropesgray.com
casey.stewart@ropesgray.com

*Counsel for Wendy Jones*

*/s/ Kelly A. Librera*

Kelly A. Librera (pro hac vice)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700
klibrera@winston.com

Abbe David Lowell (pro hac vice)
Lowell & Associates, PLLC
1250 H Street, NW
Suite 250
Washington, D.C. 20005
alowellpublicoutreach@lowellandassoci-
ates.com
(202) 964-6110

Martin G. Weinberg, Esq.
MARTIN G. WEINBERG PC
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700
owlmgw@att.net

*Counsel for Devin Wenig*

/s/ Melissa Mills

Melissa Mills, Esq. (pro hac vice)
Trevor Templeton, Esq. (pro hac vice)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
953 East Third Street, Suite 100
Los Angeles, CA 90013
(323) 210-2900
mmills@wsgr.com
ttempleton@wsgr.com

Caz Hashemi, Esq. (pro hac vice)
WILSON SONSINI GOODRICH &
ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
chashemi@wsgr.com

*Counsel for Steve Wymer*

## **CERTIFICATION PURSUANT TO L.R. 7.1(a)(2) and L.R. 37.1(a)**

I, Andrew J. O'Connor, counsel for Wendy Jones, hereby certify that counsel for Ms. Jones has conferred via video conference with counsel for Plaintiffs and counsel for eBay Inc. and attempted in good faith to resolve and narrow the issues subject to this motion but was unable to reach a resolution.  Plaintiffs and eBay oppose the motion.

Date: February 19, 2026

*/s/ Andrew J. O'Connor*
Andrew J. O'Connor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 19, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.


Date: February 19, 2026

*/s/ Andrew J. O'Connor*
Andrew J. O'Connor